BAP CASE NO. NC-25-1238
BANKRUPTCY CASE NO. 24-10545-CDN
CHAPTER 11

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**FOR THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

WILLIAM ANDREW, as the general
partner of Live Oak Investments LP
Appellant

vs.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS; LEFEVER MATTSON INC.
Appellees.

---

**APPELLANTS' EXCERPTS OF RECORD**

---

On Appeal From the United States Bankruptcy Court
Northern District of California, Santa Rosa Division
Honorable Charles D. Novak Presiding

Thomas P. Kelly III, Attorney at Law
Law Offices of Thomas P. Kelly III P.C.
CA 230699, OR 080927, DC 1000147
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net
Attorney for Appellant William Andrew

| No. | Description | Date | Docket # |
|---|---|---|---|
| 1. | Stipulation, Standing to Represent Interest / Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent Lefever Mattson Debtors Interests Regarding Live Oak Investments, LP Filed by Creditor Committee Official Committee of Unsecured Creditors. | 10/24/2025 | 2617 |
| 2. | Motion / Notice of Motion and Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP; Memorandum of Points and Authorities in Support Thereof Filed by Creditor Committee Official Committee of Unsecured Creditors | 10/24/2025 | 2690 |
| 3. | Declaration of John D. Fiero and all exhibits (Attachment No. 1) | 10/24/2025 | 2690 |
| 4. | Ex Parte Motion to Shorten Time for Hearing on Motion to Declare Void Action in Violation of the Automatic Stay Related to Live Oak Investments, LP | 10/24/2025 | 2692 |
| 5. | Declaration of John D. Fiero in support of the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP | 10/24/2025 | 2693 |
| 6. | Objection | 10/25/2025 | 2695 |
| 7. | Brief/Memorandum in Opposition | 10/25/2025 | 2696 |
| 8. | Order Denying Order Shortening Time For A Hearing On Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP | 10/27/2025 | 2701 |
| 9. | Court Minute Order - hearing continued | 10/31/2025 | N/A |
| 10. | Brief/Memorandum in Opposition | 11/7/2025 | 2800 |
| 11. | Declaration of William Andrew with exhibits (Attachment No. 1) | 11/7/2025 | 2800 |
| 12. | Request for Judicial Notice with exhibits (Attachment No. 2) | 11/7/2025 | 2800 |
| 13. | Declaration of Thomas P. Kelly III with exhibits (Attachment No. 3) | 11/7/2025 | 2800 |

| | | | |
|---|---|---|---|
| 14. | Reply - Committees Reply In Support Of Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP | 11/12/2025 | 2827 |
| 15. | Declaration of John D. Fiero in Support of Committees Reply In Support Of Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP | 11/12/2025 | 2829 |
| 16. | Exhibit A - October 31, 2025 Email (Attachment No. 1) | 11/12/2025 | 2829 |
| 17. | Exhibit B - November 6, 2025 Email (Attachment No. 2) | 11/12/2025 | 2829 |
| 18. | Exhibit C - November 8, 2025 Email (Attachment No. 3) | 11/12/2025 | 2829 |
| 19. | Exhibit D - Statement of Undisputed Facts (Attachment No. 4) | 11/12/2025 | 2829 |
| 20. | Court Minute Order - matter taken under submission | 11/12/2025 | N/A |
| 21. | Audio File of hearing held on 11/13/2025 at 2:00PM | 11/13/2025 | 2841 |
| 22. | Order Granting Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP | 11/20/2025 | 2891 |
| 23. | Notice of Appeal and attached exhibit | 11/30/2025 | 2937 |
| 24. | Designation of Record on Appeal | 11/30/2025 | 2938 |
| 25. | Statement of Issues on Appeal | 11/30/2025 | 2939 |
| 26. | Notice of Ordering of Transcripts | 11/30/2025 | 2940 |
| 27. | Complete Docket for the present case bearing number 24-10545 | N/A | N/A |
| 28. | Transcript of hearing on October 31, 2025 | N/A | N/A |
| 29. | Transcript of hearing on November 13, 2025 | N/A | N/A |

# EXHIBIT 1

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1

**PACHULSKI STANG ZIEHL & JONES LLP**
Debra I. Grassgreen (Cal. Bar No. 169978)

2

John D. Fiero (Cal. Bar No. 136557)
Jason H. Rosell (Cal. Bar No. 269126)

3

Steven W. Golden (admitted *Pro Hac Vice*)
One Sansome Street, 34th Floor, Suite 3430

4

San Francisco, California 94104-4436
Telephone: 415-263-7000

5

Email: LMCommittee@pszjlaw.com

6

*Counsel to the Official*
*Committee of Unsecured Creditors*

7

8

# UNITED STATES BANKRUPTCY COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

### SANTA ROSA DIVISION

11

12

In re

13

LEFEVER MATTSON, a California
corporation, *et al.*,

14

Debtors.[1]

15

_____

16

In re

17

KS MATTSON PARTNERS, LP,

18

Debtor.

19

20

21

22

23

24

Case No. 24-10545 CN (Lead Case)

(Jointly Administered)

Chapter 11

**STIPULATION GRANTING THE
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
STANDING TO REPRESENT
LEFEVER MATTSON DEBTORS'
INTERESTS REGARDING LIVE
OAK INVESTMENTS, LP**

[No hearing requested]

25

26

27

28

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

4922-4601-0485.5 52011.00004

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4   The Official Committee of Unsecured Creditors (the "Committee") and LeFever Mattson, a California corporation, and its affiliated debtors and debtors in possession (excluding Live Oak Investments, LP, the "LFM Debtors" and, together with the Committee, the "Parties") hereby stipulate and agree (this "Stipulation") as follows:

5   **RECITALS**

6   **I.      Appointment of the Committee**

7
8
9
10   A.      On September 12, 2024, LeFever Mattson, a California Corporation and 57 of its affiliates filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").[2]

11
12   B.      The LFM Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13
14
15
16
17
18
19
20
21   C.      The United States Trustee appointed the Committee in the LFM Debtors' chapter 11 cases on October 9, 2024, [Dkt. No. 135] and amended the appointment on November 25, 2024 [Dkt. No. 368], and then again on August 26, 2025 [Dkt. No. 2104], to appoint the Committee as the official committee for debtor KS Mattson Partners, LP ("KSMP" and together with the LFM Debtors, the "Debtors"). No trustee or examiner has been appointed in these chapter 11 cases. The Committee is comprised of the following members: (i) Lull Family Living Revocable Trust; (ii) Mullin Family Trust, (iii) Charles Edgar; (iv) Umbriac & Tubley Family Trust; (v) Walter Schenk; (vi) Manfred K. Fischer Trust; (vii) Hayes 2004 Family Trust; and (viii) The Anderson 2001 Revocable Trust.

22   **II.     Live Oak Investments, L.P.**

23
24
25   D.      One of the Debtors in these jointly administered bankruptcy cases is Live Oak Investments, LP ("Live Oak"). The most recent Monthly Operating Report for Live Oak (filed on September 26, 2025 at Docket Number 2456) shows total assets of $6,379,963, with about half of

26

27
28   [2]     One LFM Debtor, Windscape Apartments, LLC, filed its chapter 11 petition in the Bankruptcy Court on August 6, 2024. Two LFM Debtors, Pinewood Condominiums, LP, and Ponderosa Pines, LP, filed their chapter 11 petitions on October 2, 2024.

4922-4601-0485.5 52011.00004

Case: 24-10545   Doc# 2617   Filed: 10/24/25   Entered: 10/24/25 10:06:26   Page 2 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 3 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    that amount in cash and the other half in intercompany claims against other bankruptcy debtors ((the

2    "Live Oak Assets").

3           E.      Until very recently, LeFever Mattson, a California corporation ("LFM") was the

4    undisputed general partner of Live Oak, with full management authority for the partnership.

5    However, on October 7, 2025, two limited partners of Live Oak – the William N. Andrew and Sally

6    G. Andrew Revocable Trust dated June 21, 2001 (the "Andrew Trust") and the Burgess Trust dated

7    October 9, 2006 (the "Burgess Trust") – filed a Notice of Partnership Meeting (the "Notice") at

8    Docket Number 2530 in the above-captioned jointly-administered case announcing the intention of

9    those limited partners to conduct a partnership meeting for the Live Oak partnership.  According to

10   the Notice, the purpose of the meeting was to "remove LeFever Mattson Inc. as the General Partner

11   of Live Oak Investments L.P." and "appoint William Andrew as the new General Partner of Live

12   Oak Investments L.P." *See* Notice, at p. 2.

13          F.      On October 9, 2025, the Andrew Trust, the Burgess Trust, and other limited partners

14   of Live Oak held a meeting and also a vote in which those voting apparently resolved by a requisite

15   majority to remove LFM from its role as general partner and thereby seized control of the Live Oak

16   Assets.

17          G.      The Committee believes that the above-referenced attempt to seize control of Live

18   Oak and the Live Oak Assets by replacing LFM violates the automatic stay of section 362(a) of the

19   Bankruptcy Code. Accordingly, the Parties enter into the following stipulation.

20   **III.   Committee Standing**

21          H.      The Committee has proposed investigating and pursuing claims and causes of action

22   related to Live Oak and the Live Oak Assets. As a result of those discussions, the LFM Debtors and

23   the Committee have determined it is in the best interests of the LFM Debtors' estates for the

24   Committee to be granted leave, standing, and authority to, in consultation with the LFM Debtors,

25   (a) investigate, assert, prosecute, and/or settle estate claims and causes of action against any persons

26   or entities (specifically including William Andrew, Ronald and Molly Burgess, and Thomas Kelly

27   in any capacity) involving Live Oak or the Live Oak Assets, including the purported retention of

28   replacement counsel for Live Oak, (b) object, on behalf of LFM and the creditors of Live Oak on

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  any and all grounds, to any claims asserted by Live Oak or any of its limited partners arising out of

2  or related to the LFM Debtors or the Live Oak Assets; and (c) address any and all violations of the

3  automatic stay of Bankruptcy Code section 362(a) arising out of or related to Live Oak or the Live

4  Oak Assets.

5  **STIPULATION**

6  NOW THEREFORE, subject to approval of the Bankruptcy Court, the Parties hereby

7  stipulate and agree as follows:

8  1.  The Committee is granted standing to, in consultation with LFM, prosecute, mediate,

9  and/or settle on behalf of the LFM Debtors' estates all claims and causes of action arising out of or

10  related to Live Oak or the Live Oak Assets and (a) investigate, assert, prosecute, and/or settle estate

11  claims and causes of action against any persons or entities (specifically including William Andrew,

12  Ronald and Molly Burgess, and Thomas Kelly, in any capacity) involving Live Oak or the Live Oak

13  Assets, including the purported retention of replacement counsel for Live Oak, (b) object, on behalf

14  of the LFM Debtors on any and all grounds, to any claims asserted by Live Oak or any of its limited

15  partners arising out of or related to the LFM Debtors or the Live Oak Assets; (c) address any and all

16  violations of the automatic stay of section 362(a) of the Bankruptcy Code arising out of or related

17  to Live Oak or the Live Oak Assets; and (d) object on behalf of LFM Debtors' estate to claims and

18  interests arising out of or related to Live Oak or the Live Oak Assets, including section 510 of the

19  Bankruptcy Code.

20  2.  The standing conferred herein is to the fullest extent permitted under the Bankruptcy

21  Code, including sections 105 and 1103(c) thereof.

22  3.  Nothing in this Stipulation or the order approving this Stipulation shall be deemed to

23  waive, limit, impair, or otherwise prejudice the Committee's right to seek further leave, standing,

24  and authority to assert, prosecute, and/or settle on behalf of the LFM Debtors' estate any additional

25  claims, causes of action, objections, and other rights of the Debtors' estates against any persons or

26  entities. No claim, cause of action, or defense is released, impaired, or waived by this Stipulation or

27  the order approving this Stipulation.

28

4922-4601-0485.5 52011.00004

4.    The LFM Debtors and the Committee are pursuing a joint litigation strategy giving rise to a common interest privilege that shall apply to communications between LFM Debtors and the Committee under applicable attorney-client, work-product, or any other applicable privilege. In the event of a dispute regarding the use, scope, or application of the privilege, the Parties shall petition the Bankruptcy Court to resolve such dispute.

5.    Notwithstanding sections 1102(b)(3) and 1103(c) of the Bankruptcy Code, the Committee shall not disseminate to any third party, including to any creditor or creditor's representative: (a) without further order of the Bankruptcy Court, any confidential information; or (b) any other information or documents if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege.

6.    This Stipulation is subject to the approval of the Bankruptcy Court, and the Parties agree to present the Stipulation to the Bankruptcy Court for approval.

7.    The Parties agree that the LFM Debtors are authorized and empowered to take any and all actions necessary to implement the terms of the order approving this Stipulation.

8.    The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising under or related to the interpretation or implementation of this Stipulation.

9.    This Stipulation shall be effective immediately upon entry of an order approving this Stipulation.

//
//
//
//
//
//
//
//

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 24-10545    Doc# 2617    Filed: 10/24/25    Entered: 10/24/25 10:06:26    Page 5 of
6    4
4922-4601-0485.5 52011.00004

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 6 of 960

**IT IS SO STIPULATED:**

Dated: October 24, 2025

                                                        **KELLER BENVENUTTI KIM LLP**

                                                        By: */s/ David A. Taylor*
                                                              David A. Taylor

                                                        *Attorneys for the LFM Debtors*


                                                        **PACHULSKI STANG ZIEHL & JONES LLP**

                                                        By: */s/ John D. Fiero*
                                                              John D. Fiero

                                                        *Attorneys for the Official Committee*
                                                        *of Unsecured Creditors*

Case: 24-10545     Doc# 2617     Filed: 10/24/25     Entered: 10/24/25 10:06:26     Page 6 of
                                                                6                         5
4922-4601-0485.5 52011.00004

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 7 of 960

# EXHIBIT 2

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Debra I. Grassgreen (CA Bar No. 169978)
   John D. Fiero (CA Bar No. 136557)
2  Jason H. Rosell, (CA Bar No. 269126)
   Steven W. Golden *(Pro Hac Vice)*
3  Brooke E. Wilson (CA Bar No. 354614)
   PACHULSKI STANG ZIEHL & JONES LLP
4  One Sansome Street, 34th Floor, Suite 3450
   Telephone: 310-277-6910
5  Facsimile: 310-201-0760
   Email: dgrassgreen@pszjlaw.com
6         jfiero@pszjlaw.com
          jrosell@pszjlaw.com
7         sgolden@pszjlaw.com
          bwilson@pszjlaw.com
8
   *Attorneys for Official Committee of*
9  *Unsecured Creditors*

10              **UNITED STATES BANKRUPTCY COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SANTA ROSA DIVISION**

13  In re                                    Case No. 24-10545 CN (Lead Case)

14  LEFEVER MATTSON, a California             (Jointly Administered)
15  corporation, *et al.*,
                        Debtors.[1]          Chapter 11
16  _____
                                            **NOTICE OF MOTION AND MOTION**
17  In re                                    **TO DECLARE VOID ACTIONS IN**
                                            **VIOLATION OF THE AUTOMATIC**
18  KS MATTSON PARTNERS, LP,                 **STAY RELATED TO LIVE OAK**
                                            **INVESTMENTS, LP; MEMORANDUM**
19                        Debtor.            **OF POINTS AND AUTHORITIES IN**
                                            **SUPPORT THEREOF**
20
                                            Date:  *To be determined*
21                                          Time:  *To be determined*
                                            Place: *Via Zoom or In-Person* at:
22                                                  1300 Clay Street
                                                    Courtroom 215
23                                                  Oakland, CA 94612

24  _____

25  [1]  The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax
         identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton
26       Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other
         Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in
27       these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification
         numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors'
28       claims and noticing agent at https://veritaglobal.net/LM.

4902-0751-1412.6 52011.00002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE CHARLES NOVACK, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, INVESTORS OF LIVE OAK INVESTMENTS, LP, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "**Committee**" or "**Plaintiff**") of LeFever Mattson, a California corporation, ("**LFM**") and its affiliated debtors and debtors in possession (collectively, the "**LFM Debtors**") and KS Mattson LP ("**KSMP**," and together with the LFM Debtors, the "**Debtors**"), hereby moves (the "**Motion**") the court for the entry of an order (i) declaring certain actions relating to debtor Live Oak Investments, LP ("**Live Oak**") null and void because they were taken in violation of the automatic stay; and (ii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on sections 362 and 105 of Title 11 of the United States Code (the "**Bankruptcy Code**"), the attached Memorandum of Points and Authorities, the Declaration of John D. Fiero, the arguments of counsel, and other admissible evidence properly brought before the court. In addition, the Committee requests that the Court take judicial notice of the extensive file in this case.

**PLEASE TAKE FURTHER NOTICE** that the hearing will take place at a date and time to be announced by subsequent notice after the Court considers and rules upon the forthcoming *Ex Parte Motion of the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP*.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order (i) deeming the purported removal of LFM as the general partner of Live Oak null and void as a violation of the automatic stay of section 362(b) of the Bankruptcy Code; and (ii) granting related relief.

Dated: October 24, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ John D. Fiero*
    John D. Fiero

*Attorneys for the Official
Committee of Unsecured Creditors*

4902-0751-1412.6 52011.00002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Committee hereby requests entry of an order declaring the October 9, 2025 removal of LFM as the general partner of Live Oak null and void.[2] This is because LFM had a management interest in Live Oak that was property of LFM's bankruptcy estate and forcibly taken away post-petition without any order of this Court granting relief from the stay. Because the actions were taken in violation of one of the most fundamental principles of the Bankruptcy Code, the Court should declare them to be null and void.

**I.**

**JURISDICTION**

The United States Bankruptcy Court for the Northern District of California (the "**Court**") has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**

**FACTUAL STATEMENT**

**A.    The Bankruptcy Case Background**

**1.    The LFM Debtors' Cases**

The LFM Debtors commenced 61 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in August and September 2024. Those cases are being jointly administered for procedural purposes under the lead case of LFM. No trustee or examiner has been appointed in the LFM Debtors' Cases. The LFM Debtors continue to operate their businesses and

---

[2]    Stay violations are also punishable by the remedy of contempt, including an award of sanctions against the wrongdoers (in this case, William Andrew, Ronald and Molly Burgess, and the others who voted for LFM's removal). *In re Pace*, 56 F.3d 1170, 1176 (9th Cir. 1995) (trustee can recover costs and attorney's fees under § 105 for violations of the stay as a sanction for ordinary civil contempt); *In re Goodman*, 991 F.2d 613 (9th Cir. 1993); *In re Chateaugay Corp.*, 920 F.2d 183, 184-87 (2d Cir. 1990); *In re Ionosphere Clubs, Inc.*, 171 B.R. 18, 21 (S.D.N.Y. 1994) (all allowing civil contempt findings to be used to remedy violations of the automatic stay against corporations). While this Motion seeks a simple declaration that the action was void, the Committee reserves all rights to contend that the actors have additional liability by way of a future motion for contempt and the damages ensuing from such action.

Case: 24-10545   Doc# 2690   Filed: 10/24/25   Entered: 10/24/25 16:14:48   Page 3 of 13   3
4902-0751-1412.6 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 11 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

2    Bankruptcy Code.

3          **2.**     **The KSMP Case**

4          On November 22, 2024, an involuntary chapter 11 petition was filed against KSMP,

5    commencing Case No. 24-10715 (Bankr. N.D. Cal.). On June 6, 2025, KSMP consented to the entry

6    of a stipulated order for relief in the involuntary case, which order was entered by the Court on

7    June 9, 2025.

8          **2.**     **Role of the Committee**

9          The United States Trustee appointed the Committee in the LFM Debtors' chapter 11 cases

10   on October 9, 2024, [Dkt. No. 135] and amended the appointment on November 25, 2024 [Docket

11   No. 368], and then again on August 26, 2025 [Docket No. 2104], to appoint the Committee as the

12   official committee for KSMP as well.

13         On October 24, 2025, the Committee and LFM Debtors (excluding Live Oak) executed a

14   *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever*

15   *Mattson Debtors' Interests Regarding Live Oak Investment, LP* (the "**Standing Stipulation**") in

16   which the LFM Debtors (excluding Live Oak) assigned to the Committee all rights, powers and

17   causes of action relating to matters involving Live Oak and its assets. The Committee expects that

18   an order approving the Standing Stipulation (which can be found at Docket No. 2617) will be entered

19   promptly.

20   **B.**     **The Purported Removal of LFM as General Partner of Live Oak**

21         The most recent Monthly Operating Report for Live Oak (filed on September 26, 2025 at

22   Docket Number 2456) shows total assets of $6,379,963, with about half of that amount in cash and

23   the other half in intercompany claims against other bankruptcy debtors.

24         Until very recently, LFM was the general partner of record for chapter 11 debtor and debtor

25   in possession Live Oak. *See Declaration of John D. Fiero in Support of the Motion to Declare Void*

26   *Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* ("**Fiero Decl.**"), ¶ 2.

27   However, on October 7, 2025, two limited partners of Live Oak – the William N. Andrew and Sally

28   G. Andrew Revocable Trust dated June 21, 2001 (the "**Andrew Trust**") and the Burgess Trust dated

October 9, 2006 (the "**Burgess Trust**") – filed a *Notice of Partnership Meeting* (the "**Notice**") at

Docket No. 2530 announcing the intention of those limited partners to conduct a partnership meeting

for the Live Oak partnership.  According to the Notice, the purpose of the meeting was to "remove

LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P." and to "appoint William

Andrew as the new General Partner of Live Oak Investments L.P." Notice, at p. 2.

The next day (and in response to the Notice) Bradley Sharp of Development Specialists, Inc.

sent a letter to the partnership's investors seeking to dissuade them from attempting a coup in the

management of Live Oak.  Among other admonitions, Mr. Sharp warned:

> [E]lection of a new general partner would likely violate the automatic stay provided to Live Oak by section 362 of the Bankruptcy Code. While this may sound like a technicality, the automatic stay is a critical protection for chapter 11 debtors that allows them the "breathing room" to develop and propose a plan of reorganization or liquidation—just as the Debtors are doing. The Debtors reserve and retain their statutory right to seek relief from any action taken in violation of the automatic stay. Stay violations are sanctionable by the Bankruptcy Court in a variety of ways; at minimum, the Bankruptcy Court likely would undo the election.

Fiero Decl., Ex. B.

On October 9, 2025, William Andrew and other limited partners of Live Oak held a meeting

and vote in which the those voting resolved by a requisite majority to remove LFM from its role as

general partner.  In this regard, an email from attorney Thomas Kelly sent after the meeting stated:

> As you are likely aware, yesterday the partnership voted to remove LeFeverMattson Inc. [sic] as the general partner of for [sic] Live Oak Investments LP.  The new general partner is William Andrew. Further, the partnership voted to remove Keller Benvenutti Kim LLP as the legal representative and retained myself as the new attorney. . . .

> As a result of this change in representation, neither Mr. Taylor nor the committee of unsecured creditors has any authority to act on behalf of Live Oak Investments LP in any manner whatsoever as of October 9, 2025. To the extent any such authority was previously delegated, it is likewise withdrawn as of October 9, 2025.

Fiero Decl., ¶ 4; Fiero Decl., Ex. C.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4902-0751-1412.6 52011.00002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On Monday, October 13, 2025, counsel for the Committee wrote back to Mr. Kelly, expressing the Committee's concerns about the removal of LFM as general partner. That letter stated in part:

> Your clients' recent partnership takeover effort sought to deprive LeFever Mattson of its Management Interest. As such, it was an act "to obtain possession of property of the estate" prohibited by 11 U.S.C. Section 362(a)(3). It was also entirely void as explained by the Ninth Circuit in *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ("Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims.") *Id*. at 571.
>
> For the foregoing reasons, the Committee does not recognize and will not accept any assertions of authority made by or through Live Oak's alleged new general partner. In the event your clients seek to assume control of Live Oak, they must do so by way of a motion for relief from stay.

Fiero Decl, Ex. D. Attorney Kelly responded to this email and indicated that he would oppose a motion to declare the removal of LFM as general partner as a violation of the automatic stay and void. *See* Fiero Decl., ¶ 6. No motion for relief from stay to remove LFM as the general partner of Live Oak has been filed in these cases. *Id.* Instead, on the evening of October 22, 2025, attorney Kelly began filing a raft of pleadings as proposed counsel to Live Oak, including:

Docket Number 2612: *Substitution of Attorney*

Docket Number 2613: *Notice of Motion: (1) Substitution of Counsel for Live Oak Investment LP; (2) Withdrawal of Live Oak Investments from Joint Administration Order; and (3) Withdrawal of Chapter 11 Plan and Associated Disclosure Statement For Live Oak Investments LP*

Docket Number 2614: *Notice of Hearing* (regarding Docket No. 2613)

Docket Number 2615: *Objection and Opposition to Proposed Settlement With Socotra Capital*[3]

---

[3] This filing is particularly troubling because Live Oak has never been party to a loan with Socotra, nor has Live Oak ever held title to any property encumbered by a loan provided by Socotra. Ironically, therefore, the only *possible* claims Live Oak could have against Socotra would arise from a finding that Live Oak was part of a Ponzi scheme and should be substantively consolidated with the rest of the Debtors—findings that Mr. Kelly (on behalf of his limited partner clients) has repeatedly denied are appropriate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# III.

## ARGUMENT

**A.**    **The Removal of LFM as General Partner of Live Oak Violated the Automatic Stay**

Section 362(a) of the Bankruptcy Code provides that the filing of a petition "operates as a stay, applicable to all entities, of— (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

The Ninth Circuit has held that a willful violation does not require specific intent to violate the automatic stay.  *See Johnston Envtl Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993) (good faith belief that it was not a violation not relevant to whether the act was willful); *see also Smith v. GTE N. Inc. (In re Smith)*, 170 B.R. 111, 117 (Bankr. N.D. Ohio 1994) (section 362(h) sanctions not precluded by "good faith" reliance on counsel's advice); *In re Xavier's of Beville*, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994) (violation of the stay only requires the act be deliberate; no specific intent to violate the stay is necessary); *accord Atkins v. Martinez (In re Atkins)*, 176 B.R. 998, 1008 (Bankr. D. Minn. 1994) ("willful" requires the creditor "act[] deliberately with knowledge of the bankruptcy petition").

A general partner's interests are composed of three components: the right to participate in profits, losses, distributions and proceeds of the partnership ("Economic Interest"); the right to participate in the management of the partnership ("Management Interest"); and the ownership share in partnership property as a tenant-in-partnership.  Both the Economic Interest and the Management Interest are protected by the automatic stay imposed in the general partner's Chapter 11 case from actions attacking those interests directly. *See In re Cardinal Indus.*, 105 B.R. 834, 849-50 (Bankr. S.D. Ohio 1989).  For this reason, bankruptcy courts in similar circumstances have recognized that general partnership interests in a limited partnership held by a chapter 11 debtor are property of the debtor's bankruptcy estate.  *See e.g.*, *Cardinal Indus.*, 105 B.R. at 848-49; *see In re Plunkett*, 23 B.R. 392, 394 (Bankr. E.D. Wis. 1982) (where investors attempted to remove a debtor as the managing general partner, the Bankruptcy Court held that the investors' actions were actions against the debtor's contractual right to manage the partnership property, which was property of the estate).

Case: 24-10545   Doc# 2690   Filed: 10/24/25   Entered: 10/24/25 16:14:48   Page 7 of 13      7
4902-0751-1412.6 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 15 of 960

1    Here, the limited partners' effort led by William Andrew and Ronald and Molly Burgess as

2    trustees for their family trusts sought to deprive LFM of its Management Interest. As such, it was

3    an act "to obtain possession of property of the estate" prohibited by section 362(a)(3) of the

4    Bankruptcy Code. It was also entirely void as explained by the Ninth Circuit in *In re Schwartz*:

5    "Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the

6    Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with

7    an obligation to fight off unlawful claims." *In re Schwartz,* 954 F.2d 569, 571 (9th Cir. 1992).

8    **B.    Seizing Control of Live Oak Itself is a Violation of the Automatic Stay**

9    While section 362(a) of the Bankruptcy Code provides "a stay, applicable to all entities, of—

10   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise

11   control over property of the estate," the scope of that stay includes "(6) any act to collect, assess,

12   or recover a claim against the debtor that arose before the commencement of the case under this

13   title." 11 U.S.C. §§ 362(a)(3) and (6).

14   Here, the activist limited partners of Live Oak who voted at the October 9, 2025 meeting

15   have made no secret of their intentions: they want to crack the piggy bank of sale proceeds that Live

16   Oak now holds and then distribute them to Live Oak investors only before any substantive

17   consolidation or Ponzi issues can be presented to the Court for consideration. This is precisely

18   contrary to the intent of the statutory scheme, and a blatant violation of the stay.

19                                            **IV.**

20                                        **CONCLUSION**

21   For the foregoing reasons, the Court should grant the Motion and require any limited partner

22   of Live Oak to first come to this Court to make a showing under section 362(d) of the Bankruptcy

23   Code that relief from stay is warranted.

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4902-0751-1412.6 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 16 of 960

1    **WHEREFORE**, the Committee respectfully requests that the Court enter an order,

2  substantially in the form attached hereto as **Exhibit A**, (i) declaring the replacement of Live Oak's

3  general partner on October 9, 2025, to be null and void; and (ii) granting related relief.

4

5   Dated: October 24, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

6                                              By:  */s/ John D. Fiero*

7                                                    John D. Fiero

8                                                    *Attorneys for the Official*
                                                     *Committee of Unsecured Creditors*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case: 24-10545    Doc# 2690    Filed: 10/24/25    Entered: 10/24/25 16:14:48    Page 9 of
13                                                                                              9

4902-0751-1412.6 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 17 of 960

# **EXHIBIT A**

1  **PACHULSKI STANG ZIEHL & JONES LLP**
   Debra I. Grassgreen (CA Bar No. 169978)
2  John D. Fiero (CA Bar No. 136557)
   Jason H. Rosell (CA Bar No. 269126)
3  Steven W. Golden (admitted *Pro Hac Vice*)
   One Sansome Street, 34th Floor, Suite 3430
4  San Francisco, California 94104-4436
   Telephone: 415-263-7000
5  Email: LMCommittee@pszjlaw.com

6
   *Attorneys for the Official Committee*
7  *of Unsecured Creditors*

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                **SANTA ROSA DIVISION**

12  In re                                    Case No. 24-10545 CN (Lead Case)

13  LEFEVER MATTSON, a California corporation,   (Jointly Administered)
    *et al.*,
14                        Debtors.[1]          Chapter 11

15  _____         **[PROPOSED] ORDER GRANTING
                                             THE OFFICIAL COMMITTEE OF**
16  In re                                    **UNSECURED CREDITORS'
                                             MOTION TO DECLARE VOID**
17  KS MATTSON PARTNERS, LP,                 **ACTIONS IN VIOLATION OF THE
                                             AUTOMATIC STAY RELATED TO**
18                        Debtor.            **LIVE OAK INVESTMENTS, LP**

19                                           Date:   *To be determined*
                                             Time:   *To be determined*
20                                           Place:  *Via Zoom or In-Person at*:
                                                     1300 Clay Street
21                                                   Courtroom 215
                                                     Oakland, CA 94612
22

23

24

25  _____
    [1]   The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax
26        identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o
          Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and
27        all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor
          entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax
28        identification numbers is not provided herein. A complete list of such information may be obtained on the website
          of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

                                             1

The *Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "Motion") [Docket No. ___] came on for hearing on _____, 2025 (the "Hearing").[2] Appearances were made as noted in the record of these proceedings. The Court having found that notice of the Motion was properly given in the circumstances; the Court having considered the Motion, the memorandum of points and authorities, and declaration filed therewith, the evidence presented, and the representations and arguments of counsel at the hearing on the Motion, and the record in the above-captioned chapter 11 cases of LeFever Mattson, a California corporation, ("LFM") and its affiliated debtors and debtors in possession (collectively, the "LFM Debtors") and KS Mattson LP ("KSMP," and together with the LFM Debtors, the "Debtors"); and the Court finding that the legal and factual bases set forth in the Motion and at the Hearing establish good cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The removal and replacement of the general partner of Live Oak Investments, LP ("Live Oak") violated section 362(a) of the Bankruptcy Code and such actions are deemed null and void.

3. LFM remains the general partner of Live Oak.

4. The Court retains jurisdiction with respect to all matters arising under or related to the interpretation or implementation of this Order.

**\*\* END OF ORDER \*\***

---

[2]    Any capitalized terms not defined herein have the meaning ascribed to such term in the Motion.

2

Case: 24-10545 Doc# 2690 Filed: 10/24/25 Entered: 10/24/25 16:14:48 Page 12 of 13

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 20 of 960

1

**COURT SERVICE LIST**

2

3 *All ECF Participants*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 24-10545 Doc# 2690 Filed: 10/24/25 Entered: 10/24/25 16:14:48 Page 13 of 13

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 21 of 960

# EXHIBIT 3

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell, (CA Bar No. 269126)
Steven W. Golden *(Pro Hac Vice)*
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone:    415-263-7000
Facsimile:    415-263-7010
Email: dgrassgreen@pszjlaw.com
          jfiero@pszjlaw.com
          jrosell@pszjlaw.com
          sgolden@pszjlaw.com
          bwilson@pszjlaw.com

*Attorneys for Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>Debtors.[1] | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | **DECLARATION OF JOHN D. FIERO IN SUPPORT OF THE MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP**<br><br>Date:  *To be determined*<br>Time:  *To be determined*<br>Place:  *Via Zoom or In-Person* at:<br>    1300 Clay Street<br>    Courtroom 215<br>    Oakland, CA 94612 |

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification

Case: 24-10545    Doc# 2690-1    Filed: 10/24/25    Entered: 10/24/25 16:14:48    Page 1 of 20

4901-2243-6212.3 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 23 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

I, John D. Fiero, declare:

1.  I am an attorney at law duly licensed in the State of California and admitted to practice before this Court.  I am a partner in Pachulski Stang Ziehl & Jones LLP, counsel to the Official Committee of Unsecured Creditors (the "**Committee**" or "**Plaintiff**") of LeFever Mattson, a California corporation ("**LFM**"), and its affiliated debtors and debtors in possession (collectively, the "**LFM Debtors**") and KS Mattson LP ("**KSMP**," and together with the LFM Debtors, the "**Debtors**").  I make this declaration in support of the Committee's *Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "**Motion**").

2.  Until very recently, LFM was the general partner of chapter 11 debtor and debtor in possession Live Oak Investments, LP ("**Live Oak**").  However, on October 7, 2025, two limited partners of Live Oak – the William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001 (the "**Andrew Trust**") and the Burgess Trust dated October 9, 2006 (the "**Burgess Trust**") – filed a *Notice of Partnership Meeting* at Docket Number 2530 in the above-captioned jointly-administered case (the "**Notice**") announcing the intention of those limited partners to conduct a partnership meeting for the Live Oak partnership. According to the Notice (a true and correct copy of which is attached hereto as **Exhibit A**), the purpose of the meeting was to "remove LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P." and "appoint William Andrew as the new General Partner of Live Oak Investments L.P."

3.  On or about October 8, 2025, I received a copy of a letter prepared by Bradley Sharp of Development Specialists, Inc. addressed to "the Partners of Live Oak Investments, LP, and their counsel" a true and correct copy of which is attached hereto as **Exhibit B**.

4.  Based upon an email I received from Thomas Kelly, Esq., I am informed and believe that, on October 9, 2025, the Andrew Trust and other limited partners of Live Oak held a meeting and also a vote in which the those voting resolved by a requisite majority to remove LFM from its role as general partner.  In this regard, I offer the document attached hereto as **Exhibit C**, which is a true and correct copy of Thomas Kelly's October 10, 2025 email.  It states, in pertinent part:

numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545    Doc# 2690-1    Filed: 10/24/25    Entered: 10/24/25 16:14:48    Page 2 of 20    2

4901-2243-6212.3 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 24 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> As you are likely aware, yesterday the partnership voted to remove LeFever Mattson Inc. [sic] as the general partner for [sic] Live Oak Investments LP. The new general partner is William Andrew. Further the partnership voted to remove Keller Benvenutti Kim LLP as the legal representative and retained myself as the new attorney. . . .
>
> As a result of this change in representation, neither Mr. Taylor nor the committee of unsecured creditors has any authority to act on behalf of Live Oak Investments LP in any manner whatsoever s of October 9, 2025. To the extent any such authority was previously delegated, it is likewise withdrawn as of October 9, 2025.

5.    On Monday, October 13, 2025, I wrote back to Mr. Kelly, expressing the Committee's concerns about the removal of LFM as general partner. My letter (a true and correct copy of which is attached hereto as **Exhibit D**) states in part :

> Your clients' recent partnership takeover effort sought to deprive LeFever Mattson of its Management Interest. As such, it was an act "to obtain possession of property of the estate" prohibited by 11 U.S.C. Section 362(a)(3). It was also entirely void as explained by the Ninth Circuit in *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ("Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims.") *Id.* at 571.
>
> For the foregoing reasons, the Committee does not recognize and will not accept any assertions of authority made by or through Live Oak's alleged new general partner. In the event your clients seek to assume control of Live Oak, they must do so by way of a motion for relief from stay.

6.    Mr. Kelly responded to my email indicating that he would oppose a motion to declare these actions violations of the automatic stay and void. Mr. Kelly has not filed a motion for relief from stay to remove LFM as the general partner of Live Oak.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 24th day of October, 2025 at San Francisco, California.

<i>/s/ John D Fiero</i>
John D. Fiero

4901-2243-6212.3 52011.00002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **EXHIBIT A**

(Notice)

4901-2243-6212.3 52011.00002

Docket #2530 Date Filed: 10/07/2025

1 Thomas P. Kelly III, Attorney at Law
Law Offices of Thomas P. Kelly III P.C.
2 CA 230699, OR 080927, DC 1000147
50 Old Courthouse Square, Suite 609
3 Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
4 Facsimile : 707-542-3371
Email : tomkelly@sonic.net
5
Attorney for Creditors
6 Andrew Revocable Trust dated June 21, 2001
Burgess Trust dated October 9, 2006
7

8 UNITED STATES BANKRUPTCY COURT

9 NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10
In re:                                     Case No. 24-10545 (CN) (Lead Case)
11
LEFEVER MATTSON, a California              Chapter 11
12 corporation, *et al.*,[1]
                                           (Jointly Administered)
13              Debtors.
                                           NOTICE OF PARTNERSHIP MEETING
14
15
                                           Judge:      Hon. Charles Novack
16                                         Court:      1300 Clay Street
                                                       Courtroom 215
17                                                     Oakland, California
                                                       94612
18
19
                                           Date filed: September 12, 2024
20
21
22
23
24
25
26
27 _____
1    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700



## Live Oak Investments LP
## Notice of Partnership Meeting

To all partners of Live Oak Investments L.P.,

This letter is to provide notice that pursuant to §5.4.1 of the Limited Partnership Agreement of Live Oak Investments LP (hereinafter "Partnership Agreement") a meeting of the partners has been called by two partners those being (1) the trustee of the William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001 and (2) the trustee of the Burgess Trust dated October 9, 2006.

This partnership meeting will be held via Zoom teleconference as authorized under §5.4.5 of the Partnership Agreement as well as California Corporations Code §15636 & §15637 at the following date and time:

# Thursday, October 9, 2025 at 5:00pm PST.

The agenda and purpose of this partnership meeting will be to hold a vote on the following matters:

1.      To remove LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P..

2.      To appoint William Andrew as the new General Partner of Live Oak Investments L.P..

3.      To appoint William Andrew as the new President of Live Oak Investments L.P..

4.      To authorize Live Oak Investments L.P. to retain and pay for the services of the Law Offices of Thomas P. Kelly III P.C. as the legal representative for Live Oak Investments L.P..

The basis of the action to remove the current General Partner is that LeFever Mattson Inc. took actions that are in direct violation of the Partnership Agreement which constitutes cause for removal. Specifically, that on September 4, 2024 LeFever Mattson Inc. distributed $842,418 to itself from the accounts of Live Oak Investments L.P. representing a 21.6% share of the proceeds of the sale of Southwood Apartments, which was the sole real estate asset of Live Oak Investments L.P..  At the time of this distribution, LeFever Mattson Inc. did not distribute any sale proceeds to any of the other partners.

This was a direct violation of the Partnership Agreement §3.8 entitled "Priority Over Other Partners" which states as follows: "No Partner shall have priority over any other partner, with respect to the return of a Capital Contribution, or distributions or allocations of income, gain, losses, deductions, credits or items thereof."

This was also a direct violation of the Partnership Agreement §4.7 entitled "Liquidating Proceeds" which states as follows: "Notwithstanding any other provisions of this Agreement to

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 28 of 960

the contrary, when there is a distribution in liquidation of the Partnership, or when any Partner's interest is liquidated, all items of income and loss first shall be allocated to the Partners' Capital Accounts under this Article Four, and other credits and deductions to the Partners' Capital Accounts shall be made before the final distribution is made. The final distribution to the Partners shall be made to the Partners to the extent of and in proportion to their positive Capital Account balances."

On the basis of the foregoing actions, cause exists to remove LeFever Mattson Inc. as General Partner. At this partnership meeting a vote will be held on this removal as well as the other matters set forth above.

Questions regarding this partnership meeting can be directed to the attorney for the two partners calling this meeting which is Thomas P. Kelly III, 50 Old Courthouse Square, Suite 609 Santa Rosa, California, 95404-4926, Telephone : 707-545-8700 and email of tomkelly@sonic.net.

Case: 24-10545    Doc# 2630-1 Filed 01/07/25 Entered 01/07/25 16:13:48 Page 3 of 20

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 29 of 960

**EXHIBIT B**

(October 8, 2025 Letter)

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 24-10545 Doc# 2690-1 Filed: 10/24/25 Entered: 10/24/25 16:14:48 Page 8 of 20

4901-2243-6212.3 52011.00002

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 30 of 960

October 8, 2025

<u>VIA ELECTRONIC MAIL</u>

Re:    *In re: LeFever Mattson,* a California corporation, *et al.*, Case No. 24-10545 (Jointly Administered) (Bankr. N. D. Cal.) – October 9, 2025 Partnership Meeting of Live Oak Investments, LP

To the Partners of Live Oak Investments, LP, and their counsel:

As you know, I am the chief restructuring officer for LeFever Mattson, a California corporation, and its affiliates that are debtors and debtors in possession (collectively, the "<u>LFM Debtors</u>"), including Live Oak Investments, LP ("<u>Live Oak</u>"), in the above-referenced chapter 11 cases (the "<u>Chapter 11 Cases</u>") pending before the Honorable Charles Novack, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of California (the "<u>Bankruptcy Court</u>").

On September 5, 2025, the LFM Debtors, KS Mattson Partners, LP ("<u>KSMP</u>," and together with the LFM Debtors, the "<u>Debtors</u>"), and the Official Committee of Unsecured Creditors (the "<u>Committee</u>," and together with the Debtors, the "<u>Plan Proponents</u>"), filed the *Joint Chapter 11 Plan of Liquidation* [Dkt. No. 2226] (the "<u>Plan</u>") and related pleadings. The Plan provides for a global settlement of the outstanding claims asserted against and equity interests asserted in the Debtors, including Live Oak. The Plan resolves the complex issues in the Chapter 11 Cases, including the substantive consolidation of the Debtors and the treatment of investor claims in the context of a Ponzi scheme. The Plan Proponents firmly believe that the Plan is in the best interest of the Debtors, including Live Oak, and their stakeholders. Our aim is to have the Plan confirmed by the Bankruptcy Court by early February 2026, and for investor distributions to begin soon thereafter.

I have reviewed the letter of Mr. Thomas Kelly, counsel to two Live Oak limited partners, calling for a Live Oak partnership meeting on October 9, 2025. I am concerned that the actions proposed in Mr. Kelly's letter, if approved, would have consequences that you may not anticipate and that do not benefit Live Oak and its stakeholders.

*First*, the election of a new general partner for Live Oak would do nothing to change the status or progress of the Chapter 11 Cases. The Plan Proponents would continue to propose the same Plan, with the same terms, voting procedures, and proposed timing for confirmation.

*Second*, election of a new general partner for Live Oak would not result in immediate distribution of Live Oak's assets to investors. To the contrary, regardless of the identity of the Live Oak general partner, the Bankruptcy Court will not allow distribution of assets other than through a confirmed plan.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 31 of 960

*Third*, election of a new general partner would likely violate the automatic stay provided to Live Oak by section 362 of the Bankruptcy Code. While this may sound like a technicality, the automatic stay is a critical protection for chapter 11 debtors that allows them the "breathing room" to develop and propose a plan of reorganization or liquidation—just as the Debtors are doing. The Debtors reserve and retain their statutory right to seek relief from any action taken in violation of the automatic stay. Stay violations are sanctionable by the Bankruptcy Court in a variety of ways; at minimum, the Bankruptcy Court likely would undo the election.

*Fourth*, Mr. Kelly cannot become the legal representative of Live Oak. Mr. Kelly currently represents clients who are legally adverse to Live Oak, having initiated a contested matter seeking appointment of a trustee for Live Oak. Accordingly, both Rule 1.7(a) of the California Rules of Professional Conduct, which bars simultaneous representation of adverse clients without written consent, and section 327(a) of the Bankruptcy Code, which requires that a debtor's attorney be "disinterested," would bar Mr. Kelly from becoming Live Oak's legal representative.

*Fifth*, and relatedly, a new general partner would need to cause Live Oak to engage a new set of professionals, including attorneys, accountants, tax professionals, and financial advisors—all at the expense of the Live Oak estate. The Committee would remain in place, though I understand that it would need to bill separately for any work related to Live Oak.

*Finally*, appointment of a new general partner would add unnecessary legal risk for Live Oak's investors. Any action by the new general partner resulting in *lesser* distributions to Live Oak investors than would have been available under the Plan would likely become a target for breach of fiduciary duty lawsuits. And any action resulting in *greater* distributions to Live Oak investors than would have been available under the Plan would likely be subject to lawsuits by other Debtors, including LeFever Mattson. As Live Oak's limited partners, you would have to bear the expense of participating in such litigation as well as the time and burden of responding to discovery requests.

I will expand on these views at the Live Oak partnership meeting and will be happy to answer any of your questions at that time.

Yours truly,

Bradley D. Sharp

**EXHIBIT C**

(October 10, 2025 Email)

4901-2243-6212.3 52011.00002

**From:** Thomas P. Kelly III <tomkelly@sonic.net>
**Sent:** Friday, October 10, 2025 12:13 PM
**To:** dtaylor@kbkllp.com; Tobias Keller <tkeller@kbkllp.com>; trupp@kbkllp.com; Jason Rosell <jrosell@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Brooke E. Wilson <bwilson@pszjlaw.com>; LM Committee <LMCommittee@pszjlaw.com>
**Cc:** 'Daniel L. Egan' <DEgan@wilkefleury.com>; 'Jason G. Eldred' <jeldred@wilkefleury.com>; 'bsharp@DSIConsulting.com'
**Subject:** 24-10545 LFM & 24-10511 Live Oak - substitution of attorney



Dear Mr. Taylor & Mr. Rosell,

As you are likely aware, yesterday the partnership voted to remove LeFeverMattson Inc. as the general partner of for Live Oak Investments LP. The new general partner is William Andrew. Further, the partnership voted to remove Keller Benvenutti Kim LLP as the legal representative and retained myself as the new attorney.

To that end a substitution of attorney is attached for Mr. Taylor to sign and return to my office promptly. Further, this letter is a formal demand to Keller Benvenutti Kim LLP for the turnover of all files and materials for Live Oak Investments LP pursuant to Rule of Professional Conduct 1.16.

1
Case: 24-10545    Doc# 2690-1    Filed: 10/24/25    Entered: 10/24/25 16:14:48    Page 12 of 20

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 34 of 960

As a result of this change in representation, neither Mr. Taylor nor the committee of unsecured creditors has any authority to act on behalf of Live Oak Investments LP in any manner whatsoever as of October 9, 2025. To the extent any such authority was previously delegated, it is likewise withdrawn as of October 9, 2025.

If there are outstanding matters that need to be addressed regarding this change in representation, then please contact my office.

*Thomas P. Kelly III*

Thomas P. Kelly III, Attorney at Law, Certified by the State Bar of California in Bankruptcy Law
Law Offices of Thomas P. Kelly III P.C., 50 Old Courthouse Square, Suite 609, Santa Rosa, California, 95404-4926
Phone: 707-545-8700 Fax: 707-542-3371 Email: tomkelly@sonic.net www.redwoodbankruptcy.com

**THIS IS A CONFIDENTIAL AND PRIVILEGED COMMUNICATION.**
This message and any attachments to this message are subject to the attorney-client privilege, the attorney work product privilege, is a confidential record pursuant to 5 U.S.C.§522a, and contains confidential non-public personal information pursuant to 15 U.S.C. §6801. This email and any attachments are subject to the Electronic Communications Privacy Act 18 U.S.C. §§2510-2521.This message is intended only for the named addressees exclusively. If you are not the intended recipient, any communication, copying, or distribution of this message is strictly prohibited under *Rico v. Mitsubishi Motors* (2007), 42 Cal.4th 807. If you have received this message in error, contact the sender immediately by replying to this message, or by calling 707-545-8700 and then delete the original message and all copies from your system.

IRS Circular 230 Disclosure - To ensure compliance with requirements imposed by the IRS, please be advised (I) that nothing contained in this message (including any attachments) is state or federal tax advice, (ii) nothing contained in this message (including any attachments) was intended or written to be used, can be used or may be relied on or used for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code of 1986, as amended, (iii) nothing contained in this message (including any attachments) relating to any state or federal tax transaction may not be used to promote, market or recommend to any other party any transaction or matter addressed in this message, (iv) any taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor with respect to any federal tax transaction or matter contained in this message (including any attachments).

This is a debt relief agency as defined by 11 USC §101(12(A)). We provide assistance for filing petitions for relief under the Bankruptcy Code. This office does not accept ex parte notice or any type of service via email or telefax without prior written agreement.

2

Case: 24-10545     Doc# 2690-1     Filed: 10/24/25     Entered: 10/24/25 16:14:48     Page 13 of 20

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 35 of 960

# LAW OFFICES OF THOMAS P. KELLY III P.C.

### A PROFESSIONAL CORPORATION

50 OLD COURTHOUSE SQUARE, SUITE 609
SANTA ROSA, CALIFORNIA, 95404-4926
707-545-8700 • FAX 707-542-3371
WWW.REDWOODBANKRUPTCY.COM
TOMKELLY@SONIC.NET

October 10, 2025

David A. Taylor, Esq.                  Jason H. Rosell, Esq.
Keller Benvenutti Kim LLP              Pachulski Stang Ziehl & Jones LLP
101 Montgomery                         One Sansome Street
Suite 1950                             34th Floor
San Francisco, California              Suite 3430
94104                                  San Francisco, California
                                       94104-4436

Via email to dtaylor@kbkllp.com, tkeller@kbkllp.com, trupp@kbkllp.com
Via email to jrosell@pszjlaw.com, dgrassgreen@pszjlaw.com, jfiero@pszjlaw.com,
bwilson@pszjlaw.com

Re :   24-10545 CAND BK *In re LeFeverMattson, Inc.*
       24-10511 CAND BK *In re Live Oak Investments LP*

Dear Mr. Taylor & Mr. Rosell,

As you are likely aware, yesterday the partnership voted to remove LeFeverMattson Inc. as the general partner of for Live Oak Investments LP. The new general partner is William Andrew. Further, the partnership voted to remove Keller Benvenutti Kim LLP as the legal representative and retained myself as the new attorney

To that end a substitution of attorney is attached for Mr. Taylor to sign and return to my office promptly. Further, this letter is a formal demand to Keller Benvenutti Kim LLP for the turnover of all files and materials for Live Oak Investments LP pursuant to Rule of Professional Conduct 1.16.

As a result of this change in representation, neither Mr. Taylor nor the committee of unsecured creditors has any authority to act on behalf of Live Oak Investments LP in any manner whatsoever as of October 9, 2025. To the extent any such authority was previously delegated, it is likewise withdrawn as of October 9, 2025.

If there are outstanding matters that need to be addressed regarding this change in representation, then please contact my office.

Sincerely,

Thomas P. Kelly III
Attorney at Law

1   Thomas P. Kelly III, Attorney at Law
    Law Offices of Thomas P. Kelly III P.C.
2   CA 230699, OR 080927, DC 1000147
    50 Old Courthouse Square, Suite 609
3   Santa Rosa, California, 95404-4926
    Telephone : 707-545-8700
4   Facsimile : 707-542-3371
    Email : tomkelly@sonic.net
5
    Attorney for Debtor
6   Live Oak Investments L.P.

7                   UNITED STATES BANKRUPTCY COURT

8          NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

9   In re:                                   Case No. 24-10545 (CN) (Lead Case)

10  LEFEVER MATTSON, a California             Chapter 11
    corporation, et al.,[1]
11                                            (Jointly Administered)

12                        Debtors.
                                              SUBSTITUTION OF ATTORNEY
13

14

15          Debtor Live Oak Investments L.P. hereby substitutes Thomas P. Kelly III as its attorney

16  of record in this case.

17  Dated: October 10, 2025

18                                            _____
                                              William Andrew
19                                            General Partner of Live Oak Investments L.P.

20  Dated: October _____, 2025                _____
21                                            David Taylor, Keller Benvenutti Kim LLP
                                              Prior counsel for Live Oak Investments L.P.
22

23  Dated: October 10, 2025

24                                            _____
                                              Thomas P. Kelly III
25                                            Attorney at Law

26

27  _____
    1   The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

1    Thomas P. Kelly III, Attorney at Law
     Law Offices of Thomas P. Kelly III P.C.
2    CA 230699, OR 080927, DC 1000147
     50 Old Courthouse Square, Suite 609
3    Santa Rosa, California, 95404-4926
     Telephone : 707-545-8700
4    Facsimile : 707-542-3371
     Email : tomkelly@sonic.net
5
     Attorney for Debtor
6    Live Oak Investments L.P.

7

8                UNITED STATES BANKRUPTCY COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10    In re:                        Case Number: 24-10511

11    LIVE OAK INVESTMENTS, L.P.

                         Chapter 11
12                  Debtor.
                         SUBSTITUTION OF ATTORNEY
13    Tax ID : 47-3786181

14

15        Debtor Live Oak Investments L.P. hereby substitutes Thomas P. Kelly III as its attorney

16    of record in this case.

17    Dated: October 10, 2025

18                            _William Andrew_

19                          William Andrew
            General Partner of Live Oak Investments L.P.

20    Dated: October ____, 2025

21                      David Taylor, Keller Benvenutti Kim LLP
                     Prior counsel for Live Oak Investments L.P.

22

23    Dated: October 10, 2025

24                       _Thomas P. Kelly_

25                        Thomas P. Kelly III
                       Attorney at Law

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

SUBSTITUTION OF ATTORNEY        Page 1 of 1        24-10511 LIVE OAK INVESTMENTS L.P.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**<u>EXHIBIT D</u>**

(October 13, 2025 Letter)

4901-2243-6212.3 52011.00002

John D. Fiero

October 13, 2025

415.217.5101
jfiero@pszjlaw.com

VIA EMAIL

Thomas Kelly
Law Offices of Thomas P. Kelly III
50 Old Courthouse Square, Suite #609
Santa Rosa, CA 95404

Re:     *In re LeFever Mattson*, **Case No. 24-10545 and all**
        **jointly administered cases**

Dear Mr. Kelly:

As you know, our law firm represents the Official Committee of Unsecured Creditors of LeFever Mattson and its more than 60 affiliates, including Live Oak Investments LP ("Live Oak"). We write to bring to the attention of your clients, Andrew Revocable Trust dated June 21, 2001 and the Burgess Trust dated October 9, 2006, our concerns regarding their participation in a direct violation of the automatic stay of 11 U.S.C. Section 362. In this regard, we refer specifically to your clients' attempt to remove LeFever Mattson, a California corporation and debtor and debtor in possession, as general partner of Live Oak at a partnership meeting your clients called that you have advised occurred on October 9, 2025. As explained below, those actions were entirely void, and the Committee does not recognize them.

A general partner's interests are comprised of three components: the right to participate in profits, losses, distributions and proceeds of the partnership ("Economic Interest"); the right to participate in the management of the partnership ("Management Interest"); and the ownership share in partnership property as a tenant-in-partnership. Both the Economic Interest and the Management Interest are protected by the automatic stay imposed in the general partner's Chapter 11 case from actions attacking those interests directly. *See In re Cardinal Industries*, 105 Bankr. at 849-50. For this reason, bankruptcy courts in similar circumstances have ruled that general partnership interests in a limited partnership held

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 40 of 960

by a chapter 11 debtor are property of the debtor's bankruptcy estate. *Cardinal Industries*, 105 Bankr. at 848-49. *See also Quarles House Apts. v. Plunkett (In re Plunkett)*, 23 BR 392 (Bankr. E.D. Wis. 1982) (where investors attempted to remove a debtor as the managing general partner, the Bankruptcy Court held that the investors' actions were actions against the debtor's contractual right to manage the partnership property, which was property of the estate). *In re Plunkett*, 23 B.R. at 394.

Your clients' recent partnership takeover effort sought to deprive LeFever Mattson of its Management Interest. As such, it was an act "to obtain possession of property of the estate" prohibited by 11 U.S.C. Section 362(a)(3). It was also entirely void as explained by the Ninth Circuit in *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ("Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims.") *Id*. at 571.

For the foregoing reasons, the Committee does not recognize and will not accept any assertions of authority made by or through Live Oak's alleged new general partner. In the event your clients seek to assume control of Live Oak, they must do so by way of a motion for relief from stay.

Further, while the Committee does not believe that you or your law firm can ever be allowed to represent Live Oak as debtor's counsel due to issues with Section 327's "disinterestedness" requirement, we note that you recently received a draft settlement agreement from the Keller Benvenutti Kim law firm following a lengthy mediation with Socotra Capital, Inc. The claims subject to that settlement were assigned to the Committee in a standing stipulation filed and entered long ago. *See First Amended Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Socotra Capital, Inc. and its Affiliates* filed on July 7, 2025 at Docket No. 1693. As a result, the Committee has full authority to proceed with such settlement.

Pursuant to that stipulation at Paragraph 5, Live Oak has a common interest with each of the other Debtors and the Committee. Furthermore, Live Oak along with the other Debtors and KS

Mattson Partners LP engaged in a mediation with Socotra pursuant to a signed mediation confidentiality agreement. Perhaps unknowingly, you breached both of those agreements when you shared the draft settlement agreement with attorney Daniel Egan. The Committee demands that you ask Mr. Egan to return the document and delete all his emails regarding the same. Please advise me when you have done so.

In sum, the Committee disputes the legitimacy of your clients' attempt to take over Live Oak because they have violated the automatic stay. Such acts are void, and it is now incumbent upon your clients to file a motion and prove they are entitled under Bankruptcy Code Section 362(d) to deprive LeFever Mattson of its Management Interest at this crucial time in the middle of an ongoing multi-debtor plan confirmation process. Moreover, your disregard for the common interest protection and the mediation privilege shared by all the debtors has resulted in a serious breach that must be remedied immediately.

Please advise me no later than Wednesday, October 15, 2025 at noon how your clients will proceed.

Very truly yours,

John D. Fiero

cc: Keller Benvenutti Kim
    Hogan Lovells
    Development Specialists, Inc.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 42 of 960

# EXHIBIT 4

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**PACHULSKI STANG ZIEHL & JONES LLP**
Debra I. Grassgreen (Cal. Bar No. 169978)
John D. Fiero (Cal. Bar No. 136557)
Jason H. Rosell (Cal. Bar No. 269126)
Steven W. Golden (admitted *Pro Hac Vice*)
Brooke E. Wilson (Cal. Bar No. 354614)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: LMCommittee@pszjlaw.com

*Counsel to the Official
Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>Debtors.[1] | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>***EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO B.L.R. 9006-1 FOR AN ORDER SHORTENING TIME FOR HEARING ON MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP** |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | |
| | [NO HEARING REQUESTED] |

The Official Committee of Unsecured Creditors (the "Committee") submits this motion ("Motion to Shorten Time"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 9006-1(c) of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of California ("Local Bankruptcy Rules"), and Judge

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545 Doc# 2692 Filed: 10/24/25 Entered: 10/24/25 17:15:44 Page 1 of 7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 44 of 960

Novack's Practices and Procedures for Hearing (at paragraph 6), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening time on the hearing of the Committee's *Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* [Docket No. 2690) (the "Stay Violation Motion"). This Motion to Shorten Time is supported by the points and authorities below, and the accompanying *Declaration of John D. Fiero in Support of the Ex Parte Motion of the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "Fiero Declaration").

## I.

## RELIEF REQUESTED

By this Motion to Shorten Time, the Committee respectfully requests a hearing on the Stay Violation Motion (the "Hearing") to be scheduled for November 5, 2025 at 11:00 a.m., or as soon thereafter as is convenient for the Court, and that responses or objections to the Stay Violation Motion be filed by October 31, 2025. As set forth more completely in the Stay Violation Motion, the Committee seeks an order (i) declaring certain actions relating to debtor Live Oak Investments L.P. ("Live Oak") null and void because they were taken in violation of the automatic stay; and (ii) granting related relief.

The Committee seeks to shorten time herein because the topic of whether or not Live Oak is being run by the appropriate parties requires attention more immediate than that offered by the Court's local rules, which contemplate 28 days' notice of a motion like the one the Committee has filed here. Specifically, Live Oak – acting through its purported new counsel – has filed several pleadings, including its *Objection and Opposition to Proposed Settlement with Socotra Capital* [Docket No. 2615] which is set for a hearing on November 5, 2025 at 11:00 a.m. The question of whether such objection is properly before the Court is rooted in whether Live Oak's limited partners have violated the automatic stay of section 362(a)(3) of the Bankruptcy Code. Their interrelationship requires both questions to be addressed at once. Accordingly, for the reasons set forth herein and in

the Fiero Declaration filed contemporaneously herewith, the Committee respectfully requests that the Court enter the Proposed Order.

## II.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order (N.D. Cal.), and Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## THE MOTION SHOULD BE HEARD ON SHORTENED TIME

A hearing on the Motion requires twenty-eight (28) days' notice pursuant to Local Bankruptcy Rule 9014-1(c)(1). In addition, Local Bankruptcy Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Local Rules."

Local Bankruptcy Rule 9006-1(c) also provides that absent exigent circumstances, any motion shall be heard on at least 72 hours' notice to the respondent and any request to shoren time must be accompanied by a declaration stating (1) the reason for the shortening of time, (2) whether any previous modifications were made, (3) the effect of the modified schedule for the case, and (4) the efforts made to speak to the respondent.

Exigencies justify shortening notice on the Stay Violation Motion. As further described in the Stay Violation Motion, since the purported removal of LeFever Mattson, a California corporation ("LFM") as general partner of Live Oak and appointment of William Andrew as the general partner of Live Oak, Live Oak's purported new counsel has filed several pleadings, including its *Objection and Opposition to Proposed Settlement with Socotra Capital* [Docket No. 2615] which is set for a hearing on November 5, 2025. The Committee believes that the removal of LFM and appointment of William Andrew as the general partner of Live Oak violated the automatic stay (as to LFM) and

such actions are null and void, and thus, Live Oak's purported new counsel lacks the authority to file pleadings as counsel for Live Oak.

## **<u>NOTICE</u>**

Notice of this Motion to Shorten will be provided by ECF to: (i) the Office of the United States Trustee for Region 17 (ii) counsel to the Debtors; (iii) proposed counsel to Live Oak; (iv) counsel to William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001, and (v) those persons who have formally appeared in this case and receive ECF notification. Notice of this Motion to Shorten will also be provided by email to the Live Oak investors who received notice of the October 9, 2025 partnership meeting. The Committee respectfully submits that no further notice is required. The Committee has not made any previous request for the relief sought in this Motion to Shorten or the Stay Violation Motion.

WHEREFORE, the Committee respectfully requests entry of an order granting the relief requested in this Motion to Shorten as set forth in the proposed order at **<u>Exhibit A</u>**, and such other and further relief as the Court may deem just and proper.

Dated:  October 24, 2025          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ John D. Fiero*
_____
John D. Fiero

*Counsel to the Official Committee*
*of Unsecured Creditors*

Case: 24-10545   Doc# 2692   Filed: 10/24/25   Entered: 10/24/25 17:15:44   Page 4 of 7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 47 of 960

# EXHIBIT A

**PACHULSKI STANG ZIEHL & JONES LLP**
Debra I. Grassgreen (Cal. Bar No. 169978)
John D. Fiero (Cal. Bar No. 136557)
Jason H. Rosell (Cal. Bar No. 269126)
Steven W. Golden (admitted *Pro Hac Vice*)
Brooke E. Wilson (Cal. Bar No. 354614)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: LMCommittee@pszjlaw.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>Debtors.[2] | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER SHORTENING TIME FOR A HEARING ON MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP** |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | |

Upon consideration of the *Ex Parte Motion of the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for a Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "Motion to Shorten"); the Court having reviewed the *Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "Stay Violation Motion"); and the Court having found that it has jurisdiction to consider the Motion to Shorten and the relief requested in the

---

[2] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545 Doc# 2692 Filed: 10/24/25 Entered: 10/24/25 17:15:44 Page 6 of 7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 49 of 960

Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges; and the Court having found that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Shorten is GRANTED.

2.      A hearing on the Stay Violation Motion shall be held on _____, 2025 at _____ a.m./p.m.. (Pacific Time) (the "Hearing").

3.      Any response to the Stay Violation Motion must be filed by _____, 2025.

4.      The Official Committee of Unsecured Creditors (the "Committee") shall promptly serve a copy of this Order on (i) the United States Trustee; (ii) counsel to the Debtors; (iii) purported counsel to Live Oak; (iv) the investors of Live Oak who received notice of the October 9, 2025 partnership meeting and their counsel, if known; and (v) those persons who have formally appeared in this case and requested service pursuant to Federal Rule of Bankruptcy Procedure 2002. No other notice is required.

5.      The Committee is authorized to take all steps necessary or appropriate to carry out this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 50 of 960

# EXHIBIT 5

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**PACHULSKI STANG ZIEHL & JONES LLP**
Debra I. Grassgreen (Cal. Bar No. 169978)
John D. Fiero (Cal. Bar No. 136557)
Jason H. Rosell (Cal. Bar No. 269126)
Steven W. Golden (admitted *Pro Hac Vice*)
Brooke E. Wilson (Cal. Bar No. 354614)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: LMCommittee@pszjlaw.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>         Debtors.[1]<br>_____<br><br>In re<br><br>KS MATTSON PARTNERS, LP,<br><br>         Debtor. | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF JOHN D. FIERO IN SUPPORT OF *EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO B.L.R. 9006-1 FOR AN ORDER SHORTENING TIME FOR HEARING ON MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP**<br><br>**[NO HEARING REQUESTED]** |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545   Doc# 2693   Filed: 10/24/25   Entered: 10/24/25 17:22:35   Page 1 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 52 of 960

I, John D. Fiero, declare as follows:

1.    I am an attorney at law duly licensed to practice in the State of California and admitted to practice before this Court.  I am a member of Pachulski Stang Ziehl & Jones LLP, counsel to the Official Committee of Unsecured Creditors (the "Committee") and make this declaration in support of the Committee's *Ex Parte Motion of the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP (*the "Motion to Shorten Time") pursuant to Local Bankruptcy Rule 9006-1(c).  The following is true of my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.    The Committee seeks to shorten time herein because the topic of whether or not Live Oak Investments, LP is being run by the appropriate parties requires attention more immediate than that offered by the Court's local rules, which contemplate 28 days' notice of a motion like the one the Committee has filed here. Specifically, Live Oak – acting through its purported new counsel – has filed several pleadings, including its *Objection and Opposition to Proposed Settlement with Socotra Capital* [Docket No. 2615] which is set for a hearing on November 5, 2025 at 11:00 a.m. The question of whether such objection is properly before the Court is rooted in whether Live Oak's limited partners have violated the automatic stay of 11 U.S.C. section 362(a)(3).  Their interrelationship requires both questions to be addressed at once.

3.    No prior time modifications have been made.

4.    The proposed hearing and objection deadlines would shorten the ordinary notice period by two weeks.

5.    Attorney Thomas Kelly explained to me in an email on October 21, 2025 that "my client is not willing to stipulate to a hearing on shortened time." *See* Ex. A.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 24th day of October, 2025 at San Francisco, California.

 */s/ John D. Fiero*
                     John D. Fiero

# EXHIBIT A

**From:** Thomas P. Kelly III <tomkelly@sonic.net>
**Sent:** Tuesday, October 21, 2025 5:02 PM
**To:** John Fiero <jfiero@pszjlaw.com>
**Cc:** Brooke E. Wilson <bwilson@pszjlaw.com>; 'David Taylor' <dtaylor@kbkllp.com>
**Subject:** 24-10545 LFM - no stipulation to shortened time



Mr. Fiero –

Your email does not present any basis for seeking shortened time other than you want it. Regardless, my client is not willing to stipulate to a hearing on shortened time. Further, I intend to present a Rule 11 notice for this motion, so again I will not agree to shortened time.

And so you are aware of the schedule, I am appearing in another case for a deposition pursuant to a subpoena on Friday, October 31. So that date is not available.



Thomas P. Kelly III, Attorney at Law, Certified by the State Bar of California in Bankruptcy Law
Law Offices of Thomas P. Kelly III P.C., 50 Old Courthouse Square, Suite 609, Santa Rosa, California, 95404-4926

1

Case: 24-10545   Doc# 2693   Filed: 10/24/25   Entered: 10/24/25 17:22:35   Page 4 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 55 of 960

Phone: 707-545-8700 Fax: 707-542-3371 Email: tomkelly@sonic.net www.redwoodbankruptcy.com

**THIS IS A CONFIDENTIAL AND PRIVILEGED COMMUNICATION.**
This message and any attachments to this message are subject to the attorney-client privilege, the attorney work product privilege, is a confidential record pursuant to 5 U.S.C.§522a, and contains confidential non-public personal information pursuant to 15 U.S.C. §6801. This email and any attachments are subject to the Electronic Communications Privacy Act 18 U.S.C. §§2510-2521.This message is intended only for the named addressees exclusively. If you are not the intended recipient, any communication, copying, or distribution of this message is strictly prohibited under *Rico v. Mitsubishi Motors* (2007), 42 Cal.4th 807. If you have received this message in error, contact the sender immediately by replying to this message, or by calling 707-545-8700 and then delete the original message and all copies from your system.

IRS Circular 230 Disclosure - To ensure compliance with requirements imposed by the IRS, please be advised (I) that nothing contained in this message (including any attachments) is state or federal tax advice, (ii) nothing contained in this message (including any attachments) was intended or written to be used, can be used or may be relied on or used for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code of 1986, as amended, (iii) nothing contained in this message (including any attachments) relating to any state or federal tax transaction may not be used to promote, market or recommend to any other party any transaction or matter addressed in this message, (iv) any taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor with respect to any federal tax transaction or matter contained in this message (including any attachments).

This is a debt relief agency as defined by 11 USC §101(12(A)). We provide assistance for filing petitions for relief under the Bankruptcy Code. This office does not accept ex parte notice or any type of service via email or telefax without prior written agreement.

**From:** John Fiero [mailto:jfiero@pszjlaw.com]
**Sent:** Tuesday, October 21, 2025 3:51 PM
**To:** Thomas P. Kelly <tomkelly@sonic.net>
**Cc:** Brooke E. Wilson <bwilson@pszjlaw.com>; David Taylor (dtaylor@kbkllp.com) <dtaylor@kbkllp.com>; Richard Wynne <richard.wynne@hoganlovells.com>; Thomas Rupp <trupp@kbkllp.com>; Erin N. Brady <erin.brady@hoganlovells.com>; Jason Rosell <jrosell@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>
**Subject:** Stipulation to hearing on shortened time

Dear Tom:

Without agreeing that your firm is conflict-free and therefore able to serve as new general counsel to Live Oak, I need to follow the local rules and seek your clients' advance consent to a shortened time hearing on the Committee's planned motion to declare the recent effort to replace LFM as the general partner of Live Oak null and void as a stay violation.  By copy of this email to counsel for LeFever Mattson and KSMP, I ask them the same question.

The motion will be filed tomorrow morning.  I propose a hearing date of Friday, October 31 with an objection deadline of Monday, October 27.  Will your clients so stipulate?  In your email, please do me the courtesy of advising exactly which clients you are responding for.

Thank you.

-John Fiero


**John Fiero**
Pachulski Stang Ziehl & Jones LLP
Tel: 415.263.7000 | Fax: 415.263.7010

Case: 24-10545    Doc# 2693    Filed: 10/24/25    Entered: 10/24/25 17:22:35    Page 5 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 56 of 960

jfiero@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

# EXHIBIT 6

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1  Thomas P. Kelly III, Attorney at Law
   Law Offices of Thomas P. Kelly III P.C.
2  CA 230699, OR 080927, DC 1000147
   50 Old Courthouse Square, Suite 609
3  Santa Rosa, California, 95404-4926
   Telephone : 707-545-8700
4  Facsimile : 707-542-3371
   Email : tomkelly@sonic.net
5
   Attorney for Live Oak Investments LP
6  and its general partner William Andrew

7

8                 UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10
    In re:                              Case No. 24-10545 (CN) (Lead Case)
11
    LEFEVER MATTSON, a California        Chapter 11
12  corporation, et al.,[1]
                                         (Jointly Administered)
13                        Debtors.
                                         OBJECTION TO STIPULATION
14

15                                       Judge:
                                         Court:        Hon. Charles Novack
16                                                      1300 Clay Street
                                                        Courtroom 215
17                                                      Oakland, California
                                                        94612
18
                                                        Via teleconference
19
                                         Date filed:    September 12, 2024
20

21

22

23

24

25

26

27
    1    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545    Doc# 2695    Filed: 10/25/25    Entered: 10/25/25 22:23:23    Page 1 of
OBJECTION TO STIPULATION                          3                          24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 59 of 960

1

## **OBJECTION TO STIPULATION**

2    William Andrew as the general partner of the Debtor-in-possession Live Oak Investments

3  LP (hereinafter "Debtor") presents this objection to the stipulation between LeFeverMattson Inc.

4  (Hereinafter "LFM") and the Official Committee of Unsecured Creditors (hereinafter

5  "Committee") purporting to assign the rights of LFM to pursue claims of other debtors in the LFM

6  cases that relate to Debtor.

7    As set forth in the prior pleadings by Debtor, a meeting of the partnership was held on

8  October 9, 2025 during which the partnership voted to remove LeFeverMattson Inc. as the general

9  partner of Debtor, to appoint Mr. Andrew as general partner and president, to remove Keller

10  Benvenutti Kim LLP as counsel for Debtor, and to retain the Law Offices of Thomas P. Kelly III

11  P.C. as counsel for Debtor.

12    The stipulation which is found at docket entry 2617 in the record of the present case makes

13  a breathtakingly false statement as follows: "Until very recently, LeFever Mattson, a California

14  corporation ("LFM") was the undisputed general partner of Live Oak ... ." (Stipulation 2:3-4).

15    By operation of law, LFM was disassociated from Debtor upon the filing of LFM's

16  bankruptcy petition on September 12, 2024 in case number 24-10545. This occurs specifically

17  under California's Corporation Code §16601 which provides in part as follows:

18    "A partner is dissociated from a partnership upon the occurrence of any of the following

19    events: ...

20    (6) The partner's act or failure to act in any of the following instances:

21    (A) By becoming a debtor in bankruptcy."

22    (Cal. Corp. Code §16601(6)(a)).

23    By operation of law, LFM has not been a partner of Live Oak since the date of its petition.

24  The Committee in making the statement that LFM was the "undisputed general partner of Live Oak"

25  is a direct, calculated effort at deception.

26    In addition, the stipulation is premised on the existence of some form of economic interest

27  or management interest alleging that Debtor "... sought to deprive LFM of its Management

28  Interest." (Stipulation 8:1-4). Again, this is false. LFM participated in the vote during which it

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

1   was removed as general partner, thereby fully exercising its management interest as a partner of

2   the Debtor.

3         Further, the property LFM was managing on behalf of Debtor, and for which LFM was

4   collecting fees which was the Southwood Apartments, was sold prior to the filing of the petitions

5   for both Debtor and LFM. There was no economic or management interest held by LFM at the time

6   the petition. There cannot be as there was no property for LFM to manage, and hence the basic

7   premise of the stipulation fails.

8         Finally, this stipulation is an attempt to create standing where none exists. The Committee

9   is not retained or empowered to pursue claims on behalf of debtor entities. The role of the

10  Committee is to represent unsecured creditors, not parties or debtors who already have counsel of

11  record in the case.

12        The proposed stipulation is based on a deliberate deception by the attorneys for the

13  Committee. LFM was disassociated from Debtor the day it filed a bankruptcy petition under

14  §16601. And whatever management or economic interests it held were already liquidated prior to

15  the filing of that petition. For all of these reasons the Court should deny the proposed stipulation,

16  or at a minimum hold a hearing on this highly unusual attempt to create standing where it does not

17  exist.

18        Dated: October 25, 2025

19

20                                                     Thomas P. Kelly III
                                                       Attorney at Law
21

22

23

24

25

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OBJECTION TO STIPULATION                    Page 3 of 2

Case: 24-10545   Doc# 2695   Filed: 10/25/25   Entered: 10/25/25 22:23:23   Page 3 of
                                             3                              24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 61 of 960

# EXHIBIT 7

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1    Thomas P. Kelly III, Attorney at Law
     Law Offices of Thomas P. Kelly III P.C.
2    CA 230699, OR 080927, DC 1000147
     50 Old Courthouse Square, Suite 609
3    Santa Rosa, California, 95404-4926
     Telephone : 707-545-8700
4    Facsimile : 707-542-3371
     Email : tomkelly@sonic.net
5

6    Attorney for Live Oak Investments LP
     and its general partner William Andrew

7

8             UNITED STATES BANKRUPTCY COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10

11    In re:                     Case No. 24-10545 (CN) (Lead Case)

12    LEFEVER MATTSON, a California      Chapter 11
     corporation, *et al.*,[1]

13             Debtors.        (Jointly Administered)

                            OPPOSITION TO EX PARTE APPLICATION

14

15                           Judge:        Hon. Charles Novack
16                           Court:        1300 Clay Street
                                    Courtroom 215
17                                       Oakland, California
                                      94612
18                                     Via teleconference

19                           Date filed:     September 12, 2024

20

21

22

23

24

25

26

27

28

---

[1]    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION TO EX PARTE APPLICATION              24-10545 LEFEVER MATTSON

## OPPOSITION TO EX PARTE APPLICATION TO SHORTEN TIME

William Andrew as the general partner of the Debtor-in-possession Live Oak Investments LP (hereinafter "Debtor") presents this opposition to the ex parte application to shorten time presented by the Official Committee of Unsecured Creditors (hereinafter "Committee") regarding some form of stay violation motion against Debtor.

As set forth in the prior pleadings by Debtor, a meeting of the partnership was held on October 9, 2025 during which the partnership voted to remove LeFeverMattson Inc. as the general partner of Debtor, to appoint Mr. Andrew as general partner and president, to remove Keller Benvenutti Kim LLP as counsel for Debtor, and to retain the Law Offices of Thomas P. Kelly III P.C. as counsel for Debtor.

The argument for shortening time on the present motion is stated as follows: "The Committee believes that the removal of LFM and appointment of William Andrew as the general partner of Live Oak violated the automatic stay ... ." (Application 3:27-28).

First, a "belief" that a stay violation occurred does not meet any definition of 'exigent circumstances' the counsel for Debtor can locate. There is no levied bank account, repossessed property, foreclosure, or other imminent event identified by the Committee. They just want it on shortened time, but present no actual reason why there is an emergency other than they oppose the actions of Debtor's counsel.

Second, as to the underlying allegation of a stay violation, it does not exist. By operation of law, LFM was disassociated from Debtor upon the filing of LFM's bankruptcy petition on September 12, 2024 in case number 24-10545. This occurs specifically under California's Corporation Code §16601 which provides in part as follows:

"A partner is dissociated from a partnership upon the occurrence of any of the following events: ...

(6) The partner's act or failure to act in any of the following instances:

(A) By becoming a debtor in bankruptcy."

(Cal. Corp. Code §16601(6)(a)).

By operation of law, LFM has not been a partner of Live Oak since the date of its petition.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545   Doc# 2696   Filed: 10/25/25   Entered: 10/25/25 22:24:30   Page 2 of
OPPOSITION TO EX PARTE APPLICATION                    Page 1 of 2                    24-10545 LEFEVER MATTSON
3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 64 of 960

1   In addition, the allegation of a stay violation is premised on the existence of some form of

2   economic interest or management interest allegedly taken by the vote of the partnership of Debtor.

3   LFM participated in the vote during which it was removed as general partner, thereby fully

4   exercising its management interest as a partner of the Debtor.

5        Finally, the property LFM was managing on behalf of Debtor, and for which LFM was

6   collecting fees which was the Southwood Apartments, was sold prior to the filing of the petitions

7   for both Debtor and LFM. There was no economic or management interest held by LFM at the time

8   of the petition. There cannot be as there was no property for LFM to manage, and hence the basic

9   premise of the alleged stay violation fails.

10        LFM was disassociated from Debtor the day it filed a bankruptcy petition under §16601.

11   And whatever management or economic interests it held were already liquidated prior to the filing

12   of that petition. For all of these reasons the Court should deny the ex parte application to shorten

13   time as no proper basis is stated, and it reduces the time Debtor's counsel has to respond, thereby

14   representing substantial prejudice to the interests of Debtor.

15    Dated: October 25, 2025

16

17                               Thomas P. Kelly III
                                 Attorney at Law

18

19

20

21

22

23

24

25

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

# EXHIBIT 8

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net



**Entered on Docket
October 27, 2025**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**PACHULSKI STANG ZIEHL & JONES LLP**
Debra I. Grassgreen (Cal. Bar No. 169978) **The Relief Sought in the following order is DENIED.**
John D. Fiero (Cal. Bar No. 136557) **Signed: October 27, 2025**
Jason H. Rosell (Cal. Bar No. 269126)
Steven W. Golden (admitted *Pro Hac Vice*)
Brooke E. Wilson (Cal. Bar No. 354614)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436                **Charles Novack**
Telephone: 415-263-7000                             **U.S. Bankruptcy Judge**
Email: LMCommittee@pszjlaw.com

**The motion is denied without prejudice. The court will discuss the
Live Oak general partnership controversy during the October 31,
2025 hearing regarding the Committee's request for standing.**

*Counsel to the Official
Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

In re

LEFEVER MATTSON, a California
corporation, *et al.*,

                        Debtors.[1]

In re

KS MATTSON PARTNERS, LP,

                        Debtor.

Case No. 24-10545 CN (Lead Case)

(Jointly Administered)

Chapter 11

**ORDER SHORTENING TIME FOR A
HEARING ON MOTION TO DECLARE
VOID ACTIONS IN VIOLATION OF
THE AUTOMATIC STAY RELATED
TO LIVE OAK INVESTMENTS, LP**

Upon consideration of the *Ex Parte Motion of the Official Committee of Unsecured
Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for a Hearing on Motion to
Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP*
(the "Motion to Shorten"); the Court having reviewed the *Motion to Declare Void Actions in*

---

[1]   The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax
identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o
Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and
all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor
entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax
identification numbers is not provided herein. A complete list of such information may be obtained on the website
of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545   Doc# 2701   Filed: 10/27/25   Entered: 10/27/25 15:40:54   Page 1 of
3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 67 of 960

*Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "Stay Violation Motion"); and the Court having found that it has jurisdiction to consider the Motion to Shorten and the relief requested in the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges; and the Court having found that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is GRANTED.

2. A hearing on the Stay Violation Motion shall be held on _____, 2025 at _____ a.m./p.m.. (Pacific Time) (the "Hearing").

3. Any response to the Stay Violation Motion must be filed by _____, 2025.

4. The Official Committee of Unsecured Creditors (the "Committee") shall promptly serve a copy of this Order on (i) the United States Trustee; (ii) counsel to the Debtors; (iii) purported counsel to Live Oak; (iv) the investors of Live Oak who received notice of the October 9, 2025 partnership meeting and their counsel, if known; and (v) those persons who have formally appeared in this case and requested service pursuant to Federal Rule of Bankruptcy Procedure 2002. No other notice is required.

5. The Committee is authorized to take all steps necessary or appropriate to carry out this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 24-10545 Doc# 2701 Filed: 10/27/25 Entered: 10/27/25 15:40:54 Page 2 of 3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 68 of 960

**<u>COURT SERVICE LIST</u>**

*All ECF Participants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4927-4987-7877.1 52011.00002

# EXHIBIT 9

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

CANB Live Database

**JNTADMN, CLMAGT, APPEAL**

# U.S. Bankruptcy Court
# California Northern Bankruptcy Court (Santa Rosa)
# Bankruptcy Petition #: 24-10545

*Date filed:* 09/12/2024
*341 meeting:* 12/02/2024
*Deadline for filing claims:* 02/14/2025
*Deadline for objecting to discharge:* 12/20/2024

*Assigned to:* Judge Charles Novack
Chapter 11
Voluntary
Asset

*Debtor*
**LeFever Mattson, a California corporation**
6359 Auburn Blvd.
Suite B
Citrus Heights, CA 95621
SACRAMENTO-CA
Tax ID / EIN: 68-0197537

represented by **Gabrielle L. Albert**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-364-6778
Email: galbert@kbkllp.com

**M. Tyler Davis**
Keller Benvenutti Kim LLP
101 Montgomery Street
Ste 1950
San Francisco, CA 94104
415-496-6723
Email: tdavis@kbkllp.com

**Alice Giang**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
510-637-9903
Email: agiang@kbkllp.com

**Tobias S. Keller**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-796-0709
Email: tkeller@kbkllp.com

**Dara Levinson Silveira**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-735-5713
Email: dsilveira@kbkllp.com

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1

1/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 71 of 960

| | | |
|---|---|---|
| | | 2709 Application for Compensation). (Gershbein, Evan) (Entered: 10/30/2025) |
| 10/31/2025 | 2746 (2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 12/12/2025 at 10:00 AM Oakland Room 215 - Novack for 1686,.** (Albert, Gabrielle) (Entered: 10/31/2025) |
| 10/31/2025 | | Hearing Continued from 11/19/2025 at 1:00 PM to 12/5/2025 at 11:00 AM by Court's direction (RE: related document(s) 2729 Interim Application for Compensation Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, t, 2732 Application for Compensation Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025 for Brooke Elizabeth Wi). **Hearing scheduled for 12/05/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 10/31/2025) |
| 10/31/2025 | 2747 (1 pg) | Transcript Order Form regarding Hearing Date 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/31/2025) |
| 10/31/2025 | 2748 (2 pgs) | Joinder (RE: related document(s)2708 Opposition Brief/Memorandum). Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Kelly, Thomas) (Entered: 10/31/2025) |
| 10/31/2025 | 2749 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 520 Capitol Mall, Sacramento, CA 95814* (RE: related document(s)2532 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/31/2025) |
| 10/31/2025 | | Hearing Continued (RE: related document(s) 2617 Stipulation for Miscellaneous Relief). **Minutes:** Regarding the Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests Regarding Live Oak Investments [dkt # 2617], the UCC is authorized to represent the LeFever Mattson Debtors' Interests as to: (1) the Motion to Declare Void Actions in Violation of the Automatic Stay [dkt # 2690] (the "Stay Violation Motion"); and (2) the Application to Employ Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments, L.P. [dkt # 2613]. The Stay Violation Motion shall be heard on **11/13/2025 at 2:00 PM in/via Oakland Room 215 - Novack**. Proposed Counsel for Live Oak shall file and serve any opposition to the Stay Violation Motion by 11/7/2025. The UCC shall file any reply by 11/12/2025. The parties shall meet and confer for the purpose of stipulating to any undisputed facts, and file a Statement of Undisputed facts with the court prior to the 11/13/2025 hearing. The court will issue the order. (rba) Modified on 10/31/2025 (rba). (Entered: 10/31/2025) |
| 10/31/2025 | 2750 (3 pgs) | Order Approving Second Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action (RE: related document(s)2738 Stipulation for Miscellaneous Relief filed |

# EXHIBIT 10

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1    Thomas P. Kelly III, Attorney at Law
       Law Offices of Thomas P. Kelly III P.C.
2    CA 230699, OR 080927, DC 1000147
       50 Old Courthouse Square, Suite 609
3    Santa Rosa, California, 95404-4926
       Telephone : 707-545-8700
4    Facsimile : 707-542-3371
       Email : tomkelly@sonic.net
5
6    Attorney for Live Oak Investments LP
       and its general partner William Andrew

7

8             UNITED STATES BANKRUPTCY COURT

9     NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10   In re:

11   LEFEVER MATTSON, a California
     corporation, *et al.*,[1]
12

13            Debtors.

| | |
|---|---|
| Case No. 24-10545 (CN) (Lead Case) | |
| Chapter 11 | |
| (Jointly Administered) | |
| OPPOSITION BRIEF | |
| Date: | November 13, 2025 |
| Time: | 2:00PM |
| Judge: | Hon. Charles Novack |
| Court: | 1300 Clay Street |
| | Courtroom 215 |
| | Oakland, California |
| | 94612 |
| | Via teleconference |
| Date filed: | September 12, 2024 |

---

[1]    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545    Doc# 2800    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 1 of 11

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 74 of 960

1

# I. INTRODUCTION

2      William Andrew as the general partner of the Debtor-in-possession Live Oak Investments

3   LP (hereinafter "Debtor") presents this opposition brief to the motion of the Official Committee

4   of Unsecured Creditors (hereinafter "OCUC") to declare the partnership vote of Debtor on

5   October 9, 2025 void as violating the automatic stay under 11 U.S.C. §362.

6   ## II. RELEVANT FACTS AND PROCEDURAL HISTORY

7      The Debtor was formed on March 24, 2015 bearing California Secretary of State entity

8   number 2015-08600007. Prior to the formation of Debtor, in 2004 LeFever Mattson Inc.

9   ("hereinafter LFM") purchased an apartment complex named Southwood Place Apartments

10  located at 410 Buck Avenue, Vacaville, California, 95688-6811 along with several investors.

11  (Hereinafter "Southwood Apartments"). This was confirmed in a letter from LFM to the

12  investors a copy of which is attached to the concurrently filed Declaration of William Andrew

13  and marked as Exhibit A.

14     In 2015 LFM notified the investors that in order to complete a refinance of Southwood

15  Apartments the proposed lender required the formation of a business entity. A copy of the letter

16  stating this from LFM to the investors is attached to the concurrently filed Declaration of

17  William Andrew and marked as Exhibit B.

18     To that end, LFM and Kenneth Mattson (hereinafter "Mattson") formed Debtor, and then

19  prepared a proposed partnership agreement. In exchange for a percentage interest in the Debtor,

20  the investors transferred their individual interests in Southwood Apartments to the Debtor. The

21  partnership agreement was executed effective March 25, 2015 and a copy of this agreement is

22  attached to the concurrently filed Declaration of William Andrew and marked as Exhibit C.

23  (Hereinafter "Partnership Agreement").

24     Pursuant to the terms of the Partnership Agreement, LFM was designated as the General

25  Partner for the Debtor. (Andrew Dec., Ex. C, pg. 7 & 32). The Partnership Agreement also

26  provided for the office of President. (Andrew Dec., Ex. C, pg. 17, §5.2). Pursuant to the terms of

27  the Partnership Agreement, the President was nominated by the General Partner, and the

28  Partnership Agreement directly nominated Mattson as the President. (Andrew Dec., Ex. C, pg.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545    Doc# 2800    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 2 of 11
Page 1 of 10

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 75 of 960

17, §5.2.3).

Under the terms of the Partnership Agreement, the partners of Debtor are equity security holders in Debtor. These interests are confirmed in the Omnibus List of Equity Security Holders filed by LFM on November 15, 2024 bearing docket entry number 353 in the parallel bankruptcy case of *LeFever Mattson Inc.* bearing case number 24-10545 currently pending before this Court. (Hereinafter "LFM Bankruptcy Case"). A copy of the Omnibus List of Equity Security Holders is attached to the concurrently filed Request for Judicial Notice (hereinafter "RJN") and marked as Exhibit A.

On June 28, 2024 LFM solicited the agreement of the limited partners to sell Southwood Apartments. A copy of the proposed written consent of the partners is attached to the concurrently filed Declaration of William Andrew and marked as Exhibit D. A sufficient number of partners agreed to sell the property, and on August 29, 2024 it was sold for $10,800,000.00, which resulted in a net amount paid to Debtor of $3,971,116.96. A copy of the sellers statement for Debtor is attached to the concurrently filed Declaration of William Andrew and marked as Exhibit E.

On September 4, 2024, these funds were deposited into Debtor's account at Citizens Business Bank bearing account number XXXXX0673. This deposit is disclosed in the October 28, 2024 operating report for Debtor, a copy of which is attached to the concurrently filed Request for Judicial Notice and marked as Exhibit B. The specific transaction is reflected in that operating report which includes the bank account statement as follows:

| Deposits | | |
|---|---|---|
| Date | Description | Amount |
| 09/04/2024 | DEPOSIT | $3,971,116.96 |
| | | 1 item(s) totaling $3,971,116.96 |

(RJN, Ex. B, pg. 19).

Without any notice to the other partners of Debtor, and without any partnership meeting, the same day as the funds were deposited, September 4, 2024, LFM acting as the general partner transferred substantial sums from Debtor to itself. These consisted of three transactions in the amount of $1,200,000.00, $324,000, and $842,418 for a total of $2,366,418.00. The first

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF                                                                 24-10545 LEFEVER MATTSON

Case: 24-10545   Doc# 2800   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 3 of
11
Page 2 of 10

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 76 of 960

1  transaction was from Debtor's money market account at Citizens Bank which is reflected in the

2  same operating report as follows:

3

**Other Debits**

| Date | Description | Amount |
|------|-------------|--------|
| 09/04/2024 | OTC Transfer | $1,200,000.00 |
| | | 1 item(s) totaling $1,200,000.00 |

4

5

6  (RJN, Ex. B, pg. 19).

7          The second and third transactions were paid from Debtor's property trust account also at

8  Citizens Bank which is reflected in the same operating report as follows:

9

**Other Debits**

| Date | Description | Amount |
|------|-------------|--------|
| 09/04/2024 | 399740 OLB TRANSFER SPCLTY AA XXXXX6251 | $324,000.00 |
| 09/04/2024 | 400467 OLB TRANSFER SPCLTY AA XXXXX6251 | $842,418.00 |
| | | 2 item(s) totaling $1,166,418.00 |

10

11

12  (RJN, Ex. B, pg. 20).

13          LFM maintains this represents the 21.214% ownership interest in Debtor as well as a sale

14  commission provided in the Partnership Agreement of 3.00%. (Andrew Dec., Ex. C, pg. 30-31,

15  §11.14).

16          LFM never distributed the remaining balance of the funds to the other partners. These

17  transactions were performed by LFM without any notice to the other partners, and without any

18  authorization in the form of a partnership vote or any document indicating ratification or

19  approval by the other partners.

20          The Partnership Agreement provides in section 3.8 entitled "Priority Over Other

21  Partners" that no partner is to receive preference over any other:

22          "No Partner shall have priority over any other partner, with respect to the return
            of a Capital Contribution, or distributions or allocations of income, gain, losses,
23          deductions, credits or items thereof." (Andrew Dec., Ex. A, pg. 14).

24          The Partnership Agreement also provides in section 4.7 entitled "Liquidating Proceeds"

25  which specifies the manner in which funds are to be distributed to the partners:

26          "Notwithstanding any other provisions of this Agreement to the contrary, when
            there is a distribution in liquidation of the Partnership, or when any Partner's
27          interest is liquidated, all items of income and loss first shall be allocated to the
            Partners' Capital Accounts under this Article Four, and other credits and
28          deductions to the Partners' Capital Accounts shall be made before the final

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545   Doc# 2800   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 4 of
Page 3 of 11   11

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 77 of 960

1    distribution is made. The final distribution to the Partners shall be made to the

2    Partners to the extent of and in proportion to their positive Capital Account

     balances." (Andrew Dec., Ex. C, pg. 16).

3        Eight days after making these transfers, on September 12, 2024 LFM filed the present

4    case for Debtor, the LFM Bankruptcy Case, and cases for 57 other entities. There is no dispute

5    that LFM never obtained any authorization to transfer $2,366,418.00 from Debtor's accounts to

6    itself.

7        LFM was fully aware it would be filing a bankruptcy petition for Debtor immediately

8    after transferring the funds to itself. For that reason, the bankruptcy filings were part of a

9    common plan or scheme carried out by LFM to benefit itself and Mattson by first acquiring the

10   funds and then preventing any challenge to these transfers by the other partners due to the

11   bankruptcy filings.

12       The transfers and subsequent bankruptcy filing carried out by LFM was also clearly

13   improper as Debtor was solvent at all times. This is demonstrated by the list of 20 largest

14   creditors filed on behalf of Debtor by LFM on September 25, 2024 a copy of which is attached to

15   the concurrently filed Request for Judicial Notice and marked as Exhibit C. The list is entirely

16   blank as there were no creditors for Debtor at the time of the bankruptcy case filing.

17       This is further demonstrated by the schedules filed on behalf of Debtor by LFM on

18   November 15, 2024 a copy of which is attached to the concurrently filed Request for Judicial

19   Notice and marked as Exhibit D. The schedules list a total of three claims totaling $23,615.62 of

20   which LFM claims for itself the sum of $18,798.64 as an "unpaid distribution." These claims are

21   set forth in Schedule F as follows:

22

| Line | Nonpriority Creditor's Name | Address 1 | Address 2 | City | State | Zip | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|------|------------------------------|-----------|-----------|------|-------|-----|-----------------|-------------------------|------------|--------------|----------|-----------------|
| 3.1 | A & G Cleaning | Address on file | | | | | Trade | | | | | $70.00 |
| 3.2 | Home Tax Service of America, Inc., dba LeFever Mattson Property Management | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | Payroll, maintenance and other expense reimbursements | | | | | $4,746.98 |
| 3.3 | LeFever Mattson, a California Corporation | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | Unpaid Distribution | | | | | $18,795.64 |
| | | | | | | | | | | | TOTAL: | $23,615.62 |

25

26   (RJN, Ex. D, pg. 24).

27       On October 7, 2025, the creditors William N. Andrew and Sally G. Andrew Revocable

28   Trust dated June 21, 2001 and the Burgess Trust dated October 9, 2006 filed a Notice of

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

1    Partnership Meeting bearing docket entry number 2530 in the record of the LFM Bankruptcy

2    Case.  A copy of this notice is attached to the concurrently filed Request for Judicial Notice and

3    marked as Exhibit E. The stated purpose of the meeting as reflected in the notice was as follows:

4           The basis of the action to remove the current General Partner is that
     LeFever Mattson Inc. took actions that are in direct violation of the Partnership

5    Agreement which constitutes cause for removal. Specifically, that on September
     4, 2024 LeFever Mattson Inc. distributed $842,418 to itself from the accounts of

6    Live Oak Investments L.P. representing a 21.6% share of the proceeds of the sale
     of Southwood Apartments, which was the sole real estate asset of Live

7    Oak Investments L.P.. At the time of this distribution, LeFever Mattson Inc. did
     not distribute any sale proceeds to any of the other partners.

8           This was a direct violation of the Partnership Agreement §3.8 entitled
     "Priority Over Other Partners" which states as follows: "No Partner shall have

9    priority over any other partner, with respect to the return of a Capital
     Contribution, or distributions or allocations of income, gain, losses, deductions,

10   credits or items thereof."
            This was also a direct violation of the Partnership Agreement §4.7 entitled

11   "Liquidating Proceeds" which states as follows: "Notwithstanding any other
     provisions of this Agreement to the contrary, when there is a distribution in

12   liquidation of the Partnership, or when any Partner's interest is liquidated, all
     items of income and loss first shall be allocated to the Partners' Capital Accounts

13   under this Article Four, and other credits and deductions to the Partners' Capital
     Accounts shall be made before the final distribution is made. The final

14   distribution to the Partners shall be made to the Partners to the extent of and in
     proportion to their positive Capital Account balances."

15          On the basis of the foregoing actions, cause exists to remove LeFever Mattson
     Inc. as General Partner. At this partnership meeting a vote will be held on this removal as

16   well as the other matters set forth above. (RJN, Ex. E, pgs. 1-2).

17       On October 9, 2025 LFM appeared at the meeting through its attorney at the time David

18   Taylor and through the chief restructuring officer Bradley Sharp. LFM also cast votes during the

19   partnership meeting. As a result of the partnership vote, LFM was removed as the general

20   partner of Debtor, Mattson was removed as president of Debtor, William Andrew was appointed

21   as the new general partner of Debtor and the president, and Keller Benvenutti Kim LLP was

22   removed as the legal representative of Debtor and replaced with the Law Offices of Thomas P.

23   Kelly III P.C..

24       On October 15, 2025 the special investigation counsel Donald S. Davidson filed the joint

25   investigation report in the affairs of LFM bearing docket entry 2568 in the record of this case.

26   (Hereinafter "Investigation Report").  A copy of the Investigation Report is attached to the

27   concurrently filed Request for Judicial Notice and marked as Exhibit F.

28       Of particular relevance to the present matter, "Attachment I" to the Investigation Report

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545    Doc# 2800    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 6 of
Page 5 of 11
11

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 79 of 960

1   specifically addresses the fraud of LFM through transactions whereby LFM moved funds

2   through Debtor.

3          The first of these transactions is detailed in Attachment I-1 and reflects an October 5,

4   2018 payment from LFM to Debtor of $481,000 followed by a subsequent payment from Debtor

5   to Sienna Pointe Apartments of $481,000, meaning that Debtor did not incur any liability to any

6   third party, nor did Debtor retain any LFM funds. There are no claims here at all as the entire

7   amount was transferred into and out of Debtor. (RJN, Ex. F, pg. 222).

8          The second of these transactions is detailed in Attachment I-2 and reflects an August 7,

9   2019 payment from multiple entities to Debtor totally $445,000 followed by a subsequent

10  payment from Debtor to LFM $445,000, meaning that again Debtor did not incur any liability to

11  any third party, nor did Debtor retain any LFM funds. There are no claims here at all as the

12  entire amount was transferred into and out of Debtor. (RJN, Ex. F, pg. 223).

13         The third of these transactions is detailed in Attachment I-3 and reflects a December 10,

14  2019 payment by Debtor to Sterling Pointe Apartments in the amount of $2,300,000.00. Once

15  again, Debtor did not incur any liability to any third party, nor did Debtor retain any LFM funds.

16  In this instance, Debtor has a claim against Sterling Pointe Apartments in the amount of

17  $2,300,000.00 which LFM and the OCUC have never pursued nor have they filed any proof of

18  claim against Sterling Pointe Apartments. (RJN, Ex. F, pg. 224).

19         The fourth of these transactions is detailed in Attachment I-4 and reflects two December

20  31, 2019 payments by Debtor to Carmichael Apartments in the amount of $940,000.00 and to

21  Vaca Villa Apartments in the amount of $1,040,000.00. Once again, Debtor did not incur any

22  liability to any third party, nor did Debtor retain any LFM funds. In this instance, Debtor has

23  claims against Carmichael Apartments and Vaca Villa Apartments in the total amount of

24  $1,980,000.00 which LFM and the OCUC have never pursued nor have they filed any proof of

25  claim against Carmichael Apartments or Vaca Villa Apartments. (RJN, Ex. F, pg. 225).

26         The fifth of these transactions is detailed in Attachment I-5 and reflects a May 18, 2020

27  payment by Debtor to Walnut Crest Apartments in the amount of $295,000.00. Once again,

28  Debtor did not incur any liability to any third party, nor did Debtor retain any LFM funds. In this

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545   Doc# 2800   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 7 of
Page 6 of 10                              11

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 80 of 960

1   instance, Debtor has a claim against Walnut Crest Apartments in the total amount of

2   $295,000.00 which LFM and the OCUC have never pursued nor have they filed any proof of

3   claim against Walnut Crest Apartments. (RJN, Ex. F, pg. 226).

4        The sixth and last of these transactions is detailed in Attachment I-6 and reflects an

5   October 18, 2022 payment by Debtor to Sienna Pointe Apartments in the amount of

6   $560,000.00. Once again, Debtor did not incur any liability to any third party, nor did Debtor

7   retain any LFM funds. In this instance, Debtor has claims against Sienna Pointe Apartments in

8   the total amount of  $560,000.00 which LFM and the OCUC have never pursued nor have they

9   filed any proof of claim against Sienna Pointe Apartments. (RJN, Ex. F, pg. 227).

10                            **III. LEGAL ARGUMENT**

11  **A. LFM has no economic interest in Debtor.**

12       The OCUC first argues that the partnership vote to remove LFM violated the stay

13  because LFM holds an economic interest in Debtor. As the motion states:

14           "Both the Economic Interest and the Management Interest are protected by the
             automatic stay imposed in the general partner's Chapter 11 case from actions
15           attacking those interests directly." (Motion, 7:19-22).

16       The OCUC relies upon the case of *In re Cardinal Industries* 105 B.R. 834 (Bankr. S.D.

17  Ohio 1989; "*Cardinal*") as supporting this proposition. This is not accurate. The Court in

18  *Cardinal* was interpreting the partnership law of Ohio, not California, which actually creates

19  three interests bearing different names and meanings as set forth in the case:

20           "Uniform partnership law gives a general partner in a limited partnership an
             interest in the partnership (the "Partnership Interest"), a right to participate in the
21           management (the "Management Interest"), and status as a tenant in partnership
             (the "Tenancy Interest"). **See Ohio Revised Code §§1775.23 and 1782.29.**"
22           (*Cardinal* at 848; emphasis added).

23       The *Cardinal* case does not at any point use the phrase "economic interest" nor does it

24  even include the word "economic." This phrase does not appear <u>anywhere</u> in the case. The

25  OCUC has simply invented this term and then attributed it to *Cardinal* in this brief. Attached to

26  the concurrently filed Declaration of Thomas P. Kelly III and and marked as Exhibit A is a copy

27  of the *Cardinal* decision so that the Court may if so inclined search the case to confirm these

28  facts about the language of the decision.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700        OPPOSITION BRIEF                    Page 7 of 10

1    As Debtor is a California partnership, the laws of California control, not that of Ohio.

2 Under California law, the interest of a limited partner is referred to as the 'transferable interest'

3 which encompasses the individual partner's stake in the partnership, including rights to

4 distributions, profits, and losses. (Cal. Corp. Code § 15901.02(ak)). As the California Supreme

5 Court has held, all partners in a limited partnership have no  property interest in specific

6 partnership assets. (*Evans v. Galardi* ,16 Cal.3d 300, 307 (1976)). Rather, the transferable

7 interest represents only the right to receive a share of the profits or income, and to the return of

8 their contribution. (*Id*.).

9    So while the OCUC is dead wrong about the state of California law, LFM has no

10 'economic' interest in any property of Debtor as a practical matter. As set forth above, LFM has

11 already received its share of the profits, income, and the return of their contribution arising from

12 the sale of the Southwood Apartments. On September 4, 2024 LFM made three payments to

13 itself in the total amount of $2,366,418.00. (RJN, Ex. B, pgs. 19-20). This represents the

14 21.214% ownership interest of LFM in Debtor as well as a sale commission provided in the

15 Partnership Agreement of 3.00%. (Andrew Dec., Ex. C, pg. 30-31, §11.14). Under California's

16 partnership laws and not that of Ohio, once LFM was paid out it had no further transferable

17 interest in Debtor. It was all transferred prior to the filing of the petitions for Debtor and LFM.

18 **B. LFM has no management interest in Debtor.**

19    The OCUC next argues that the partnership vote to remove LFM violated the stay

20 because LFM holds a management interest in Debtor. As the motion states:

21    "Both the Economic Interest and the Management Interest are protected by the
automatic stay imposed in the general partner's Chapter 11 case from actions
22    attacking those interests directly." (Motion, 7:19-22).

23    As stated above, the OCUC relies upon *Cardinal* as support for this proposition, and it is

24 not accurate because this decision was interpreting the partnership law of Ohio.

25    Under California law, upon the filing of a bankruptcy petition, a partner is automatically

26 disassociated from the partnership under Cal. Corp. Code § 16601 which provides in part as

27 follows:

28    "A partner is dissociated from a partnership upon the occurrence of any of the following

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545    Doc# 2800    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 9 of
11
Page 8 of 10

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 82 of 960

1  events:
   (6) The partner's act or failure to act in any of the following instances:
2  (A) By becoming a debtor in bankruptcy."
   (Cal. Corp. Code § 16601(6)(A)).
3

4      The effect of dissociation means that LFM lost all right to participate in the management

5  of Debtor. As Cal. Corp. Code § 16603 provides: "Upon a partner's dissociation, all of the

6  following apply: (1) The partner's right to participate in the management and conduct of the

7  partnership business terminates." (Cal. Corp. Code § 16603(1)).

8      There is no reasonable dispute on this point. In every bankruptcy decision referencing

9  this California code section the result is the same - ironclad language that upon the filing of a

10 petition, the partner is disassociated as a matter of law automatically. Below are several

11 examples.

12     "In this instance, Defendant's bankruptcy filing triggered his automatic dissociation from

13 the partnership. See Cal Corp. Code § 16601(6)(A)." (*Johnson v. Johnson*, E. Dist. Cal. 2016

14 U.S. Dist. LEXIS 38106, 2016 LX 35666, 2016 WL 1138178).

15     Debtor "... was dissociated from the partnership as a matter of law on the day he filed his

16 bankruptcy petition. Cal. Corp. Code § 16601(6)(A)." (*Mansdorf v. Epps*, N. Dist. Cal. 2011

17 U.S. Dist. LEXIS 171825, 2011 LX 43866).

18     Upon the debtor's "... filing of the bankruptcy petition, he became a dissociated partner.

19 Cal. Corp. Code § 16601(6)(A)." (*Fotouhi v. Mansdorf*, N. Dist. Cal. 427 B.R. 798, 802 (2010)).

20     As a result of LFM's bankruptcy petition it was dissociated and LFM lost all right to

21 participate in the management of Debtor. Hence, there is no management interest held by LFM.

22 **C. The claims of Debtor are the property of Debtor's bankruptcy estate.**

23     As set forth above, the Investigative Report indicates that there are approximately

24 $5,560,000.00 worth of claims that Debtor holds against other entities, including LFM. There is

25 also the claim of the preferential transfer of $2,366,418.00 from Debtor's accounts to LFM in

26 violation of the partnership agreement. All of these claims are the property of the bankruptcy

27 estate of the Debtor, not that of the LFM bankruptcy case. The Debtor cannot violate the stay

28 against itself, and as set forth above, LFM has zero economic interest or management interest in

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF

Case: 24-10545   Doc# 2800   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 10
Page 9 of 10
of 11

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 83 of 960

1     Debtor.

2

3                            **IV. CONCLUSION**

4         The present motion is without merit. As discussed above, the *Cardinal* case was

5 discussing Ohio partnership law, not that of California. The bankruptcy decisions set forth above

6 make it clear that under California law LFM was disassociated from Debtor under Cal. Corp.

7 Code § 16601 the day it filed a bankruptcy petition. Any management interest it held terminated

8 immediately. Likewise, LFM has no further transferable interest because it already looted that

9 interest from Debtor without permission from the other partners. Further, the claims of Debtor

10 are the property of Debtor's bankruptcy case, not that of LFM.

11         There is nothing to which the automatic stay can apply in this instance, the vote of the

12 partners was entirely proper, and the motion must be denied.

13    Dated: November 7, 2025

14

15                                     Thomas P. Kelly III
                                        Attorney at Law

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

OPPOSITION BRIEF              Page 10 of 10            24-10545 LEFEVER MATTSON

# EXHIBIT 11

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1  Thomas P. Kelly III, Attorney at Law
   Law Offices of Thomas P. Kelly III P.C.
2  CA 230699, OR 080927, DC 1000147
   50 Old Courthouse Square, Suite 609
3  Santa Rosa, California, 95404-4926
   Telephone : 707-545-8700
4  Facsimile : 707-542-3371
   Email : tomkelly@sonic.net
5
   Attorney for Live Oak Investments LP
6  and its general partner William Andrew

7

8              UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10  In re:                              Case No. 24-10545 (CN) (Lead Case)

11  LEFEVER MATTSON, a California        Chapter 11
    corporation, *et al.*,[1]
12                                       (Jointly Administered)
                          Debtors.
13                                       DECLARATION OF WILLIAM ANDREW

14

15

16                                       Judge:      Hon. Charles Novack
                                         Court:      1300 Clay Street
17                                                    Courtroom 215
                                                     Oakland, California
18                                                   94612

19                                                   Via teleconference

20                                       Date filed:  September 12, 2024

21

22

23

24

25

26

27  _____
    1    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545    Doc# 2800-1    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 1
DECLARATION                                of 61                    24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 86 of 960

1

**<u>DECLARATION OF WILLIAM ANDREW</u>**

2   I, WILLIAM ANDREW, declare as follows:

3        1.      I am over the age of eighteen (18) years old, and I have personal knowledge of the

4   facts stated in this declaration, and if called as a witness, could and would testify competently to

5   the truth of the facts as stated herein.

6        2.      Attached hereto and marked as Exhibit A is a true and correct copy of that letter

7   dated November 22, 2004 from LeFever Mattson Inc. to the investors for the Southwood

8   Apartments.

9        3.      Attached hereto and marked as Exhibit B is a true and correct copy of the April

10  21, 2015 letter from LeFever Mattson Inc. to the investors for the Southwood Apartments.

11       4.      Attached hereto and marked as Exhibit C is a true and correct copy of the March

12  24, 2015 partnership agreement for Live Oak Investments LP.

13       5.      Attached hereto and marked as Exhibit D is a true and correct copy of the June

14  28, 2024 proposed consent form to sell Southwood Apartments as prepared by LeFever Mattson

15  Inc. and which was sent to the limited partners of Live Oak Investments LP.

16       6.      Attached hereto and marked as Exhibit E is a true and correct copy of the sellers

17  statement for the sale of the Southwood Apartments.

18       7.      I was never given prior notice by anyone of the proposed transfer of

19  $2,366,418.00 from Live Oak Investments LP to LeFever Mattson Inc. And only learned of this

20  transfer several weeks after the filing of the present bankruptcy case.

21       8.      To the best of my knowledge, none of the partners of Live Oak Investments LP

22  was given prior notice by anyone of the proposed transfer of  $2,366,418.00 from Live Oak

23  Investments LP to LeFever Mattson Inc..

24       9.      On October 7, 2025 Creditors Andrew Revocable Trust dated June 21, 2001 and

25  the Burgess Trust dated October 9, 2006 (hereinafter collectively "Creditors") called a meeting

26  of the partnership of Debtor which was held on October 9, 2025. The notice of meeting was duly

27  served on all partners of Debtor including LeFeverMattson Inc. (Hereinafter "LFM").

28       10.     I personally attended this meeting. LFM appeared and participated through the

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

DECLARATION                                Page 1 of 2                        24-10545 LEFEVER MATTSON

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 2
of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 87 of 960

1    presence of Bradley Sharp as the Chief Restructuring Officer and through counsel David Taylor.

2    11.    At this meeting, the partnership voted to remove LFM as the general partner of

3    Debtor, to appoint myself as general partner and president, to remove Keller Benvenutti Kim

4    LLP as counsel for Debtor, and to retain the Law Offices of Thomas P. Kelly III P.C. as counsel

5    for Debtor.

6    12.    On October 10, 2025 Debtor through myself acting as general partner, entered

7    into a representation agreement with the Law Offices of Thomas P. Kelly III P.C.. a true and

8    correct copy of which is attached hereto and marked as Exhibit F.

9    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

10   State of California and the laws of the United States that the foregoing is true and correct.

11   Executed at Reno, Nevada on the date referenced below.

12   Dated: October 22, 2025

13                                William Andrew, as general partner
                                  for Live Oak Investments L.P.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

DECLARATION                    Page 2 of 2                    24-10345 LEE VER MATTSON

# EXHIBIT A

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Case: 24-10545    Doc# 2800-1    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 4
of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 89 of 960

# LeFever Mattson

November 22, 2004

Congratulations. We are nearing the end of the process of the purchase of the Southwood Apartments in Vacaville, California.

You should have received (and hopefully returned to Washington Mutual) a loan application related to this property. If this has not occurred, please contact us immediately.

Enclosed you will find a co-tenancy agreement that provides terms for the purchase and operation of this property. This copy is for your files and for your review.

Please review Schedule A of this agreement. It details owner contributions and corresponding ownership interests approximated as of close of escrow. These numbers may change by the time of close. According to the terms of the agreement, Schedule A will be modified should actual contributions made or required for close of escrow differ from those stated in that document.

Please review Schedule A to assure that your name(s) is listed as you desire to hold title, and to assure that the contribution noted is the amount that you intend to contribute. Please call us if this document needs to be modified.

Sometime around the first full week of December you will be required to sign documents (including a copy of the co-tenancy agreement) and make arrangements for transferring funds. (Some or all of your funds may be held with an exchange coordinator.)

Donna Miller at Fidelity Title, Vacaville, should be contacted to make arrangements concerning signing documents and transfer of funds. (707) 449-3472. It is especially important that you let her know if you will be out of the area during the time of signing.

If you have any questions about the purchase, your contribution, or any documents you will need to sign, please call me at (707) 678-8867.

Tim LeFever
Real Estate Broker

301 BUCK AVENUE • VACAVILLE, CA • 95688
PHONE: (707) 678-8867 • FAX: (707) 678-4266

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 5 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 90 of 960

# EXHIBIT B

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# LeFever Mattson

April 21, 2015

Dear Tenant In Common owners of the Southwood Apartments,

In order to refinance the Southwood Apartments, the lender has asked that we create an ownership entity. This is a common request from lenders and we have created a limited partnership (LP) for this purpose.

Attached you will find the LP agreement, a deed for deeding your interest into the partnership, as well as other documents. Each of our ownership interests will remain the same and this does not affect owner distributions that you have been receiving each month. But the refinance will allow us to have better terms on the funds loaned for the property.

Jennifer Borges will be coordinating getting your signed documents, and you will find specific instructions from her on signing and returning the documents. Note that your signature on the deed will need to be notarized.

If you have any questions on this process, feel free to call me at (707)330-5001.

Tim LeFever

For LeFever Mattson

INITIAL:

X_____ X_____

6359 AUBURN BLVD. STE. B • CITRUS HEIGHTS, CA • 95621
PHONE: (707) 678-8867 • FAX: (707) 678-4266

# Please retain the following information for your records:

- Cover Letter
- Disclosures
- LP Agreement

Your contact for receiving owner checks will continue to be Brady Yount at the Sacramento Office. He can be reached at 916 723-5111 ext. 123 or byount@lefevermattson.com.

Your contact for revised Schedule A's and tax questions will be John Eckle at the Sacramento Office. He can be reached at 916 723-5111 ext. 112 or jeckle@lefevermattson.com.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 93 of 960

# DISCLOSURES

**LIVE OAK INVESTMENTS, LP**

The limited partners acknowledge and agree to the following:

1.      The members of the LP have entered into a management contract with LEFEVER MATTSON Property Management for property management services at the apartment complex.

2.      LEFEVER MATTSON Property Management, a for profit company, is under the same ownership as LEFEVER MATTSON, Inc., general partner of the LP.

3.      LEFEVER MATTSON, Inc. is licensed in the state of California as a real estate broker and receives compensation for its work.

4.      LEFEVER MATTSON is not representing any other owner in this transaction. LEFEVER MATTSON encourages all owners to seek independent real estate, legal, and accounting advice regarding any investment transaction.

5.      LEFEVER MATTSON has made no representations as to the current value, income potential (on a monthly or annual basis), or potential resale value of these units. Cash flow and potential increase in value of the asset differ in each real estate investment. Generally the owners receive a monthly income that cannot be sustained by initial cash flow alone but is supplemented by reserves and by anticipated increases in income over time. Equity increases, while significant in many past LEFEVER MATTSON led investments, are not guaranteed.

**GENERAL PARTNER:**

**LEFEVER MATTSON,**
a California corporation

By: _____
        Tim LeFever, Vice President

**LIMITED PARTNERS:**

**"Anderson 2001 Revocable Trust dated June 12, 2001"**

By: _____        _____
        Graham Michael Anderson, Trustee        Teresa Susan Anderson, Trustee

**"Chase Restated 1992 Chase Family Trust"**

By: _____        _____
        John L. Chase, Trustee        Susan G. Chase, Trustee

1

DisclosureSouthwoodtoLiveOak

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 94 of 960

**"Davis"**

By: _____            _____
    Ray M. Davis                                   Kim Rae Davis

**"Fleming Family Trust dated August 27, 1998"**

By: _____            _____
    John C. Fleming, Trustee                       Dominique Fleming, Trustee

**"Fox Family Trust dated May 24, 2002"**

By: _____            _____
    Gary R. Fox, Trustee                           Katherine E. Fox, Trustee

**"Gardner Family Trust dated December 16, 1991"**

By: _____            _____
    Maurice H. Gardner, Trustee                    Nancy A. Gardner, Trustee

**"Girardi Revocable Living Trust dated May 1, 2002"**

By: _____            _____
    John A. Girardi, Trustee                       Marsi A. Girardi, Trustee

**"LeFever Mattson, a California corporation"**

By: _____
    Tim LeFever, Vice President

**Ogg**

By: _____
    Kathy Ogg

**"Powell"**

By: _____            _____
    Ellis T. Powell, Jr.                           Jacquelyn Powell

**"Rice"**

By: _____            _____
    Willis Rice                                    Linda Rice

2

DisclosureSouthwoodtoLiveOak

### SCHEDULE A
Southwood Place Apartments
Buck Avenue, Vacaville
updated 7/1/14

| Owner's Name | Invested Amount | Investment Percent |
|---|---|---|
| The Anderson 2001 Revocable Trust | 169,903.58 | 7.859% |
| Chase 1992 Irrevocable Trust | 206,080.12 | 9.532% |
| Davis, Ray & Kim | 149,512.25 | 6.916% |
| Fleming Family Trust | 250,000.00 | 11.563% |
| Fox Family Trust | 217,419.81 | 10.057% |
| Gardner Family Trust | 259,875.34 | 12.020% |
| Girardi, John & Marsi | 152,918.86 | 7.073% |
| LeFever Mattson, Inc. | 271,677.92 | 12.566% |
| Ogg, Kathy | 160,864.75 | 7.441% |
| Powell, Ellis & Jackie | 195,799.99 | 9.057% |
| Rice, Willis & Linda | 127,929.37 | 5.917% |
| | 2,161,981.99 | 100.00% |

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 96 of 960

# EXHIBIT C

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

LIMITED PARTNERSHIP AGREEMENT

OF LIVE OAK INVESTMENTS, LP

A CALIFORNIA LIMITED PARTNERSHIP

11116375.1

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 13 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 98 of 960

# TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| ARTICLE I DEFINITIONS | | | 1 |
| | 1.1 | Act | 1 |
| | 1.2 | Assignee | 1 |
| | 1.3 | Assigning Partner | 1 |
| | 1.4 | Capital Account | 2 |
| | 1.5 | Capital Contribution | 2 |
| | 1.6 | Capital Event | 2 |
| | 1.7 | Code or IRC | 2 |
| | 1.8 | Economic Interest | 2 |
| | 1.9 | Encumber | 2 |
| | 1.10 | Encumbrance | 2 |
| | 1.11 | Gross Asset Value | 2 |
| | 1.12 | Initial Partner | 3 |
| | 1.13 | Involuntary Transfer | 3 |
| | 1.14 | Losses | 3 |
| | 1.15 | Majority of Partners | 3 |
| | 1.16 | Partner | 3 |
| | 1.17 | Partnership | 3 |
| | 1.18 | Partnership Interest | 4 |
| | 1.19 | Notice | 3 |
| | 1.20 | Percentage Interest | 4 |
| | 1.21 | Person | 4 |
| | 1.22 | Profits and Losses | 4 |

i

LiveOakLPAgree11116375.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 14
of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 99 of 960

| 1.23 | Property | 4 |
| 1.24 | Proxy | 4 |
| 1.25 | Regulations | 4 |
| 1.26 | Successor in Interest | 4 |
| 1.27 | Transfer | 5 |
| 1.28 | Vote | 5 |
| 1.29 | Voting Interest | 5 |

ARTICLE II CERTIFICATE OF LIMITED PARTNERSHIP ........................ 5

| 2.1 | Filing with Secretary of State | 5 |
| 2.2 | Partnership Name | 5 |
| 2.3 | Principal Office | 5 |
| 2.4 | Agent for Service | 5 |
| 2.5 | Partnership Purpose | 5 |
| 2.6 | Partnership Taxation | 6 |
| 2.7 | Term | 6 |
| 2.8 | General Partners | 6 |

ARTICLE III CAPITALIZATION ........................ 6

| 3.1 | Partner Contribution | 6 |
| 3.2 | Failure to Make Contribution | 6 |
| 3.3 | Additional Capital Contributions | 6 |
| 3.4 | Remedies When Partner Fails To Make Additional Capital Contributions | 8 |
| 3.5 | Capital Accounts | 8 |
| 3.6 | Withdrawal or Distribution of Capital Contribution | 8 |
| 3.7 | No Interest on Contribution | 8 |
| 3.8 | Priority Over Other Partners | 8 |

ii

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 100 of 960

ARTICLE IV ALLOCATIONS AND DISTRIBUTIONS.............................................9

    4.1    Profits and Losses ...........................................................9

    4.2    Qualified Income Offset .................................................9

    4.3    Allocations Respecting Asset Distributions...............................9

    4.4    Allocations Between Assignor and Assignee ...........................9

    4.5    Distributions.......................................................9

    4.6    Non-Cash Proceeds ....................................................10

    4.7    Liquidating Proceeds .................................................10

ARTICLE V MANAGEMENT.....................................................10

    5.1    General Partner ....................................................10

    5.2    President.........................................................11

    5.3    Authority to Contract ...............................................12

    5.4    Procedure for Action by Partners.....................................12

    5.5    Compensation .....................................................13

    5.6    Personal Liability ..................................................13

    5.7    No Active Participation..............................................13

    5.8    Title to Assets ....................................................13

    5.9    Banking..........................................................13

    5.10   Indemnification; Insurance ..........................................13

ARTICLE VI ACCOUNTS AND RECORDS..........................................14

    6.1    Accounts .........................................................14

    6.2    Accounting........................................................14

    6.3    Records ..........................................................14

    6.4    Income Tax Returns ................................................15

ARTICLE VII PARTNERS AND VOTING..........................................16

LiveOakLPAgree11116375.1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 101 of 960

7.1    Partners and Voting Rights ........................................................................16

7.2    Record Dates.............................................................................................16

7.3    Proxies.......................................................................................................16

7.4    Partner Participation in connection with Refinance of Property ...............16

ARTICLE VIII TRANSFERS OF PARTNERSHIP INTERESTS ...............................16

8.1    Withdrawal of Partner...............................................................................16

8.2    Restrictions on Transfer............................................................................17

8.3    Right of First Refusal................................................................................18

8.4    Triggering Events......................................................................................19

8.5    Marital Dissolution or Death of Spouse....................................................19

8.6    Option Periods ..........................................................................................20

8.7    Nonparticipation of Interested Partner......................................................20

8.8    Option Purchase Price...............................................................................20

8.9    Substituted Partner....................................................................................21

8.10   Duties of a Substituted Partner .................................................................21

8.11   Securities Laws .........................................................................................21

ARTICLE IX DISSOLUTION AND WINDING UP ....................................................21

9.1    Events of Dissolution................................................................................21

9.2    Winding Up................................................................................................22

9.3    Deficits......................................................................................................22

ARTICLE X ARBITRATION.........................................................................................22

ARTICLE XI GENERAL PROVISIONS .......................................................................23

11.1   General Provisions ....................................................................................23

11.2   Counterpart Executions.............................................................................23

11.3   Governing Law; Severability.....................................................................23

iv

Case: 24-10545    Doc# 2800-1    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 17
of 61

11.4    Benefit.................................................................................................23

11.5    Number and Gender.........................................................................23

11.6    Further Assurances...........................................................................23

11.7    Partner's Other Business..................................................................24

11.8    Agent.................................................................................................24

11.9    Authority to Contract.......................................................................24

11.10   Titles and Headings..........................................................................24

11.11   Amendment and Waiver...................................................................24

11.12   Time is of the Essence......................................................................24

11.13   No Third Party Beneficiary Intended...............................................24

11.14   Sale of the Property..........................................................................24

11.15   Refinance of the Property..................................................................25

11.16   Limited Partnership..........................................................................25

LiveOakLPAgree11116375.1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 103 of 960

This Limited Partnership Agreement (this "*Agreement*") of Live Oak Investments, LP, a California limited partnership (the "*Partnership*"), is entered into effective as of March 24, 2015 (the "*Effective Date*"), by LeFever Mattson, a California corporation (the "*General Partner*") and the other individuals and/or entities who are or become signatories hereto (referred to individually as a "*Limited Partner*" and collectively with the General Partner as the "*Partners*").

## RECITALS

WHEREAS, Live Oak Investments, LP, a California limited partnership (the "*Partnership*"), was formed pursuant to the California Revised Limited Partnership Act, as set forth in Sections 15611 et seq, of the California Corporations Code upon the filing of the Certificate of Limited Partnership of the Company with the Secretary of State of California (the "*Secretary of State*") on March 24, 2015, file number 201508600007;

WHEREAS, the Partners desire to enter into this Agreement to provide for the governance of the Partnership, the conduct of its business, and to specify their relative rights and obligations effective as of the conversion;

NOW THEREFORE, in consideration of the foregoing, the Partners hereby agree as follows:

## ARTICLE I

## DEFINITIONS

The following capitalized terms used in this Agreement have the meanings specified in this Article or elsewhere in this Agreement and when not so defined shall have the meanings set forth in the Act.

1.1    Act

"*Act*" means the California Revised Limited Partnership Act, as set forth in Sections 15611, et seq., of the California Corporations Code, including amendments from time to time.

1.2    Assignee

"*Assignee*" means a Person who has acquired a Partner's Economic Interest in the Partnership, by way of a Transfer in accordance with the terms of this Agreement, but who has not become a Partner.

1.3    Assigning Partner

"*Assigning Partner*" means a Partner who by means of a Transfer has transferred an Economic Interest in the Partnership to an Assignee.

11116375.1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 104 of 960

### 1.4    Capital Account

"*Capital Account*" means, as to any Partner, a separate account maintained and adjusted in accordance with Article Three, Section 3.5.

### 1.5    Capital Contribution

"*Capital Contribution*" means, with respect to any Partner, the amount of the money and the Fair Market Value of any property (other than money) contributed to the Partnership (net of liabilities secured by such contributed property that the Partnership is considered to assume or take "subject to" under IRC Section 752) in consideration of a Percentage Interest held by such Partner. A Capital Contribution shall not be deemed a loan.

### 1.6    Capital Event

"*Capital Event*" means a sale or disposition of any of the Partnership's capital assets, the receipt of insurance and other proceeds derived from the involuntary conversion of Partnership property, the receipt of proceeds from a refinancing of Partnership property, or a similar event with respect to Partnership property or assets.

### 1.7    Code or IRC

"*Code*" or "IRC" means the Internal Revenue Code of 1986, as amended, and any successor provision.

### 1.8    Economic Interest

"*Economic Interest*" means a Person's right to share in the income, gains, losses, deductions, credit or similar items of, and to receive distributions from, the Partnership, but does not include any other rights of a Partner, including the right to vote or to participate in management.

### 1.9    Encumber

"*Encumber*" means the act of creating or purporting to create an Encumbrance, whether or not perfected under applicable law.

### 1.10    Encumbrance

"*Encumbrance*" means, with respect to any Partnership Interest, or any element thereof, a mortgage, pledge, security interest, lien, proxy coupled with an interest (other than as contemplated in this Agreement), option, or preferential right to purchase.

### 1.11    Gross Asset Value

"*Gross Asset Value*" means, with respect to any item of property of the Partnership, the item's adjusted basis for federal income tax purposes, except as follows:

2

LiveOakLPAgree11116375.1

1.11.1 The Gross Asset Value of any item of property contributed by a Partner to the Partnership shall be the fair market value of such property, as mutually agreed by the contributing Partner and the Partnership; and

1.11.2 The Gross Asset Value of any item of Partnership property distributed to any Partner shall be the fair market value of such item of property on the date of distribution.

1.12  Initial Partner

"*Initial Partner*" or "Initial Partners" means those Persons whose names are set forth in Exhibit A, attached. A reference to an "Initial Partner" means any of the Initial Partners.

1.13  Involuntary Transfer

"*Involuntary Transfer*" means, with respect to any Partnership Interest, or any element thereof, any Transfer or Encumbrance, whether by operation of law, pursuant to court order, foreclosure of a security interest, execution of a judgment or other legal process, or otherwise, including a purported transfer to or from a trustee in bankruptcy, receiver, or assignee for the benefit of creditors.

1.14  Losses

"*Losses*." See "Profits and Losses."

1.15  Majority of Partners

"*Majority of Partners*" means a Partner or Partners whose Percentage Interests represent more than 50 percent of the Percentage Interests of all the Partners.

1.16  Notice

"*Notice*" means a written notice required or permitted under this Agreement. A notice shall be deemed given or sent when deposited, as certified mail or for overnight delivery, postage and fees prepaid, in the United States mails; when delivered to Federal Express or United Parcel Service for overnight delivery, charges prepaid or charged to the sender's account; when personally delivered to the recipient; when transmitted by electronic means, and such transmission is electronically confirmed as having been successfully transmitted; or when delivered to the home or office of a recipient in the care of a person whom the sender has reason to believe will promptly communicate the notice to the recipient.

1.17  Partner

"*Partner*" means an Initial Partner or a Person who otherwise acquires a Partnership Interest, as permitted under this Agreement, and who remains a Partner.

1.18  Partnership

"*Partnership*" means LIVE OAK INVESTMENTS, LP, a California limited partnership.

3

LiveOakLPAgree1I116375.1

1.19    Partnership Interest

"*Partnership Interest*" means a Partner's entire interest in the Partnership, including the Partner's Economic Interest, Percentage Interest, Voting Interest and all other interests of a Partner in the Partnership.

1.20    Percentage Interest

"*Percentage Interest*" means a fraction, the numerator of which is the total of a Partner's Capital Account and the denominator of which is the total of all Capital Accounts of all Partners.

1.21    Person

"*Person*" means an individual, partnership, limited partnership, trust, estate, association, corporation, limited liability company, or other entity, whether domestic or foreign.

1.22    Profits and Losses

"*Profits and Losses*" means, for each fiscal year or other period specified in this Agreement, an amount equal to the Partnership's taxable income or loss for such year or period, determined in accordance with IRC Section 703(a).

1.23    Property

"*Property*" means the real property currently or hereafter owned by the Partnership, which as of the Effective Date includes but is not limited to an apartment complex located at 410 Buck Avenue, Vacaville, CA known as Southwood Apartments.

1.24    Proxy

"*Proxy*" has the meaning set forth in the first paragraph of California Corporations Code Section 15611(aa).  A Proxy may not be transmitted orally.

1.25    Regulations

"*Regulations*" or "*Reg*" means the income tax regulations promulgated by the United States Department of the Treasury and published in the Federal Register for the purpose of interpreting and applying the provisions of the Code, as such Regulations may be amended from time to time, including corresponding provisions of applicable successor regulations.

1.26    Successor in Interest

"*Successor in Interest*" means an Assignee, a successor of a Person by merger or otherwise by operation of law, or a transferee of all or substantially all of the business or assets of a Person.

LiveOakLPAgree11116375.1

1.27    Transfer

"*Transfer*" means, with respect to a Partnership Interest, or any element of a Partnership Interest, any sale, assignment, gift, Involuntary Transfer, or other disposition of all or any portion of a Partnership Interest, directly or indirectly, other than an Encumbrance that is expressly permitted under this Agreement.

1.28    Vote

"*Vote*" means a written consent or approval, a ballot cast at a Meeting, or a voice vote.

1.29    Voting Interest

"*Voting Interest*" means, with respect to a Partner, the right to Vote or participate in management and any right to information concerning the business and affairs of the Partnership provided under the Act, except as limited by the provisions of this Agreement. A Partner's Voting Interest shall be directly proportional to that Partner's Percentage Interest.

## ARTICLE II

## CERTIFICATE OF LIMITED PARTNERSHIP

2.1    Filing with Secretary of State

The Certificate was filed with the California Secretary of State on March 24, 2015, file number 201508600007.

2.2    Partnership Name

The name of the Partnership shall be LIVE OAK INVESTMENTS, LP.

2.3    Principal Office

The principal executive office of the Partnership shall be 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621, or such other place or places as may be determined by the General Partner from time to time.

2.4    Agent for Service

The initial agent for service of process on the Partnership shall be Tim LeFever, at 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621. A Majority of Partners may from time to time change the Partnership's agent for service of process.

2.5    Partnership Purpose

The Partnership has been formed for the purposes of engaging in the business of real estate investment, and any other act or activity incidental to the foregoing. In furtherance of the foregoing, the Partnership has acquired an interest in the Property.

LiveOakLPAgree11116375.1

2.6     Partnership Taxation

The Partners intend the Partnership to be a limited partnership under the Act, classified as a partnership for federal and, to the maximum extent possible, state income taxes. Neither a General Partner nor any Partner shall take any action inconsistent with the express intent of the parties to this Agreement.

2.7     Term

The term of existence of the Partnership commenced on the effective date of filing of Certificate with the California Secretary of State, and shall continue until terminated by the provisions of this Agreement or as provided by law.

2.8     General Partners

The General Partner and the management of the Partnership is set forth in Article Five of this Agreement.

## ARTICLE III

## CAPITALIZATION

3.1     Partner Contribution

Each Partner has contributed to the capital of the Partnership as the Partner's Capital Contribution the money and property specified in Exhibit A attached hereto. Each Partner's Percentage Interest in the Partnership is listed on Exhibit A attached hereto.

At the discretion of the General Partner, an Initial Partner may substitute an interest-bearing note for his or her Capital Contribution. Such note shall be due immediately upon the call of the General Partner.

The Fair Market Value of each item of contributed property as agreed between the Partnership and the Partner contributing such property is set forth in Exhibit A attached hereto.

3.2     Failure to Make Contribution

If a Partner fails to make a required Capital Contribution within the later of 30 days after the contribution date agreed upon by all the Partners, that Partner's entire Partnership Interest shall terminate and that Partner shall indemnify and hold the Partnership and the other Partners harmless from any loss, cost, or expense, including reasonable attorney fees caused by the failure to make such Capital Contribution.

3.3     Additional Capital Contributions

Two types of Additional Capital Contributions may be needed to enable the Partnership to conduct its business: (1) Discretionary Additional Capital Contributions and (2) Mandatory Additional Capital Contributions.

6

LiveOakLPAgree11116375.1

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 24 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 109 of 960

### 3.3.1    Discretionary Additional Capital Contributions

A Majority of the Partners may determine from time to time that Capital Contributions in addition to the Partners' initial Capital Contributions would allow the Partnership to enhance and improve its investment objectives. Upon such determination by a Majority of the Partners, the President shall give notice to all Partners in writing at least 90 days before the date on which such additional Capital Contribution is due. The Notice shall set forth the amount of additional Capital Contribution needed, the purpose for which it is needed, and the date by which the Partners shall contribute. Each Partner shall be required to make an additional Capital Contribution in an amount that bears the same proportion to the total additional Capital Contribution that such Partner's Capital Account balance bears to the total Capital Account balances of all Partners.

### 3.3.2    Mandatory Additional Capital Contributions

The President may reasonably determine that the Partnership's capital is or is presently likely to become insufficient for the conduct of its business as now conducted or as proposed by the General Partner to be conducted and that Capital Contributions in addition to the Partners' initial Capital Contributions are necessary to enable the Partnership to so conduct its business. On making such a determination, the President may give notice to all Partners in writing at least 90 days before the date on which such additional Capital Contribution is due, setting forth the amount of additional Capital Contribution needed, the purpose for which it is needed, and the date by which the Partners shall contribute. Purposes for which additional Capital Contributions may called include, but are not limited to: the improvement, repair, maintenance, operation and management of existing Partnership assets and the acquisition, improvement and development of new assets. Each Partner shall be required to make an additional Capital Contribution in an amount that bears the same proportion to the total additional Capital Contribution that such Partner's Capital Account balance bears to the total Capital Account balances of all Partners.

### 3.3.3    Alternative to Additional Capital Contributions

In addition or as an alternative to making an additional capital call to the Partners, or if all of the additional capital called for in any notice referred to above is not raised through additional contributions by all or some of the Partners, the President shall have the right to obtain such additional capital by the sale of additional Partnership Interests to existing Partners and/or persons other than the existing Partners, on the same or more favorable terms and conditions offered to the Partners as set forth herein. Capital raised in connection with the offer and sale of additional Partnership Interests shall be used in furtherance of the Partnership's purpose and for general working capital purposes. In the event that additional Partner interests are sold in order to raise additional capital, Schedule A and the Percentage Interests of all Partners shall be adjusted accordingly, with the Percentage Interests of all Partners who do not participate in connection with such sale being adjusted downward. No additional consent shall be required, and no right of first offer or right of first refusal need be offered, in connection with any such offer and sale of additional Partnership Interests. Any purchaser of additional Partnership Interests shall only become a Partner upon executing a counterpart signature page to this Agreement and agreeing to be bound by all of its terms.

7

### 3.3.4   No Voluntary Additional Capital Contributions

No Partner may voluntarily make any additional Capital Contribution without the written consent of the Majority of Partners.

### 3.4   Remedies When Partner Fails To Make Additional Capital Contributions

If a Partner fails to make an additional Capital Contribution required under Section 3 within 30 days after it is required to be made (a "*Defaulting Partner*") the President shall within five days after said failure notify each other Partner (a "*Nondefaulting Partner*") in writing of the total amount of Defaulting Partner Capital Contributions not made (the "*Additional Capital Shortfall*"), and shall specify a number of days within which each Nondefaulting Partner may make an additional Capital Contribution, which shall not be less than an amount bearing the same ratio to the amount of Additional Capital Shortfall as the Nondefaulting Partner's Capital Account balance bears to the total Capital Accounts of all Nondefaulting Partners.  If the total amount of Additional Capital Shortfall is not so contributed, the President may (i) use any reasonable method to provide Partners the opportunity to make additional Capital Contributions, until the Additional Capital Shortfall is as fully contributed as possible, and (ii) attempt to raise additional capital through the means set forth in Section 3.3.3 above.   Following the Nondefaulting Partners' and any new Partners' making of such additional Capital Contributions, each Partner's Percentage Interest shall be adjusted to reflect the ratio that the Partner's Capital Account bears to the total Capital Accounts of all of the Partners.

### 3.5   Capital Accounts

An individual Capital Account shall be maintained for each Partner consisting of that Partner's Capital Contribution (1) increased by that Partner's share of Profits, (2) decreased by that Partner's share of Losses, and (3) adjusted as required in accordance with applicable provisions of the Code and Regulations.

### 3.6   Withdrawal or Distribution of Capital Contribution

A Partner shall not be entitled to withdraw any part of the Partner's Capital Contribution or to receive any distributions, whether of money or property from the Partnership except as provided in this Agreement.

### 3.7   No Interest on Contribution

No interest shall be paid on funds or property contributed to the capital of the Partnership or on the balance of a Partner's Capital Account.

### 3.8   Priority Over Other Partners

No Partner shall have priority over any other Partner, with respect to the return of a Capital Contribution, or distributions or allocations of income, gain, losses, deductions, credits, or items thereof.

8

LiveOakLPAgree11116375.1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 111 of 960

## ARTICLE IV

## ALLOCATIONS AND DISTRIBUTIONS

4.1    Profits and Losses

The Profits and Losses of the Partnership and all items of Partnership income, gain, loss, deduction, or credit shall be allocated for Partnership book purposes and for tax purposes, to a Partner in accordance with the Partner's Percentage Interest.

4.2    Qualified Income Offset

If any Partner unexpectedly receives any adjustment, allocation, or distribution described in Reg. Sections 1.704-1(b)(2)(ii)(d)(4), 1.704-1(b)(2)(ii)(d)(5), or 1.704-1(b)(2)(ii)(d)(6), items of Partnership gross income and gain shall be specially allocated to that Partner in an amount and manner sufficient to eliminate any deficit balance in the Partner's Capital Account created by such adjustment, allocation, or distribution as quickly as possible.  Any special allocation under this Section 4.2 shall be taken into account in computing subsequent allocations of Profits and Losses so that the net amount of allocations of income and loss and all other items shall, to the extent possible, be equal to the net amount that would have been allocated if the unexpected adjustment, allocation, or distribution had not occurred.  The provisions of this Section 4.2 and the other provisions of this Agreement relating to the maintenance of Capital Accounts are intended to comply with Reg. Sections 1.704-1(b) and 1.704-2 and shall be interpreted and applied in a manner consistent with such Regulations.

4.3    Allocations Respecting Asset Distributions

Any unrealized appreciation or unrealized depreciation in the values of Partnership property distributed in kind to all the Partners shall be deemed to be Profits or Losses realized by the Partnership immediately prior to the distribution of the property and such Profits or Losses shall be allocated to the Partners' Capital Accounts in the same proportions as Profits are allocated under Section 4.1.  Any property so distributed shall be treated as a distribution to the Partners to the extent of the Fair Market Value of the property less the amount of any liability secured by and related to the property.  Nothing contained in this Agreement is intended to treat or cause such distributions to be treated as sales for value.  For the purposes of this Section 4.3, "*unrealized appreciation*" or "*unrealized depreciation*" shall mean the difference between the Fair Market Value of such property and the Partnership's basis for such property.

4.4    Allocations Between Assignor and Assignee

In the case of a Transfer of an Economic Interest during any fiscal year, the Assigning Partner and Assignee shall each be allocated the Economic Interest's share of Profits or Losses based on the number of days each held the Economic Interest during that fiscal year.

4.5    Distributions

9

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 112 of 960

All cash resulting from the normal business operations of the Partnership and from a Capital Event shall be distributed among the Partners in proportion to their Percentage Interests at such times as the Partners may agree.

4.6   Non-Cash Proceeds

If the proceeds from a sale or other disposition of a Partnership asset consists of property other than cash, the value of such property shall be as determined by the General Partner. Such non-cash proceeds shall then be allocated among all the Partners in proportion to their Percentage Interests. If such non-cash proceeds are subsequently reduced to cash, such cash shall be distributed to each Partner in accordance with Section 4.5.

4.7   Liquidating Proceeds

Notwithstanding any other provisions of this Agreement to the contrary, when there is a distribution in liquidation of the Partnership, or when any Partner's interest is liquidated, all items of income and loss first shall be allocated to the Partners' Capital Accounts under this Article Four, and other credits and deductions to the Partners' Capital Accounts shall be made before the final distribution is made. The final distribution to the Partners shall be made to the Partners to the extent of and in proportion to their positive Capital Account balances.

## ARTICLE V

## MANAGEMENT

5.1   General Partner

The business of the Partnership shall be managed by the General Partner. Any entity or individual appointed to the position of General Partner shall serve as General Partner until the earlier of its resignation or its removal for cause by a Majority of Partners at a meeting called expressly for that purpose. A new General Partner shall be appointed by a Majority of Partners on the occurrence of any of the foregoing events. The General Partner alone shall have all decision making authority with respect to the Partnership, including but not limited to any action or decision in connection with any financing or refinancing of the Property. The only limit with respect to the power and authority of the General Partner are those actions that require the authorization or consent of the Partners hereunder, including the following which shall require the consent or approval of Majority of the Partners:

(a)   Any act that would make it impossible to carry on the ordinary business of the Partnership;

(b)   Any confession of a judgment against the Partnership;

(c)   The dissolution of the Partnership;

(d)   The disposition of all or substantially all of the Partnership's assets;

10

LiveOakLPAgree11116375.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 28 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 113 of 960

(e)     A change in the nature of the principal business of the Partnership;

(f)     The filing of a petition in bankruptcy or the entering into of an arrangement among creditors;

(g)     The entering into, on behalf of the Partnership, of any transaction constituting a "reorganization" within the meaning of California Corporations Code § 17600;

(h)     Any other action set forth herein that requires the prior consent or approval of the Partners

5.2     President

The Partnership shall have a President as chosen by the General Partner.

5.2.1   Term

The President shall serve until the earlier of (1) the President's resignation, retirement, death, or disability or (2) the President's removal by the General Partner with or without cause, or for cause by a Majority of Partners at a meeting called expressly for that purpose.

5.2.2   Authority and Duties

The President shall serve at the pleasure of the General Partner, and shall have all powers expressly delegated to it by the General Partner, including the day-to-day supervision of the business and affairs of the Partnership.  The President shall preside at all meetings of Partners and of the General Partner.

5.2.3   Election of President

The General Partner hereby elects Kenneth W. Mattson as President of the Partnership.

5.2.4   Officers, Compensation

The General Partner may provide for additional officers of the Partnership, may alter the powers and duties of the President, and shall establish the powers and duties of all other officers and the compensation of all Partnership officers.

5.3     Authority to Contract

The authority to contract on behalf of the Partnership is vested in (a) the General Partner, and (b) the President, who may each act separately to the extent of the authority provided to them in Sections 5.1 and 5.2, above.  The General Partner and President are each individually authorized to enter into maintenance, repair, construction, marketing, administration and professional service contracts (including contracts for accounting and legal services) on behalf of the Partnership relating to the management and operation of the Partnership and its assets.  The General Partner and the President shall also each individually have the authority to pay all amounts owed by the Partnership under such contracts as well as amounts owed to other vendors

11

LiveOakLPAgree1116375.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 29 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 114 of 960

and service providers in connection with Partnership operations. Amounts so paid shall be paid from Partnership accounts or if paid directly by the General Partner or President, reimbursed to the General Partner or the President by the Partnership immediately upon written request from the General Partner or the President that is accompanied with receipts and/or other evidence of payment. As of the effective date of this Agreement, Partners acknowledge that General Partner and/or President have entered into an apartment property management agreement for day-to-day management of the Property with LeFever Mattson Property Management in the form attached hereto as Exhibit B.

No Partner who is not also the General Partner and/or the President shall have the authority to bind the Partnership or execute any instrument on behalf of the Partnership. Each Partner shall indemnify, defend, and save harmless the General Partner, the President and each other Partner and the Partnership from and against any and all loss, cost, expense, liability or damage arising from or out of any claim based upon any action by any Partner in contravention of this Section.

5.4     Procedure for Action by Partners

The Partners are not required to hold meetings, and decisions may be reached through one or more informal consultations followed by agreement among a Majority of Partners, provided that all Partners are consulted (although all Partners need not be present during a particular consultation), or by a written consent signed by a Majority of Partners. In the event that Partners wish to hold a formal meeting (a "*Meeting*") for any reason, the following procedures shall apply:

5.4.1   Calling and Notice of Meetings

Any two Partners may call a Meeting of the Partners by giving Notice of the time and place of the Meeting at least 48 hours prior to the time of the holding of the Meeting. The Notice need not specify the purpose of the Meeting, or the location if the Meeting is to be held at the principal executive office of the Partnership.

5.4.2   Quorum

A majority of Partners shall constitute a quorum for the transaction of business at any Meeting of the Partners.

5.4.3   Waiver of Notice

The transactions of the Partners at any Meeting, however called or noticed, or wherever held, shall be as valid as though transacted at a Meeting duly held after call and notice if a quorum is present and if, either before or after the Meeting, each Partner not present signs a written waiver of Notice, a consent to the holding of the Meeting, or an approval of the minutes of the Meeting.

5.4.4   Majority Consent Required if No Meeting

12

LiveOakLPAgree11116375.1
Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 30 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 115 of 960

Any action required or permitted to be taken by the Partners under this Agreement may be taken without a Meeting if a Majority of the Partners individually or collectively consent in writing to such action.

### 5.4.5 Teleconference

Partners may participate in the Meeting through the use of a conference telephone or similar communications equipment, provided that all Partners participating in the Meeting can hear one another.

### 5.4.6 Records of Meetings

The Partners shall keep or cause to be kept with the books and records of the Partnership full and accurate minutes of all Meetings, Notices, and waivers of Notices of Meetings, and all written consents in lieu of Meetings.

### 5.5 Compensation

The General Partner and the President shall not be entitled to compensation for their services absent written consent by the Partners.

### 5.6 Personal Liability

No General Partner or Partner or Officer shall be bound by, or be personally liable for, the expenses, liabilities, or obligations of the Partnership except as otherwise provided in the Act or in this Agreement.

### 5.7 No Active Participation

No Partner shall participate in the Partnership's business for more than 500 hours during the Partnership's taxable year without written consent from a Majority of Partners.

### 5.8 Title to Assets

All assets of the Partnership, whether real or personal, shall be held in the name of the Partnership.

### 5.9 Banking

All funds of the Partnership shall be deposited in one or more accounts with one or more recognized financial institutions in the name of the Partnership, at such locations as shall be determined by the General Partner. Withdrawal from such accounts shall require the signature of the General Partner or the President and another officer of the Partnership, or such Person or persons as a Majority of Partners may designate.

### 5.10 Indemnification; Insurance

13

LiveOakLPAgree11116375.1

Case: 24-10545  Doc# 2800-1  Filed: 11/07/25  Entered: 11/07/25 23:54:16  Page 31 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 116 of 960

The Partnership shall indemnify the General Partner and any employees and agents of the General Partner (collectively, the "Indemnified Parties") from any liability or damage; shall defend, save harmless, and pay all judgments against the Indemnified Parties incurred by reason of any act or omission or alleged act or omission in connection with the business of the Partnership (including attorneys' fees incurred in connection with the defense of any action based on any such act or omission, which attorneys' fees may be paid as incurred); and shall indemnify the Indemnified Parties for such liabilities under Federal and State Securities Laws (including the Securities Act of 1933) as the law permits.   All judgments against the Partnership or the Indemnified Parties, wherein the Indemnified Parties are entitled to indemnification, must first be satisfied from Partnership assets before the Indemnified Parties are responsible for these obligations.  Any Partner guarantying a loan on the Property in accordance with the provisions of Section 7.4 shall be deemed an Indemnified Party under this Section 5.10 and shall be entitled to indemnification by the Partnership from any liability or damage incurred in connection with or arising from such guaranty.

The Partnership shall have the authority to purchase and maintain directors and officers liability insurance, and to the extent commercially reasonable (as determined by the General Partner), purchase and maintain insurance on behalf of any Person who is or was an agent of the Partnership against any liability asserted against such Person and incurred by such Person in any such capacity, or arising out of such Person's status as an agent, whether or not the Partnership would have the power to indemnify such Person against such liability under the provisions of this Section 5.10 or under applicable law.

## ARTICLE VI

## ACCOUNTS AND RECORDS

6.1    Accounts

Complete books of account of the Partnership's business, in which each Partnership transaction shall be fully and accurately entered, shall be kept at the Partnership's principal executive office and shall be open to inspection and copying by each Partner or the Partner's authorized representatives on reasonable Notice during normal business hours.  The costs of such inspection and copying shall be borne by the Partner.

6.2    Accounting

Financial books and records of the Partnership shall be kept on the cash method of accounting, which shall be the method of accounting followed by the Partnership for federal income tax purposes.  A balance sheet and income statement of the Partnership shall be prepared promptly following the close of each fiscal year in a manner appropriate to and adequate for the Partnership's business and for carrying out the provisions of this Agreement.  The fiscal year of the Partnership shall be January 1 through December 31.

6.3    Records

14

LiveOakLPAgree11116375.1

At all times during the term of existence of the Partnership, and beyond that term if a Majority of the Partners deem it necessary, the Partners shall keep or cause to be kept the books of account referred to in Section 6.2, and the following:

### 6.3.1   Partner List

A current list of the full name and last known business or residence address of each Partner, together with the Capital Contribution and the share in Profits and Losses of each Partner;

### 6.3.2   Copy of Certificate

A copy of the Certificate, as amended;

### 6.3.3   Tax Returns

Copies of the Partnership's federal, state, and local income tax or information returns and reports, if any, for the six most recent taxable years;

### 6.3.4   Limited Partnership Agreement

Executed counterparts of this Agreement, as amended;

### 6.3.5   Powers of Attorney

Any powers of attorney under which the Certificate or any amendments thereto were executed;

### 6.3.6   Financial Statements

Financial statements of the Partnership for the six most recent fiscal years; and

### 6.3.7   Books and Records of Internal Affairs

The Books and Records of the Partnership as they relate to the Partnership's internal affairs for the current and past four fiscal years.

If a Majority of Partners deem that any of the foregoing items shall be kept beyond the term of existence of the Partnership, the repository of said items shall be as designated by a Majority of Partners.

### 6.4   Income Tax Returns

Within 90 days after the end of each taxable year of the Partnership the Partnership shall send to each of the Partners all information necessary for the Partners to complete their federal and state income tax or information returns, and a copy of the Partnership's federal, state, and local income tax or information returns for such year.

15

LiveOakLPAgree11116375.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 33 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 118 of 960

# ARTICLE VII

## PARTNERS AND VOTING

### 7.1    Partners and Voting Rights

There shall be only one class of membership and no Partner shall have any rights or preferences in addition to or different from those possessed by any other Partner. Each Partner shall Vote in proportion to the Partner's Percentage Interest as of the governing record date, determined in accordance with Section 7.2. Any action that may or that must be taken by the Partners shall be by a Majority of Partners, except as otherwise expressly provided herein.

### 7.2    Record Dates

The record date for determining the Partners entitled to Notice of any Meeting, to vote, to receive any distribution, or to exercise any right in respect of any other lawful action, shall be the date set by a Majority of Partners, provided that such record date shall not be more than 60, nor less than 10 days prior to the date of the Meeting, nor more than 60 days prior to any other action.

In the absence of any action setting a record date the record date shall be determined in accordance with California Corporations Code Section 15637(l).

### 7.3    Proxies

At all Meetings of Partners, a Partner may Vote in person or by Proxy. Such proxy shall be filed with any Partner before or at the time of the Meeting, and may be filed by facsimile transmission to a Partner at the principal executive office of the Partnership or such other address as may be given by a Majority of Partners to the Partners for such purposes.

### 7.4    Partner Participation in connection with Refinance of Property

Current or future financing on the Property may require a payoff and refinance. If such a refinance requires guarantors in addition to the General Partner, all Partners acknowledge and agree to provide such financial information as may be reasonably requested by any proposed lender, and to execute such documents, including but not limited to guarantees, to affect such refinance.

# ARTICLE VIII

## TRANSFERS OF PARTNERSHIP INTERESTS

### 8.1    Withdrawal of Partner

A Partner may withdraw from the Partnership at any time by giving Notice of Withdrawal to all other Partners at least 180 calendar days before the effective date of

16

withdrawal; provided that upon the occurrence of a sale of all or substantially all of the Partnership's assets, a Partner may withdraw by giving Notice of Withdrawal to all other Partners prior to such sale. Withdrawal shall not release a Partner from any obligations and liabilities under this Agreement accrued or incurred before the effective date of withdrawal. A withdrawing Partner shall divest the Partner's entire Partnership Interest before the effective date of withdrawal in accordance with the transfer restrictions and option rights set forth in this Section 8. In the event of any withdrawal made in connection with the sale of all or substantially all of the Partnership's assets, the Partnership shall redeem that portion of the Partner's Partnership Interest specified in the Notice of Withdrawal. The redemption price for the Partner's Partnership Interest specified in the Notice of Withdrawal shall equal the net asset value of the Partnership Interest being redeemed. For purposes hereof, net asset value shall equal the Partnership's total assets minus its total liabilities multiplied by the Partnership Interest being redeemed. Net asset value shall be determined by the General Partner, in its reasonable discretion. If more than one Partner elects to withdraw all or any portion of their Partnership Interests in connection with the sale of all or substantially all of the Partnership's assets, and the sale proceeds therefrom are insufficient to redeem all of the Partnership Interests presented for redemption, Partnership Interests shall be redeemed on a pro rata basis.

8.2     Restrictions on Transfer

Except as expressly provided in this Agreement, a Partner shall not Transfer any part of the Partner's Partnership Interest in the Partnership, whether now owned or hereafter acquired, unless (1) the General Partner approves the transferee's admission (the "*Transferee*") to the Partnership as a Partner prior to such Transfer and (2) the Partnership Interest to be transferred, when added to the total of all other Partnership Interests transferred in the preceding 12 months, will not cause the termination of the Partnership under the Code. It shall be a further condition to any Transfer that the General Partner, Transferee and transferring Partner execute an agreement, including a consent to transfer, which agreement shall provide, among other things, that: (a) the transferring Partner shall indemnify General Partner and the Partnership for any and all claims, causes of action, damages, costs, injuries and liabilities existing with respect to such Partnership Interest prior to the Transfer or resulting from the Transfer of such Partner's Partnership Interest in the Partnership; (b) both Transferee and transferring Partner provide such representations and warranties in favor of General Partner and the Partnership as General Partner deems reasonable, including but not limited to representations as to due authorization, compliance with all laws, no litigation, no bankruptcy, etc.; (c) both Transferee and transferring Partner acknowledge that they are not relying on the Partnership, General Partner or other Partners for real estate advice or tax advice or to assure compliance with securities laws; (d) Transferee executes a counterpart to and agrees to be bound by all of the provisions of this Agreement; (e) Transferee acknowledges that the Partnership Interests (A) are being acquired for investment purposes only and not for resale, transfer or distribution, and (B) may not be further offered for sale, sold, or transferred other than pursuant to an effective registration under applicable state and federal securities laws, and/or in transactions otherwise in compliance with, or pursuant to an available exemption from registration under such laws, and upon evidence satisfactory to the Partnership of compliance with such laws, as to which Partnership may rely upon an opinion of counsel satisfactory to the Partnership.

17

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 120 of 960

No Partner may Encumber or permit or suffer any Encumbrance of all or any part of the Partner's Partnership Interest in the Partnership unless such Encumbrance has been approved in writing by all the other Partners. Any Transfer or Encumbrance of a Partnership Interest without such approval shall be void.

Notwithstanding any other provision of this Agreement to the contrary, (a) a Partner who is a natural person may transfer all or any portion of his or her Partnership Interest to any revocable trust created for the benefit of the Partner, or any combination between or among the Partner, the Partner's spouse, and the Partner's issue, provided that the Partner retains a beneficial interest in the trust and all of the Voting Interest included in such Partnership Interest, and (b) the General Partner may purchase a Partnership Interest for its own account or for the account of any other Partner(s) at a price and terms agreed to by the General Partner and the selling Partner, and such purchase and sale shall be exempt. Sales and transfers pursuant to the preceding sentence shall not be deemed Transfers hereunder, shall be exempt from all restrictions on transfer set forth in this Section 8.2 and the right of first refusal set forth in Section 8.3, and shall not constitute a Trigger Event under Section 8.4. Notwithstanding the foregoing, a transfer of a Partner's entire beneficial interest in a trust or failure to retain a Voting Interest shall be deemed a Transfer of a Partnership Interest.

Any Transferee of a Partner's Partnership Interest shall only become a Partner upon executing a counterpart signature page to this Agreement and agreeing to be bound by all of its terms.

8.3     Right of First Refusal

If a Partner wishes to transfer any or all of the Partner's Partnership Interest in the Partnership pursuant to a Bona Fide Offer (as defined below), the Partner shall give Notice to the General Partner at least 30 days in advance of the proposed sale or Transfer, indicating the terms of the Bona Fide Offer and the identity of the offeror. The General Partner shall have the option to purchase the Partnership Interest proposed to be transferred, for its own account or for the account of any other Partner(s), at the price and on the terms provided in this Agreement, at any time on or before the date that is thirty (30) days after General Partner's receipt of the Notice for the lesser of (a) the price stated in the Notice (or the price plus the dollar value of noncash consideration, as the case may be) and (b) the price determined under the appraisal procedures set forth in Section 8.8.. If the price for the Partnership Interest is other than cash, the fair value in dollars of the price shall be as established in good faith by the Partnership. For purposes of this Agreement, "*Bona Fide Offer*" means an offer in writing setting forth all relevant terms and conditions of purchase from an offeror who is ready, willing, and able to consummate the purchase. Transfers to a non-minor child, grandchild, spouse, or parent of a Partner (an "*Immediate Family Partner*") shall not be subject to the right of first offer set forth in this Section 8.3, but shall remain subject to the balance of the provisions of this Article 8.

If the General Partner does not exercise its rights to purchase all of the Partnership Interest, the offering Partner may, within 45 days from the date the Notice is given and on the terms and conditions stated in the Notice, sell or exchange that Partnership Interest to the offeror named in the Notice. Unless the requirements of Section 8.2 are met, the offeror under this section shall become an Assignee, and shall be entitled to receive only the share of Profits or

18

LiveOakLPAgreel1116375.1

other compensation by way of income and the return of Capital Contribution to which the assigning Partner would have been entitled.

8.4    Triggering Events

On the happening of any of the following events ("*Triggering Events*") with respect to a Partner, the General Partner, for its own account or for the account of any other Partner(s), shall have the option to purchase all or any portion of the Partnership Interest in the Partnership of such Partner (a "*Selling Partner*") at the price and on the terms provided in Section 8.8 of this Agreement:

      8.4.1    the death or incapacity of a Partner;

      8.4.2    the bankruptcy of a Partner;

      8.4.3    the winding up and dissolution of a corporate Partner, or merger or other corporate reorganization of a corporate Partner as a result of which the corporate Partner does not survive as an entity;

      8.4.4    the withdrawal of a Partner; or

      8.4.5    except for the events stated in Section 8.5, the occurrence of any other event that is, or that would cause, a Transfer in contravention of this Agreement.

Each Partner agrees to promptly give Notice of a Triggering Event to all other Partners.

8.5    Marital Dissolution or Death of Spouse

Notwithstanding any other provisions of this Agreement:

      8.5.1    If, in connection with the divorce or dissolution of the marriage of a Partner, any court issues a decree or order that transfers, confirms, or awards a Partnership Interest, or any portion thereof, to that Partner's spouse (an "*Award*"), then, notwithstanding that such transfer would constitute an unpermitted Transfer under this Agreement, that Partner shall have the right to purchase from his or her former spouse the Partnership Interest, or portion thereof, that was so transferred, and such former spouse shall sell the Partnership Interest or portion thereof to that Partner at the price set forth in Section 8.8 of this Agreement. If the Partner has failed to consummate the purchase within 180 days after the Award (the "*Award Transfer Date*"), the Partnership and the other Partners shall have the option to purchase from the former spouse the Partnership Interest or portion thereof pursuant to Section 8.6 of this Agreement; provided that the option period shall commence on the later of (1) the day following the Award Transfer Date, or (2) the date of actual notice of the Award.

      8.5.2    If, by reason of the death of a spouse of a Partner, any portion of a Partnership Interest is transferred to a Transferee other than (1) that Partner or (2) a trust created for the benefit of that Partner (or for the benefit of that Partner and any combination between or among the Partner and the Partner's issue) in which the Partner is the sole Trustee and the Partner, as Trustee or individually possesses all of the Voting Interest included in that

19

LiveOakLPAgree11116375.1

Partnership Interest, then the Partner shall have the right to purchase the Partnership Interest or portion thereof from the estate or other successor of his or her deceased spouse or Transferee of such deceased spouse, and the estate, successor, or Transferee shall sell the Partnership Interest or portion thereof at the price set forth in Section 8.8 of this Agreement.  If the Partner has failed to consummate the purchase within 180 days after the date of death (the "*Estate Transfer Date*"), the Partnership and the other Partners shall have the option to purchase from the estate or other successor of the deceased spouse the Partnership Interest or portion thereof pursuant to Section 8.6 of this Agreement; provided that the option period shall commence on the later of (1) the day following the Estate Transfer Date, or (2) the date of actual notice of the death.

8.6     Option Periods

On the receipt of Notice by a Partners as contemplated by Section 8.1, and on receipt of actual notice of any Triggering Event (the date of such receipt is hereinafter referred to as the "*Option Date*"), the General Partner shall promptly give notice of the occurrence of such a Triggering Event to each Partner, and the Partnership shall have the option, for a period ending 30 calendar days following the determination of the purchase price as provided in Section 8.8, to purchase the Partnership Interest in the Partnership to which the option relates, at the price and on the terms provided in Section 8.8, and the other Partners, pro rata in accordance with their prior Partnership Interests in the Partnership, shall then have the option, for a period of 30 days thereafter, to purchase the Partnership Interest in the Partnership not purchased by the Partnership, on the same terms and conditions as apply to the Partnership.  If all other Partners do not elect to purchase the entire remaining Partnership Interest in the Partnership, then the Partners electing to purchase shall have the right, pro rata in accordance with their prior Partnership Interest in the Partnership, to purchase the additional Partnership Interest in the Partnership available for purchase.  The Transferee of the Partnership Interest in the Partnership that is not purchased shall hold such Partnership Interest in the Partnership subject to all of the provisions of this Agreement.

8.7     Nonparticipation of Interested Partner

No Partner shall participate in any Vote or decision in any matter pertaining to the disposition of that Partner's Partnership Interest in the Partnership under this Agreement.

8.8     Option Purchase Price

The purchase price of the Partnership Interest that is the subject of an option under this Agreement shall be the Fair Market Value of such Partnership Interest as determined under this Section 8.8.  Each of the selling and purchasing parties shall use his, her, or its best efforts to mutually agree on the Fair Market Value.  If the parties are unable to so agree within 30 days of the Option Date, the selling party shall appoint, within 40 days of the Option Date, one appraiser, and the purchasing party shall appoint within 40 days of the Option Date, one appraiser.  The two appraisers shall within a period of five additional days, agree on and appoint an additional appraiser.  The three appraisers shall, within 60 days after the appointment of the third appraiser, determine the Fair Market Value of the Partnership Interest in writing and submit their report to all the parties.  The Fair Market Value shall be determined by disregarding the appraiser's valuation that diverges the greatest from each of the other two appraisers' valuations, and the

20

arithmetic mean of the remaining two appraisers' valuations shall be the Fair Market Value. Each purchasing party shall pay for the services of the appraiser selected by it, plus one-half of the fee charged by the third appraiser. The option purchase price as so determined shall be payable in cash.

8.9    Substituted Partner

Except as expressly permitted under Section 8.2, a prospective Transferee (other than an existing Partner) of a Partnership Interest may be admitted as a Partner with respect to such Partnership Interest (a "*Substituted Partner*") only (1) on the approval of the General Partner of the prospective Transferee's admission as a Partner, and (2) on such prospective Transferee's executing a counterpart of this Agreement as a party hereto. Any prospective Transferee of a Partnership Interest shall be deemed an Assignee, and, therefore, the owner of only an Economic Interest until such prospective Transferee has been admitted as a Substituted Partner.

8.10    Duties of a Substituted Partner

Any Person admitted to the Partnership as a Substituted Partner shall be subject to all provisions of this Agreement.

8.11    Securities Laws

The initial sale of Partnership Interests in the Partnership to the initial Partners has not been qualified or registered under the securities laws of any state, or registered under the Securities Act of 1933, as amended, in reliance upon exemptions from the registration provisions of those laws. No attempt has been made to qualify the offering and sale of Partnership Interests to Partners under the California Corporate Securities Law of 1968, as amended, also in reliance upon an exemption from the requirement that a permit for issuance of securities be procured. Notwithstanding any other provision of this Agreement, Partnership Interests may not be Transferred or Encumbered unless registered or qualified under applicable state and federal securities law or unless, in the opinion of legal counsel satisfactory to the Partnership, such qualification or registration is not required. The Partner who desires to transfer a Partnership Interest shall be responsible for all legal fees incurred in connection with said opinion.

## ARTICLE IX

## DISSOLUTION AND WINDING UP

9.1    Events of Dissolution

The Partnership shall be dissolved on the first to occur of the following events:

9.1.1    The written agreement of a Majority of Partners to dissolve the Partnership.

9.1.2    The sale or other disposition of substantially all of the Partnership assets.

21

LiveOakLPAgree11116375.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 39 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 124 of 960

9.1.3   Entry of a decree of judicial dissolution pursuant to Section 15682 of the Act.

9.2     Winding Up

On the dissolution of the Partnership, the Partnership shall engage in no further business other than that necessary to wind up the business and affairs of the Partnership. The Partners who have not wrongfully dissolved the Partnership shall wind up the affairs of the Partnership. The Persons winding up the affairs of the Partnership shall give written Notice of the commencement of winding up by mail to all known creditors and claimants against the Partnership whose addresses appear in the records of the Partnership. After paying or adequately providing for the payment of all known debts of the Partnership (except debts owing to Partners) the remaining assets of the Partnership shall be distributed or applied in the following order of priority:

9.2.1   To pay the expenses of liquidation.

9.2.2   To repay outstanding loans to Partners. If there are insufficient funds to pay such loans in full, each Partner shall be repaid in the ratio that the Partner's respective loan, together with interest accrued and unpaid thereon, bears to the total of all such loans from Partners, including all interest accrued and unpaid on those loans. Such repayment shall first be credited to unpaid principal and the remainder shall be credited to accrued and unpaid interest.

9.2.3   Among the Partners in accordance with the provisions of Article Four, Section 4.7.

9.3     Deficits

Each Partner shall look solely to the assets of the Partnership for the return of the Partner's investment, and if the Partnership property remaining after the payment or discharge of the debts and liabilities of the Partnership is insufficient to return the investment of any Partner, such Partner shall have no recourse against any other Partners for indemnification, contribution, or reimbursement.

## ARTICLE X

## ARBITRATION

Any action to enforce or interpret this Agreement or to resolve disputes between the Partners or by or against any Partner shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive dispute resolution process in the State of California. Any party may commence arbitration by sending a written demand for arbitration to the other parties. Such demand shall set forth the nature of the matter to be resolved by arbitration. Arbitration shall be conducted at San Francisco, California. The substantive law of the State of California shall be applied by the arbitrator to the resolution of the dispute. The parties shall share equally all initial costs of arbitration. The prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred in connection with the arbitration. All decisions of the arbitrator shall be final, binding, and conclusive on all parties.

22

LiveOakLPAgree11116375.1

Judgment may be entered upon any such decision in accordance with applicable law in any court having jurisdiction thereof.

## ARTICLE XI

## GENERAL PROVISIONS

11.1    General Provisions

This Agreement constitutes the whole and entire agreement of the parties with respect to the subject matter of this Agreement, and it shall not be modified or amended in any respect except by a written instrument executed by all the parties. This Agreement replaces and supersedes all prior written and oral agreements by and among the Partners or any of them.

11.2    Counterpart Executions

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11.3    Governing Law; Severability

This Agreement shall be construed and enforced in accordance with the internal laws of the State of California. If any provision of this Agreement is determined by any court of competent jurisdiction or arbitrator to be invalid, illegal, or unenforceable to any extent, that provision shall, if possible, be construed as though more narrowly drawn, if a narrower construction would avoid such invalidity, illegality, or unenforceability or, if that is not possible, such provision shall, to the extent of such invalidity, illegality, or unenforceability, be severed, and the remaining provisions of this Agreement shall remain in effect.

11.4    Benefit

This Agreement shall be binding on and inure to the benefit of the parties and their heirs, personal representatives, and permitted successors and assigns.

11.5    Number and Gender

Whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the neuter gender shall include the male and female as well as a trust, firm, company, or corporation, all as the context and meaning of this Agreement may require.

11.6    Further Assurances

The parties to this Agreement shall promptly execute and deliver any and all additional documents, instruments, notices, and other assurances, and shall do any and all other acts and things, reasonably necessary in connection with the performance of their respective obligations under this Agreement and to carry out the intent of the parties, including but not limited to taking any and all actions reasonably required to comply with any mortgage or encumbrance with respect to the Property.

LiveOakLPAgree11116375.1

### 11.7   Partner's Other Business

Except as provided in this Agreement, no provision of this Agreement shall be construed to limit in any manner the Partners or General Partner in the carrying on of their own respective businesses or activities.

### 11.8   Agent

Except as provided in this Agreement, no provision of this Agreement shall be construed to constitute a Partner, in the Partner's capacity as such, the agent of any other Partner.

### 11.9   Authority to Contract

Each Partner represents and warrants to the other Partners that the Partner has the capacity and authority to enter into this Agreement.

### 11.10   Titles and Headings

The article, section, and paragraph titles and headings contained in this Agreement are inserted as a matter of convenience and for ease of reference only and shall be disregarded for all other purposes, including the construction or enforcement of this Agreement or any of its provisions.

### 11.11   Amendment

Except as otherwise provided herein, all amendments to this Agreement will be in writing and approved and executed by a Majority of the Partners. Notwithstanding the foregoing, this Agreement may be amended by the signature of the General Partner as necessary to reflect the sale of limited partnership interests and the admission of additional Partners.

### 11.12   Time is of the Essence

Time is of the essence of every provision of this Agreement that specifies a time for performance.

### 11.13   No Third Party Beneficiary Intended

This Agreement is made solely for the benefit of the parties to this Agreement and their respective permitted successors and assigns, and no other Person shall have or acquire any right by virtue of this Agreement.

### 11.14   Sale of the Property.

Should the Partners authorize and approve the sale of any real property or any interest therein owned by the Partnership, or should the Partners authorize and approve the purchase of any additional real property or interest therein on behalf of the Partnership, LeFever Mattson shall have exclusive authorization and right to make such sale or purchase of real property

24

LiveOakLPAgree11116375.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 42 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 127 of 960

interests and shall be compensated at least three percent (3%) of the sale or purchase price for its services, or such greater amount as may be agreed.

11.15   Financing of the Property.

Upon the refinancing of any real property or any interest therein owned by the Partnership, as well as upon obtaining financing for any purchase of additional real property or any interest therein on behalf of the Partnership, LeFever Mattson shall be compensated in an amount equal to not less than one-half percent (0.5%) of the loan amount for its services in effectuating such financing.

11.16   Limited Partnership

The Partners intend the Partnership to be a limited partnership under the Act.  No partner shall take any action inconsistent with the express intent of the parties to this Agreement.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

LiveOakLPAgree11116375.1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 128 of 960

IN WITNESS WHEREOF, the parties have executed or caused to be executed this Agreement on the day and year first above written.

**GENERAL PARTNER:**

**LEFEVER MATTSON,**
a California corporation

By: _____
      Tim LeFever, Vice President

**LIMITED PARTNERS:**

**"Anderson 2001 Revocable Trust dated June 12, 2001"**

By: _____    _____
      Graham Michael Anderson, Trustee    Teresa Susan Anderson, Trustee

**"Chase Restated 1992 Chase Family Trust"**

By: _____    _____
      John L. Chase, Trustee    Susan G. Chase, Trustee

**"Davis"**

By: _____    _____
      Ray M. Davis    Kim Rae Davis

**"Fleming Family Trust dated August 27, 1998"**

By: _____    _____
      John C. Fleming, Trustee    Dominique Fleming, Trustee

**"Fox Family Trust dated May 24, 2002"**

By: _____    _____
      Gary R. Fox, Trustee    Katherine E. Fox, Trustee

**"Gardner Family Trust dated December 16, 1991"**

By: _____    _____
      Maurice H. Gardner, Trustee    Nancy A. Gardner, Trustee

LiveOakLPAgree11116375.1

**"Girardi Revocable Living Trust dated May 1, 2002"**

By: _____          _____
    John A. Girardi, Trustee                    Marsi A. Girardi, Trustee

**"LeFever Mattson, a California corporation"**

By: _____
    Tim LeFever, Vice President

**Ogg**

By: _____
    Kathy Ogg

**"Powell"**

By: _____          _____
    Ellis T. Powell, Jr.                         Jacquelyn Powell

**"Rice"**

By: _____          _____
    Willis Rice                                  Linda Rice

27

LiveOakLPAgree11116375.1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 130 of 960

# EXHIBIT A

## Live Oak Investment, LP Partners

LiveOakLPAgree11116375.1

### SCHEDULE A
Southwood Place Apartments
Buck Avenue, Vacaville
updated 7/1/14

| Owner's Name | Invested Amount | Investment Percent |
|---|---|---|
| The Anderson 2001 Revocable Trust | 169,903.58 | 7.859% |
| Chase 1992 Irrevocable Trust | 206,080.12 | 9.532% |
| Davis, Ray & Kim | 149,512.25 | 6.916% |
| Fleming Family Trust | 250,000.00 | 11.563% |
| Fox Family Trust | 217,419.81 | 10.057% |
| Gardner Family Trust | 259,875.34 | 12.020% |
| Girardi, John & Marsi | 152,918.86 | 7.073% |
| LeFever Mattson, Inc. | 271,677.92 | 12.566% |
| Ogg, Kathy | 160,864.75 | 7.441% |
| Powell, Ellis & Jackie | 195,799.99 | 9.057% |
| Rice, Willis & Linda | 127,929.37 | 5.917% |
| | 2,161,981.99 | 100.00% |

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 47 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 132 of 960

## EXHIBIT B

Form of Property Management Agreement

29

# EXHIBIT D

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

DocuSign Envelope ID: F0AEC9F6-499B-47A9-A46F-A676AC2EDFE0

**WRITTEN CONSENT**
**OF**
**MAJORITY OF PARTNERS OF**
**LIVE OAK INVESTMENTS, LP**

The undersigned, constituting at least a majority of the percentage interests of the partners (the "Partners") of Live Oak Investments, LP, a California limited partnership (the "Partnership"), acting pursuant to the Limited Partnership Agreement of the Partnership entered into effective as of Marh 24, 2015 (the "Partnership Agreement"), do hereby consent to the following actions and adopt the following resolutions, effective as of June 28, 2024.

**WHEREAS**, the Partnership is the owner of certain real property located in the City of Vacaville, County of Solano, State of California, known as the Southwood Place Apartments and located at 410 Buck Avenue, Vacaville, CA (the "Property"); and

**WHEREAS**, LeFever Mattson, a California corporation, is the General Partner of the Partnership (the "General Partners"); and

**WHEREAS**, the General Partner has determined that it is in the best interests of the Partnership and its Partners to sell the Property upon such terms and conditions as the General Partner determines to in the best interest of the Partnership and all of its partners.

**NOW, THEREFORE, BE IT RESOLVED**, that the General Partner be, and hereby is, authorized, directed and empowered to sell the Property, and in furtherance thereof, the General Partner is hereby authorized to negotiate the terms and conditions of the sale of the Property, and take all actions and cause to be prepared all agreements as the General Partner shall determines to be necessary for the sale of the Property and beneficial for the Partnership and the Partners.

**RESOLVED FURTHER**, that the General Partner is hereby authorized, directed and empowered to execute and deliver, in the name and on behalf of the Partnership, any and all documents or instruments to be executed and delivered in connection with the sale of the Property, including but not limited to an Agreement of Purchase and Sale and Joint Escrow Instructions, and to take any further actions as the General Partner may determine to be necessary or desirable in order to comply with and perform the obligations of the Partnership under such agreement and instruments, the approval of which shall be conclusively established by the execution and delivery thereof by the General Partner.

**RESOLVED FURTHER**, that Tim LeFever, the Chief Executive Officer of the General Partner, is further authorized and directed to move forward with and complete the proposed sales of the Property in accordance with the purchase and sale agreement pertaining thereto;

**RESOLVED FURTHER**, that all actions taken to date by Tim LeFever in his capacity as the Chief Executive Officer of the General Partner are hereby ratified and approved in all respects;

**RESOLVED FURTHER**, that all proceeds from the sale of the Property shall be used first to pay off any and all indebtedness secured by the Property at issue being sold, with the

LiveOakLPConsentToSell14395951.1

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 50 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 135 of 960

DocuSign Envelope ID: F0AEC9F6-499B-47A9-A46F-A676AC2EDFE0

balance to be directed to the relevant partnership management account overseen and managed by Home Tax Services of America, Inc., dba LeFever Mattson Property Management.

**RESOLVED FURTHER**, that concurrently with the sale of the Property, or at such later time determined by the General Partner to be in the best interest of the Partnership and its Partners, the General Partner is hereby authorized, directed and empowered to commence the dissolution of the Partnership in accordance with the terms and conditions set forth in the Partnership Agreement.

**RESOLVED FURTHER**, that all other acts and deeds heretofore done or actions taken by the General Partner and its officers in furtherance of the foregoing resolutions and which carry out the terms and intentions of any of the foregoing resolutions be, and each hereby are, ratified, approved and confirmed in all respects.

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Partners as of the date first written above.

**GENERAL PARTNER:**

**LEFEVER MATTSON,**
a California corporation

By: _____
    Tim LeFever, President

**LIMITED PARTNERS:**

**"Anderson 2001 Revocable Trust dated June 12, 2001"**

By: _____   _____
    Graham Michael Anderson, Trustee     Teresa Susan Anderson, Trustee

**Andrew "William N. Andrew and Sally G. Revocable Trust dated June 21, 2001"**

By: _William N. Andrew_____   _Sally G. Andrew_____
    William N. Andrew, Trustee        Sally G. Andrew, Trustee

**"Burgess Trust dated October 9, 2006"**

By: _____   _____
    Ronald Burgess, Trustee         Molly Burgess, Trustee

LiveOakLPConsentToSell14395951.1

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 51 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 136 of 960

DocuSign Envelope ID: F0AEC9F6-499B-47A9-A46F-A676AC2EDFE0

**"Chase Restated 1992 Chase Family Trust"**

By: _____          _____
      John L. Chase, Trustee            Susan G. Chase, Trustee

**"Davis"**

By: _____          _____
      Ray M. Davis                   Kim Rae Davis

**"Fleming Family Trust dated August 27, 1998"**

By: _____          _____
      John C. Fleming, Trustee       Dominique Fleming, Trustee

**"Fox Family Trust dated May 24, 2002"**

By: _____          _____
      Gary R. Fox, Trustee           Katherine E. Fox, Trustee

**"Girardi Revocable Living Trust dated May 1, 2002"**

By: _____          _____
      John A. Girardi, Trustee        Marsi A. Girardi, Trustee

**"LeFever Mattson, a California corporation"**

By: _____
      Tim LeFever, President

**Ogg**

By: _____
      Katherine (Kathy) Ogg

**Rice "The Willis McKelvey Rice and Linda Kay Rice Living Trust"**

By: _____          _____
      Willis McKelvey Rice, Trustee    Linda Kay Rice, Trustee

LiveOakLPConsentToSell14395951.1

Case: 24-10545   Doc# 2800-1   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 52 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 137 of 960

# EXHIBIT E

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# OLD REPUBLIC TITLE COMPANY
**A MEMBER OF THE OLD REPUBLIC TITLE INSURANCE GROUP**

1001 Sylvan Avenue, Building A • Modesto CA • 95350 • (209) 544-1823 • FAX (209) 544-9549

Live Oak Investments, LP
8009 Doyle Lane
Dixon, CA 95620

Date: August 27, 2024
Escrow No.: 1614028541-JO
Escrow Officer: Joanne Maynard
Settlement Date: August 29, 2024

Property:  410 Buck Avenue, Vacaville, CA 95687

## Estimated Seller's Settlement Statement

| Item | | Debits | Credits |
|---|---|---|---|
| Sales Price | | | 10,800,000.00 |
| Existing Loan with Walker & Dunlop LLC | | 6,718,000.00 | |
| MUST UPDATE TO ACTUAL to Recology Vacaville Solano  ($7,277.25) | | | |
|   Amount to 10-1-24 | | 7,277.25 | |
| Paid Outside Closing | | | |
|   Real Estate Taxes to Solano County Tax Collector (0126-160-110) | | | |
|     2nd Installment 2023-2024 to Solano County Tax Collector $32,523.39 | | | |
|     (Seller) | | | |
| Signing/Notary Services to SnapDocs | | 160.00 | |
| Security Deposits to Ch Vacaville LLC, a Delaware limited liability company | | 44,216.00 | |
| Prorata R.E. Taxes, 07/01/24 to 08/29/24, 58 days @ $180.6855  (est.) | | 10,479.76 | |
| Interest from COE to 9/1/24 08/01/24 to 08/29/24, 28 days @ $731.5200 | | 20,482.56 | |
| Rental Adj. by unit (est.) | | | |
|   , 08/29/24 to 09/01/24, 3 days @ $2,947.4630 | | 8,842.39 | |
|   Prepaid Rent | | 808.13 | |
|   Make Ready Credit | | 6,000.00 | |
| Escrow Fees to Old Republic Title Company | | 6,150.00 | |
| Additional Charges | | 120.00 | |
|   CA-Reporting and Withholding Service Fee to Old Republic Title Company | 45.00 | | |
|   Wire Service Fee to Old Republic Title Company | 25.00 | | |
|   Doc Prep Deed to Old Republic Title Company | 50.00 | | |
| Title Charges | | | |
|   ALTA Ext. Owner's Policy to Old Republic Title Company | | 8,900.00 | |
| Recording Fees | | 700.00 | |
|   Deed to Solano County | 100.00 | | |
|   Assumption Agreement to Solano County | 200.00 | | |
|   Assumption Agreement to Solano County | 200.00 | | |
|   UCC to Solano County | 100.00 | | |
|   UCC to Solano County | 100.00 | | |
| Other Title Fees | | 25.00 | |
|   Recording Service Fee to Old Republic Title Company | 25.00 | | |
| County Transfer Tax to County of Solano | | 4,490.20 | |
| Due To Seller (est.) | | 3,963,348.71 | |
| | | | |
| Total | | 10,800,000.00 | 10,800,000.00 |

_____
Initials

JO/jo
Seller's Settlement Statement

Case: 24-10545    Doc# 2800-1    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 54
of 61

August 29, 2024 10:11 AM
Page 1 of 2

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 139 of 960

# ★★★★
# ★ OLD REPUBLIC TITLE COMPANY
# ★ ★★

**A MEMBER OF THE OLD REPUBLIC TITLE INSURANCE GROUP**

1001 Sylvan Avenue, Building A • Modesto CA • 95350 • (209) 544-1823 • FAX (209) 544-9549

Live Oak Investments, LP
8009 Doyle Lane
Dixon, CA 95620

Date: August 27, 2024
Escrow No.: 1614028541-JO
Escrow Officer: Joanne Maynard
Settlement Date: August 29, 2024

Property: 410 Buck Avenue, Vacaville, CA 95687

---

Live Oak Investments, LP, a California Limited Partnership

By: LeFever Mattson, a California corporation

It's General Partner

By:_____
      Timothy J. LeFever
Its: Chief Executive Officer

# EXHIBIT F

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# LAW OFFICES OF THOMAS P. KELLY III P.C.

### A PROFESSIONAL CORPORATION

50 OLD COURTHOUSE SQUARE, SUITE 609
SANTA ROSA, CALIFORNIA, 95404-4926
707-545-8700 • FAX 707-542-3371
WWW.REDWOODBANKRUPTCT.COM
TOMKELLY@SONIC.NET

## CHAPTER 11 RETAINER AGREEMENT

The undersigned Live Oak Investments L.P. by and through its general partner William Andrew (hereinafter "Client") hereby retains Law Offices of Thomas P. Kelly III P.C. (hereinafter "Attorney") to perform legal services under the terms set forth below (hereinafter "Retainer Agreement") for representation in the following matters (hereinafter collectively "Legal Matter"):

1.    Representation in that Chapter 11 bankruptcy case currently pending in the United States Bankruptcy Court, Northern Division of California, Santa Rosa Division in which Client is the debtor-in-possession bearing case number CAND 24-10511 and case name *In re Live Oak Investments L.P.*.

Attorney shall explain the terms and conditions of this Retainer Agreement in full prior to execution by Client. Attorney shall provide a true and correct copy of this Retainer Agreement to Client upon execution. Attorney shall answer any and all questions of Client regarding this Retainer Agreement at any time.

### I. LEGAL SERVICES

**1.1 Services to be performed:** All legal services described herein, related to Client's Legal Matter. The services of Attorney will include the initial conference with Client concerning filing; providing counseling and legal advice, preparation of court documents, communications with opposing parties and/or opposing counsel as needed. appearances at Court hearings, and drafting or responding to motions or other legal matters arising from Client's Legal Matter.

**1.2 Limitation of Scope of Representation:** Client specifically agrees that Attorney will not represent Client in any matter outside the stated scope of representation or other case, lawsuit, or legal matter without an additional retainer agreement. Attorney shall not be Client's attorney or attorney of record for any other case, lawsuit, or any other matter without an additional retainer agreement.

**1.3 Authorization:** Client authorizes Attorney to act as Client's Attorney and perform all legal services described herein related to Client's Legal Matter. Client expressly agrees that Attorney may consult other attorneys on Client's Legal Matter without charge to Client if Attorney deems such consultation necessary.

**1.4 Communications:** Attorney shall be responsible for all communications on behalf of Client regarding the Legal Matter with all third parties. Attorney shall promptly inform Client of all communications which occur related to Client's Legal Matter.

**1.5 Document Preparation:** Attorney will be solely responsible for preparing all legal documents and pleadings regarding the Legal Matter and filing those documents and pleadings regarding the Legal Matter. Attorney will consult Client as to the contents and substance of any letters, documents and pleadings to be filed with the proper Court prior to submission or filing with any Court. All documents filed by Attorney on behalf of Client are presumed to have Client's consent.

**1.6 Document Content:** All documents prepared by Attorney is based on that information provided to Attorney

ATTORNEY-CLIENT PRIVILEGED INFORMATION
©2025 LAW OFFICES OF THOMAS P. KELLY III P.C.

CLIENT INITIAL

Case: 24-10545    Doc# 2800-1    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 147
of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 142 of 960

by Client. Attorney shall have the authority to determine the form, language and grammar of such letters, documents and/or pleadings. Client shall be entitled to a copy of all letters, documents and/or pleadings prepared by the Attorney on behalf of Client.

**1.7 Appeals:** Client expressly agrees that no appeals are included in this agreement. Any appeal shall be the subject of an additional representation agreement.

**1.8 Tax services excluded:** Client and Attorney expressly agree that no tax advice shall be given or sought. Client expressly agrees to consult a tax professional regarding any tax question, and may not rely on any statement of Attorney as tax advice.

## II. CLIENT DUTIES

**2.1 Truth:** Client expressly agrees to provide truthful and accurate information to Attorney at all times. Client expressly consents to the immediate termination of the Attorney-Client relationship and to the withdrawal of Attorney from Client's Legal Matter, and the termination of this Retainer Agreement if in the judgment of Attorney Client has violated this provision.

**2.2 Full Disclosure:** In order to ensure that the Client will receive adequate representation, Client shall provide Attorney with all relevant information whether Attorney expressly requests it or not. Client shall not intentionally hide any information from the Attorney. Client has been advised and is aware that any violation of this provision by Client will terminate the Attorney-Client relationship and Attorney's representation of Client.

**2.3 Documentation from Client:** Client agrees to provide Attorney with all relevant and required documents and information in a timely manner. Client agrees that delays in Client's Legal Matter caused by Client's failure to provide Attorney with required documents or information are the sole responsibility of Client.

**2.4 Representation Letter:** Client agrees to execute a letter confirming that Attorney represents Client and expressly permits Attorney to distribute this letter to any third party requiring such a letter before providing Attorney information related to Client's Legal Matter.

**2.5 Contact Information:** Client expressly agrees to keep Attorney updated with current contact information for Client, including a mailing address, email address, and telephone number. Client understands that a failure to fulfill this obligation may result in Attorney's withdrawal from Client's Legal Matter. Client recognizes that attorney is not obligated to undertake investigative efforts to find client should client not be reachable for more than fourteen (14) days.

## III. LEGAL FEES

**3.1 Legal Fees:** Client shall pay the Attorney for the legal services provided in the Legal Matter. Client agrees to pay Attorney's hourly rate of $450.00 per hour. These fees are is subject to approval by the Bankruptcy Court in the Legal Matter.

**3.2 Distribution of Recovery:** Client and attorney agree that any award of attorney's fees or sanctions shall be payable to Client in the amounts actually paid by Client to Attorney, and any recovery above that amount shall be payable to Attorney exclusively. Client agrees that any funds recovered shall be deposited directly into Attorney's Trust Account for distribution to Client and/or attorney pursuant to the rules of the State Bar of California. Client expressly agrees that all costs shall be paid from any recovery prior to the distribution of any amount to Client.

**3.3 Attorney's Lien:** Client hereby grants Attorneys a lien on any and all claims or causes of action that are the subject of Attorneys' representation under this Contract. Attorneys' lien will be for any sums due and owing to

ATTORNEY-CLIENT PRIVILEGED INFORMATION CLIENT INITIAL
©2025 LAW OFFICES OF THOMAS P. KELLY III P.C. PAGE 2 OF 5 CHAPTER 11 RETAINER AGREEMENT
Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 58 of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 143 of 960

Attorneys at the conclusion of any services provided by Attorneys. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise in the Legal Matter and shall survive the termination of this agreement if Client's Legal Matter continues after termination.

## IV. COSTS

**4.1 Covered Costs:** Client shall be responsible for any costs associated with the legal representation provided by Attorney in the Legal Matter. Costs shall include, but are not limited to, court costs, service of process fees, deposition costs, expert witness fees, medical chart review fees, mileage, parking fees, travel expenses, and investigative fees. All awards of costs shall be payable to Client in the amount actually paid by Client, if any. All awards of costs shall be payable to Attorney in the amount actually paid by Attorney.

**4.2 Client File:** If Client requests a paper copy of Client's file after the case has been closed or Attorney no longer represents Client, then Client agrees to pay for photocopies at the rate of $0.10 per page.

## V. DISCLAIMER OF GUARANTEE

**5.1 Disclaimer of Guaranty:** Nothing in this agreement and nothing in any statements made by Attorney, Attorney's representatives or employees, or experts retained by Attorney will be construed as a promise or guarantee to Client about the outcome of Client's Legal Matter. Attorney cannot make such promises or guarantees because of the factor of the unknown and the actions of other parties which may affect the outcome. Any comments by Attorney about the potential outcome of Client's Legal Matter are expressions of opinion only, are neither promises nor guarantees, and shall never be construed as promises or guarantees. In addition, all representations are based solely on that information currently available to Attorney at that time.

## VI. TERMINATION OF AGREEMENT

**6.1 Discharge by Client:** Client may discharge Attorney from Client's Legal Matter at any time with or without cause, by notifying Attorney in writing. This notice shall be sent in two ways to Attorney. First, via certified mail to Attorney's business address of 50 Old Courthouse Square, Suite 609, Santa Rosa, California, 95404. Second, Client shall also provide the same written notice via email to Attorney at tomkelly@sonic.net.

**6.2 Withdrawal by Attorney:** Attorney may withdraw with Client's consent from the Legal Matter at any time. Attorney may withdraw without Client's consent at any time for cause. Attorney is subject to the State Code of Professional Responsibility, which lists several types of conduct or circumstances that require or allow attorneys to withdraw from representing a client, including nonpayment of fees or costs, misrepresentation or failure to disclose material facts, actions contrary to attorney's advice, and a conflict with another client.

**6.3 Files and Materials:** If Client discharges Attorney or Attorney withdraws, Attorney shall return Client's papers and property promptly. Attorney's own files pertaining to the case will be retained. Paper copies of any materials requested by Client shall be paid for by Client at the rate of ten cents ($0.10) per page.

**6.4 Costs after Discharge or Withdrawal:** Client's discharge of Attorney or Withdrawal of Attorney shall not affect Client's financial responsibility for payment of any costs incurred by Attorney before termination and any costs incurred which result from services required for an orderly transition of Client's Legal Matter to substitute counsel.

**6.5 Fees after Discharge or Withdrawal:** Attorney shall retain an interest in Client's case after termination equal to the work performed by Attorney on Client's case on a per diem basis. This amount shall not exceed one third of the highest damage award or other settlement awarded to Client when calculated at the rate of $450.00 per hour for work performed prior to termination.

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 69 of 61

## VII. DISPUTE RESOLUTION THROUGH BINDING ARBITRATION

**7.1 Dispute Resolution Through Binding Arbitration:** Attorney and Client expressly waive any and all rights to any civil trial for any dispute arising under this Retainer Agreement, and agree to use binding non-judicial arbitration to resolve any disputes as follows:

**A. General Dispute Resolution**: In the event there is ever a dispute between Attorney and Client concerning any aspect of this agreement, or any aspect of Attorney's representation of Client in Client's Legal Matter, both Attorney and Client expressly agree to submit the entire matter for binding arbitration through the Judicial Arbitration & Mediation Service (JAMS) in Santa Rosa, California. If there is no agreement as to an arbitrator, then the Superior Court of Sonoma County shall choose an arbitrator from JAMS and that decision shall be final and conclusive on all parties. Attorney and Client both agree to entirely waive any and all arbitration or mediation through the arbitration procedures of the State Bar of California and/or the Sonoma County Bar Association as set forth in California Business and Professions Code §6200, et. seq. Both Attorney and Client shall each have the right of discovery in connection with any arbitration proceeding in accordance with California Code of Civil Procedure §1283.05. Attorney and Client expressly waive any and all rights to any civil trial for any dispute arising under this Retainer Agreement. Attorney and Client expressly agree that in the event of any dispute the prevailing party may recover any costs or arbitration fees, but each side shall bear their own attorneys fees.

**B. Fee Dispute Resolution**: Notwithstanding paragraph 7.2(A) above, if there is any dispute subject to the jurisdiction of the State of California over fees, charges, costs or expenses charged by Attorney, both Attorney and Client expressly agree to submit the entire matter for binding arbitration through the Judicial Arbitration & Mediation Service (JAMS) in Santa Rosa, California. If there is no agreement as to an arbitrator, then the Superior Court of Sonoma County shall choose an arbitrator from JAMS and that decision shall be final and conclusive on all parties. Attorney and Client both agree to entirely waive any and all arbitration or mediation through the arbitration procedures of the State Bar of California and/or the Sonoma County Bar Association as set forth in California Business and Professions Code §6200, et. seq. Both Attorney and Client shall each have the right of discovery in connection with any arbitration proceeding in accordance with California Code of Civil Procedure §1283.05. Attorney and Client expressly waive any and all rights to any civil trial for any dispute arising under this Retainer Agreement. Attorney and Client expressly agree that in the event of any dispute the prevailing party may recover any costs or arbitration fees, but each side shall bear their own attorneys fees.

**7.2 Client and Attorney Agreement to Arbitration Provisions:** Attorney and Client agree to entirely waive the arbitration procedures of the State Bar of California and/or the Sonoma County Bar Association as set forth in California Business and Professions Code §6200, et. seq. and agree to resolve all disputes between them by the private arbitration service JAMS exclusively pursuant to the provisions set forth above.

**Client Initials:** _UNAf_ **Attorney Initials :** _TPK3_

_UNA_

ATTORNEY-CLIENT PRIVILEGED INFORMATION
©2025 LAW OFFICES OF THOMAS P. KELLY III P.C.     PAGE 4 OF 5     CLIENT INITIAL
CHAPTER I I RETAINER AGREEMENT

Case: 24-10545 Doc# 2800-1 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 60
of 61

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 145 of 960

## VIII. MISCELLANEOUS PROVISIONS

**8.1 Attorney of Record:** The Attorney expressly agrees to be Client's "Attorney of Record" for Client's Legal Matter, and Client authorizes Attorney to accept service of process for Client's Legal Matter.

**8.2 Choice of Law:** This agreement shall be governed by and construed in accordance with the laws of the State of California and, where applicable, the United States Bankruptcy Code (Title 11, U.S. Code).

**8.3 Venue:** Client and Attorney agree that this contract is entered into in Santa Rosa, California, and is to be performed in Santa Rosa, California. The venue for any and all disputes between Client and Attorney shall exclusively be Santa Rosa, California.

**8.4 Insurance Coverage:** Attorney maintains errors and omission insurance coverage applicable to the services to be rendered in an amount equal to or greater than the requirements of the State Bar of California.

**8.5 Complete Agreement, Severability:** This document represents the entire agreement between the parties and may not be modified or amended except by a writing signed and dated by both Client and Attorney. If any part of this agreement is found to be unenforceable, Client and Attorney agree that the remaining provisions shall remain in full force and effect.

**8.6 Effective Date:** This Retainer Agreement shall take effect on the date when fully executed by both Client and Attorney, and the effective date shall be determined by whichever signature is last in time. This Retainer Agreement shall not take effect, and Attorney shall have no obligation to provide any legal services to Client, unless and until both Attorney and Client have signed this Retainer Agreement.

Execution by Live Oak Investments L.P. by and through its general partner William Andrew, Client

_____ October 10, 2025
Signature                             Date

Execution by Law Offices of Thomas P. Kelly III P.C., Attorney

_____ October 10, 2025
Signature                             Date

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 146 of 960

# EXHIBIT 12

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1   Thomas P. Kelly III, Attorney at Law
Law Offices of Thomas P. Kelly III P.C.
2   CA 230699, OR 080927, DC 1000147
50 Old Courthouse Square, Suite 609
3   Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
4   Facsimile : 707-542-3371
Email : tomkelly@sonic.net
5
Attorney for Live Oak Investments LP
6   and its general partner William Andrew

7

8               UNITED STATES BANKRUPTCY COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10  In re:                          Case No. 24-10545 (CN) (Lead Case)

11  LEFEVER MATTSON, a California    Chapter 11
    corporation, et al.,[1]
12                                   (Jointly Administered)
                    Debtors.
13                                   REQUEST FOR JUDICIAL NOTICE

14

15                                   Date:     November 13, 2025
                                     Time:     2:00PM
16                                   Judge:    Hon. Charles Novack
                                     Court:    1300 Clay Street
17                                             Courtroom 215
                                               Oakland, California
18                                             94612

19                                   Via teleconference

20                                   Date filed:  September 12, 2024

21

22

23

24

25

26

27  ─────────────
    1    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

## REQUEST FOR JUDICIAL NOTICE

William Andrew as the general partner of the Debtor-in-possession Live Oak Investments LP (hereinafter "Debtor") hereby requests that the Court take judicial notice of the matters set forth below in support of Debtor's opposition brief to the motion of the Official Committee of Unsecured Creditors (hereinafter "OCUC") to declare the partnership vote of Debtor on October 9, 2025 void as violating the automatic stay under 11 U.S.C. §362.

This request is made pursuant to Rule 201 of the Federal Rules of Evidence as the Court may take judicial notice of any matter that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction (FRE §201(b)(1)) and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (FRE §201(b)(2)) In this instance, the matters which are the subject of this request are the Court's records for the present bankruptcy case and that of *LeFever Mattson Inc*. bearing case number 24-10545 both of which meet the criteria set forth in FRE §201. These documents are further authenticated by the concurrently filed Declaration of Thomas P. Kelly III.

The specific matters for which judicial notice is requested are as follows:

Exhibit A:   The Omnibus List of Equity Security Holders filed by LeFever Mattson Inc. on November 15, 2024 bearing docket entry number 353 in the parallel bankruptcy case of *LeFever Mattson Inc*. bearing case number 24-10545 currently pending before this Court.

Exhibit B:   The operating report for Debtor Live Oak Investments LP filed on October 28, 2024 bearing docket entry 209 in the parallel bankruptcy case of *LeFever Mattson Inc*. bearing case number 24-10545 currently pending before this Court.

Exhibit C:   The list of 20 largest creditors of Debtor Live Oak Investments LP filed on September 25, 2024 bearing docket entry 87 in the parallel bankruptcy case of *LeFever Mattson Inc*. bearing case number 24-10545 currently pending before this Court.

Exhibit D:   The schedules for Debtor Live Oak Investments LP filed on November 15,

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

REQUEST FOR JUDICIAL NOTICE

1        2024 bearing docket entry 310 in the parallel bankruptcy case of *LeFever*

2        *Mattson Inc*. bearing case number 24-10545 currently pending before this

3        Court.

4   Exhibit E:    The October 7, 2025 Notice of Partnership Meeting bearing docket entry

5        number 2530 in the record of *In re LeFever Mattson Inc.* bearing case

6        number 24-10545 filed by creditors William N. Andrew and Sally G.

7        Andrew Revocable Trust dated June 21, 2001 and the Burgess Trust dated

8        October 9, 2006.

9   Exhibit F:    The October 15, 2025  joint investigation report filed by the special

10       investigation counsel Donald S. Davidson regarding the affairs of LFM

11       bearing docket entry 2568 in the record of *In re LeFever Mattson Inc.*

12       bearing case number 24-10545 .

13  Dated: November 7, 2025

14                                    Thomas P. Kelly III

15                                    Thomas P. Kelly III
                                      Attorney at Law

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545   Doc# 2800-2   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 3
REQUEST FOR JUDICIAL NOTICE          Page 3 of 2          24-10545 LEFEVER MATTSON
                                     of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 150 of 960

# EXHIBIT A

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DAVID A. TAYLOR (Cal. Bar No. 247433)
(dtaylor@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 496-6723
Facsimile:  (650) 636-9251

*Attorneys for the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>                 Debtors. | Lead Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**OMNIBUS LIST OF EQUITY SECURITY HOLDERS** |

[1]    The last four digits of LeFever Mattson's tax identification number are 7537.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.  The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Case: 24-10545   Doc# 2530-2 Filed: 01/15/27 Entered: 01/15/26 13:34:16 Page 5 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 152 of 960

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Apan Partners LLC | Unknown | |
| Autumn Wood I, LP | Bill & Cheryl Reese | 2.6630% |
| Autumn Wood I, LP | Carolyn Lee Haslip Living Trust | 4.8820% |
| Autumn Wood I, LP | Christopher W. Koerner | 1.4790% |
| Autumn Wood I, LP | Dandona Family Trust dtd Nov 30, 2005 | 1.7750% |
| Autumn Wood I, LP | Ekaterina Alexandra Sowers | 1.4790% |
| Autumn Wood I, LP | Ganyo Revocable Family Trust, dtd August 13, 1998 | 4.4380% |
| Autumn Wood I, LP | Janet Brandi Dobbs Living Trust dtd July 25, 2000 | 4.1720% |
| Autumn Wood I, LP | Jody Craig Niccolson | 0.8875% |
| Autumn Wood I, LP | Kathleen Hamlin Living Trust, dtd July 2, 2008 | 4.7930% |
| Autumn Wood I, LP | Keith & Anne Gockel Rev Trust dtd May 17, 2013 | 2.4850% |
| Autumn Wood I, LP | Kevan M & Pik L Smith Living Trst dtdSept 20, 2001 | 2.6630% |
| Autumn Wood I, LP | Larissa Michelle Koerner | 1.4800% |
| Autumn Wood I, LP | LeFever Mattson | 35.6650% |
| Autumn Wood I, LP | Mark J. & Lori D. Rossi Living Trust June 1, 2000 | 0.8880% |
| Autumn Wood I, LP | Nancy Niccolson | 0.8875% |
| Autumn Wood I, LP | Natalie Duke | 0.8875% |
| Autumn Wood I, LP | Nora Basso | 0.8875% |
| Autumn Wood I, LP | Olson, John B., Jr & Amy W. | 3.7640% |
| Autumn Wood I, LP | PolyComp Trst Co CDN, FBO Amy LeFever IRA # 044031 | 0.5330% |
| Autumn Wood I, LP | PolyComp Trst Co, FBO Timothy LeFever IRA # 044030 | 1.1890% |
| Autumn Wood I, LP | Richard Parro IRA # 044045 | 3.9940% |
| Autumn Wood I, LP | Sylvie Magnes Cohen Family Trust | 3.9060% |
| Autumn Wood I, LP | The Gregory Scott Montalvo Living Trust | 2.6630% |
| Autumn Wood I, LP | The Kevin & Kim Farrell Living Trust April 6, 2005 | 4.4380% |
| Autumn Wood I, LP | Thomas, Alice Diane | 2.2190% |
| Autumn Wood I, LP | Trembath, Raymond | 4.8820% |
| Bay Tree, LP | Unknown | |
| Beach Pine, LP | David P. Fisher Revocable Trust | 4.1550% |
| Beach Pine, LP | Hayashi:  Januth Kei Hayashi Trust dtd May 4, 2012, Januth Kei Hayashi, Trustee | 4.1554% |
| Beach Pine, LP | Kelly L. Resendez | 4.1550% |
| Beach Pine, LP | KS Mattson Partners | 9.8994% |
| Beach Pine, LP | LeFever Mattson | 38.5735% |
| Beach Pine, LP | Manuel and Theresita Cabacungan FamilyTrust4/12/96 | 4.1550% |
| Beach Pine, LP | Michael A. & Teri L. Kraemer | 9.9730% |
| Beach Pine, LP | Olson, John B., Jr & Amy W. | 4.1550% |
| Beach Pine, LP | Peter S. Strickland Trust dated May 4, 2012 | 4.1550% |
| Beach Pine, LP | Ravindra Ambatipudi & Kamala Sistla Rev Liv Trust | 4.1550% |
| Beach Pine, LP | The Renaud Family Trust estb,  February 5, 2001 | 8.3110% |
| Beach Pine, LP | Walker Family Trust dtd December 15, 2006 | 4.1550% |
| Bishop Pine, LP | Arnold Yee & Ruane Hayashi-Yee Trust | 3.7048% |
| Bishop Pine, LP | Carrillo, Ismael and Erin | 2.4698% |
| Bishop Pine, LP | Christopher Joseph and Sarah Yourd Bannon Fam Tst | 3.0873% |
| Bishop Pine, LP | David J. Grenier Living Trust | 3.0873% |
| Bishop Pine, LP | Guilford, Debbie J. & Thomas J. | 1.8524% |
| Bishop Pine, LP | Harper LLC | 14.5103% |
| Bishop Pine, LP | HG Global Properties, LLC | 2.9638% |
| Bishop Pine, LP | Jerome F. & Anne L. Stasik | 0.6175% |
| Bishop Pine, LP | Kent A. Zboray Living Trust | 1.2349% |
| Bishop Pine, LP | LeFever Mattson | 43.7134% |
| Bishop Pine, LP | Lisa Swarbrick Separate Property Trust | 3.6659% |
| Bishop Pine, LP | Margaret Orlich Trust dtd September 26, 2003 | 9.2248% |
| Bishop Pine, LP | Olson, John B., Jr & Amy W. | 4.4210% |
| Bishop Pine, LP | Specht Living Trust | 3.6659% |
| Bishop Pine, LP | Warren & Hope Elliott | 1.7809% |
| Black Walnut, LP | Benson Family 1999 Trust | 16.3350% |
| Black Walnut, LP | Keith & Anne Gockel Rev Trust dtd May 17, 2013 | 10.1120% |
| Black Walnut, LP | LeFever Mattson | 56.8010% |

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Black Walnut, LP | Mullin Family Trust | 5.5840% |
| Black Walnut, LP | Muscat, Raymond & Laurie J Sano | 11.1680% |
| Buck Avenue Apartments, LP | Abad Family Trust dtd 12/9/02 | 1.2592% |
| Buck Avenue Apartments, LP | Alexander Suhonos Trust | 1.0581% |
| Buck Avenue Apartments, LP | Bill & Cheryl Reese | 2.5184% |
| Buck Avenue Apartments, LP | Bobetsky Family Trust | 3.1744% |
| Buck Avenue Apartments, LP | Chase Family Trust restated 1992 | 5.2906% |
| Buck Avenue Apartments, LP | Crane Living Trust | 2.1162% |
| Buck Avenue Apartments, LP | Davis Family Trust | 2.6453% |
| Buck Avenue Apartments, LP | Girardi Revocable Living Trust | 2.1162% |
| Buck Avenue Apartments, LP | Jack & Hilda Harouni Revocable Living Trust | 1.5277% |
| Buck Avenue Apartments, LP | Januth Kei Hayashi Trust dtd May 4, 2012 | 1.7740% |
| Buck Avenue Apartments, LP | John D. & Laurel E. Bruce TTEE | 3.0553% |
| Buck Avenue Apartments, LP | Kevan M & Pik L Smith Living Trst dtdSept 20, 2001 | 1.6789% |
| Buck Avenue Apartments, LP | Koerner Family Trust dtd October 4, 1995 | 7.4207% |
| Buck Avenue Apartments, LP | LeFever Mattson | 10.1585% |
| Buck Avenue Apartments, LP | Lisa Swarbrick Separate Property Trust | 0.7936% |
| Buck Avenue Apartments, LP | Lori Morgan Trust | 1.5872% |
| Buck Avenue Apartments, LP | Luis Urbano & Elizabeth Naomi Martinez Int Viv Trust | 3.2661% |
| Buck Avenue Apartments, LP | Margaret A. Duke Revocable Trust | 2.2915% |
| Buck Avenue Apartments, LP | McCartney Family Living Trust dtd Nov 12, 1997 | 2.1162% |
| Buck Avenue Apartments, LP | Miller Family Trust | 2.1162% |
| Buck Avenue Apartments, LP | Morse Family Trust | 1.6577% |
| Buck Avenue Apartments, LP | Nikolai Suhonos Trust | 1.0581% |
| Buck Avenue Apartments, LP | Olson, John B., Jr & Amy W. | 0.4197% |
| Buck Avenue Apartments, LP | Peter S. Strickland Trust dated May 4, 2012 | 1.7740% |
| Buck Avenue Apartments, LP | Peter Suhonos Trust | 1.0581% |
| Buck Avenue Apartments, LP | Richard M. Little & Jeanne Curran-Little | 1.1827% |
| Buck Avenue Apartments, LP | Richard Parro IRA # 044137 | 1.4814% |
| Buck Avenue Apartments, LP | Richard V & Carolyn C Treakle Revoc Trust | 5.9993% |
| Buck Avenue Apartments, LP | Schroyer Family Trust | 6.8620% |
| Buck Avenue Apartments, LP | Scott, Laura C. | 2.1288% |
| Buck Avenue Apartments, LP | Sidney Mar | 1.8888% |
| Buck Avenue Apartments, LP | Sloan Revocable Trust,utd dtd November 16, 2005 | 2.8384% |
| Buck Avenue Apartments, LP | Specht Living Trust | 0.7936% |
| Buck Avenue Apartments, LP | Suhonos Family Trust dtd January 5, 1999 | 2.1162% |
| Buck Avenue Apartments, LP | Taffe, Norman | 1.0581% |
| Buck Avenue Apartments, LP | Taneja, Aneeta | 1.1457% |
| Buck Avenue Apartments, LP | Taneja, Mukesh | 1.1457% |
| Buck Avenue Apartments, LP | Traynor, Michelle | 2.1162% |
| Buck Avenue Apartments, LP | Wichael Declaration Trust dtd July 27, 1987 | 2.1366% |
| Buck Avenue Apartments, LP | Wold, Anthony and Jodene | 1.5872% |
| Buck Avenue Apartments, LP | Wright & Martinez Family Trust dtd Feb 27, 2001 | 1.5872% |
| Buckeye Tree, LP | Davis, Leah M. & Douglas S. | 7.2200% |
| Buckeye Tree, LP | Di Marco Revocable Trust dtd July 14, 2004 | 7.2200% |
| Buckeye Tree, LP | Kevin Ziegenmeyer | 3.2500% |
| Buckeye Tree, LP | Lance Jordan | 3.2500% |
| Buckeye Tree, LP | LeFever Mattson | 16.2030% |
| Buckeye Tree, LP | Mark and Janet Bennett | 3.2500% |
| Buckeye Tree, LP | Reynolds, Randall N. | 5.8180% |
| Buckeye Tree, LP | Tenorio, Pete and Valerie | 6.8590% |
| Buckeye Tree, LP | Thomas and Lisa Swarbrick | 7.2200% |
| Buckeye Tree, LP | Thomas Jr and Robin L Azzalina Rev Trust | 10.8300% |
| Buckeye Tree, LP | Van't Hul Revocable Living Trust May 15, 2000 | 14.4400% |
| Buckeye Tree, LP | Walker Family Trust dtd December 15, 2006 | 14.4400% |
| Bur Oak, LP | Hill Trust Agreement February 7, 1991 | 8.2533% |
| Bur Oak, LP | Kevin L. & Racquel V. Goodwin Living Trust | 2.3249% |
| Bur Oak, LP | Lawrence A. & Shirley Deckard | 2.7511% |
| Bur Oak, LP | LeFever Mattson | 37.3166% |

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Bur Oak, LP | Mark and Janice Thomas | 7.6613% |
| Bur Oak, LP | Ramon Velasquez | 0.9299% |
| Bur Oak, LP | Reuben Velasquez | 4.6498% |
| Bur Oak, LP | Revocable Living Trust of Daren W. Dirkse | 5.5022% |
| Bur Oak, LP | Rowena Velasquez | 1.3949% |
| Bur Oak, LP | Susan J. Sandberg & Peter J. Sandberg | 2.7511% |
| Bur Oak, LP | Thomas and Beverly Franza | 13.7555% |
| Bur Oak, LP | Timothy and Leslie Blanchard | 5.5022% |
| Bur Oak, LP | Velasquez, Raoul L. & Felicitas V. | 1.1624% |
| Bur Oak, LP | Velasquez, Richard | 2.7898% |
| Bur Oak, LP | William & Regina Parkinson | 3.2548% |
| Butcher Road Partners, LLC | Unknown | |
| California Investment Properties, a California corporation | Home Tax Service of America, Inc. | 100.0000% |
| Cambria Pine, LP | Keith & Anne Gockel Rev Trust dtd May 17, 2013 | 11.2613% |
| Cambria Pine, LP | Kirkland Family Trust UDT, dtd November 10, 2013 | 15.2000% |
| Cambria Pine, LP | LeFever Mattson | 28.7189% |
| Cambria Pine, LP | Loux Family Living Trust | 11.0360% |
| Cambria Pine, LP | Mattson, Sharon | 5.6306% |
| Cambria Pine, LP | Revocable Living Trust of Daren W. Dirkse | 5.6306% |
| Cambria Pine, LP | Standiford Family Trust dated October 8, 1998 | 11.2613% |
| Cambria Pine, LP | Suhonos Family Trust dtd January 5, 1999 | 11.2613% |
| Chestnut Oak, LP | Butler Trust | 15.9354% |
| Chestnut Oak, LP | Hicks, Donald L or Kimberlie | 13.2486% |
| Chestnut Oak, LP | Keith & Anne Gockel Rev Trust dtd May 17, 2013 | 7.9491% |
| Chestnut Oak, LP | LeFever Mattson | 2.3262% |
| Chestnut Oak, LP | Mark and Janet Bennett | 18.7500% |
| Chestnut Oak, LP | Michael & Joellen Teifel | 10.9894% |
| Chestnut Oak, LP | Revocable Living Trust of Daren W. Dirkse | 13.2486% |
| Chestnut Oak, LP | Riley 1994 Revocable Trust | 17.5528% |
| Country Oaks I, LP | Avila Family Trust | 2.6500% |
| Country Oaks I, LP | Crane, Charles E. | 3.1170% |
| Country Oaks I, LP | Crane, Stephen M. | 3.1170% |
| Country Oaks I, LP | Dana L Conway | 1.9480% |
| Country Oaks I, LP | Daniel H. Goff | 1.9490% |
| Country Oaks I, LP | Edgar, Charles H & Cathleen W | 3.8970% |
| Country Oaks I, LP | Gitsham Family Trust | 4.6760% |
| Country Oaks I, LP | Kathleen Hamlin Living Trust, dtd July 2, 2008 | 7.7940% |
| Country Oaks I, LP | Kristianne Goff | 1.9480% |
| Country Oaks I, LP | KS Mattson Partners | 3.1170% |
| Country Oaks I, LP | Laura Goff O'Connor | 1.9490% |
| Country Oaks I, LP | LeFever Mattson | 10.2630% |
| Country Oaks I, LP | Long, Stephen M & Holli L | 3.1170% |
| Country Oaks I, LP | Manfred K Fisher Family Trust dtd May 25, 2006 | 7.7940% |
| Country Oaks I, LP | Peter N Loukianoff Family Trust dtd April 12, 2008 | 1.5607% |
| Country Oaks I, LP | Steven and Desiree Osterback Trst, April 20, 2016 | 2.5180% |
| Country Oaks I, LP | Taffe, Jillian | 1.1690% |
| Country Oaks I, LP | Taffe, Norman | 1.1690% |
| Country Oaks I, LP | Taneja, Aneeta | 4.6760% |
| Country Oaks I, LP | The Willis McKelvey Rice | 11.6990% |
| Country Oaks I, LP | Van't Hul Revocable Living Trust May 15, 2000 | 3.5070% |
| Country Oaks I, LP | Ward M & Anne C Pitman Trust dtd January 11, 2006 | 4.6760% |
| Country Oaks I, LP | Wilcox, Donald E. | 3.1170% |
| Country Oaks I, LP | WL/PD Mattson Trust | 2.3380% |
| Country Oaks I, LP | Yi, Kyung | 3.1170% |
| Country Oaks I, LP | Young Family Trust | 3.1170% |
| Divi Divi Tree, L.P. | KS Mattson Partners | 48.4670% |
| Divi Divi Tree, L.P. | LeFever Mattson | 17.6326% |
| Divi Divi Tree, L.P. | LeFever, Tim & Amy | 19.4583% |
| Divi Divi Tree, L.P. | Richard V & Carolyn C Treakle Revoc Trust | 14.4421% |

Case: 24-10545   Doc# 2530-2 Filed: 11/15/24 Entered: 11/15/24 13:54:16 Page 8 of 1027

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 155 of 960

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Douglas Fir Investments, LP | Jack & Hilda Harouni Revocable Living Trust | 16.5480% |
| Douglas Fir Investments, LP | LeFever Mattson | 60.7910% |
| Douglas Fir Investments, LP | Richard V & Carolyn C Treakle Revoc Trust | 22.6610% |
| Firetree I, LP | LeFever Mattson | 100.0000% |
| Firetree II, LP | LeFever Mattson | 100.0000% |
| Firetree III, LP | LeFever Mattson | 100.0000% |
| Foxtail Pine, LP | Albers, Kenneth W. | 16.6927% |
| Foxtail Pine, LP | Brady Family Trust | 8.1534% |
| Foxtail Pine, LP | Fleming Family Trust | 9.2331% |
| Foxtail Pine, LP | LeFever Mattson | 46.2719% |
| Foxtail Pine, LP | Rogers Revocable Living Trust | 10.1136% |
| Foxtail Pine, LP | Wold, Anthony and Jodene | 9.5353% |
| Ginko Tree, LP | Blattman, Keith and Maria | 6.3485% |
| Ginko Tree, LP | Daniel & Mary Goff Declaration of Trust | 4.7614% |
| Ginko Tree, LP | Diann Van Nortwick Tilley Trust | 6.0311% |
| Ginko Tree, LP | Hines Family Trust | 3.1742% |
| Ginko Tree, LP | James E & Karen R Wofford Revoc Trst Feb 26, 2004 | 4.4439% |
| Ginko Tree, LP | Kevin Ziegenmeyer | 3.5000% |
| Ginko Tree, LP | LeFever Mattson | 19.5702% |
| Ginko Tree, LP | Mark and Janet Bennett | 3.5000% |
| Ginko Tree, LP | Mitzi A. Brown Revocable Trust dtd Dec 18, 1978 | 6.3485% |
| Ginko Tree, LP | Olson, John B., Jr & Amy W. | 6.3485% |
| Ginko Tree, LP | Velasquez, Raoul L. & Felicitas V. | 15.2931% |
| Ginko Tree, LP | Velasquez, Richard | 14.3322% |
| Ginko Tree, LP | Williams, Elizabeth F. | 6.3485% |
| Golden Tree, LP | Unknown | |
| Hagar Properties, LP | 2005 Jeffrey B. Murphy & Michelle L Murphy Revoc T | 4.8110% |
| Hagar Properties, LP | Christopher and Donna McCartney | 9.6220% |
| Hagar Properties, LP | Kathleen Hamlin Living Trust, dtd July 2, 2008 | 9.6220% |
| Hagar Properties, LP | Keith & Anne Gockel Rev Trust dtd May 17, 2013 | 9.6220% |
| Hagar Properties, LP | KS Mattson Partners | 19.2450% |
| Hagar Properties, LP | LeFever Mattson | 36.3760% |
| Hagar Properties, LP | LeFever, Tim & Amy | 4.8110% |
| Hagar Properties, LP | Murphy Revocable Trust dtd Nov. 2, 1995 | 4.8110% |
| Hagar Properties, LP | Scott R and Regiina A | 1.0800% |
| Heacock Park Apartments, LP | Alekna 2002 Revocable Trust | 4.7550% |
| Heacock Park Apartments, LP | Joy M Axelson Trust | 4.2900% |
| Heacock Park Apartments, LP | KS Mattson Partners | 6.4340% |
| Heacock Park Apartments, LP | LeFever Mattson | 19.3040% |
| Heacock Park Apartments, LP | LeFever, Tim & Amy | 5.7200% |
| Heacock Park Apartments, LP | Marcia Albers (nee Deichert) | 7.3140% |
| Heacock Park Apartments, LP | McCartney Family Living Trust dtd Nov 12, 1997 | 2.1450% |
| Heacock Park Apartments, LP | Ogg, Kathy | 8.5790% |
| Heacock Park Apartments, LP | Rhoads,Dolores I. | 1.1440% |
| Heacock Park Apartments, LP | Riley 1994 Revocable Trust | 7.1490% |
| Heacock Park Apartments, LP | Robert Dean Rhoads | 2.2880% |
| Heacock Park Apartments, LP | Ruth Elain Tillman | 2.2880% |
| Heacock Park Apartments, LP | Standiford Family Trust dated October 8, 1998 | 5.7190% |
| Heacock Park Apartments, LP | Suhonos Family Trust dtd January 5, 1999 | 5.7190% |
| Heacock Park Apartments, LP | The Charles and Audrey Hermle Living Trust dtd 2/26/15 | 4.2900% |
| Heacock Park Apartments, LP | The Gregory Scott Montalvo Living Trust | 6.4340% |
| Heacock Park Apartments, LP | Wichael Declaration Trust dtd July 27, 1987 | 6.4290% |
| Home Tax Service of America, Inc. | LeFever Mattson | 66.6667% |
| Home Tax Service of America, Inc. | Mark Bennett | 33.3333% |
| LeFever Mattson I, LLC | Unknown | |
| LeFever Mattson, a California corporation | Kenneth W. Mattson | 50.0000% |
| LeFever Mattson, a California corporation | Timothy LeFever | 50.0000% |
| Live Oak Investments, LP | Anderson 2001 Revocable Trust dated June 12, 2001 | 7.8587% |
| Live Oak Investments, LP | Chase Family Trust restated 1992 | 9.5320% |

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Live Oak Investments, LP | Davis, Ray and Kim | 6.9155% |
| Live Oak Investments, LP | Fleming Family Trust | 11.5635% |
| Live Oak Investments, LP | Fox Family Trust dtd May 24, 2002 | 10.0565% |
| Live Oak Investments, LP | Girardi Revocable Living Trust | 7.0731% |
| Live Oak Investments, LP | LeFever Mattson | 21.6227% |
| Live Oak Investments, LP | Ogg, Kathy | 7.4406% |
| Live Oak Investments, LP | PO Box 1145 | 4.0067% |
| Live Oak Investments, LP | The Willis McKelvey Rice | 5.9172% |
| Live Oak Investments, LP | William N Andrew and Sally G Andrew Revocable Trust dtd 6/21 | 8.0135% |
| Monterey Pine, LP | Alan or Lekili Hubbard | 5.4900% |
| Monterey Pine, LP | Chris D & Maria E Bushey | 3.0140% |
| Monterey Pine, LP | Christopher W. Koerner | 4.3500% |
| Monterey Pine, LP | Hines Declaration of Trust dtd October 18, 2005 | 3.1070% |
| Monterey Pine, LP | James R & Shirley E Sweetman Family Trust | 4.0080% |
| Monterey Pine, LP | John D. & Laurel E. Bruce Rev Trust dtd July3,1992 | 4.7040% |
| Monterey Pine, LP | John N. McFadden & Jeri Smith- McFadden | 4.6610% |
| Monterey Pine, LP | Keith & Anne Gockel Rev Trust dtd May 17, 2013 | 5.4380% |
| Monterey Pine, LP | LeFever Mattson | 38.8160% |
| Monterey Pine, LP | Lydia R. Zboray Revocable Trust dtd 10/17/17 | 3.1070% |
| Monterey Pine, LP | Margaret Thomas Rev Trust dtd September 21, 2005 | 6.2150% |
| Monterey Pine, LP | Standiford Family Trust dated October 8, 1998 | 3.1070% |
| Monterey Pine, LP | The Lessler Family Trust dtd September 28, 1998 | 7.7680% |
| Monterey Pine, LP | Wichael Declaration Trust dated July 27, 1987 | 6.2150% |
| Napa Elm, LP | LeFever Mattson | 100.0000% |
| Nut Pine, LP | 2005 Jeffrey B. Murphy & Michelle L Murphy Revoc T | 6.3900% |
| Nut Pine, LP | Christopher Joseph and Sarah Yourd Bannon Fam Tst | 2.9850% |
| Nut Pine, LP | Gitsham Family Trust | 6.3900% |
| Nut Pine, LP | Gralee Properties, LLC | 6.9020% |
| Nut Pine, LP | John D. & Laurel E. Bruce Rev Trust dtd July3,1992 | 3.7310% |
| Nut Pine, LP | Lanning Family Trust | 3.7310% |
| Nut Pine, LP | LeFever Mattson | 38.1540% |
| Nut Pine, LP | Margaret Orlich Trust dtd September 26, 2003 | 3.7330% |
| Nut Pine, LP | Olson Declaration of Trust dtd May 21, 2001 | 3.7310% |
| Nut Pine, LP | Sandy T Lui & Sherman S. Luk | 3.7310% |
| Nut Pine, LP | Suhonos Family Trust dtd January 5, 1999 | 11.1940% |
| Nut Pine, LP | The Willis McKelvey Rice | 3.7310% |
| Nut Pine, LP | Thomas Jr and Robin L Azzalina Rev Trust | 5.5970% |
| Pinecone, LP | KS Mattson Partners | Unknown |
| Pinecone, LP | LeFever Mattson | Unknown |
| Pinewood Condominiums, LP | Anderson 2001 Revocable Trust dated June 12, 2001 | 5.1957% |
| Pinewood Condominiums, LP | Autry Lopez Family Rev Trust dtd July 7, 2000 | 7.3423% |
| Pinewood Condominiums, LP | Blattman, Keith and Maria | 3.7291% |
| Pinewood Condominiums, LP | Catherine Mackenzie Cook | 0.7458% |
| Pinewood Condominiums, LP | Davis, Leah M. & Douglas S. | 1.3050% |
| Pinewood Condominiums, LP | Gorr, Mark S | 3.7291% |
| Pinewood Condominiums, LP | Hanson Family 2002 Trust dtd January 23, 2002 | 4.6614% |
| Pinewood Condominiums, LP | Harding 2003 Revocable Trust dtd December 23, 2003 | 13.0518% |
| Pinewood Condominiums, LP | Kenneth J. & Catherine M. Cook | 0.7458% |
| Pinewood Condominiums, LP | Kent A. Zboray Living Trust | 2.7968% |
| Pinewood Condominiums, LP | LeFever Mattson | 18.9230% |
| Pinewood Condominiums, LP | Lydia R. Zboray Revocable Trust dtd 10/17/17 | 2.7970% |
| Pinewood Condominiums, LP | Mullin Family Trust | 7.4582% |
| Pinewood Condominiums, LP | Rennie, Mary | 7.8311% |
| Pinewood Condominiums, LP | Rhoads,Dolores I. | 4.3188% |
| Pinewood Condominiums, LP | Taffe, Jillian | 1.8645% |
| Pinewood Condominiums, LP | Taffe, Norman | 1.8645% |
| Pinewood Condominiums, LP | Thomas, Mark T & Janice A. | 6.0465% |
| Pinewood Condominiums, LP | Traynor, Michelle | 5.5936% |

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Red Cedar Tree, LP | LeFever Mattson | 1.0000% |
| Red Cedar Tree, LP | RT Capitol Mall, LP | 99.0000% |
| Red Mulberry Tree, LP | LeFever Mattson | 1.0000% |
| Red Mulberry Tree, LP | RT Capitol Mall, LP | 99.0000% |
| Red Oak Tree, LP | Adrienne Hannah Bailey | 5.3780% |
| Red Oak Tree, LP | Lauren Ann Craft | 2.0700% |
| Red Oak Tree, LP | LeFever Mattson | 70.0520% |
| Red Oak Tree, LP | William G. Manor | 22.5000% |
| Red Oak, LP | Autry Lopez Family Rev Trust dtd July 7, 2000 | 8.6127% |
| Red Oak, LP | Dalton, Dana | 10.6066% |
| Red Oak, LP | Davis, Ray and Kim | 5.8744% |
| Red Oak, LP | Frances C O'Brien Trust | 4.7848% |
| Red Oak, LP | Frances C O'Brien Trust | 5.7418% |
| Red Oak, LP | Girardi Revocable Living Trust | 6.6988% |
| Red Oak, LP | John & Jean Kelly Revocable Trust | 11.9529% |
| Red Oak, LP | LeFever Mattson | 12.9191% |
| Red Oak, LP | Lisa Swarbrick Separate Property Trust | 4.7848% |
| Red Oak, LP | Mattson, James and Rachel | 9.9357% |
| Red Oak, LP | Peter S. Strickland Trust dated May 4, 2012 | 13.3036% |
| Red Oak, LP | Specht Living Trust | 4.7848% |
| Red Spruce Tree, LP | Alexis A. Alekna | 2.8691% |
| Red Spruce Tree, LP | Daniel & Mary Goff Declaration of Trust | 11.4762% |
| Red Spruce Tree, LP | LeFever Mattson | 41.4865% |
| Red Spruce Tree, LP | Mattson, Sharon | 2.8691% |
| Red Spruce Tree, LP | Michael & Debra Williams | 5.7381% |
| Red Spruce Tree, LP | Revocable Living Trust of Daren W. Dirkse | 2.8691% |
| Red Spruce Tree, LP | Standiford Family Trust dated October 8, 1998 | 5.7381% |
| Red Spruce Tree, LP | The Charles and Audrey Hermle Living Trust dtd 2/26/15 | 12.9107% |
| Red Spruce Tree, LP | The Rick and Susan Tedford Living Trust | 14.0431% |
| Redbud Tree, LP | Unknown | |
| River Birch, LP | Ah-Thai Chin & Richard | 5.7766% |
| River Birch, LP | Alfred & Claudia Vieira Rev Living Trst dtd4/14/11 | 4.0430% |
| River Birch, LP | Barela Living Trust | 28.8830% |
| River Birch, LP | Bogardus, Garry L. & Tammera D. | 5.7766% |
| River Birch, LP | Carrillo, Ismael and Erin | 5.7766% |
| River Birch, LP | Granados, Elizabeth A. | 11.5532% |
| River Birch, LP | Guilford, Debbie J. & Thomas J. | 8.6649% |
| River Birch, LP | Kent A. Zboray Living Trust | 4.3324% |
| River Birch, LP | LeFever Mattson | 6.8483% |
| River Birch, LP | Lydia R. Zboray Revocable Trust dtd 10/17/17 | 4.3324% |
| River Birch, LP | Mihelich, Frank and Rosemarie | 8.2365% |
| River Birch, LP | Solomon Living Trust dtd March 20, 2001 | 5.7766% |
| River Tree Partners, LP | Albers, Kenneth W. | 7.0137% |
| River Tree Partners, LP | Davis, Craig H & Kathryn M | 2.9460% |
| River Tree Partners, LP | Dellacort Family Trust | 4.7958% |
| River Tree Partners, LP | Dong, Jacob T. Ming & Shirley M. | 5.4160% |
| River Tree Partners, LP | Gudnason Trust B dtd December 16, 1993 | 4.7351% |
| River Tree Partners, LP | Janice M Conrad Living Trust | 2.9640% |
| River Tree Partners, LP | Januth Kei Hayashi Trust dtd May 4, 2012 | 1.1856% |
| River Tree Partners, LP | LeFever Mattson | 20.8735% |
| River Tree Partners, LP | Lull Family Living Revocable Trst, dtdJan 15, 2009 | 4.2882% |
| River Tree Partners, LP | Marie A. Morse Family Trust | 5.7906% |
| River Tree Partners, LP | Ogg, Kathy | 7.1137% |
| River Tree Partners, LP | Peter S. Strickland Trust dated May 4, 2012 | 1.1856% |
| River Tree Partners, LP | Prisco, Stephen R Sergi & Anne M | 2.9640% |
| River Tree Partners, LP | Richard V & Carolyn C Treakle Revoc Trust | 17.8165% |
| River Tree Partners, LP | Riley 1994 Revocable Trust | 4.2564% |
| River Tree Partners, LP | Scott R and Regiina A | 2.3670% |
| River Tree Partners, LP | Walker Family Trust dtd December 15, 2006 | 4.2882% |

Case: 24-10545   Doc# 2853-2   Filed: 11/15/2024   Entered: 11/15/2024 12:54:16   Page 1 of 1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 158 of 960

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| River View Shopping Center 1, LLC | Buck Avenue Apartments, LP | 100.0000% |
| River View Shopping Center 2, LLC | Sequoia Investment Properties, LP | 100.0000% |
| RT Capitol Mall, LP | Country Oaks I, LP | 43.2000% |
| RT Capitol Mall, LP | River Tree Partners, LP | 56.8000% |
| RT Golden Hills, LP | Country Oaks I, LP | 43.2000% |
| RT Golden Hills, LP | River Tree Partners, LP | 56.8000% |
| Scotch Pine, LP | Alex John Leonardini | 3.2175% |
| Scotch Pine, LP | Daniel Joseph Leonardini | 3.2170% |
| Scotch Pine, LP | Gralee Properties, LLC | 7.6790% |
| Scotch Pine, LP | Kevin L. & Racquel V. Goodwin Living Trust | 14.4780% |
| Scotch Pine, LP | LeFever Mattson | 26.7330% |
| Scotch Pine, LP | Leonardini Revocable Trust | 6.4350% |
| Scotch Pine, LP | McCartney Family Living Trust dtd Nov 12, 1997 | 6.4350% |
| Scotch Pine, LP | Odett L. Mittone | 6.4350% |
| Scotch Pine, LP | Roth Revocable Living Trust | 9.2830% |
| Scotch Pine, LP | Warren and Judith Ducioame | 9.6520% |
| Scotch Pine, LP | Xavier Garza | 6.4350% |
| Sequoia Investment Properties, LP | Abad Family Trust dtd 12/9/02 | 1.0650% |
| Sequoia Investment Properties, LP | Anderson 2001 Revocable Trust dated June 12, 2001 | 7.5710% |
| Sequoia Investment Properties, LP | Bill & Cheryl Reese | 2.1300% |
| Sequoia Investment Properties, LP | Fox Family Trust dtd May 24, 2002 | 4.8300% |
| Sequoia Investment Properties, LP | Garcia Family Trust, Ralph & Sandra Garcia, TTEE | 3.4350% |
| Sequoia Investment Properties, LP | Januth Kei Hayashi Trust dtd May 4, 2012 | 0.6820% |
| Sequoia Investment Properties, LP | Jody Craig Niccolson | 1.8930% |
| Sequoia Investment Properties, LP | Kevan M & Pik L Smith Living Trst dtdSept 20, 2001 | 1.4200% |
| Sequoia Investment Properties, LP | LeFever Mattson | 36.5710% |
| Sequoia Investment Properties, LP | Luis Urbano & Elizabeth Naomi Martinez Int Viv Trust | 1.4200% |
| Sequoia Investment Properties, LP | Morse Family Trust | 1.4880% |
| Sequoia Investment Properties, LP | Nancy Niccolson | 1.8930% |
| Sequoia Investment Properties, LP | Natalie Duke | 1.8930% |
| Sequoia Investment Properties, LP | Nora Basso | 1.8930% |
| Sequoia Investment Properties, LP | Olson, John B., Jr & Amy W. | 0.3550% |
| Sequoia Investment Properties, LP | Peter S. Strickland Trust dated May 4, 2012 | 0.6820% |
| Sequoia Investment Properties, LP | Richard M. Little & Jeanne Curran-Little | 0.4540% |
| Sequoia Investment Properties, LP | Riley 1994 Revocable Trust | 7.5710% |
| Sequoia Investment Properties, LP | Scott, Laura C. | 0.8180% |
| Sequoia Investment Properties, LP | Sebastian R. & Peggy S. Lopez Revocable Trust | 5.1520% |
| Sequoia Investment Properties, LP | Sidney Mar | 1.5970% |
| Sequoia Investment Properties, LP | Sloan Revocable Trust,utd dtd November 16, 2005 | 1.0910% |
| Sequoia Investment Properties, LP | The Rick and Susan Tedford Living Trust | 6.5260% |
| Sequoia Investment Properties, LP | Thomas and Beverly Franza | 7.5710% |
| Sienna Pointe, LLC | Divi Divi Tree, L.P. | 100.0000% |
| Spruce Pine, LP | Unknown | |
| Tradewinds Apartments, LP | 2005 Jeffrey B. Murphy & Michelle L Murphy Revoc T | 9.6750% |
| Tradewinds Apartments, LP | Kathleen Hamlin Living Trust, dtd July 2, 2008 | 10.0530% |
| Tradewinds Apartments, LP | KS Mattson Partners | 42.5700% |
| Tradewinds Apartments, LP | LeFever Mattson | 15.0160% |
| Tradewinds Apartments, LP | LeFever, Tim & Amy | 7.7400% |
| Tradewinds Apartments, LP | Peter N Loukianoff Family Trust dtd April 12, 2008 | 5.2710% |
| Tradewinds Apartments, LP | The Willis McKelvey Rice | 9.6750% |
| Vaca Villa Apartments, LP | LeFever Mattson | 37.5556% |
| Vaca Villa Apartments, LP | McCartney Family Living Trust dtd Nov 12, 1997 | 33.1860% |
| Vaca Villa Apartments, LP | Trembath, Lenora | 26.4120% |
| Vaca Villa Apartments, LP | Trembath, Raymond | 2.8460% |
| Valley Oak Investments, LP | Boutiette Living Trust dtd May 9 | 5.7760% |
| Valley Oak Investments, LP | Carolyn Lee Haslip Living Trust | 7.9280% |
| Valley Oak Investments, LP | Cindy Green | 7.5060% |
| Valley Oak Investments, LP | Girardi Revocable Living Trust | 2.0720% |
| Valley Oak Investments, LP | Hines Family Trust | 6.4600% |

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Valley Oak Investments, LP | Karen Robinson | 8.3370% |
| Valley Oak Investments, LP | KS Mattson Partners | 13.4520% |
| Valley Oak Investments, LP | LeFever Mattson | 22.8190% |
| Valley Oak Investments, LP | Mattson, Sharon | 1.4470% |
| Valley Oak Investments, LP | Mullin Family Trust | 4.6110% |
| Valley Oak Investments, LP | Revocable Living Trust of Daren W. Dirkse | 1.4470% |
| Valley Oak Investments, LP | The Kevin & Kim Farrell Living Trust April 6, 2005 | 4.6110% |
| Valley Oak Investments, LP | The Willis McKelvey Rice | 2.8950% |
| Valley Oak Investments, LP | Traynor, Michelle | 10.6390% |
| Watertree I, LP | Unknown | |
| Willow Oak, LP | Blanchard, Tim & Leslie | 5.5022% |
| Willow Oak, LP | Deckard, Lawrence & Shirley | 2.7511% |
| Willow Oak, LP | Franza, Thomas & Beverly | 13.7555% |
| Willow Oak, LP | Goodwin, Kevin & Racquel | 2.3249% |
| Willow Oak, LP | Hill Trust | 8.2533% |
| Willow Oak, LP | LeFever Mattson | 37.3166% |
| Willow Oak, LP | Parkinson, William & Regina | 3.2548% |
| Willow Oak, LP | Revocable Trust of Daren Dirkse, Daren Dirkse TTEE | 5.5022% |
| Willow Oak, LP | Sandberg, Peter J & Susan J | 2.7511% |
| Willow Oak, LP | Thomas, Mark T. & Janice A. | 7.6613% |
| Willow Oak, LP | Velasquez, Ramon | 0.9299% |
| Willow Oak, LP | Velasquez, Raoul | 1.1624% |
| Willow Oak, LP | Velasquez, Reuben | 4.6498% |
| Willow Oak, LP | Velasquez, Richard | 2.7898% |
| Willow Oak, LP | Velasquez, Rowena | 1.3949% |
| Windscape Apartments I, LP | Baumgartner, Stacie M | 3.1450% |
| Windscape Apartments I, LP | Baumgartner, Todd | 3.1450% |
| Windscape Apartments I, LP | Baumgartner, Todd | 4.1370% |
| Windscape Apartments I, LP | Cabacungan: the Manuel and Theresita Cabacungan Family Trust | 8.4150% |
| Windscape Apartments I, LP | Farrell:  Kevin & Kim Farrell Living Trust dated 4/6/05 | 7.9640% |
| Windscape Apartments I, LP | Fisher Family Trust | 9.5420% |
| Windscape Apartments I, LP | Fox Family Trust dated 5/24/02 | 8.6820% |
| Windscape Apartments I, LP | Ganyo Revocable  Family Trust dated Aug. 13, 1998 | 8.0140% |
| Windscape Apartments I, LP | Girardi: John A. and Marsi A. Girardi Revocable Living Trust dated May 1, 2002 | 4.3030% |
| Windscape Apartments I, LP | Gockel Revocable Trust dated May 17, 2013,  Keith Alan Gockel and Anne Michelle, Keith A. Gockel and Anne M. Gockel, TTEE | 2.7190% |
| Windscape Apartments I, LP | LeFever Mattson | 13.1900% |
| Windscape Apartments I, LP | LeFever, Timothy and Amy | 6.2380% |
| Windscape Apartments I, LP | Mattson Trust, WL/PD, William L & Peggy D Mattson, TTEE | 4.8050% |
| Windscape Apartments I, LP | Mattson, James S. & Rachel L. | 2.5380% |
| Windscape Apartments I, LP | Mattson, Sharon M. | 2.5040% |
| Windscape Apartments I, LP | Oropallo, Haidee J. | 3.1450% |
| Windscape Apartments I, LP | Revocable Trust of Daren Dirke, Dirkse, Daren TTEE | 2.5050% |
| Windscape Apartments I, LP | The Dolores Irene Rhoades Living Trust, Rhoads,Dolores TTEE | 5.0090% |
| Windscape Apartments II, LP | Aikin: Virginia P Aikin Trust | 0.9970% |
| Windscape Apartments II, LP | Bennett, Mark and Janet | 4.1550% |
| Windscape Apartments II, LP | Bjorklund Living Trust dtd July 13, 2010, Linda E Bjorklund, Trustee | 1.5790% |
| Windscape Apartments II, LP | Bobetsky Family Trust | 8.3100% |
| Windscape Apartments II, LP | Chase, Peter | 1.9390% |
| Windscape Apartments II, LP | Ganyo Revocable  Family Trust dated Aug. 13, 1998 | 1.9940% |
| Windscape Apartments II, LP | Joseph and Barbara Fiori Family Trust November 14,2002 | 2.0780% |
| Windscape Apartments II, LP | Knoll, Joseph | 0.8310% |
| Windscape Apartments II, LP | Koerner Family Trust dtd 10/4/95 | 6.9170% |
| Windscape Apartments II, LP | LeFever Mattson | 1.9530% |

LeFever Mattson et al.
List of Equity Security Holders

| Debtor Name | Investor Name | Percentage of Interest |
|---|---|---|
| Windscape Apartments II, LP | LeFever Mattson | 14.6780% |
| Windscape Apartments II, LP | LeFever, Timothy and Amy | 4.1550% |
| Windscape Apartments II, LP | Lydia R. Zboray Revocable Tst dtd 10/17/17; Lydia A Hagenbach, TTEE | 1.6620% |
| Windscape Apartments II, LP | Mattson, James S. & Rachel L. | 1.6620% |
| Windscape Apartments II, LP | Perris Freeway Plaza LP | 24.6530% |
| Windscape Apartments II, LP | Smith Revocable Living Trust dtd 9/20/01, Kevan M & Pik L | 6.6480% |
| Windscape Apartments II, LP | Suhonos Family Trust dated January 5, 1999 | 6.6480% |
| Windscape Apartments II, LP | Taffe, Jillian S | 1.6620% |
| Windscape Apartments II, LP | Taffe, Norman | 1.6620% |
| Windscape Apartments II, LP | Treger Family Trust dtd 7/7/1988, Mark & Marilyn Treger, TTEE | 1.6620% |
| Windscape Apartments II, LP | Varada, Raj R & Jayashree G | 1.6620% |
| Windscape Apartments II, LP | Yee, Arnold & Ruane Hayashi-Yee Trust dated May 30, 2000 | 2.4930% |
| Windscape Apartments, LLC | Windscape Holdings, LLC | 100.0000% |
| Windscape Holdings, LLC | Douglas Fir Investments, LP | 18.7872% |
| Windscape Holdings, LLC | Perris Freeway Plaza, LP | 27.1246% |
| Windscape Holdings, LLC | Windscape Apartments I, LP | 19.7296% |
| Windscape Holdings, LLC | Windscape Apartments II, LP | 34.3586% |
| Windtree, LP | Unknown | |
| Yellow Poplar, LP | Delgado, Gloria E. & Julian L. | 14.1206% |
| Yellow Poplar, LP | LeFever Mattson | 34.7478% |
| Yellow Poplar, LP | Suhonos Family Trust dtd January 5, 1999 | 27.6550% |

Case: 24-10545   Doc# 2530-2 Filed: 11/15/24 Entered: 11/15/24 23:54:16 Page 10 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 161 of 960

# EXHIBIT B

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Docket #0209 Date Filed: 10/25/2024

# UNITED STATES BANKRUPTCY COURT

Northern  DISTRICT OF  California

In Re. Live Oak Investments, LP

§
§
§
§

_____
Debtor(s)

Case No.  24-10511

Lead Case No.  24-10545

☒ Jointly Administered

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 09/30/2024

Petition Date: 09/12/2024

Months Pending: 1

Industry Classification: | 5 | 3 | 1 | 3 |

Reporting Method:          Accrual Basis ◯          Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☒ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/ Thomas B. Rupp
Signature of Responsible Party

10/25/2024
Date

Thomas B. Rupp
Printed Name of Responsible Party

Keller Benvenutti Kim LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)

Debtor's Name  Live Oak Investments, LP                    Case No.  24-10511

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $3,061,049 | |
| b. Total receipts (net of transfers between accounts) | $1,195 | $1,195 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $3,062,244 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory   (Book ○  Market ○  Other ◉   (attach explanation)) | $0 |
| d. Total current assets | $6,311,074 |
| e. Total assets | $6,313,691 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $6,313,691 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations)<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $1,195 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $1,195 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $1,195 | $1,195 |

UST Form 11-MOR (12/01/2021)

Debtor's Name  Live Oak Investments, LP                              Case No.  24-10511

| Part 5:  Professional Fees and Expenses | | | | | | |
|---|---|---|---|---|---|---|

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| | i | | | | | |
| | ii | | | | | |
| | iii | | | | | |
| | iv | | | | | |
| | v | | | | | |
| | vi | | | | | |
| | vii | | | | | |
| | viii | | | | | |
| | ix | | | | | |
| | x | | | | | |
| | xi | | | | | |
| | xii | | | | | |
| | xiii | | | | | |
| | xiv | | | | | |
| | xv | | | | | |
| | xvi | | | | | |
| | xvii | | | | | |
| | xviii | | | | | |
| | xix | | | | | |
| | xx | | | | | |
| | xxi | | | | | |
| | xxii | | | | | |
| | xxiii | | | | | |
| | xxiv | | | | | |
| | xxv | | | | | |
| | xxvi | | | | | |
| | xxvii | | | | | |
| | xxviii | | | | | |
| | xxix | | | | | |
| | xxx | | | | | |
| | xxxi | | | | | |
| | xxxii | | | | | |
| | xxxiii | | | | | |
| | xxxiv | | | | | |
| | xxxv | | | | | |
| | xxxvi | | | | | |

UST Form 11-MOR (12/01/2021)

Debtor's Name  Live Oak Investments, LP                                      Case No.  24-10511

| | | | | | |
|---|---|---|---|---|---|
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |

UST Form 11-MOR (12/01/2021)

Debtor's Name  Live Oak Investments, LP                                      Case No.  24-10511

| | | | | | |
|---|---|---|---|---|---|
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |
| xcix | | | | | |
| c | | | | | |
| ci | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |

UST Form 11-MOR (12/01/2021)

Debtor's Name  Live Oak Investments, LP                                    Case No.  24-10511

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxviii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

Case 24-10511  Doc#2809-2 Filed 01/25/25 Entered 01/25/24 56245053416 Page 21 of 227

UST Form 11-MOR (12/01/2021)

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 168 of 960

Debtor's Name  Live Oak Investments, LP                              Case No.  24-10511

| | | | | | |
|---|---|---|---|---|---|
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

Case 24-10511   Doc#2809-2 Filed 01/25/24 Entered 01/25/24 05:34:16 Page 2 of 1227

UST Form 11-MOR (12/01/2021)

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 169 of 960

Debtor's Name  Live Oak Investments, LP                                    Case No.  24-10511

|   | xcix | | | | | |
|---|---|---|---|---|---|---|
|   | c | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | |

| Part 6:  Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a.  Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b.  Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c.  Postpetition employer payroll taxes accrued | $0 | $0 |
| d.  Postpetition employer payroll taxes paid | $0 | $0 |
| e.  Postpetition property taxes paid | $0 | $0 |
| f.  Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g.  Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)  Yes ◯  No ⦿

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)  Yes ◯  No ⦿

c.  Were any payments made to or on behalf of insiders?  Yes ◯  No ⦿

d.  Are you current on postpetition tax return filings?  Yes ⦿  No ◯

e.  Are you current on postpetition estimated tax payments?  Yes ⦿  No ◯

f.  Were all trust fund taxes remitted on a current basis?  Yes ⦿  No ◯

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ◯  No ⦿

h.  Were all payments made to or on behalf of professionals approved by the court?  Yes ◯  No ◯  N/A ⦿

i.  Do you have:          Worker's compensation insurance?  Yes ◯  No ⦿

                    If yes, are your premiums current?  Yes ◯  No ◯  N/A ⦿  (if no, see Instructions)

              Casualty/property insurance?  Yes ◯  No ⦿

                    If yes, are your premiums current?  Yes ◯  No ◯  N/A ⦿  (if no, see Instructions)

              General liability insurance?  Yes ◯  No ⦿

                    If yes, are your premiums current?  Yes ◯  No ◯  N/A ⦿  (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?  Yes ◯  No ⦿

k.  Has a disclosure statement been filed with the court?  Yes ◯  No ⦿

l.  Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?  Yes ⦿  No ◯

UST Form 11-MOR (12/01/2021)

Debtor's Name Live Oak Investments, LP          Case No. 24-10511

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Bradley D. Sharp _____          Bradley D. Sharp _____
Signature of Responsible Party                   Printed Name of Responsible Party

Chief Restructuring Officer _____    10/25/2024 _____
Title                                            Date

Case 24-10511 Doc#2309-2 Filed 01/25/2425 Entered 01/25/2425 24:53:16 Page 24 of 227

UST Form 11-MOR (12/01/2021)

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 171 of 960

Debtor's Name  Live Oak Investments, LP

Case No.  24-10511



PageOnePartOne



PageOnePartTwo



PageTwoPartOne



PageTwoPartTwo

UST Form 11-MOR (12/01/2021)

Debtor's Name  Live Oak Investments, LP                 Case No.  24-10511



Bankruptcy1to50



Bankruptcy51to100



NonBankruptcy1to50



NonBankruptcy51to100

UST Form 11-MOR (12/01/2021)

Debtor's Name Live Oak Investments, LP     Case No. 24-10511



PageThree



PageFour

Case: 24-10545   Doc# 2890-2 Filed 10/25/24 Entered 10/25/24 23:54:16 Page 27 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 174 of 960

UST Form 11-MOR (12/01/2021)

**In re LeFever Mattson, a California corporation,** *et al.*

**Lead Case No. 24-10545 (CN)**

**Global Notes to Monthly Operating Reports**

<u>**General Notes**</u>: On September 12, 2024 (the "<u>Petition Date</u>"), LeFever Mattson, a California corporation, ("<u>LeFever Mattson</u>") and certain of its affiliates (collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Northern District of California (Santa Rosa Division) (the "<u>Bankruptcy Court</u>"), commencing the chapter 11 cases now jointly administered, for procedural purposes only, under Lead Case No. 24-10545 (the "<u>Chapter 11 Cases</u>").[1] The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors are providing the information and documents provided herewith (collectively, and for all Debtors, the "<u>Monthly Operating Reports</u>") pursuant to the in response to the *Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11*, promulgated by the United States Trustee Program, and the *United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession* (Revised March 31, 2023). All information in these Monthly Operating Reports relates solely to the Debtors, and not to any non-Debtor affiliate. The following notes and statements and limitations should be referred to, and referenced in connection with, any review of the Monthly Operating Reports.

<u>**Basis of Presentation**</u>: The Debtors are submitting their Monthly Operating Reports solely for the purposes of complying with requirements applicable in these Chapter 11 Cases. The financial information included in the Monthly Operating Reports is unaudited and has not been prepared in accordance with accounting principles generally accepted in the United States of America ("<u>U.S. GAAP</u>") and does not include all of the information and footnotes required by U.S. GAAP. The Monthly Operating Reports are not intended to reconcile to any financial statements otherwise prepared or distributed by the Debtors. The financial information contained herein is presented per the Debtors' books and records without, among other things, all adjustments or reclassification that may be necessary or typical in accordance with U.S. GAAP. It is possible that not all assets, liabilities, income, or expenses have been recorded at the time of production. The financial information included in the Monthly Operating Reports has not been subjected to procedures that would typically be applied to financial information presented in accordance with U.S. GAAP or any other recognized financial reporting framework, and, upon application of such procedures, the Debtors believe that the financial information could be subject to changes, and these changes could be material. The results of operations contained in the financial statements provided with these Monthly Operating Reports are not necessarily indicative of results that may be expected from any

---

[1]     Debtor Windscape Apartments, LLC, filed its chapter 11 petition on August 6, 2024. Debtors Pinewood Condominiums, LP, and Ponderosa Pines, LP, filed their chapter 11 petitions on October 2, 2024.

Case: 24-10545 Doc# 2809-2 Filed: 10/03/25 Entered: 10/03/25 16:50:36 Page 28 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 175 of 960

other period or for the full year and may not necessarily reflect the results of operations and financial position of the Debtors in the future.

The Debtors' books and records are kept on a cash basis. Accounts Receivable and Accounts Payable have been included in the responses to Part 2: Asset and Liability Status but are not included in the balance sheets attached with each monthly operating report.

Certain Debtors have joint ownership of assets with other Debtors. The asset account balances and activity have been allocated based on the Debtor's ownership percentage.

**Reservation of Rights**: The Debtors reserve all rights to amend or supplement their Monthly Operating Reports in all respects, as may be necessary or appropriate. Nothing contained in these Monthly Operating Reports shall constitute a waiver of any of the Debtors' rights under any applicable law or an admission with respect to any issue in the Chapter 11 Cases.

**Bank Accounts**: To the extent a Debtor has joint ownership of a property with another Debtor, the bank statements have been included for the property for each Debtor.

**Internal Transfers**: Transfers between Debtors are reflected as Intercompany Transfers on the Statements of Cash Receipts and Disbursements. The cumulative amounts of the internal transfers are shown as Intercompany Assets or Intercompany Liabilities on the Balance Sheets.

**Payments Made on Prepetition Debt**: On or about September 25, 2024, the Bankruptcy Court entered interim orders (the "Interim Orders") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition claims relating to (a) employee wages, salaries, and other compensation and benefits; (b) insurance premiums; and (c) the continued use of the Debtors' Cash Management System. Final orders granting such relief were entered on or about October 17-21, 2024 (the "Final Orders," and, collectively with the Interim Orders, the "First Day Orders"). Payments made on prepetition debt pursuant to the First Day Orders are not recorded in Attachment 1.

**Payments to Insiders**: All payments made by the Debtors to "Insiders," as such term is defined in 11 U.S.C. § 101(31), constituted the regular compensation owed to those individuals or reimbursements in the ordinary course of business as recorded in Attachment 1.

**Windtree, LP**: Windtree, LP is an entity that was historically controlled by Ken Mattson. It was recently discovered that LeFever Mattson is the owner of record for properties located in Perris, California, at 333 Wilkerson Ave., 371 Wilkerson Ave., and 411 Wilkerson Ave. The Debtors do not have any records related to these properties and are working to obtain information.

**1050 Elm Street**: There is conflicting information and uncertainty regarding the ownership of 1050 Elm Street, in Napa, California. The Debtors' books and records reflect the property owner as Tradewinds Apartments, LP and the historical tax returns have been prepared as such. 1050 Elm Street is reported as an asset of Tradewinds Apartments, LP in the monthly operating reports.

Case: 24-10545  Doc# 2809-2  Filed: 10/03/25  Entered: 10/03/25 16:50:36  Page 29 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 176 of 960

**Live Oak Investments, LP**
**24-10511**
**Statement of Cash Receipts and Disbursements**
**9/30/2024**

| | Current Month | | Accumulated Total | |
|---|---:|---|---:|---|
| **Receipts** | | | | |
| **Operating** | | | | |
| Rental Income | $ | 144 | $ | 144 |
| Other Operating Cash Receipts | | 1,051 | | 1,051 |
| **Total Operating Receipts** | $ | 1,195 | $ | 1,195 |
| **Non-Operating** | | | | |
| Other Non-Operating Cash Receipts | $ | - | $ | - |
| Intercompany Transfers | | - | | - |
| Asset Sales | | - | | - |
| **Total Non-Operating Receipts** | $ | - | $ | - |
| **Total Receipts** | $ | 1,195 | $ | 1,195 |
| **Disbursements** | | | | |
| **Operating** | | | | |
| Payroll & Payroll Taxes | $ | - | $ | - |
| Insurance | | - | | - |
| Utilities | | - | | - |
| Repairs & Maintenance | | - | | - |
| Admin Expense | | - | | - |
| Professional Fees | | - | | - |
| Other Operating Disbursements | | - | | - |
| Management Fees | | - | | - |
| Taxes (sales, property, other) | | - | | - |
| **Total Operating Disbursements** | $ | - | $ | - |
| **Non-Operating** | | | | |
| Debt Service | $ | - | $ | - |
| Owner Distributions | | - | | - |
| Intercompany Transfers | | - | | - |
| Capital Expenditures | | - | | - |
| **Total Non-Operating Disbursements** | $ | - | $ | - |
| **Total Disbursements** | $ | - | $ | - |
| **Net Cash Receipts and Disbursements** | $ | 1,195 | $ | 1,195 |
| | | | | |
| **Total Receipts less Intercompany Receipts** | $ | 1,195 | $ | 1,195 |
| | | | | |
| **Total Disbursements less Intercompany Disbursements** | $ | - | $ | - |

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 177 of 960

**Live Oak Investments, LP**
**24-10511**
**Balance Sheet**
**9/30/2024**

| | | Current Month |
|---|---|---|
| **Assets** | | |
| **Current Assets** | | |
| Cash & Equivalents | $ | 3,062,244 |
| Accounts Receivable | | - |
| Note Receivables | | - |
| Intercompany Receivables | | 3,248,830 |
| Other Receivables | | - |
| **Total Current Assets** | $ | 6,311,074 |
| **Fixed Assets** | | |
| Fixed Assets | $ | - |
| Accumulated Depreciation | | - |
| **Total Fixed Assets** | $ | - |
| Other Assets | $ | 2,616 |
| **Total Assets** | $ | **6,313,691** |
| **Liabilities** | | |
| **Current Liabilities** | | |
| Current Liabilities | $ | - |
| Security Deposits | | - |
| Other Payables | | - |
| Intercompany Liabilities - LM | | - |
| Intercompany Liabilities - KSM | | - |
| Intercompany Liabilities - Other | | - |
| Other Liabilities | | - |
| **Total Current Liabilities** | $ | - |
| **Long-Term Liabilities** | | |
| Deferred Gain (Loss) | $ | - |
| Note Payable | | - |
| **Total Long-Term Liabilities** | $ | - |
| **Total Liabilities** | $ | - |
| **Equity** | | |
| Capital | $ | (3,311,907) |
| Retained Earnings | | 2,313,857 |
| YTD Net Income | | 7,311,741 |
| **Total Equity** | $ | 6,313,691 |
| **Total Liabilities and Equity** | $ | **6,313,691** |

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 178 of 960

**Live Oak Investments, LP**
**24-10511**
**Statement of Operations**
**9/30/2024**

| | Current Month | | Accumulated Total | |
|---|---|---|---|---|
| **Income** | | | | |
| Revenue | | | | |
| Rental Income | $ | 144 | $ | 144 |
| Garage Income | | - | | - |
| **Other Revenue** | | | | |
| Other Income | $ | 1,051 | $ | 1,051 |
| **Total Revenue** | $ | 1,195 | $ | 1,195 |
| **Expense** | | | | |
| **Operating Expense** | | | | |
| Admin Expense | $ | - | $ | - |
| Bank Fees | | - | | - |
| Commissions | | - | | - |
| Garage Expense | | - | | - |
| Insurance | | - | | - |
| Landscaping | | - | | - |
| Licenses & Fees | | - | | - |
| Marketing | | - | | - |
| Payroll | | - | | - |
| Professional Fees | | - | | - |
| Property Expense | | - | | - |
| Rent Expense | | - | | - |
| Repairs & Maintenance | | - | | - |
| Utilities | | - | | - |
| Other Operating Expense | | - | | - |
| **Total Operating Expense** | $ | - | $ | - |
| **Non-Operating Expense** | | | | |
| Interest Expense | $ | - | $ | - |
| Tax | | - | | - |
| **Total Non-Operating Expense** | $ | - | $ | - |
| **Total Expense** | $ | - | $ | - |
| **Net Income** | $ | 1,195 | $ | 1,195 |

**Live Oak Investments, LP**
**24-10511**
**Bank Reconciliation**
**9/30/2024**

| Bank Account | Entity ownership | Balance Per Bank Statement | Outstanding Deposits | Outstanding Checks | Attributed to other Debtors | Other Activity | Reconciled Bank Balance |
|---|---|---|---|---|---|---|---|
| **Live Oak Investments LP-Citzen** | Live Oak Investments, LP | 2,771,322 | - | - | - | | 2,771,322 |
| **Southwood Apts  - Citizens** | Live Oak Investments, LP | 291,930 | 1,281 | (2,340) | - | 51 | 290,922 |
| **Grand Total** | | **3,063,252** | **1,281** | **(2,340)** | **-** | **51** | **3,062,244** |



**CITIZENS BUSINESS BANK**
A Financial Services Company

PO Box 3938, Ontario, CA 91761

LIVE OAK INVESTMENTS LP
6359 AUBURN BLVD STE B
CITRUS HEIGHTS CA 95621-5200

### *Statement Ending 09/30/2024*

*LIVE OAK INVESTMENTS LP*                                    **Page 1 of 2**
**Account Number:** ▮▮▮▮▮▮▮▮

## Managing Your Accounts

| | | |
|---|---|---|
| 👤 | Phone Number | 888.222.5432 |
| ✉️ | Website | cbbank.com |
| 🖥️ | Email | customersupport@cbbank.com |

---

### *Summary of Accounts*

| Account Type | Account Number | Ending Balance |
|---|---|---|
| PREMIUM MONEY MARKET SPECIALTY BANKING | ▮▮▮▮▮▮ | $2,771,321.95 |

## PREMIUM MONEY MARKET SPECIALTY BANKING - ▮▮▮▮▮▮▮

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 09/04/2024 | **Beginning Balance** | **$0.00** |
| | 2 Credit(s) This Period | $3,971,321.95 |
| | 1 Debit(s) This Period | $1,200,000.00 |
| 09/30/2024 | **Ending Balance** | **$2,771,321.95** |

### Interest Summary

| Description | Amount |
|---|---|
| Interest Earned From 09/04/2024 Through 09/30/2024 | |
| Annual Percentage Yield Earned | 0.10% |
| Interest Days | 27 |
| Interest Earned | $204.99 |
| Interest Paid This Period | $204.99 |
| Interest Paid Year-to-Date | $204.99 |
| Minimum Balance | $2,771,116.96 |
| Average Ledger Balance | $2,771,116.96 |
| Average Available Balance | $2,771,116.96 |

### Deposits

| Date | Description | Amount |
|---|---|---|
| 09/04/2024 | DEPOSIT | $3,971,116.96 |
| | 1 item(s) totaling | $3,971,116.96 |

### Other Credits

| Date | Description | Amount |
|---|---|---|
| 09/30/2024 | INTEREST | $204.99 |
| | 1 item(s) totaling | $204.99 |

### Other Debits

| Date | Description | Amount |
|---|---|---|
| 09/04/2024 | OTC Transfer | $1,200,000.00 |
| | 1 item(s) totaling | $1,200,000.00 |

### Daily Balances

| Date | Amount | Date | Amount |
|---|---|---|---|
| 09/04/2024 | $2,771,116.96 | 09/30/2024 | $2,771,321.95 |

Member FDIC

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 181 of 960



### CITIZENS
### BUSINESS BANK
A Financial Services Company

PO Box 3938, Ontario, CA 91761

## Statement Ending 09/30/2024

HOME TAX SERVICE OF AMERICA          Page 1 of 10
**Account Number:** ▮▮▮▮▮▮

HOME TAX SERVICE OF AMERICA
LEFEVER MATTSON PROPERTY
SOUTHWOOD PL APT TRUST ACCT
6359 AUBURN BLVD STE B
CITRUS HEIGHTS CA 95621-5200

### Managing Your Accounts

| | | |
|---|---|---|
| 👤 | Phone Number | 888.222.5432 |
| ✉ | Website | cbbank.com |
| 💻 | Email | customersupport@cbbank.com |

## Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| SPECIALTY BANKING A/A BUSINESS | ▮▮▮▮▮▮ | $291,929.87 |

## SPECIALTY BANKING A/A BUSINESS - ▮▮▮▮▮▮

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 08/31/2024 | Beginning Balance | $179,390.62 |
| | 6 Credit(s) This Period | $1,333,766.06 |
| | 33 Debit(s) This Period | $1,221,226.81 |
| 09/30/2024 | Ending Balance | $291,929.87 |

### Deposits

| Date | Description | Amount |
|---|---|---|
| 09/20/2024 | RDC Deposit | $143.85 |
| 09/25/2024 | RDC Deposit | $845.76 |
| | | 2 item(s) totaling $989.61 |

### Electronic Credits

| Date | Description | Amount |
|---|---|---|
| 09/05/2024 | Flex FLEX YA0726642417144 | $8,258.14 |
| 09/06/2024 | CREDITS WALKER19835029IP REF* VV* * Escrow disbursement to seller\ | $120,241.77 |
| 09/09/2024 | Flex FLEX YA4404166411898 | $4,276.54 |
| | | 3 item(s) totaling $132,776.45 |

### Other Credits

| Date | Description | Amount |
|---|---|---|
| 09/04/2024 | OTC Transfer | $1,200,000.00 |
| | | 1 item(s) totaling $1,200,000.00 |

### Other Debits

| Date | Description | Amount |
|---|---|---|
| 09/04/2024 | 399740 OLB TRANSFER SPCLTY AA XXXXX6251 | $324,000.00 |
| 09/04/2024 | 400467 OLB TRANSFER SPCLTY AA XXXXX6251 | $842,418.00 |
| | | 2 item(s) totaling $1,166,418.00 |

Member FDIC

Case 24-1085 Doc#2800-2   Filed: 10/05/25   Entered: 10/05/25 28:50:16   Page 85 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 182 of 960

HOME TAX SERVICE OF AMERICA █████████    Statement Ending 09/30/2024    Page 3 of 10

## SPECIALTY BANKING A/A BUSINESS - ██████████ (continued)

### Checks Cleared

| Check Nbr | Date | Amount | Check Nbr | Date | Amount | Check Nbr | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 104587 | 09/03/2024 | $40.00 | 104614* | 09/11/2024 | $2,493.71 | 104626 | 09/19/2024 | $84.00 |
| 104598* | 09/09/2024 | $1,395.90 | 104615 | 09/04/2024 | $4,993.88 | 104627 | 09/18/2024 | $4,641.42 |
| 104600* | 09/03/2024 | $4,790.00 | 104616 | 09/04/2024 | $2,709.02 | 104628 | 09/18/2024 | $228.00 |
| 104603* | 09/20/2024 | $436.36 | 104617 | 09/06/2024 | $1,354.53 | 104629 | 09/16/2024 | $2,228.77 |
| 104605* | 09/16/2024 | $255.00 | 104619* | 09/18/2024 | $2,836.90 | 104630 | 09/16/2024 | $2,135.88 |
| 104606 | 09/18/2024 | $5,361.28 | 104620 | 09/10/2024 | $2.77 | 104631 | 09/16/2024 | $2,047.77 |
| 104608* | 09/10/2024 | $181.95 | 104621 | 09/10/2024 | $822.50 | 104632 | 09/16/2024 | $2,140.82 |
| 104609 | 09/06/2024 | $2,900.00 | 104622 | 09/10/2024 | $114.00 | 104633 | 09/16/2024 | $1,938.72 |
| 104610 | 09/05/2024 | $1,596.80 | 104623 | 09/18/2024 | $259.00 | 104634 | 09/16/2024 | $2,042.72 |
| 104611 | 09/05/2024 | $548.23 | 104624 | 09/18/2024 | $558.88 | | | |
| 104612 | 09/10/2024 | $1,300.00 | 104625 | 09/19/2024 | $2,370.00 | | | |

\* Indicates skipped check number                    31 item(s) totaling $54,808.81

### Daily Balances

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 09/03/2024 | $174,560.62 | 09/09/2024 | $325,420.71 | 09/18/2024 | $293,830.62 |
| 09/04/2024 | $200,439.72 | 09/10/2024 | $322,999.49 | 09/19/2024 | $291,376.62 |
| 09/05/2024 | $206,552.83 | 09/11/2024 | $320,505.78 | 09/20/2024 | $291,084.11 |
| 09/06/2024 | $322,540.07 | 09/16/2024 | $307,716.10 | 09/25/2024 | $291,929.87 |

### Overdraft and Returned Item Fees

| | Total for this period | Total year-to-date |
|---|---|---|
| **Total Overdraft Fees = Paid NSF/UCF Item Charge Plus Overdraft Charges** | $0.00 | $315.00 |
| **Total Returned Item Fees = Charge(s) For Items Returned NSF Or UCF** | $0.00 | $0.00 |

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 183 of 960

# EXHIBIT C

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**Fill in this information to identify the case:**

Debtor name: Live Oak Investments, LP

United States Bankruptcy Court for the Northern District of California

Case number (If known): 24-10511

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   NONE | | | | | | $        - |
| 2 | | | | | | $        - |
| 3 | | | | | | $        - |
| 4 | | | | | | $        - |
| 5 | | | | | | $        - |
| 6 | | | | | | $        - |
| 7 | | | | | | $        - |
| 8 | | | | | | $        - |

Case: 24-10545    Doc# 2800   Filed: 09/25/07/25   Entered: 09/25/07/25 12:34:16   Page 1 of 3 of 227

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | $           - |
| 10 | | | | | | $           - |
| 11 | | | | | | $           - |
| 12 | | | | | | $           - |
| 13 | | | | | | $           - |
| 14 | | | | | | $           - |
| 15 | | | | | | $           - |
| 16 | | | | | | $           - |
| 17 | | | | | | $           - |
| 18 | | | | | | $           - |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | | | | | | $         - |
| 20 | | | | | | $         - |

Official Form 204     Chapter 11 Case: List of Creditors Who Have the 20 Largest Unsecured Claims     Page 3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 187 of 960

Case: 24-1054   Doc# 2870   Filed: 09/25/27/25   Entered: 09/25/2027 25 12:33:54:10   Page 3 of 40 of 227

# EXHIBIT D

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>        Debtors. | Lead Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>Judge: Hon. Charles Novack |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**LIVE OAK INVESTMENTS, LP CASE NO. 24-10511 (CN)**

---

[1]     The last four digits of LeFever Mattson's tax identification number are 7537.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.  The address for service on the Debtors is

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 189 of 960

**Fill in this information to identify the case:**

Debtor Name: In re : Live Oak Investments, LP

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 24-10511 (CN)

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals          12/15

<table>
<tr><td>**Part 1:**</td><td>**Summary of Assets**</td><td></td></tr>
</table>

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**

        Copy line 88 from *Schedule A/B* .......................................................................  $ _____ 0.00

    **1b. Total personal property:**

        Copy line 91A from *Schedule A/B* ....................................................................  $ _____ 6,307,273.48

    **1c. Total of all property:**

        Copy line 92 from *Schedule A/B* ......................................................................  $ _____ 6,307,273.48

<table>
<tr><td>**Part 2:**</td><td>**Summary of Liabilities**</td><td></td></tr>
</table>

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .................  $ _____ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* ..............................  $ _____ 0.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .................  + $ _____ 23,615.62

4. **Total liabilities**

    Lines 2 + 3a + 3b .................................................................................................  $ _____ 23,615.62

Case 24-10511 Doc# 309-2 Filed 11/07/25 Entered 11/07/25 03:54:16 Page 43 of 227

**Fill in this information to identify the case:**

Debtor Name: In re : Live Oak Investments, LP

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 24-10511 (CN)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

   | 2.1 Petty Cash | $ | 51.00 |
   |---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | | |
|---|---|---|---|---|
| 3.1 Citizens Business Bank | Held in Trust | x0673 | $ | 2,771,116.96 |
| 3.2 Citizens Business Bank | Held in Trust | x6129 | $ | 289,881.52 |

4. **Other cash equivalents** *(Identify all)*

   | 4.1 None | $ | |
   |---|---|---|

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   | $ | 3,061,049.48 |
   |---|---|

Case: 24-10511  Doc# 2809-2  Filed: 11/15/24  Entered: 11/15/24 20:05:16  Page 44 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 191 of 960

Debtor: Live Oak Investments, LP
_____
Name

Case number *(if known)*: 24-10511

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   _____  $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   _____  $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.

   $ _____ 0.00

Case 24-10511   Doc#309-2 Filed 11/07/25 Entered 11/07/25 00:52:16 Page 45 of 227

Debtor: Live Oak Investments, LP    Case number (if known): 24-10511
_____
Name

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

|  |  | | | | **Current value of debtor's interest** |
|---|---|---|---|---|---|

11. **Accounts receivable**

| | | Description | face amount | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | Accounts Receivable | $ 5,223.00 | - $ 0.00 | =....→ | $ 5,223.00 |
| 11b. | Over 90 days old: | Accounts Receivable | $ 171.00 | - $ 0.00 | =....→ | $ 171.00 |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $ 5,394.00

Debtor: Live Oak Investments, LP
_____
Name

Case number (if known): 24-10511
_____

---

**Part 4:** **Investments**

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____  _____  $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                              % of ownership:

_____  _____  _____  $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____  _____  $ _____

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

---

Debtor: Live Oak Investments, LP    Case number *(if known)*    24-10511
_____
Name

| **Part 5:** | **Inventory, excluding agriculture assets** |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | $ | | $ |
| **20. Work in progress** | | $ | | $ |
| **21. Finished goods, including goods held for resale** | | $ | | $ |
| **22. Other inventory or supplies** | | $ | | $ |

**23. Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Description _____ Book value $ _____ Valuation method _____ Current value $ _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

Case 24-10511    Doc#2809-2 Filed 11/15/24 Entered 11/15/24 20:52:16 Page 48 of 227

Debtor: __Live Oak Investments, LP_____     Case number *(if known)*  __24-10511__
        Name

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $ _____ | | $ _____ |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
　　☐ No
　　☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Case 24-10511    Doc# 809-2  Filed 11/17/24  Entered 11/17/24 20:52:16  Page 49 of 227

Debtor: Live Oak Investments, LP
Name

Case number *(if known)*    24-10511

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No
☐ Yes

Case 24-10545   Doc#2809-2 Filed 11/17/25 Entered 11/17/25 20:52:16 Page 50 of 227

| Debtor: | Live Oak Investments, LP | Case number *(if known):* | 24-10511 |
|---|---|---|---|
| | Name | | |

## Part 8:  Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| **General description**<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br><br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | _____ | $ _____ |
| 49. **Aircraft and accessories** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Case: 24-10545      Doc# 300-2 Filed: 01/15/24  Entered: 01/15/24 20:53:16  Page 51 of 227

Debtor: Live Oak Investments, LP
Name

Case number (if known): 24-10511

| Part 9: | Real property |

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property  Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest  (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Live Oak Investments, LP  
      Name

Case number *(if known)*: 24-10511

---

## Part 10:  Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.  
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ _____ | _____ | $ _____ |
| **61. Internet domain names and websites** | $ _____ | _____ | $ _____ |
| **62. Licenses, franchises, and royalties** | $ _____ | _____ | $ _____ |
| **63. Customer lists, mailing lists, or other compilations** | $ _____ | _____ | $ _____ |
| **64. Other intangibles, or intellectual property** | $ _____ | _____ | $ _____ |
| **65. Goodwill** | $ _____ | _____ | $ _____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No  
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No  
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No  
☐ Yes

Debtor: Live Oak Investments, LP
Name

Case number *(if known)* 24-10511

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | | **Current value of debtor's interest** |
|---|---|---|---|

71. **Notes receivable**

Description (include name of obligor)       Total face amount       doubtful or uncollectible accounts

71.1 See Schedule A/B 71 Attachment    $    3,240,830.00   - $    0.00   =....   ➔   $    3,240,830.00

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None                Tax year                $

73. **Interests in insurance policies or annuities**

73.1 None                        $

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None                        $

   **Nature of claim**

   **Amount requested**       $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None                        $

   **Nature of claim**

   **Amount requested**       $

76. **Trusts, equitable or future interests in property**

76.1 None                        $

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1 None                        $

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.      $    3,240,830.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Case: 24-10545    Doc# 390-2 Filed: 11/15/24/25 Entered: 11/15/04/25 20:28:54:16 Page 54 of 227

Debtor: Live Oak Investments, LP
Name

Case number *(if known)*  24-10511

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 3,061,049.48 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 5,394.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*......................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 3,240,830.00 | |
| 91. **Total.** Add lines 80 through 90 for each column...................91a. | $ 6,307,273.48 + 91b. | $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .......... | | $ 6,307,273.48 |

**Fill in this information to identify the case:**

Debtor Name: In re : Live Oak Investments, LP

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 24-10511 (CN)

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Part 1:** List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

2.1 **Creditor's name**

Describe debtor's property that is subject to a lien

$ _____    $ _____

Creditor's Name

**Creditor's mailing address**

**Describe the lien**

Notice Name

Street

**Is the creditor an insider or related party?**

☐ No

City    State    ZIP Code

☐ Yes

Country

**Is anyone else liable on this claim?**

**Creditor's email address, if known**

☐ No

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Date debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

**Do multiple creditors have an interest in the same property?**

☐ Unliquidated

☐ Disputed

☐ No

☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines ____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ _____

Case: 24-10545    Doc# 2890-2    Filed: 06/24/25    Entered: 06/24/25 20:54:16    Page 56 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 203 of 960

**Part 2:**    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

_____
Name

_____
Notice Name

_____
Street

_____

_____

_____  _____  _____
City                    State          ZIP Code

_____
Country

Case: 24-10545   Doc# 2390-2   Filed: 11/15/24   Entered: 11/15/24 20:23:16   Page 6 of 27

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : Live Oak Investments, LP |
| United States Bankruptcy Court for the: Northern District of California |
| Case number (if known): 24-10511 (CN) |

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☑ No. Go to Part 2.

   ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: $ _____ | | $ _____ |
| | *Check all that apply.* | | |
| Creditor Name | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| Creditor's Notice name | ☐ Disputed | | |
| | **Basis for the claim:** | | |
| Address | | | |

City    State    ZIP Code

Country

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured**

**claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**

☐ No

☐ Yes

Official Form 206E/F          **Schedule E/F: Creditors Who Have Unsecured Claims**          Page 1 of 4

Case: 24-10545   Doc# 3190-2 Filed: 11/15/27/25 Entered: 11/15/27/25 20:34:16 Page 17 58 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 205 of 960

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|

3.1 **Nonpriority creditor's name and mailing address**
See Schedule E/F, Part 2 Attachment

Creditor Name

Creditor's Notice name

Address

City      State      ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 23,615.62
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.
If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐  Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City          State          ZIP Code | | |
| Country | | |

**Part 4:** Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. $ | 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** $ | 23,615.62 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | 23,615.62 |

Case: 24-10545   Doc# 2390-2 Filed: 11/15/24/25 Entered: 11/15/24/25 20:24:16 Page 20 61 of 227

**Fill in this information to identify the case:**

Debtor Name: In re : Live Oak Investments, LP

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 24-10511 (CN)

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
   |---|---|

   **State what the contract or lease is for and the nature of the debtor's interest**

   Name

   Notice Name

   **State the term remaining**

   Address

   **List the contract number of any government contract**

   | City | State | ZIP Code |
   |---|---|---|

   Country

Case: 24-10545     Doc# 360-2     Filed: 01/27/25     Entered: 11/27/25 23:34:16     Page 61 of 227

**Fill in this information to identify the case:**

Debtor Name: In re : Live Oak Investments, LP

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 24-10511 (CN)

☐ Check if this is an amended filing

## Official Form 206H

### Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | | ☐ D |
| | Street | | ☐ E/F |
| | | | ☐ G |
| | City        State        ZIP Code | | |
| | Country | | |

**In re: Live Oak Investments, LP**
**Case No. 24-10511**
Schedule A/B 71
Notes receivable

| Description (include name of obligor) | Total face amount | Doubtful or uncollectible amount | Current value of debtor's interest |
|---|---|---|---|
| Autumn Wood I, LP | 111,276.00 | $0.00 | 111,276.00 |
| Beach Pine, LP | 46,000.00 | $0.00 | 46,000.00 |
| Buckeye Tree, LP | 46,400.00 | $0.00 | 46,400.00 |
| Cambria Pines, LP | 92,130.00 | $0.00 | 92,130.00 |
| Chestnut Oak, LP | 362,000.00 | $0.00 | 362,000.00 |
| Country Oaks I, LP | 122,500.00 | $0.00 | 122,500.00 |
| Foxtail Pine, LP | 35,500.00 | $0.00 | 35,500.00 |
| Ginko Tree, LP | 46,000.00 | $0.00 | 46,000.00 |
| Nut Pine, LP | 42,000.00 | $0.00 | 42,000.00 |
| Pinewood Condominiums, LP | 51,479.20 | $0.00 | 51,479.20 |
| Red Oak, LP | 10,000.00 | $0.00 | 10,000.00 |
| Red Spruce Tree, LP | 74,250.00 | $0.00 | 74,250.00 |
| River Tree Partners, LP | 45,000.00 | $0.00 | 45,000.00 |
| Scotch Pine, LP | 239,250.00 | $0.00 | 239,250.00 |
| Sienna Pointe, LLC | 560,000.00 | $0.00 | 560,000.00 |
| Vaca Villa Apartments, LP | 62,044.80 | $0.00 | 62,044.80 |
| Windscape Apartments, LLC | 1,230,000.00 | $0.00 | 1,230,000.00 |
| Windscape Holdings, LLC | 65,000.00 | $0.00 | 65,000.00 |
| **TOTALS:** | **3,240,830.00** | **$0.00** | **3,240,830.00** |

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 211 of 960

**In re: Live Oak Investments, LP**
**Case No. 24-10511**
Schedule E/F, Part 2
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Address 1 | Address 2 | City | State | Zip | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | A & G Cleaning | Address on file | | | | | Trade | | | | | $70.00 |
| 3.2 | Home Tax Service of America, Inc., dba LeFever Mattson Property Management | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | Payroll, maintenance and other expense reimbursements | | | | | $4,748.98 |
| 3.3 | LeFever Mattson, a California Corporation | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | Unpaid Distribution | | | | | $18,796.64 |
| | | | | | | | | | | | **TOTAL:** | **$23,615.62** |

# EXHIBIT E

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1  Thomas P. Kelly III, Attorney at Law
   Law Offices of Thomas P. Kelly III P.C.
2  CA 230699, OR 080927, DC 1000147
   50 Old Courthouse Square, Suite 609
3  Santa Rosa, California, 95404-4926
   Telephone : 707-545-8700
4  Facsimile : 707-542-3371
   Email : tomkelly@sonic.net
5
   Attorney for Creditors
6  Andrew Revocable Trust dated June 21, 2001
   Burgess Trust dated October 9, 2006
7

8              UNITED STATES BANKRUPTCY COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10
    In re:                              Case No. 24-10545 (CN) (Lead Case)
11
    LEFEVER MATTSON, a California        Chapter 11
12  corporation, *et al.*,[1]
                                         (Jointly Administered)
13              Debtors.
                                         NOTICE OF PARTNERSHIP MEETING
14
15
                                         Judge:        Hon. Charles Novack
16                                       Court:        1300 Clay Street
                                                       Courtroom 215
17                                                     Oakland, California
                                                       94612
18
19
                                         Date filed:   September 12, 2024
20
21
22
23
24
25
26
27  ─────────────
    1    The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

## Live Oak Investments LP
## Notice of Partnership Meeting

To all partners of Live Oak Investments L.P.,

This letter is to provide notice that pursuant to §5.4.1 of the Limited Partnership Agreement of Live Oak Investments LP (hereinafter "Partnership Agreement") a meeting of the partners has been called by two partners those being (1) the trustee of the William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001 and (2) the trustee of the Burgess Trust dated October 9, 2006.

This partnership meeting will be held via Zoom teleconference as authorized under §5.4.5 of the Partnership Agreement as well as California Corporations Code §15636 & §15637 at the following date and time:

# Thursday, October 9, 2025 at 5:00pm PST.

The agenda and purpose of this partnership meeting will be to hold a vote on the following matters:

1.      To remove LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P..

2.      To appoint William Andrew as the new General Partner of Live Oak Investments L.P..

3.      To appoint William Andrew as the new President of Live Oak Investments L.P..

4.      To authorize Live Oak Investments L.P. to retain and pay for the services of the Law Offices of Thomas P. Kelly III P.C. as the legal representative for Live Oak Investments L.P..

The basis of the action to remove the current General Partner is that LeFever Mattson Inc. took actions that are in direct violation of the Partnership Agreement which constitutes cause for removal. Specifically, that on September 4, 2024 LeFever Mattson Inc. distributed $842,418 to itself from the accounts of Live Oak Investments L.P. representing a 21.6% share of the proceeds of the sale of Southwood Apartments, which was the sole real estate asset of Live Oak Investments L.P.. At the time of this distribution, LeFever Mattson Inc. did not distribute any sale proceeds to any of the other partners.

This was a direct violation of the Partnership Agreement §3.8 entitled "Priority Over Other Partners" which states as follows: "No Partner shall have priority over any other partner, with respect to the return of a Capital Contribution, or distributions or allocations of income, gain, losses, deductions, credits or items thereof."

This was also a direct violation of the Partnership Agreement §4.7 entitled "Liquidating Proceeds" which states as follows: "Notwithstanding any other provisions of this Agreement to

the contrary, when there is a distribution in liquidation of the Partnership, or when any Partner's interest is liquidated, all items of income and loss first shall be allocated to the Partners' Capital Accounts under this Article Four, and other credits and deductions to the Partners' Capital Accounts shall be made before the final distribution is made. The final distribution to the Partners shall be made to the Partners to the extent of and in proportion to their positive Capital Account balances."

On the basis of the foregoing actions, cause exists to remove LeFever Mattson Inc. as General Partner. At this partnership meeting a vote will be held on this removal as well as the other matters set forth above.

Questions regarding this partnership meeting can be directed to the attorney for the two partners calling this meeting which is Thomas P. Kelly III, 50 Old Courthouse Square, Suite 609 Santa Rosa, California, 95404-4926, Telephone : 707-545-8700 and email of tomkelly@sonic.net.

Case: 24-10545   Doc# 2530-2 Filed 10/07/25 Entered 10/07/25 23:45:16 Page 69 of 327

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 216 of 960

# EXHIBIT F

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Tobias S. Keller (CA Bar No. 151445)
David A. Taylor (CA Bar No. 247433)
Thomas B. Rupp (CA Bar No. 278041)
KELLER BENVENUTTI KIM LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone:     (415) 496-6723
Facsimile:     (650) 636-9251
E-mail:        tkeller@kbkllp.com
               dtaylor@kbkllp.com
               trupp@kbkllp.com

*Counsel to LFM Debtors and
Debtors in Possession*

Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
Edward J. McNeilly (CA Bar No. 314588)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone:     (310) 785-4600
Facsimile:     (310) 785-4601
Email:  richard.wynne@higanlovells.com
        erin.brady@hoganlovells.com
        edward.mcneilly@hoganlovells.com

*Counsel for Debtor and Debtor in Possession
KS Mattson Partners, LP*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA  94104
Telephone:     (415) 263-7000
Facsimile:     (415) 263-7010
E-mail:        dgrassgreen@pszjlaw.com
               jfiero@pszjlaw.com
               jrosell@pszjlaw.com
               sgolden@pszjlaw.com

*Counsel to the Official Committee
of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Lead Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**NOTICE OF FILING JOINT INVESTIGATION REPORT AND SUMMARY OF GLOBAL SETTLEMENT (EXHIBIT E TO THE DISCLOSURE STATEMENT)** |

[1]    The last four digits of LeFever Mattson's tax identification number are 7537.  The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060.  KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075.  The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545   Doc# 2568-2   Filed: 10/15/25   Entered: 10/15/25 23:54:16   Page 71 of 327

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 218 of 960

In re

KS MATTSON PARTNERS, LP,

Debtor.

**TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on August 6, September 12, and October 2, 2024, LeFever Mattson, a California corporation ("LeFever Mattson"), and 59 affiliated entities (together with LeFever Mattson, the "LFM Debtors")[2] each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (Santa Rosa Division) (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on November 22, 2024, KS Mattson Partners, LP ("KSMP" and, together with the LFM Debtors, the "Debtors") became subject to an involuntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 9, 2024, the Court entered the *Stipulated Order for Relief in an Involuntary Case* [KSMP Docket No. 131]. The above-captioned chapter 11 cases (the "Chapter 11 Cases") of the Debtors are being jointly administered for procedural purposes only.

PLEASE TAKE FURTHER NOTICE that the United States Trustee appointed an official committee of unsecured creditors (the "Committee," and together with the Debtors, the "Plan Proponents") in the Chapter 11 Cases on October 9, 2024 [Docket No. 135], amended its appointment on November 25, 2024 [Docket No. 368], and further amended its appointment on August 2, 2025 [Docket No. 2104].

PLEASE TAKE FURTHER NOTICE that on October 15, 2025, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 2561] (the "Plan") and the *Amended Disclosure Statement in Support of First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 2567] (the "Disclosure Statement," and together with the Plan, as such documents may be further amended, modified, or supplemented, including all supplements, exhibits, and schedules thereto, the "Plan Documents").

PLEASE TAKE FURTHER NOTICE that, attached hereto as **Exhibit 1**, is the *Joint Investigation Report and Summary of Global Settlement* (the "Investigation Report"), which is Exhibit E to the Disclosure Statement. It is being filed separately because it is voluminous, however, it is a part of and incorporated into the Disclosure Statement in all respects.

PLEASE TAKE FURTHER NOTICE that a copies of any Plan Documents, including the Investigation Report and its exhibits, can be obtained at no cost by contacting counsel for the Committee at LMCommittee@pszjlaw.com or by visiting https://www.veritaglobal.net/LM.

---

[2]    Another affiliated entity, Live Oak Investments, LP ("Live Oak"), filed a chapter 11 petition on September 12, 2024. Live Oak is not a Plan Proponent, and the above-captioned counsel does not represent Live Oak; however, the Plan provides for the substantive consolidation of Live Oak with the other Debtors and its creditors and investors will be entitled to vote on the Plan.

Dated: October 15, 2025

**KELLER BENVENUTTI KIM LLP**

By: */s/ Thomas B. Rupp*
    Tobias S. Keller
    David A. Taylor
    Thomas B. Rupp

    *Counsel to the LFM Debtors*

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Jason H. Rosell*
    Debra Grassgreen
    John D. Fiero
    Jason H. Rosell
    Steven W. Golden

    *Counsel to the Committee*

**HOGAN LOVELLS US LLP**

By: */s/ Edward J. McNeilly*
    Richard L. Wynne
    Erin N. Brady
    Edward J. McNeilly

    *Counsel to Debtor KS Mattson Partners, LP*

Case: 24-10545   Doc# 2568-2 Filed: 10/15/25 Entered: 10/15/25 28:54:16 Page 73 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 220 of 960

## **EXHIBIT 1**

**Joint Investigation Report**

Case: 24-1054 Doc# 2568-2 Filed 10/15/25 Entered 10/15/25 13:54:16 Page 74 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 221 of 960

## JOINT INVESTIGATION REPORT AND SUMMARY OF GLOBAL SETTLEMENT[1]

On October 15, 2025, the LFM Debtors[2] (except for Live Oak), KSMP, and the Committee (the "Plan Proponents") filed the *First Amended Joint Chapter 11 Plan of Liquidation* (the "Plan"), which provides for a global settlement (the "Global Settlement") of the of the outstanding Claims asserted against and Equity Interests asserted in the LFM Debtors and KSMP (collectively, the "Debtors") and the KSMP Investment Entities. The Global Settlement, which was negotiated by the Plan Proponents, provides for a "single pot," such that all assets and liabilities of all Debtors and the KSMP Investment Entities are pooled and consolidated for distribution purposes ("Substantive Consolidation").

This *Joint Investigation Report and Summary of Global Settlement* (this "Investigation Report") summarizes the facts and law supporting two key elements of the Plan: (i) the Debtors' estates and the KSMP Investment Entities should be subject to Substantive Consolidation and (ii) the Court should find that the Debtors and the KSMP Investment Entities were operated as a Ponzi scheme (the "Ponzi Finding"). As discussed in detail herein, for decades, Mattson controlled the Debtors and the KSMP Investment Entities as a single enterprise—disregarding their separate corporate forms—and caused them to engage in fraudulent activities and transactions (collectively, the "Mattson Transactions"). The Mattson Transactions took many forms, including the sale of fictitious interests in many of the Debtors and the KSMP Investment Entities; the transfer of vast sums of money between and among LFM, KSMP, other Debtors, and the KSMP Investment Entities; and the transfer among the Debtors of properties encumbered with high-interest loans.

As a result of Mattson's years of malfeasance, the business and financial affairs of all of the Debtors and the KSMP Investment Entities are so intertwined and poorly documented as to render the exercise of disentangling their affairs overwhelmingly costly—and likely futile. The Plan Proponents believe that forensic reconstruction of each of the individual Debtors' and the KSMP Investment Entities' finances and reconciliation of Investor claims against each of them—as would be required to develop an individual plan of liquidation for each Debtor—would substantially delay any recoveries to Investors and be so costly as to materially reduce, if not eliminate, any such recovery. Accordingly, as explained further below, the Plan Proponents propose Substantive Consolidation of the Debtors and the KSMP Investment Entities.

The Mattson Transactions also amounted to a Ponzi scheme—a form of investment fraud characterized by the perpetrator's payment of old investors with money invested by new ones. Mattson effected his Ponzi scheme, in large part, through a bank account (the "1059 Account") that he controlled and that he maintained separately from LFM's accounting system. From May 2017 through the Petition Date, Mattson induced Investors to deposit over $104 million into the 1059 Account. Rather than allocate those funds to the specific Debtors and the KSMP Investment Entities in which the Investors believed they were investing, Mattson commingled the 1059

---

[1] The Plan Proponents may update or supplement this Investigation Report prior to solicitation of the Disclosure Statement.

[2] Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the *Amended Disclosure Statement in Support of First Amended Joint Chapter 11 Plan of Liquidation* (the "Disclosure Statement"), filed on October 15, 2025.

Case: 24-10545 Doc# 2368-2 Filed 10/15/25 Entered 10/15/25 08:54:26 Page 75 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 222 of 960

Account funds and used them in a variety of improper ways, including by making over $70 million in payments to Investors. Mattson's misuse of the 1059 Account—and similar misuse of KSMP's 1380 Account (as defined below)— alone supports the Ponzi Finding.

* * *

This Investigation Report is divided into three sections. **Section I** summarizes the relevant law with respect to settlements under Bankruptcy Rule 9019 ("Rule 9019 Settlements"), Substantive Consolidation, and the Ponzi Finding. **Section II** summarizes facts discovered in the Joint Investigation that bear on Substantive Consolidation and the Ponzi Finding. Finally, **Section III** sets forth the Plan Proponents' conclusions regarding Substantive Consolidation and the Ponzi Finding and their rationale for the proposed Global Settlement.

## TABLE OF CONTENTS

**Page**

I.  SUMMARY OF RELEVANT LEGAL PRINCIPLES ....................................................6

    A.  Settlements Under Bankruptcy Rule 9019 .............................................6

    B.  Substantive Consolidation ...............................................................6

    C.  Ponzi Schemes .................................................................................8

        1.  What Is a Ponzi Scheme?.............................................................8

        2.  The "Ponzi Scheme Presumption" ..............................................9

        3.  Consequences of the Ponzi Scheme Presumption ...................10

II.  SUMMARY OF FINDINGS OF JOINT INVESTIGATION .........................12

    A.  Summary of Evidence Supporting Substantive Consolidation............12

        1.  The Debtors' Books and Records ..........................................13

            a.  The LFM Debtors' Records ..............................................13

            b.  KSMP's and the KSMP Investment Entities' Records ................14

        2.  Summary of Certain Recurring Factual Issues .........................16

            a.  Intercompany Transactions ..............................................16

            b.  Sale of Phantom Interests...............................................18

            c.  Commingled Bank Account Transactions..................23

            d.  Insider Property Transfers ..............................................23

            e.  Third-Party Loans ..........................................................25

    B.  Summary of Evidence of Ponzi Scheme.............................................26

        1.  New Investors Paying Old Investors.........................................26

            a.  The 1059 Account and the 1380 Account ...................27

            b.  Moving Funds Among Investment Vehicles ................29

         2.  Commingled Funds .................................................................30

         3.  Business Operations Unable to Produce Sufficient Profits.......32

         4.  Use of False Financial Statements ..........................................34

    C.  Summary of Each of the Debtors.......................................................34

        1.  LFM .......................................................................................35

        2.  KSMP.....................................................................................35

        3.  The LFM Investment Entities ..................................................36

        4.  The KSMP Investment Entities.................................................69

        5.      The Property Manager and CIP .......................................71

        6.      The Non-Operating Entities ..........................................72

III.    RATIONALE FOR GLOBAL SETTLEMENT ...........................73

    A.  Substantive Consolidation Is Appropriate Under Applicable Law ......73

    B.  The Alternative to Substantive Consolidation Is a Lengthy, Wasteful, and
        Likely Impossible Accounting Exercise ..................................73

        1.      Forensic Reconstruction..............................................74

                a.      Validation of Debtors' Financial Records ................75

                b.      Intercompany Transactions ...............................75

                c.      The Commingled Bank Accounts .......................78

                d.      Real Property Transfers.................................79

                e.      Transactions Through Third-Party Closing Agents ......80

        2.      Investor Claim Reconciliation ......................................81

    C.  The Debtors Operated as a Ponzi Scheme ...........................84

        1.      The Debtors Operated as a Ponzi Scheme for Decades ...........84

        2.      Investor Recovery Calculation......................................84

Case: 24-10545    Doc# 2368-2 Filed 10/15/25 Entered 10/15/25 16:39:16 Page 78
of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 225 of 960

**Attachments**

| A | | **LFM Properties (Current and Former)** |
|---|---|---|
| B | | **KSMP Properties (Current and Former)** |
| C | | **Windscape Apartments Properties (Current)** |
| D | | **Valley Oak Properties (Current and Former)** |
| E | | **Sienna Pointe Properties (Current)** |
| F | | **Property Ownership Charts** |
| | 1 | Broadway Street Apartments (905 Broadway Street, Fairfield) |
| | 2 | Camelia Square Apartments (1621 Hood Road, Sacramento) |
| | 3 | Dana Drive Apartments (1190 Dana Drive, Fairfield) |
| | 4 | Tradewinds Apartments (1189 Dana Drive, Fairfield) |
| | 5 | Napa Elm Apartments (1050 Elm Street, Napa) |
| | 6 | Jackson Street Apartments (500 Jackson Street, Fairfield) |
| | 7 | Marpel Apartments (501 – 523 Carpenter Street, Fairfield) |
| | 8 | Sharis Apartments (453 Fleming Avenue E, Vallejo) |
| | 9 | Shelfield Apartments (5800 Fair Oaks Boulevard, Carmichael) |
| | 10 | Walnut Crest Apartments (3217 Walnut Avenue, Carmichael) |
| | 11 | 2280 Bates Avenue, Concord |
| | 12 | 333 – 411 Wilkerson Avenue, Perris |
| | 13 | Vaca Villa Apartments (370 Butcher Road, Vacaville) |
| | 14 | Woodcreek Plaza (7456 Foothills Boulevard, Roseville) |
| | 15 | Comstock Building (8340/8350 Auburn Boulevard, Citrus Heights) |
| | 16 | Folsom Village (47 – 49 Natoma Street, Folsom) |
| | 17 | Southwood Apartments (410 Buck Avenue, Vacaville) |
| | 18 | Redwoods Apartments (2805 Yosemite Boulevard, Modesto) |
| | 19 | 300 Chadbourne Road, Fairfield |
| | 20 | Pinewoods Apartments (1995 Grande Circle, Fairfield) |
| | 21 | Spring Glenn Apartments (555 Elmira Road, Vacaville) |
| | 22 | Country Oaks Apartments (333 E. Enos Drive, Santa Maria) |
| | 23 | Boulder Springs Apartments (3515 W. San Jose Avenue, Fresno) |
| | 24 | Carmichael Gardens Apartments (4247 Hackberry Lane, Carmichael) |
| | 25 | Windscape Village Apartments (1300 North L Street, Lompoc) |
| | 26 | 395 – 397 Coombs Street / 1203 – 1219 Laurel Street, Napa |
| | 27 | Willowbrook Apartments (2306/2376 Fairfield Avenue, Fairfield) |
| | 28 | 902 Enterprise Way, Napa |
| | 29 | Sterling Pointe Apartments (2237/2257 Hurley Way, Sacramento) |
| | 30 | 908 Enterprise Way, Napa |
| | 31 | 103/105 Commerce Court, Fairfield |
| G | | **Historical Summary Cash Flows** |
| | 1 | Tradewinds Apartments |
| | 2 | Sharis Apartments |
| | 3 | Redwoods Apartments/Hagar Properties, LP |
| H | | **Summary of LFM Intercompany Transactions (1/1/2017 – 9/12/2024)** |
| I | | **Analysis Charts of LFM Intercompany Transactions Involving Live Oak** |

## I.    SUMMARY OF RELEVANT LEGAL PRINCIPLES

### A.    Settlements Under Bankruptcy Rule 9019

Compromises are generally favored in bankruptcy matters because compromises avoid the expenses and burdens associated with litigation.[3]  A bankruptcy court can approve a compromise in one of two ways: (1) by including the compromise in a bankruptcy plan, which the court can approve as part of confirming that plan[4] or (2) through a separate request and hearing under Bankruptcy Rule 9019.[5]

A bankruptcy court's "role in approving any settlement under Rule 9019 is limited.  Rather than an exhaustive investigation or a mini-trial on the merits, [a] court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable."[6]  To make such a determination, the court looks at four factors: (a) the likely outcome if the dispute went to trial; (b) the challenges of collecting any judgment; (c) how complex, costly, or time-consuming the litigation would be; and (d) the best interest of creditors and their reasonable views.[7]  Not every factor must be met, so long as, taken together, the factors as a whole support approving the settlement.[8]

### B.    Substantive Consolidation

The main purposes of substantive consolidation are to "'ensure the equitable treatment of all creditors'" and to prevent debtors from unfairly putting assets out of reach by shifting them among separate, but related, entities.[9]  Substantive consolidation accomplishes these purposes by combining "the assets and liabilities of separate and distinct—but related—legal entities into a single pool and treat[ing] them as though they belong to a single entity."[10]  All creditor claims are

---

[3]    *See, e.g., Means v. Farmer* (*In re Means*), 2012 U.S. Dist. LEXIS 62456, at *9 (C.D. Cal. May 3, 2012) (citing cases).

[4]    *Arden v. Motel Partners* (*In re Arden*), 176 F.3d 1226, 1228 (9th Cir. 1999) (citing 11 U.S.C. § 1123(b)(3)(A)).

[5]    Fed. R. Bankr. P. 9019(a).

[6]    *In re Pac. Gas & Elec. Co.*, 304 B.R. 395, 416-17 (Bankr. N.D. Cal. 2004) (citing *In re A&C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

[7]    *Arden*, 176 F.3d at 1228 (quoting *A&C Props.*, 784 F.2d at 1381).

[8]    *PG&E*, 304 B.R. at 417.

[9]    *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 764 (9th Cir. 2000 (quoting *In re Augie Restivo Baking Co.*, 860 F.2d 515, 518 (2d Cir. 1988)) ("Without the check of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity.").

[10]   *Id.*; *see also Leslie v. Mihranian (In re Mihranian)*, 937 F.3d 1214, 1216 (9th Cir. 2019) (approvingly quoting *Bonham*).

then satisfied from this single pool,[11] and all claims between and among the consolidated entities are extinguished.

Beyond ensuring fairness to creditors, substantive consolidation is also necessary when related companies are so mixed together that they cannot realistically be separated without great cost and effort. Substantive consolidation of separate but related legal entities is appropriate where those entities are so "hopelessly entangled" that "'the time and expense necessary even to attempt to unscramble [them] is so substantial as to threaten the realization of any net assets for all the creditors' or where no accurate identification and allocation of assets is possible."[12] In other words, "hopeless entanglement" of separate entities occurs when those entities are so severely and extensively intertwined that it would require extraordinary effort, significant time, and great expense—if it could be accomplished at all—to present accurate intercompany balances on a legal entity basis.

In evaluating whether to substantively consolidate entities, courts must "balance the benefits that substantive consolidation would bring against the harms that it would cause."[13] This does not mean that every single creditor must benefit, but only that the creditor body as a whole does.[14] There is no fixed rule on whether the court should focus on the number of creditors or the total dollar of their claims when assessing the benefits of substantive consolidation on the creditor body. Instead, the court must make this determination "with an eye towards 'fairness to all creditors,'" not just who is most numerous or owed the most.[15]

---

[11]   *Bonham*, 229 F.3d at 764 ("The consolidated assets create a single fund from which all claims against the consolidated debtors are satisfied; duplicate and inter-company claims are extinguished; and, the creditors of the consolidated entities are combined for purposes of voting on reorganization plans."); *see also Mihranian*, 937 F.3d at 1216 (approvingly quoting *Bonham*).

[12]   *Bonham*, 229 F.3d at 766 (quoting *Augie/Restivo*, 860 F.2d at 519).

[13]   *Bank of Am. v. CD-04 Inc. (In re Owner Mgmt. Serv.*, 530 B.R. 711, 723–24 (Bankr. C.D. Cal.) (citing *Bonham*, 229 F.3d at 765), *aff'd*, 2015 U.S. Dist. LEXIS 152622 (C.D. Cal. Nov. 6, 2015); *see also In re Gyro-Trac (USA), Inc.*, 441 B.R. 470, 488 (Bankr. D.S.C. 2010) ("Substantive consolidation will not affect distributions to [Investors] but will actually facilitate implementation of Debtor's Plan and will allow [Investors] to be paid more efficiently. Allowing consolidation will also eliminate substantial confusion for [Investors] in determining who to look to for distributions and will ensure that creditors are paid using the reorganized debtor's combined resources.").

[14]   *Owner Mgmt. Serv.*, 530 B.R. at 739 (citing *In re Stayton SW Assisted Living*, 2009 U.S. Dist. LEXIS 119186, at *12 (D. Ore. Dec. 22, 2009)).

[15]   *Branch Banking & Tr. v. Shapiro (In re R&S St. Rose Lenders*, 756 F. App'x 731, 733 (9th Cir. 2019) (quoting *Bonham*, 229 F.3d at 765); *Team Spirit Am. v. Kriegman (In re LLS Am.)*, 2012 Bankr. LEXIS 2603, at *31 (BAP 9th Cir. June 5, 2012) ("'The primary purpose of substantive consolidation is to ensure the equitable treatment of all creditors.'") (quoting *Bonham*, 229 F.3d at 764); *Stayton SW Assisted Living*, 2009 U.S. Dist. LEXIS 119186, at *12 (allowing substantive consolidation and finding that the language "benefit of all creditors" does not mean each and every creditor but the creditor body as a whole).

## C. Ponzi Schemes

### 1. What Is a Ponzi Scheme?

A Ponzi scheme is a fraud where earlier investors are paid not from actual investment returns,[16] but with money collected from new investors. A fraudster "'borrow[s] from Peter to pay Paul' because the fraud consists of funneling money from new investors to pay old investors while cultivating the illusion of a legitimate profit-making business."[17] By its very nature, a Ponzi scheme must eventually fail because there is not an infinite pool of new investors.[18]

A Ponzi scheme has two essential elements: (1) the funneling of money from new investors to pay old investors and (2) the absence of any genuine profit-making business that could sustain the returns being made to investors.[19] However, a Ponzi scheme need not be "asset-free"—in fact, nearly all Ponzi schemes (including the original one perpetrated by Charles Ponzi) have some real, valuable assets and some level of legitimate business operations.[20] The issue is whether those assets are *sufficient* to generate the returns promised to investors.[21]

---

[16]  *See, e.g.*, *Wyle v. C.H. Rider & Family* (*In re United Energy Corp.*), 944 F.2d 589, 590 n.1 (9th Cir. 1991) ("A Ponzi scheme is a fraudulent arrangement in which an entity makes payments to investors from monies obtained from later investors rather than from any 'profits' of the underlying business venture. The fraud consists of funneling proceeds received from new investors to previous investors in the guise of profits from the alleged business venture, thereby cultivating an illusion that a legitimate profit-making business opportunity exists and inducing further investment.") (citing cases).

[17]  *Kirkland v. Rund (In re EPD Inv. Co.)*, 114 F.4th 1148, 1156 (9th Cir. 2024) (quoting *Winkler v. McCloskey*, 83 F.4th 720, 723 n.1 (9th Cir. 2023); citing *United States v. Rasheed,* 663 F.2d 843, 849 n.1 (9th Cir. 1981)).

[18]  *Id.*

[19]  *Id.* at 1159; *see also Hayes v. Palm Seedlings Partners-A* (*In re Agric. Research & Tech Grp.*), 916 F.2d 528, 536 (9th Cir. 1990) ("Distributing funds to earlier investors from the receipt of monies from later investors is the hallmark of Ponzi schemes.").

[20]  *See, e.g., Pergament v. Torac Realty, LLC* (*In re Diamond Fin. Co.*), 658 B.R. 748, 768 (Bankr. E.D.N.Y. 2024) ("The presence of a legitimate business will not defeat the finding of a Ponzi scheme.") (citing cases); *In re Bonham*, 251 B.R. 113, 135–36 (Bankr. D. Alaska 2000) ("most Ponzi schemes have a least a semblance, if not a somewhat substantial, operating 'front'"); *LLS Am.*, 2013 Bankr. LEXIS 2684, at *24 ("The scheme is always founded upon some legitimate business enterprise, whether that enterprise actually exists or is only a 'sham' which exists only in the mind of the perpetrator."); *see also SEC v. Helms*, 2015 U.S. Dist. LEXIS 29149, at *21 (W.D. Tex. Mar. 10, 2015) ("The likelihood that Vendetta Partners conducted some legitimate business operations does not counteract the existence of a Ponzi scheme because the distributions to investors were nevertheless funded by other investors' money.") (citing cases).

[21]  *See, e.g., Gillman v. Geis (In re Twin Peaks Fin. Servs.)*, 516 B.R. 651, 655 (Bankr. D. Utah 2014) ("If the debtor's legitimate business operations cannot fund the promised returns to investors, and the payments to investors are funded by newly attracted investors, then the debtor is operating a Ponzi scheme."); *In re Taubman*, 160 B.R. 964, 978 (Bankr. S.D. Ohio 1993) ("As a result of the absence of sufficient, or any, assets able to generate funds necessary to pay the promised returns,

Case 24-1053 Doc# 28682 Filed 01/16/25 Entered 01/16/25 13:05:42 Page 182 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 229 of 960

## 2. The "Ponzi Scheme Presumption"

In bankruptcy cases, the primary way to recover money for defrauded investors is through the fraudulent transfer provisions of the Bankruptcy Code and state law (the "Fraudulent Transfer Laws"). Specifically, lawsuits known as "Clawback Actions" are brought under the Fraudulent Transfer Laws to "claw back" the false returns paid to earlier investors (the "net winners") so that the available funds can be shared with later investors (the "net losers"), who received little to no returns at all. The most common Clawback Action in Ponzi scheme bankruptcies is an "actual fraudulent transfer" claim, which can be brought under section 548(a)(1)(A) of the Bankruptcy Code and, by virtue of section 544 of the Bankruptcy Code, applicable state law.[22]

To establish and recover on an "actual fraudulent transfer" under the Fraudulent Transfer Laws, the plaintiff in a Clawback Action must prove that the transferor (i.e., the perpetrator) made the transfer with the "actual intent" to hinder, delay, or defraud. In the context of a Ponzi scheme, however, courts apply what is known as the Ponzi scheme presumption:[23] "'the mere existence of a Ponzi scheme is sufficient to establish actual intent under'" the Fraudulent Transfer Laws.[24]

Because of the importance of this presumption, bankruptcy courts must carefully weigh the evidence in determining whether a Ponzi scheme existed in the first place. To make that determination, courts apply *objective* criteria rather than probing the *subjective intent* of the perpetrator or investors. Some courts use a four-factor test that "considers whether (1) deposits were made by investors; (2) the debtor conducted little or no legitimate business operations as represented to investors; (3) the purported business operation of the debtor produced little or no profits or earnings; and (4) the source of payments to investors was from cash infused by new investors."[25] Other courts "have identified badges that weigh in favor of finding a Ponzi scheme, including (1) the absence of any legitimate business connected to the investment program; (2) the unrealistic promises of low risk and high returns; (3) commingling investor money; (4) the use of agents and brokers paid high commissions to perpetuate the scheme; (5) misuse of investor funds;

---

the success of such a scheme guarantees its demise because the operator must attract more and more funds, which thereby creates a greater need for funds to pay previous investors, all of which ultimately causes the scheme to collapse.").

[22] Another type of Clawback Action, which can be brought under both section 548(a)(1)(B) of the Bankruptcy Code and, by virtue of section 544 of the Bankruptcy Code, applicable state law, is the "constructive fraudulent transfer" action. Because Ponzi schemes are usually addressed through "actual fraudulent transfer" actions, this Investigation Report does not discuss the elements of "constructive fraudulent transfer" Clawback Actions.

[23] *See, e.g., EPD*, 114 F.4th at 1158; *see also Bear, Stearns Sec. Corp. v. Gredd* (*In re Manhattan Inv. Fund*), 397 B.R. 1, 8 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 709 (2d Cir. 2009).

[24] *AFI Holding, Inc. v. Mackenzie*, 525 F.3d 700, 704 (9th Cir. 2008) (quoting *In re Agric. Research*, 916 F.2d at 535).

[25] *EPD*, 114 F.4th at 1159 (citing cases).

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 230 of 960

(6) the payment of excessively large fees to the perpetrator; and (7) the use of false financial statements."[26]

Courts have identified other threads that are commonly found in Ponzi schemes. For example, Ponzi schemes may:

- feature the "rolling over" of investments;[27]

- involve "several related entities with multiple confusing and ultimately unjustifiable intercompany transfers;"[28]

- involve the perpetrator "mischaracteriz[ing] the nature of their investment opportunities and any risk associated with making an investment";[29] and

- lack audited or complete financials.[30]

### 3. Consequences of the Ponzi Scheme Presumption

Broadly speaking, there are two consequences to investors in a Ponzi scheme. The first, which flows from the fact that when "innocent victims gave money to [a Ponzi scheme perpetrator], they were not actually investors, but rather tort creditors with a fraud claim,"[31] concerns how an investor's claim is calculated. The second relates to Clawback Actions that may be brought against certain investors.

First, when calculating an investor's claim against a Ponzi scheme, bankruptcy courts usually split an investor's claim into two parts. "The 'A' claim represents on a cash-in/cash-out basis the difference, if any, between what an investor actually invested, lent, or gave to the Debtor, *minus* the total he or she received back at any time. The 'B' portion consists of all profit, interest, return of principal, punitive damages, multiple damages, or any amount in excess of actual

---

[26]  *Id.*

[27]  *See, e.g., LLS Am.*, 2013 Bankr. LEXIS 2684, at *28 (citing cases); *see also Taubman*, 160 B.R. at 987 ("To acquire the funds to make the promised returns to existing investors, the Debtor induced new investors to provide her with funds or induced existing investors to reinvest or rollover their prior investments, or, in some cases, increase their existing investments, all allowing the Debtor [to] forego paying her existing obligations.").

[28]  *LLS Am.*, 2013 Bankr. LEXIS 2684, *23–24 (citing cases).

[29]  *Wing v. Dockstader*, 2010 U.S. Dist. LEXIS 128571, at *11 (D. Utah Dec. 3, 2010)

[30]  *In re Petters Co.*, 495 B.R. 887, 913 (Bankr. D. Minn. 2013); *see also* Kathy Bazoian Phelps & Steven Rhodes, *The Ponzi Book: A Legal Resource for Unraveling Ponzi Schemes* § 1.05 (2012).

[31]  *Donell v. Kowell*, 533 F.3d 762, 774–75 (9th Cir. 2008); *see also Scholes v. Lehmann*, 56 F.3d 750, 754 (7th Cir. 1995) ("The limited partners were tort creditors of the corporations from which they had been inveigled into buying limited-partner interest, and were of course [ ] harmed.").

Case 24-1058 Doc#28002 Filed 01/16/25 Entered 01/16/25 13:05:42 Page 184 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 231 of 960

pecuniary loss. The 'B' claims shall receive distribution only after all 'A' claims have been paid in full."[32]

Second, as to Clawback Actions, "the general rule is that to the extent innocent investors have received payments in excess of the amounts of principal that they originally invested, those payments are avoidable as fraudulent transfers."[33] In determining the extent to which an investor in a Ponzi scheme is liable in a Clawback Action, courts follow a two-step process. First, the court determines *whether the investor is liable* by netting amounts transferred by the Ponzi scheme perpetrator to the investor against the initial amount invested by that individual (the "Netted Amount").[34] If the Netted Amount is a positive number, liability has been established.[35] Second, if the investor is determined to be liable (i.e., has a positive Netted Amount), the court has to determine *the amount of liability*. Good-faith investors are permitted to retain payments up to the amount they invested and are only liable to repay the "profits" they received, subject to the applicable statute of limitations.[36]

---

[32]    *Taubman*, 160 B.R. at 982.

[33]    *Donell*, 533 F.3d at 770.

[34]    *Id.* at 771.

[35]    *Id.* at 771–72.

[36]    *Id.* at 772.

Case: 24-1938 Document: 56-2 Filed: 10/15/25 Entered: 10/15/25 13:04:26 Page 185 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 232 of 960

II.    **SUMMARY OF FINDINGS OF JOINT INVESTIGATION**

As explained in the Disclosure Statement, the Committee and the LFM Debtors began the Joint Investigation into the Mattson Transactions, which KSMP later joined.  To carry out this investigation, the Committee issued 30 subpoenas that were approved by the Court,[37] and also collected information informally from various parties (including the LFM Debtors) (collectively, the "Third-Party Discovery").  Together, this discovery process has produced over ***1.2 million documents***, consisting of more than ***5 million pages***, as of October 1, 2025.  The below chart summarizes the Third-Party Discovery obtained by the Committee as of October 1, 2025:

| Producing Party | No. of Documents | No. of Pages |
|---|---|---|
| LFM Debtors | 960,260 | 3,642,398 |
| Mattson Parties[38] | 70,902 | 458,699 |
| Tim LeFever | 91,208 | 313,537 |
| BMO | 315 | 22,388 |
| Other Depository Banks | 67 | 5,902 |
| Socotra | 30,832 | 187,240 |
| Other Third Party Lenders[39] | 9,994 | 47,051 |
| IRA Custodians[40] | 39,834 | 132,817 |
| Closing Agents[41] | 25,719 | 203,740 |
| 1031 Exchange Intermediaries[42] | 2,965 | 27,274 |

A.    **Summary of Evidence Supporting Substantive Consolidation**

As detailed below and in the KSMP Sub Con Motion[43] and supporting declarations,[44] for decades, Mattson controlled and used the Debtors, the KSMP Investment Entities, and their Properties to engage in the fraudulent Mattson Transactions.  His fraudulent activities left the business and financial affairs of the Debtors and the KSMP Investment Entities so intertwined that trying to separate them would be enormously expensive, complicated, and time-consuming—and

---

[37]    *See* Docket Nos. 396, 398, 501, 604-12, 805, 827-32, 835, 1004, 1008-09, 1170, 1224, 1372-73.

[38]    The "Mattson Parties" are KS Mattson Company, LLC; KSMP; the KSMP Investment Entities; Specialty Sales Global, Inc.; Kenneth Mattson; and Stacy Mattson.

[39]    The "Other Third Party Lenders" are California Bank of Commerce, Citizens Business Bank, Comerica Bank, Duggans Mission Chapel, Frank Bragg Revocable Trust, Freddie Mac, Greystone, JPMorgan Chase, Leland McAbee, Mr. Cooper, PHH, Select Portfolio Services, Wilmington Trust, and Wells Fargo.

[40]    The IRA Custodians are Madison Trust, Provident, and Pacific Premier.

[41]    The "Closing Agents" are Fidelity National Title Co., Stewart Title, and First American Title Co.

[42]    The "1031 Exchange Intermediaries" are IPX and First American Exchange Co.

[43]    The KSMP Sub Con Motion can be found at Docket No. 1585 in the LFM Cases.

[44]    The declarations submitted in support of the KSMP Sub Con Motion can be found at Docket No. 1586 (First Golden Declaration), Docket No. 1713 (Jeremiassen Declaration), Docket No. 1715 (Second Golden Declaration), and Docket No. 1716 (Rivera Declaration), each in the LFM Cases.

Case: 24-10545  Doc# 2868  Filed: 01/16/25  Entered: 01/16/25 13:05:22  Page 186 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 233 of 960

likely impossible. Without Substantive Consolidation, as explained in Section III.A of this Investigation Report, two difficult and costly exercises would be required: (a) a forensic reconstruction of each Debtor's assets and liabilities (if doing so is even possible) (the "Forensic Reconstruction") and (b) an "Investor Claim Reconciliation," where each Investor Claim would have to be factually and legally reconciled to a specific Debtor or Debtors, often through litigation. These efforts would delay recoveries for years and consume so many resources that the value available to Investors would be sharply reduced. *The Plan Proponents believe that Substantive Consolidation avoids these costs and delays, allowing recoveries to be delivered to Investors more quickly and fairly.*

### 1. The Debtors' Books and Records

To understand why and how the Debtors, KSMP, and the KSMP Investment Entities are so entangled, it is necessary to understand the Debtors' background, organization, and structure as well as how the Debtors' books and records were (and were not) kept.

#### a. The LFM Debtors' Records

When LFM began in the late 1990s, its business model was to co-invest in Properties with tenant in common owners ("TICs") as Investors. The Properties were managed by Home Tax Services of America, Inc. d/b/a LeFever Mattson Property Management ("LMPM")[45] under a property management agreement with the relevant TICs (a "Property Management Agreement"), which required LMPM to maintain each Property and its financial records. To maintain the financial records, starting in 2000, LMPM used a real estate management and accounting software called Yardi, with its accounting staff applying "property codes" in Yardi ("Yardi Property Codes") to track each debit and credit.

When LMPM first began using Yardi, the then-existing LFM Debtors typically held Properties as co-tenancies with TICs. Accordingly, LMPM maintained the LFM Debtors' general ledgers in Yardi on a Property-by-Property basis, using Yardi Property Codes tied to each individual Property. As the Investment Vehicles shifted from TICs to Entity structures (i.e., LPs and LLCs), most Debtor Entities owned a single Property and LMPM continued to maintain ledgers on a Property level. When the LFM Debtors started to acquire multiple Properties within a single Entity, LMPM started establishing codes in Yardi for Entities as well ("Yardi Entity Codes" and, together with Yardi Property Codes, "Yardi Codes"), resulting in ledgers being maintained at both the Property and Entity level. Over the course of the last twenty-five years, LMPM has used over 950 Yardi Codes. As discussed below, because the LFM Debtors' records were maintained on a Property basis, it is more difficult to trace and unwind transactions at the Entity level for each of the Debtors.

The broader problem, however, is that the LFM Debtors' financial records are incomplete in two material respects. First, LMPM did not maintain any of the books and records of nine of

---

[45] LMPM was formed in 1991 to provide tax preparation services. In the ensuing years, LMPM's services were expanded to provide property management services for properties in which LFM held an ownership interest. In August 1999, LMPM purchased a third-party property management company to further expand its property management capacity and capabilities.

Case 24-10545 Doc# 2868 Filed 01/16/25 Entered 01/16/25 13:04:26 Page 187 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 234 of 960

the LFM Debtors (collectively, the "Mattson Maintained Debtors").[46] Instead—and even though LFM is the general partner or managing member of each of the Mattson Maintained Debtors— Mattson (or KSMP) maintained the books and records for such Entities. Accordingly, the Debtors do not have the books and records of the Mattson Maintained Debtors. Second, Mattson maintained LFM's complete general ledger. As detailed below, over twenty years before the Petition Date, LFM opened the 1059 Account at Bank of the West (subsequently acquired by BMO Bank, N.A. ("BMO")), through which hundreds of millions of dollars flowed, none of which are reflected in Yardi. The LFM Debtors and the Committee obtained documents from BMO concerning the 1059 Account (collectively, the "1059 Account Documents").[47] But because BMO's retention period is only seven years, no records prior to 2017 are available. As a result, the Plan Proponents are missing a critical source of financial information—that predating 2017— and have no reasonable prospect of recovering it.

### b.   KSMP's and the KSMP Investment Entities' Records

KSMP's and the KSMP Investment Entities' records are even more opaque than those of the LFM Debtors. They appear to have been solely maintained by Mattson, although it is unknown how, or to what extent, they were ever actually maintained. When the Responsible Individual assumed control of KSMP, she had no access to KSMP's books and records—not even a list of the Properties owned by KSMP. Compounding this problem, in May 2024, the United States government executed a search warrant and seized Mattson's computer and documents in his possession. To gain access to KSMP's documents subject to that seizure, the Responsible Individual negotiated a modification of the protective order in the Mattson Criminal Case with Mattson, the U.S. Attorney, and KSMP. This amendment permitted Mattson to turn over to KSMP documents he had received in criminal discovery. To date, however, Mattson has produced only 90 documents to the Responsible Individual.

---

[46]   The Mattson Maintained Debtors are: Apan Partners, LLC; Bay Tree, LP; Bishop Pine, LP; Butcher Road Partners, LLC; Golden Tree, LP; Ponderosa Pines, LP; Spruce Pine, LP; Watertree I, LP; and Windtree, LP.

[47]   Prior to retaining DSI, LFM retained the consulting firm BPM to reconstruct the 1059 Account transactions. BPM received copies of certain documents from BMO (such as monthly statements, canceled checks, and check deposits) for the period May 2017 through April 2024. BPM compiled information for the transactions through a combination of data extraction software and manual data entry. At the time that BPM stopped working for LFM, their work was not complete. After LFM retained DSI, DSI obtained BPM's compilations of receipts and disbursements, which contained details of outgoing checks (approximately 43,000) and check deposits (approximately 1,200), along with certain information for other transactions (e.g., wires and other electronic receipts and payments) that BPM obtained from the monthly bank statements. Between January 2025 and May 2025, pursuant to a subpoena obtained by the Committee, BMO produced additional 1059 Account Documents necessary to complete the reconstruction of the 1059 Account, including details for all wire transfers and other electronic payments made to and from the 1059 Account since 2017 through the closing of the account in July 2024. DSI compiled information from transactions that were not included in BPM's compilation, made various corrections, reconciled to the bank statements, and categorized each transaction.

KSMP and the KSMP Investment Entities maintained several bank accounts (collectively, the "KSMP Bank Accounts") at BMO and First Bank, the most commonly used of which was an account ending in -1380. KSMP opened this account (the "1380 Account") in May 2002 with BMO. Other KSMP Bank Accounts include (i) an account ending in -5410 in the name of "KS Mattson Partners, LP, Ceres MHP" that KSMP opened in September 2007 with BMO (the "Ceres Account"), (ii) an account ending in -3467 that KSMP opened with First Bank (the "KSMP FB Account"), and (iii) an account ending in -3186 that Perris Freeway Plaza opened with First Bank (the "PFP FB Account" and, together with the 1059 Account, the 1380 Account, the Ceres Account, and the KSMP FB Account, the "Commingled Bank Accounts").

KSMP lacks even basic cashflow statements showing the historical transactions going through the KSMP Bank Accounts. The Responsible Individual has taken steps to obtain bank records directly from BMO and First Bank. KSMP, through the Responsible Individual, received documents from BMO concerning the 1380 Account (collectively, the "1380 Account Documents") in July and August 2025, and concerning the Ceres Account (collectively, the "Ceres Account Documents" and, together with the 1380 Account Documents, the "KSMP BMO Account Documents") in July 2025. Like the 1059 Account Documents, the KSMP BMO Account Documents did not include any complete cash-flow statements. Rather, as of October 1, 2025,[48] the KSMP BMO Account Documents consisted of unstructured data;[49] the 1380 Account Documents, for example consisted of 5,443 pages of images of checks (nearly 40,000 individual checks) written from the 1380 Account, 865 pages of account statements (covering 38,000 transactions), 1,369 wire transfer records, and 12 pages of fund-transfer slips.

KSMP has been working collaboratively with the Committee and its advisors at PwC to analyze the KSMP BMO Account Documents,[50] which, like the 1059 Account Documents, only go back seven years. The Plan Proponents have been able to create a preliminary structured cash

---

[48]   As of October 1, 2025, BMO had not yet completed its production of the KSMP BMO Account Documents.

[49]   Unstructured data refers to information (in this case, different types of documents) that is not organized in a usable format. Before unstructured data can be analyzed, it requires significant processing, resulting in time delays and additional expense.

[50]   Specifically, upon receiving the 1380 Account Documents, PwC extracted key attributes from each type of document. As to check images, for example, PwC used optical character recognition (OCR) technology and AI-driven parsing routines to extract data like payor/payee information and memo line information, which allowed PwC to identify the individuals, Entities, and Properties associated with each transaction. PwC then standardized the extracted data into a normalized database, ensuring that all of the documents could be analyzed together. This process also included resolving and removing duplicate transactions and cleansing information that was incorrectly extracted by technology alone—a process made necessary by illegible handwriting and poor-quality check images. Using the processed dataset, the Plan Proponents have been able to turn disparate raw 1380 Account Records into a reliable foundation for financial analysis and investigative review. As noted, however, to ensure total accuracy, the Plan Proponents would need to manually review each 1380 Account Document and would need to reconcile each transaction to some other source, such as a QuickBooks file.

Case 24-10545 Doc# 2868 Filed 10/16/25 Entered 10/16/25 13:54:26 Page 189 of 237

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 236 of 960

flow using the 1380 Account Documents but, given the short amount of time since they were received, are continuing to analyze and refine the data.

In addition, on or around September 23, 2025, KSMP received documents from First Bank concerning the KSMP FB Account and the PFP FB Account (collectively, the "First Bank Documents"). Like the KSMP BMO Account Documents, the First Bank Documents did not include any complete cash-flow statements. Rather, the First Bank Documents, which only go back to 2018, consist of 23 Excel files containing a total of 33,651 transactions and 44 PDF files containing a total of 4,771 pages of check images and account statements. The Plan Proponents have conducted a cursory review of the First Bank Documents but, given the short amount of time since they were received, have not been able to structure the data.

Despite these efforts, the records remain incomplete. According to the United States government, in pleadings filed in the Mattson Criminal Case, Mattson allegedly deleted 14,000 files from his laptop that, based on their names, appear to relate to the Debtors[51] and 16,000 files from a cloud filesharing service.[52] Although Mattson disputes these allegations, the Plan Proponents cannot confirm how the KSMP's or the KSMP Investment Entities' records, or those of LFM and the Mattson Maintained Debtors, were kept, or whether complete records ever existed.

## 2.    Summary of Certain Recurring Factual Issues

As detailed in section II.C of this Investigation Report, the degree of entanglement among the various Debtors varies. Yet the Joint Investigation has uncovered a series of recurring problems—many tied to the Mattson Transactions—that cut across multiple Debtors. If there were no Substantive Consolidation of the Debtors, these issues would each require extensive, and likely impossible, Forensic Reconstruction and Investor Claim Reconciliation. These problems are the very sort that courts consider when ordering substantive consolidation: whether the entities are so hopelessly entangled that separating them would be impractical and whether consolidation is needed to ensure the fair and equal treatment of all creditors. To illustrate this, the following discussion highlights five recurring patterns—Intercompany Transactions, the sale of Phantom Interests, the use of the Commingled Bank Accounts, Insider Property Transfers, and Third-Party Loans. Each of these patterns is described in further detail below; together, they demonstrate why the Plan Proponents have determined that Substantive Consolidation is the proper result here.

### a.    Intercompany Transactions

Starting in 2006, LFM frequently moved money between its Investment Vehicles (i.e., a Property, LLC, or LP)—shifting cash from those with extra cash to those that needed it ("LFM Intercompany Transactions"). These transfers occurred at both the Property and Entity level, typically carried below-market interest rates (generally between 6.5% and 8%), and were set by LFM (i.e., Mattson). The LFM Debtors referred to these transactions as "interproperty notes," though in reality no executed promissory notes ever existed. Rather, LMPM tracked LFM

---

[51]    Motion for Detention Pending Trial and Motion to Continue Detention Hearing, *United States v. Mattson*, No. 25-CR-00126 (N.D. Cal. May 23, 2025), ECF No. 6 at 6:23–7:23.

[52]    *Id.* at 9:8–13.

Case 24-10545   Doc# 2862   Filed 10/16/25   Entered 10/16/25 16:04:26   Page 290 of 287
Case 24-10545   Doc# 2862   Filed 10/16/25   Entered 10/16/25 13:05:42   Page 290 of 287

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 237 of 960

Intercompany Transactions in a series of spreadsheets—known as "Sub-Ledgers"—and simply reflected the year-end balances of these Sub-Ledgers in its applicable general ledgers. Thirty-three Sub-Ledgers existed as of the Petition Date. Some contain information related to multiple Debtors. None reflect the purpose of the LFM Intercompany Transaction.

As of the Petition Date, twenty-seven LFM Debtors showed outstanding intercompany payables to other LFM Debtors, and twenty LFM Debtors showed outstanding intercompany receivables. In total, more than $30 million in intercompany amounts remained outstanding, tied to over 700 individual LFM Intercompany Transactions (collectively, the "Open Intercompany Transactions"). These receivables and payables do not balance. DSI's preliminary review revealed discrepancies, including instances where a receivable appeared on the Sub-Ledger of the "lending" Debtor but no corresponding payable appeared on the Sub-Ledger of the "borrowing" Debtor, and vice versa.[53] The Plan Proponents estimate the number of LFM Intercompany Transactions that occurred between 2006 and the Petition Date to be in the tens of thousands. Indeed, as shown on Attachment H, between January 1, 2017, and the Petition Date, there were 5,872 LFM Intercompany Transactions *with a gross dollar amount of nearly $636 million—all without any formal documentation*.

In addition to LFM Intercompany Transactions, Mattson also frequently moved cash among the LFM Debtors, KSMP, and the KSMP Investment Entities ("LFM/KSMP Cash Transfers" and, together with LFM Intercompany Transactions, "Intercompany Transactions"), commonly in round amounts and without any discernible relationship to a legitimate transaction. Although some of the LFM/KSMP Cash Transfers are reflected in the LFM Debtors' Records, most occurred through the 1059 Account and therefore are not. Between January 1, 2017, and September 30, 2024, there were over 11,500 distinct journal entries and bank transfers (consisting of nearly 16,000 individual transactions) totaling approximately $176 million, between the LFM Debtors and KSMP.[54] Specifically, from January 1, 2017, through September 30, 2024:

- The LFM Debtors' Records show that more than $39 million[55] of LFM/KSMP Cash Transfers were made directly between LFM and KSMP through approximately 1,800 distinct entries (consisting of nearly 2,700 individual transactions).

---

[53] The cash accounts were periodically reconciled, suggesting that some Open Intercompany Transactions were incorrectly recorded.

[54] These amounts do not include, for example, an additional $40 million of 1059 Account Transactions involving Specialty Sales Classics, Inc., a car dealership affiliated with Mr. Mattson in which no LFM Debtor has ever had an interest.

[55] Approximately $14.55 million from KSMP to LFM and approximately $24.67 million from LFM to KSMP.

- The LFM Debtors' Records show that more than $19 million[56] in LFM/KSMP Cash Transfers were associated with KSMP-owned Properties, made through over 8,000 distinct entries (consisting of over 11,900 individual transactions).

- The 1059 Account Records show that there were more than $92 million[57] in LFM/KSMP Cash Transfers through over 950 checks and wire transfers.

- The 1059 Account Records show that approximately $25 million[58] in disbursements were made from the 1059 Account for the benefit of KSMP-owned Properties, comprised of nearly 390 checks and wire transfers.

b.  <u>Sale of Phantom Interests</u>

Mattson solicited new investments (from both existing Investors and new Investors), supposedly through legitimate Investment Vehicles, to raise cash to pay earlier Investors. But instead of selling properly recorded interests in LFM Investment Vehicles (i.e., interests reflected in the LFM Debtors' Investment Records), Mattson—through both LFM and KSMP— sold "off-book" interests, which we refer to collectively as "<u>Phantom Interests</u>." In these cases, Investors handed over money but received no valid ownership interest in return.[59]

Phantom Interests took several general forms, each with its own complexities, including:[60]

- **Type I**: an interest in an LFM-affiliated Entity that was never recorded in the LFM Debtors' Investment Records;

---

[56]  Approximately $9.55 million from or on account of KSMP to LFM and approximately $9.95 million from LFM to or on account of KSMP.

[57]  Approximately $51.54 million from KSMP to LFM and approximately $40.48 million from LFM to KSMP.

[58]  Approximately $2.32 million from or on account of KSMP to LFM and approximately $23.45 million from LFM to or on account of KSMP.

[59]  Mattson prepared (or oversaw the preparation of) all of the Debtors' annual tax filings, which included the Form K-1 for each Investor of record in the applicable LLC or LP. However, because Mattson was purporting to sell interests in real limited partnerships, he created fraudulent Form K-1s for the investors to whom he sold Phantom Interests (excepting the IRA Phantom Interests, which were subject to less tax reporting) to maintain the appearance of legitimacy. Indeed, Mattson created and provided Investors with fraudulent Form K-1s for Investments in nonexistent entities, including "Country Oaks, LP," "Watertree LP," "Live Oak LP," and "Valley Oaks Investments LP." The similarly named Debtors are, respectively: Country Oaks I, LP; Watertree I, LP; Live Oak Investments, LP; and Valley Oak Investments, LP.

[60]  The "Types" of Phantom Interests described herein are provided only as examples to help categorize hundreds, if not thousands, of fraudulent transactions. They are not meant to suggest that any "Type" of Phantom Interest will be treated differently. Indeed, trying to determine the exact "Type" of each Phantom Interest held by each Investor—and the consequence of holding such "Type" of Phantom Interest—would require a highly fact-intensive inquiry and would be prohibitively expensive to litigate.

- **Type II**: an interest in a real Entity or Property where the seller (LFM or KSMP) held no, or insufficient, ownership interest to sell;

- **Type III**: an interest in an entity that never existed; and

- **Type IV**: an interest in an Entity that investors were told owned a specific Property, when in fact that entity did not.

The following sections discuss each of these Types of Phantom Interests in greater detail.

(1)    *Type I Phantom Interests*

For a decade, Mattson sold what we refer to as Type I Phantom Interests. In these cases, Mattson gave an Investor a document titled "Agreement of Transfer and Purchase of Partnership Interest" (a "Transfer Agreement") that purported to sell either LFM's or KSMP's interest in a Debtor or a KSMP Investment Entity. However, Mattson did not record these transfers in the Debtors' Investment Records or provide the Transfer Agreement to LMPM, who maintained those records for most of the Debtors. Because these Investors were not recognized as Record Investors, they did not receive investment returns or profit distributions from a Property or Entity-specific trust account, as Record Investors did. Instead, any "returns" they received were paid from other accounts under Mattson's control, such as the 1059 Account. These payments were not generated from genuine profits from the Properties, but with fabricated returns funded from alternative sources. Based on the Joint Investigation to date, Mattson sold Type I Phantom Interests in the majority of the Debtors.

In addition to the sales of Type I Phantom Interests described above, Mattson carried out a variation of the same scheme using retirement accounts. Beginning around 2009, he encouraged Investors to use self-directed IRAs to purchase supposed ownership interests in two Debtors and one KSMP Investment Entity.

Mattson told Investors to transfer their existing IRA to, or open a new IRA with, a self-directed IRA custodian (an "IRA Custodian"). Through the IRA Custodian, Mattson then purported to sell the Investor an interest (the "IRA Phantom Interests") in one of two LFM Debtors—Divi Divi Tree, LP ("Divi Divi") or Butcher Road Partners, LLC ("Butcher Road")—or KSMP Investment Entity Specialty Properties Partners, LP ("SPP"). Mattson would then direct the Investor's IRA funds from the IRA Custodian into a bank account (such as the 1059 Account or the 1380 Account) within his exclusive control. When the IRA Custodian required funds for distributions to the Investor (for example, for a required minimum distribution), Mattson then transferred funds from one of his controlled bank accounts to the IRA Custodian.

Like other Type I Phantom Interests, these IRA Phantom Interests were never recorded in the Debtors' official records. For Divi Divi, LMPM maintained the official records, and none of the IRA Phantom Interests in Divi Divi appeared there. Divi Divi's ownership reports that Mattson provided to the IRA Custodians (and which were therefore provided to holders of IRA Phantom Interests by the IRA Custodians) materially differ from—and are incompatible with—those maintained by LMPM. For Butcher Road, the Property Manager did not maintain the official ownership records, and the Plan Proponents have been unable to locate any such records. Even

so, the Joint Investigation uncovered the existence of both IRA Phantom Interests and the more typical Type I Phantom Interests for Butcher Road—only the former of which was reflected on records Mattson provided to IRA Custodians.[61] Finally, as set forth in Section II.C.4.b below, the Plan Proponents cannot identify any official ownership records of SPP, and the records the Plan Proponents have obtained through the Joint Investigation (including from the IRA Custodians) are inconsistent.[62]

This variation of the scheme was simply another method Mattson used to create Type I Phantom Interests—this time by using IRA Custodians and inconsistent ownership reports to give Investors the false appearance of legitimate investments, while routing all funds through accounts he controlled.

(2) <em>Type II Phantom Interests</em>

In another version of his scheme, Mattson told Investors they were buying LFM's or KSMP's Interest in an actual Entity or Property, even though LFM or KSMP either held no such Interests or held an insufficient Interest in the Entity or Property. As with Type I Phantom Interests, Mattson usually provided Investors with a Transfer Agreement concerning the sale of Type II Phantom Interests, but did not report such transfers (nor provide a copy of any Transfer Agreement) to the Property Manager, who maintained the Debtors' Records. The following are examples of Type II Phantom Interests that Mattson sold to Investors:

- **Country Oaks Apartments**: Even though KSMP had no interest in the Country Oaks Apartments to convey prior to July 8, 2015, the Investor Claims reflect that, KSMP (acting through Mattson) "sold" at least 14.966% of Phantom Interests in the Country Oaks Apartments to thirteen different Investors prior to that date. In total, those Investors paid Mattson $1.942 million for these Phantom Interests.

- **Perris Freeway Plaza**: At least one Investor Claim submitted in the LFM Debtors' Cases attached an *Agreement of Transfer and Purchase of Partnership Interest* in which LFM (by Mattson) "sells" a portion of LFM's interest in Perris Freeway Plaza—even though LFM never actually held any limited partnership interest in Perris Freeway Plaza.

(3) <em>Type III Phantom Interests</em>

---

[61] Moreover, similar to Type IV Phantom Interests discussed below, Mattson falsely represented to Investors that Butcher Road owned the Vaca Villa Apartments. *See* Attachment F-13. In reality, Butcher Road only owned undeveloped land adjacent to the Vaca Villa Apartments (never the Vaca Villa Apartments themselves), and even then only from 2013 to 2022.

[62] With respect to the IRA Phantom Interests in SPP, KSMP used LFM's account relationship with the IRA Custodians, rather than establishing its own. Indeed, Mattson appears to have caused LFM to represent to IRA Custodians that LFM was transferring its interest in SPP when, as a matter of fact, LFM held no interests in SPP.

In yet another variation of his scheme, Mattson frequently "sold" Investors things that legally did not exist. This misconduct took a number of forms, some of them overlapping.

**Nonexistent Entities**. Mattson sometimes sold Phantom Interests in an entity that simply never existed. In some instances, the entity names used were only minor—but legally incorrect—variations on the names of real Entities. For example, Investors were sold Phantom Interests in "River Birch Investments, LP," "Rivertree, LP," "Treehouse Partners, LP," "Buck Avenue, LLC," and "Heacock Partner, LP."[63] In other cases, Mattson concocted entity names out of whole cloth—for example "Ceres West MHP Partners, LLC" and "Napa Enterprise Partners". In each case, the problem was the same: because the entity did not exist, the interests supposedly being transferred were legally meaningless.

**Impossible Corporate Agreements**. Mattson also manufactured Phantom Interests by selling interests tied to "Partnership Agreements" or other corporate agreements that never existed. The Plan Proponents have identified at least thirty-one such "phantom agreements" to date. Some examples include:

- "*Agreement of Limited Partners of Country Oaks Partners, LLC*, dated as of December 1, 2007"—Country Oaks Partners, LLC does not exist (Country Oaks, LLC did exist, but it was converted into LFM Debtor Country Oaks I, LP) and this agreement could not have existed because LLCs do not have limited partners.

- *Operating Agreement of Members of Country Oaks Partners, LP*, dated as of September, 2007—Country Oaks Partners, LP does not exist (Country Oaks I, LP is an LFM Debtor) and this agreement could not have existed because limited partnerships do not have members or operating agreements.

- *Agreement of Limited Partners of Perris Freeway Plaza, LLC*, dated as of December 1, 2001—While Perris Freeway Plaza, LLC once existed (it was converted to a limited partnership), this agreement could not have existed because, again, LLCs do not have limited partners.

- *Agreement of Limited Partners of Specialty Properties Partners, L.L.C.*, dated as of January 28, 2011—Similar to the prior example, while Specialty Properties, LLC once existed (it, too, was converted to a limited partnership), LLCs do not have limited partners.

- *Agreement of Co-Tenants of Folsom Village Partners*, dated as of October 1, 2013—"Folsom Village Partners" does not exist and, beyond that, entities (as opposed to real property) cannot have cotenants.

In each case, the underlying "agreement" could not have served as a basis for transferring any interest, making the transfers legally invalid.

---

[63]    The similarly named Debtors are, respectively: River Birch, LP; River Tree Partners, LP; Treehouse Investments, LP; Buck Avenue Apartments, LP; and Heacock Park Apartments, LP.

Case 24-10545   Doc# 2868   Filed 01/16/25   Entered 01/16/25 13:54:26   Page 255 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 242 of 960

**Fake Entities Tied to Real Properties**. Mattson also invented fake entities and told Investors that those entities owned particular Properties. The Properties did exist, but the entities he named did not. Some illustrative examples include:

- **Comstock Building Partners, LLC**, which Mattson told Investors owned property located at 8340 – 8350 Auburn Boulevard in Citrus Heights (the "Comstock Building"). The Comstock Building, held as a tenancy in common (including KSMP), did exist;[64] Comstock Building Partners, LLC did not.

- **Fulton Village Partners, LLC**, which Mattson told Investors owned property at 1319 – 1361 Fulton Avenue in Sacramento (the "Fulton Village Property"). The Fulton Village Property existed but was *rented* (not owned), by KSMP, who allegedly assigned its rights under the lease to LFM Debtor Beach Pine.[65] The entity does not exist.

- **Greenhaven Partners**, which Mattson told Investors owned property at 7385 Greenhaven Drive in Sacramento (the "Greenhaven Property"). Although the Greenhaven Property existed, and was at one time owned by KSMP, "Greenhaven Partners" itself did not exist.[66]

Again, in each of these examples, the conveyances Mattson caused were invalid because the entities he named as sellers did not exist.

**Phantom TIC Interests**. Finally, Mattson also sold TIC interests in Properties that were, in fact, held as tenancies in common, but where the seller (typically KSMP) did not actually own the TIC interests it purported to sell. For example, the Joint Investigation uncovered that Mattson "sold" an investor KSMP's TIC Interest under the "Agreement of Co-tenants of Spring Glen Apartments, dated as of October 1, 2006." The Spring Glen Apartments did exist, and they were held as a tenancy in common. But KSMP was never a TIC of or otherwise on title to Spring Glen Apartments. KSMP's only—indirect—interest in the Spring Glen Apartments was through its ownership interest in actual TICs Vaca Villa Apartments LP and Tradewinds Apartments LP (both LFM Debtors).[67] Because KSMP never held a direct TIC interest in Spring Glen Apartments that it could itself sell, its purported sale of such an interest conveyed nothing.

(4)     *Type IV Phantom Interests*

Finally, in contrast to Type III Phantom Interests—which involved selling things that did not exist—Mattson also sold Investors Interests in real Entities, but that did not own the Properties

---

[64]     *See* Attachment F-15.

[65]     *See Declaration of James Grellas Regarding Debtors' Motion for an Order Authorizing Rejection of the Unexpired Fulton Square Ground Lease,* Docket No. 673.

[66]     Additionally, the Plan Proponents have seen at least one Transfer Agreement pursuant to which Mattson, through KSMP, purportedly sold interests in "Greenhaven Partners" *years after* the Greenhaven property was transferred from KSMP.

[67]     *See* Attachment F-21.

Case 24-10545   Doc# 2868   Filed 01/16/25   Entered 01/16/25 18:04:26   Page 246 of 257

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 243 of 960

he claimed. For example, he sold Interests in Bay Tree, LP (which he represented as holding an interest in 860 Charter Way, Redwood City, CA, even though it did not) and Ponderosa Pines, LP (which he likewise represented as holding an interest in 7456 Foothills Boulevard, Roseville, CA[68] even though it did not).

### c.    Commingled Bank Account Transactions

#### (1)    *1059 Account Transactions*

Mattson used the 1059 Account to perpetuate his fraud. The account commingled Investor funds from many sources (including the sale of Phantom Interests), and was used to, among other things, make distributions to Investors and pay Mattson's personal debts and the financial obligations of KSMP and its non-Debtor affiliates, including the KSMP Investment Entities. Bank records show that between May 1, 2017, and September 30, 2024, about 50,000 transactions flowed through the 1059 Account (collectively, the "1059 Account Transactions"), moving more than $250 million in deposits (the "Inbound 1059 Account Transactions") and withdrawals (the "Outbound 1059 Account Transactions"). Of that amount, more than $60 million was transferred to KSMP and other non-Debtor entities Mattson controlled and more than $30 million was paid directly to lenders to reduce KSMP's debt. The 1059 Account was in LFM's name but functioned as Mattson's slush fund—hidden from LFM employees, fueled by Investor money, and used to meet obligations across Mattson's enterprise—with no written agreement in place. As will be discussed further below, the account was also used to recycle Investor money—over $70 million paid out and over $104 million deposited from May 2017 through the Petition Date—back to earlier Investors, a hallmark of the Ponzi scheme

#### (2)    *1380 Account Transactions*

Like the 1059 Account, which was held in LFM's name, Mattson used KSMP's 1380 Account to perpetuate his fraud. Just as with the 1059 Account, the 1380 Account commingled funds from many sources (including from Investors, through the sale of Phantom Interests), and was used to, among other things, make distributions to Investors and pay Mattson's personal debts. Bank records show that between January 1, 2017, and September 30, 2024, about 35,000 transactions flowed through the 1380 Account (collectively, the "1380 Account Transactions"), moving more than $240 million in deposits (the "Inbound 1380 Account Transactions") and $240 million in withdrawals (the "Outbound 1380 Account Transactions"). More than $45 million of Outbound 1380 Account Transactions were transferred to LFM.

### d.    Insider Property Transfers

Another critical component of Mattson's scheme was the transfer of Properties among the Debtors (the "Insider Property Transfers"), in non-arm's length transactions. Among the Insider Property Transfers were hundreds of transfers between KSMP and the LFM Debtors. At the start of the LFM Cases, the LFM Debtors owned about 170 Properties, nearly half of which (81 Properties) were transferred from KSMP. These transfers usually followed a familiar pattern:

---

[68]    *See* Attachment F-14.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 244 of 960

- **Inflated Resales**: Mattson would cause KSMP to buy Properties from third parties and then, sometimes within days, "resell" those Properties to the LFM Debtors at an inflated price.[69]

- **Hidden Debt**: Before transferring Properties to the LFM Debtors, Mattson frequently used KSMP as a "pit stop" to load them with expensive debt, often without disclosing the terms—or even the existence—of these Third-Party Loans. Many of these loans never appeared in the LFM Debtors' Records. The use and implications of these Third-Party Loans are discussed in more detail below.

- **Use of 1059 Account**: Since the Third-Party Loans that KSMP took out were not reflected in the LFM Debtors' Records, Mattson paid them with Investor funds from the 1059 Account.

These Insider Property Transfers illustrate how Mattson moved Properties and obligations between KSMP and the LFM Debtors in ways that concealed debt and relied on Investor funds to keep the scheme operating.

In addition to the movement of Properties between KSMP and the LFM Debtors, Properties were frequently transferred among the LFM Debtors themselves. Of the approximately 170 Properties owned by an LFM Debtor as of the Petition Date, 54 were previously owned by at least one other LFM Debtor. Frequently, these Properties (as well as many Properties that were transferred from KSMP to the LFM Debtors) were passed between Debtors. Further, as shown in section II.C of this Investigation Report and the related attachments, many more Properties not owned by any Debtor as of the Petition Date were the subject of Insider Property Transfers.

Insider Property Transfers (whether between KSMP and the LFM Debtors or only among the LFM Debtors) were often poorly—and in some instances incorrectly—documented. Among other things:[70]

---

[69] Starting in the early 2000s, in addition to providing property management services, LMPM provided due diligence services on major Property acquisitions by the LFM Debtors. At LFM's direction, LMPM would provide financial analysis, physical inspection, environmental assessment, and market analysis of a prospective investment property (collectively, the "Due Diligence Services"). As a result of the Due Diligence Services, LMPM would identify the property financial reserves necessary to ensure that physical condition issues identified in the due diligence process could be addressed after acquisition. However, starting around 2018, LFM stopped having LMPM provide Due Diligence Services and, to the Debtors' knowledge, no analysis was performed (or at least shared with LMPM) with respect to the physical needs of and adequate reserves necessary for Properties that were acquired by or otherwise transferred to the LFM Debtors (and which were to be managed by LMPM pursuant to Property Management Agreements).

[70] Exhibit C to the Jeremiassen Declaration summarizes some of the information known to the Plan Proponents regarding Insider Property Transfers between KSMP and the LFM Debtors.

Case 24-10545 Doc 2668 Filed 01/16/25 Entered 01/16/25 13:54:26 Page 248 of 257

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 245 of 960

- Few Insider Property Transfers went through third-party escrow agents (such as Closing Agents), so they generally lack the more robust documentation such agents would have maintained.

- These transfers also frequently lacked basic paperwork, such as purchase agreements; in fact, most of the transfers were consummated without a purchase agreement.

- Where Closing Statements[71] exist for these transfers without a Closing Agent, they were prepared by LMPM with information from Mattson—information that was often incomplete or incorrect.

### e.    Third-Party Loans

As noted above, part of Mattson's scheme involved the Debtors taking out loans (the "Third-Party Loans") from outside financing sources (the "Lenders"), secured by one or more Properties.  Sometimes, the Debtor that borrowed the money kept ownership of the Property securing the loan.  But often, Mattson arranged to transfer those Properties to another Debtor— without disclosing the existence of the debt— even though the Property was still encumbered by the loan.  This meant Properties were frequently moved around with hidden debt attached.[72]

The pattern was consistent. Mattson would either cause KSMP to purchase Properties in KSMP's name or cause a Property owned by an LFM Debtor to be transferred to KSMP.  He would then encumber those Properties with the Third-Party Loans (either as acquisition financing or post-acquisition funding).  And then, after the lender funded the loan and recorded of a deed of trust against the Property, Mattson would cause KSMP to transfer title to a LFM Debtor—subject to the lender's lien.

Mattson used the Third-Party Loans to accomplish several things: (i) extract value from unencumbered Properties that KSMP did not own—by transferring them into KSMP's name, misappropriating the loan proceeds, and then transferring the now-encumbered Properties back to a LFM Debtor subject to the Third-Party Loan; (ii) refinance existing secured debt on encumbered Properties (some of which were, due to KSMP's sale of part of its interests, held as tenancies in common), including "cash-out" refinancings; and (iii) conduct "cash-out" purchases of new Properties, borrowing more than the purchase price.

In sum, Mattson systematically used Third-Party Loans to move Properties and debt between KSMP and the LFM Debtors, extract cash for his own purposes, and, as a result, burdened the LFM Debtors and others with encumbered assets and hidden liabilities.

---

[71]    A "Closing Statement" is a document used in real property transactions that outlines the debits and credits associated with that transaction.

[72]    In addition to the Third-Party Loans, which were taken out by one or more Debtors, the LFM Debtors currently own and have historically owned Properties that were transferred to the LFM Debtors by an Investor, subject to a loan secured by the Property taken out by the Investor.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 246 of 960

**B.**  **Summary of Evidence of Ponzi Scheme**

The Joint Investigation revealed that Mattson operated the Debtors and the KSMP Investment Entities as a Ponzi scheme from at least 2008 to 2024. Because the Debtors' Investment Vehicles did not produce sufficient profits to sustain payments to Investors, the Debtors continually relied on obtaining new investments to do so—the very definition of a Ponzi scheme. While the Plan Proponents believe that a Ponzi Finding as to each Debtor and the KSMP Investment Entities would be appropriate even without Substantive Consolidation of all Debtors, given that the Plan proposes Substantive Consolidation of the Debtors, the Investigation Report assumes that the Debtors and the KSMP Investment Entities will be substantively consolidated and summarizes the Ponzi scheme evidence on that basis.

The evidentiary record supporting Substantive Consolidation also supports the Ponzi Finding.[73] Rather than restating that evidence, this section focuses on the specific evidence supporting four of the most common indicia of a Ponzi scheme: old Investors being paid with new Investor money, commingled funds, insufficiency of profits to sustain Investor distributions, and the use of false financial statements.

**1.**  **New Investors Paying Old Investors**

Generally, real estate investors receive distributions from one of two sources—a property's operating profit (i.e., operating revenues minus operating expenses) or net proceeds upon the real property's sale. The documents governing the Debtors' Investment Vehicles (i.e., Co-Tenancy Agreements, Limited Partnership Agreements, and Operating Agreements) are consistent with this general rule. The Debtors' Co-Tenancy Agreements generally provided that TIC Investors would receive their proportionate share of their Property's Positive Operating Cash Flow[74] at least quarterly.[75] Similarly, Partnership Agreements and Operating Agreements provided that "[a]ll cash resulting from the normal business operations of the Partnership and from a Capital Event shall be distributed as and when determined by the General Partner, in its sole discretion" and, when such a distribution occurs, it "shall be made among the Partners in proportion to their Percentage

---

[73] *See, e.g.*, *In re Woodbridge Grp.*, 592 B.R. 761, 778 (Bankr. D. Del. 2018) (noting that a Ponzi scheme is a "compelling circumstance" overcoming the presumption of corporate separateness in a substantive consolidation analysis); *see also Pergament v. Torac Realty, LLC* (*In re Diamond Fin. Co.*), 658 B.R. 748, 768 (Bankr. E.D.N.Y. 2024) ("Clearly, this complex web of intercompany transactions was a scheme to take funds from investors, shuttle the funds to and from the Debtor and its entities to create a false sense of profitability, and then to use those funds to pay back earlier investors.").

[74] "Positive Operating Cash Flow" was defined in Co-Tenancy Agreements as "all revenues received from operation of the Property, together with amounts the Manager has reasonably determined can be released from reserves (as opposed to proceeds from sale, refinancing or insurance, except to the extent such proceeds constitute proceeds from rent continuation insurance)" *minus* payment of current expenses and costs for the Property (including mortgage payments), repayment of funds advanced by a Co-Tenant in accordance under the Co-Tenancy Agreement, and agreed-upon reserves set forth in a pro forma.

[75] *See, e.g., Tradewinds Apartments Co-Tenancy Agreement* ¶ 13.

Case: 24-10545   Doc# 2560-2   Filed: 01/15/25   Entered: 01/15/25 20:54:16   Page 80 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 247 of 960

Interests."[76] In fact, Partnership Agreements and Operating Agreements provided that Investors "shall not be entitled to withdraw any part of the Partner's Capital Contribution or receive any distributions, whether of money or property from the Partnership except as provided in" the relevant agreement.[77]

In reality, though, this is not how the Debtors or the KSMP Investment Entities operated. As discussed, the Debtors prominently marketed regular monthly distributions to Investors as a key inducement to invest. By and large—at least until the early 2020s—the Debtors delivered on this promise, even though it was not a contractual obligation. As discussed below, however, these payments could not be sustained by each Property's operating profit—often because Properties operated at a loss. Instead, old Investors' distributions generally came from new investments

### a. The 1059 Account and the 1380 Account

As discussed above, the 1059 Account was a key instrument of Mattson's fraud. From May 2017 through the Petition Date, Investors deposited over $104 million into the 1059 Account. These funds were commingled and not allocated to or invested in the Debtors (or Properties) in which the Investors believed they were investing. Rather, these funds were used for a variety of purposes, including making more than $70 million in payments to earlier Investors since 2017 alone—evidence of the Ponzi scheme. In fact, the account activity itself makes clear that Investor money was being recycled to pay other Investors.

---

[76]     *See, e.g., Limited Partnership Agreement of Willow Oak, LP* § 4.5.

[77]     *See, e.g., id.* § 3.6.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 248 of 960

On numerous occasions between May 2017 and the Petition Date, the balance in the 1059 Account fell so low that the flow of funds can be traced with certainty.[78] In those instances, some of which are illustrated below, the only mathematically-possible conclusion is that new Investor deposits were used to pay old Investors:

| Beginning Balance (October 4, 2017) | | -$1,160 |
|---|---|---|
| *Cash Activity from 10/4/2017 to 10/6/2017* | | |
| *Receipts from:* | | |
| Investors: | | $386,785 |
| Other: | | $200,000 |
| *Disbursements to:* | | |
| Investors: | | $419,268 |
| Other: | | $155,438 |
| Ending Balance (October 6, 2017) | | $10,919 |

| Beginning Balance (July 14, 2023) | | $41,312 |
|---|---|---|
| *Cash Activity from 7/14/2023 to 7/25/2023* | | |
| *Receipts from:* | | |
| Investors: | | $995,000 |
| Other: | | $105,739 |
| *Disbursements to:* | | |
| Investors: | | $466,162 |
| Other: | | $624,895 |
| Ending Balance (July 25, 2023) | | $50,994 |

| Beginning Balance (May 22, 2019) | | $88,447 |
|---|---|---|
| *Cash Activity from 5/22/2019 to 5/30/2019* | | |
| *Receipts from:* | | |
| Investors: | | $513,000 |
| Other: | | $18,000 |
| *Disbursements to:* | | |
| Investors: | | $250,175 |
| Other: | | $279,566 |
| Ending Balance (May 30, 2019) | | $89,706 |

| Beginning Balance (Oct. 31, 2023) | | -$2,994 |
|---|---|---|
| *Cash Activity from 10/31/2023 to 11/1/2023* | | |
| *Receipts from:* | | |
| Investors: | | $225,000 |
| Other: | | $121,558 |
| *Disbursements to:* | | |
| Investors: | | $251,016 |
| Other: | | $69,111 |
| Ending Balance (Nov. 1, 2023) | | $23,437 |

| Beginning Balance (July 7, 2023) | | -$1,335 |
|---|---|---|
| *Cash Activity from 7/7/2023 to 7/10/2023* | | |
| *Receipts from:* | | |
| Investors: | | $180,000 |
| Other: | | $3,000 |
| *Disbursements to:* | | |
| Investors: | | $126,265 |
| Other: | | $21,536 |
| Ending Balance (July 10, 2023) | | $33,864 |

Other than payments from and to Investors--which totaled approximately $105 million and $70 million, respectively, between May 2017 and July 2024--the most significant activity in the 1059 Account consisted of transfers to and from the 1380 Account. During that period, there were more than 560 transfers totaling approximately $51 million from the 1380 Account to the 1059 Account and more than 350 transfers totaling approximately $40 million in the opposite direction. Based on the Plan Proponents' review of the 1059 Account data, it appears that predominantly Investor receipts were deposited in the 1059 Account and then transferred to the 1380 Account,

---

[78] That Mattson allowed the 1059 Account balance to get so low on some occasions does not change the fact that, as a general matter, "commingling of investor funds . . . makes fund tracing impossible." *Miller v. Wulf*, 84 F. Supp. 3d 1266, 1274 (D. Utah. 2015) (citing *In re Hedged-Investments Assocs.*, 48 F.3d 470, 474 (10th Cir. 1995), *aff'd*, 632 F. App'x 937 (10th Cir. 2015)).

Case: 24-1545 Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 32 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 249 of 960

and that transfers were made back to the 1059 Account (predominantly) when needed to pay Investors.

b.     <u>Moving Funds Among Investment Vehicles</u>

As set forth in the relevant Investors agreements (i.e., Co-Tenancy Agreements, Limited Partnership Agreements, and LLC Operating Agreements), Investors were generally entitled to distributions when Properties operated profitably. Thus—as with investing generally—when an investment was profitable, Investors should have reaped the monetary benefits. Similarly, when an investment was not profitable, they should have received nothing at all.

The Debtors, however, promised Investors a regular monthly distribution, no matter how an investment was performing. Therefore, when Property reserve funds became insufficient to continue making regular distributions (discussed in further detail in section II.B.3 below), the LFM Debtors turned to LFM Intercompany Transactions, using funds from a "cash rich" Investment Vehicle. By regularly moving money around from "cash rich" Investment Vehicles to "cash poor" ones, the Debtors were using funds from new investors (whether an Investor or a Third-Party Lender) to pay distributions to old Investors.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 250 of 960

### 2. Commingled Funds

As noted above, the Debtors and the KSMP Investment Entities frequently commingled Investors' funds, particularly through the 1059 Account and the 1380 Account.[79] Mattson caused the Debtors to deposit Investor funds into these Commingled Bank Accounts and use them to maintain the façade of a legitimate business--by making continued distributions to Investors--and to pay personal and unrelated business expenses. The graphic below shows the commingling of funds that passed through the 1059 Account between May 2017 and July 2024:



Mattson also used the 1380 Account as a slush fund. Between August 2017 and March 2022, for example, Mattson made over $750,000 in credit card payments from the 1380 Account, including more than $510,000 for a Macy's credit card alone. Other payments from the 1380 Account went to Planet Fitness, Best Buy, FTX, Kia, Honda, the California Department of Motor

---

[79] *Commingling* simply means mixing funds that should be kept separate, in particular "a fiduciary's mixing of personal funds with those of a beneficiary or client." *See Black's Law Dictionary* (11th ed. 2019).

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 34 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 251 of 960

Vehicles, and Primerica (a multi-level marketing company that provides personal insurance services).

Because Mattson had control over all of the Commingled Bank Accounts, he was able to transfer funds from one account to another when money was needed.  When one of the Commingled Bank Accounts had cash (such as through an influx of new Investor money) and another needed money (most frequently to make distributions to Investors or to pay bills), Mattson would simply transfer cash from one slush fund to another.  For instance, between August 1, 2017 and May 31, 2024, at least 289 Inbound 1380 Account Transactions, totaling approximately $39.8 million in transfers, originated from the 1059 Account.  In that same period, there were at least 421 Outbound 1380 Account Transactions sent to the 1059 Account, totaling more than $46.5 million in transfers.

While the commingling occurred primarily in the 1059 and 1380 Accounts, even a cursory review of the documents produced to the Plan Proponents confirms it extended beyond those accounts.[80]

- **Ceres Account**:  The Ceres Account was (as its name suggests) related to the Ceres West Mobile Home Park (2030 E. Grayson Road in Ceres).  The Plan Proponents identified hundreds of regular payments made out of the Ceres Account to Third-Party Lenders that were unrelated to that Property—though they were lenders on other Debtor Properties—including Axos Bank, Select Portfolio Servicing, Mr. Cooper, FCI Lender Services, First Bridge Lending, ReProp, Select Lending Services, and Bank of America.  The Plan Proponents have also identified regular payments from the Ceres Account for two personal credit cards, one issued by Citi and one issued by Macy's.  Additionally, payments made out of the Ceres Account to San Diego Gas & Electric. Although the Ceres West Mobile Home Park is not serviced by SDGE, other Properties that owned or formerly owned by the Debtors or Mattson are.

- **PFP FB Account**:  A cursory review of the PFP FB Account Documents indicates that Mattson made distributions to Investors for non-Perris Freeway Plaza investments from that account.  Mattson frequently wrote round-number checks from the PFP FB Account to LFM, and regularly transferred funds to and from the 1059 Account, often without any explanation in the memo line.  Mattson also deposited checks in the PFP FB Account that were written out to Windtree, LFM, and LMPM.

- **KSMP FB Account**:  A review of the KSMP FB Account Documents reveals that Mattson made regular payments on what appears to be a personal Macy's credit card from the KSMP FB Account and deposited checks written out to LFM in KSMP's bank account.

---

[80]     As noted above, because the Plan Proponents only recently received such documents, the bank account data has neither been structured nor comprehensively reviewed.

### 3. Business Operations Unable to Produce Sufficient Profits

The Debtors attracted investments by promising—and delivering—a fixed monthly "distribution" to Investors, typically equal to a 6% annual return on their principal as to each individual investment. Certain Investment Vehicles were more profitable than others. Yet, on the whole and as the LFM Debtors themselves acknowledged beginning in the early 2000s, regular monthly distributions to Investors—***even as to Record Investors alone***—could not be sustained by operating cash flow. Put another way, since at least the early 2000s, the profits generated by the Debtors' Investment Vehicles were insufficient to make the regular monthly distributions to Investors.[81]

While certain Properties were—at least in later years—rather profitable, ***none of the Properties owned by the Debtors had sufficient cash flow every year to make the promised regular monthly distributions to Investors***. Notwithstanding the fact that none of the Debtors' Investment Vehicles were actually able to make all distributions out of Properties' operational cash flow, Investors still generally received regular distributions, even when the Investment Vehicle was operating in the red. Even as a whole, the Debtors' mix of Properties would have been unable to produce enough operating cash flow to allow for the Record Investors—much less all Investors—to receive regular 6 – 8% distributions.

Because the Debtors could not sustain regular distributions to Investors with legitimate profits, they often depended on tapping into a Property's reserve funds—amounts intended to maintain and improve the Properties when necessary. As a result, many of the Properties suffer from maintenance and upkeep issues—ranging from cosmetic to serious—that have reduced the purchase prices that the Debtors have been able to obtain for such Properties. Some of the more serious issues that have arisen are leaking roofs, rotted and unsafe staircases, vermin infestations (including, as to one Property owned by KSMP, a rat problem so bad that the municipal government has gotten involved), and black mold. A few examples are discussed below.[82]

**Tradewinds Apartments**. The Tradewinds Apartments, located at 1189 Dana Drive in Fairfield, CA (the "Tradewinds Apartments") have been owned by the Debtors (at least in part) since June 1999, as shown on Attachment F-4. In April 2005, a group of tenants in common, including LFM (collectively, the "Tradewinds Apartments TICs"), purchased the Tradewinds Apartments from LFM Debtor Tradewinds for $3.4 million. Most of the Tradewinds Apartments

---

[81]     To be sure, it is common for real estate investment firms to have a mix of properties, some of which are more profitable than others. There are two important differences between such nonfraudulent real estate investment firms and the Debtors. First, those legitimate investment firms straightforwardly inform their investors that they are investing in a "pool" of real estate, whereas the Debtors represented to Investors that they were investing in specific Properties (even if they were not). Second, as noted above, the Debtors' portfolio of real estate could never sustain a 6% annual return.

[82]     Because neither of the Properties discussed below have been sold by the LFM Debtors as of the date of the filing of this Investigation Report, the Plan Proponents may supplement the Investigation Report.

Case: 24-10545   Doc# 2560-2   Filed: 01/15/25   Entered: 01/15/25 20:54:16   Page 36
of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 253 of 960

TICs [83] maintained their direct ownership interests until January 2022, when they conveyed them to LFM Debtor Willow Oak in exchange for ownership interests in Willow Oak.

As shown on Attachment G-1, the Tradewinds Apartments did not turn a profit—and, in fact, lost between $13,000 and $225,000 per year—from 2006 through 2016. Even though the Property was losing money, the Tradewinds Apartments TICs still received between $68,000 and $74,000 in total distributions each of those years. ***The only way the Debtors were able to make these distributions to the Tradewinds Apartments TICs was through transfers from other Investment Vehicles (i.e., through LFM Intercompany Transactions).***

In each of 2017 through 2019, although the Tradewinds Apartments made a modest yearly profit (between $18,000 and $58,000), the Debtors paid out more in distributions—over $75,000 annually—to the Tradewinds Apartments TICs than profits made. Distributions to the Tradewinds Apartments TICs in 2020 through 2023 were sustainable through the Tradewinds Apartments' operating cash flow (plus the 2022 cash-out refinance of the Property). However, the Debtors' continued payment of distributions to Investors came at the expense of the Property itself.

The Tradewinds Apartments suffer from serious property condition issues, including major structural deck and balcony work, electrical issues that pose a fire hazard and reduce the Property's insurability, and other major deferred maintenance. These issues have negatively affected the LFM Debtors' ability to sell the Tradewinds Apartments—which, as of October 15, 2025, has not been sold.

**Sharis Apartments**. The Sharis Apartments, located at 415 Fleming Avenue East in Vallejo, CA (the "Sharis Apartments") have been owned by the Debtors (at least in part) since September 2002, as shown on Attachment F-8. In December 2004, a group of tenants in common, including LFM (collectively, the "Sharis Apartments TICs"), purchased the Sharis Apartments from LFM Debtor Sequoia for $3.68 million. Most of these Sharis Apartments TICs[84] maintained their direct ownership interests the Sharis Apartments until August 2019, when they conveyed them to LFM Debtor Foxtail Pine in exchange for ownership interests in Foxtail Pine.

As shown on Attachment G-2, the Sharis Apartments lost money between 2005 and 2010 and again between 2017 and 2018, yet the Sharis Apartments TICs still received between $84,000 and $99,000 in total distributions each year. In each of the other years excluding 2022 (i.e., 2011–2016 and 2019–2023), although the Sharis Apartments turned a profit, the Debtors paid more in distributions to the Sharis Apartments TICs—over $97,000 per year— than profits made. In fact, in the nineteen years in which the Sharis Apartments TICs held an interest in the Property, only *once* did the Sharis Apartments make a sufficient profit to sustain the regular distributions to the Sharis Apartments TICs.

---

[83]     Of the ten original Tradewinds Apartments TICs, (a) two conveyed their TIC interests to LFM (in 2013 and 2015) and (b) one conveyed their TIC interest to another Investor in 2005. One other original Tradewinds Apartments TIC divided its interest among seven family members.

[84]     Of the ten original Sharis Apartments TICs, three conveyed their TIC interests to LFM between 2015 and 2019.

Case: 24-1055   Doc# 2560-2   Filed: 01/15/25   Entered: 01/15/25 20:54:16   Page 37 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 254 of 960

The Sharis Apartments also suffer from property condition issues, including significant deferred maintenance. These issues have negatively affected the LFM Debtors' ability to sell the Tradewinds Apartments—which, as of October 15, 2025, has not been sold.

### 4. Use of False Financial Statements

In order to conceal and perpetuate the Ponzi scheme he was operating, Mattson used false and misleading financial information. For example, when Mattson sold a Phantom Interest to an Investor, he would create and provide fraudulent tax documents—such IRS Form K-1s—to Investors to make the investment seem legitimate. In certain instances, the fraudulent tax documents that Mattson created were for Entities that did not actually exist (e.g., "Country Oaks, LP," "Watertree LP," "Live Oak LP," and "Valley Oaks Investments LP.")

Mattson also falsely represented certain Debtors' assets and liabilities to various parties, including Investors and Third-Party Lenders. For example, Mattson often represented that KSMP owned certain Properties when, in fact, it did not.[85] The Plan Proponents also continue to investigate whether financial statements provided to Investors were false or misleading, particularly in those instances where Properties were subject to "hidden" Third-Party Loans.

### C. Summary of Each of the Debtors

A key finding of the Joint Investigation is the extent to which each of the Debtors is entangled with the others. The relationships among the Debtors and the KSMP Investment Entities are complex and deeply interwoven, even with the limited records the Plan Proponents have. To aid in understanding these relationships, the Plan Proponents summarize below the following information for each Debtor and the non-Debtor KSMP Investment Entities:[86] (i) its Record Investors and any known Non-Record Investors; (ii) the Investor Claims filed or scheduled against it, including the extent to which such Investors have filed or scheduled Investor Claims in other Debtors; (iii) transactions involving the 1059 Account and, where applicable, the 1380 Account;[87] (iv) intercompany balances owed to and from other Debtors; and (v) current and known historical

---

[85] As one example, in a "Schedule of Real Estate Owned" that Mattson provided to First Bank in early 2017, he represented that, as of September 30, 2016, KSMP owned 75% of 210 La Salle Avenue (KSMP owned 0%) and 100% of 7456 Foothills Boulevard (KSMP owned 42.203%).

[86] Information concerning Record Investors and Intercompany Transactions comes from the LFM Debtors' Records; however, the LFM Debtors are still working to fully reconcile all Open Intercompany Transactions. Information concerning 1059 Account Transactions and 1380 Account Transactions comes from the 1059 Account Records and 1380 Account Records, respectively. Information concerning Property ownership generally comes from the real property records maintained by the applicable county (the "Real Property Records"). All other information comes from Third-Party Discovery and Investor Claims.

[87] The Plan Proponents have been able to more easily identify Outbound 1380 Transactions than Inbound 1380 Account Transactions because debits from the 1380 Account frequently contained memos that identified the purpose of the transaction (most commonly the alleged investment). Additional forensic accounting would very likely increase the Inbound 1380 Account Transactions associated with each Debtor.

Case: 24-10545 Doc# 2560-2 Filed 10/15/25 Entered 10/15/25 20:52:16 Page 108 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 255 of 960

Property holdings. This presentation is intended to provide a consistent basis for showing the interconnectedness of the Debtors and the Investor Claims asserted or scheduled against them.

However, the standardized presentation below does not fully reflect the complexity of the Debtors' interconnectedness. For certain of the Debtors (specifically Hagar and Live Oak) and one KSMP Investment Entity (Treehouse), the Plan Proponents have included additional information to provide further examples of the ways in which all of the Debtors and the KSMP Investment Entities are hopelessly entangled.

### 1. LFM

**Investors**: LFM has two Record Investors, LeFever and Mattson, each owning 50%. No Investor has claimed to be a Non-Record Investor in LFM (i.e., no Investor other than LeFever or Mattson has asserted that they have any equity ownership in LFM).

**Investor Claims**: 700 Investors have asserted Investor Claims directly against LFM. Many more Investors also appear to assert Investor Claims against LFM as part of Investor Claims filed against other LFM Debtors.

**1059 Account and 1380 Account Transactions**: The 1059 Account is (and has always been) in LFM's name. Thus, by definition, each of the 50,154 1059 Account Transactions involved LFM. Between May 1, 2017, and May 31, 2024, there were 2,573 Inbound 1059 Account Transactions totaling $254,760,000 and 47,581 Outbound 1059 Account Transactions totaling $255,020,000. In addition, between May 1, 2017, and May 31, 2024, there were at least 289 Inbound 1380 Account Transactions totaling $39,801,543 and 421 Outbound 1380 Transactions totaling $46,520,695 with respect to LFM.

**Intercompany Transactions**: As of the Petition Date, LFM was owed a total of $8,389,187 from sixteen other LFM Debtors and owed $292,000 to two other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As detailed in Attachment A, as of the Petition Date, LFM held title to 53 Properties, twelve of which were encumbered by a Third Party Loan taken out by KSMP. Also as set forth in Attachment A, LFM previously held (but, as of the Petition Date, no longer held) title to at least 132 additional Properties.

### 2. KSMP

**Investors**: KSMP has three Record Investors: Mattson (49%), his wife Stacy Mattson (49%), and KS Mattson Company LLC ("KSMC") (2%). Mattson and his wife each own 50% of KSMC. To date, no Investor has claimed to be a Non-Record Investor in KSMP.

**Investor Claims**: Prior to KSMP's entry into chapter 11, 154 Investors filed Investor Claims directly against KSMP in the LFM Debtors' cases (the "Initial KSMP Claims"). In addition, 566 Investors filed Investor Claims against KSMP in the KSMP chapter 11 case (the "Subsequent KSMP Claims"). The vast majority of the Subsequent KSMP Claims were filed by Investors that had filed Initial KSMP Claims.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were 950 Inbound 1059 Account Transactions totaling $92,000,000 and 375 Outbound 1059 Account Transactions totaling $25,000,000 with respect to KSMP. The 1380 Account is (and has always been) in KSMP's name. Thus, by definition, each of the 35,303 1380 Account Transactions involved KSMP. Between May 1, 2017, and May 31, 2024, there were at least 2,186 Inbound 1380 Account Transactions totaling $241,017,309 and 33,117 Outbound 1380 Transactions totaling $240,823,993.

**Property Interests**: As detailed in Attachment B, as of the Petition Date, KSMP held title (in whole or in part) to thirty-three Properties. Also as set forth in Attachment B, KSMP previously held (but, as of the Petition Date, no longer held) title to at least 147 additional Properties.

### 3.    The LFM Investment Entities

#### a.    Autumn Wood I, LP

**Investors**: Autumn Wood I, LP ("Autumn Wood") has twenty-six Record Investors, including LFM (35.665%), Tim LeFever (1.189%), and Amy LeFever (0.533%). Thirty-five Non-Record Investors have submitted Investor Claims against Autumn Wood.

**Investor Claims**: Fifty-seven Non-Insider Investors have Investor Claims against Autumn Wood. Of these, 75% have Investor Claims against at least one other LFM Debtor and 60% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Autumn Wood from a KSMP Debtor.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 1,133 1059 Account Transactions with respect to Autumn Wood: 12 Inbound 1059 Account Transactions totaling $2,109,000 and 1,121 Outbound 1059 Account Transactions totaling $1,650,338. In addition, between May 1, 2017, and May 31, 2024, there were at least 21 Outbound 1380 Transactions totaling $50,323 with respect to Autumn Wood.

**Intercompany Transactions**: As of the Petition Date, Autumn Wood owes a total of $2,263,085 to fourteen other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Autumn Wood held title to one Property.[88] Autumn Wood previously held (but, as of the Petition Date, no longer held) title to at least three additional Properties.[89]

---

[88]    A 49.5% TIC interest in Salvio Pacheco Square (2151 Salvio Street, Concord), which it purchased from a third party in November 2017.

[89]    Those Properties are: (a) Property located at 395 – 397 Coombs Street/1203 – 1219 Laurel Street, Napa, transferred to Autumn Wood by three TICs (including LFM) in October 2003 and transferred from Autumn Wood to LFM in October 2003 (*see* Attachment F-26); (b) Marpel Apartments (501 – 523 Carpenter Street, Fairfield), which was transferred to Autumn Wood by TICs in August 2003 and transferred by Autumn Wood to TICs in October 2003 (*see* Attachment F-7); and (c) Autumnwood Apartments (1111 Alaska Avenue, Fairfield) from October 2003 to October 2017.

b. Bay Tree, LP

**Investors**: Bay Tree, LP ("Bay Tree") is a Mattson Maintained Debtor. Therefore, the Plan Proponents do not have sufficient information to identify any Record Investors in Bay Tree.

**Investor Claims**: Fifty Non-Insider Investors have Investor Claims against Bay Tree. Of these, 90% have Investor Claims against at least one other LFM Debtor and 66% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Bay Tree from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 3,661 Outbound 1059 Account Transactions totaling $5,896,751 with respect to Bay Tree. In addition, between May 1, 2017, and May 31, 2024, there were at least 21 Outbound 1380 Transactions totaling $37,602 with respect to Bay Tree.

**Property Interests**: Mattson represented to Investors that Bay Tree owned 860 Charter Way in Redwood City. However, Bay Tree has never owned any recorded interest in 860 Charter Way—or any other Property.

c. Beach Pine, LP

**Investors**: Beach Pine, LP ("Beach Pine") has twelve Record Investors, including LFM (38.5735%) and KSMP (9.8994%). Thirteen Non-Record Investors have submitted Investor Claims against Beach Pine.

**Investor Claims**: Twenty-three Non-Insider Investors have Investor Claims against Beach Pine. Of these, 74% have Investor Claims against at least one other LFM Debtor and 78% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Beach Pine from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were not less than 67 Outbound 1059 Account Transactions totaling $247,142 with respect to Beach Pine. In addition, between May 1, 2017, and May 31, 2024, there were at least 4 Inbound 1380 Account Transactions totaling $3,802,274 and 465 Outbound 1380 Transactions totaling $700,616 with respect to Beach Pine.

**Intercompany Transactions**: As of the Petition Date, Beach Pine owes a total of $547,546 to five other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Beach Pine held title to one Property.[90] Beach Pine previously held (but, as of the Petition Date, no longer held) title to at least five additional Properties.[91]

---

[90] 377 W. Spain Street, Napa, which KSMP transferred to Beach Pine in December 2022.

[91] Those Properties are: (a) Water's Edge Apartments (5959 Riverside Boulevard, Sacramento), which was transferred to Beach Pine by a group of TICs (including LFM and KSMP) in November 2018 and transferred from Beach Pine to Waters Edge in June 2020 in a purported 1031 Exchange; (b)

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 11 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 258 of 960

#### d.   Bishop Pine, LP

**Investors**:  Bishop Pine, LP ("Bishop Pine") has fifteen Record Investors, including LFM (43.7134%).  Four Non-Record Investors have submitted Investor Claims against Bishop Pine.

**Investor Claims**:  Eighteen Non-Insider Investors have Investor Claims against Bishop Pine.  Of these, 78% have Investor Claims against at least one other LFM Debtor and 61% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Bishop Pine from KSMP.

**1059 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 202 Outbound 1059 Account Transactions totaling $147,651 with respect to Bishop Pine.

**Intercompany Transactions**:  As of the Petition Date, Bishop Pine is owed a total of $1,114,100 from fifteen other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Bishop Pine did not have an interest in any Properties; Bishop Pine held an interest in at least one Property prior to the Petition Date.[92]  Bishop Pine is also the sole member of non-Debtors Waters Edge Riverside Properties LLC ("Waters Edge") and Woodland Oaks Investments LLC ("Woodland Oaks Investments").

#### e.   Black Walnut, LP

**Investors**:  Black Walnut, LP ("Black Walnut") has five Record Investors, including LFM (56.801%).  Three Non-Record Investors have submitted Investor Claims against Black Walnut.

**Investor Claims**:  Seven Non-Insider Investors have Investor Claims against Black Walnut.  Of these 71% have Investor Claims against at least one other LFM Debtor and 86% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Black Walnut from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 199 Outbound 1059 Account Transactions totaling $537,310 with respect to Black Walnut.  In addition, between May 1, 2017, and May 31, 2024, there were at least 4 Inbound 1380 Account Transactions totaling $3,250,0000 with respect to Black Walnut.

---

4950 – 4970 Allison Parkway, Vacaville, which was transferred from Golden Tree to Beach Pine in August 2020 and transferred from Beach Pine to Windscape in November 2022; (c) 1220 E. Napa Street, Sonoma, which was transferred from KSMP to Beach Pine in December 2022 and sold by Beach Pine in July 2024; (d) 1200 Apple Tree Court, Sonoma, which was transferred from KSMP to Beach Pine in December 2022 and sold by Beach Pine in August 2024; and (e) 282 Patten Street, Sonoma, which was transferred from KSMP to Beach Pine in December 2022 and sold by Beach Pine in August 2024.

[92]     Sterling Pointe Apartments (2237/2257 Hurley Way, Sacramento), in which Bishop Pine held a 68.748% TIC interest, acquired from other TICs, from July 2019 until December 2019 (*see* Attachment F-29).

Case: 24-10545    Doc# 2368-2  Filed: 01/15/25  Entered: 01/15/25 20:52:16  Page 42 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 259 of 960

**Intercompany Transactions**:  As of the Petition Date, Black Walnut is owed a total of $39,787 from one other LFM Debtor on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Black Walnut held title to five Properties;[93] Black Walnut held interests in at least two additional Properties prior to the Petition Date.[94]

f.    Buckeye Tree, LP

**Investors**:  Buckeye Tree, LP ("Buckeye Tree") has twelve Record Investors, including LFM (16.203%).  Three Non-Record Investors have submitted Investor Claims against Buckeye Tree.

**Investor Claims**:  Fourteen Non-Insider Investors have Investor Claims against Buckeye Tree.  Of these, 64% have Investor Claims against at least one other LFM Debtor and 36% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Buckeye Tree from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 14 Outbound 1059 Account Transactions totaling $9,000 with respect to Buckeye Tree.

**Intercompany Transactions**:  As of the Petition Date, Buckeye Tree owes a total of $142,363 to five other LFM Debtors on account of Open Intercompany Transactions.

---

[93]    Those Properties are: (a) 789 Cordilleras Drive, Sonoma, which KSMP transferred to Black Walnut in December 2022; (b) 20564 Broadway, Sonoma, which KSMP transferred to Black Walnut in December 2022; (c) 653 W. Third Street, Sonoma, which KSMP transferred to Black Walnut in December 2022; (d) 391 – 455 Oak Street/19173 Railroad Avenue, Sonoma, which KSMP transferred to Black Walnut in December 2022; and (e) 19020 – 19030 Railroad Avenue, Sonoma, which Black Walnut purchased in December 2022 (subject to a purported loan from Black Walnut to KSMP).

[94]    Those Properties are: (a) Spring Glenn Apartments (555 Elmira Road, Vacaville), in which Black Walnut held a 34.436% TIC interest acquired from a group of TICs in November 2014 until the Property was sold in December 2017 (*see* Attachment F-21); and (b) Woodcreek Plaza (7456 Foothills Boulevard, Roseville), which was transferred from Windtree to Black Walnut in March 2018 and transferred from Black Walnut to Windscape in November 2022 (*see* Attachment F-14).

**Property Interests**: As of the Petition Date, Buckeye Tree held title to five Properties;[95] Buckeye Tree previously held (but, as of the Petition Date, no longer held) title to at least one additional Property.[96]

g. Bur Oak, LP

**Investors**: Bur Oak, LP ("Bur Oak") has fifteen Record Investors, including LFM (37.3166%).

**Investor Claims**: Fourteen Non-Insider Investors have Investor Claims against Bur Oak. Of these, 71% have Investor Claims against at least one other LFM Debtor and 57% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Bur Oak from KSMP.

**Intercompany Transactions**: As of the Petition Date, Bur Oak owes a total of $949,700 to 6 other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Bur Oak held title to one Property.[97]

h. Butcher Road Partners, LLC

**Investors**: Butcher Road Partners, LLC ("Butcher Road") is a Mattson Maintained Debtor.

**Investor Claims**: Eighty-two Non-Insider Investors have Investor Claims against Butcher Road. Of these, 76% have Investor Claims against at least one other LFM Debtor and 65% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Butcher Road from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 1,524 Outbound 1059 Account Transactions totaling $1,618,101 with respect to Butcher Road. In addition, between May 1, 2017, and May 31, 2024, there were at least six Outbound 1380 Transactions totaling $7,769 with respect to Butcher Road.

**Property Interests**: As of the Petition Date, Butcher Road did not have an interest in any Properties. Mattson represented to Investors that Butcher Road owned the Vaca Villa Apartments in Vacaville, California. However, Butcher Road has never owned any interest in the Vaca Villa Apartments; rather, between January 2013 (when the parcels were transferred from LFM and

---

[95] Those Properties are: (a) a 50% TIC interest in 635 Broadway, 645 – 651 Broadway, 1151 Broadway, and 1161 – 1167 Broadway in Sonoma, each of which was purchased from a third party in September 2022; and (b) 16721 Sonoma Highway, Sonoma, which KSMP transferred to Buckeye Tree in November 2022.

[96] Specifically, a 68.748% TIC interest in Carmichael Apartments (5800 Engle Road, Carmichael), which Buckeye Tree acquired from seven TICs in June 2022 and transferred to RTCM in July 2022 in a purported 1031 Exchange.

[97] Dana Drive Apartments (1190 Dana Drive, Fairfield), which it acquired from TICs in January 2022 (*see* Attachment F-3).

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 4 11 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 261 of 960

November 2022 (when the parcels were transferred to Windscape), Butcher Road owned four undeveloped parcels adjacent to the Vaca Villa Apartments.

### i.    Cambria Pine, LP

**Investors**:  Cambria Pine, LP ("Cambria Pine") has eight Record Investors, including LFM (28.7189%).  Three Non-Record Investors have submitted Investor Claims against Cambria Pine.

**Investor Claims**:  Ten Non-Insider Investors have Investor Claims against Cambria Pine. Of these, 90% have Investor Claims against at least one other LFM Debtor and 70% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Cambria Pine from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 215 Outbound 1059 Account Transactions totaling $111,150 with respect to Cambria Pine.

**Intercompany Transactions**:  As of the Petition Date, Cambria Pine owes a total of $564,280 to thirteen other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Cambria Pine held title to one Property.[98]

### j.    Chestnut Oak, LP

**Investors**:  Chestnut Oak, LP ("Chestnut Oak") has eight Record Investors, including LFM (2.3262%).

**Investor Claims**:  Seven Non-Insider Investors have Investor Claims against Chestnut Oak.  Of these, 57% have Investor Claims against at least one other LFM Debtor and 29% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Chestnut Oak from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 100 Outbound 1380 Transactions totaling $100,182 with respect to Chestnut Oak.

**Intercompany Transactions**:  As of the Petition Date, Chestnut Oak owes a total of $709,750 to seven other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Chestnut Oak held title to one Property.[99]

---

[98]    Camelia Square Apartments (1621 Hood Road, Sacramento), which it acquired from TICs in November 2018 (*see* Attachment F-2).

[99]    Walnut Crest Apartments (3217 Walnut Avenue, Carmichael), which it acquired from TICs in January 2022 (*see* Attachment F-10).

### k.    Divi Divi Tree, LP

**Investors**:  Divi Divi Tree, LP ("Divi Divi") has 4 Record Investors as of the Petition Date: LFM (17.6326%), KSMP (48.467%), Tim and Amy LeFever (19.4583%), and the Richard & Carolyn Treakle Revocable Trust (14.4421%).  As detailed above, however, since approximately 2009, Mattson sold IRA Phantom Interests to Investors, which were never reflected in the LFM Debtors' Investment Records.  Although Mattson has claimed that he only ever transferred KSMP's interest in Divi Divi, such a claim is mathematically impossible; among other things, even ownership reports that Mattson sent to certain IRA Custodians indicate that the Richard & Carolyn Treakle Revocable Trust had less than 14.4421% of Divi Divi's partnership interests.  204 Non-Record Investors have submitted Investor Claims against Divi Divi.

**Investor Claims**:  Two hundred five Non-Insider Investors have Investor Claims against Divi Divi.  Of these, 60% have Investor Claims against at least one other LFM Debtor and 68% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Divi Divi from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 1,615 1059 Account Transactions with respect to Divi Divi: 116 Inbound 1059 Account Transactions totaling $29,226,800 and 1,503 Outbound 1059 Account Transactions totaling $1,824,890.  In addition, between May 1, 2017, and May 31, 2024, there were at least two Inbound 1380 Account Transactions totaling $5,500,000 and fourteen Outbound 1380 Transactions totaling $609,511 with respect to Divi Divi.

**Property Interests**:  As of the Petition Date, Divi Divi did not have an interest in any Properties; rather, Divi Divi holds 100% of the membership interests in Sienna Pointe.  Divi Divi previously held (but, as of the Petition Date, no longer held) title to at least five Properties.[100]

### l.    Firetree I, LP; Firetree II, LP; and Firetree III, LP

**Investors**:  The only Record Investor in each of Firetree I, LP ("Firetree I"), Firetree II, LP ("Firetree II"), and Firetree III, LP ("Firetree III" and, together with Firetree I and Firetree II, the "Firetree Entities") is LFM.  However, 20 Non-Record Investors have submitted Investor Claims

---

[100]    Those Properties are: (a) Southwood Place Apartments (410 Buck Avenue, Vacaville), which was transferred by TICs to Divi Divi in January 2003 and transferred by Divi Divi to TICs in February 2003 (*see* Attachment F-17); (b) Vaca Villa Apartments (370 Butcher Road, Vacaville), which was transferred by TICs to Divi Divi in January 2003 and transferred by Divi Divi to TICs in February 2003 (*see* Attachment F-13); (c) Pinewoods Apartments (1995 Grande Circle, Fairfield), which was transferred by TICs to Divi Divi in January 2003 and transferred by Divi Divi to TICs in February 2003 (*see* Attachment F-20); (d) Dana Drive Apartments (1190 Dana Drive, Fairfield), which was transferred by TICs to Divi Divi in January 2003 and transferred by Divi Divi to TICs in February 2003 (*see* Attachment F-3); and (e) a 70.368% TIC interest in Sienna Pointe Apartments (13933 Chagall Court, Moreno Valley), which Divi Divi purchased from a third party in February 2003 and which, together with the remaining 29.632% TIC interest (which Divi Divi acquired from two TICs by Grant Deeds dated January 20, 2005, but recorded July 26, 2007) Divi Divi transferred to Sienna Pointe in September 2015.

Case: 24-1545    Doc# 2560-2    Filed 01/15/25    Entered 01/15/25 20:54:16    Page 46 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 263 of 960

against Firetree I and 1 Non-Record Investor has submitted an Investor Claim against Firetree II (collectively, the "Non-Record Firetree Investors").

**Investor Claims**: Twenty-one Non-Insider Investors have Investor Claims against a Firetree Entity. Of these, 81% have Investor Claims against at least one other LFM Debtor and 62% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in a Firetree Entity from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 2,037 1059 Account Transactions with respect to a Firetree Entity: 9 Inbound 1059 Account Transactions totaling $775,000 and 2,038 Outbound 1059 Account Transactions totaling $2,310,326. In addition, between May 1, 2017, and May 31, 2024, there were at least 2 Inbound 1380 Account Transactions totaling $2,968,156 and 10 Outbound 1380 Transactions totaling $13,782 with respect to a Firetree Entity.

**Property Interests**: As of the Petition Date, Firetree I held title to six Properties,[101] Firetree II held title to one Property,[102] and Firetree III held title to four Properties.[103] Prior to the Petition Date, Firetree I held an interest in at least two additional Properties,[104] Firetree II held an interest in one additional Property,[105] and Firetree III held an interest in at least two additional Properties.[106]

---

[101] Those Properties are: (a) 18585 Manzanita Road, Sonoma, which it acquired from a third party in February 2022; (b) a vineyard on E. 8th Street in Sonoma, which it acquired from a third party in March 2022; (c) 786 Broadway, Sonoma, which was transferred from KSMP to Firetree I in April 2022; (d) 790 Broadway, Sonoma, which was transferred from KSMP to Firetree I in April 2022; (e) 24265 Arnold Drive, Sonoma, which was transferred from Napa Elm to Firetree I in July 2022; and (f) 24321 Arnold Drive, Sonoma, which was transferred from Napa Elm to Firetree I in July 2022.

[102] Specifically, a 77% TIC interest in Seven Branches Inn (450 W. Spain Street, Sonoma), which it acquired from a third party in January 2019.

[103] Those Properties are: (a) 18580 Sonoma Highway, Sonoma, which was purchased from a third party in February 2022; (b) 453 – 459 W. 2nd Street, Sonoma, which was transferred from KSMP to Firetree III in April 2022; (c) 17700 Sonoma Highway, Sonoma, which was transferred from KSMP to Firetree III in April 2022; and (d) 201 Meadowlark Lane, Sonoma, which was transferred from KSMP to Firetree III in May 2022.

[104] Those Properties are: (a) a TIC interest (originally 75%, then 40%) in 902 Enterprise Way, Napa, which it acquired from a third party in November 2017 and sold to a third party in December 2018 (*see* Attachment F-28); and (b) a 24% TIC interest in Cornerstone (72/100/200 Wagner Road and 23570 Arnold Road, Sonoma), which it purchased in January 2019 from a third party and transferred to Heacock in January 2022.

[105] A TIC interest (originally 75%, then 40%) in 908 Enterprise Way, Napa, which it acquired from a third party in November 2017 and sold to a third party in December 2018 (*see* Attachment F-30).

[106] Those Properties are:(a) 860 Kaiser Road, Napa, which it purchased from a third party in November 2017 and sold to a third party in December 2018; and (b) a 40% TIC interest in Cornerstone

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 264 of 960

m.  Foxtail Pine, LP

**Investors**:  Foxtail Pine, LP ("Foxtail Pine") has six Record Investors, including LFM (46.2719%).  One Non-Record Investor has submitted an Investor Claim against Foxtail Pine.

**Investor Claims**:  Of the six Non-Insider Investors have Investor Claims against Foxtail Pine.  Of these, 67% have Investor Claims against at least one other LFM Debtor and 33% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Foxtail Pine from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least fourteen Outbound 1059 Account Transactions totaling $11,235 with respect to Foxtail Pine.  In addition, between May 1, 2017, and May 31, 2024, there were at least forty-three Outbound 1380 Transactions totaling $49,813 with respect to Foxtail Pine.

**Intercompany Transactions**:  As of the Petition Date, Foxtail Pine owes a total of $448,925 to 8 other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Foxtail Pine held title to one Property.[107]

n.  Ginko Tree, LP

**Investors**:  Ginko Tree, LP ("Ginko Tree") has thirteen Record Investors, including LFM (19.5702%).

**Investor Claims**:  Twelve Non-Insider Investors have Investor Claims against Ginko Tree.  Of these, 75% have Investor Claims against at least one other LFM Debtor and 50% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Ginko Tree from KSMP.

**Intercompany Transactions**:  As of the Petition Date, Ginko Tree owes a total of $635,713 to 7 other LFM Debtors on account of Open Intercompany Transactions.

(72/100/200 Wagner Road and 23570 Arnold Road, Sonoma), which it purchased in January 2019 from a third party and transferred to Heacock in January 2022.

[107]  Sharis Apartments (453 Fleming Avenue E., Vallejo), which it acquired from TICs in November 2018 (*see* Attachment F-8).

Case: 24-10545    Doc# 2360-2  Filed: 01/15/25  Entered: 01/15/25 09:52:16  Page 48 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 265 of 960

**Property Interests**: As of the Petition Date, Ginko Tree held title to five Properties;[108] Ginko Tree previously held (but, as of the Petition Date, no longer held) title to at least one additional Property.[109]

        o.   Golden Tree, LP

**Investors**: Golden Tree, LP ("Golden Tree") is a Mattson Maintained Debtor.

**Investor Claims**: Sixty Non-Insider Investors have Investor Claims against Golden Tree. Of these, 78% have Investor Claims against at least one other LFM Debtor and 57% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Golden Tree from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 3,685 1059 Account Transactions with respect to Golden Tree: 2 Inbound 1059 Account Transactions totaling $75,000 and 3,683 Outbound 1059 Account Transactions totaling $3,824,135. In addition, between May 1, 2017, and May 31, 2024, there were at least 3 Inbound 1380 Account Transactions totaling $3,918,958 and 124 Outbound 1380 Transactions totaling $203,306 with respect to Golden Tree.

**Property Interests**: As of the Petition Date, Golden Tree held title to one Property;[110] Golden Tree previously held (but, as of the Petition Date, no longer held) title to at least three additional Properties.[111]

        p.   Hagar Properties, LP

Hagar Properties, LP ("Hagar") was formed as Hagar Properties, LLC on January 11, 2002. At its formation, Hagar had eight Record Investors (the "Original Hagar Investors"),[112] each of which held 12.5% of Hagar's membership interests. In February 2002, Hagar purchased the

---

[108]   Those Properties are: (a) a 50% TIC interest in 635 Broadway, 645 – 651 Broadway, 1151 Broadway, and 1161 – 1167 Broadway in Sonoma, each of which was purchased from a third party in September 2022; and (b) 596 E. 3rd Street, Sonoma, which KSMP transferred to Ginko Tree in November 2022.

[109]   Specifically, the Courtyard Cottages (7337 Power Inn Road, Sacramento), which LFM transferred to Ginko Tree in June 2022 and Ginko Tree transferred to RTCM in July 2022.

[110]   19340 E. 7th Street, Sonoma, which KSMP transferred to Golden Tree in August 2020.

[111]   Those Properties are: (a) 4950 – 4970 Allison Parkway, Vacaville, which was transferred from TICs to Golden Tree in October 2018 and March 2020 and which was transferred from Golden Tree to Beach Pine in August 2020; (b) a 50% TIC interest in 19355 E. 7th Street, Sonoma, which KSMP transferred to Golden Tree in October 2020 and which Golden Tree sold to a third party in November 2020; and (c) 5120 Lovall Valley Loop Road, Sonoma, which was transferred from KSMP to Golden Tree in November 2020 and sold by Golden Tree to a third party in July 2024.

[112]   The Original Hagar Investors were LFM, Keith and Anne Gockel, Kathy Hamlin, Gladys Howerton, Kevin and Amy Kelly, Randy and Janet Marlette, Chris and Donna McCartney, and David and Iris Murphy.

Case: 24-1054    Doc# 2368-2    Filed: 01/15/25    Entered: 01/15/25 20:52:16    Page 9
11 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 266 of 960

Heacock Park Apartments, located at 13325 Heacock Street in Moreno Valley (the "Heacock Park Apartments").

As of June 18, 2004 at least seven of the eight Original Hagar Investors (or their successor trusts) remained Record Investors in Hagar.[113]  That month, LFM sent a letter to the Original Hagar Investors and the Original Redwoods TICs (as defined below), stating that LFM was "nearing the end of the process of the purchase of the Redwoods Apartments in Modesto, California," attaching Disclosures, a Co-Tenancy Agreement, a Property Management Agreement, and a Pro Forma Budget.  In July 2004, Hagar transferred its interest in the Heacock Park Apartments to a group of TICs (including LFM).  At the same time, Hagar and four other TICs (collectively, the "Original Redwoods TICs")[114] purchased Redwoods Apartments, located at 2805 Yosemite Boulevard in Modesto (the "Redwoods Apartments") for $14.6 million, which purchase was partially funded by an approximately $10.2 million mortgage from Chase.

As shown on Attachment G-3, between 2006 and 2012, the Redwoods Apartments could not sustain the $292,680 in annual distributions made to the Original Redwoods TICs or their successors.  In fact, in 2009, 2011, and 2012, the Redwoods Apartments' net cash flow was negative even after accounting for inbound LFM Intercompany Transactions.

On December 19, 2012, Hagar converted from an LLC to an LP, with LFM serving as its general partner.  As of the date of conversion, the Original Hagar Investors or their successors[115] remained the Record Investors of Hagar.  In November 2014, the Original Redwoods TICs refinanced the Redwoods Apartments through AmericanWest Bank with an $11.774 million mortgage.  The net proceeds of the refinancing went to Divi Divi (approximately $675,000), LFM ($200,000), and Hagar (approximately $1.3 million).

As shown on Attachment F-18, by grant deeds dated August 6, 2014, and recorded August 29, 2014, (a) each of the Original Redwoods TICs (except Hagar) transferred their TIC interests in the Redwoods Apartments to LFM and (b) LFM transferred those TIC interests to Hagar.  The LFM Debtors' records reflect that LFM "bought out" each of the Original Redwoods TICs other than Hagar, meaning that the Redwoods Apartments were thereafter solely owned by Hagar, whose Record Investors were the Original Hagar Investors or their successors (albeit with LFM owning more of Hagar as a result of the buyout of the Original Redwoods TICs).

As shown on Attachment G-3, in 2013, 2015, 2016, and 2017, the Redwoods Apartments could not sustain the between $290,000 and $310,000 in annual distributions made to the Original Redwoods TICs or their successors.  Indeed, for each of those years (except for 2017), the

---

[113]    Documents obtained by the Plan Proponents are inconsistent as to whether Kathy Hamlin was a Record Investor in Hagar as of June 2004.  While the "Schedule A" for Hagar suggests she was a Record Investor, she was not a signatory to the Amended and Restated Operating Agreement of Hagar dated June 18, 2004.

[114]    The Original Redwoods TICs, and their percentage TIC interest, are Hagar (76.978%), the Specht Trust (6.15%), the Fisher Trust (4.572%), the Suhonos Trust (6.15%), and the Alekna Trust (6.15%).

[115]    In 2009, Carolyn Grassi and Robert Heber each inherited 50% of Ms. Howerton's interest in Hagar.

Case: 24-1545  Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 50 120 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 267 of 960

Redwoods Apartments' net cash flow was negative even after accounting for inbound LFM Intercompany Transactions. In July 2018, Hagar again refinanced the Redwoods Apartments, this time through Walker & Dunlop, with a $16.95 million mortgage, taking out approximately $5.66 million in cash in the process. Nearly all of the $5.66 million was transferred to other Properties—approximately $5.32 million to Sterling Pointe Apartments, $300,000 to Windscape Village Apartments, and $70,000 to Sharis Apartments.Between 2020 and 2023, the Record Investors in Hagar changed. In April 2020, LFM purchased the Kelly Trust's 9.622% LP interest in Hagar for approximately $470,000. In December 2021, LFM transferred 4.811% of its LP interest in Hagar to Tim and Amy LeFever for $250,000 (most of which was the cancellation of an alleged loan from the LeFevers to LFM). In December 2022, LFM sold a 1.080% LP interest in Hagar to the Clyde Trust for $250,000. In October 2022 and January 2023, the LP interests in Hagar of the Marlette Trust, Grassi, and Heber (collectively, the "Exchanged Hagar Investors") were each exchanged for interests in LFM Debtors Valley Oak and/or River Birch. According to the LFM Debtors' records, Mattson informed LMPM that KSMP purchased these interests from the Exchanged Hagar Investors (meaning that KSMP was, as of October 2022, a Record Investor in Hagar). However, the Transfer Agreements with the Exchanged Hagar Investors are between *LFM (not KSMP)* and each of the Exchanged Hagar Investors.

In May 2024, Hagar sold the Redwoods Apartments. All of the then-Record Investors in Hagar received distributions, including more than $6 million to LFM, $3.2 million to KSMP, and $802,000 to Tim and Amy LeFever.

**Investors**: Hagar has nine Record Investors, including LFM (36.376%), KSMP (19.245%), and Tim and Amy LeFever (4.811%). Twenty-three Non-Record Investors have submitted Investor Claims against Hagar.

**Investor Claims**: Twenty-nine Non-Insider Investors have Investor Claims against Hagar. Of these, 86% have Investor Claims against at least one other LFM Debtor and 66% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Hagar from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 1,816 1059 Account Transactions with respect to Hagar: 16 Inbound 1059 Account Transactions totaling $5,693,000 and 1,799 Outbound 1059 Account Transactions totaling $1,737,772. In addition, between May 1, 2017, and May 31, 2024, there were at least 7 Outbound 1380 Transactions totaling $8,186 with respect to Hagar.

**Intercompany Transactions**: As of the Petition Date, Hagar is owed a total of $11,280,982 from 22 other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Hagar did not have an interest in any Properties. Hagar directly held an interest in at least two Properties prior to the Petition Date.[116]

---

[116]    Those Properties are: (a) Heacock Park Apartments, which Hagar purchased from a third party in February 2002 and which Hagar transferred to TICs in July 2004; and (b) Redwoods Apartments

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 268 of 960

q.     Heacock Park Apartments, LP

**Investors**: Heacock Park Apartments, LP ("Heacock") has seventeen Record Investors, including LFM (19.304%), KSMP (6.434%), and Tim and Amy LeFever (5.72%). Thirty-two Non-Record Investors have submitted Investor Claims against Heacock.

**Investor Claims**: Forty-six Non-Insider Investors have Investor Claims against Heacock. Of these, 83% have Investor Claims against at least one other LFM Debtor and 74% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Heacock from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 299 1059 Account Transactions with respect to Heacock: 23 Inbound 1059 Account Transactions totaling $2,519,800 and 277 Outbound 1059 Account Transactions totaling $308,996. In addition, between May 1, 2017, and May 31, 2024, there were at least 26 Outbound 1380 Transactions totaling $30,393 with respect to Heacock.

**Intercompany Transactions**: As of the Petition Date, Heacock is owed a total of $3,754,425 from nineteen other LFM Debtors and owes a total of $74,000 to two other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Heacock held title to one Property.[117] Heacock directly held an interest in at least one additional Property prior to the Petition Date.[118]

r.     Live Oak Investments, LP

Live Oak has only held an interest in the Southwood Place Apartments, located at 410 Buck Avenue in Vacaville (the "Southwood Place Apartments"). As shown on the chart attached as Attachment F-17, since the Southwood Place Apartments were first acquired by the Debtors in 2000, three different groups of TICs have owned the Southwood Place Apartments,[119] with the latest group of TICs—who eventually became the Record Investors of Live Oak—acquiring their interests in the Southwood Place Apartments in 2004 (the "Final Southwood TICs"). The initial TICs purchased the Southwood Place Apartments for $2.7 million in September 2000, $2.07

---

(2805 Yosemite Boulevard, Modesto), which LFM transferred to Hagar in August 2014 and which Hagar sold to a third party in May 2024 (*see* Attachment F-18).

[117]   Cornerstone (72/100/200 Wagner Road and 23570 Arnold Road, Sonoma), which was transferred from LFM, Firetree I, and Firetree III to Heacock in January 2022.

[118]   Heacock Park Apartments (13325 Heacock Street, Moreno Valley), which was transferred from TICs to Heacock in September 2013 and sold by Heacock to a third party in July 2021.

[119]   The first group of TICs, which included LFM, conveyed their interests in the Southwood Place Apartments to Divi Divi by a grant deed dated January 15, 2003, but recorded on February 13, 2003. Divi Divi then conveyed the Southwood Place Apartments to a different group of TICs (by grant dated February 7, 2003, but also recorded on February 13, 2003) (the "Second Southwood TICs"), which then immediately conveyed the Southwood Place Apartments to Buck Avenue (by grant deed dated February 10, 2003, but also recorded on February 13, 2003). *See* Attachment F-17.

million of which was financed by a secured loan provided by Washington Mutual. This loan was likely paid off in connection with Buck Avenue's acquisition of the Southwood Place Apartments from the Second Southwood TICs in February 2003 for $4.16 million, of which approximately $2.858 million was financed by a secured loan provided by Washington Mutual.

In November 2004, LFM sent a letter to the Final Southwood TICs, stating that LFM was "nearing the end of the process of the purchase of the Southwood Apartments in Vacaville, California," attaching Disclosures, a Co-Tenancy Agreement, a Property Management Agreement, and a Pro Forma Budget. In December 2004, the Final Southwood TICs purchased the Southwood Place Apartments from Buck Avenue for $5.2 million (a precisely 25% increase from the $4.16 million purchase price from 20 months earlier), of which $3.485 million was financed by a secured loan provided by Washington Mutual.

The Disclosures provided to the Final Southwood TICs included the fact that "[g]enerally the owners receive a monthly income that can not be sustained by initial cash flow alone but is supplemented by reserves and by actual increases over time." Indeed, the Original "Schedule A" provided to the Final Southwood TICs (which shows each such TIC's name, invested amount, investment percent, and annual and monthly payouts) showed total planned annual distributions to Investors of $129,390 (or 6% of total amount invested) as compared to the initial pro forma cash flow to the Final Southwood TICs, which showed projected annual net income of $44,980 (or 2.09% of total amount invested).[120] Therefore, it appears that LFM expected a net cash shortfall with respect to the Southwood Place Apartments of $84,410 for the first year of the Final Southwood TICs' investment in the Property. In fact, from 2005 to 2010, the Southwood Place Apartments incurred a cumulative net loss of $4,895 while making aggregate distributions to the Final Southwood TICs of $537,383. Between 2005 and 2023, the actual net income attributable to the Southwood Place Apartments only exceeded distributions made to the Final Southwood TICs (including the Record Investors in Live Oak, as applicable) in eight of the 19 years.[121]

In April 2015, the Final Southwood TICs conveyed their interests in the Southwood Place Apartments to Live Oak, becoming the Record Investors in Live Oak. Concurrently, Live Oak refinanced the previous Third-Party Loan with a $4.039 million secured loan provided by Americanwest Bank, later assigned to Grandpoint Bank and then Pacific Premier Bank.

As shown on Attachment I-1, on or about October 5, 2018, two LFM Intercompany Transactions occurred, with Live Oak in the middle: LFM paid Live Oak approximately $481,000 (which was reflected in the LFM Debtors' records as a loan to the Southwood Place Apartments), which $481,000 Live Oak used to pay Divi Divi (reflected in the LFM Debtors' records as a

---

[120] Southwood Place Apartments' actual net profit for 2005 was $52,182 and, in that same year, only $32,430 in distributions were made to the Final Southwood TICs.

[121] The only years for which the actual net income for the Southwood Place Apartments exceeded distributions made to the Final Southwood TICs were 2005 ($19,752), 2011 ($26,083), 2017 ($27,556), 2018 ($108,957), 2020 ($101,772), 2021 ($179,652), 2022 ($307,677), and 2023 ($185,997). In each of the remaining years, distributions exceeded the net profit (or loss) for the Southwood Place Apartments: 2006 ($181,145), 2007 ($167,139), 2008 ($114,905), 2009 ($159,276), 2010 ($71,291), 2012 ($3,897), 2013 ($57,574), 2014 ($101,025), 2015 ($258,022), 2016 ($36,601), and 2019 ($5,986).

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 5 of 527

Case: 24-10545 Doc# 2560 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 128 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 270 of 960

repayment on an "interproperty loan" from the Sienna Pointe Apartments to the Southwood Place Apartments).

On or about August 7, 2019, Live Oak paid LFM approximately $445,000, which was reflected in the LFM Debtors' records as a repayment of a loan extended by LFM to the Southwood Place Apartments. As shown on Attachment I-2, the LFM Debtors' records reflect that the source of these funds were "interproperty loans" made by five other Properties to the Southwood Place Apartments. However, three of the five Properties that apparently made these "interproperty loans" had been sold by the LFM Debtors to third parties years earlier.

On December 6, 2019, Live Oak refinanced its existing mortgage with a $6.718 million secured loan provided by Walker & Dunlop, the proceeds of which were also used to close out $432,000 in then-outstanding Intercompany Transactions to six other LFM Debtors.[122] The net proceeds of the Walker & Dunlop refinancing available to Live Oak was approximately $2.45 million. Just four days later, on December 10, Live Oak made a $2.3 million "interproperty loan" to the Sterling Pointe Apartments, which were at that time owned by LFM (31.252%) and Bishop Pine (68.748%). As shown on Attachment I-3, the Sterling Pointe Apartments then used the $2.3 million to repay LFM on account of a prior LFM Intercompany Transaction. Concurrently, as shown on Attachment I-3, several other Investment Vehicles engaged in a confusing series of LFM Intercompany Transactions, making and repaying "interproperty loans." LFM also transferred $600,000 to the 1059 Account, which was used to make payments to KSMP, Socotra, and to a contractor.

Just days later on December 18, after the Sterling Pointe Apartments were sold to a third party, the $2.3 million "interproperty loan" was repaid. But, as shown on Attachment I-4, on or about December 31, 2019, the Southwood Place Apartments then made two "interproperty loans", totaling approximately $1.99 million, to the Carmichael Apartments and the Vaca Villa Apartments, each (at that point) owned by TICs, each of which then immediately repaid LFM on account of prior transactions.

**Investors**: Live Oak Investments, LP ("Live Oak") has eleven Record Investors, including LFM (21.6227%). One Non-Record Investor has asserted an Investor Claim against Live Oak (the "Non-Record Live Oak Investor").

**Investor Claims**: Ten Non-Insider Investors have Investor Claims against Live Oak. Of these, 90% have Investor Claims against at least one other LFM Debtor and 60% have asserted an Investor Claim against KSMP or a KSMP Investment Entity.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least sixty-six Outbound 1059 Account Transactions totaling $66,000 with respect to Live Oak, all of which appear to be monthly distribution payments to the Non-Record

---

[122] These six Intercompany Transactions are described in the LFM Debtors' Records as being "Notes Payable payoffs," which were transactions represented to Investors as being interest-bearing loans. All six of these Intercompany Transactions, however, are in round amounts ($60,000; $48,500; $107,000; $63,000; $150,000; and $3,500), which is inconsistent with the amount of principal plus interest that would be repaid on an interest-bearing loan.

Case: 24-1055 Doc# 25680-2 Filed 01/15/25 Entered 01/15/25 20:54:16 Page 54
12 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 271 of 960

Live Oak Investor. In addition, between May 1, 2017, and May 31, 2024, there was at least one Outbound 1380 Transaction totaling $1,000 with respect to Live Oak.

**Intercompany Transactions**: As of the Petition Date, Live Oak is owed a total of $3,245,830 by seventeen other LFM Debtors on account of Open Intercompany Transactions. However, Live Oak (and the Southwood Place Apartments before it) only started being an "intercompany lender" in 2019. Between 2009 and 2019, not only did Live Oak not lend to any other Investment Vehicle, it borrowed a total of $2.18 million through Intercompany Transactions.

### s.     Monterey Pine, LP

**Investors**: Monterey Pine, LP ("Monterey Pine") has fourteen Record Investors, including LFM (38.816%). Six Non-Record Investors have submitted Investor Claims against Monterey Pine.

**Investor Claims**: Nineteen Non-Insider Investors have Investor Claims against Monterey Pine. Of these, 63% have Investor Claims against at least one other LFM Debtor and 58% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Monterey Pine from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least fifty-four Outbound 1059 Account Transactions totaling $164,250 with respect to Monterey Pine.

**Intercompany Transactions**: As of the Petition Date, Monterey Pine is owed a total of $896,150 by eight other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Monterey Pine held title to one Property.[123]

### t.     Napa Elm, LP

**Investors**: The only Record Investor in Napa Elm, LP ("Napa Elm") as of the Petition Date is LFM. However, nine Non-Record Investors have submitted Investor Claims against Monterey Pine.

**Investor Claims**: Of the nine Non-Insider Investors have Investor Claims against Napa Elm. Of these, 89% have Investor Claims against at least one other LFM Debtor and 78% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Napa Elm from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 303 1059 Account Transactions with respect to Napa Elm: 9 Inbound 1059 Account Transactions totaling $944,000 and 294 Outbound 1059 Account Transactions totaling $393,985. In addition, between May 1, 2017, and May 31, 2024, there were at least 9

---

[123]     Country Glen Apartments (7575 Power Inn Road, Sacramento), which Monterey Pine acquired from TICs in November 2018.

Case: 24-10545   Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 5
125 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 272 of 960

Inbound 1380 Account Transactions totaling $8,428,486 and 200 Outbound 1380 Transactions totaling $456,578 with respect to Napa Elm.

**Property Interests**:  As of the Petition Date, Napa Elm did not have an interest in any Properties.  Napa Elm held an interest in at least five Properties prior to the Petition Date.[124]

u.    Nut Pine, LP

**Investors**:  Nut Pine, LP ("Nut Pine") has thirteen Record Investors, including LFM (38.154%). Thirteen Non-Record Investors have submitted Investor Claims against Nut Pine.

**Investor Claims**:  Twenty-five Non-Insider Investors have Investor Claims against Nut Pine.  Of these, 76% have Investor Claims against at least one other LFM Debtor and 68% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Nut Pine from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least ninety-four 1059 Account Transactions with respect to Nut Pine: two Inbound 1059 Account Transactions totaling $4,039,467 and 92 Outbound 1059 Account Transactions totaling $285,408.  In addition, between May 1, 2017, and May 31, 2024, there were at least nineteen Outbound 1380 Transactions totaling $34,203 with respect to Nut Pine.

**Intercompany Transactions**:  As of the Petition Date, Nut Pine is owed a total of $238,000 from eight other LFM Debtors and owes a total of $54,000 to two other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Nut Pine held title to two Properties.[125]  Nut Pine held an interest in at least one additional Property prior to the Petition Date.[126]

---

[124]    Those Properties are: (a) Napa Elm Townhomes (1050 Elm Street, Napa), which it acquired in February 2003 and transferred to TICs in July 2005 (*see* Attachment F-5); (b) a 21.348 TIC interest in Boulder Springs Apartments (3515 W. San Jose Avenue, Fresno), which Napa Elm acquired from a third party in July 2005 and sold to a third party in March 2020 (*see* Attachment F-23); (c) 24265 Arnold Drive, Sonoma, which KSMP transferred to Napa Elm in April 2020 and which Napa Elm transferred to Firetree I in July 2022; (d) 24321 Arnold Drive, Sonoma, which KSMP transferred to Napa Elm in April 2020 and which Napa Elm transferred to Firetree I in July 2022; and (e) 1549 E. Napa Street, Sonoma, which KSMP transferred to Napa Elm in April 2020 and which Napa Elm transferred to LFM in July 2022.

[125]    Those Properties are: (a) 103/105 Commerce Court, Fairfield, which Nut Pine acquired from LFM in August 2020 (*see* Attachment F-31); and (b) 50% TIC interest in 2280 Bates Avenue, Concord, which Nut Pine acquired from LFM in October 2020 (*see* Attachment F-11).

[126]    Woodland Oaks Apartments (724 Cottonwood Street, Woodland), which Nut Pine acquired from TICs in November 2018 and which Nut Pine transferred to Woodland Oaks Investments in October 2023.

Case: 24-1545  Doc# 2560-2  Filed: 01/15/25  Entered: 01/15/25 20:54:16  Page 56 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 273 of 960

### v. Pinecone, LP

**Investors**:  Pinecone, LP ("Pinecone") has two record investors—LFM (77.786%) and KSMP (22.214%).

**Investor Claims**:  No Non-Record Investors have submitted Investor Claims against Pinecone.  As of the Petition Date, Pinecone is owed a total of $233,075 from fifteen other LFM Debtors on account of Open Intercompany Transactions.

**1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least twenty-eight Outbound 1380 Transactions totaling $82,748 with respect to Pinecone.

**Property Interests**:  As of the Petition Date, Pinecone held title to one Property.[127]

### w. Pinewood Condominiums, LP

**Investors**:  Pinewood Condominiums, LP ("Pinewood") has nineteen Record Investors, including LFM (18.923%).  Fifteen Non-Record Investors have submitted Investor Claims against Pinewood.

**Investor Claims**:  Thirty-three Non-Insider Investors have Investor Claims against Pinewood.  Of these, 79% have Investor Claims against at least one other LFM Debtor and 70% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Pinewood from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 410 1059 Account Transactions with respect to Pinewood: 7 Inbound 1059 Account Transactions totaling $1,370,000 and 403 Outbound 1059 Account Transactions totaling $574,238.  In addition, between May 1, 2017, and May 31, 2024, there were at least 85 Outbound 1380 Transactions totaling $198,170 with respect to Pinewood.

**Intercompany Transactions**:  As of the Petition Date, Pinewood is owed a total of $1,000 from one other LFM Debtor and owes a total of $956,751 to fourteen other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Pinewood held title to one Property.[128] Pinewood held an interest in at least two additional Properties prior to the Petition Date.[129]

---

[127]  Napa Elm Townhomes (1050 Elm Street, Napa), which LFM and KSMP transferred to Pinecone in February 2019 (*see* Attachment F-5).

[128]  A 22.9% TIC interest in Salvio Pacheco Square (2151 Salvio Street, Concord), which it purchased from a third party in November 2017.

[129]  Those Properties are: (a) Pinewood Apartments (1995 Grande Circle, Fairfield), which was transferred to Pinewood from TICs in February 2003 and transferred from Pinewood to TICs in September 2007 (*see* Attachment F-20); and (b) Willowbrook Apartments (2306/2376 Fairfield

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 274 of 960

> x.     Ponderosa Pines, LP

**Investors**:  Ponderosa Pines, LP ("Ponderosa Pines") is a Mattson Maintained Debtor.

**1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 1,763 Outbound 1380 Transactions totaling $2,532,285 with respect to Ponderosa Pines.

**Investor Claims**:  Twenty-seven Non-Insider Investors have Investor Claims against Ponderosa Pines.  Of these, 89% have Investor Claims against at least one other LFM Debtor and 85% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Ponderosa Pines from KSMP.  Mattson represented to Investors that Ponderosa Pines owned Woodcreek Plaza (7456 Foothills Boulevard, Vacaville).  However, Ponderosa Pines has never owned any recorded interest in Woodcreek Plaza—or any other Property.

> y.     Red Oak Tree, LP

**Investors**:  Red Oak Tree, LP ("Red Oak Tree") has four Record Investors, including LFM (70.0520%).  1 Non-Record Investor has submitted an Investor Claim against Red Oak Tree.

**Investor Claims**:  Four Non-Insider Investors have Investor Claims against Red Oak Tree. Of these, 25% have Investor Claims against at least one other LFM Debtor and 25% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Red Oak Tree from KSMP.

**Intercompany Transactions**:  As of the Petition Date, Red Oak Tree is owed a total of $208,475 by eleven other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Red Oak Tree held title to three Properties.[130] Red Oak Tree held an interest in at least one additional Property prior to the Petition Date.[131]

> z.     Red Oak, LP

**Investors**:  Red Oak, LP ("Red Oak") has twelve Record Investors, including LFM (12.9191%).  One Non-Record Investor has submitted an Investor Claim against Red Oak.

---

Avenue, Fairfield), in which LFM and Windscape I transferred a 61.173% TIC interest to Pinewood in October 2007 and which Pinewood sold to a third party in October 2017 (*see* Attachment F-27).

[130]     Those Properties are: (a) Jackson Street Apartments (500 Jackson Street, Fairfield), which was transferred by TICs to Red Oak Tree in October 2022 (*see* Attachment F-6); (b) Marpel Apartments (501 – 523 Carpenter Street, Fairfield), which was transferred by TICs to Red Oak Tree in October 2022 (*see* Attachment F-7); and (c) Broadway Street Apartments (905 Broadway Street, Fairfield), which was transferred by TICs to Red Oak Tree in October 2022 (*see* Attachment F-1).

[131]     Pinewood Apartments (1995 Grande Circle, Fairfield), which was transferred by TICs to Red Oak Tree in October 2022 and sold by Red Oak Tree to a third party in August 2024 (*see* Attachment F-20).

Case: 24-10545     Doc# 2368-2   Filed: 01/15/25   Entered: 01/15/25 20:52:16   Page 58 of 157

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 275 of 960

**Investor Claims**:  Eleven Non-Insider Investors have Investor Claims against Red Oak. Of these, 91% have Investor Claims against at least one other LFM Debtor and 73% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Red Oak from KSMP.

**1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least three Outbound 1380 Transactions totaling $2,586 with respect to Red Oak.

**Intercompany Transactions**:  As of the Petition Date, Red Oak owes a total of $374,260 to eight other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Red Oak held title to one Property.[132]

   aa.  Red Spruce Tree, LP

**Investors**:  Red Spruce Tree, LP ("Red Spruce") has nine Record Investors, including LFM (41.4865%).

**Investor Claims**:  Eight Non-Insider Investors have Investor Claims against Red Spruce. Of these, 88% have Investor Claims against at least one other LFM Debtor and 50% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Red Spruce from KSMP.

**Intercompany Transactions**:  As of the Petition Date, Red Spruce owes a total of $195,500 to seven other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Red Spruce held title to two properties.[133] Red Spruce held an interest in at least one additional Property prior to the Petition Date.[134]

   bb.  River Birch, LP

**Investors**:  River Birch, LP ("River Birch") has twelve Record Investors, including LFM (6.8483%).  Twenty-six Non-Record Investors have submitted Investor Claims against River Birch.

**Investor Claims**:  Thirty-seven Non-Insider Investors have Investor Claims against River Birch.  Of these, 84% have Investor Claims against at least one other LFM Debtor and 59% have

---

[132] Gold Oak Apartments (3310 – 3336 Cimmarron Road, Cameron Park), which was transferred by TICs to Red Oak in January 2022.

[133] Those Properties are 446 W. 3rd Street and 454 W. 3rd Street in Sonoma, both of which were acquired by Red Spruce from a third party in December 2022.

[134] A group of TICs transferred their interests in the Vaca Villa Apartments (370 Butcher Road, Vacaville) to Red Spruce in November 2022.  Red Spruce immediately transferred such interest to Windscape Apartments.  *See* Attachment F-13.

Case: 24-10545   Doc# 2360-2   Filed: 01/15/25   Entered: 01/15/25 20:52:16   Page 9
129 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 276 of 960

asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in River Birch from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 312 1059 Account Transactions with respect to River Birch: 11 Inbound 1059 Account Transactions totaling $2,250,000 and 301 Outbound 1059 Account Transactions totaling $627,193. In addition, between May 1, 2017, and May 31, 2024, there were at least 1 Inbound 1380 Account Transactions totaling $1,750,000 and 5 Outbound 1380 Transactions totaling $7,010 with respect to River Birch.

**Intercompany Transactions**: As of the Petition Date, River Birch is owed a total of $60,425 from three other LFM Debtors and owes a total of $221,513 to one other LFM Debtor on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, River Birch held title to two Properties.[135] River Birch held an interest in at least one additional Property prior to the Petition Date.[136]

cc.     The River Tree Entities

(1)     *Country Oaks I, LP*

**Investors**: Country Oaks I, LP ("Country Oaks I") has twenty-six Record Investors, including LFM (10.263%) and KSMP (3.117%). Forty-one Non-Record Investors have submitted Investor Claims against Country Oaks I.

**Investor Claims**: Sixty-five Non-Insider Investors have Investor Claims against Country Oaks I. Of these, 74% have Investor Claims against at least one other LFM Debtor and 63% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Country Oaks I from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 2,626 1059 Account Transactions with respect to Country Oaks I: 2 Inbound 1059 Account Transactions totaling $160,500 and 2,624 Outbound 1059 Account Transactions totaling $3,037,648. In addition, between May 1, 2017, and May 31, 2024, there were at least 19 Outbound 1380 Transactions totaling $20,677 with respect to Country Oaks I.

---

[135]     Those Properties are: (a) French Quarter Apartments (170 – 182 E. 1st Street, Sonoma), which KSMP transferred to River Birch in June 2021; and (b) a 93.143% TIC interest in Auberge Sonoma (151 E. Napa Street, Sonoma), which Property KSMP transferred to River Birch in June 2021 (subsequent to this transfer, River Birch conveyed a 6.857% TIC interest in the Property to an Investor).

[136]     Specifically, in January and April 2021, River Birch acquired an interest in the Carmichael Gardens Apartments (4727 Hackberry Lane, Carmichael) from a group of TICs, with Yellow Poplar having been transferred the remaining TIC interest. River Birch and Yellow Poplar sold the Property to a third party in April 2021. *See* Attachment F-24.

**Intercompany Transactions**: As of the Petition Date, Country Oaks I is owed a total of $60,100 from 7 other LFM Debtors and owes a total of $1,043,250 to eight other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Country Oaks I did not have a direct interest in any Properties; rather, Country Oaks I held 43.2% of RTGH and 43.2% of RTCM, each of which holds interests in Property. Country Oaks I directly held an interest in at least one Property prior to the Petition Date.[137]

(2) *Red Cedar Tree, LP*

**Investors**: Red Cedar Tree, LP ("Red Cedar") has two Record Investors—RTCM (99%) and LFM (1%).

**Investor Claims**: No Non-Record Investors have submitted Investor Claims against Red Cedar.

**1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 1 Outbound 1380 Transactions totaling $381 with respect to Red Cedar.

**Intercompany Transactions**: As of the Petition Date, Red Cedar owes a total of $527,000 to 3 other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Red Cedar held title to two Properties.[138]

(3) *Red Mulberry Tree, LP*

**Investors**: Red Mulberry Tree, LP ("Red Mulberry") has two Record Investors—RTCM (99%) and LFM (1%).

**Investor Claims**: No Non-Record Investors have submitted Investor Claims against Red Mulberry.

**Intercompany Transactions**: As of the Petition Date, Red Mulberry owes a total of $2,170,000 to one other LFM Debtor on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Red Mulberry held title to one Property.[139]

---

[137] Specifically, Country Oaks I held a 47.737% TIC interest in the Country Oaks Apartments (333 E. Enos Drive, Santa Maria) from September 2007 until August 2016, when it transferred its interest to River Tree. *See* Attachment F-22.

[138] Those Properties are: (a) Carmichael Apartments (5800 Engle Road, Carmichael), which was transferred from RTCM to Red Cedar in August 2022 (*see* Attachment F-24); and (b) 5818 Engle Road, Carmichael, which was transferred from the Laurel Wreath Foundation, Inc. to Red Cedar in March 2024.

[139] Courtyard Cottages (7337 Power Inn Road, Sacramento), which RTCM transferred to Red Mulberry in August 2022.

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 131 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 278 of 960

(4) *River Tree Partners, LP*

**Investors**:  River Tree Partners, LP ("River Tree") has seventeen Record Investors, including LFM (20.8735%).  Sixty-six Non-Record Investors have submitted Investor Claims against River Tree.

**Investor Claims**:  Eighty-two Non-Insider Investors have Investor Claims against River Tree.  Of these, 85% have Investor Claims against at least one other LFM Debtor and 61% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in River Tree from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 2,425 1059 Account Transactions with respect to River Tree: 26 Inbound 1059 Account Transactions totaling $5,007,600 and 2,399 Outbound 1059 Account Transactions totaling $2,942,280.  In addition, between May 1, 2017, and May 31, 2024, there were at least 18 Outbound 1380 Transactions totaling $24,999 with respect to River Tree.

**Intercompany Transactions**:  As of the Petition Date, River Tree owes a total of $792,500 to 10 other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, River Tree did not have a direct interest in any Properties; rather, River Tree held 56.8% of RTGH and 56.8% of RTCM, each of which holds interests in Property.  River Tree directly held an interest in at least one Property prior to the Petition Date.[140]

(5) *RT Capitol Mall, LP*

**Investors**:  The only Record Investors in RT Capitol Mall, LP ("RTCM") are River Tree (56.8%) and Country Oaks I (43.2%).  However, six Non-Record Investors have submitted Investor Claims against RTCM.

**Investor Claims**:  Eight Non-Insider Investors have Investor Claims against RTCM.  Of these, 75% have Investor Claims against at least one other LFM Debtor and 50% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in RTCM from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 3 Inbound 1059 Account Transactions totaling $2,600,000 with respect to RTCM.  In addition, between May 1, 2017, and May 31, 2024, there were at least two Inbound 1380 Account Transactions totaling $4,975,000 with respect to RTCM.

**Intercompany Transactions**:  As of the Petition Date, RTCM owes a total of $36,245 to 1 other LFM Debtor on account of Open Intercompany Transactions.

---

[140]   Country Oaks Apartments (333 E. Enos Drive, Santa Maria), which was transferred from TICs (including Country Oaks I and LFM) to River Tree in August 2016 and sold by River Tree to a third party in August 2016.  *See* Attachment F-22.

Case: 24-10545   Doc# 2560-2   Filed: 01/15/25   Entered: 01/15/25 20:54:16   Page 62 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 279 of 960

**Property Interests**: As of the Petition Date, RTCM held title to four Properties.[141]  Prior to the Petition Date, RTCM held an interest in at least five additional Properties.[142]

(6)   *RT Golden Hills, LP*

**Investors**:  The only Record Investors in RT Golden Hills, LP ("RTGH") are River Tree (56.8%) and Country Oaks I (43.2%).  However, twelve Non-Record Investors have submitted Investor Claims against RTGH.

**Investor Claims**:  Fourteen Non-Insider Investors have Investor Claims against RTGH. Of these, 100% have Investor Claims against at least one other LFM Debtor and 71% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in RTGH from KSMP.

**1059 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least eight 1059 Account Transactions with respect to RTGH: five Inbound 1059 Account Transactions totaling $300,000 and three Outbound 1059 Account Transactions totaling $4,480.

**Property Interests**:  As of the Petition Date, RTGH held title to one Property.[143]

dd.   The River View Entities

(1)   *Buck Avenue Apartments, LP*

**Investors**:  Buck Avenue Apartments, LP ("Buck Avenue") has forty Record Investors, including LFM (10.1585%).  Twenty-two Non-Record Investors have submitted Investor Claims against Buck Avenue.

**Investor Claims**:  Sixty Non-Insider Investors have Investor Claims against Buck Avenue. Of these, 78% have Investor Claims against at least one other LFM Debtor and 70% have asserted

---

[141]   Those Properties are: (a) 19450 Old Winery Road, Sonoma, which was transferred from KSMP to RTCM in May 2022; (b) 921 Broadway, Sonoma, which was transferred from KSMP to RTCM in September 2022; (c) 222 – 226 W. Spain Street, Sonoma, which was transferred from KSMP to RTCM in September 2022; and (d) 1870 Thornsberry Road, Sonoma, which was transferred from LFM to RTCM in November 2023.

[142]   Those Properties are: (a) 520 Capitol Mall, Sacramento, which RTCM acquired from a third party in October 2016 and transferred to Sienna Pointe in January 2022; (b) 1549 E. Napa Street, Sonoma, which LFM transferred to RTCM in July 2022 and which RTCM transferred to KSMP in November 2023; (c) 282 Patten Street, Sonoma, which KSMP presumably transferred to RTCM (the Real Property Records reflect KSMP's purchase of the Property by KSMP but not the transfer of the Property to RTCM) and which RTCM transferred to KSMP in September 2022; (d) Courtyard Cottages (7337 Power Inn Road, Sonoma), which was transferred from Ginko Tree to RTCM in July 2022 and transferred from RTCM to Red Mulberry in August 2022; and (e) Carmichael Apartments (5800 Engle Road, Carmichael), which was transferred by Buckeye Tree to RTCM in July 2022 and transferred from RTCM to Red Cedar in August 2022 (*see* Attachment F-24).

[143]   The Shops at Golden Hills (941 – 1017 Alamo Drive, Vacaville), which RTGH purchased from a third party in September 2016.

Case: 24-10545   Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 283 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 280 of 960

an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Buck Avenue from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 721 1059 Account Transactions with respect to Buck Avenue: 7 Inbound 1059 Account Transactions totaling $2,205,000 and 714 Outbound 1059 Account Transactions totaling $1,385,047.  In addition, between May 1, 2017, and May 31, 2024, there were at least 19 Outbound 1380 Transactions totaling $19,261 with respect to Buck Avenue.

**Intercompany Transactions**:  As of the Petition Date, Buck Avenue is owed a total of $1,405,448 from ten other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Buck Avenue did not have a direct interest in any Properties; rather, Buck Avenue held 100% of the membership interests in RVSC 1, which holds an interest in a Property.  Buck Avenue directly previously held (but, as of the Petition Date, no longer held) title to at least four Properties.[144]

(2) *River View Shopping Center 1, LLC and River View Shopping Center 2, LLC*

**Investors**:  River View Shopping Center 1, LLC ("RVSC 1") and River View Shopping Center 2, LLC ("RVSC 2" and, together with RVSC 1, the "RVSC Entities") do not have any non-Debtor Record Investors.  Rather, Buck Avenue owns 100% of the membership interests in RVSC 1 and Sequoia owns 100% of the membership interests in RVSC 2.

**Property Interests**:  As of the Petition Date, the RVSC Entities held title to one Property.[145]

(3) *Sequoia Investment Properties, LP*

**Investors**:  Sequoia Investment Properties, LP ("Sequoia") has twenty-four Record Investors, including LFM (36.5710%).  Two Non-Record Investors have submitted Investor Claims against Sequoia.

**Investor Claims**:  Twenty-five Non-Insider Investors have Investor Claims against Sequoia.  Of these, 48% have Investor Claims against at least one other LFM Debtor and 28%

---

[144] Those Properties are: (a) Southwood Apartments (410 Buck Avenue, Vacaville), which was transferred to Buck Avenue from five TICs in February 2003 and from Buck Avenue to 11 TICs (including LFM) in December 2004 (*see* Attachment F-17); (b) 1081 Scott Street, Fairfield, which it acquired from a third party in March 2003 and transferred to an Investor in March 2003; (c) a 72% TIC interest in Willow Glen Apartments (2052 Wilkins Avenue, Napa), which it purchased from a third party in December 2004 and sold to a third party in May 2015; and (d) a portion of 300 Chadbourne Road, Fairfield as a 76.9% TIC, which was transferred to Buck Avenue from KSMP in July 2015 and sold to a third party in August 2021 (*see* Attachment F-19).

[145] Riverview Shopping Center (9407 – 9471 N. Fort Washington Road, Fresno), which RVSC1 (76.914%) and RVSC 2 (23.086%) acquired as TICs from a third party in June 2015.

Case: 24-10545   Doc# 2560-2   Filed: 01/15/25   Entered: 01/15/25 20:54:16   Page 64
13 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 281 of 960

have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Sequoia from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 138 1059 Account Transactions with respect to Sequoia: 2 Inbound 1059 Account Transactions totaling $93,291 and 136 Outbound 1059 Account Transactions totaling $388,065. In addition, between May 1, 2017, and May 31, 2024, there were at least 2 Outbound 1380 Transactions totaling $1,655 with respect to Sequoia.

**Intercompany Transactions**: As of the Petition Date, Sequoia is owed a total of $501,604 from eleven other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Sequoia did not have a direct interest in any Properties; rather, Sequoia held 100% of the membership interests in RVSC 2, which holds interest in a Property. Sequoia directly previously held (but, as of the Petition Date, no longer held) title to at least three Properties.[146]

        ee.   Scotch Pine, LP

**Investors**: Scotch Pine, LP ("Scotch Pine") has eleven Record Investors, including LFM (26.733%). One Non-Record Investor has submitted an Investor Claim against Scotch Pine.

**Investor Claims**: Ten Non-Insider Investors have Investor Claims against Scotch Pine. Of these, 30% have Investor Claims against at least one other LFM Debtor and 20% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Scotch Pine from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there was at least one Outbound 1059 Account Transaction totaling $130,000 with respect to Scotch Pine. In addition, between May 1, 2017, and May 31, 2024, there were at least 1 Outbound 1380 Transactions totaling $3,250 with respect to Scotch Pine.

**Intercompany Transactions**: As of the Petition Date, Scotch Pine owes a total of $1,888,461 to twelve other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Scotch Pine held title to one Property.[147]

---

[146] Those Properties are: (a) Sharis Apartments (453 E. Fleming Avenue, Vallejo), which was transferred from TICs to Sequoia in December 2004 and which was transferred from Sequoia to TICs in December 2004 (*see* Attachment F-8); (b) a 72% TIC interest in Willow Glen Apartments (2052 Wilkins Avenue, Napa), which it purchased from a third party in December 2004 and sold to a third party in May 2015; and (c) a portion of 300 Chadbourne Road, Fairfield as a 23.1% TIC, which was transferred to Sequoia from KSMP in July 2015 and sold to a third party in August 2021 (*see* Attachment F-19).

[147] Shelfield Apartments (5800 Fair Oaks Boulevard, Carmichael), which TICs transferred to Scotch Pine in September 2021. *See* Attachment F-9.

Case: 24-10545 Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 135 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 282 of 960

### ff.    Sienna Pointe, LLC

**Investors**:  The only Record Investor of Sienna Pointe, LLC ("Sienna Pointe") is Divi Divi.

**Investor Claims**:  Two Non-Record Investors have submitted Investor Claims against Sienna Pointe.

**1059 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 121 1059 Account Transactions with respect to Sienna Pointe: 1 Inbound 1059 Account Transaction totaling $500,000 and 120 Outbound 1059 Account Transactions totaling $159,166.

**Intercompany Transactions**:  As of the Petition Date, Sienna Pointe owes a total of $8,725,335 to thirteen other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**:  As of the Petition Date, Sienna Pointe held title to eighteen Properties.[148]  Sienna Pointe directly previously held (but, as of the Petition Date, no longer held) title to at least two additional Properties.[149]

### gg.    Spruce Pine, LP

**Investors**:  Spruce Pine, LP ("Spruce Pine") is a Mattson Maintained Debtor.

**Investor Claims**:  Only one Non-Insider Investor asserted an Investor Claim against Spruce Pine.

**Property Interests**:  Other than a brief TIC interest in a single Property,[150] neither the LFM Debtors' Records nor the 1059 Account Records reflect any activity with respect to Spruce Pine.

### hh.    Tradewinds Apartments, LP

**Investors**:  Tradewinds Apartments, LP ("Tradewinds") has seven Record Investors, including LFM (15.016%), KSMP (42.57%), and Tim and Amy LeFever (7.74%).  Six Non-Record Investors have submitted Investor Claims against Tradewinds.

**Investor Claims**:  Ten Non-Insider Investors have Investor Claims against Tradewinds.  Of these, 80% have Investor Claims against at least one other LFM Debtor and 60% have asserted an

---

[148]    A list of such Properties is attached as Attachment E.

[149]    Those Properties are: (a) the Sienna Pointe Apartments (13933 Chagall Court, Moreno Valley), which Divi Divi transferred to Sienna Pointe in September 2015 and which Sienna Pointe sold to a third party in July 2021; and (b) Ravenswood Winery (18701 Gehricke Road, Sonoma), which KSMP transferred to Sienna Pointe in December 2021 and which Sienna Pointe transferred to Windscape Apartments in November 2022.

[150]    Specifically, (a) by grant deeds dated February 11, 2019 and recorded on October 30, 2019, five of the TICs of the Napa Elm Townhomes (1050 Elm Street, Napa) transferred their interests therein to Spruce Pine and (b) by grant deeds dated February 11, 2019, and recorded on October 30, 2019, Spruce Pine transferred its interest in the Napa Elm Townhomes to LFM.  *See* Attachment F-5.

Case: 24-10545    Doc# 2560-2  Filed: 01/15/25  Entered: 01/15/25 20:54:16  Page 66 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 283 of 960

Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Tradewinds from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 117 Outbound 1059 Account Transactions totaling $262,700 with respect to Tradewinds. In addition, between May 1, 2017, and May 31, 2024, there were at least 9 Outbound 1380 Transactions totaling $8,311 with respect to Tradewinds.

**Intercompany Transactions**: As of the Petition Date, Tradewinds is owed a total of $227,898 from four other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Tradewinds did not have an interest in any Properties. Tradewinds held an interest in at least three Properties prior to the Petition Date.[151]

### ii. Vaca Villa Apartments, LP

**Investors**: Vaca Villa Apartments, LP ("Vaca Villa") has four Record Investors, including LFM (37.5556%). One Non-Record Investor has submitted Investor Claims against Vaca Villa.

**Investor Claims**: Four Non-Insider Investors have Investor Claims against Vaca Villa. Of these, 50% have Investor Claims against at least one other LFM Debtor.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least sixty-nine Outbound 1059 Account Transactions totaling $214,068 with respect to Vaca Villa. In addition, between May 1, 2017, and May 31, 2024, there was at least one Outbound 1380 Transaction totaling $204 with respect to Vaca Villa.

**Intercompany Transactions**: As of the Petition Date, Vaca Villa is owed a total of $14,141 from one other LFM Debtor and owes a total of $1,539,114 to fourteen other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Vaca Villa held title to one Property.[152] Vaca Villa previously held (but, as of the Petition Date, no longer held) title to at least two additional Properties.[153]

---

[151] Those Properties are: (a) Tradewinds Apartments (1189 Dana Drive, Fairfield), which Tradewinds acquired from TICs in February 2003 and which Tradewinds transferred to TICs in April 2005 (*see* Attachment F-4); (b) Spring Glenn Apartments (555 Elmira Road, Vacaville), in which Black Walnut held a 28.091% TIC interest acquired from a group of TICs in November 2014 until the Property was sold in December 2017 (*see* Attachment F-21); and (c) 430 W. Napa Street, Sonoma, which KSMP transferred to Tradewinds in February 2018 and which Tradewinds transferred to LFM in November 2022.

[152] A 27.6% TIC interest in Salvio Pacheco Square (2151 Salvio Street, Concord), which it purchased from a third party in November 2017.

[153] Those Properties are: (a) Vaca Villa Apartments (370 Butcher Road, Vacaville), which TICs transferred to Vaca Villa in February 2003 and which Vaca Villa transferred to TICs in April 2005 (*see* Attachment F-13); and (b) Spring Glenn Apartments (555 Elmira Road, Vacaville), in which

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 67 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 284 of 960

jj. Valley Oak Investments, LP

**Investors**: Valley Oak Investments, LP ("Valley Oak") has fourteen Record Investors, including LFM (22.819%) and KSMP (13.452%). Forty-four Non-Record Investors have submitted Investor Claims against Valley Oak.

**Investor Claims**: Fifty-six Non-Insider Investors have Investor Claims against Valley Oak. Of these, 68% have Investor Claims against at least one other LFM Debtor and 34% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Valley Oak from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 843 1059 Account Transactions with respect to Valley Oak: 16 Inbound 1059 Account Transactions totaling $3,164,454 and 827 Outbound 1059 Account Transactions totaling $1,475,622. In addition, between May 1, 2017, and May 31, 2024, there were at least 59 Outbound 1380 Transactions totaling $73,675 with respect to Valley Oak.

**Intercompany Transactions**: As of the Petition Date, Valley Oak owes a total of $1,217,838 to one other LFM Debtor on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Valley Oak held title to twenty-five Properties. Valley Oak directly previously held (but, as of the Petition Date, no longer held) title to at least eleven additional Properties.[154]

kk. Watertree I, LP

**Investors**: Watertree I, LP ("Watertree I") is a Mattson Maintained Debtor.

**Investor Claims**: Thirty-five Non-Insider Investors have Investor Claims against Watertree I. Of these, 80% have Investor Claims against at least one other LFM Debtor and 74% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Watertree I from KSMP.

**1059 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 2,279 1059 Account Transactions with respect to Watertree I: 4 Inbound 1059 Account Transactions totaling $291,000 and 2,275 Outbound 1059 Account Transactions totaling $1,997,994.

**Intercompany Transactions**: As of the Petition Date, Watertree I is owed total of $238,000 from eight other LFM Debtors on account of Open Intercompany Transactions.

Vaca Villa held a 28.091% TIC interest acquired from a group of TICs in November 2014 until the Property was sold in December 2017 (*see* Attachment F-21).

[154] A list of such Properties is attached as Attachment D.

Case: 24-10545 Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 138 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 285 of 960

**Property Interests**: As of the Petition Date, Watertree I held title to one Property.[155]

ll.    Willow Oak, LP

**Investors**: Willow Oak, LP ("Willow Oak") has fifteen Record Investors, including LFM (37.3166%). One Non-Record Investor has submitted an Investor Claim against Willow Oak.

**Investor Claims**: Fourteen Non-Insider Investors have Investor Claims against Willow Oak. Of these, 79% have Investor Claims against at least one other LFM Debtor and 64% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Willow Oak from KSMP.

**1059 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 2 Outbound 1059 Account Transactions totaling $4,866 with respect to Willow Oak.

**Intercompany Transactions**: As of the Petition Date, Willow Oak owes a total of $265,300 to five other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Willow Oak held title to one Property.[156]

mm.    The Windscape Entities

(1)    *Douglas Fir Investments, LP*

**Investors**: Douglas Fir Investments, LP ("Douglas Fir") has three Record Investors, including LeFever Mattson (60.791%). As shown on the chart attached as Attachment F-25, Douglas Fir previously held an interest in the Windscape Village Apartments (1300 N. L Street, Lompoc).

**Property Interests**: As of the Petition Date, Douglas Fir does not hold any direct interest in any Properties; rather, Douglas Fir holds 18.7872% of the membership interests of Windscape Holdings.

(2)    *Windscape Apartments I, LP*

**Investors**: Windscape Apartments I, LP ("Windscape I") has eighteen Record Investors, including LFM (13.19%) and Tim and Amy Mattson (6.238%). Fourteen Non-Record Investors have submitted Investor Claims against Windscape I.

**Investor Claims**: Thirty Non-Insider Investors have Investor Claims against Windscape I. Of these, 80% have Investor Claims against at least one other LFM Debtor and 63% have

---

[155]    A 50% TIC interest in 2280 Bates Avenue, Concord, which Watertree I acquired from LFM in October 2020. *See* Attachment F-11.

[156]    Tradewinds Apartments (1189 Dana Drive, Fairfield), which Willow Oak acquired from TICs in January 2022 (*see* Attachment F-4).

asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Windscape I from KSMP.

**1059 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least fifteen 1059 Account Transactions with respect to Windscape I: Two Inbound 1059 Account Transactions totaling $6,500,000 and thirteen Outbound 1059 Account Transactions totaling $9,400.

**Property Interests**:  As shown on the chart attached as Attachment F-25, Windscape I previously held an interest in the Windscape Village Apartments (1300 N. L Street, Lompoc).  As of the Petition Date, Windscape I does not hold any direct interest in any Properties; rather, Windscape I holds 19.7296% of the membership interests of Windscape Holdings.  Prior to the Petition Date, Windscape I previously held (but as of the Petition Date no longer held) title to two Properties.[157]

(3)    *Windscape Apartments II, LP*

**Investors**:    Windscape Apartments II, LP ("Windscape II") has twenty-two Record Investors, including LFM (16.631%), Perris Freeway Plaza (24.653%), and Tim and Amy LeFever (4.155%).  Sixteen Non-Record Investors have submitted Investor Claims against Windscape II.

**Investor Claims**:    Thirty-five Non-Insider Investors have Investor Claims against Windscape II.  Of these, 74% have Investor Claims against at least one other LFM Debtor and 51% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Windscape II from KSMP.

**1059 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 2,265 Outbound 1059 Account Transactions totaling $2,697,890 with respect to Windscape II.

**Property Interests**:  As shown on the chart attached as Attachment F-25, Windscape II previously held an interest in the Windscape Village Apartments (1300 N. L Street, Lompoc).  As of the Petition Date, Windscape II does not hold any direct interest in any Properties; rather, Windscape II holds 34.3586% of the membership interests of Windscape Holdings.

(4)    *Windscape Apartments, LLC*

**Investors**:    The only Record Investor of Windscape Apartments, LLC ("Windscape Apartments") is Windscape Holdings.    However, twenty-two Non-Record Investors have submitted Investor Claims against Windscape Apartments.

**Investor Claims**:    23 Non-Insider Investors have Investor Claims against Windscape Apartments.  Of these, 83% have Investor Claims against at least one other LFM Debtor and 65%

---

[157]    Specifically, (a) the Windscape Village Apartments (1300 N. L Street, Lompoc) (*see* Attachment F-25); and (b) Willowbrook Apartments (2306/2376 Fairfield Avenue, Fairfield) (*see* Attachment F-27).

Case: 24-10545    Doc# 2560-2   Filed: 01/15/25   Entered: 01/15/25 20:54:16   Page 70 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 287 of 960

have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Windscape Apartments from KSMP.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 397 1059 Account Transactions with respect to Windscape Apartments: 1 Inbound 1059 Account Transaction totaling $50,000 and 396 Outbound 1059 Account Transactions totaling $432,062. In addition, between May 1, 2017, and May 31, 2024, there were at least 9 Inbound 1380 Account Transactions totaling $20,866,000 and 29 Outbound 1380 Transactions totaling $62,486 with respect to Windscape Apartments.

**Intercompany Transactions**: As of the Petition Date, Windscape Apartments is owed a total of $207,825 from 5 other LFM Debtors and owes a total of $5,414,461 to twelve other LFM Debtors on account of Open Intercompany Transactions.

**Property Interests**: As of the Petition Date, Windscape Apartments held title to twenty-one Properties.[158] Windscape Apartments directly previously held (but, as of the Petition Date, no longer held) title to at least one additional Property.[159]

(5) *Windscape Holdings, LLC*

**Investors**: Windscape Holdings, LLC ("Windscape Holdings") has four Record Investors: Douglas Fir (18.7872%), Perris Freeway Plaza (27.1246%), Windscape I (19.7296%), and Windscape II (34.3586%). Eight Non-Record Investors have submitted Investor Claims against Windscape Holdings.

**Investor Claims**: Twelve Non-Insider Investors have Investor Claims against Windscape Holdings. Of these, 75% have Investor Claims against at least one other LFM Debtor and 42% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Windscape Holdings from KSMP.

**1059 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least sixty-one Outbound 1059 Account Transactions totaling $69,388 with respect to Windscape Holdings.

**Property Interests**: As shown on the chart attached as Attachment F-25, Windscape Holdings previously held an interest in the Windscape Village Apartments (1300 N. L Street, Lompoc). As of the Petition Date, Windscape Holdings does not hold any direct interest in any Properties; rather, Windscape Holding holds 100% of the membership interests of Windscape Apartments.

---

[158] A list of such Properties is attached as Attachment C.

[159] Windscape Village Apartments (1300 N. L Street, Lompoc), which was transferred from Windscape Holdings to Windscape Apartments in August 2018 and which was sold by Windscape Apartments to a third party in May 2022. *See* Attachment F-25.

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 71 of 152

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 288 of 960

nn.    Windtree, LP

**Investors**:  Windtree, LP ("Windtree") is a Mattson Maintained Debtor.

**Investor Claims**:   Thirty-two Non-Insider Investors have Investor Claims against Windtree.  Of these, 84% have Investor Claims against at least one other LFM Debtor and 91% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Windtree from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 69 Outbound 1059 Account Transactions totaling $183,876 with respect to Windtree.  In addition, between May 1, 2017, and May 31, 2024, there were at least 404 Outbound 1380 Transactions totaling $917,048 with respect to Windtree.

**Property Interests**:  As of the Petition Date, Windtree held title to four Properties.[160]

oo.    Yellow Poplar, LP

**Investors**:   Yellow Poplar, LP ("Yellow Poplar") has three Record Investors, including LFM (34.7478%).  Eleven Non-Record Investors have submitted Investor Claims against Yellow Poplar.

**Investor Claims**: Thirteen Non-Insider Investors have Investor Claims against Yellow Poplar.  Of these, 54% have Investor Claims against at least one other LFM Debtor and 69% have asserted an Investor Claim against KSMP or a KSMP Investment Entity, including that they purchased an interest in Yellow Poplar from KSMP.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least 173 1059 Account Transactions with respect to Yellow Poplar: 5 Inbound 1059 Account Transactions totaling $550,000 and 168 Outbound 1059 Account Transactions totaling $135,515.  In addition, between May 1, 2017, and May 31, 2024, there were at least 2 Outbound 1380 Transactions totaling $2,913 with respect to Yellow Poplar.

**Intercompany Transactions**:  As of the Petition Date, Yellow Poplar is owed a total of $114,575 from two other LFM Debtors and owes a total of $181,238 to one other LFM Debtor on account of Open Intercompany Transactions.

---

[160]    Those Properties, each of which were last transferred by KSMP to Windtree in March 2023, are 333 Wilkerson Avenue, 371 Wilkerson Avenue, 411 Wilkerson Avenue, and an adjoining parcel, each in Perris.  As shown on the chart attached as Attachment F-12, these Properties passed among different Debtors on numerous occasions.

Case: 24-10545   Doc# 2560-2  Filed 01/15/25  Entered 01/15/25 20:54:16  Page 72
142 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 289 of 960

**Property Interests**:  As of the Petition Date, Yellow Poplar held title to one Property.[161] Yellow Poplar held an interest in at least one additional Property prior to the Petition Date.[162]

### 4.    The KSMP Investment Entities

#### a.    Perris Freeway Plaza, LP

**Investors**:  Perris Freeway Plaza, LP ("Perris Freeway Plaza") was formed as an LLC on September 18, 2001. According to documents filed with the California Secretary of State (the "SOS"), as of December 2001, Perris Freeway Plaza had six members (i.e., Investors).[163] Based on an August 10, 2009 filing with the SOS, Perris Freeway Plaza represented that its Investors had not changed since the prior filing with the SOS. However, Third-Party Discovery obtained through the Joint Investigation appears to contradict this representation.[164]

On December 27, 2013, Perris Freeway Plaza converted from an LLC to an LP, with KSMP serving as its general partner.  The Plan Proponents have obtained documents through the Joint Investigation that relate to the potential Record Investors in Perris Freeway Plaza, such as unsigned limited partnership agreements and Excel spreadsheets that may have been maintained by Mattson. However, the Plan Proponents cannot verify whether such documents accurately reflect the Record Investors in Perris Freeway Plaza because, among other things, the Plan Proponents do not know how ownership records were maintained and there is inconsistency in the documents that have been obtained.

**Investor Claims**:  Forty-eight Investors filed Investor Claims in the LFM Debtors' Cases that assert claims against and/or interests in Perris Freeway Plaza.  Of these, 65% have asserted an Investor Claim against at least one LFM Debtor and 96% have asserted an Investor Claim against one other KSMP Debtor.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there were at least six 1059 Account Transactions with respect to Perris Freeway Plaza: twj Inbound 1059 Account Transactions totaling $100,000 and four Outbound 1059 Account Transactions totaling $651,500.  In addition, between May 1, 2017, and May 31, 2024, there was

---

[161]    A 96.077% TIC interest in 21855 E. 8th Street, Sonoma, which Property KSMP transferred to Yellow Poplar in June 2021 (subsequent to this transfer, Yellow Poplar conveyed a 3.923% TIC interest in the Property to an Investor).

[162]    Specifically, in January and April 2021, Yellow Poplar acquired an interest in the Carmichael Gardens Apartments (4727 Hackberry Lane, Carmichael) from a group of TICs, with River Birch having been transferred the remaining TIC interest.  River Birch and Yellow Poplar sold the Property to a third party in April 2021.  *See* Attachment F-24.

[163]    Specifically KSMP, Mukesh and Aneeta Taneja, Subhasm and Usha Kapoor, Billy Riley and Patricia Riley as Trustees of the Riley 1994 Revocable Trust, David and Kimberly Deluca, and Dale T. Boutiette and Alla Gershberg as Trustees of the Dale T. Boutiette and Alla Gershberg Living Trust.

[164]    For example, the Third-Party Discovery includes signed documents indicating that KSMP bought and sold Interests in Perris Freeway Plaza in 2004 and 2005, some of which are themselves contradicted by later tax records.

Case: 24-1054    Doc# 2360-2  Filed 10/15/25  Entered 10/15/25 20:52:16  Page 73 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 290 of 960

at least one Inbound 1380 Account Transaction totaling $500,000 and 100 Outbound 1380 Transactions totaling $74,494 with respect to Perris Freeway Plaza.

**Property Interests**: As of the Petition Date, Perris Freeway Plaza did not hold title any Property.

b.    Specialty Properties Partners, LP

**Investors**:  Specialty Properties Partners, LP ("SPP") was formed on January 27, 2011 as an LLC, with KSMP serving as its sole manager.  SPP converted to an LP on December 27, 2013, with KSMP serving as its general partner.[165]  Based on information obtained through the Joint Investigation, it appears that beginning in 2011, Mattson (through KSMP) generally sold Interests in SPP to Investors through IRA Custodians, specifically PENSCO (which became Pacific Premier) and Polycomp.  Some Investors, however, may have invested in SPP directly (i.e., not through an IRA Custodian) or by purportedly purchasing an Interest in SPP from LFM, which owned no such interests.

The information obtained through the Joint Investigation, which includes documents produced by the IRA Custodians, does not consistently or reliably show the Record Investors in SPP as of the Petition Date—or at any point prior.  In fact, even from SPP's formation, Mattson inconsistently reported its ownership to different third parties.  For instance, according to documents provided to an IRA Custodian on January 26, 2011, there were three initial members of SPP (including KSMP), whereas in a document submitted to the IRS dated just one day later, Mattson represented that KSMP was the only member of SPP.

**Investor Claims**:  Twenty-one Investors filed Investor Claims in the LFM Debtors' Cases that assert claims against and/or interests in SPP.  Of these, 67% have asserted an Investor Claim against at least one LFM Debtor and 95% have asserted an Investor Claim against one other KSMP Debtor.

**1059 Account and 1380 Account Transactions**:  Between May 1, 2017, and May 31, 2024, there was at least 1 Outbound 1059 Account Transactions totaling $750 with respect to SPP.  In addition, between May 1, 2017, and May 31, 2024, there were at least 304 Outbound 1380 Transactions totaling $1,360,204 with respect to SPP.

**Property Interests**:  Since SPP's formation in 2011, Mattson falsely represented to Investors that SPP held title to a Property located at 300 Chadbourne Road in Fairfield (the "Chadbourne Property").  The Chadbourne Property, which KSMP purchased in January 2011, consisted of six parcels, each with a separate APN.[166]  As shown on the chart attached as Attachment F-19, KSMP owned all six parcels of the Chadbourne Property until January 2013, when KSMP transferred three of the six parcels to SPP.  KSMP continued to own the other three

---

[165]    It appears that KSMP did not obtain the consent of the then-members of Specialty Properties Partners, LLC to convert SPP to an LP.

[166]    An assessor's parcel number ("APN") is a unique number assigned to a parcel of real property by the tax assessor for the jurisdiction in which the property is located.  A piece of real property with a single street address may consist of multiple parcels, each with their own APN.

parcels of the Chadbourne Property until July 2015, when they were transferred to LFM Debtors Buck Avenue and Sequoia. The entirety of the Chadbourne Property was sold in August 2021.

As of the Petition Date, SPP does not hold title to any Property. Other than a portion of the Chadbourne Property, SPP has never held title to any Properties.

c.    Treehouse Investments, LP

**Investors and Property Interests**: Treehouse Investments, LP ("Treehouse") was formed on October 20, 2014, with KSMP serving as its general partner. Based on the Joint Investigation (including both documents produced and interviews with Investors), it appears that Treehouse had twelve partners as of June 2015 (the "2015 Treehouse Partners"),[167] none of whom transferred their interests in Treehouse back to KSMP. Much to the contrary, the Plan Proponents have obtained documents through the Joint Investigation that show that Mattson was representing to most of the 2015 Treehouse Partners that they continued to hold limited partnership interests in Treehouse as late as 2023.

By grant deeds dated August 20, 2020 but recorded on June 16, 2021, Treehouse deeded its interest in the Commerce Court Property to LFM, who, in turn, deeded the Commerce Court Property to Nut Pine. As of the Petition Date, Treehouse does not own any Property.

**Investor Claims**: Sixteen Investors filed Investor Claims in the LFM Debtors' Cases that assert claims against and/or interests in Treehouse. Of these, 94% have asserted an Investor Claim against at least one LFM Debtor and 100% have asserted an Investor Claim against one other KSMP Debtor.

**1059 Account and 1380 Account Transactions**: Between May 1, 2017, and May 31, 2024, there were at least 59 Outbound 1059 Account Transactions totaling $76,963 with respect to Treehouse. In addition, between May 1, 2017, and May 31, 2024, there were at least 1,779 Outbound 1380 Transactions totaling $3,198,662 with respect to Treehouse.

5.    **The Property Manager and CIP**

a.    Home Tax Service of America, Inc.

**Investors**: LMPM, was, as of the Petition Date, owned 66.67% by LFM and 33.33% by Mark Bennett ("Bennett"). Immediately prior to the Petition Date, LeFever served as LMPM's Chief Executive Officer and Bennett served as its chief financial officer; LeFever and Bennett were the two directors of LMPM.

---

[167]    Those partners, along with their apparent Interest in Treehouse as of June 2015, are: KSMP, Kenneth & Jennifer Hultgren, Mark C. & Deborah G. Long Revocable Trust, Audrey McCoy Trust; Fisher Family Residual Trust, The Suhonos Family Trust, Alekna 2000 Revocable Trust, Specht Living Trust, Mullin Family Trust, Carolyn J. Carlson Declaration of Trust, Trinidad Family Trust, and Laurence Skegg.

b.    California Investment Properties, a California corporation

**Investors**:  California Investment Properties, a California corporation ("CIP"), was, as of the Petition Date, 100% owned by LMPM.  Prior to the Petition Date, CIP operated as a real estate brokerage that provided services in connection with the Properties and others purchased or sold by the Debtors.

## 6.    The Non-Operating Entities

a.    Apan Partners LLC

**Investors**:  Apan Partners, LLC ("Apan") was formed in 2002 and was suspended by the California Franchise Tax Board in 2014.  Apan had three members, including managing member LFM (20%), although no Non-Insider Investors asserted an Investor Claim with respect to Apan.

**Property Interests**:  As of the Petition Date, Apan had no interest in any Properties, although it previously held an interest in one Property.[168]

b.    LeFever Mattson I, LLC

**Investors**:  LeFever Mattson I, LLC ("LFM I") was the original co-general partner of Divi Divi starting in December 2022.  LFM, which is the sole member of LFM I, replaced LFM I as the sole general partner of Divi Divi in September 2015.

**Property Interests**:  LFM I has never had any direct interest in any Properties.

c.    Redbud Tree, LP

**Investors**:  Redbud Tree, LP ("Redbud Tree"), which was formed in May 2022, has never owned any Properties.

**Investor Claims**:  No Non-Insider Investors asserted an Investor Claim with respect to Redbud Tree.

---

[168]    Specifically, as shown on the chart attached as Attachment F-26, Apan may have held an interest in 395 – 397 Coombs Street and 1203 – 1219 Laurel Street in Napa; Apan was the borrower under a loan secured by such Property but the Real Property Records are not clear as to the Property's actual ownership.

Case: 24-10545    Doc# 2560-2    Filed: 01/15/25    Entered: 01/15/25 20:54:16    Page 76 of 152

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 293 of 960

## III. RATIONALE FOR GLOBAL SETTLEMENT

### A. Substantive Consolidation Is Appropriate Under Applicable Law

As explained in section I.B of this Investigation Report, substantive consolidation is appropriate when related entities are so intertwined that it would be impractical or impossible to separate them. Courts recognize that substantive consolidation may be implemented either when "'the time and expense necessary even to attempt to unscramble [them] is so substantial as to threaten the realization of any net assets for all the creditors' or where no accurate identification and allocation of assets is possible."[169]

The Joint Investigation confirms that this is exactly the situation here. First, the Debtors' and the KSMP Investment Entities' records are so incomplete and inconsistent that no accurate identification or allocation of assets is possible: thousands of transfers between and among the Debtors and the KSMP Investment Entities—as well as Interests "sold" to Investors—were undocumented, poorly documented, or inconsistently documented; the Yardi accounting system did not consistently maintain records at the entity level; and hundreds of millions of dollars flowed through commingled accounts like the 1059 Account and the 1380 Account without regard to which Debtor owned the funds. Second, even if an attempt were made to unscramble these affairs, the effort would be prohibitively costly. Reconstructing decades of inter-Debtor and Investor transactions across more than sixty entities would require extensive forensic work, which professionals estimate would cost tens of millions of dollars—an amount that would come directly out of Investor recoveries.

Moreover, if substantive consolidation of the Debtors were contested, the litigation itself would be a lengthy and costly fight, consuming millions of dollars in additional professional fees. That cost would also come out of Investor recoveries. *For these reasons, the Plan Proponents believe the best course is a Global Settlement through the Plan that provides for Substantive Consolidation. Such a settlement is fair, equitable, and—most importantly—protects value for Creditors and Investors by avoiding years of wasteful and costly litigation and accounting exercises. In short, it is in the best interests of the Debtors' estates.*

### B. The Alternative to Substantive Consolidation Is a Lengthy, Wasteful, and Likely Impossible Accounting Exercise

If substantive consolidation is not approved, however, the Plan Proponents would be forced to attempt to "unscramble" the inter-Debtor accounting of each Debtor as to every other Debtor. As discussed below, that process would fall into two broad categories: (a) Forensic Reconstruction, to determine the true assets and liabilities of each of the Debtors, including inter-Debtor claims; and (b) Investor Claim Reconciliation, to determine the validity, priority, and amount of each Investor Claim, as well as which Debtor or Debtors (or KSMP Investment Entity) are properly liable for each such claim. Both exercises would be extraordinarily burdensome, expensive—possibly consuming all Investor recoveries—and, in many cases, likely impossible.

---

[169]     *Bonham*, 229 F.3d at 766 (quoting *In re Augie/Restivo*, 860 F.2d at 519).

Case: 24-1055 Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 09:52:16 Page 7 of 527 147 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 294 of 960

### 1. Forensic Reconstruction

The starting point for accurate financial records is knowing what an entity actually owns and owes—its assets and liabilities. This becomes especially complicated when there are intercompany transactions because they directly affect the assets and liabilities of each entity involved. When a company's books and records—which identify assets, liabilities, and intercompany claims—are unreliable or incomplete, the resulting financial records cannot be trusted to show the true picture, especially when it comes to intercompany liabilities.

Importantly, when assessing intercompany liabilities, the liability from one entity to another may not be limited to the value of cash or value of property transferred between them. If a transaction was not at arm's length and caused harm to the related entity, the liability could also include additional damages—amounts that would likely need to be determined through litigation.

In this case, the Debtors' records—especially their financial records on an entity-by-entity basis—are unreliable and, in many cases, incomplete. In some cases, the Debtors' records do not accurately reflect the assets an entity owns or obligations it has to lenders or other third parties. More often, they fail to properly reflect and reconcile Intercompany Transfers. As a result, to determine each Debtor's true assets and liabilities, forensic accountants would need to reconstruct individual financial records—sometimes going back decades. Aside from the significant delay to Investor distributions, the forensic accounting costs alone would be extraordinarily high—***likely exceeding $35 million***. These costs would only increase in cases requiring substantial legal involvement and, potentially, costly litigation.

Even if the Debtors were to spend that time and money, a reliable Forensic Reconstruction may still not be possible. The information *needed* to complete a Forensic Reconstruction is not the same as what is *available*. And based on the Joint Investigation to date, the Plan Proponents believe that much of the information needed simply does not exist: records are missing, transfers were undocumented, and bank accounts were commingled in ways that make tracing asset ownership nearly impossible. In other words, this is not only an exercise that would waste resources—it is one that cannot deliver accurate results.

Below, we discuss what we view as the most substantial roadblocks to an accurate Forensic Reconstruction.

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 78 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 295 of 960

### a.    Validation of Debtors' Financial Records

As noted above, accurate financial records begin with a clear picture of what an entity owns and what it owes. That picture normally comes from the company's "system of record," [170] which should be complete and reliable. Here, however, that foundation is missing or flawed, such that it cannot be relied upon to provide an accurate picture of each Debtor's assets and liabilities.

As an initial matter, it is well-documented that the Plan Proponents have been unable to identify or obtain financial records maintained by KSMP, the Mattson Maintained Debtors, or the KSMP Investment Entities, or LFM's complete financial records maintained by Mattson. Forensic Reconstruction of these Entities' finances, therefore, means starting from scratch.

For the LFM Debtors (other than the Mattson Maintained Debtors and LFM), although financial records were maintained in Yardi earlier, the LFM Debtors' Yardi records only date back to 2005. While the Plan Proponents have not identified anything that would call into question the general reliability of the Yardi records, the way Yardi was used creates major problems when attempting to determine finances at the Debtor level. Because transactions were not consistently recorded at the Debtor level (as opposed to the Property level), the Yardi Codes assigned to them cannot be assumed to correctly show which Debtor was actually involved in a transaction. As a result, even where records exist, they cannot be relied upon to provide an accurate picture of each Debtor's finances. This means that each transaction needs to be validated, which essentially means that each transaction recorded in Yardi would need to be reconciled to source documents (for example, invoices, contracts, and bank statements) to confirm their completeness and accuracy.

### b.    Intercompany Transactions

Absent Substantive Consolidation, each Debtor must have its own set of financial records. Rebuilding those records requires more than high-level balances; it depends on knowing the details of every Intercompany Transaction—specifically, which legal entities were involved and the terms of the transaction—so that each Debtor's books can be made accurate. And because the amounts owed between Debtors are cumulative, those balances must be traced back to the very first Intercompany Transaction.

In practice, this means reconstructing each Intercompany Transaction from scratch. Forensic accountants would have to piece together the true nature and purpose of the nearly 13,000 cash transactions between Debtors. That process generally begins by tracing the flow of funds and answering critical questions: where the money came from before the transfer, where it went after, why it was transferred in the first place, and whether the transaction had any real economic

---

[170]    In accounting, a company's "system of record" is that company's authoritative and definitive source of financial data. A system of record serves as the company's main repository where financial transactions are recorded, updated, and maintained.

substance.[171] Only then could each Intercompany Transaction be confirmed or, if necessary, reclassified.[172]

(1) <em><u>The LFM Intercompany Transactions</u></em>

The LFM Debtors' Open Intercompany Transactions lack the detail needed to be settled as-is and therefore cannot be assumed to reflect each legal entity's finances.[173] Indeed, because these transactions do not reconcile on a Debtor-by-Debor basis, the records are unreliable—even if one were to assume that every "closed" LFM Intercompany Transaction is properly recorded. To determine what each LFM Debtor actually owes to or is owed by another, every LFM Intercompany Transaction from 2006 to the Petition Date would have to be reviewed. That would be a herculean undertaking—and may not even be possible—for a number of reasons, including:

- **<u>Unclear Purpose of Transactions</u>**: Because the Sub-Ledgers do not reflect the purpose of each LFM Intercompany Transaction, a forensic accounting would have to be performed on the general ledger of the "borrowing" Investment Vehicle to determine the purpose of the transfer. Even then, the purpose (e.g., operating needs, property tax payments, or distributions to Investors) may not be obvious.

- **<u>Challenges in Tracing Property vs. Entity Transactions</u>**: Some groups of Investors originally owned a Property directly as TICs. Later, the Property was placed into a newly formed Entity, and those same Investors became partners or members of that Entity.[174] This history creates a major tracing problem. An Entity's financial records can only be reconstructed back to its formation date, but Intercompany Transfers may have occurred with respect to the Property before the Entity even existed. Those earlier transactions would have been recorded at the Property level, making it difficult—if not impossible—to connect them cleanly to the Entity's later records. As a result, to reconcile these transactions, the Plan Proponents would not only have to verify and/or reconstruct every transaction, but

---

[171] For example, whether (a) the Intercompany Transaction a loan, an equity contribution, a gift, or something else or (b) the Intercompany Transaction was at arms' length.

[172] Reclassification refers to the process of moving a financial transaction from one accounting category to another, reassigning the transaction to ensure accurate financial reporting and alignment with accounting standards. For example, after reviewing an intercompany transaction that was reflected in a company's financial records as a "loan," it may be determined that such transaction is properly reclassified as an "equity contribution."

[173] To illustrate the point, on September 9, 2025, the LFM Debtors filed their Amended Schedules, in part to update their best estimate of the amount of the Open Intercompany Transactions. During this process, the Debtors were only able to correct for initial errors in mapping certain Yardi Property Codes to certain Debtors and identified the complexity of the issues related to completing a full reconciliation.

[174] For example, the TICs of the Camelia Square Apartments became the limited partners of Cambria Pine, the TICs of the Sharis Apartments became the limited partners of Foxtail Pine, and the TICs of the Southwood Apartments became the limited partners of Live Oak.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 297 of 960

would also have to determine—as a matter of law—which Debtor should be treated was the one owed money and which was the one owing it.[175]

- **Ownership Changes Over Time**: Ownership of many Properties passed among different Debtors over the past twenty-five years. For example: (a) the Napa Elm Apartments were owned (in whole or in part) at various times by KSMP, LFM, Napa Elm, Pinecone, and Spruce Pine;[176] (b) the Southwood Apartments were owned at various times by Buck Avenue, Divi Divi, LFM, and Live Oak;[177] and (c) Woodcreek Plaza was owned, in whole or in part, by Black Walnut, KSMP, LFM, Windscape Apartments, and Windtree.[178] As a result, each LFM Intercompany Transaction tied to a Property must be allocated to whichever Debtor actually owned that Property (or an interest therein) at the time.

- **Transfers Subject to Existing Obligations**: Certain Properties were transferred from one LFM Debtor to another while already *subject to* an existing LFM Intercompany Transaction. This makes it difficult to validate whether the Intercompany Transaction is reflected on the correct Debtor's Sub-Ledger as of the Petition Date.

- **Missing or Altered Records**: Historical Intercompany Transactions are not centralized in one place. LMPM personnel sometimes removed "closed" Intercompany Transactions from Sub-Ledgers. For example, the Sub-Ledger for the Redwoods Apartments (as of September 2024) includes a reference to 380 LFM Intercompany Transactions, of which 188 are still open. Yet only 188 line items are shown, meaning 192 "closed" LFM Intercompany Transactions are missing. LMPM personnel have also indicated that the number of LFM Intercompany Transactions for Redwoods Apartments was far higher than 380, making it unclear how many "closed" transactions are missing in total. Although older versions of Sub-Ledgers exist, reviewing and reconciling all LFM Intercompany Transactions would require time-intensive (and therefore expensive) work.

- **Inconsistent Accounting Treatment**: In certain years (generally before the mid-2000s), LFM Intercompany Transactions were recorded inconsistently in the general ledgers. In some cases, the discrepancies were addressed through year-end adjustments rather than by verifying and restating each transaction.

---

[175] A piece of property cannot loan money to another piece of property. Therefore, as a legal matter, what is an "inter-property loan"? Should it be viewed as an Intercompany Transaction to which the yet-formed Entity is a party? Should it be viewed as a transaction between groups of TICs? And, if it is the latter, what are the rights and obligations of each TIC that is an Investor in a Property that was party to an "inter-property loan"?

[176] *See* Attachment F-5.

[177] *See* Attachment F-17.

[178] *See* Attachment F-14.

Case: 24-10545 Doc# 2360-2 Filed 01/15/25 Entered 01/15/25 20:54:16 Page 31 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 298 of 960

- **Jointly Owned Properties**: Some Properties are or were owned by multiple Debtors, requiring careful allocation of related Intercompany Transactions. But allocation is not always as simple as dividing by ownership percentage. For example, Salvio Pacheco Square is owned by three LFM Debtors—Autumn Wood (49.5%), Pinewood (22.9%), and Vaca Villa (27.6%). If its Sub-Ledger reflected a $1,000 payment, the allocation of that payment would differ if the payment was for property taxes (which follow ownership percentages) versus a distribution to Autumn Wood's investors (which follows investor-level arrangements).

(2) *The LFM/KSMP Cash Transfers*

As discussed, between January 1, 2017, and September 30, 2024, LFM and KSMP engaged in more than 11,500 individual cash transfers totaling approximately $176 million, including:

- more than $39 million (carried out through more than 1,800 individual transactions) was transferred back and forth between LFM and KSMP and recorded in the LFM Debtors' financial records

- more than $19 million in cash transfers (spread across more than 8,400 discrete entries) between LFM and KSMP tied to KSMP Properties that are recorded in the LFM Debtors' financial records

- more than $92 million moved between LFM and KSMP through the 1059 Account carried out by more than 950 checks and wire transfers

- approximately $25 million was disbursed from the 1059 Account in connection with KSMP-owned Properties, through more than 375 checks and wire transfers

Yardi records show that between 2005 and 2016, approximately $1.9 million was transferred from the LFM Debtors to KSMP, mostly as "owner withdrawals." However, as with all other activity in the 1059 Account, the Plan Proponents have no visibility into the cash transfers between LFM and KSMP that flowed through the account from its opening in December 2002 through the end of 2016. Even for transfers that are known to have occurred through the 1059 Account prior to 2017, few, if any, appear to correspond to any known obligation.

c. The Commingled Bank Accounts

The 1059 Account has been open for over 20 years and, throughout that time, has been held in LFM's name. Yet not a single transaction from the account was ever recorded in Yardi. To reconstruct the LFM Debtors' financial records, every 1059 Account transaction would have to be assigned to the correct Debtor. The problem is that the Plan Proponents only have 1059 Account Records beginning in 2017—15 years after the account was opened—and are unlikely to obtain anything earlier. Without the ability to reconcile those missing years, the existing books and records will remain inaccurate—off by potentially hundreds of millions of dollars—and a full reconstruction of the LFM Debtors' financial records is effectively impossible.

Case: 24-10545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:54:16 Page 82 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 299 of 960

Similarly, the 1380 Account has been open in KSMP's name for nearly twenty-five years. Reconstructing KSMP's financial records would require reconciliation of each 1380 Account Transaction—an impossible task given that the Plan Proponents have records only from 2017 onwards. The same is true for all Commingled Bank Accounts. And even if the Debtors spent the millions of dollars necessary to use the available bank records to create a framework for KSMP's more recent financial activity, the records would nonetheless remain incomplete and inaccurate due to the lack of source material.

### d. Real Property Transfers

At least 148 Properties have changed hands between Debtors, in some cases more than once.[179] Some of these transfers—known as Insider Property Transfers—are reflected in the LFM Debtors' financial records, but others are not. And even when a transfer is recorded, the records still need to be checked to confirm that it was captured correctly. To do this, the Plan Proponents would need to review and evaluate each Insider Property Transfer, including:

- **Validation of Consideration**: Each Insider Property Transfer should be recorded in the financial records of both the Debtor that transferred the Property and the Debtor that received it. Those records should show the true economic impact of the transfer. Because real property has value, a change in legal ownership should be a matched by an exchange of value—such as cash or debt.[180]

- **Retrospective Value Opinions**: Insider Property Transfers were not arm's length transactions. In many cases, Mattson unilaterally assigned a value to a Property and signed on behalf of both Debtors without ever obtaining an independent valuation. To now determine whether each stated "sales price" was appropriate, the Plan Proponents would need to obtain a retrospective value opinion for each transfer— or in other words an appraisal of each Property's value as of the transfer date, based on market conditions and property characteristics at that time.

- **Third-Party Loans**: Many Properties transferred between Debtors were pledged as collateral for Third-Party Loans. This creates major complications for any Forensic Reconstruction. In many cases, Mattson caused an LFM Debtor to transfer a Property to KSMP, then caused KSMP to take out or refinance a Third-Party Loan secured by that Property, and then caused KSMP to transfer the Property—often newly or materially more encumbered—back to the LFM Debtor. Each time this happened, the Property's value materially changed and those changes should have been reflected in the Debtors' financial records.[181]

---

[179]  *See, e.g.,* Jeremiassen Declaration ¶ 20 and Exhibit C thereto.

[180]  In this context, "value" can be negative. For example, if Company A transferred a piece of property with a value of $1,000 to Company B, for which Company B paid Company A nothing, but the transfer was subject to $100,000 of liens against that property, the "value" of that property after it was transferred to Company B is negative $99,000.

[181]  For example, assume Debtor A owned an unencumbered (i.e., not subject to any loan) Property worth $1,000,000. Debtor A then transfers the Property to Debtor B, which takes out a $500,000

Case: 24-1055 Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 3 153 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 300 of 960

e.    <u>Transactions Through Third-Party Closing Agents</u>

Through the Joint Investigation, the Committee has obtained over 25,000 documents from the Closing Agents that historically handled the Debtors Property transactions.[182]  These include final settlement statements prepared by the Closing Agent (the "<u>Settlement Statements</u>") showing both the sources of funds paid, such as buyer deposits and loan proceeds, and how those funds were used, such as purchase price payments, property tax payments, and broker fees.

Review and validation of these materials has already revealed at least thirty-one Property purchases where an *LFM Debtor*—not KSMP—paid a buyer deposit to the Closing Agent for a purchase *by KSMP*.[183]  For this subset of thirty-one Properties, LFM paid more than $18.3 million towards these purchases, including approximately $12.9 million from the 1059 Account and $5.4 million from other bank accounts.  The Settlement Statements for these Properties also show an additional $2.27 million in deposits from LFM that the Plan Proponents have been unable to verify, in part because account records for the 1059 Account are missing for the relevant periods.

These thirty-one Properties, however, represent only what has been identified so far.  The Plan Proponents have not yet reviewed all Settlement Statements produced to date, and the Closing Agents have not yet completed their production.  In particular, Stewart Title—the Closing Agent most frequently used by the Debtors—has been working constructively with the Committee, producing documents multiple times a week for several months.  But given the sheer volume of transactions, Stewart Title is not expected to complete its production anytime soon.  This means that the total number of similar transactions—those where LFM paid a deposit for a KSMP purchase transaction—is almost certainly greater than the thirty Properties already identified.

Reconciliation of additional Settlement Statements will not be straightforward, because the Settlement Statements themselves are not always reliable.  For example, three of the thirty-one Closing Statements discussed above showed deposits coming from KSMP when, in reality, they came from LFM.  To ensure their accuracy, every payment and use reflected on every Settlement Statement would need to be independently verified. But that level of verification may not be possible using the actual source of each deposit, as many deposits appear to have originated from the 1059 or 1380 Accounts—accounts for which pre-2017 records are missing.  Closing Agents may have limited ability to trace.  In short, the exercise—even if it could be completed—would be enormously time-consuming and cost-intensive, further reducing the value available for Investors.

\* \* \*

Third-Party Loan on the Property, which it then transfers back to Debtor A subject to the Third-Party Loan.  From one day to another, the value of that Property to Debtor A has gone from $1,000,000 to $500,000.  This, however, would not end the analysis—how Debtor B uses that $500,000 it received through the Third-Party Loan is important.

[182]    Certain of these documents are also in the LFM Debtors' Records.

[183]    *See* Jeremiassen Declaration, ¶ 19 and Exhibit B.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 301 of 960

Given the facts of these Cases (summarized above in section II) and the experience of their professionals in other complicated fraud and Ponzi matters,[184] the Plan Proponents believe that trying to reconstruct each Debtors' financial records would cost tens of millions of dollars—and still fail to provide a complete picture. ***In practical terms, that means that money that should go to Investors would instead go to lawyers and accountants—with little chance of success***.

The law on substantive consolidation directly addresses this problem: courts allow substantive consolidation—as a matter of law—where "'the time and expense necessary even to attempt to unscramble [the Debtors] is so substantial as to threaten the realization of any net assets for all the creditors' or where no accurate identification and allocation of assets is possible."[185] For these reasons, the Plan Proponents are confident that they would prevail in any proceeding where the litigated the merits of substantive consolidation. But that litigation itself would be slow and expensive. Instead, a settlement under Bankruptcy Rule 9019 achieves the same result—substantive consolidation—while avoiding the added cost and delay of litigation, leaving more money for Investors and getting it into their hands more quickly.[186]

## 2. Investor Claim Reconciliation

The discussion now turns from reconstructing the Debtors' books to the separate but related challenge of reconciling Investor Claims. Absent Substantive Consolidation, every Investor Claim would have to be reviewed one by one to confirm that it is asserted against the proper Debtor or Debtors. This is not a straightforward exercise. It would likely involve litigation to resolve the difficult factual and legal issues—delaying distributions to investors and driving up costs.

As discussed extensively herein, Investor Claims come in many forms. Some reflect an ownership interest in a Debtor, such as a limited partnership or membership interest in a Debtor (an "<u>Investment Interest</u>"). Others are in the nature of claims (usually a fraud claim) often tied to the sale of Phantom Interests or situations where liens or other encumbrances were secretly placed on a Property owned by an Investor (an "<u>Investment Damage Claim</u>"). While these claims can be grouped into broad categories (i.e., Record Investor, Type I Phantom Interest, Type II Phantom Interest, Type III Phantom Interest, and Type IV Phantom Interest), the details matter. Even a small factual distinction might change which Debtor—or how many Debtors—are legally responsible. As a result, absent Substantive Consolidation, each Investor Claim would need to be analyzed separately—as opposed to the largely categorical analysis undertaken to date.

Consider this hypothetical example. Mattson sells Investor X a 3% limited partnership interest in Beach Pine for $100,000. The deal is documented in a Transfer Agreement stating that

---

[184]   Among other cases, the Plan Proponents' professionals have been involved with *In re Professional Financial Investors, Inc.*, No. 20-30604 (Bankr. N.D. Cal.); *In re Woodbridge Group of Companies, LLC*, No. 17-12560 (Bankr. D. Del.); *In re 1 GC Collections*, No. 18-19121 (Bankr. S.D. Fla.); *In re EPD Investment Co., LLC*, No. 10-62208 (Bankr. C.D. Cal.); and *In re Reed E. Slatkin*, No. 01-11549 (Bankr. C.D. Cal.).

[185]   *Bonham*, 229 F.3d at 766 (quoting *In re Augie/Restivo*, 860 F.2d at 519).

[186]   *See, e.g., Means*, 2012 U.S. Dist. LEXIS 62456, at *9 (C.D. Cal. May 3, 2012) (citing cases).

Case: 24-1145 Doc# 2368-2 Filed 10/15/25 Entered 10/15/25 20:52:16 Page 5 155 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 302 of 960

LFM is selling the interest. Investor X deposits the $100,000 into the 1059 Account. But the transfer is never recorded in the LFM Debtors' official Investment Records.

- ***Does Investor X have an Investment Interest in Beach Pine?*** This turns on both the facts and the law.

  - Factual: At the time of the sale, did LFM own actually own the 3% of the partnership interest in Beach Pine it purported to sell? This would require reconstructing ownership records.

  - Legal (if LFM did not own the interest): What is the legal consequence of LFM purporting to sell an interest it did not actually hold—e.g., is the transfer void, and does Investor X instead hold only an Investment Damage Claim (not equity)?

  - Legal (if LFM did own the interest): Was Mattson authorized to sign the Transfer Agreement and convey the interest, and were the requirements under the partnership agreement and applicable law satisfied so that Investor X was validly admitted as a partner?

- ***Does Investor X have an Investment Damage Claim—and if so, against whom?*** This also requires both factual and legal analysis.

  - Factual/Legal (connection to ownership): Whether Investor X has an Investment Damage Claim (and for how much) may depend on whether they actually acquired an Investment Interest in Beach Pine.

  - Factual/Legal (nature of claim): Investment Damage Claims have been asserted in various different forms—most often fraud, but also misrepresentation, breach of contract, financial elder abuse, and civil theft.

  - Factual/Legal (who is liable?): If Investor X has a valid Investment Damage Claim, who is responsible for paying it? Possibilities here would include Beach Pine, LFM, or Mattson.

While many Investor Claims follow the basic fact pattern described above, just as many (if not more) diverge in material ways. Even small factual distinctions can materially alter the outcome of the two questions above—meaning each Investor Claim must be analyzed on its own facts:

- ***What if Investor X deposited the $100,000 into the 1380 Account instead of the 1059 Account?*** In that case, Investor X's investment contract is with LFM, but its payment went into an account owned by KSMP at Mattson's direction. Does Investor X's right to an Investment Interest in Beach Pine depend on whether KSMP actually held interests in Beach Pine to sell? And if the interest was not valid, does Investor X has an Investment Damage Claim against KSMP, against LFM or against both?

Case: 24-10545 Doc# 2368-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 306
156 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 303 of 960

- ***What if the Transfer Agreement shows that KSMP, not LFM, is selling the interest in Beach Pine?*** At first blush, this might suggest that any Investment Damage Claim lies against KSMP rather than LFM. But the analysis is not so straightforward. Indeed, some Investors have asserted—under penalty of perjury—that they believed that KSMP was a part of LFM, or that their Investment Interests were acquired from LFM, not KSMP.

- ***What if, instead of Beach Pine, the Transfer Agreement stated that LFM was selling Investor X an interest under the "Agreement of Limited Partners of Country Oaks Partners, LLC"—an entity that does not actually exist?*** In this case, Investor X was not buying into a real entity at all, but rather a Type III Phantom Interest (i.e., an interest in a nonexistent entity, albeit here one with a name similar to a real Debtor). The question then becomes whether Investor X has an Investment Interest in Country Oaks I, LP—the actual LFM Debtor with a similar name—or no Investment Interest at all?

- ***What if, instead of Beach Pine, the Transfer Agreement stated that LFM was selling Investor X an interest created pursuant to the "Agreement of Co-Tenants of Folsom Village Partners"?*** In this case, Investor X was sold a Type III Phantom Interest tied to the real Property, Folsom Village on Natoma, which was owned by other parties as a tenancy in common. But because Investor X's name was never recorded on title, this raises several questions: (1) did LFM have a TIC interest in Folsom Village it could sell; (2); if so, could the Transfer Agreement transfer LFM's interest to Investor X when "Folsom Village Partners" does not exist; (3) if it could, did the failure to record the interest render it void or voidable; (4) in that case, can Investor X assert an Investment Interest in any Debtor, or is the clam purely an Investment Damage Claim; and (5) if it is an Investment Damages Claim, whom it is against?

To resolve these types of questions, the Plan Proponents would need to review each of the over 3,000 Investor Claims one by one. This would not be a simple bookkeeping exercise, but an intensive fact-and-law process requiring forensic accountants and lawyers. For each, the analysis would involve: (1) determining whether the Investor actually received an Investment Interest in a real Investment Vehicle or whether the Investor was sold a Phantom Interest; (2) if the interest was real, confirming whether the transfer agreement was validly executed and that the transfer was properly recorded in the Debtors' books and title records; (3) if the interest was not real, determining whether the Investor has an Investment Damage Claim and against whom—LFM, an LFM Debtor, KSMP, a KSMP Investment Entity, Mattson personally, or some combination; (4) tracing where the Investor's money actually went—into the 1059 Account, the 1380 Account, or elsewhere—and how that affects the Investor's rights and interests; and (5) addressing legal questions about rights of third parties, including whether recognizing one Investor's claim or interest impacts the rights of others.

For any one claim, several of these issues—and possibly all of them—could end up in litigation. Each dispute could also draw in third parties whose rights may hinge on the outcome. ***This process would be costly, time-consuming, and unpredictable. And because distributions***

Case: 24-1545 Doc# 2560-2 Filed: 01/15/25 Entered: 01/15/25 20:52:16 Page 87 of 527

Case: 24-10545 Doc# 2369 Filed: 10/16/25 Entered: 10/16/25 20:54:16 Page 157 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 304 of 960

*cannot be made until all claims against a Debtor are resolved, Investor recoveries likely would be delayed for years while the Court sorts through these disputes.*

As a matter of law, these facts directly implicate the standard for substantive consolidation. Courts have held that consolidation is appropriate when "the time and expense necessary even to attempt to unscramble [the Debtors] is so substantial as to threaten the realization of any net assets for all the creditors" or when "no accurate identification and allocation of assets is possible." Here, both principles apply: in many cases, the records are so unreliable that accurate reconciliation may be impossible, and regardless, the sheer cost and burden of claim-by-claim reconciliation—and the litigation it could generate—would consume value that should go to Investors. For these reasons, the Plan Proponents believe that substantive consolidation is not only justified under the law but is also in the best interest of Investors**.**

### C. The Debtors Operated as a Ponzi Scheme

#### 1. The Debtors Operated as a Ponzi Scheme for Decades

The evidence uncovered by the Joint Investigation supports a finding that the Debtors operated as a Ponzi scheme from at least 2008 to 2024. Most fundamentally, because the Debtors' Investment Vehicles did not generate sufficient profits to sustain Investor payments, they constantly relied on obtaining new investments to fund them. Mattson principally accomplished that through the Commingled Bank Accounts, including the 1059 Account and the 1380 Account, inducing Investors to deposit hundreds of millions of dollars into these bank accounts and then using the commingled funds to pay other Investors, among other improper purposes. The Debtors also sustained regular distributions to Investors by shifting funds from one Investment Vehicle to another through Intercompany Transactions.

Courts "have identified badges that weigh in favor of finding a Ponzi scheme, including (1) the absence of any legitimate business connected to the investment program; (2) the unrealistic promises of low risk and high returns; (3) commingling investor money; (4) the use of agents and brokers paid high commissions to perpetuate the scheme; (5) misuse of investor funds; (6) the payment of excessively large fees to the perpetrator; and (7) the use of false financial statements."[187] As detailed above, through the Mattson Transactions and his misuse of the Commingled Bank Accounts, Mattson caused the Debtors to bear virtually all of those badges.

#### 2. Investor Recovery Calculation

As discussed above, the Plan Proponents have concluded that the Debtors operated as a Ponzi scheme from at least 2008 to 2024. As a result, the Plan Proponents intend to seek a Ponzi Finding from the Bankruptcy Court in connection with confirmation of the Plan.

In accordance with applicable Ponzi scheme case law, and for the reasons discussed in detail above, the Plan provides that Investor claims will be "netted" to make sure all Investors are treated fairly. Specifically, each Investor will receive (a) a claim for money (or value of property) it invested in the Debtors over time *less* any returns of principal *less* monthly distributions the

---

[187] *EPD*, 114 F.4th at 1159 (citing cases).

Case: 24-10545 Doc# 2560-2 Filed 01/15/25 Entered 01/15/25 20:54:16 Page 8
158 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 305 of 960

Investor received over the *seven years* prior to September 12, 2024 (the "Investor Tranche 1 Claim"), and (b) a claim for the monthly distributions deducted in calculating the Tranche 1 Claim (the "Investor Tranche 2 Claim"). The Plan provides that Investors will first receive their pro rata distribution of available assets on account of their Investor Tranche 1 Claim. If and when each Investor Tranche 1 Claim is paid in full, Investors will then receive their pro rata distribution of available assets on account of their Investor Tranche 2 Claim.

An important compromise embodied in the Plan and Global Settlement is that the Plan only nets Investor claims for distributions received over the *seven years* prior to September 12, 2024, despite the Joint Investigation supporting a Ponzi scheme start date in or around 2008. As a result of this compromise, legacy Investor claims will not be netted to the fullest extent permitted by law.

For example, assume Investor A invested $100,000 in September 2009 and received annualized 6% monthly distributions, totaling $90,000 over the ensuing 15 years. Under applicable Ponzi scheme case law, Investor A's net claim in the bankruptcy case would be $10,000 ($100,000 - $90,000).

Under the Plan and Global Settlement, however, only distributions received in the *seven years* before September 12, 2024 are netted. That equals $42,000 (6% x $100,000 x 7 years), resulting in an Investor Tranche 1 Claim of $58,000 ($100,000 - $42,000) and Investor A's Tranche 2 Claim is $42,000. Any distributions the Investor received before September 12, 2017 are disregarded for this calculation.

The Plan Proponents, including the Committee, believe this compromise is fair and equitable under the circumstances. Specifically, this treatment ensures that legacy Investors, who may not have any other source of income or assets, retain a reasonable claim and generally do not risk being netted to $0.

In order to facilitate the resolution of Investor claims as efficiently and expeditiously as possible, the Bankruptcy Court has approved an Investor claims settlement procedure that will run in parallel to solicitation of the Plan. Specifically, on November [●], 2025, the Bankruptcy Court entered the Investor Claim Procedures Order. Pursuant to the Investor Claim Procedures Order:

- The Committee will send a settlement offer letter to each holder of an Investor Claim, which will include the Investor's proposed Tranche 1 Claim and proposed Tranche 2 Claim.

- Investors will be given an opportunity to accept or reject the proposal in the settlement letter.

- If an Investor disagrees with or has questions about the proposed claim amounts, the Investor may email LMCommittee@pszjlaw.com and request to meet and confer with counsel for the Committee to discuss the contents of the letter, including the calculations contained therein.

- After meeting and conferring with an Investor, the Committee may, in consultation with the Debtors and without further order of the Court, in its sole discretion, send

Case: 24-10545    Doc# 2368-2 Filed: 10/15/25 Entered: 10/15/25 09:52:16 Page 9 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 306 of 960

a new settlement offer letter with modified proposed allowed claim amounts. The Investor will then have seven calendar days to respond to the revised offer letter.

- An Investor that does not accept an original or modified settlement offer letter will have its Investor Claim deemed disputed for purposes of the Plan. The Plan Proponents anticipate that the Plan Supplement will set forth proposed procedures for the Plan Recovery Trust to resolve any such remaining disputes post-confirmation.

Case: 24-10545    Doc# 2368-2 Filed 10/15/25 Entered 10/15/25 20:54:16 Page 90
160 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 307 of 960

**Attachment A: LFM Property Ownership**

a) Properties Owned as of the Petition Date

| | |
|---|---|
| Seven Branches (450 W. Spain Street, Sonoma) | • Acquired 23% TIC interest from third party in January 2019 |
| 110 Fordham Circle, Vallejo | • Transferred to LFM from third party (subject to existing mortgage) in December 2014 |
| 6359 Auburn Boulevard, Citrus Heights | • Acquired 50% TIC interest from third party in October 2021 |
| 157 James River Road, Vallejo | • Transferred to LFM from third party in January 2014 (subject to existing mortgage); previously owned by LFM between December 2000 and February 2001 |
| 258 Lorraine Boulevard, San Leandro | • Transferred to LFM from third party (subject to existing mortgage) in January 2012 |
| 533 Bella Vista Drive, Suisun City | • Transferred to LFM from third party (subject to existing mortgage) in December 2011 |
| 5601 Walnut Avenue #4, Orangevale | • Transferred to LFM from third party (subject to existing mortgage) in December 2011 |
| 5701/5703 Orange Avenue, Sacramento | • Transferred to LFM from third party (subject to existing mortgage) in November 2021; LFM conveyed 50% TIC interest to Investor in July 2024<br>• Previously owned by LFM from September 2005 to November 2005 |
| 830 Illinois Street #1-4, Fairfield | • Transferred to LFM from third party (subject to existing mortgage) in May 2017; previously owned by LFM from January 2006 to July 2006 and from March 2011 to August 2012 |
| 1173 Araquipa Court, Vacaville | • Transferred to LFM from third party (subject to existing mortgage) in December 2014 |
| 1191 Araquipa Court, Vacaville | • Transferred to LFM from third party (subject to existing mortgage) in October 2009 |
| 1864 Quail Meadows Circle, Vacaville | • Transferred to LFM from third party (subject to existing mortgage) in October 2010 |
| 4920 Samo Lane, Fairfield | • Transferred from KSMP to LFM in November 2016 |
| 101 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 102 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 103 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 104 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 107 Quail Court, Truckee | • Transferred from KSMP to LFM in March 2022; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 108 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 109 Quail Court, Truckee | • Transferred from KSMP to LFM in March 2022; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |

| 110 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
|---|---|
| 10335 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in March 2021; transferred from KSMP to LFM in May 2018 |
| 10298 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10300 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10306 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in May 2021; transferred from KSMP to LFM in May 2018 |
| 10308 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10316 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10318 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10326 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10328 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in May 2021; transferred from KSMP to LFM in May 2018 |
| 10333 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10334 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2023; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 10336 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2023; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in March 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 10342 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2023; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 10344 Badger Lane, Truckee | • Transferred from KSMP to LFM in March 2022; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 10350 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10352 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |

| 10358 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
|---|---|
| 10360 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10366 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10368 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10378 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10379 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10380 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10381 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10386 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10388 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10393 Badger Lane, Truckee | • Transferred from KSMP to LFM on November 27, 2023<br>• Transferred from LFM to KSMP on November 22, 2023<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 10394 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 10395 Badger Lane, Truckee | • Transferred from KSMP to LFM on November 27, 2023<br>• Transferred from LFM to KSMP on November 22, 2023<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in March 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 10396 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 7332/7334 Arleta Court, Sacramento | • Transferred from third party (subject to mortgage) to LFM in December 2011<br>• Previously owned by LFM from September 2005 to October 2005 |

b) Properties Owned Prior to the Petition Date

| Cornerstone (72/100/200 Wagner Road; 23570 Arnold Drive, Sonoma) | • Acquired 36% TIC interest from third party in January 2019; transferred to Heacock Park in January 2022 |
|---|---|
| Cottage Inn (302/310 E. 1st Street, Sonoma) | • Transferred from KSMP to LFM in January 2020<br>• Transferred from LFM to Sienna Pointe in October 2021 |
| 103/105 Commerce Court, Fairfield | • Transferred from Treehouse to LFM and again from LFM to Nut Pine on August 20, 2020; |
| 1870 Thornsberry Road, Sonoma | • Transferred from KSMP to LFM and again from LFM to RTCM on November 13, 2023 |
| Broadway Street Apartments (905 Broadway Street, Fairfield) | • See chart attached as Attachment F-1 |
| Camelia Square Apartments (1621 Hood Road, Sacramento) | • See chart attached as Attachment F-2 |
| Carmichael Apartments (5800 Engle Road, Carmichael) | • Acquired 7.75% TIC interest from third party in January 2007 (and additional TIC interest transfers between 2017 and 2021); eventually all TIC interests transferred to Buckeye Tree in June 2022 |
| Country Glen Apartments (7575 Power Inn Road, Sacramento) | • Acquired 19.242% TIC interest from third party in December 2005 (and additional TIC interest transfers between 2006 and 2018); eventually all TIC interests transferred to Monterey Pine in Nov. 2018 |
| Courtyard Cottages (7337 Power Inn Road, Sacramento) | • Acquired 6.348% TIC interest from third party in July 2006 (and additional TIC interest transfers between 2016 and 2022); eventually all TIC interests transferred to Ginko Tree in June 2022 |
| Dana Drive Apartments (1190 Dana Drive, Fairfield) | • See chart attached as Attachment F-3 |
| Tradewinds Apartments (1189 Dana Drive, Fairfield) | • See chart attached as Attachment F-4 |
| Napa Elm Apartments (1050 Elm Street, Napa) | • See chart attached as Attachment F-5 |
| Gold Oak Apartments (3310 – 3336 Cimmarron Road, Cameron Park) | • Acquired 9.709% TIC interest from third party in April 2004 (plus additional transfer of 5.825% interest from TIC in March 2018); all TIC interests transferred to Red Oak in April 2022 |
| Jackson Street Apartments (500 Jackson Street, Fairfield) | • See chart attached as Attachment F-6 |
| Marpel Apartments (501 – 523 Carpenter Street; 1035 – 1037 Washington Street, Fairfield) | • See chart attached as Attachment F-7 |
| Sharis Apartments (453 E. Fleming Avenue, Vallejo) | • See chart attached as Attachment F-8 |
| Shelfield Apartments (5800 Fair Oaks Boulevard, Carmichael) | • See chart attached as Attachment F-9 |
| Walnut Crest Apartments (3217 Walnut Avenue, Carmichael) | • See chart attached as Attachment F-10 |
| 2280 Bates Avenue, Concord | • See chart attached as Attachment F-11 |

Case: 24-1545 Doc# 2360-2 Filed 01/15/25 Entered 01/15/25 20:52:16 Page 4 16 of 27

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 311 of 960

| 9120 Polhemus Drive / 9300 Mazatlan Way, Elk Grove | • Transferred from third party to LFM (subject to mortgage) in December 2011; transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
|---|---|
| 7210/7212 Grady Drive, Citrus Heights | • Transferred from third party to LFM (subject to mortgage) in March 2010; transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7300 Berna Way / 7235 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in August 2019; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 7303/7305 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in December 2012; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to January 2006 |
| 7304/7306 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in June 2011; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 7308/7310 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in August 2019; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to December 2005 |
| 7312/7314 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in October 2017; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 7316/7318 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in September 2007; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 7319 Arleta Court / 7301 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in November 2009; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 7320/7322 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in August 2012; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 7319/7321 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in December 2011; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to November 2005 |
| 7324/7326 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in June 2011; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to November 2005 |
| 7327/7329 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in November 2010; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |

Case: 24-1054   Doc #: 23-2  Filed: 01/15/25  Entered: 01/15/25 20:52:16  Page 95
of 127
165 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 312 of 960

| 7328/7330 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in February 2017; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to November 2005 |
|---|---|
| 7339/7341 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in October 2017; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to December 2005 |
| 6346/6348 Sorrell Court, Citrus Heights | • Transferred from third party to LFM (subject to mortgage) in December 2012; transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5509 Orange Avenue / 7343 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in December 2012; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| 5513/5515 Missie Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in December 2011; transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5521/5523 Missie Way, Sacramento | • Transferred from third party to LFM in July 2007; transferred from LFM to Valley Oak in July 2020 |
| 5335/5337 Gibbons Drive, Carmichael | • Transferred from third party to LFM (subject to mortgage) in November 2010; transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5537/5539 Missie Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in January 2014; transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5605 Orange Avenue / 7320 Berna Way, Sacramento | • Transferred from third party to LFM (subject to mortgage) in February 2017; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to December 2005 |
| 5601/5603 Orange Avenue, Sacramento | • Transferred from third party to LFM (subject to mortgage) in May 2007; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to December 2005 |
| 7335/7337 Arleta Court, Sacramento | • Transferred from third party to LFM (subject to mortgage) in August 2018; transferred from LFM to Valley Oak (subject to mortgage) in July 2020<br>• Previously owned by LFM from September 2005 to October 2005 |
| General's Daughter Barn & Lot (430 W. Spain Street, Sonoma) | • Transferred from KSMP to LFM in January 2020; transferred from LFM to Sienna Pointe in December 2021 |
| General's Daughter (400 W. Spain Street, Sonoma) | • Transferred from LFM to Windscape Apartments in November 2022; purchased by LFM in January 2019 |
| Vaca Villa Apartments (370 Butcher Road, Vacaville) | • See chart attached as Attachment F-13 |
| 280 Butcher Road, Vacaville | • Acquired by LFM from third party in August 2007; transferred by LFM to Butcher Road Partners in January 2013 |
| 310 Butcher Road, Vacaville | • Acquired 33.34% TIC interest from third party in October 2001 (and the remaining 66.67% TIC interest from other TICs in March 2003; transferred by LFM to Butcher Road Partners in January 2013 |

Case: 24-1545 Doc #23680-2 Filed 01/15/25 Entered 01/15/25 20:52:16 Page 96 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 313 of 960

| 312 Butcher Road, Vacaville | • Acquired 33.34% TIC interest from third party in October 2001 (and the remaining 66.67% TIC interest from other TICs in March 2003; transferred by LFM to Butcher Road Partners in January 2013 |
|---|---|
| 350 Butcher Road, Vacaville | • Acquired from third party in November 2003; transferred by LFM to Butcher Road Partners in January 2013 |
| Woodcreek Plaza (7456 Foothills Boulevard, Roseville) | • See chart attached as Attachment F-14 |
| 430 W. Napa Street, Sonoma | • Transferred from Tradewinds to LFM on November 8, 2022; transferred by LFM to Windscape Apartments on November 9, 2022 |
| 5818 Engle Road, Carmichael | • Acquired by LFM from third party in January 2007; transferred by LFM to Tim LeFever in February 2024 |
| 1549 E. Napa Street, Sonoma | • Transferred from Napa Elm to LFM on July 6, 2022; transferred from LFM to RTCM on July 7, 2022 |
| 62 Farragut Avenue, Piedmont | • Acquired by LFM from third party in July 1999<br>• Transferred APN 51-4786-7 to Ken Mattson in July 1999; transferred 51-4786-8 to LFM in November 2014 |
| 236 King Avenue, Piedmont | • Transferred from LFM to KSMP in September 1999 |
| 320 – 324 E. C Street, Dixon | • Acquired by LFM from third party on November 7, 2003; transferred from LFM to Tim LeFever on November 26, 2003 |
| 414 Manzanita Avenue, Fairfield | • Acquired by LFM from third party in January 2011; sold by LFM to third party in June 2024 |
| Southwood Place Apartments (410 Buck Avenue, Vacaville) | • See chart attached as Attachment F-17 |
| 2755 Baltic Drive, Fairfield | • Transferred to LFM by Investor in April 2004<br>• Transferred from LFM to Investor in May 2004; transferred from Investor to LFM in January 2011<br>• Sold by LFM to third party in July 2024 |
| 594 Lewis Court, Fairfield | • Transferred to LFM by Investor in December 1999<br>• Transferred from LFM to Investor in April 2000; transferred from different Investor to LFM in July 2008<br>• Sold by LFM to third party in June 2024 |
| 5224 – 5226 Karm Way, Sacramento | • Acquired by LFM from third party in January 2002; transferred by LFM to Investor in March 2002<br>• Transferred to LFM from Investor in October 2012; transferred from LFM to Valley Oak in June 2014 |
| The Redwoods Apartments (2805 Yosemite Boulevard, Modesto) | • See chart attached as Attachment F-18 |
| 1881 Quail Meadows Circle, Vacaville | • Transferred to LFM from Investor in February 2000; transferred by LFM to Investor in March 2000<br>• Transferred to LFM from Investor in February 2017; sold by LFM to third party in April 2024 |
| 7340/7342 Arleta Court, Sacramento | • Acquired by LFM from third party in September 2005; transferred by LFM to Investor in November 2005<br>• Transferred by Investor to LFM in October 2018; sold by LFM to third party in February 2024 |
| 2787 Woodmont Drive, Fairfield | • Transferred from LFM to Investor in June 1997; transferred from different Investor to LFM in February 2017<br>• Transferred from LFM to Valley Oak in May 2021 |
| 7315/7317 Arleta Court, Sacramento | • Acquired by LFM from third party in September 2005; transferred by LFM to Investor in October 2005<br>• Transferred by Investor to LFM in November 2010; transferred from LFM to Valley Oak in July 2020 |

| 7336/7338 Arleta Court, Sacramento | • Acquired by LFM from third party in September 2005; transferred by LFM to Investor in September 2005<br>• Transferred from LFM to Valley Oak in July 2020 |
|---|---|
| 6024 Vista Avenue, Sacramento | • Acquired by LFM from third party in August 2005; transferred to Investor in November 2005<br>• Transferred from LFM to Valley Oak in July 2020 |
| 755 W. H Street, Dixon | • Acquired by LFM from third party in September 2011; sold by LFM to third party in December 2023 |
| 781 Beechwood Avenue, Vallejo | • Transferred to LFM from Investor in January 2011; transferred from LFM to Valley Oak in November 2020 |
| 9244/9246 Corinthian Circle, Sacramento | • Transferred to LFM from Investor in January 2010; transferred from LFM to Valley Oak in July 2020 |
| 1435 Bell Street, Sacramento | • Transferred to LFM from Investor in December 2012; transferred from LFM to Valley Oak in July 2020 |
| 33 Village Park Square, Bluffton, SC | • Acquired by LFM from third party in July 2006; sold by LFM to third party in August 2023 |
| 300 Chadbourne Road, Fairfield | • See chart attached as Attachment F-19 |
| Pinewood Apartments (1995 Grande Circle, Fairfield) | • See chart attached as Attachment F-20 |
| Water's Edge Apartments (5959 Riverside Boulevard, Sacramento) | • Acquired 8.447% TIC interest from third party in March 2007 (and additional TIC interest transfers between 2016 and 2018); eventually all TIC interests transferred to Nut Pine in November 2018 |
| Woodland Oaks Apartments (724 Cottonwood Street, Woodland) | • Acquired 10.821% TIC interest from third party in December 2006 (and additional TIC interest transfers between 2016 and 2018); eventually all TIC interests transferred to Beach Pine in November 2018 |
| 1841 Quail Meadows Circle, Vacaville | • Acquired by LFM from third party in December 2009; transferred by LFM to Investor in October 2010 |
| Spring Glenn Apartments (555 Elmira Road, Vacaville) | • See chart attached as Attachment F-21 |
| Country Oaks Apartments (333 E. Enos Drive, Santa Maria) | • See chart attached as Attachment F-22 |
| Heacock Park Apartments (13325 Heacock Street, Moreno Valley) | • Hagar transferred 10.145% TIC interest to LFM in July 2004 (LFM made subsequent transfer of 4.29% TIC interest to Investor); eventually all TIC interests transferred to Heacock Park in March 2018. |
| Boulder Springs Apartments (3515 W. San Jose Avenue, Fresno) | • See chart attached as Attachment F-23 |
| Carmichael Gardens Apartments (4727 Hackberry Lane, Carmichael) | • See chart attached as Attachment F-24 |
| 1118 Araquipa Court, Vacaville | • Transferred to LFM in July 2010; sold by LFM to third party in April 2013 |
| 1214 Araquipa Court, Vacaville | • Transferred to LFM in October 2009; sold by LFM to third party in April 2013 |
| 1220 Araquipa Court, Vacaville | • Transferred to LFM in October 2009; sold by LFM to third party in April 2013 |
| 1209 Araquipa Court, Vacaville | • Transferred to LFM in October 2009; sold by LFM to third party in April 2013 |
| 1226 Araquipa Court, Vacaville | • Transferred to LFM in October 2009; sold by LFM to third party in April 2013 |
| 3557 Golf View Terrace, Santa Rosa | • Transferred to LFM in July 2011; transferred by LFM to KSMP in August 2020 |
| 249 Woodhaven Drive, Vacaville | • Transferred to LFM from Investor in February 2017; transferred from LFM to Valley Oak in July 2020 |
| 21219 Heron Drive, Bodega Bay | • 99% TIC interest transferred to LFM by Investor in October 2013 and remaining 1% TIC interest transferred to LFM by Investor in August 2020; transferred from LFM to KSMP in October 2020 |

| | |
|---|---|
| 395 – 397 Coombs Street / 1203 – 1219 Laurel Street, Napa | • See chart attached as Attachment F-26 |
| Willowbrook Apartments (2306/2376 Fairfield Avenue, Fairfield) | • See chart attached as Attachment F-27 |
| 7 Autumn Creek Court, Napa | • Acquired by LFM from third party in December 1996; transferred from LFM to Investor in April 2000 |
| 902 Enterprise Way, Napa | • See chart attached as Attachment F-28 |
| 908 Enterprise Way, Napa | • See chart attached as Attachment F-30 |
| Sterling Pointe Apartments (2237/2257 Hurley Way, Sacramento) | • See chart attached as Attachment F-29 |
| 2605 Yuma Circle, Sacramento | • Transferred to LFM from Investor in December 2012; transferred from LFM to Valley Oak in July 2020 |
| 306 Buck Avenue, Vacaville | • Acquired by LFM from third party in November 1997; transferred from LFM in May 1998 |
| 346 E. 2nd Street, Sonoma | • Acquired by LFM in June 2016; transferred from LFM in December 2016 |
| 720 Cortlandt Drive, Sacramento | • Acquired by LFM in July 2011; transferred from LFM in March 2013<br>• Transferred to LFM in January 2019; sold by LFM to third party in December 2021 |
| 1081 Scott Street, Fairfield | • Transferred to LFM by Investor in May 2019; sold by LFM to third party in December 2019 |
| 1149 Araquipa Court, Vacaville | • Acquired by LFM in August 1996; transferred by LFM in July 1997<br>• Transferred to LFM by Investor in December 2011; sold by LFM to third party in December 2019 |
| 1140 Dawson Drive, Dixon | • Acquired by LFM in May 2015; sold by LFM to third party in September 2023 |
| 210 Rua Esparanza, Lincoln | • Acquired by LFM in September 2015; sold by LFM to third party in October 2020 |
| 95 Manchester Drive, Fairfield | • Acquired by LFM from third party in July 2002; transferred by LFM to Investor in September 2005<br>• Transferred to LFM from Investor in November 2014; sold by LFM to third party in July 2022 |
| 1675 Vernon Street #21, Roseville | • Acquired by LFM in March 2001; transferred by LFM to Investor in May 2001<br>• Transferred to LFM from Investor in October 2014; sold by LFM to third party in September 2020 |
| 646 Marlin Court, Redwood City | • Transferred to LFM in May 2010; transferred by LFM to Investor in July 2014<br>• Transferred to LFM from Investor in March 2015; sold by LFM to third party in June 2016 |
| 806 Cameron Court, Vacaville | • Transferred to LFM in January 2011; sold by LFM to third party in July 2020 |
| 1072 Sparrow Lane, Fairfield | • Transferred to LFM in February 2012; sold by LFM to third party in January 2021 |
| 5286 Minerva Avenue, Sacramento | • Transferred to LFM in September 2011; sold by LFM to third party in January 2021 |
| 446 Banning Way, Vallejo | • Transferred to LFM in January 2011; sold by LFM to third party in May 2021<br>• Previously owned by LFM between December 1995 and August 1996, and February 2002 and April 2002 |
| 10416 Autumn Breeze Way, Rancho Cordova | • Transferred to LFM in March 2011; sold by LFM to third party in May 2021 |
| 1119 Araquipa Court, Vacaville | • Transferred to LFM in January 2011; sold by LFM to third party in May 2021 |
| 1422 Monitor Avenue, Suisun City | • Transferred to LFM in November 2007; sold by LFM to third party in August 2021 |
| 5 Avenue Alhambra, El Granada | • Acquired by LFM in April 1997 (but recorded in September 2000); transferred from LFM in August 2009 |
| 4820 40th Avenue, Sacramento | • Transferred to LFM in August 2005; transferred from LFM to Investor in November 2005<br>• Transferred to LFM from Investor in February 2011; transferred from LFM to Valley Oak in July 2020 |

Case: 24-1054 Doc# 2360-2 Filed 01/15/25 Entered 01/15/25 20:54:16 Page 9 169 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 316 of 960

| 1743 46th Avenue, San Francisco | • Acquired by LFM in July 1997; transferred by LFM to Timothy LeFever and Amy LeFever in November 1998 (then transferred from Timothy LeFever and Amy LeFever to Kenneth Mattson in December 1998) |
|---|---|
| 3117 B Street, Sacramento | • Acquired by LFM in January 2002; transferred from LFM in January 2002<br>• Transferred from 4Liberty Investments, LLC to LFM in January 2013 (recorded in March 2015); sold by LFM to third party in October 2020 |
| 2821 Belhaven Place, Davis | • Transferred to LFM in February 2017; sold by LFM to third party in July 2018<br>• Previously owned by LFM between November 13, 2001 and November 29, 2001 and between February 2006 and July 2006 |
| 260 Caldecott Lane #306, Oakland | • Transferred to LFM in December 2011; sold by LFM to third party in October 2019 |
| 764 Gold Coast Drive, Fairfield | • Transferred to LFM in September 2011; sold by LFM to third party in August 2020<br>• Previously owned by LFM between September 15, 1997 and September 16, 1997 |
| 337 Honeysuckle Way, Fairfield | • Transferred to LFM in July 2012 (but recorded in May 2016); transferred by LFM back to same party in May 2016 |
| 1110 Lee Street, Santa Rosa | • Transferred to LFM in May 2011; sold by LFM to third party in October 2019 |
| 2736 Lupin Court, Fairfield | • Transferred to LFM in January 2011; sold by LFM to third party in March 2020 |
| 129 McAfee Court, Thousand Oaks | • Transferred to LFM in July 2010 (but recorded in December 2012); sold by LFM to third party in April 2019 |
| 1403 New England Drive, Roseville | • Transferred to LFM in October 2010 (but recorded in December 2012); sold by LFM to third party in October 2018 |
| 260 Peachtree Lane, Vacaville | • Transferred to LFM in April 2015; sold by LFM in June 2015 (but recorded in August 2017) |
| 776 Sequoia Drive, Fairfield | • Transferred to LFM in November 2007 (but recorded in April 2012); sold by LFM to third party in April 2021<br>• Previously owned by Timothy and Amy LeFever from June 1997 to March 1999 |
| 7504 Sunspring Lane, Sacramento | • Transferred to LFM in July 2010; sold by LFM to third party in May 2022 |
| 380 Neil Street, Vacaville | • Transferred to LFM in March 2018; sold by LFM to third party in October 2020<br>• Previously owned by LFM from April 10, 2009 to April 16, 2009 |

**Attachment B: KSMP Property Ownership**

a) <u>Properties Owned as of the Petition Date</u>

| | |
|---|---|
| Comstock Building (8340/8350 Auburn Boulevard, Citrus Heights) *(2.391% TIC interest)* | • See chart attached as Attachment F-15 |
| 1549 E. Napa Street, Sonoma | • Transferred from RTCM to KSMP in November 2023<br>• Acquired by KSMP from third party in January 2020; transferred from KSMP to Napa Elm in April 2020 |
| 19357 Sonoma Highway, Sonoma *(40% TIC interest)* | • Acquired by KSMP from third party in September 2022; transferred total of 60% TIC interest to two Investors in November 2022 (recorded in June 2023) and April 2023 (recorded in June 2023) |
| 18590 Sonoma Highway, Sonoma *(40% TIC interest)* | • Acquired by KSMP from third party in November 2022; transferred total of 60% TIC interest to two Investors in November 2022 (recorded in June 2023) and April 2023 (recorded in June 2023) |
| 18275 Sonoma Highway, Sonoma | • Acquired by KSMP from third party in December 2015 |
| 18010 Sonoma Highway, Sonoma *(55% TIC interest)* | • Acquired by KSMP from third party in December 2015; transferred 45% TIC interest to Investor in February 2019 (recorded in February 2020) |
| 450 E. 1st Street #J, Sonoma *(60% TIC interest)* | • Acquired by KSMP from third party in May 2018; transferred 40% TIC interest to Investor in August 2020 (recorded June 2021) |
| 450 E. 1st Street #A, B, K, Sonoma *(44% TIC interest)* | • Acquired by KSMP from third party in April 2020; transferred total of 56% TIC interest to Investors |
| 22 Boyes Boulevard, Boyes Hot Springs | • Acquired by KSMP from third party in December 2020 |
| 414 W. Napa Street, Sonoma *(31.813% TIC interest)* | • Acquired by KSMP from third party in April 2022; transferred total of 68.187% TIC interests to five Investors |
| 531 – 533 Camino Del Mar, Del Mar | • Transferred from Investor to KSMP in January 2017<br>• Acquired by Stacy Mattson in September 2004 and transferred to Investor in May 2007 |
| 62 Farragut Avenue, Piedmont (APN 51-4786-008) | • Transferred from LFM to KSMP in November 2014<br>• Acquired by LFM from third party in July 1999 |
| 415 Pacific Avenue, Piedmont | • Transferred from third party to KSMP in April 2012<br>• Acquired by KSMP from third party in January 2002; transferred from KSMP to third party in December 2002 |
| 3200 Castle Road, Sonoma | • Acquired by KSMP from third party in July 2021 |
| 3003 Castle Road, Sonoma | • Acquired by KSMP from third party in July 2021 |
| 969 Rachel Road, Sonoma | • Acquired by KSMP from third party in June 2017 |
| 856 E. 4th Street, Sonoma | • Acquired by KSMP from third party in April 2022 |
| 450 E. 1st Street #G, Sonoma *(50% TIC interest)* | • Acquired by KSMP from third party in July 2020<br>• KSMP transferred 50% TIC interest to Investor in Parcel 5 in February 2023 |
| 23105 Millerick Road, Sonoma | • Acquired by KSMP from third party in December 2022 |

| 22666 Broadway, Sonoma *(42% TIC interest)* | • Acquired by KSMP from third party in January 2023; transferred total of 36% TIC interests to three Investors in May 2024 and 22% TIC interest to one of the same Investors in March 2025 |
|---|---|
| 1014 W. 1st Street, Sonoma | • Acquired by KSMP from third party in April 2022 |
| 230 E. Napa Street, Sonoma | • Transferred to KSMP from Investor in October 2022<br>• Acquired by KSMP from third party in October 2015; KSMP transferred to Investor in February 2021 |
| 19179 Railroad Avenue, Sonoma | • Acquired by KSMP from third party in September 2022 |
| 18285 Sonoma Highway, Sonoma | • Acquired by KSMP from third party in December 2015 |
| 443 Casabonne Lane, Sonoma | • Acquired by KSMP from third party in March 2019 |
| Folsom Village (47 – 49 Natoma Street, Folsom) *(3.328% TIC interest)* | • See chart attached as Attachment F-16 |
| 3557 Golf View Terrace, Santa Rosa | • Transferred by LFM to KSMP in August 2020[188] |
| 405/407 London Way, Agua Caliente | • Acquired by KSMP from third party in November 2020 |
| 904 Highway 121, Sonoma | • Acquired by KSMP from third party in December 2022 |
| 2500 Castle Road, Sonoma | • Acquired by KSMP from third party in July 2021 |
| 454 15th Street, Del Mar | • Transferred to KSMP from Ken and Stacy Mattson in October 2006 |
| 5202 Gateway Plaza Drive, Benicia *(67% TIC interest)* | • Purchased by KSMP in December 2010; 33% TIC interest transferred to Investor in October 2021 |
| 1834 – 1836 Ocean Front, Del Mar | • Transferred from Mattson to KSMP in May 2005; transferred (evidently erroneously) from KSMP to Equitable Ocean Front, LLC in July 2024, but transferred back to KSMP in 2025 |

b) Properties Owned Prior to the Petition Date

| Cottage Inn (302/310 E. 1st Street, Sonoma) | • Purchased by KSMP from third party in February 2019<br>• Transferred from KSMP to LFM in January 2020<br>• Transferred from Sienna Pointe to KSMP on May 9, 2023<br>• Transferred from KSMP to Sienna Pointe on May 9, 2023 |
|---|---|
| Cottage Inn (304 E. 1st Street, Sonoma) | • Purchased by KSMP from third party in July 2019; transferred from KSMP to Sienna Pointe in October 2021 |
| An Inn to Remember (171 W. Spain Street, Sonoma) | • Purchased by KSMP from third party in July 2021<br>• Transferred from KSMP to Sienna Pointe in August 2021 |
| 103/105 Commerce Court, Fairfield | • Purchased by KSMP from third party in October 2014 |

---

[188] On or about May 9, 2025, in violation of the automatic stay, Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-Q01 ("Deutsche Bank") purported to foreclose on and sell this Property. The Committee, on behalf of KSMP, is pursing imminent action to address this automatic stay violation.

Case: 24-10545 Doc# 2800-2 Filed: 10/15/25 Entered: 10/15/25 09:32:16 Page 92 of 527

Case: 24-10545 Doc# 2800-2 Filed: 10/15/25 Entered: 10/15/25 09:32:16 Page 92 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 319 of 960

| | |
|---|---|
| | • Transferred 81.713% TIC interests to 14 TICs between June 2015 and October 2018 (plus 2.237% additional TIC interest to another TIC in May 2020)<br>• Transferred remaining TIC interest to Treehouse in May 2020 |
| 1870 Thornsberry Road, Sonoma | • Purchased by KSMP from third party in August 2020<br>• Transferred by KSMP to LFM in November 2023 |
| 921 Broadway, Sonoma | • Purchased by KSMP from third party in April 2018<br>• Transferred by KSMP to RTCM in September 2022 |
| 596 E. 3rd Street, Sonoma | • Purchased by KSMP from third party in August 2022<br>• Transferred from KSMP to Ginko Tree in November 2022 |
| 789 Cordilleras Drive, Sonoma | • Purchased by KSMP from third party in September 2022<br>• Transferred from KSMP to Black Walnut in December 2022 |
| Napa Elm Apartments (1050 Elm Street, Napa) | • See chart attached as Attachment F-5 |
| French Quarter Apartments (170 – 182 E. 1st Street, Sonoma) | • Purchased by KSMP from third party in May 2021<br>• Transferred by KSMP to River Birch in June 2021 |
| 19450 Old Winery Road, Sonoma | • Purchased by KSMP from third party in January 2021<br>• Transferred by KSMP to RTCM in May 2022 |
| 222 – 226 W. Spain Street, Sonoma | • Purchased by KSMP from third party in March 2020<br>• Transferred by KSMP to RTCM in June 2022<br>• Transferred by RTCM to KSMP on September 15, 2022; transferred by KSMP to RTCM on September 28, 2022 |
| 24265 Arnold Drive, Sonoma | • Purchased by KSMP from third party in December 2019<br>• Transferred by KSMP to Napa Elm in April 2020 |
| 24321 Arnold Drive, Sonoma | • Purchased by KSMP from third party in December 2019<br>• Transferred by KSMP to Napa Elm in April 2020 |
| 786 Broadway, Sonoma | • Purchased by KSMP from third party on April 18, 2022; transferred from KSMP to Firetree I on April 29, 2022 |
| 790 Broadway, Sonoma | • Purchased by KSMP from third party on April 18, 2022; transferred from KSMP to Firetree I on April 29, 2022 |
| 453 – 459 W. 2nd Street, Sonoma | • Purchased by KSMP from third party in June 2021; transferred by KSMP to Firetree III in April 2022 |
| 17700 Sonoma Highway, Sonoma | • Purchased by KSMP from third party in March 2022; transferred by KSMP to Firetree III in April 2022 |
| 377 W. Spain Street, Sonoma | • Purchased by KSMP from third party in September 2021; transferred by KSMP to Black Walnut in December 2022 |
| 20564 Broadway, Sonoma | • Purchased by KSMP from third party in September 2022; transferred by KSMP to Black Walnut in December 2022 |
| 653 W. 3rd Street, Sonoma | • Purchased by KSMP from third party in October 2022; transferred by KSMP to Black Walnut in December 2022 |

| 391 – 455 Oak Street / 19173 Railroad Avenue, Sonoma | • Purchased by KSMP from third party in September 2022; transferred by KSMP to Black Walnut in December 2022 |
|---|---|
| APN 128-381-027 (E. 8th Street, Sonoma) | • Purchased by KSMP from third party in July 2021 subject to seller note; seller/lender foreclosed on Property in November 2024 |
| 21885 E. 8th Street, Sonoma | • Purchased by KSMP from third party on July 7, 2021; transferred by KSMP to Yellow Poplar on July 27, 2021 |
| Sojourn Tasting Room (141 – 145 E. Napa Street, Sonoma) | • Purchased by KSMP from third party in October 2018; transferred by KSMP to Sienna Pointe in September 2021<br>• Transferred from Sienna Pointe to KSMP on September 15, 2022; transferred from KSMP to Sienna Pointe on September 21, 2022 |
| Auberge Sonoma (151 E. Napa Street, Sonoma) | • Purchased by KSMP from third party on June 1, 2021; transferred by KSMP to River Birch on June 10, 2021 |
| 23250 Maffei Road, Sonoma | • Purchased by KSMP from third party in March 2021; transferred from KSMP to Sienna Pointe in September 2021 |
| 925 – 927 Broadway, Sonoma | • Purchased by KSMP from third party in November 2018; transferred from KSMP to Sienna Pointe in August 2021<br>• Transferred from Sienna Pointe to KSMP on September 15, 2022; transferred from KSMP to Sienna Pointe on September 28, 2022 |
| 101 Meadowlark Lane, Sonoma | • Purchased by KSMP from third party on July 21, 2021; transferred from KSMP to Sienna Pointe on July 21, 2021 |
| 24101 Arnold Drive, Sonoma | • Purchased by KSMP from third party on July 21, 2021; transferred from KSMP to Sienna Pointe on July 21, 2021 |
| 24151 Arnold Drive, Sonoma | • Purchased by KSMP from third party on July 21, 2021; transferred from KSMP to Sienna Pointe on July 21, 2021 |
| 310 Meadowlark Lane, Sonoma | • Purchased by KSMP from third party on July 21, 2021; transferred from KSMP to Sienna Pointe on July 21, 2021 |
| 16721 Sonoma Highway, Sonoma | • Purchased by KSMP from third party in October 2022; transferred from KSMP to Buckeye Tree in November 2022 |
| 4920 Samo Lane, Fairfield | • Purchased by KSMP from third party in June 2016; transferred from KSMP to LFM in November 2016 |
| 333 Wilkerson Avenue, Perris | • See chart attached as Attachment F-12 |
| 371 Wilkerson Avenue, Perris | • See chart attached as Attachment F-12 |
| 411 Wilkerson Avenue, Perris | • See chart attached as Attachment F-12 |
| APN 310-070-077 (Wilkerson Avenue, Perris) | • See chart attached as Attachment F-12 |
| 19340 E. 7th Street, Sonoma | • Purchased by KSMP from third party in July 2018; transferred from KSMP to Golden Tree in August 2020 |
| 101 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |

| | |
|---|---|
| | • Purchased by KSMP from Socotra affiliate in January 2018 |
| 102 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 103 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 104 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 107 Quail Court, Truckee | • Transferred from KSMP to LFM in March 2022 <br> • Transferred from LFM to KSMP in February 2022 <br> • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 108 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 109 Quail Court, Truckee | • Transferred from KSMP to LFM in March 2022 <br> • Transferred from LFM to KSMP in February 2022 <br> • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 110 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in February 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |
| 10335 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021 <br> • Transferred from LFM to KSMP in March 2021 <br> • Transferred from KSMP to LFM in May 2018 <br> • Purchased by KSMP from Socotra affiliate in January 2018 |

| 10298 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
|---|---|
| 10300 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10306 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in May 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10308 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10316 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10318 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10326 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10328 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in May 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10333 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10334 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2023 |

| | |
|---|---|
| | • Transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10336 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2023<br>• Transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in March 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10342 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2023<br>• Transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10344 Badger Lane, Truckee | • Transferred from KSMP to LFM in March 2022<br>• Transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10350 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10352 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10358 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10360 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021 |

| | |
|---|---|
| | • Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10366 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10368 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10378 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10379 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10380 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10381 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10386 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10388 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10393 Badger Lane, Truckee | • Transferred from KSMP to LFM on November 27, 2023<br>• Transferred from LFM to KSMP on November 22, 2023<br>• Transferred from KSMP to LFM in July 2021 |

| | |
|---|---|
| | • Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10394 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10395 Badger Lane, Truckee | • Transferred from KSMP to LFM on November 27, 2023<br>• Transferred from LFM to KSMP on November 22, 2023<br>• Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in March 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| 10396 Badger Lane, Truckee | • Transferred from KSMP to LFM in July 2021<br>• Transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018<br>• Purchased by KSMP from Socotra affiliate in January 2018 |
| Ceres West Mobile Home Park (2030 E. Grayson Road, Ceres) | • Purchased by KSMP from third party in August 2007<br>• Transferred by KSMP to Valley Oak in July 2020 |
| General's Daughter Barn & Lot (430 W. Spain Street, Sonoma) | • Transferred from KSMP to LFM in January 2020; transferred from LFM to Sienna Pointe in December 2021<br>• Purchased by KSMP in March 2019 |
| Woodcreek Plaza (7456 Foothills Boulevard, Roseville) | • See chart attached as Attachment F-14 |
| 4950 – 4970 Allison Parkway, Vacaville | • Purchased by KSMP from third party in February 2016; TIC interests transferred by KSMP to TICs from February 2016 to October 2018<br>• All TICs (including KSMP) conveyed interests to Golden Tree in October 2018 |
| Sonoma Chalet (18935 W. 5th Street, Sonoma) | • Purchased by KSMP from third party in July 2022; transferred by KSMP to Windscape Apartments on August 3, 2022 |
| 430 W. Napa Street, Sonoma | • Purchased by KSMP in January 2017; transferred from KSMP to Tradewinds in February 2018 |
| 446 W. Napa Street, Sonoma | • Purchased by KSMP from third party in July 2022; transferred by KSMP to Windscape Apartments in August 2022 |
| 454 W. Napa Street, Sonoma | • Purchased by KSMP from third party in July 2022; transferred by KSMP to Windscape Apartments in August 2022 |
| 462 W. Napa Street, Sonoma | • Purchased by KSMP from third party in July 2022; transferred by KSMP to Windscape Apartments in August 2022 |
| 24160 Turkey Road / 24237 Arnold Road, Sonoma | • Purchased by KSMP from third party in March 2022; transferred by KSMP to Windscape Apartments in July 2022 |

| Fence Post (1025 Napa Street, Sonoma) | • Purchased by KSMP from third party in September 2017;transferred by KSMP to Windscape Apartments in October 2022 |
|---|---|
| 900 E. Napa Street, Sonoma | • Purchased by KSMP from third party in December 2018; 35% TIC interests transferred to Investor in July 2021 and back to KSMP in September 2022<br>• Transferred by KSMP to Windscape Apartments in September 2022 |
| 424 W. 2nd Street, Sonoma | • Purchased by KSMP from third party in January 2021; transferred by KSMP to Windscape Apartments in October 2022 |
| The Post (24120 Arnold Drive, Sonoma) | • Purchased by KSMP from third party in February 2019; transferred by KSMP to Windscape Apartments in September 2022 |
| Duggan's Mission Chapel (525 W. Napa Street, Sonoma) | • Purchased by KSMP from third party in September 2022; transferred by KSMP to Windscape Apartments in November 2022 |
| 520/530/532 Studley Street, Sonoma | • Purchased by KSMP from third party in September 2022; transferred by KSMP to Windscape Apartments in November 2022 |
| 18701 Gehricke Road, Sonoma | • Purchased by KSMP from third party in December 2019; transferred from KSMP to Sienna Pointe in December 2021 |
| 1045 Bart Road, Sonoma | • Purchased by KSMP from third party in May 2022; transferred by KSMP to Windscape Apartments in September 2022 |
| 452 E. 1st Street #C, Sonoma | • Purchased by KSMP from third party in July 2018<br>• Conveyed 105% TIC interest to four different Investors between August 2020 and August 2022 |
| 4321 1st Street, Pleasanton | • Sold by KSMP to third party in October 2024<br>• Purchased by KSMP from third party in November 2010; 70% TIC interests conveyed by KSMP to two TICs in August 2018 and back to KSMP in July 2020 |
| 1819 Coast Boulevard, Del Mar | • Sold by KSMP to third party in March 2024<br>• Transferred from Ken Mattson to KSMP in September 1999; transferred from KSMP to Ken and Stacy Mattson in October 2005; transferred from Ken and Stacy Mattson to KSMP in May 2007 |
| 210 La Salle Avenue, Piedmont | • Transferred from KSMP to Stacy Mattson in August 2003<br>• Purchased by Ken and Stacy Mattson from third party in January 2000; transferred to KSMP in February 2000 |
| 236 King Avenue, Piedmont | • Transferred from Ken Mattson to KSMP in June 2001; transferred from KSMP to Stacy Mattson in March 2003 |
| 1745 Grand Avenue, Del Mar | • Transferred from Ken Mattson to KSMP in September 1999; transferred by KSMP to Ken Mattson in June 2000 |
| 68359 Jolon Road, Bradley | • Acquired by KSMP from Socotra affiliate in July 2017; sold by KSMP to third party in June 2024 |
| 1220 E. Napa Street, Sonoma | • Acquired by KSMP from third party in May 2021; transferred by KSMP to Beach Pine in December 2022 |
| 1200 Apple Tree Court, Sonoma | • Acquired by KSMP from third party in March 2016; transferred by KSMP to Beach Pine in December 2022 |
| 1221 Apple Tree Court, Sonoma | • Acquired by KSMP from third party in May 2019; sold by KSMP to third party in May 2024 |

| 282 Patten Street, Sonoma | • Acquired by KSMP from third party in February 2020; transferred from KSMP to Beach Pine in December 2022 |
|---|---|
| 5120 Lovall Valley Loop Road, Sonoma | • Acquired by KSMP from third party in October 2020; transferred by KSMP to Golden Tree in November 2020 |
| 821 Lovall Valley Loop Road, Sonoma | • Acquired by KSMP from third party in August 2017; sold by KSMP to third party in December 2019 |
| 528 W. 3rd Street, Sonoma | • Acquired by KSMP from third party in February 2021; 73.75% TIC interests conveyed by KSMP to four TICs between July and October 2021; all TICs sold to third party in May 2024 |
| 870 E. Napa Street, Sonoma | • Acquired by KSMP from third party in September 2018; sold by KSMP to third party in October 2020 |
| 19355 E. 7th Street, Sonoma | • Acquired by KSMP from third party in August 2017; 50% TIC interest conveyed by KSMP to Golden Tree in October 2020; sold to third party in November 2020 |
| Sonoma Cheese Factory (2 W. Spain Street, Sonoma) | • Acquired by KSMP from third party in August 2020; sold by KSMP to third party in May 20204 |
| 72 Moon Mountain Road, Sonoma | • Acquired by KSMP from Socotra affiliate in August 2015; sold by KSMP to third party in May 2024 |
| 74 Moon Mountain Road, Sonoma | • Acquired by KSMP from Socotra affiliate in August 2015; sold by KSMP to third party in May 2024 |
| 771 E. 5th Street, Sonoma | • Acquired by KSMP from third party in October 2019; transferred from KSMP to Tim LeFever in November 2020 |
| 860 Charter Way, Redwood City | • Acquired by KSMP from third party in April 2012; sold by KSMP to third party in November 2017 |
| 9244/9246 Corinthian Circle, Sacramento | • Transferred from Ken Mattson to KSMP in April 2000; transferred from KSMP to Investor in April 2000 |
| 300 Chadbourne Road, Fairfield | • See chart attached as Attachment F-19 |
| 1176 Castle Road, Sonoma | • Acquired by KSMP in September 2023; sold by KSMP to third party in May 2024 |
| 1720 – 1722 The Strand, Manhattan Beach | • Acquired 50% TIC interest from two Investors (each of whom retained 25% TIC interest) in October 2010; sold to third party in June 2024 |
| 1170 Castle Road, Sonoma | • Acquired by KSMP in August 2022; sold by KSMP to third party in May 2024 |
| 1823/1825 Coast Boulevard, Del Mar | • Acquired by KSMP from Investor in March 2008; sold by KSMP to third party in May 2023<br>• KSMP previously owned from December 2000 to March 2001 and held 50% TIC interest from March 2001 to November 2002 |
| 721 Camino Del Mar, Del Mar | • Acquired by KSMP in October 2017; sold by KSMP to third party in July 2023 |
| 5819 Filaree Heights, Malibu | • Acquired by KSMP from third party in October 2012; sold by KSMP to third party in June 2021 |
| 21219 Heron Drive, Bodega Bay | • Transferred from LFM to KSMP on October 30, 2020; sold by KSMP to third party on October 30, 2020 |
| 1230 E. Napa Street, Sonoma | • Acquired by KSMP in January 2021; transferred from KSMP to Mattson's son in January 2021 and back to KSMP in May 2023; sold by KSMP to third party in May 2024 |
| 834 Donner Avenue, Sonoma | • Acquired by KSMP in November 2021; transferred by KSMP to Investor in December 2021<br>• 42% TIC interest transferred to KSMP from Investor in March 2023 and 58% TIC interest transferred to KSMP from Investor in April 2024; sold by KSMP to third party in May 2024 |
| 2377 Lovall Valley Road, Sonoma | • Acquired by KSMP from third party in August 2020; transferred from KSMP to Investor in June 2021<br>• Transferred to KSMP from Investor on May 9, 2023 and from Investor to KSMP on May 9 2023 |
| E. 3rd Street, Sonoma (APN 018-363-004) | • Acquired by KSMP in November 2021; sold by KSMP to third party in May 2024 |

| 7385 Greenhaven Drive, Sacramento | • Acquired by KSMP from third party in May 2013; transferred by KSMP to Investor in July 2015 (possibly through a settlement with that Investor) |
|---|---|
| 902 Enterprise Way, Napa | • See chart attached as Attachment F-28 |
| 908 Enterprise Way, Napa | • See chart attached as Attachment F-30 |
| Sonoma's Best (1190 E. Napa Street, Sonoma) | • Acquired by KSMP from third party in March 2016; sold by KSMP to third party in May 2024 |
| 456 W. 5th Street, Sonoma | • Acquired by KSMP from third party in March 2022; transferred 55% TIC interest to Investor in April 2022, which was transferred back to KSMP in May 2024<br>• Sold to third party in May 2024 |
| 731 E. 5th Street, Sonoma | • Acquired by KSMP from third party in February 2023; sold by KSMP to third party in November 2023 |
| 219 Tokay Court, Fairfield | • Acquired by KSMP from third party in April 2023; sold by KSMP to third party in August 2023 |
| 306 Buck Avenue, Vacaville | • Transferred to KSMP in May 2001; transferred from KSMP to Investor in November 2002 |
| 332 E. 2nd Street, Sonoma | • Acquired by KSMP in July 2018; transferred from KSMP to Investor in August 2020 |
| 19021 E. 7th Street, Sonoma | • Acquired by KSMP in August 2022; sold by KSMP to third party in May 2024 |
| 25 Spyglass Court, Half Moon Bay | • Transferred to KSMP from Investor in February 2011 (recorded in August 2013); foreclosed on in May 2014 (previously owned by Ken and/or Stacy Mattson) |
| 2479 Courage Drive, Fairfield | • Acquired 50% TIC interest from third party in June 2004 (remaining 50% TIC interest transferred to KSMP by Investor in December 2010); sold by KSMP to third party in September 2014 |
| 462 15th Street, Del Mar | • Transferred from Ken and Stacy Mattson to KSMP in February 2014; sold by KSMP to third party in February 2014 |
| 310/312 Kentucky Street, Vacaville | • Transferred from Ken Mattson to KSMP in September 1999<br>• Transferred from KSMP to Investor in August 2005; transferred to KSMP from Investor in May 2013<br>• Sold by KSMP to third party in May 2024 |
| 193 E. B Street, Dixon | • Transferred from Ken Mattson to KSMP in February 2003; transferred from KSMP to Tim and Amy LeFever in February 2003 |
| 1904 S. 19th Street, Waco, TX | • Transferred to KSMP in April 2011; sold by KSMP in May 2018 |
| 1743 46th Avenue, San Francisco | • Transferred from Ken Mattson to KSMP in September 1999; sold by KSMP to third party in March 2001 |
| 5200, 5210, and 5218 Gateway Plaza, Benicia | • Purchased by KSMP in December 2010; various parcels transferred to Investors between 2019 and 2021 |

Case: 24-1055   Doc #: 2360-2   Filed: 10/15/25   Entered: 10/15/25 09:34:16   Page 12 of 27

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 329 of 960

**Attachment C: Windscape Apartments Property Ownership**

| | |
|---|---|
| General's Daughter (400 W. Spain Street, Sonoma) | • Transferred from LFM to Windscape Apartments in November 2022 |
| Vaca Villa Apartments (370 Butcher Road, Vacaville) | • Transferred from Red Spruce to Windscape Apartments in November 2022 (*see also* chart attached as Attachment F-13) |
| 280 Butcher Road, Vacaville | • Transferred by Butcher Road Partners to Windscape Apartments in November 2022 |
| 310 Butcher Road, Vacaville | • Transferred by Butcher Road Partners to Windscape Apartments in November 2022 |
| 312 Butcher Road, Vacaville | • Transferred by Butcher Road Partners to Windscape Apartments in November 2022 |
| 350 Butcher Road, Vacaville | • Transferred by Butcher Road Partners to Windscape Apartments in November 2022 |
| Woodcreek Plaza (7456 Foothills Boulevard, Roseville) | • See chart attached as Attachment F-14 |
| 4950 – 4970 Allison Parkway, Vacaville | • Transferred by Beach Pine to Windscape Apartments in November 2022 |
| Sonoma Chalet (18935 W. 5th Street, Sonoma) | • Transferred by KSMP to Windscape Apartments on August 3, 2022; Windscape Apartments transferred a 5.25% TIC interest to an Investor on August 30, 2022 |
| 430 W. Napa Street, Sonoma | • Transferred by LFM to Windscape Apartments on November 9, 2022 |
| 446 W. Napa Street, Sonoma | • Transferred by KSMP to Windscape Apartments in August 2022 |
| 454 W. Napa Street, Sonoma | • Transferred by KSMP to Windscape Apartments in August 2022 |
| 462 W. Napa Street, Sonoma | • Transferred by KSMP to Windscape Apartments on August 3, 2022; Windscape Apartments transferred a 6% TIC interest to an Investor on August 30, 2022 |
| 24160 Turkey Road/24237 Arnold Road, Sonoma | • Transferred by KSMP to Windscape Apartments in July 2022 |
| Fence Post (1025 Napa Street, Sonoma) | • Transferred by KSMP to Windscape Apartments in October 2022 |
| 900 E. Napa Street, Sonoma | • Transferred by KSMP to Windscape Apartments in September 2022 |
| 424 W. 2nd Street, Sonoma | • Transferred by KSMP to Windscape Apartments in October 2022 |
| The Post (24120 Arnold Drive, Sonoma) | • Transferred by KSMP to Windscape Apartments in September 2022 |
| Duggan's Mission Chapel (525 W. Napa Street, Sonoma) | • Transferred by KSMP to Windscape Apartments in November 2022 |
| 520/530/532 Studley Street, Sonoma | • Transferred by KSMP to Windscape Apartments in November 2022 |
| 18701 Gehricke Road, Sonoma | • Transferred by Sienna Pointe to Windscape Apartments in November 2022 |
| 1045 Bart Road, Sonoma | • Transferred by KSMP to Windscape Apartments in September 2022 |

**Attachment D: Valley Oak Property Ownership**

a)  Properties Owned as of the Petition Date

| | |
|---|---|
| Ceres West Mobile Home Park (2030 E. Grayson Road, Ceres) | • Transferred by KSMP to Valley Oak in July 2020 |
| 9120 Polhemus Drive / 9300 Mazatlan Way, Elk Grove | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7210/7212 Grady Drive, Citrus Heights | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7300 Berna Way / 7235 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7303/7305 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7304/7306 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7308/7310 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7312/7314 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7316/7318 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7319 Arleta Court/7301 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7320/7322 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7319/7321 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7324/7326 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7327/7329 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7328/7330 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7339/7341 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 6346/6348 Sorrell Court, Citrus Heights | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5509 Orange Avenue / 7343 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5513/5515 Missie Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5521/5523 Missie Way, Sacramento | • Transferred from LFM to Valley Oak in July 2020 |
| 5335/5337 Gibbons Drive, Carmichael | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5537/5539 Missie Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5605 Orange Avenue / 7320 Berna Way, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 5601/5603 Orange Avenue, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |
| 7335/7337 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak (subject to mortgage) in July 2020 |

b) Properties Owned Prior to the Petition Date

| 5224 – 5226 Karm Way, Sacramento | • Transferred from LFM to Valley Oak in June 2014; sold by Valley Oak to third party in June 2024 |
|---|---|
| 2787 Woodmont Drive, Fairfield | • Transferred from LFM to Valley Oak in May 2021; sold by Valley Oak to third party in March 2024 |
| 7315/7317 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in February 2024 |
| 7336/7338 Arleta Court, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in February 2024 |
| 6024 Vista Avenue, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in February 2024 |
| 781 Beechwood Avenue, Vallejo | • Transferred from LFM to Valley Oak in November 2020; sold by Valley Oak to third party in October 2023 |
| 9244/9246 Corinthian Circle, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in September 2023 |
| 1435 Bell Street, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in September 2023 |
| Boulder Springs Apartments (3515 W. San Jose Avenue, Fresno) | • See chart attached as Attachment F-23 |
| 249 Woodhaven Drive, Vacaville | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in April 2021 |
| 2605 Yuma Circle, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in October 2020 |
| 4820 40th Avenue, Sacramento | • Transferred from LFM to Valley Oak in July 2020; sold by Valley Oak to third party in January 2024 |

**Attachment E: Sienna Pointe Property Ownership**

| | |
|---|---|
| Cottage Inn (302/310 E. 1st Street, Sonoma) | • Transferred from LFM to Sienna Pointe in October 2021<br>• Transferred from Sienna Pointe to KSMP on May 9, 2023<br>• Transferred from KSMP to Sienna Pointe on May 9, 2023 |
| Cottage Inn (304 E. 1st Street, Sonoma) | • Purchased by KSMP from third party in July 2019; transferred from KSMP to Sienna Pointe in October 2021 |
| An Inn to Remember (171 W. Spain Street, Sonoma) | • Transferred from KSMP to Sienna Pointe in August 2021 |
| 801 W. Napa Street / 802 Studley Street, Sonoma | • Purchased by Sienna Pointe from third party in September 2022 |
| 830 – 848 Studley Street, Sonoma | • Purchased by Sienna Pointe from third party in November 2022 |
| 1383 Larkin Drive, Sonoma | • Purchased by Sienna Pointe from third party in November 2022 |
| 520 Capitol Mall, Sacramento | • Transferred from RTCM to Sienna Pointe in January 2022 |
| Sojourn Tasting Room (141 – 145 E. Napa Street, Sonoma) | • Transferred from KSMP to Sienna Pointe in September 2021<br>• Transferred from Sienna Pointe to KSMP on September 15, 2022; transferred from KSMP to Sienna Pointe on September 21, 2022 |
| The Depot (241 W. 1st Street, Sonoma) | • Purchased by Sienna Pointe from third party in October 2021 |
| 23250 Maffei Road, Sonoma | • Transferred from KSMP to Sienna Pointe in September 2021 |
| 20490 Broadway, Sonoma | • Purchased by Sienna Pointe from third party in October 2021 |
| 925 – 927 Broadway, Sonoma | • Transferred from KSMP to Sienna Pointe in August 2021<br>• Transferred from Sienna Pointe to KSMP on September 15, 2022; transferred from KSMP to Sienna Pointe on September 28, 2022 |
| 967 Broadway, Sonoma | • Purchased by Sienna Pointe from third party in July 2021 |
| 101 Meadowlark Lane, Sonoma | • Transferred from KSMP to Sienna Pointe in July 2021 |
| 24101 Arnold Drive, Sonoma | • Transferred from KSMP to Sienna Pointe in July 2021 |
| 24151 Arnold Drive, Sonoma | • Transferred from KSMP to Sienna Pointe in July 2021 |
| 310 Meadowlark Lane, Sonoma | • Transferred from KSMP to Sienna Pointe in July 2021 |
| General's Daughter Barn & Lot (430 W. Spain Street, Sonoma) | • Transferred from LFM to Sienna Pointe in December 2021 |

Case 24-1055  Doc# 2880-2  Filed 10/15/25  Entered 10/15/25 09:32:16  Page 6 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 333 of 960

## Attachment F-1



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 334 of 960

## <u>Attachment F-2</u>



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 335 of 960

# Attachment F-3



# **Attachment F-4**



Case 24-1065 Document 2860-3 Filed 01/15/25 Entered 01/15/25 09:53:19 Page 20
of 527



**Attachment F-5**

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 338 of 960

## Attachment F-6



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 339 of 960

## Attachment F-7



Case: 24-1238    Document: 28-7    Filed: 01/15/25    Entered: 01/15/25 09:51:16    Page 23 of 77

## Attachment F-8



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 341 of 960

## Attachment F-9



Robert E. McCarthy, as Trustee of the Robert E. McCarthy and Patricia C. McCarthy Revocable Inter Vivos Trust

Apr. 10, 2003

LeFever Mattson
**(13.078%)**

Willis Rice and Linda Rice
**(10.462%)**

Daren W. Dirkse and Sharon M. Dirkse
**(10.462)**

Howard H. Balsdon
**(21.892%)**

Carolyn Lee Haslip
**(15.693%)**

Jeffrey B. Murphy
**(10.462%)**

Oct. 27, 2004
July 28, 2005

LeFever Mattson

Cindy Green
**(10.462%)**

John A. Girardi and Marsi A. Girardi, Trustees of the John A. Girardi and Marsi A. Girardi Revocable Trust
**(7.488%)**

July 20, 2005

LeFever Mattson
**(12.463%)**

Randall D. Roth and Diane L. Roth, Trustees of The Randall D. Roth and Diane L. Roth Revocable Living Trust
**(10.275%)**

Silvio A. Leonardini and Frances R. Leonardini, Trustees of the Leonardini Revocable Trust
**(7.122%)**

Warren M. Ducioame and Judith C. Ducioame
**(10.683%)**

Odette L. Mittone
**(7.122%)**

Xavier Garza
**(7.122%)**

Harish C. Bakshi and Rita R. Bakshi
**(7.122%)**

Christopher W. McCartney and Donna R. McCartney, Trustees of the McCartney Family Living Trust
**(7.122%)**

Kevin L. Goodwin and Racquel V. Goodwin
**(16.025%)**

Kenneth Lee Lanza and Melissa Lanza, Trustees of The Kenneth Lee Lanza and Melissa Lanza Revocable Living Trust
**(7.822%)**

Apr. 17, 2006

Gralee Properties LLC
**(7.168%)**

Richard J. Leonardini and Carla M. Leonardini
**(7.122%)**

Sep. 3, 2021
Nov. 2, 2021

Scotch Pine, LP

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 342 of 960

## **Attachment F-10**



Case 2:14-cv-05551 Doc. 2800-7 Filed 01/15/25 Entered 01/15/26 09:33:16 Page 26 of 27

## Attachment F-11



Case 2:14-cv-16555  Doc# 2500-7  Filed 10/15/25  Entered 10/15/25 09:51:16  Page 27
197 of 227

**Attachment F-12**



Case 24-1055  Doc# 2880-2 Filed 10/15/25 Entered 10/15/25 09:32:13 Page 28 of 57

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 345 of 960

**Attachment F-13**



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 346 of 960

## Attachment F-14



# Attachment F-15



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 348 of 960

**Attachment F-16**



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 349 of 960

# Attachment F-17



**Attachment F-18**



Case: 24-1065  Doc# 2860-2  Filed: 10/15/25  Entered: 10/15/25 09:32:16  Page 84
of 157

## Attachment F-19



Case: 24-1645 Document: 23-1 Filed: 01/15/25 Entered: 01/15/25 09:31:16 Page 15 of 27

## **Attachment F-20**



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 353 of 960

## Attachment F-21



Case 24-1058 Doc #28-2 Filed 10/15/25 Entered 10/15/25 22:52:16 Page 37 of 527

# **Attachment F-22**



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 355 of 960

# Attachment F-23



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 356 of 960

## **Attachment F-24**



Case 2:41:06545 Doc 2880-7 Filed 10/09/25 Entered 10/09/25 09:31:10 Page 40 of 57

## **Attachment F-25**



Case: 24-1685  Document: 2800-2  Filed: 10/15/25  Entered: 10/15/25 09:37:16  Page 1
of 1

**Attachment F-26**



Case: 24-1055   Doc #: 8860-2 Filed: 10/15/25   Entered: 10/15/25 09:32:16   Page 42 of 57

## Attachment F-27

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 360 of 962

# <u>Attachment F-28</u>



Case: 25-1238  Document: 9  Filed: 01/26/2026  Entered: 01/15/25 23:31:16  Page 4 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 361 of 960

# Attachment F-29



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 362 of 960

# <u>Attachment F-30</u>



**Attachment F-31**



NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 364 of 960

## Attachment G-1

| | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash Balance | $ - | $ 74,153 | $ (15,543) | $ 1,944 | $ 69,109 | $ 127,226 | $ 190,631 | $ 243,313 | $ 338,714 | $ 423,538 | $ 491,023 | $ 534,703 | $ 576,326 | $ 566,853 | $ 250 | $ 14,399 | $ 250 | $ 4,744 | $ 60,488 | $ 98,314 |
| | | | | | | | | | | | | | | | | | | | | |
| Net Rental Income | $ 132,427 | $ 223,856 | $ 310,008 | $ 317,673 | $ 282,168 | $ 272,579 | $ 275,383 | $ 292,430 | $ 278,514 | $ 298,603 | $ 329,186 | $ 350,798 | $ 391,145 | $ 421,529 | $ 468,417 | $ 485,808 | $ 481,683 | $ 537,203 | $ 534,841 | $ 557,526 |
| Other Income | $ 1,468 | $ 2,070 | $ 3,158 | $ 4,871 | $ 3,231 | $ 3,072 | $ 2,781 | $ 2,900 | $ 2,391 | $ 2,960 | $ 11,247 | $ 2,717 | $ 3,517 | $ 3,350 | $ 6,501 | $ 2,985 | $ 4,862 | $ 4,374 | $ 5,149 | $ 5,466 |
| Total Cash Receipts | $ 133,894 | $ 225,926 | $ 313,166 | $ 322,544 | $ 285,399 | $ 275,651 | $ 278,164 | $ 295,331 | $ 280,905 | $ 301,563 | $ 340,433 | $ 353,515 | $ 394,662 | $ 424,879 | $ 474,918 | $ 488,793 | $ 486,545 | $ 541,577 | $ 539,990 | $ 562,992 |
| | | | | | | | | | | | | | | | | | | | | |
| Maintenance and Repair Expense | $ 62,148 | $ 103,160 | $ 79,832 | $ 47,782 | $ 69,630 | $ 107,176 | $ 131,540 | $ 172,809 | $ 175,208 | $ 144,481 | $ 155,921 | $ 89,066 | $ 59,825 | $ 50,341 | $ 77,434 | $ 60,697 | $ 75,206 | $ 87,171 | $ 114,825 | $ 122,459 |
| Other Operating Expense | $ 88,594 | $ 128,229 | $ 151,570 | $ 134,880 | $ 123,938 | $ 155,212 | $ 142,453 | $ 140,988 | $ 151,400 | $ 123,509 | $ 166,016 | $ 154,674 | $ 173,732 | $ 169,507 | $ 173,088 | $ 145,662 | $ 129,176 | $ 173,373 | $ 135,172 | $ 124,972 |
| Total Operating Disbursements | $ 150,742 | $ 231,389 | $ 231,402 | $ 182,661 | $ 193,568 | $ 262,388 | $ 273,993 | $ 313,797 | $ 326,608 | $ 267,990 | $ 321,936 | $ 243,741 | $ 233,557 | $ 219,848 | $ 250,523 | $ 206,359 | $ 204,382 | $ 260,544 | $ 249,996 | $ 247,431 |
| | | | | | | | | | | | | | | | | | | | | |
| Net Operating Cash Flow | $ (16,847) | $ (5,463) | $ 81,764 | $ 139,882 | $ 91,831 | $ 13,263 | $ 4,171 | $ (18,466) | $ (45,703) | $ 33,573 | $ 18,496 | $ 109,774 | $ 161,105 | $ 205,031 | $ 224,396 | $ 282,434 | $ 282,163 | $ 281,033 | $ 289,994 | $ 315,560 |
| | | | | | | | | | | | | | | | | | | | | |
| Third-Party Loan Proceeds | $ 2,518,192 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,484,223 | $ - | $ - |
| Third-Party Debt Service | $ (92,984) | $ (122,970) | $ (121,278) | $ (174,783) | $ (207,731) | $ (145,774) | $ (136,107) | $ (134,094) | $ (133,399) | $ (133,335) | $ (133,127) | $ (133,000) | $ (134,996) | $ (138,318) | $ (155,236) | $ (155,414) | $ (145,562) | $ (172,385) | $ (219,532) | $ (219,532) |
| Net Other Adjustments [1] | $ (2,290,316) | $ (13,545) | $ 9,329 | $ 21,640 | $ 50,627 | $ (1,084) | $ 6,354 | $ (72,396) | $ 7,530 | $ 3,991 | $ 13,344 | $ 8,153 | $ (4,549) | $ (2,908) | $ (34,600) | $ 3,634 | $ (3,469) | $ 2,986 | $ 3,766 | $ (14,401) |
| | | | | | | | | | | | | | | | | | | | | |
| Net Adjusted Cash Flow | $ 118,045 | $ (141,978) | $ (30,185) | $ (13,260) | $ (65,274) | $ (133,594) | $ (125,583) | $ (224,956) | $ (171,573) | $ (95,562) | $ (101,160) | $ (17,069) | $ 18,239 | $ 57,143 | $ 34,559 | $ 130,654 | $ 133,133 | $ 2,595,857 | $ 74,228 | $ 81,627 |
| | | | | | | | | | | | | | | | | | | | | |
| Intercompany Notes (Receivable) / Payable | $ - | $ 121,000 | $ 119,000 | $ 153,058 | $ 196,977 | $ 270,434 | $ 251,699 | $ 393,792 | $ 330,041 | $ 236,481 | $ 217,930 | $ 133,935 | $ 47,530 | $ (548,504) | $ 54,832 | $ (69,707) | $ (53,396) | $ (2,464,871) | $ 36,500 | $ (74,288) |
| | | | | | | | | | | | | | | | | | | | | |
| Net Adjusted Cash Flow After Intercompany Notes | $ 118,045 | $ (20,978) | $ 88,815 | $ 139,798 | $ 131,703 | $ 136,840 | $ 126,116 | $ 168,836 | $ 158,468 | $ 140,919 | $ 116,770 | $ 116,866 | $ 65,769 | $ (491,360) | $ 89,392 | $ 60,947 | $ 79,736 | $ 130,986 | $ 110,728 | $ 7,339 |
| | | | | | | | | | | | | | | | | | | | | |
| Owner Distributions | $ (43,891) | $ (68,718) | $ (71,328) | $ (72,633) | $ (73,585) | $ (73,435) | $ (73,435) | $ (73,435) | $ (73,644) | $ (73,435) | $ (73,090) | $ (75,242) | $ (75,242) | $ (75,242) | $ (75,242) | $ (75,097) | $ (75,242) | $ (75,242) | $ (72,902) | $ (18,497) |
| | | | | | | | | | | | | | | | | | | | | |
| Net Cash Flow | $ 74,154 | $ (89,696) | $ 17,487 | $ 67,165 | $ 58,118 | $ 63,405 | $ 52,681 | $ 95,401 | $ 84,824 | $ 67,484 | $ 43,680 | $ 41,624 | $ (9,473) | $ (566,602) | $ 14,150 | $ (14,150) | $ 4,494 | $ 55,744 | $ 37,826 | $ (11,158) |

[1] Included in the "Other Adjustments" in 2005 are the $3.4 million acquisition cost of the Tradewinds Apartments, approximately $1.3 million in equity capital, approximately $71,000 in equity capital receivable, and approximately $87,000 in acquisition and organization costs. In general, "Other Adjustments" include line-items like security deposits and deferred loan interest.

Case: 24-1055   Doc: #23800-2   Filed: 10/15/25   Entered: 10/15/25 09:32:16   Page 48 of 127

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 365 of 960

## Attachment G-2

| | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Net Profit / (Loss) | $ (29,533) | $ (23,492) | $ (9,121) | $ (12,390) | $ (49,916) | $ (14,429) | $ 49,354 | $ 4,371 | $ 63,143 | $ 84,468 | $ 48,037 | $ 91,668 | $ (285,118) | $ (75,673) | $ 32,923 | $ 4,397 | $ 10,766 | $ 127,739 | $ 58,615 |
| Distributions | $ (89,367) | $ (97,941) | $ (84,688) | $ (93,326) | $ (98,691) | $ (97,476) | $ (96,261) | $ (97,476) | $ (98,691) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) | $ (97,476) |
| Surplus / (Deficit) After Distributions | $ (118,900) | $ (121,432) | $ (93,809) | $ (105,716) | $ (148,607) | $ (111,905) | $ (46,907) | $ (93,105) | $ (35,548) | $ (13,008) | $ (49,439) | $ (5,807) | $ (382,594) | $ (173,149) | $ (64,553) | $ (93,079) | $ (86,710) | $ 30,263 | $ (38,860) |

## Attachment G-3

| | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash Balance | $ - | $ 391,631 | $ 347,243 | $ 203,494 | $ 7,586 | $ 3,312 | $ 8,383 | $ 871 | $ (11,198) | $ (27,603) | $ (58,815) | $ 9,503 | $ (36,920) | $ (64,781) | $ 68,372 | $ 1,317,917 | $ 109,573 | $ 133,273 | $ 705,195 | $ 25,615 |
| | | | | | | | | | | | | | | | | | | | | |
| Net Rental Income | $ 1,552,910 | $ 1,746,034 | $ 1,726,119 | $ 1,687,639 | $ 1,582,633 | $ 1,526,178 | $ 1,543,048 | $ 1,501,743 | $ 1,620,431 | $ 1,725,923 | $ 1,818,218 | $ 2,000,087 | $ 2,322,377 | $ 2,545,743 | $ 2,726,324 | $ 2,917,858 | $ 3,138,720 | $ 3,530,836 | $ 3,740,902 | $ 1,261,575 |
| Other Income | $ 38,123 | $ 48,012 | $ 22,437 | $ 127,133 | $ 69,972 | $ 18,338 | $ 18,025 | $ 29,900 | $ 37,080 | $ 27,020 | $ 57,095 | $ 67,354 | $ 59,674 | $ 37,786 | $ 573,959 | $ 60,043 | $ 212,404 | $ 951,289 | $ 202,029 | $ 18,638,410 |
| Total Cash Receipts | $ 1,591,033 | $ 1,794,046 | $ 1,748,556 | $ 1,814,773 | $ 1,652,605 | $ 1,544,516 | $ 1,561,072 | $ 1,531,643 | $ 1,657,511 | $ 1,752,943 | $ 1,875,312 | $ 2,067,441 | $ 2,382,051 | $ 2,583,529 | $ 3,300,283 | $ 2,977,901 | $ 3,351,123 | $ 4,482,125 | $ 3,942,931 | $ 19,899,984 |
| | | | | | | | | | | | | | | | | | | | | |
| Maintenance and Repair Expense | $ 472,994 | $ 376,457 | $ 386,997 | $ 434,959 | $ 234,823 | $ 237,028 | $ 243,672 | $ 336,085 | $ 456,686 | $ 577,973 | $ 719,299 | $ 712,714 | $ 692,135 | $ 692,644 | $ 696,943 | $ 519,769 | $ 483,443 | $ 686,562 | $ 665,918 | $ 288,785 |
| Other Operating Expense | $ 590,302 | $ 585,856 | $ 583,222 | $ 601,955 | $ 544,599 | $ 451,387 | $ 506,074 | $ 588,236 | $ 580,236 | $ 655,597 | $ 689,455 | $ 701,494 | $ 741,403 | $ 738,966 | $ 786,125 | $ 668,884 | $ 634,366 | $ 683,267 | $ 721,691 | $ 262,290 |
| Total Operating Disbursements | $ 1,063,296 | $ 962,313 | $ 970,219 | $ 1,036,914 | $ 779,422 | $ 688,414 | $ 749,746 | $ 924,321 | $ 1,036,922 | $ 1,233,570 | $ 1,408,754 | $ 1,414,209 | $ 1,433,538 | $ 1,431,609 | $ 1,483,067 | $ 1,188,653 | $ 1,117,809 | $ 1,369,828 | $ 1,387,609 | $ 551,075 |
| | | | | | | | | | | | | | | | | | | | | |
| Net Operating Cash Flow | $ 527,738 | $ 831,733 | $ 778,337 | $ 777,859 | $ 873,183 | $ 856,101 | $ 811,326 | $ 607,322 | $ 620,589 | $ 519,372 | $ 466,558 | $ 653,232 | $ 948,512 | $ 1,151,920 | $ 1,817,216 | $ 1,789,247 | $ 2,233,314 | $ 3,112,296 | $ 2,555,323 | $ 19,348,910 |
| | | | | | | | | | | | | | | | | | | | | |
| Third-Party Loan Proceeds | $ 10,745,047 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,212,969 | $ - | $ - | $ - | $ 5,871,605 | $ - | $ - | $ - | $ - | $ - | $ - |
| Third-Party Debt Service | $ (517,749) | $ (468,401) | $ (449,872) | $ (678,767) | $ (968,951) | $ (734,023) | $ (625,112) | $ (623,681) | $ (663,220) | $ (301,193) | $ (682,937) | $ (681,398) | $ (681,398) | $ (338,891) | $ (1,205,641) | $ (837,750) | $ (835,461) | $ (914,231) | $ (1,075,058) | $ (17,287,271) |
| Net Other Adjustments | $ (10,118,193) | $ (114,740) | $ (179,534) | $ (2,320) | $ 287,174 | $ 91,493 | $ (3,399) | $ 17,547 | $ 13,301 | $ (126,237) | $ 25,721 | $ 27,923 | $ 10,567 | $ (567,317) | $ 126,704 | $ (56,051) | $ (90,083) | $ (45,247) | $ (15,604) | $ 15,711,835 |
| | | | | | | | | | | | | | | | | | | | | |
| Net Adjusted Cash Flow | $ 636,842 | $ 248,592 | $ 148,931 | $ 96,772 | $ 191,407 | $ 213,571 | $ 182,815 | $ 1,187 | $ (29,330) | $ 2,304,911 | $ (190,658) | $ (242) | $ 277,682 | $ 6,117,317 | $ 738,279 | $ 895,447 | $ 1,307,770 | $ 2,152,818 | $ 1,464,661 | $ 17,773,473 |
| | | | | | | | | | | | | | | | | | | | | |
| Intercompany Notes (Receivable) / Payable | $ - | $ - | $ - | $ - | $ 97,000 | $ 87,800 | $ 103,850 | $ 281,300 | $ 305,605 | $ 189,645 | $ (595,200) | $ (246,500) | $ 22,435 | $ 5,436,547 | $ (643,547) | $ 1,811,110 | $ 991,390 | $ 1,288,215 | $ (1,850,387) | $ 300,945 |
| | | | | | | | | | | | | | | | | | | | | |
| Net Adjusted Cash Flow After Intercompany Notes | $ 636,842 | $ 248,592 | $ 148,931 | $ 96,772 | $ 288,407 | $ 301,371 | $ 286,665 | $ 282,487 | $ 276,275 | $ 2,494,556 | $ (785,858) | $ (246,742) | $ 300,116 | $ 11,553,864 | $ 94,732 | $ 2,706,557 | $ 2,299,160 | $ 3,441,034 | $ (385,726) | $ 18,074,419 |
| | | | | | | | | | | | | | | | | | | | | |
| Owner Distributions | $ (390,241) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (309,109) | $ (276,252) | $ (292,680) | $ (292,680) | $ (292,680) | $ (292,680) | $ (293,854) | $ (17,321,958) |
| | | | | | | | | | | | | | | | | | | | | |
| Net Cash Flow | $ 246,601 | $ (44,088) | $ (143,749) | $ (195,908) | $ (4,274) | $ 8,691 | $ (6,015) | $ (10,193) | $ (16,405) | $ 2,201,875 | $ (1,078,538) | $ (539,422) | $ (8,992) | $ 11,277,611 | $ (197,949) | $ 2,413,876 | $ 2,006,480 | $ 3,148,353 | $ (679,580) | $ 752,460 |

## Attachment H

**LeFever Mattson, *et al.***
**Summary of Intercompany Transactions**
**For the Period 1/1/2017 to 9/12/2024**

| Debtor | Inflows | | Outflows | | Total Transactions | Total Net Dollar Value | Total Gross Dollar Value |
|---|---|---|---|---|---|---|---|
| | Number | Value | Number | Value | | | |
| Autumn Wood I, LP | 86 | 3,715,367 | 77 | (1,552,432) | 163 | 2,162,934 | 5,267,799 |
| Beach Pine, LP | 32 | 2,826,080 | 27 | (586,905) | 59 | 2,239,176 | 3,412,985 |
| Bishop Pine, LP | 35 | 849,198 | 41 | (1,963,298) | 76 | (1,114,100) | 2,812,496 |
| Black Walnut, LP | 65 | 3,645,359 | 50 | (2,846,708) | 115 | 798,651 | 6,492,067 |
| Buck Avenue Apartments, LP | 110 | 5,567,436 | 38 | (7,134,220) | 148 | (1,566,784) | 12,701,656 |
| Buckeye Tree, LP | 33 | 792,347 | 31 | (224,209) | 64 | 568,138 | 1,016,556 |
| Bur Oak, LP | 15 | 2,804,412 | 31 | (2,991,520) | 46 | (187,108) | 5,795,932 |
| California Investment Properties | 7 | 210,000 | 7 | (164,000) | 14 | 46,000 | 374,000 |
| Cambria Pines, LP | 67 | 1,855,506 | 23 | (1,875,783) | 90 | (20,277) | 3,731,289 |
| Chestnut Oak, LP | 55 | 4,323,100 | 31 | (4,728,725) | 86 | (405,625) | 9,051,825 |
| Country Oaks I, LP | 130 | 7,058,437 | 77 | (6,015,187) | 207 | 1,043,250 | 13,073,624 |
| Divi Divi Tree, L.P. | 33 | 6,231,688 | 30 | (2,735,715) | 63 | 3,495,973 | 8,967,402 |
| Douglas Fir Investments, LP | 7 | 445,938 | 6 | (444,338) | 13 | 1,600 | 890,276 |
| Firetree I, LP | 7 | 383,875 | - | - | 7 | 383,875 | 383,875 |
| Firetree II, LP | 1 | 275,226 | 1 | (275,226) | 2 | - | 550,453 |
| Firetree III, LP | 6 | 272,558 | 3 | (90,465) | 9 | 182,093 | 363,023 |
| Foxtail Pine, LP | 74 | 7,586,032 | 43 | (8,331,091) | 117 | (745,060) | 15,917,123 |
| Ginko Tree, LP | 33 | 761,747 | 33 | (197,391) | 66 | 564,356 | 959,137 |
| Golden Tree, LP | 1 | 1,000 | - | - | 1 | 1,000 | 1,000 |
| Hagar Properties, LP | 105 | 19,637,379 | 382 | (30,736,537) | 487 | (11,099,157) | 50,373,916 |
| Heacock Park Apartments, LP | 84 | 20,041,344 | 82 | (13,920,460) | 166 | 6,120,884 | 33,961,804 |
| Home Tax Service of America, Inc. | 45 | 2,337,022 | 86 | (2,051,808) | 131 | 285,214 | 4,388,830 |
| LeFever Mattson | 126 | 20,863,207 | 145 | (23,438,895) | 271 | (2,575,688) | 44,302,102 |
| Live Oak Investments, LP | 40 | 5,539,700 | 133 | (9,232,577) | 173 | (3,692,877) | 14,772,277 |
| Monterey Pine, LP | 67 | 8,078,065 | 35 | (10,351,321) | 102 | (2,273,256) | 18,429,386 |
| Nut Pine, LP | 48 | 3,670,916 | 81 | (4,338,097) | 129 | (667,181) | 8,009,014 |
| Pinewood Condominiums, LP | 89 | 2,055,298 | 85 | (1,460,762) | 174 | 594,536 | 3,516,060 |
| Red Cedar Tree, LP | 10 | 3,064,998 | 10 | (2,306,323) | 20 | 758,675 | 5,371,321 |
| Red Mulberry Tree, LP | 7 | 5,653,111 | 17 | (3,505,137) | 24 | 2,147,973 | 9,158,248 |
| Red Oak Tree, LP | 36 | 1,407,832 | 58 | (1,954,607) | 94 | (546,775) | 3,362,439 |
| Red Oak, LP | 63 | 7,082,430 | 44 | (7,711,885) | 107 | (629,455) | 14,794,315 |
| Red Spruce Tree, LP | 51 | 6,110,562 | 41 | (6,797,777) | 92 | (687,214) | 12,908,339 |
| River Birch, LP | 40 | 3,099,682 | 30 | (1,801,548) | 70 | 1,298,134 | 4,901,230 |
| River Tree Partners, LP | 27 | 851,166 | 5 | (63,166) | 32 | 788,000 | 914,333 |
| River View Shopping Center 1, LLC | 11 | 1,077,875 | 12 | (1,460,100) | 23 | (382,225) | 2,537,974 |
| River View Shopping Center 2, LLC | 11 | 332,126 | 12 | (449,901) | 23 | (117,775) | 782,026 |
| RT Capitol Mall, LP | 6 | 547,112 | 11 | (66,925) | 17 | 480,187 | 614,037 |
| Scotch Pine, LP | 120 | 12,926,507 | 109 | (13,219,323) | 229 | (292,816) | 26,145,830 |
| Sequoia Investment Properties, LP | 99 | 1,764,490 | 33 | (2,315,806) | 132 | (551,316) | 4,080,297 |
| Sienna Pointe, LLC | 306 | 87,826,334 | 435 | (68,642,987) | 741 | 19,183,347 | 156,469,321 |
| Tradewinds Apartments, LP | 79 | 4,204,109 | 77 | (5,233,597) | 156 | (1,029,488) | 9,437,706 |
| Vaca Villa Apartments, LP | 90 | 2,981,045 | 81 | (1,067,812) | 171 | 1,913,233 | 4,048,857 |
| Valley Oak Investments, LP | 119 | 4,665,129 | 86 | (3,212,455) | 205 | 1,452,673 | 7,877,584 |
| Watertree I, LP | 36 | 1,432,646 | 34 | (1,678,396) | 70 | (245,750) | 3,111,042 |
| Willow Oak, LP | 54 | 11,378,690 | 39 | (12,535,783) | 93 | (1,157,093) | 23,914,473 |
| Windscape Apartments I, LP | 8 | 467,942 | 5 | (466,342) | 13 | 1,600 | 934,285 |
| Windscape Apartments II, LP | 7 | 813,556 | 6 | (811,956) | 13 | 1,600 | 1,625,513 |
| Windscape Apartments, LLC | 110 | 21,552,767 | 254 | (26,027,944) | 364 | (4,475,177) | 47,580,711 |
| Windscape Holdings, LLC | 106 | 12,325,229 | 31 | (10,871,754) | 137 | 1,453,475 | 23,196,983 |
| Yellow Poplar, LP | 41 | 971,867 | 26 | (1,653,714) | 67 | (681,847) | 2,625,581 |
| **Totals** | **2,838** | **324,365,441** | **3,034** | **(311,542,909)** | **5,872** | **12,822,532** | **635,908,350** |

Case 24-10545 Doc# 2800-2 Filed 10/15/25 Entered 10/15/25 09:32:16 Page 51 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 368 of 960

# Attachment I

## Attachment I-1
### Analysis of 10/5/2018 payoff of Live Oak Investment, LP's loan to Sienna Pointe



Legend:



Red arrows represent an LFM Interproperty Loan

Green arrows represent a payoff or paydown of an LFM Interproperty Loan

**Attachment I-2**
**Analysis of 8/7/2019 inter-property loans to Live Oak Investment, LP**



Legend:

→ Red arrows represent an LFM Interproperty Loan

→ Green arrows represent a payoff or paydown of an LFM Interproperty Loan

Case: 25-1238, Document: 9, Filed: 01/26/2026 Page 373 of 963

Case 24-10645 Doc# 2380-2 Filed 10/15/25 Entered 10/15/25 09:24:16 Page 53 of 527

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 370 of 960

# Attachment I-3
# Analysis of $2.3 million inter-property loan from Live Oak Investment, LP on 12/10/2019



Legend:

→ Red arrows represent an LFM Interproperty Loan

→ Green arrows represent a payoff or paydown of an
LFM Interproperty Loan

Case: 25-1238, Document: 9, Filed: 01/26/2026 Page 374 of 963

Case 24-10655 Doc# 2360-2 Filed 10/15/25 Entered 10/15/25 09:34:16 Page 54 of 57

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 371 of 960

**Attachment I-4**
**Analysis of 12/31/2019 inter-property loans from Live Oak Investment, LP**



Case: 25-1238, Document: 9, Filed: 01/26/2026    Page 375 of 963

Case 24-10655 Doc# 2360-2 Filed 10/15/25 Entered 10/15/25 09:34:16 Page 55 of 227

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 372 of 960

# Attachment I-5
## Analysis of 5/18/2020 inter-property loan from Live Oak Investment, LP



Legend:

→ Red arrows represent an LFM Interproperty Loan

→ Green arrows represent a payoff or paydown of an
LFM Interproperty Loan

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 373 of 960

# Attachment I-6
## Analysis of 10/18/2022 inter-property loan from Live Oak Investment, LP



Legend:

→ Red arrows represent an LFM Interproperty Loan

→ Green arrows represent a payoff or paydown of an LFM Interproperty Loan

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 374 of 960

# EXHIBIT 13

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1  Thomas P. Kelly III, Attorney at Law
   Law Offices of Thomas P. Kelly III P.C.
2  CA 230699, OR 080927, DC 1000147
   50 Old Courthouse Square, Suite 609
3  Santa Rosa, California, 95404-4926
   Telephone : 707-545-8700
4  Facsimile : 707-542-3371
   Email : tomkelly@sonic.net
5
   Attorney for Creditors
6  Andrew Revocable Trust dated June 21, 2001
   Burgess Trust dated October 9, 2006
7

8              UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10
   In re:                              Case No. 24-10545 (CN) (Lead Case)
11
   LEFEVER MATTSON, a California       Chapter 11
12 corporation, *et al.*,[1]
                                       (Jointly Administered)
13                Debtors.
                                       DECLARATION OF THOMAS P. KELLY III
14

15
                                       Date:      November 13, 2025
16                                     Time:      2:00PM
                                       Judge:     Hon. Charles Novack
17                                     Court:     1300 Clay Street
                                                  Courtroom 215
18                                                Oakland, California
                                                  94612
19
                                                  Via teleconference
20
                                       Date filed:   September 12, 2024
21

22

23

24

25

26

27  ――――――――――
    1   The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 1
DECLARATION                        Page 1 of 2        of 30            24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 376 of 960

1

## DECLARATION OF THOMAS P. KELLY III

2    I, THOMAS P. KELLY III, declare as follows:

3        1.    I am over the age of eighteen (18) years old and I have personal knowledge of the

4    facts stated in this declaration, and if called as a witness, could and would testify competently to

5    the truth of the facts as stated herein.

6        2.    I am an attorney at law duly admitted to practice before all State and Federal

7    Courts of the State of California and not a party to the action referenced above.

8        3.    I am the attorney of record herein for Debtor Live Oak Investments LP.

9        4.    Those documents attached to the concurrently filed Request for Judicial Notice

10   are true and correct copies of those documents.

11       5.    Attached hereto and marked as Exhibit A is a true and correct copy of the

12   decision *In re Cardinal Industries* 105 B.R. 834 (Bankr. S.D. Ohio 1989) as downloaded from

13   Lexis on October 14, 2025.

14       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

15   State of California and the laws of the United States that the foregoing is true and correct.

16   Executed at Santa Rosa, California on the date referenced below.

17    Dated: November 7, 2025

18                                                        _Thomas P. Kelly III_

19                                                        Thomas P. Kelly III
                                                         Attorney at Law

20

21

22

23

24

25

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545    Doc# 2800-3    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 2
DECLARATION                                    of 30    Page 2 of 2        24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 377 of 960

# EXHIBIT A

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

⚠️ Caution
As of: October 14, 2025 4:57 AM Z

# *In re Cardinal Indus.*

United States Bankruptcy Court for the Southern District of Ohio, Eastern Division

September 28, 1989, Decided ; September 28, 1989, Filed and Entered

Case Nos. 2-89-02778, 2-89-02779, Adv. Pro. No. 2-89-0203

**Reporter**

105 B.R. 834 *; 1989 Bankr. LEXIS 1708 **; 19 Bankr. Ct. Dec. 1450; 15 Fed. R. Serv. 3d (Callaghan) 1181

In re CARDINAL INDUSTRIES, INC., In Joint Administration With Cardinal Industries of Florida, Inc., Debtors; CARDINAL INDUSTRIES, INC., and Cardinal Industries of Florida, Inc., Plaintiffs v. BUCKEYE FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Defendants

## Core Terms

Partnerships, partnership property, second mortgage, general partner, injunctive relief, parties, rights, partnership interest, Contracts, certification, Defendants', provisions, Tenancy, Vendee, mortgage, lenders, limited partnership, injunction, automatic stay, limited partner, class action, defenses, entity, Properties, managing general partner, cases, bankrupt estate, subsidiaries, class member, prerequisite

## Case Summary

### Procedural Posture

The debtors filed an amended complaint seeking declaratory and injunctive relief and motions seeking certification of defendant class, preliminary and permanent injunctive relief; specifically, that a declaration that provisions of *11 U.S.C.S. § 362(a)* applied or, if *§ 362(a)* was not applicable, the court use its powers under *11 U.S.C.S. § 105(a)*.

### Overview

The debtors sought a declaration that provisions of *11 U.S.C.S. § 362(a)* applied to certain of their interests or, if *§ 362(a)* was not applicable, that court use its powers under *11 U.S.C.S. § 105(a)* to extend the reach of *§ 362(a)* and enjoin the members of defendant class from proceeding against the debtors with respect to those interests. The court certified defendant class for the sole issue of declaratory relief directed to whether the provisions of *11 U.S.C.S. § 362(a)(3)* barred defendants' actions against the debtors' partnerships or partnership properties. The court found that the second mortgage interests were protected from foreclosure under *§ 362(a)(3)*; defendants' actions were not stayed by *§ 362(a)(3)* with respect to the general partner or the vendee interests; and the court denied the debtors' motion for preliminary and injunctive relief. However, upon presentation of appropriate order, the court would issue an order that would restate, in injunctive form, declaratory relief granted under *11 U.S.C.S. § 362* regarding second mortgage interests.

### Outcome

The court denied the debtors' motion for preliminary and permanent injunctive relief, but declared that debtors' second mortgage interests were protected by automatic stay provision as the debtors required time to determine how to preserve any existing value in those interests for their reorganization process.

## LexisNexis® Headnotes

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 4 of 30

Thomas Kelly Iii

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 379 of 960

Case: 25-1238, Document: 9, Filed: 01/26/2026    Page 383 of 963

Page 2 of 27

105 B.R. 834, *834; 1989 Bankr. LEXIS 1708, **1708

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Commencement of Adversary Proceedings

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

**HN1[⬇]  Adversary Proceedings, Commencement of Adversary Proceedings**

*Fed. R. Bankr. P. 7023* expressly provides that *Fed. R. Civ. P. 23* applies in adversary proceedings.

Civil Procedure > Special Proceedings > Class Actions > Certification of Classes

Civil Procedure > ... > Class Actions > Class Members > Defendants as Class

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > Adequacy of Representation

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > Numerosity

**HN2[⬇]  Class Actions, Certification of Classes**

The authority to certify a defendant class is derived from *Fed. R. Civ. P. 23(a)*, which provides: one or more members of a class may sue or be sued as representative parties on behalf of all. However, before certifying a defendant class it must be demonstrated that the proposed class satisfies the four prerequisites of *Rule 23(a)*, namely: numerosity, common issues, typical defenses, and adequate representation. The moving party also must satisfy one of the functional class requirements of *Fed. R. Civ. P. 23(b)*.

Civil Procedure > ... > Class Actions > Class Members > Defendants as Class

Civil Procedure > Parties > Joinder of Parties > General Overview

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > Numerosity

**HN3[⬇]  Class Members, Defendants as Class**

*Fed. R. Civ. P. 23(a)(1)* provides that the putative class must be so numerous that joinder of all members is impracticable. Joinder need not be impossible, but rather impracticable. Impracticality has been interpreted to mean extremely difficult or inconvenient but not necessarily impossible. Further, for convenience and economy reasons, the joinder impracticability aspect of the *Rule 23(a)(1)* criterion is applied more flexibly for defendant classes than plaintiff classes; and, assuming other class actions prerequisites are satisfied, the joinder impracticability test is rarely a stumbling block for upholding a defendant class action.

Civil Procedure > ... > Class Actions > Class Members > Defendants as Class

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 5 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 380 of 960

Case: 25-1238, Document: 9, Filed: 01/26/2026  Page 384 of 963

Page 3 of 27

105 B.R. 834, *834; 1989 Bankr. LEXIS 1708, **1708

Criminal Law & Procedure > ... > Eyewitness Identification > Due Process Protections > Fair Identification Requirement

Civil Procedure > ... > Class Actions > Class Members > Absent Members

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

### HN4[↧] Class Members, Defendants as Class

*Fed. R. Civ. P. 23(a)(2)* requires questions of law or fact common to the class. The test for determining whether this prerequisite has been satisfied stresses quality not quantity. There need only exist one significant issue or fact common to all members of the putative class. The significance of that single issue or fact takes on additional importance in a defendant class action, however. The court must exercise special care in identifying issues that are common to the class that will be automatically defended by the named defendant in the process of defending its own conduct.

Civil Procedure > ... > Class Actions > Class Members > Absent Members

Civil Procedure > ... > Class Actions > Class Members > Defendants as Class

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > Typicality

### HN5[↧] Class Members, Absent Members

*Fed. R. Civ. P. 23(a)(3)* requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. The typicality requirement has not been interpreted to mean identical. However, the existence of defenses that are unique either to a representative defendant or to absent class members may impact directly upon the adequacy of representation. Thus, individual issues should not normally be litigated within the context of a defendant class action unless full rights to raise individual defenses are afforded.

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > Adequacy of Representation

Civil Procedure > Special Proceedings > Class Actions > Certification of Classes

Civil Procedure > ... > Class Actions > Class Members > Defendants as Class

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

### HN6[↧] Prerequisites for Class Action, Adequacy of Representation

The final prerequisite of *Fed. R. Civ. P. 23* requires a determination that the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)(4)*. Added importance to this requirement must be given in the context of a defendant class action. Consideration, therefore, must be given to whether: (1) the plaintiffs have named weak defendants; (2) the named defendants have sufficient resources to properly defend the action; (3) the named defendants have claims substantial enough to warrant defending; and (4) there exists collusion between the plaintiffs and the named defendants. The test is whether the court can conclude that by asserting their own defenses, the representatives have necessarily raised all defenses common to the class.

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 6 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 381 of 960

105 B.R. 834, *834; 1989 Bankr. LEXIS 1708, **1708

Civil Procedure > Special Proceedings > Class Actions > Certification of Classes

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

*HN7*[⤓] **Class Actions, Certification of Classes**

In addition to satisfying the prerequisites of *Fed. R. Civ. P. 23(a)*, certification of a proposed class requires satisfaction of any one of the requirements set forth in *Fed. R. Civ. P. 23(b)*.

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

*HN8*[⤓] **Class Actions, Prerequisites for Class Action**

See *Fed. R. Civ. P. 23(b)(1)(B)*.

Civil Procedure > Special Proceedings > Class Actions > Certification of Classes

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

*HN9*[⤓] **Class Actions, Certification of Classes**

*Fed. R. Civ. P. 23(b)(1)(B)* recognizes that even if a class action is not employed, adjudication of the initial suit may, as a practical matter, determine class interests; and thus, a class action should be utilized to assure that the rights of absent parties are adequately protected. If a multiplicity of actions would create a risk of incompatible standards of conduct, certification under *Rule 23(b)(1)(B)* may be an effective mechanism. Likewise, *Rule 23(b)(1)(B)* is applicable to the type of action in which the class members have claims against a fund that may prove insufficient to satisfy all of them.

Business & Corporate Compliance > Bankruptcy > Case Administration > Bankruptcy Court Powers
Bankruptcy Law > Case Administration > Bankruptcy Court Powers

Civil Procedure > ... > Class Actions > Class Members > Defendants as Class

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Civil Procedure > ... > Declaratory Judgments > Federal Declaratory Judgments > General Overview

Civil Procedure > ... > Federal Declaratory Judgments > Discretionary Jurisdiction > Factors

*HN10*[⤓] **Case Administration, Bankruptcy Court Powers**

The critical factor in determining the appropriateness of certification of a defendant class is the nature of the relief requested. The importance of the type of relief sought is the analysis that must be employed to determine whether the relief is warranted. *11 U.S.C.S. § 105* injunctive relief, premised upon *Fed. R. Civ. P. 65* requires a balancing of the relative harms on an individual, rather than aggregate, basis.

Business & Corporate Compliance > Bankruptcy > Estate Property > Contents of Estate
Bankruptcy Law > Estate Property > Contents of Estate

Case: 24-10545    Doc# 2800-3    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 7 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 382 of 960

105 B.R. 834, *834; 1989 Bankr. LEXIS 1708, **1708

**HN11**[⬇] **Estate Property, Contents of Estate**

See *11 U.S.C.S. § 541(a)(1)*.


Bankruptcy Law > Administrative Powers > Automatic Stay > General Overview

**HN12**[⬇] **Administrative Powers, Automatic Stay**

See *11 U.S.C.S. § 362(a)*.


Business & Corporate Law > Limited Partnerships > Management Duties & Liabilities

Business & Corporate Law > Limited Partnerships > General Overview

**HN13**[⬇] **Limited Partnerships, Management Duties & Liabilities**

Uniform partnership law gives a general partner in a limited partnership an interest in the partnership (the "Partnership Interest"), a right to participate in the management (the "Management Interest"), and status as a tenant in partnership ("the "Tenancy Interest"). *Ohio Rev. Code Ann. §§ 1775.23* and *1782.29*.


Business & Corporate Compliance > Bankruptcy > Estate Property > Contents of Estate
Bankruptcy Law > Estate Property > Contents of Estate

Business & Corporate Law > ... > Management Duties & Liabilities > Rights of Partners > General Overview

Bankruptcy Law > ... > Commencement of Case > Joint Cases > General Overview

Business & Corporate Law > General Partnerships > General Overview

**HN14**[⬇] **Estate Property, Contents of Estate**

Under bankruptcy law a partnership is an entity separate from any of its partners. Whatever legal or equitable interests a general partner has in a partnership become part of that partner's bankruptcy estate under *11 U.S.C.S. § 541(a)*.


Business & Corporate Law > Limited Partnerships > Formation
Business & Corporate Compliance > Businesses & Corporations > Limited Partnerships > Formation

Business & Corporate Law > Limited Partnerships > Management Duties & Liabilities

Business & Corporate Law > Limited Partnerships > General Overview

Business & Corporate Compliance > Contracts > Types of Contracts > Partnership Agreements
Contracts Law > Types of Contracts > Partnership Agreements

**HN15**[⬇] **Limited Partnerships, Formation**

Case: 24-10545    Doc# 2800-3    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 8 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 383 of 960

105 B.R. 834, *834; 1989 Bankr. LEXIS 1708, **1708

Each partner in a limited partnership, general or limited, has a partnership interest. That partnership interest is defined as a partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets. *Ohio Rev. Code Ann. § 1782.01(J)*. Under limited partnership law generally, those partnership interests are personal property. *Ohio Rev. Code Ann. § 1782.39*.

Business & Corporate Law > General Partnerships > Management Duties & Liabilities > General Overview

*HN16*[🔽] **General Partnerships, Management Duties & Liabilities**

See *Ohio Rev. Code Ann. § 1775.24*.

Real Property Law > ... > Contracts of Sale > Period Between Execution & Closing > Risk of Loss

Real Property Law > Purchase & Sale > Contracts of Sale > General Overview

*HN17*[🔽] **Period Between Execution & Closing, Risk of Loss**

The doctrine of equitable conversion operates to transform the vendee's personal property interest in the contract into an interest in the realty while, at the same time, the vendor's real property interest is changed into a personal right to receive the sale price under the contract. The doctrine is not a favored one and is used only where actual necessity requires its application to effectuate the intentions of the parties and, thus, prevent an injustice.

**Counsel:** David G. Heiman, Esq., John W. Zeiger, Esq., Jones, Day, Reavis & Pogue, Columbus, Ohio, Attorneys for Plaintiffs.

Daniel R. Swetnam, Esq., Schwartz, Kelm, Warren & Rubenstein, Columbus, Ohio, Attorneys for Buckeye Federal Savings & Loan Association.

Leonard A. Carlson, Esq., Smith & Schnacke, Columbus, Ohio, Attorneys for AmeriFirst Bank.

Quintin F. Lindsmith, Esq., Bricker & Eckler, Columbus, Ohio, Attorneys for Crossland Savings, FSB.

Stephen C. Sawicki, Esq., Hendry, Stoner, Townsend & Sawicki, Orlando, Florida, Attorneys for Crown Savings Association.

Nick V. Cavalieri, Esq., Arter & Hadden, Columbus, Ohio, Attorneys for Comerica Bank -- Detroit.

John Dilenschneider, Esq., Squire, Sanders & Dempsey, Columbus, Ohio, Attorneys for Cedargate Apartments of Lancaster I Ltd. and certain other partnerships.

Robert T. Wildman, Esq., Indianapolis, Iniana, Attorneys for Traub and Company, Inc.

Leon Friedberg, Esq., Columbus, Ohio and Stuart Hirshfield, New York, N.Y., Attorneys for Official Unsecured Committee of Creditors for Cardinal Industries, Inc.

P. Steven Kratsch, Esq., Atlanta, Georgia and James M. Lawniczak, Esq., Cleveland, Ohio, Attorneys for Official Unsecured Committee of Creditors for Cardinal Industries of Florida, Inc.

Charles M. Caldwell, Esq., Office of the U.S. Trustee, Columbus, Ohio., Assistant U.S. Trustee.

**Judges: [**1]** B. J. Sellers, United States Bankruptcy Judge.

**Opinion by:** SELLERS

# Opinion

Case: 24-10545    Doc# 2800-3    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 9 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 384 of 960

Case: 25-1238, Document: 9, Filed: 01/26/2026 Page 388 of 963

Page 7 of 27

105 B.R. 834, *834; 1989 Bankr. LEXIS 1708, **1

[*836] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTIONS FOR CLASS CERTIFICATION, PRELIMINARY AND FINAL INJUNCTIVE RELIEF, AND COMPLAINT SEEKING DECLARATORY AND INJUNCTIVE RELIEF

SELLERS, U.S.B.J.

This matter is before the Court upon the merits of a complaint seeking declaratory and injunctive relief and motions seeking certification [**2] of a defendant class, preliminary and permanent injunctive relief. All [*837] were filed by the plaintiffs, Cardinal Industries, Inc. and Cardinal Industries of Florida, Inc. (collectively the "Debtors").

The relief requested by the Debtors' amended complaint is a declaration that the provisions of 11 U.S.C. § 362(a) apply to certain interests of these Debtors or, if § 362(a) is not applicable, that this Court should use its powers under 11 U.S.C. § 105(a) to extend the reach of § 362(a) and enjoin all members of a defendant class from proceeding against the Debtors with respect to those interests. Such relief is premised upon provisions of the Bankruptcy Code, is within the jurisdictional grant of 28 U.S.C. § 1334(b), and is, therefore, within the scope of matters referred to this Court by the General Order of Reference entered in this district pursuant to 28 U.S.C. § 157(a). Accordingly, the Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district.

In determining the procedure for the entry of the final order in this matter, the Court notes that there is no subsection of 28 U.S.C. § 157(b)(2) which expressly reflects [**3] these matters. Such subsections are not an exclusive list of matters which are properly characterized as core proceedings, however. The Court perceives few issues which would have greater relevance to its core jurisdiction than those raised by this complaint concerning specific applications of particular sections of the Bankruptcy Code. And to the extent the Debtors request this Court to use its equity powers under 11 U.S.C. § 105(a), this Court may be the only forum where the appropriateness of such relief could be determined. Therefore, the Court further finds that this is a core proceeding which this Bankruptcy Judge may hear and determine. See Knopfler v. Schraiber (In re Schraiber), 97 B.R. 937 (Bankr. N.D. Ill. 1989).

II. BACKGROUND

A. Legal Proceedings

An extensive history of the procedural posture of this adversary has been set forth in this Court's order of August 18, 1989. Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Assoc. (In re Cardinal Industries, Inc.), 102 Bankr. 991, 1989 Bankr. LEXIS 1370 (Bankr. S.D. Ohio 1989) (order denying approval of settlement of class action). Only the most significant events and developments subsequent to the issuance [**4] of that order are set out herein.

On May 15, 1989, Cardinal Industries, Inc. ("CII") and its wholly-owned subsidiary, Cardinal Industries of Florida, Inc. ("CIF") filed in this Court petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors manufacture a standardized modular housing unit which they sell to third parties or use in various real estate projects which they develop. Such projects include apartments, motels, retirement villages, single-family homes, student housing, day care centers, and office facilities. CII and its numerous wholly-owned subsidiaries ("the Cardinal Companies") are a vertically integrated business which plans, builds, manages and supplies services and product to those real estate projects from start to finish. To date, the Cardinal Companies have developed over 1,200 such real estate projects in twenty states (the "Property" or "Properties"). Substantially all of the Properties are owned by limited partnerships (the "Partnerships") formed by the Cardinal Companies. Further, in almost every Partnership, CII or a subsidiary serves as a managing general partner.

On May 23, 1989, the Debtors filed this adversary proceeding to obtain [**5] declaratory and injunctive relief against a proposed defendant class. That complaint was amended on May 31, 1989, and the proposed class was narrowed to include only those persons and entities which have or obtain a mortgage or other security interest in

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 10 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 385 of 960

105 B.R. 834, *837; 1989 Bankr. LEXIS 1708, **5

any of the Partnership Properties. In addition, the amended complaint added five named defendants to serve as additional representatives of the proposed defendant class. The seven named defendants are: Buckeye Federal Savings & Loan Association ("Buckeye Federal"), AmeriFirst Bank ("AmeriFirst"), CrossLand Savings, FSB ("CrossLand"), Comerica Bank of Detroit ("Comerica"), Crown Savings Association **[*838]** ("Crown"), Florida Federal Savings Bank ("Florida Federal"), and The Midland Mutual Life Insurance Company ("Midland").

On August 18, 1989, the Court denied approval of a settlement proposed by the Debtors, Buckeye Federal, CrossLand, Crown and Florida Federal. _Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Assoc. (In re Cardinal Industries, Inc.), 102 Bankr. 991, 1989 Bankr. LEXIS 1370 (Bankr. S.D. Ohio 1989)_ (the "Settlement Order").

Pursuant to the Settlement Order, a hearing was held on August 24, 1989 to consider the Debtors' **[**6]** motions for class certification and preliminary injunctive relief. At the commencement of that hearing the Court considered a motion by the Debtors requesting that the trial on the merits of their amended complaint be consolidated with the hearing on their application for preliminary injunctive relief, pursuant to _Fed. R. Civ. P. 65(a)(2)_. Given numerous objections to that motion, the Court denied the request.

Following denial of the request for consolidation, the Debtors proceeded to present their case regarding class certification and preliminary injunctive relief. At the close of the Debtors' case, various named defendants and putative class members (collectively the "Defendants") filed or orally presented motions to dismiss pursuant to _Bankruptcy Rule 7041_ and _Rule 41(b) of the Federal Rules of Civil Procedure_, _Bankruptcy Rule 7012_ and _Rule 12(b) of the Federal Rules of Civil Procedure_, and _Bankruptcy Rule 7056_ and _Rule 56(b) of the Federal Rules of Civil Procedure_. Given the nature of the proceeding in which the motions were brought and the stage to which this adversary proceeding had progressed, the Court found the motions to be procedurally inappropriate and therefore denied **[**7]** all of the dismissal motions.

Further, pursuant to _Fed. R. Civ. P. 65(a)(2)_, the Court determined that the trial of this action on the merits should be advanced and consolidated with the hearing on the Debtors' application for preliminary injunctive relief. On September 6, 1989, the Court reconvened to resume the consolidated hearing of this matter (the "Consolidated Hearing").

At the Consolidated Hearing, the Debtors chose not to supplement the evidentiary record established at the August 24 hearing and rested. The Defendants again moved for dismissal of the adversary proceeding pursuant to _Fed. R. Civ. P. 41(b)_. The Court orally sustained that dismissal motion to the limited extent it related to certification of a defendant class established to effectuate injunctive relief premised solely upon _§ 105(a) of the Bankruptcy Code_. As to _§ 105(a)_ injunctive relief dependent upon a finding that _§ 362 of the Bankruptcy Code_ applied to the Debtors' interests in the Partnerships or the Partnership Properties or arising from an extension of _§ 362_ through powers granted under _§ 105_, the Court denied the Defendants' motions to dismiss. The rationale of the Court is detailed below.

Following **[**8]** the Court's ruling on the motions to dismiss, various named defendants and putative class members proceeded to introduce testimony from the Settlement Hearing into the evidentiary record. Certain of the Defendants also moved for the admission of supplemental loan documents, affidavits of client representatives and stipulations of fact. At the conclusion of the hearing, following closing arguments by the Debtors, named defendants and certain participating putative class members, the Court took this matter under advisement.

B. _Intervention, Exclusion and Dismissal Requests_

At the time of the hearing on the settlement the Court permitted intervention, as parties but not as putative class members, by the Official Committee of Unsecured Creditors of Cardinal Industries, Inc. (the "Creditors' Committee"); Cedargate Apartments of Lancaster I, Ltd. and one thousand limited partnerships, more or less, in which CII or an affiliate of CII serves as a general partner ("Cedargate"); and Traub & Company, Inc., as agent and attorney-in-fact representing a majority of the limited partners in several Indiana limited partnerships **[*839]** of which CII was the general partner ("Traub").

Case: 24-10545  Doc# 2800-3  Filed: 11/07/25  Entered: 11/07/25 23:54:16  Page 11 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 386 of 960

105 B.R. 834, *839; 1989 Bankr. LEXIS 1708, **8

The Ford Motor Credit **[\*\*9]** Corporation ("FMCC") and John Hancock Mutual Life Insurance Company on its own behalf and for other similarly situated Defendants ("Hancock") also sought to intervene as representatives of the defendant class. The Court now determines that such interventions would serve only to delay resolution of this matter at this point in the proceedings. Despite denial of such motions, however, previous motions to dismiss by FMCC and Hancock were considered and denied as if such interventions had been appropriate.

In addition, thirty (30) putative class members entered into voluntary forbearance agreements with the Debtors and were excluded from the defendant class by an order entered August 15, 1989.

At the August 24 hearing, the Debtors stated that an agreement had been reached with named defendant Midland. As part of that agreement the Debtors requested that Midland be dismissed from this adversary proceeding. The Court granted the request without objection.

Finally, at the commencement of the Consolidated Hearing, named defendant Florida Federal indicated it had reached an agreement with the Debtors and requested to be dismissed. That request was also granted by the Court without objection. **[\*\*10]** The Debtors further informed the Court that dismissal would be sought for five more putative class members which had executed forbearance agreements. Those Defendants have since been dismissed from this action.

III. FINDINGS OF FACT

A. *The Debtors' Business Operations*

CII is a privately held Ohio corporation headquartered in Columbus, Ohio. Almost all of its outstanding shares are owned by Austin Guirlinger. Founded in 1954, the hallmark of CII has been the manufacturing of a standardized twelve feet by twenty-four feet (12' x 24') module developed in 1969. As previously indicated, these modules are used in the Partnership Properties and are sold to third parties, either as a developed property or as units for such third parties' specific uses. The vertical integration of CII and its approximately twenty-five (25) wholly-owned subsidiaries permits the Cardinal Companies to be involved in every aspect of the development of a Property from conception to consumption. The Cardinal Companies are not only responsible for site selection and acquisition, but also financing and construction. Following construction, the Cardinal Companies provide each project with property management **[\*\*11]** and accounting services, refinancing, and even replacement parts. Income from the management services constitutes a substantial segment of the Cardinal Companies' receipts.

Presently, the Cardinal Companies are involved in approximately 1,000 real estate projects. Each project is owned by a Partnership which operates a discrete property or a single phase of a multi-phase property. Of the 1,000 Partnerships, approximately 455 are unsyndicated. In the unsyndicated Partnerships, CII or a subsidiary serves as the managing general partner and one of CII's wholly-owned subsidiaries is the sole limited partner.

The remaining Partnerships are syndicated. Those Partnerships have outside third-party investors who have purchased the limited partnership shares sold to raise equity funds to construct and operate the Properties. The number of outside investors is nearly 10,000 and their total investment is estimated at $ 425,000,000. CII or a subsidiary also serve as the managing general partner of these Partnerships.

Recently, an additional general partner was added to each of the Partnerships. For all but 18 of the Partnerships that new general partner is a corporation known as R/E Management, **[\*\*12]** Inc., an Indiana corporation owned entirely by Austin Guirlinger, the primary shareholder of CII. In the remaining 18 partnerships the new general partner is Red Bird Management Co., Inc., owned by Howard Spies, the in-house general counsel for CII.

**[\*840]** Certain changes in the Internal Revenue Code which decreased the tax benefits available to investors in real estate limited partnerships and oversupply in the budget motel market have caused an unexpected financial downturn in the business of the Cardinal Companies. That downturn, coupled with cash flow problems and foreclosure proceedings against certain Partnership Properties, led to Chapter 11 filings in this Court to date by the parent, CII; one of its subsidiaries, CIF; and 24 of the Partnerships.

B. *Actions Pending Against the Partnerships or the Properties*

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 12 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 387 of 960

105 B.R. 834, *840; 1989 Bankr. LEXIS 1708, **12

Testimony presented at the hearing on the settlement revealed a significant number of actions brought against the Partnerships or the Partnership Properties. As of July 21, 1989 over two hundred judicial and non-judicial actions had been brought by first mortgage lenders. Those actions, brought in several different states, seek either foreclosure or the appointment of a receiver **[**13]** or both. In addition to those actions pending, the record indicates that lenders have sixty-four foreclosure sales scheduled and that as of July 21 receivers were in place for fifty-five of the Partnership Properties. It is also evident that twenty-three foreclosure sales were stayed by the filing of individual Chapter 11 cases for certain of the Partnerships.

The record further establishes that numerous first mortgage lenders have sought non-possessory relief. A representative for the Debtors testified that lenders have invoked assignment of rent provisions against 340 of the Partnership Properties. Testimony also indicates that a number of statutory or judgment lien creditors have instituted actions against the Partnerships or the Partnership Properties. Trade creditors have sought judgments for over-due payment of bills and subcontractors and materialmen have filed mechanics' liens against the Partnership Properties. Regardless of the type of claim being enforced, the Debtors claim to lack the financial and human resources to defend each of these individual actions.

C. *The Pool of Assets*

The benefits to the estate to be obtained from the relief sought are protections for certain **[**14]** receivables from the Partnerships which comprise the Debtors' most significant assets. Without these assets the Debtors indicate that reorganization may not be possible. Without application of the automatic stay or the issuance of an injunction, the Debtors also allege that irreparable harm to those interests will occur from actions by the Defendants which would destroy the potential value of these assets.

The protection sought is to preserve what is commonly referred to by the Debtors as the Pool of Assets. A representative of Kenneth Leventhal & Company ("Leventhal"), an accounting firm retained by the Debtors to assist in the restructure of their obligations, identified components of the Pool of Assets as various receivables from the Partnerships, including: (1) monies advanced to the Partnerships by the Debtors or their subsidiaries for which second mortgage notes were received; (2) advancements to the Partnerships included as mortgage differentials in wraparound mortgage notes, representing obligations for funds advanced for projects above those provided by the first mortgage lenders; (3) unsecured claims against the Partnerships for operating advances; and (4) unsecured construction **[**15]** loans for projects currently in progress. Leventhal also identified as assets the management contracts between certain of the Cardinal Companies and the Partnerships, and the Debtors' general partner interests in the Partnerships, including a share of profits and losses, control and management rights and the tenancy in partnership interests in the Properties. CII also includes certain rights as the vendee in certain Agreements to Convey Real Property (the "Executory Contracts") which provide for purchase by CII of the Properties of the unsyndicated Partnerships.

Leventhal estimates the aggregate potential value of the first four components over a ten-year period, without discount to present value, to be approximately $ 300,000,000. The largest portion of that value, **[*841]** $ 169 million, is ascribed to the second mortgage receivables. However, in making the value analysis Leventhal did not distinguish whether any particular assets were owned by the Debtors or by another of the Cardinal Companies. In fact, testimony establishes that most of the direct ownership of the assets not directly related to the general partner interests is in subsidiaries of the Debtors. Of the $ 169 million in second **[**16]** mortgage obligations, only 16, with a face value of approximately $ 2,600,000, are owed directly to CII or CIF. The overwhelming majority of second mortgages notes are held by non-debtor subsidiaries.

After payment of Partnership creditors, it is the value of those assets which may be realizable over time which are to comprise a significant portion of the Debtors' estates for repayment to their creditors. Realization of that value is to be accomplished by restructure of the mortgage obligations against the Partnership Properties, general down-sizing of the manufacturing side of the business, elimination of all unnecessary overhead and new business.

D. *The Factual Basis for the Debtors' Asserted Interests in the Partnerships or Properties of the Partnerships*

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 13 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 388 of 960

105 B.R. 834, *841; 1989 Bankr. LEXIS 1708, **16

There are a variety of interests asserted in the Partnerships or the Partnership Properties upon which the Debtors base their right to seek a declaration by this Court that actions by the Defendants against those interests are stayed either by the automatic stay imposed by *11 U.S.C. § 362* or by an injunction to be imposed by the Court. Those specific interests fall into three categories: (1) those attributable to the Debtors' **[\*\*17]** status as general partner in each of the Partnerships, including the right to share in the Partnerships' profits and losses (the "Partnership Interests"), the right to control and manage the Partnerships (the "Management Interests"), and interests in the Partnership Properties as tenants in partnership (the "Tenancy Interests") (collectively the "General Partner Interests"); (2) those resulting from CII's position as vendee to the Executory Contracts (the "Vendee Interests"); and (3) those attributable to notes held directly by the Debtors, secured by second mortgages against sixteen of the Partnership Properties (the "Second Mortgage Interests").

1. *The General Partner Interests*

At the time of the Chapter 11 filings one of the Debtors was the managing general partner in approximately 904 Partnerships. Most, if not all, of those Partnerships also have at least one additional general partner, apparently without any management function and primarily intended to serve as a substitute general partner should such substitution be compelled by the Debtors' bankruptcy filing.

Sample partnership agreements indicate that the Management Interests, or the powers exercisable by the managing **[\*\*18]** general partner, are generally those contemplated by the Uniform Partnership Act. Such powers include the right to incur indebtedness on behalf of the Partnership or to mortgage, sell or lease interests in Partnership Property, and the authority to enter into contracts for the management of Partnership Property. Limited partners are not given any management or control rights. Various contractual arrangements with other of the Cardinal Companies are also set forth in the partnership agreements.

The partnership agreements set forth the Partnership Interests as certain percentages by which cash flow, profits and losses, or net proceeds from sale or refinancing of Partnership Property are to be allocated. Although those arrangements are not all identical, for purposes of simplifying that data for the issue presently before the Court, some generalizations can be made.

In the nonsyndicated Partnerships, where one of the Debtors is the managing general partner and a subsidiary or affiliate of the Debtors is the only limited partner, profits and losses from operations generally are distributed 91% to the limited partners as a class and 9% to the general partners as a class. Cash flow from **[\*\*19]** operations is allocated in a range from 90% to 99% to the limited partner class and 1% to 10% to the general partner class. Net proceeds obtained by refinancing a Property **[\*842]** are to be distributed 70% to the limited partner class and 30% to the general partner class or, like net proceeds from any sale of a Partnership Property, for repayment of each partner's net adjusted capital account and then divided equally between the general partner and limited partner classes.

In the syndicated Partnerships the arrangements are more complex and more variable. However, on a simplified basis, from distributable cash those limited partners are allocated most or all of the cash until a 9% to 10% annual return on their capital contribution is reached and then the cash is divided at 70% to the limited partners as a class and 30% to the managing general partner. Upon sale or refinancing of a Property, the limited partners are to receive all net proceeds up to the amount of their adjusted net capital contribution and annual stated 9% to 10% return not previously received. Only then may any distribution be made to the managing general partner on its account or return. Any proceeds remaining are allocated **[\*\*20]** at 70% to 75% for the limited partners as a class and 25% to 30% for the managing general partner.

The partnership agreements generally do not specify ownership interests in particular Partnership Property. Accordingly, such Tenancy Interests must be determined under the applicable state law. For purposes of this proceeding, the Court notes that all arguments were based upon Ohio law which codifies the Uniform Partnership Act at Chapter 1775 of the Ohio Revised Code and the Uniform Limited Partnership Act, as enacted in 1984, at Chapter 1782 of the Ohio Revised Code.

2. *Vendee Interests in the Executory Contracts*

Case: 24-10545    Doc# 2800-3    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 14 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 389 of 960

105 B.R. 834, *842; 1989 Bankr. LEXIS 1708, **20

On the morning of the day its Chapter 11 petition was filed, CII entered into Executory Contracts with 373 of the nonsyndicated Partnerships in which CII was a general partner. Those Executory Contracts provide that each signatory Partnership agrees to convey its real property by quit-claim deed to CII, subject to existing liens and mortgages. In return, CII will give each Partnership a non-recourse note, secured by a mortgage against the related Partnership Property, in a principal amount equal to that Partnership's unsecured debt. Prior to or upon a sale of the Partnership **[**21]** Property to a third party, the note and its accrued interest will be payable. Upon each conveyance to CII, CII also will give the existing sole limited partner in each Partnership a note equal to that limited partner's capital contribution to the Partnership. Repayment of that second note, however, is subordinated to payment of the note for the Partnership's unsecured debt.

After each conveyance CII will lease the Partnership Property back to the Partnership from which it was conveyed. The rental fee for such lease is to be 90% of the Partnership's available cash after payment of all costs associated with the Property, including debt service for any mortgage. The parties' obligations to close the Executory Contracts continue until May 15, 1990, after which either party may terminate the agreement. Likewise, if this Court determines that the automatic stay applies to the Partnership Properties, CII's obligation to purchase any Partnership Property and each Partnership's obligation to convey its Property terminate. The Court's approval of each contract is required prior to closing. Certain other conditions precedent within the control of the parties are also specified.

The stated purpose **[**22]** for each of the Executory Contracts is to enable CII, through application of the doctrine of equitable conversion, to achieve an interest in the Properties which would trigger the protection of the automatic stay for those Partnership Properties. No amounts are specified in the Executory Contracts either for the unsecured debts assumed by CII or for any appraised or going-concern value of the Partnership Properties. Likewise, no specific consideration was given by CII at the time it executed the Executory Contracts.

3. *The Second Mortgage Interests*

In addition to the Debtors' General Partner Interests and CII's Vendee Interests in each of the Executory Contracts, CII and CIF assert certain interests in Properties **[*843]** of the Partnerships as holders of 16 notes collateralized by mortgages or deeds of trust. The aggregate face value of these Second Mortgage Interests is approximately $ 2,600,000. Some of the second mortgages may be pledged as security for other obligations of the Debtors. There is no evidence that any of the mortgages have been recorded or are otherwise enforceable against third parties.

IV. ISSUES OF LAW

There are three primary issues before the Court for decision **[**23]** at this time:

1. Should a defendant class be certified?

2. Are actions by the named defendants or by members of the putative class against the Partnerships or the Partnership Properties stayed by the provisions of *11 U.S.C. § 362(a)(3)*?  And if the provisions of *§ 362(a)(3)* stay such actions, should the Court additionally enjoin parties from violating that automatic stay?

3. If the provisions of *11 U.S.C. § 362(a)(3)* are neither sufficient nor applicable to protect the Debtors' interests in the Partnerships or the Partnership Properties, should this Court extend the scope of *§ 362* to include such interests and enjoin the named defendants or members of the putative class from proceeding against the Partnerships or the Partnership Properties?

V. CONCLUSIONS OF LAW

A. *Certification of a Defendant Class*

Citing the volume of litigation pending against the Partnerships and the need for immediate relief, the Debtors contend that initiating separate proceedings against individual lenders is not a viable option. Given that contention, the Debtors seek by motion to certify a defendant class under *Rule 23 of the Federal Rules of Civil Procedure*. The Debtors define the putative class to **[**24]** include all persons and entities who have or obtain a mortgage or other

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 15 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 390 of 960

Case: 25-1238, Document: 9, Filed: 01/26/2026 Page 394 of 963

Page 13 of 27

105 B.R. 834, *843; 1989 Bankr. LEXIS 1708, **24

security interest in property of a limited partnership in which CII or a wholly-owned subsidiary is a general partner. The appropriateness of certifying such a class is delegated to the discretion of this Court.

*Bankruptcy Rule 7023* **HN1**[⬆] expressly provides that *Rule 23 of the Federal Rules of Civil Procedure* ("*Rule 23*") applies in adversary proceedings. **HN2**[⬆] The authority to certify a defendant class is derived from *Rule 23(a)*, which provides: "one or more members of a class may sue *or be sued* as representative parties on behalf of all . . . ." *Fed. R. Civ. P. 23(a)* (emphasis added). And, as the Debtors correctly state, Bankruptcy Courts have on certain occasions certified a defendant class. *See, e.g. Guy v. Abdulla (In re Lowers), 57 F.R.D. 14 (N.D. Ohio 1972)*; *Broadhollow Funding Corp. v. Fitzmaurice (In re Broadhollow Funding Corp.), 66 B.R. 1005 (Bankr. E.D.N.Y. 1986)*. However, before certifying a defendant class the Debtors must demonstrate to this Court that the proposed class satisfies the four prerequisites of *Rule 23(a)*, namely: numerosity, common issues, typical defenses, and adequate representation. **[**25]** The Debtors also must satisfy one of the functional class requirements of *Rule 23(b)*. *Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 585-86 (S.D. Ohio 1987)*; 1 H. Newburg, *Newburg on Class Actions* § 4.45 at 372 (2d ed. 1985).

1. *Requirements For Certification Under Rule 23*

a. *Numerosity*

*Rule 23(a)(1)* **HN3**[⬆] provides that the putative class must be "so numerous that joinder of all members is impracticable." It is important to emphasize that joinder need not be impossible, but rather impracticable. *In re Itel Securities Litigation, 89 F.R.D. 104 (N.D. Cal. 1981)*. Impracticality has been interpreted to mean "extremely difficult or inconvenient but not necessarily impossible." *Broadhollow, 66 B.R. at 1008*. Further, *Newburg* states that "for convenience and economy reasons, the joinder impracticability aspect of the *Rule 23(a)(1)* criterion is applied more flexibly for defendant classes than plaintiff classes;" and, "assuming other class actions prerequisites are satisfied, the joinder impracticability test is rarely a stumbling block for upholding **[*844]** a defendant class action." *Newburg on Class Actions* § 4.55 at 395.

b. *Commonality*

**HN4**[⬆] The second prerequisite, **[**26]** contained in *Rule 23(a)(2)*, requires "questions of law or fact common to the class." The test for determining whether this prerequisite has been satisfied stresses quality not quantity. There need only exist one significant issue or fact common to all members of the putative class. *Newburg on Class Actions,* § 3.10 at 154. The significance of that single issue or fact takes on additional importance in a defendant class action, however. The existence of an unwilling advocate poses due process considerations of fairness for absent class members. Therefore, the Court must exercise special care "in identifying issues that are common to the class that will be automatically defended by the named defendant in the process of defending its own conduct." *Newburg,* § 4.56 at 395.

c. *Typicality*

The typicality of claims or defenses test "shift[s] focus from the characteristics of the class members to the characteristics of the named representatives." *Broadhollow, 66 B.R. at 1009*. *Rule 23(a)(3)* **HN5**[⬆] requires that "the claims *or defenses* of the representative parties are typical of the claims *or defenses* of the class." (Emphasis added). The typicality requirement has not been interpreted **[**27]** to mean identical. *Grant, 116 F.R.D. at 588*; *Oneida Indian Nation v. State of New York, 85 F.R.D. 701, 705 (N.D.N.Y. 1980)*. However, the existence of defenses that are unique either to a representative defendant or to absent class members may impact directly upon the adequacy of representation. Thus, it is generally held that "individual issues should not normally be litigated within the context of a defendant class action unless full rights to raise individual defenses are afforded." *Newburg on Class Actions,* § 4.57 at 396-397.

d. *Fair and Adequate Representation*

**HN6**[⬆] The final prerequisite of *Rule 23* requires a determination that "the representative parties will fairly and adequately protect the interests of the class." *Fed. R. Civ. P. 23(a)(4)*. The Court is cognizant of the added

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 16 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 391 of 960

Case: 25-1238, Document: 9, Filed: 01/26/2026 Page 395 of 963

Page 14 of 27

105 B.R. 834, *844; 1989 Bankr. LEXIS 1708, **27

importance this requirement must be given in the context of a defendant class action. *Grant, 116 F.R.D. at 588.* Consideration, therefore, must be given to whether: (1) the plaintiffs have named weak defendants; (2) the named defendants have sufficient resources to properly defend the action; (3) the named defendants have claims substantial enough to warrant defending; and (4) there exists **[**28]** collusion between the plaintiffs and the named defendants. *Broadhollow, 66 B.R. at 1011.* These factors tend not to present insurmountable obstacles to certification of a defendant class. *Newburg on Class Actions,* § 4.58 at 397. Rather, courts note the irony that an unwilling defendant who vigorously opposes his representative capacity may in fact prove to be the most effective advocate of the class. *See Broadhollow, 66 B.R. at 1011.* The test is whether the Court can conclude that by asserting their own defenses, the representatives have necessarily raised all defenses common to the class. *Doss v. Long, 93 F.R.D. 112, 118 (N.D. Ga. 1981). Accord* Note, *Defendant Class Actions,* 91 Harv. L. Rev. 630 (1978).

*e. Additional Requirement of Rule 23(b)*

**HN7[⬆]** In addition to satisfying the prerequisites of *Rule 23(a),* certification of the proposed class requires satisfaction of any one of the requirements set forth in *Rule 23(b).* The Debtors base their motion for class certification on *Rule 23(b)(1)(B),* which provides:

> **HN8[⬆]** (b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) **[**29]** the prosecution of separate actions by or against individual members of the class would create a risk of
> * * * *
>
> (B) adjudication with respect to individual members of the class which would as a practical matter be dispositive of the **[*845]** interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

*Fed. R. Civ. P. 23(b)(1)(B)* (West 1989 ed.)

*Rule 23(b)(1)(B)* **HN9[⬆]** recognizes that even if a class action is not employed, adjudication of the initial suit may, as a practical matter, determine class interests; and thus, a class action "should be utilized to assure that the rights of absent parties are adequately protected." *Guy, 57 F.R.D. at 18.* If a multiplicity of actions would create a risk of incompatible standards of conduct, certification under *Rule 23(b)(1)(B)* may be an effective mechanism which also conserves judicial resources. *First Federal of Michigan v. Barrow (In re Salem Mortgage Co.), 878 F.2d 912 (6th Cir. 1989).* Likewise, *Rule 23(b)(1)(B)* is applicable to the type of action in which "the class members have claims against a fund that may prove insufficient to satisfy all of them." *Broadhollow, 66 [**30] B.R. at 1013, citing* 7A Wright, Miller, Kane, *Federal Practice and Procedure:* Civil 2d, § 1774 at 437 (1986).

2. *Application Of Rule 23 To Request For Declaratory Relief*

The Court turns first to the issue of certification of a defendant class for the limited purpose of effectuating a declaration that *11 U.S.C. § 362(a)(3)* applies to stay class members from pursuing foreclosure actions against the Partnership Properties. Review of the facts presented clearly demonstrates that the requirement of numerosity has been satisfied. The proposed class is comprised of more than 265 lenders, located in many different states. If joinder of a group of this size and diverse geographical location is not impossible, it is at least impracticable as contemplated by *Rule 23(a)(1).*

Further, the commonality factor required by *Rule 23(a)(2)* is satisfied in this context. The question of law regarding the applicability of *§ 362(a)(3)* to actions against the Partnerships and the Partnership Properties is an issue which is common to all members of the proposed class. The resolution of that issue will be determined on the basis of facts and legal principles common to all class members.

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 17 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 392 of 960

105 B.R. 834, *845; 1989 Bankr. LEXIS 1708, **30

Likewise, the **[\*\*31]** prerequisite of typicality is satisfied in this action with regard to the limited context in which it is presented. The applicability of *§ 362(a)(3)* is contingent upon a finding that actions against the Partnerships or the Partnership Properties constitute actions to obtain "property of the estate" or "property from the estate" of the Debtors. Facts regarding individual lenders or the type of loan or security interest upon which such an action is based are not determinative. Therefore, any defenses to the question of the applicability of *§ 362* will be simultaneously contested on behalf of all class members by the named defendants in the presentation of their individual arguments.

Finally, the Court perceives no dispute as to the requirements of *Rule 23(a)(4)*. Given the manner in which this adversary has proceeded, the Court is convinced that the interests of the class have been fairly and adequately protected with regard to the question of the applicability of *§ 362(a)(3)*. Both named and non-named defendants were given the opportunity to participate in this proceeding. In fact, numerous attorneys with extensive bankruptcy experience presented legal arguments on this issue. Therefore, **[\*\*32]** certification of a defendant class, at this stage, for the limited purpose of effectuating declaratory relief does not pose any due process concerns.

Having met all of the prerequisites of *Rule 23(a)*, the Court must turn its attention to the requirements of *Rule 23(b)*. The Debtors base their motion for class certification on *Rule 23(b)(1)(B)*. The Court is in agreement that the proposed class meets the requirements of *Rule 23(b)(1)(B)* for the limited issue presented under *§ 362(a)(3)*.

This Court is not the only forum which may determine whether the automatic stay imposed in the Debtors' jointly administered cases is applicable to actions against the Partnerships or the Partnership Properties. *N.L.R.B. v. Edward Cooper Painting, Inc., 804 F.2d 934 (6th Cir. 1986)*. With **[\*846]** numerous actions pending in state courts, it is inevitable that some state court will address the issue. Although admittedly the issue is most likely to be raised by the Debtors as a defense, the precedent set by a decision adverse to a particular lender may prove, as a practical matter, dispositive with respect to other members of the class. Such a result would be particularly unjust for class members if the party **[\*\*33]** initially litigating the issue could not and did not raise all of the defenses of class members. Given the risk of such a result, the Court believes the interests of all class members would be better served if the issue were adjudicated before a single court that had the benefit of considering all the defenses of class members. Therefore, for the limited purpose of effectuating declaratory relief premised solely on the determination of the applicability of *§ 362(a)(3)*, the Court sustains the Debtors' motion for certification of a defendant class. Such class, however, shall consist only of all persons and entities who have or obtain a mortgage or other security interest in Property of a Partnership for which CII or CIF serves as a general partner.

3. *Application Of Rule 23 To Request For Relief Under 11 U.S.C. § 105*

a. *Injunctive Relief Necessitated By The Granting Of Declaratory Relief*

The Court focuses next on the issue of certification of a defendant class for the purpose of granting injunctive relief which is ancillary to any declaratory relief regarding *§ 362* that this Court may grant. In essence, the Debtors seek a declaration in the form of an injunction which reiterates **[\*\*34]** the Court's findings regarding the applicability of *§ 362*. The use of *§ 105* in that fashion results merely in the issuance of an order that is necessary to carry out the provisions of Title 11. Injunctive relief of that nature does not require independent analysis on a lender by lender basis. Therefore, such an order may be issued as ancillary relief to the certification for *§ 362* purposes. However, the Court does not believe that separate or additional certification of a defendant class is necessary or appropriate for such relief.

b. *Injunctive Relief Based Upon An Extension Or Incorporation Of The Provisions Of § 362, Or Based Solely Upon § 105*

Finally, the Court considers the issue of certification of a defendant class for the purpose of granting injunctive relief unrelated to any declaratory finding regarding the applicability of *§ 362*. As an alternative to declaratory relief coupled with mere ancillary injunctive relief, the Debtors request that an injunction be issued pursuant to *§ 105(a) of the Bankruptcy Code* on what appear to be two grounds. First, the Debtors seek a *§ 105(a)* injunction which

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 18 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 393 of 960

Case: 25-1238, Document: 9, Filed: 01/26/2026 Page 397 of 963

Page 16 of 27

105 B.R. 834, *846; 1989 Bankr. LEXIS 1708, **34

extends or incorporates the protections and procedures contained in § 362 [**35] and enjoins all members of the defendant class from pursuing any claims against the Partnerships or the Partnership Properties in violation of this expanded automatic stay. And second, the Debtors seek an injunction premised solely upon § 105.

As mentioned above, certain of the named and non-named defendants moved for dismissal at the Consolidated Hearing. At that time, this Court orally sustained that dismissal motion to the limited extent it related to certification of a defendant class established to effectuate injunctive relief premised solely upon § 105(a) of the Bankruptcy Code and unrelated either to injunctive relief employed primarily to enforce or restate the declaratory finding regarding the application of § 362 or to injunctive relief premised upon an extension or incorporation of § 362. As required by Rule 41(b) of the Federal Rules of Civil Procedure, the reasons for that dismissal are set forth below. The Court also finds that the same rationale applies to the Debtors' request for injunctive relief under § 105(a) which extends or incorporates the protections and procedures contained in § 362.

HN10[↑] The critical factor in determining the appropriateness of certification of [**36] a defendant class, under these circumstances, is the nature of the relief requested. The type of relief sought here by the Debtors is injunctive, rather than declaratory. [*847] The importance of that factor is the analysis that must be employed to determine whether the relief is warranted. Section 105 injunctive relief, premised upon Rule 65 of the Federal Rules of Civil Procedure, requires a balancing of the relative harms on an individual, rather than aggregate, basis. Given that analytical requirement the typicality prerequisite of Rule 23(a)(3) cannot be satisfied. And that analytical requirement applies whether the requested relief is based solely under § 105(a) injunctive powers or whether that relief is stated as an extension of § 362 through the use of § 105(a).

Rule 23(a)(3) requires that the defenses of the representative parties be typical of the defenses of the class. However, throughout this proceeding numerous named and non-named defendants indicated a plethora of factors which differentiate each lender. Such factors range from the type and size of the lending institution, to the type and maturity of the Partnership Property securing each loan. Recognizing the existence of [**37] such a diverse set of circumstances, it is impossible for this Court to find that the defenses of the named representatives to the imposition of an injunction are typical of all the defenses of the class. And, where the injunctive relief sought would be imposed upon the Defendants prior to any subsequent hearing where individual defenses might be raised, the Court finds that the prerequisite of typicality required by Rule 23(a) cannot be satisfied and that certification of the proposed defendant class would be inappropriate.

In addition, even if the prerequisites of Rule 23(a) had been satisfied, the Court finds that certification pursuant to Rule 23(b)(1)(B) is not proper under these circumstances. This Court is the only forum where the Debtors could seek relief under § 105. And, given the consideration of individual circumstances in granting § 105 injunctive relief pursuant to Rule 65, the prosecution of separate actions against individual members of the class would not create the risk that adjudication of the actions would be dispositive with respect to all other members of the class.

Further, this case does not qualify as a "limited fund" case. Traditionally, such cases involve [**38] actions in which class members have claims against a single fund that may prove insufficient to satisfy all of those claims. In the present case, however, there in fact exist a large number of separate and distinct limited funds. Each such fund, for the most part, secures the claim of a single class member. Therefore, the satisfaction of one class member's claim generally does not impact upon the satisfaction of another class member's claim. No request was made to limit the class to defendants with guarantees or other recourse to the Debtors. Accordingly, Rule 23(b)(1)(B) is not satisfied in this action for any matter based upon independent relief under 11 U.S.C. § 105 premised upon the requirements of Rule 65.

B. The Application of 11 U.S.C. § 362 to the Debtors' Interest

In support of their argument that this Court should declare that the actions of the Defendants against the Partnerships or the Partnership Properties are barred by the Bankruptcy Code's automatic stay, the Debtors rely upon 11 U.S.C. §§ 541(a)(1) and 362(a)(3). Those sections state in applicable part:

Case: 24-10545  Doc# 2800-3  Filed: 11/07/25  Entered: 11/07/25 23:54:16  Page 19 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 394 of 960

105 B.R. 834, *847; 1989 Bankr. LEXIS 1708, **38

### § 541. Property of the estate

HN11[⬆] (a) The commencement of a case . . . . creates an estate. Such estate is comprised [**39] of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

*11 U.S.C.A. § 541(a)(1) (West Supp. 1989)*;

### § 362. Automatic stay

HN12[⬆] (a) . . . . a petition . . . . operates as a stay, applicable to all entities, of
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

*11 U.S.C.A. § 362(a)(3) (West Supp. 1989)*.

Each of the asserted interests, the General Partner Interests, the Vendee Interests [*848] and the Second Mortgage Interests, must be analyzed under each of those provisions to determine if the Defendants' actions against the Partnerships or the Partnership Properties violate the automatic stay.

1. *The General Partner Interests*

HN13[⬆] Uniform partnership law gives a general partner in a limited partnership an interest in the partnership (the "Partnership Interest"), a right to participate in the management (the "Management Interest"), and status as a tenant in partnership ("the "Tenancy Interest"). *See Ohio Revised Code §§ [**40] 1775.23* and *1782.29*. As general partners in limited partnerships, the Debtors also have those rights. *See Ohio Revised Code § 1782.24*.

It is the Debtors' position that each of these General Partner Interests is a legal or equitable interest of the Debtors which is property of their bankruptcy estates pursuant to *11 U.S.C. § 541(a)*. As estate property, the Debtors argue that such General Partner Interests are protected by the operation of *11 U.S.C. § 362(a)(3)* from acts of the Defendants to obtain possession of or exercise control over the Partnership Properties.

In support of their position, the Debtors rely on *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.), 835 F.2d 427 (2nd Cir. 1987)*, cert. denied, 485 U.S. 1035, 108 S. Ct. 1596, 99 L. Ed. 2d 910 (1988); *Beverly Plaza Assoc. v. Saul (In re Kroh Bros. Develop. Co.), 91 B.R. 525 (Bankr. W.D. Mo. 1988)*; *Quarles House Apts. v. Plunkett (In re Plunkett), 23 B.R. 392 (Bankr. E.D. Wis. 1982)*; *Harsh Investment Corp. v. Bialac (In re Bialac), 712 F.2d 426 (9th Cir. 1983)*; *A. H. Robins Co. v. Piccinin (In re A. H. Robins Co.), 788 F.2d 994 (4th Cir. 1986)*, cert. denied, 479 U.S. 876, 93 L. Ed. 2d 177, 107 S. Ct. 251 (1986); and *Johns-Manville [**41] Corp. v. Asbestos Litigation Group (In re Johns-Manville Co.), 33 B.R. 254 (Bankr. S.D.N.Y. 1983)*.

Although the Debtors concede the existence of several cases that hold against their positions, they maintain that those cases were wrongly decided. *See Venture Properties, Inc. v. Norwood Group, Inc. ( In re Venture Properties, Inc., 37 B.R. 175 (Bankr. D. N.H. 1984)*; *Dominican Fathers of Winona v. Dreske (In re Dreske), 25 B.R. 268 (Bankr. E.D. Wis. 1982)*; *In re Korangy, 1989 Bankr. LEXIS 500* (Bankr. D. Md. March 30, 1989). The Debtors further declare that the size or value of their asserted General Partner Interests is irrelevant to the determination whether such interests are included as property of their bankruptcy estates. To the extent *Turner v. Lee (In re Minton Group, Inc.), 46 B.R. 222 (S.D.N.Y. 1985)*, holds otherwise, the Debtors believe the *Minton* Court misapplies the law.

The Debtors also assert that most of the decided cases have failed to properly consider the Management Interests of a managing general partner in a limited partnership. They maintain that the only case considering such Management Interests protected a debtor's right to management and [**42] control. *Plunkett, 23 B.R. at 394*.

Case: 24-10545 Doc# 2800-3 Filed: 11/07/25 Entered: 11/07/25 23:54:16 Page 20 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 395 of 960

105 B.R. 834, *848; 1989 Bankr. LEXIS 1708, **42

In response the Defendants allege that the Debtors have failed to comprehend the effect of the entity theory upon partners who are debtors in bankruptcy cases. The Defendants further argue that the relief sought by these Debtors is unsupportable and goes far beyond existing case law.

HN14[↑] It is clear that under bankruptcy law a partnership is an entity separate from any of its partners. *Dreske, 25 B.R. at 270*. Such separate legal identity means not only that a partnership may file its own bankruptcy case, but also that a partnership and a partner may not file a joint case. *See 11 U.S.C. § 302*. It is further undisputed that whatever legal or equitable interests a general partner has in a partnership become part of that partner's bankruptcy estate under *11 U.S.C. § 541(a)*.

HN15[↑] Each partner in a limited partnership, general or limited, has a Partnership Interest. That Partnership Interest is defined as "a partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets." *Ohio Rev. Code § 1782.01(J)*. The extent of those Partnership Interests held by the Debtors, as set forth in the sample **[**43]** **[*849]** partnership agreements, is discussed in Part III.D of this opinion. Under limited partnership law generally, those Partnership Interests are personal property. *See Ohio Rev. Code § 1782.39*. The Partnership Interests, which make available to the Debtors shares of income or distributions from the sale or refinancing of Partnership Properties, come into each Debtor partner's bankruptcy estate and are available for creditors. Those Partnership Interests are personal rights which each of these Debtor partners is entitled to use for its own purposes. *Ohio Rev. Code § 1782.39*. Because those Partnership Interests vest in the estate, parties may not take actions to exercise control over these interests or remove them from the Debtors' possession. *Dreske, 25 B.R. at 271*. Without relief from the automatic stay, other parties may not appropriate either of the Debtor partner's Partnership Interests and may not execute or otherwise interfere with distributions arising from those interests. The Debtors' rights to income and distribution, however, are subordinate to the rights of creditors of the Partnerships. *Redmon v. Witt, 9 F.2d 36 (6th Cir. 1925)*.

==The Defendants in this adversary, **[**44]** however, are not acting against the Debtors' Partnership Interests in seeking to obtain judgments against the Partnerships for debts of the Partnerships. Likewise, the Defendants are not acting against the Debtors' Partnership Interests by seeking to foreclose their mortgage interests in the Partnership Properties.== While the Debtors' Partnership Interests may lose value if the Partnership Properties, which may be the sole source for any income or distribution from the Partnerships, are taken away, each partner's rights to its designated shares remains. The Partnerships may acquire new properties or embark upon new enterprises for which the Debtors' shares of profits, losses and distributions remain unchanged. Accordingly, while *11 U.S.C. § 362(a)(3)* stays any actions by the Defendants to take or exercise control over the Debtors' Partnership Interests or to obtain possession of those Partnership Interests by acting to dissolve the Partnerships or otherwise interfering directly with those Partnership Interests, the Court finds that the existence of the Debtors' Partnership Interests does not cause *§ 362(a)(3)* to be applicable to the Defendants' actions to institute and prosecute foreclosure **[**45]** actions against the Partnership Properties.

The next components of the General Partner Interests which the Debtors argue are property of their estates are their rights, as general partners in limited partnerships, to participate in the management of the Partnerships. These Management Interests, as discussed in Part III.D of this opinion, are contractual and arise from provisions of the partnership agreements which also incorporate by reference powers granted in the "Uniform Act". The Management Interests are property of the Debtors' estates.

Various parties have asserted throughout these proceedings that the Chapter 11 filings terminated these Debtors' Management Interests as general partners under state statutory law and under the terms of the partnership agreements. Without extensive written analysis of this critical, but somewhat tangential issue, the Court finds that the Supremacy Clause of Article VI of the Constitution of the United States and the provisions of *11 U.S.C. § 365(e)* defeat such arguments and wishful thinking by the Defendants. *In re Rittenhouse Carpet, Inc., 56 B.R. 131 (Bankr. E.D. Pa. 1985)*; *In re Corky Foods Corp., 85 B.R. 903 (S.D. Fla. 1988)*. This **[**46]** result is especially compelled in reorganization cases where the debtors are the managing general partners of limited partnerships. *In re Safren, 65 B.R. 566 (Bankr. C.D. Cal. 1986)*; F. Kennedy, *Partnership and Partners' Estates Under the Bankruptcy Code,* Ariz. St. L.J. 219, 261 (1983).

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 21 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 396 of 960

105 B.R. 834, *849; 1989 Bankr. LEXIS 1708, **46

The Debtors rely primarily upon *Plunkett* for the application of § 362(a)(3) to their Management Interests. Such reliance is misplaced, however, as *Plunkett* is factually distinguishable. In *Plunkett* certain investors were attempting to remove a debtor as the managing general partner. The Court held that the investors' actions were actions against the debtor's contractual **[*850]** right to manage the partnership property. And that contractual right was property of the estate. *Plunkett, 23 B.R. at 394*. As property of the estate, actions to terminate that right would be stayed by § 362(a)(3).

The Debtors also raise in their final post-trial reply brief the issue of their Management Interests as such relate to any disposition of a Partnership Property. In essence, the Debtors seem to say that since their Management Interests include the power to dispose of Partnership Properties, the Defendants' **[**47]** actions to foreclose the Partnerships' interests in the Partnership Properties are actions to take away the Debtors' rights to determine the disposition of those Partnership Properties. Clearly, however, such powers of disposition could not affect the right of a mortgagee to bring a foreclosure action against a Partnership Property for default in payments under the mortgage. The mortgagee's rights to foreclose are determined by the mortgage agreement and by applicable state law. The mortgagee is not a party to or subject to the partnership agreement as that agreement allocates powers of disposition between the managing general partner and the limited partners.

As with the Debtors' Partnership Interests, however, the actions of the Defendants against the Partnerships and the Partnership Properties are not actions against the Debtors' contractual Management Interests. Foreclosure actions by the Defendants may change the activities of the managing general partner and may even eliminate such activities as they relate to particular Partnership Properties, but the Defendants' actions are not actions to remove or exercise control over the contractual Management Interests which are property **[**48]** of the estate. Nor are the Defendants' actions acts to obtain such Management Interests from the estate. Accordingly, the Defendants' actions in seeking to foreclose the Partnerships' interests in the Properties are not barred by § 362(a)(3) because of the Debtors' Management Interests.

Finally, as general partners the Debtors also have Tenancy Interests in specific Partnership Properties. Neither the partnership agreements generally nor Chapter 1782 of the Ohio Revised Code determine or set forth the Tenancy Interests of the Debtors in specific property. Therefore, the statutory provisions governing rights granted to a partner in a general partnership are the only source for any such existing Tenancy Interests. *Ohio Revised Code § 1775.24* provides:

> HN16[⬆] (A) A partner is coowner with his partners of specific partnership property holding as a tenant in partnership.
> (B) The incidents of this tenancy are such that:
> > (1) A partner . . . . has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess the property for any other purpose without the consent of his partners.
> > . . . .
> > (3) A partner's right in specific partnership **[**49]** property is not subject to attachment or execution, except on a claim against the partnership . . . .

*Ohio Rev. Code Ann. § 1775.24* (Anderson 1985).

The Debtors assert that such Tenancy Interests are property of their bankruptcy estates and that the actions of the Defendants in seeking to foreclose the Partnerships' interests in their respective Properties will destroy or diminish those Tenancy Interests. Even though such co-tenancies would not bring the entirety of a Partnership Property into either of the Debtors' bankruptcy estates, if the Tenancy Interests are legal or equitable interests of the Debtors in the Partnership Properties within the meaning of 11 U.S.C. § 541(a)(1), those Tenancy Interests would be property of the estate. Resolution of that issue does not depend upon record title which is in the respective Partnership. *See* H. R. Rep. No. 95-595, p. 367 (1977), *reprinted in* App. 2, L. King. *Collier on Bankruptcy* (15th ed. 1989).

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 22 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 397 of 960

Case: 25-1238  Document: 9  Filed: 01/26/2026  Page 401 of 963

Page 20 of 27

105 B.R. 834, *850; 1989 Bankr. LEXIS 1708, **49

[*851]  The Court finds that the Debtors' Tenancy Interests are not legal or equitable interests of the Debtors in property within the meaning of § 541(a)(1). It is not material whether such Tenancy Interests are excluded as powers exercisable [**50] solely for the benefit of another entity pursuant to 11 U.S.C. § 541(b) or whether such interests are viewed simply as indivisible joint interests in the property of a separate entity which do not rise to the level of legal or equitable rights of the Debtors in specific property. See Hopkins Illinois Elevator Co. v. Pentell (In re Pentell), 777 F.2d 1281 (7th Cir. 1985) (appeal of second mortgage holders to order of bankruptcy judge disbursing insurance proceeds to mechanic's lien holder); Minton, 46 B.R. 222. The Debtors' Tenancy Interests are not equitable or legally-cognizable rights in the Partnership Properties because there are no legal or equitable rights arising in favor of the Debtors from such Tenancy Interests.

To some extent the difficulty in this matter arises from the vestiges of the aggregate theory of partnership contained in the uniform statutes. That theory is clearly rejected by the Bankruptcy Code. Therefore, despite the general principle that property rights are defined by state law, where such rights conflict with the entity theory, the Bankruptcy Code principle prevails in a partner's bankruptcy. Any conflict here, however, is more apparent than real [**51] since a partner has no legally cognizable individual right to assign a Tenancy Interest, no right to make such an interest available for the use of the partner's creditors and no right to use or divide the property for the partner's own benefit. Indeed what limited possessory right the partner has as part of its Tenancy Interest is exercisable only for the benefit of the Partnership.

Any other interpretation would be inconsistent with other provisions of the Bankruptcy Code. For example, a trustee or debtor-in-possession has power, pursuant to 11 U.S.C. § 363, to sell property of the estate. Such power further extends to the sale of undivided interests of co-owners. But that power does not include the right to sell an interest of a co-tenant in partnership. See 11 U.S.C. § 363(h); Connolly v. Nuthatch Hill Associates (In re Manning), 37 B.R. 755 (Bankr. D. Col. 1984), aff'd on § 363 grounds, remanded on other grounds, 831 F.2d 205 (10th Cir. 1987). And a creditor holding a mortgage against Partnership Property clearly does not have an allowed secured claim in the partner's case measured by the partner's interest as a tenant in partnership. See 11 U.S.C. § 506(a). [**52] Nor would it make sense to hold that a Tenancy Interest is property of the bankruptcy estate of a partner when a trustee or debtor-in-possession could not force turnover of the property in which such interest existed pursuant to 11 U.S.C. § 542, avoid a fraudulent transfer of that property under 11 U.S.C. § 544 or § 548, or avoid a post-petition transfer of that property under 11 U.S.C. § 549. Minton, 46 B.R. at 226; E. A. Martin Machinery v. Williams (In re Newman), 875 F.2d 668 (8th Cir. 1989). In fact, because of restrictions in partnership law, a debtor partner may lack authority to transfer partnership property at all other than as an authorized agent acting on behalf of the partnership. See Ohio Rev. Code §§ 1775.08 and 1775.09. Accordingly, the Debtors' Tenancy Interests in specific Partnership Properties are not property of their bankruptcy estates. In essence, such interests are mere derivative rights which flow from the Partnership Interests and are not independent rights in property.

Other cases cited by the Debtors warrant comment. As anticipated, the Court must find that any reliance upon Kroh Bros. arises only from a footnote in that decision. Kroh [**53] Bros., 91 B.R. at 539 n.5. The footnote, although supportive of the Debtors' position, is clearly dicta and unnecessary for the decision which is grounded upon 11 U.S.C. § 362(a)(1). Further, in Bialac, Robins, and Manville, the debtors had specific interests in property which were part of their bankruptcy estates. The parties sought to be stayed were proceeding against those specific interests. In Bialac that interest was a right of redemption granted to the debtor under state law [*852] which would be specifically cut off by creditors proceeding against the property to which the right of redemption related. Bialac, 712 F.2d at 431. Likewise, in Manville and Robins the debtors had ownership rights in certain insurance policies. Although the proceeds of those policies may not have been payable to those debtors on their own behalf, such proceeds were available for the benefit of claimants against the policies who were also creditors of the debtors. Accordingly, efforts of claimants to collect those proceeds being held by a non-debtor were actions to obtain possession of property from those estates. Manville, 33 B.R. at 264; Robins, 788 F.2d at 1001. As such, [**54] those actions were subject to the automatic stay.

Finally, 48th Street Steakhouse was an important case to the Debtors. In that case, the debtor was a sublessee with possessory rights in certain real property. Those rights were property of its estate and were exercisable for the debtor's benefit. The landlord's action in terminating the prime lease would have terminated those rights of

Case: 24-10545  Doc# 2800-3  Filed: 11/07/25  Entered: 11/07/25 23:54:16  Page 23 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 398 of 960

105 B.R. 834, *852; 1989 Bankr. LEXIS 1708, **54

possession. Therefore, the landlord's actions were acts to obtain property from the estate. *48th Street Steakhouse, 835 F.2d at 430-31*. The Debtors liken this to the Defendants' actions against the Partnership Properties which may, as a practical matter, destroy the value of their Partnership Interests and remove from the Partnerships the Properties to which the Debtors' Tenancy and Management Interests relate. But these Debtors have no rights to possession or management of the Partnership Properties which are exercisable either for their own benefit or for the benefit of their creditors. Moreover, actions against the real property of another entity which only indirectly affect the value of a debtor's contractual or personal property interests are simply not within the scope of *§ 362(a)(3)*. **[**55]** This Court believes that actions "to obtain property from the estate", within the meaning of *§ 362(a)(3)*, applies to actions against property owned by the debtor, but in another's possession, or to actions against possessory or other rights of the debtor in specific property where the underlying ownership interest is in another entity. Neither of those circumstances is present. The Debtors' only possessory rights are not property of their bankruptcy estates because such rights are exercisable only for the benefit of another entity. The remaining interests are contractual or personal in nature, are not rights in specific Partnership Properties and are not being proceeded against directly. While the Court agrees that *48th Street Steakhouse* is the closest authority for the Debtors' positions, certain critical distinctions make reliance on its holding insufficient for the position asserted in this action by the Debtors.

2. *The Vendee Interests in the Executory Contracts*

CII asserts that the doctrine of equitable conversion operates to make its Vendee Interests protectable by the automatic stay. The Defendants challenge that assertion and argue that the Executory Contracts are illusory **[**56]** or sham contracts, that equitable conversion has not occurred and that on general equitable principles the doctrine should not be applied to the Vendee Interests.

The doctrine of equitable conversion developed in courts of equity to give effect to the intentions of parties to a contract for the sale of real property when some unexpected event intervened between the time the parties agreed to transfer the real property and a deed was delivered to the vendee. *Chase Manhattan Mortgage and Realty Trust v. Bergman, 585 F.2d 1171 (2d Cir. 1978)*; *see generally 27 Am. Jur. 2d Equitable Conversion §§ 1-16* (1966). **HN17[↑]** Essentially, the doctrine operates to transform the vendee's personal property interest in the contract into an interest in the realty while, at the same time, the vendor's real property interest is changed into a personal right to receive the sale price under the contract. *See In re Matter of Jones, 768 F.2d 923, 928 (7th Cir. 1985)*; *Cleveland Trust Co. v. Bouse, 163 Ohio St. 392, 127 N.E.2d 7 (1955)*. The doctrine is not a favored one and is used only where actual necessity requires its application to effectuate the intentions of the parties and, thus, prevent **[**57]** an injustice. **[*853]** *Vigli v. Davis, 79 Cal. App.2d 237, 179 P.2d 586 (Cal. Dist. Ct. App. 1947)*.

It is unclear whether equitable conversion is available where a contract to sell realty was executed in and governed by the laws of a state recognizing the doctrine, but where the property is situated in a state which does not recognize the doctrine. *See Clarke v. Clarke*, 178 U.S. 186, *44 L. Ed. 1028, 20 S. Ct. 873 (1900)*; *Toledo Society for Crippled Children v. Hickok, 152 Tex. 578, 261 S.W.2d 692 (1953)* cert. denied 347 U.S. 936, 74 S. Ct. 631, 98 L. Ed. 1086 (1954). Therefore, although the Executory Contracts were executed in Ohio and are expressly governed by the law of Ohio, the doctrine may not be available if the state in which the vendor Partnership's Property is located does not recognize the doctrine. However, since at least some of the Partnership Properties are located in states which recognize the doctrine, application of the doctrine of equitable conversion generally to the Debtors' Vendee Interests will be considered.

The Defendants assert that even if equitable conversion is recognized by the courts of the state where the property is located, as it admittedly is for those unsyndicated Partnership Properties in Ohio, the **[**58]** doctrine does not operate until consideration has passed and any condition precedent not within the control of either of the parties has been satisfied. The contracts then must be specifically enforceable.

In support of those arguments the Defendants point to *Case v. United States, 633 F.2d 1240 (6th Cir. 1980)*. *Case*, in turn, relies for its interpretation of the law of equitable conversion in Ohio upon the case of *Sanford v. Breidenbach, 111 Ohio App. 474, 173 N.E.2d 702 (Ohio Ct. App. 1960)*. The *Sanford* court held that equitable conversion becomes effective only where a vendor has fulfilled all conditions precedent and is entitled to specifically

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 24 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 399 of 960

105 B.R. 834, *853; 1989 Bankr. LEXIS 1708, **58

enforce the contract for the sale of the real property. In addition, both parties must have intended in the contract that title should pass to the vendee upon execution of the contract of purchase.  *Sanford, 111 Ohio App. at 481, 173 N.E.2d at 707*.

The later case of *Ferguson Realtors v. Butts, 37 Ohio App. 3d 30, 523 N.E.2d 534 (Ohio Ct. App. 1987)*, also relied upon by the Defendants, holds that a contract for the sale of real property is not specifically enforceable where a condition precedent remains unfulfilled **[**59]** and such condition depends upon the consent or approval of a third party.

It is clear that the condition precedent in the Executory Contracts, that this Court determine not to issue a stay which would protect the Partnership Properties, had not occurred and was not within the control of CII or the vendor Partnerships at the time the bankruptcy petitions were filed. Therefore, under both *Ferguson Realtors* and *Sanford*, the Executory Contracts were not specifically enforceable and equitable conversion had not occurred to transform the Debtors' Vendee Interests into interests in the Partnership Properties.

In response, however, the Debtors cite *23 Tracts of Land v. United States, 177 F.2d 967 (6th Cir. 1949)*. And, indeed, *23 Tracts* does apply the doctrine of equitable conversion to transform the interest of a lessee with an oral option to purchase a parcel of land into a real property interest. That transformation, for purposes of interpreting the right to a claim and the applicability of the anti-assignment provisions of 31 U.S.C.A. § 203 in an eminent domain proceeding, was held to have occurred as of the date the lease was executed and delivered. The lessee was given **[**60]** the right to assert any claim for compensation from the taking of an easement against the property. *23 Tracts,* 177 F.2d at 970. This result makes sense because the lease and option existed prior to the government's exercise of eminent domain powers and the option price was set prior to that taking of an easement. To prevent unfairness to the lessee, who had exercised his purchase option prior to intervening in the eminent domain action, the lessee should be entitled to whatever diminution in value had resulted from the government's taking of the easement.

The reason that *23 Tracts* is not dispositive of the equitable conversion argument, **[*854]** apart from the fact that *Case* is a later pronouncement by the Sixth Circuit, is that the effect of conditions precedent and the availability of specific performance to the vendor were not necessary considerations in *23 Tracts*. The lessee-optionee in *23 Tracts* had exercised his purchase option and had received a deed to the property prior to intervening in the eminent domain action. *23 Tracts,* on the one hand, and *Case* and *Sanford* on the other hand, are not in conflict. The rule to be synthesized from those cases is that **[**61]** if the parties intend for title to pass at the time the contract to convey land is executed and any conditions precedent to the obligation of the party seeking equitable conversion have been met or are ready to be met, equitable conversion may appropriately be invoked. Once properly invoked, under the law of Ohio, the doctrine may permit relation back to the date of the execution of the contract.

As applied to the Vendee Interests, equitable conversion had not occurred at the time of CII's bankruptcy filing. Indeed, before a Partnership could successfully seek to specifically enforce the Executory Contracts, this Court would have to find that neither the automatic stay nor an injunction would stay actions against the Partnerships or the Partnership Properties. So long as that condition remained and CII had not waived it, specific performance would not be available to the vendor Partnership and CII's Vendee Interests, contractual in nature, would not have been transformed into interests in the Partnership Properties under the doctrine of equitable conversion.

Even if the Court is in error regarding the time when CII's Interests would be transformed into interests in realty, the Court **[**62]** believes that application of the doctrine of equitable conversion, like other equitable remedies, is discretionary with the Court. It is not a favored doctrine and is applied only when the refusal to do so would create or perpetuate an injustice. An equity court, therefore must consider all circumstances surrounding the execution of the contracts.

The circumstances of the execution of these Executory Contracts do not permit application of the doctrine. The Court believes it would indeed be a perversion of the doctrine of equitable conversion to permit transformation of the nature of the interests of the vendee and vendor in each of these contracts and, as soon as such transformation

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 25 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 400 of 960

105 B.R. 834, *854; 1989 Bankr. LEXIS 1708, **62

were accomplished, for those interests to terminate under the specific terms of each contract. While such contractual provisions may be carefully crafted, as stated by counsel for the Debtors, creation of real property interests in the unsyndicated Partnership Properties by such devices would be an inappropriate invocation of the Court's equity powers. It is not so much that the result would be untenable, given the Debtors' control over the unsyndicated Partnerships by its general partner interest and **[\*\*63]** ownership of the sole limited partner, but the result would be contrived and manipulative of the interests of third parties. The auspices of a court of equity should not be used for that purpose. Accordingly, the Vendee Interests remain as contractual interests which, although property of the Debtors' bankruptcy estate, are not legal or equitable interests of the Debtors in Partnership Properties. Therefore, the Defendants' actions against the Partnership Properties are not stayed by _11 U.S.C. § 362(a)(3)_ because of the Vendee Interests.

3. _The Second Mortgage Interests_

Finally, the Debtors assert property interests in the Partnership Properties by virtue of the Second Mortgage Interests held directly by CII or CIF against 16 of the Partnership Properties. Arguments by the Debtors suggest that without the protections of the automatic stay the Second Mortgage Interests will be destroyed by the Defendants' foreclosure actions. Few of the Defendants directly addressed the validity of such Second Mortgage Interests or the applicability of _§ 362_ to protect those interests. Those defendants which addressed the Second Mortgages Interests focused on the value of such interests and the **[\*\*64]** Debtors' likelihood of ever realizing **[\*855]** those values. That focus is, however, misplaced.

Documentary evidence of the second mortgages was not introduced into evidence. The Leventhal representative, however, testified that he had reviewed summary reports for each Partnership which showed such data and that he or his staff had reviewed the underlying documentation for those mortgages. Therefore, for purposes of this issue, the Court will assume the existence and validity of such mortgages. Should it later develop that such assumption is invalid for a specific Second Mortgage Interest, these findings will be irrelevant to such asserted interest.

The issue of the applicability of the automatic stay to protect the Debtors' Second Mortgage Interests first requires an analysis of the characterization under applicable state law of those apparently unrecorded Second Mortgage Interests. As the Partnership Properties involved are located in Ohio, Florida and Indiana, the status of a holder of an unrecorded mortgage in those states must be examined. If such unrecorded Second Mortgage Interests are recognized as liens against the respective Partnership Properties under applicable state law, then **[\*\*65]** the effect upon those Second Mortgage Interests of the actions of the Defendants in seeking to foreclose their first mortgage interests must be examined.

The Debtors' Second Mortgage Interests are property of their estates. _Florida Inst. of Technology v. Carpenter (In re Westec Corp.), 460 F.2d 1139 (5th Cir. 1972)_. It is the law generally, however, that the recording statutes exist for the benefit of parties whose interests are subsequent to the unrecorded interest. Therefore, as between the mortgagor and mortgagee, an unrecorded, but otherwise valid, mortgage usually is effective to create a lien against the property for which the mortgage was given. _See e.g._, _Betz v. Snyder, 48 Ohio St. 492, 28 N.E. 234 (1891)_; _Frelight v. Maurer, 111 So.2d 712 (Fla. Dist. Ct. App. 1959)_. That lien is also an interest in the particular Partnership Property, although its priority or value may be subject to defeasance by a subsequent mortgagee or lien creditor whose interest is perfected by proper recording. Further, actual notice of those Second Mortgage Interests has been given to the Defendants in this action. Therefore, the Court believes any Defendant seeking to foreclose its first **[\*\*66]** mortgage interest would have to name the appropriate Debtor as a defendant in its foreclosure action.

Although the Second Mortgage Interests are interests in specific Partnership Properties, because those interests are liens rather than ownership interests, the Second Mortgage Interests do not cause the Partnership Properties against which the liens relate to become property of the Debtors' estates. It is only the lien interests or rights which come into the estate. The issue then is whether the Defendants' actions in foreclosing their first mortgage interests are actions which remove directly the Second Mortgage Interests from the Debtors' estates.

The Court finds that the provisions of _11 U.S.C. § 362(a)(3)_ stay the Defendants' actions to foreclose their first mortgage liens where such foreclosures necessarily risk extinguishment of valid, but unrecorded, second

Case: 24-10545     Doc# 2800-3     Filed: 11/07/25     Entered: 11/07/25 23:54:16     Page 26 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 401 of 960

105 B.R. 834, *855; 1989 Bankr. LEXIS 1708, **66

mortgages held by either of these Debtors. The effect of the Defendants' actions in foreclosing their interests against the Partnership Properties is closely analogous to the impact of the landlord's actions in *48th Street Steakhouse.* Termination of the Debtors' Second Mortgage Interests is not certain since foreclosure **[**67]** actions could, under certain circumstances, permit repayment of those obligations. But such results are unlikely and certainly not assured. Therefore, the stay against such foreclosure actions provided by *§ 362(a)(3)* is appropriate to give the Debtors a breathing spell to determine how to preserve any existing value in those Second Mortgage Interests for their reorganization process. Accordingly, the provisions of *11 U.S.C. § 362(a)* apply to protect the Second Mortgage Interests held directly by these Debtors.

**[*856]** C. *The Appropriateness of Injunctive Relief to Protect the Debtors' Interests in the Partnerships or the Partnership Properties*

*Section 105 of the Bankruptcy Code* is relevant to the relief sought by the Debtors in three ways. First, as a procedural device, it may be employed to effectuate the purposes of the Bankruptcy Code (see Part VI herein). Secondly, if *11 U.S.C. § 362(a)(3)* is applicable to stay the actions of the Defendants, this Court could issue an order pursuant to *§ 105* to carry out or clarify the declaratory relief under *§ 362*. Such an order merely pronounces those findings in a manner not necessarily obvious from a facial reading of *§ 362*, makes clear which **[**68]** parties are impacted by that ruling and enjoins, as a restatement of the automatic stay, any actions otherwise prohibited by *§ 362*. The issuance of such an order does not require findings beyond those made in connection with the declaration of the applicability of *§ 362*. Because of findings in prior portions of this opinion, however, such an order will issue as to all members of the Defendant class only in connection with the Second Mortgage Interests of the Debtors.

The only other use of *§ 105* which this Court believes to be relevant to the relief requested in this action is injunctive relief under the standards of *Rule 65 of the Federal Rules of Civil Procedure*, applicable in this proceeding by *Bankruptcy Rule 7065*. And, as the Court has already found, any "extension of *§ 362* through the use of *§ 105*" is an injunction issued independently under *Rule 65*.

In the portion of this opinion relating to class certification, the Court previously found that certification of a defendant class would be inappropriate for purposes of issuing an injunction grounded upon an independent application of the Court's injunctive powers under *§ 105*, based upon *Rule 65*. Such finding means that the only **[**69]** parties remaining for which independent injunctive relief must be considered are the named defendants.

The factors which the Court must consider in determining whether to issue an injunction against the named defendants are:

  1. the likelihood of success on the merits;

  2. whether the Debtors will suffer irreparable injury if the relief is not granted;

  3. whether the harm to be suffered by the Debtors if the relief is not granted would be greater than the harm to the named defendants sought to be enjoined if the relief is granted; and

  4. whether the public interest will be furthered by the granting of the requested relief.

*Unsecured Creditor's Committee of DeLorean Motor Co. v. DeLorean (In re DeLorean Motor Co.), 755 F.2d 1223, 1228 (6th Cir. 1985).*

Because the focus of this adversary action has been on a class remedy, premised upon the Debtors' contentions that the attributes of individual Partnership Properties and individual defendants were irrelevant, the record does not establish facts which would be necessary for the Court to consider in determining whether to issue an injunction against any of the named defendants. Specifically, the Court could not determine whether **[**70]** the harm to be suffered by the Debtors, which is certainly contested by some of the named defendants, would be greater than the harm to each of the named defendants sought to be enjoined. The Court believes that such facts cannot be derived

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 27 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 402 of 960

105 B.R. 834, *856; 1989 Bankr. LEXIS 1708, **70

from evidence relating only to harm in the aggregate, not compared with particular facts or attributes of the parties involved. As a consequence, the Court will not issue injunctive relief against any of the named defendants at this time.

VI. CONCLUSIONS

Existing law and permissible extensions of those decisions which would be appropriate within the confines of the Court's role as an interpreter of the law rather than a legislator, compel the Court to deny most of the relief sought by the Debtors in this adversary. However, this Court, as a **[*857]** court of equity empowered to implement the policies of the Bankruptcy Code, believes it is important to all parties that these Debtors have a reasonable and feasible opportunity to reorganize and to preserve the going-concern values of their assets for the benefit of their employees and for all of their creditors, secured and unsecured.

It is clear to the Court that CII has created an extensive empire. That **[**71]** creation includes interests in limited partnerships formed as a means of holding property and increasing investment appeal through the sale of investor partner interests. It also is clear that once changes in the tax laws removed those investment incentives, the viability of the CII empire, as it currently exists, has been severely imperiled. And the structure which worked well for so many years has become a nightmare under the separate entity constraints of the Bankruptcy Code.

The Court's observation from the Partnership Chapter 11 cases pending in this Court is that the financial resources of the Debtors and the size of their staffs limit their ability to manage separate cases for a greatly increased number of the Partnerships. Despite comments from some of the Defendants that it is unlikely extensive numbers of such filings will be required, this Court's sense of many of the Defendants' explicit or implicit intentions is that such filings may indeed be forced. It is further the Court's observation from existing cases that the overwhelming focus of those Partnership cases is on a restructuring of the mortgage obligations. In reality, where present or future value to these bankruptcy **[**72]** estates is likely, it should be possible to accomplish that result without the greatly increased administrative costs attendant upon hundreds of additional Chapter 11 filings.

The Court finds that it has power under *11 U.S.C. § 105(a)* to authorize an alternative procedure which may bring some order out of the chaos which could follow the issuance of this order. This procedure is designed to make the Congressionally-preferred policy of reorganization a possibility for a debtor, such as CII, with a geographically scattered empire organized into single asset real estate partnerships, each with a mortgage which comprises the overwhelming majority of its debt. This procedure does not, and probably cannot, address the problems posed by limited partners or unsecured creditors of those Partnerships. Where such parties are significant or must be dealt with in an orderly fashion, Chapter 11 cases may be required. Where reorganization of these Debtors can be substantially achieved without that result, an alternative procedure may be effective.

Accordingly, the Court authorizes the Debtors, at their discretion, to seek injunctive relief pursuant to *11 U.S.C. § 105(a)* through the mechanism of **[**73]** a motion filed and served pursuant to the Court's previously entered case management order, as amended. Further, such relief may be against specified lenders on a property by property basis where such relief is necessary because the lenders' actions are interfering with the Debtors' reorganization efforts. Such motions will be subject to all relevant rules in the 7000 series of the Bankruptcy Rules. A summons shall be utilized. Multiple properties of a given lender may be combined in one motion where such action is appropriate. However, the time for responsive pleadings and for hearing shall be as set forth in this Court's case management order and a copy of that order, as amended, shall be served with the motion and summons. The only departure from the case management procedure is that the hearing time for such motions shall be scheduled beginning at 2:00 p.m. on the dates already set aside for status conferences. If multiple motions are required to be heard on the same day, alternate hearing times should be obtained from the courtroom deputy and noticed to the opposing party and other entities on The Service List.

Upon such appropriate requests, the Court can and will issue injunctive **[**74]** relief pursuant to *11 U.S.C. § 105(a)*, based upon *Rule 65*, on a property by property basis where the Debtors show that foreclosure or other disposition of a Partnership's interest in a Partnership Property will negatively **[*858]** impact upon the ability of these Debtors to reorganize and where the balance of harm favors the Debtors. Grants of adequate protection to

Case: 24-10545   Doc# 2800-3   Filed: 11/07/25   Entered: 11/07/25 23:54:16   Page 28 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 403 of 960

105 B.R. 834, *858; 1989 Bankr. LEXIS 1708, **74

the respective lender may be part of that balancing process. *See, Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.), 21 B.R. 777 (Bankr. D. N.Mex. 1982); In re Monroe Well Service, Inc., 67 B.R. 746 (Bankr. E.D. Pa. 1986).*

This process will not, however, unless further ordered by the Court in a particular circumstance, result in the ability of the Debtors to invoke against the lenders other rights granted by the Bankruptcy Code. *See, e.g., 11 U.S.C. § 363(f).* Nor will the injunction issue where the sole or overwhelming harm to the Debtors is the loss of management fees. Unless subsequent jointly-administered Chapter 11 filings are made for the various management companies, the Court's focus in the injunctive relief process will be on the current value of the Property to the Debtors' reorganization, demonstration **[**75]** of the feasible ability of such Property to generate profits, cash flow or net proceeds which could become available on a reasonable basis for unsecured creditors of the Debtors, either directly or by substantial reduction of deficiency judgments which would otherwise increase unsecured claims against the Debtors, and an analysis of the results of recent cash pass-through orders. The presence of guarantees by the Debtors, recourse affecting the Debtors or their Partnership Interests, or other factors not yet identified also may play a role.

The Court hopes that the existence of this procedure will encourage all parties to enter into good faith negotiations and thereby avoid the Court process. Such good faith is, of course, a two-way street. Lenders which take precipitous actions designed only to pressure or overwhelm the Debtors may find the Court's equity powers summarily dispatched. Likewise, if relief is sought by the Debtors against lenders with regard to Partnership Properties which have no feasible present or future value to these bankruptcy estates, the protective umbrella of the Court will not be extended. Given the time that has already elapsed in these proceedings and the **[**76]** progress hopefully made by Levanthal & Company during this period, the Court is optimistic that an orderly and meaningful process of evaluation can proceed, without posturing or other negative activities. Parties also will be required to respect the Court's resources, which are limited in time and personnel.

Based upon the foregoing, the Court finds that a defendant class, comprised of all those persons and entities who have or obtain a mortgage or other security interest in property of a limited partnership in which CII or CIF is a general partner, shall be, and is hereby certified. Pursuant to *Rule 23(c)(4),* such certification is for the sole issue of declaratory relief directed to whether the provisions of *11 U.S.C. § 362(a)(3)* bar the Defendants' actions against the Partnerships or the Partnership Properties. The Court further declares that the Second Mortgage Interests of the Debtors are protected by the provisions of *11 U.S.C. § 362(a)(3)* from actions of the Defendants in seeking to foreclose the Partnerships' interests in their respective Partnership Properties against which valid Second Mortgage Interests exist. The Court further declares that the Defendants' actions are not **[**77]** stayed by *11 U.S.C. § 362(a)(3)* because of the Debtors' General Partner Interests or Vendee Interests. Finally, the Court finds that the Debtors' motion for preliminary and injunctive relief shall be, and is hereby, denied. However, upon presentation by the Debtors of an appropriate order, the Court will issue an order pursuant to *11 U.S.C. § 105(a),* which restates, in injunctive form, the declaratory relief granted under *11 U.S.C. § 362* regarding the Second Mortgage Interests.

IT IS SO ORDERED.

Dated: September 28, 1989

JUDGMENT ENTRY -- September 28, 1989

Judgment is hereby entered, consistent with the Court's Findings of Fact and Conclusions of Law on Motions for Class Certification, preliminary and Final Injunctive Relief, and Complaint Seeking Declaratory and Injunctive Relief entered September 28, 1989.

The Court finds that a defendant class, comprised of all those persons and entities who have or obtain a mortgage or other security interest in property of a limited partnership in which CII or CIF is a general partner, shall be, and is hereby certified. Pursuant to *Rule 23(c)(4),* such certification is for the sole issue of declaratory relief directed to whether the provisions **[**78]** of *11 U.S.C. § 362(a)(3)* bar the defendants' actions against the partnerships or the partnership properties. The Court further declares that the Second Mortgage Interests of the Debtors are protected

Case: 24-10545  Doc# 2800-3  Filed: 11/07/25  Entered: 11/07/25 23:54:16  Page 29 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 404 of 960

105 B.R. 834, *858; 1989 Bankr. LEXIS 1708, **78

by the provisions of *11 U.S.C. § 362(a)(3)* from actions of the Defendants in seeking to foreclose the partnerships' interests in their respective partnership Properties against which valid Second Mortgage Interests exist. The Court further declares that the defendants' actions are not stayed by *11 U.S.C. § 362(a)(3)* because of the Debtors' General Partner Interests or Vendee Interests. Finally, the Court finds that the Debtors' motion for preliminary and injunctive relief shall be, and is hereby, denied. However, upon presentation by the Debtors of an appropriate order, the Court will issue an order pursuant to *11 U.S.C. § 105(a),* which restates, in injunctive form, the declaratory relief granted under *11 U.S.C. § 362* regarding the Second Mortgage Interests.

IT IS SO ORDERED.

---

**End of Document**

Case: 24-10545    Doc# 2800-3    Filed: 11/07/25    Entered: 11/07/25 23:54:16    Page 30 of 30

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 405 of 960

# EXHIBIT 14

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell, (CA Bar No. 269126)
Steven W. Golden *(Pro Hac Vice)*
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3450
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: dgrassgreen@pszjlaw.com
         jfiero@pszjlaw.com
         jrosell@pszjlaw.com
         sgolden@pszjlaw.com
         bwilson@pszjlaw.com

*Attorneys for Official Committee of*
*Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>Debtors.[1] | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**COMMITTEE'S REPLY IN SUPPORT OF MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP**<br><br>Date: November 13, 2025<br>Time: 2:00 p.m.<br>Place: *Via Zoom or In-Person* at:<br>         1300 Clay Street<br>         Courtroom 215<br>         Oakland, CA 94612 |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545 Doc# 2827 Filed: 11/12/25 Entered: 11/12/25 19:53:00 Page 1 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 407 of 960

Live Oak Investments, LP and its alleged new general partner William Andrew (collectively, "**Live Oak**") filed an *Opposition Brief* [Docket No. 2800] (the "**Opposition**") consisting of 329 filed pages, but no stipulated facts and precious little acknowledgement of the Court's concerns expressed on October 31, 2025 regarding the impact of the United States Constitution's Supremacy Clause. Against this hollow backdrop, the Official Committee of Unsecured Creditors (the "**Committee**") of LeFever Mattson, a California corporation, ("**LFM**") and its affiliated debtors and debtors in possession (collectively, the "**LFM Debtors**") and KS Mattson Partners, LP ("**KSMP**," and together with the LFM Debtors, the "**Debtors**"), offers the following reply.

1.    **Live Oak Has Refused to Discuss an Agreed Set of Stipulated Facts.**

The Court will recall that it asked the parties to agree on a single set of relevant facts in advance of the upcoming hearing. To that end, later in the day after the hearing held on October 31, 2025 (the "**October 31 Hearing**"), John Fiero sent an email to Thomas Kelly that said in part: "In the spirit of cooperation Judge Novack encouraged at today's hearing, I write to invite you to assemble a first draft of stipulated facts for consideration by the Committee. We will be happy to promptly comment when we've seen your draft." *See Declaration of John D. Fiero in Support of Committee's Reply re Stay Violation Motion* ("**Fiero Decl.**"), Ex. A. Mr. Kelly did not respond.

Six days went by. On Thursday, November 6, 2025, Mr. Fiero sent Mr. Kelly a follow up email attaching the Committee's proposed set of stipulated facts and wrote: "Having not heard back from you, I have gone ahead and prepared a set of undisputed facts. Please take a look and share your comments with me asap. Thank you." Fiero Decl., Ex. B.

On Friday, November 7, 2025, Mr. Kelly filed the Opposition—a 329 page leviathan focused primarily on events unrelated to the October 9 partnership meeting where the stay was violated. The next day (Saturday), Mr. Kelly sent an email to Mr. Fiero stating: "I reviewed your proposed stipulation. You changed the chronological order, misstated multiple events, and added all manner of self-serving language. So this is rejected . . . Attached is a copy of the opposition brief filed last night. The facts stated therein are those to which we are prepared to stipulate." Fiero Decl., Ex. C (Opposition omitted). As the Court will recognize, the Opposition recites literally pages of "facts" unrelated to the decision to call a partnership meeting and vote out Live Oak's general partner

Case: 24-10545    Doc# 2827    Filed: 11/12/25    Entered: 11/12/25 19:53:00    Page 2 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 408 of 960

without first seeking relief from the automatic stay.[2] For this reason, the Committee has re-styled its *Statement of Undisputed Facts* to exclude a signature block for Mr. Kelly and submits it here as Exhibit D to the Fiero Decl.[3]

**2.      Live Oak has Not Rebutted the Central Premise of the Motion: the Partnership Vote Deprived LFM of its Management Interest in Live Oak Without First Obtaining Relief From Stay.**

Although the Committee's motion was focused on LFM's *management interest* in Live Oak, and cited two cases about threats to that interest (*See In re Cardinal Indus.*, 105 B.R. 834 (Bankr. S.D. Ohio 1989) and *In re Plunkett*, 23 B.R. 392 (Bankr. E.D. Wis. 1982)), the Opposition devotes its argument to a side issue—the extent of LFM's Economic Interest. Most importantly, it goes without saying that Live Oak made no effort to discuss the implications of *Plunkett*, a case which is on all fours with this case. In *Plunkett*, the chapter 11 debtor was the managing partner of a partnership with full authority over the partnership's affairs pursuant to the partnership agreement. Shortly after the petition date, the partners of the partnership voted the debtor out of its role as managing partner. The court in *Plunkett* explained that this management interest is, indeed, property of the estate under section 541(a)(1) of the Bankruptcy Code:

> By its very nature and terms, the managing agreement between Plunkett and the other general partners of Quarles House constituted a contract, a necessary element of a partnership under Wisconsin law. Absent any evidence that the Partnership Agreement is unenforceable, this court must conclude that the contractual provision in dispute was valid and enforceable. Any rights, benefits or duties flowing from this provision, therefore, constituted property of the estate of the debtor within the meaning of 11 U.S.C. § 541 as of [the petition date].

[2]      Indeed, the Committee's standing to seek a remedy for the stay violation was expressly limited by the Court. For this reason, the Committee cannot bind the estate to opposing counsel's ream of additional facts, most of which appear to be an irrelevant effort to litigate the Live Oak investors' motion to appoint a trustee.

[3]      If the Court believes there is an operative fact missing from its *Statement of Undisputed Facts*, the Committee will be happy to consider agreeing to that fact, too.

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 409 of 960

*In re Plunkett*, 23 B.R. at 394.[4]

Here, just as in *Plunkett*, the Live Oak Partnership Agreement[5] makes clear in Section 5: "[T]he General Partner alone shall have all decision making authority with respect to the Partnership . . . ." *See* Andrew Declaration, Ex. C. Plainly, this management interest is property of the LFM estate, and any action to dispossess LFM of that interest first requires relief from the automatic stay.

**3.      Live Oak's Citations Do Not Even Discuss the Supremacy Clause Issues.**

The Court was explicit at the October 31 Hearing: the issue of whether the Supremacy Clause prevents the *ipso facto* result that is plain on the face of the California Corporations Code should be front and center, just as the Court in *Cardinal Industries* discussed:

> Various parties have asserted throughout these proceedings that the Chapter 11 filings terminated these Debtors' Management Interests as general partners under state statutory law and under the terms of the partnership agreements. Without extensive written analysis of this critical, but somewhat tangential issue, the Court finds that the Supremacy Clause of Article VI of the Constitution of the United States and the provisions of 11 U.S.C. § 365(e) defeat such arguments and wishful thinking by the Defendants. *In re Rittenhouse Carpet, Inc.*, 56 B.R. 131 (Bankr. E.D. Pa. 1985)*; In re Corky Foods Corp.*, 85 B.R. 903 (S.D. Fla. 1988). This result is especially compelled in reorganization cases where the debtors are the managing general partners of limited partnerships. *In re Safren,* 65 B.R. 566 (Bankr. C.D. Cal. 1986); F. Kennedy, *Partnership and Partners' Estates Under the Bankruptcy Code*, Ariz. St. L.J. 219, 261 (1983).

*In re Cardinal Indus.*, 105 B.R. at 849.[6]

Live Oak devoted no time to discussing this foundational topic. Instead, Live Oak cites two cases as alleged support for its contention that the general partner's bankruptcy petition

---

[4]    While not an issue expressly addressed by the bankruptcy court in *Plunkett*, the Committee notes that Wisconsin partnership law contains a provision nearly identical to Cal. Corp. Code section 16601. *See* Wis. Stat. § 178.0601.

[5]    A copy of the *Limited Partnership Agreement of Live Oak Investments, LP a California Limited Partnership* (the "Live Oak Partnership Agreement") is attached to the *Declaration of William Andrew* [Docket No. 2800-1] (the "Andrew Declaration") as Exhibit C.

[6]    Although *In re Cardinal Indus.* was interpreting Ohio law, the Committee notes that Ohio Rev. Code § 1776.51 similarly provides for the dissociation of a partner from a partnership upon a partner "[b]ecoming a debtor in bankruptcy." Ohio Rev. Code § 1776.51(F)(1).

Case: 24-10545   Doc# 2827   Filed: 11/12/25   Entered: 11/12/25 19:53:00   Page 4 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 410 of 960

automatically dissociated LFM from the partnership pursuant to section 16601(6)(A) of California Corporations Code. They are *Mansdorf v. Epps,* No. C 10-03036 RS, 2011 U.S. Dist. LEXIS 171825 (N.D. Cal. Aug. 1, 2011) and *Johnson v. Johnson,* No. 1:15-cv-01793 MJS, 2016 U.S. Dist. LEXIS 38106 (E.D. Cal. Mar. 23, 2016). Neither case provides the authority necessary to alter the outcome of this case because neither has similar facts—or even discusses the operative issue in this case.

In *Mansdorf*, the question presented to District Judge Seeborg involved fraudulent transfers by a partnership where one partner had filed for bankruptcy. The court there simply noted in passing the application of Cal. Corp. Code § 16601, but had no occasion to test the rule in the face of the Constitution's Supremacy Clause and sections 365(e) and 541(c)(1) of the Bankruptcy Code.

Similarly, in *Johnson*, the Magistrate Judge considered a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and held in passing that one partner's chapter 7 bankruptcy triggered its automatic dissociation from the partnership under Cal. Corp. Code § 16601. Once again, the court had no occasion to consider the application of the Supremacy Clause, noting that "Plaintiff does not appear to dispute that bankruptcy caused dissolution of the partnership." *Johnson*, 2016 LX 35666, at *12.

## 4. LFM Has an Economic Interest in Live Oak.

Yet another topic misunderstood by Live Oak is LeFever Mattson's 21.214% ownership interest in Live Oak. Live Oak argues that LFM has no economic interest in Live Oak because LFM "has already received its share of the profits, income, and the return of their contribution arising from the sale of the Southwood Apartments," and "once LFM was paid out it had no further transferable interest in Debtor." Opposition, 8:9-12. However, this conflates LFM's entitlement to a further distribution from the sale proceeds of the Southwood Apartments with LFM's continuing 21.214% ownership interest in Live Oak.

As Live Oak's schedules show (and as Live Oak concedes),[7] the sale proceeds from the Southwood Apartments are not Live Oak's sole asset. Live Oak's estate includes intercompany claims, to which a value of $3,245,830 is attributed in the Live Oak schedules. *See Amended Schedules of Assets and Liabilities for Live Oak Investments, LP*, Case No. 24-10511 (CN) [Docket

---

[7] *See* Opposition, 9:23-24.

Case: 24-10545 Doc# 2827 Filed: 11/12/25 Entered: 11/12/25 19:53:00 Page 5 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 411 of 960

No. 2274], p. 16.[8] LFM's ownership interest in Live Oak entitles it to its *pro rata* share of the proceeds of any intercompany claims (or any other assets other than the escrowed sale proceeds). *See* Live Oak Partnership Agreement, § 4.6 ("Such non-cash proceeds shall then be allocated among all the Partners in proportion to their Percentage Interests. If such non-cash proceeds are subsequently reduced to cash, such cash shall be distributed to each Partner in accordance with Section 4.5."). For clarity, the Committee does not assert that LFM has a direct interest in the assets of Live Oak, but rather it has a protected ownership interest in Live Oak that entitles it to its *pro rata* share of the proceeds of such assets.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion and require any limited partner of Live Oak to first come to this Court to make a showing under section 362(d) of the Bankruptcy Code that relief from stay is warranted.

Dated:  November 12, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: *  /s/ John D. Fiero*
John D. Fiero

*Attorneys for the Official*
*Committee of Unsecured Creditors*

---

[8]   The Committee notes that under its proposed chapter 11 plan all intercompany claims would be deemed void, cancelled, and of no further force and effect as of the effective date of the plan. However, until such plan is confirmed, Live Oak's intercompany claims remain property of Live Oak's bankruptcy estate.

# EXHIBIT 15

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell, (CA Bar No. 269126)
Steven W. Golden *(Pro Hac Vice)*
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone:    415-263-7000
Facsimile:    415-263-7010
Email: dgrassgreen@pszjlaw.com
       jfiero@pszjlaw.com
       jrosell@pszjlaw.com
       sgolden@pszjlaw.com
       bwilson@pszjlaw.com

*Attorneys for Official Committee of*
*Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>              Debtors.[1] | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>              Debtor. | **DECLARATION OF JOHN D. FIERO IN SUPPORT OF COMMITTEE'S REPLY IN SUPPORT OF MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP**<br><br>Date:  November 13, 2025<br>Time:  2:00 p.m.<br>Place:  *Via Zoom or In-Person* at:<br>       1300 Clay Street<br>       Courtroom 215<br>       Oakland, CA 94612 |

---

[1]   The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification

Case: 24-10545   Doc# 2829   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 1 of 3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 414 of 960

I, John D. Fiero, declare:

1. I am an attorney at law duly licensed in the State of California and admitted to practice before this Court. I am a partner in Pachulski Stang Ziehl & Jones LLP, counsel to the Official Committee of Unsecured Creditors (the "**Committee**" or "**Plaintiff**") of LeFever Mattson, a California corporation ("**LFM**"), and its affiliated debtors and debtors in possession (collectively, the "**LFM Debtors**") and KS Mattson LP ("**KSMP**," and together with the LFM Debtors, the "**Debtors**"). I make this declaration in support of the Committee's *Reply in Support of Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (the "**Reply**").

2. On October 31, 2025, I sent an email to Thomas Kelly that said in part: "In the spirit of cooperation Judge Novack encouraged at today's hearing, I write to invite you to assemble a first draft of stipulated facts for consideration by the Committee. We will be happy to promptly comment when we've seen your draft." A true and correct copy of this email is attached hereto as **Exhibit A**.

3. After not receiving a response from Mr. Kelly to my October 31 email, I sent a follow up email to Mr. Kelly on November 6, 2025, which included a proposed set of stipulated facts. A true and correct copy of this email and its attachment are attached hereto as **Exhibit B**. A watermark of "DRAFT" has been added to the attachment.

4. On November 8, 2025, I received an email from Mr. Kelly stating in part: "I reviewed your proposed stipulation. You changed the chronological order, misstated multiple events, and added all manner of self-serving language. So this is rejected . . . Attached is a copy of the opposition brief filed last night. The facts stated therein are those to which we are prepared to stipulate." This email attached a copy of the Opposition. A true and correct copy of which is attached hereto as **Exhibit C** (excluding its attachment).

5. Attached hereto as **Exhibit D** is the Committee's *Statement of Undisputed Facts*.

numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545 Doc# 2829 Filed: 11/12/25 Entered: 11/12/25 20:06:55 Page 2 of 3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 415 of 960

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 12th day of November, 2025 at San Francisco, California.

_____*/s/ John D Fiero*_____

John D. Fiero

# EXHIBIT 16

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# **EXHIBIT A**

(October 31, 2025 Email)

| | |
|---|---|
| **From:** | John Fiero |
| **Sent:** | Friday, October 31, 2025 3:39 PM |
| **To:** | Thomas P. Kelly III |
| **Cc:** | Debra Grassgreen; Steven W. Golden; Jason Rosell; David Taylor (dtaylor@kbkllp.com); Brooke E. Wilson; Thomas Rupp; David Taylor (dtaylor@kbkllp.com); Erin N. Brady; Richard Wynne |
| **Subject:** | Factual stipulation (and extension to time to respond to employment application) |

Dear Tom:

     In the spirit of cooperation Judge Novack encouraged at today's hearing, I write to invite you to assemble a first draft of stipulated facts for consideration by the Committee. We will be happy to promptly comment when we've seen your draft.

     Also, we believe your firm's employment application was more properly a 21-day noticed motion (with a "seven days before the hearing" objection deadline under L.B.R. 9014-1( c)(2)), That would put the objection deadline on November 12. To avoid unnecessary expenses that would ultimately be borne by Live Oak, we ask you to agree that – to the extent still necessary – the Committee can file its response to your employment application on November 14, which is the day after the November 13 hearing on whether the stay was violated. We think this make sense for all concerned and thus ask for your agreement.

     Please let me know. Thanks.

-John

**John Fiero**
Pachulski Stang Ziehl & Jones LLP
Tel: 415.263.7000 | Fax: 415.263.7010
jfiero@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

1

Case: 24-10545    Doc# 2829-1    Filed: 11/12/25    Entered: 11/12/25 20:06:55    Page 2 of 2

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 419 of 960

# EXHIBIT 17

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# **EXHIBIT B**

(November 6, 2025 Email)

Case: 24-10545   Doc# 2829-2   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 1 of 7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 421 of 960

| | |
|---|---|
| **From:** | John Fiero |
| **Sent:** | Thursday, November 6, 2025 2:48 PM |
| **To:** | Thomas P. Kelly III |
| **Cc:** | Daniel L. Egan; Richard Wynne; Erin N. Brady; David Taylor (dtaylor@kbkllp.com); Thomas Rupp; Gabrielle Albert; Debra Grassgreen; Brooke E. Wilson; Jason Rosell; Steven W. Golden |
| **Subject:** | John Fiero sent you "4910-3523-3144.v1 LFM - Stipulated Facts for Mtn for Violation of the Automatic Stay" |
| **Attachments:** | 4910-3523-3144.v1 LFM - Stipulated Facts for Mtn for Violation of the Automatic Stay.docx |

Dear Tom:

Having not heard back from you, I have gone ahead and prepared a set of undisputed facts.  Please take a look and share your comments with me asap.  Thank you.

-John

**John Fiero**
Pachulski Stang Ziehl & Jones LLP
Tel: 415.263.7000 | Fax: 415.263.7010
jfiero@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

1

Case: 24-10545   Doc# 2829-2   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 2 of 7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 422 of 960

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell, (CA Bar No. 269126)
Steven W. Golden (*Pro Hac Vice*)
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3450
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: dgrassgreen@pszjlaw.com
      jfiero@pszjlaw.com
      jrosell@pszjlaw.com
      sgolden@pszjlaw.com
      bwilson@pszjlaw.com

*Attorneys for Official Committee of
Unsecured Creditors*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

In re

LEFEVER MATTSON, a California corporation, *et al.*,

Debtors.[1]

_____

In re

KS MATTSON PARTNERS, LP,

Debtor.

Case No. 24-10545 CN (Lead Case)

(Jointly Administered)

Chapter 11

**STATEMENT OF UNDISPUTED FACTS UNDERLYING MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP**

Date:  November 13, 2025
Time:  2:00 pm
Place:  *Via Zoom or In-Person* at:
       1300 Clay Street
       Courtroom 215
       Oakland, CA 94612

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545  Doc# 2829-2  Filed: 11/12/25  Entered: 11/12/25 20:06:55  Page 3 of 7

4910-3523-3144.1 52011.00003

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 423 of 960

This *Statement of Undisputed Facts Underlying Motion to Declare Void Actions in Violation of the Automatic Stay* is agreed to by and between the Official Committee of Unsecured Creditors (the "**Committee**") of LeFever Mattson, a California corporation, ("**LFM**") and its affiliated debtors and debtors in possession (collectively, the "**LFM Debtors**") and KS Mattson LP ("**KSMP**," and together with the LFM Debtors, the "**Debtors**"), on the one hand, and the William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001 (the "**Andrew Trust**") and the Burgess Trust dated October 9, 2006 (the "**Burgess Trust**") (collectively, "the **Live Oak Limited Partners**") on the other hand.

1.     The LFM Debtors commenced 61 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in August and September 2024. Those cases are being jointly administered for procedural purposes under the lead case of LFM. No trustee or examiner has been appointed in the LFM Debtors' Cases. The LFM Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On November 22, 2024, an involuntary chapter 11 petition was filed against KSMP, commencing Case No. 24-10715 (Bankr. N.D. Cal.). On June 6, 2025, KSMP consented to the entry of a stipulated order for relief in the involuntary case, which order was entered by the Court on June 9, 2025.

3.     The United States Trustee appointed the Committee in the LFM Debtors' chapter 11 cases on October 9, 2024, [Dkt. No. 135] and amended the appointment on November 25, 2024 [Docket No. 368], and then again on August 26, 2025 [Docket No. 2104], to appoint the Committee as the official committee for KSMP as well.

4.     On October 24, 2025, the Committee and LFM Debtors (excluding Live Oak) executed a *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests Regarding Live Oak Investment, LP* (the "**Standing Stipulation**") in which the LFM Debtors (excluding Live Oak) sought to assign to the Committee all rights, powers and causes of action relating to matters involving Live Oak and its assets.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case: 24-10545   Doc# 2829-2   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 4 of 7
4910-3523-3144.1 52011.00003                                    2

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 424 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.      On November 4, 2025, the Court entered its *Order After Hearing on Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests regarding Live Oak Investments, LP and Setting Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay*, which states, in part that the Committee is "authorized to represent the LeFever Mattson Debtors' Interests as to: (1) the Motion to Declare Void Actions in Violation of the Automatic Stay [D.E. 2690] (the "Stay Violation Motion"); and (2) the Application to Employee [sic] Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments, L.P. [D.E. 2613]."

5.      The most recent Monthly Operating Report for Live Oak (Docket Number 2456 filed on September 26, 2025) shows total assets of $6,383,524, with $3,141,039 of cash and $3,248,91 of intercompany claims against other bankruptcy debtors.  These assets remain unadministered.

6.      On October 7, 2025, the Live Oak Limited Partners filed a *Notice of Partnership Meeting* (the "**Notice**") at Docket No. 2530 announcing their intention to conduct a partnership meeting for the Live Oak partnership.  According to the Notice, the purpose of the meeting was to "remove LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P." and to "appoint William Andrew as the new General Partner of Live Oak Investments L.P." Notice, at p. 2.

7.      The next day (and in response to the Notice) Bradley Sharp of Development Specialists, Inc. sent a letter to the partnership's investors seeking to dissuade them from attempting a coup in the management of Live Oak.  Among other admonitions, Mr. Sharp warned:

> [E]lection of a new general partner would likely violate the automatic stay provided to Live Oak by section 362 of the Bankruptcy Code. While this may sound like a technicality, the automatic stay is a critical protection for chapter 11 debtors that allows them the "breathing room" to develop and propose a plan of reorganization or liquidation—just as the Debtors are doing. The Debtors reserve and retain their statutory right to seek relief from any action taken in violation of the automatic stay. Stay violations are sanctionable by the Bankruptcy Court in a variety of ways; at minimum, the Bankruptcy Court likely would undo the election.

8.      On October 9, 2025, the Live Oak Limited Partners and certain other partners of Live Oak (including LFM) attended a meeting and vote in which the those voting resolved by a requisite

Case: 24-10545   Doc# 2829-2   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 5 of 7
4910-3523-3144.1 52011.00003                                                                        3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 425 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

majority to remove LFM from its role as general partner. In this regard, an email from attorney Thomas Kelly sent after the meeting stated:

> As you are likely aware, yesterday the partnership voted to remove LeFeverMattson Inc. [sic] as the general partner of for [sic] Live Oak Investments LP. The new general partner is William Andrew. Further, the partnership voted to remove Keller Benvenutti Kim LLP as the legal representative and retained myself as the new attorney. . . .
>
> As a result of this change in representation, neither Mr. Taylor nor the committee of unsecured creditors has any authority to act on behalf of Live Oak Investments LP in any manner whatsoever as of October 9, 2025. To the extent any such authority was previously delegated, it is likewise withdrawn as of October 9, 2025.

9.    On Monday, October 13, 2025, counsel for the Committee wrote back to Mr. Kelly, expressing the Committee's concerns about the removal of LFM as general partner. That letter stated in part:

> Your clients' recent partnership takeover effort sought to deprive LeFever Mattson of its Management Interest. As such, it was an act "to obtain possession of property of the estate" prohibited by 11 U.S.C. Section 362(a)(3). It was also entirely void as explained by the Ninth Circuit in *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ("Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims.") *Id.* at 571.
>
> For the foregoing reasons, the Committee does not recognize and will not accept any assertions of authority made by or through Live Oak's alleged new general partner. In the event your clients seek to assume control of Live Oak, they must do so by way of a motion for relief from stay.

10.    No motion for relief from stay to remove LFM as the general partner of Live Oak has been filed in these cases.

11.    Attorney Thomas Kelly has filed numerous pleadings as proposed counsel to Live Oak, including but not limited to:

   a.    Docket Number 2612: *Substitution of Attorney*

   b.    Docket Number 2613: *Notice of Motion: (1) Substitution of Counsel for Live Oak Investment LP; (2) Withdrawal of Live Oak Investments from Joint Administration Order; and*

Case: 24-10545   Doc# 2829-2   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 6 of 7
4910-3523-3144.1 52011.00003                                        4

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 426 of 960

1    *(3) Withdrawal of Chapter 11 Plan and Associated Disclosure Statement For Live Oak Investments*

2    *LP*

3            c.     <u>Docket Number 2614</u>: *Notice of Hearing* (regarding Docket No. 2613)

4            d.     <u>Docket Number 2615</u>: *Objection and Opposition to Proposed Settlement*

5    *With Socotra Capital*

6    Dated: November 6, 2025                PACHULSKI STANG ZIEHL & JONES LLP

7                       By:   */s/ John D. Fiero*

8                           John D. Fiero

9                        *Attorneys for the Official*

10                      *Committee of Unsecured Creditors*

11    Dated: November 6, 2025                LAW OFFICES OF THOMAS P. KELLY III,

12                      PC

13                       By:   */s/ Thomas P. Kelly III*

14                          Thomas P. Kelly III

15                      *Proposed Attorneys for the Live Oak*

16                      *Investments, LP and the Andrew and*

                       *Burgess Trusts*

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case: 24-10545   Doc# 2829-2   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 7
of 7    5
4910-3523-3144.1 52011.00003

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 427 of 960

# EXHIBIT 18

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

## **EXHIBIT C**

(November 8, 2025 Email)

(Attachment Omitted)

**Subject:**  FW: 24-10545 LFM - stipulated facts
**Attachments:**  11-7-25 Opposition brief - EF.pdf

---

**From:** Thomas P. Kelly III <tomkelly@sonic.net>
**Sent:** Saturday, November 8, 2025 7:31 PM
**To:** John Fiero <jfiero@pszjlaw.com>
**Subject:** 24-10545 LFM - stipulated facts



Mr. Fiero –

I reviewed your proposed stipulation. You changed the chronological order, misstated multiple events, and added all manner of self-serving language. So this is rejected.

Attached is a copy of the opposition brief filed last night. The facts stated therein are those to which we are prepared to stipulate.



Thomas P. Kelly III, Attorney at Law, Certified by the State Bar of California in Bankruptcy Law
Law Offices of Thomas P. Kelly III P.C., 50 Old Courthouse Square, Suite 609, Santa Rosa, California, 95404-4926
Phone: 707-545-8700 Fax: 707-542-3371 Email: tomkelly@sonic.net www.redwoodbankruptcy.com

THIS IS A CONFIDENTIAL AND PRIVILEGED COMMUNICATION.
This message and any attachments to this message are subject to the attorney-client privilege, the attorney work product privilege, is a confidential record pursuant to 5 U.S.C.§522a, and contains confidential non-public personal information pursuant to 15 U.S.C. §6801. This email and any attachments are subject to the Electronic Communications Privacy Act 18 U.S.C. §§2510-2521.This message is intended only for the named addressees exclusively. If you are not the intended recipient, any communication, copying, or distribution of this message is strictly prohibited under *Rico v. Mitsubishi Motors* (2007), 42 Cal.4th 807. If you have received this message in error, contact the sender immediately by replying to this message, or by calling 707-545-8700 and then delete the original message and all copies from your system.

IRS Circular 230 Disclosure - To ensure compliance with requirements imposed by the IRS, please be advised (I) that nothing contained in this message (including any attachments) is state or federal tax advice, (ii) nothing contained in this message (including any attachments) was intended or written to be used, can be used or may be relied on or used for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code of 1986, as amended, (iii) nothing contained in this message (including any attachments) relating to any state or federal tax transaction may not be used to promote, market or recommend to any other party any transaction or matter addressed in this message, (iv) any taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor with respect to any federal tax transaction or matter contained in this message (including any attachments).

This is a debt relief agency as defined by 11 USC §101(12(A)). We provide assistance for filing petitions for relief under the Bankruptcy Code. This office does not accept ex parte notice or any type of service via email or telefax without prior written agreement.

---

**From:** John Fiero [mailto:jfiero@pszjlaw.com]
**Sent:** Thursday, November 06, 2025 2:48 PM
**To:** Thomas P. Kelly III <tomkelly@sonic.net>

1
Case: 24-10545    Doc# 2829-3    Filed: 11/12/25    Entered: 11/12/25 20:06:55    Page 2 of 3

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 430 of 960

**Cc:** Daniel L. Egan <degan@wilkefleury.com>; Richard Wynne <richard.wynne@hoganlovells.com>; Erin N. Brady <erin.brady@hoganlovells.com>; David Taylor (dtaylor@kbkllp.com) <dtaylor@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>; Gabrielle Albert <galbert@kbkllp.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Brooke E. Wilson <bwilson@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>
**Subject:** John Fiero sent you "4910-3523-3144.v1 LFM - Stipulated Facts for Mtn for Violation of the Automatic Stay"

Dear Tom:

Having not heard back from you, I have gone ahead and prepared a set of undisputed facts.  Please take a look and share your comments with me asap.  Thank you.

-John


**John Fiero**
Pachulski Stang Ziehl & Jones LLP
Tel: 415.263.7000 | Fax: 415.263.7010
jfiero@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

Case: 24-10545    Doc# 2829-3    Filed: 11/12/25    Entered: 11/12/25 20:06:55    Page 3 of 3
2

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 431 of 960

# EXHIBIT 19

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# EXHIBIT D

(Statement of Undisputed Facts)

Case: 24-10545 Doc# 2829-4 Filed: 11/12/25 Entered: 11/12/25 20:06:55 Page 1 of 6

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 433 of 960

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell, (CA Bar No. 269126)
Steven W. Golden (*Pro Hac Vice*)
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3450
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: dgrassgreen@pszjlaw.com
       jfiero@pszjlaw.com
       jrosell@pszjlaw.com
       sgolden@pszjlaw.com
       bwilson@pszjlaw.com

*Attorneys for Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,<br><br>Debtors.[1]<br>———————————————<br>In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**STATEMENT OF UNDISPUTED FACTS UNDERLYING MOTION TO DECLARE VOID ACTIONS IN VIOLATION OF THE AUTOMATIC STAY RELATED TO LIVE OAK INVESTMENTS, LP**<br><br>Date: November 13, 2025<br>Time: 2:00 pm<br>Place: *Via Zoom or In-Person* at:<br>　　　1300 Clay Street<br>　　　Courtroom 215<br>　　　Oakland, CA 94612 |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Case: 24-10545   Doc# 2829-4   Filed: 11/12/25   Entered: 11/12/25 20:06:55   Page 2 of 6
4910-3523-3144.3 52011.00003

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 434 of 960

Left margin (vertical): PACHULSKI STANG ZIEHL & JONES LLP / ATTORNEYS AT LAW / LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This *Statement of Undisputed Facts Underlying Motion to Declare Void Actions in Violation of the Automatic Stay* is agreed to by and between the Official Committee of Unsecured Creditors (the "**Committee**") of LeFever Mattson, a California corporation, ("**LFM**") and its affiliated debtors and debtors in possession (collectively, the "**LFM Debtors**") and KS Mattson LP ("**KSMP**," and together with the LFM Debtors, the "**Debtors**"), on the one hand, and the William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001 (the "**Andrew Trust**") and the Burgess Trust dated October 9, 2006 (the "**Burgess Trust**") (collectively, "the **Live Oak Limited Partners**") on the other hand.

1. The LFM Debtors commenced 61 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in August and September 2024. Those cases are being jointly administered for procedural purposes under the lead case of LFM. No trustee or examiner has been appointed in the LFM Debtors' Cases. The LFM Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 22, 2024, an involuntary chapter 11 petition was filed against KSMP, commencing Case No. 24-10715 (Bankr. N.D. Cal.). On June 6, 2025, KSMP consented to the entry of a stipulated order for relief in the involuntary case, which order was entered by the Court on June 9, 2025.

3. The United States Trustee appointed the Committee in the LFM Debtors' chapter 11 cases on October 9, 2024, [Dkt. No. 135] and amended the appointment on November 25, 2024 [Docket No. 368], and then again on August 26, 2025 [Docket No. 2104], to appoint the Committee as the official committee for KSMP as well.

4. On October 24, 2025, the Committee and LFM Debtors (excluding Live Oak) executed a *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests Regarding Live Oak Investment, LP* (the "**Standing Stipulation**") in which the LFM Debtors (excluding Live Oak) sought to assign to the Committee all rights, powers and causes of action relating to matters involving Live Oak and its assets.

Case: 24-10545 Doc# 2829-4 Filed: 11/12/25 Entered: 11/12/25 20:06:55 Page 3 of 6

4910-3523-3144.3 52011.00003

2

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 435 of 960

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.     On November 4, 2025, the Court entered its *Order After Heating on Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests regarding Live Oak Investments, LP and Setting Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay*, which states, in part that the Committee is "authorized to represent the LeFever Mattson Debtors' Interests as to: (1) the Motion to Declare Void Actions in Violation of the Automatic Stay [D.E. 2690] (the "Stay Violation Motion"); and (2) the Application to Employee [sic] Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments, L.P. [D.E. 2613]."

6.     The most recent Monthly Operating Report for Live Oak (Docket Number 2456 filed on September 26, 2025) shows total assets of $6.3 million with more than $3 million of cash and $3.2 million of intercompany claims against other bankruptcy debtors. These assets remain unadministered.

7.     On October 7, 2025, the Live Oak Limited Partners filed a *Notice of Partnership Meeting* (the "**Notice**") at Docket No. 2530 announcing their intention to conduct a partnership meeting for the Live Oak partnership. According to the Notice, the purpose of the meeting was to "remove LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P." and to "appoint William Andrew as the new General Partner of Live Oak Investments L.P." Notice, at p. 2.

8.     The next day (and in response to the Notice) Bradley Sharp of Development Specialists, Inc. sent a letter to the partnership's investors seeking to dissuade them from attempting a coup in the management of Live Oak. Among other admonitions, Mr. Sharp warned:

> [E]lection of a new general partner would likely violate the automatic stay provided to Live Oak by section 362 of the Bankruptcy Code. While this may sound like a technicality, the automatic stay is a critical protection for chapter 11 debtors that allows them the "breathing room" to develop and propose a plan of reorganization or liquidation—just as the Debtors are doing. The Debtors reserve and retain their statutory right to seek relief from any action taken in violation of the automatic stay. Stay violations are sanctionable by the Bankruptcy Court in a variety of ways; at minimum, the Bankruptcy Court likely would undo the election.

4910-3523-3144.3 52011.00003          3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9.      On October 9, 2025, the Live Oak Limited Partners and certain other partners of Live Oak (including LFM) attended a meeting and vote in which the those voting resolved by a requisite majority to remove LFM from its role as general partner.  In this regard, an email from attorney Thomas Kelly sent after the meeting stated:

> As you are likely aware, yesterday the partnership voted to remove LeFeverMattson Inc. [sic] as the general partner of for [sic] Live Oak Investments LP.  The new general partner is William Andrew.  Further, the partnership voted to remove Keller Benvenutti Kim LLP as the legal representative and retained myself as the new attorney. . . .

> As a result of this change in representation, neither Mr. Taylor nor the committee of unsecured creditors has any authority to act on behalf of Live Oak Investments LP in any manner whatsoever as of October 9, 2025. To the extent any such authority was previously delegated, it is likewise withdrawn as of October 9, 2025.

10.      On Monday, October 13, 2025, counsel for the Committee wrote back to Mr. Kelly, expressing the Committee's concerns about the removal of LFM as general partner. That letter stated in part:

> Your clients' recent partnership takeover effort sought to deprive LeFever Mattson of its Management Interest.  As such, it was an act "to obtain possession of property of the estate" prohibited by 11 U.S.C. Section 362(a)(3).  It was also entirely void as explained by the Ninth Circuit in *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ("Congress intended violations of the automatic stay to be void rather than voidable.  Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims.") *Id.* at 571.

> For the foregoing reasons, the Committee does not recognize and will not accept any assertions of authority made by or through Live Oak's alleged new general partner.  In the event your clients seek to assume control of Live Oak, they must do so by way of a motion for relief from stay.

11.      No motion for relief from stay to remove LFM as the general partner of Live Oak has been filed in these cases.

12.      Attorney Thomas Kelly has filed numerous pleadings as proposed counsel to Live Oak, including but not limited to:

a.      Docket Number 2612: *Substitution of Attorney*

Case: 24-10545     Doc# 2829-4     Filed: 11/12/25     Entered: 11/12/25 20:06:55     Page 5 of 6     4
4910-3523-3144.3 52011.00003

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 437 of 960

1            b.     <u>Docket Number 2613</u>: *Notice of Motion: (1) Substitution of Counsel for Live*

2 *Oak Investment LP; (2) Withdrawal of Live Oak Investments from Joint Administration Order; and*

3 *(3) Withdrawal of Chapter 11 Plan and Associated Disclosure Statement For Live Oak Investments*

4 *LP*

5            c.     <u>Docket Number 2614</u>: *Notice of Hearing* (regarding Docket No. 2613)

6            d.     <u>Docket Number 2615</u>: *Objection and Opposition to Proposed Settlement*

7 *With Socotra Capital*

8 Dated: November 12, 2025            PACHULSKI STANG ZIEHL & JONES LLP

9                     By:   */s/ John D. Fiero*

10                         John D. Fiero

11                       *Attorneys for the Official*

12                       *Committee of Unsecured Creditors*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4910-3523-3144.3 52011.00003

# EXHIBIT 20

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

JNTADMN, CLMAGT, APPEAL

# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (Santa Rosa)
### Bankruptcy Petition #: 24-10545

*Date filed:* 09/12/2024
*341 meeting:* 12/02/2024
*Deadline for filing claims:* 02/14/2025
*Deadline for objecting to discharge:* 12/20/2024

*Assigned to:* Judge Charles Novack
Chapter 11
Voluntary
Asset

*Debtor*
**LeFever Mattson, a California corporation**
6359 Auburn Blvd.
Suite B
Citrus Heights, CA 95621
SACRAMENTO-CA
Tax ID / EIN: 68-0197537

represented by **Gabrielle L. Albert**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-364-6778
Email: galbert@kbkllp.com

**M. Tyler Davis**
Keller Benvenutti Kim LLP
101 Montgomery Street
Ste 1950
San Francisco, CA 94104
415-496-6723
Email: tdavis@kbkllp.com

**Alice Giang**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
510-637-9903
Email: agiang@kbkllp.com

**Tobias S. Keller**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-796-0709
Email: tkeller@kbkllp.com

**Dara Levinson Silveira**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-735-5713
Email: dsilveira@kbkllp.com

| 11/13/2025 | 2834 (9 pgs) | Certificate of Service *re: 1) Notice of Amendment to Scope of the Retention and Employment of Kidder Matthews as Real Estate Broker; and 2) Notice of Amendment to Scope of the Retention and Employment of Premiere Estates as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2782 Notice, 2783 Notice). (Gershbein, Evan) (Entered: 11/13/2025) |
| 11/13/2025 | 2835 (10 pgs) | Certificate of Service *re: Stipulation to Continue Hearing on Motion for Relief from Stay re: First Street and Natoma Properties* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2803 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 11/13/2025) |
| 11/13/2025 | 2836 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1190 Dana Drive, Fairfield, CA 94533* (RE: related document(s)2601 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/13/2025) |
| 11/13/2025 | 2837 (1 pg) | Transcript Order Form regarding Hearing Date 11/13/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/13/2025) |
| 11/13/2025 | | Hearing Held 11/13/2025 at 2:00 PM (RE: related document(s) 2690 Motion / Notice of Motion and Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP; Memorandum of Points and Authorities in Support Thereof). **Minutes:** Matter taken under submission. (rba) (Entered: 11/13/2025) |
| 11/13/2025 | 2838 (36 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1173 Araquipa Court, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/13/2025) |
| 11/13/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2812 Regarding Hearing Date: 11/12/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2812 Transcript Order Form (Public Request)). (no) (Entered: 11/13/2025) |
| 11/13/2025 | 2839 (19 pgs) | Certificate of Service *re: 1) Second Supplemental Declaration of Bradley D. Sharp in Support of Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement; 2) Monthly Professional Fee Statement for Kurtzman Carson Consultants, LLC dba Verita Global [September 1, 2025 to September 30, 2025]; and 3) Application of Debtors for Order Correcting Scriveners Error in Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2786 Declaration, 2791 Statement, 2797 Motion Miscellaneous Relief). (Gershbein, Evan) (Entered: 11/13/2025) |
| 11/13/2025 | 2840 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 11/12/2025 11:00:00 AM ]. File Size [ 12208 KB ]. Run Time [ 00:50:52 ]. (admin). (Entered: 11/13/2025) |

334/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 441 of 960

# EXHIBIT 21

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

PDF FILE WITH AUDIO FILE ATTACHMENT

2024-10545

LeFever Mattson, a California corporation

---

| | |
|---|---|
| Case Type : | bk |
| Case Number : | 2024-10545 |
| Case Title : | LeFever Mattson, a California corporation |
| Audio Date\Time: | 11/13/2025 2:00:00 PM |
| Audio File Name : | 1bk2024-10545_20251113-140000.mp3 |
| Audio File Size : | 8296 KB |
| Audio Run Time : | [00:34:34] (hh:mm:ss) |

---

**Help using this file:**

An audio file is embedded as an attachment in this PDF document. To listen to the file, click the Attachments tab or the Paper Clip icon.  Select the Audio File and click Open.

**MPEG Layer-3 audio coding technology from Fraunhofer IIS and Thomson.**

> **This digital recording is a copy of a court proceeding and is provided as a convenience to the public.  In accordance with 28 U.S.C. § 753 (b) "[n]o transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record."**

Case: 24-10545    Doc# 2841    Filed: 11/13/25    Entered: 11/13/25 22:30:08    Page 1 of 1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 443 of 960

# EXHIBIT 22

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**Entered on Docket**
**November 20, 2025**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**The following constitutes the order of the Court.**
**Signed: November 20, 2025**



_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re:

LEFEVER MATTSON, a California
Corporation, et al.,

              Debtors.

In re

KS MATTSON PARTNERS, LP,

              Debtor.

Case No.  24-10545 CN
(Jointly Administered)

Chapter 11

**ORDER GRANTING MOTION TO
DECLARE VOID ACTIONS IN
VIOLATION OF THE AUTOMATIC
STAY RELATED TO LIVE OAK
INVESTMENTS, LP**

On November 13, 2025, the court conducted a continued hearing on the Official

Unsecured Creditors Committee's ("UCC") motion to declare the removal of debtor

LeFever Mattson, Inc. ("LM") as the general partner of Chapter 11 debtor Live Oak

Investments, LP ("Live Oak") void for violating the Bankruptcy Code's automatic

stay.  The pertinent facts are not in dispute.  LM and Live Oak filed Chapter 11

bankruptcies on September 12, 2024.[1]  Live Oak is a limited partnership organized under

California law, and LM was its general partner when LM and Live Oak filed their Chapter

_____

[1] In September 2024, LM was the managing entity of more than 60 limited
partnership and limited liability corporations, most of which owned real property as their
primary assets.  LM filed Chapter 11 bankruptcies for virtually all of these entities to
address an alleged Ponzi scheme which involved LM and its managed entities.

Case: 24-10545   Doc# 2891   Filed: 11/20/25   Entered: 11/20/25 15:05:02   Page 1 of
7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 445 of 960

11 bankruptcies.  LM holds an approximate 21% partnership interest in Live Oak.  When Live Oak filed its Chapter 11, its primary assets included cash totaling $3,141,039 and litigation claims (valued at approximately $3.2 million) against several of its sister, LM entities.  LM's general partnership duties are defined in Live Oak's limited partnership agreement ("the "Agreement").[2]  Article 5.1 of the Agreement states in pertinent part that "The business of the Partnership shall be managed by the General Partner.  Any entity or individual appointed to the position of General Partner shall serve as General Partner until the earlier of its resignation or its removal for cause by a Majority of the Partners at a meeting called expressly for that purpose. . . . The General Partner alone shall have all decision making authority with respect to the Partnership, including but not limited to any action or decision in connection with any financing or refinancing of the Property."[3] Having filed a Chapter 11, the duties of Live Oak's general partner would presumably include, among other things, the management of Live Oak's cash assets, retention of bankruptcy counsel, and determining how its Chapter 11 case should proceed – responsibilities which the parties before the court have wrestled over for quite some time.

Several of Live Oak's limited partners contend that LM has violated its fiduciary duties to them. From the limited partners' perspective, the dispute is as follows: Immediately before it filed its Chapter 11, Live Oak sold its real property holdings, which generated substantial net proceeds for the limited partnership.  From these proceeds, LM paid itself a commission pursuant to the Agreement and disbursed to itself an additional 21.4% of the net sales proceeds, which represented, in theory, its proportionate share of these funds.  What LM did not do, however, is disburse any of the net sales proceeds to the limited partners, an act (along with the LM distribution) which several of the Live Oak

---

[2] *See,* Exhibit C to the Declaration of William Andrew, at dkt #2800-1.

[3] Section 5.1 provides that certain actions – including the filing of a bankruptcy – require the consent or approval of Majority of the Partners.

- 2 -

Case: 24-10545   Doc# 2891   Filed: 11/20/25   Entered: 11/20/25 15:05:02   Page 2 of 7

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 446 of 960

1
2
limited partners assert violated the Agreement and breached LM's fiduciary duties as general partner.

3
4
5
6
On October 7, 2025, certain Live Oak limited partners filed a Notice of Partnership Meeting, the sole purpose of which meeting was to remove LM as the general partner and to appoint William Andrew as the new general partner. The meeting was held, a vote was conducted, and Andrew was chosen to replace LM as Live Oak's general partner.[4]

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
The UCC (which is joined by LM) argues that LM's removal as general partner violated the automatic stay created by the LM Chapter 11 bankruptcy filing. It argues that LM's managerial responsibilities constituted property of its bankruptcy estate, and by stripping it of these duties, the limited partners who voted to oust LM violated Bankruptcy Code § 362(a)(3), which prohibits "any [post-petition] act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In the Ninth Circuit, acts which violate the automatic stay are void as a matter of law. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Andrew argues otherwise. He asserts that under California Corporations Code § 16601, a partner is dissociated from a partnership when, among other events, the partner "[becomes] a debtor in bankruptcy." Cal. Corp. Code § 16601(6)(A). A dissociated partner may not participate in the management or conduct of the partnership. *See* California Corporations Code § 15906.05(a)(1). Once LM filed its Chapter 11, Andrew argues that it was automatically disqualified to act as Live Oak's general partner. Hence, as a matter of law, the partnership meeting was not an act that altered LM's property rights.

24
25
Andrew's analysis ignores certain fundamental principles of bankruptcy law. Bankruptcy Code § 541(a) broadly defines "property of the estate." *United States v.*

26

27
28
---
[4] After the meeting, Live Oak: 1) "terminated" the services of its Chapter 11 counsel; 2) filed an application to employ Thomas P. Kelly III as new bankruptcy counsel; and 3) withdrew its endorsement of the collective Chapter 11 disclosure statement and plan of reorganization filed by LM on behalf of itself and its managed entities.

- 3 -

*Whiting Pools, Inc.,* 462 U.S. 198, 204-05, 103 S.Ct. 2309, 76 L.Ed. 515 (1983).  Under § 541, such property includes, with certain exceptions not relevant here, "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  "All'' is a broad term, and means "every one (of), or the complete amount or number (of), or the whole (of)." "*All*," CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/dictionary/english/all?q=All (last visited Nov. 19, 2025).  LM's pre-petition property rights thus included its general partnership duties under the Agreement.  *See, e.g.*, *Cardinal Indus., Inc. v. Buckeye Fed. Sav. & Loan Ass'n (In re Cardinal Indus., Inc.)*, 105 B.R. 834 (Bankr. S.D. Ohio 1989); *Quarles House Apartments v. Plunkett (In re Plunkett)*, 23 B.R. 392 (Bankr. E.D. Wisc. 1982).  While the value of these rights may not be easily quantifiable, their worth, at least in this Chapter 11 case, is self-evident.

The court rejects Andrew's argument that LM's managerial rights terminated when it filed its Chapter 11 bankruptcy. The pertinent language of California Corporations Code §§ 15906.03 and 16603 are impermissible *ipso facto* clauses that are inconsistent with Bankruptcy Code § 541(c)(1)(B) and thus violative of the Constitution's Supremacy Clause.  Section 541(c)(1) provides in relevant part that "an interest of the debtor in property becomes property of the estate under subdivision (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law. . . . that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title . . . and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." 11 U.S.C. § 541(c)(1)(B).  As noted in *In re Envision Healthcare Corp.*, 655 B.R. 701 (S.D. Tex. 2023),

> Section 541(c)(1)(B) of the Bankruptcy Code reinforces the Congressional mandate that *all* legal and equitable interests in property become property of the estate. It says that a debtor's interest in property becomes property of the estate despite any

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

provision in an agreement or applicable nonbankruptcy laws conditioned on the commencement of a bankruptcy case that effects a forfeiture, modification, or termination of the debtor's interest in property.  11 U.S.C. § 541(c)(1)(B). In other words, parties cannot contract around what becomes estate property, and states cannot legislate estate property away.

Simultaneous with the creation of a bankruptcy estate, the Bankruptcy Code implements an automatic stay under § 362 of the Code. The automatic stay gives the debtor a breathing spell to focus on its bankruptcy case. It also protects creditors and other parties in interest by staying, among other things, any "act" to obtain property of the estate or to exercise control over property of the estate.  11 U.S.C. § 362(a)(3)[.]

. . . .

Federal bankruptcy law determines the scope of a debtor's bankruptcy estate. *See Whiting Pools, Inc.*, 462 U.S. at 204-05, 103 S.Ct 2309.  A debtor's pre-bankruptcy rights in property are determined according to state law.  *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).  But where state and federal law "directly conflict, state law must give way."  *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 607, 131 S.Ct. 2567, 180 L.Ed.2d 580 (2011). A judge "must simply ask himself or herself whether the relevant federal and state laws 'irreconcilably conflic[t].'"  *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. ---, 139 S.Ct. 1668, 1679, 203 L.Ed.2d 822 (2019) (internal citation omitted).

Federal bankruptcy law says that the creation of an estate is automatic and immediate upon a bankruptcy filing. There is no metaphysical moment in time for state law to alter or modify any prepetition legal rights between the filing of the petition and creation of the estate. And the automatic stay begins at the same time the petition is filed to protect a debtor and its creditors. Congressional intent that these events occur simultaneously and instantaneously is supported by § 541(c)(1)(B), which ensures that state law cannot be used to deprive a debtor of property rights because of a bankruptcy filing.

*Id.* at 709-11 (emphasis in original).

The Bankruptcy Code does not distinguish between LM's remaining economic rights in Live Oak, and its (presumably contractual) managerial duties.  As the *Envision* court held, "Nothing in the Bankruptcy Code renders the economic v. managerial distinction meaningful in the context of the creation of the estate. Any such legal or equitable interest at the time of filing comes into the estate." *Id.* at 711.  Accordingly, Live

- 5 -

1
2
3
4
Oak's removal of LM as its general partner violated the automatic stay and is a void act. For this reason, 1) Thomas P. Kelley III's employment is denied, and Live Oak's prior Chapter 11 counsel is reinstated; and 2) Live Oak's request to withdraw from the disclosure statement and plan filed by LM is denied.

5
6
7
8
Finally, it is important to note the limits of this order. First, this court is not opining on whether cause exists to remove LM as Live Oak's general partner. Second, this court is not determining whether LM's general partnership duties arise from an executory contract that may not be assumable under Bankruptcy Code § 365.[5]

9
***END OF ORDER***

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[5] The court, however, refers the parties to Collier on Bankruptcy: "Although section 365(e) bars the termination of a contract based on the commencement of a bankruptcy case, an exception in section 365(e)(2)(A) applies to contracts under which the other party is excused from rendering performance to or accepting performance from the trustee or an assignee of the contract. It appears that such contracts may be terminated upon commencement of a case. . . . Although a party may be authorized to terminate such a contract, the contract is still property of the estate until it is terminated, and any termination is subject to the automatic stay of section 362." 3 Collier on Bankruptcy P 365.07[4][b] (16th Ed. 2025)

- 6 -

1    Case No. 24-10545 CN

2

3    <u>**COURT SERVICE LIST**</u>

4

5    LeFever Mattson, a California corporation

6    6359 Auburn Blvd., Suite B
     Citrus Heights, CA 95621

7    Bradley D. Sharp, President & CEO

8    DSI Consulting
     333 South Grand Avenue, Ste 4100

9    Los Angeles, CA 90071

10    Other recipients are ECF participants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 23

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Thomas P. Kelly III, Attorney at Law
Law Offices of Thomas P. Kelly III P.C.
CA 230699, OR 080927, DC 1000147
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Attorney for Live Oak Investments LP
and its general partner William Andrew

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| In re: | Case No. 24-10545 (CN) (Lead Case) |
|---|---|
| LEFEVER MATTSON, a California corporation, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | NOTICE OF APPEAL |
| | Judge: Hon. Charles Novack |
| | Court: 1300 Clay Street |
| | Courtroom 215 |
| | Oakland, California |
| | 94612 |
| | Date filed: September 12, 2024 |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

NOTICE OF APPEAL

Case: 24-10545 Doc# 2937 Filed: 11/30/25 Entered: 11/30/25 21:35:00 Page 1 of 10

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 453 of 960

# I. INTRODUCTION

William Andrew as the general partner of the Debtor-in-possession Live Oak Investments LP (hereinafter "Debtor") hereby appeals and gives notice of that appeal under 28 U.S.C. §158 to the Bankruptcy Appellate Panel for the Ninth Circuit pursuant to 28 U.S.C. §158(b) from the order of this Court granting the motion to declare void certain action in violation of the automatic stay entered on November 20, 2025 bearing docket entry number 49 in the record of this case.

Pursuant to FRBP §8003(a)(3)(B), a copy of the order appealed from is filed concurrently with this notice and marked as Exhibit 1. The parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are set forth below.

Dated: November 30, 2025

Thomas P. Kelly III
Attorney at Law

Official Committee of Unsecured Creditors
John D. Fiero & Jason H. Rosell
Pachulski Stang Ziehl & Jones LLP
One Sansome Street
34th Floor
Suite 3450
San Francisco, California
94104-4436
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jfiero@pszjlaw.com, jrosell@pszjlaw.com

LeFever Mattson Inc.
Thomas B. Rupp & Tobias S. Keller
Keller Benvenutti Kim LLP
425 Market Street
26th Floor
San Francisco, California
94105
Telephone: 415-496-6723
Facsimile: 650-636-9251
Email: trupp@kbkllp.com, tkeller@kbkllp.com

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

NOTICE OF APPEAL

Case: 24-10545   Doc# 2937   Filed: 11/30/25   Entered: 11/30/25 21:35:00   Page 2 of
Page 1 of 1                                                          24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 454 of 960

# EXHIBIT 1

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

**Entered on Docket**
**November 20, 2025**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**The following constitutes the order of the Court.**
**Signed: November 20, 2025**

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re:

LEFEVER MATTSON, a California
Corporation, et al.,

               Debtors.

In re

KS MATTSON PARTNERS, LP,

               Debtor.

Case No.  24-10545 CN
(Jointly Administered)

Chapter 11

**ORDER GRANTING MOTION TO
DECLARE VOID ACTIONS IN
VIOLATION OF THE AUTOMATIC
STAY RELATED TO LIVE OAK
INVESTMENTS, LP**

On November 13, 2025, the court conducted a continued hearing on the Official

Unsecured Creditors Committee's ("UCC") motion to declare the removal of debtor

LeFever Mattson, Inc. ("LM") as the general partner of Chapter 11 debtor Live Oak

Investments, LP ("Live Oak") void for violating the Bankruptcy Code's automatic

stay.  The pertinent facts are not in dispute.  LM and Live Oak filed Chapter 11

bankruptcies on September 12, 2024.[1]  Live Oak is a limited partnership organized under

California law, and LM was its general partner when LM and Live Oak filed their Chapter

---

[1] In September 2024, LM was the managing entity of more than 60 limited
partnership and limited liability corporations, most of which owned real property as their
primary assets.  LM filed Chapter 11 bankruptcies for virtually all of these entities to
address an alleged Ponzi scheme which involved LM and its managed entities.

Case: 24-10545  Doc# 2891  Filed: 11/30/25  Entered: 11/30/25 15:05:00  Page 4 of
10

Case: 24-10545  Doc# 2897  Filed: 11/20/25  Entered: 11/20/25 15:05:00  Page 1 of
10

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 456 of 960

11 bankruptcies.  LM holds an approximate 21% partnership interest in Live Oak.  When Live Oak filed its Chapter 11, its primary assets included cash totaling $3,141,039 and litigation claims (valued at approximately $3.2 million) against several of its sister, LM entities.  LM's general partnership duties are defined in Live Oak's limited partnership agreement ("the "Agreement").[2]  Article 5.1 of the Agreement states in pertinent part that "The business of the Partnership shall be managed by the General Partner.  Any entity or individual appointed to the position of General Partner shall serve as General Partner until the earlier of its resignation or its removal for cause by a Majority of the Partners at a meeting called expressly for that purpose. . . . The General Partner alone shall have all decision making authority with respect to the Partnership, including but not limited to any action or decision in connection with any financing or refinancing of the Property."[3]  Having filed a Chapter 11, the duties of Live Oak's general partner would presumably include, among other things, the management of Live Oak's cash assets, retention of bankruptcy counsel, and determining how its Chapter 11 case should proceed – responsibilities which the parties before the court have wrestled over for quite some time.

Several of Live Oak's limited partners contend that LM has violated its fiduciary duties to them. From the limited partners' perspective, the dispute is as follows: Immediately before it filed its Chapter 11, Live Oak sold its real property holdings, which generated substantial net proceeds for the limited partnership.  From these proceeds, LM paid itself a commission pursuant to the Agreement and disbursed to itself an additional 21.4% of the net sales proceeds, which represented, in theory, its proportionate share of these funds.  What LM did not do, however, is disburse any of the net sales proceeds to the limited partners, an act (along with the LM distribution) which several of the Live Oak

---

[2] *See,* Exhibit C to the Declaration of William Andrew, at dkt #2800-1.

[3] Section 5.1 provides that certain actions – including the filing of a bankruptcy – require the consent or approval of Majority of the Partners.

- 2 -

limited partners assert violated the Agreement and breached LM's fiduciary duties as general partner.

On October 7, 2025, certain Live Oak limited partners filed a Notice of Partnership Meeting, the sole purpose of which meeting was to remove LM as the general partner and to appoint William Andrew as the new general partner. The meeting was held, a vote was conducted, and Andrew was chosen to replace LM as Live Oak's general partner.[4]

The UCC (which is joined by LM) argues that LM's removal as general partner violated the automatic stay created by the LM Chapter 11 bankruptcy filing. It argues that LM's managerial responsibilities constituted property of its bankruptcy estate, and by stripping it of these duties, the limited partners who voted to oust LM violated Bankruptcy Code § 362(a)(3), which prohibits "any [post-petition] act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In the Ninth Circuit, acts which violate the automatic stay are void as a matter of law. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Andrew argues otherwise. He asserts that under California Corporations Code § 16601, a partner is dissociated from a partnership when, among other events, the partner "[becomes] a debtor in bankruptcy." Cal. Corp. Code § 16601(6)(A). A dissociated partner may not participate in the management or conduct of the partnership. *See* California Corporations Code § 15906.05(a)(1). Once LM filed its Chapter 11, Andrew argues that it was automatically disqualified to act as Live Oak's general partner. Hence, as a matter of law, the partnership meeting was not an act that altered LM's property rights.

Andrew's analysis ignores certain fundamental principles of bankruptcy law. Bankruptcy Code § 541(a) broadly defines "property of the estate." *United States v.*

---

[4] After the meeting, Live Oak: 1) "terminated" the services of its Chapter 11 counsel; 2) filed an application to employ Thomas P. Kelly III as new bankruptcy counsel; and 3) withdrew its endorsement of the collective Chapter 11 disclosure statement and plan of reorganization filed by LM on behalf of itself and its managed entities.

1   *Whiting Pools, Inc.,* 462 U.S. 198, 204-05, 103 S.Ct. 2309, 76 L.Ed. 515 (1983).  Under §

2   541, such property includes, with certain exceptions not relevant here, "all legal or

3   equitable interests of the debtor in property as of the commencement of the case."  11

4   U.S.C. § 541(a)(1).  "All'' is a broad term, and means "every one (of), or the complete

5   amount or number (of), or the whole (of)." "*All*," CAMBRIDGE DICTIONARY,

6   https://dictionary.cambridge.org/dictionary/english/all?q=All (last visited Nov. 19, 2025).

7   LM's pre-petition property rights thus included its general partnership duties under the

8   Agreement.  *See, e.g.*, *Cardinal Indus., Inc. v. Buckeye Fed. Sav. & Loan Ass'n (In re*

9   *Cardinal Indus., Inc.)*, 105 B.R. 834 (Bankr. S.D. Ohio 1989); *Quarles House Apartments*

10  *v. Plunkett (In re Plunkett)*, 23 B.R. 392 (Bankr. E.D. Wisc. 1982).  While the value of

11  these rights may not be easily quantifiable, their worth, at least in this Chapter 11 case, is

12  self-evident.

13          The court rejects Andrew's argument that LM's managerial rights terminated when

14  it filed its Chapter 11 bankruptcy. The pertinent language of California Corporations Code

15  §§ 15906.03 and 16603 are impermissible *ipso facto* clauses that are inconsistent with

16  Bankruptcy Code § 541(c)(1)(B) and thus violative of the Constitution's Supremacy

17  Clause.  Section 541(c)(1) provides in relevant part that "an interest of the debtor in

18  property becomes property of the estate under subdivision (a)(1), (a)(2), or (a)(5) of this

19  section notwithstanding any provision in an agreement, transfer instrument, or applicable

20  nonbankruptcy law. . . . that is conditioned on the insolvency or financial condition of the

21  debtor, on the commencement of a case under this title . . . and that effects or gives an

22  option to effect a forfeiture, modification, or termination of the debtor's interest in

23  property." 11 U.S.C. § 541(c)(1)(B).  As noted in *In re Envision Healthcare Corp.*, 655

24  B.R. 701 (S.D. Tex. 2023),

25

26          Section 541(c)(1)(B) of the Bankruptcy Code reinforces the Congressional mandate
            that *all* legal and equitable interests in property become property of the estate. It
27          says that a debtor's interest in property becomes property of the estate despite any

28

- 4 -

provision in an agreement or applicable nonbankruptcy laws conditioned on the commencement of a bankruptcy case that effects a forfeiture, modification, or termination of the debtor's interest in property. 11 U.S.C. § 541(c)(1)(B). In other words, parties cannot contract around what becomes estate property, and states cannot legislate estate property away.

Simultaneous with the creation of a bankruptcy estate, the Bankruptcy Code implements an automatic stay under § 362 of the Code. The automatic stay gives the debtor a breathing spell to focus on its bankruptcy case. It also protects creditors and other parties in interest by staying, among other things, any "act" to obtain property of the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3)[.]

. . . .

Federal bankruptcy law determines the scope of a debtor's bankruptcy estate. *See Whiting Pools, Inc.*, 462 U.S. at 204-05, 103 S.Ct 2309. A debtor's pre-bankruptcy rights in property are determined according to state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). But where state and federal law "directly conflict, state law must give way." *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 607, 131 S.Ct. 2567, 180 L.Ed.2d 580 (2011). A judge "must simply ask himself or herself whether the relevant federal and state laws 'irreconcilably conflic[t].'" *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. ---, 139 S.Ct. 1668, 1679, 203 L.Ed.2d 822 (2019) (internal citation omitted).

Federal bankruptcy law says that the creation of an estate is automatic and immediate upon a bankruptcy filing. There is no metaphysical moment in time for state law to alter or modify any prepetition legal rights between the filing of the petition and creation of the estate. And the automatic stay begins at the same time the petition is filed to protect a debtor and its creditors. Congressional intent that these events occur simultaneously and instantaneously is supported by § 541(c)(1)(B), which ensures that state law cannot be used to deprive a debtor of property rights because of a bankruptcy filing.

*Id.* at 709-11 (emphasis in original).

The Bankruptcy Code does not distinguish between LM's remaining economic rights in Live Oak, and its (presumably contractual) managerial duties. As the *Envision* court held, "Nothing in the Bankruptcy Code renders the economic v. managerial distinction meaningful in the context of the creation of the estate. Any such legal or equitable interest at the time of filing comes into the estate." *Id.* at 711. Accordingly, Live

- 5 -

Case: 24-10545 Doc# 2991 Filed: 11/30/25 Entered: 11/30/25 15:05:00 Page 8 of 10

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 460 of 960

1
2
3
4

Oak's removal of LM as its general partner violated the automatic stay and is a void act. For this reason, 1) Thomas P. Kelley III's employment is denied, and Live Oak's prior Chapter 11 counsel is reinstated; and 2) Live Oak's request to withdraw from the disclosure statement and plan filed by LM is denied.

5
6
7
8

Finally, it is important to note the limits of this order. First, this court is not opining on whether cause exists to remove LM as Live Oak's general partner. Second, this court is not determining whether LM's general partnership duties arise from an executory contract that may not be assumable under Bankruptcy Code § 365.[5]

9

***END OF ORDER***

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[5] The court, however, refers the parties to Collier on Bankruptcy: "Although section 365(e) bars the termination of a contract based on the commencement of a bankruptcy case, an exception in section 365(e)(2)(A) applies to contracts under which the other party is excused from rendering performance to or accepting performance from the trustee or an assignee of the contract. It appears that such contracts may be terminated upon commencement of a case. . . . Although a party may be authorized to terminate such a contract, the contract is still property of the estate until it is terminated, and any termination is subject to the automatic stay of section 362." 3 Collier on Bankruptcy P 365.07[4][b] (16th Ed. 2025)

- 6 -

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 461 of 960

1   Case No. 24-10545 CN

2

3                          **<u>COURT SERVICE LIST</u>**

4   LeFever Mattson, a California corporation

5   6359 Auburn Blvd., Suite B
    Citrus Heights, CA 95621
6

7   Bradley D. Sharp, President & CEO
    DSI Consulting
8   333 South Grand Avenue, Ste 4100
    Los Angeles, CA 90071
9

10  Other recipients are ECF participants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 - 7 -

# EXHIBIT 24

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1  Thomas P. Kelly III, Attorney at Law
   Law Offices of Thomas P. Kelly III P.C.
2  CA 230699, OR 080927, DC 1000147
   50 Old Courthouse Square, Suite 609
3  Santa Rosa, California, 95404-4926
   Telephone : 707-545-8700
4  Facsimile : 707-542-3371
   Email : tomkelly@sonic.net
5
   Attorney for Live Oak Investments LP
6  and its general partner William Andrew

7

8                    UNITED STATES BANKRUPTCY COURT

9          NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10  In re:                              Case No. 24-10545 (CN) (Lead Case)

11  LEFEVER MATTSON, a California       Chapter 11
    corporation, *et al.*,[1]
12                                      (Jointly Administered)
                        Debtors.
13                                      DESIGNATION OF RECORD ON APPEAL

14

15                                      Judge:
                                        Court:      Hon. Charles Novack
16                                                  1300 Clay Street
                                                    Courtroom 215
17                                                  Oakland, California
                                                    94612
18

19                                      Date filed:  September 12, 2024

20

21

22

23

24

25

26

27  ───────────────────
    1   The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
28  Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 24-10545   Doc# 2938   Filed: 11/30/25   Entered: 11/30/25 21:39:04   Page 1 of
DESIGNATION OF RECORD ON APPEAL                    3                          24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 464 of 960

1

**DESIGNATION OF RECORD ON APPEAL**

2      Pursuant to FRBP §8009(a)(1)(A), William Andrew as the general partner of the Debtor-

3  in-possession Live Oak Investments LP (hereinafter "Debtor") designates the list of documents

4  below as part of the record on appeal.

5  Dated: November 30, 2025

6                                          _Thomas P. Kelly III_

7                                          Thomas P. Kelly III
                                           Attorney at Law

8

| No. | Description | Date | Docket # |
|-----|-------------|------|----------|
| 1. | Stipulation, Standing to Represent Interest / Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent Lefever Mattson Debtors Interests Regarding Live Oak Investments, LP Filed by Creditor Committee Official Committee of Unsecured Creditors. | 10/24/2025 | 2617 |
| 2. | Motion / Notice of Motion and Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP; Memorandum of Points and Authorities in Support Thereof Filed by Creditor Committee Official Committee of Unsecured Creditors | 10/24/2025 | 2690 |
| 3. | Declaration of John D. Fiero and all exhibits (Attachment No. 1) | 10/24/2025 | 2690 |
| 4. | Ex Parte Motion to Shorten Time for Hearing on Motion to Declare Void Action in Violation of the Automatic Stay Related to Live Oak Investments, LP | 10/24/2025 | 2692 |
| 5. | Declaration of John D. Fiero in support of the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP | 10/24/2025 | 2693 |
| 6. | Objection | 10/25/2025 | 2695 |
| 7. | Brief/Memorandum in Opposition | 10/25/2025 | 2696 |
| 8. | Order Denying Order Shortening Time For A Hearing On Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP | 10/27/2025 | 2701 |
| 9. | Court Minute Order - hearing continued | 10/31/2025 | N/A |
| 10. | Brief/Memorandum in Opposition | 11/7/2025 | 2800 |
| 11. | Declaration of William Andrew with exhibits (Attachment No. 1) | 11/7/2025 | 2800 |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

DESIGNATION OF RECORD ON APPEAL                    Page 1 of 2

Case: 24-10545   Doc# 2938   Filed: 11/30/25   Entered: 11/30/25 21:39:04   Page 2 of
3                                                              24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 465 of 960

| | | | |
|---|---|---|---|
| 12. | Request for Judicial Notice with exhibits (Attachment No. 2) | 11/7/2025 | 2800 |
| 13. | Declaration of Thomas P. Kelly III with exhibits (Attachment No. 3) | 11/7/2025 | 2800 |
| 14. | Reply - Committees Reply In Support Of Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP | 11/12/2025 | 2827 |
| 15. | Declaration of John D. Fiero in Support of Committees Reply In Support Of Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP | 11/12/2025 | 2829 |
| 16. | Exhibit A - October 31, 2025 Email (Attachment No. 1) | 11/12/2025 | 2829 |
| 17. | Exhibit B - November 6, 2025 Email (Attachment No. 2) | 11/12/2025 | 2829 |
| 18. | Exhibit C - November 8, 2025 Email (Attachment No. 3) | 11/12/2025 | 2829 |
| 19. | Exhibit D - Statement of Undisputed Facts (Attachment No. 4) | 11/12/2025 | 2829 |
| 20. | Court Minute Order - matter taken under submission | 11/12/2025 | N/A |
| 21. | Audio File of hearing held on 11/13/2025 at 2:00PM | 11/13/2025 | 2841 |
| 22. | Order Granting Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP | 11/20/2025 | 2891 |
| 23. | Notice of Appeal and attached exhibit | 11/30/2025 | 2937 |
| 24. | Designation of Record on Appeal | 11/30/2025 | 2938 |
| 25. | Statement of Issues on Appeal | 11/30/2025 | 2939 |
| 26. | Notice of Ordering of Transcripts | 11/30/2025 | 2940 |
| 41. | Complete Docket for the present case bearing number 24-10545 | N/A | N/A |

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

DESIGNATION OF RECORD ON APPEAL

Case: 24-10545    Doc# 2938    Filed: 11/30/25    Entered: 11/30/25 21:39:04    Page 3 of
Page 3 of 2                                                          24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 466 of 960

# EXHIBIT 25

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Thomas P. Kelly III, Attorney at Law
Law Offices of Thomas P. Kelly III P.C.
CA 230699, OR 080927, DC 1000147
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

Attorney for Live Oak Investments LP
and its general partner William Andrew

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 24-10545 (CN) (Lead Case) |
| LEFEVER MATTSON, a California corporation, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | STATEMENT OF ISSUES ON APPEAL |
| | Judge: Hon. Charles Novack |
| | Court: 1300 Clay Street |
| | Courtroom 215 |
| | Oakland, California 94612 |
| | Date filed: September 12, 2024 |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

STATEMENT OF ISSUES ON APPEAL

Case: 24-10545 Doc# 2939 Filed: 11/30/25 Entered: 11/30/25 21:40:16 Page 1 of 2

24-10545 LEFEVER MATTSON

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 468 of 960

**<u>STATEMENT OF ISSUES ON APPEAL</u>**

Pursuant to FRBP §8009(a)(1)(A), William Andrew as the general partner of the Debtor-in-possession Live Oak Investments LP (hereinafter "Debtor") presents the issues on appeal as follows:

1. Did the Bankruptcy Court err when it held that the actions taken at the partnership meeting for Debtor on October 7, 2025 violate the automatic stay under 11 U.S.C. §362?

2. Did the Bankruptcy Court apply the wrong legal standard when it held that the actions taken at the partnership meeting for Debtor on October 7, 2025 violate the automatic stay under 11 U.S.C. §362?

3. Did the Bankruptcy Court err when it held that the partnership agreement for Debtor was fully assumable and assignable as an executory contract?

4. Did the Bankruptcy Court apply the wrong legal standard when it held that the partnership agreement for Debtor was fully assumable and assignable as an executory contract?

5. Did the Bankruptcy Court err when it held that the automatic stay always prevents the removal of a general partner from a partnership even for cause such as fraud and breach of fiduciary duty?

6. Did the Bankruptcy Court apply the wrong legal standard when it held that the automatic stay always prevents the removal of a general partner from a partnership even for cause such as fraud and breach of fiduciary duty?

7. Did the Bankruptcy Court err when it held that the upon the filing of a bankruptcy petition a partner was not automatically disassociated under Cal. Corp. Code § 16601?

8. Did the Bankruptcy Court apply the wrong legal standard when it held that the upon the filing of a bankruptcy petition a partner was not disassociated under Cal. Corp. Code § 16601?

Dated: November 30, 2025

Thomas P. Kelly III
Attorney at Law

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

STATEMENT OF ISSUES ON APPEAL

# EXHIBIT 26

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1  Thomas P. Kelly III, Attorney at Law
   Law Offices of Thomas P. Kelly III P.C.
2  CA 230699, OR 080927, DC 1000147
   50 Old Courthouse Square, Suite 609
3  Santa Rosa, California, 95404-4926
   Telephone : 707-545-8700
4  Facsimile : 707-542-3371
   Email : tomkelly@sonic.net
5
   Attorney for Live Oak Investments LP
6  and its general partner William Andrew

7

8                  UNITED STATES BANKRUPTCY COURT

9          NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

10  In re:                              Case No. 24-10545 (CN) (Lead Case)

11  LEFEVER MATTSON, a California        Chapter 11
    corporation, et al.,[1]
12                                       (Jointly Administered)
                        Debtors.
13                                       NOTICE OF ORDERING OF TRANSCRIPTS

14

15                                       Judge:
                                         Court:      Hon. Charles Novack
16                                                    1300 Clay Street
                                                      Courtroom 215
17                                                    Oakland, California
                                                      94612
18

19                                       Date filed:   September 12, 2024

20

21

22

23

24

25

26

27
    ───────────────────────
28  1   The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11
    Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
    of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for
    service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

1

### NOTICE OF ORDERING OF TRANSCRIPTS

2          Pursuant to FRBP §8009(a)(4), William Andrew as the general partner of the Debtor-in-

3    possession Live Oak Investments LP (hereinafter "Debtor") gives notice of the ordering of

4    transcripts in this matter for the following hearings in this case.

5          1.      Transcript of Bankruptcy Court hearing for October 31, 2025 at 2:00PM.

6          2.      Transcript of Bankruptcy Court hearing for November 13, 2025 at 2:00PM.

7    Dated: November 30, 2025

8                                                     _____
                                                     Thomas P. Kelly III
9                                                    Attorney at Law

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700
NOTICE OF ORDERING OF TRANSCRIPTS                    Page 2 of 1

# EXHIBIT 27

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

JNTADMN, CLMAGT, APPEAL

# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (Santa Rosa)
## Bankruptcy Petition #: 24-10545

|  |  |
|---|---|
| *Date filed:* | 09/12/2024 |
| *341 meeting:* | 12/02/2024 |
| *Deadline for filing claims:* | 02/14/2025 |
| *Deadline for objecting to discharge:* | 12/20/2024 |

*Assigned to:* Judge Charles Novack
Chapter 11
Voluntary
Asset

*Debtor*
**LeFever Mattson, a California corporation**
6359 Auburn Blvd.
Suite B
Citrus Heights, CA 95621
SACRAMENTO-CA
Tax ID / EIN: 68-0197537

represented by **Gabrielle L. Albert**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-364-6778
Email: galbert@kbkllp.com

**M. Tyler Davis**
Keller Benvenutti Kim LLP
101 Montgomery Street
Ste 1950
San Francisco, CA 94104
415-496-6723
Email: tdavis@kbkllp.com

**Alice Giang**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
510-637-9903
Email: agiang@kbkllp.com

**Tobias S. Keller**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-796-0709
Email: tkeller@kbkllp.com

**Dara Levinson Silveira**
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-735-5713
Email: dsilveira@kbkllp.com

Thomas B. Rupp
Keller Benvenutti Kim LLP
101 Montgomery Street
Suite 1950
San Francisco, CA 94104
415-496-6723
Fax : 650-636-9251
Email: trupp@kbkllp.com

**Responsible Ind**
**Bradley D. Sharp**
President & CEO
DSI Consulting
333 South Grand Avenue, Ste 4100
Los Angeles, CA 90071
213-617-2717

**Responsible Ind**
**Robbin S. Itkin**

**Trustee**
**Not Assigned - SR**

**U.S. Trustee**
**Office of the U.S. Trustee / SR**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

represented by **Jared A. Day**
Office of the U.S. Trustee
300 Booth St. #3009
Reno, NV 89509
(775) 784-5335
Email: jared.a.day@usdoj.gov

**Deanna K. Hazelton**
DOJ-Ust
2500 Tulare Street
Ste 1401
Fresno, CA 93721
559-487-5588
Email: deanna.k.hazelton@usdoj.gov

**Phillip John Shine**
DOJ-Ust
280 South First St.
Suite 268
San Jose, CA 95113
(408) 535-5525
Fax : (408) 535-5532
Email: phillip.shine@usdoj.gov

**Creditor Committee**
**Official Committee of Unsecured Credtiors,** *Official*
*Committee of Unsecured Creditors*

represented by **Gillian Nicole Brown**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Ste 13th Floor
Los Angeles, CA 90067

CANB Live Database

310-277-6910
Fax : 310-201-0760
Email: gbrown@pszjlaw.com

**John D. Fiero**
Pachulski Stang Ziehl & Jones LLP
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104-4436
415-217-5101
Fax : 415-263-7010
Email: jfiero@pszjlaw.com

**Steven W Golden**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street
Ste 17th Floor
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400
Email: sgolden@pszjlaw.com

**Debra I. Grassgreen**
Pachulski Stang Ziehl & Jones LLP
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104-4436
415-263-7000
Fax : 415-263-7010
Email: dgrassgreen@pszjlaw.com

**Cia Mackle**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.,13th
Floor
Los Angeles, CA 90067
310-270-5123
Email: cmackle@pszjlaw.com

**Jason Rosell**
Pachulski Stang Ziehl & Jones LLP
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104-4436
415-263-7000
Email: jrosell@pszjlaw.com

**Brooke Elizabeth Wilson**
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, 34th Floor
Suite 3430
San Francisco, CA 94104
415-263-7000
Email: bwilson@pszjlaw.com

CANB Live Database

**Hayley R Winograd**
Pachulski Stang Ziehl & Jones LLP
1700 Broadway
Ste 36th Floor
New York, NY 10019
212-561-7732
Email: hayleywinograd@gmail.com

***Creditor Committee***                                    represented by **Jason Rosell**
**Pachulski Stang Ziehl & Jones LLP**                           (See above for address)
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104-4436

| Filing Date | # | Docket Text |
|---|---|---|
| 09/12/2024 | 1<br>(19 pgs; 3 docs) | Chapter 11 Voluntary Petition for Non-Individual, Fee Amount $1738, Filed by LeFever Mattson, a California corporation. Application to Employ Counsel by Debtor due by 10/15/2024. Order Meeting of Creditors due by 09/19/2024. (Attachments: # 1 Exhibit A # 2 Authorization) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | | Receipt of filing fee for Voluntary Petition (Chapter 11)( 24-10545) [misc,volp11] (1738.00). Receipt number A33412091, amount $1738.00 (re: Doc# 1 Voluntary Petition (Chapter 11)) (U.S. Treasury) (Entered: 09/12/2024) |
| 09/12/2024 | 2<br>(193 pgs) | Creditor Matrix Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 3<br>(3 pgs; 2 docs) | Omnibus Corporate Ownership Statement. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Declaration) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 4<br>(4 pgs; 2 docs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Declaration) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 5<br>(107 pgs; 5 docs) | Declaration of Bradley D. Sharp in Support of *Chapter 11 Petitions and First Day Motions* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 - Organizational Chart # 2 Exhibit 2 - Diagram of Cash Management System # 3 Exhibit 3 - Bank Account Schedule # 4 Exhibit 4 - Property Budgets) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 6<br>(29 pgs; 2 docs) | Motion for Joint Administration Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 7<br>(28 pgs; 2 docs) | Application to Employ *Application of Debtors for Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants, LLC* |

| | | |
|---|---|---|
| | | *dba Verita Global as Claims and Noticing Agent, and (II) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 8 (6 pgs) | Declaration of Evan Gershbein in Support of *Application of Debtors for Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants, LLC dba Verita Global as Claims and Noticing Agent, and (II) Granting Related Relief* (RE: related document(s)7 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 9 (10 pgs; 2 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors; (II) Implementing Certain Procedures for the Notice of Commencement; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 10 (10 pgs; 2 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Entry of an Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 11 (5 pgs; 2 docs) | Application to Designate Bradley D. Sharp as Responsible Individual Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 12 (24 pgs; 4 docs) | Chapter 11 First Day Motion. *Motion of the Debtors for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order # 3 Exhibit C - Utility Service List) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 13 (24 pgs; 3 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order) (Rupp, Thomas) (Entered: 09/12/2024) |
| 09/12/2024 | 14 (20 pgs; 3 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order) (Rupp, Thomas) (Entered: 09/13/2024) |
| 09/13/2024 | 15 (17 pgs; 3 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed |

| | | |
|---|---|---|
| | | Interim Order # 2 Exhibit B - Proposed Final Order) (Rupp, Thomas) (Entered: 09/13/2024) |
| 09/13/2024 | 16 (22 pgs; 3 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; and (B) Continue Certain Employee Compensation and Benefit Programs in the Ordinary Course* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order) (Rupp, Thomas) (Entered: 09/13/2024) |
| 09/13/2024 | 17 (20 pgs; 3 docs) | Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order) (Rupp, Thomas) (Entered: 09/13/2024) |
| 09/13/2024 | 18 (12 pgs; 2 docs) | Ex Parte Motion to Shorten Time *Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on First Day Motions* (RE: related document(s)6 Motion for Joint Administration filed by Debtor LeFever Mattson, a California corporation, 7 Application to Employ filed by Debtor LeFever Mattson, a California corporation, 9 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 10 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 12 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 13 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 14 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 15 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 16 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 09/13/2024) |
| 09/13/2024 | 19 (3 pgs) | Notice of Appearance and Request for Notice *Notice of Appearance and Request for Special Notice* by Theodore A. Cohen. Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 09/13/2024) |
| 09/13/2024 | 20 (2 pgs) | Certificate of Service (RE: related document(s)19 Notice of Appearance and Request for Notice). Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 09/13/2024) |
| 09/13/2024 | 21 (2 pgs; 2 docs) | Order for Payment of State and Federal Taxes (admin) (Entered: 09/13/2024) |
| 09/13/2024 | 22 (6 pgs; 3 docs) | Order Transferring Related Cases to the Hon. Charles Novack. Judge Charles Novack added to case. Involvement of Judge William J. Lafferty Terminated. (ds) (Entered: 09/16/2024) |
| 09/16/2024 | 23 (4 pgs) | Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing On First Day Motions (RE: related document(s)6 Motion for Joint Administration Filed by Debtor LeFever Mattson, a California corporation,7 Application to Employ Application of Debtors for Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants, LLC dba Verita Global as Claims and Noticing Agent, and (II) Granting Related |

| | | |
|---|---|---|
| | | Relie, 9 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 10 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 12 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 13 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 14 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 15 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 16 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation, 18 Motion to Shorten Time filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 9/18/2024 at 02:00 PM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/16/2024) |
| 09/16/2024 | 24 (3 pgs) | Notice of Hearing *on First Day Motions* (RE: related document(s)6 Motion for Joint Administration Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order), 7 Application to Employ *Application of Debtors for Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants, LLC dba Verita Global as Claims and Noticing Agent, and (II) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order), 9 Chapter 11 First Day Motion. *Motion of Debtors for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors; (II) Implementing Certain Procedures for the Notice of Commencement; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order), 10 Chapter 11 First Day Motion. *Motion of Debtors for Entry of an Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order), 12 Chapter 11 First Day Motion. *Motion of the Debtors for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order # 3 Exhibit C - Utility Service List), 13 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), 14 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), 15 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), 16 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; and (B) Continue Certain Employee* |

| | | |
|---|---|---|
| | | *Compensation and Benefit Programs in the Ordinary Course* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order)). **Hearing scheduled for 9/18/2024 at 02:00 PM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/16/2024) |
| 09/16/2024 | 25 (2 pgs; 2 docs) | Order to File Required Documents and Notice of Automatic Dismissal . (klr) (Entered: 09/16/2024) |
| 09/16/2024 | 26 (27 pgs; 2 docs) | Order and Notice of Chapter 11 Status Conference **Status Conference scheduled for 11/8/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Status Conference Statement due by 11/1/2024. NOTE:Please disregard. This order was not generated. (klr) (Entered: 09/16/2024) |
| 09/17/2024 | 27 (2 pgs) | Request for Notice Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port. (Sharma, Amitkumar) (Entered: 09/17/2024) |
| 09/17/2024 | 28 (1 pg) | Request for Notice Filed by Creditor Ally Bank, c/o AIS Portfolio Services, LLC. (Sharma, Amitkumar) (Entered: 09/17/2024) |
| 09/17/2024 | 29 (4 pgs; 2 docs) | Notice of Appearance and Request for Notice by Bennett G. Young. Filed by Creditor Duggan's Mission Chapel (Attachments: # 1 Certificate of Service) (Young, Bennett) (Entered: 09/17/2024) |
| 09/17/2024 | 30 (20 pgs) | Certificate of Service *re: Documents Served on September 16, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3 Corporate Ownership Statement, 5 Declaration, 6 Motion for Joint Administration, 7 Application to Employ, 8 Declaration, 9 Motion Re: Chapter 11 First Day Motions, 10 Motion Re: Chapter 11 First Day Motions, 11 Application to Designate Responsible Individual, 12 Motion Re: Chapter 11 First Day Motions, 13 Motion Re: Chapter 11 First Day Motions, 14 Motion Re: Chapter 11 First Day Motions, 15 Motion Re: Chapter 11 First Day Motions, 16 Motion Re: Chapter 11 First Day Motions, 17 Motion Re: Chapter 11 First Day Motions, 18 Motion to Shorten Time, 23 Order Granting Related Motion/Application, Order To Set Hearing, 24 Notice of Hearing). (Gershbein, Evan) (Entered: 09/17/2024) |
| 09/17/2024 | 31 (21 pgs; 3 docs) | Omnibus Objection *Omnibus Limited Objection and Reservation of Rights of Socotra Capital, Inc. to Motions of Debtors for: (1) Interim and Final Orders Authorizing Debtors to Use Cash Collateral; and (2) Interim and Final Orders (I) Approving Continued Use of the Debtors Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers* (RE: related document(s)13 Motion Re: Chapter 11 First Day Motions, 17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Declaration of Adham Sbeih # 2 Certificate of Service) (Cohen, Theodore) (Entered: 09/17/2024) |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1    8/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 481 of 960

| | | |
|---|---|---|
| 09/18/2024 | [32](#)<br>(6 pgs) | Brief/Memorandum in Opposition to *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 09/18/2024) |
| 09/18/2024 | [33](#)<br>(6 pgs) | Brief/Memorandum in Opposition to *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 09/18/2024) |
| 09/18/2024 | [34](#)<br>(6 pgs) | Brief/Memorandum in Opposition to *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 09/18/2024) |
| 09/18/2024 | [35](#)<br>(6 pgs) | Brief/Memorandum in Opposition to *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 09/18/2024) |
| 09/18/2024 | [36](#)<br>(6 pgs) | Brief/Memorandum in Opposition to *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 09/18/2024) |
| 09/18/2024 | [37](#)<br>(14 pgs) | Brief/Memorandum in Opposition to *UNITED STATES TRUSTEE'S OMNIBUS OPPOSITION TO DEBTORS' EMERGENCY FIRST DAY MOTIONS AND RESERVATION OF RIGHTS* (RE: related document(s)6 Motion for Joint Administration, 7 Application to Employ, 9 Motion Re: Chapter 11 First Day Motions, 10 Motion Re: Chapter 11 First Day Motions, 13 Motion Re: Chapter 11 First Day Motions, 16 Motion Re: Chapter 11 First Day Motions, 17 Motion Re: Chapter 11 First Day Motions). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 09/18/2024) |
| 09/18/2024 | | Meeting of Creditors 341(a) meeting to be held on 10/21/2024 at 10:00 AM via UST Teleconference, Call in number/URL: 1-888-455-8838 Passcode: 4169593. Last day to oppose discharge or dischargeability is 12/20/2024. Proofs of Claims due by 1/10/2025 (trw) (Entered: 09/18/2024) |
| 09/18/2024 | [38](#)<br>(1 pg) | Transcript Order Form regarding Hearing Date 9/18/2024 (RE: related document(s)6 Motion for Joint Administration, 7 Application to Employ, 9 Motion Re: Chapter 11 First Day Motions, 10 Motion Re: Chapter 11 First Day Motions, 12 Motion Re: Chapter 11 First Day Motions, 13 Motion Re: Chapter 11 First Day Motions, 14 Motion Re: Chapter 11 First Day Motions, 15 Motion Re: Chapter 11 First Day Motions, 16 Motion Re: Chapter 11 First Day Motions, 17 Motion Re: Chapter 11 First Day Motions). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/18/2024) |
| 09/18/2024 | [39](#)<br>(2 pgs) | BNC Certificate of Mailing - Reassignment of Case. (RE: related document(s) 22 Order and Notice Reassigning Case). Notice Date 09/18/2024. (Admin.) (Entered: 09/18/2024) |
| 09/18/2024 | [40](#)<br>(2 pgs) | BNC Certificate of Mailing - Payment of State and Fed Taxes. (RE: related document(s) 21 Order for Payment of State and Federal Taxes). |

| | | |
|---|---|---|
| | | Notice Date 09/18/2024. (Admin.) (Entered: 09/18/2024) |
| 09/18/2024 | <u>41</u><br>(2 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>25</u> Order to File Missing Documents). Notice Date 09/18/2024. (Admin.) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>6</u> Motion for Joint Administration ). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>7</u> Application to Employ *Application of Debtors for Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants, LLC dba Verita Global as Claims and Noticing Agent, and (II) Granting Related Relief*). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>9</u> Chapter 11 First Day Motion. *Motion of Debtors for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtor).* **Minutes:** For the reasons stated on the record, the Motion is granted in part and denied in part. By **9/25/2024**, each debtor shall file its 20 largest unsecured creditors. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) Modified on 9/23/2024 (rba). (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>10</u> Chapter 11 First Day Motion. *Motion of Debtors for Entry of an Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs).* **Minutes:** The Motion is granted. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>13</u> Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizi).* **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>16</u> Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; and (B) Continue Certain Employee Compensation and Benefit Programs in the Ordin).* **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) <u>17</u> Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral).* **Minutes:** For the reasons stated on the record, the court authorized use of cash collateral as stated on Exhibit 4 of Declaration of Bradley D. Sharp, Docket #5. Mr. Rupp to |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1

10/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 483 of 960

| | | |
|---|---|---|
| | | submit the order. Mr. Day, Mr. Cohen and Mr. Kaplan to sign off. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) 12 Chapter 11 First Day Motion. *Motion of the Debtors for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers*). **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. Mr. Rupp to contact Judge Montali's chambers to obtain a final hearing date. Mr. Rupp to submit order using Judge Blumensteil's order format. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Held 9/18/2024 at 2:00 PM (RE: related document(s) 14 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto*). **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. Mr. Rupp to submit the order. (rba) (Entered: 09/18/2024) |
| 09/18/2024 | | Hearing Dropped 9/18/2024 at 2:00 PM. Mr. Rupp to set the motion for a final hearing. (RE: related document(s) 15 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Related Relief*). (rba) (Entered: 09/18/2024) |
| 09/18/2024 | 44 (1 pg) | ⏸)) The Audio File attached to the PDF includes several hearings. Court Date & Time [ 9/18/2024 2:00:02 PM ]. File Size [ 85104 KB ]. Run Time [ 01:28:39 ]. (admin). (Entered: 09/19/2024) |
| 09/19/2024 | 42 (2 pgs) | Notice of Appearance and Request for Notice by Robert B. Kaplan. Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 09/19/2024) |
| 09/19/2024 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-38 Regarding Hearing Date: 9/18/2024. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)38 Transcript Order Form (Public Request)). (rdr) (Entered: 09/19/2024) |
| 09/19/2024 | 43 | Acknowledgment of Request for Transcript Received on 9/19/2024. (RE: related document(s)38 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 09/19/2024) |
| 09/20/2024 | 45 (14 pgs) | Order Granting Motion for Joint Administration (Related Doc # 6) of 24-40543, 24-10544, 24-10487, 24-10488, 24-10489, 24-10491, 24-10492, 24-10493, 24-10494, 24-10495, 24-10496, 24-10497, 24-10498, 24-10499, 24-10500, 24-10501, 24-10502, 24-10503, 24-10504, 24-10505, 24-10506, 24-10507, 24-10508, 24-10509, 24-10510, 24-10511, 24-10512, 24-10513, 24-10514, 24-10515, 24-10516, 24-10517, 24-10518, 24-10519, 24-10520, 24-10521, 24-10522, 24-10523, 24-10524, 24-10525, 24-10526, 24-10527, 24-10528, 24-10529, 24-10530, 24-10532, 24-10533, 24-10534, 24-10535, 24-10536, 24-10537, 24-10537, 24-10417, 24-10538, 24-10539, 24-10540, 24-10541, 24-10542 (rba) (Entered: 09/23/2024) |
| 09/20/2024 | 46 (4 pgs) | Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs (Related Doc 10) (rba) (Entered: |

| | | 09/23/2024) |
|---|---|---|
| 09/20/2024 | <u>47</u> (17 pgs; 2 docs) | Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants, LLC, dba Verita Global as Claims and Noticing Agent, and (II) Granting Related Relief (Related Doc # <u>7</u>) (Attachments: # <u>1</u> Exhibit 1) (rba) (Entered: 09/23/2024) |
| 09/20/2024 | <u>48</u> (3 pgs) | Order Pursuant to B.L.R. 4002-1 Appointing Bradley D. Sharp As Responsible Individual (Related Doc # <u>11</u>) (rba) (Entered: 09/23/2024) |
| 09/20/2024 | <u>49</u> (4 pgs) | Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Implementing Certain Procedures for the Notice of Commencement, and (III) Granting Related Relief (Related Doc # <u>9</u>) (rba) (Entered: 09/23/2024) |
| 09/23/2024 | <u>50</u> (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 08/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Additional Statements # <u>2</u> Bank Statements) (Rupp, Thomas) (Entered: 09/23/2024) |
| 09/24/2024 | <u>51</u> (21 pgs; 2 docs) | Motion *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 09/24/2024) |
| 09/24/2024 | <u>52</u> (12 pgs; 3 docs) | Declaration of Bradley D. Sharp in Support of *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date* (RE: related document(s)<u>51</u> Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Rupp, Thomas) (Entered: 09/24/2024) |
| 09/24/2024 | <u>53</u> (10 pgs; 3 docs) | Declaration of Rishi Jain in Support of *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date* (RE: related document(s)<u>51</u> Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Rupp, Thomas) (Entered: 09/24/2024) |
| 09/24/2024 | <u>54</u> (10 pgs; 3 docs) | Declaration of Lance Miller in Support of *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date* (RE: related document(s)<u>51</u> Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Rupp, Thomas) (Entered: 09/24/2024) |

| | | |
|---|---|---|
| 09/24/2024 | [55](#)<br>(3 pgs) | Omnibus Notice of Hearing *Notice of Final Hearing on Debtors' First Day Motions* (RE: related document(s)[12](#) Chapter 11 First Day Motion. *Motion of the Debtors for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order # 3 Exhibit C - Utility Service List), [13](#) Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), [14](#) Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), [15](#) Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), [16](#) Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; and (B) Continue Certain Employee Compensation and Benefit Programs in the Ordinary Course* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order), [17](#) Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order)). **Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/24/2024) |
| 09/24/2024 | [56](#)<br>(3 pgs) | Notice of Hearing (RE: related document(s)[51](#) Motion *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/24/2024) |
| 09/25/2024 | [57](#)<br>(2 pgs) | Notice of Appearance and Request for Notice by Andrew B. Still. Filed by Creditor California Bank of Commerce (Still, Andrew) (Entered: 09/25/2024) |
| 09/25/2024 | [58](#)<br>(2 pgs) | Notice of Appearance and Request for Notice by Eric S. Pezold. Filed by Creditor California Bank of Commerce (Pezold, Eric) (Entered: 09/25/2024) |
| 09/25/2024 | [59](#)<br>(6 pgs) | Interim Order (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to |

| | | |
|---|---|---|
| | | Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers (RE: related document(s)13 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). **Final Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars**. (rba) (Entered: 09/25/2024) |
| 09/25/2024 | 60 (5 pgs) | Interim Order Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; and (B) Continue Certain Employee Compensation and Benefit Programs in the Ordinary Course (RE: related document(s)16 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). **Final Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars**. (rba) (Entered: 09/25/2024) |
| 09/25/2024 | 61 (5 pgs) | Interim Order Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto (RE: related document(s)14 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). **Final Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars**. (rba) (Entered: 09/25/2024) |
| 09/25/2024 | 62 (4 pgs) | Interim Order Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers (RE: related document(s)12 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). **Final Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars**. (rba) (Entered: 09/25/2024) |
| 09/25/2024 | 63 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Apan Partners LLC; Case No. 24-10487* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 64 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Autumn Wood I, LP; Case No. 24-10488* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 65 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Bay Tree, LP; Case No. 24-10489* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 66 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Beach Pine, LP; Case No. 24-10490* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 67 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Bishop Pine, LP; Case No. 24-10491* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 68 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders |

| | | |
|---|---|---|
| | | *Black Walnut, LP; Case No. 24-10492* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>69</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Buck Avenue Apartments, LP; Case No. 24-10493* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>70</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Buckeye Tree, LP; Case No. 24-10494* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>71</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Bur Oak, LP; Case No. 24-10495* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>72</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Butcher Road Partners, LLC; Case No. 24-10496* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>73</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Cambria Pine, LP; Case No. 24-10497* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>74</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Chestnut Oak, LP; Case No. 24-10498* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>75</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Country Oaks I, LP; Case No. 24-10499* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>76</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Divi Divi Tree, L.P.; Case No. 24-10500* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>77</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Douglas Fir Investments, LP; Case No. 24-10501* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>78</u> (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Firetree I, LP; Case No. 24-10502* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |

| | | |
|---|---|---|
| 09/25/2024 | 79 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Firetree II, LP; Case No. 24-10503* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 80 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Firetree III, LP; Case No. 24-10504* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 81 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Foxtail Pine, LP; Case No. 24-10505* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 82 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Ginko Tree, LP; Case No. 24-10506* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 83 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Golden Tree, LP; Case No. 24-10507* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 84 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Hagar Properties, LP; Case No. 24-10508* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 85 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Heacock Park Apartments, LP; Case No. 24-10509* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 86 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *LeFever Mattson I, LLC; Case No. 24-10510* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 87 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Live Oak Investments, LP; Case No. 24-10511* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 88 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Monterey Pine, LP; Case No. 24-10512* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | 89 (3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Napa Elm, LP; Case No. 24-10513* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |

| | | |
|---|---|---|
| 09/25/2024 | <u>90</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Nut Pine, LP; Case No. 24-10514* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>91</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Pinecone, LP; Case No. 24-10515* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>92</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Redbud Tree, LP; Case No. 24-10516* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>93</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Red Cedar Tree, LP; Case No. 24-10517* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>94</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Red Mulberry Tree, LP; Case No. 24-10518* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>95</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Red Oak, LP; Case No. 24-10519* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>96</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Red Oak Tree, LP; Case No. 24-10520* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>97</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Red Spruce Tree, LP; Case No. 24-10521* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>98</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *River Birch, LP; Case No. 24-10522* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>99</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *River Tree Partners, LP; Case No. 24-10523* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>100</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *River View Shopping Center 1, LLC; Case No. 24-10524* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |

| | | |
|---|---|---|
| 09/25/2024 | <u>101</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *River View Shopping Center 2, LLC; Case No. 24-10525* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>102</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *RT Capitol Mall, LP; Case No. 24-10526* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>103</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *RT Golden Hills, LP; Case No. 24-10527* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>104</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Scotch Pine, LP; Case No. 24-10528* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>105</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Sequoia Investment Properties, LP; Case No. 24-10529* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>106</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Sienna Pointe, LLC; Case No. 24-10530* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>107</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Spruce Pine, LP; Case No. 24-10532* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>108</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Tradewinds Apartments, LP; Case No. 24-10533* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>109</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Vaca Villa Apartments, LP; Case No. 24-10534* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>110</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Valley Oak Investments, LP; Case No. 24-10535* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | <u>111</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Watertree I, LP; Case No. 24-10536* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |

| | | |
|---|---|---|
| 09/25/2024 | [112](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Willow Oak, LP; Case No. 24-10537* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [113](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Windscape Apartments I, LP; Case No. 24-10538* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [114](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Windscape Apartments II, LP; Case No. 24-10539* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [115](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Windscape Holdings, LLC; Case No. 24-10540* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [116](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Windtree, LP; Case No. 24-10541* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [117](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Yellow Poplar, LP; Case No. 24-10542* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [118](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *California Investment Properties, a California corporation; Case No. 24-10543* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [119](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *Home Tax Service of America, Inc.; Case No. 24-10544* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [120](3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders *LeFever Mattson, a California corporation; Case No. 24-10545* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/25/2024 | [121](4 pgs; 2 docs) | Declaration of Bradley D. Sharp in Support of *58 Lists of Top 20 Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (RE: related document(s)[63](20 Largest Unsecured Creditors), [64](20 Largest Unsecured Creditors), [65](20 Largest Unsecured Creditors), [66](20 Largest Unsecured Creditors), [67](20 Largest Unsecured Creditors), [68](20 Largest Unsecured Creditors), [69](20 Largest Unsecured Creditors), [70](20 Largest Unsecured Creditors), [71](20 Largest Unsecured Creditors), [72](20 Largest Unsecured Creditors), [73](20 Largest Unsecured Creditors), [74](20 Largest |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1    19/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 492 of 960

| | | |
|---|---|---|
| | | Unsecured Creditors, 75 20 Largest Unsecured Creditors, 76 20 Largest Unsecured Creditors, 77 20 Largest Unsecured Creditors, 78 20 Largest Unsecured Creditors, 79 20 Largest Unsecured Creditors, 80 20 Largest Unsecured Creditors, 81 20 Largest Unsecured Creditors, 82 20 Largest Unsecured Creditors, 83 20 Largest Unsecured Creditors, 84 20 Largest Unsecured Creditors, 85 20 Largest Unsecured Creditors, 86 20 Largest Unsecured Creditors, 87 20 Largest Unsecured Creditors, 88 20 Largest Unsecured Creditors, 89 20 Largest Unsecured Creditors, 90 20 Largest Unsecured Creditors, 91 20 Largest Unsecured Creditors, 92 20 Largest Unsecured Creditors, 93 20 Largest Unsecured Creditors, 94 20 Largest Unsecured Creditors, 95 20 Largest Unsecured Creditors, 96 20 Largest Unsecured Creditors, 97 20 Largest Unsecured Creditors, 98 20 Largest Unsecured Creditors, 99 20 Largest Unsecured Creditors, 100 20 Largest Unsecured Creditors, 101 20 Largest Unsecured Creditors, 102 20 Largest Unsecured Creditors, 103 20 Largest Unsecured Creditors, 104 20 Largest Unsecured Creditors, 105 20 Largest Unsecured Creditors, 106 20 Largest Unsecured Creditors, 107 20 Largest Unsecured Creditors, 108 20 Largest Unsecured Creditors, 109 20 Largest Unsecured Creditors, 110 20 Largest Unsecured Creditors, 111 20 Largest Unsecured Creditors, 112 20 Largest Unsecured Creditors, 113 20 Largest Unsecured Creditors, 114 20 Largest Unsecured Creditors, 115 20 Largest Unsecured Creditors, 116 20 Largest Unsecured Creditors, 117 20 Largest Unsecured Creditors, 118 20 Largest Unsecured Creditors, 119 20 Largest Unsecured Creditors, 120 20 Largest Unsecured Creditors). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 09/25/2024) |
| 09/26/2024 | 122 (2 pgs) | Notice of Appearance and Request for Notice by Jared A. Day. Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 09/26/2024) |
| 09/26/2024 | 123 (4 pgs) | Statement of Attorney Compensation *Pursuant to Fed. R. Bankr. P. 2016(b)* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/26/2024) |
| 09/26/2024 | 124 (5 pgs) | Order Authorizing Debtors To Use Cash Collateral on an Interim Basis (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). **Final Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 09/26/2024) |
| 09/26/2024 | 125 (2 pgs) | Notice of Appearance and Request for Notice by Phillip John Shine. Filed by U.S. Trustee Office of the U.S. Trustee / SR (Shine, Phillip) (Entered: 09/26/2024) |
| 09/26/2024 | 126 (2 pgs) | Notice of Appearance and Request for Notice by Deanna K. Hazelton. Filed by U.S. Trustee Office of the U.S. Trustee / SR (Hazelton, Deanna) (Entered: 09/26/2024) |
| 09/26/2024 | 127 (2 pgs) | Notice of Appearance and Request for Notice by Bennett G. Young. Filed by Creditor Amanda Henry, as Trustee of the Frank Bragg Revocable Turst (Young, Bennett) (Entered: 09/26/2024) |
| 09/30/2024 | 128 (5 pgs) | Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines (bg) (Entered: 09/30/2024) |

| | | |
|---|---|---|
| 10/01/2024 | <u>129</u><br>(25 pgs) | Certificate of Service *re: Documents Served on September 24, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>45</u> Order on Motion for Joint Administration, <u>46</u> Order on Motion Re: Chapter 11 First Day Motions, <u>47</u> Order on Application to Employ, <u>48</u> Order on Application to Designate Responsible Individual, <u>49</u> Order on Motion Re: Chapter 11 First Day Motions, <u>50</u> Chapter 11 Monthly Operating Report, <u>51</u> Motion Miscellaneous Relief, <u>52</u> Declaration, <u>53</u> Declaration, <u>54</u> Declaration, <u>55</u> Notice of Hearing, <u>56</u> Notice of Hearing). (Gershbein, Evan) (Entered: 10/01/2024) |
| 10/02/2024 | <u>130</u><br>(17 pgs) | Certificate of Service *re: Documents Served on September 25, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>59</u> Order Granting Related Motion/Application, <u>60</u> Order Granting Related Motion/Application, <u>61</u> Order Granting Related Motion/Application, <u>62</u> Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 10/02/2024) |
| 10/02/2024 | <u>131</u><br>(9 pgs) | Certificate of Service *re: 1) Declaration Under Penalty of Perjury for Non-Individual Debtors ; 2) Statement Pursuant to Rule 2016(b); and 3) Order Authorizing Debtors to Use Cash Collateral on an Interim Basis* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>121</u> Declaration, <u>123</u> Statement, <u>124</u> Order). (Gershbein, Evan) (Entered: 10/02/2024) |
| 10/08/2024 | <u>132</u><br>(12 pgs) | Brief/Memorandum in Opposition to *UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ORDER AUTHORIZING (I) THE RETENTION AND EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC.; (II) THE DESIGNATION OF BRADLEY D. SHARP AS CHIEF RESTRUCTURING OFFICER; AND (III) THE DESIGNATION OF RISHI JAIN AND LANCE MILLER AS INDEPENDENT DIRECTORS, AS OF THE PETITION DATE* (RE: related document(s)<u>51</u> Motion Miscellaneous Relief. Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 10/08/2024) |
| 10/08/2024 | <u>133</u><br>(11 pgs; 2 docs) | Objection *Limited Objection and Reservation of Rights of Socotra Capital, Inc. to Motion of Debtors For Final Order Authorizing Debtors to Use Cash Collateral* (RE: related document(s)<u>17</u> Motion Re: Chapter 11 First Day Motions). Filed by Creditor Socotra Capital, Inc. (Attachments: # <u>1</u> Certificate of Service) (Cohen, Theodore) (Entered: 10/08/2024) |
| 10/09/2024 | <u>134</u><br>(78 pgs) | Certificate of Service *re: 1) Order and Notice of Chapter 11 Status Conference; and 2) Notice of Chapter 11 Bankruptcy Case* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>26</u> Order and Notice of Status Conference Chp 11, <u>128</u> Notice). (Gershbein, Evan) (Entered: 10/09/2024) |
| 10/09/2024 | <u>135</u><br>(3 pgs) | Notice of Appointment of Creditors' Committee *APPOINTMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS.* (Day, Jared) (Entered: 10/09/2024) |
| 10/10/2024 | <u>136</u><br>(2 pgs) | Request for Notice Filed by Creditor Wondra, et al. (Herrera, Gabriel) (Entered: 10/10/2024) |
| 10/10/2024 | <u>137</u><br>(14 pgs; 2 docs) | Motion *of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP* Filed by Debtor |

| | | |
|---|---|---|
| | | LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/10/2024) |
| 10/10/2024 | 138 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Debtors' Motion for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP* (RE: related document(s)137 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/10/2024) |
| 10/10/2024 | 139 (19 pgs; 2 docs) | Application to Employ Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/10/2024) |
| 10/10/2024 | 140 (11 pgs; 2 docs) | Declaration of David A. Taylor in Support of *Application of Debtors for Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors* (RE: related document(s)139 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/10/2024) |
| 10/10/2024 | 141 (3 pgs) | Notice of Hearing *on Motion of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP* (RE: related document(s)137 Motion of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 10/15/2024 at 01:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/10/2024) |
| 10/11/2024 | 142 (5 pgs) | Reply *Debtors' Reply in Support of Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date* (RE: related document(s)51 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/11/2024) |
| 10/11/2024 | 143 (34 pgs; 3 docs) | Omnibus Reply *of Debtors in Support of First Day Motions* (RE: related document(s)12 Motion Re: Chapter 11 First Day Motions, 13 Motion Re: Chapter 11 First Day Motions, 14 Motion Re: Chapter 11 First Day Motions, 15 Motion Re: Chapter 11 First Day Motions, 16 Motion Re: Chapter 11 First Day Motions, 17 Motion Re: Chapter 11 First Day Motions). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Draft Duggans Stipulation # 2 Exhibit B - Draft Bragg Trust Stipulation) (Rupp, Thomas) (Entered: 10/11/2024) |
| 10/14/2024 | 144 (3 pgs) | Notice of Appearance and Request for Notice by Debra I. Grassgreen. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Grassgreen, Debra) (Entered: 10/14/2024) |
| 10/14/2024 | 145 (3 pgs) | Notice of Appearance and Request for Notice by John D. Fiero. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 10/14/2024) |

| | | |
|---|---|---|
| 10/14/2024 | 146<br>(3 pgs) | Notice of Appearance and Request for Notice by Jason Rosell. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/14/2024) |
| 10/14/2024 | 147<br>(14 pgs) | Certificate of Service *re: Documents Served on October 10, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)137 Motion Miscellaneous Relief, 138 Declaration, 139 Application to Employ, 140 Declaration, 141 Notice of Hearing). (Gershbein, Evan) (Entered: 10/14/2024) |
| 10/14/2024 | 148<br>(9 pgs) | Certificate of Service *re: 1) Debtors Reply in Support of Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of the Petition Date; and 2) Debtors Omnibus Reply in Support of First Day Motions* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)142 Reply, 143 Reply). (Gershbein, Evan) (Entered: 10/14/2024) |
| 10/14/2024 | 149<br>(3 pgs) | Supplemental Certificate of Service *re: Omnibus Notice of Final Hearing on Debtors First Day Motions* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)55 Notice of Hearing). (Gershbein, Evan). Modified on 10/16/2024 (no). (Entered: 10/14/2024) |
| 10/15/2024 | 150<br>(1 pg) | Notice of Change of Address Filed by Creditors Debra Dellacort-Williams and Mariane Dellacort. (lj) (Entered: 10/15/2024) |
| 10/15/2024 | 151<br>(4 pgs; 2 docs) | Request for Notice Filed by Creditor Tri Counties Bank. (Attachments: # 1 Certificate of Service) (Fugitt, Maria) (Entered: 10/15/2024) |
| 10/15/2024 | 152<br>(1 pg) | Transcript Order Form regarding Hearing Date 10/15/2024 (RE: related document(s)12 Motion Re: Chapter 11 First Day Motions, 13 Motion Re: Chapter 11 First Day Motions, 14 Motion Re: Chapter 11 First Day Motions, 15 Motion Re: Chapter 11 First Day Motions, 16 Motion Re: Chapter 11 First Day Motions, 17 Motion Re: Chapter 11 First Day Motions, 22 Order and Notice Reassigning Case, 23 Order Granting Related Motion/Application, Order To Set Hearing, 51 Motion Miscellaneous Relief, 137 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 12 Chapter 11 First Day Motion. *Motion of the Debtors for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers*). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. (rba) Modified on 10/15/2024 (rba). (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 13 Chapter 11 First Day Motion. Motion of Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. (rba) Modified on 10/15/2024 (rba). (Entered: 10/15/2024) |

| | | |
|---|---|---|
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 14 Chapter 11 First Day Motion. Motion of Debtors for Interim and Final Orders Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. (rba) Modified on 10/15/2024 (rba). (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 15 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Related Relief*). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. (rba) (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 16 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; and (B) Continue Certain Employee Compensation and Benefit Programs in the Ordinary*). **Minutes:** For the reasons stated on the record, the Motion is granted on a final basis. Mr. Rupp to submit the order. *(rba)* (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral*). **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. Mr. Rupp to submit the order. (rba) Modified on 10/16/2024 (rba). (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 51 Motion *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller)*. **Minutes:** The Motion is granted. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 10/15/2024) |
| 10/15/2024 | | Hearing Held 10/15/2024 at 1:30 PM (RE: related document(s) 137 Motion *of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP*). **Minutes:** The Motion is granted as modified on the record. Mr. Rupp to submit the order. (rba) (Entered: 10/15/2024) |
| 10/15/2024 | 153 (4 pgs) | Request for Notice Filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust (Levinson, Benjamin) (Entered: 10/15/2024) |
| 10/15/2024 | 154 (14 pgs; 4 docs) | Document: *Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtors' Estates Hold a Substantial or Controlling Interest*. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A-1 List of Assets # 2 Exhibit A-2 Harrow Cellars # 3 Exhibit A-2 Pineapple Bear) (Rupp, Thomas) (Entered: 10/15/2024) |
| 10/15/2024 | 155 (1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 10/15/2024 1:30:00 PM ]. File Size [ 27762 KB ]. Run Time [ 00:28:55 ]. (admin). (Entered: 10/15/2024) |

| 10/16/2024 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-152 Regarding Hearing Date: 10/15/2024. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)152 Transcript Order Form (Public Request)). (no) (Entered: 10/16/2024) |
|---|---|---|
| 10/16/2024 | 156 | Acknowledgment of Request for Transcript Received on 10/16/2024. (RE: related document(s)152 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 10/16/2024) |
| 10/16/2024 | 157 (2 pgs) | Notice of Appearance and Request for Notice by Brooke Elizabeth Wilson. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 10/16/2024) |
| 10/16/2024 | 158 (2 pgs) | Supplemental Statement of Attorney Compensation *Pursuant to Fed. R. Bankr. P. 2016(b)* (RE: related document(s)123 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/16/2024) |
| 10/17/2024 | 159 (33 pgs; 3 docs) | Transcript regarding Hearing Held 10/15/2024 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 10/24/2024. Redaction Request Due By 11/7/2024. Redacted Transcript Submission Due By 11/18/2024. Transcript access will be restricted through 01/15/2025. (Gottlieb, Jason) (Entered: 10/17/2024) |
| 10/17/2024 | 160 (7 pgs) | Order Authorizing (I) the Retention and Employment Of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller as Independent Directors, as of The Petition Date (Related Doc # 51) (rba) (Entered: 10/17/2024) |
| 10/17/2024 | 161 (6 pgs) | Final Order Establishing Adequate Assurance Procedures with Respect to The Debtors' Utility Providers (Related Doc # 12) (rba) (Entered: 10/17/2024) |
| 10/17/2024 | 162 (5 pgs) | Final Order Authorizing the Debtors to Maintain Insurance Programs and Pay Obligations with Respect Thereto (Related Doc # 14) (rba) (Entered: 10/17/2024) |
| 10/17/2024 | 163 (4 pgs) | Final Order Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Related Items; And (B) Continue Certain Employee Compensation and Benefit Programs in the Ordinary Course (Related Doc # 16) (rba) (Entered: 10/17/2024) |
| 10/17/2024 | 164 (6 pgs) | Final Order (I) Approving Continued Use of the Debtors' Cash Management System and Bank Accounts; (II) Authorizing the Debtors To Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers (Related Doc # 13) (rba) (Entered: 10/17/2024) |
| 10/17/2024 | 165 (3 pgs) | Notice of Appearance and Request for Notice by Chris D. Kuhner. Filed by Creditors Steven and Carol Hines, Bradley and Lori Olson, Kristianne |

| | | |
|---|---|---|
| | | Goff, Dana Goff, Laura O'Connor, Daniel and Mary Goff (Kuhner, Chris) (Entered: 10/17/2024) |
| 10/17/2024 | 166 (3 pgs) | Notice of Appearance and Request for Notice by Eric A. Nyberg. Filed by Creditors Dana Goff, Daniel and Mary Goff, Kristianne Goff, Steven and Carol Hines, Laura O'Connor, Bradley and Lori Olson (Nyberg, Eric) (Entered: 10/17/2024) |
| 10/17/2024 | 167 (3 pgs) | Notice of Appearance and Request for Notice by Sarah Lampi Little. Filed by Creditors Dana Goff, Daniel and Mary Goff, Kristianne Goff, Steven and Carol Hines, Laura O'Connor, Bradley and Lori Olson (Little, Sarah) (Entered: 10/17/2024) |
| 10/17/2024 | 168 (5 pgs) | Order Granting Motion of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP (Related Doc # 137) (rba) (Entered: 10/17/2024) |
| 10/18/2024 | 169 (3 pgs) | Notice of Entry of Order Regarding: *Suspending Claims Bar Date* (RE: related document(s)168 Order Granting Motion of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP (Related Doc 137) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/18/2024) |
| 10/18/2024 | 170 (1 pg) | Notice of Change of Address Filed by Creditor Terre Price (rs) (Entered: 10/18/2024) |
| 10/18/2024 | 171 (23 pgs; 2 docs) | Application to Employ Kurtzman Carson Consultants, LLC d/b/a Verita Global as Administrative Advisor *to the Debtors, Effective as of the Petition Date* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/18/2024) |
| 10/18/2024 | 172 (5 pgs) | Declaration of Evan Gershbein in Support of *Application of Debtors Authorizing the Employment of Kurtzman Carson Consultants, LLC d/b/a Verita Global as Administrative Advisor to the Debtors, Effective as of the Petition Date* (RE: related document(s)171 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/18/2024) |
| 10/18/2024 | 173 (3 pgs) | Notice of Hearing *Notice of Continued Hearing on Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order)). **Hearing scheduled for 11/8/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/18/2024) |
| 10/18/2024 | 174 (16 pgs; 2 docs) | Motion *of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/18/2024) |
| 10/18/2024 | 175 (3 pgs) | Notice of Hearing *on Motion of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (RE: related document(s)174 Motion *of Debtors to Establish Procedures* |

| | | |
|---|---|---|
| | | *for Interim Compensation and Reimbursement of Expenses of Professionals* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 11/8/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/18/2024) |
| 10/19/2024 | 176 (3 pgs) | BNC Certificate of Mailing (RE: related document(s) 159 Transcript). Notice Date 10/19/2024. (Admin.) (Entered: 10/19/2024) |
| 10/21/2024 | 177 (3 pgs) | Supplemental Certificate of Service *1) Order and Notice of Chapter 11 Status Conference; and 2) Notice of Chapter 11 Bankruptcy Case* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)26 Order and Notice of Status Conference Chp 11, 128 Notice). (Gershbein, Evan) (Entered: 10/21/2024) |
| 10/21/2024 | 178 (4 pgs) | Final Order Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Certain Related Relief (Related Doc # 15) (rba) (Entered: 10/21/2024) |
| 10/21/2024 | 179 (11 pgs; 2 docs) | Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors (Related Doc # 139) (Attachments: # 1 Exhibit 1) (rba) (Entered: 10/21/2024) |
| 10/22/2024 | 180 (14 pgs) | Application to Employ Pachulski Stang Ziehl & Jones LLP as Committee Counsel *Application of the Official Committee of Unsecured Creditors for Order Authorizing Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/22/2024) |
| 10/22/2024 | 181 (23 pgs) | Declaration of Debra I. Grassgreen in Support of *Application of the Official Committee of Unsecured Creditors for Order Authorizing Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* (RE: related document(s)180 Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/22/2024) |
| 10/22/2024 | 182 (8 pgs) | Certificate of Service (RE: related document(s)180 Application to Employ, 181 Declaration). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/22/2024) |
| 10/22/2024 | 183 (15 pgs; 2 docs) | Application to Employ The Law Office of Donald S. Davidson, P.C. as Special Investigations Counsel *to the Debtors, Effective as of the Petition Date* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/22/2024) |
| 10/22/2024 | 184 (3 pgs) | Declaration of Donald S. Davidson in Support of *Application of Debtors for Order Authorizing Employment of The Law Office of Donald S. Davidson, P.C., as Special Investigations Counsel, Effective as of the Petition Date* (RE: related document(s)183 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/22/2024) |
| 10/22/2024 | 185 (2 pgs) | Notice of Appearance and Request for Notice by Sarah M. Stuppi. Filed by Creditor Ravindra Ambatipudi (Stuppi, Sarah) (Entered: 10/22/2024) |

| | | |
|---|---|---|
| 10/23/2024 | 186<br>(9 pgs) | Certificate of Service *re: Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)154 Document). (Gershbein, Evan) (Entered: 10/23/2024) |
| 10/23/2024 | 187<br>(18 pgs; 2 docs) | Application to Employ Scott C. Smith as Special Corporate Counsel *to the Debtors, Effective as of the Petition Date* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/23/2024) |
| 10/23/2024 | 188<br>(3 pgs) | Declaration of Scott C. Smith in Support of *Application of Debtors for Order Authorizing Employment of Scott C. Smith as Special Corporate Counsel, Effective as of the Petition Date* (RE: related document(s)187 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/23/2024) |
| 10/23/2024 | 189<br>(9 pgs) | Certificate of Service *re: Supplemental Statement Pursuant to Rule 2016(b)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)158 Statement). (Gershbein, Evan) (Entered: 10/23/2024) |
| 10/23/2024 | 190<br>(18 pgs) | Certificate of Service *re: Documents Served on October 17, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)160 Order on Motion for Miscellaneous Relief, 161 Order on Motion Re: Chapter 11 First Day Motions, 162 Order on Motion Re: Chapter 11 First Day Motions, 163 Order on Motion Re: Chapter 11 First Day Motions, 164 Order on Motion Re: Chapter 11 First Day Motions). (Gershbein, Evan) (Entered: 10/23/2024) |
| 10/24/2024 | 191<br>(3 pgs) | Supplemental Declaration of Bradley D. Sharp in Support of *Designation as Chief Restructuring Officer* (RE: related document(s)51 Motion Miscellaneous Relief, 52 Declaration). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/24/2024) |
| 10/24/2024 | 192<br>(2 pgs) | Notice Regarding */ Notice of Virtual Town Hall Meeting Hosted by the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee of Unscured Credtiors (Fiero, John) (Entered: 10/24/2024) |
| 10/25/2024 | 193<br>(77 pgs) | Certificate of Service *re: Documents Served on October 18, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)168 Order on Motion for Miscellaneous Relief, 169 Notice of Entry of Order, 171 Application to Employ, 172 Declaration, 173 Notice of Hearing, 174 Motion Miscellaneous Relief, 175 Notice of Hearing). (Gershbein, Evan) (Entered: 10/25/2024) |
| 10/25/2024 | 194<br>(13 pgs) | Certificate of Service *re: 1) Final Order Authorizing Payment of Certain Prepetition Taxes and Assessments and Granting Certain Related Relief ; and 2) Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)178 Order on Motion Re: Chapter 11 First Day Motions, 179 Order on Application to Employ). (Gershbein, Evan) (Entered: 10/25/2024) |

| | | |
|---|---|---|
| 10/25/2024 | <u>195</u><br>(16 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>196</u><br>(16 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>197</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>198</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>199</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>200</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>201</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>202</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>203</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>204</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | <u>205</u><br>(8 pgs) | Certificate of Service (RE: related document(s)<u>192</u> Notice. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/25/2024) |
| 10/25/2024 | <u>206</u><br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California |

| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
|---|---|---|
| 10/25/2024 | 207 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 208 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 209 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 210 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 211 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 212 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 213 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 214 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/25/2024 | 215 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/25/2024) |
| 10/28/2024 | 216 (4 pgs) | Notice of Appearance and Request for Notice by Jason D. Strabo. Filed by Creditor Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of JPMBB Commercial Mortgage Pass-Through Certificates, Series 2015-C30 (Strabo, Jason) (Entered: 10/28/2024) |
| 10/28/2024 | 217 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 218 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 219 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 220 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 221 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 222 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 223 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 224 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 225 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 226 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 227 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 228 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California |

| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/28/2024) |
|---|---|---|
| 10/28/2024 | 229 (11 pgs; 2 docs) | Motion to Extend Time *Motion of Debtors to Further Extend Time to File Schedules and Statements* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 230 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Further Extend Time to File Schedules and Statements* (RE: related document(s)229 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 231 (2 pgs) | Notice of Hearing *on Motion of Debtors to Further Extend Time to File Schedules and Statements* (RE: related document(s)229 Motion to Extend Time *Motion of Debtors to Further Extend Time to File Schedules and Statements* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order)). **Hearing scheduled for 11/22/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/28/2024) |
| 10/28/2024 | 232 (3 pgs) | Supplemental Certificate of Service *re: Order and Notice of Chapter 11 Status Conference; and 2) Notice of Chapter 11 Bankruptcy Case* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)26 Order and Notice of Status Conference Chp 11, 128 Notice, 134 Certificate of Service). (Gershbein, Evan) (Entered: 10/28/2024) |
| 10/29/2024 | 233 (15 pgs) | Stipulation *re Cash Collateral (Duggans Mission Chapel)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 10/29/2024) |
| 10/29/2024 | 234 (15 pgs) | Stipulation *re Cash Collateral (Bragg Trust)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 10/29/2024) |
| 10/30/2024 | | Statement Adjourning 341(a) Meeting of Creditors. Meeting of Creditors Continued *Participant Call-In Number: 844-291-6364; Participant Access Code: 6524496.* 341(a) meeting to be held on 12/2/2024 at 01:00 PM via Tele/Videoconference - www.canb.uscourts.gov/calendars. (Day, Jared) (Entered: 10/30/2024) |
| 10/30/2024 | 235 (10 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Authorizing Employment of the Law Office of Donald S. Davidson, P.C., as Special Investigations Counsel, Effective as of the Petition Date; and 2) Declaration of Donald S. Davidson in Support of Application of Debtors for Order Authorizing Employment of the Law Office of Donald S. Davidson, P.C., as Special Investigations Counsel, Effective as of the Petition Date* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)183 Application to Employ, 184 Declaration). (Gershbein, Evan) (Entered: 10/30/2024) |
| 10/30/2024 | 236 (10 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Authorizing Employment of Scott C. Smith as Special Corporate Counsel, Effective as* |

| | | *of the Petition Date; and 2) Declaration of Scott C. Smith in Support of Application of Debtors for Order Authorizing Employment of Scott C. Smith as Special Corporate Counsel, Effective as of the Petition Date* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)187 Application to Employ, 188 Declaration). (Gershbein, Evan) (Entered: 10/30/2024) |
|---|---|---|
| 10/31/2024 | 237 (2 pgs) | Supplemental Document *to Application of Debtors for Order Authorizing Employment of the Law Office of Donald S. Davidson, P.C., as Special Investigations Counsel, Effective as of the Petition Date* in (RE: related document(s)183 Application to Employ. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/31/2024) |
| 11/01/2024 | 238 (2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC (McDermott, Christopher) (Entered: 11/01/2024) |
| 11/01/2024 | 239 (17 pgs) | Stipulation for Adequate Protection *and for Use of Cash Collateral (Autumn Wood)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 11/01/2024) |
| 11/01/2024 | 240 (17 pgs) | Stipulation for Adequate Protection *and for Use of Cash Collateral (River Birch)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 11/01/2024) |
| 11/01/2024 | 241 (16 pgs) | Stipulation for Adequate Protection *and for Use of Cash Collateral (RT Golden Hills)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 11/01/2024) |
| 11/01/2024 | 242 (16 pgs) | Stipulation for Adequate Protection *and for Use of Cash Collateral (Sienna Pointe)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 11/01/2024) |
| 11/01/2024 | 243 (2 pgs) | Request for Notice Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 11/01/2024) |
| 11/01/2024 | 244 (10 pgs) | Status Conference Statement *The Official Committee of Unsecured Creditors' Statement re: November 8, 2024 Status Conference Hearing* (RE: related document(s)26 Order and Notice of Status Conference Chp 11). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 11/01/2024) |
| 11/01/2024 | 245 (10 pgs; 2 docs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 11/01/2024) |
| 11/01/2024 | 246 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)245 Motion to |

| | | |
|---|---|---|
| | | Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/01/2024) |
| 11/01/2024 | 247 (2 pgs) | Notice of Hearing *on Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)245 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 11/22/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/01/2024) |
| 11/01/2024 | 248 (2 pgs) | Stipulation, TO REVISE BRIEFING SCHEDULE ON MOTION OF DEBTORS TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS Filed by U.S. Trustee Office of the U.S. Trustee / SR (RE: related document(s)174 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (Day, Jared) (Entered: 11/01/2024) |
| 11/01/2024 | 249 (8 pgs) | Status Conference Statement *of Debtors* (RE: related document(s)26 Order and Notice of Status Conference Chp 11). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/01/2024) |
| 11/01/2024 | 250 (3 pgs) | Order Authorizing Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors (Related Doc # 180) (rba) (Entered: 11/01/2024) |
| 11/01/2024 | 251 (8 pgs; 2 docs) | Order Granting Application Of Debtors for Order Authorizing Employment of The Law Office of Donald S. Davidson, P.C., as Special Investigations Counsel, Effective as of the Petition Date (Related Doc 183) (Attachments: # 1 Exhibit 1 - Engagement Letter) (rba) (Entered: 11/01/2024) |
| 11/01/2024 | 252 (16 pgs; 2 docs) | Order Authorizing the Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor to the Debtors, Effective as of the Petition Date (Related Doc # 171) (Attachments: # 1 Exhibit 1) (rba) (Entered: 11/01/2024) |
| 11/04/2024 | 253 (12 pgs) | Certificate of Service *re: Supplemental Declaration of Bradley D. Sharp in Support of Designation as Chief Restructuring Officer* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)191 Declaration). (Gershbein, Evan). Related document(s) 51 Motion *Debtors' Motion for Order Authorizing (I) the Retention and Employment of Development Specialists, Inc.; (II) the Designation of Bradley D. Sharp as Chief Restructuring Officer; and (III) the Designation of Rishi Jain and Lance Miller a filed by Debtor LeFever Mattson, a California corporation. Modified on 11/5/2024 (no). (Entered: 11/04/2024)* |
| 11/04/2024 | 254 (3 pgs) | Order Approving Stipulation to Revise Briefing Schedule on Motion of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (RE: related document(s)174 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation, 248 Stipulation for Miscellaneous Relief filed by U.S. Trustee Office of the U.S. Trustee / SR). (rba) (Entered: 11/04/2024) |

| | | |
|---|---|---|
| 11/05/2024 | <u>255</u><br>(12 pgs) | Certificate of Service *re: Documents Served on or Before October 29, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>195</u> Chapter 11 Monthly Operating Report, <u>196</u> Chapter 11 Monthly Operating Report, <u>197</u> Chapter 11 Monthly Operating Report, <u>198</u> Chapter 11 Monthly Operating Report, <u>199</u> Chapter 11 Monthly Operating Report, <u>200</u> Chapter 11 Monthly Operating Report, <u>201</u> Chapter 11 Monthly Operating Report, <u>202</u> Chapter 11 Monthly Operating Report, <u>203</u> Chapter 11 Monthly Operating Report, <u>204</u> Chapter 11 Monthly Operating Report, <u>206</u> Chapter 11 Monthly Operating Report, <u>207</u> Chapter 11 Monthly Operating Report, <u>208</u> Chapter 11 Monthly Operating Report, <u>209</u> Chapter 11 Monthly Operating Report, <u>210</u> Chapter 11 Monthly Operating Report, <u>211</u> Chapter 11 Monthly Operating Report, <u>212</u> Chapter 11 Monthly Operating Report, <u>213</u> Chapter 11 Monthly Operating Report, <u>214</u> Chapter 11 Monthly Operating Report, <u>215</u> Chapter 11 Monthly Operating Report). (Gershbein, Evan) (Entered: 11/05/2024) |
| 11/05/2024 | <u>256</u><br>(11 pgs) | Certificate of Service *re: Documents Served on or Before October 29, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>217</u> Chapter 11 Monthly Operating Report, <u>218</u> Chapter 11 Monthly Operating Report, <u>219</u> Chapter 11 Monthly Operating Report, <u>220</u> Chapter 11 Monthly Operating Report, <u>221</u> Chapter 11 Monthly Operating Report, <u>222</u> Chapter 11 Monthly Operating Report, <u>223</u> Chapter 11 Monthly Operating Report, <u>224</u> Chapter 11 Monthly Operating Report, <u>225</u> Chapter 11 Monthly Operating Report, <u>226</u> Chapter 11 Monthly Operating Report, <u>227</u> Chapter 11 Monthly Operating Report, <u>228</u> Chapter 11 Monthly Operating Report, <u>229</u> Motion to Extend Time, <u>230</u> Declaration, <u>231</u> Notice of Hearing, <u>233</u> Stipulation Referring to Existing Document(s), <u>234</u> Stipulation Referring to Existing Document(s)). (Gershbein, Evan) (Entered: 11/05/2024) |
| 11/06/2024 | <u>257</u><br>(26 pgs) | Request for Notice *Notice of Appearance and Request for Special Notice and Inclusion in Mailing List* Filed by Creditors Peggy C. Slaughter, Paul C. Grellas, Peter C. Grellas, James C. Grellas, CP Grellas Partnership (Mouzes, Thomas) (Entered: 11/06/2024) |
| 11/06/2024 | <u>258</u><br>(2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC (McDermott, Christopher) (Entered: 11/06/2024) |
| 11/06/2024 | <u>259</u><br>(3 pgs; 2 docs) | Notice of Appearance and Request for Notice by Kyra E. Andrassy. Filed by Creditors Stephen Sergi, Anne Prisco (Attachments: # <u>1</u> Certificate of Service) (Andrassy, Kyra) (Entered: 11/06/2024) |
| 11/06/2024 | <u>260</u><br>(10 pgs) | Certificate of Service *re: Supplement to Application of Debtors for Order Authorizing Employment of the Law Office of Donald S. Davidson, P.C., as Special Investigations Counsel, Effective as of the Petition Date* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>237</u> Supplemental Document). (Gershbein, Evan) (Entered: 11/06/2024) |
| 11/07/2024 | <u>261</u><br>(2 pgs) | Request for Notice Filed by Creditor JPMorgan Chase Bank, N.A. (Blackler, Mia) (Entered: 11/07/2024) |
| 11/07/2024 | <u>262</u><br>(15 pgs; 2 docs) | Stipulation for Adequate Protection *and for Use of Cash Collateral (Comerica Bank)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)<u>17</u> Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit 1) (Keller, Tobias) (Entered: 11/07/2024) |

| | | |
|---|---|---|
| 11/07/2024 | 263<br>(16 pgs; 2 docs) | Stipulation for Adequate Protection *and for Use of Cash Collateral (Wilmington Trust, as Trustee)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit 1) (Keller, Tobias) (Entered: 11/07/2024) |
| 11/07/2024 | 264<br>(11 pgs) | Certificate of Service *re: Documents Served on November 1, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)239 Stipulation for Adequate Protection, 240 Stipulation for Adequate Protection, 241 Stipulation for Adequate Protection, 242 Stipulation for Adequate Protection, 245 Motion to Extend/Limit Exclusivity Period, 246 Declaration, 247 Notice of Hearing, 249 Status Conference Statement). (Gershbein, Evan) (Entered: 11/07/2024) |
| 11/07/2024 | 265<br>(10 pgs) | Certificate of Service *re: Order Approving Stipulation to Revise Briefing Schedule on Motion of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)254 Order on Stipulation). (Gershbein, Evan) (Entered: 11/07/2024) |
| 11/07/2024 | 266<br>(5 pgs; 2 docs) | Notice Regarding * *Notice of Appearance and Request for Special Notice* * Filed by Creditor FEDERAL HOME LOAN MORTGAGE CORPORATION (Attachments: # 1 Certificate of Service) (Houston, Marsha) (Entered: 11/07/2024) |
| 11/07/2024 | 267<br>(2 pgs) | Withdrawal of Documents *Notice of Withdrawal of Application of Debtors for Order Authorizing Employment of Scott C. Smith as Special Corporate Counsel, Effective as of the Petition Date* (RE: related document(s)187 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/07/2024) |
| 11/07/2024 | 268<br>(4 pgs) | Statement of Debtors *Regarding Motions Set for Hearing on November 8, 2024* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions, 174 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/07/2024) |
| 11/07/2024 | 269<br>(60 pgs; 2 docs) | Response *and Reservation of Rights to Debtors' Motion for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions). Filed by Creditor FEDERAL HOME LOAN MORTGAGE CORPORATION (Attachments: # 1 Certificate of Service) (Houston, Marsha) (Entered: 11/07/2024) |
| 11/08/2024 | 270<br>(7 pgs; 2 docs) | Application for Admission of Attorney Pro Hac Vice . Fee Amount $328 (Attachments: # 1 Proposed Order) (Gibbs, Charles) (Entered: 11/08/2024) |
| 11/08/2024 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A33520858, amount $ 328.00 (re: Doc# 270 Application for Admission of Attorney Pro Hac Vice . Fee Amount $328) (U.S. Treasury) (Entered: 11/08/2024) |
| 11/08/2024 | 271 | Application for Admission of Attorney Pro Hac Vice . Fee Amount $328 |

| | | |
|---|---|---|
| | (7 pgs; 2 docs) | (Attachments: # 1 Proposed Order) (Seitz, Eric) (Entered: 11/08/2024) |
| 11/08/2024 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A33520882, amount $ 328.00 (re: Doc# 271 Application for Admission of Attorney Pro Hac Vice . Fee Amount $328) (U.S. Treasury) (Entered: 11/08/2024) |
| 11/08/2024 | 272 (1 pg) | Transcript Order Form regarding Hearing Date 11/8/2024 (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions, 26 Order and Notice of Status Conference Chp 11, 174 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/08/2024) |
| 11/08/2024 | 273 (6 pgs) | Supplemental Certificate of Service *re: Documents Served on November 7, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)168 Order on Motion for Miscellaneous Relief, 169 Notice of Entry of Order, 187 Application to Employ, 188 Declaration, 236 Certificate of Service). (Gershbein, Evan) (Entered: 11/08/2024) |
| 11/08/2024 | | Hearing Continued (RE: related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral*). **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. The continued hearing on use of cash collateral on an interim basis set for **12/06/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Mr. Rupp to submit the order. Counsel to the Official Committee of Unsecured Creditors to sign off. (rba) (Entered: 11/08/2024) |
| 11/08/2024 | | Hearing Held 11/8/2024 at 11:00 AM (RE: related document(s) 174 Motion *of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*). **Minutes:** The Motion is granted. Mr. Rupp to submit the order. Mr. Day to sign off. (rba) (Entered: 11/08/2024) |
| 11/08/2024 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes:** Status Conference continued to **12/06/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/08/2024) |
| 11/08/2024 | 274 (3 pgs) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc # 270). (rba) (Entered: 11/08/2024) |
| 11/08/2024 | 275 (3 pgs) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc # 271). (rba) (Entered: 11/08/2024) |
| 11/08/2024 | 276 (1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 11/8/2024 11:00:11 AM ]. File Size [ 145352 KB ]. Run Time [ 02:31:24 ]. (admin). NOTE: Please disregard. The audio file is not available. Please refer to Document #286 and #287. Modified on 11/14/2024 (yw). (Entered: 11/09/2024) |
| 11/12/2024 | 277 (3 pgs; 2 docs) | Application for Admission of Attorney Pro Hac Vice . Fee Amount $328 (Attachments: # 1 Proposed Order) (Moak, Paul) (Entered: 11/12/2024) |

| | | |
|---|---|---|
| 11/12/2024 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A33527076, amount $ 328.00 (re: Doc# 277 Application for Admission of Attorney Pro Hac Vice . Fee Amount $328) (U.S. Treasury) (Entered: 11/12/2024) |
| 11/12/2024 | 278 (3 pgs; 2 docs) | Application for Admission of Attorney Pro Hac Vice . Fee Amount $328 (Attachments: # 1 Proposed Order) (Dal Col, Devan) (Entered: 11/12/2024) |
| 11/12/2024 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A33527717, amount $ 328.00 (re: Doc# 278 Application for Admission of Attorney Pro Hac Vice . Fee Amount $328) (U.S. Treasury) (Entered: 11/12/2024) |
| 11/12/2024 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-272 Regarding Hearing Date: 11/8/2024. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)272 Transcript Order Form (Public Request)). (jmb) (Entered: 11/12/2024) |
| 11/12/2024 | 279 | Acknowledgment of Request for Transcript Received on 11/12/2024. (RE: related document(s)272 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 11/12/2024) |
| 11/12/2024 | 280 (12 pgs) | Certificate of Service *re: Documents Served on November 7, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)262 Stipulation for Adequate Protection, 263 Stipulation for Adequate Protection, 267 Withdrawal of Document, 268 Statement). (Gershbein, Evan) (Entered: 11/12/2024) |
| 11/12/2024 | 281 (1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 11/8/2024 11:00:01 AM ]. File Size [ 145352 KB ]. Run Time [ 02:31:24 ]. (admin). NOTE: Please disregard. The audio file is not available. Please refer to Document #286 and #287. Modified on 11/14/2024 (yw). (Entered: 11/12/2024) |
| 11/13/2024 | 282 (23 pgs; 3 docs) | Transcript regarding Hearing Held 11/8/2024 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/20/2024. Redaction Request Due By 12/4/2024. Redacted Transcript Submission Due By 12/16/2024. Transcript access will be restricted through 02/11/2025. (Gottlieb, Jason) (Entered: 11/13/2024) |
| 11/13/2024 | 283 (2 pgs) | Notice of Appearance and Request for Notice by Christopher D. Sullivan. Filed by Creditor Anne and Keith Gockel (Sullivan, Christopher) (Entered: 11/13/2024) |
| 11/13/2024 | 284 (2 pgs; 2 docs) | Notice of Deficient Filing Regarding Obsolete Forms and Dismissal of Case in Event of Failure to Cure Official Forms due by 11/27/2024. (no) |

| | | DEFECTIVE ENTRY: clerk docketed in error. Please disregard. Notice not generated. Modified on 11/13/2024 (no). (Entered: 11/13/2024) |
|---|---|---|
| 11/13/2024 | 285 | Order to File Required Documents and Notice of Automatic Dismissal . (no) DEFECTIVE ENTRY: clerk docketed in error. Please disregard. Notice not generated. Modified on 11/13/2024 (no). (Entered: 11/13/2024) |
| 11/13/2024 | 286<br>(1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 11/8/2024 11:00:02 AM ]. File Size [ 49865 KB ]. Run Time [ 01:14:42 ]. (admin). (Entered: 11/13/2024) |
| 11/13/2024 | 287<br>(1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 11/8/2024 11:00:03 AM ]. File Size [ 52170 KB ]. Run Time [ 01:16:26 ]. (admin). (Entered: 11/13/2024) |
| 11/14/2024 | 288<br>(1 pg) | Request for Notice Filed by Attorney Douglas B. Provencher (Provencher, Douglas) (Entered: 11/14/2024) |
| 11/15/2024 | 289<br>(5 pgs) | Brief/Memorandum in Opposition to *UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION TO FURTHER EXTEND TIME TO FILE SCHEDULES AND STATEMENTS* (RE: related document(s)229 Motion to Extend Time). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 11/15/2024) |
| 11/15/2024 | 290<br>(2 pgs) | Certificate of Service (RE: related document(s)229Motion to Extend Time. 289 Opposition Brief/Memorandum). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) Modified on 11/15/2024 (klr). (Entered: 11/15/2024) |
| 11/15/2024 | 291<br>(3 pgs) | Notice of Hearing *Notice of Continued Hearing on Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* (RE: related document(s)17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order)). **Hearing scheduled for 12/6/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 292<br>(268 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *LeFever Mattson, a California corporation; Case No. 24-10545* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 293<br>(64 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *California Investment Properties, a California corporation; Case No. 24-10543* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 294<br>(77 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Home Tax Service of America, Inc; Case No. 24-10544* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement |

| | | |
|---|---|---|
| | | of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 295 (60 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Apan Partners LLC; Case No. 24-10487* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 296 (83 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Autumn Wood I, LP; Case No. 24-10488* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 297 (61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Bay Tree, LP; Case No. 24-10489* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 298 (78 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Beach Pine, LP; Case No. 24-10490* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 299 (106 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Bishop Pine, LP; Case No. 24-10491* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 300 (76 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Black Walnut, LP; Case No. 24-10492* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 301 (64 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Buck Avenue Apartments, LP; Case No. 24-10493* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 302 (90 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Buckeye Tree, LP; Case No. 24-10494* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 303 (70 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Bur Oak, LP; Case No. 24-10495* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 304 (60 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Butcher Road Partners, LLC; Case No. 24-10496* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |

| | | |
|---|---|---|
| 11/15/2024 | <u>305</u><br>(87 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Cambria Pine, LP; Case No. 24-10497* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>306</u><br>(83 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Chestnut Oak, LP; Case No. 24-10498* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>307</u><br>(65 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Country Oaks I, LP; Case No. 24-10499* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>308</u><br>(68 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Divi Divi Tree, L.P.; Case No. 24-10500* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>309</u><br>(61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Douglas Fir Investments, LP; Case No. 24-10501* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>310</u><br>(69 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Firetree I, LP; Case No. 24-10502* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>311</u><br>(71 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Firetree II, LP; Case No. 24-10503* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>312</u><br>(77 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Firetree III, LP; Case No. 24-10504* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affair # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>313</u><br>(82 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Foxtail Pine, LP; Case No. 24-10505* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>314</u><br>(91 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Ginko Tree, LP; Case No. 24-10506* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |

| | | |
|---|---|---|
| 11/15/2024 | 315<br>(61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Golden Tree, LP; Case No. 24-10507* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 316<br>(213 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Hagar Properties, LP; Case No. 24-10508* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 317<br>(83 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Heacock Park Apartments, LP; Case No. 24-10509* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 318<br>(60 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *LeFever Mattson I, LLC; Case No. 24-10510* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 319<br>(96 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Live Oak Investments, LP; Case No. 24-10511* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 320<br>(118 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Monterey Pine, LP; Case No. 24-10512* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 321<br>(61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Napa Elm, LP; Case No. 24-10513* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 322<br>(70 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Nut Pine, LP; Case No. 24-10514* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 323<br>(62 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Pinecone, LP; Case No. 24-10515* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | 324<br>(76 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Pinewood Condominiums, LP; Case No. 24-10598* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Statement of Financial Affairs # 2 General Notes # 3 Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |

| | | |
|---|---|---|
| 11/15/2024 | <u>325</u><br>(61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Ponderosa Pines, LP; Case No. 24-10599* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>326</u><br>(59 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Redbud Tree, LP; Case No. 24-10516* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>327</u><br>(106 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Red Cedar Tree, LP; Case No. 24-10517* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>328</u><br>(93 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Red Mulberry Tree, LP; Case No. 24-10518* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>329</u><br>(83 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Red Oak, LP; Case No. 24-10519* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>330</u><br>(130 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Red Oak Tree, LP; Case No. 24-10520* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>331</u><br>(68 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Red Spruce Tree, LP; Case No. 24-10521* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>332</u><br>(69 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *River Birch, LP; Case No. 24-10522* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>333</u><br>(63 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *River Tree Partners, LP; Case No. 24-10523* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>334</u><br>(73 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *River View Shopping Center 1, LLC; Case No. 24-10524* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |

| | | |
|---|---|---|
| 11/15/2024 | <u>335</u><br>(73 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *River View Shopping Center 2, LLC; Case No. 24-10525* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>336</u><br>(73 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *RT Capitol Mall, LP; Case No. 24-10526* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>337</u><br>(68 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *RT Golden Hills, LP; Case No. 24-10527* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>338</u><br>(102 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Scotch Pine, LP; Case No. 24-10528* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>339</u><br>(63 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Sequoia Investment Properties, LP; Case No. 24-10529* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>340</u><br>(113 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Sienna Pointe, LLC; Case No. 24-10530* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>341</u><br>(59 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Spruce Pine, LP; Case No. 24-10532* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>342</u><br>(67 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Tradewinds Apartments, LP; Case No. 24-10533* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>343</u><br>(82 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Vaca Villa Apartments, LP; Case No. 24-10534* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>344</u><br>(184 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Valley Oak Investments, LP; Case No. 24-10535* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of |

| | | |
|---|---|---|
| | | Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>345</u><br>(70 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Watertree I, LP; Case No. 24-10536* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>346</u><br>(89 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Willow Oak, LP; Case No. 24-10537* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>347</u><br>(140 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Windscape Apartments, LLC; Case No. 24-10417* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>348</u><br>(61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Windscape Apartments I, LP; Case No. 24-10538* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>349</u><br>(61 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Windscape Apartments II, LP; Case No. 24-10539* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>350</u><br>(66 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Windscape Holdings, LLC; Case No. 24-10540* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>351</u><br>(59 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Windtree, LP; Case No. 24-10541* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>352</u><br>(65 pgs; 4 docs) | Schedules A-H. , Statement of Financial Affairs for Non-Individual *Yellow Poplar, LP; Case No. 24-10542* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Statement of Financial Affairs # <u>2</u> General Notes # <u>3</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>353</u><br>(55 pgs; 3 docs) | Omnibus List of Equity Security Holders Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> General Notes # <u>2</u> Declaration) (Rupp, Thomas) (Entered: 11/15/2024) |
| 11/15/2024 | <u>354</u><br>(4 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>282</u> Transcript). Notice Date 11/15/2024. (Admin.) (Entered: 11/15/2024) |
| 11/18/2024 | <u>355</u><br>(4 pgs) | Order Approving Cash Collateral Stipulations (RE: related document(s)<u>17</u> Motion for Cash Collateral, <u>233</u> Stipulation for Use of |

CANB Live Database

| | | |
|---|---|---|
| | | Cash Collateral (Duggans Mission Chapel), 234 Stipulation for Use of Cash Collateral (Frank Bragg Revocable Trust), 239 Stipulation for Use of Cash Collateral, 240 Stipulation for Use of Cash Collateral, 241 Stipulation for Use of Cash Collateral, 242 Stipulation for Use of Cash Collateral). (cf) (Entered: 11/18/2024) |
| 11/18/2024 | 356 (7 pgs) | Order Granting Motion of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Related Doc # 174) (cf) (Entered: 11/18/2024) |
| 11/18/2024 | 357 (3 pgs) | Supplemental Certificate of Service *re: 1) Order Granting Motion of Debtors for Joint Administration and Related Relief Regarding Pinewood Condominiums, LP and Ponderosa Pines, LP; and 2) Notice of Entry of Order Suspending Claims Bar Date* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)168 Order on Motion for Miscellaneous Relief, 169 Notice of Entry of Order, 193 Certificate of Service). (Gershbein, Evan) (Entered: 11/18/2024) |
| 11/19/2024 | 358 (11 pgs; 2 docs) | Notice Regarding / *Notice of Virtual Townhall Meeting Hosted by the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Certificate of Service) (Fiero, John) (Entered: 11/19/2024) |
| 11/19/2024 | 359 (11 pgs) | Certificate of Service *re: Notice of Continued Hearing on Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)291 Notice of Hearing). (Gershbein, Evan). Related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* filed by Debtor LeFever Mattson, a California corporation. Modified on 11/21/2024 (dc). (Entered: 11/19/2024) |
| 11/19/2024 | 360 (11 pgs) | Certificate of Service *re: 1) Order Approving Cash Collateral Stipulations; and 2) Order Granting Motion of Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)355 Order Granting Related Motion/Application, Order on Stipulation, 356 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 11/19/2024) |
| 11/20/2024 | 361 (2 pgs) | Withdrawal of Documents *NOTICE OF WITHDRAWAL OF UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION TO FURTHER EXTEND TIME TO FILE SCHEDULES AND STATEMENTS* (RE: related document(s)289 Opposition Brief/Memorandum). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 11/20/2024) |
| 11/21/2024 | 362 (2 pgs) | Certification of No Objection *Regarding Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)245 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/21/2024) |
| 11/21/2024 | 363 (2 pgs) | Certification of No Objection *Regarding Motion of Debtors to Further Extend Time to File Schedules and Statements* (RE: related document(s)229 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/21/2024) |

| 11/21/2024 | [364](link) (3 pgs) | Order Extending Plan Exclusive Periods (Related Doc # [245](link)) Chapter 11 Plan due by 1/30/2025. Disclosure Statement due by 1/30/2025. (rba) (Entered: 11/21/2024) |
|---|---|---|
| 11/21/2024 | [365](link) (4 pgs) | Order Further Extending Time to File Schedules and Statements (RE: related document(s)[229](link) Motion to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 11/21/2024) |
| 11/21/2024 | | Hearing Dropped 11/22/2024 at 11:00 AM. Both Motions are granted prior to hearing. Orders signed 11/21/2024. (RE: related document(s) [229](link) Motion to Extend Time *Motion of Debtors to Further Extend Time to File Schedules and Statements*, [245](link) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods*). (rba) (Entered: 11/21/2024) |
| 11/22/2024 | [366](link) (52 pgs) | Joint Motion to Set Last Day to File Proofs of Claim *and Proofs of Interest* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 11/22/2024) |
| 11/22/2024 | [367](link) (3 pgs) | Joint Notice of Hearing (RE: related document(s)[366](link) Joint Motion to Set Last Day to File Proofs of Claim *and Proofs of Interest* Filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 12/13/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 11/22/2024) |
| 11/25/2024 | [368](link) (3 pgs) | Notice of Appointment of Creditors' Committee *AMENDED APPOINTMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS*. (Day, Jared) (Entered: 11/25/2024) |
| 11/25/2024 | [369](link) (2 pgs) | Notice of Appearance and Request for Notice *(Special) and Inclusion in Master Mailing List [Bankruptcy Rule 2002]* by Ivo Keller. Filed by Creditors Michael M. Talley, Elizabeth H. Talley (Keller, Ivo) (Entered: 11/25/2024) |
| 11/26/2024 | [370](link) (11 pgs) | Certificate of Service *re: Documents Served on November 21, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)[362](link) Certification of No Objection, [363](link) Certification of No Objection, [364](link) Order on Motion to Extend/Limit Exclusivity Period, [365](link) Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 11/26/2024) |
| 11/26/2024 | [371](link) (11 pgs) | Certificate of Service *re: 1) Joint Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols; and 2) Notice of Hearing on Joint Motion for an Order (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Dates and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)[366](link) Motion to Set Last Day to File Proofs of Claim, [367](link) Notice of Hearing). (Gershbein, Evan) (Entered: 11/26/2024) |
| 11/27/2024 | [372](link) (12 pgs; 2 docs) | Motion to Extend Time *Debtors' Motion for Order Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever |

| | | |
|---|---|---|
| | | Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 373 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)372 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 374 (3 pgs) | Notice of Hearing *on Motion of Debtors for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)372 Motion to Extend Time *Debtors' Motion for Order Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 12/20/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 375 (8 pgs; 2 docs) | Ex Parte Motion to Shorten Time *for Hearing on Motion of Debtors for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)372 Motion to Extend Time filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 376 (2 pgs) | Declaration of Thomas B. Rupp in Support of *Ex Parte Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Motion of Debtors for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)375 Motion to Shorten Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/27/2024) |
| 11/29/2024 | 377 (3 pgs) | Status Conference Statement *of the Official Committee of Unsecured Creditors re: December 6, 2024 Status Conference Hearing* (RE: related document(s)26 Order and Notice of Status Conference Chp 11). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 11/29/2024) |
| 11/29/2024 | 378 (4 pgs) | Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing on Motion of Debtors for Order Extending the Time to File Notices of Removal of Related Proceedings (RE: related document(s)372 Motion to Extend Time Debtors' Motion for Order Extending the Time to File Notices of Removal of Related Proceedings, 375 Motion to Shorten Time filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 12/6/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 12/02/2024) |
| 12/02/2024 | 379 (9 pgs; 2 docs) | Application for Admission of Attorney Pro Hac Vice *of Steven W. Golden (Pachulski Stang Ziehl & Jones LLP) to Represent the Official Committee of Unsecured Creditors.* Fee Amount $328 (Attachments: # 1 Proposed Order) (Golden, Steven) (Entered: 12/02/2024) |
| 12/02/2024 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A33561958, amount $ 328.00 (re: Doc# 379 Application for Admission of Attorney Pro Hac Vice *of Steven W. Golden (Pachulski Stang Ziehl &* |

| | | |
|---|---|---|
| | | *Jones LLP) to Represent the Official Committee of Unsecured Creditors.* Fee Amount $328) (U.S. Treasury) (Entered: 12/02/2024) |
| 12/02/2024 | 380<br>(56 pgs; 2 docs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Order Authorizing Service of a Subpoena for Examination and Production of Documents by Socotra Capital, Inc., and Adham Sbeih Pursuant to Bankruptcy Rules 2004 and 7030 (b)(6)* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Exhibit A - Proposed Order) (Rosell, Jason) (Entered: 12/02/2024) |
| 12/02/2024 | 381<br>(28 pgs; 2 docs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Order Authorizing Service of Subpoenas for Production of Documents by Trust Companies Pursuant to Bankruptcy Rule 2004* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Exhibit A - Proposed Order) (Rosell, Jason) (Entered: 12/02/2024) |
| 12/02/2024 | | Meeting of Creditors Held and Concluded. *Pertains to all 61 jointly administered Debtors*. (Day, Jared) (Entered: 12/02/2024) |
| 12/02/2024 | 382<br>(8 pgs) | Certificate of Service (RE: related document(s)380 Motion for Examination, 381 Motion for Examination). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/02/2024) |
| 12/02/2024 | 383<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 384<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 385<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 386<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 387<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 388<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |

| 12/02/2024 | 389<br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| --- | --- | --- |
| 12/02/2024 | 390<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 391<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 392<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 393<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 394<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 395<br>(3 pgs) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc # 379). (rba) (Entered: 12/02/2024) |
| 12/02/2024 | 396<br>(50 pgs; 2 docs) | Order Authorizing Service of a Subpoena for Examination and Production of Documents by Socotra Capital, Inc. and Adham Sbeih Pursuant to Bankruptcy Rules 2004 and 7030(b)(6) (Related Doc # 380) (Attachments: # 1 Exhibit A-C) (rba) (Entered: 12/02/2024) |
| 12/02/2024 | 397<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 398<br>(22 pgs; 2 docs) | Order Authorizing Service of Subpoenas for Production of Documents by Trust Companies Pursuant to Bankruptcy Rule 2004 (Related Doc # 381) (Attachments: # 1 Exhibit 1) (rba) (Entered: 12/02/2024) |
| 12/02/2024 | 399<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 400<br>(16 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 401 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 402 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 403 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 404 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 405 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 406 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 407 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 408 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/02/2024 | 409 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2024) |
| 12/03/2024 | 410 (15 pgs) | Stipulation *for Use of Cash Collateral (Cavanaugh)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 12/03/2024) |
| 12/03/2024 | 411 (15 pgs) | Stipulation *for Use of Cash Collateral (Visio/Sasaki)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 |

| | | |
|---|---|---|
| | | Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Keller, Tobias) (Entered: 12/03/2024) |
| 12/03/2024 | 412 (12 pgs) | Certificate of Service *re: Documents Served on November 27, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)372 Motion to Extend Time, 373 Declaration, 374 Notice of Hearing, 375 Motion to Shorten Time, 376 Declaration). (Gershbein, Evan) (Entered: 12/03/2024) |
| 12/04/2024 | 413 (20 pgs) | Notice Regarding *11 U.S.C. 546(b)(2) Related to Enforcement of Mechanics Lien* Filed by Creditor 1-888-4-Abatement, Inc. (Porter, William) (Entered: 12/04/2024) |
| 12/04/2024 | 414 (24 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 415 (21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 416 (25 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 417 (21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 418 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 419 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 420 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 421 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 422 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 09/30/2024 Filed by Debtor LeFever |

| | | |
|---|---|---|
| | | Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 423 (24 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 424 (21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 425 (26 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 426 (22 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 427 (21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 428 (25 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 429 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/04/2024) |
| 12/04/2024 | 430 (70 pgs; 4 docs) | Status Conference Statement *Debtors' Status Conference Statement and Statement in Support of Cash Collateral Motion* (RE: related document(s)26 Order and Notice of Status Conference Chp 11). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Revised Proposed Final Order # 2 Exhibit B - Redline Comparison # 3 Exhibit C - Updated Property Budgets) (Rupp, Thomas). Related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral. Modified on 12/5/2024 (no).* (Entered: 12/04/2024) |
| 12/05/2024 | 431 (6 pgs) | Notice of Change of Address Filed by Attorney Sheppard, Mullin, Richter & Hampton LLP (Cohen, Theodore) (Entered: 12/05/2024) |
| 12/05/2024 | 432 (11 pgs) | Certificate of Service *re: Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing on Motion of Debtors for Order Extending the Time to File Notices of Removal of Related Proceedings* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related |

| | | |
|---|---|---|
| | | document(s)378 Order Granting Related Motion/Application, Order To Set Hearing). (Gershbein, Evan) (Entered: 12/05/2024) |
| 12/06/2024 | 433 (1 pg) | Transcript Order Form regarding Hearing Date 12/6/2024 (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions, 26 Order and Notice of Status Conference Chp 11, 372 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/06/2024) |
| 12/06/2024 | 434 (26 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 08/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/06/2024) |
| 12/06/2024 | 435 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/06/2024) |
| 12/06/2024 | | Hearing Held 12/6/2024 at 11:00 AM (RE: related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral*). **Minutes:** The Motion is granted on a final basis. The Cash Collateral Stipulations are approved. Mr. Rupp to submit the order. (rba) (Entered: 12/06/2024) |
| 12/06/2024 | | Hearing Held 12/6/2024 at 11:00 AM (RE: related document(s) 372 Motion to Extend Time *Debtors' Motion for Order Extending the Time to File Notices of Removal of Related Proceedings*). **Minutes:** The Motion is granted. Mr. Rupp will submit the order. (rba) (Entered: 12/06/2024) |
| 12/06/2024 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes:** Status Conference continued to **03/07/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** The Court discussed the two Ex Parte Motions for 2004 Examination that were submitted in Involuntary cases 24-10714 and 24-10715. The Motions are denied without prejudice. (rba)<br><br>(Entered: 12/06/2024) |
| 12/06/2024 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-433 Regarding Hearing Date: 12/6/2024. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)433 Transcript Order Form (Public Request)). (no) (Entered: 12/06/2024) |
| 12/06/2024 | 436 | Acknowledgment of Request for Transcript Received on 12/6/2024. (RE: related document(s)433 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/06/2024) |
| 12/06/2024 | 437 (13 pgs) | Certificate of Service *re: Documents Served on December 3, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)383 Chapter 11 Monthly Operating Report, 384 Chapter 11 Monthly Operating Report, 385 Chapter 11 Monthly Operating Report, 386 Chapter 11 Monthly Operating Report, 387 Chapter 11 Monthly Operating Report, 388 Chapter 11 Monthly Operating Report, 389 Chapter 11 Monthly Operating Report, 390 Chapter 11 Monthly Operating Report, 391 Chapter 11 Monthly Operating Report, 392 Chapter 11 Monthly Operating Report, 393 Chapter 11 Monthly Operating Report, |

| | | |
|---|---|---|
| | | 394 Chapter 11 Monthly Operating Report, 397 Chapter 11 Monthly Operating Report, 399 Chapter 11 Monthly Operating Report, 400 Chapter 11 Monthly Operating Report, 401 Chapter 11 Monthly Operating Report, 402 Chapter 11 Monthly Operating Report, 403 Chapter 11 Monthly Operating Report, 404 Chapter 11 Monthly Operating Report, 405 Chapter 11 Monthly Operating Report, 406 Chapter 11 Monthly Operating Report, 407 Chapter 11 Monthly Operating Report, 408 Chapter 11 Monthly Operating Report, 409 Chapter 11 Monthly Operating Report, 410 Stipulation Referring to Existing Document(s)). (Gershbein, Evan) (Entered: 12/06/2024) |
| 12/06/2024 | 438 (1 pg) | ◀))) The Audio File attached to the PDF includes several hearings. Court Date & Time [ 12/6/2024 11:00:06 AM ]. File Size [ 70176 KB ]. Run Time [ 01:13:06 ]. (admin). (Entered: 12/07/2024) |
| 12/09/2024 | 439 (24 pgs; 3 docs) | Transcript regarding Hearing Held 12/6/2024 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/16/2024. Redaction Request Due By 12/30/2024. Redacted Transcript Submission Due By 01/9/2025. Transcript access will be restricted through 03/10/2025. (Gottlieb, Jason) (Entered: 12/09/2024) |
| 12/09/2024 | 440 (27 pgs; 2 docs) | Joint Application to Employ FTI Consulting, Inc. as Real Estate Advisor *Effective as of November 12, 2024* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/09/2024) |
| 12/09/2024 | 441 (12 pgs; 3 docs) | Declaration of Gregory G. Gotthardt in Support of *Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024* (RE: related document(s)440 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 12/09/2024) |
| 12/09/2024 | 442 (11 pgs) | Certificate of Service *re: Debtors Status Conference Statement and Statement in Support of Cash Collateral Motion* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s430 Status Conference Statement). (Gershbein, Evan) (Entered: 12/09/2024) |
| 12/09/2024 | 443 (12 pgs) | Certificate of Service *re: Documents Served on December 5, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)414 Chapter 11 Monthly Operating Report, 415 Chapter 11 Monthly Operating Report, 416 Chapter 11 Monthly Operating Report, 417 Chapter 11 Monthly Operating Report, 418 Chapter 11 Monthly Operating Report, 419 Chapter 11 Monthly Operating Report, 420 Chapter 11 Monthly Operating Report, 421 Chapter 11 Monthly Operating Report, 422 Chapter 11 Monthly Operating Report, 423 Chapter 11 Monthly Operating Report, 424 Chapter 11 Monthly Operating Report, 425 Chapter 11 Monthly Operating Report, 426 Chapter 11 Monthly Operating Report, 427 Chapter 11 Monthly Operating Report, 428 Chapter 11 Monthly Operating Report, 429 Chapter 11 Monthly Operating Report). (Gershbein, Evan) (Entered: 12/09/2024) |

| 12/09/2024 | 444<br>(9 pgs) | Certificate of Service *re: Official Form 410 Proof of Claim* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global. (Gershbein, Evan) (Entered: 12/09/2024) |
|---|---|---|
| 12/09/2024 | 445<br>(4 pgs) | Order Extending the Time to File Notices of Removal of Related Proceedings (Related Doc # 372) (rba) (Entered: 12/09/2024) |
| 12/10/2024 | 446<br>(14 pgs; 2 docs) | Stipulation *for Use of Cash Collateral (Freddie Mac)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit 1: Budget) (Keller, Tobias) (Entered: 12/10/2024) |
| 12/10/2024 | 449<br>(6 pgs) | Order Authorizing Debtors To Use Cash Collateral on a Final Basis and Approving Cash Collateral Stipulations (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 12/11/2024) |
| 12/11/2024 | 447<br>(2 pgs) | Notice of Appearance and Request for Notice by Wayne A. Silver. Filed by Creditor Denise Ebbett (Silver, Wayne) (Entered: 12/11/2024) |
| 12/11/2024 | 448<br>(2 pgs) | Certification of No Objection (RE: related document(s)366 Motion to Set Last Day to File Proofs of Claim). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/11/2024) |
| 12/11/2024 | 450<br>(11 pgs) | Certificate of Service *re: 1) Amended Monthly Operating Report for Windscape Apartments, LLC for the Period Ending August 31, 2024; and 2) Monthly Operating Report for Windscape Apartments, LLC for the Period Ending September 30, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)434 Chapter 11 Monthly Operating Report, 435 Chapter 11 Monthly Operating Report). (Gershbein, Evan) (Entered: 12/11/2024) |
| 12/11/2024 | 451<br>(5 pgs) | Supplemental Certificate of Service *re: Notice of Chapter 11 Bankruptcy Case* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)128 Notice). (Gershbein, Evan). Modified on 12/12/2024 (rdr). (Entered: 12/11/2024) |
| 12/11/2024 | 452<br>(4 pgs) | BNC Certificate of Mailing (RE: related document(s) 439 Transcript). Notice Date 12/11/2024. (Admin.) (Entered: 12/11/2024) |
| 12/12/2024 | 453<br>(34 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/12/2024) |
| 12/12/2024 | 454<br>(11 pgs) | Certificate of Service *re: 1) Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024; and 2) Declaration of Gregory G. Gotthardt in Support of Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)440 Application to Employ, 441 Declaration). (Gershbein, Evan) (Entered: 12/12/2024) |

| | | |
|---|---|---|
| 12/12/2024 | 455 (11 pgs) | Certificate of Service *re: 1) Order Extending the Time to File Notices of Removal of Related Proceedings; and 2) Stipulation for Use of Cash Collateral (Federal Home Loan Mortgage Corporation)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)445 Order on Motion to Extend Time, 446 Stipulation Referring to Existing Document(s)). (Gershbein, Evan) (Entered: 12/12/2024) |
| 12/13/2024 | 456 (1 pg) | Transcript Order Form regarding Hearing Date 12/13/2024 (RE: related document(s)366 Motion to Set Last Day to File Proofs of Claim. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/13/2024) |
| 12/13/2024 | | Hearing Held 12/13/2024 at 11:00 AM (RE: related document(s) 366 Joint Motion to Set Last Day to File Proofs of Claim *and Proofs of Interest*). **Minutes:** The Motion is granted with changes as stated on the record. Mr. Rupp will submit the order. (rba) (Entered: 12/13/2024) |
| 12/13/2024 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-456 Regarding Hearing Date: 12/13/2024. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)456 Transcript Order Form (Public Request)). (lj) (Entered: 12/13/2024) |
| 12/13/2024 | 457 | Acknowledgment of Request for Transcript Received on 12/13/2024. (RE: related document(s)456 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/13/2024) |
| 12/13/2024 | 458 (1 pg) | ◀)) The Audio File attached to the PDF includes several hearings. Court Date & Time [ 12/13/2024 11:00:06 AM ]. File Size [ 68469 KB ]. Run Time [ 01:11:19 ]. (admin). (Entered: 12/13/2024) |
| 12/13/2024 | 459 (31 pgs) | Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols (Related Doc # 366) Proofs of Claims due by 2/14/2025. (rba) (Entered: 12/14/2024) |
| 12/16/2024 | 460 (11 pgs) | Brief/Memorandum in Opposition to *UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO EX PARTE JOINT APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF FTI CONSULTING, INC. AS REAL ESTATE ADVISORS TO DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS* (RE: related document(s)440 Application to Employ). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 12/16/2024) |
| 12/16/2024 | 461 (21 pgs; 3 docs) | Transcript regarding Hearing Held 12/13/2024 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/23/2024. Redaction Request Due By 01/6/2025. Redacted Transcript Submission Due By 01/16/2025. Transcript access will be restricted through 03/17/2025. (Gottlieb, Jason) (Entered: 12/16/2024) |

| | | |
|---|---|---|
| 12/16/2024 | 462<br>(2 pgs) | Certificate of Service (RE: related document(s)460 Opposition Brief/Memorandum). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared). Related document(s) 440 Joint Application to Employ FTI Consulting, Inc. as Real Estate Advisor *Effective as of November 12, 2024* filed by Debtor LeFever Mattson, a California corporation. Modified on 12/17/2024 (rs). (Entered: 12/16/2024) |
| 12/16/2024 | 463<br>(7 pgs) | Notice Regarding *Bar Date and Procedures for Submitting (A) Investor Proofs of Interest and (B) Proofs of Claim* (RE: related document(s)459 Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols (Related Doc 366) Proofs of Claims due by 2/14/2025. (rba)). Filed by Creditor Committee Official Committee of Unscured Credtiors (Wilson, Brooke) (Entered: 12/16/2024) |
| 12/16/2024 | 464<br>(11 pgs) | Certificate of Service *re: Order Authorizing Debtors to Use Cash Collateral on a Final Basis and Approving Cash Collateral Stipulations* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)449 Order). (Gershbein, Evan). Related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* filed by Debtor LeFever Mattson, a California corporation. Modified on 12/17/2024 (rs). (Entered: 12/16/2024) |
| 12/17/2024 | 465<br>(4 pgs; 2 docs) | Notice of Appearance and Request for Notice by Abigail O'Brient. Filed by Interested Party Winside USA, Inc. (Attachments: # 1 Certificate of Service) (O'Brient, Abigail) (Entered: 12/17/2024) |
| 12/17/2024 | 466<br>(5 pgs) | Supplemental Certificate of Service *re: Notice of Chapter 11 Bankruptcy Case* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)128 Notice, 134 Certificate of Service). (Gershbein, Evan) (Entered: 12/17/2024) |
| 12/17/2024 | 467<br>(11 pgs) | Certificate of Service *re: Monthly Operating Report for LeFever Mattson, a California corporation for the Period Ending September 30, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)453 Chapter 11 Monthly Operating Report). (Gershbein, Evan) (Entered: 12/17/2024) |
| 12/17/2024 | 468<br>(66 pgs; 4 docs) | Motion to Borrow *Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Rupp, Thomas) (Entered: 12/17/2024) |
| 12/17/2024 | 469<br>(7 pgs) | Declaration of Bradley D. Sharp in support of *Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (RE: related document(s)468 Motion to Obtain Credit). |

| | | |
|---|---|---|
| | | Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/17/2024) |
| 12/17/2024 | 470 (9 pgs; 2 docs) | Motion to Shorten Time *for Hearing on DIP Financing Motion* (RE: related document(s)468 Motion to Obtain Credit filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Rupp, Thomas) (Entered: 12/17/2024) |
| 12/17/2024 | 471 (3 pgs) | Declaration of Thomas B. Rupp in Support of *Motion to Shorten Time for Hearing on DIP Financing Motion* (RE: related document(s)470 Motion to Shorten Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/17/2024) |
| 12/18/2024 | 472 (4 pgs) | Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing on Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-PetitionSecured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of The Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay;(V) Scheduling a Final Hearing; and (VI) Granting Related Relief(RE: related document(s)468 Motion to Obtain Credit filed by Debtor LeFever Mattson, a California corporation, 470 Motion to Shorten Time filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 12/20/2024 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 12/18/2024) |
| 12/18/2024 | 473 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/18/2024) |
| 12/18/2024 | 474 (4 pgs) | BNC Certificate of Mailing (RE: related document(s) 461 Transcript). Notice Date 12/18/2024. (Admin.) (Entered: 12/18/2024) |
| 12/19/2024 | 475 (4 pgs; 3 docs) | Application for Admission of Attorney Pro Hac Vice *Vadim J. Rubinstein*. Fee Amount $328 (Attachments: # 1 Certificate of Good Standing # 2 Proposed Order-FRBP 4001) (Rubinstein, Vadim) (Entered: 12/19/2024) |
| 12/19/2024 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A33596596, amount $ 328.00 (re: Doc# 475 Application for Admission of Attorney Pro Hac Vice *Vadim J. Rubinstein*. Fee Amount $328) (U.S. Treasury) (Entered: 12/19/2024) |
| 12/19/2024 | 476 (26 pgs; 2 docs) | Adversary case 24-01020. 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) Complaint by Mariah Driver against Autumn Wood I, LP, LeFever Mattson, a California corporation, KS MATTSON PARTNERS, LP, Kenneth W. Mattson, Timothy LeFever. Fee Amount $350. (Attachments: # 1 AP Cover Sheet) (Smyslov, Boris) (Entered: 12/19/2024) |
| 12/19/2024 | 477 (22 pgs; 2 docs) | Stipulation, Applicability of Protective Order */Stipulation Between the Official Committee of Unsecured Creditors and the Debtors Regarding Applicability of Protective Order* Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Attachments: # 1 Exhibit A) (Rosell, Jason) (Entered: 12/19/2024) |

| | | |
|---|---|---|
| 12/19/2024 | 478<br>(8 pgs) | Certificate of Service *re Stipulation Between the Official Committee of Unsecured Creditors and the Debtors Regarding Applicability of Protective Order* (RE: related document(s)477 Stipulation for Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/19/2024) |
| 12/19/2024 | 479<br>(4 pgs) | Objection *" COMMENT AND LIMITED OBJECTION TO MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION SECURED FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE; (II) AUTHORIZING THE USE OF THE DIP LENDERS CASH COLLATERAL; (III) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (IV) MODIFYING THE AUTOMATIC STAY; (V) SCHEDULING A FINAL HEARING; AND (VI) GRANTING RELATED RELIEF \** (RE: related document(s)468 Motion to Obtain Credit). Filed by Creditor Fannie Mae (Houston, Marsha) (Entered: 12/19/2024) |
| 12/19/2024 | 480<br>(105 pgs; 3 docs) | Statement of Monthly Fees and Expenses *of Keller Benvenutti Kim LLP [August 6, 2024, through October 31, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 12/19/2024) |
| 12/19/2024 | 481<br>(18 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Law Office of Donald S. Davidson, P.C. [September 12, 2024, through November 30, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/19/2024) |
| 12/19/2024 | 482<br>(15 pgs; 2 docs) | Stipulation *Authorizing Use of Cash Collateral (McAbee IRA)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)17 Motion Re: Chapter 11 First Day Motions filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit 1 - - Budget) (Keller, Tobias) (Entered: 12/19/2024) |
| 12/19/2024 | 483<br>(3 pgs) | Notice of Appearance and Request for Notice by Lance N. Jurich. Filed by Interested Party Serene Investment Management LLC (Jurich, Lance) (Entered: 12/19/2024) |
| 12/19/2024 | 484<br>(5 pgs) | Declaration of Adam Phillips in in support of (RE: related document(s)468 Motion to Obtain Credit. Filed by Interested Party Serene Investment Management LLC (Jurich, Lance) (Entered: 12/19/2024) |
| 12/19/2024 | 485<br>(20 pgs; 3 docs) | Brief/Memorandum in Opposition to *Opposition to Debtors Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (RE: related document(s)468 Motion to Obtain Credit). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Declaration Declaration of Adham Sbeih in Support of Opposition to Debtors Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of # 2 Certificate of Service) (Cohen, Theodore) (Entered: 12/19/2024) |

| | | |
|---|---|---|
| 12/20/2024 | <u>486</u><br>(9 pgs; 2 docs) | Withdrawal of Documents *Notice of Withdrawal of Opposition to Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (RE: related document(s)<u>485</u> Opposition Brief/Memorandum). Filed by Creditor Socotra Capital, Inc. (Attachments: # <u>1</u> Certificate of Service) (Cohen, Theodore) (Entered: 12/20/2024) |
| 12/20/2024 | <u>487</u><br>(2 pgs) | Notice Regarding *Instructional Presentation Regarding Proof of Interest Form* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 12/20/2024) |
| 12/20/2024 | <u>488</u><br>(5 pgs) | Amended Certificate of Service (RE: related document(s)<u>486</u> Withdrawal of Document). Filed by Creditor Socotra Capital, Inc. (Kim, Jeannie). Related document(s) <u>485</u> Opposition Brief/Memorandum filed by Creditor Socotra Capital, Inc.. Modified on 12/20/2024 (myt). (Entered: 12/20/2024) |
| 12/20/2024 | <u>489</u><br>(1 pg) | Transcript Order Form regarding Hearing Date 12/20/2024 (RE: related document(s)<u>468</u> Motion to Obtain Credit). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/20/2024) |
| 12/20/2024 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-489 Regarding Hearing Date: 12/20/2024. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)<u>489</u> Transcript Order Form (Public Request)). (myt) (Entered: 12/20/2024) |
| 12/20/2024 | <u>490</u><br>(8 pgs) | Certificate of Service (RE: related document(s)<u>487</u> Notice). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/20/2024) |
| 12/20/2024 | 491 | Acknowledgment of Request for Transcript Received on 12/20/2024. (RE: related document(s)<u>489</u> Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/20/2024) |
| 12/20/2024 | <u>492</u><br>(25 pgs; 2 docs) | Ex Parte Motion *Ex arte Application of the Official Committee of Unsecured Creditors for Order Authorizing Service of a Subpoena for Production of Documents by BMO Bank, N.A. Pursuant to Bankruptcy Rule 2004* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # <u>1</u> Exhibit A - Proposed Order) (Rosell, Jason) (Entered: 12/20/2024) |
| 12/20/2024 | | Hearing Continued (RE: related document(s) <u>468</u> Motion to Borrow Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral;). **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. The motion is continued to **01/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Any opposition shall be filed and served by **1/6/2025**. Any reply shall be filed and served by **1/9/2025**. Mr. Keller will submit the order. Mr. Rosell and Mr. Shine will sign off on the order. (rba) (Entered: 12/20/2024) |

| | | |
|---|---|---|
| 12/20/2024 | 493<br>(3 pgs) | Notice of Hearing *on Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (RE: related document(s)468 Motion to Borrow *Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)). **Hearing scheduled for 1/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/20/2024) |
| 12/20/2024 | 494<br>(1 pg) | ⏺ The Audio File attached to the PDF includes several hearings. Court Date & Time [ 12/20/2024 11:00:08 AM ]. File Size [ 161179 KB ]. Run Time [ 02:47:54 ]. (admin). (Entered: 12/20/2024) |
| 12/20/2024 | 497<br>(1 pg) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc #475). (rba) (Entered: 12/23/2024) |
| 12/23/2024 | 495<br>(1 pg) | Request for Notice Filed by Creditor Ally Bank (Wong, Jennifer) (Entered: 12/23/2024) |
| 12/23/2024 | 496<br>(82 pgs; 3 docs) | Transcript regarding Hearing Held 12/20/2024 RE: Proceedings. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, eScribers, LLC. . Notice of Intent to Request Redaction Deadline Due By 12/30/2024. Redaction Request Due By 01/13/2025. Redacted Transcript Submission Due By 01/23/2025. Transcript access will be restricted through 03/24/2025. (Gottlieb, Jason) (Entered: 12/23/2024) |
| 12/23/2024 | 498<br>(3 pgs) | Supplemental Declaration of David A. Taylor *Relating to Application of Debtors for Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors* (RE: related document(s)139 Application to Employ, 140 Declaration). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/23/2024) |
| 12/24/2024 | 500<br>(20 pgs; 2 docs) | Stipulated Protective Order (RE: related document(s)477 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/26/2024) |
| 12/24/2024 | 501<br>(19 pgs; 2 docs) | Order Authorizing Service of a Subpoena for Production of Documents by BMO Bank, N.A. Pursuant to Bankruptcy Rule 2004 (Related Doc # 492) (Attachments: # 1 Exhibit 1) (rba) (Entered: 12/26/2024) |
| 12/24/2024 | 502<br>(40 pgs; 3 docs) | Interim Order (I) Authorizing Debtor to Obtain Post-petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) |

| | | |
|---|---|---|
| | | Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing, and (VI) Granting Related Relief (RE: related document(s)468 Motion to Obtain Credit filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit 1 - Term Sheet # 2 Exhibit 2 - Budget) **Hearing continued to 01/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack**.(rba) (Entered: 12/26/2024) |
| 12/25/2024 | 499 (4 pgs) | BNC Certificate of Mailing (RE: related document(s) 496 Transcript). Notice Date 12/25/2024. (Admin.) (Entered: 12/25/2024) |
| 12/27/2024 | 503 (4 pgs) | Order Approving Cash Collateral Stipulation (RE: related document(s)482 Stipulation Referring to Existing Document(s) filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 12/27/2024) |
| 12/27/2024 | 504 (3 pgs; 2 docs) | Order Setting Hearing on Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective As of November 12, 2024 (RE: related document(s)440 Application to Employ filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 1/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 12/27/2024) |
| 12/27/2024 | 505 (19 pgs) | Certificate of Service re: Documents Served on December 17, 2024 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)459 Order on Motion to Set Last Day to File Proofs of Claim, 468 Motion to Obtain Credit, 469 Declaration, 470 Motion to Shorten Time, 471 Declaration). (Gershbein, Evan) (Entered: 12/27/2024) |
| 12/27/2024 | 506 (17 pgs) | Certificate of Service re: Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing on Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post- Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)472 Order Granting Related Motion/Application, Order To Set Hearing). (Gershbein, Evan). Related document(s) 468 Motion to Borrow Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; filed by Debtor LeFever Mattson, a California corporation, 470 Motion to Shorten Time for Hearing on DIP Financing Motion filed by Debtor LeFever Mattson, a California corporation. Modified on 12/31/2024 (rs). (Entered: 12/27/2024) |
| 12/27/2024 | 507 (14 pgs) | Certificate of Service re: 1) Amended Monthly Operating Report for Heacock Park Apartments, LP for the Period Ending September 30, 2024; 2) Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [August 6, 2024, Through October 31, 2024]; and 3) Monthly Professional Fee Statement for Law Office of Donald S. Davidson, P.C. [September 12, 2024, Through November 30, 2024] Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related |

| | | document(s)473 Chapter 11 Monthly Operating Report, 480 Statement, 481 Statement. (Gershbein, Evan) (Entered: 12/27/2024) |
|---|---|---|
| 12/29/2024 | 508<br>(5 pgs) | BNC Certificate of Mailing (RE: related document(s) 504 Order To Set Hearing). Notice Date 12/29/2024. (Admin.) (Entered: 12/29/2024) |
| 01/02/2025 | 509<br>(34 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Kurtzman Carson Consultants, LLC dba Verita Global [September 12, 2024 through November 30, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/02/2025) |
| 01/02/2025 | 510<br>(4 pgs) | Order Approving Cash Collateral Stipulation (RE: related document(s)446 Stipulation Referring to Existing Document(s) filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 01/02/2025) |
| 01/02/2025 | 511<br>(14 pgs) | Certificate of Service *re: 1) Stipulation for Use of Cash Collateral (McAbee IRA); and 2) Notice of Final Hearing on Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)482 Stipulation Referring to Existing Document(s), 493 Notice of Hearing). (Gershbein, Evan). Related document(s) 17 Chapter 11 First Day Motion. *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Use Cash Collateral* filed by Debtor LeFever Mattson, a California corporation, 468 Motion to Borrow *Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; filed by Debtor LeFever Mattson, a California corporation. Modified on 1/3/2025 (rs).* (Entered: 01/02/2025) |
| 01/02/2025 | 512<br>(11 pgs) | Certificate of Service *re: Supplemental Declaration of David A. Taylor Relating to Application of Debtors for Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)498 Declaration). (Gershbein, Evan). Related document(s) 139 Application to Employ Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors filed by Debtor LeFever Mattson, a California corporation. Modified on 1/3/2025 (rs). (Entered: 01/02/2025) |
| 01/02/2025 | 513<br>(13 pgs) | Certificate of Service *re: Interim Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)502 Order Granting Related Motion/Application). (Gershbein, Evan). Related document(s) 468 Motion to Borrow *Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; filed by Debtor* |

| | | |
|---|---|---|
| | | *LeFever Mattson, a California corporation. Modified on 1/3/2025 (rs).* (Entered: 01/02/2025) |
| 01/02/2025 | 514 (11 pgs) | Certificate of Service *re: 1) Order Approving Cash Collateral Stipulation; and 2) Order Setting Hearing on Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)503 Order on Stipulation, 504 Order To Set Hearing). (Gershbein, Evan) (Entered: 01/02/2025) |
| 01/03/2025 | 515 (24 pgs; 2 docs) | Application to Employ SSL Law Firm LLP as Real Estate Counsel Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/03/2025) |
| 01/03/2025 | 516 (4 pgs) | Declaration of Sally Shekou in Support of *Application of Debtors for Order Authorizing Employment of SSL Law Firm LLP as Real Estate Counsel* (RE: related document(s)515 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/03/2025) |
| 01/03/2025 | 517 (2 pgs) | Notice Regarding *Virtual Town Hall Meeting Hosted by the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 01/03/2025) |
| 01/03/2025 | 518 (9 pgs; 2 docs) | Ex Parte Motion to Continue Hearing On *and Extend Certain Deadlines on DIP Financing Motion* (RE: related document(s)468 Motion to Obtain Credit filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/03/2025) |
| 01/03/2025 | 519 (3 pgs) | Declaration of Thomas B. Rupp in Support of *Ex Parte Motion of Debtors Requesting Order Continuing Hearing and Extending Certain Deadlines on DIP Financing Motion* (RE: related document(s)518 Motion to Continue/Reschedule Hearing). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/03/2025) |
| 01/03/2025 | 520 (13 pgs; 2 docs) | Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Second Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/03/2025) |
| 01/03/2025 | 521 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Second Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)520 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/03/2025) |
| 01/03/2025 | 522 (3 pgs) | Notice of Hearing *on Second Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)520 Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Second Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 1/24/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/03/2025) |

| | | |
|---|---|---|
| 01/06/2025 | 523 (4 pgs) | Omnibus Certification of No Objection *Regarding Monthly Professional Fee Statements* (RE: related document(s)480 Statement, 481 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/06/2025) |
| 01/06/2025 | 524 (8 pgs) | Certificate of Service (RE: related document(s)517 Notice). Filed by Creditor Committee Official Committee of Unscured Credtiors (Rosell, Jason) (Entered: 01/06/2025) |
| 01/06/2025 | 525 (4 pgs) | Order Continuing Hearing and Extending Certain Deadlines on DIP Financing Motion (Related Doc # 518) **Hearing scheduled for 1/17/2025 at 11:00 AM Oakland Room 215 - Novack for 468, .** (rba) (Entered: 01/06/2025) |
| 01/08/2025 | | Please ignore this minute entry. Clerk docketed in error. Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Hearing scheduled for 03/14/2025 at 09:00 AM in/via Oakland Room 215 - Novack.** (rba) Modified on 1/8/2025 (rba). (Entered: 01/08/2025) |
| 01/08/2025 | 526 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | 527 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | 528 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | 529 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | 530 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | 531 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | 532 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes) (Rupp, Thomas) (Entered: 01/08/2025) |

| | | |
|---|---|---|
| 01/08/2025 | <u>533</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>534</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>535</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>536</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>537</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>538</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>539</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>540</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>541</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>542</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>543</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |

| | | |
|---|---|---|
| 01/08/2025 | <u>544</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>545</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>546</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>547</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>548</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>549</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>550</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>551</u><br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes) (Rupp, Thomas) (Entered: 01/08/2025) |
| 01/08/2025 | <u>552</u><br>(12 pgs) | Certificate of Service *re: Documents Served on January 3, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>515</u> Application to Employ, <u>516</u> Declaration, <u>518</u> Motion to Continue/Reschedule Hearing, <u>519</u> Declaration, <u>520</u> Motion to Extend/Limit Exclusivity Period, <u>521</u> Declaration, <u>522</u> Notice of Hearing). (Gershbein, Evan) (Entered: 01/08/2025) |
| 01/09/2025 | <u>553</u><br>(2 pgs) | Notice of Appearance and Request for Notice *(Special Appearance for Limited Purpose)* by Bernard R. Given II. Filed by Other Prof. FTI Consulting Inc. (Given, Bernard) (Entered: 01/09/2025) |
| 01/09/2025 | <u>554</u><br>(3 pgs) | Stipulation to Extend Time *to Assume or Reject Headquarters Lease* Filed by Debtor LeFever Mattson, a California corporation. (Rupp, Thomas) (Entered: 01/09/2025) |

CANB Live Database

| | | |
|---|---|---|
| 01/09/2025 | 555<br>(2 pgs; 2 docs) | Notice of Appearance and Request for Notice by Catherine Holzhauser. Filed by Creditor Beeson, Tayer & Bodine, APC. (Attachments: # 1 Certificate of Service) (Holzhauser, Catherine) (Entered: 01/09/2025) |
| 01/10/2025 | 556<br>(1 pg) | Transcript Order Form regarding Hearing Date 1/10/2025 (RE: related document(s)440 Application to Employ, 504 Order To Set Hearing). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/10/2025) |
| 01/10/2025 | | Hearing Continued (RE: related document(s) 440 Joint Application to Employ FTI Consulting, Inc. as Real Estate Advisor *Effective as of November 12, 2024*). **Minutes:** By **1/15/2025**, the Debtor and the Official Committee of Unsecured Creditors shall file a supplemental declaration in support of the Application. **Hearing continued to 01/17/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 01/10/2025) |
| 01/10/2025 | 557<br>(63 pgs; 3 docs) | Notice Regarding *Filing of Proposed Final Order on DIP Financing Motion and Debtor-In-Possession Loan and Security Agreement* (RE: related document(s)468 Motion to Borrow *Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 01/10/2025) |
| 01/10/2025 | 558<br>(4 pgs) | Order Granting Stipulation to Extend Time to Assume or Reject Headquarters Lease (RE: related document(s)554 Stipulation to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 01/10/2025) |
| 01/10/2025 | 559<br>(43 pgs; 5 docs) | Stipulation for Relief from Stay *Stipulation to Modify Automatic Stay to Correct Deed of Trust (Cornerstone Property)*. Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Rupp, Thomas) (Entered: 01/10/2025) |
| 01/10/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-556 Regarding Hearing Date: 1/10/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)556 Transcript Order Form (Public Request)). (rdr) (Entered: 01/10/2025) |
| 01/10/2025 | 560<br>(13 pgs) | Certificate of Service *re: 1) Monthly Professional Fee Statement for Kurtzman Carson Consultants, LLC dba Verita Global [September 12, 2024 Through November 30, 2024]; and 2) Order Approving Cash Collateral Stipulation* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)509 Statement, 510 Order on Stipulation). (Gershbein, Evan) (Entered: 01/10/2025) |
| 01/10/2025 | 561 | Acknowledgment of Request for Transcript Received on 1/10/2025. (RE: related document(s)556 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 01/10/2025) |

| | | |
|---|---|---|
| 01/10/2025 | 562 (12 pgs; 2 docs) | Motion to Reject Lease or Executory Contract *Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/10/2025) |
| 01/10/2025 | 563 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* (RE: related document(s)562 Motion to Reject Lease or Executory Contract). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/10/2025) |
| 01/10/2025 | 564 (3 pgs) | Notice of Hearing *on Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* (RE: related document(s)562 Motion to Reject Lease or Executory Contract *Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 2/7/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/10/2025) |
| 01/10/2025 | 565 (13 pgs) | Certificate of Service *re: Order Continuing Hearing and Extending Certain Deadlines on DIP Financing Motion* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)525 Order on Motion to Continue/Reschedule Hearing). (Gershbein, Evan) (Entered: 01/10/2025) |
| 01/10/2025 | 566 (1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 1/10/2025 11:00:04 AM ]. File Size [ 61185 KB ]. Run Time [ 01:03:44 ]. (admin). (Entered: 01/10/2025) |
| 01/13/2025 | 567 (41 pgs; 3 docs) | Transcript regarding Hearing Held 1/10/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 1/21/2025. Redaction Request Due By 02/3/2025. Redacted Transcript Submission Due By 02/13/2025. Transcript access will be restricted through 04/14/2025. (Gottlieb, Jason) (Entered: 01/13/2025) |
| 01/13/2025 | 568 (13 pgs) | Certificate of Service *re: Documents Served on or Before January 10, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)526 Chapter 11 Monthly Operating Report, 527 Chapter 11 Monthly Operating Report, 528 Chapter 11 Monthly Operating Report, 529 Chapter 11 Monthly Operating Report, 530 Chapter 11 Monthly Operating Report, 531 Chapter 11 Monthly Operating Report, 532 Chapter 11 Monthly Operating Report, 533 Chapter 11 Monthly Operating Report, 534 Chapter 11 Monthly Operating Report, 535 Chapter 11 Monthly Operating Report, 536 Chapter 11 Monthly Operating Report, 537 Chapter 11 Monthly Operating Report, 538 Chapter 11 Monthly Operating Report, 539 Chapter 11 Monthly Operating Report, 540 Chapter 11 Monthly Operating Report, 541 Chapter 11 Monthly Operating Report, 542 Chapter 11 Monthly Operating Report, 543 Chapter 11 Monthly Operating Report, 544 Chapter 11 Monthly Operating Report, 545 Chapter 11 Monthly Operating Report, 546 Chapter 11 Monthly Operating Report, 547 Chapter 11 Monthly Operating Report, 548 Chapter 11 Monthly Operating Report, 549 Chapter 11 Monthly Operating Report, 550 Chapter |

| | | 11 Monthly Operating Report, 551 Chapter 11 Monthly Operating Report, 554 Stipulation to Extend Time). (Gershbein, Evan) (Entered: 01/13/2025) |
|---|---|---|
| 01/13/2025 | 569 (4 pgs) | Order Granting Stipulation to Modify Automatic Stay to Correct Deed of Trust (Cornerstone Property) (RE: related document(s)559 Stipulation for Relief From Stay filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 01/14/2025) |
| 01/14/2025 | 570 (11 pgs) | Brief/Memorandum in Opposition to *Second Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)520 Motion to Extend/Limit Exclusivity Period). Filed by Creditor John L. Chase (Egan, Daniel) (Entered: 01/14/2025) |
| 01/14/2025 | 571 (2 pgs) | Declaration of John L. Chase, M.D. in support of *Opposition to Second Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)520 Motion to Extend/Limit Exclusivity Period). Filed by Creditor John L. Chase (Egan, Daniel) (Entered: 01/14/2025) |
| 01/15/2025 | 572 (34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Computershare Trust Company, National Association; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 573 (34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Greystone Servicing Company, LLC; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 574 (34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Nationstar Mortgage LLC d/b/a Mr. Cooper; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 575 (34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by NewRez LLC d/b/a Shellpoint Mortgage Servicing; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 576 (34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by NexBank, FSB; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 577 (34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by PHH Mortgage Corporation; Declaration of Steven W. Golden, Esq.* Filed |

| | | |
|---|---|---|
| | | by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 578<br>(34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Select Portfolio Servicing, Inc.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 579<br>(34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by U.S. Bank Trust Company, National Association; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | 580<br>(34 pgs) | Ex Parte Motion *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Wells Fargo Bank, N.A.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/15/2025) |
| 01/15/2025 | | Adversary Case Closed 1:24-ap-1020. (no) (Entered: 01/15/2025) |
| 01/15/2025 | 581<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | 582<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | 583<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | 584<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | 585<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | 586<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |

| 01/15/2025 | <u>587</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
|---|---|---|
| 01/15/2025 | <u>588</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | <u>589</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | <u>590</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | <u>591</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | <u>592</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | <u>593</u><br>(14 pgs) | Certificate of Service *re: Documents Served on January 10, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>557</u> Notice, <u>558</u> Order on Stipulation, <u>559</u> Stipulation for Relief From Stay, <u>562</u> Motion to Reject Lease or Executory Contract, <u>563</u> Declaration, <u>564</u> Notice of Hearing). (Gershbein, Evan) (Entered: 01/15/2025) |
| 01/15/2025 | <u>594</u><br>(5 pgs) | Supplemental Certificate of Service *re: 1) Notice of Chapter 11 Bankruptcy Case; and 2) Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>128</u> Notice,<u>459</u> Order on Motion to Set Last Day to File Proofs of Claim). (Gershbein, Evan). Modified on 1/16/2025 (no). (Entered: 01/15/2025) |
| 01/15/2025 | <u>595</u><br>(15 pgs; 3 docs) | Supplemental Document *to Joint Application to Employ FTI Consulting, Inc. as Real Estate Advisor Effective as of November 12, 2024* in (RE: related document(s)<u>440</u> Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 01/15/2025) |
| 01/15/2025 | <u>596</u><br>(31 pgs; 3 docs) | Declaration of Bradley D. Sharp in Support of *Joint Application to Employ FTI Consulting, Inc. as Real Estate Advisor Effective as of November 12, 2024* (RE: related document(s)<u>440</u> Application to Employ). Filed by |

| | | Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Rupp, Thomas) (Entered: 01/15/2025) |
|---|---|---|
| 01/15/2025 | 597 (6 pgs) | Declaration of Kevin Katari in Support of *the Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors* (RE: related document(s)440 Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 01/15/2025) |
| 01/15/2025 | 598 (4 pgs) | BNC Certificate of Mailing (RE: related document(s) 567 Transcript). Notice Date 01/15/2025. (Admin.) (Entered: 01/15/2025) |
| 01/16/2025 | 599 (2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC (Garan, Todd) (Entered: 01/16/2025) |
| 01/16/2025 | 604 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Wells Fargo Bank, N.A.(Related Doc # 580) (rba) (Entered: 01/17/2025) |
| 01/16/2025 | 605 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by U.S. Bank Trust Company, National Association (Related Doc # 579) (rba) (Entered: 01/17/2025) |
| 01/16/2025 | 606 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Select Portfolio Servicing, Inc. (Related Doc # 578) (rba) (Entered: 01/17/2025) |
| 01/16/2025 | 607 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by PHH Mortgage Corporation (Related Doc # 577) (rba) (Entered: 01/17/2025) |
| 01/16/2025 | 608 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Newrez LLC D/b/a ShellpointMortgage Servicing (Related Doc # 575) (rba) (Entered: 01/17/2025) |
| 01/16/2025 | 609 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Nationstar Mortgage LLC d/b/aMr. Cooper (Related Doc # 574) (rba) (Entered: 01/17/2025) |
| 01/16/2025 | 610 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Greystone Servicing Company LLC (Related Doc # 573) (rba) (Entered: 01/17/2025) |

| 01/16/2025 | 611<br>(3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Computershare Trust Company,National Association (Related Doc # 572) (rba) (Entered: 01/17/2025) |
|---|---|---|
| 01/16/2025 | 612<br>(3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Nexbank, FSB (Related Doc # 576) (rba) (Entered: 01/17/2025) |
| 01/17/2025 | 600<br>(2 pgs) | Request for Notice Filed by Creditor Lakeview Loan Servicing, LLC (Garan, Todd) (Entered: 01/17/2025) |
| 01/17/2025 | 601<br>(1 pg) | Transcript Order Form regarding Hearing Date 1/17/2025 (RE: related document(s)440 Application to Employ, 468 Motion to Obtain Credit). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 602<br>(14 pgs; 4 docs) | Brief/Memorandum in Opposition to *Duggan's Mission Chapel, Inc.'s and Amanda Henry, as Trustee of the Frank Bragg Revocable Trust's Limited Opposition to Debtor's Second Motion to Extend Exclusive Plan Periods* (RE: related document(s)520 Motion to Extend/Limit Exclusivity Period). Filed by Creditors Amanda Henry, as Trustee of the Frank Bragg Revocable Turst, Duggan's Mission Chapel (Attachments: # 1 Declaration of Susan Duggan in Support of Limited Opposition to Debtor's Second Motion to Extend Exclusive Plan Periods # 2 Declaration of Amanda Henry in Support of Limited Opposition to Debtor's Second Motion to Extend Exclusive Plan Periods # 3 Certificate of Service Certificate of Service) (Young, Bennett) (Entered: 01/17/2025) |
| 01/17/2025 | | Hearing Held 1/17/2025 at 11:00 AM (RE: related document(s) 468 Motion to Borrow Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral;). **Minutes:** The Motion is granted. Mr. Rupp to submit the order. (rba) (Entered: 01/17/2025) |
| 01/17/2025 | | Hearing Held 1/17/2025 at 11:00 AM (RE: related document(s) 440 Joint Application to Employ FTI Consulting, Inc. as Real Estate Advisor *Effective as of November 12, 2024*). **Minutes:** The Joint Application to Employ FTI Consulting, Inc. is granted with additional language as stated on the record. Mr. Rupp to submit the order. (rba) (Entered: 01/17/2025) |
| 01/17/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-601 Regarding Hearing Date: 1/17/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)601 Transcript Order Form (Public Request)). (no) (Entered: 01/17/2025) |
| 01/17/2025 | 603 | Acknowledgment of Request for Transcript Received on 1/17/2025. (RE: related document(s)601 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 01/17/2025) |
| 01/17/2025 | 613<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1                    75/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 548 of 960

| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
|---|---|---|
| 01/17/2025 | 614 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 615 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 616 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 617 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 618 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 619 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 620 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 621 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 622 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 623 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 624 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California |

| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
|---|---|---|
| 01/17/2025 | 625 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 626 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 627 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 628 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 629 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 630 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 631 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 632 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 633 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 634 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/17/2025) |
| 01/17/2025 | 635 (13 pgs) | Certificate of Service re: Order Granting Stipulation to Modify Automatic Stay to Correct Deed of Trust (Cornerstone Property) Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related |

| | | |
|---|---|---|
| | | document(s)569 Order on Stipulation). (Gershbein, Evan) (Entered: 01/17/2025) |
| 01/17/2025 | 636<br>(1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 1/17/2025 11:00:08 AM ]. File Size [ 58336 KB ]. Run Time [ 01:00:46 ]. (admin). (Entered: 01/17/2025) |
| 01/18/2025 | 637<br>(1 pg) | Joinder *in Opposition to Motion to Extend Exclusivity Period* (RE: related document(s)570 Opposition Brief/Memorandum). Filed by Creditors Burgess Trust dated October 9, 2006, Andrew Revocable Trust dated June 21, 2001 (Kelly, Thomas) (Entered: 01/18/2025) |
| 01/20/2025 | 638<br>(33 pgs; 3 docs) | Transcript regarding Hearing Held 1/17/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 1/27/2025. Redaction Request Due By 02/10/2025. Redacted Transcript Submission Due By 02/20/2025. Transcript access will be restricted through 04/21/2025. (Gottlieb, Jason) (Entered: 01/20/2025) |
| 01/21/2025 | 639<br>(45 pgs) | Document: / *Letter to The Hon. Judge Charles Novack re Discovery Dispute Between Committee and Third-Party BMO Bank N.A.*. (RE: related document(s)501 Order on Motion for Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 01/21/2025) |
| 01/22/2025 | 640<br>(8 pgs) | Certificate of Service (RE: related document(s)639 Document). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 01/22/2025) |
| 01/22/2025 | 641<br>(6 pgs) | Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024 (Related Doc # 440) (cf) (Entered: 01/22/2025) |
| 01/23/2025 | 642<br>(5 pgs) | Reply *in Support of Second Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)520 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/23/2025) |
| 01/23/2025 | 643<br>(91 pgs; 3 docs) | Final Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief (Related Doc # 468) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (rba) (Entered: 01/23/2025) |
| 01/23/2025 | 644<br>(17 pgs; 2 docs) | Order Granting Application of Debtors for Order Authorizing Employment of SSL Law Firm LLP as Real Estate Counsel (Related Doc # 515) (Attachments: # 1 Exhibit 1) (rba) (Entered: 01/23/2025) |
| 01/23/2025 | 645<br>(5 pgs) | BNC Certificate of Mailing (RE: related document(s) 638 Transcript). Notice Date 01/23/2025. (Admin.) (Entered: 01/23/2025) |

| 01/24/2025 | 646 (5 pgs) | Response of Socotra Capital Inc. to Debtors' Motion For Order Authorizing Rejection of Unexpired Fulton Square Ground Lease (RE: related document(s)562 Motion to Reject Lease or Executory Contract). Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 01/24/2025) |
|---|---|---|
| 01/24/2025 | 647 (55 pgs; 4 docs) | Declaration of Adham Sbeih in In Support of Socotra Capital Inc.'s Response to Debtors' Motion for Order Authorizing Rejection of Unexpired Fulton Square Ground Lease (RE: related document(s)562Motion to Reject Lease or Executory Contract, 646 Response). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Exhibit Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Cohen, Theodore) Modified on 1/24/2025 (klr). (Entered: 01/24/2025) |
| 01/24/2025 | 648 (8 pgs) | Certificate of Service (RE: related document(s)646 Response, 647 Declaration). Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 01/24/2025) |
| 01/24/2025 | 649 (1 pg) | Transcript Order Form regarding Hearing Date 1/24/2025 (RE: related document(s)520 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 650 (12 pgs) | Motion for Relief from Stay Fee Amount $199, Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A33653582, amount $ 199.00 (re: Doc# 650 Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 01/24/2025) |
| 01/24/2025 | 651 (133 pgs) | Declaration of James Hamlin in Support of Motion for Relief from the Automatic Stay and Waiver of 14-day stay (RE: related document(s)650 Motion for Relief From Stay). Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 652 (1 pg) | Relief From Stay Cover Sheet (RE: related document(s)650 Motion for Relief From Stay). Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 653 (4 pgs) | Notice of Hearing (RE: related document(s)650 Motion for Relief from Stay Fee Amount $199, Filed by Creditor Monley Hamlin Inc.). **Hearing scheduled for 2/7/2025 at 10:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 654 (11 pgs) | Certificate of Service re Motion for Relief from the Automatic Stay and Waiver of 14-day stay (RE: related document(s)650 Motion for Relief From Stay, 651 Declaration, 652 Relief From Stay Cover Sheet, 653Notice of Hearing ). Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) Modified on 1/24/2025 (klr). (Entered: 01/24/2025) |
| 01/24/2025 | | Hearing Held 1/24/2025 at 11:00 AM (RE: related document(s) 520 Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Second Motion of Debtors to Extend Plan |

| | | |
|---|---|---|
| | | *Exclusive Periods*). **Minutes:** The Motion is granted with additional provisions as stated on the record. Mr. Rupp to submit the order. (rba) (Entered: 01/24/2025) |
| 01/24/2025 | 655 (16 pgs; 2 docs) | Stipulation, Use of Cash Collateral *(Fannie Mae)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit 1) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 656 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 657 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 658 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 659 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 660 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 661 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 662 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 663 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 664 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 665 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
|---|---|---|
| 01/24/2025 | 666 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 667 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 668 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 669 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 670 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 671 (33 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 672 (10 pgs) | Response *of the Grellas Owners/Landlord* (RE: related document(s)562 Motion to Reject Lease or Executory Contract). Filed by Creditors CP Grellas Partnership, James C. Grellas, Paul C. Grellas, Peter C. Grellas, Peggy C. Slaughter (Mouzes, Thomas) (Entered: 01/24/2025) |
| 01/24/2025 | 673 (201 pgs; 2 docs) | Declaration of James Grellas in in support of *Response of the Grellas Owners/Landlords Regarding Debtors' Motion for an Order Authorizing Rejection of the Unexpired Fulton Square Ground Lease (Beach Pine, LP)* (RE: related document(s)562 Motion to Reject Lease or Executory Contract. Filed by Creditors CP Grellas Partnership, James C. Grellas, Paul C. Grellas, Peter C. Grellas, Peggy C. Slaughter (Attachments: # 1 Exhibit Exhibits to Declaration of James Grellas) (Mouzes, Thomas). Related document(s) 672 Response filed by Creditor CP Grellas Partnership, Creditor James C. Grellas, Creditor Peter C. Grellas, Creditor Paul C. Grellas, Creditor Peggy C. Slaughter. Modified on 1/27/2025 (rdr). (Entered: 01/24/2025) |
| 01/24/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-649 Regarding Hearing Date: 1/24/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)649 Transcript Order Form (Public Request)). (klr) (Entered: 01/24/2025) |

| | | |
|---|---|---|
| 01/24/2025 | 674<br>(3 pgs) | Order Denying Request to Issue an Order to Show Cause (RE: related document(s)639 Document filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/24/2025) |
| 01/24/2025 | 675<br>(1 pg) | ⏺)) The Audio File attached to the PDF includes several hearings. Court Date & Time [ 1/24/2025 11:00:05 AM ]. File Size [ 65061 KB ]. Run Time [ 01:07:46 ]. (admin). (Entered: 01/24/2025) |
| 01/26/2025 | 680<br>(5 pgs) | Order Extending Plan Exclusive Periods (Related Doc # 520) Chapter 11 Plan due by 3/15/2025. Disclosure Statement due by 3/15/2025. (rba) (Entered: 01/27/2025) |
| 01/26/2025 | 681<br>(4 pgs) | Order Approving Cash Collateral Stipulation (Fannie Mae) (RE: related document(s)655 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 01/27/2025) |
| 01/27/2025 | 676 | Acknowledgment of Request for Transcript Received on 1/27/2025. (RE: related document(s)649 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 01/27/2025) |
| 01/27/2025 | 677<br>(2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC (Garan, Todd) (Entered: 01/27/2025) |
| 01/27/2025 | 678<br>(6 pgs) | Certificate of Service *re: 1) Supplement to Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024; 2) Declaration of Bradley D. Sharp in Support of Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024; and 3) Declaration of Kevin Katari in Support of the Joint Application of Debtors and Committee for Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)595 Supplemental Document, 596 Declaration, 597 Declaration). (Gershbein, Evan) (Entered: 01/27/2025) |
| 01/27/2025 | 679<br>(13 pgs) | Certificate of Service *re: Documents Served on January 21, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)581 Chapter 11 Monthly Operating Report, 582 Chapter 11 Monthly Operating Report, 583 Chapter 11 Monthly Operating Report, 584 Chapter 11 Monthly Operating Report, 585 Chapter 11 Monthly Operating Report, 586 Chapter 11 Monthly Operating Report, 587 Chapter 11 Monthly Operating Report, 588 Chapter 11 Monthly Operating Report, 589 Chapter 11 Monthly Operating Report, 590 Chapter 11 Monthly Operating Report, 591 Chapter 11 Monthly Operating Report, 592 Chapter 11 Monthly Operating Report, 613 Chapter 11 Monthly Operating Report, 614 Chapter 11 Monthly Operating Report, 615 Chapter 11 Monthly Operating Report, 616 Chapter 11 Monthly Operating Report, 617 Chapter 11 Monthly Operating Report, 618 Chapter 11 Monthly Operating Report, 619 Chapter 11 Monthly Operating Report, 620 Chapter 11 Monthly Operating Report, 621 Chapter 11 Monthly Operating Report, 622 Chapter 11 Monthly Operating Report, 623 Chapter 11 Monthly Operating Report, 624 Chapter 11 Monthly Operating Report, 625 Chapter 11 Monthly Operating Report, 626 Chapter 11 Monthly Operating Report, 627 Chapter 11 Monthly |

| | | |
|---|---|---|
| | | Operating Report, 628 Chapter 11 Monthly Operating Report, 629 Chapter 11 Monthly Operating Report, 630 Chapter 11 Monthly Operating Report, 631 Chapter 11 Monthly Operating Report, 632 Chapter 11 Monthly Operating Report, 633 Chapter 11 Monthly Operating Report, 634 Chapter 11 Monthly Operating Report). (Gershbein, Evan) (Entered: 01/27/2025) |
| 01/28/2025 | 682 (2 pgs) | Request for Notice *of Removal from Special Notice and Matrix Entry* Filed by Creditor Beeson, Tayer & Bodine, APC. (Holzhauser, Catherine) (Entered: 01/28/2025) |
| 01/28/2025 | 683 (21 pgs; 3 docs) | Transcript regarding Hearing Held 1/24/2025 RE: Motion to Extend. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, eScribers, LLC. . Notice of Intent to Request Redaction Deadline Due By 2/4/2025. Redaction Request Due By 02/18/2025. Redacted Transcript Submission Due By 02/28/2025. Transcript access will be restricted through 04/28/2025. (Gottlieb, Jason) (Entered: 01/28/2025) |
| 01/28/2025 | 684 (28 pgs; 6 docs) | Motion for Relief from Stay Fee Amount $199, Filed by Creditor Santander Consumer USA Inc. dba Chrysler Capital (Attachments: # 1 Memorandum of Points and Authorities # 2 RS Cover Sheet # 3 Declaration # 4 Exhibit # 5 Certificate of Service) (Mroczynski, Randall) (Entered: 01/28/2025) |
| 01/28/2025 | 685 (2 pgs) | Notice of Hearing (RE: related document(s)684 Motion for Relief from Stay Fee Amount $199, Filed by Creditor Santander Consumer USA Inc. dba Chrysler Capital (Attachments: # 1 Memorandum of Points and Authorities # 2 RS Cover Sheet # 3 Declaration # 4 Exhibit # 5 Certificate of Service)). **Hearing scheduled for 2/19/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Creditor Santander Consumer USA Inc. dba Chrysler Capital (Mroczynski, Randall) (Entered: 01/28/2025) |
| 01/28/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A33660092, amount $ 199.00 (re: Doc# 684 Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 01/28/2025) |
| 01/28/2025 | 686 (11 pgs) | Certificate of Service *re: Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)641 Order on Application to Employ). (Gershbein, Evan) (Entered: 01/28/2025) |
| 01/28/2025 | 687 (22 pgs) | Certificate of Service *re: 1) Reply in Support of Second Motion of Debtors to Extend Plan Exclusive Periods; 2) Final Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief; and 3) Order Granting Application of Debtors for Order Authorizing Employment of SSL Law Firm LLP as Real Estate Counsel* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)642 Reply, 643 Order on |

| | | |
|---|---|---|
| | | Motion to Obtain Credit, 644 Order on Application to Employ). (Gershbein, Evan) (Entered: 01/28/2025) |
| 01/28/2025 | 688 (15 pgs) | Certificate of Service re: *Stipulation for Use of Cash Collateral (Fannie Mae)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)655 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 01/28/2025) |
| 01/29/2025 | 689 (64 pgs; 5 docs) | Motion *of Debtors to Establish Procedures for Real Property Sales* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Albert, Gabrielle) (Entered: 01/29/2025) |
| 01/29/2025 | 690 (12 pgs; 2 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 01/29/2025) |
| 01/29/2025 | 691 (3 pgs) | Notice of Hearing *on Motion of Debtors to Establish Omnibus Procedures for Real Property Sales* (RE: related document(s)689 Motion *of Debtors to Establish Procedures for Real Property Sales* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D)). **Hearing scheduled for 2/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 01/29/2025) |
| 01/30/2025 | 692 (125 pgs) | Certificate of Service re: *Documents Served on December 20, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)459 Order on Motion to Set Last Day to File Proofs of Claim, 463 Notice). (Gershbein, Evan) (Entered: 01/30/2025) |
| 01/30/2025 | 693 (3 pgs) | Certificate of Service re: *Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing on Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)472 Order Granting Related Motion/Application, Order To Set Hearing, 506 Certificate of Service). (Gershbein, Evan) (Entered: 01/30/2025) |
| 01/30/2025 | 694 (14 pgs; 2 docs) | Motion to Use Cash Collateral *Motion of Debtors for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Keller, Tobias) (Entered: 01/30/2025) |
| 01/30/2025 | 695 (3 pgs) | Supplemental Certificate of Service re: *Supplemental Declaration of David A. Taylor Relating to Application of Debtors for Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)498 Declaration, 512 Certificate of Service). (Gershbein, Evan). Related document(s) 139 Application to Employ Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors filed by Debtor LeFever |

| | | |
|---|---|---|
| | | Mattson, a California corporation. Modified on 1/31/2025 (pw). (Entered: 01/30/2025) |
| 01/30/2025 | 696 (35 pgs; 3 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtor for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers)* (RE: related document(s)694 Motion to Use Cash Collateral). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Keller, Tobias) (Entered: 01/30/2025) |
| 01/30/2025 | 697 (3 pgs) | Notice of Hearing *on Motion of Debtors for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers)* (RE: related document(s)694 Motion to Use Cash Collateral *Motion of Debtors for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 2/28/2025 at 11:00 AM in/via Oakland Room 215 - Novack**. Filed by Debtor LeFever Mattson, a California corporation (Keller, Tobias) (Entered: 01/30/2025) |
| 01/30/2025 | 698 (3 pgs) | Supplemental Certificate of Service *re: Order Authorizing Debtors to Use Cash Collateral on a Final Basis and Approving Cash Collateral Stipulations* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)449 Order, 464 Certificate of Service). (Gershbein, Evan) (Entered: 01/30/2025) |
| 01/30/2025 | 699 (3 pgs) | Supplemental Certificate of Service *re: Order Approving Cash Collateral Stipulation* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)510 Order on Stipulation, 560 Certificate of Service). (Gershbein, Evan) (Entered: 01/30/2025) |
| 01/30/2025 | 700 (20 pgs) | Certificate of Service *re: 1) Order Extending Plan Exclusive Periods; and 2) Order Approving Cash Collateral Stipulation (Fannie Mae)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)680 Order on Motion to Extend/Limit Exclusivity Period, 681 Order on Stipulation). (Gershbein, Evan) (Entered: 01/30/2025) |
| 01/30/2025 | 701 (4 pgs) | BNC Certificate of Mailing (RE: related document(s) 683 Transcript). Notice Date 01/30/2025. (Admin.) (Entered: 01/30/2025) |
| 01/31/2025 | 702 (3 pgs) | Reply *in Support of Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* (RE: related document(s)562 Motion to Reject Lease or Executory Contract). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/31/2025) |
| 01/31/2025 | 703 (44 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Keller Benvenutti Kim LLP [November 1, 2024, through November 30, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/31/2025) |
| 01/31/2025 | 704 (50 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Keller Benvenutti Kim LLP [December 1, 2024, through December 31, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/31/2025) |
| 01/31/2025 | 705 (11 pgs; 2 docs) | Motion to Extend Time *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor |

| | | LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/31/2025) |
|---|---|---|
| 01/31/2025 | 706 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)705 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/31/2025) |
| 01/31/2025 | 707 (3 pgs) | Notice of Hearing *on Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)705 Motion to Extend Time *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 2/21/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/31/2025) |
| 01/31/2025 | 708 (8 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Law Office of Donald S. Davidson, P.C. [December 1, 2024, through December 31, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/31/2025) |
| 02/04/2025 | 709 (2 pgs) | Request for Notice Filed by Creditors Diana Goodman, Michael Goodman (Griffin, Thomas) (Entered: 02/04/2025) |
| 02/04/2025 | 710 (2 pgs) | Request for Notice Filed by Creditors Gloria E. Delgado, Julian L. Delgado (Griffin, Thomas) (Entered: 02/04/2025) |
| 02/04/2025 | 711 (16 pgs; 2 docs) | Stipulation, Use of Cash Collateral *(Poppy Bank)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit 1) (Keller, Tobias) (Entered: 02/04/2025) |
| 02/04/2025 | 712 (4 pgs) | Order Approving Cash Collateral Stipulation (Poppy Bank) (RE: related document(s)711 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 02/05/2025) |
| 02/05/2025 | 713 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 714 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 715 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 716 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 717 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 718 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 719 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 720 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 721 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 722 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 723 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 724 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 725 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 726 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 727 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 728 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 729 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 730 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 731 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 732 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 733 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 734 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 735 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 736 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 737 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 738 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 739 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 740 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 741 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 742 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 743 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 744 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 745 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 746 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 747 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 748 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 749 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
|---|---|---|
| 02/05/2025 | 750 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 751 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 752 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/05/2025 | 753 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/05/2025) |
| 02/06/2025 | 754 (3 pgs) | Stipulation to Continue Hearing *on Monley Hamlin, Inc.'s Motion for Relief from the Automatic Stay* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)650 Motion for Relief From Stay filed by Creditor Monley Hamlin Inc.). **Hearing scheduled for 2/19/2025 at 11:00 AM Oakland Room 215 - Novack for 650,**. (Rupp, Thomas) (Entered: 02/06/2025) |
| 02/06/2025 | 755 (15 pgs; 3 docs) | Notice Regarding *Revised Proposed Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* (RE: related document(s)562 Motion to Reject Lease or Executory Contract *Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Rupp, Thomas) (Entered: 02/06/2025) |
| 02/06/2025 | 756 (358 pgs; 3 docs) | Application to Employ Sotheby's International Realty as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle) (Entered: 02/06/2025) |
| 02/06/2025 | 757 (11 pgs; 3 docs) | Declaration of Daniel Casabonne in Support of *Application of Debtors for Order Authorizing Employment of Sotheby's International Realty as Real Estate Broker* (RE: related document(s)756 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle) (Entered: 02/06/2025) |
| 02/06/2025 | 758 (24 pgs; 2 docs) | Application to Employ Marcus & Millichap as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 02/06/2025) |
| 02/06/2025 | 759 (11 pgs; 3 docs) | Declaration of Ramon Kochavi in support of *Application of Debtors for Order Authorizing Employment of Marcus & Millichap as Real Estate Broker* (RE: related document(s)758 Application to Employ). Filed by |

| | | Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle) (Entered: 02/06/2025) |
|---|---|---|
| 02/06/2025 | 760 (12 pgs) | Certificate of Service *re: 1) Motion of Debtors for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers); 2) Declaration of Bradley D. Sharp in Support of Motion of Debtor for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers); and 3) Notice of Hearing on Motion of Debtor for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)694 Motion to Use Cash Collateral, 696 Declaration, 697 Notice of Hearing). (Gershbein, Evan) (Entered: 02/06/2025) |
| 02/06/2025 | 761 (15 pgs) | Certificate of Service *re: Documents Served on January 31, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)656 Chapter 11 Monthly Operating Report, 657 Chapter 11 Monthly Operating Report, 658 Chapter 11 Monthly Operating Report, 659 Chapter 11 Monthly Operating Report, 660 Chapter 11 Monthly Operating Report, 661 Chapter 11 Monthly Operating Report, 662 Chapter 11 Monthly Operating Report, 663 Chapter 11 Monthly Operating Report, 664 Chapter 11 Monthly Operating Report, 665 Chapter 11 Monthly Operating Report, 666 Chapter 11 Monthly Operating Report, 667 Chapter 11 Monthly Operating Report, 668 Chapter 11 Monthly Operating Report, 669 Chapter 11 Monthly Operating Report, 671 Chapter 11 Monthly Operating Report, 702 Reply, 703 Statement, 704 Statement, 705 Motion to Extend Time, 706 Declaration, 707 Notice of Hearing, 708 Statement). (Gershbein, Evan) (Entered: 02/06/2025) |
| 02/06/2025 | 762 (8 pgs) | Certificate of Service *re: Stipulation for Use of Cash Collateral (Poppy Bank)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)711 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 02/06/2025) |
| 02/06/2025 | 769 (4 pgs) | Order Continuing Hearing on Monley Hamlin, Inc.'s Motion for Relief from the Automatic Stay (RE: related document(s)650 Motion for Relief From Stay filed by Creditor Monley Hamlin Inc., 754 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 2/19/2025 at 11:00 AM Oakland Room 215 - Novack.** (rba) (Entered: 02/07/2025) |
| 02/07/2025 | 763 (28 pgs; 5 docs) | Motion for Relief from Stay Fee Amount $199, Filed by Creditor Ally Bank (Attachments: # 1 RS Cover Sheet # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Exhibits) (Wong, Jennifer) (Entered: 02/07/2025) |
| 02/07/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A33680473, amount $ 199.00 (re: Doc# 763 Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 02/07/2025) |
| 02/07/2025 | 764 (6 pgs; 2 docs) | Notice of Hearing *on Motion for Relief from Automatic Stay* (RE: related document(s)763 Motion for Relief from Stay Fee Amount $199, Filed by Creditor Ally Bank (Attachments: # 1 RS Cover Sheet # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Exhibits)). **Hearing to be held on 3/5/2025 at 11:00 AM (check with court for location).** Filed by |

| | | |
|---|---|---|
| | | Creditor Ally Bank (Attachments: # 1 Certificate of Service) (Wong, Jennifer) (Entered: 02/07/2025) |
| 02/07/2025 | 765 (1 pg) | Transcript Order Form regarding Hearing Date 2/7/2025 (RE: related document(s)650 Motion for Relief From Stay). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/07/2025) |
| 02/07/2025 | 766 (1 pg) | Transcript Order Form regarding Hearing Date 2/7/2025 (RE: related document(s)562 Motion to Reject Lease or Executory Contract). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/07/2025) |
| 02/07/2025 | 767 (3 pgs) | Supplemental Certificate of Service *re: Notice of Bar Date and Procedures for Submitting (A) Investor Proofs of Interest and (B) Proofs of Claim* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)463 Notice, 692 Certificate of Service). (Gershbein, Evan) (Entered: 02/07/2025) |
| 02/07/2025 | 768 (12 pgs) | Supplemental Certificate of Service *re: Documents Served on or Before January 7, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)459 Order, 463 Notice, 692 Certificate of Service). (Gershbein, Evan) Modified on 2/7/2025 (klr). (Entered: 02/07/2025) |
| 02/07/2025 | | Hearing Continued from 2/7/2025 at 10:00 AM to 2/19/2025 at 11:00 AM per Order signed 2/6/2025. (RE: related document(s) 650 Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 02/19/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 02/07/2025) |
| 02/07/2025 | | Hearing Held 2/7/2025 at 11:00 AM (RE: related document(s) 562 Motion to Reject Lease or Executory Contract *Debtors' Motion for an Order Authorizing Rejection of Unexpired Fulton Square Ground Lease*). **Minutes:** The Motion is granted. Mr. Rupp to submit the order. (rba) (Entered: 02/07/2025) |
| 02/07/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-765 Regarding Hearing Date: 2/7/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)765 Transcript Order Form (Public Request). (klr) (Entered: 02/07/2025) |
| 02/07/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-766 Regarding Hearing Date: 2/7/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)766 Transcript Order Form (Public Request). (klr) (Entered: 02/07/2025) |
| 02/07/2025 | 770 (1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 2/7/2025 11:00:06 AM ]. File Size [ 72591 KB ]. Run Time [ 01:15:37 ]. (admin). (Entered: 02/07/2025) |
| 02/09/2025 | 771 | Acknowledgment of Request for Transcript Received on 2/10/2025. (RE: related document(s)765 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 02/09/2025) |

| 02/09/2025 | 772 | Acknowledgment of Request for Transcript Received on 2/10/2025. (RE: related document(s)766 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 02/09/2025) |
|---|---|---|
| 02/10/2025 | 773 (1 pg) | Document: Copy Request Form. Filed by Creditor Noram Bradshaw NOTE: Copy request processed at SJ intake. (rdr) (Entered: 02/10/2025) |
| 02/10/2025 |  | Receipt Number 27LI4V6F, Fee Amount $17.00 (RE: related document(s)773 Document). (bg) (Entered: 02/10/2025) |
| 02/10/2025 | 774 (8 pgs) | Certificate of Service re: Order Approving Cash Collateral Stipulation (Poppy Bank) Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)712 Order on Stipulation). (Gershbein, Evan). Related document(s) 711 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation. Modified on 2/11/2025 (rs). (Entered: 02/10/2025) |
| 02/10/2025 | 775 (9 pgs) | Certificate of Service re: Documents Served on February 6, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)754 Stipulation to Continue Hearing, 755 Notice, 756 Application to Employ, 757 Declaration, 758 Application to Employ, 759 Declaration). (Gershbein, Evan) (Entered: 02/10/2025) |
| 02/10/2025 | 776 (5 pgs) | Supplemental Certificate of Service re: 1) Notice of Chapter 11 Bankruptcy Case; and 2) Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)128 Notice, 134 Certificate of Service, 459 Order on Motion to Set Last Day to File Proofs of Claim, 505 Certificate of Service). (Gershbein, Evan) (Entered: 02/10/2025) |
| 02/11/2025 | 777 (9 pgs; 3 docs) | Transcript regarding Hearing Held 2/7/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 2/18/2025. Redaction Request Due By 03/4/2025. Redacted Transcript Submission Due By 03/14/2025. Transcript access will be restricted through 05/12/2025. (Gottlieb, Jason) (Entered: 02/11/2025) |
| 02/11/2025 | 778 (16 pgs; 3 docs) | Transcript regarding Hearing Held 2/7/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 2/18/2025. Redaction Request Due By 03/4/2025. Redacted Transcript Submission Due By 03/14/2025. Transcript access will be restricted through 05/12/2025. (Gottlieb, Jason) (Entered: 02/11/2025) |
| 02/11/2025 | 779 (38 pgs) | Ex Parte Motion for 2004 Examination Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by KS Mattson Company, LLC; Declaration of |

| | | |
|---|---|---|
| | | *Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 780 (38 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of An Order Pursuant to Bankruptcy Rule 2004 Authorizing oral Examination of and Production of Documents by Perris Freeway Plaza, LP; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 781 (38 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Specialty Sales Classics, Inc.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 782 (38 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing oral Examination of and Production of Documents by Specialty Properties Partners, LP; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 783 (38 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Specialty Sales Global, Inc.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 784 (38 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Treehouse Investments LP; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 785 (6 pgs) | Order Authorizing Rejection Of Unexpired Fulton Square Ground Lease and Granting Other and Further Relief (Related Doc # 562) (rba) (Entered: 02/11/2025) |
| 02/11/2025 | 786 (2 pgs) | Request for Notice Filed by Creditor JPMorgan Chase Bank, National Association (Garan, Todd) (Entered: 02/11/2025) |
| 02/11/2025 | 787 (31 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by IPX 1031 LLC, a Fidelity National Financial Company; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/11/2025) |
| 02/11/2025 | 788 (3 pgs) | Request for Notice Filed by Creditor Graham Reid (Cammack, Stephen) (Entered: 02/11/2025) |

| | | |
|---|---|---|
| 02/11/2025 | 789<br>(4 pgs) | Certificate of Service *Re: Request for Special Notice* Filed by Creditor Graham Reid (Cammack, Stephen). Related document(s) 788 Request for Notice filed by Creditor Graham Reid. Modified on 2/12/2025 (dc). (Entered: 02/11/2025) |
| 02/12/2025 | 790<br>(6 pgs) | Brief/Memorandum in Opposition to *Limited Response and Opposition of Umpqua Bank to Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion Miscellaneous Relief. Filed by Creditor Umpqua Bank (Kaplan, Robert) (Entered: 02/12/2025) |
| 02/12/2025 | 791<br>(2 pgs) | Joinder *Joinder of Duggan's Mission Chapel, Inc. and Amanda Henry, as Trustee of the Frank Bragg Revocable Trust, in Limited Response and Opposition of Umpqua Bank to Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)790 Opposition Brief/Memorandum). Filed by Creditors Amanda Henry, as Trustee of the Frank Bragg Revocable Turst, Duggan's Mission Chapel (Young, Bennett). Related document(s) 689 Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 2/12/2025 (pw). (Entered: 02/12/2025) |
| 02/12/2025 | 792<br>(28 pgs; 3 docs) | Application to Employ PwC Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Engagement Letter) (Rosell, Jason) (Entered: 02/12/2025) |
| 02/12/2025 | 793<br>(21 pgs; 3 docs) | Declaration of Steven J. Fleming in Support of *Application to Employ PwC Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors* (RE: related document(s)792 Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Schedule 1 # 2 Schedule 2) (Rosell, Jason) (Entered: 02/12/2025) |
| 02/12/2025 | 794<br>(3 pgs) | Declaration of Kevin Katari in Support of *Application to Employ PwC Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors* (RE: related document(s)792 Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 02/12/2025) |
| 02/12/2025 | 795<br>(6 pgs) | Certificate of Service (RE: related document(s)792 Application to Employ, 793 Declaration, 794 Declaration). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 02/12/2025) |
| 02/12/2025 | 796<br>(5 pgs) | Objection *to Debtor's Motion to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion Miscellaneous Relief. Filed by Creditor FEDERAL HOME LOAN MORTGAGE CORPORATION (Houston, Marsha) (Entered: 02/12/2025) |
| 02/12/2025 | 797<br>(7 pgs) | Objection *to Debtors' Motion to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion Miscellaneous Relief. Filed by Creditor Fannie Mae (Houston, Marsha) (Entered: 02/12/2025) |
| 02/12/2025 | 798<br>(226 pgs; 9 docs) | Response *Creditors' Opposition to Debtors' Motion to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion |

| | | |
|---|---|---|
| | | Miscellaneous Relief. Filed by Creditor Nationstar Mortgage LLC (Attachments: # 1 Exhibit 1 - Note and Mortgage Araquipa # 2 Exhibit 2 - Note and Mortgage Missie # 3 Exhibit 3 - Note and Mortgage 1173 # 4 Exhibit 4 - Note and Mortgage Arleta # 5 Exhibit 5 - Note and Mortgage James # 6 Exhibit 6 - Note and Mortgage Arleta # 7 Exhibit 7 - Note and Mortgage Sorrell # 8 Exhibit 8 - Note and Mortgage 5537) (Garan, Todd) (Entered: 02/12/2025) |
| 02/12/2025 | 799 (2 pgs) | Certificate of Service (RE: related document(s)798 Response). Filed by Creditor Nationstar Mortgage LLC (Garan, Todd). Related document(s) 689 Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 2/12/2025 (dc). (Entered: 02/12/2025) |
| 02/12/2025 | 800 (4 pgs) | Omnibus Certification of No Objection *Regarding Monthly Professional Fee Statements* (RE: related document(s)703 Statement, 704 Statement, 708 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/12/2025) |
| 02/12/2025 | 801 (8 pgs) | Objection *Socotra Capital Inc.'s Limited Objection to Debtors' Motion to Establish Procedures for Real Property Sales, and Reservation of Rights with Respect Thereto* (RE: related document(s)689 Motion Miscellaneous Relief. Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 02/12/2025) |
| 02/12/2025 | 802 (3 pgs) | Notice of Appearance and Request for Notice by Maggie E. Schroedter. Filed by Creditor Nick Thom and Linda Thom (Schroedter, Maggie) Modified on 2/12/2025 (lj). (Entered: 02/12/2025) |
| 02/12/2025 | 803 (4 pgs) | Certificate of Service *Re: Proof of Claim* Filed by Creditor Graham Reid (Cammack, Stephen) (Entered: 02/12/2025) |
| 02/12/2025 | 804 (4 pgs) | Amended Certificate of Service *Re: Proof of Claim* Filed by Creditor Graham Reid (Cammack, Stephen) (Entered: 02/12/2025) |
| 02/12/2025 | 805 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Ks Mattson Company, LLC (Related Doc # 779) (rba) (Entered: 02/12/2025) |
| 02/12/2025 | 806 (3 pgs) | Notice of Appearance and Request for Notice by Lane C Hilton. Filed by Interested Partys Nick Thom, Linda Thom (Hilton, Lane) (Entered: 02/12/2025) |
| 02/12/2025 | 807 (3 pgs) | Certificate of Service *re: Socotra Capital Inc.'s Limited Objection to Debtors' Motion to Establish Procedures for Real Property Sales and Reservation of Rights with Respect Thereto (RE: related document(s)801Objection)* Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) Modified on 2/13/2025 (klr). (Entered: 02/12/2025) |
| 02/12/2025 | 808 (16 pgs; 2 docs) | Motion to Use Cash Collateral *Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 02/12/2025) |

| | | |
|---|---|---|
| 02/12/2025 | 809<br>(61 pgs; 4 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital)* (RE: related document(s)808 Motion to Use Cash Collateral). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Rupp, Thomas) (Entered: 02/12/2025) |
| 02/12/2025 | 810<br>(8 pgs; 2 docs) | Ex Parte Motion to Shorten Time *for Hearing on Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital)* (RE: related document(s)808 Motion to Use Cash Collateral filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 02/12/2025) |
| 02/12/2025 | 811<br>(2 pgs) | Declaration of Thomas B. Rupp in Support of *Ex Parte Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital)* (RE: related document(s)810 Motion to Shorten Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/12/2025) |
| 02/12/2025 | 812<br>(5 pgs) | Objection // *Limited Objection of Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of JPMBB Commercial Mortgage Pass-Through Certificates, Series 2015-C30 to Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion Miscellaneous Relief). Filed by Creditor Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of JPMBB Commercial Mortgage Pass-Through Certificates, Series 2015-C30 (Strabo, Jason) (Entered: 02/12/2025) |
| 02/13/2025 | 813<br>(1 pg) | Withdrawal of Claim: 38 Filed by Creditors Diana Goodman, Michael Goodman. (Griffin, Thomas) (Entered: 02/13/2025) |
| 02/13/2025 | 814<br>(1 pg) | Withdrawal of Claim: 39 Filed by Creditors Diana Goodman, Michael Goodman. (Griffin, Thomas) (Entered: 02/13/2025) |
| 02/13/2025 | 815<br>(31 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by First American Exchange Company, LLC; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 02/13/2025) |
| 02/13/2025 | 816<br>(4 pgs) | Certificate of Service *Re: Proof of Claim Re: Case No.: 24-10715* Filed by Creditor Graham Reid (Cammack, Stephen) (Entered: 02/13/2025) |
| 02/13/2025 | 817<br>(4 pgs) | Certificate of Service *Re: Proof of Claim Re: Case No.: 24-10544* Filed by Creditor Graham Reid (Cammack, Stephen) (Entered: 02/13/2025) |
| 02/13/2025 | 818<br>(5 pgs) | BNC Certificate of Mailing (RE: related document(s) 778 Transcript). Notice Date 02/13/2025. (Admin.) (Entered: 02/13/2025) |
| 02/13/2025 | 827<br>(3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule |

| | | |
|---|---|---|
| | | 2004 Authorizing Oral Examination of And Production of Documents by Perris Freeway Plaza, LP (Related Doc # 780) (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 828 (3 pgs) | Order Granting the ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Specialty Sales Classics, Inc. (Related Doc # 781) (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 829 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Specialty Properties Partners, LP (Related Doc # 782) (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 830 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Specialty Sales Global, Inc. (Related Doc # 783) (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 831 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Treehouse Investments LP (Related Doc # 784) (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 832 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Ipx 1031, a Fidelity NationalFinancial Company (Related Doc # 787) (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 833 (4 pgs) | Order Pursuant to B.L.R. 9006-1 Shortening Time for Hearing on Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital) (RE: related document(s)808 Motion to Use Cash Collateral filed by Debtor LeFever Mattson, a California corporation, 810 Motion to Shorten Time filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 2/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 02/14/2025) |
| 02/13/2025 | 835 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by First American Exchange Company, LLC (Related Doc # 815) (rba) (Entered: 02/14/2025) |
| 02/14/2025 | 819 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 820 (33 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: |

| | | |
|---|---|---|
| | | # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 821 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 822 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 823 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 824 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 825 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 826 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 834 (3 pgs) | Statement of Non-Opposition *of Debtors to Santander Consumer USA Inc. dba Chrysler Capital's Motion for Relief from the Automatic Stay* (RE: related document(s)684 Motion for Relief From Stay). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 836 (3 pgs) | Statement of *Debtors' Reservation of Rights Regarding Interdebtor Claims and Interests* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 837 (211 pgs; 3 docs) | Interim Application for Compensation *First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024, through December 31, 2024* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $935,381.50, Expenses: $7,683.83. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 838 (227 pgs; 9 docs) | Brief/Memorandum in Opposition to *Debtors Motion For Order Authorizing The Use Of Cash Collateral (Third Party Borrowers)* (RE: related document(s)694 Motion to Use Cash Collateral). Filed by Creditor Nationstar Mortgage LLC (Attachments: # 1 Exhibit Note and Mortgage Araquipa # 2 Exhibit Note and Mortgage Missie # 3 Exhibit |

| | | |
|---|---|---|
| | | Note and Mortgage 1173 # 4 Exhibit Note and Mortgage Arleta # 5 Exhibit Note and Mortgage James # 6 Exhibit Note and Mortgage Arleta # 7 Exhibit Note and Mortgage Sorrell # 8 Exhibit Note and Mortgage 5537) (Garan, Todd)Modified on 2/18/2025 (klr). (Entered: 02/14/2025) |
| 02/14/2025 | 839 (5 pgs; 2 docs) | Declaration of David A. Taylor in Support of *First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024, through December 31, 2024* (RE: related document(s)837 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas)Modified on 2/18/2025 (klr). (Entered: 02/14/2025) |
| 02/14/2025 | 840 (37 pgs; 3 docs) | Interim Application for Compensation *First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, through December 31, 2024* for Donald S. Davidson, Special Counsel, Fee: $38,088.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 841 (3 pgs) | Declaration of Donald S. Davidson in Support of *First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, through December 31, 2024* (RE: related document(s)840 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas)Modified on 2/18/2025 (klr). (Entered: 02/14/2025) |
| 02/14/2025 | 842 (43 pgs; 3 docs) | Interim Application for Compensation *First Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024 through December 31, 2024* for Kurtzman Carson Consultants, LLC dba Verita Global, Other Professional, Fee: $36,199.90, Expenses: $0.00. Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/14/2025 | 843 (6 pgs; 2 docs) | Notice Regarding *Letter to Investors by Debtors' Chief Restructuring Officer* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Letter to Investors) (Rupp, Thomas) (Entered: 02/14/2025) |
| 02/15/2025 | 846 (15 pgs) | Order Authorizing Employment of Marcus & Millichap as Real Estate Broker (Related Doc # 758) (rba) (Entered: 02/17/2025) |
| 02/15/2025 | 847 (348 pgs) | Order Authorizing Employment of Sotheby's International Realty as Real Estate Broker (Related Doc # 756) (rba) (Entered: 02/17/2025) |
| 02/17/2025 | 844 (8 pgs; 2 docs) | Ex Parte Motion to Continue Hearing On *Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)689 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 02/17/2025) |
| 02/17/2025 | 845 (2 pgs) | Declaration of Gabrielle L. Albert in Support of *Ex Parte Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Continuing Hearing on Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)844 Motion to Continue/Reschedule Hearing). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 02/17/2025) |
| 02/18/2025 | 848 (101 pgs; 2 docs) | Objection *Limited Objection and Reservation of Rights of Socotra Capital, Inc. to Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral* (RE: related document(s)808 Motion to Use Cash Collateral). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Exhibit A) (Cohen, Theodore) (Entered: 02/18/2025) |
| 02/18/2025 | 849 (2 pgs) | Certificate of Service (RE: related document(s)808Motion to Use Cash Collateral, 848 Objection). Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore)Modified on 2/18/2025 (klr). (Entered: 02/18/2025) |
| 02/18/2025 | 850 (136 pgs; 9 docs) | Interim Application for Compensation *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024* for Jason Rosell, Creditor Comm. Aty. Fee: $746,857.12, Expenses: $36,076.14. Filed by Attorney Jason Rosell (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Rosell, Jason) (Entered: 02/18/2025) |
| 02/18/2025 | 851 (3 pgs) | Declaration of Jason H. Rosell in Support of *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024* (RE: related document(s)850 Application for Compensation). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 02/18/2025) |
| 02/18/2025 | 852 (4 pgs) | Certificate of Service (RE: related document(s)850 Application for Compensation, 851 Declaration). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 02/18/2025) |
| 02/18/2025 | 853 (4 pgs) | Order Pursuant to B.L.R. 9006-1 Continuing Hearing on Motion of Debtors to Establish Procedures For Real Property Sales (Related Doc # 844) **Hearing scheduled for 2/28/2025 at 11:00 AM Oakland Room 215 - Novack for 689, .** (rba) (Entered: 02/18/2025) |
| 02/18/2025 | 854 (4 pgs) | Stipulation *Regarding Monley Hamlin, Inc.'s Motion for Relief From the Automatic Stay* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)650 Motion for Relief From Stay filed by Creditor Monley Hamlin Inc.). (Rupp, Thomas) (Entered: 02/18/2025) |
| 02/18/2025 | 855 (5 pgs) | Notice of Hearing (RE: related document(s)837 Interim Application for Compensation *First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024, through December 31, 2024* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $935,381.50, Expenses: |

$7,683.83. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 840 Interim Application for Compensation *First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, through December 31, 2024* for Donald S. Davidson, Special Counsel, Fee: $38,088.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B), 842 Interim Application for Compensation *First Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024 through December 31, 2024* for Kurtzman Carson Consultants, LLC dba Verita Global, Other Professional, Fee: $36,199.90, Expenses: $0.00. Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (Attachments: # 1 Exhibit A # 2 Exhibit B), 850 Interim Application for Compensation *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024* for Jason Rosell, Creditor Comm. Aty, Fee: $746,857.12, Expenses: $36,076.14. Filed by Attorney Jason Rosell (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H)). **Hearing scheduled for 3/14/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/18/2025)

| 02/19/2025 | 856 (1 pg) | Transcript Order Form regarding Hearing Date 2/19/2025 (RE: related document(s)650 Motion for Relief From Stay, 684 Motion for Relief From Stay, 808 Motion to Use Cash Collateral). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 857 (21 pgs; 2 docs) | Application to Employ CBRE, INC. as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 02/19/2025) |
| 02/19/2025 | 858 (36 pgs; 4 docs) | Declaration of Henry E. Bose, Jr. in Support of *Application of Debtors for Order Authorizing Employment of CBRE, INC. as Real Estate Broker* (RE: related document(s)857 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Albert, Gabrielle) (Entered: 02/19/2025) |
| 02/19/2025 | 859 (5 pgs) | Order Approving Stipulation Regarding Monley Hamlin, Inc.'s Motion for Relief from the Automatic Stay (RE: related document(s)650 Motion for Relief From Stay filed by Creditor Monley Hamlin Inc., 854 Stipulation Referring to Existing Document(s) filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 02/19/2025) |
| 02/19/2025 | | Hearing Held 2/19/2025 at 11:00 AM (RE: related document(s) 650 Motion for Relief from Stay Fee Amount $199,). **Minutes:** OFF CALENDAR. Order Approving Stipulation Regarding Monley Hamlin, Inc.'s Motion for Relief from the Automatic Stay signed before hearing. (rba) (Entered: 02/19/2025) |
| 02/19/2025 | | Hearing Held 2/19/2025 at 11:00 AM (RE: related document(s) 684 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Motion is |

| | | |
|---|---|---|
| | | granted. Mr. Mroczynski will submit the order. (rba) (Entered: 02/19/2025) |
| 02/19/2025 | | Hearing Continued (RE: related document(s) <u>808</u> Motion to Use Cash Collateral *Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital)*). **Minutes:** For the reasons stated on the record, the Motion to Use Cash Collateral is granted on an interim basis. The Court approves the use of cash collateral between now and **2/28/2025**. All excess cash shall maintain by the debtor in a segregated account subject for approval by the Court. Final hearing on Motion to Use Cash Collateral set for **02/28/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Mr. Keller to submit the order. Mr. Cohen and Mr. Rosell to sign off. Given the Motion to Use Cash Collateral is set for final hearing on **02/28/2025 at 11:00 AM in/via Oakland Room 215 - Novack.**, the parties may bring witnesses. By **2/26/2025**, parties shall file and serve witness, exhibit lists and exchange all exhibits that they intend to introduce into evidence (except those documents to be used solely for impeachment). The court will prepare the scheduling order. (rba) (Entered: 02/19/2025) |
| 02/19/2025 | <u>860</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>861</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>862</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>863</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>864</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>865</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>866</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | <u>867</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a |

CANB Live Database

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
|---|---|---|
| 02/19/2025 | 868 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 869 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 870 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 871 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 872 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 873 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 874 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 875 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 876 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 877 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 878 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 879 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 880 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 881 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 882 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 883 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 884 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 885 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 886 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 887 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 888 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 889 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 890<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 891<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 892<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 893<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 894<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 895<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 896<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 897<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 898<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 899<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 900<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 901 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 902 (30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 903 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 904 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/19/2025 | 905 (1 pg) | ))) The Audio File attached to the PDF includes several hearings. Court Date & Time [ 2/19/2025 11:00:04 AM ]. File Size [ 55126 KB ]. Run Time [ 00:57:25 ]. (admin). (Entered: 02/19/2025) |
| 02/19/2025 | 906 (2 pgs) | Certification of No Objection *Regarding Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)705 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/19/2025) |
| 02/20/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-856 Regarding Hearing Date: 2/19/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)856 Transcript Order Form (Public Request)). (jmb) (Entered: 02/20/2025) |
| 02/20/2025 | 907 | Acknowledgment of Request for Transcript Received on 2/20/2025. (RE: related document(s)856 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 02/20/2025) |
| 02/20/2025 | 908 (2 pgs) | Certificate of Service (RE: related document(s)694Motion to Use Cash Collateral, 838 Opposition Brief/Memorandum). Filed by Creditor Nationstar Mortgage LLC (Garan, Todd)Modified on 2/20/2025 (klr). (Entered: 02/20/2025) |
| 02/21/2025 | 909 (37 pgs; 3 docs) | Transcript regarding Hearing Held 2/19/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 2/28/2025. Redaction Request Due By 03/14/2025. Redacted Transcript |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1                    107/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 580 of 960

| | | Submission Due By 03/24/2025. Transcript access will be restricted through 05/22/2025. (Gottlieb, Jason) (Entered: 02/21/2025) |
|---|---|---|
| 02/21/2025 | 910 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/21/2025) |
| 02/21/2025 | 911 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/21/2025) |
| 02/21/2025 | 912 (1 pg) | Transcript Order Form regarding Hearing Date 2/21/2025 (RE: related document(s)705 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/21/2025) |
| 02/21/2025 | | Hearing Held 2/21/2025 at 11:00 AM (RE: related document(s) 705 Motion to Extend Time *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings*). **Minutes:** The Motion is granted. Mr. Rupp will submit the order. (rba) (Entered: 02/21/2025) |
| 02/21/2025 | 913 (2 pgs) | Reply *in Support of Motion for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers)* (RE: related document(s)694 Motion to Use Cash Collateral). Filed by Debtor LeFever Mattson, a California corporation (Keller, Tobias) (Entered: 02/21/2025) |
| 02/21/2025 | | Hearing Continued from 3/14/2025 at 11:00 AM to 3/21/2025 at 11:00 AM (RE: related document(s)850 Interim Application for Compensation *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024* for Jason Ro). **Hearing scheduled for 3/21/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 02/21/2025) |
| 02/21/2025 | 914 (18 pgs) | Motion to Appoint Examiner *UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1104(c) TO APPOINT A CHAPTER 11 EXAMINER OR, IN THE ALTERNATIVE, A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a), AND RESERVATION OF RIGHTS* Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 02/21/2025) |
| 02/21/2025 | 915 (2 pgs) | Notice of Hearing *ON UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1104(c) TO APPOINT A CHAPTER 11 EXAMINER OR, IN THE ALTERNATIVE, A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a), AND RESERVATION OF RIGHTS* (RE: related document(s)914 Motion to Appoint Examiner *UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1104(c) TO APPOINT A CHAPTER 11 EXAMINER OR, IN THE ALTERNATIVE, A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a), AND RESERVATION OF RIGHTS* Filed by U.S. Trustee Office of the U.S. Trustee / SR). **Hearing scheduled for 4/2/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 02/21/2025) |

| 02/21/2025 | 916 (12 pgs; 2 docs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 02/21/2025) |
|---|---|---|
| 02/21/2025 | 917 (5 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP* (RE: related document(s)916 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/21/2025) |
| 02/21/2025 | 918 (3 pgs) | Notice of Hearing *on Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP* (RE: related document(s)916 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 3/14/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/21/2025) |
| 02/21/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-912 Regarding Hearing Date: 2/21/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)912 Transcript Order Form (Public Request)). (rdr) (Entered: 02/21/2025) |
| 02/21/2025 | 919 (2 pgs) | Certificate of Service (RE: related document(s)914 Motion to Appoint Examiner, 915 Notice of Hearing). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 02/21/2025) |
| 02/21/2025 | 920 | Acknowledgment of Request for Transcript Received on 2/21/2025. (RE: related document(s)912 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 02/21/2025) |
| 02/21/2025 | 921 (14 pgs) | Certificate of Service *re: Documents Served on February 11, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)713 Chapter 11 Monthly Operating Report, 714 Chapter 11 Monthly Operating Report, 715 Chapter 11 Monthly Operating Report, 716 Chapter 11 Monthly Operating Report, 717 Chapter 11 Monthly Operating Report, 718 Chapter 11 Monthly Operating Report, 719 Chapter 11 Monthly Operating Report, 720 Chapter 11 Monthly Operating Report, 721 Chapter 11 Monthly Operating Report, 722 Chapter 11 Monthly Operating Report, 723 Chapter 11 Monthly Operating Report, 724 Chapter 11 Monthly Operating Report, 725 Chapter 11 Monthly Operating Report, 726 Chapter 11 Monthly Operating Report, 727 Chapter 11 Monthly Operating Report, 728 Chapter 11 Monthly Operating Report, 729 Chapter 11 Monthly Operating Report, 730 Chapter 11 Monthly Operating Report, 731 Chapter 11 Monthly Operating Report, 732 Chapter 11 Monthly Operating Report, 733 Chapter 11 Monthly Operating Report, 734 Chapter 11 Monthly Operating Report, 735 Chapter 11 Monthly Operating Report, 736 Chapter 11 Monthly Operating Report, 737 Chapter 11 Monthly Operating Report, 738 Chapter 11 Monthly Operating Report, 739 Chapter 11 Monthly Operating Report, 740 Chapter 11 Monthly Operating Report, 741 Chapter 11 Monthly Operating Report, 742 Chapter 11 Monthly |

| | | |
|---|---|---|
| | | Operating Report, 743 Chapter 11 Monthly Operating Report, 744 Chapter 11 Monthly Operating Report, 745 Chapter 11 Monthly Operating Report, 746 Chapter 11 Monthly Operating Report, 747 Chapter 11 Monthly Operating Report, 748 Chapter 11 Monthly Operating Report, 749 Chapter 11 Monthly Operating Report, 750 Chapter 11 Monthly Operating Report, 751 Chapter 11 Monthly Operating Report, 752 Chapter 11 Monthly Operating Report, 753 Chapter 11 Monthly Operating Report, 785 Order on Motion to Reject Lease or Executory Contract). (Gershbein, Evan) (Entered: 02/21/2025) |
| 02/21/2025 | 922 (10 pgs) | Certificate of Service re: Documents Served on February 12, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)808 Motion to Use Cash Collateral, 809 Declaration, 810 Motion to Shorten Time, 811 Declaration). (Gershbein, Evan) (Entered: 02/21/2025) |
| 02/21/2025 | 923 (9 pgs) | Certificate of Service re: 1) Application of Debtors for Order Authorizing Employment of CBRE, Inc. as Real Estate Broker; 2) Declaration of Henry E. Bose, Jr. in Support of Application of Debtors for Order Authorizing Employment of CBRE, Inc. as Real Estate Broker; and 3) Order Approving Stipulation Regarding Monley Hamlin, Inc.s Motion for Relief from the Automatic Stay Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)857 Application to Employ, 858 Declaration, 859 Order on Stipulation). (Gershbein, Evan) (Entered: 02/21/2025) |
| 02/21/2025 | 924 (1 pg) | The Audio File attached to the PDF includes several hearings. Court Date & Time [ 2/21/2025 11:00:04 AM ]. File Size [ 38429 KB ]. Run Time [ 00:40:02 ]. (admin). (Entered: 02/21/2025) |
| 02/23/2025 | 925 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 909 Transcript). Notice Date 02/23/2025. (Admin.) (Entered: 02/23/2025) |
| 02/24/2025 | 926 (12 pgs; 3 docs) | Transcript regarding Hearing Held 2/21/2025 RE: Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 3/3/2025. Redaction Request Due By 03/17/2025. Redacted Transcript Submission Due By 03/27/2025. Transcript access will be restricted through 05/27/2025. (Gottlieb, Jason) (Entered: 02/24/2025) |
| 02/24/2025 | 927 (3 pgs) | Order On Motion for Relief From The Automatic Stay (Related Doc # 684) (rba) (Entered: 02/24/2025) |
| 02/24/2025 | 928 (4 pgs) | Order Further Extending the Time to File Notices of Removal of Related Proceedings (Related Doc # 705) (rba) (Entered: 02/24/2025) |
| 02/24/2025 | 929 (5 pgs) | Interim Order Authorizing The Debtors to Use Cash Collateral (Socotra Capital) and Setting a Final Hearing (RE: related document(s)808 Motion to Use Cash Collateral filed by Debtor LeFever Mattson, a California corporation. **Final hearing on Motion to Use Cash Collateral set for 02/28/2025 at 11:00 AM in/via Oakland Room 215 - Novack**. (rba) (Entered: 02/24/2025) |

| | | |
|---|---|---|
| 02/24/2025 | 930<br>(12 pgs) | Certificate of Service re: *Documents Served on February 14, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)833 Order Granting Related Motion/Application, Order To Set Hearing, 834 Statement of Non-Opposition, 836 Statement, 837 Application for Compensation, 839 Declaration, 840 Application for Compensation, 841 Declaration, 842 Application for Compensation, 843 Notice). (Gershbein, Evan) (Entered: 02/24/2025) |
| 02/24/2025 | 931<br>(14 pgs) | Certificate of Service re: *Documents Served on or Before February 18, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)844 Motion to Continue/Reschedule Hearing, 845 Declaration, 846 Order on Application to Employ, 847 Order on Application to Employ, 853 Order on Motion to Continue/Reschedule Hearing, 854 Stipulation Referring to Existing Document(s), 855 Notice of Hearing). (Gershbein, Evan) (Entered: 02/24/2025) |
| 02/24/2025 | 932<br>(3 pgs) | Supplemental Certificate of Service re: *Order Granting Stipulation to Modify Automatic Stay to Correct Deed of Trust (Cornerstone Property)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)569 Order on Stipulation, 635 Certificate of Service). (Gershbein, Evan) (Entered: 02/24/2025) |
| 02/25/2025 | 933<br>(36 pgs; 2 docs) | Application to Employ KKG Inc. dba Coldwell Banker Kappel Gateway Realty as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 02/25/2025) |
| 02/25/2025 | 934<br>(11 pgs; 3 docs) | Declaration of Sarah McKendry in Support of *Application of Debtors for Order Authorizing Employment of KKG Inc. dba Coldwell Banker Kappel Gateway Realty as Real Estate Broker* (RE: related document(s)933 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle) (Entered: 02/25/2025) |
| 02/25/2025 | 935<br>(16 pgs) | Supplemental Certificate of Service re: *Notice of Bar Date and Procedures for Submitting (A) Investor Proofs of Interest and (B) Proofs of Claim; 2) Proof of Claim Form; and 3) Proof of Interest Form* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)459 Order on Motion to Set Last Day to File Proofs of Claim, 463 Notice). (Gershbein, Evan) (Entered: 02/25/2025) |
| 02/25/2025 | 936<br>(10 pgs) | Certificate of Service re: *Affidavit of Publication of Notice of Bar Date and Procedures for Submitting (A) Investor Proofs of Interest and (B) Proofs of Claim in The New York Times, The Sacramento Bee, and The Santa Rosa Press Democrat* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)459 Order on Motion to Set Last Day to File Proofs of Claim, 463 Notice). (Gershbein, Evan) (Entered: 02/25/2025) |
| 02/25/2025 | 937<br>(37 pgs; 2 docs) | Application to Employ The Lake Tahoe Brokerage Company, Inc. dba Tahoe Mountain Realty as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 02/25/2025) |
| 02/25/2025 | 938<br>(11 pgs; 3 docs) | Declaration of Jeff Brown in Support of *Application of Debtors for Order Authorizing Employment of The Lake Tahoe Brokerage Company, Inc. as* |

|  |  |  |
|---|---|---|
|  |  | *Real Estate Broker* (RE: related document(s)<u>937</u> Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Albert, Gabrielle) (Entered: 02/25/2025) |
| 02/25/2025 | <u>939</u><br>(16 pgs) | Certificate of Service re: *Documents Served on February 21, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>913</u> Reply, <u>916</u> Motion to Extend/Limit Exclusivity Period, <u>917</u> Declaration, <u>918</u> Notice of Hearing). (Gershbein, Evan) (Entered: 02/25/2025) |
| 02/26/2025 | <u>940</u><br>(7 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Law Office of Donald S. Davidson, P.C. [January 1, 2025, through January 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 02/26/2025) |
| 02/26/2025 | <u>941</u><br>(85 pgs; 3 docs) | Reply *in Support of Motion of Debtors to Establish Procedures for Real Property Sales* (RE: related document(s)<u>689</u> Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Albert, Gabrielle) (Entered: 02/26/2025) |
| 02/27/2025 | <u>942</u><br>(91 pgs; 3 docs) | Notice Regarding *Notice of Revised Proposed Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection (Socotra Capital, Inc.)* (RE: related document(s)<u>808</u> Motion to Use Cash Collateral *Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 02/27/2025) |
| 02/27/2025 | <u>943</u><br>(9 pgs) | Certificate of Service re: *1) Order Further Extending the Time to File Notices of Removal of Related Proceedings; and 2) Interim Order Authorizing the Debtors to Use Cash Collateral (Socotra Capital) and Setting a Final Hearing* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>928</u> Order on Motion to Extend Time, <u>929</u> Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 02/27/2025) |
| 02/27/2025 | <u>944</u><br>(10 pgs) | Certificate of Service re: *Documents Served on February 25, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>933</u> Application to Employ, <u>934</u> Declaration, <u>937</u> Application to Employ, <u>938</u> Declaration). (Gershbein, Evan) (Entered: 02/27/2025) |
| 02/28/2025 | <u>945</u><br>(116 pgs) | Certificate of Service re: *1) Motion of Debtors to Establish Procedures for Real Property Sales; 2) Declaration of Bradley D. Sharp in Support of Motion of Debtors to Establish Procedures for Real Property Sales; and 3) Notice of Hearing on Motion of Debtors to Establish Omnibus Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>689</u> Motion Miscellaneous Relief, <u>690</u> Declaration, <u>691</u> Notice of Hearing). (Gershbein, Evan) (Entered: 02/28/2025) |
| 02/28/2025 | <u>946</u><br>(1 pg) | Transcript Order Form regarding Hearing Date 2/28/2025 (RE: related document(s)<u>689</u> Motion Miscellaneous Relief, <u>694</u> Motion to Use Cash Collateral, <u>808</u> Motion to Use Cash Collateral). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/28/2025) |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 585 of 960

112/410

| | | |
|---|---|---|
| 02/28/2025 | 947<br>(16 pgs) | Certificate of Service *re: 1) Monthly Professional Fee Statement for Law Office of Donald S. Davidson, P.C. [January 1, 2025, Through January 31, 2025]; and 2) Reply in Support of Motion of Debtors to Establish Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)940 Statement, 941 Reply). (Gershbein, Evan) (Entered: 02/28/2025) |
| 02/28/2025 | | Hearing Held 2/28/2025 at 11:00 AM (RE: related document(s) 689 Motion of Debtors to Establish Procedures for Real Property Sales: The Motion is granted. Mr. Rupp will submit an updated revised form of order. 694 Motion to Use Cash Collateral Motion of Debtors for an Order Authorizing the Use of Cash Collateral (Third Party Borrowers): For the reasons stated on the record, The Motion is granted excluding Nationstar Mortgage. 808 Motion to Use Cash Collateral Motion of Debtors for Interim and Final Orders Authorizing the Use of Cash Collateral (Socotra Capital). The Parties have reached an agreement. The Motion is granted. Mr. Rupp will submit the order. (rba) (Entered: 02/28/2025) |
| 02/28/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-946 Regarding Hearing Date: 2/28/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)946 Transcript Order Form (Public Request)). (no) (Entered: 02/28/2025) |
| 02/28/2025 | 948 | Acknowledgment of Request for Transcript Received on 2/28/2025. (RE: related document(s)946 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 02/28/2025) |
| 02/28/2025 | 949<br>(3 pgs) | Statement of Non-Opposition *of Debtors to Ally Bank's Motion for Relief from the Automatic Stay* (RE: related document(s)763 Motion for Relief From Stay). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 02/28/2025) |
| 02/28/2025 | 950<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/28/2025) |
| 02/28/2025 | 951<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/28/2025) |
| 02/28/2025 | 952<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/28/2025) |
| 02/28/2025 | 953<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 02/28/2025) |
| 02/28/2025 | 954<br>(1 pg) |  The Audio File attached to the PDF includes several hearings. Court Date & Time [ 2/28/2025 11:00:06 AM ]. File Size [ 83502 KB ]. Run |

| | | Time [ 01:26:59 ]. (admin). (Entered: 02/28/2025) |
|---|---|---|
| 03/03/2025 | 955 (14 pgs) | Status Conference Statement *of Committee for March 7, 2025 Status Conference* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 03/03/2025) |
| 03/03/2025 | 956 (40 pgs; 3 docs) | Transcript regarding Hearing Held 2/28/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 3/10/2025. Redaction Request Due By 03/24/2025. Redacted Transcript Submission Due By 04/3/2025. Transcript access will be restricted through 06/2/2025. (Gottlieb, Jason) (Entered: 03/03/2025) |
| 03/03/2025 | 957 (12 pgs; 2 docs) | Motion for Relief from Stay Fee Amount $199, Filed by Creditor Citizens Business Bank (Attachments: # 1 RS Cover Sheet) (Simon, Jessica) (Entered: 03/03/2025) |
| 03/03/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A33724600, amount $199.00 (re: Doc# 957 Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 03/03/2025) |
| 03/03/2025 | 958 (80 pgs) | Declaration of Bruce D. Adams in in support of (RE: related document(s)957 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 03/03/2025) |
| 03/03/2025 | 959 (114 pgs) | Declaration of Appraiser Judson H. Cline in support of (RE: related document(s)957 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 03/03/2025) |
| 03/03/2025 | 960 (3 pgs) | Notice of Hearing (RE: related document(s)957 Motion for Relief from Stay Fee Amount $199, Filed by Creditor Citizens Business Bank (Attachments: # 1 RS Cover Sheet)). **Hearing scheduled for 4/4/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 03/03/2025) |
| 03/03/2025 | 961 (5 pgs) | Certificate of Service (RE: related document(s)957 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica). Related document(s) 958 Declaration filed by Creditor Citizens Business Bank, 959 Declaration filed by Creditor Citizens Business Bank, 960 Notice of Hearing filed by Creditor Citizens Business Bank. Modified on 3/4/2025 (dc). (Entered: 03/03/2025) |
| 03/03/2025 | 962 (858 pgs; 7 docs) | Application to Employ Compass California II, Inc. as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibits 1-7 to Exhibit A # 3 Exhibit 8-14 to Exhibit A # 4 Exhibits 15-18 to Exhibit A # 5 Exhibits 19-21 to Exhibit A # 6 Exhibit B) (Albert, Gabrielle) (Entered: 03/03/2025) |
| 03/03/2025 | 963 (11 pgs; 3 docs) | Declaration of Maurice Tegelaar in Support of *Application of Debtors for Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker* (RE: related document(s)962 Application to Employ). |

| | | Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle) (Entered: 03/03/2025) |
|---|---|---|
| 03/04/2025 | 964<br>(6 pgs; 2 docs) | Order Requiring Amendment To Submitted Order Establishing Omnibus Procedures for Real Property Sales (RE: related document(s)689 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 03/04/2025) |
| 03/04/2025 | 965<br>(12 pgs; 2 docs) | Status Conference Statement *Debtors' Status Conference Statement* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 03/04/2025) |
| 03/05/2025 | 966<br>(1 pg) | Transcript Order Form regarding Hearing Date 3/5/2025 (RE: related document(s)763 Motion for Relief From Stay). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/05/2025) |
| 03/05/2025 | | Hearing Held 3/5/2025 at 11:00 AM (RE: related document(s) 763 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Motion is granted. Ms. Wong will submit the order. (rba) (Entered: 03/05/2025) |
| 03/05/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-966 Regarding Hearing Date: 3/5/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)966 Transcript Order Form (Public Request)). (no) (Entered: 03/05/2025) |
| 03/05/2025 | 967 | Acknowledgment of Request for Transcript Received on 3/5/2025. (RE: related document(s)966 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 03/05/2025) |
| 03/05/2025 | 968<br>(69 pgs; 3 docs) | Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection (Socotra Capital, Inc.) (Related Doc # 808) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (rba) (Entered: 03/05/2025) |
| 03/05/2025 | 969<br>(17 pgs; 3 docs) | Order Authorizing Employment of CBRE, Inc. as Real Estate Broker (Related Doc # 857) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (rba) (Entered: 03/05/2025) |
| 03/05/2025 | 970<br>(4 pgs) | Order Authorizing the Debtors to Use Cash Collateral (Third Party Borrowers) (Related Doc # 694) (rba) (Entered: 03/05/2025) |
| 03/05/2025 | 971<br>(43 pgs; 5 docs) | Order Establishing Omnibus Procedures for Real Property Sales (Related Doc # 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba) (Entered: 03/05/2025) |
| 03/05/2025 | 972<br>(29 pgs; 2 docs) | Order Authorizing Employment of KKG Inc. dba Coldwell Banker Kappel Gateway Realty as Real Estate Broker (Related Doc # 933) (Attachments: # 1 Exhibit 1) (rba) (Entered: 03/05/2025) |
| 03/05/2025 | 973<br>(30 pgs; 2 docs) | Order Authorizing Employment of the Lake Tahoe Brokerage Company, Inc. as Real Estate Broker (Related Doc # 937) (Attachments: # 1 Exhibit 1) (rba) (Entered: 03/05/2025) |
| 03/05/2025 | 974<br>(3 pgs) | Request for Notice *Request For Special Notice And Courtesy Notices Of Electronic Filings* Filed by Interested Party KeyBank National |

| | | Association (Warrington, Gerrick) (Entered: 03/05/2025) |
|---|---|---|
| 03/05/2025 | 975 (3 pgs) | Request for Notice *Request For Special Notice And Courtesy Notices Of Electronic Filings* Filed by Interested Party KeyBank National Association (Gomez, Michael) (Entered: 03/05/2025) |
| 03/05/2025 | 976 (3 pgs) | Request for Notice *Request For Special Notice And Courtesy Notices Of Electronic Filings* Filed by Interested Party KeyBank National Association (Welin, Craig) (Entered: 03/05/2025) |
| 03/05/2025 | 977 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 956 Transcript). Notice Date 03/05/2025. (Admin.) (Entered: 03/05/2025) |
| 03/05/2025 | 978 (1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 3/5/2025 11:00:02 AM ]. File Size [ 22710 KB ]. Run Time [ 00:23:39 ]. (admin). (Entered: 03/05/2025) |
| 03/06/2025 | 979 (8 pgs; 3 docs) | Transcript regarding Hearing Held 3/5/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 3/13/2025. Redaction Request Due By 03/27/2025. Redacted Transcript Submission Due By 04/7/2025. Transcript access will be restricted through 06/4/2025. (Gottlieb, Jason) (Entered: 03/06/2025) |
| 03/06/2025 | 980 (2 pgs) | Stipulation, *TO REVISE BRIEFING SCHEDULE ON FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 13, 2024 THROUGH DECEMBER 31, 2024* Filed by U.S. Trustee Office of the U.S. Trustee / SR (RE: related document(s)850 Application for Compensation filed by Creditor Committee Official Committee of Unsecured Credtiors). (Day, Jared) (Entered: 03/06/2025) |
| 03/06/2025 | 981 (4 pgs) | Notice Regarding *STATEMENT AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE REGARDING FIRST INTERIM APPLICATIONS FOR COMPENSATION FILED BY ESTATE PROFESSIONALS FOR DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS* (RE: related document(s)837 Interim Application for Compensation *First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024, through December 31, 2024* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $935,381.50, Expenses: $7,683.83. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 840 Interim Application for Compensation *First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, through December 31, 2024* for Donald S. Davidson, Special Counsel, Fee: $38,088.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B)). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 03/06/2025) |

| | | |
|---|---|---|
| 03/06/2025 | 982<br>(1 pg) | Joinder (RE: related document(s)914 Motion to Appoint Examiner). Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Kelly, Thomas) (Entered: 03/06/2025) |
| 03/06/2025 | 983<br>(44 pgs) | Brief/Memorandum in Opposition to (RE: related document(s)916 Motion to Extend/Limit Exclusivity Period). Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Kelly, Thomas) (Entered: 03/06/2025) |
| 03/06/2025 | 984<br>(664 pgs; 5 docs) | Application to Employ NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibits 1-16 to Exhibit A # 3 Exhibits 17-26 to Exhibit A # 4 Exhibit B) (Albert, Gabrielle) (Entered: 03/06/2025) |
| 03/06/2025 | 985<br>(14 pgs; 4 docs) | Declaration of Thomas S. Phillips in Support of *Application of Debtors for Order Authorizing Employment of NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker* (RE: related document(s)984 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Albert, Gabrielle) (Entered: 03/06/2025) |
| 03/06/2025 | 986<br>(23 pgs) | Ex Parte Motion for 2004 Examination *of Home Tax Service of America, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Certificate of Service attached)* Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 03/06/2025) |
| 03/06/2025 | 987<br>(9 pgs) | Certificate of Service *re: Notice of Revised Proposed Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection (Socotra Capital, Inc.)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)942 Notice). (Gershbein, Evan) (Entered: 03/06/2025) |
| 03/06/2025 | 988<br>(9 pgs) | Certificate of Service *re: Debtors Statement of Non-Opposition to Ally Banks Motion for Relief from the Automatic Stay* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)949 Statement of Non-Opposition). (Gershbein, Evan) (Entered: 03/06/2025) |
| 03/06/2025 | 989<br>(10 pgs) | Certificate of Service *re: Documents Served on or Before March 4, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)962 Application to Employ, 963 Declaration, 964 Order, 965 Status Conference Statement). (Gershbein, Evan) (Entered: 03/06/2025) |
| 03/06/2025 | 990<br>(9 pgs) | BNC Certificate of Mailing (RE: related document(s) 964 Order). Notice Date 03/06/2025. (Admin.) (Entered: 03/06/2025) |
| 03/06/2025 | 991<br>(3 pgs) | Order Approving Stipulation to Revise Briefing Schedule on First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 Through December 31, 2024 (RE: related document(s)980 Stipulation for Miscellaneous Relief filed by U.S. Trustee Office of the U.S. Trustee / SR). (rba) (Entered: 03/07/2025) |

| 03/07/2025 | 992 (3 pgs) | Certificate of Service (RE: related document(s)763 Motion for Relief From Stay). Filed by Creditor Ally Bank (Wong, Jennifer) (Entered: 03/07/2025) |
| 03/07/2025 | 993 (2 pgs) | Notice Regarding *Notice of Fourth Virtual Town Hall Meeting Hosted by the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 03/07/2025) |
| 03/07/2025 | 994 (7 pgs) | Certificate of Service (RE: related document(s)993 Notice). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 03/07/2025) |
| 03/07/2025 | 995 (1 pg) | Transcript Order Form regarding Hearing Date 3/7/2025 (RE: related document(s)26 Order and Notice of Status Conference Chp 11). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/07/2025) |
| 03/07/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes:** Status Conference continued to **04/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Debtor shall file a Status Conference Report by **4/22/2025.** (rba) (Entered: 03/07/2025) |
| 03/07/2025 | 996 (11 pgs) | Brief/Memorandum in Opposition to *Motion to Extend Exclusivity Periods of Live Oak Investments, LP* (RE: related document(s)916 Motion to Extend/Limit Exclusivity Period). Filed by Creditor John L. Chase (Egan, Daniel) (Entered: 03/07/2025) |
| 03/07/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-995 Regarding Hearing Date: 3/7/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)995 Transcript Order Form (Public Request)). (myt) (Entered: 03/07/2025) |
| 03/07/2025 | 997 (43 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Fidelity National Title Company; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 03/07/2025) |
| 03/07/2025 | 998 (5 pgs) | Supporting Brief/Memorandum in support of *Trustee's Motion under 11 U.S.C. to Appoint a Chapter 11 Examiner* (RE: related document(s)914 Motion to Appoint Examiner). Filed by Creditor John L. Chase (Egan, Daniel) (Entered: 03/07/2025) |
| 03/07/2025 | 999 | Acknowledgment of Request for Transcript Received on 3/7/2025. (RE: related document(s)995 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 03/07/2025) |
| 03/07/2025 | 1000 (8 pgs) | Objection to Professional Fees - *Limited Objection to Applications for Compensation filed by Estate Professionals and Request for Appointment of Fee Examiner* (RE: related document(s)837 Application for Compensation, 840 Application for Compensation, 842 Application for |

| | | |
|---|---|---|
| | | Compensation, 850 Application for Compensation). Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 03/07/2025) |
| 03/07/2025 | 1001 (1 pg) | (((•))) The Audio File attached to the PDF includes several hearings. Court Date & Time [ 3/7/2025 11:00:02 AM ]. File Size [ 102300 KB ]. Run Time [ 01:46:34 ]. (admin). (Entered: 03/07/2025) |
| 03/08/2025 | 1003 (3 pgs) | Order on Ally Bank Motion for Relief from Automatic Stay (Related Doc # 763) (rba) (Entered: 03/10/2025) |
| 03/08/2025 | 1004 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Fidelity National Title Company (Related Doc # 997) (rba) (Entered: 03/10/2025) |
| 03/10/2025 | 1002 (27 pgs; 3 docs) | Transcript regarding Hearing Held 3/7/2025 RE: Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 3/17/2025. Redaction Request Due By 3/31/2025. Redacted Transcript Submission Due By 04/10/2025. Transcript access will be restricted through 06/9/2025. (Gottlieb, Jason) (Entered: 03/10/2025) |
| 03/10/2025 | 1005 (43 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Stewart Title of California, Inc. aka Stewart Title of Sacramento; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 03/10/2025) |
| 03/10/2025 | 1006 (43 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by First American Title Company; Declaration of Steve W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 03/10/2025) |
| 03/11/2025 | 1007 (3 pgs; 2 docs) | Order Setting Hearing on Ex Parte Application for Order Directing Production of Records of Home Tax Service of America, Inc. (RE: related document(s)986 Motion for Examination filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 3/14/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 03/11/2025) |
| 03/11/2025 | 1008 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of UnsecuredCreditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Stewart Title of California, Inc. Aka Stewart Title of Sacramento (Related Doc # 1005) (rba) (Entered: 03/11/2025) |
| 03/11/2025 | 1009 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule |

| | | |
|---|---|---|
| | | 2004 Authorizing Oral Examination of And Production of Documents by First American Title Company (Related Doc # 1006) (rba) (Entered: 03/11/2025) |
| 03/11/2025 | 1010 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)940 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/11/2025) |
| 03/11/2025 | 1011 (14 pgs) | Certificate of Service *re: Documents Served on March 5, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)968 Order on Motion to Use Cash Collateral, 969 Order on Application to Employ, 970 Order on Motion to Use Cash Collateral, 971 Order on Motion for Miscellaneous Relief, 972 Order on Application to Employ, 973 Order on Application to Employ). (Gershbein, Evan) (Entered: 03/11/2025) |
| 03/12/2025 | 1012 (5 pgs) | Reply *in Support of Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP* (RE: related document(s)916 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1013 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1014 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1015 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1016 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1017 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1018 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1019 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |

| 03/12/2025 | <u>1020</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| --- | --- | --- |
| 03/12/2025 | <u>1021</u><br>(17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1022</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1023</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1024</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1025</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1026</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1027</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1028</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1029</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1030</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |

| 03/12/2025 | <u>1031</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| --- | --- | --- |
| 03/12/2025 | <u>1032</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1033</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1034</u><br>(17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1035</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1036</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1037</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1038</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1039</u><br>(17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1040</u><br>(844 pgs; 22 docs) | Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker (Related Doc # <u>962</u>) (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 10 # <u>3</u> Exhibit 11 # <u>4</u> Exhibit 12 # <u>5</u> Exhibit 13 # <u>6</u> Exhibit 14 # <u>7</u> Exhibit 15 # <u>8</u> Exhibit 16 # <u>9</u> Exhibit 17 # <u>10</u> Exhibit 18 # <u>11</u> Exhibit 19 # <u>12</u> Exhibit 2 # <u>13</u> Exhibit 20 # <u>14</u> Exhibit 21 # <u>15</u> Exhibit 3 # <u>16</u> Exhibit 4 # <u>17</u> Exhibit 5 # <u>18</u> Exhibit 6 # <u>19</u> Exhibit 7 # <u>20</u> Exhibit 8 # <u>21</u> Exhibit 9) (rba) (Entered: 03/12/2025) |
| 03/12/2025 | <u>1041</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
|---|---|---|
| 03/12/2025 | 1042 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1043 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1044 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1045 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1046 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1047 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1048 (7 pgs) | Objection *and Reservation of Rights of The U.S. Trustee to First Interim Application of Pachulski Stang Ziehl & Jones for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024.* (RE: related document(s)850 Application for Compensation). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Shine, Phillip) (Entered: 03/12/2025) |
| 03/12/2025 | 1049 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1050 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1051 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1052 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
|---|---|---|
| 03/12/2025 | 1053 (28 pgs; 2 docs) | Declaration of Ianthe del Rosario in Support of *Objection and Reservation of Rights of The U.S. Trustee to First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance of Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024.* (RE: related document(s)1048 Objection). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Attachments: # 1 Exhibits 1 through 8) (Shine, Phillip). Related document(s) 850 Interim Application for Compensation *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024* for Jason Ro filed by Creditor Committee Official Committee of Unsecured Credtiors. Modified on 3/13/2025 (pw). (Entered: 03/12/2025) |
| 03/12/2025 | 1054 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1055 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1056 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1057 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1058 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1059 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1060 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1061 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1                                    124/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 597 of 960

CANB Live Database

| | | |
|---|---|---|
| 03/12/2025 | 1062<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1063<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1064<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1065<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1066<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1067<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/12/2025) |
| 03/12/2025 | 1068<br>(5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1002 Transcript). Notice Date 03/12/2025. (Admin.) (Entered: 03/12/2025) |
| 03/13/2025 | 1069<br>(2 pgs) | Joinder (RE: related document(s)916 Motion to Extend/Limit Exclusivity Period). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 03/13/2025) |
| 03/13/2025 | 1070<br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1007 Order To Set Hearing). Notice Date 03/13/2025. (Admin.) (Entered: 03/13/2025) |
| 03/13/2025 | 1077<br>(679 pgs; 28 docs) | Order Authorizing Employment of NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker (Related Doc # 984) (Attachments: # 1 Exhibit 1 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 2 # 13 Exhibit 20 # 14 Exhibit 21 # 15 Exhibit 22 # 16 Exhibit 23 # 17 Exhibit 24 # 18 Exhibit 25 # 19 Exhibit 26 # 20 Exhibit 27 # 21 Exhibit 3 # 22 Exhibit 4 # 23 Exhibit 5 # 24 Exhibit 6 # 25 Exhibit 7 # 26 Exhibit 8 # 27 Exhibit 9) (rba) (Entered: 03/14/2025) |
| 03/14/2025 | 1071<br>(2 pgs) | Request for Notice Filed by Creditor JPMorgan Chase Bank, National Association (Garan, Todd) (Entered: 03/14/2025) |
| 03/14/2025 | 1072<br>(1 pg) | Transcript Order Form regarding Hearing Date 3/14/2025 (RE: related document(s)837 Application for Compensation, 840 Application for Compensation, 842 Application for Compensation, 916 Motion to |

| | | |
|---|---|---|
| | | Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/14/2025) |
| 03/14/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1072 Regarding Hearing Date: 3/14/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1072 Transcript Order Form (Public Request)). (myt) (Entered: 03/14/2025) |
| 03/14/2025 | 1073 | Acknowledgment of Request for Transcript Received on 3/14/2025. (RE: related document(s)1072 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 03/14/2025) |
| 03/14/2025 | | Hearing Held 3/14/2025 at 11:00 AM (RE: related document(s) 837 Interim Application for Compensation First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024: The Interim Application for Compensation is **approved**. The court awards Keller Benvenutti Kim LLP in the amount of $920,505.75 in Fees and $7,586.15 in Expenses. Mr. Taylor to submit the order. Mr. Day to sign off. 840 Interim Application for Compensation First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses. Fee: $38,088.00, Expenses: $0.00. The court awards Law Office of Donald S. Davidson, P.C. in the amount of $36,183.60 in Fees and $0.00 in Expenses. Mr. Taylor to submit the order. Mr. Day to sign off.842 Interim Application for Compensation First Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses. Fee: $36,199.90, Expenses: $0.00. **Approved**. Mr. Taylor to submit the order. Mr. Day to sign off. 916 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP. - The matter is taken under submission. The exclusivity period is extended until the Court enter its decision on the motion. 986 Ex Parte Motion for 2004 Examination of Home Tax Service of America, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Certificate of Service attached). Mr. Bostick to submit the order. The Court will hold signing the order (until Wednesday, 3/19/25) pending submission of an Amended Order. (rba)Modified on 3/17/2025 (rba). (Entered: 03/14/2025) |
| 03/14/2025 | 1074 (8 pgs) | Supplemental Certificate of Service re: 1) Notice of Bar Date and Procedures for Submitting (A) Investor Proofs of Interest and (B) Proofs of Claim; and 2) Proof of Claim Form Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)463 Notice, 692 Certificate of Service). (Gershbein, Evan) (Entered: 03/14/2025) |
| 03/14/2025 | 1075 (3 pgs) | Supplemental Certificate of Service re: Order Continuing Hearing and Extending Certain Deadlines on DIP Financing Motion Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)525 Order on Motion to Continue/Reschedule Hearing, 565 Certificate of Service). (Gershbein, Evan) (Entered: 03/14/2025) |

| | | |
|---|---|---|
| 03/14/2025 | <u>1076</u><br>(3 pgs) | Supplemental Certificate of Service *re: Notice of Hearing on Motion of Debtors to Establish Omnibus Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>691</u> Notice of Hearing, <u>945</u> Certificate of Service). (Gershbein, Evan) (Entered: 03/14/2025) |
| 03/14/2025 | <u>1078</u><br>(1 pg) | 🔊 The Audio File attached to the PDF includes several hearings. Court Date & Time [ 3/14/2025 11:00:04 AM ]. File Size [ 14392 KB ]. Run Time [ 00:59:58 ]. (admin). (Entered: 03/15/2025) |
| 03/17/2025 | | Hearing Set On (RE: related document(s)<u>916</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP*) **Hearing scheduled for 3/21/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 03/17/2025) |
| 03/17/2025 | <u>1079</u><br>(57 pgs; 3 docs) | Transcript regarding Hearing Held 3/14/2025 RE: Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 3/24/2025. Redaction Request Due By 04/7/2025. Redacted Transcript Submission Due By 04/17/2025. Transcript access will be restricted through 06/16/2025. (Gottlieb, Jason) (Entered: 03/17/2025) |
| 03/17/2025 | <u>1080</u><br>(9 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Authorizing Employment of NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker; and 2) Declaration of Thomas S. Phillips in Support of Application of Debtors for Order Authorizing Employment of NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>984</u> Application to Employ, <u>985</u> Declaration). (Gershbein, Evan) (Entered: 03/17/2025) |
| 03/17/2025 | <u>1081</u><br>(3 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Monthly Professional Fee Statement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1010</u> Certification of No Objection). (Gershbein, Evan) (Entered: 03/17/2025) |
| 03/17/2025 | <u>1082</u><br>(14 pgs) | Certificate of Service *re: 1) Reply in Support of Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP; and 2) Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1012</u> Reply, <u>1040</u> Order on Application to Employ). (Gershbein, Evan). Related document(s) <u>916</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP* filed by Debtor LeFever Mattson, a California corporation. Modified on 3/18/2025 (jmb). (Entered: 03/17/2025) |
| 03/18/2025 | <u>1083</u><br>(2 pgs) | Notice of Appearance and Request for Notice by Dean G. Rallis Jr.. Filed by Creditor California-American Water Company (Rallis, Dean) |

| | | (Entered: 03/18/2025) |
|---|---|---|
| 03/19/2025 | <u>1084</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/19/2025) |
| 03/19/2025 | <u>1085</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/19/2025) |
| 03/19/2025 | <u>1086</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/19/2025) |
| 03/19/2025 | <u>1087</u><br>(51 pgs) | *Reply in Support of First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 Through December 31, 2024* (RE: related document(s)<u>850</u> Application for Compensation). Filed by Creditor Committee Pachulski Stang Ziehl & Jones LLP (Rosell, Jason) (Entered: 03/19/2025) |
| 03/19/2025 | <u>1088</u><br>(2 pgs) | Declaration of John D. Fiero in Support of *Reply in Support of First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 Through December 31, 2024* (RE: related document(s)<u>1087</u> Reply). Filed by Creditor Committee Pachulski Stang Ziehl & Jones LLP (Rosell, Jason) (Entered: 03/19/2025) |
| 03/19/2025 | <u>1089</u><br>(4 pgs) | Order Granting First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024, Through December 31, 2024 (Related Doc <u>837</u>). fees awarded: $920,505.75, expenses awarded: $7,586.15 for Keller Benvenutti Kim LLP (rba)Modified on 3/20/2025 (rba). (Entered: 03/19/2025) |
| 03/19/2025 | <u>1090</u><br>(3 pgs) | Order Granting First Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, Through December 31, 2024 (Related Doc # <u>842</u>). fees awarded: $36,199.90, expenses awarded: $0.00 for Kurtzman Carson Consultants, LLC dba Verita Global (rba) (Entered: 03/19/2025) |
| 03/19/2025 | <u>1091</u><br>(4 pgs) | Order Granting First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment Of Compensation and Reimbursement of Expenses for the Period September 12,2024, Through December 31,2024 (Related Doc # <u>840</u>). fees awarded: $36,183.60, expenses awarded: $0.00 for Donald S. Davidson (rba) (Entered: 03/19/2025) |

| | | |
|---|---|---|
| 03/19/2025 | 1092 (9 pgs) | Certificate of Service *re: Order Authorizing Employment of NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1077 Order on Application to Employ). (Gershbein, Evan) (Entered: 03/19/2025) |
| 03/19/2025 | 1093 (21 pgs) | Supplemental Declaration of Steven J. Fleming in support of *the Application of the Official Committee of Unsecured Creditors for Order Authorizing Employment and Retention of PwC US Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors* (RE: related document(s)792 Application to Employ, 793 Declaration). Filed by Creditor Committee Official Committee of Unsecured Creditiors (Wilson, Brooke) (Entered: 03/19/2025) |
| 03/19/2025 | 1094 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1079 Transcript). Notice Date 03/19/2025. (Admin.) (Entered: 03/19/2025) |
| 03/21/2025 | 1095 (1 pg) | Transcript Order Form regarding Hearing Date 3/21/2025 (RE: related document(s)850 Application for Compensation, 916 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/21/2025) |
| 03/21/2025 | | Hearing Held 3/21/2025 at 11:00 AM (RE: related document(s) 850 Interim Application for Compensation First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 through December 31, 2024. First Interim Application of Pachulski Stang Ziehl & Jones LLP approved subject to reductions discussed on the record. Mr. Fiero will submit the order. 916 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Motion of Debtors to Extend Plan Exclusive Periods of Live Oak Investments, LP). The Motion is granted. The court will prepare the order. (rba) Modified on 4/3/2025 (rba). (Entered: 03/21/2025) |
| 03/21/2025 | 1096 (52 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [January 1, 2025, through January 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 03/21/2025) |
| 03/21/2025 | 1097 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 3/21/2025 11:00:03 AM ]. File Size [ 5956 KB ]. Run Time [ 00:24:49 ]. (admin). (Entered: 03/22/2025) |
| 03/24/2025 | 1098 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1099 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1100 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
|---|---|---|
| 03/24/2025 | 1101 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1102 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1103 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1104 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1105 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1106 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1107 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1108 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1109 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1110 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1111 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
|---|---|---|
| 03/24/2025 | 1112 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1113 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1114 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1115 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1116 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1117 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1118 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1119 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1120 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1121 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1122 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1123</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1124</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1125</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1126</u><br>(17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1127</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1128</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1129</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1130</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1131</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1132</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | <u>1133</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
|---|---|---|
| 03/24/2025 | 1134 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1135 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1136 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1137 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1138 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1139 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1140 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1141 (30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1142 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1143 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1144 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
|---|---|---|
| 03/24/2025 | 1145 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1146 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1147 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1148 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1149 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1150 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/24/2025 | 1151 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/24/2025) |
| 03/25/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1095 Regarding Hearing Date: 3/21/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1095 Transcript Order Form (Public Request)). (pw) (Entered: 03/25/2025) |
| 03/25/2025 | 1152 | Acknowledgment of Request for Transcript Received on 3/25/2025. (RE: related document(s)1095 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 03/25/2025) |
| 03/25/2025 | 1153 (23 pgs; 3 docs) | Stipulation, for Use of Cash Collateral *(Nationstar Mortgage LLC d/b/a Mr. Cooper)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 03/25/2025) |
| 03/25/2025 | 1154 (4 pgs) | Certificate of Service *re: 1) Order Granting First Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period August 6, 2024, Through* |

| | | |
|---|---|---|
| | | *December 31, 2024; 2) Order Granting First Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, Through December 31, 2024; and 3) Order Granting First Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 12, 2024, Through December 31, 2024* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1089 Order on Application for Compensation, 1090 Order on Application for Compensation, 1091 Order on Application for Compensation). (Gershbein, Evan) (Entered: 03/25/2025) |
| 03/25/2025 | 1155 (3 pgs) | Certificate of Service *re: Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [January 1, 2025, Through January 31, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1096 Statement). (Gershbein, Evan) (Entered: 03/25/2025) |
| 03/26/2025 | 1156 (29 pgs; 3 docs) | Transcript regarding Hearing Held 3/21/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 4/2/2025. Redaction Request Due By 04/16/2025. Redacted Transcript Submission Due By 04/28/2025. Transcript access will be restricted through 06/24/2025. (Gottlieb, Jason) (Entered: 03/26/2025) |
| 03/26/2025 | 1157 (3 pgs) | Stipulation *Regarding Ex Parte Application of KS Mattson Partners, LP for Order Directing Production of Records of Home Tax Service of America, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)986 Motion for Examination filed by Interested Party KS Mattson Partners, LP). (Rupp, Thomas) (Entered: 03/26/2025) |
| 03/26/2025 | 1158 (67 pgs; 5 docs) | Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Albert, Gabrielle) (Entered: 03/26/2025) |
| 03/26/2025 | 1159 (7 pgs; 2 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* (RE: related document(s)1158 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 03/26/2025) |
| 03/26/2025 | 1160 (3 pgs) | Notice of Hearing *on Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* (RE: related document(s)1158 Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D)). **Hearing scheduled for 4/16/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 03/26/2025) |

| | | |
|---|---|---|
| 03/26/2025 | <u>1161</u><br>(20 pgs; 3 docs) | Motion *of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 03/26/2025) |
| 03/26/2025 | <u>1162</u><br>(6 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1161</u> Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/26/2025) |
| 03/26/2025 | <u>1163</u><br>(3 pgs) | Notice of Hearing *on Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1161</u> Motion *of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 4/16/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 03/26/2025) |
| 03/27/2025 | <u>1164</u><br>(9 pgs) | Certificate of Service *re: Stipulation for Use of Cash Collateral (Nationstar Mortgage LLC d/b/a Mr. Cooper)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1153</u> Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1165</u><br>(3 pgs; 2 docs) | Order Setting Hearing on Application of the Official Committee of Unsecured Creditors for Order Authorizing Employment And Retention of PwC US Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors (RE: related document(s)<u>792</u> Application to Employ filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 4/4/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1166</u><br>(4 pgs) | Order Approving Stipulation Regarding Ex Parte Application of KS Mattson Partners, LP for Order Directing Production of Records of Home Tax Service of America, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004 (RE: related document(s)<u>986</u> Motion for Examination filed by Interested Party KS Mattson Partners, LP, <u>1157</u> Stipulation Referring to Existing Document(s) filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1167</u><br>(16 pgs; 2 docs) | Second Stipulation, for Use of Cash Collateral *(Federal Home Loan Mortgage Corporation)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # <u>1</u> Exhibit 1) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1168</u><br>(42 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and* |

| | | |
|---|---|---|
| | | *Production of Documents by Timothy Lefever.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 03/27/2025) |
| 03/27/2025 | 1169 (3 pgs; 2 docs) | Order Setting Hearing on Stipulation for Use of Cash Collateral (Nationstar Mortgage LLC d/b/a/ Mr.Cooper) (RE: related document(s)1153 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 4/4/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 03/27/2025) |
| 03/27/2025 | 1170 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by Timothy LeFever (Related Doc # 1168) (rba) (Entered: 03/27/2025) |
| 03/27/2025 | 1171 (4 pgs) | Order Approving Second Stipulation for Use of Cash Collateral (Federal Home Loan Mortgage Corporation) (RE: related document(s)1167 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 03/27/2025) |
| 03/27/2025 | 1172 (22 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | 1173 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | 1174 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | 1175 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | 1176 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | 1177 (23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | 1178 (20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |

| | | |
|---|---|---|
| 03/27/2025 | <u>1179</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1180</u><br>(23 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1181</u><br>(24 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1182</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1183</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1184</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1185</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1186</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1187</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1188</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | <u>1189</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |

| | | |
|---|---|---|
| 03/27/2025 | **1190**<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/27/2025 | **1191**<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 03/27/2025) |
| 03/28/2025 | | Hearing Continued from 4/2/2025 at 11:00 AM to 4/4/2025 at 11:00 AM (RE: related document(s) 914 Motion to Appoint Examiner *UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1104(c) TO APPOINT A CHAPTER 11 EXAMINER OR, IN THE ALTERNATIVE, A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a), AND RESERVATION OF RIGHTS*. **Hearing scheduled for 04/04/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 03/28/2025) |
| 03/28/2025 | **1192**<br>(3 pgs) | Order Granting First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 13, 2024 Through December 31, 2024 (Related Doc # 850). fees awarded: $744,266.26, expenses awarded: $36,076.14 for Jason Rosell (rba) (Entered: 03/28/2025) |
| 03/28/2025 | **1193**<br>(10 pgs) | Certificate of Service *re: Documents Served on March 27, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1166 Order on Stipulation, 1167 Stipulation for Miscellaneous Relief, 1169 Order To Set Hearing, 1171 Order on Stipulation). (Gershbein, Evan) (Entered: 03/28/2025) |
| 03/28/2025 | **1194**<br>(29 pgs) | Document: *Letter Brief (Discovery Dispute Between Debtor Home Tax Services Inc. and KS Mattson Partners, LP Regarding Testimony Pursuant to Rule 2004)*. Filed by Debtor LeFever Mattson, a California corporation (Levinson Silveira, Dara) (Entered: 03/28/2025) |
| 03/28/2025 | **1195**<br>(14 pgs) | Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order* Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 03/28/2025) |
| 03/28/2025 | **1196**<br>(13 pgs) | Notice and Opportunity for Hearing *(Certificate of Service attached)* (RE: related document(s)1195 Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order* Filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 03/28/2025) |
| 03/28/2025 | **1197**<br>(5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1156 Transcript). Notice Date 03/28/2025. (Admin.) (Entered: 03/28/2025) |
| 03/29/2025 | **1198**<br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1165 Order To Set Hearing). Notice Date 03/29/2025. (Admin.) (Entered: 03/29/2025) |
| 03/29/2025 | **1199**<br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1169 Order To Set Hearing). Notice Date 03/29/2025. (Admin.) (Entered: 03/29/2025) |

| | | |
|---|---|---|
| 03/31/2025 | <u>1200</u><br>(11 pgs) | Notice Regarding *Errata (Certificate of Service attached)* (RE: related document(s)<u>1195</u> Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order* Filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 03/31/2025) |
| 03/31/2025 | <u>1201</u><br>(133 pgs; 3 docs) | Brief/Memorandum in Opposition to *Citizens Business Bank's Motion for Relief From the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, 94534]* (RE: related document(s)<u>957</u> Motion for Relief From Stay). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Albert, Gabrielle) (Entered: 03/31/2025) |
| 03/31/2025 | <u>1202</u><br>(12 pgs; 4 docs) | Declaration of Bradley D. Sharp in Support of *Debtors' Preliminary Opposition to Citizens Business Bank's Motion for Relief From the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, 94534]* (RE: related document(s)<u>1201</u> Opposition Brief/Memorandum). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Albert, Gabrielle). Related document(s) <u>957</u> Motion for Relief from Stay. Modified on 4/1/2025 (no). (Entered: 03/31/2025) |
| 03/31/2025 | <u>1203</u><br>(3 pgs) | Declaration of Mark Mason in Support of *Debtors' Preliminary Opposition to Citizens Business Bank's Motion for Relief From the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, 94534]* (RE: related document(s)<u>1201</u> Opposition Brief/Memorandum). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) <u>957</u> Motion for Relief from Stay. Modified on 4/1/2025 (no). (Entered: 03/31/2025) |
| 04/01/2025 | <u>1204</u><br>(47 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kenneth Mattson.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unscured Credtiors (Brown, Gillian) (Entered: 04/01/2025) |
| 04/01/2025 | <u>1205</u><br>(4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)<u>1096</u> Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 04/01/2025) |
| 04/01/2025 | <u>1206</u><br>(47 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Stacy Mattson.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unscured Credtiors (Brown, Gillian) (Entered: 04/01/2025) |
| 04/01/2025 | <u>1207</u><br>(48 pgs) | Ex Parte Motion for 2004 Examination *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by KS Mattson Partners, LP; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unscured Credtiors (Brown, Gillian) (Entered: 04/01/2025) |

| | | |
|---|---|---|
| 04/02/2025 | <u>1208</u><br>(29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1209</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1210</u><br>(30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1211</u><br>(30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1212</u><br>(34 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1213</u><br>(19 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1214</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1215</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1216</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1217</u><br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |
| 04/02/2025 | <u>1218</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/02/2025) |

| | | |
|---|---|---|
| 04/02/2025 | 1219<br>(9 pgs) | Certificate of Service *re: Letter to the Court by Dara L. Silveira re: Discovery Dispute Between Debtor Home Tax Services Inc. and KS Mattson Partners, LP Regarding Testimony Pursuant to Rule 2004* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1194 Document). (Gershbein, Evan) (Entered: 04/02/2025) |
| 04/03/2025 | | Hearing has been moved from 10:00 AM to 11:00 AM on 4/4/2025 (RE: related document(s) 957 Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 04/04/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 04/03/2025) |
| 04/03/2025 | 1220<br>(854 pgs; 7 docs) | Ex Parte Motion *Ex Parte Application of Debtors for Order Correcting Scrivener's Error in Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit 1 through 7 to Exhibit B # 4 Exhibit 8 through 14 to Exhibit B # 5 Exhibit 15 through 18 to Exhibit B # 6 Exhibit 19 through 21 to Exhibit B) (Albert, Gabrielle) (Entered: 04/03/2025) |
| 04/03/2025 | 1221<br>(3 pgs; 2 docs) | Order Granting Motion of Debtors to Extend Plan Exclusivity Periods of Live Oak Investments, LP (Related Doc # 916) (rba) (Entered: 04/03/2025) |
| 04/04/2025 | 1222<br>(6 pgs) | Stipulation, Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 04/04/2025) |
| 04/04/2025 | 1223<br>(1 pg) | Transcript Order Form regarding Hearing Date 4/4/2025 (RE: related document(s)792 Application to Employ, 914 Motion to Appoint Examiner, 957 Motion for Relief From Stay, 1153 Stipulation for Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 04/04/2025) |
| 04/04/2025 | | Hearing Held 4/4/2025 at 11:00 AM (RE: related document(s) 957 Motion for Relief from Stay Fee Amount $199,). **Minutes:** Matter taken under submission. (rba) (Entered: 04/04/2025) |
| 04/04/2025 | | Hearing Held 4/4/2025 at 11:00 AM (RE: related document(s) 792 Application to Employ PwC Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors: The Application is granted. Mr. Fiero will submit the order. 914 Motion to Appoint Examiner United States Trustee's Motion under 11 U.S.C. § 1104(c) to Appoint a Chapter 11 Examiner Or, in the Alternative, a Chapter 11 Trustee under 11 U.S.C. § 1104(a), and Reservation of Rights: For the reasons stated on the record, the Motion is denied. The court will prepare the order. 1153 Stipulation for Miscellaneous Relief: The Stipulation is approved subject to changes as stated on the record. Mr. Keller will submit the order. (rba) (Entered: 04/04/2025) |
| 04/04/2025 | 1224<br>(3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production of Documents by KS Mattson Partners, LP (Related Doc # 1207) (rba) (Entered: 04/04/2025) |

| | | |
|---|---|---|
| 04/04/2025 | 1225 (23 pgs; 3 docs) | Stipulation, for Use of Cash Collateral *(Nationstar Mortgage LLC d/b/a Mr. Cooper)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 04/04/2025) |
| 04/05/2025 | 1226 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1221 Order on Motion to Extend/Limit Exclusivity Period). Notice Date 04/05/2025. (Admin.) (Entered: 04/05/2025) |
| 04/07/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1223 Regarding Hearing Date: 4/4/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1223 Transcript Order Form (Public Request)). (jmb) (Entered: 04/07/2025) |
| 04/07/2025 | 1227 | Acknowledgment of Request for Transcript Received on 4/7/2025. (RE: related document(s)1223 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 04/07/2025) |
| 04/07/2025 | 1228 (7 pgs) | Objection - *Limited Objection to Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Rule 2004 Authorizing Oral Examination and Production of Documents by Stacy Mattson* (RE: related document(s)1206 Motion for Examination). Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 04/07/2025) |
| 04/07/2025 | 1229 (10 pgs) | Objection - *Limited Objection to Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Rule 2004 Authorizing Oral Examination and Production of Documents by Kenneth Mattson* (RE: related document(s)1204 Motion for Examination). Filed by Interested Party KS Mattson Partners, LP (Bostick, Mark) (Entered: 04/07/2025) |
| 04/07/2025 | 1230 (9 pgs) | Certificate of Service *re: 1) Ex Parte Application of Debtors for Order Correcting Scriveners Error in Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker; and 2) Order Granting Motion of Debtors to Extend Plan Exclusivity Periods of Live Oak Investments, LP* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1220 Motion Miscellaneous Relief, 1221 Order on Motion to Extend/Limit Exclusivity Period). (Gershbein, Evan) (Entered: 04/07/2025) |
| 04/07/2025 | 1231 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 4/4/2025 11:00:02 AM ]. File Size [ 16312 KB ]. Run Time [ 01:07:58 ]. (admin). (Entered: 04/07/2025) |
| 04/08/2025 | 1232 (67 pgs; 3 docs) | Transcript regarding Hearing Held 4/4/2025 RE: Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 4/15/2025. Redaction Request Due By 04/29/2025. Redacted Transcript Submission Due By 05/9/2025. Transcript access will be restricted through 07/7/2025. (Gottlieb, Jason) (Entered: 04/08/2025) |

| | | |
|---|---|---|
| 04/08/2025 | <u>1233</u><br>(3 pgs; 2 docs) | Order Denying United States Trustees Motion Under 11 U.S.C. § 1104(c) To Appoint A Chapter 11 Examiner Or, In The Alternative, A Chapter 11 Trustee Under 11 U.S.C. §1104(a), And Reservation Of Rights (Related Doc # <u>914</u>) (rs) (Entered: 04/08/2025) |
| 04/08/2025 | <u>1234</u><br>(5 pgs) | Order Authorizing Employment And Retention Of PwC Us Business Advisory LLP As Financial Advisor To The Official Committee Of Unsecured Creditors (Related Doc <u>792</u>) (rs) DEFECTIVE ENTRY: Clerk docketed in error. Please refer to Docket Entry #1235. Modified on 4/9/2025 (rs). (Entered: 04/08/2025) |
| 04/08/2025 | <u>1235</u><br>(5 pgs) | Order Authorizing Employment And Retention Of PwC US Business Advisory LLP As Financial Advisor To The Official Committee Of Unsecured Creditors (Related Doc <u>792</u>) (rs). Modified on 4/8/2025 (rs).Modified on 4/9/2025 (rs). (Entered: 04/08/2025) |
| 04/08/2025 | <u>1236</u><br>(10 pgs) | Certificate of Service *re: 1) Debtors Preliminary Opposition to Citizens Business Banks Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, 94534]; 2) Declaration of Bradley D. Sharp in Support of Debtors Preliminary Opposition to Citizens Business Banks Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, 94534]; and 3) Declaration of Mark Mason in Support of Debtors Preliminary Opposition to Citizens Business Banks Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, 94534]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1201</u> Opposition Brief/Memorandum, <u>1202</u> Declaration, <u>1203</u> Declaration). (Gershbein, Evan) (Entered: 04/08/2025) |
| 04/08/2025 | <u>1237</u><br>(3 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Monthly Professional Fee Statement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1205</u> Certification of No Objection). (Gershbein, Evan) (Entered: 04/08/2025) |
| 04/08/2025 | <u>1238</u><br>(3 pgs) | Order Correcting Scriveners Error In Order Authorizing Employment Of Compass California Ii, Inc. As Real Estate Broker (Related Doc # <u>1220</u>) (rs) (Entered: 04/08/2025) |
| 04/08/2025 | <u>1239</u><br>(3 pgs) | Order Granting The Stipulation Granting The Official Committee Of Unsecured Creditors Standing To Pursue Certain Estate Causes Of Action (RE: related document(s)<u>1222</u> Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Creditors. (rs) (Entered: 04/08/2025) |
| 04/08/2025 | <u>1240</u><br>(4 pgs) | Order Approving Cash Collateral Stipulation (Nationstar Mortgage LLC D/B/A Mr. Cooper) (RE: related document(s)<u>1225</u> Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rs) (Entered: 04/08/2025) |
| 04/09/2025 | <u>1241</u><br>(2 pgs) | Stipulation *to Set Briefing Schedule on Ex Parte Applications of the Official Committee of Unsecured Creditors for Entry of Orders Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kenneth Mattson and Stacy Mattson* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)<u>1204</u> Motion for Examination filed by Creditor |

| | | |
|---|---|---|
| | | Committee Official Committee of Unsecured Credtiors, <u>1206</u> Motion for Examination filed by Creditor Committee Official Committee of Unsecured Credtiors). (Wilson, Brooke) (Entered: 04/09/2025) |
| 04/09/2025 | <u>1242</u><br>(31 pgs) | Objection *Socotra Capital, Inc.'s Limited Objection and Reservation of Rights with Respect to Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Capital)* (RE: related document(s)<u>1158</u> Motion Miscellaneous Relief. Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 04/09/2025) |
| 04/09/2025 | <u>1243</u><br>(2 pgs) | Response *Socotra Capital, Inc.'s Response and Reservation of Rights with Respect to Motion of Debtors For Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1161</u> Motion Miscellaneous Relief. Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore) (Entered: 04/09/2025) |
| 04/09/2025 | <u>1244</u><br>(2 pgs) | Objection *Socotra Capital, Inc.'s Evidentiary Objections to Declaration of Bradley D. Sharp In Support of Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* (RE: related document(s)<u>1159</u> Declaration). Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore). Related document(s) <u>1158</u> Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* filed by Debtor LeFever Mattson, a California corporation. Modified on 4/9/2025 (pw). (Entered: 04/09/2025) |
| 04/09/2025 | <u>1245</u><br>(5 pgs) | Certificate of Service (RE: related document(s)<u>1242</u> Objection, <u>1244</u> Objection). Filed by Creditor Socotra Capital, Inc. (Cohen, Theodore). Related document(s) <u>1158</u> Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* filed by Debtor LeFever Mattson, a California corporation, <u>1159</u> Declaration filed by Debtor LeFever Mattson, a California corporation, <u>1161</u> Motion *of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* filed by Debtor LeFever Mattson, a California corporation, <u>1243</u> Response filed by Creditor Socotra Capital, Inc.. Modified on 4/10/2025 (pw). (Entered: 04/09/2025) |
| 04/09/2025 | <u>1246</u><br>(7 pgs) | Reply */ Response to Objections to Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by (1) Kenneth Mattson; and (2) Stacy Mattson* (RE: related document(s)<u>1204</u> Motion for Examination, <u>1206</u> Motion for Examination, <u>1228</u> Objection, <u>1229</u> Objection). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 04/09/2025) |
| 04/09/2025 | <u>1247</u><br>(4 pgs) | Certificate of Service (RE: related document(s)<u>1246</u> Reply). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 04/09/2025) |
| 04/09/2025 | <u>1248</u><br>(9 pgs) | Certificate of Service *re: 1) Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action; and 2) Stipulation for Use of Cash Collateral (Nationstar Mortgage LLC d/b/a Mr. Cooper)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1222</u> |

| | | Stipulation for Miscellaneous Relief, 1225 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 04/09/2025) |
|---|---|---|
| 04/09/2025 | 1253 (843 pgs; 22 docs) | Amended Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker (RE: related document(s)1040 Order on Application to Employ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 2 # 13 Exhibit 20 # 14 Exhibit 21 # 15 Exhibit 3 # 16 Exhibit 4 # 17 Exhibit 5 # 18 Exhibit 6 # 19 Exhibit 7 # 20 Exhibit 8 # 21 Exhibit 9) (rba) (Entered: 04/10/2025) |
| 04/09/2025 | 1254 (7 pgs; 3 docs) | Order Re Motion for Relief From Stay (Related Doc # 957) (rba) (Entered: 04/10/2025) |
| 04/10/2025 | 1249 (7 pgs; 2 docs) | Document: *Letter Brief re Discovery Dispute Between Debtor Home Tax Services Inc. and KS Mattson Partners, LP Regarding Testimony Pursuant to Rule 2004*. (RE: related document(s)1194 Document). Filed by Interested Party KS Mattson Partners, LP (Attachments: # 1 Certificate of Service) (Bostick, Mark) (Entered: 04/10/2025) |
| 04/10/2025 | 1250 (12 pgs; 2 docs) | Application to Employ Marcus & Millichap Real Estate Investment Services, Inc. as Real Estate Broker *Application of Debtors for Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 04/10/2025) |
| 04/10/2025 | 1251 (56 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [February 1, 2025, through February 28, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/10/2025) |
| 04/10/2025 | 1252 (11 pgs; 3 docs) | Notice Regarding *Revised Proposed Order (I) Authorizing Certain Debtors to Enter into Post-petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)1161 Motion *of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Rupp, Thomas) (Entered: 04/10/2025) |
| 04/10/2025 | 1255 (3 pgs) | Order Setting Hearing on Discovery Dispute Regarding the Ex Parte Application for Order Directing Production of Records of Home Tax Service of America, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004 (RE: related document(s)986 Motion for Examination filed by Interested Party KS Mattson Partners, LP, 1194 Document filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 4/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 04/10/2025) |
| 04/10/2025 | 1256 (3 pgs) | Order Approving Stipulation to Set Briefing Schedule on Ex Parte Applications of the Official Committee of Unsecured Creditors for Entry of Orders Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kenneth Mattson and Stacy Mattson (RE: related document(s)1204 Ex Parte Application of |

| | | |
|---|---|---|
| | | the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kenneth Mattson, 1206 Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Stacy Mattson, 1241 Stipulation Referring to Existing Document(s) filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 4/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) Modified on 4/10/2025 (rba). (Entered: 04/10/2025) |
| 04/10/2025 | 1257 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1232 Transcript). Notice Date 04/10/2025. (Admin.) (Entered: 04/10/2025) |
| 04/10/2025 | 1258 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1233 Order on Motion to Appoint Examiner). Notice Date 04/10/2025. (Admin.) (Entered: 04/10/2025) |
| 04/11/2025 | 1259 (3 pgs) | Notice of Appearance and Request for Notice by Anthony O. Egbase. Filed by Creditor Kyle Douglass Driver, Attorneys A.O.E. Law & Associates, APC, Anthony Egbase (Egbase, Anthony) (Entered: 04/11/2025) |
| 04/13/2025 | 1260 (9 pgs) | BNC Certificate of Mailing (RE: related document(s) 1254 Order on Motion for Relief From Stay). Notice Date 04/13/2025. (Admin.) (Entered: 04/13/2025) |
| 04/14/2025 | 1261 (4 pgs) | Stipulation to Continue Hearing *on (A) Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral); and (B) Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1158 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation, 1161 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (Albert, Gabrielle) (Entered: 04/14/2025) |
| 04/14/2025 | 1262 (4 pgs) | Order Continuing Hearings On (A) Motion Of Debtors To Establish Procedures For Real Property Sales (Socotra Collateral); And (B) Motion Of Debtors For Order (I) Authorizing Certain Debtors To Enter Into Post-Petition Intercompany Agreement With Pineapple Bear; (II) Granting Administrative Expense Claims; And (III) Granting Related Relief (RE: related document(s)1158 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation, 1161 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation, 1261 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 4/18/2025 at 11:00 AM Oakland Room 215 - Novack for 1158, Hearing scheduled for 4/18/2025 at 11:00 AM Oakland Room 215 - Novack for 1161, . (rba) (Entered: 04/14/2025)** |
| 04/15/2025 | 1263 (34 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/15/2025) |

| 04/15/2025 | 1264 (35 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/15/2025) |
| --- | --- | --- |
| 04/15/2025 | 1265 (41 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/15/2025) |
| 04/15/2025 | 1266 (30 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for SSL Law Firm LLP [January 1, 2025, through January 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/15/2025) |
| 04/15/2025 | 1267 (47 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for SSL Law Firm LLP [February 1, 2025, through February 28, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/15/2025) |
| 04/15/2025 | 1268 (273 pgs; 2 docs) | Joint Brief/Memorandum in Opposition to *Application to Designate Creditor KS Mattson Partners, LP as a Permitted Party under the Courts 12/13/24 Order* (RE: related document(s)1195 Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Sharp Declaration) (Levinson Silveira, Dara) (Entered: 04/15/2025) |
| 04/15/2025 | 1269 (145 pgs) | Certificate of Service *re: Documents Served on March 26, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1157 Stipulation Referring to Existing Document(s), 1158 Motion Miscellaneous Relief, 1159 Declaration, 1160 Notice of Hearing, 1161 Motion Miscellaneous Relief, 1162 Declaration, 1163 Notice of Hearing). (Gershbein, Evan) (Entered: 04/15/2025) |
| 04/15/2025 | 1270 (9 pgs) | Certificate of Service *re: 1) Order Correcting Scriveners Error in Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker; and 2) Order Approving Cash Collateral Stipulation (Nationstar Mortgage LLC d/b/a Mr. Cooper)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1238 Order on Motion for Miscellaneous Relief, 1240 Order on Stipulation). (Gershbein, Evan) (Entered: 04/15/2025) |
| 04/15/2025 | 1271 (12 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker; 2) Notice of Revised Proposed Order (I) Authorizing Certain Debtors to Enter Into Post- Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief; and 3) Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [February 1, 2025, Through February 28, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1250 Application to Employ, 1251 Statement, 1252 Notice). (Gershbein, Evan) (Entered: 04/15/2025) |
| 04/15/2025 | 1272 (9 pgs) | Certificate of Service *re: Amended Order Authorizing Employment of Compass California II, Inc. as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related |

| | | |
|---|---|---|
| | | document(s)1253 Amended Order). (Gershbein, Evan) (Entered: 04/15/2025) |
| 04/15/2025 | 1273 (16 pgs; 6 docs) | Document: *Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtors' Estate Holds a Substantial or Controlling Interest.* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A-1 List of Assets and Liabilities # 2 Exhibit A-2 Harrow Cellars # 3 Exhibit A-2 Pineapple Bear # 4 Exhibit A-3 Harrow Cellars # 5 Exhibit A-3 Pineapple Bear) (Rupp, Thomas) (Entered: 04/15/2025) |
| 04/16/2025 | 1274 (34 pgs; 2 docs) | Application to Employ NRT West, Inc. (DBA Coldwell Banker Realty) as Real Estate Broker *Application of Debtors for Order Amending Scope of Employment of NRT West, Inc. (DBA Coldwell Banker Realty) as Real Estate Broker* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 04/16/2025) |
| 04/16/2025 | 1275 (10 pgs) | Certificate of Service *re: 1) Stipulation to Continue Hearings on (A) Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral); and (B) Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief; and 2) Order Continuing Hearings on (A) Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral); and (B) Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1261 Stipulation to Continue Hearing, 1262 Order on Stipulation, Order to Continued Hearing). (Gershbein, Evan) (Entered: 04/16/2025) |
| 04/16/2025 | 1276 (3 pgs) | Stipulation to Continue Hearing *re Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1158 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 4/25/2025 at 11:00 AM Oakland Room 215 - Novack for 1158,.** (Albert, Gabrielle) (Entered: 04/16/2025) |
| 04/16/2025 | 1277 (2 pgs) | Notice Regarding *Errata in Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)1161 Motion *of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 04/16/2025) |
| 04/16/2025 | 1278 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 4/16/2025 11:00:00 AM ]. File Size [ 40 KB ]. Run Time [ 00:00:10 ]. (admin). (Entered: 04/16/2025) |

| 04/17/2025 | <u>1279</u><br>(3 pgs) | Notice of Change of Address *(Firm Name Only)*. (Bostick, Mark) (Entered: 04/17/2025) |
|---|---|---|
| 04/17/2025 | <u>1280</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1281</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1282</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1283</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1284</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1285</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1286</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1287</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1288</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1289</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | <u>1290</u><br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
|---|---|---|
| 04/17/2025 | 1291 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1292 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1293 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1294 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1295 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1296 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1297 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1298 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1299 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1300 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1301 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1302<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1303<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1304<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1305<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1306<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1307<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1308<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1309<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1310<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1311<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1312<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
|---|---|---|
| 04/17/2025 | 1313 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1314 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1315 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1316 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1317 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1318 (17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1319 (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1320 (32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1321 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1322 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1323 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a |

CANB Live Database

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
|---|---|---|
| 04/17/2025 | 1324 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1325 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1326 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1327 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1328 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1329 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1330 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1331 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1332 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1333 (14 pgs) | Certificate of Service re: Documents Served on April 15, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1266 Statement, 1267 Statement, 1268 Opposition Brief/Memorandum, 1273 Document). (Gershbein, Evan) (Entered: 04/17/2025) |
| 04/17/2025 | 1334 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
|---|---|---|
| 04/17/2025 | 1335 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1336 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1337 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1338 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1339 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/17/2025) |
| 04/17/2025 | 1340 (10 pgs) | Reply *in Support of Application to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order* (RE: related document(s)1195 Motion Miscellaneous Relief, 1196 Opportunity for Hearing, 1268 Opposition Brief/Memorandum). Filed by Interested Party KS Mattson Partners, LP (Hill, James) (Entered: 04/17/2025) |
| 04/17/2025 | 1341 (4 pgs) | Order Further Continuing Hearing on Motion of Debtors To Establish Procedures for Real Property Sales (Socotra Collateral) (RE: related document(s)1158 Motion Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation, 1276 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 4/25/2025 at 11:00 AM Oakland Room 215 - Novack**. (rba) (Entered: 04/18/2025) |
| 04/17/2025 | 1342 (7 pgs; 2 docs) | Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker (RE: related document(s)846 Order on Application to Employ). (Attachments: # 1 Exhibit 1), 1250 Application of Debtors for Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker). (rba) (Entered: 04/18/2025) |
| 04/18/2025 | 1343 (1 pg) | Transcript Order Form regarding Hearing Date 4/18/2025 (RE: related document(s)1158 Motion Miscellaneous Relief, 1161 Motion Miscellaneous Relief, 1194 Document, 1204 Motion for Examination, 1206 Motion for Examination). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 04/18/2025) |
| 04/18/2025 | | Hearing Continued from 4/18/2025 at 11:00 AM to 4/25/2025 at 11:00 AM by Stipulation. Order entered 4/17/2025, docket #1341. (RE: related |

| | | |
|---|---|---|
| | | document(s) 1158 Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)*). **Hearing continued to 04/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 04/18/2025) |
| 04/18/2025 | | Hearing Held 4/18/2025 at 11:00 AM (RE: related document(s) 1161 Motion *of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief)*. **Minutes:** The Motion is granted. Mr. Rupp will submit the order. (rba) (Entered: 04/18/2025) |
| 04/18/2025 | | Hearing Held 4/18/2025 at 11:00 AM (RE: related document(s) 1204 Ex Parte Motion for 2004 Examination Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kenneth Mattson.; Declaration, 1206 Ex Parte Motion for 2004 Examination Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Stacy Mattson.; Declarat). **Minutes:** For the reasons stated on the record, the Official Committee of Unsecured Creditors' Ex Parte Motions for 2004 Examination by Kenneth Mattson and Stacy Mattson are granted. Mr. Golden will submit the order. Mr. Bostick and Ms. Fairbank to sign off on the order. (rba) (Entered: 04/18/2025) |
| 04/18/2025 | | Hearing Held 4/18/2025 at 11:00 AM (RE: related document(s) 986 Ex Parte Motion for 2004 Examination *of Home Tax Service of America, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Certificate of Service attached)*, 1194 Document). **Minutes:** For the reasons stated on the record, the Court orders that KS Mattson Partners, LP shall set a date, time and location of the examination. The examination is limited for seven hours. Should there be dispute during examination, the parties are directed to call chambers, and the court will set a hearing promptly by Zoom. Mr. Bostick will submit the order. Ms. Silveira to sign off on the order. (rba) (Entered: 04/18/2025) |
| 04/18/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1343 Regarding Hearing Date: 4/18/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1343 Transcript Order Form (Public Request)). (dc) (Entered: 04/18/2025) |
| 04/18/2025 | 1344 (194 pgs; 5 docs) | Statement of Monthly Fees and Expenses *for Development Specialists, Inc. [September 12, 2024, through December 31, 2024]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Rupp, Thomas) (Entered: 04/18/2025) |
| 04/18/2025 | 1345 (9 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Amending Scope of Employment of NRT West, Inc. (dba Coldwell Banker Realty) as Real Estate Broker; and 2) Stipulation to Further Continue Hearing on Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1274 Application to Employ, 1276 Stipulation to Continue Hearing). (Gershbein, Evan) (Entered: 04/18/2025) |

| Date | Document | Description |
|---|---|---|
| 04/18/2025 | 1346 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 4/18/2025 11:00:08 AM ]. File Size [ 19423 KB ]. Run Time [ 00:40:28 ]. (admin). (Entered: 04/18/2025) |
| 04/21/2025 | 1347 | Acknowledgment of Request for Transcript Received on 4/18/2025. (RE: related document(s)1343 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 04/21/2025) |
| 04/21/2025 | 1348 (4 pgs) | Order (I) Authorizing Certain Debtors to Enter into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; And (III) Granting Related Relief (Related Doc # 1161) (rba) (Entered: 04/21/2025) |
| 04/21/2025 | 1349 (9 pgs) | Certificate of Service *re: Notice of Errata Regarding Motion of Debtors for Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1277 Notice. (Gershbein, Evan) (Entered: 04/21/2025) |
| 04/22/2025 | 1350 (40 pgs; 3 docs) | Transcript regarding Hearing Held 4/18/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, eScribers, LLC. . Notice of Intent to Request Redaction Deadline Due By 4/29/2025. Redaction Request Due By 05/13/2025. Redacted Transcript Submission Due By 05/23/2025. Transcript access will be restricted through 07/21/2025. (Gottlieb, Jason) (Entered: 04/22/2025) |
| 04/22/2025 | 1351 (10 pgs; 2 docs) | Ex Parte Motion *to Approve Omnibus Hearing Procedures* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Proposed Order) (Levinson Silveira, Dara) (Entered: 04/22/2025) |
| 04/22/2025 | 1352 (35 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/22/2025) |
| 04/22/2025 | 1353 (41 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/22/2025) |
| 04/22/2025 | 1354 (40 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Document) (Rupp, Thomas) (Entered: 04/22/2025) |
| 04/22/2025 | 1355 (35 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 04/22/2025) |

| | | |
|---|---|---|
| 04/22/2025 | 1356 (27 pgs) | Ex Parte Motion for 2004 Examination *Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Production of Documents by Select Portfolio Servicing, Inc.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 04/22/2025) |
| 04/22/2025 | 1357 (10 pgs) | Joint Status Conference Statement Filed by Debtor LeFever Mattson, a California corporation and Official Committee of Unsecured Creditors (Rupp, Thomas)Modified on 4/23/2025 (dc). (Entered: 04/22/2025) |
| 04/23/2025 | 1358 (29 pgs; 3 docs) | Amended Order Authorizing Employment of CB Sacramento as Real Estate Broker (RE: related document(s)1077 Order on Application to Employ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (rba) (Entered: 04/23/2025) |
| 04/23/2025 | 1359 (23 pgs; 2 docs) | Application to Employ Buchalter, a Professional Corporation as Special Litigation Counsel Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/23/2025) |
| 04/23/2025 | 1360 (11 pgs; 2 docs) | Declaration of Josh H. Escovedo in Support of *Application of Debtors for Order Authorizing Employment of Buchalter, a Professional Corporation, as Special Litigation Counsel* (RE: related document(s)1359 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/23/2025) |
| 04/23/2025 | 1361 (12 pgs) | Certificate of Service *re: 1) Order Further Continuing Hearing on Motion of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral); 2) Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker; and 3) Monthly Fee Statements for Development Specialists, Inc. [September 12, 2024, Through December 31, 2024]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1341 Order on Stipulation, Order to Continued Hearing, 1342 Amended Order, 1344 Statement). (Gershbein, Evan) (Entered: 04/23/2025) |
| 04/23/2025 | 1362 (9 pgs) | Certificate of Service *re: Order (I) Authorizing Certain Debtors to Enter Into Post-Petition Intercompany Agreement with Pineapple Bear; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1348 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 04/23/2025) |
| 04/24/2025 | 1363 (9 pgs) | Certificate of Service *re: 1) Ex Parte Application for Order Approving Omnibus Hearing Procedures; and 2) Joint Status Conference Statement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1351 Motion Miscellaneous Relief, 1357 Status Conference Statement). (Gershbein, Evan) (Entered: 04/24/2025) |
| 04/24/2025 | 1364 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1350 Transcript). Notice Date 04/24/2025. (Admin.) (Entered: 04/24/2025) |
| 04/25/2025 | 1365 (94 pgs; 3 docs) | Notice Regarding *Revised Proposed Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral)* (RE: related document(s)1158 Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)* Filed by Debtor LeFever Mattson, a |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1 158/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 631 of 960

| | | California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 04/25/2025) |
|---|---|---|
| 04/25/2025 | 1366 (1 pg) | Transcript Order Form regarding Hearing Date 4/25/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 04/25/2025) |
| 04/25/2025 | | Hearing Held 4/25/2025 at 11:00 AM (RE: related document(s) 1158 Motion *of Debtors to Establish Procedures for Real Property Sales (Socotra Collateral)*). **Minutes:** The Objection by Socotra to Debtors' Motion to Establish Procedures for Real Property Sales (Socotra Collateral) has been resolved. A revised proposed form of order has been filed 4/25/2025, docket #1365. Ms Albert appeared in-person at the hearing and provided a redlined version and a clean form of order for the Court's review and approval. (rba) (Entered: 04/25/2025) |
| 04/25/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes:** Status Conference continued to **05/02/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 04/25/2025) |
| 04/25/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1366 Regarding Hearing Date: 4/25/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1366 Transcript Order Form (Public Request)). (rdr) (Entered: 04/25/2025) |
| 04/25/2025 | 1367 (9 pgs) | Certificate of Service *re: 1) Amended Order Authorizing Employment of CB Sacramento as Real Estate Broker; 2) Application of Debtors for Order Authorizing Employment of Buchalter, a Professional Corporation, as Special Litigation Counsel; and 3) Declaration of Josh H. Escovedo in Support of Application of Debtors for Order Authorizing Employment of Buchalter, a Professional Corporation, as Special Litigation Counsel* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1358 Amended Order, 1359 Application to Employ, 1360 Declaration). (Gershbein, Evan) (Entered: 04/25/2025) |
| 04/25/2025 | 1368 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 4/25/2025 11:00:03 AM ]. File Size [ 9104 KB ]. Run Time [ 00:18:58 ]. (admin). (Entered: 04/25/2025) |
| 04/28/2025 | 1369 (23 pgs; 3 docs) | Transcript regarding Hearing Held 4/25/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 5/5/2025. Redaction Request Due By 05/19/2025. Redacted Transcript Submission Due By 05/29/2025. Transcript access will be restricted through 07/28/2025. (Gottlieb, Jason) (Entered: 04/28/2025) |
| 04/28/2025 | 1370 (3 pgs) | Order Granting the Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of And Production |

| | | |
|---|---|---|
| | | of Documents by Select Portfolio Servicing, Inc. (Related Doc # 1356) (rba) (Entered: 04/28/2025) |
| 04/28/2025 | 1371 (3 pgs) | Order Directing Home Tax Service of America, Inc. to Appear for Oral Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Related Doc # 986) (rba) (Entered: 04/28/2025) |
| 04/28/2025 | 1372 (4 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kenneth Mattson (Related Doc # 1204) (rba) (Entered: 04/28/2025) |
| 04/28/2025 | 1373 (4 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Stacy Mattson (Related Doc # 1206) (rba) (Entered: 04/28/2025) |
| 04/28/2025 | 1374 (6 pgs; 2 docs) | Stipulation to Extend Time *For Filing Certain Proofs of Claim and Proofs of Interest (Sloan, et al.)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/28/2025) |
| 04/29/2025 | 1375 (2 pgs) | Order Denying Ex Parte Application for Order Approving Omnibus Hearing Procedures (Related Doc # 1351) (rba) (Entered: 04/29/2025) |
| 04/29/2025 | 1376 (4 pgs) | Order Approving Stipulation Enlarging Time for Filing Certain Proofs of Claim and Proofs of Interest (Sloan, et al.) (RE: related document(s)1374 Stipulation to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 04/29/2025) |
| 04/30/2025 | 1377 (13 pgs) | Certificate of Service *re: Notice of Revised Proposed Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1365 Notice. (Gershbein, Evan) (Entered: 04/30/2025) |
| 04/30/2025 | 1378 (13 pgs) | Certificate of Service *re: Stipulation Enlarging Time for Filing Certain Proofs of Claim and Proofs of Interest (Sloan, et al.)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1374 Stipulation to Extend Time). (Gershbein, Evan) (Entered: 04/30/2025) |
| 04/30/2025 | 1379 (60 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [March 1, 2025, through March 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 04/30/2025) |
| 04/30/2025 | 1380 (4 pgs) | Certification of No Objection (RE: related document(s)1266 Statement, 1267 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 04/30/2025) |
| 05/01/2025 | 1381 (46 pgs; 5 docs) | Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc # 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba) (Entered: 05/01/2025) |

| | | |
|---|---|---|
| 05/01/2025 | 1382<br>(22 pgs) | Statement of Monthly Fees and Expenses for PwC US Business Advisory LLP for the Period from January 9, 2025 Through January 31, 2025 Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 05/01/2025) |
| 05/01/2025 | 1383<br>(4 pgs) | Certificate of Service (RE: related document(s)1382 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 05/01/2025) |
| 05/01/2025 | 1384<br>(5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1369 Transcript). Notice Date 05/01/2025. (Admin.) (Entered: 05/01/2025) |
| 05/02/2025 | 1385<br>(1 pg) | Transcript Order Form regarding Hearing Date 5/2/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes:** Status Conference continued to **07/11/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Debtors shall file a status conference report by **7/8/2025.** (rba) (Entered: 05/02/2025) |
| 05/02/2025 | 1386<br>(15 pgs; 2 docs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | 1387<br>(14 pgs) | Certificate of Service *re: 1) Order Denying Ex Parte Application for Order Approving Omnibus Hearing Procedures; and 2) Order Approving Stipulation Enlarging Time for Filing Certain Proofs of Claim and Proofs of Interest (Sloan, et al.)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1375 Order on Motion for Miscellaneous Relief, 1376 Order on Stipulation). (Gershbein, Evan) (Entered: 05/02/2025) |
| 05/02/2025 | 1388<br>(6 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)1386 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | 1389<br>(3 pgs) | Notice of Hearing *on Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)1386 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 5/23/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | 1390<br>(11 pgs; 2 docs) | Motion to Extend Time *Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | 1391<br>(3 pgs) | Declaration of Bradley D. Sharp in Support of *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related* |

| | | |
|---|---|---|
| | | *Proceedings* (RE: related document(s)1390 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | 1392 (3 pgs) | Notice of Hearing *on Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1390 Motion to Extend Time *Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 5/23/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/02/2025) |
| 05/02/2025 | 1393 (21 pgs; 2 docs) | Application to Employ Marcus & Millichap as Real Estate Broker *Application of Debtors for Second Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 05/02/2025) |
| 05/02/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1385 Regarding Hearing Date: 5/2/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1385 Transcript Order Form (Public Request)). (rdr) (Entered: 05/02/2025) |
| 05/02/2025 | 1394 (13 pgs) | Certificate of Service *re: Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1381 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 05/02/2025) |
| 05/02/2025 | 1395 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/2/2025 11:00:04 AM ]. File Size [ 4680 KB ]. Run Time [ 00:09:45 ]. (admin). (Entered: 05/02/2025) |
| 05/05/2025 | 1396 (17 pgs; 5 docs) | Transcript regarding Hearing Held 5/2/2025 RE: Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 5/12/2025. Redaction Request Due By 05/27/2025. Redacted Transcript Submission Due By 06/5/2025. Transcript access will be restricted through 08/4/2025. (Gottlieb, Jason) (Entered: 05/05/2025) |
| 05/05/2025 | 1397 (3 pgs) | Supplemental Certificate of Service *re: Notice of Hearing on Motion of Debtors to Establish Omnibus Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)691 Notice of Hearing, 945 Certificate of Service). (Gershbein, Evan) (Entered: 05/05/2025) |
| 05/05/2025 | 1398 (13 pgs) | Amended Certificate of Service *re: Notice of Revised Proposed Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba |

| | | |
|---|---|---|
| | | Verita Global (related document(s)1365 Notice). (Gershbein, Evan) (Entered: 05/05/2025) |
| 05/05/2025 | 1399 (13 pgs) | Amended Certificate of Service re: Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1381 Order on Motion for Miscellaneous Relief, 1394 Certificate of Service). (Gershbein, Evan) (Entered: 05/05/2025) |
| 05/06/2025 | | Hearing Continued from 5/7/2025 at 11:00 AM to 5/21/2025 at 11:00 AM (RE: related document(s) 1195 Motion to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order). **Hearing scheduled for 5/21/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 05/06/2025) |
| 05/06/2025 | 1400 (3 pgs) | Certificate of Service re: 1) Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [March 1, 2025, Through March 31, 2025]; and 2) Certificate of No Objection Regarding Monthly Professional Fee Statements Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1379 Statement, 1380 Certification of No Objection). (Gershbein, Evan) (Entered: 05/06/2025) |
| 05/06/2025 | 1401 (14 pgs; 2 docs) | Order Granting Application Of Debtors for Order Authorizing Employment of Buchalter, a Professional Corporation, as Special Litigation Counsel (Related Doc # 1359) (Attachments: # 1 Exhibit 1) (rba) (Entered: 05/07/2025) |
| 05/07/2025 | 1402 (10 pgs) | Certificate of Service re: Documents Served on May 2, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1386 Motion to Extend/Limit Exclusivity Period, 1388 Declaration, 1389 Notice of Hearing, 1390 Motion to Extend Time, 1391 Declaration, 1392 Notice of Hearing, 1393 Application to Employ). (Gershbein, Evan) (Entered: 05/07/2025) |
| 05/07/2025 | 1403 (1 pg) | PDF with attached Audio File. Court Date & Time [ 5/7/2025 11:00:00 AM ]. File Size [ 36 KB ]. Run Time [ 00:00:09 ]. (admin). (Entered: 05/07/2025) |
| 05/08/2025 | 1404 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1396 Transcript). Notice Date 05/08/2025. (Admin.) (Entered: 05/08/2025) |
| 05/08/2025 | 1405 (16 pgs; 2 docs) | Second Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker (RE: related document(s)846 Order on Application to Employ, 1342 Amended Order). (Attachments: # 1 Exhibit 1), 1393 Application of Debtors for Second Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker). (rba) (Entered: 05/09/2025) |
| 05/09/2025 | 1406 (9 pgs) | Certificate of Service re: Order Granting Application of Debtors for Order Authorizing Employment of Buchalter, a Professional Corporation, as Special Litigation Counsel Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1401 Order on Application to Employ). (Gershbein, Evan) (Entered: 05/09/2025) |

| | | |
|---|---|---|
| 05/12/2025 | 1407 (70 pgs; 2 docs) | Statement of / Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 1, 2025 Through January 31, 2025 (RE: related document(s)356 Order on Motion for Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unscured Credtiors (Attachments: # 1 Certificate of Service) (Rosell, Jason) (Entered: 05/12/2025) |
| 05/13/2025 | 1408 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)1379 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/13/2025) |
| 05/13/2025 | 1409 (4 pgs) | Certification of No Objection / *Certificate of No Objection Regarding Monthly Professional Fee Statements* (RE: related document(s)1382 Statement). Filed by Creditor Committee Official Committee of Unscured Credtiors (Rosell, Jason) (Entered: 05/13/2025) |
| 05/13/2025 | 1410 (9 pgs) | Certificate of Service *re: Second Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1405 Amended Order). (Gershbein, Evan) (Entered: 05/13/2025) |
| 05/14/2025 | 1411 (3 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Monthly Professional Fee Statement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1408 Certification of No Objection). (Gershbein, Evan) (Entered: 05/14/2025) |
| 05/14/2025 | 1412 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)1251 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/14/2025) |
| 05/15/2025 | 1413 (3 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Monthly Professional Fee Statement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1412 Certification of No Objection). (Gershbein, Evan) (Entered: 05/15/2025) |
| 05/16/2025 | 1414 (3 pgs) | Notice of Appearance and Request for Notice by Michael S. Myers. Filed by Creditors Oracle Credit Corporation, Oracle America, Inc. (Myers, Michael) (Entered: 05/16/2025) |
| 05/16/2025 | 1415 (8 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Law Office of Donald S. Davidson, P.C. [February 1, 2025, through April 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 05/16/2025) |
| 05/16/2025 | 1416 (3 pgs) | Notice of Appearance and Request for Notice by Sara Shahbazi. Filed by Creditors Oracle America, Inc., Oracle Credit Corporation (Shahbazi, Sara) (Entered: 05/16/2025) |
| 05/18/2025 | 1417 (5 pgs) | Stipulation, Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Socotra Capital, Inc. |

| | | |
|---|---|---|
| | | and Its Affiliates Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 05/18/2025) |
| 05/20/2025 | | Hearing Continued from 5/21/2025 at 11:00 AM to 5/30/2025 at 11:00 AM by agreement of the parties and approved by the Court. (RE: related document(s) 1195 Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order*). **Hearing scheduled for 05/30/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 05/20/2025) |
| 05/20/2025 | 1418 (3 pgs) | Certificate of Service *re: Monthly Professional Fee Statement for Law Office of Donald S. Davidson, P.C. [February 1, 2025, Through April 30, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1415 Statement). (Gershbein, Evan) (Entered: 05/20/2025) |
| 05/22/2025 | 1419 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1420 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1421 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1422 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1423 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1424 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1425 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1426 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

| | | |
|---|---|---|
| 05/22/2025 | <u>1427</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1428</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1429</u><br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1430</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1431</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1432</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1433</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1434</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1435</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1436</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1437</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

| | | |
|---|---|---|
| 05/22/2025 | <u>1438</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1439</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1440</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1441</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1442</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1443</u><br>(31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1444</u><br>(25 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 08/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1445</u><br>(42 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1446</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1447</u><br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1448</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

| 05/22/2025 | <u>1449</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| --- | --- | --- |
| 05/22/2025 | <u>1450</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1451</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1452</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1453</u><br>(26 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1454</u><br>(25 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1455</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 09/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1456</u><br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1457</u><br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1458</u><br>(29 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1459</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 10/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1                                    168/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 641 of 960

| | | |
|---|---|---|
| 05/22/2025 | <u>1460</u><br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1461</u><br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1462</u><br>(30 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1463</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 11/30/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1464</u><br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1465</u><br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1466</u><br>(30 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1467</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 12/31/2024 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1468</u><br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1469</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1470</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

| 05/22/2025 | 1471<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| --- | --- | --- |
| 05/22/2025 | 1472<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1473<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1474<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1475<br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1476<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1477<br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1478<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1479<br>(25 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 01/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1480<br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | 1481<br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) NOTE: PDF does not reflect that it is an amended document. Modified on 5/27/2025 (myt). (Entered: 05/22/2025) |

| | | |
|---|---|---|
| 05/22/2025 | <u>1482</u><br>(17 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1483</u><br>(30 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1484</u><br>(30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1485</u><br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1486</u><br>(32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1487</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1488</u><br>(25 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 02/28/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1489</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1490</u><br>(21 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1491</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1492</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

| | | |
|---|---|---|
| 05/22/2025 | <u>1493</u><br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1494</u><br>(27 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1495</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1496</u><br>(20 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 03/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1497</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1498</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1499</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1500</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1501</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1502</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1503</u><br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |

| 05/22/2025 | <u>1504</u><br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| --- | --- | --- |
| 05/22/2025 | <u>1505</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1506</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1507</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1508</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 04/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1509</u><br>(4 pgs) | Second Stipulation to Extend Time *to Assume or Reject Headquarters Lease* Filed by Debtor LeFever Mattson, a California corporation. (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1510</u><br>(108 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 653 3rd Street West, Sonoma, CA 95476* (RE: related document(s)<u>1381</u> Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc <u>1158</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1511</u><br>(102 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 789 Cordilleras Drive, Sonoma, CA* (RE: related document(s)<u>1381</u> Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc <u>1158</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1512</u><br>(48 pgs; 3 docs) | Notice Regarding *Pending Indictment and SEC Enforcement Action* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 05/22/2025) |
| 05/22/2025 | <u>1513</u><br>(3 pgs) | Notice Regarding *Agenda for May 23, 2025, 11:00 a.m.* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas). Related document(s) <u>1390</u> Motion to Extend Time *Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* filed by Debtor LeFever Mattson, a California corporation. Modified on 5/23/2025 (lj). (Entered: 05/22/2025) |

| 05/23/2025 | 1514<br>(1 pg) | Transcript Order Form regarding Hearing Date 5/23/2025 (RE: related document(s)1386 Motion to Extend/Limit Exclusivity Period, 1390 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/23/2025) |
|---|---|---|
| 05/23/2025 | | Hearing Held 5/23/2025 at 11:00 AM (RE: related document(s) 1386 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods*. - The Motion is **granted**. Mr. Rupp will submit the order. 1390 Motion to Extend Time *Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings*. As modified on the record, the Motion is **granted**. Mr. Rupp will submit the order. (rba) (Entered: 05/23/2025) |
| 05/23/2025 | 1515<br>(3 pgs) | Order Granting the Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Socotra Capital, Inc. and its Affiliates (RE: related document(s)1417 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Creditiors). (rba) (Entered: 05/23/2025) |
| 05/23/2025 | 1516<br>(4 pgs) | Order Granting Second Stipulation to Extend Time to Assume or Reject Headquarters Lease (RE: related document(s)1509 Stipulation to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 05/23/2025) |
| 05/27/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1514 Regarding Hearing Date: 5/23/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1514 Transcript Order Form (Public Request)). (lj) (Entered: 05/27/2025) |
| 05/27/2025 | 1517 | Acknowledgment of Request for Transcript Received on 5/27/2025. (RE: related document(s)1514 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 05/27/2025) |
| 05/27/2025 | 1518<br>(63 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [April 1, 2025, through April 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 05/27/2025) |
| 05/27/2025 | 1519<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/23/2025 11:00:04 AM ]. File Size [ 3028 KB ]. Run Time [ 00:12:37 ]. (admin). (Entered: 05/27/2025) |
| 05/28/2025 | 1520<br>(22 pgs; 3 docs) | Transcript regarding Hearing Held 5/23/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 6/4/2025. Redaction Request Due By 06/18/2025. Redacted Transcript Submission Due By 06/30/2025. Transcript access will be restricted through 08/26/2025. (Gottlieb, Jason) (Entered: 05/28/2025) |
| 05/28/2025 | 1521<br>(4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)1415 Statement). Filed by Debtor |

| | | LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 05/28/2025) |
|---|---|---|
| 05/28/2025 | 1522 (3 pgs) | Order Extending Plan Exclusive Periods (Related Doc # 1386) Chapter 11 Plan due by 9/5/2025. Disclosure Statement due by 9/5/2025. (rba) (Entered: 05/28/2025) |
| 05/28/2025 | 1523 (4 pgs) | Order Further Extending the Time to File Notices of Removal of Related Proceedings (Related Doc # 1390) (rba) (Entered: 05/28/2025) |
| 05/28/2025 | 1524 (15 pgs) | Certificate of Service *re: Documents Served on May 22, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1509 Stipulation to Extend Time, 1510 Notice, 1511 Notice, 1512 Notice, 1513 Notice). (Gershbein, Evan) (Entered: 05/28/2025) |
| 05/28/2025 | 1525 (9 pgs) | Certificate of Service *re: Order Granting Second Stipulation to Extend Time to Assume or Reject Headquarters Lease* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1516 Order on Stipulation). (Gershbein, Evan) (Entered: 05/28/2025) |
| 05/29/2025 | | Hearing Continued from 5/30/2025 at 11:00 AM to 6/13/2025 at 11:00 AM Approved by the Court. (RE: related document(s) 1195 Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order*). **Hearing scheduled for 06/13/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 05/29/2025) |
| 05/30/2025 | 1526 (4 pgs) | Certification of No Objection *Regarding Monthly Fee Statement* (RE: related document(s)1407 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 05/30/2025) |
| 05/30/2025 | 1527 (4 pgs) | Certificate of Service (RE: related document(s)1526 Certification of No Objection). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 05/30/2025) |
| 05/30/2025 | 1528 (12 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Monthly Professional Fee Statement; 2) Order Extending Plan Exclusive Periods; and 3) Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1521 Certification of No Objection, 1522 Order on Motion to Extend/Limit Exclusivity Period, 1523 Order on Motion to Extend Time). (Gershbein, Evan) (Entered: 05/30/2025) |
| 05/30/2025 | 1529 (1 pg) | PDF with attached Audio File. Court Date & Time [ 5/30/2025 11:00:02 AM ]. File Size [ 32 KB ]. Run Time [ 00:00:08 ]. (admin). (Entered: 05/30/2025) |
| 05/31/2025 | 1530 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1520 Transcript). Notice Date 05/31/2025. (Admin.) (Entered: 05/31/2025) |
| 06/02/2025 | 1531 (3 pgs) | Certificate of Service *re: Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [April 1, 2025, Through April 30, 2025]* Filed by |

| | | |
|---|---|---|
| | | Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1518 Statement). (Gershbein, Evan) (Entered: 06/02/2025) |
| 06/02/2025 | 1532 (5 pgs; 2 docs) | Notice of Change of Address *for Keller Benvenutti Kim LLP*. (Kim, Jane) (Entered: 06/02/2025) |
| 06/03/2025 | 1533 (38 pgs) | Second Statement of Monthly Fees and Expenses for PwC US Business Advisory LLP for the Period from February 1, 2025 Through February 28, 2025 Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 06/03/2025) |
| 06/03/2025 | 1534 (4 pgs) | Certificate of Service (RE: related document(s)1533 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 06/03/2025) |
| 06/03/2025 | 1535 (19 pgs; 2 docs) | Application to Employ Slote, Links & Boreman, PC as California Department of Real Estate Advisor Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 06/03/2025) |
| 06/03/2025 | 1536 (9 pgs; 2 docs) | Declaration of Adam G. Slote in Support of *Application of Debtors for Order Authorizing Employment of Slote, Links & Boreman, PC as DRE Advisor* (RE: related document(s)1535 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 06/03/2025) |
| 06/06/2025 | 1537 (9 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Authorizing Employment of Slote, Links & Boreman, PC, as DRE Advisor; and 2) Declaration of Adam G. Slote in Support of Application of Debtors for Order Authorizing Employment of Slote, Links & Boreman, PC, as DRE Advisor* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1535 Application to Employ, 1536 Declaration). (Gershbein, Evan) (Entered: 06/06/2025) |
| 06/09/2025 | 1538 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)1518 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/09/2025) |
| 06/09/2025 | 1539 (54 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 830-848 Studley Street, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 06/09/2025) |
| 06/09/2025 | 1540 (3 pgs) | Declaration of Antoinette Grasso in Support of *Adequate Assurance of Future Performance by Herrick Grasso Family Trust with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 830-848 Studley Street, Sonoma, CA 95476* Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) 689 Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 6/9/2025 (myt). (Entered: 06/09/2025) |

CANB Live Database

| | | |
|---|---|---|
| 06/10/2025 | <u>1541</u><br>(37 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for SSL Law Firm LLP [March 1, 2025, through March 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 06/10/2025) |
| 06/10/2025 | <u>1542</u><br>(37 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for SSL Law Firm LLP [April 1, 2025, through April 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 06/10/2025) |
| 06/11/2025 | <u>1543</u><br>(5 pgs) | Stipulation *for the Distribution of Proceeds from the Sale of Property Located at 789 Cordilleras Drive, Sonoma, CA (Socotra Capital)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)<u>1511</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Albert, Gabrielle) (Entered: 06/11/2025) |
| 06/12/2025 | <u>1544</u><br>(5 pgs) | Stipulation *for the Distribution of Proceeds From the Sale of Property Located at 653 3rd Street West, Sonoma, CA 95476 (Socotra Capital)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)<u>1510</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Albert, Gabrielle) (Entered: 06/12/2025) |
| 06/12/2025 | <u>1545</u><br>(23 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Monthly Professional Fee Statement; 2) Notice of Sale of Subject Property Located at 830-848 Studley St., Sonoma, CA 95476; and 3) Declaration of Antoinette Grasso in Support of Adequate Assurance of Future Performance by Herrick Grasso Family Trust with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 830-848 Studley St, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1538</u> Certification of No Objection, <u>1539</u> Notice, <u>1540</u> Declaration). (Gershbein, Evan) (Entered: 06/12/2025) |
| 06/13/2025 | <u>1546</u><br>(1 pg) | Transcript Order Form regarding Hearing Date 6/13/2025 (RE: related document(s)<u>1195</u> Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | <u>1547</u><br>(240 pgs; 3 docs) | Interim Application for Compensation *Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,402,980.00, Expenses: $4,225.60. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | <u>1548</u><br>(6 pgs; 2 docs) | Declaration of David A. Taylor in Support of *Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)<u>1547</u> Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 06/13/2025) |

| | | |
|---|---|---|
| 06/13/2025 | <u>1549</u><br>(155 pgs; 3 docs) | Interim Application for Compensation *First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for SSL Law Firm LLP, Special Counsel, Fee: $469,192.50, Expenses: $363.67. Filed by Other Prof. SSL Law Firm LLP (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | <u>1550</u><br>(3 pgs) | Declaration of Sally Shekou in Support of *First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)<u>1549</u> Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | <u>1551</u><br>(25 pgs; 3 docs) | Interim Application for Compensation *Second Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Donald S. Davidson, Special Counsel, Fee: $7,336.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | <u>1552</u><br>(3 pgs) | Declaration of Donald S. Davidson in Support of *Second Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)<u>1551</u> Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | <u>1553</u><br>(4 pgs) | Notice of Hearing *on Interim Fee Applications of Estate Professionals for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)<u>1547</u> Interim Application for Compensation *Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,402,980.00, Expenses: $4,225.60. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), <u>1549</u> Interim Application for Compensation *First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for SSL Law Firm LLP, Special Counsel, Fee: $469,192.50, Expenses: $363.67. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), <u>1551</u> Interim Application for Compensation *Second Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Donald S. Davidson, Special Counsel, Fee: $7,336.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing** |

| | | |
|---|---|---|
| | | scheduled for 7/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/13/2025) |
| 06/13/2025 | 1554 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 6/13/2025 11:00:00 AM ]. File Size [ 8328 KB ]. Run Time [ 00:34:42 ]. (admin). (Entered: 06/13/2025) |
| 06/13/2025 | | Hearing Continued (RE: related document(s) 1195 Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order*). **Minutes:** The Motion is continued to **06/24/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** as this Motion is contingent upon the Court's approval of Robbin L. Itkin to designate as Responsible Individual in KS Mattson Partners, LP case 24-10715. (rba) (Entered: 06/14/2025) |
| 06/16/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1546 Regarding Hearing Date: 6/13/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1546 Transcript Order Form (Public Request)). (no) (Entered: 06/16/2025) |
| 06/16/2025 | 1555 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 653 3rd Street West, Sonoma, CA 95476* (RE: related document(s)1510 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 06/16/2025) |
| 06/16/2025 | 1556 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 789 Cordilleras Drive, Sonoma, CA* (RE: related document(s)1511 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 06/16/2025) |
| 06/16/2025 | 1557 (29 pgs; 3 docs) | Amended Order Authorizing Employment of Cb Sacramento as Real Estate Broker (RE: related document(s)1077 Order on Application to Employ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (rba) (Entered: 06/16/2025) |
| 06/16/2025 | 1558 (3 pgs) | Order Approving Stipulation for the Distribution of Proceeds from the Sale of Property Located at 789 Cordilleras Drive, Sonoma, CA (Socotra Capital) (RE: related document(s)1543 Stipulation Referring to Existing Document(s) filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 06/16/2025) |
| 06/16/2025 | 1559 (3 pgs) | Order Approving Stipulation for the Distribution of Proceeds from the Sale of Property Located at 653 3rd Street West, Sonoma, CA (Socotra Capital) (RE: related document(s)1544 Stipulation Referring to Existing Document(s) filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 06/16/2025) |
| 06/16/2025 | 1560 (98 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 653 3rd Street West, Sonoma, CA 95476 (RE: related document(s)1381 Order on Motion for Miscellaneous Relief, 1511 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 06/16/2025) |

| | | |
|---|---|---|
| 06/16/2025 | <u>1561</u><br>(104 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 653 3rd Street West, Sonoma, CA 95476 (RE: related document(s)<u>1381</u> Order on Motion for Miscellaneous Relief, <u>1510</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A) (rba) (Entered: 06/16/2025) |
| 06/16/2025 | <u>1562</u><br>(3 pgs) | Certificate of Service *re: 1) Monthly Professional Fee Statement for SSL Law Firm LLP [March 1, 2025, Through March 31, 2025]; and 2) Monthly Professional Fee Statement for SSL Law Firm LLP [April 1, 2025, Through April 30, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1541</u> Statement, <u>1542</u> Statement). (Gershbein, Evan) (Entered: 06/16/2025) |
| 06/16/2025 | <u>1563</u><br>(14 pgs) | Certificate of Service *re: Stipulation for the Distribution of Proceeds from the Sale of Property Located at 789 Cordilleras Drive, Sonoma, CA (Socotra Capital)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1543</u> Stipulation Referring to Existing Document(s)). (Gershbein, Evan) (Entered: 06/16/2025) |
| 06/16/2025 | <u>1564</u><br>(14 pgs) | Certificate of Service *re: Stipulation for the Distribution of Proceeds from the Sale of Property Located at 653 3rd Street West, Sonoma, CA 95476 (Socotra Capital)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1544</u> Stipulation Referring to Existing Document(s)). (Gershbein, Evan) (Entered: 06/16/2025) |
| 06/16/2025 | <u>1565</u><br>(3 pgs; 2 docs) | Order of Recusal from Application of Debtors for Order Authorizing Employment of Slote, Links & Boreman, PC, as DRE Advisor (RE: related document(s)<u>1535</u> Application to Employ filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 06/16/2025) |
| 06/17/2025 | <u>1566</u><br>(2 pgs) | Notice Regarding */ Notice of Fifth Virtual Town Hall Meeting Hosted by the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/17/2025) |
| 06/17/2025 | <u>1567</u><br>(7 pgs) | Certificate of Service (RE: related document(s)<u>1566</u> Notice). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/17/2025) |
| 06/17/2025 | <u>1568</u><br>(3 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statements* (RE: related document(s)<u>1533</u> Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/17/2025) |
| 06/17/2025 | <u>1569</u><br>(105 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 596 3rd Street East, Sonoma, CA 95476* (RE: related document(s)<u>1381</u> Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc <u>1158</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 06/17/2025) |
| 06/17/2025 | <u>1570</u><br>(91 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1864 Quail Meadows Circle, Vacaville, CA 95687* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 |

| | | |
|---|---|---|
| | | Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 06/17/2025) |
| 06/17/2025 | 1571 (28 pgs; 3 docs) | Interim Application for Compensation *Buchalter's First Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for September 12, 2024, through April 30, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $28,010.00, Expenses: $6,172.12. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 06/17/2025) |
| 06/17/2025 | 1572 (5 pgs; 2 docs) | Declaration of Josh H. Escovedo in Support of *Buchalter's First Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for September 12, 2024, through April 30, 2025* (RE: related document(s)1571 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 06/17/2025) |
| 06/17/2025 | 1573 (5 pgs) | Amended Notice of Hearing *on Interim Fee Applications of Estate Professionals for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)1547 Interim Application for Compensation *Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,402,980.00, Expenses: $4,225.60. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 1549 Interim Application for Compensation *First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for SSL Law Firm LLP, Special Counsel, Fee: $469,192.50, Expenses: $363.67. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 1551 Interim Application for Compensation *Second Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Donald S. Davidson, Special Counsel, Fee: $7,336.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B), 1571 Interim Application for Compensation *Buchalter's First Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for September 12, 2024, through April 30, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $28,010.00, Expenses: $6,172.12. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 7/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/17/2025) |
| 06/17/2025 | 1574 (12 pgs; 2 docs) | Order Granting Application of Debtors for Order Authorizing Employment of Slote, Links & Boreman, PC, as DRE Advisor (Related Doc # 1535) (Attachments: # 1 Exhibit 1) (rba) (Entered: 06/17/2025) |

| | | |
|---|---|---|
| 06/17/2025 | <u>1575</u><br>(7 pgs; 2 docs) | Notice Regarding *Letter to Creditors and Investors by Debtors' Chief Restructuring Officer* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A - Letter to Creditors and Investors) (Rupp, Thomas) (Entered: 06/17/2025) |
| 06/18/2025 | <u>1576</u><br>(4 pgs) | Certificate of Service *re: Documents Served on June 13, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1547</u> Application for Compensation, <u>1548</u> Declaration, <u>1549</u> Application for Compensation, <u>1550</u> Declaration, <u>1551</u> Application for Compensation, <u>1552</u> Declaration, <u>1553</u> Notice of Hearing). (Gershbein, Evan) (Entered: 06/18/2025) |
| 06/19/2025 | <u>1577</u><br>(64 pgs) | Statement of / Second Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of February 1, 2025 Through February 28, 2025 (RE: related document(s)<u>356</u> Order on Motion for Miscellaneous Relief. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/19/2025) |
| 06/19/2025 | <u>1578</u><br>(4 pgs) | Certificate of Service (RE: related document(s)<u>1577</u> Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/19/2025) |
| 06/19/2025 | <u>1579</u><br>(15 pgs) | Certificate of Service *re: Documents Served on June 16, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1555</u> Certification of No Objection, <u>1556</u> Certification of No Objection, <u>1557</u> Amended Order, <u>1558</u> Order on Stipulation, <u>1559</u> Order on Stipulation, <u>1560</u> Order Granting Related Motion/Application, <u>1561</u> Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 06/19/2025) |
| 06/19/2025 | <u>1580</u><br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>1565</u> Order). Notice Date 06/19/2025. (Admin.) (Entered: 06/19/2025) |
| 06/20/2025 | 1581 | Acknowledgment of Request for Transcript Received on 6/13/2025. (RE: related document(s)<u>1546</u> Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1582</u><br>(7 pgs; 2 docs) | Application for Admission of Attorney Pro Hac Vice *Cia H. Mackle*. Fee Amount $328 (Attachments: # <u>1</u> Exhibit A) (Mackle, Cia) (Entered: 06/20/2025) |
| 06/20/2025 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( <u>24-10545</u>) [motion,mprohac] ( 328.00). Receipt number B33928401, amount $ 328.00 (re: Doc# <u>1582</u> Application for Admission of Attorney Pro Hac Vice *Cia H. Mackle*. Fee Amount $328) (U.S. Treasury) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1583</u><br>(129 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 6346-6348 Sorrell Court, Citrus Heights, CA 95621* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 06/20/2025) |

| | | |
|---|---|---|
| 06/20/2025 | <u>1584</u><br>(2 pgs) | Declaration of Konstantin Zubov in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 6346-6348 Sorrell Court, Citrus Heights, CA 95621* (RE: related document(s)<u>1583</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1585</u><br>(262 pgs) | Motion to Consolidate Cases *of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1586</u><br>(3 pgs) | Declaration of Steven W. Golden in Support of *the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Relief Relief* (RE: related document(s)<u>1585</u> Motion to Consolidate). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1587</u><br>(2 pgs) | Notice of Hearing (RE: related document(s)<u>1585</u> Motion to Consolidate Cases *of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 7/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1588</u><br>(31 pgs; 3 docs) | Motion to Borrow *Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Rupp, Thomas) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1589</u><br>(9 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1588</u> Motion to Obtain Credit). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1590</u><br>(3 pgs) | Notice of Hearing on *Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1588</u> Motion to Borrow *Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 7/11/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/20/2025) |
| 06/20/2025 | <u>1591</u><br>(6 pgs) | Ex Parte Motion *Ex Parte Motion of the Official Committee of Unsecured Creditors for Leave to Exceed the Page Limitations With Respect to its Motion for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 06/20/2025) |

| 06/20/2025 | 1592<br>(3 pgs) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc # 1582). (rba) (Entered: 06/20/2025) |
| --- | --- | --- |
| 06/23/2025 | 1593<br>(4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statements* (RE: related document(s)1541 Statement, 1542 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1594<br>(3 pgs) | Order Granting the Official Committee of Unsecured Creditors' Motion for Leave to Exceed the Page Limitations with Respect to its Motion for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP (Related Doc # 1591) (rba) (Entered: 06/23/2025) |
| 06/23/2025 | 1595<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1596<br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1597<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1598<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1599<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1600<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1601<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1602<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1603<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1604 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1605 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1606 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1607 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1608 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1609 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1610 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1611 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1612 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1613 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1614 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1615 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1616 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1617 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1618 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1619 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1620 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1621 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1622 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1623 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1624 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1625 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1626</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1627</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1628</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1629</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1630</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1631</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1632</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1633</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1634</u><br>(30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1635</u><br>(31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | <u>1636</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1637 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1638 (41 pgs; 3 docs) | Transcript regarding Hearing Held 6/13/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 6/30/2025. Redaction Request Due By 07/14/2025. Redacted Transcript Submission Due By 07/24/2025. Transcript access will be restricted through 09/22/2025. (Gottlieb, Jason) (Entered: 06/23/2025) |
| 06/23/2025 | 1639 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1640 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1641 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1642 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1643 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1644 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1645 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1646 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California |

| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
|---|---|---|
| 06/23/2025 | 1647 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1648 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1649 (33 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1650 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1651 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1652 (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/23/2025 | 1653 (40 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10545 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas)Modified on 6/24/2025 (klr). (Entered: 06/23/2025) |
| 06/23/2025 | 1654 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 06/23/2025) |
| 06/24/2025 | 1655 (1 pg) | Transcript Order Form regarding Hearing Date 6/24/2025 (RE: related document(s)1195 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/24/2025) |
| 06/24/2025 | | Hearing Held 6/24/2025 at 11:00 AM (RE: related document(s) 1195 Motion *to Designate Creditor KS Mattson Partners, LP as a "Permitted Party" Under the Court's 12/13/24 Order).* **Minutes:** Parties have reached an agreement. Motion resolved. The proposed order has been submitted for review and court's approval. (rba) (Entered: 06/24/2025) |
| 06/24/2025 | 1656 (3 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Monthly Professional Fee Statements* Filed by Other Prof. Kurtzman Carson |

| | | |
|---|---|---|
| | | Consultants, LLC dba Verita Global (related document(s)1593 Certification of No Objection). (Gershbein, Evan) (Entered: 06/24/2025) |
| 06/24/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1655 Regarding Hearing Date: 6/24/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1655 Transcript Order Form (Public Request)). (klr) (Entered: 06/24/2025) |
| 06/24/2025 | 1657 (3 pgs) | Order Approving Application to Designate Creditor KS Mattson Partners, LP as a Permitted Party Under the Courts 12/13/24 Order (Related Doc # 1195) (rba) (Entered: 06/24/2025) |
| 06/24/2025 | 1658 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 6/24/2025 11:00:01 AM ]. File Size [ 5808 KB ]. Run Time [ 00:24:12 ]. (admin). (Entered: 06/24/2025) |
| 06/25/2025 | 1659 | Acknowledgment of Request for Transcript Received on 6/25/2025. (RE: related document(s)1655 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 06/25/2025) |
| 06/26/2025 | 1660 (28 pgs; 3 docs) | Transcript regarding Hearing Held 6/24/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 7/3/2025. Redaction Request Due By 07/17/2025. Redacted Transcript Submission Due By 07/28/2025. Transcript access will be restricted through 09/24/2025. (Gottlieb, Jason) (Entered: 06/26/2025) |
| 06/26/2025 | 1661 (15 pgs; 2 docs) | Third Stipulation, for Use of Cash Collateral *(Federal Home Loan Mortgage Corporation)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit 1) (Keller, Tobias) (Entered: 06/26/2025) |
| 06/26/2025 | 1662 (6 pgs) | Substitution of Attorney / *Notice of Substitution of Counsel*. Attorney Mark Bostick and James P. Hill terminated. Richard L. Wynne, Erin N. Brady, Edward J. McNeilly added to the case. Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 06/26/2025) |
| 06/26/2025 | 1663 (60 pgs) | Certificate of Service *re: Documents Served on June 17, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1565 Order, 1569 Notice, 1570 Notice, 1571 Application for Compensation, 1572 Declaration, 1573 Notice of Hearing, 1574 Order on Application to Employ, 1575 Notice). (Gershbein, Evan) (Entered: 06/26/2025) |
| 06/26/2025 | 1664 (4 pgs) | Order Approving Cash Collateral Stipulation (RE: related document(s)1661 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rs) (Entered: 06/26/2025) |
| 06/26/2025 | 1665 (91 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 5521-5523 Missie Way, Sacramento, CA 95841* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit |

| | | |
|---|---|---|
| | | D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 06/26/2025) |
| 06/26/2025 | 1666 (3 pgs) | Declaration of Yuriy Honchar, as Trustee of the Honchar Family Revocable Trust in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5521-5523 Missie Way, Sacramento, CA 95841* (RE: related document(s)1665 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 06/26/2025) |
| 06/26/2025 | 1667 (54 pgs) | Certificate of Service *re: Documents Served on June, 20, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1583 Notice, 1584 Declaration, 1588 Motion to Obtain Credit, 1589 Declaration, 1590 Notice of Hearing). (Gershbein, Evan) (Entered: 06/26/2025) |
| 06/26/2025 | 1668 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1638 Transcript). Notice Date 06/26/2025. (Admin.) (Entered: 06/26/2025) |
| 06/27/2025 | 1669 (8 pgs) | Brief/Memorandum in Opposition to *Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/27/2025) |
| 06/27/2025 | 1670 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Debtors' Opposition to Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP* (RE: related document(s)1669 Opposition Brief/Memorandum). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 06/27/2025) |
| 06/27/2025 | 1671 (2 pgs) | Joinder (RE: related document(s)1669 Opposition Brief/Memorandum). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 06/27/2025) |
| 06/28/2025 | 1672 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1660 Transcript). Notice Date 06/28/2025. (Admin.) (Entered: 06/28/2025) |
| 06/30/2025 | 1673 (2 pgs) | Statement of Support of Motion to Appoint Chapter 11 Trustee (RE: related document(s)1671 Joinder). Filed by Creditor John L. Chase (Egan, Daniel) (Entered: 06/30/2025) |
| 06/30/2025 | 1674 (4 pgs) | Stipulation, Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 06/30/2025) |
| 07/01/2025 | 1675 (13 pgs) | Certificate of Service *re: 1) Debtors Opposition to Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP; and 2) Declaration of Bradley D. Sharp in Support of Debtors Opposition to Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1669 Opposition Brief/Memorandum, 1670 Declaration). (Gershbein, Evan) (Entered: 07/01/2025) |
| 07/01/2025 | 1676 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 830-848 Studley St., Sonoma, CA 95476* (RE: related |

| | | |
|---|---|---|
| | | document(s)1539 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/01/2025) |
| 07/01/2025 | 1677 (35 pgs; 2 docs) | Response *and Opposition of Umpqua Bank to Motion for Substantive Consolidation of Debtors LeFever Mattson and KS Mattson Partners, LP* (RE: related document(s)1585 Motion to Consolidate). Filed by Creditor Umpqua Bank (Attachments: # 1 Exhibit) (Kaplan, Robert) (Entered: 07/01/2025) |
| 07/01/2025 | 1682 (3 pgs) | Order Granting the Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Hanson Bridgett LLP and Scott Smith (RE: related document(s)1674 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 07/02/2025) |
| 07/02/2025 | 1678 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/02/2025) |
| 07/02/2025 | 1679 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 05/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/02/2025) |
| 07/02/2025 | | Hearing Continued from 7/18/2025 at 11:00 AM to 7/25/2025 at 11:00 AM requested by the parties and approved by the Court. (RE: related document(s) 1585 Motion to Consolidate Cases *of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief*). **Hearing scheduled for 07/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/02/2025) |
| 07/02/2025 | 1680 (10 pgs; 2 docs) | Response *Socotra Capital, Inc.s Response and Reservation of Rights with Respect to Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)1588 Motion to Obtain Credit). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Certificate of Service) (Cohen, Theodore) (Entered: 07/02/2025) |
| 07/02/2025 | 1681 (3 pgs) | Certification of No Objection *Regarding Monthly Fee Statement* (RE: related document(s)1577 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 07/02/2025) |
| 07/02/2025 | 1683 (50 pgs; 2 docs) | Order Approving Asset Sale Of the Property Located at 830-848 Studley St., Sonoma, CA 95476 (RE: related document(s)1539 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 07/02/2025) |
| 07/02/2025 | 1684 (2 pgs) | Amended Notice of Hearing */ Amended Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* (RE: related document(s)1585 Motion to Consolidate Cases *of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 7/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor |

| | | |
|---|---|---|
| | | Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 07/02/2025) |
| 07/02/2025 | 1685 (115 pgs) | Certificate of Service re: Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1587 Notice of Hearing). (Gershbein, Evan) (Entered: 07/02/2025) |
| 07/03/2025 | 1686 (6 pgs) | Second Motion for Relief from Stay Fee Amount $199, Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 07/03/2025) |
| 07/03/2025 | 1687 (2 pgs) | Notice of Hearing (RE: related document(s)1686 Second Motion for Relief from Stay Fee Amount $199, Filed by Creditor Citizens Business Bank). **Hearing scheduled for 7/25/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 07/03/2025) |
| 07/03/2025 | 1688 (1 pg) | Relief From Stay Cover Sheet (RE: related document(s)1686 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 07/03/2025) |
| 07/03/2025 | 1689 (98 pgs) | Declaration of B. Adams in Support of (RE: related document(s)1686 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 07/03/2025) |
| 07/03/2025 | 1690 (2 pgs) | Declaration of J. Simon in Support of (RE: related document(s)1686 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica) (Entered: 07/03/2025) |
| 07/03/2025 | 1691 (5 pgs) | Certificate of Service (RE: related document(s)1686 Motion for Relief From Stay). Filed by Creditor Citizens Business Bank (Simon, Jessica). Related document(s) 1687 Notice of Hearing filed by Creditor Citizens Business Bank, 1688 Relief From Stay Cover Sheet filed by Creditor Citizens Business Bank, 1689 Declaration filed by Creditor Citizens Business Bank, 1690 Declaration filed by Creditor Citizens Business Bank. Modified on 7/7/2025 (myt). (Entered: 07/03/2025) |
| 07/03/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A33953345, amount $ 199.00 (re: Doc# 1686 Second Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 07/03/2025) |
| 07/03/2025 | 1692 (6 pgs; 2 docs) | Response of Monley Hamlin Inc. (RE: related document(s)1588 Motion to Obtain Credit). Filed by Creditor Monley Hamlin Inc. (Attachments: # 1 Certificate of Service) (Willoughby, Thomas) (Entered: 07/03/2025) |
| 07/07/2025 | 1693 (6 pgs) | First Amended Stipulation, Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Socotra Capital, Inc. and Its Affiliates Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 07/07/2025) |
| 07/08/2025 | 1694 (11 pgs) | Joint Status Conference Statement (RE: related document(s)26 Order and Notice of Status Conference Chp 11). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/08/2025) |

| | | |
|---|---|---|
| 07/08/2025 | <u>1695</u><br>(27 pgs) | Certificate of Service *re: Documents Served on June 26, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1661</u> Stipulation for Miscellaneous Relief, <u>1664</u> Order on Stipulation, <u>1665</u> Notice, <u>1666</u> Declaration). (Gershbein, Evan) (Entered: 07/08/2025) |
| 07/08/2025 | <u>1696</u><br>(18 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 830-848 Studley St., Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1676</u> Certification of No Objection). (Gershbein, Evan) (Entered: 07/08/2025) |
| 07/08/2025 | <u>1697</u><br>(18 pgs) | Certificate of Service *re: Order Approving Asset Sale of the Property Located at 830-848 Studley St., Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1683</u> Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 07/08/2025) |
| 07/09/2025 | <u>1698</u><br>(2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR4 (Garan, Todd) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1699</u><br>(2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series (Garan, Todd) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1700</u><br>(2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR6 (Garan, Todd) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1701</u><br>(2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association AS TRUSTEE FOR Lehman XS Trust, Series 2006- GP4 (Garan, Todd) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1702</u><br>(30 pgs; 4 docs) | Reply *in Support of Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1588</u> Motion to Obtain Credit). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Rupp, Thomas) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1703</u><br>(9 pgs) | Certificate of Service *re: Joint Status Conference Statement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1694</u> Status Conference Statement). (Gershbein, Evan) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1704</u><br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1864 Quail Meadows Circle, CA 95687* (RE: related document(s)<u>1570</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/09/2025) |

| | | |
|---|---|---|
| 07/10/2025 | 1705 (3 pgs) | Notice Regarding *Agenda for July 11, 2025, 11:00 a.m. Hearing* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/10/2025) |
| 07/10/2025 | 1706 (3 pgs) | Order Granting the First Amended Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Socotra Capital, Inc. and its Affiliates (RE: related document(s)1693 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 07/10/2025) |
| 07/10/2025 | 1707 (9 pgs) | Certificate of Service *re: Reply in Support of Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1702 Reply). (Gershbein, Evan) (Entered: 07/10/2025) |
| 07/11/2025 | 1708 (3 pgs) | Supplemental Certificate of Service *re: 1) Notice of Sale of Subject Property Located at 830-848 Studley St., Sonoma, CA 95476; and 2) Declaration of Antoinette Grasso in Support of Adequate Assurance of Future Performance by Herrick Grasso Family Trust with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 830-848 Studley St, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1539 Notice, 1540 Declaration). (Gershbein, Evan) (Entered: 07/11/2025) |
| 07/11/2025 | 1709 (5 pgs) | Supplemental Certificate of Service *re: Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1587 Notice of Hearing). (Gershbein, Evan) (Entered: 07/11/2025) |
| 07/11/2025 | 1710 (1 pg) | Transcript Order Form regarding Hearing Date 7/11/2025 (RE: related document(s)26 Order and Notice of Status Conference Chp 11, 1588 Motion to Obtain Credit. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/11/2025) |
| 07/11/2025 | 1711 (67 pgs) | Statement of / Third Monthly Fee Statement of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from March 1, 2025 Through March 31, 2025 (RE: related document(s)356 Order on Motion for Miscellaneous Relief, 1234 Order on Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 07/11/2025) |
| 07/11/2025 | 1712 (4 pgs) | Certificate of Service (RE: related document(s)1711 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 07/11/2025) |
| 07/11/2025 | 1713 (18 pgs; 4 docs) | Declaration of Thomas P. Jeremiassen in Support of *Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* (RE: related document(s)1585 Motion to |

| | | Consolidate). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Levinson Silveira, Dara) (Entered: 07/11/2025) |
|---|---|---|
| 07/11/2025 | 1714 (9 pgs) | Motion to File a Document Under Seal *The Official Committee of Unsecured Creditiors Motion for an Order Authorizing the Filing of Documents Under Seal.* Filed by Creditor Committee Official Committee of Unscured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1715 (14 pgs; 2 docs) | Declaration of Steven W. Golden in Support of the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief of (RE: related document(s)1714 Motion to File a Document Under Seal). Filed by Creditor Committee Official Committee of Unscured Credtiors (Attachments: # 1 Exhibit A) (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1716 (1649 pgs; 27 docs) | Declaration of Kristin D. Rivera in Support of the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief of Filed by Creditor Committee Official Committee of Unscured Credtiors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit D-1 # 6 Exhibit D-2 # 7 Exhibit D-3 # 8 Exhibit D-4 # 9 Exhibit D-5 # 10 Exhibit D-6 # 11 Exhibit D-7 # 12 Exhibit D-8 # 13 Exhibit E # 14 Exhibit E-1 # 15 Exhibit E-2 # 16 Exhibit E-3 # 17 Exhibit E-4 # 18 Exhibit E-5 # 19 Exhibit E-6 # 20 Exhibit E-7 # 21 Exhibit E-8 # 22 Exhibit F # 23 Exhibit G-1 # 24 Exhibit G-2 # 25 Exhibit G-3 # 26 Exhibit G-4) (Golden, Steven). Related document(s) 1585 Motion to Consolidate Cases *of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* filed by Creditor Committee Official Committee of Unsecured Credtiors. Modified on 7/16/2025 (rdr). (Entered: 07/11/2025) |
| 07/11/2025 | 1717 | Proposed Document Filed Under Seal (RE: related document(s)1714 Motion to File a Document Under Seal filed by Creditor Committee Official Committee of Unsecured Credtiors, 1716 Declaration filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1718 | Proposed Document Filed Under Seal (RE: related document(s)1714 Motion to File a Document Under Seal filed by Creditor Committee Official Committee of Unsecured Credtiors, 1716 Declaration filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1719 | Proposed Document Filed Under Seal (RE: related document(s)1714 Motion to File a Document Under Seal filed by Creditor Committee Official Committee of Unsecured Credtiors, 1716 Declaration filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1720 | Proposed Document Filed Under Seal (RE: related document(s)1714 Motion to File a Document Under Seal filed by Creditor Committee |

| | | |
|---|---|---|
| | | Official Committee of Unsecured Credtiors, 1716 Declaration filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1721 | Proposed Document Filed Under Seal (RE: related document(s)1714 Motion to File a Document Under Seal filed by Creditor Committee Official Committee of Unsecured Credtiors, 1716 Declaration filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1722 | Proposed Document Filed Under Seal (RE: related document(s)1714 Motion to File a Document Under Seal filed by Creditor Committee Official Committee of Unsecured Credtiors, 1716 Declaration filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/11/2025) |
| 07/11/2025 | 1723 (4 pgs) | Notice Regarding *UNITED STATES TRUSTEE'S STATEMENT AND NOTICE OF VOLUNTARY REDUCTIONS REGARDING PENDING INTERIM APPLICATIONS FOR COMPENSATION* (RE: related document(s)1547 Interim Application for Compensation *Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,402,980.00, Expenses: $4,225.60. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 1549 Interim Application for Compensation *First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* for SSL Law Firm LLP, Special Counsel, Fee: $469,192.50, Expenses: $363.67. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 1571 Interim Application for Compensation *Buchalter's First Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for September 12, 2024, through April 30, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $28,010.00, Expenses: $6,172.12. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared) (Entered: 07/11/2025) |
| 07/11/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11, 1588 Motion to Borrow *Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief*). **Minutes:** The Motion is continued as a status conference for **07/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** to allow Debtors time to supplement the Motion. The Second Interim Fee Application of Keller Benvenutti Kim LLP scheduled for 7/18/2025 at 11:00 AM is not going forward and will be heard on 07/25/2025 at 11:00 am along with the Motion to Borrow. The bankruptcy case status conference is continued to **07/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/13/2025) |

CANB Live Database

| 07/14/2025 | 1724<br>(14 pgs) | Notice Regarding *Term Sheet for Global Settlement and Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 07/14/2025) |
|---|---|---|
| 07/14/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1710 Regarding Hearing Date: 7/11/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1710 Transcript Order Form (Public Request)). (dc) (Entered: 07/14/2025) |
| 07/14/2025 | 1725 | Acknowledgment of Request for Transcript Received on 7/14/2025. (RE: related document(s)1710 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 07/14/2025) |
| 07/14/2025 | 1726<br>(87 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1864 Quail Meadows Circle, Vacaville, CA 95787 (RE: related document(s)1570 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 07/14/2025) |
| 07/14/2025 | 1727<br>(91 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 110 Fordham Circle, Vallejo, CA 94589* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 07/14/2025) |
| 07/14/2025 | 1728<br>(88 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 9300 Mazatlan Way/9120 Polhemus Drive, Elk Grove, CA 95624* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 07/14/2025) |
| 07/14/2025 | 1729<br>(2 pgs) | Declaration of Sally A. Pruden in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 9300 Mazatlan Way/9120 Polhemus Drive, Elk Grove, CA 95624* (RE: related document(s)1728 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/14/2025) |
| 07/14/2025 | 1730<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 7/11/2025 11:00:15 AM ]. File Size [ 14041 KB ]. Run Time [ 00:58:30 ]. (admin). (Entered: 07/14/2025) |
| 07/15/2025 | 1731<br>(7 pgs) | Certificate of Service (RE: related document(s)1714 Motion to File a Document Under Seal, 1715 Declaration, 1716 Declaration). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/15/2025) |
| 07/15/2025 | | **DOCKET TEXT ORDER** (no separate order issued:) Due to the volume of matters on the 7/25 at 11:00 calendar and the court's Zoom attendee limitations, the matters on calendar in this case will not be called until 12:30 pm. The parties are requested not to log on until |

| | | |
|---|---|---|
| | | 12:15 pm. (RE: related document(s)26 Order and Notice of Status Conference Chp 11, 1547 Application for Compensation filed by Attorney Keller Benvenutti Kim LLP, 1585 Motion to Consolidate filed by Creditor Committee Official Committee of Unsecured Creditiors, 1588 Motion to Obtain Credit filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 07/15/2025) |
| 07/15/2025 | 1732<br>(51 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [May 1, 2025, through May 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 07/15/2025) |
| 07/15/2025 | 1733<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 6346-6348 Sorrell Court, Citrus Heights, CA 95621* (RE: related document(s)1583 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/15/2025) |
| 07/15/2025 | 1734<br>(112 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1383 Larkin Drive, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 07/15/2025) |
| 07/15/2025 | 1735<br>(66 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 500 Jackson Street, Fairfield, CA 94533* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 07/15/2025) |
| 07/15/2025 | 1736<br>(3 pgs) | Declaration of Oscar Moreno in Support of *Adequate Assurance of Future Performance by Infinity Property Enterprises, LLC, a California Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 500 Jackson Street, Fairfield, CA 94533* (RE: related document(s)1735 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/15/2025) |
| 07/15/2025 | 1737<br>(71 pgs; 3 docs) | Transcript regarding Hearing Held 7/11/2025 RE: STATUS CONFERENCE. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 7/22/2025. Redaction Request Due By 08/5/2025. Redacted Transcript Submission Due By 08/15/2025. Transcript access will be restricted through 10/14/2025. (Gottlieb, Jason) (Entered: 07/15/2025) |
| 07/15/2025 | 1738<br>(9 pgs) | Certificate of Service *re: Declaration of Thomas P. Jeremiassen in Support of Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Other Prof. |

| | | |
|---|---|---|
| | | Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1585 Motion to Consolidate,1713 Declaration). (Gershbein, Evan)Modified on 7/16/2025 (klr). (Entered: 07/15/2025) |
| 07/16/2025 | 1739 (124 pgs) | Certificate of Service re: Amended Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1684 Notice of Hearing). (Gershbein, Evan) (Entered: 07/16/2025) |
| 07/16/2025 | 1740 (4 pgs) | Supplemental Certificate of Service re: 1) Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief; 2) Declaration of Steven W. Golden in Support of the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief; and 3) Amended Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1585 Motion to Consolidate, 1586 Declaration, 1684 Notice of Hearing, 1739 Certificate of Service). (Gershbein, Evan) (Entered: 07/16/2025) |
| 07/16/2025 | 1741 (36 pgs) | Certificate of Service re: 1) Certification of No Objection Regarding Notice of Sale of Subject Property Located at 1864 Quail Meadows Circle, Vacaville, CA 95687; and 2) Notice of Agenda for July 11, 2025, 11:00 a.m. Hearing Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1704 Certification of No Objection, 1705 Notice). (Gershbein, Evan) (Entered: 07/16/2025) |
| 07/17/2025 | 1742 (3 pgs) | Stipulation to Extend Time / Stipulation to Extend Response Deadline to the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)1585 Motion to Consolidate filed by Creditor Committee Official Committee of Unsecured Credtiors, 1684 Notice of Hearing filed by Creditor Committee Official Committee of Unsecured Credtiors). (Golden, Steven) (Entered: 07/17/2025) |
| 07/17/2025 | 1743 (5 pgs) | Certificate of Service (RE: related document(s)1742 Stipulation to Extend Time). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/17/2025) |
| 07/17/2025 | 1744 (8 pgs) | Stipulation, Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Against Secured Lenders Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Wilson, Brooke) (Entered: 07/17/2025) |
| 07/17/2025 | 1745 (3 pgs) | Certificate of Service re: Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [May 1, 2025, Through May 31, 2025] Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1732 Statement). (Gershbein, Evan) (Entered: 07/17/2025) |

| | | |
|---|---|---|
| 07/17/2025 | <u>1746</u><br>(166 pgs; 6 docs) | Motion to Appoint Trustee *for Live Oak Investments LP (24-10511)* Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Attachments: # <u>1</u> Memorandum of Points and Authorities # <u>2</u> Request for Judicial Notice with exhibits # <u>3</u> Declaration of William Andrew with exhibits # <u>4</u> Joinders in Motion to Appoint Trustee # <u>5</u> Certificate of Service) (Kelly, Thomas) (Entered: 07/17/2025) |
| 07/17/2025 | <u>1747</u><br>(18 pgs; 3 docs) | Notice of Hearing (RE: related document(s)<u>1746</u> Motion to Appoint Trustee *for Live Oak Investments LP (24-10511)* Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Attachments: # 1 Memorandum of Points and Authorities # 2 Request for Judicial Notice with exhibits # 3 Declaration of William Andrew with exhibits # 4 Joinders in Motion to Appoint Trustee # 5 Certificate of Service)). **Hearing scheduled for 8/22/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Attachments: # <u>1</u> Certificate of Service via Email and ECF # <u>2</u> Certificate of Service via First Class Mail) (Kelly, Thomas) (Entered: 07/17/2025) |
| 07/18/2025 | <u>1748</u><br>(65 pgs) | Motion to Compel *Rule 2004 Oral Examination of Kenneth Mattson* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1749</u><br>(10 pgs) | Motion to Shorten Time (RE: related document(s)<u>1748</u> Motion to Compel filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1750</u><br>(60 pgs; 4 docs) | Motion for Relief from Stay Fee Amount $199,, or in the alternative Motion for Adequate Protection *21881, 21885, 21889 Eighth St. E., Sonoma, CA* Filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust (Attachments: # <u>1</u> RS Cover Sheet # <u>2</u> Declaration of Y. Tito Sasaki # <u>3</u> Exhibit to Declaration of Sasaki) (Levinson, Benjamin) (Entered: 07/18/2025) |
| 07/18/2025 | | Receipt of filing fee for Motion for Relief From Stay(<u>24-10545</u>) [motion,mrlfsty] ( 199.00). Receipt number A33979804, amount $ 199.00 (re: Doc# <u>1750</u> Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1751</u><br>(3 pgs) | Notice of Hearing (RE: related document(s)<u>1750</u> Motion for Relief from Stay Fee Amount $199,, or in the alternative Motion for Adequate Protection *21881, 21885, 21889 Eighth St. E., Sonoma, CA* Filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust (Attachments: # 1 RS Cover Sheet # 2 Declaration of Y. Tito Sasaki # 3 Exhibit to Declaration of Sasaki)). **Hearing scheduled for 8/15/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust (Levinson, Benjamin) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1752</u><br>(4 pgs) | Certificate of Service (RE: related document(s)<u>1750</u> Motion for Relief From Stay, Motion for Adequate Protection, <u>1751</u> Notice of Hearing). Filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust (Levinson, Benjamin) (Entered: 07/18/2025) |

| | | |
|---|---|---|
| 07/18/2025 | <u>1753</u><br>(1 pg) | Transcript Order Form regarding Hearing Date 7/18/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1754</u><br>(58 pgs; 2 docs) | Brief/Memorandum in Opposition to *Socotra Capital, Inc.'s Opposition to Motion of Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and For Related Relief* (RE: related document(s)<u>1585</u> Motion to Consolidate). Filed by Creditor Socotra Capital, Inc. (Attachments: # <u>1</u> Certificate of Service) (Cohen, Theodore) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1755</u><br>(3 pgs) | Order Shortening Time on Hearing on Official Committee of Unsecured Creditors' Motion to Overrule Objection and to Compel Rule 2004 Oral Examination of Kenneth Mattson (RE: related document(s)<u>1748</u> Motion to Compel filed by Creditor Committee Official Committee of Unsecred Credtiors, <u>1749</u> Motion to Shorten Time filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 7/22/2025 at 12:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1756</u><br>(8 pgs) | Certificate of Service (RE: related document(s)<u>1714</u> Motion to File a Document Under Seal). Filed by Creditor Committee Official Committee of Unsecred Credtiors (Wilson, Brooke) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1757</u><br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5521-5523 Missie Way, Sacramento, CA 95841* (RE: related document(s)<u>1665</u> Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1758</u><br>(138 pgs; 3 docs) | Notice Regarding *Sale of Subject Property Located at 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Albert, Gabrielle) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1759</u><br>(2 pgs) | Declaration of Ethan Conrad in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)<u>1758</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1760</u><br>(6 pgs; 2 docs) | Response (RE: related document(s)<u>1585</u> Motion to Consolidate). Filed by Creditor Monley Hamlin Inc. (Attachments: # <u>1</u> Certificate of Service) (Willoughby, Thomas) (Entered: 07/18/2025) |
| 07/18/2025 | <u>1761</u><br>(3 pgs) | Brief/Memorandum in Opposition to *Motion for Substantive Consolidation of Lefever Mattson and KS Mattson Partners, LP* (RE: related document(s)<u>1585</u> Motion to Consolidate). Filed by Creditor John L. Chase (Egan, Daniel) (Entered: 07/18/2025) |

| | | |
|---|---|---|
| 07/18/2025 | 1762<br>(14 pgs) | Notice Regarding *Service of Order Shortening Time on Hearing on Official Committee of Unsecured Creditors' Motion to Overrule Objection and to Compel Rule 2004 Oral Examination of Kenneth Mattson* (RE: related document(s)1755 Order Shortening Time on Hearing on Official Committee of Unsecured Creditors' Motion to Overrule Objection and to Compel Rule 2004 Oral Examination of Kenneth Mattson (RE: related document(s)1748 Motion to Compel filed by Creditor Committee Official Committee of Unsecured Credtiors, 1749 Motion to Shorten Time filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 7/22/2025 at 12:30 PM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba)). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 07/18/2025) |
| 07/18/2025 | 1763<br>(12 pgs) | Brief/Memorandum in Opposition to (RE: related document(s)1585 Motion to Consolidate). Filed by Creditor Ruth C Tillman (Fallon, Michael) (Entered: 07/18/2025) |
| 07/18/2025 | 1764<br>(19 pgs; 3 docs) | Document: *Opposition of Creditors Samuel and Sheridan Haley to Motion for Substantive Consolidation of Debtors LeFever Mattson and KS Mattson Partners, LP.* (RE: related document(s)1585 Motion to Consolidate). Filed by Creditor Haley, Samuel and Sheridan (Attachments: # 1 Declaration of Creditor Sheridan Haley in Support of Opposition of Creditors Samuel and Sheridan Haley to Motion for Substantive Consolidation of Debtors LeFever Mattson and KS Mattson Partners, LP # 2 Certificate of Service) (Harris, Robert) (Entered: 07/18/2025) |
| 07/18/2025 | 1765<br>(7 pgs) | Brief/Memorandum in Opposition to *Motion for Substantive Consolidation by Creditors Committee of LeFever Mattson* (RE: related document(s)1585 Motion to Consolidate). Filed by Interested Party Kenneth Mattson (Hill, James) (Entered: 07/18/2025) |
| 07/18/2025 | | Hearing Held 7/18/2025 at 11:00 AM (RE: related document(s) 1549 Interim Application for Compensation First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025 for SSL Law Firm LLP, Special Counsel, Fee: $469,192.50, Expenses: $363.67- **Matter taken under submission**. 1551 Interim Application for Compensation Second Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025 for Donald S. Davidson, Special Counsel, Fee: $7,336.00, Expenses: $0.00 - **Approved.** Mr. Rupp will submit the order. 1571 Interim Application for Compensation Buchalter's First Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for September 12, 2024, through April 30, 2025 for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $28,010.00, Expenses: $6,172.12 - **Approved with voluntary reduction.** The court awards BUCHALTER, P.C. in Fee: $26,984.54 and $6,172.12 in Expenses. Mr. Rupp will submit the order. (rba) (Entered: 07/18/2025) |

| | | |
|---|---|---|
| 07/18/2025 | | Hearing Continued from 7/18/2025 at 11:00 AM to 7/25/2025 at 11:00 AM by the Court. (RE: related document(s) 1547 Interim Application for Compensation Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 20). **Hearing scheduled for 07/25/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/18/2025) |
| 07/18/2025 | 1766 (3 pgs) | Notice of Appearance and Request for Notice by Gregg Martin Ficks. Filed by Creditor Timothy J. LeFever (Ficks, Gregg) (Entered: 07/18/2025) |
| 07/18/2025 | 1767 (10 pgs) | Statement of and Reservation of Rights of Timothy J. LeFever Regarding Official Committee of Unsecured Creditors' Motion for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP (RE: related document(s)1585 Motion to Consolidate). Filed by Creditor Timothy J. LeFever (Ficks, Gregg) (Entered: 07/18/2025) |
| 07/18/2025 | 1768 (5 pgs; 2 docs) | Certificate of Service *via ECF on Creditor Timothy J. LeFever* (RE: related document(s)1747 Notice of Hearing). Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Attachments: # 1 Certificate of Service via First Class Mail) (Kelly, Thomas). Related document(s) 1746 Motion to Appoint Trustee *for Live Oak Investments LP (24-10511)* filed by Creditor Andrew Revocable Trust dated June 21, 2001, Creditor Burgess Trust dated October 9, 2006. Modified on 7/22/2025 (lj). (Entered: 07/18/2025) |
| 07/18/2025 | 1769 (2 pgs) | Joinder (RE: related document(s)1761 Opposition Brief/Memorandum). Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Kelly, Thomas) (Entered: 07/18/2025) |
| 07/18/2025 | 1770 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1737 Transcript). Notice Date 07/18/2025. (Admin.) (Entered: 07/18/2025) |
| 07/18/2025 | 1771 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 7/18/2025 11:00:06 AM ]. File Size [ 6592 KB ]. Run Time [ 00:27:28 ]. (admin). (Entered: 07/18/2025) |
| 07/18/2025 | 1775 (124 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 6346-6348 Sorrell Court, Citrus Heights, CA 95621 (RE: related document(s)1583 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 07/19/2025) |
| 07/18/2025 | 1776 (3 pgs) | Order Approving Stipulation To Extend Response Deadline To the Motion the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief (RE: related document(s)1742 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 07/19/2025) |
| 07/18/2025 | 1777 (3 pgs) | Order Granting the Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action |

| | | Against Secured Lenders (RE: related document(s)1744 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Creditors). (rba) (Entered: 07/19/2025) |
|---|---|---|
| 07/18/2025 | 1778 (84 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5521-5523 Missie Way, Sacramento, CA 95841 (RE: related document(s)1665 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 07/19/2025) |
| 07/19/2025 | 1772 (22 pgs; 4 docs) | Motion for Relief from Stay Fee Amount $199,, or in the alternative Motion for Adequate Protection Filed by Creditor Y. Tito Sasaki and Janet L. Sasaki Trust (Attachments: # 1 RS Cover Sheet # 2 Declaration of Y. Tito Sasaki # 3 Exhibit to Declaration of Sasaki) (Levinson, Benjamin) (Entered: 07/19/2025) |
| 07/19/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A33982285, amount $ 199.00 (re: Doc# 1772 Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 07/19/2025) |
| 07/19/2025 | 1773 (3 pgs) | Notice of Hearing (RE: related document(s)1772 Motion for Relief from Stay Fee Amount $199,, or in the alternative Motion for Adequate Protection Filed by Creditor Y. Tito Sasaki and Janet L. Sasaki Trust (Attachments: # 1 RS Cover Sheet # 2 Declaration of Y. Tito Sasaki # 3 Exhibit to Declaration of Sasaki)). **Hearing scheduled for 8/15/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Y. Tito Sasaki and Janet L. Sasaki Trust (Levinson, Benjamin) (Entered: 07/19/2025) |
| 07/19/2025 | 1774 (4 pgs) | Certificate of Service (RE: related document(s)1772 Motion for Relief From Stay, Motion for Adequate Protection, 1773 Notice of Hearing). Filed by Creditor Y. Tito Sasaki and Janet L. Sasaki Trust (Levinson, Benjamin) (Entered: 07/19/2025) |
| 07/21/2025 | 1779 (2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 8/22/2025 at 10:00 AM Oakland Room 215 - Novack for 1686,.** (Davis, Matthew) (Entered: 07/21/2025) |
| 07/21/2025 | 1780 (10 pgs; 2 docs) | Supplemental Declaration of Steven W. Golden in Support of *The Official Committee of Unsecured Creditors' Motion to Overrule Objection and to Compel Rule 2004 Oral Examination of Kenneth Mattson* (RE: related document(s)1748 Motion to Compel). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Exhibit 1) (Golden, Steven) (Entered: 07/21/2025) |
| 07/21/2025 | 1781 (2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association AS TRUSTEE FOR Lehman XS Trust, Series 2006- GP4 (Garan, Todd) (Entered: 07/21/2025) |
| 07/21/2025 | 1782 (2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass- |

| | | |
|---|---|---|
| | | Through Certificates, Series 2006- AR5 (Garan, Todd) (Entered: 07/21/2025) |
| 07/21/2025 | <u>1783</u><br>(2 pgs) | Withdrawal of Documents *Notice of Withdrawal of Motion of Debtors for Order (I) Authorizing Post Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1588</u> Motion to Obtain Credit. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/21/2025) |
| 07/21/2025 | <u>1784</u><br>(3 pgs) | Joint Status Conference Statement *Regarding (1) Second Interim Fee Application of Keller Benvenutti Kim LLP and (2) Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief* (RE: related document(s)<u>1547</u> Application for Compensation, <u>1588</u> Motion to Obtain Credit. Filed by Debtor LeFever Mattson, a California corporation (Levinson Silveira, Dara) (Entered: 07/21/2025) |
| 07/21/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1753 Regarding Hearing Date: 7/18/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)<u>1753</u> Transcript Order Form (Public Request)). (lj) (Entered: 07/21/2025) |
| 07/21/2025 | 1785 | Acknowledgment of Request for Transcript Received on 7/21/2025. (RE: related document(s)<u>1753</u> Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 07/21/2025) |
| 07/21/2025 | <u>1786</u><br>(89 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 5513-5515 Missie Way, Sacramento, CA 95841* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 07/21/2025) |
| 07/21/2025 | <u>1787</u><br>(2 pgs) | Declaration of Vadim Levchuk in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5513-5515 Missie Way, Sacramento, CA 95841* (RE: related document(s)<u>1786</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/21/2025) |
| 07/21/2025 | <u>1789</u><br>(3 pgs) | Order Granting Buchalter's First Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for September 12, 2024, Through April 30, 2025 (Related Doc # <u>1571</u>). fees awarded: $26,984.54, expenses awarded: $6,172.12 for BUCHALTER, A Professional Corporation (rba) (Entered: 07/22/2025) |
| 07/21/2025 | <u>1790</u><br>(4 pgs) | Order Granting Second Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, Through |

| | | |
|---|---|---|
| | | April 30, 2025 (Related Doc # 1551). fees awarded: $7,336.00, expenses awarded: $0.00 for Donald S. Davidson (rba) (Entered: 07/22/2025) |
| 07/22/2025 | 1788<br>(32 pgs; 3 docs) | Transcript regarding Hearing Held 7/18/2025 RE: Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 7/29/2025. Redaction Request Due By 08/12/2025. Redacted Transcript Submission Due By 08/22/2025. Transcript access will be restricted through 10/20/2025. (Gottlieb, Jason) (Entered: 07/22/2025) |
| 07/22/2025 | 1791<br>(3 pgs) | Certification of No Objection / *Certificate of No Objection Regarding Monthly Professional Fee Statements* (RE: related document(s)356 Order on Motion for Miscellaneous Relief, 1711 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 07/22/2025) |
| 07/22/2025 | 1792<br>(2 pgs) | Request for Notice Filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR7 (Garan, Todd) (Entered: 07/22/2025) |
| 07/22/2025 | 1793<br>(1 pg) | Transcript Order Form regarding Hearing Date 7/22/2025 (RE: related document(s)1748 Motion to Compel). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/22/2025) |
| 07/22/2025 | 1794<br>(2 pgs) | Request for Notice Filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 (Garan, Todd) (Entered: 07/22/2025) |
| 07/22/2025 | 1795<br>(7 pgs; 2 docs) | Order on First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession (RE: related document(s)1549 Application for Compensation filed by Other Prof. SSL Law Firm LLP). **Hearing scheduled for 8/1/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/22/2025) |
| 07/22/2025 | | Hearing Held 7/22/2025 at 12:30 PM (RE: related document(s) 1748 Motion to Compel *Rule 2004 Oral Examination of Kenneth Mattson*). **Minutes:** For the reasons stated on the record, the Motion has been resolved. Mr. Golden will submit the order. (rba) (Entered: 07/22/2025) |
| 07/22/2025 | 1796<br>(8 pgs; 2 docs) | Statement of Monthly Fees and Expenses for Law Office of Donald S. Davidson, P.C. [May 1, 2025, Through June 30, 2025] Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 07/22/2025) |
| 07/22/2025 | 1797<br>(2 pgs) | Joinder *and Response to the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief* (RE: related document(s)1585 Motion to Consolidate). Filed by Debtor LeFever Mattson, a California corporation (Levinson Silveira, Dara) (Entered: 07/22/2025) |

| | | |
|---|---|---|
| 07/22/2025 | <u>1798</u><br>(5 pgs) | Declaration of Bradley D. Sharp in Support of *Response to and Joinder in the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief* (RE: related document(s)<u>1797</u> Joinder). Filed by Debtor LeFever Mattson, a California corporation (Levinson Silveira, Dara) (Entered: 07/22/2025) |
| 07/22/2025 | <u>1799</u><br>(48 pgs) | Certificate of Service *re: Documents Served on July 14, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1724</u> Notice, <u>1726</u> Order Granting Related Motion/Application, <u>1727</u> Notice, <u>1728</u> Notice, <u>1729</u> Declaration). (Gershbein, Evan) (Entered: 07/22/2025) |
| 07/22/2025 | <u>1800</u><br>(3 pgs) | Second Stipulation to Extend Time /*Stipulation To Extend Response Deadline To The Motion Of The Official Committee Of Unsecured Creditors For Substantive Consolidation Of Debtor LeFever Mattson And KS Mattson Partners, LP And For Related Relief* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)<u>1776</u> Order on Stipulation). (Golden, Steven) (Entered: 07/22/2025) |
| 07/22/2025 | <u>1801</u><br>(8 pgs) | Certificate of Service (RE: related document(s)<u>1800</u> Stipulation to Extend Time). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 07/22/2025) |
| 07/22/2025 | <u>1802</u><br>(13 pgs) | Response / *KS Mattson Partners, LPs Preliminary Response and Recommendation Relating to Motion by the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard). Related document(s) <u>1585</u> Motion to Consolidate Cases *of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* filed by Creditor Committee Official Committee of Unsecured Credtiors. Modified on 7/23/2025 (myt). (Entered: 07/22/2025) |
| 07/22/2025 | <u>1816</u><br>(3 pgs) | Order on Stipulation to Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] (RE: related document(s)<u>1686</u> Motion for Relief From Stay filed by Creditor Citizens Business Bank, <u>1779</u> Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing continued to 8/22/2025 at 10:00 AM Oakland Room 215 - Novack**. (rba) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1803</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1804</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1805</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California |

| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
|---|---|---|
| 07/23/2025 | 1806 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1807 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1808 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1809 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1810 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1811 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1812 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1813 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1814 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1815 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1817 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1818 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1819 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1820 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1821 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1822 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1823 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1824 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1825 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1826 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1793 Regarding Hearing Date: 7/22/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1793 Transcript Order Form (Public Request)). (myt) (Entered: 07/23/2025) |
| 07/23/2025 | 1827 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1828 (32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1829 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1830 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1831 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1832 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1833 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1834 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1835 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1836 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1837 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1838 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1839 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1840 | Acknowledgment of Request for Transcript Received on 7/23/2025. (RE: related document(s)1793 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 07/23/2025) |
| 07/23/2025 | 1841 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1842 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1843 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1844 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1845 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1846 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1847 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1848 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 06/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1849 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |

| 07/23/2025 | 1850<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1851<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1852<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1853<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1854<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1855<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1856<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1857<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1858<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1859<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | 1860<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |

| | | |
|---|---|---|
| 07/23/2025 | <u>1861</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1862</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1863</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1864</u><br>(38 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1865</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 6/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1866</u><br>(3 pgs) | Order Granting the Official Committee of Unsecured Creditors' Motion to Overrule Objection and to Compel Rule 2004 Oral Examination of Kenneth Mattson (Related Doc # <u>1748</u>) (rba) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1867</u><br>(3 pgs) | Order Approving Second Stipulation to Extend Response Deadline to the Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief (RE: related document(s)<u>1800</u> Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Creditors). (rba) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1868</u><br>(17 pgs) | Reply (RE: related document(s)<u>1585</u> Motion to Consolidate). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 07/23/2025) |
| 07/23/2025 | <u>1869</u><br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 7/22/2025 12:30:00 PM ]. File Size [ 1876 KB ]. Run Time [ 00:07:49 ]. (admin). (Entered: 07/23/2025) |
| 07/24/2025 | <u>1870</u><br>(15 pgs; 3 docs) | Transcript regarding Hearing Held 7/22/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 7/31/2025. Redaction Request Due By 08/14/2025. Redacted Transcript Submission Due By 08/25/2025. Transcript access will be restricted through 10/22/2025. (Gottlieb, Jason) (Entered: 07/24/2025) |
| 07/24/2025 | <u>1871</u><br>(6 pgs) | Notice Regarding *Proposed Agenda for Hearing on July 25, 2025 at 12:30 p.m. (Pacific Time)* Filed by Creditor Committee Official Committee of |

| | | Unscured Credtiors (Rosell, Jason) (Entered: 07/24/2025) |
|---|---|---|
| 07/24/2025 | 1872 (40 pgs) | Certificate of Service *re: Documents Served on July 15, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1733 Certification of No Objection, 1734 Notice, 1735 Notice, 1736 Declaration). (Gershbein, Evan) (Entered: 07/24/2025) |
| 07/24/2025 | 1873 (42 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 5521-5523 Missie Way, Sacramento, CA 95841; 2) Notice of Sale of Subject Property 7456 Foothills Boulevard, Roseville, CA 95747; and 3) Declaration of Ethan Conrad in Support of Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7456 Foothills Boulevard, Roseville, CA 95747* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1757 Certification of No Objection, 1758 Notice, 1759 Declaration). (Gershbein, Evan) (Entered: 07/24/2025) |
| 07/24/2025 | 1874 (38 pgs) | Certificate of Service *re: Documents Served on or Before July 23, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1775 Order Granting Related Motion/Application, 1778 Order Granting Related Motion/Application, 1779 Stipulation to Continue Hearing, 1783 Withdrawal of Document, 1784 Status Conference Statement, 1786 Notice, 1787 Declaration). (Gershbein, Evan) (Entered: 07/24/2025) |
| 07/24/2025 | 1875 (13 pgs) | Certificate of Service *re: Order on Stipulation to Continue Hearing on Citizens Business Banks Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1816 Order on Stipulation, Order to Continued Hearing). (Gershbein, Evan) (Entered: 07/24/2025) |
| 07/24/2025 | 1876 (2 pgs) | Notice of Appearance and Request for Notice by Mark Bostick. Filed by Interested Party Kenneth Mattson (Bostick, Mark) (Entered: 07/24/2025) |
| 07/24/2025 | 1877 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1788 Transcript). Notice Date 07/24/2025. (Admin.) (Entered: 07/24/2025) |
| 07/24/2025 | 1878 (10 pgs) | BNC Certificate of Mailing (RE: related document(s) 1795 Order). Notice Date 07/24/2025. (Admin.) (Entered: 07/24/2025) |
| 07/25/2025 | 1879 (1 pg) | Transcript Order Form regarding Hearing Date 7/25/2025 (RE: related document(s)26 Order and Notice of Status Conference Chp 11, 1547 Application for Compensation, 1585 Motion to Consolidate, 1588 Motion to Obtain Credit. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/25/2025) |
| 07/25/2025 | | Hearing Continued from 7/25/2025 at 10:00 AM to 8/22/2025 at 10:00 AM by Order entered on 7/22/2025, docket #1816 (RE: related document(s) 1686 Second Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 08/22/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/25/2025) |

| | | |
|---|---|---|
| 07/25/2025 | 1880 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 7/25/2025 12:30:01 PM ]. File Size [ 8728 KB ]. Run Time [ 00:36:22 ]. (admin). (Entered: 07/25/2025) |
| 07/25/2025 | | Hearing Held 7/25/2025 at 12:30 PM (RE: related document(s) 1588 Motion to Borrow *Motion of Debtors for Order (I) Authorizing Post-Petition Interdebtor Lending Pursuant to Section 364 of the Bankruptcy Code; (II) Granting Administrative Expense Claims; and (III) Granting Related Relief*). **Minutes: OFF CALENDAR.** The Motion has been withdrawn. (rba) (Entered: 07/26/2025) |
| 07/25/2025 | | Hearing Continued (RE: related document(s) 1547 Interim Application for Compensation Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025). **Minutes:** The court adopts the briefing schedule outlined in the Joint Status Conference Statement, docket #1784. By **8/15/2025**, KBK shall file a supplemental brief. By **8/29/2025**, UST shall file a response. By **9/5/2025**, KBK shall file a reply. The hearing on the Second Interim Fee Application of Keller Benvenutti Kim LLP is continued to **09/12/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/26/2025) |
| 07/25/2025 | | Hearing Held 7/25/2025 at 12:30 PM (RE: related document(s) 1585 Motion to Consolidate Cases of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief). **Minutes:** For the reasons stated on the record, the Motion has been resolved. The proposed form of stipulated bridge order in connection with the motion to substantively consolidate the bankruptcy estates of LeFever Mattson and KS Mattson Partners, LP has been presented to the Court and discussed on the record, and will be uploaded for the Court's approval. (rba) (Entered: 07/26/2025) |
| 07/25/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes:** Status Conference continued to **09/12/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/26/2025) |
| 07/26/2025 | 1881 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1870 Transcript). Notice Date 07/26/2025. (Admin.) (Entered: 07/26/2025) |
| 07/28/2025 | 1882 (5 pgs) | Supplemental Certificate of Service *re: Amended Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor Lefever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1684 Notice of Hearing, 1739 Certificate of Service). (Gershbein, Evan) (Entered: 07/28/2025) |
| 07/28/2025 | 1883 (12 pgs) | Certificate of Service *re: Documents Served on July 22, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1789 Order on Application for Compensation, 1790 Order on Application for Compensation, 1795 Order, Order To Set Hearing, 1796 Statement, 1797 Joinder, 1798 Declaration). (Gershbein, Evan) (Entered: 07/28/2025) |

CANB Live Database

| 07/28/2025 | 1884<br>(4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)1732 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 07/28/2025) |
|---|---|---|
| 07/28/2025 | 1885<br>(6 pgs; 2 docs) | Notice Regarding *Letter to Creditors and Investors by Debtors' Chief Restructuring Officer Concerning Debtors' Tax Reporting* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 07/28/2025) |
| 07/28/2025 | 1886<br>(3 pgs) | Supplemental Certificate of Service *re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 830-848 Studley St., Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1676 Certification of No Objection, 1696 Certificate of Service). (Gershbein, Evan) (Entered: 07/28/2025) |
| 07/29/2025 | 1887<br>(6 pgs) | Stipulated Bridge Order in Connection with the Motion to Substantively Consolidate the Bankruptcy Estates of LeFever Mattson and KS Mattson Partners, LP (RE: related document(s)1585 Motion to Consolidate filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 07/29/2025) |
| 07/29/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1879 Regarding Hearing Date: 7/25/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1879 Transcript Order Form (Public Request)). (myt) (Entered: 07/29/2025) |
| 07/29/2025 | 1888 | Acknowledgment of Request for Transcript Received on 7/29/2025. (RE: related document(s)1879 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 07/29/2025) |
| 07/29/2025 | 1889<br>(47 pgs; 3 docs) | Transcript regarding Hearing Held 7/25/2025 RE: MOTION. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 8/5/2025. Redaction Request Due By 08/19/2025. Redacted Transcript Submission Due By 08/29/2025. Transcript access will be restricted through 10/27/2025. (Gottlieb, Jason) (Entered: 07/29/2025) |
| 07/29/2025 | 1890<br>(35 pgs; 2 docs) | Declaration of Sally Shekou in Support of *First Interim Fee Application of SSL Law Firm LLP, as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)1549 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 07/29/2025) |
| 07/29/2025 | 1891<br>(6 pgs) | Declaration of Bradley D. Sharp in Support of *First Interim Fee Application of SSL Law Firm LLP, as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)1549 Application for |

217/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 690 of 960

CANB Live Database

| | | Compensation). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 07/29/2025) |
|---|---|---|
| 07/29/2025 | <u>1892</u><br>(92 pgs) | Motion / *Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling A Final Hearing; and (VI) Granting Related Relief* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 07/29/2025) |
| 07/29/2025 | <u>1893</u><br>(8 pgs) | Declaration of Robbin L. Itkin in support of *Debtor's Motion For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling A Final Hearing; And (VI) Granting Related Relief* (RE: related document(s)<u>1892</u> Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 07/29/2025) |
| 07/29/2025 | <u>1894</u><br>(11 pgs) | Ex Parte Motion *OF DEBTOR PURSUANT TO B.L.R. 9006-1 FOR ORDER SHORTENING TIME FOR HEARING ON MOTION OF DEBTOR FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE; (II) AUTHORIZING THE USE OF THE DIP LENDERS CASH COLLATERAL; (III) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (IV) MODIFYING THE AUTOMATIC STAY; (V) SCHEDULING A FINAL HEARING; AND (VI) GRANTING RELATED RELIEF* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard). Related document(s) <u>1892</u> Motion / *Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting filed by Interested Party KS Mattson Partners, LP.* Modified on 7/30/2025 (myt). (Entered: 07/30/2025) |
| 07/30/2025 | <u>1895</u><br>(3 pgs) | Declaration of Edward J. McNeilly in support of *OF DEBTOR PURSUANT TO B.L.R. 9006-1 FOR ORDER SHORTENING TIME FOR HEARING ON MOTION OF DEBTOR FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE; (II) AUTHORIZING THE USE OF THE DIP LENDERS CASH COLLATERAL; (III) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (IV) MODIFYING THE AUTOMATIC STAY; (V) SCHEDULING A FINAL HEARING; AND (VI) GRANTING RELATED RELIEF* (RE: related document(s)<u>1894</u> Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 07/30/2025) |
| 07/30/2025 | <u>1896</u><br>(17 pgs; 2 docs) | Stipulation, *Stipulation by and Among Socotra Capital, Inc., Lefever Mattson, et al., and The Official Committee of Unsecured Creditors to Designate Socotra Capital, Inc. as a Permitted Party under The Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocol [ECF No. 459]* Filed by Creditor Socotra Capital, Inc. (RE: related document(s)<u>459</u> Order on Motion to Set Last Day to File Proofs |

| | | of Claim). (Attachments: # 1 Certificate of Service) (Kim, Jeannie) (Entered: 07/30/2025) |
|---|---|---|
| 07/30/2025 | 1897 (3 pgs) | Notice Regarding *Withdrawal Of Appearance And Request To Be Removed From The Service List For Special Appearance Purposes For Bernard R. Given, II* Filed by Other Prof. FTI Consulting Inc. (Given, Bernard). Related document(s) 553 Notice of Appearance and Request for Notice filed by Other Prof. FTI Consulting Inc.. Modified on 7/31/2025 (rdr). (Entered: 07/30/2025) |
| 07/30/2025 | 1898 (4 pgs) | Order Granting Ex Parte Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing On Motion of Debtor for Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief (RE: related document(s)1892 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP, 1894 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 8/5/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 07/30/2025) |
| 07/30/2025 | 1899 (10 pgs; 2 docs) | Notice Regarding *Notice of Stipulation by and Among Socotra Capital, Inc., Lefever Mattson, et al., and The Official Committee of Unsecured Creditors to Designate Socotra Capital, Inc. as a Permitted Party under The Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocol [ECF No. 459]* (RE: related document(s)1896 Stipulation, *Stipulation by and Among Socotra Capital, Inc., Lefever Mattson, et al., and The Official Committee of Unsecured Creditors to Designate Socotra Capital, Inc. as a Permitted Party under The Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocol [ECF No. 459]* Filed by Creditor Socotra Capital, Inc. (RE: related document(s)459 Order on Motion to Set Last Day to File Proofs of Claim). (Attachments: # 1 Certificate of Service)). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Certificate of Service) (Kim, Jeannie) (Entered: 07/30/2025) |
| 07/31/2025 | 1900 (39 pgs) | Notice Regarding *Corrected DIP Term Sheet* (RE: related document(s)1892 Motion */ Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling A Final Hearing; and (VI) Granting Related Relief* Filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 07/31/2025) |
| 07/31/2025 | 1901 (6 pgs) | Declaration of Adam Phillips in in support of (RE: related document(s)1892 Motion Miscellaneous Relief. Filed by Interested Party Serene Investment Management LLC (Jurich, Lance) (Entered: 07/31/2025) |
| 08/01/2025 | 1902 (102 pgs; 4 docs) | Notice Regarding *Sale of Subject Property Located at 533 Bella Vista Drive, Suisun City, CA 94585* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc |

| | | |
|---|---|---|
| | | 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba) Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1-1 to Exhibit 1 # 2 Exhibit 1-2 to Exhibit 1 # 3 Exhibit 1-3 to Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1903 (14 pgs; 2 docs) | Amended Application to Employ Marcus & Millichap Real Estate Investment Services, Inc. as Real Estate Broker *Application of Debtors for Third Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1904 (65 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 18585 Manzanita Road, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1905 (2 pgs) | Declaration of Dominique Mickelson in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 18585 Manzanita Road, Sonoma, CA 95476* (RE: related document(s)1904 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1906 (100 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7339-7341 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1907 (1 pg) | Transcript Order Form regarding Hearing Date 8/1/2025 (RE: related document(s)1549 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | | Hearing Held 8/1/2025 at 11:00 AM (RE: related document(s) 1549 Interim Application for Compensation First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025. **Minutes:** The First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession is approved. The court awards SSL Law Firm LLP in Fee: $449,192.50 and $363.67 in Expenses. Mr. Keller will submit the order. (rba) (Entered: 08/01/2025) |
| 08/01/2025 | 1908 (77 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 501 Carpenter Street, Fairfield, CA 94533* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1909 (3 pgs) | Declaration of Euric Ramirez in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of* |

| | | |
|---|---|---|
| | | *Executory Leases and/or Unexpired Contracts in Connection with the Sale of 501 Carpenter Street, Fairfield, CA 94533* (RE: related document(s)1908 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) 689 Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 8/4/2025 (myt). (Entered: 08/01/2025) |
| 08/01/2025 | 1910 (12 pgs; 2 docs) | Motion to Extend Time *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | 1911 (21 pgs) | Corrected Exhibit *A to Application of Debtors for Third Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker* (RE: related document(s)1903 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1912 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1910 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | 1913 (3 pgs) | Notice of Hearing *on Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1910 Motion to Extend Time *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 8/22/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | 1914 (100 pgs; 2 docs) | Stipulation, *for the Distribution of Proceeds from the Sale of Property Located at 596 3rd Street East, Sonoma, CA 95476 (Socotra Capital)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1915 (77 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 905 Broadway Street, Fairfield, CA 94533* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | 1916 (3 pgs) | Declaration of Euric Ramirez in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 905 Broadway Street, Fairfield, CA 94533* (RE: related document(s)1915 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) 689 Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 8/4/2025 (myt). (Entered: 08/01/2025) |

CANB Live Database

| | | |
|---|---|---|
| 08/01/2025 | <u>1917</u><br>(86 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 370 Butcher Road, Vacaville, CA 95687* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | <u>1918</u><br>(3 pgs) | Declaration of Xiangwen Lu in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 370 Butcher Road, Vacaville, CA 95687* (RE: related document(s)<u>1917</u> Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) <u>689</u> Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 8/4/2025 (myt). (Entered: 08/01/2025) |
| 08/01/2025 | <u>1919</u><br>(107 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7304-7306 Arleta Court, Sacramento, CA 95823* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 08/01/2025) |
| 08/01/2025 | <u>1920</u><br>(2 pgs) | Declaration of Venkat Eswarakrishnan in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7304-7306 Arleta Court, Sacramento, CA 95823* (RE: related document(s)<u>1919</u> Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) <u>689</u> Motion *of Debtors to Establish Procedures for Real Property Sales* filed by Debtor LeFever Mattson, a California corporation. Modified on 8/4/2025 (myt). (Entered: 08/01/2025) |
| 08/01/2025 | <u>1921</u><br>(15 pgs; 2 docs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | <u>1922</u><br>(5 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)<u>1921</u> Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | <u>1923</u><br>(3 pgs) | Notice of Hearing *on Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)<u>1921</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A). **Hearing scheduled for 8/22/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/01/2025) |
| 08/01/2025 | <u>1924</u><br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>1889</u> Transcript). Notice Date 08/01/2025. (Admin.) (Entered: 08/01/2025) |

| | | |
|---|---|---|
| 08/01/2025 | <u>1925</u><br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/1/2025 11:00:03 AM ]. File Size [ 8549 KB ]. Run Time [ 00:35:37 ]. (admin). (Entered: 08/01/2025) |
| 08/02/2025 | <u>1935</u><br>(3 pgs) | Order Granting First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, Through April 30, 2025 (Related Doc # <u>1549</u>). fees awarded: $449,556.17, expenses awarded: $363.67 for SSL Law Firm LLP (rba) (Entered: 08/04/2025) |
| 08/02/2025 | <u>1936</u><br>(3 pgs) | Order Approving Stipulation for the Distribution of Proceeds from the Sale of Property Located at 596 3rd Street East, Sonoma, CA 95476 (Socotra Capital) (RE: related document(s)<u>1914</u> Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 08/04/2025) |
| 08/04/2025 | <u>1926</u><br>(20 pgs; 4 docs) | Motion for Relief from Stay Fee Amount $199,, Motion for Adequate Protection Filed by Creditor Michael R. and Ana R. Cavanaugh as Trustees of the Michael R. and Ana R. Cavanaugh Family Trust dated October 20, 2004 (Attachments: # <u>1</u> RS Cover Sheet # <u>2</u> Declaration of Michael Cavanaugh # <u>3</u> Exhibit to Declaration of Cavanaugh) (Levinson, Benjamin) (Entered: 08/04/2025) |
| 08/04/2025 | | Receipt of filing fee for Motion for Relief From Stay( <u>24-10545</u>) [motion,mrlfsty] ( 199.00). Receipt number A34008893, amount $ 199.00 (re: Doc# <u>1926</u> Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 08/04/2025) |
| 08/04/2025 | <u>1927</u><br>(3 pgs) | Notice of Hearing (RE: related document(s)<u>1926</u> Motion for Relief from Stay Fee Amount $199,, Motion for Adequate Protection Filed by Creditor Michael R. and Ana R. Cavanaugh as Trustees of the Michael R. and Ana R. Cavanaugh Family Trust dated October 20, 2004 (Attachments: # 1 RS Cover Sheet # 2 Declaration of Michael Cavanaugh) # 3 Exhibit to Declaration of Cavanaugh)). **Hearing scheduled for 8/22/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Michael R. and Ana R. Cavanaugh as Trustees of the Michael R. and Ana R. Cavanaugh Family Trust dated October 20, 2004 (Levinson, Benjamin) (Entered: 08/04/2025) |
| 08/04/2025 | <u>1928</u><br>(3 pgs) | Certificate of Service (RE: related document(s)<u>1926</u> Motion for Relief From Stay, Motion for Adequate Protection, <u>1927</u> Notice of Hearing). Filed by Creditor Michael R. and Ana R. Cavanaugh as Trustees of the Michael R. and Ana R. Cavanaugh Family Trust dated October 20, 2004 (Levinson, Benjamin) (Entered: 08/04/2025) |
| 08/04/2025 | <u>1929</u><br>(4 pgs) | Certificate of Service *re: 1) Declaration of Sally Shekou in Support of Application of First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession; and 2) Declaration of Bradley D. Sharp in Support of the First Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1890</u> Declaration, <u>1891</u> Declaration). (Gershbein, Evan) (Entered: 08/04/2025) |

| | | |
|---|---|---|
| 08/04/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1907 Regarding Hearing Date: 8/1/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1907 Transcript Order Form (Public Request)). (no) (Entered: 08/04/2025) |
| 08/04/2025 | 1930 | Acknowledgment of Request for Transcript Received on 8/4/2025. (RE: related document(s)1907 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/04/2025) |
| 08/04/2025 | 1931 (79 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 2030 East Grayson Road Ceres, CA 95307* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/04/2025) |
| 08/04/2025 | 1932 (3 pgs) | Declaration of Molly Thompson in Support of *Adequate Assurance of Future Performance by Ceres West Manufactured Housing Community, LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 2030 East Grayson Road, Ceres, CA 95307* (RE: related document(s)1931 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/04/2025) |
| 08/04/2025 | 1933 (93 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 5537-5539 Missie Way, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/04/2025) |
| 08/04/2025 | 1934 (2 pgs) | Declaration of Cornelius Tkachuk in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5537-5539 Missie Way, Sacramento, CA 95841* (RE: related document(s)1933 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/04/2025) |
| 08/04/2025 | 1937 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)1796 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/04/2025) |
| 08/04/2025 | 1938 (3 pgs) | Motion for Relief from Stay Fee Amount $199, Filed by Creditor Mark Baker (lj) DEFECTIVE ENTRY: RS Coversheet required. Modified on 8/5/2025 (no). (Entered: 08/04/2025) |
| 08/04/2025 | 1939 (3 pgs) | Notice of Hearing (RE: related document(s)1938 Motion for Relief from Stay Fee Amount $199, Filed by Creditor Mark Baker (lj)). **Hearing scheduled for 8/22/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Mark Baker (lj) (Entered: 08/04/2025) |
| 08/04/2025 | 1940 (3 pgs) | Notice Regarding *Notice of Service of Discovery by the Official Committee of Unsecured Creditors (In Connection with Contested Matter on the Motion to Appoint Chapter 11 Trustee for Live Oak Investments, LP)* (RE: related document(s)1746 Motion to Appoint Trustee *for Live* |

| | | |
|---|---|---|
| | | *Oak Investments LP (24-10511)* Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Attachments: # 1 Memorandum of Points and Authorities # 2 Request for Judicial Notice with exhibits # 3 Declaration of William Andrew with exhibits # 4 Joinders in Motion to Appoint Trustee # 5 Certificate of Service)). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 08/04/2025) |
| 08/04/2025 | 1941 (100 pgs; 3 docs) | Objection (RE: related document(s)1727 Notice. Filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 (Attachments: # 1 Exhibit A - Notice of Sale # 2 Exhibit B - Payoff.pdf) (Garan, Todd) (Entered: 08/04/2025) |
| 08/04/2025 | 1942 (29 pgs) | Notice Regarding *Filing of Blackline of Revised Proposed Interim Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of The Bankruptcy Code; (II) Authorizing the Use of the Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (RE: related document(s)1892 Motion */ Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling A Final Hearing; and (VI) Granting Related Relief* Filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/04/2025) |
| 08/04/2025 | 1943 (3 pgs) | Notice of Appearance and Request for Notice *of Todd M. Schwartz* by Richard L. Wynne. Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/04/2025) |
| 08/04/2025 | | Receipt of Relief from Stay Filing Fee. Amount 199.00 from Mark Baker. Receipt Number 31000351. (admin) (Entered: 08/04/2025) |
| 08/05/2025 | 1944 (40 pgs; 3 docs) | Transcript regarding Hearing Held 8/1/2025 RE: Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 8/12/2025. Redaction Request Due By 08/26/2025. Redacted Transcript Submission Due By 09/5/2025. Transcript access will be restricted through 11/3/2025. (Gottlieb, Jason) (Entered: 08/05/2025) |
| 08/05/2025 | 1945 (5 pgs) | Certificate of Service (RE: related document(s)1941 Objection). Filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 (Garan, Todd) (Entered: 08/05/2025) |
| 08/05/2025 | 1946 (11 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Monthly Professional Fee Statement; and 2) Notice of Letter to Creditors and Investors by Debtors Chief Restructuring Officer Concerning* |

| | | |
|---|---|---|
| | | *Debtors Tax Reporting* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1884 Certification of No Objection, 1885 Notice). (Gershbein, Evan) (Entered: 08/05/2025) |
| 08/05/2025 | 1947 (1 pg) | Transcript Order Form regarding Hearing Date 8/5/2025 (RE: related document(s)1892 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/05/2025) |
| 08/05/2025 | 1948 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 9300 Mazatlan Way/9120 Polhemus Drive, Elk Grove, CA 95624* (RE: related document(s)1728 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/05/2025) |
| 08/05/2025 | | Hearing Continued (RE: related document(s) 1892 Motion / Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting. **Minutes:** For the reasons stated on the record, the Motion is granted on an interim basis. The Motion is set for Final Hearing on **09/11/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Ms. Brady will submit the order. (rba) (Entered: 08/05/2025) |
| 08/05/2025 | 1949 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 596 3rd Street East, Sonoma, CA 95476* (RE: related document(s)1569 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/05/2025) |
| 08/05/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-1947 Regarding Hearing Date: 8/5/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)1947 Transcript Order Form (Public Request)). (no) (Entered: 08/05/2025) |
| 08/05/2025 | 1950 | Acknowledgment of Request for Transcript Received on 8/5/2025. (RE: related document(s)1947 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/05/2025) |
| 08/05/2025 | 1951 (61 pgs) | Motion *for an Order (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/05/2025) |
| 08/05/2025 | 1952 (7 pgs) | Ex Parte Motion to Shorten Time *of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Anner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* (RE: related document(s)1951 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/05/2025) |
| 08/05/2025 | 1953 (2 pgs) | Declaration of Edward McNeilly in support of *of Ex Parte Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Motion or an Order (1) Establishing Bar Date; (2)* |

| | | |
|---|---|---|
| | | *Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* (RE: related document(s)1952 Motion to Shorten Time). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/05/2025) |
| 08/05/2025 | 1954 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/5/2025 11:00:00 AM ]. File Size [ 19327 KB ]. Run Time [ 00:40:16 ]. (admin). (Entered: 08/05/2025) |
| 08/06/2025 | 1955 (38 pgs; 3 docs) | Transcript regarding Hearing Held 8/5/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 8/13/2025. Redaction Request Due By 08/27/2025. Redacted Transcript Submission Due By 09/8/2025. Transcript access will be restricted through 11/4/2025. (Gottlieb, Jason) (Entered: 08/06/2025) |
| 08/06/2025 | 1956 (2 pgs) | Copy and Certified Request(s). Completed in Oakland. (jbj) (RE: related document(s)1569 Notice, 1727Notice, 1728 Notice, 1734 Notice, 1735 Notice, 1758Notice, 1786 Notice, 1902 Notice, 1904Notice, 1906Notice, 1908Notice, 1915 Notice, 1917 Notice , 1919Notice, 1931Notice, 1933Notice)Modified on 8/6/2025 (klr). (Entered: 08/06/2025) |
| 08/06/2025 | 1957 (89 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 258 Lorraine Boulevard, San Leandro, CA 94577* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/06/2025) |
| 08/06/2025 | 1958 (63 pgs) | Certificate of Service *re: Notice of Stipulation by and Among Socotra Capital, Inc., LeFever Mattson, et al., and the Official Committee of Unsecured Creditors and Designating Socotra Capital, Inc. as a Permitted Party Under that Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocol [ECF No. 459]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1899 Notice). (Gershbein, Evan) (Entered: 08/06/2025) |
| 08/06/2025 | 1959 (16 pgs) | Certificate of Service *re: Documents Served on July 30, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1892 Motion Miscellaneous Relief, 1893 Declaration, 1894 Motion Miscellaneous Relief, 1895 Declaration). (Gershbein, Evan) (Entered: 08/06/2025) |
| 08/06/2025 | 1960 (15 pgs) | Certificate of Service *re: Notice of Corrected DIP Term Sheet* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1900 Notice). (Gershbein, Evan) (Entered: 08/06/2025) |
| 08/06/2025 | 1961 (16 pgs) | Certificate of Service *re: Notice of Filing of Blackline of Revised [Proposed] Interim Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III)* |

| | | |
|---|---|---|
| | | *Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1942</u> Notice. (Gershbein, Evan) (Entered: 08/06/2025) |
| 08/06/2025 | <u>1962</u> (9 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 9300 Mazatlan Way/9120 Polhemus Drive, Elk Grove, CA 95624; and 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 596 3rd Street East, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>1948</u> Certification of No Objection, <u>1949</u> Certification of No Objection). (Gershbein, Evan) (Entered: 08/06/2025) |
| 08/06/2025 | <u>1963</u> (3 pgs) | Notice of Hearing *on Limited Objection to Notice of Sale Transaction by HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 20007-OA5; Shellpoint Mortgage Servicing as Servicer* (RE: related document(s)<u>1941</u> Objection (RE: related document(s)<u>1727</u> Notice). Filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 (Attachments: # 1 Exhibit A - Notice of Sale # 2 Exhibit B - Payoff.pdf). **Hearing scheduled for 8/15/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/06/2025) |
| 08/06/2025 | <u>1964</u> (7 pgs; 2 docs) | Notice Regarding *Letter to Creditors and Investors by Debtors' Chief Restructuring Officer* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 08/06/2025) |
| 08/06/2025 | <u>1965</u> (3 pgs) | Stipulation, to Revise Briefing Schedule on Motion for Relief from Stay Re: First Street and Natomoa Properties Filed by Interested Party KS Mattson Partners, LP. (McNeilly, Edward)Modified on 8/7/2025 (klr). (Entered: 08/06/2025) |
| 08/06/2025 | <u>1966</u> (46 pgs) | Interim Order (I) Authorizing the Debtor to Obtain Post-petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of The DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief(Related Doc # <u>1892</u>) **Final Hearing scheduled for 9/11/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 08/06/2025) |
| 08/06/2025 | | Hearing Continued from 9/11/2025 at 11:00 AM to 9/12/2025 at 11:00 AM (RE: related document(s) <u>1892</u> Motion / Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting). **Hearing scheduled for 09/12/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 08/06/2025) |
| 08/07/2025 | <u>1967</u> (5 pgs; 2 docs) | Stipulation, Between Risa Meyer and Certain Debtors Regarding Property Sales Filed by Debtor LeFever Mattson, a California |

228/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 701 of 960

| | | |
|---|---|---|
| | | corporation. (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 08/07/2025) |
| 08/07/2025 | 1968 (2 pgs) | Notice of Appearance and Request for Notice by Michael C. Fallon. Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Fallon, Michael) (Entered: 08/07/2025) |
| 08/07/2025 | 1969 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 500 Jackson* (RE: related document(s)1735 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/07/2025) |
| 08/07/2025 | 1970 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1383 Larkin Drive, Sonoma, CA 95476* (RE: related document(s)1734 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/07/2025) |
| 08/07/2025 | 1971 (3 pgs) | Stipulation, Authorizing Limited Use of Cash Collateral to Pay Insurance Premiums Filed by Interested Party KS Mattson Partners, LP. (Wynne, Richard) (Entered: 08/07/2025) |
| 08/07/2025 | 1972 (12 pgs) | Motion *for Order Extending the Time to File Notices of Removal of Related Proceedings* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/07/2025) |
| 08/07/2025 | 1973 (6 pgs) | Declaration of Robbin L. Itkin in support of *Debtors Motion for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1972 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/07/2025) |
| 08/07/2025 | 1974 (8 pgs) | Ex Parte Motion *of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Debtors Motion for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1972 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard)Modified on 8/8/2025 (klr). (Entered: 08/07/2025) |
| 08/07/2025 | 1975 (2 pgs) | Declaration of Edward J. McNeilly in support of *Ex Parte Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Debtors Motion for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1974 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/07/2025) |
| 08/07/2025 | 1976 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 1944 Transcript). Notice Date 08/07/2025. (Admin.) (Entered: 08/07/2025) |
| 08/08/2025 | 1977 (58 pgs; 2 docs) | Statement of Monthly Fees and Expenses for Keller Benvenutti Kim LLP [June 1, 2025, through June 30, 2025] Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 08/08/2025) |
| 08/08/2025 | 1978 (8 pgs) | Brief/Memorandum in Opposition to *Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP* (RE: related |

| | | document(s)1746 Motion to Appoint Trustee. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/08/2025) |
|---|---|---|
| 08/08/2025 | 1979<br>(4 pgs) | Declaration of Bradley D. Sharp in Support of *LeFever Mattson Debtors' Opposition to Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP* (RE: related document(s)1978 Opposition Brief/Memorandum). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/08/2025) |
| 08/08/2025 | 1980<br>(82 pgs) | Schedules A-H. *Schedules of Assets and Liabilities* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/08/2025) |
| 08/08/2025 | 1981<br>(43 pgs) | Statement of Financial Affairs for Non-Individual *KS Mattson Partners, LP* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/08/2025) |
| 08/08/2025 | 1982<br>(21 pgs) | List of Equity Security Holders Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/08/2025) |
| 08/11/2025 | 1983<br>(100 pgs; 2 docs) | Amended Notice Regarding *Sale of Subject Property Located at 7339-7341 Arleta Court, Sacramento, CA 95823* (RE: related document(s)1906 Notice Regarding *Sale of Subject Property Located at 7339-7341 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/11/2025) |
| 08/11/2025 | 1984<br>(88 pgs; 3 docs) | Order Approving Asset Sale of The Property Located at 9300 Mazatlan Way/9120 Polhemus Drive, Elk Grove, CA 95624 (RE: related document(s)1728 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 # 2 Exhibit 1-1 to Exhibit A) (rba) (Entered: 08/11/2025) |
| 08/11/2025 | 1985<br>(21 pgs; 2 docs) | Third Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker (RE: related document(s)846 Order on Application to Employ, 1342 Amended Order, 1405 Amended Order, 1903 Amended Application to Employ Marcus & Millichap Real Estate Investment Services, Inc. as Real Estate Broker). (Attachments: # 1 Exhibit 1) (rba) (Entered: 08/11/2025) |
| 08/11/2025 | 1986<br>(100 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 596 3rd Street East, Sonoma, CA 95476 (RE: related document(s)1569 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/11/2025) |
| 08/11/2025 | 1987<br>(3 pgs) | Order Approving Stipulation to Revise Briefing Schedule on Motion for Relief from Stay Re: First Street and Natomoa Properties (RE: related document(s)1965 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 09/19/2025 at 10:00 AM in/via Oakland Room 215 - Novack**. (rba) (Entered: 08/11/2025) |
| 08/11/2025 | 1988<br>(4 pgs) | Order Approving Stipulation Between Risa Meyer and Certain Debtors Regarding Property Sales (RE: related document(s)1967 Stipulation for |

| | | Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 08/11/2025) |
|---|---|---|
| 08/11/2025 | <u>1989</u><br>(4 pgs) | Order Granting Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; And (3) Approving Confidentiality Protocols (RE: related document(s)<u>1951</u> Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP, <u>1952</u> Motion to Shorten Time filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 8/20/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1990</u><br>(61 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 500 Jackson Street, Fairfield, CA 94533 (RE: related document(s)<u>1735</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A) (rba) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1991</u><br>(108 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1383 Larkin Drive, Sonoma, CA 95476 (RE: related document(s)<u>1734</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A) (rba) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1992</u><br>(3 pgs) | Order Approving Stipulation Authorizing Limited Use of Cash Collateral to Pay Insurance Premiums (RE: related document(s)<u>1971</u> Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). (rba) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1993</u><br>(5 pgs) | Order Granting Ex Parte Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Debtor's Motion for Order Extending the Time to File Notices of Removal of Related Proceedings (RE: related document(s)<u>1972</u> Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP, <u>1974</u> Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 8/26/2025 at 01:00 PM in/via Oakland Room 215 - Novack.** (rba) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1994</u><br>(95 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7303-7305 Berna Way, Sacramento, CA 95823* (RE: related document(s)<u>971</u> Order Establishing Omnibus Procedures for Real Property Sales (Related Doc <u>689</u>) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit 1) (Albert, Gabrielle) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1995</u><br>(2 pgs) | Declaration of Bryan L. Hilliard in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7303-7305 Berna Way, Sacramento, CA 95823* (RE: related document(s)<u>1994</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/11/2025) |
| 08/11/2025 | <u>1996</u><br>(31 pgs; 2 docs) | Amended Application to Employ Marcus & Millichap Real Estate Investment Services, Inc. as Real Estate Broker *Application of Debtors for Fourth Order Amending Scope of Employment of Marcus & Millichap as Real Estate Broker* Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 08/11/2025) |
| 08/11/2025 | 1997 (13 pgs) | Certificate of Service *re: 1) Stipulation Between Risa Meyer and Certain Debtors Regarding Property Sales; 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 500 Jackson; and 3) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 1383 Larkin Drive, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1967 Stipulation for Miscellaneous Relief, 1969 Certification of No Objection, 1970 Certification of No Objection). (Gershbein, Evan) (Entered: 08/11/2025) |
| 08/12/2025 | 1998 (2 pgs) | Notice of Change of Address . (Kaplan, Robert) (Entered: 08/12/2025) |
| 08/12/2025 | 1999 (83 pgs; 3 docs) | Ex Parte Motion for Protective Order *as to Discovery Propounded by the Official Committee of Unsecured Creditors* Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Attachments: # 1 Declaration # 2 Certificate of Service) (Kelly, Thomas) (Entered: 08/12/2025) |
| 08/12/2025 | 2000 (15 pgs) | Certificate of Service *re: 1) Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [June 1, 2025, Through June 30, 2025]; 2) LeFever Mattson Debtors Opposition to Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP; and 3) Declaration of Bradley D. Sharp in Support of LeFever Mattson Debtors Opposition to Motion to Appoint Chapter 11 Trustee for Debtor Live Oak Investments, LP* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1977 Statement, 1978 Opposition Brief/Memorandum, 1979 Declaration). (Gershbein, Evan) (Entered: 08/12/2025) |
| 08/12/2025 | 2001 (13 pgs) | Certificate of Service *re: 1) Motion for an Order (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols; 2) Ex Parte Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols; and 3) Declaration of Edward J. McNeilly in Support of Ex Parte Motion of Debtor Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1951 Motion Miscellaneous Relief, 1952 Motion to Shorten Time, 1953 Declaration). (Gershbein, Evan) (Entered: 08/12/2025) |
| 08/12/2025 | 2002 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5513-5515 Missie Way, Sacramento, CA 95841* (RE: related document(s)1786 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/12/2025) |
| 08/12/2025 | 2003 (2 pgs) | Notice of Appearance and Request for Notice by Mark J. Romeo. Filed by Creditor Reprop Financial Mortgage Investors, LLC (Romeo, Mark) |

| | | (Entered: 08/12/2025) |
|---|---|---|
| 08/12/2025 | 2004<br>(85 pgs) | Certificate of Service *re: Documents Served on or Before August 5, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1902 Notice, 1903 Application to Employ, 1904 Notice, 1905 Declaration, 1906 Notice, 1908 Notice, 1909 Declaration, 1910 Motion to Extend Time, 1911 Exhibit, 1912 Declaration, 1913 Notice of Hearing, 1914 Stipulation for Miscellaneous Relief, 1915 Notice, 1916 Declaration, 1917 Notice, 1918 Declaration, 1919 Notice, 1920 Declaration, 1921 Motion to Extend/Limit Exclusivity Period, 1922 Declaration, 1923 Notice of Hearing). (Gershbein, Evan) (Entered: 08/12/2025) |
| 08/12/2025 | 2005<br>(38 pgs) | Certificate of Service *re: Documents Served on August 6, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1957 Notice, 1963 Notice of Hearing, 1964 Notice). (Gershbein, Evan) (Entered: 08/12/2025) |
| 08/13/2025 | 2006<br>(4 pgs) | Objection (RE: related document(s)1999 Motion for Protective Order). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 08/13/2025) |
| 08/13/2025 | 2007<br>(19 pgs; 2 docs) | Statement of in Support of Motion to Appoint Ch 11 Trustee (RE: related document(s)1746 Motion to Appoint Trustee). Filed by Creditor John L. Chase (Attachments: # 1 Declaration of Daniel L. Egan in Support of Statement) (Egan, Daniel) (Entered: 08/13/2025) |
| 08/13/2025 | 2008<br>(3 pgs) | Notice Regarding *Auction of Subject Property 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)1758 Notice Regarding *Sale of Subject Property Located at 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/13/2025) |
| 08/13/2025 | 2009<br>(3 pgs) | Notice Regarding *// Notice of Change of Law Firm Name* Filed by Creditor Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of JPMBB Commercial Mortgage Pass-Through Certificates, Series 2015-C30 (Strabo, Jason) (Entered: 08/13/2025) |
| 08/14/2025 | 2010<br>(3 pgs) | Brief/Memorandum in Opposition to *Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California)* (RE: related document(s)1750 Motion for Relief From Stay, Motion for Adequate Protection). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/14/2025) |
| 08/14/2025 | 2011<br>(3 pgs) | Joinder */ KS Mattson Partners, LP's Joinder to Debtors Preliminary Opposition to Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California)* (RE: related document(s)1750 Motion for Relief From Stay, Motion for Adequate Protection, 2010 Opposition Brief/Memorandum). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/14/2025) |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1                    233/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 706 of 960

| | | |
|---|---|---|
| 08/14/2025 | <u>2012</u><br>(86 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5513-5515 Missie Way, Sacramento, CA 95841 (RE: related document(s)<u>1786</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A) (rba) (Entered: 08/14/2025) |
| 08/14/2025 | <u>2013</u><br>(2 pgs) | Order Setting Hearing on Ex Parte Motion for Protective Order (RE: related document(s)<u>1999</u> Motion for Protective Order filed by Creditor Andrew Revocable Trust dated June 21, 2001, Creditor Burgess Trust dated October 9, 2006). **Hearing scheduled for 8/20/2025 at 11:00 AM in/via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (rba) (Entered: 08/14/2025) |
| 08/14/2025 | <u>2014</u><br>(2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)<u>1686</u> Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 9/19/2025 at 10:00 AM Oakland Room 215 - Novack for <u>1686</u>,.** (Albert, Gabrielle) (Entered: 08/14/2025) |
| 08/14/2025 | <u>2015</u><br>(2 pgs) | Amended Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)<u>1686</u> Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 9/19/2025 at 10:00 AM Oakland Room 215 - Novack for <u>1686</u>,.** (Albert, Gabrielle). NOTE: PDF does not reflect that it is an amended document. Modified on 8/15/2025 (klr). (Entered: 08/14/2025) |
| 08/14/2025 | <u>2016</u><br>(2 pgs) | Joinder *of the Official Committee of Unsecured Creditors to Debtors' Preliminary Opposition to Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California)* (RE: related document(s)<u>2010</u> Opposition Brief/Memorandum). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 08/14/2025) |
| 08/14/2025 | <u>2017</u><br>(14 pgs) | Supplemental Declaration of Robbin L. Itkin in support of *Debtors Motion for an Order Authorizing the Retention and Employment of Stapleton Group, a Part of J.S. Held LLC as Operations and Asset Manager, Effective as of the Relief Date* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard). DEFECTIVE ENTRY: PDF references a document that has not been filed or entered. Modified on 8/15/2025 (klr). (Entered: 08/14/2025) |
| 08/14/2025 | <u>2018</u><br>(108 pgs; 3 docs) | Request for Entry of Default Re: *Request for Entry of Order by Default Granting Relief Requested by Stipulation by and Among Socotra Capital, Inc., Lefever Mattson, et al., and the Official Committee of Unsecured Creditors and Designating Socotra Capital, Inc. as a Permitted Party Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocol [ECF No. 459]* (RE: related document(s)<u>1896</u> Stipulation for Miscellaneous Relief). Filed by Creditor Socotra Capital, Inc. (Attachments: # <u>1</u> Declaration # <u>2</u> Certificate of Service) (Kim, Jeannie) (Entered: 08/14/2025) |

| 08/15/2025 | 2019<br>(3 pgs) | Certificate of Service re: *Notice of Sale of Subject Property Located at 1383 Larkin Drive, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1734 Notice). (Gershbein, Evan) (Entered: 08/15/2025) |
| --- | --- | --- |
| 08/15/2025 | 2020<br>(9 pgs) | Certificate of Service (RE: related document(s)2016 Joinder). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 08/15/2025) |
| 08/15/2025 | 2021<br>(1 pg) | Transcript Order Form regarding Hearing Date 8/15/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/15/2025) |
| 08/15/2025 | 2022<br>(1 pg) | Transcript Order Form regarding Hearing Date 8/15/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/15/2025) |
| 08/15/2025 | 2023<br>(98 pgs; 2 docs) | Amended Notice Regarding *Sale of Subject Property Located at 5537-5539 Missie Way, Sacramento, CA 95823* (RE: related document(s)1933 Notice Regarding *Sale of Subject Property Located at 5537-5539 Missie Way, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/15/2025) |
| 08/15/2025 | | Hearing Held 8/15/2025 at 11:00 AM (RE: related document(s) 1727 Notice Regarding *Sale of Subject Property Located at 110 Fordham Circle, Vallejo, CA 94589*). **Minutes:** The Motion is granted with additional provision stated on the record. Ms. Albert will submit the order. (rba) (Entered: 08/15/2025) |
| 08/15/2025 | 2024<br>(10 pgs) | Supplemental Brief/Memorandum in support of *Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)1547 Application for Compensation). Filed by Attorney Keller Benvenutti Kim LLP (Levinson Silveira, Dara) (Entered: 08/15/2025) |
| 08/15/2025 | 2025<br>(2 pgs) | Declaration of David A. Taylor in Support of *Supplemental Brief in Support of Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025* (RE: related document(s)2024 Support Brief/Memorandum). Filed by Attorney Keller Benvenutti Kim LLP (Levinson Silveira, Dara) (Entered: 08/15/2025) |
| 08/15/2025 | | Hearing Held 8/15/2025 at 10:00 AM (RE: related document(s) 1772 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Motion is granted. Mr. Levinson will submit the order. (rba) (Entered: 08/15/2025) |
| 08/15/2025 | 2026<br>(2 pgs) | Certificate of Service *of proposed Order Terminating Automatic Stay (APN # 128-422-075-000, Vineburg, California)* (RE: related document(s)1772 Motion for Relief From Stay, Motion for Adequate |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1

235/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 708 of 960

| | | |
|---|---|---|
| | | Protection). Filed by Creditor Y. Tito Sasaki and Janet L. Sasaki Trust (Levinson, Benjamin) (Entered: 08/15/2025) |
| 08/15/2025 | | Hearing Continued (RE: related document(s) 1750 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The parties requested continuance for **10/03/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** to allow the properties to be marketed by Debtors. (rba) (Entered: 08/15/2025) |
| 08/15/2025 | 2027 (11 pgs) | Stipulation *For Withdrawal of Obection and Amendment to Notice of Sale of Property Located at 110 Fordham Circle, Vallejo, CA 94589* Filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 (RE: related document(s)1727 Notice filed by Debtor LeFever Mattson, a California corporation, 1941 Objection filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4, 1963 Notice of Hearing filed by Debtor LeFever Mattson, a California corporation). (Garan, Todd) (Entered: 08/15/2025) |
| 08/15/2025 | 2028 (19 pgs) | Certificate of Service *re: Documents Served on August 7, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1965 Stipulation for Miscellaneous Relief, 1966 Order on Motion for Miscellaneous Relief, 1971 Stipulation for Miscellaneous Relief, 1972 Motion Miscellaneous Relief, 1973 Declaration, 1974 Motion Miscellaneous Relief, 1975 Declaration). (Gershbein, Evan) (Entered: 08/15/2025) |
| 08/18/2025 | 2029 (5 pgs) | Certificate of Service (RE: related document(s)2027 Stipulation Referring to Existing Document(s)). Filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 (Garan, Todd) (Entered: 08/18/2025) |
| 08/18/2025 | 2030 | Acknowledgment of Request for Transcript Received on 8/18/2025. (RE: related document(s)2022 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/18/2025) |
| 08/18/2025 | 2031 | Acknowledgment of Request for Transcript Received on 8/18/2025. (RE: related document(s)2021 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/18/2025) |
| 08/18/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2021 Regarding Hearing Date: 8/15/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2021 Transcript Order Form (Public Request)). (no) (Entered: 08/18/2025) |
| 08/18/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2022 Regarding Hearing Date: 8/15/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2022 Transcript Order Form (Public Request)). (no) (Entered: 08/18/2025) |

| | | |
|---|---|---|
| 08/18/2025 | 2032<br>(31 pgs) | Certificate of Service *re: Documents Served on August 4, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1931 Notice, 1932 Declaration, 1933 Notice, 1934 Declaration, 1935 Order on Application for Compensation, 1936 Order on Stipulation, 1937 Certification of No Objection). (Gershbein, Evan) (Entered: 08/18/2025) |
| 08/18/2025 | 2033<br>(3 pgs) | Order on Stipulation to Further Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank, 2015 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **9/19/2025 at 10:00 AM in/via Oakland Room 215 - Novack.**. (rba) (Entered: 08/18/2025) |
| 08/18/2025 | 2034<br>(3 pgs) | Order Approving Stipulation by and among Socotra Capital, Inc., LeFever Mattson, et Al., and the Official Committee of Unsecured Creditors and Designating Socotra Capital, Inc. as a Permitted Party under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocol [ECF No. 459] (RE: related document(s)1896 Stipulation for Miscellaneous Relief filed by Creditor Socotra Capital, Inc.). (rba) (Entered: 08/18/2025) |
| 08/18/2025 | 2035<br>(3 pgs) | Order Approving Stipulation for Withdrawal of Objection and Amendment to Notice of Sale for Property Located at 110 Fordham Circle, Vallejo, CA 94589 (RE: related document(s)1727 Notice filed by Debtor LeFever Mattson, a California corporation, 1941 Objection filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4, 1963 Notice of Hearing filed by Debtor LeFever Mattson, a California corporation, 2027 Stipulation Referring to Existing Document(s) filed by Creditor HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4). (rba) (Entered: 08/18/2025) |
| 08/18/2025 | 2036<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/15/2025 10:00:00 AM ]. File Size [ 3336 KB ]. Run Time [ 00:13:54 ]. (admin). (Entered: 08/18/2025) |
| 08/18/2025 | 2037<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/15/2025 11:00:07 AM ]. File Size [ 700 KB ]. Run Time [ 00:02:55 ]. (admin). (Entered: 08/18/2025) |
| 08/19/2025 | 2038<br>(24 pgs; 5 docs) | Transcript regarding Hearing Held 8/15/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 8/26/2025. Redaction Request Due By 09/9/2025. Redacted Transcript Submission Due By 09/19/2025. Transcript access will be restricted through 11/17/2025. (Gottlieb, Jason) (Entered: 08/19/2025) |

| 08/19/2025 | 2039 (27 pgs; 3 docs) | Transcript regarding Hearing Held 8/15/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 8/26/2025. Redaction Request Due By 09/9/2025. Redacted Transcript Submission Due By 09/19/2025. Transcript access will be restricted through 11/17/2025. (Gottlieb, Jason) (Entered: 08/19/2025) |
| --- | --- | --- |
| 08/19/2025 | 2040 (1 pg) | Notice of Change of Address Filed by Creditors Amanda Henry, as Trustee of the Frank Bragg Revocable Turst, Duggan's Mission Chapel (Young, Bennett) (Entered: 08/19/2025) |
| 08/19/2025 | 2041 (24 pgs) | Application to Employ Kidder Matthews as Real Estate Broker Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2042 (8 pgs) | Declaration of Peter Beauchamp in support of *Application of Debtor for Order Authorizing Employment of Kidder Matthews as Real Estate Broker* (RE: related document(s)2041 Application to Employ). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2043 (24 pgs) | Application to Employ Compass as Real Estate Broker Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2044 (8 pgs) | Declaration of Jeff Lokey in support of *Application of Debtor for Order Authorizing Employment of Compass as Real Estate Broker* (RE: related document(s)2043 Application to Employ). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2045 (92 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1191 Araquipa Court, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/19/2025) |
| 08/19/2025 | 2046 (115 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 3217 Walnut Avenue, Carmichael, CA 95608* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/19/2025) |
| 08/19/2025 | 2047 (3 pgs) | Declaration of Roop Purewal in Support of *Adequate Assurance of Future Performance by Pumco, Inc., a California Corporation, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 3217 Walnut Avenue, Carmichael, CA 95608* (RE: related document(s)2046 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/19/2025) |
| 08/19/2025 | 2048 (24 pgs) | Application to Employ W Real Estate - Sonoma as Real Estate Broker Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) |

| | | (Entered: 08/19/2025) |
|---|---|---|
| 08/19/2025 | 2049<br>(7 pgs) | Declaration of Savannah Wellander in support of *Application of Debtor for Order Authorizing Employment of W Real Estate as Real Estate Broker* (RE: related document(s)2048 Application to Employ). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2050<br>(92 pgs; 2 docs) | Notice Regarding *Sale of Subject Property at 5335-5337 Gibbons Drive, Carmichael CA 95608* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/19/2025) |
| 08/19/2025 | 2051<br>(2 pgs) | Declaration of Ines Diaz Villafana in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5535-5337 Gibbons Drive, Carmichael, CA 95608* (RE: related document(s)2050 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/19/2025) |
| 08/19/2025 | 2052<br>(24 pgs) | Application to Employ Premiere Estates as Real Estate Broker Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2053<br>(8 pgs) | Declaration of Todd Wohl in support of *Application of Debtor for Order Authorizing Employment of Premiere Estates as Real Estate Broker* (RE: related document(s)2052 Application to Employ). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/19/2025) |
| 08/19/2025 | 2054<br>(2 pgs) | Certification of No Objection (RE: related document(s)1951 Motion Miscellaneous Relief. Filed by Interested Party KS Mattson Partners, LP (McNeilly, Edward) (Entered: 08/19/2025) |
| 08/20/2025 | 2055<br>(1 pg) | Transcript Order Form regarding Hearing Date 8/20/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/20/2025) |
| 08/20/2025 | 2056<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 110 Fordham Circle, Vallejo, CA 94589* (RE: related document(s)1727 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/20/2025) |
| 08/20/2025 | 2057<br>(68 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1621 Hood Road, Sacramento, CA 95825* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/20/2025) |
| 08/20/2025 | 2058<br>(3 pgs) | Declaration of Vaibhav Puranik in Support of *Adequate Assurance of Future Performance by Golden State Fund 2025 LLC, a California Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 1621 Hood Road, Sacramento, CA 95825* (RE: related document(s)2057 Notice. Filed by Debtor LeFever |

| | | |
|---|---|---|
| | | Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/20/2025) |
| 08/20/2025 | 2059 (15 pgs) | Certificate of Service *re: Documents Served on August 11, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1987 Order on Stipulation, 1989 Order Granting Related Motion/Application, Order To Set Hearing, 1992 Order on Stipulation, 1993 Order Granting Related Motion/Application, Order To Set Hearing). (Gershbein, Evan) (Entered: 08/20/2025) |
| 08/20/2025 | 2060 (12 pgs) | Certificate of Service *re: 1) KS Mattson Partners, LPs Joinder to Debtors Preliminary Opposition to Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California); and 2) Supplemental Declaration of Robbin L. Itkin in Support of Debtors Motion for an Order Authorizing the Retention and Employment of Stapleton Group, a Part of J.S. Held LLC as Operations and Asset Manager, Effective as of the Relief Date* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2011 Joinder, 2017 Declaration). (Gershbein, Evan) (Entered: 08/20/2025) |
| 08/20/2025 | 2061 (28 pgs) | Certificate of Service *re: Documents Served on August 11, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)1983 Notice, 1984 Order Granting Related Motion/Application, 1985 Amended Order, 1986 Order Granting Related Motion/Application, 1988 Order on Stipulation, 1990 Order, 1991 Order Granting Related Motion/Application, 1994 Notice, 1995 Declaration, 1996 Application to Employ). (Gershbein, Evan) (Entered: 08/20/2025) |
| 08/20/2025 | 2062 (8 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 5513-5515 Missie Way, Sacramento, CA 95841* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2002 Certification of No Objection). (Gershbein, Evan) (Entered: 08/20/2025) |
| 08/20/2025 | | Hearing Continued (RE: related document(s) 1999 Ex Parte Motion for Protective Order *as to Discovery Propounded by the Official Committee of Unsecured Creditors*). **Minutes:** The Ex Parte Motion for Protective Order is continued to **08/22/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 08/20/2025) |
| 08/20/2025 | | Hearing Continued (RE: related document(s) 1951 Motion *for an Order (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols*). **Minutes:** The Motion is continued to **08/26/2025 at 01:00 PM in/via Oakland Room 215 - Novack.** to allow time to work on a revised proposed form of order. (rba) (Entered: 08/20/2025) |
| 08/20/2025 | 2063 (3 pgs) | Response / *Reservation of Rights* (RE: related document(s)1926 Motion for Relief From Stay, Motion for Adequate Protection). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 08/20/2025) |
| 08/20/2025 | 2064 (5 pgs) | Brief/Memorandum in Opposition to *Motion for Relief from the Automatic Stay* (RE: related document(s)1938 Motion for Relief From |

| | | |
|---|---|---|
| | | Stay). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/20/2025) |
| 08/20/2025 | 2065 (80 pgs; 10 docs) | Declaration of Gabrielle L. Albert in Support of *Debtors' Preliminary Opposition to Motion for Relief from the Automatic Stay* (RE: related document(s)1938 Motion for Relief From Stay, 2064Brief/Memorandum in Opposition). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit I # 8 Exhibit H # 9 Exhibit G) (Albert, Gabrielle)Modified on 8/21/2025 (klr). (Entered: 08/20/2025) |
| 08/20/2025 | 2066 (2 pgs) | Joinder *of the Official Committee of Unsecured Creditors to Debtors' Preliminary Opposition to Motion for Relief From the Automatic Stay* (RE: related document(s)1938 Motion for Relief From Stay, 2064Brief/Memorandum in Opposition ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason)Modified on 8/21/2025 (klr). (Entered: 08/20/2025) |
| 08/20/2025 | 2067 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/20/2025 11:00:00 AM ]. File Size [ 13416 KB ]. Run Time [ 00:55:54 ]. (admin). (Entered: 08/20/2025) |
| 08/21/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2055 Regarding Hearing Date: 8/20/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2055 Transcript Order Form (Public Request)). (myt) (Entered: 08/21/2025) |
| 08/21/2025 | 2068 (9 pgs) | Certificate of Service re: *Notice of Auction of Subject Property 7456 Foothills Boulevard, Roseville, CA 95747* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2008 Notice). (Gershbein, Evan) (Entered: 08/21/2025) |
| 08/21/2025 | 2069 (9 pgs) | Certificate of Service re: *1) Debtors Preliminary Opposition to Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California); 2) Order Approving Asset Sale of the Property Located at 5513- 5515 Missie Way, Sacramento, CA 95841; and 3) Stipulation to Further Continue Hearing on Citizens Business Banks Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2010 Opposition Brief/Memorandum, 2012 Order Granting Related Motion/Application, 2015 Stipulation to Continue Hearing). (Gershbein, Evan) (Entered: 08/21/2025) |
| 08/21/2025 | 2070 (25 pgs) | Certificate of Service re: *1) Amended Notice of Sale of Subject Property Located at 5537-5539 Missie Way, Sacramento, CA 95823; 2) Supplemental Brief in Support of Second Interim Fee Application of Keller Benvenutti Kim LLP for the Period January 1, 2025, Through April 30, 2025; and 3) Declaration of David A. Taylor in Support of Supplemental Brief in Support of Second Interim Fee Application of Keller Benvenutti Kim LLP* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2023 Notice, 2024 Support Brief/Memorandum, 2025 Declaration). (Gershbein, Evan) (Entered: 08/21/2025) |

| | | |
|---|---|---|
| 08/21/2025 | 2071 | Acknowledgment of Request for Transcript Received on 8/21/2025. (RE: related document(s)2055 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/21/2025) |
| 08/21/2025 | 2072 (89 pgs; 3 docs) | Order Approving Asset Sale of the Property Located at 110 Fordham Circle, Vallejo, CA 94589 (RE: related document(s)1727 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 # 2 Exhibit 1-1 to Exhibit A) (rba) (Entered: 08/21/2025) |
| 08/21/2025 | 2073 (25 pgs; 2 docs) | Fourth Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker (RE: related document(s)846 Order on Application to Employ). (Attachments: # 1 Exhibit 1) (rba) (Entered: 08/21/2025) |
| 08/21/2025 | 2074 (3 pgs) | Order Terminating Automatic Stay or Requiring Adequate Protection (APN # 128-422-075-000, Vineburg, California) (Related Doc # 1772)) (rba) (Entered: 08/21/2025) |
| 08/21/2025 | 2075 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2038 Transcript). Notice Date 08/21/2025. (Admin.) (Entered: 08/21/2025) |
| 08/21/2025 | 2076 (50 pgs) | Chapter 11 Monthly Operating Report for Case Number 24-10715 for the Month Ending: 07/31/2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/21/2025) |
| 08/22/2025 | 2077 (40 pgs; 4 docs) | Objection *to Notice of Sale of Subject Property Located at 7304-7306 Arleta Court, Sacramento, CA 95823* (RE: related document(s)1919 Notice). Filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR7 (Attachments: # 1 EX A - Deed of Trust # 2 EX B - Assignment # 3 EX C - Payoff Quote) (Norman, Robert) (Entered: 08/22/2025) |
| 08/22/2025 | 2078 (1 pg) | Transcript Order Form regarding Hearing Date 8/22/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/22/2025) |
| 08/22/2025 | 2079 (1 pg) | Transcript Order Form regarding Hearing Date 8/22/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/22/2025) |
| 08/22/2025 | 2080 (49 pgs; 3 docs) | Transcript regarding Hearing Held 8/20/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 8/29/2025. Redaction Request Due By 09/12/2025. Redacted Transcript Submission Due By 09/22/2025. Transcript access will be restricted through 11/20/2025. (Gottlieb, Jason) (Entered: 08/22/2025) |
| 08/22/2025 | | Hearing Held 8/22/2025 at 10:00 AM (RE: related document(s) 1926 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Motion is granted. Mr. Levinson will submit the order. (rba) (Entered: 08/22/2025) |
| 08/22/2025 | 2081 (2 pgs) | Certificate of Service *of proposed Order Terminating Automatic Stay* (RE: related document(s)1926 Motion for Relief From Stay, Motion for |

| | | |
|---|---|---|
| | | Adequate Protection). Filed by Creditor Michael R. and Ana R. Cavanaugh as Trustees of the Michael R. and Ana R. Cavanaugh Family Trust dated October 20, 2004 (Levinson, Benjamin) (Entered: 08/22/2025) |
| 08/22/2025 | 2082 (90 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7308-7310 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/22/2025) |
| 08/22/2025 | 2083 (68 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1161-1167 Broadway, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/22/2025) |
| 08/22/2025 | 2084 (2 pgs) | Declaration of Rodolfo C. Alcaraz in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 1161-1167 Broadway, Sonoma, CA 95476* (RE: related document(s)2083 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/22/2025) |
| 08/22/2025 | | Hearing Continued (RE: related document(s) 1938 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Court continues the motion for **09/12/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** to allow parties time to file memorandum of law not to exceed 10 pages as to whether automatic stay apply to pursue state court action in Solano County Superior Court. (rba) (Entered: 08/22/2025) |
| 08/22/2025 | | Hearing Held 8/22/2025 at 11:00 AM (RE: related document(s) 1910 Motion to Extend Time *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings*). **Minutes:** The Motion is granted. Mr. Rupp will submit the order. (rba) (Entered: 08/22/2025) |
| 08/22/2025 | | Hearing Continued (RE: related document(s) 1746 Motion to Appoint Trustee *for Live Oak Investments LP (24-10511)*, 1999 Ex Parte Motion for Protective Order *as to Discovery Propounded by the Official Committee of Unsecured Creditors*). **Minutes:** The hearing on the Motions is continued to **09/11/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** to allow parties time to resolve discovery deadlines. (rba) (Entered: 08/22/2025) |
| 08/22/2025 | | Hearing Held 8/22/2025 at 11:00 AM (RE: related document(s) 1921 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods*). **Minutes:** The Motion is granted as to all Chapter 11 cases except Live Oak Investments, LP. Mr. Rupp will submit the order. (rba) (Entered: 08/22/2025) |
| 08/22/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2078 Regarding Hearing Date: 8/22/2025. Transcription Service Provider: e-Scribers, Contact |

| | | |
|---|---|---|
| | | Information: sales@escribers.net (RE: related document(s)2078 Transcript Order Form (Public Request)). (klr) (Entered: 08/22/2025) |
| 08/22/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2079 Regarding Hearing Date: 8/22/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2079 Transcript Order Form (Public Request)). (klr) (Entered: 08/22/2025) |
| 08/22/2025 | 2086 (5 pgs) | Order Authorizing the Retention and Employment of Stapleton Group a Part of J.S.Held LLC as Operations and Asset Manager, Effective as of The Relief Date (RE: related document(s)2017 Declaration filed by Interested Party KS Mattson Partners, LP). (rba) (Entered: 08/24/2025) |
| 08/22/2025 | 2087 (3 pgs) | Order Terminating Automatic Stay (801 West Napa Street and 802 Studley Street, Sonoma, CA 95476) (Related Doc # 1926) (rba) (Entered: 08/24/2025) |
| 08/23/2025 | 2085 (2 pgs) | Certification of No Objection *Regarding Debtor's Motion for Order Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)1972 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (McNeilly, Edward) (Entered: 08/23/2025) |
| 08/25/2025 | 2088 (2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC (Abrams, Asaph) (Entered: 08/25/2025) |
| 08/25/2025 | 2089 (65 pgs) | Notice Regarding */ Notice of Filing of Revised Proposed Order Granting Motion (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and Procedures With Respect Thereto; and (3) Approving Confidentiality Protocols* (RE: related document(s)1951 Motion *for an Order (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 08/25/2025) |
| 08/25/2025 | 2090 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 370 Butcher Road, Vacaville, CA 95687* (RE: related document(s)1917 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/25/2025) |
| 08/25/2025 | 2091 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 501 Carpenter Street, Fairfield, CA 94533* (RE: related document(s)1908 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/25/2025) |
| 08/25/2025 | 2092 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 533 Bella Vista Drive, Suisun City, CA 94585* (RE: related document(s)1902 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/25/2025) |
| 08/25/2025 | 2093 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 905 Broadway Street, Fairfield, CA 94533* (RE: related document(s)1915 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/25/2025) |

| | | |
|---|---|---|
| 08/25/2025 | 2094<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 18585 Manzanita Road, Sonoma, CA 95476* (RE: related document(s)1904 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/25/2025) |
| 08/25/2025 | 2095<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/22/2025 11:00:05 AM ]. File Size [ 21551 KB ]. Run Time [ 01:29:48 ]. (admin). (Entered: 08/25/2025) |
| 08/26/2025 | 2096<br>(70 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [July 1, 2025, through July 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 08/26/2025) |
| 08/26/2025 | 2097 | Acknowledgment of Request for Transcript Received on 8/26/2025. (RE: related document(s)2078 Transcript Order Form (Public Request), 2079 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/26/2025) |
| 08/26/2025 | 2098<br>(4 pgs) | Order Extending the Time for Debtor KSMP to File Notices of Removal of Related Proceedings (Related Doc # 1972) (rba) (Entered: 08/26/2025) |
| 08/26/2025 | 2099<br>(4 pgs) | Order Further Extending the Time to File Notices of Removal of Related Proceedings (Related Doc # 1910) (rba) (Entered: 08/26/2025) |
| 08/26/2025 | 2100<br>(4 pgs) | Order Extending Plan Exclusive Periods (Related Doc # 1921) Chapter 11 Plan due by 10/31/2025. Disclosure Statement due by 10/31/2025. (rba) (Entered: 08/26/2025) |
| 08/26/2025 | 2101<br>(1 pg) | Transcript Order Form regarding Hearing Date 8/26/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 08/26/2025) |
| 08/26/2025 | 2102<br>(1 pg) | Copy Request. Completed in Oakland. (RE: related document(s)1906 Notice). (jbj). NOTE: Only pages 5-100 were printed. Modified on 8/26/2025 (trw). (Entered: 08/26/2025) |
| 08/26/2025 | 2103<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 2030 East Grayson Road, Ceres, CA 95307* (RE: related document(s)1931 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/26/2025) |
| 08/26/2025 | | Receipt Number 27QSEO01, Fee Amount $48.00 (RE: related document(s)2102 Copy Request). (trw) (Entered: 08/26/2025) |
| 08/26/2025 | 2104<br>(3 pgs) | Notice of Appointment of Creditors' Committee *SECOND AMENDED APPOINTMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS.* (Day, Jared) (Entered: 08/26/2025) |
| 08/26/2025 | | Hearing Held 8/26/2025 at 1:00 PM RE: 1951 Motion for an Order (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols- For the reasons stated on the record, the Motion is granted with changes stated on the record. Mr. McNeilly will submit the order. 1972 Motion for Order Extending the Time to File |

CANB Live Database

| | | |
|---|---|---|
| | | Notices of Removal of Related Proceedings. An Order Extending the Time for Debtor KSMP to File Notices of Removal of Related Proceedings was signed and docketed prior to hearing, docket #2098. Debtor KSMP will file an Application to Employ a Mediator by **9/10/2025**. The Employment Application is set for hearing on **09/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Any objection to the Employment Application can be raised at the hearing. (rba) (Entered: 08/26/2025) |
| 08/26/2025 | 2105 (79 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 370 Butcher Road, Vacaville, CA 95687 (RE: related document(s)1917 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/27/2025) |
| 08/26/2025 | 2106 (72 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 501 Carpenter Street, Fairfield, CA 94533 (RE: related document(s)1908 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/27/2025) |
| 08/26/2025 | 2107 (97 pgs; 3 docs) | Order Approving Asset Sale of the Property Located at 533 Bella Vista Drive, Suisun City, CA 94585 (Small Asset Sale) Lien Holder: JPMorgan Chase Bank, National Association (RE: related document(s)1902 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit 1-1 to Exhibit A # 2 Exhibit 1-2 to Exhibit A) (rba) (Entered: 08/27/2025) |
| 08/26/2025 | 2108 (72 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 905 Broadway Street, Fairfield, CA 94533 (RE: related document(s)1915 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/27/2025) |
| 08/26/2025 | 2109 (61 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 18585 Manzanita Road, Sonoma, CA 95476 (RE: related document(s)1904 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/27/2025) |
| 08/27/2025 | 2110 (8 pgs; 2 docs) | Statement of Monthly Fees and Expenses for Law Office of Donald S. Davidson, P.C. [July 1, 2025, Through July 31, 2025] Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2111 (71 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 2030 East Grayson Road, Ceres, CA 95307 (RE: related document(s)1931 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/27/2025) |
| 08/27/2025 | 2112 (3 pgs) | Amended Order Terminating Automatic Stay or Requiring Adequate Protection (APN # 128-422-075-000, Vineburg, California) (RE: related document(s)1772 Motion for Relief from Stay, 2074 Order on Motion for Relief From Stay, Order on Motion for Adequate Protection). (rba) (Entered: 08/27/2025) |
| 08/27/2025 | 2113 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | <u>2114</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2115</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2116</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2117</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2118</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2119</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2120</u><br>(91 pgs; 3 docs) | Transcript regarding Hearing Held 8/22/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 9/3/2025. Redaction Request Due By 09/17/2025. Redacted Transcript Submission Due By 09/29/2025. Transcript access will be restricted through 11/25/2025. (Gottlieb, Jason) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2121</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2122</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2123</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | <u>2124</u><br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2125</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2126</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2127</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2128</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2129</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2130</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2131</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2132</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2133</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2134</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | <u>2135</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2136</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2137</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2138</u><br>(31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2139</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2140</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2141</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2142</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2143</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2144</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2145</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | 2146<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2147<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2148<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2149<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2150<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2151<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2152<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2153<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2154<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2155<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2156<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | <u>2157</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2158</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2159</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2160</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2161</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2162</u><br>(29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2163</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2164</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2165</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2166</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | <u>2167</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |

| 08/27/2025 | 2168 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| --- | --- | --- |
| 08/27/2025 | 2169 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2170 (18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2171 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2172 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2173 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2174 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2175 (37 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 08/27/2025) |
| 08/27/2025 | 2176 (102 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 7575 Power Inn Road, Sacramento, CA 95828* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 08/27/2025) |
| 08/27/2025 | 2177 (3 pgs) | Declaration of Wei-Jen Harrison in Support of *Adequate Assurance of Future Performance by Acacia Residentials, LLC, a California Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7575 Power Inn Road, Sacramento, CA 95828* (RE: related document(s)2176 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | 2178<br>(93 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 7337 Power Inn Road, Sacramento, CA 95828* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 08/27/2025) |
| 08/27/2025 | 2179<br>(3 pgs) | Declaration of Wei-Jen Harrison in Support of *Adequate Assurance of Future Performance by Acacia Residentials, LLC, a California Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7337 Power Inn Road, Sacramento, CA 95828* (RE: related document(s)2178 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/27/2025) |
| 08/27/2025 | 2180<br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2080 Transcript). Notice Date 08/27/2025. (Admin.) (Entered: 08/27/2025) |
| 08/27/2025 | 2181<br>(1 pg) | ◄))) PDF with attached Audio File. Court Date & Time [ 8/26/2025 1:00:00 PM ]. File Size [ 6132 KB ]. Run Time [ 00:25:33 ]. (admin). (Entered: 08/27/2025) |
| 08/28/2025 | 2182<br>(2 pgs; 2 docs) | First Amended Transcript regarding Hearing Held 8/22/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 9/4/2025. Redaction Request Due By 09/18/2025. Redacted Transcript Submission Due By 09/29/2025. Transcript access will be restricted through 11/26/2025. (Gottlieb, Jason) (Entered: 08/28/2025) |
| 08/28/2025 | 2183<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 258 Lorraine Boulevard, San Leandro, CA 94577* (RE: related document(s)1957 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/28/2025) |
| 08/28/2025 | 2184<br>(35 pgs) | Order Granting Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols (Related Doc # 1951) (rba) (Entered: 08/28/2025) |
| 08/28/2025 | 2185<br>(85 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 258 Lorraine Boulevard, San Leandro, CA 94577 (RE: related document(s)1957 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 08/28/2025) |
| 08/28/2025 | 2186<br>(32 pgs) | Ex Parte Motion for Production of Documents *Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Pacific Premier Trust, a Division of The Pacific Premier Bank aka Columbia Bank; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official |

| | | |
|---|---|---|
| | | Committee of Unsecured Credtiors (Golden, Steven) (Entered: 08/28/2025) |
| 08/28/2025 | 2187 (32 pgs) | Ex Parte Motion for Production of Documents *Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Provident Trust Group, LLC; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Golden, Steven) (Entered: 08/28/2025) |
| 08/28/2025 | 2188 (9 pgs) | Certificate of Service *re: Documents Served on August 25, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2090 Certification of No Objection, 2091 Certification of No Objection, 2092 Certification of No Objection, 2093 Certification of No Objection, 2094 Certification of No Objection). (Gershbein, Evan) (Entered: 08/28/2025) |
| 08/28/2025 | 2189 (58 pgs) | Certificate of Service *re: Documents Served on August 19, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2033 Order on Stipulation, Order to Continued Hearing, 2045 Notice, 2046 Notice, 2047 Declaration, 2050 Notice, 2051 Declaration). (Gershbein, Evan) (Entered: 08/28/2025) |
| 08/28/2025 | 2318 (1 pg) | Letter to Court (RE: related document(s)1938 Motion for Relief From Stay). Filed by Creditor Mark Baker (rba) (Entered: 09/11/2025) |
| 08/29/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2101 Regarding Hearing Date: 8/26/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2101 Transcript Order Form (Public Request)). (rs) (Entered: 08/29/2025) |
| 08/29/2025 | 2190 (178 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 5818 Engle Road, Carmichael, CA 95608* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 08/29/2025) |
| 08/29/2025 | 2191 (110 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 5800 Engle Road, Carmichael, CA 95608* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 08/29/2025) |
| 08/29/2025 | 2192 (3 pgs) | Declaration of Joseph Ramos in Support of *Adequate Assurance of Future Performance by MJ Investors, LLC, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5800 Engle Road, Carmichael, CA 95608* (RE: related document(s)2191 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/29/2025) |

| | | |
|---|---|---|
| 08/29/2025 | 2193 | Acknowledgment of Request for Transcript Received on 8/29/2025. (RE: related document(s)2101 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 08/29/2025) |
| 08/29/2025 | 2194 (3 pgs) | Notice Regarding *Results of Auction of Subject Property 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)2008 Notice Regarding *Auction of Subject Property 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)1758 Notice Regarding *Sale of Subject Property Located at 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)). Filed by Debtor LeFever Mattson, a California corporation. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/29/2025) |
| 08/29/2025 | 2195 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7456 Foothills Boulevard, Roseville, CA 95747* (RE: related document(s)1758 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 08/29/2025) |
| 08/29/2025 | 2196 (3 pgs) | Response *United States Trustee's Limited Response and Reservation of Rights to KELLER BENVENUTTI KIM LLPS Supplemental Brief in Support of Second Interim Fee Application for the Period of January 1, 2025, Through April 30, 2025* (RE: related document(s)1547 Application for Compensation, 2024 Support Brief/Memorandum). Filed by U.S. Trustee Office of the U.S. Trustee / SR (Day, Jared)Modified on 9/14/2025 (ja). (Entered: 08/29/2025) |
| 08/29/2025 | 2197 (4 pgs) | Stipulation to Continue Hearing *on and Extend Deadline to Object on Motion (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (Ii) Authorizing The Use of the Dip Lenders Cash Collateral; (Iii) Granting Superpriority* Filed by Interested Party KS Mattson Partners, LP (RE: related document(s)1966 Order on Motion for Miscellaneous Relief). (Wynne, Richard) (Entered: 08/29/2025) |
| 08/30/2025 | 2198 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2120 Transcript). Notice Date 08/30/2025. (Admin.) (Entered: 08/30/2025) |
| 08/30/2025 | 2199 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2182 Transcript). Notice Date 08/30/2025. (Admin.) (Entered: 08/30/2025) |
| 09/01/2025 | 2200 (3 pgs) | Order Granting the Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry Of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination Of and Production of Documents by Pacific Premier Trust, a Division of the Pacific Premier Bank Aka Columbia Bank (Related Doc # 2186) (rba) (Entered: 09/01/2025) |
| 09/01/2025 | 2201 (3 pgs) | Order Granting the Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Provident Trust Group, Ll (Related Doc # 2187) (rba) (Entered: 09/01/2025) |

| 09/01/2025 | 2202 (93 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7456 Foothills Boulevard, Roseville, CA 95747 (RE: related document(s)2194 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/01/2025) |
|---|---|---|
| 09/02/2025 | 2203 (29 pgs; 3 docs) | Transcript regarding Hearing Held 8/26/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 9/9/2025. Redaction Request Due By 09/23/2025. Redacted Transcript Submission Due By 10/3/2025. Transcript access will be restricted through 12/1/2025. (Gottlieb, Jason) (Entered: 09/02/2025) |
| 09/02/2025 | 2204 (11 pgs) | Certificate of Service re: Documents Served on August 26, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2096 Statement, 2099 Order on Motion to Extend Time, 2100 Order on Motion to Extend/Limit Exclusivity Period, 2103 Certification of No Objection). (Gershbein, Evan) (Entered: 09/02/2025) |
| 09/02/2025 | 2205 (9 pgs) | Certificate of Service re: 1) Order Approving Asset Sale of the Property Located at 110 Fordham Circle, Vallejo, CA 94589; 2) Fourth Amended Order Authorizing Employment of Marcus & Millichap as Real Estate Broker; and 3) Order Terminating Automatic Stay or Requiring Adequate Protection (APN # 128-422-075-000, Vineburg, California) Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2072 Order Granting Related Motion/Application, 2073 Amended Order, 2074 Order on Motion for Relief From Stay, Order on Motion for Adequate Protection). (Gershbein, Evan) (Entered: 09/02/2025) |
| 09/03/2025 | 2206 (8 pgs) | Document: Disclosure Statements Pursuant to Rule 2019. Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Fallon, Michael) (Entered: 09/03/2025) |
| 09/03/2025 | 2207 (4 pgs) | Third Stipulation to Extend Time to Assume or Reject Headquarters Lease Filed by Debtor LeFever Mattson, a California corporation. (Rupp, Thomas) (Entered: 09/03/2025) |
| 09/04/2025 | 2208 (3 pgs) | Certification of No Objection Regarding Notice of Sale of Subject Property Located at 7303-7305 Berna Way, Sacramento, CA 95823 (RE: related document(s)1994 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/04/2025) |
| 09/04/2025 | 2209 (3 pgs) | Certification of No Objection Regarding Amended Notice of Sale of Subject Property Located at 7339-7341 Arleta Court, Sacramento, CA 95823 (RE: related document(s)1983 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/04/2025) |
| 09/05/2025 | 2210 (8 pgs) | Certificate of Service re: Order Approving Asset Sale of the Property Located at 7456 Foothills Boulevard, Roseville, CA 95747 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2202 Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 09/05/2025) |

| 09/05/2025 | 2211 (1 pg) | Request for Notice Filed by Interested Party Kenneth Mattson (Auerbach, Ruth) (Entered: 09/05/2025) |
|---|---|---|
| 09/05/2025 | 2212 (2 pgs) | Notice Regarding / *Notice of Sixth Virtual Town Hall Meeting* Filed by Creditor Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 09/05/2025) |
| 09/05/2025 | 2213 (11 pgs; 2 docs) | Response *Socotra Capital, Inc.'s Response and Reservation of Rights with Respect to Motion of Debtor For Interim and Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (RE: related document(s)1892 Motion Miscellaneous Relief). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Certificate of Service) (Cohen, Theodore) (Entered: 09/05/2025) |
| 09/05/2025 | 2214 (2 pgs) | Reply *in Support of Supplemental Brief in Support of Second Interim Fee Application of Keller Benvenutti Kim LLP for the Period January 1, 2025, Through April 30, 2025* (RE: related document(s)2024 Support Brief/Memorandum). Filed by Debtor LeFever Mattson, a California corporation (Levinson Silveira, Dara) (Entered: 09/05/2025) |
| 09/05/2025 | 2215 (36 pgs; 2 docs) | Motion *of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims, and Encumbrances and Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2216 (6 pgs; 2 docs) | Notice Regarding *Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief* (RE: related document(s)2215 Motion *of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims, and Encumbrances and Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2217 (242 pgs; 8 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief* (RE: related document(s)2215 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2218 (3 pgs) | Declaration of Ramon Kochavi in Support of *Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief (17700 Sonoma Hwy, Sonoma, CA)* (RE: related document(s)2215 Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2219 (4 pgs) | Declaration of Maurice Tegelaar in Support of *Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital,* |

| | | |
|---|---|---|
| | | *Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief (19340 7th St. E., Sonoma, CA and 424 2nd St. W., Sonoma, CA)* (RE: related document(s)2215 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2220 (3 pgs) | Declaration of Mark Stornetta in Support of *Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief (900 E. Napa St., Sonoma, CA)* (RE: related document(s)2215 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2221 (3 pgs) | Order On Stipulation To Continue Hearing On Motion (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting Superpriority (RE: related document(s)1892 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP, 2197 Stipulation to Continue Hearing filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 9/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rs) (Entered: 09/05/2025) |
| 09/05/2025 | 2222 (4 pgs) | Declaration of Daniel Casabonne in Support of *Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief (24321 Arnold Dr., Sonoma, CA and 1025 Napa Rd., Sonoma, CA)* (RE: related document(s)2215 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2223 (4 pgs) | Order Granting Third Stipulation To Extend Time To Assume Or Reject Headquarters Lease (RE: related document(s)2207 Stipulation to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rs) (Entered: 09/05/2025) |
| 09/05/2025 | 2224 (3 pgs) | Declaration of Sean S. Payne in Support of *Adequate Assurance of Future Performance by the Sean S. Payne Trust Dated October 31, 2024 with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 17700 Sonoma Highway, Sonoma, CA 95476* (RE: related document(s)2215 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2225 (2 pgs) | Declaration of Julia Keiser in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 424 2nd St. W., Sonoma, CA* (RE: related document(s)2215 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/05/2025) |
| 09/05/2025 | 2226 (57 pgs) | Chapter 11 Plan of Reorganization *Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)364 Order on Motion to Extend/Limit Exclusivity Period, 680 Order on Motion to Extend/Limit Exclusivity Period, 1221 Order on Motion to Extend/Limit Exclusivity Period, 1522 Order on Motion to |

| | | |
|---|---|---|
| | | Extend/Limit Exclusivity Period, 2100 Order on Motion to Extend/Limit Exclusivity Period). (Rupp, Thomas) (Entered: 09/05/2025) |
| 09/05/2025 | 2227 (71 pgs) | Notice Regarding *Notice of Filing of Proposed Final Order on DIP Financing Motion and Debtor-in-Possession Loan and Security Agreement* (RE: related document(s)1892 Motion / *Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling A Final Hearing; and (VI) Granting Related Relief* Filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/05/2025) |
| 09/05/2025 | 2228 (26 pgs) | Application to Employ Douglas Elliman as Real Estate Broker Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/05/2025) |
| 09/05/2025 | 2229 (8 pgs) | Declaration of Jonathan Butler in support of *Application of Debtor for Order Authorizing Employment of Douglas Elliman as Real Estate Broker* (RE: related document(s)2228 Application to Employ). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/05/2025) |
| 09/05/2025 | 2230 (89 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7303-7305 Berna Way, Sacramento, CA 95823 (RE: related document(s)1994 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/08/2025) |
| 09/05/2025 | 2231 (85 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7339-7341 Arleta Court, Sacramento, CA 95823 (RE: related document(s)1983 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/08/2025) |
| 09/05/2025 | | Hearing Set On (RE: related document(s)2215 Motion *of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims, and Encumbrances and Related Relief*). **Hearing scheduled for 10/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/08/2025) |
| 09/06/2025 | | Hearing Continued from 9/12/2025 at 11:00 AM to 9/19/2025 at 11:00 AM by Order On Stipulation To Continue Hearing signed 9/5/2025. (RE: related document(s) 1892 Motion / Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The Dip Lenders Cash Collateral; (III) Granting). **Hearing scheduled for 09/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/06/2025) |
| 09/08/2025 | 2232 (23 pgs) | Certificate of Service *re: Documents Served on August 20, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2056 Certification of No Objection, 2057 Notice, 2058 Declaration, 2064 Opposition Brief/Memorandum, 2065 Declaration). (Gershbein, Evan) (Entered: 09/08/2025) |

| | | |
|---|---|---|
| 09/08/2025 | <u>2233</u><br>(28 pgs) | Certificate of Service *re: 1) Notice of Sale of Subject Property Located at 7308-7310 Arleta Court, Sacramento, CA 95823; 2) Notice of Sale of Subject Property Located at 1161-1167 Broadway, Sonoma, CA 95476; and 3) Declaration of Rodolfo C. Alcaraz in Support of Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 1161-1167 Broadway, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>2082</u> Notice, <u>2083</u> Notice, <u>2084</u> Declaration). (Gershbein, Evan) (Entered: 09/08/2025) |
| 09/08/2025 | <u>2234</u><br>(9 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 7303-7305 Berna Way, Sacramento, CA 95823; and 2) Certificate of No Objection Regarding Amended Notice of Sale of Subject Property Located at 7339-7341 Arleta Court, Sacramento, CA 95823* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>2208</u> Certification of No Objection, <u>2209</u> Certification of No Objection). (Gershbein, Evan) (Entered: 09/08/2025) |
| 09/08/2025 | <u>2235</u><br>(7 pgs) | Stipulation, Withdrawal of Limited Objection and Amendment to Notice of Sale of Property Located at 7304-7306 Arleta Court, Sacramento, CA 95823 Filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR7 (RE: related document(s)<u>1919</u> Notice filed by Debtor LeFever Mattson, a California corporation, <u>2077</u> Objection filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR7). (Norman, Robert) (Entered: 09/08/2025) |
| 09/08/2025 | <u>2236</u><br>(3 pgs) | Certification of No Objection *Regarding Amended Notice of Sale of Subject Property Located at 5537-5539 Missie Way, Sacramento, CA 95823* (RE: related document(s)<u>2023</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/08/2025) |
| 09/08/2025 | <u>2237</u><br>(4 pgs) | Stipulation, for the Distribution of Proceeds from the Sale of Property Located at 1161-1167 Broadway, CA 95476 (Socotra Capital) Filed by Debtor LeFever Mattson, a California corporation. (Albert, Gabrielle). Related document(s) <u>2083</u> Notice filed by Debtor LeFever Mattson, a California corporation. Modified on 9/10/2025 (bg). (Entered: 09/08/2025) |
| 09/08/2025 | <u>2238</u><br>(2 pgs) | Statement of Non-Opposition *to Motion for Relief from the Automatic Stay* (RE: related document(s)<u>1938</u> Motion for Relief From Stay). Filed by Debtor LeFever Mattson, a California corporation (Davis, Matthew) (Entered: 09/08/2025) |
| 09/08/2025 | <u>2239</u><br>(75 pgs) | Statement of / Fourth Monthly Fee Statement of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from April 1, 2025 Through April 30, 2025 (RE: related document(s)<u>356</u> Order on Motion for Miscellaneous Relief, <u>1234</u> Order on Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 09/08/2025) |

| | | |
|---|---|---|
| 09/08/2025 | 2240<br>(14 pgs) | Order Authorizing the Retention and Employment of Compass as Real Estate Broker, Effective as of the Relief Date (Related Doc # 2043) (rba) (Entered: 09/08/2025) |
| 09/08/2025 | 2241<br>(14 pgs) | Order Authorizing the Retention and Employment of Premiere Estates as Real Estate Broker, Effective as of the Relief Date (Related Doc # 2052) (rba) (Entered: 09/08/2025) |
| 09/08/2025 | 2242<br>(14 pgs) | Order Authorizing the Retention and Employment of W Real Estate - Sonoma as Real Estate Broker, Effective as of the Relief Date (Related Doc # 2048) (rba) (Entered: 09/08/2025) |
| 09/08/2025 | 2243<br>(14 pgs) | Order Authorizing the Retention and Employment of Kidder Matthews as Real Estate Broker, Effective as of the Relief Date (Related Doc # 2041) (rba) (Entered: 09/08/2025) |
| 09/08/2025 | 2244<br>(94 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5537-5539 Missie Way, Sacramento, CA 95823 (RE: related document(s)2023 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/08/2025) |
| 09/09/2025 | 2245<br>(4 pgs) | Certificate of Service (RE: related document(s)2239 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 09/09/2025) |
| 09/09/2025 | 2246<br>(42 pgs) | Certificate of Service re: Documents Served on August 27, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2105 Order Granting Related Motion/Application, 2106 Order Granting Related Motion/Application, 2107 Order Granting Related Motion/Application, 2108 Order Granting Related Motion/Application, 2109 Order Granting Related Motion/Application, 2110 Statement, 2111 Order Granting Related Motion/Application, 2176 Notice, 2177 Declaration, 2178 Notice, 2179 Declaration). (Gershbein, Evan) (Entered: 09/09/2025) |
| 09/09/2025 | 2247<br>(9 pgs) | Certificate of Service re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 258 Lorraine Boulevard, San Leandro, CA 94577; and 2) Order Approving Asset Sale of the Property Located at 258 Lorraine Boulevard, San Leandro, CA 94577 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2183 Certification of No Objection, 2185 Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 09/09/2025) |
| 09/09/2025 | 2248<br>(12 pgs) | Certificate of Service re: Documents Served on or Before August 20, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2041 Application to Employ, 2042 Declaration, 2043 Application to Employ, 2044 Declaration, 2048 Application to Employ, 2049 Declaration, 2052 Application to Employ, 2053 Declaration, 2054 Certification of No Objection). (Gershbein, Evan) (Entered: 09/09/2025) |
| 09/09/2025 | 2249<br>(12 pgs) | Certificate of Service re: 1) Order Authorizing the Retention and Employment of Stapleton Group a Part of J.S. Held LLC as Operations and Asset Manager, Effective as of the Relief Date; and 2) Notice of Filing of Revised Proposed Order Granting Motion (1) Establishing Bar Dates; (2) Approving Form and Manner of Notice of Bar Date and |

| | | |
|---|---|---|
| | | *Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2086 Order Granting Related Motion/Application, 2089 Notice. (Gershbein, Evan) (Entered: 09/09/2025) |
| 09/09/2025 | 2250 (11 pgs) | Certificate of Service *re: Order Extending the Time for Debtor KSMP to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (related document(s)2098 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 09/09/2025) |
| 09/09/2025 | 2251 (28 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule E/F *Autumn Wood I, LP; Case No. 24-10488*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2252 (40 pgs; 2 docs) | Amended Schedule A/B, Schedule G, Schedule H,. , Amended Schedule D Schedule E/F *Beach Pine, LP; Case No. 24-10490*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2253 (30 pgs; 2 docs) | Amended Schedule A/B,. *Bishop Pine, LP; Case No. 24-10491* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2254 (30 pgs; 2 docs) | Amended Schedule A/B,. *Buck Avenue Apartments, LP; Case No. 24-10493* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2255 (24 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Black Walnut, LP; Case No. 24-10492*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2256 (29 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Buckeye Tree, LP; Case No. 24-10494*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2257 (22 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Bur Oak, LP; Case No. 24-10495*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2258 (29 pgs; 2 docs) | Amended Schedule A/B,. *Butcher Road Partners, LLC; Case No. 24-10496* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2259 (30 pgs; 2 docs) | Amended Schedule A/B,. *California Investment Properties, a California corporation* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2260 (36 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Cambria Pine, LP; Case No. 24-10497*. Fee Amount $34. Filed by Debtor LeFever |

| | | |
|---|---|---|
| | | Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2261 (36 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Chestnut Oak, LP; Case No. 24-10498*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2262 (34 pgs; 2 docs) | Amended Schedule A/B,. , Amended Schedule E/F *Country Oaks I, LP; Case No. 24-10499*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2263 (33 pgs; 2 docs) | Amended Schedule A/B,. , Amended Schedule E/F *Divi Divi Tree, L.P.; Case No. 24-10500*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2264 (40 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D *Firetree I, LP; Case No. 24-10502*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2265 (18 pgs; 2 docs) | Amended Schedule H,. *Firetree II, LP; Case No. 24-10503* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2266 (23 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Firetree III, LP; Case No. 24-10504*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2267 (52 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *Foxtail Pine, LP; Case No. 24-10505*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2268 (29 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Ginko Tree, LP; Case No. 24-10506*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2269 (21 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Golden Tree, LP; Case No. 24-10507*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2270 (31 pgs; 2 docs) | Amended Schedule A/B,. *Hagar Properties, LP; Case No. 24-10508* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2271 (30 pgs; 2 docs) | Amended Schedule A/B,. *Heacock Park Apartments, LP; Case No. 24-10509* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |

| 09/09/2025 | [2272](#) (37 pgs; 2 docs) | Amended Schedule A/B, Schedule G,. *Home Tax Service of America, Inc.; Case No. 24-10544* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
|---|---|---|
| 09/09/2025 | [2273](#) (105 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *LeFever Mattson, a California corporation; Case No. 24-10545.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2274](#) (30 pgs; 2 docs) | Amended Schedule A/B,. *Live Oak Investments, LP; Case No. 24-10511* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2275](#) (35 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D *Monterey Pine, LP; Case No. 24-10512.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2276](#) (30 pgs; 2 docs) | Amended Schedule A/B,. *Napa Elm, LP; Case No. 24-10513* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2277](#) (39 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *Nut Pine, LP; Case No. 24-10514.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2278](#) (40 pgs; 2 docs) | Amended Schedule A/B, Schedule G, Schedule H,. , Amended Schedule D Schedule E/F *Pinecone, LP; Case No. 24-10515.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2279](#) (40 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule E/F *Pinewood Condominiums, LP; Case No. 24-10598.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2280](#) (22 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Red Cedar Tree, LP; Case No. 24-10517.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2281](#) (22 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Red Mulberry Tree, LP; Case No. 24-10518.* Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2282](#) (32 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. *Red Oak Tree, LP; Case No. 24-10520* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | [2283](#) (40 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Red Oak, LP; Case No. 24-10519.* Fee Amount $34. Filed by Debtor LeFever |

| | | Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
|---|---|---|
| 09/09/2025 | 2284 (38 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *Red Spruce Tree, LP; Case No. 24-10521*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2285 (42 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *River Birch, LP; Case No. 24-10522*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2286 (21 pgs; 2 docs) | Amended Schedule E/F *River Tree Partners, LP; Case No. 24-10523*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2287 (26 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule E/F *River View Shopping Center 1, LLC; Case No. 24-10524*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2288 (26 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule E/F *River View Shopping Center 2, LLC; Case No. 24-10525*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2289 (26 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *RT Capitol Mall, LP; Case No. 24-10526*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2290 (21 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *RT Golden Hills, LP; Case No. 24-10527*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2291 (42 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Scotch Pine, LP; Case No. 24-10528*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2292 (6 pgs; 2 docs) | Corrected Notice of Hearing *on Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief* (RE: related document(s)2215 Motion *of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims, and Encumbrances and Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 10/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Summary of Terms of Sale Agreements) (Davis, M.) (Entered: 09/09/2025) |
| 09/09/2025 | 2293 (30 pgs; 2 docs) | Amended Schedule A/B,. *Sequoia Investment Properties, LP; Case No. 24-10529* Filed by Debtor LeFever Mattson, a California corporation |

| | | (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
|---|---|---|
| 09/09/2025 | 2294 (51 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. *Sienna Pointe, LLC; Case No. 24-10530*, Amended Schedule D Schedule E/F . Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2295 (38 pgs; 2 docs) | Amended Schedule A/B, Schedule G,. , Amended Schedule E/F *Tradewinds Apartments, LP; Case No. 24-10533*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2296 (28 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule E/F *Vaca Villa Apartments, LP; Case No. 24-10534*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2297 (45 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Valley Oak Investments, LP; Case No. 24-10535*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2298 (33 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. *Watertree I, LP; Case No. 24-10536* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2299 (42 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D Schedule E/F *Willow Oak, LP; Case No. 24-10537*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2300 (80 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *Windscape Apartments, LLC; Case No. 24-10417*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2301 (33 pgs; 2 docs) | Amended Schedule A/B,. , Amended Schedule E/F *Windscape Holdings, LLC; Case No. 24-10540*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2302 (21 pgs; 2 docs) | Amended Schedule H,. , Amended Schedule D *Windtree, LP; Case No. 24-10541*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2303 (39 pgs; 2 docs) | Amended Schedule A/B, Schedule H,. , Amended Schedule D Schedule E/F *Yellow Poplar, LP; Case No. 24-10542*. Fee Amount $34. Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 2304 (40 pgs; 2 docs) | Amended Statement of Financial Affairs for Non-Individual *Pinecone, LP; Case No. 24-10515* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |

| | | |
|---|---|---|
| 09/09/2025 | 2305<br>(41 pgs; 2 docs) | Amended Statement of Financial Affairs for Non-Individual *Tradewinds Apartments, LP; Case No. 24-10533* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 General Notes) (Rupp, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2251 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2252 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2255 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2256 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2257 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2260 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2261 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2262 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2263 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2264 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |

| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2266 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2267 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2268 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2269 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2273 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2275 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2277 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2278 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2279 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2280 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2281 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |

| | | |
|---|---|---|
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2283 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2284 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2285 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2286 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2287 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2288 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2289 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2290 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2291 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2294 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2295 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |

| | | |
|---|---|---|
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2296 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2297 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2299 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2300 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2301 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2302 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)( 24-10545) [misc,amdsch] ( 34.00). Receipt number A34076382, amount $ 34.00 (re: Doc# 2303 Amended Schedules (D, E, and F - Fee Required)) (U.S. Treasury) (Entered: 09/09/2025) |
| 09/09/2025 | 2319 (23 pgs) | Brief in Opposition of Automatic Stay of ADA Claim (RE: related document(s)1938 Motion for Relief From Stay). Filed by Creditor Mark Baker (rba) (Entered: 09/11/2025) |
| 09/10/2025 | 2306 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1191 Araquipa Court, Vacaville, CA 95687* (RE: related document(s)2045 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/10/2025) |
| 09/10/2025 | 2307 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5335-5337 Gibbons Drive, Carmichael CA 95608* (RE: related document(s)2050 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/10/2025) |
| 09/10/2025 | 2308 (14 pgs; 2 docs) | Joint Motion *of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 09/10/2025) |

| | | |
|---|---|---|
| 09/10/2025 | 2309<br>(12 pgs; 3 docs) | Declaration of Lee R. Bogdanoff in Support of *Joint Motion of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital* (RE: related document(s)2308 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 09/10/2025) |
| 09/10/2025 | 2310<br>(4 pgs) | Declaration of Robbin L. Itkin in Support of *Motion of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital* (RE: related document(s)2308 Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/10/2025) |
| 09/10/2025 | 2311<br>(4 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital* (RE: related document(s)2308 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/10/2025) |
| 09/10/2025 | 2312<br>(3 pgs) | Notice of Hearing *on Joint Motion of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital* (RE: related document(s)2308 Joint Motion *of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 9/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/10/2025) |
| 09/11/2025 | 2313<br>(13 pgs) | Certificate of Service *re: Order Granting Motion for an Order (1) Establishing Bar Date; (2) Approving Form and Manner of Notice of Bar Date and Procedures with Respect Thereto; and (3) Approving Confidentiality Protocols* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2184 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 09/11/2025) |
| 09/11/2025 | 2314<br>(1 pg) | Transcript Order Form regarding Hearing Date 9/11/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/11/2025) |
| 09/11/2025 | 2315<br>(13 pgs) | Certificate of Service *re: Stipulation to Continue Hearing on and Extend Deadline to Object on Motion (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2197 Stipulation to Continue Hearing). (Gershbein, Evan) (Entered: 09/11/2025) |
| 09/11/2025 | 2316<br>(21 pgs) | Certificate of Service *re: Documents Served on August 29, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2190 Notice, 2191 Notice, 2192 Declaration, 2194 Notice, 2195 Certification of No Objection). (Gershbein, Evan) (Entered: 09/11/2025) |
| 09/11/2025 | 2317<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1621 Hood Road, Sacramento, CA 95825* (RE: |

| | | |
|---|---|---|
| | | related document(s)2057 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/11/2025) |
| 09/11/2025 | | Hearing Continued (RE: related document(s) 1746 Motion to Appoint Trustee *for Live Oak Investments LP (24-10511)*, 1999 Ex Parte Motion for Protective Order *as to Discovery Propounded by the Official Committee of Unsecured Creditors*). **Minutes:** The Court continued the hearing on the Motions to **10/03/2025 at 02:00 PM in/via Oakland Room 215 - Novack.** to permit Mr. Sharp's deposition to be taken by September 22, 2025. (rba) (Entered: 09/11/2025) |
| 09/11/2025 | | **DOCKET TEXT ORDER** (no separate order issued:) On August 28, 2025, The Creditor filed a Letter to Court requesting to change the hearing on Motion for Relief from Stay currently scheduled for September 12, 2025 at 10:00 AM. IT IS HEREBY ORDERED, the hearing is continued to September 26, 2025 at 10:00 AM as requested. (RE: related document(s)1938 Motion for Relief From Stay filed by Creditor Mark Baker, 2318 Document filed by Creditor Mark Baker). (rba) (Entered: 09/11/2025) |
| 09/11/2025 | | Hearing Continued from 9/12/2025 at 10:00 AM to 9/26/2025 at 10:00 AM by Docket Text Order entered 9/11/2025. (RE: related document(s) 1938 Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 09/26/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/11/2025) |
| 09/11/2025 | 2320 (3 pgs) | Stipulation, Revise Briefing Schedule / *Stipulation to Revise Briefing Schedule on Motion for Relief From Stay Re: First Street and Natomoa Properties* Filed by Interested Party KS Mattson Partners, LP. (Wynne, Richard) (Entered: 09/11/2025) |
| 09/11/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2314 Regarding Hearing Date: 9/11/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2314 Transcript Order Form (Public Request)). (klr) (Entered: 09/11/2025) |
| 09/11/2025 | 2321 (1 pg) | PDF with attached Audio File. Court Date & Time [ 9/11/2025 11:00:00 AM ]. File Size [ 2204 KB ]. Run Time [ 00:09:11 ]. (admin). (Entered: 09/11/2025) |
| 09/11/2025 | 2334 (3 pgs) | Order Approving Stipulation for the Distribution of Proceeds from the Sale of Property Located at 1161-1167 Broadway, Sonoma, CA 95476 (Socotra Capital) (RE: related document(s)2237 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 09/13/2025) |
| 09/11/2025 | 2335 (88 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1191 Araquipa Court, Vacaville, CA 95687 (RE: related document(s)2045 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/13/2025) |
| 09/11/2025 | 2336 (88 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5335-5337 Gibbons Drive, Carmichael, CA 95608 (RE: related document(s)2050 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/13/2025) |

| | | |
|---|---|---|
| 09/11/2025 | 2337<br>(62 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1621 Hood Road, Sacramento, CA 95825 (RE: related document(s)2057 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/13/2025) |
| 09/11/2025 | 2338<br>(3 pgs) | Order Approving Stipulation to Revise Briefing Schedule on Motion for Relief from Stay Re: First Street and Natomoa Properties (RE: related document(s)2320 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 11/14/2025 at 10:00 AM in/via Oakland Room 215 - Novack** (rba) (Entered: 09/13/2025) |
| 09/12/2025 | 2322 | Acknowledgment of Request for Transcript Received on 9/12/2025. (RE: related document(s)2314 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 09/12/2025) |
| 09/12/2025 | 2323<br>(1 pg) | Transcript Order Form regarding Hearing Date 9/12/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/12/2025) |
| 09/12/2025 | 2324<br>(3 pgs) | Supplemental Declaration of Josh H. Escovedo in Support of *Application of Debtors for Order Authorizing Employment of Buchalter, a Professional Corporation, as Special Litigation Counsel* (RE: related document(s)1359 Application to Employ, 1360 Declaration). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/12/2025) |
| 09/12/2025 | 2325<br>(29 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Buchalter, P.C. [May 1, 2025, through July 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 09/12/2025) |
| 09/12/2025 | 2326<br>(66 pgs) | Statement of / Third Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of March 1, 2025 Through March 31, 2025 (RE: related document(s)356 Order on Motion for Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 09/12/2025) |
| 09/12/2025 | 2327<br>(4 pgs) | Certificate of Service (RE: related document(s)2326 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 09/12/2025) |
| 09/12/2025 | 2328<br>(11 pgs) | Motion to Extend Time *to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to section 365(d)(4) of the Bankruptcy Code* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/12/2025) |
| 09/12/2025 | 2329<br>(2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief From the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 11/7/2025 at 10:00 AM Oakland Room 215 - Novack for 1686,.** (Albert, Gabrielle) (Entered: 09/12/2025) |

| | | |
|---|---|---|
| 09/12/2025 | [2330](#) (3 pgs) | Declaration of Robbin L. Itkin in In support of *Debtor KSMP's Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to section 365(d)(4) of the Bankruptcy Code* (RE: related document(s)[2328](#) Motion to Extend Time). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/12/2025) |
| 09/12/2025 | [2331](#) (3 pgs) | Notice of Hearing *on Debtor KSMP's Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to section 365(d)(4) of the Bankruptcy Code* (RE: related document(s)[2328](#) Motion to Extend Time *to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to section 365(d)(4) of the Bankruptcy Code* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 10/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/12/2025) |
| 09/12/2025 | [2332](#) (4 pgs) | Omnibus Certification of No Objection *Regarding Monthly Professional Fee Statements* (RE: related document(s)[1977](#) Statement, [2096](#) Statement, [2110](#) Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/12/2025) |
| 09/12/2025 | [2333](#) (19 pgs; 2 docs) | Amended Application to Employ CBRE, Inc. as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # [1](#) Exhibit A) (Albert, Gabrielle) (Entered: 09/12/2025) |
| 09/12/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2323 Regarding Hearing Date: 9/12/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)[2323](#) Transcript Order Form (Public Request)). (klr) (Entered: 09/12/2025) |
| 09/12/2025 | | Hearing Held 9/12/2025 at 11:00 AM (RE: related document(s) [1547](#) Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, through April 30, 2025 for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,402,980.00, Expenses: $4,225.60.). **Minutes:** For the reasons stated on the record, the Second Interim Fee Application of Keller Benvenutti Kim LLP is granted. The court awards Keller Benvenutti Kim LLP's Fee $1,387,556.25 and $4,225.60 in Expenses. Mr. Keller will submit the order. (rba) (Entered: 09/13/2025) |
| 09/12/2025 | | Hearing Continued from 9/12/2025 at 11:00 AM to 9/19/2025 at 11:00 AM Approved by the Court (RE: related document(s) [26](#) Order and Notice of Status Conference Chp 11). **Hearing scheduled for 09/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/13/2025) |
| 09/15/2025 | [2339](#) (18 pgs; 3 docs) | Transcript regarding Hearing Held 9/11/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 9/22/2025. Redaction Request Due By 10/6/2025. Redacted Transcript |

| | | |
|---|---|---|
| | | Submission Due By 10/16/2025. Transcript access will be restricted through 12/15/2025. (Gottlieb, Jason) (Entered: 09/15/2025) |
| 09/15/2025 | 2340 | Acknowledgment of Request for Transcript Received on 9/15/2025. (RE: related document(s)2323 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 09/15/2025) |
| 09/15/2025 | 2341 (3 pgs) | Order on Stipulation to Further Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank, 2329 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 11/7/2025 at 10:00 AM Oakland Room 215 - Novack.** (rba) (Entered: 09/15/2025) |
| 09/15/2025 | | Hearing Continued from 9/19/2025 at 10:00 AM to 11/7/2025 at 10:00 AM by Order on Stipulation to Further Continue Hearing signed 9/15/2025, docket #2341. (RE: related document(s) 1686 Second Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 11/07/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/15/2025) |
| 09/15/2025 | 2342 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7308-7310 Arleta Court, Sacramento, CA 95823* (RE: related document(s)2082 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/15/2025) |
| 09/15/2025 | 2343 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1161-1167 Broadway, Sonoma, CA 95476* (RE: related document(s)2083 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/15/2025) |
| 09/15/2025 | 2344 (4 pgs) | Stipulation, for the Amendment to Notice of Sale of Property at 3217 Walnut Avenue, Carmichael, CA 95608 Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2046 Notice filed by Debtor LeFever Mattson, a California corporation). (Albert, Gabrielle) (Entered: 09/15/2025) |
| 09/15/2025 | 2345 (56 pgs; 2 docs) | Adversary case 25-01017. 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) Complaint by KS Mattson Partners, LP, Fidelity National Title Insurance Company against KS Mattson Partners, LP. Fee Amount $350. (Attachments: # 1 Exhibit in support of Creditor FNTIC Adversary Complaint) (Thomas, Christopher) (Entered: 09/15/2025) |
| 09/15/2025 | 2346 (15 pgs) | Certificate of Service *re: Documents Served on September 10, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2306 Certification of No Objection, 2307 Certification of No Objection, 2308 Motion Miscellaneous Relief, 2309 Declaration, 2310 Declaration, 2311 Declaration, 2312 Notice of Hearing). (Gershbein, Evan) (Entered: 09/15/2025) |
| 09/15/2025 | 2347 (8 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 1621 Hood Road, Sacramento, CA 95825* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba |

| | | |
|---|---|---|
| | | Verita Global (related document(s)2317 Certification of No Objection). (Gershbein, Evan) (Entered: 09/15/2025) |
| 09/15/2025 | 2348 (15 pgs) | Certificate of Service *re: Documents Served on September 12, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2324 Declaration, 2325 Statement, 2329 Stipulation to Continue Hearing, 2332 Certification of No Objection, 2333 Application to Employ). (Gershbein, Evan) (Entered: 09/15/2025) |
| 09/15/2025 | 2349 (8 pgs) | Certificate of Service *re: Third Stipulation to Extend Time to Assume or Reject Headquarters Lease* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2207 Stipulation to Extend Time). (Gershbein, Evan) (Entered: 09/15/2025) |
| 09/16/2025 | 2350 (13 pgs; 3 docs) | Transcript regarding Hearing Held 9/12/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 9/23/2025. Redaction Request Due By 10/7/2025. Redacted Transcript Submission Due By 10/17/2025. Transcript access will be restricted through 12/15/2025. (Gottlieb, Jason) (Entered: 09/16/2025) |
| 09/16/2025 | 2351 (92 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 2280 Bates Avenue, Concord, CA 94520* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 09/16/2025) |
| 09/16/2025 | 2352 (4 pgs) | Declaration of Eric Lupinski in Support of *Adequate Assurance of Future Performance by FH-EOV Bates, LLC, a Delaware Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 2280 Bates Avenue, Concord, CA 94520* (RE: related document(s)2351 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/16/2025) |
| 09/16/2025 | 2353 (7 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Law Office of Donald S. Davidson, P.C. [August 1, 2025, through August 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 09/16/2025) |
| 09/16/2025 | 2354 (86 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7308-7310 Arleta Court, Sacramento, CA 95823 (RE: related document(s)2082 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/16/2025) |
| 09/16/2025 | 2355 (64 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1161-1167 Broadway, Sonoma, CA 95476 (RE: related document(s)2083 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/16/2025) |
| 09/16/2025 | 2356 (3 pgs) | Order Approving Stipulation for the Amendment to Notice of Sale of Property at 3217 Walnut Avenue, Carmichael, CA 95608 (Small Asset Sale) (RE: related document(s)2344 Stipulation for Miscellaneous Relief |

| | | filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 09/16/2025) |
|---|---|---|
| 09/16/2025 | 2357 (15 pgs) | Order Authorizing the Retention And Employment of Douglas Elliman as Real Estate Broker (Related Doc # 2228) (rba) (Entered: 09/16/2025) |
| 09/16/2025 | 2358 (3 pgs) | Order Granting Second Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025, Through April 30, 2025 (Related Doc # 1547). fees awarded: $1,387,556.25, expenses awarded: $4,225.60 for Keller Benvenutti Kim LLP (rba) (Entered: 09/16/2025) |
| 09/16/2025 | 2359 (14 pgs) | Motion *of Debtor KSMP for Entry of Order Authorizing Payment of Redemption Amount to Jackson County Oregon* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/16/2025) |
| 09/16/2025 | 2360 (22 pgs) | Declaration of Robbin L. Itkin in In support of *Motion of Debtor KSMP for Entry of Order Authorizing Payment of Redemption Amount to Jackson County Oregon* (RE: related document(s)2359 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/16/2025) |
| 09/16/2025 | 2361 (52 pgs) | Request To Take Judicial Notice *In Support of Motion of Debtor KSMP for Entry of Order Authorizing Payment of Redemption Amount to Jackson County Oregon* (RE: related document(s)2359 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/16/2025) |
| 09/16/2025 | 2362 (8 pgs) | Motion to Shorten Time *Re: Debtor KSMP for Entry of Order Authorizing Payment of Redemption Amount to Jackson County Oregon* (RE: related document(s)2359 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/16/2025) |
| 09/16/2025 | 2363 (2 pgs) | Declaration of Edward J. McNeilly in in support of *Motion to Shorten Time Re: Debtor KSMP for Entry of Order Authorizing Payment of Redemption Amount to Jackson County Oregon* (RE: related document(s)2362 Motion to Shorten Time). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/16/2025) |
| 09/17/2025 | 2364 (54 pgs) | Disclosure Statement *in Support of Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)364 Order on Motion to Extend/Limit Exclusivity Period, 680 Order on Motion to Extend/Limit Exclusivity Period, 1221 Order on Motion to Extend/Limit Exclusivity Period, 1522 Order on Motion to Extend/Limit Exclusivity Period, 2100 Order on Motion to Extend/Limit Exclusivity Period). (Rupp, Thomas) (Entered: 09/17/2025) |
| 09/17/2025 | 2365 (17 pgs) | Joint Motion *for the Entry of an Order Approving Procedures With Respect to Investor Claims* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 09/17/2025) |
| 09/17/2025 | 2366 (81 pgs; 8 docs) | Joint Motion *of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing* |

| | | |
|---|---|---|
| | | *Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Rupp, Thomas) (Entered: 09/17/2025) |
| 09/17/2025 | 2367 (4 pgs) | Order Granting Stipulation For Withdrawal of Limited Objection and Amendment to Notice of Sale of Property at 7304-7306 Arleta Court, Sacramento, CA 95823(Small Asset Sale) (RE: related document(s)2235 Stipulation for Miscellaneous Relief filed by Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006- AR7). (rba) (Entered: 09/17/2025) |
| 09/17/2025 | 2368 (5 pgs) | Order Granting Ex Parte Motion Of Debtor KSMP Pursuant to B.L.R. 9006-1 for Order Shortening Time for Hearing on Debtor KSMP's Motion for Entry of Order Authorizing Payment of Redemption Amount to Jackson County, Oregon (RE: related document(s)2359 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP, 2362 Motion to Shorten Time filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 9/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/17/2025) |
| 09/17/2025 | 2369 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 3217 Walnut Avenue, Carmichael, CA 95608* (RE: related document(s)2046 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/17/2025) |
| 09/17/2025 | 2370 (108 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 4950, 4960, and 4970 Allison Parkway, Vacaville, CA 95688* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 09/17/2025) |
| 09/17/2025 | 2371 (2 pgs) | Declaration of William C. Marks in Support of *Adequate Assurance of Future Performance by Allison Parkway Partners LLC, a California Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 4950, 4960, and 4970 Allison Parkway, Vacaville, CA 95688* (RE: related document(s)2370 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/17/2025) |
| 09/17/2025 | 2372 (13 pgs) | Certificate of Service *re: Documents Served on September 15, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2334 Order on Stipulation, 2335 Order Granting Related Motion/Application, 2336 Order Granting Related Motion/Application, 2337 Order Granting Related Motion/Application, 2341 Order on Stipulation, Order to Continued Hearing, 2342 Certification of No Objection, 2343 Certification of No Objection, 2344 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 09/17/2025) |
| 09/17/2025 | 2373 (9 pgs) | Certificate of Service *re: 1) Debtor KSMPs Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real* |

| | | |
|---|---|---|
| | | *Property Pursuant to Section 365(d)(4) of the Bankruptcy Code; 2) Declaration of Robbin L. Itkin in Support of Debtor KSMPs Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code; and 3) Notice of Hearing on Debtor KSMPs Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2328 Motion to Extend Time, 2330 Declaration, 2331 Notice of Hearing). (Gershbein, Evan) (Entered: 09/17/2025) |
| 09/17/2025 | 2374 (20 pgs; 3 docs) | Joint Status Conference Statement Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Case Resolution Calendar # 2 Exhibit B - LFM Debtor Cash Balances) (Levinson Silveira, Dara) (Entered: 09/17/2025) |
| 09/17/2025 | 2375 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2339 Transcript). Notice Date 09/17/2025. (Admin.) (Entered: 09/17/2025) |
| 09/18/2025 | 2376 (2 pgs) | Request for Notice Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.") (Wong, Jennifer) (Entered: 09/18/2025) |
| 09/18/2025 | 2377 (50 pgs) | Certificate of Service *re: Documents Served on September 5, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2214 Reply, 2215 Motion Miscellaneous Relief, 2216 Notice, 2217 Declaration, 2218 Declaration, 2219 Declaration, 2220 Declaration, 2222 Declaration, 2223 Order on Stipulation, 2224 Declaration, 2225 Declaration, 2226 Chapter 11 Plan). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2378 (10 pgs) | Certificate of Service *re: Order Approving Stipulation to Revise Briefing Schedule on Motion for Relief from Stay re: First Street and Natoma Properties* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2338 Order on Stipulation). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2379 (13 pgs) | Certificate of Service *re: Documents Served on September 8, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2230 Order Granting Related Motion/Application, 2231 Order Granting Related Motion/Application, 2236 Certification of No Objection, 2237 Stipulation for Miscellaneous Relief, 2238 Statement of Non-Opposition). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2380 (50 pgs) | Certificate of Service *re: 1) Order Approving Asset Sale of the Property Located at 5537-5539 Missie Way, Sacramento, CA 95823; and 2) Corrected Notice of Hearing on Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2244 Order Granting Related Motion/Application, 2292 Notice of Hearing). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2381 (9 pgs) | Certificate of Service *re: Order on Stipulation to Continue Hearing on Motion (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II)* |

CANB Live Database

| | | |
|---|---|---|
| | | *Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2221 Order on Stipulation, Order To Set Hearing. (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2382 (13 pgs) | Certificate of Service *re: 1) Notice of Filing of Proposed Final Order on DIP Financing Motion and Debtor-in-Possession Loan and Security Agreement; 2) Debtor's Application for an Order Authorizing the Retention and Employment of Douglas Elliman as Real Estate Broker, Effective as of the Relief Date; and 3) Declaration of Jonathan Butler in Support of Application of Debtor for Order Authorizing Employment of Douglas Elliman as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2227 Notice, 2228 Application to Employ, 2229 Declaration). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2383 (9 pgs) | Certificate of Service *re: Documents Served on September 9, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2240 Order on Application to Employ, 2241 Order on Application to Employ, 2242 Order on Application to Employ, 2243 Order on Application to Employ). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2384 (10 pgs) | Certificate of Service *re: Stipulation to Revise Briefing Schedule on Motion for Relief from Stay re: First Street and Natoma Properties* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2320 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 09/18/2025) |
| 09/18/2025 | 2385 (9 pgs) | Notice Regarding */ Notice of Proposed Agenda for Hearing on September 19, 2025 at 11:00 a.m. (Pacific Time)* (RE: related document(s)2374 Joint Status Conference Statement Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A - Case Resolution Calendar # 2 Exhibit B - LFM Debtor Cash Balances) (Levinson Silveira, Dara)). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 09/18/2025) |
| 09/18/2025 | 2386 (140 pgs) | Notice Regarding *Notice of Filing of Revised [Proposed] Final Order on DIP Financing Motion and Debtor-In-Possession Loan and Security Agreement* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/18/2025) |
| 09/18/2025 | 2387 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2350 Transcript). Notice Date 09/18/2025. (Admin.) (Entered: 09/18/2025) |
| 09/19/2025 | 2388 (1 pg) | Transcript Order Form regarding Hearing Date 9/19/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/19/2025) |
| 09/19/2025 | 2389 (4 pgs) | Order Authorizing Payment of Redemption Amount to Jackson County, Oregon (Related Doc # 2359) (rba) (Entered: 09/19/2025) |
| 09/19/2025 | 2390 (11 pgs; 2 docs) | Motion to Limit Notice *Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 09/19/2025) |
| 09/19/2025 | 2391 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* (RE: related document(s)2390 Motion to Limit Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/19/2025) |
| 09/19/2025 | 2392 (3 pgs) | Declaration of Robbin L. Itkin in Support of *Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* (RE: related document(s)2390 Motion to Limit Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/19/2025) |
| 09/19/2025 | 2393 (3 pgs) | Notice of Hearing *on Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* (RE: related document(s)2390 Motion to Limit Notice *Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 10/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/19/2025) |
| 09/19/2025 | | Hearing Held 9/19/2025 at 11:00 AM RE: 1892 Motion / Motion Of Debtor For Interim And Final Orders (I) Authorizing The Debtor To Obtain Post-Petition Secured Financing Pursuant To Section 364 Of The Bankruptcy Code; (II) Authorizing The Use Of The DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling A Final Hearing; and (VI) Granting Related Relief- The court will review the Revised [Proposed] Final Order on DIP Financing Motion filed on 9/18/2025 at docket #2386. 2308 Joint Motion of LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital - The Motion is **granted**. Order to be submitted. 2359 Motion of Debtor KSMP for Entry of Order Authorizing Payment of Redemption Amount to Jackson County Oregon - The Motion is **granted**. The order has been signed at docket entry #2389. (rba) (Entered: 09/19/2025) |
| 09/19/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes: A continued status conference is scheduled for 10/22/2025 at 11:00 AM in/via Oakland Room 215 - Novack. Debtors to file Amended Plan by 10/15/2025. Debtors to file status report by 10/20/2025. A further status conference is scheduled for 11/13/2025 at 11:00 AM in/via Oakland Room 215 - Novack. Debtors to file status report by 11/10/2025. Disclosure Statement Hearing is scheduled for 11/19/2025 at 1:00 PM in/via Oakland Room 215 - Novack.** (rba) (Entered: 09/19/2025) |
| 09/19/2025 | 2394 (110 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 3217 Walnut Avenue, Carmichael, CA 95608 (RE: related document(s)2046 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/19/2025) |

| | | |
|---|---|---|
| 09/19/2025 | 2395 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 9/19/2025 11:00:01 AM ]. File Size [ 15980 KB ]. Run Time [ 01:06:35 ]. (admin). (Entered: 09/19/2025) |
| 09/22/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2388 Regarding Hearing Date: 9/19/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2388 Transcript Order Form (Public Request)). (myt) (Entered: 09/22/2025) |
| 09/22/2025 | 2396 | Acknowledgment of Request for Transcript Received on 9/22/2025. (RE: related document(s)2388 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 09/22/2025) |
| 09/22/2025 | 2397 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7337 Power Inn Road, Sacramento, CA 95828* (RE: related document(s)2178 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/22/2025) |
| 09/22/2025 | 2398 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7575 Power Inn Road, Sacramento, CA 95828* (RE: related document(s)2176 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/22/2025) |
| 09/22/2025 | 2399 (14 pgs) | Certificate of Service *re: Documents Served on September 17, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2357 Order on Application to Employ, 2359 Motion Miscellaneous Relief, 2360 Declaration, 2361 Request To Take Judicial Notice, 2362 Motion to Shorten Time, 2363 Declaration, 2368 Order Granting Related Motion/Application, Order To Set Hearing). (Gershbein, Evan) (Entered: 09/22/2025) |
| 09/22/2025 | 2400 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5800 Engle Road, Carmichael, CA 95608* (RE: related document(s)2191 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/22/2025) |
| 09/22/2025 | 2401 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5818 Engle Road, Carmichael, CA 95608* (RE: related document(s)2190 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/22/2025) |
| 09/22/2025 | 2402 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7304-7306 Arleta Court, Sacramento, CA 95823* (RE: related document(s)1919 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/22/2025) |
| 09/22/2025 | 2403 (42 pgs) | Chapter 11 Monthly Operating Report for Case Number 24-10715 for the Month Ending: 08/31/2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/22/2025) |
| 09/23/2025 | 2404 (93 pgs; 3 docs) | Transcript regarding Hearing Held 9/19/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy |

| | | |
|---|---|---|
| | | Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 9/30/2025. Redaction Request Due By 10/14/2025. Redacted Transcript Submission Due By 10/24/2025. Transcript access will be restricted through 12/22/2025. (Gottlieb, Jason) (Entered: 09/23/2025) |
| 09/23/2025 | 2405 (3 pgs) | Order Authorizing LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital (Related Doc # 2308) (rba) (Entered: 09/23/2025) |
| 09/23/2025 | 2406 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)2325 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/23/2025) |
| 09/23/2025 | 2407 (174 pgs) | Application for Compensation / *First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period From January 9, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $1,463,704.21, Expenses: $22,663.24. Filed by Attorney Brooke Elizabeth Wilson (Wilson, Brooke) (Entered: 09/23/2025) |
| 09/23/2025 | 2408 (46 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 5601 Walnut Avenue #4, Orangevale, CA 95662* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 09/23/2025) |
| 09/23/2025 | 2409 (2 pgs) | Declaration of Steven J. Flemming in Support of *First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period From January 9, 2025 Through April 30, 2025* (RE: related document(s)2407 Application for Compensation). Filed by Creditor Committee Official Committee of Unscured Credtiors (Wilson, Brooke) (Entered: 09/23/2025) |
| 09/24/2025 | 2410 (3 pgs) | Stipulation, to Withdraw the Motion for Relief from the Automatic Stay Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1938 Motion for Relief From Stay filed by Creditor Mark Baker). (Albert, Gabrielle) (Entered: 09/24/2025) |
| 09/24/2025 | 2411 (4 pgs) | Corrected Stipulation, to Withdraw the Motion for Relief from the Automatic Stay Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1938 Motion for Relief From Stay filed by Creditor Mark Baker, 2410 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (Albert, Gabrielle) (Entered: 09/24/2025) |
| 09/25/2025 | 2412 (60 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [August 1, 2025, through August 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 09/25/2025) |

| 09/25/2025 | 2413<br>(3 pgs) | Request for Notice Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage AssetBacked Pass-Through Certificates, Series 2007-QO3 (Garan, Todd) (Entered: 09/25/2025) |
|---|---|---|
| 09/25/2025 | 2414<br>(67 pgs) | Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Use of the DIP Lender's Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief (Related Doc # 1892) (rba) (Entered: 09/25/2025) |
| 09/25/2025 | 2415<br>(76 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7337 Power Inn Road, Sacramento, CA 95828 (RE: related document(s)2178 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/25/2025) |
| 09/25/2025 | 2416<br>(82 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7575 Power Inn Road, Sacramento, CA 95828 (RE: related document(s)2176 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/25/2025) |
| 09/25/2025 | 2417<br>(93 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5800 Engle Road, Carmichael, CA 95608 (RE: related document(s)2191 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/25/2025) |
| 09/25/2025 | 2418<br>(49 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5818 Engle Road, Carmichael, CA 95608 (RE: related document(s)2190 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/25/2025) |
| 09/25/2025 | 2419<br>(59 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7304-7306 Arleta Court, Sacramento, CA 95823 (RE: related document(s)1919 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 09/25/2025) |
| 09/25/2025 | 2420<br>(82 pgs) | Certificate of Service *re: 1) Official Form 410 Proof of Claim; 2) Notice of Bar Date and Procedures for Submitting Proofs of Claim; and 3) Voluntary Creditor Questionnaire* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2184 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 09/25/2025) |
| 09/25/2025 | 2421<br>(23 pgs) | Certificate of Service *re: 1) Notice of Sale of Subject Property 2280 Bates Avenue, Concord, CA 94520; 2) Declaration of Eric Lupinski in Support of Adequate Assurance of Future Performance by FH-EOV Bates, LLC, a Delaware Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 2280 Bates Avenue, Concord, CA 94520; and 3) Monthly Professional Fee Statement for Law Office of Donald S. Davidson, P.C.[August 1, 2025, Through August 31, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2351 Notice, 2352 Declaration, 2353 Statement). (Gershbein, Evan) (Entered: 09/25/2025) |

| | | |
|---|---|---|
| 09/25/2025 | 2422<br>(8 pgs) | Certificate of Service *re: Joint Status Conference Statement for Hearing on September 19, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2374 Status Conference Statement). (Gershbein, Evan) (Entered: 09/25/2025) |
| 09/25/2025 | 2423<br>(2 pgs) | Request for Notice Filed by Creditor Wilmington Savings Fund Society, FSB (Coats, David) (Entered: 09/25/2025) |
| 09/26/2025 | | Hearing Dropped 9/26/2025 at 10:00 AM. **OFF CALENDAR.** Corrected Stipulation, to Withdraw the Motion for Relief from the Automatic Stay filed 9/24/2025. (RE: related document(s) 1938 Motion for Relief from Stay Fee Amount $199,). (rba) (Entered: 09/26/2025) |
| 09/26/2025 | 2424<br>(180 pgs; 5 docs) | Statement of Monthly Fees and Expenses *for Development Specialists, Inc. [January 1, 2025 through April 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2425<br>(32 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2426<br>(39 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2427<br>(31 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2428<br>(31 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 07/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2429<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2430<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2431<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2432<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
|---|---|---|
| 09/26/2025 | 2433 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2434 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2435 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2436 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2437 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2438 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2439 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2440 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2441 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2442 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2443 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a |

CANB Live Database

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
|---|---|---|
| 09/26/2025 | 2444 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2445 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2446 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2447 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2448 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2449 (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2450 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2451 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2452 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2453 (32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2454 (39 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: |

| | | # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
|---|---|---|
| 09/26/2025 | <u>2455</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2456</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2457</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2458</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2459</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2460</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2461</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2462</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2463</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2464</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | <u>2465</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
|---|---|---|
| 09/26/2025 | 2466 (30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2467 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2468 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2469 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2470 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2471 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2472 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2473 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2474 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2475 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2476 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2477<br>(32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2478<br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2479<br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2480<br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2481<br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2482<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2483<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2484<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2485<br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2486<br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2487<br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2488 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/26/2025 | 2489 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/26/2025) |
| 09/27/2025 | 2490 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2404 Transcript). Notice Date 09/27/2025. (Admin.) (Entered: 09/27/2025) |
| 09/29/2025 | 2491 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)2353 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 09/29/2025) |
| 09/29/2025 | 2492 (92 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7210-7212 Grady Drive, Citrus Heights, CA 95621* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 09/29/2025) |
| 09/29/2025 | 2493 (2 pgs) | Declaration of Kamaljit Kaur Brar in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7210-7212 Grady Drive, Citrus Heights, CA 95621* (RE: related document(s)2492 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/29/2025) |
| 09/29/2025 | 2494 (104 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7324-7326 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 09/29/2025) |
| 09/29/2025 | 2495 (2 pgs) | Declaration of Bryan M. Gonzalez in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7324-7326 Arleta Court, Sacramento, CA 95823* (RE: related document(s)2494 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 09/29/2025) |
| 09/30/2025 | 2496 (13 pgs) | Certificate of Service *re: [Corrected] Stipulation to Withdraw the Motion for Relief from the Automatic Stay* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2411 Stipulation for Miscellaneous Relief). (Gershben, Evan) (Entered: 09/30/2025) |
| 09/30/2025 | 2497 (13 pgs) | Certificate of Service *Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the* |

| | | |
|---|---|---|
| | | *Bankruptcy Code; (II) Authorizing the Use of the DIP Lenders Cash Collateral; (III) Granting Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2414 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 09/30/2025) |
| 09/30/2025 | 2498 (17 pgs; 2 docs) | Fourth Stipulation, for Use of Cash Collateral *(Federal Home Loan Mortgage Corporation)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit 1) (Keller, Tobias) (Entered: 09/30/2025) |
| 09/30/2025 | 2499 (2 pgs) | Certification of No Objection (RE: related document(s)2328 Motion to Extend Time). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 09/30/2025) |
| 09/30/2025 | 2500 (39 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 09/30/2025) |
| 09/30/2025 | 2501 (29 pgs) | Certificate of Service *re: Documents Served on September 17, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2354 Order Granting Related Motion/Application, 2355 Order Granting Related Motion/Application, 2356 Order on Stipulation, 2358 Order on Application for Compensation, 2364 Disclosure Statement, 2365 Motion Miscellaneous Relief, 2366 Motion Miscellaneous Relief, 2369 Certification of No Objection, 2370 Notice, 2371 Declaration). (Gershbein, Evan) (Entered: 09/30/2025) |
| 09/30/2025 | 2502 (11 pgs) | Certificate of Service *re: Documents Served on September 25, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2412 Statement, 2415 Order Granting Related Motion/Application, 2416 Order Granting Related Motion/Application, 2417 Order Granting Related Motion/Application, 2418 Order Granting Related Motion/Application, 2419 Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 09/30/2025) |
| 09/30/2025 | 2503 (2 pgs) | Stipulation to Continue Hearing *on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1750 Motion for Relief From Stay filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust, Motion for Adequate Protection). **Hearing scheduled for 10/31/2025 at 10:00 AM Oakland Room 215 - Novack for 1750,.** (Albert, Gabrielle) (Entered: 09/30/2025) |
| 09/30/2025 | 2507 (4 pgs) | Order Approving Cash Collateral Stipulation (RE: related document(s)2498 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 10/01/2025) |
| 10/01/2025 | 2504 (28 pgs; 6 docs) | Motion for Relief from Stay Fee Amount $199, Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.") (Attachments: # 1 RS Cover Sheet # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Exhibits # 5 Certificate of Service) (Wong, Jennifer) (Entered: 10/01/2025) |

| | | |
|---|---|---|
| 10/01/2025 | | Receipt of filing fee for Motion for Relief From Stay( 24-10545) [motion,mrlfsty] ( 199.00). Receipt number A34113732, amount $199.00 (re: Doc# 2504 Motion for Relief from Stay Fee Amount $199,) (U.S. Treasury) (Entered: 10/01/2025) |
| 10/01/2025 | 2505 (6 pgs; 2 docs) | Notice of Hearing (RE: related document(s)2504 Motion for Relief from Stay Fee Amount $199, Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.") (Attachments: # 1 RS Cover Sheet # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Exhibits # 5 Certificate of Service)). **Hearing scheduled for 10/24/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.") (Attachments: # 1 Certificate of Service) (Wong, Jennifer) (Entered: 10/01/2025) |
| 10/01/2025 | 2506 (17 pgs; 3 docs) | Notice Regarding *Revised Proposed Order Approving Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief* (RE: related document(s)2215 Motion *of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims, and Encumbrances and Related Relief* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 10/01/2025) |
| 10/01/2025 | 2508 (81 pgs) | Motion *of Debtor KSMP to Establish Procedures for Real Property Sales* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/01/2025) |
| 10/01/2025 | 2509 (3 pgs) | Notice of Hearing on *Motion of Debtor KSMP to Establish Procedures for Real Property Sales* (RE: related document(s)2508 Motion *of Debtor KSMP to Establish Procedures for Real Property Sales* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 10/22/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/01/2025) |
| 10/01/2025 | 2510 (6 pgs) | Declaration of Robbin L. Itkin in support of *Motion of Debtor KSMP to Establish Procedures for Real Property Sales* (RE: related document(s)2508 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/01/2025) |
| 10/01/2025 | 2511 (9 pgs) | Declaration of David Kieffer in support of *Motion of Debtor KSMP to Establish Procedures for Real Property Sales* (RE: related document(s)2508 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/01/2025) |
| 10/02/2025 | 2512 (4 pgs) | Stipulation to Extend Time *for Filing Proofs of Claim Against KSMP by LeFever Mattson Debtors and Certain Non-Debtor Affiliates* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2184 Order on Motion for Miscellaneous Relief). (Rupp, Thomas) (Entered: 10/02/2025) |

CANB Live Database

| | | |
|---|---|---|
| 10/02/2025 | 2513<br>(3 pgs) | Order on Stipulation to Continue Hearing on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California) (RE: related document(s)1750 Motion for Relief From Stay filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust, Motion for Adequate Protection, 2503 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 10/31/2025 at 10:00 AM Oakland Room 215 - Novack**. (rba)<br>(Entered: 10/02/2025) |
| 10/02/2025 | 2514<br>(3 pgs) | Request for Notice Filed by Creditor Wells Fargo Bank, National Association (Coats, David) (Entered: 10/02/2025) |
| 10/03/2025 | 2515<br>(9 pgs) | Certificate of Service *re: Certification of No Objection Regarding Debtor KSMPs Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2499 Certification of No Objection). (Gershbein, Evan) (Entered: 10/03/2025) |
| 10/03/2025 | 2516<br>(9 pgs) | Certificate of Service *re: 1) Fourth Stipulation for Use of Cash Collateral (Federal Home Loan Mortgage Corporation); and 2) Stipulation to Continue Hearing on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2498 Stipulation for Miscellaneous Relief, 2503 Stipulation to Continue Hearing). (Gershbein, Evan) (Entered: 10/03/2025) |
| 10/03/2025 | 2517<br>(9 pgs) | Certificate of Service *re: Documents Served on September 22, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2394 Order Granting Related Motion/Application, 2397 Certification of No Objection, 2398 Certification of No Objection, 2400 Certification of No Objection, 2401 Certification of No Objection, 2402 Certification of No Objection). (Gershbein, Evan) (Entered: 10/03/2025) |
| 10/03/2025 | 2518<br>(40 pgs) | Certificate of Service *re: 1) Order Authorizing LFM Debtors and KSMP to Pay Costs Related to Mediation with Socotra Capital; 2) Certificate of No Objection Regarding Monthly Professional Fee Statement; and 3) Notice of Sale of Subject Property Located at 5601 Walnut Avenue #4, Orangevale, CA 95662* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2405 Order on Motion for Miscellaneous Relief, 2406 Certification of No Objection, 2408 Notice). (Gershbein, Evan) (Entered: 10/03/2025) |
| 10/03/2025 | | Hearing Held 10/3/2025 at 11:00 AM RE: 2215 Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims, and Encumbrances and Related Relief- The Motion is **granted**. Ms. Albert will submit the order. 2328 Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to section 365(d)(4) of the Bankruptcy Code- The Motion is **granted.** Mr. McNeilly will submit the order. (rba) (Entered: 10/03/2025) |
| 10/03/2025 | 2519<br>(240 pgs; 7 docs) | Order Approving Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, |

| | | |
|---|---|---|
| | | Claims and Encumbrances and Related Relief (Related Doc # 2215) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) (rba) (Entered: 10/03/2025) |
| 10/03/2025 | | Hearing Held 10/3/2025 at 2:00 PM (RE: related document(s) 1746 Motion to Appoint Trustee *for Live Oak Investments LP (24-10511)*, 1999 Ex Parte Motion for Protective Order *as to Discovery Propounded by the Official Committee of Unsecured Creditors*). **Minutes:** Before resolving the Motion to Appoint Chapter 11 Trustee for Live Oak Investments LP (24-10511), the Court will issue a decision on the Motion for Protective Order that will give parties time to determine how much time and what type of discovery should be made. In the interim, a Motion for Summary Judgment may be filed and served. (rba) Modified on 10/3/2025 (rba). (Entered: 10/03/2025) |
| 10/03/2025 | 2520 (5 pgs) | Transcript Order Form regarding Hearing Date 10/3/2025 (RE: related document(s)2215 Motion Miscellaneous Relief, 2328 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas)DEFECTIVE ENTRY: Incorrect PDF attached. Modified on 10/6/2025 (rdr). (Entered: 10/03/2025) |
| 10/03/2025 | 2521 (2 pgs) | Transcript Order Form regarding Hearing Date 10/3/2025 (RE: related document(s)1746 Motion to Appoint Trustee, 1999 Motion for Protective Order). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas)DEFECTIVE ENTRY: Incorrect PDF attached. Modified on 10/6/2025 (rdr). (Entered: 10/03/2025) |
| 10/03/2025 | 2522 (4 pgs) | Order Approving Stipulation Enlarging Time for Filing Proofs of Claim Against KSMP by LeFever Mattson Debtors and Certain Non-debtor Affiliates (RE: related document(s)2512 Stipulation to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 10/03/2025) |
| 10/03/2025 | 2523 (1 pg) | PDF with attached Audio File. Court Date & Time [ 10/3/2025 11:00:01 AM ]. File Size [ 1260 KB ]. Run Time [ 00:05:15 ]. (admin). (Entered: 10/03/2025) |
| 10/03/2025 | 2524 (1 pg) | PDF with attached Audio File. Court Date & Time [ 10/3/2025 2:00:00 PM ]. File Size [ 3512 KB ]. Run Time [ 00:14:38 ]. (admin). (Entered: 10/03/2025) |
| 10/06/2025 | 2525 (10 pgs) | Supplemental Certificate of Service *re: 1) Official Form 410 Proof of Claim; 2) Notice of Bar Date and Procedures for Submitting Proofs of Claim; and 3) Voluntary Creditor Questionnaire* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2184 Order on Motion for Miscellaneous Relief, 2313 Certificate of Service). (Gershbein, Evan) (Entered: 10/06/2025) |
| 10/06/2025 | 2526 (10 pgs) | Supplemental Certificate of Service *re: 1) Official Form 410 Proof of Claim; 2) Notice of Bar Date and Procedures for Submitting Proofs of Claim; and 3) Voluntary Creditor Questionnaire* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2184 Order on Motion for Miscellaneous Relief, 2313 Certificate of Service). (Gershbein, Evan) (Entered: 10/06/2025) |

| | | |
|---|---|---|
| 10/06/2025 | 2527 (19 pgs) | Certificate of Service *re: 1) Notice of Revised Proposed Order Approving Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief; and 2) Order Approving Cash Collateral Stipulation* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2506 Notice, 2507 Order on Stipulation). (Gershbein, Evan) (Entered: 10/06/2025) |
| 10/06/2025 | 2528 (17 pgs) | Certificate of Service *re: 1) Notice of Filing of Revised [Proposed] Final Order on DIP Financing Motion and Debtor-in-Possession Loan and Security Agreement; and 2) Order Authorizing Payment of Redemption Amount to Jackson County, Oregon* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2386 Notice, 2389 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 10/06/2025) |
| 10/07/2025 | 2529 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)2412 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/07/2025) |
| 10/07/2025 | 2530 (3 pgs) | Document: *Notice of Partnership Meeting for Live Oak Investments LP*. Filed by Creditor Andrew Revocable Trust dated June 21, 2001 (Kelly, Thomas) (Entered: 10/07/2025) |
| 10/07/2025 | 2531 (12 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Kurtzman Carson Consultants, LLC dba Verita Global [August 1, 2025, to August 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/07/2025) |
| 10/07/2025 | 2532 (97 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 520 Capitol Mall, Sacramento, CA 95814* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 10/07/2025) |
| 10/07/2025 | 2533 (3 pgs) | Declaration of Paul Steinke in Support of *Adequate Assurance of Future Performance by California Housing Finance Agency with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 520 Capitol Mall, Sacramento, CA 95814* (RE: related document(s)2532 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/07/2025) |
| 10/08/2025 | 2534 (3 pgs) | Certificate of Service *re: Monthly Fee Statements for Development Specialists, Inc. [January 1, 2025 Through April 30, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2424 Statement). (Gershbein, Evan) (Entered: 10/08/2025) |
| 10/08/2025 | 2535 (9 pgs) | Certificate of Service *re: 1) Stipulation Enlarging Time for Filing Proofs of Claim Against KSMP by LeFever Mattson Debtors and Certain Non-Debtor Affiliates; and 2) Order on Stipulation to Continue Hearing on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma,* |

| | | |
|---|---|---|
| | | *California)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2512 Stipulation to Extend Time, 2513 Order on Stipulation, Order to Continued Hearing). (Gershbein, Evan) (Entered: 10/08/2025) |
| 10/08/2025 | 2536 (17 pgs) | Certificate of Service *re: 1) Order Approving Motion of Debtors for Sale of Certain Real Property Serving as Collateral for Socotra Capital, Inc. Free and Clear of Liens, Claims and Encumbrances and Related Relief; and 2) Order Approving Stipulation Enlarging Time for Filing Proofs of Claim Against KSMP by LeFever Mattson Debtors and Certain Non-Debtor Affiliates* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2519 Order on Motion for Miscellaneous Relief, 2522 Order on Stipulation). (Gershbein, Evan) (Entered: 10/08/2025) |
| 10/08/2025 | 2537 (9 pgs; 2 docs) | Amended Notice Regarding *Notice of Sale of Subject Property Located at 520 Capitol Mall, Sacramento, CA 95814* (RE: related document(s)2532 Notice Regarding *Sale of Subject Property 520 Capitol Mall, Sacramento, CA 95814* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (rba). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 10/08/2025) |
| 10/08/2025 | 2538 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 2280 Bates Avenue, Concord, CA 94520* (RE: related document(s)2351 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/08/2025) |
| 10/10/2025 | 2539 (1 pg) | Request for Notice Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 (Exnowski, Dane) (Entered: 10/10/2025) |
| 10/10/2025 | 2540 (2 pgs) | Notice of Appearance and Request for Notice *for Secured Creditor, Columbia Bank* by Thomas M. Geher. Filed by Creditor Columbia Bank (Geher, Thomas) (Entered: 10/10/2025) |
| 10/10/2025 | | Hearing Held 10/10/2025 at 11:00 AM (RE: related document(s) 2390 Motion to Limit Notice Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)). **Minutes:** The motion is **granted**. Ms. Albert will submit the order. (rba) (Entered: 10/10/2025) |
| 10/10/2025 | 2541 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 4950, 4960, and 4970 Allison Parkway, Vacaville, CA 95688* (RE: related document(s)2370 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/10/2025) |
| 10/10/2025 | 2542 (82 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 2280 Bates Avenue, Concord, CA 94520 (RE: related document(s)2351 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 10/10/2025) |

| | | |
|---|---|---|
| 10/10/2025 | 2543<br>(4 pgs) | Order Granting Debtor KSMP's Motion to Extend the Deadline to Assume or Reject Unexpired Leases Of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code (Related Doc # 2328) (rba) (Entered: 10/10/2025) |
| 10/10/2025 | 2544<br>(1 pg) | ◀)) PDF with attached Audio File. Court Date & Time [ 10/10/2025 11:00:00 AM ]. File Size [ 372 KB ]. Run Time [ 00:01:33 ]. (admin). (Entered: 10/10/2025) |
| 10/13/2025 | 2545<br>(31 pgs) | Amended Certificate of Service re: Documents Served on September 17, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2354 Order Granting Related Motion/Application, 2355 Order Granting Related Motion/Application, 2356 Order on Stipulation, 2358 Order on Application for Compensation, 2364 Disclosure Statement, 2365 Motion Miscellaneous Relief, 2366 Motion Miscellaneous Relief, 2369 Certification of No Objection, 2370 Notice, 2371 Declaration, 2501 Certificate of Service). (Gershbein, Evan) (Entered: 10/13/2025) |
| 10/13/2025 | 2546<br>(24 pgs) | Certificate of Service re: Documents Served on September 29, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2491 Certification of No Objection, 2492 Notice, 2493 Declaration, 2494 Notice, 2495 Declaration). (Gershbein, Evan) (Entered: 10/13/2025) |
| 10/13/2025 | 2548<br>(4 pgs) | Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s) (Related Doc # 2390) (rba) (Entered: 10/14/2025) |
| 10/14/2025 | 2547<br>(10 pgs) | Certificate of Service Affidavit of Publication of Notice of Bar Date and Procedures for Submitting Proofs of Claim Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2184 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 10/14/2025) |
| 10/14/2025 | 2549<br>(6 pgs) | Application for Admission of Attorney Pro Hac Vice of Hayley R. Winograd. Fee Amount $328 (Winograd, Hayley) (Entered: 10/14/2025) |
| 10/14/2025 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A34144686, amount $ 328.00 (re: Doc# 2549 Application for Admission of Attorney Pro Hac Vice of Hayley R. Winograd. Fee Amount $328) (U.S. Treasury) (Entered: 10/14/2025) |
| 10/14/2025 | 2550<br>(74 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 4950, 4960, and 4970 Allison Parkway, Vacaville, CA (RE: related document(s)2370 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 10/15/2025) |
| 10/15/2025 | 2551<br>(121 pgs) | Certificate of Service re: Documents Served on September 19, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2390 Motion to Limit Notice, 2391 Declaration, 2392 Declaration, 2393 Notice of Hearing). (Gershbein, Evan) (Entered: 10/15/2025) |

| | | |
|---|---|---|
| 10/15/2025 | 2552<br>(18 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Monthly Professional Fee Statement; 2) Notice of Sale of Subject Property 520 Capitol Mall, Sacramento, CA 95814; and 3) Declaration of Paul Steinke in Support of Adequate Assurance of Future Performance by California Housing Finance Agency with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 520 Capitol Mall, Sacramento, CA 95814* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2529 Certification of No Objection, 2532 Notice, 2533 Declaration). (Gershbein, Evan)Modified on 10/16/2025 (klr). (Entered: 10/15/2025) |
| 10/15/2025 | 2553<br>(16 pgs) | Certificate of Service *re: 1) Amendment to Notice of Sale of Subject Property Located at 520 Capitol Mall, Sacramento, CA 95814; and 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 2280 Bates Avenue, Concord, CA 94520* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2537 Notice, 2538 Certification of No Objection). (Gershbein, Evan) (Entered: 10/15/2025) |
| 10/15/2025 | 2554<br>(7 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 4950, 4960, and 4970 Allison Parkway, Vacaville, CA 95688* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2541 Certification of No Objection). (Gershbein, Evan) (Entered: 10/15/2025) |
| 10/15/2025 | 2555<br>(9 pgs) | Certificate of Service *re: Order Granting Debtor KSMP's Motion to Extend the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2543 Order on Motion to Extend Time). (Gershbein, Evan) (Entered: 10/15/2025) |
| 10/15/2025 | 2556<br>(75 pgs) | Application to Compromise Controversy with Socotra Capital, Inc. and Affiliates *JOINT MOTION OF LFM DEBTORS, DEBTOR KSMP AND THE COMMITTEE TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE SOCOTRA SETTLEMENT AGREEMENT* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/15/2025) |
| 10/15/2025 | 2557<br>(5 pgs) | Declaration of Robbin L. Itkin in in support of *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/15/2025) |
| 10/15/2025 | 2558<br>(5 pgs) | Declaration of Bradley D. Sharp in in support of *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/15/2025) |
| 10/15/2025 | 2559<br>(4 pgs) | Notice of Hearing *On Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2556 Application |

| | | |
|---|---|---|
| | | to Compromise Controversy with Socotra Capital, Inc. and Affiliates *JOINT MOTION OF LFM DEBTORS, DEBTOR KSMP AND THE COMMITTEE TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE SOCOTRA SETTLEMENT AGREEMENT* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 11/5/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/15/2025) |
| 10/15/2025 | 2560 (3 pgs) | Declaration of Kevin Katari in Support of *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/15/2025) |
| 10/15/2025 | 2561 (60 pgs) | First Amended Chapter 11 Plan *First Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2226 Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Rupp, Thomas) (Entered: 10/15/2025) |
| 10/15/2025 | 2562 (66 pgs) | Amended Statement of Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 1, 2025 Through January 31, 2025 (RE: related document(s)1407 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/15/2025) |
| 10/15/2025 | 2563 (64 pgs) | Amended Statement of Second Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of February 1, 2025 Through February 28, 2025 (RE: related document(s)1577 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/15/2025) |
| 10/15/2025 | 2564 (66 pgs) | Amended Statement of Third Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of March 1, 2025 Through March 31, 2025 (RE: related document(s)2326 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/15/2025) |
| 10/15/2025 | 2565 (59 pgs) | Statement of Seventh Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of April 1, 2025 Through April 30, 2025 (RE: related document(s)356 Order on Motion for Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/15/2025) |
| 10/15/2025 | 2566 (5 pgs) | Certificate of Service (RE: related document(s)2562 Statement, 2563 Statement, 2564 Statement, 2565 Statement). Filed by Creditor |

| | | |
|---|---|---|
| | | Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/15/2025) |
| 10/15/2025 | 2567 (82 pgs; 6 docs) | First Amended Disclosure Statement *in Support of First Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Rupp, Thomas). Related document(s) 2561 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (no). (Entered: 10/15/2025) |
| 10/15/2025 | 2568 (157 pgs) | Notice Regarding *Filing of Joint Investigation Report and Summary of Global Settlement (Exhibit E to Disclosure Statement)* (RE: related document(s)2567 First Amended Disclosure Statement *in Support of First Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/15/2025) |
| 10/15/2025 | 2569 (89 pgs) | Amended Motion *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas). Related document(s) 2366 Joint Motion *of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing N* filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (no). (Entered: 10/15/2025) |
| 10/15/2025 | 2570 (4 pgs) | Notice of Hearing *on: (A) Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) the Estimation of Investor Claims and Interests Solely for Voting Purposes; and (V) Approving Related Matters and (B) Joint Motion for Entry of an Order Approving Settlement Procedures with Respect to Investor Claims* (RE: related document(s)2365 Joint Motion *for the Entry of an Order Approving Procedures With Respect to Investor Claims* Filed by Creditor Committee Official Committee of Unsecured Credtiors, 2569 Amended Motion *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 11/19/2025 at 01:00 PM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/15/2025) |

| | | |
|---|---|---|
| 10/16/2025 | 2571<br>(7 pgs) | Stipulation, Standing to Pursue Estate Causes of Action / *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Regarding 3557 Golf View Terrace, Santa Rosa, CA 95405* Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Golden, Steven) (Entered: 10/16/2025) |
| 10/16/2025 | 2572<br>(3 pgs) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc # 2549). (rba) (Entered: 10/16/2025) |
| 10/16/2025 | 2573<br>(7 pgs; 2 docs) | Order on Ex Parte Application for Protective Order as to Discovery Propounded by the Official Committee of Unsecured Creditors (RE: related document(s)1746 Motion to Appoint Trustee filed by Creditor Andrew Revocable Trust dated June 21, 2001, Creditor Burgess Trust dated October 9, 2006, 1999 Motion for Protective Order filed by Creditor Andrew Revocable Trust dated June 21, 2001, Creditor Burgess Trust dated October 9, 2006). **Hearing scheduled for 12/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 10/16/2025) |
| 10/16/2025 | 2574<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5601 Walnut Avenue #4, Orangevale, CA 95662* (RE: related document(s)2408 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/16/2025) |
| 10/16/2025 | 2575<br>(5 pgs) | Ex Parte Motion for 2004 Examination *of Socotra Capital, Inc.* Filed by Creditor Chase 1992 Family Trust (Egan, Daniel)Modified on 10/17/2025 (klr). (Entered: 10/16/2025) |
| 10/16/2025 | 2576<br>(5 pgs) | Ex Parte Motion for 2004 Examination *of Walker and Dunlop, LLC* Filed by Creditor Chase 1992 Family Trust (Egan, Daniel)Modified on 10/17/2025 (klr). (Entered: 10/16/2025) |
| 10/17/2025 | 2577<br>(3 pgs) | Ex Parte Motion for 2004 Examination *of Socotra Capital, Inc.* Filed by Creditor Chase 1992 Family Trust (Egan, Daniel)Modified on 10/21/2025 (lj). (Entered: 10/17/2025) |
| 10/17/2025 | 2578<br>(3 pgs) | Ex Parte Motion for 2004 Examination *of Walker and Dunlop, LLC* Filed by Creditor Chase 1992 Family Trust (Egan, Daniel)Modified on 10/21/2025 (lj). (Entered: 10/17/2025) |
| 10/18/2025 | 2579<br>(11 pgs) | BNC Certificate of Mailing (RE: related document(s) 2573 Order). Notice Date 10/18/2025. (Admin.) (Entered: 10/18/2025) |
| 10/19/2025 | 2580<br>(8 pgs) | Certificate of Service *re: 1) Order Approving Asset Sale of the Property Located at 2280 Bates Avenue, Concord, CA 94520; and 2) Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2542 Order Granting Related Motion/Application, 2548 Order on Motion to Limit Notice). (Gershbein, Evan) (Entered: 10/19/2025) |
| 10/20/2025 | 2581<br>(100 pgs) | Notice Regarding *Filing of Comparisons of Amended Chapter 11 Plan and Disclosure Statement* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/20/2025) |

| | | |
|---|---|---|
| 10/20/2025 | 2582 (41 pgs) | Ex Parte Motion for Production of Documents *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Capitol Resource Institute; Declaration of Gillian N. Brown, Esq.* Filed by Creditor Committee Official Committee of Unscured Credtiors (Brown, Gillian) (Entered: 10/20/2025) |
| 10/20/2025 | 2583 (41 pgs) | Ex Parte Motion for Production of Documents *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Youth for Christ Ministries Sacramento; Declaration of Gillian N. Brown, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/20/2025) |
| 10/20/2025 | 2584 (41 pgs) | Ex Parte Motion for Production of Documents *Ex Parte Application of The Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by The Laurel Wreath Foundation, Inc.; Declaration of Steven W. Golden, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 10/20/2025) |
| 10/20/2025 | 2585 (23 pgs) | Joint Status Conference Statement *for Hearing on October 22, 2025* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 10/20/2025) |
| 10/20/2025 | 2593 (3 pgs) | Order Granting the Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Estate Causes of Action Regarding 3557 Golf View Terrace, Santa Rosa, CA 95405 (RE: related document(s)2571 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 10/21/2025) |
| 10/20/2025 | 2594 (42 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5601 Walnut Avenue #4, Orangevale CA 95662 (RE: related document(s)2408 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 10/21/2025) |
| 10/20/2025 | 2595 (3 pgs) | Order Pursuant to Rule 2004 Authorizing Examination of Socotra Capital, Inc., and its Related Entities (Related Doc # 2577) (rba) (Entered: 10/21/2025) |
| 10/20/2025 | 2596 (3 pgs) | Order Pursuant to Rule 2004 Authorizing Examination of Walker & Dunlop, LLC (Related Doc # 2578) (rba) (Entered: 10/21/2025) |
| 10/20/2025 | 2597 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production Of Documents by Capitol Resource Institute (Related Doc # 2582) (rba) (Entered: 10/21/2025) |
| 10/20/2025 | 2598 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production Of Documents by |

| | | |
|---|---|---|
| | | Youth for Christ Ministries Sacramento (Related Doc # 2583) (rba) (Entered: 10/21/2025) |
| 10/20/2025 | 2599 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production Of Documents by the Laurel Wreath Foundation, Inc. (Related Doc # 2584) (rba) (Entered: 10/21/2025) |
| 10/21/2025 | 2586 (2 pgs) | Request for Notice Filed by Interested Party Matthew C. Treger (Young, Kevin) (Entered: 10/21/2025) |
| 10/21/2025 | 2587 (2 pgs) | Request for Notice Filed by Creditor The Equitable Group, Inc (Young, Kevin) NOTE:PDF is a duplicate of document #2586 Modified on 10/23/2025 (jmb). (Entered: 10/21/2025) |
| 10/21/2025 | 2588 (3 pgs) | Response *TO MOTION OF DEBTOR KSMP TO ESTABLISH PROCEDURES FOR REAL PROPERTY SALES* (RE: related document(s)2508 Motion Miscellaneous Relief. Filed by Interested Party Matthew C. Treger (Young, Kevin) (Entered: 10/21/2025) |
| 10/21/2025 | 2589 (10 pgs) | Declaration of of Matthew Treger in response of *TO MOTION OF DEBTOR KSMP TO ESTABLISH PROCEDURES FOR REAL PROPERTY SALES* (RE: related document(s)2508 Motion Miscellaneous Relief. Filed by Interested Party Matthew C. Treger (Young, Kevin) (Entered: 10/21/2025) |
| 10/21/2025 | 2590 (2 pgs) | Objection *TO DECLARATION OF ROBIN ITKIN RE MOTION OF DEBTOR KSMP TO ESTABLISH PROCEDURES FOR REAL PROPERTY SALES* (RE: related document(s)2508 Motion Miscellaneous Relief. Filed by Interested Party Matthew C. Treger (Young, Kevin) (Entered: 10/21/2025) |
| 10/21/2025 | 2591 (2 pgs) | Objection *TO DECLARATION OF DAVID KIEFFER RE MOTION OF DEBTOR KSMP TO ESTABLISH PROCEDURES FOR REAL PROPERTY SALES* (RE: related document(s)2508 Motion Miscellaneous Relief. Filed by Interested Party Matthew C. Treger (Young, Kevin) (Entered: 10/21/2025) |
| 10/21/2025 | 2592 (31 pgs) | Declaration of MARC D. LAIR in response of *MOTION OF DEBTOR KSMP TO ESTABLISH PROCEDURES FOR REAL PROPERTY SALES* (RE: related document(s)2508 Motion Miscellaneous Relief. Filed by Creditor The Equitable Group, Inc (Young, Kevin) (Entered: 10/21/2025) |
| 10/21/2025 | 2600 (105 pgs) | Reply *in Support of Motion of Debtor KSMP to Establish Procedures for Real Property Sales* (RE: related document(s)2508 Motion Miscellaneous Relief, 2588 Response). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/21/2025) |
| 10/21/2025 | 2601 (67 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1190 Dana Drive, Fairfield, CA 94533* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 10/21/2025) |

| | | |
|---|---|---|
| 10/21/2025 | <u>2602</u><br>(3 pgs) | Declaration of Euric Ramirez in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 1190 Dana Drive, Fairfield, CA 94533* (RE: related document(s)<u>2601</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/21/2025) |
| 10/21/2025 | <u>2603</u><br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7210-7212 Grady Drive, Citrus Heights, CA 95621* (RE: related document(s)<u>2492</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) <u>2493</u> Declaration filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (rdr). (Entered: 10/21/2025) |
| 10/21/2025 | <u>2604</u><br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7324-7326 Arleta Court, Sacramento, CA 95723* (RE: related document(s)<u>2494</u> Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle). Related document(s) <u>2495</u> Declaration filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (rdr). (Entered: 10/21/2025) |
| 10/21/2025 | <u>2605</u><br>(18 pgs; 2 docs) | Adversary case 25-01019. 13 (Recovery of money/property - 548 fraudulent transfer) Complaint by KS Mattson Partners, LP against Randy Sue Pollock. Fee Amount $350. (Attachments: # <u>1</u> AP Cover Sheet) (Wynne, Richard) (Entered: 10/21/2025) |
| 10/22/2025 | <u>2606</u><br>(1 pg) | Transcript Order Form regarding Hearing Date 10/22/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/22/2025) |
| 10/22/2025 | | Hearing Held 10/22/2025 at 11:00 AM (RE: related document(s) <u>2508</u> Motion *of Debtor KSMP to Establish Procedures for Real Property Sales*). **Minutes:** The Motion is granted. Ms. Brady will submit the order. (rba) (Entered: 10/22/2025) |
| 10/22/2025 | | Hearing Continued (RE: related document(s) <u>26</u> Order and Notice of Status Conference Chp 11). **Minutes:** The status conference is continued to **11/19/2025 at 01:00 PM in/via Oakland Room 215 - Novack.** to be heard along with the Disclosure Statement Hearing. A further status conference scheduled for 11/13/2025 at 11:00 AM set at the last 9/19/25 hearing is *vacated*. (rba) (Entered: 10/22/2025) |
| 10/22/2025 | <u>2607</u><br>(87 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7210-7212 Grady Drive, Citrus Heights, CA 95621 (RE: related document(s)<u>2492</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A) (rba) (Entered: 10/22/2025) |
| 10/22/2025 | <u>2608</u><br>(103 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7324-7326 Arleta Court, Sacramento, CA 95823 (RE: related document(s)<u>2494</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A) (rba) (Entered: 10/22/2025) |
| 10/22/2025 | <u>2609</u><br>(3 pgs) | Statement of Non-opposition *to Motion for Relief from the Automatic Stay* (RE: related document(s)<u>2504</u> Motion for Relief From Stay). Filed |

| | | |
|---|---|---|
| | | by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/22/2025) |
| 10/22/2025 | 2610 (118 pgs) | Certificate of Service *re: Documents Served on October 1, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2508 Motion Miscellaneous Relief, 2509 Notice of Hearing, 2510 Declaration, 2511 Declaration). (Gershbein, Evan) (Entered: 10/22/2025) |
| 10/22/2025 | 2611 (9 pgs) | Certificate of Service *re: 1) Notice of Filing of Comparisons of Amended Chapter 11 Plan and Disclosure Statement; and 2) Joint Status Conference Statement for Hearing on October 22, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2581 Notice, 2585 Status Conference Statement). (Gershbein, Evan) (Entered: 10/22/2025) |
| 10/22/2025 | 2612 (9 pgs; 2 docs) | Substitution of Attorney . Thomas P. Kelly III added to the case. Filed by Interested Party Live Oak Investments LP (Attachments: # 1 Certificate of Service) (Kelly, Thomas) (Entered: 10/22/2025) |
| 10/22/2025 | 2613 (186 pgs; 6 docs) | Application to Employ Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments L.P. *and additional relief as stated.* Filed by Interested Party Live Oak Investments LP (Attachments: # 1 Memorandum of Points and Authorities # 2 Request for Judicial Notice with exhibits # 3 Declaration of William Andrew with exhibits # 4 Declaration of Thomas P. Kelly III with exhibits # 5 Certificate of Service) (Kelly, Thomas) (Entered: 10/22/2025) |
| 10/22/2025 | 2614 (11 pgs; 2 docs) | Notice of Hearing (RE: related document(s)2613 Application to Employ Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments L.P. *and additional relief as stated.* Filed by Interested Party Live Oak Investments LP (Attachments: # 1 Memorandum of Points and Authorities # 2 Request for Judicial Notice with exhibits # 3 Declaration of William Andrew with exhibits # 4 Declaration of Thomas P. Kelly III with exhibits # 5 Certificate of Service)). **Hearing scheduled for 11/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party Live Oak Investments LP (Attachments: # 1 Certificate of Service) (Kelly, Thomas) (Entered: 10/22/2025) |
| 10/22/2025 | 2615 (2 pgs) | Brief/Memorandum in Opposition to *Motion to Approve Settlement Agreement with Socotra Capital Inc.* (RE: related document(s)2569 Motion Miscellaneous Relief. Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 10/23/2025) |
| 10/23/2025 | 2616 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 10/22/2025 11:00:00 AM ]. File Size [ 2580 KB ]. Run Time [ 00:10:45 ]. (admin). (Entered: 10/23/2025) |
| 10/24/2025 | 2617 (10 pgs; 2 docs) | Stipulation, Standing to Represent Interest */ Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent Lefever Mattson Debtors Interests Regarding Live Oak Investments, LP* Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Attachments: # 1 Certificate of Service) (Fiero, John) (Entered: 10/24/2025) |
| 10/24/2025 | 2618 (1 pg) | Transcript Order Form regarding Hearing Date 10/24/2025 (RE: related document(s)2504 Motion for Relief From Stay). Filed by Debtor LeFever |

| | | |
|---|---|---|
| | | Mattson, a California corporation (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2606 Regarding Hearing Date: 10/22/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2606 Transcript Order Form (Public Request)). (vmv) (Entered: 10/24/2025) |
| 10/24/2025 | 2619 | Acknowledgment of Request for Transcript Received on 10/24/2025. (RE: related document(s)2606 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 10/24/2025) |
| 10/24/2025 | 2620 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2621 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2622 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2623 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2624 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2625 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2626 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2627 (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2628 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |

| 10/24/2025 | <u>2629</u><br>(20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| --- | --- | --- |
| 10/24/2025 | <u>2630</u><br>(19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 9/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2631</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2632</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 9/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2633</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2634</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2635</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2636</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2637</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2638</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2639</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |

| | | |
|---|---|---|
| 10/24/2025 | | Hearing Held 10/24/2025 at 10:00 AM (RE: related document(s) 2504 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Motion is granted. Ms. Wong will submit the order. (rba) (Entered: 10/24/2025) |
| 10/24/2025 | 2640<br>(10 pgs; 2 docs) | Motion to Abandon *Motion of Debtors to Abandon Estate Causes of Action Against Jennifer Ann Castillo* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2641<br>(9 pgs; 2 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Abandon Estate Causes of Action Against Jennifer Ann Castillo* (RE: related document(s)2640 Motion to Abandon). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2642<br>(3 pgs) | Notice of Hearing *on Motion of Debtors to Abandon Estate Causes of Action Against Jennifer Ann Castillo* (RE: related document(s)2640 Motion to Abandon *Motion of Debtors to Abandon Estate Causes of Action Against Jennifer Ann Castillo* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 11/14/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2643<br>(30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2644<br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2645<br>(18 pgs; 3 docs) | Application to Compromise Controversy with Northern California Collection Service, Inc., and John Phair *Motion of Debtors to Approve Settlement with Northern California Collection Service, Inc., and John Phair* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2646<br>(5 pgs; 2 docs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Approve Settlement Agreement with Northern California Collection Service, Inc., and John Phair* (RE: related document(s)2645 Application to Compromise Controversy). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2647<br>(3 pgs) | Notice of Hearing *on Motion of Debtors to Approve Settlement with Northern California Collection Service, Inc., and John Phair* (RE: related document(s)2645 Application to Compromise Controversy with Northern California Collection Service, Inc., and John Phair *Motion of Debtors to Approve Settlement with Northern California Collection Service, Inc., and John Phair* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 11/14/2025 at 11:00 AM in/via Oakland Room** |

| | | |
|---|---|---|
| | | **215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2648 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2649 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2650 (30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2651 (44 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2652 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2653 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 9/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2654 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2655 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2656 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2657 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2658 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2659 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2660 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2661 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2662 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2663 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2664 (7 pgs) | Stipulation, to Appoint a Mediator Filed by Interested Party KS Mattson Partners, LP. (Wynne, Richard) (Entered: 10/24/2025) |
| 10/24/2025 | 2665 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2666 (94 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1045 Bart Road, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 10/24/2025) |
| 10/24/2025 | 2667 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2668 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2669 (103 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 391 Oak Street, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) |

| | | |
|---|---|---|
| | | (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 10/24/2025) |
| 10/24/2025 | 2670 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2671 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2672 (100 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7312-7314 Berna Way, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 10/24/2025) |
| 10/24/2025 | 2673 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2674 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2675 (2 pgs) | Declaration of Rowie Jaron in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7312-7314 Berna Way, Sacramento, CA 95823* (RE: related document(s)2672 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/24/2025) |
| 10/24/2025 | 2676 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2677 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2678 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2679 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |

| | | |
|---|---|---|
| 10/24/2025 | <u>2680</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2681</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2682</u><br>(39 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2683</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2684</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2685</u><br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2686</u><br>(18 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2687</u><br>(33 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2688</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2689</u><br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Supporting Documents # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | <u>2690</u><br>(37 pgs; 3 docs) | Motion / *Notice of Motion and Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP; Memorandum of Points and Authorities in Support Thereof* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # <u>1</u> Declaration of John D. Fiero # <u>2</u> Certificate of Service) (Fiero, John) (Entered: 10/24/2025) |

| | | |
|---|---|---|
| 10/24/2025 | 2691<br>(24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 10/24/2025) |
| 10/24/2025 | 2692<br>(7 pgs) | Ex Parte Motion to Shorten Time *for Hearing on Motion to Declare Void Action in Violation of the Automatic Stay Related to Live Oak Investments, LP* (RE: related document(s)2690 Motion Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 10/24/2025) |
| 10/24/2025 | 2693<br>(6 pgs) | Declaration of John D. Fiero in support of *the Official Committee of Unsecured Creditors Pursuant to B.L.R. 9006-1 for an Order Shortening Time for Hearing on Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (RE: related document(s)2692 Motion to Shorten Time). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 10/24/2025) |
| 10/24/2025 | 2694<br>(41 pgs) | Order Granting Motion of Debtor KSMP to Establish Procedures for Real Property Sales (Related Doc # 2508) (rba) (Entered: 10/24/2025) |
| 10/25/2025 | 2695<br>(3 pgs) | Objection (RE: related document(s)2617 Stipulation for Miscellaneous Relief). Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 10/25/2025) |
| 10/25/2025 | 2696<br>(3 pgs) | Brief/Memorandum in Opposition to (RE: related document(s)2692 Motion to Shorten Time). Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 10/25/2025) |
| 10/27/2025 | 2697<br>(3 pgs) | Stipulation to Extend Time *to Object to Notice of Sale of Subject Property 520 Capitol Mall, Sacramento, CA 95814* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)2532 Notice filed by Debtor LeFever Mattson, a California corporation). (Rosell, Jason) (Entered: 10/27/2025) |
| 10/27/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2618 Regarding Hearing Date: 10/24/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2618 Transcript Order Form (Public Request)). (jmb) (Entered: 10/27/2025) |
| 10/27/2025 | 2698<br>(10 pgs; 2 docs) | Statement of Support of 9019 Motion *Socotra Capital, Inc.'s Statement In Support of Joint Motion of LFM Debtors, Debtor KSMP and the Committee To Approve Entry Into and Performance Under The Socotra Settlement Agreement* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Certificate of Service) (Cohen, Theodore) (Entered: 10/27/2025) |
| 10/27/2025 | 2699 | Acknowledgment of Request for Transcript Received on 10/27/2025. (RE: related document(s)2618 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 10/27/2025) |

| | | |
|---|---|---|
| 10/27/2025 | 2700 (3 pgs) | Order Setting Hearing On Stipulation Granting The Official Committee Of Unsecured Creditors Standing To Represent Lefever Mattson Debtors' Interests Regarding Live Oak Investments, LP (RE: related document(s)2617 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 10/31/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rs) (Entered: 10/27/2025) |
| 10/27/2025 | 2701 (3 pgs) | Order Denying Order Shortening Time For A Hearing On Motion To DeclareVoid Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP (Related Doc # 2692) (rs) (Entered: 10/27/2025) |
| 10/27/2025 | 2702 (4 pgs) | Order Appointing a Mediator (RE: related document(s)2664 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). (rba) (Entered: 10/27/2025) |
| 10/27/2025 | 2703 (3 pgs) | Order Approving Stipulation to Extend Objection Deadline to Notice of Sale of Subject Property 520 Capitol Mall, Sacramento, CA 95814 (RE: related document(s)2697 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 10/27/2025) |
| 10/27/2025 | 2704 (8 pgs) | Certificate of Service *re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 5601 Walnut Avenue #4, Orangevale, CA 95662* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2574 Certification of No Objection). (Gershbein, Evan) (Entered: 10/27/2025) |
| 10/27/2025 | 2705 (8 pgs) | Certificate of Service *re: 1) Order Approving Asset Sale of the Property Located at 7210-7212 Grady Drive, Citrus Heights, CA 95621; 2) Order Approving Asset Sale of the Property Located at 7324-7326 Arleta Court, Sacramento, CA 95823; and 3) Debtors Statement of Non-Opposition to Motion for Relief from the Automatic Stay* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2607 Order Granting Related Motion/Application, 2608 Order Granting Related Motion/Application, 2609 Statement). (Gershbein, Evan) (Entered: 10/27/2025) |
| 10/27/2025 | 2706 (42 pgs) | Chapter 11 Monthly Operating Report for Case Number 24-10715 for the Month Ending: 09/30/2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 10/27/2025) |
| 10/28/2025 | 2707 (2 pgs) | Stipulation to Continue Hearing *on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1750 Motion for Relief From Stay filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust, Motion for Adequate Protection). **Hearing scheduled for 12/12/2025 at 10:00 AM Oakland Room 215 - Novack for 1750,.** (Albert, Gabrielle) (Entered: 10/28/2025) |
| 10/28/2025 | 2708 (21 pgs; 2 docs) | Brief/Memorandum in Opposition to *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Creditor Chase 1992 Family Trust (Attachments: # 1 Declaration of John |

| | | L. Chase in Support of Opposition to Joint Motion) (Egan, Daniel) (Entered: 10/28/2025) |
|---|---|---|
| 10/28/2025 | 2709 (21 pgs; 3 docs) | Interim Application for Compensation *Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025* for Kurtzman Carson Consultants, LLC dba Verita Global, Other Professional, Fee: $1,443.83, Expenses: $0. Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 10/28/2025) |
| 10/28/2025 | 2710 (6 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Slote, Links & Boreman, PC, as DRE Advisor [August 1, 2025, through August 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/28/2025) |
| 10/28/2025 | 2711 (2 pgs) | Joinder *of Live Oak Investments LP* (RE: related document(s)2708 Opposition Brief/Memorandum). Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 10/28/2025) |
| 10/28/2025 | 2713 (3 pgs) | Order on Stipulation to Continue Hearing on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California) (RE: related document(s)1750 Motion for Relief From Stay filed by Creditor Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust, Motion for Adequate Protection, 2707 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 12/12/2025 at 10:00 AM Oakland Room 215 - Novack.** (rba) (Entered: 10/29/2025) |
| 10/29/2025 | 2712 (2 pgs; 2 docs) | Transcript regarding Hearing Held 10/22/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/5/2025. Redaction Request Due By 11/19/2025. Redacted Transcript Submission Due By 12/1/2025. Transcript access will be restricted through 01/27/2026. (Gottlieb, Jason) (Entered: 10/29/2025) |
| 10/29/2025 | | Hearing Continued from 10/31/2025 at 10:00 am to 12/12/2025 at 10:00 AM. Order on Stipulation to Continue Hearing signed 10/28/2025. (RE: related document(s) 1750 Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 12/12/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 10/29/2025) |
| 10/29/2025 | 2714 (2 pgs; 2 docs) | Transcript regarding Hearing Held 10/24/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/5/2025. Redaction Request Due By 11/19/2025. Redacted Transcript Submission Due By 12/1/2025. Transcript access |

| | | |
|---|---|---|
| | | will be restricted through 01/27/2026. (Gottlieb, Jason) (Entered: 10/29/2025) |
| 10/29/2025 | 2715 (29 pgs; 3 docs) | Interim Application for Compensation *Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigations Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Donald S. Davidson, Special Counsel, Fee: $15,964.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2716 (3 pgs) | Declaration of Donald S. Davidson in Support of *Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* (RE: related document(s)2715 Application for Compensation. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2717 (19 pgs; 2 docs) | Motion *to Designate Chase 1992 Family Trust as a "Permitted Party" Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 459]* Filed by Creditor Chase 1992 Family Trust (Attachments: # 1 Declaration of Daniel L. Egan in Support of Motion to Designate Chase 1992 Family Trust as a "Permitted Party") (Egan, Daniel) (Entered: 10/29/2025) |
| 10/29/2025 | 2718 (2 pgs) | Notice of Hearing (RE: related document(s)2717 Motion *to Designate Chase 1992 Family Trust as a "Permitted Party" Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 459]* Filed by Creditor Chase 1992 Family Trust (Attachments: # 1 Declaration of Daniel L. Egan in Support of Motion to Designate Chase 1992 Family Trust as a "Permitted Party")). **Hearing scheduled for 11/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Chase 1992 Family Trust (Egan, Daniel) (Entered: 10/29/2025) |
| 10/29/2025 | 2719 (52 pgs; 3 docs) | Interim Application for Compensation *Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $196,153.00, Expenses: $2,520.26. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2720 (3 pgs) | Declaration of Josh Escovedo in Support of *Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025* (RE: related document(s)2719 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/29/2025) |

| | | |
|---|---|---|
| 10/29/2025 | <u>2721</u><br>(6 pgs) | Objection *of Monley Hamlin, Inc. to Joint Motion of LFM Debtors, Debtor KSMP, and the Committee to Approve Entry into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)<u>2556</u> Application to Compromise Controversy). Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | <u>2722</u><br>(3 pgs) | Request To Take Judicial Notice *In support of Monley Hamlins Opposition to Joint Motion of LFM Debtors, Debtor KSMP, and the Committee to Approve Entry into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)<u>2721</u> Objection). Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | <u>2723</u><br>(137 pgs; 3 docs) | Declaration of James Hamlin in Support of *Monley Hamlins Opposition to Joint Motion of LFM Debtors, Debtor KSMP, and the Committee to Approve Entry into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)<u>2721</u> Objection). Filed by Creditor Monley Hamlin Inc. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Willoughby, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | <u>2724</u><br>(21 pgs) | Certificate of Service (RE: related document(s)<u>2721</u> Objection). Filed by Creditor Monley Hamlin Inc. (Willoughby, Thomas). Related document(s) <u>2722</u> Request To Take Judicial Notice filed by Creditor Monley Hamlin Inc., <u>2723</u> Declaration filed by Creditor Monley Hamlin Inc.. Modified on 10/30/2025 (lj). (Entered: 10/29/2025) |
| 10/29/2025 | <u>2725</u><br>(6 pgs) | Objection *Limited Objection to Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)<u>2556</u> Application to Compromise Controversy). Filed by Creditor Susan Leeming, Administrator of the Estate of James Wal (Kuhner, Chris) (Entered: 10/29/2025) |
| 10/29/2025 | <u>2726</u><br>(13 pgs) | Request To Take Judicial Notice *in Support of Limited Objection to Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)<u>2725</u> Objection). Filed by Creditor Susan Leeming, Administrator of the Estate of James Wal (Kuhner, Chris) (Entered: 10/29/2025) |
| 10/29/2025 | <u>2727</u><br>(3 pgs) | Supplemental Certificate of Service *re: Notice of Hearing on Motion of Debtor KSMP to Establish Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>2509</u> Notice of Hearing, <u>2610</u> Certificate of Service). (Gershbein, Evan) (Entered: 10/29/2025) |
| 10/29/2025 | <u>2728</u><br>(27 pgs; 6 docs) | Interim Application for Compensation *First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses related to Tax Advisory Services for the period January 8, 2025 through August 31, 2025* for FTI Consulting Inc., Other Professional, Fee: $77,049.20, Expenses: $7.97. Filed by Other Prof. FTI Consulting Inc. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E) (Rupp, Thomas) (Entered: 10/29/2025) |

| | | |
|---|---|---|
| 10/29/2025 | 2729<br>(264 pgs; 3 docs) | Interim Application for Compensation *Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,328,090.00, Expenses: $3,978.90. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2730<br>(3 pgs) | Declaration of David A. Taylor in Support of *Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025 through August 31, 2025* (RE: related document(s)2729 Application for Compensation). Filed by Attorney Keller Benvenutti Kim LLP (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2731<br>(6 pgs) | Joinder *of Live Oak Investments LP and request for identical relief* (RE: related document(s)2717 Motion Miscellaneous Relief). Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2732<br>(306 pgs) | Application for Compensation *Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $2,000,278.99, Expenses: $317,952.55. Filed by Attorney Brooke Elizabeth Wilson (Wilson, Brooke) (Entered: 10/29/2025) |
| 10/29/2025 | 2733<br>(3 pgs) | Declaration of Debra L. Grassgreen in Support of *Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025* (RE: related document(s)2732 Application for Compensation). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 10/29/2025) |
| 10/29/2025 | 2734<br>(436 pgs; 3 docs) | Interim Application for Compensation for SSL Law Firm LLP, Special Counsel, Fee: $843,915.00, Expenses: $10.00. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2735<br>(3 pgs) | Declaration of Sally Shekou in Support of *Interim Application for Compensation for SSL Law Firm LLP* (RE: related document(s)2734 Application for Compensation). Filed by Other Prof. SSL Law Firm LLP (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/29/2025 | 2736<br>(5 pgs) | Notice of Hearing *on Interim Fee Applications of Estate Professionals for Allowance and Payment of Compensation and Reimbursement of Expenses* (RE: related document(s)2407 Application for Compensation / *First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period From January 9, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $1,463,704.21, Expenses: $22,663.24. Filed by Attorney Brooke Elizabeth Wilson, 2709 Interim Application for Compensation *Second Interim Fee Application of* |

| | | |
|---|---|---|
| | | *Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025* for Kurtzman Carson Consultants, LLC dba Verita Global, Other Professional, Fee: $1,443.83, Expenses: $0. Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (Attachments: # 1 Exhibit A # 2 Exhibit B), 2715 Interim Application for Compensation *Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigations Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Donald S. Davidson, Special Counsel, Fee: $15,964.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B), 2719 Interim Application for Compensation *Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $196,153.00, Expenses: $2,520.26. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B), 2728 Interim Application for Compensation *First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses related to Tax Advisory Services for the period January 8, 2025 through August 31, 2025* for FTI Consulting Inc., Other Professional, Fee: $77,049.20, Expenses: $7.97. Filed by Other Prof. FTI Consulting Inc. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E), 2729 Interim Application for Compensation *Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,328,090.00, Expenses: $3,978.90. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 2732 Application for Compensation *Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $2,000,278.99, Expenses: $317,952.55. Filed by Attorney Brooke Elizabeth Wilson, 2734 Interim Application for Compensation for SSL Law Firm LLP, Special Counsel, Fee: $843,915.00, Expenses: $10.00. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 11/19/2025 at 01:00 PM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/29/2025) |
| 10/30/2025 | 2737 (10 pgs; 3 docs) | Supplemental Declaration of Steven J. Fleming in Support of *the Application of the Official Committee of Unsecured Creditors for Order Authorizing Employment and Retention of PwC US Business Advisory LLP as Financial Advisor to the Official Committee of Unsecured Creditors* (RE: related document(s)1093 Declaration). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Schedule # 2 Schedule) (Wilson, Brooke) (Entered: 10/30/2025) |
| 10/30/2025 | 2738 (8 pgs) | Second Stipulation, Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action Filed by |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1 320/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 793 of 960

| | | |
|---|---|---|
| | | Creditor Committee Official Committee of Unsecured Credtiors. (Golden, Steven) (Entered: 10/30/2025) |
| 10/30/2025 | | The hearing on the Stipulation currently set at 11:00 AM has been moved to 2:00 PM (RE: related document(s) 2617 Stipulation for Miscellaneous Relief). **Hearing scheduled for 10/31/2025 at 02:00 PM in/via Oakland Room 215 - Novack.** (rba) (Entered: 10/30/2025) |
| 10/30/2025 | 2739 (4 pgs; 2 docs) | Notice Regarding *Notice of Omnibus Property Sale Report Pursuant to Bankruptcy Rule 6004(f) [July - September 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 10/30/2025) |
| 10/30/2025 | 2740 (17 pgs; 4 docs) | Notice Regarding *Designation of Stalking Horse Bidder for Sale of Subject Property Located at 9407, 9415-9471 N Fort Washington Road, Fresno, CA 93720* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Albert, Gabrielle) (Entered: 10/30/2025) |
| 10/30/2025 | 2741 (6 pgs; 2 docs) | Supplemental Declaration of David A. Taylor in Support of *Interim Fee Applications of Debtors' Professionals* (RE: related document(s)2709 Application for Compensation, 2715 Application for Compensation, 2719 Application for Compensation, 2728 Application for Compensation, 2729 Application for Compensation, 2734 Application for Compensation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 10/30/2025) |
| 10/30/2025 | 2742 (8 pgs) | Certificate of Service re: *Reply in Support of Motion of Debtor KSMP to Establish Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2600 Reply). (Gershbein, Evan) (Entered: 10/30/2025) |
| 10/30/2025 | 2743 (20 pgs) | Certificate of Service re: *1) Stipulation to Appoint a Mediator; and 2) Order Granting Motion of Debtor KSMP to Establish Procedures for Real Property Sales* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2664 Stipulation for Miscellaneous Relief, 2694 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 10/30/2025) |
| 10/30/2025 | 2744 (10 pgs) | Certificate of Service re: *Order Appointing a Mediator* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2702 Order on Stipulation). (Gershbein, Evan) (Entered: 10/30/2025) |
| 10/30/2025 | 2745 (11 pgs) | Certificate of Service re: *1) Stipulation to Continue Hearing on Motion for Order Terminating Automatic Stay or Requiring Adequate Protection (21881, 21885, and 21889 Eighth Street E., Sonoma, California); and 2) Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2707 Stipulation to Continue Hearing, |

| | | |
|---|---|---|
| | | 2709 Application for Compensation). (Gershbein, Evan) (Entered: 10/30/2025) |
| 10/31/2025 | 2746 (2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 12/12/2025 at 10:00 AM Oakland Room 215 - Novack for 1686,.** (Albert, Gabrielle) (Entered: 10/31/2025) |
| 10/31/2025 | | Hearing Continued from 11/19/2025 at 1:00 PM to 12/5/2025 at 11:00 AM by Court's direction (RE: related document(s) 2729 Interim Application for Compensation Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, t, 2732 Application for Compensation Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025 for Brooke Elizabeth Wi) **Hearing scheduled for 12/05/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 10/31/2025) |
| 10/31/2025 | 2747 (1 pg) | Transcript Order Form regarding Hearing Date 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 10/31/2025) |
| 10/31/2025 | 2748 (2 pgs) | Joinder (RE: related document(s)2708 Opposition Brief/Memorandum). Filed by Creditors Andrew Revocable Trust dated June 21, 2001, Burgess Trust dated October 9, 2006 (Kelly, Thomas) (Entered: 10/31/2025) |
| 10/31/2025 | 2749 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 520 Capitol Mall, Sacramento, CA 95814* (RE: related document(s)2532 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 10/31/2025) |
| 10/31/2025 | | Hearing Continued (RE: related document(s) 2617 Stipulation for Miscellaneous Relief). **Minutes:** Regarding the Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests Regarding Live Oak Investments [dkt # 2617], the UCC is authorized to represent the LeFever Mattson Debtors' Interests as to: (1) the Motion to Declare Void Actions in Violation of the Automatic Stay [dkt # 2690] (the "Stay Violation Motion"); and (2) the Application to Employ Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments, L.P. [dkt # 2613]. The Stay Violation Motion shall be heard on **11/13/2025 at 2:00 PM in/via Oakland Room 215 - Novack**. Proposed Counsel for Live Oak shall file and serve any opposition to the Stay Violation Motion by 11/7/2025. The UCC shall file any reply by 11/12/2025. The parties shall meet and confer for the purpose of stipulating to any undisputed facts, and file a Statement of Undisputed facts with the court prior to the 11/13/2025 hearing. The court will issue the order. (rba) Modified on 10/31/2025 (rba). (Entered: 10/31/2025) |
| 10/31/2025 | 2750 (3 pgs) | Order Approving Second Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action (RE: related document(s)2738 Stipulation for Miscellaneous Relief filed |

| | | by Creditor Committee Official Committee of Unsecured Creditors). (rba) (Entered: 10/31/2025) |
|---|---|---|
| 10/31/2025 | 2751 (3 pgs) | Order on Stipulation to Further Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank, 2746 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 12/12/2025 at 10:00 AM Oakland Room 215 - Novack**. (rba) (Entered: 10/31/2025) |
| 10/31/2025 | | Hearing Continued from 11/7/2025 at 10:00 AM to 12/12/2025 at 10:00 AM. Order on Stipulation to Further Continue Hearing signed 10/31/2025. (RE: related document(s) 1686 Second Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 12/12/2025 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 10/31/2025) |
| 10/31/2025 | 2752 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2712 Transcript). Notice Date 10/31/2025. (Admin.) (Entered: 10/31/2025) |
| 10/31/2025 | 2753 (1 pg) | PDF with attached Audio File. Court Date & Time [ 10/31/2025 2:00:00 PM ]. File Size [ 11160 KB ]. Run Time [ 00:46:30 ]. (admin). (Entered: 10/31/2025) |
| 11/01/2025 | 2754 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2714 Transcript). Notice Date 11/01/2025. (Admin.) (Entered: 11/01/2025) |
| 11/03/2025 | 2755 (4 pgs) | Certification of No Objection *Certificate of No Objection Regarding Amended Monthly Fee Statement* (RE: related document(s)2562 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 11/03/2025) |
| 11/03/2025 | 2756 (4 pgs) | Certification of No Objection *Certificate of No Objection Regarding Amended Monthly Fee Statement* (RE: related document(s)2563 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 11/03/2025) |
| 11/03/2025 | 2757 (4 pgs) | Certification of No Objection *Certificate of No Objection Regarding Amended Monthly Fee Statement* (RE: related document(s)2564 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 11/03/2025) |
| 11/03/2025 | 2758 (4 pgs) | Certification of No Objection *Certificate of No Objection Regarding Monthly Fee Statement* (RE: related document(s)2565 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 11/03/2025) |
| 11/03/2025 | 2759 (4 pgs) | Certificate of Service (RE: related document(s)2755 Certification of No Objection, 2756 Certification of No Objection, 2757 Certification of No Objection, 2758 Certification of No Objection). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 11/03/2025) |

| 11/03/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2747 Regarding Hearing Date: 10/31/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2747 Transcript Order Form (Public Request)). (lj) (Entered: 11/03/2025) |
| --- | --- | --- |
| 11/03/2025 | 2760 | Acknowledgment of Request for Transcript Received on 11/3/2025. (RE: related document(s)2747 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 11/03/2025) |
| 11/03/2025 | 2761 (16 pgs; 2 docs) | Omnibus Reply *Socotra Capital, Inc.'s Omnibus Reply In Support of Joint Motion of LFM Debtors, Debtor KSMP and The Committee to Approve Entry Into And Performance Under the Socotra Settlement Agreement - Related to Dkt Nos: 2615, 2698, 2708, 2721, 2725 and 2748* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Certificate of Service) (Cohen, Theodore) (Entered: 11/03/2025) |
| 11/03/2025 | 2762 (14 pgs; 2 docs) | Adversary case 25-01020. 14 (Recovery of money/property - other), 72 (Injunctive relief - other), 91 (Declaratory judgment) Complaint by Official Committee of Unsecured Creditors against Deutsche Bank Trust Company America. Fee Amount $350. (Attachments: # 1 AP Cover Sheet) (Fiero, John) (Entered: 11/03/2025) |
| 11/03/2025 | 2763 (18 pgs) | Reply *in Support of Joint Motion of LFM Debtors, Debtor KSMP and The Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2556 Application to Compromise Controversy). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/03/2025) |
| 11/03/2025 | 2764 (4 pgs) | Declaration of Robbin L. Itkin in support of *Joint Motion of LFM Debtors, Debtor KSMP and The Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2763 Reply). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard). Related document(s) 2556 Application to Compromise Controversy with Socotra Capital, Inc. and Affiliates *JOINT MOTION OF LFM DEBTORS, DEBTOR KSMP AND THE COMMITTEE TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE SOCOTRA SETTLEMENT AGREEMENT* filed by Interested Party KS Mattson Partners, LP. Modified on 11/6/2025 (rdr). (Entered: 11/03/2025) |
| 11/03/2025 | 2765 (3 pgs) | Supplemental Declaration of Bradley D. Sharp in support of *Joint Motion of LFM Debtors, Debtor KSMP and The Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)2763 Reply). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard). Related document(s) 2556 Application to Compromise Controversy with Socotra Capital, Inc. and Affiliates *JOINT MOTION OF LFM DEBTORS, DEBTOR KSMP AND THE COMMITTEE TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE SOCOTRA SETTLEMENT AGREEMENT* filed by Interested Party KS Mattson Partners, LP. Modified on 11/6/2025 (rdr). (Entered: 11/03/2025) |
| 11/04/2025 | | Adversary Case Closed 1:25-ap-1017. (myt) (Entered: 11/04/2025) |

| | | |
|---|---|---|
| 11/04/2025 | 2766 (2 pgs; 2 docs) | Transcript regarding Hearing Held 10/31/2025 RE: Stipulation Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/12/2025. Redaction Request Due By 11/25/2025. Redacted Transcript Submission Due By 12/5/2025. Transcript access will be restricted through 02/2/2026. (Gottlieb, Jason) (Entered: 11/04/2025) |
| 11/04/2025 | 2767 (12 pgs; 2 docs) | Amended Application to Employ CBRE, Inc. as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 11/04/2025) |
| 11/04/2025 | 2768 (15 pgs) | Certificate of Service re: Documents Served on October 21, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2594 Order Granting Related Motion/Application, 2601 Notice, 2602 Declaration, 2603 Certification of No Objection, 2604 Certification of No Objection). (Gershbein, Evan) (Entered: 11/04/2025) |
| 11/04/2025 | 2769 (61 pgs) | Certificate of Service re: Documents Served on October 24, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2640 Motion to Abandon, 2641 Declaration, 2642 Notice of Hearing, 2645 Application to Compromise Controversy, 2646 Declaration, 2647 Notice of Hearing, 2666 Notice, 2669 Notice, 2672 Notice, 2675 Declaration). (Gershbein, Evan) (Entered: 11/04/2025) |
| 11/04/2025 | 2770 (12 pgs) | Certificate of Service re: Documents Served on October 29, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2713 Order on Stipulation, Order to Continued Hearing, 2715 Application for Compensation, 2716 Declaration, 2719 Application for Compensation, 2720 Declaration, 2729 Application for Compensation, 2730 Declaration, 2734 Application for Compensation, 2735 Declaration, 2736 Notice of Hearing). (Gershbein, Evan) (Entered: 11/04/2025) |
| 11/04/2025 | 2771 (22 pgs) | Certificate of Service re: 1) Notice of Omnibus Property Sale Report Pursuant to Bankruptcy Rule 6004(f) (July - September 2025); 2) Notice of Designation of Stalking Horse Bidder for Sale of Subject Property Located at 9407, 9415-9471 N Fort Washington Road, Fresno, CA 93730; and 3) Supplemental Declaration of David A. Taylor in Support of Interim Fee Applications of Debtors' Professionals Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2739 Notice, 2740 Notice, 2741 Declaration). (Gershbein, Evan) (Entered: 11/04/2025) |
| 11/04/2025 | 2772 (76 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814 (RE: related document(s)2532 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 11/04/2025) |
| 11/04/2025 | 2773 (12 pgs; 2 docs) | Amended Order Authorizing Employment of CBRE, Inc. as Real Estate Broker (RE: related document(s)969 Order on Application to Employ). (Attachments: # 1 Exhibit 1, 2333 Amended Application to Employ CBRE, Inc. as Real Estate Broker) (rba) (Entered: 11/04/2025) |

| 11/04/2025 | 2774<br>(4 pgs; 2 docs) | Order after Hearing on Stipulation Granting the Official Committee of Unsecured Creditors Standing to Represent LeFever Mattson Debtors' Interests Regarding Live Oak Investments, LP and Setting Hearing on Motion To Declare Void Actions in Violation of the Automatic Stay (RE: related document(s)2617 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Creditors, 2690 Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP; Memorandum of Points and Authorities in Support Thereof).**Hearing scheduled for 11/13/2025 at 2:00 PM in/via Oakland Room 215 - Novack.** (rba) Modified on 11/5/2025 (rba). (Entered: 11/04/2025) |
| 11/05/2025 | 2775<br>(1 pg) | Transcript Order Form regarding Hearing Date 11/5/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/05/2025) |
| 11/05/2025 | 2776<br>(2 pgs) | Certificate of Service (RE: related document(s)2504 Motion for Relief From Stay). Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.") (Wong, Jennifer) (Entered: 11/05/2025) |
| 11/05/2025 | | Hearing Continued (RE: related document(s) 2556 Application to Compromise Controversy with Socotra Capital, Inc. and Affiliates Joint Motion of Lfm Debtors, Debtor KSMP and the Committee to Approve Entry into and Performance under the Socotra Settlement Agreement). **Minutes:** For the reasons stated on the record, by **11/6/2025**, the moving party shall file a declaration attaching the demonstrative document. By **11/7/2025**, Counsel for Creditor Chase 1992 Family Trust shall file any Reply. The motion is continued to **11/12/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/05/2025) |
| 11/05/2025 | 2777<br>(8 pgs) | Brief/Memorandum in Opposition to *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (1) Approving the Plan Summary and Disclosure Statement;* (RE: related document(s)2569 Motion Miscellaneous Relief). Filed by Creditor Chase 1992 Family Trust (Egan, Daniel) (Entered: 11/05/2025) |
| 11/05/2025 | 2778<br>(4 pgs) | Supplemental Certificate of Service *re: Notice of Hearing on Motion of Debtors for Order Limiting Service of Notice of Certain Sale Motions to Creditors and Interest Holders of the Individual Seller-Debtor(s)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2393 Notice of Hearing, 2551 Certificate of Service). (Gershbein, Evan) (Entered: 11/05/2025) |
| 11/05/2025 | 2779<br>(9 pgs) | Certificate of Service *re: 1) Stipulation to Further Continue Hearing on Citizens Business Banks Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]; and 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 520 Capitol Mall, Sacramento, CA 95814* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2746 Stipulation to Continue Hearing, 2749 Certification of No Objection). (Gershbein, Evan) (Entered: 11/05/2025) |
| 11/05/2025 | 2780<br>(9 pgs) | Certificate of Service *re: Order on Stipulation to Further Continue Hearing on Citizens Business Banks Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield,* |

326/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 799 of 960

| | | |
|---|---|---|
| | | *California 94534]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2751 Order on Stipulation, Order to Continued Hearing). (Gershbein, Evan) (Entered: 11/05/2025) |
| 11/05/2025 | 2781 (8 pgs) | Certificate of Service re: *Application of Debtors for Third Amended Order Authorizing Employment of CBRE, Inc. as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2767 Application to Employ). (Gershbein, Evan) (Entered: 11/05/2025) |
| 11/05/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2775 Regarding Hearing Date: 11/5/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2775 Transcript Order Form (Public Request)). (klr) (Entered: 11/05/2025) |
| 11/06/2025 | 2782 (7 pgs) | Notice Regarding *Amendment to Scope of the Retention and Employment of Kidder Matthews as Real Estate Broker* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/06/2025) |
| 11/06/2025 | 2783 (7 pgs) | Notice Regarding *Amendment to Scope of the Retention and Employment of Premiere Estates as Real Estate Broker* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/06/2025) |
| 11/06/2025 | 2784 | Acknowledgment of Request for Transcript Received on 11/6/2025. (RE: related document(s)2775 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 11/06/2025) |
| 11/06/2025 | | Hearing Reset from 11/19/2025 at 11:00 AM to 11/18/2025 at 11:00 AM (RE: related document(s) 2613 Application to Employ Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments L.P. and additional relief as stated., 2717 Motion to Designate Chase 1992 Family Trust as a "Permitted Party" Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 4]. **Hearing scheduled for 11/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/06/2025) |
| 11/06/2025 | 2785 (9 pgs) | Certificate of Service re: *1) Reply in Support of Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement; 2) Supplemental Declaration of Robbin L. Itkin in Support of Reply in Support of Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement; and 3) Supplemental Declaration of Bradley D. Sharp in Support of Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2763 Reply, 2764 Declaration, 2765 Declaration). (Gershbein, Evan) (Entered: 11/06/2025) |
| 11/06/2025 | | Hearing Reset from 11/19/2025 at 1:00 PM to 11/18/2025 at 11:00 AM (RE: related document(s) 26 Order and Notice of Status Conference Chp 11, 2365 Joint Motion for the Entry of an Order Approving Procedures With Respect to Investor Claims, 2569 Amended Motion Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and |

| | | |
|---|---|---|
| | | Approving the Form and Man). **Hearing scheduled for 11/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/06/2025) |
| 11/06/2025 | | Hearing Reset from 11/19/2025 at 1:00 PM to 11/18/2025 at 11:00 AM (RE: related document(s) 2407 Application for Compensation / First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the, 2709 Interim Application for Compensation Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of E, 2715 Interim Application for Compensation Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigations Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses fo, 2719 Interim Application for Compensation Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025, 2728 Interim Application for Compensation First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses related to Tax Advisory Services f, 2734 Interim Application for Compensation for SSL Law Firm LLP, Special Counsel, Fee: $843,915.00, Expenses: $10.00.). **Hearing scheduled for 11/18/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/06/2025) |
| 11/06/2025 | 2786 (8 pgs; 2 docs) | Supplemental Declaration of Bradley D. Sharp in Support of *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry into and Performance Under the Socotra Settlement Agreement* (RE: related document(s) 2556 Application to Compromise Controversy). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 11/06/2025) |
| 11/06/2025 | 2787 (3 pgs) | Order on Motion for Relief From Automatic Stay (Related Doc # 2504) (rba) (Entered: 11/06/2025) |
| 11/06/2025 | 2788 (1 pg) | ◀)) PDF with attached Audio File. Court Date & Time [ 11/5/2025 11:00:01 AM ]. File Size [ 21919 KB ]. Run Time [ 01:31:20 ]. (admin). (Entered: 11/06/2025) |
| 11/07/2025 | 2789 (9 pgs) | Certificate of Service *re: 1) Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814; and 2) Amended Order Authorizing Employment of CBRE, Inc. as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s) 2772 Order Granting Related Motion/Application, 2773 Amended Order). (Gershbein, Evan) (Entered: 11/07/2025) |
| 11/07/2025 | 2790 (4 pgs; 4 docs) | Transcript regarding Hearing Held 11/5/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By |

| | | 11/14/2025. Redaction Request Due By 12/1/2025. Redacted Transcript Submission Due By 12/8/2025. Transcript access will be restricted through 02/5/2026. (Gottlieb, Jason) (Entered: 11/07/2025) |
|---|---|---|
| 11/07/2025 | <u>2791</u><br>(14 pgs; 2 docs) | Statement of Monthly Fees and Expenses *of Kurtzman Carson Consultants, LLC dba Verita Global [September 1, 2025, to September 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A) (Rupp, Thomas) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2792</u><br>(61 pgs) | Motion */ Application for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized By Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2793</u><br>(5 pgs) | Declaration of Robbin L. Itkin in support of *Debtor KSMP's Motion for Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized By Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief* (RE: related document(s)<u>2792</u> Motion Miscellaneous Relief. Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2794</u><br>(3 pgs) | Notice of Hearing (RE: related document(s)<u>2792</u> Motion */ Application for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized By Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 12/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2795</u><br>(8 pgs) | Supplemental Brief/Memorandum in Opposition to *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry into and Performance under the Socotra Settlement Agreement* (RE: related document(s)<u>2556</u> Application to Compromise Controversy). Filed by Creditor Chase 1992 Family Trust (Egan, Daniel) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2796</u><br>(8 pgs) | Supplemental Brief/Memorandum in Opposition to *Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement* (RE: related document(s)<u>2556</u> Application to Compromise Controversy). Filed by Creditor Chase 1992 Family Trust (Egan, Daniel) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2797</u><br>(83 pgs; 3 docs) | Motion *Application of Debtors for Order Correcting Scrivener's Error in Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Albert, Gabrielle) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2798</u><br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>2766</u> Transcript). Notice Date 11/07/2025. (Admin.) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2799</u><br>(8 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>2774</u> Order). Notice Date 11/07/2025. (Admin.) (Entered: 11/07/2025) |
| 11/07/2025 | <u>2800</u><br>(329 pgs; 4 docs) | Brief/Memorandum in Opposition to (RE: related document(s)<u>2690</u> Motion Miscellaneous Relief. Filed by Interested Party Live Oak Investments LP (Attachments: # <u>1</u> Declaration of William Andrew with |

| | | |
|---|---|---|
| | | exhibits # 2 Request for Judicial Notice with exhibits # 3 Declaration of Thomas P. Kelly III with exhibits) (Kelly, Thomas) (Entered: 11/07/2025) |
| 11/10/2025 | 2801 (19 pgs; 2 docs) | Application to Employ NAI Capital Commercial Inc. as Real Estate Broker Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 11/10/2025) |
| 11/10/2025 | 2802 (11 pgs; 2 docs) | Declaration of David Knowlton in Support of *Application of Debtors for Order Authorizing Employment of NAI Capital Commercial Inc. as Real Estate Broker* (RE: related document(s)2801 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 11/10/2025) |
| 11/10/2025 | 2803 (3 pgs) | Stipulation, to Continue Hearing on Motion for Relief from Stay Re: First Street and Natoma Properties Filed by Interested Party KS Mattson Partners, LP (RE: related document(s)2320 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). (Wynne, Richard) (Entered: 11/10/2025) |
| 11/11/2025 | 2804 (105 pgs) | Certificate of Service *re: Documents Served on October 15, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2550 Order Granting Related Motion/Application, 2556 Application to Compromise Controversy, 2557 Declaration, 2558 Declaration, 2559 Notice of Hearing, 2561 Amended Chapter 11 Plan, 2567 Amended Disclosure Statement, 2568 Notice, 2569 Motion Miscellaneous Relief, 2570 Notice of Hearing). (Gershbein, Evan) (Entered: 11/11/2025) |
| 11/11/2025 | 2805 (3 pgs) | Order Correcting Scrivener's Error in Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814 (Related Doc # 2772, 2797) (rba) (Entered: 11/11/2025) |
| 11/11/2025 | 2806 (76 pgs; 2 docs) | Amended Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814 (RE: related document(s)2772 Order Granting Related Motion/Application). (Attachments: # 1 Exhibit A) (rba) (Entered: 11/11/2025) |
| 11/11/2025 | 2807 (6 pgs; 2 docs) | Third Amended Order Authorizing Employment of CBRE, Inc. as Real Estate Broker (Related Doc # 969, 2767) (Attachments: # 1 Exhibit 1) (rba) (Entered: 11/11/2025) |
| 11/11/2025 | 2808 (3 pgs) | Order Approving Stipulation to Revise Briefing Schedule on Motion for Relief from Stay Re: First Street and Natoma Properties (RE: related document(s)2803 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 01/23/2026 at 10:00 AM in/via Oakland Room 215 - Novack**. (rba) (Entered: 11/11/2025) |
| 11/12/2025 | 2809 (51 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7327-7329 Berna Way, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/12/2025) |
| 11/12/2025 | 2810 (2 pgs) | Declaration of Xitlalic Martinez in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of* |

CANB Live Database

| | | |
|---|---|---|
| | | *Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7327-7329 Berna Way, Sacramento CA 95823* (RE: related document(s)2809 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/12/2025) |
| 11/12/2025 | 2811 (22 pgs) | Amended Certificate of Service *re: 1) Notice of Omnibus Property Sale Report Pursuant to Bankruptcy Rule 6004(f) (July - September 2025); 2) Notice of Designation of Stalking Horse Bidder for Sale of Subject Property Located at 9407, 9415-9471 N Fort Washington Road, Fresno, CA 93730; and 3) Supplemental Declaration of David A. Taylor in Support of Interim Fee Applications of Debtors' Professionals* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2739 Notice, 2740 Notice, 2741 Declaration). (Gershbein, Evan) (Entered: 11/12/2025) |
| 11/12/2025 | 2812 (1 pg) | Transcript Order Form regarding Hearing Date 11/12/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/12/2025) |
| 11/12/2025 | | Hearing Held 11/12/2025 at 11:00 AM (RE: related document(s) 2556 Application to Compromise Controversy with Socotra Capital, Inc. and Affiliates Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry into and Performance under the Socotra Settlement Agreement. **Minutes:** For the reasons stated on the record, the Application to Compromise Controversy is approved with additional language to be included in the order. Mr. Wynn will submit the order. (rba) (Entered: 11/12/2025) |
| 11/12/2025 | 2813 (8 pgs; 2 docs) | Statement of Non-Opposition *(Conditional) to Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (i) Approving the Plan Summary and Amended Disclosure Statement; (ii) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of The Hearing Notice; (iii) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (iv) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (v) Approving Related Matters* (RE: related document(s)2561 Amended Chapter 11 Plan, 2567 Amended Disclosure Statement, 2569 Motion Miscellaneous Relief). Filed by Creditor Monley Hamlin Inc. (Attachments: # 1 Certificate of Service) (Willoughby, Thomas) (Entered: 11/12/2025) |
| 11/12/2025 | 2814 (13 pgs) | Objection *to Debtor's First Amended Disclosure Statement* (RE: related document(s)2561 Amended Chapter 11 Plan, 2567 Amended Disclosure Statement, 2569 Motion Miscellaneous Relief). Filed by Creditor Nationstar Mortgage LLC (Garan, Todd) (Entered: 11/12/2025) |
| 11/12/2025 | 2815 (14 pgs) | Objection *to Debtor's First Amended Disclosure Statement* (RE: related document(s)2561 Amended Chapter 11 Plan, 2567 Amended Disclosure Statement, 2569 Motion Miscellaneous Relief). Filed by Creditor JPMorgan Chase Bank, N.A. (Garan, Todd) (Entered: 11/12/2025) |
| 11/12/2025 | 2816 (8 pgs) | Brief/Memorandum in Opposition to *Joint Motion for The Entry of an Order Approving Settlement* (RE: related document(s)2365 Motion Miscellaneous Relief). Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Fallon, Michael) (Entered: 11/12/2025) |
| 11/12/2025 | 2817 (2 pgs) | Joinder *to Opposition of Chase 1992 Family Trust to Amended Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I)* |

| | | |
|---|---|---|
| | | *Approving the Plan Summary and Disclosure; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) the Estimation of Investor Claims and Interests SOlely for Vote Purposes; and (V) Approving Related Matters* (RE: related document(s)2569 Motion Miscellaneous Relief). Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Fallon, Michael) (Entered: 11/12/2025) |
| 11/12/2025 | 2818 (7 pgs) | Objection *of Timothy J. LeFever to Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice* (RE: related document(s)2569 Motion Miscellaneous Relief). Filed by Creditor Timothy J. LeFever (Ficks, Gregg) (Entered: 11/12/2025) |
| 11/12/2025 | 2819 (8 pgs) | Brief/Memorandum in Opposition to *Objection Of Keybank National Association To Amended Joint Motion Of Debtors And Official Committee Of Unsecured Creditors For An Order (I) Approving The Plan Summary And Disclosure Statement; (II) Scheduling Hearing On Confirmation Of Plan And Approving The Form And Manner Of Service Of The Hearing Notice; (III) Establishing Procedures For The Solicitation And Tabulation Fo Votes On Plan; (IV) The Estimation Of Investor Claims And Interests Solely For Voting Purposes; and (V) Approving Related Matters* (RE: related document(s)2569 Motion Miscellaneous Relief). Filed by Interested Party KeyBank National Association (Warrington, Gerrick) (Entered: 11/12/2025) |
| 11/12/2025 | 2820 (18 pgs) | Motion *of Debtor KSMP to Extend Exclusive Solicitation Period* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/12/2025) |
| 11/12/2025 | 2821 (13 pgs) | Objection *TO AMENDED DISCLOSURE STATEMENT IN SUPPORT OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION* (RE: related document(s)2567 Amended Disclosure Statement). Filed by Creditor Fannie Mae (Houston, Marsha) (Entered: 11/12/2025) |
| 11/12/2025 | 2822 (4 pgs) | Declaration of Robbin L. Itkin in support of *Debtor KSMPs Motion for Order to Extend Exclusive Solicitation Period* (RE: related document(s)2820 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/12/2025) |
| 11/12/2025 | 2823 (13 pgs) | Objection *TO AMENDED DISCLOSURE STATEMENT IN SUPPORT OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION* (RE: related document(s)2567 Amended Disclosure Statement). Filed by Creditor FEDERAL HOME LOAN MORTGAGE CORPORATION (Houston, Marsha) (Entered: 11/12/2025) |
| 11/12/2025 | 2824 (3 pgs) | Notice of Hearing *on Motion of Debtor KSMP to Extend Exclusive Solicitation Period* (RE: related document(s)2820 Motion *of Debtor KSMP to Extend Exclusive Solicitation Period* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 12/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/12/2025) |
| 11/12/2025 | 2825 (12 pgs) | Motion */ Debtor KSMPs Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Interested Party |

| | | |
|---|---|---|
| | | KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/12/2025) |
| 11/12/2025 | 2826 (8 pgs) | Declaration of Robbin L. Itkin in support of *Debtor KSMPs Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)2825 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/12/2025) |
| 11/12/2025 | 2827 (6 pgs) | Reply *Committees Reply In Support Of Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP* (RE: related document(s)2690 Motion Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 11/12/2025) |
| 11/12/2025 | 2828 (3 pgs) | Notice of Hearing on *Debtor KSMPs Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)2825 Motion / *Debtor KSMPs Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Interested Party KS Mattson Partners, LP). **Hearing to be held on 12/3/2025 at 11:00 AM** (check with court for location). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/12/2025) |
| 11/12/2025 | 2829 (21 pgs; 5 docs) | Declaration of John D. Fiero in Support of *Committees Reply In Support Of Motion To Declare Void Actions In Violation Of The Automatic Stay Related To Live Oak Investments, LP* (RE: related document(s)2827 Reply). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Exhibit A - October 31, 2025 Email # 2 Exhibit B - November 6, 2025 Email # 3 Exhibit C - November 8, 2025 Email # 4 Exhibit D - Statement of Undisputed Facts) (Fiero, John) (Entered: 11/12/2025) |
| 11/12/2025 | 2830 (5 pgs) | BNC Certificate of Mailing (RE: related document(s) 1396 Transcript). Notice Date 11/12/2025. (Admin.) (Entered: 11/12/2025) |
| 11/12/2025 | 2831 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2790 Transcript). Notice Date 11/12/2025. (Admin.) (Entered: 11/12/2025) |
| 11/12/2025 | 2832 (9 pgs) | BNC Certificate of Mailing (RE: related document(s) 1254 Order on Motion for Relief From Stay). Notice Date 11/12/2025. (Admin.) (Entered: 11/12/2025) |
| 11/13/2025 | 2833 (9 pgs) | Certificate of Service *re: 1) Debtor KSMPs Application for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized by Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief; 2) Declaration of Robbin L. Itkin in Support of Debtor KSMPs Motion for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized by Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief; and 3) Notice of Hearing on Debtor KSMPs Application for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized by Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2792 Motion Miscellaneous Relief, 2793 Declaration, 2794 Notice of Hearing). (Gershbein, Evan) (Entered: 11/13/2025) |

| | | |
|---|---|---|
| 11/13/2025 | 2834<br>(9 pgs) | Certificate of Service *re: 1) Notice of Amendment to Scope of the Retention and Employment of Kidder Matthews as Real Estate Broker; and 2) Notice of Amendment to Scope of the Retention and Employment of Premiere Estates as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2782 Notice, 2783 Notice). (Gershbein, Evan) (Entered: 11/13/2025) |
| 11/13/2025 | 2835<br>(10 pgs) | Certificate of Service *re: Stipulation to Continue Hearing on Motion for Relief from Stay re: First Street and Natoma Properties* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2803 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 11/13/2025) |
| 11/13/2025 | 2836<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1190 Dana Drive, Fairfield, CA 94533* (RE: related document(s)2601 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/13/2025) |
| 11/13/2025 | 2837<br>(1 pg) | Transcript Order Form regarding Hearing Date 11/13/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/13/2025) |
| 11/13/2025 | | Hearing Held 11/13/2025 at 2:00 PM (RE: related document(s) 2690 Motion / Notice of Motion and Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP; Memorandum of Points and Authorities in Support Thereof). **Minutes:** Matter taken under submission. (rba) (Entered: 11/13/2025) |
| 11/13/2025 | 2838<br>(36 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1173 Araquipa Court, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/13/2025) |
| 11/13/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2812 Regarding Hearing Date: 11/12/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2812 Transcript Order Form (Public Request)). (no) (Entered: 11/13/2025) |
| 11/13/2025 | 2839<br>(19 pgs) | Certificate of Service *re: 1) Second Supplemental Declaration of Bradley D. Sharp in Support of Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement; 2) Monthly Professional Fee Statement for Kurtzman Carson Consultants, LLC dba Verita Global [September 1, 2025 to September 30, 2025]; and 3) Application of Debtors for Order Correcting Scriveners Error in Order Approving Asset Sale of the Property Located at 520 Capitol Mall, Sacramento, CA 95814* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2786 Declaration, 2791 Statement, 2797 Motion Miscellaneous Relief). (Gershbein, Evan) (Entered: 11/13/2025) |
| 11/13/2025 | 2840<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 11/12/2025 11:00:00 AM ]. File Size [ 12208 KB ]. Run Time [ 00:50:52 ]. (admin). (Entered: 11/13/2025) |

334/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 807 of 960

| 11/13/2025 | 2841 (1 pg) | PDF with attached Audio File. Court Date & Time [ 11/13/2025 2:00:00 PM ]. File Size [ 8296 KB ]. Run Time [ 00:34:34 ]. (admin). (Entered: 11/13/2025) |
|---|---|---|
| 11/14/2025 | 2842 | Acknowledgment of Request for Transcript Received on 11/14/2025. (RE: related document(s)2812 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 11/14/2025) |
| 11/14/2025 | 2843 (5 pgs; 2 docs) | Application for Admission of Attorney Pro Hac Vice . Fee Amount $328 (Attachments: # 1 Proposed Order) (Cooley, Michael) (Entered: 11/14/2025) |
| 11/14/2025 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A34207830, amount $ 328.00 (re: Doc# 2843 Application for Admission of Attorney Pro Hac Vice . Fee Amount $328) (U.S. Treasury) (Entered: 11/14/2025) |
| 11/14/2025 | 2844 (50 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 5509 Orange Avenue & 7343 Arleta Court, Sacramento CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/14/2025) |
| 11/14/2025 | 2845 (3 pgs) | Declaration of Cristina V Barragan Nunez in Support of *Adequate Assurance of Future Performance by Finca Real Estate Holdings LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5509 Orange Avenue & 7343 Arleta Court, Sacramento, CA 95823* (RE: related document(s)2844 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/14/2025) |
| 11/14/2025 | 2846 (1 pg) | Transcript Order Form regarding Hearing Date 11/14/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/14/2025) |
| 11/14/2025 | 2847 (4 pgs) | Notice of Continued Hearing *on Interim Fee Applications of Estate Professionals for Allowance and Payment of Compensation and Reimbursement of Expenses* (RE: related document(s)2407 Application for Compensation / *First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period From January 9, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $1,463,704.21, Expenses: $22,663.24. Filed by Attorney Brooke Elizabeth Wilson, 2729 Interim Application for Compensation *Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,328,090.00, Expenses: $3,978.90. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B), 2732 Application for Compensation *Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1,* |

| | | |
|---|---|---|
| | | *2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $2,000,278.99, Expenses: $317,952.55. Filed by Attorney Brooke Elizabeth Wilson). **Hearing scheduled for 12/5/2025 at 11:00 AM Oakland Room 215 - Novack for 2407, Hearing scheduled for 12/5/2025 at 11:00 AM Oakland Room 215 - Novack for 2729, Hearing scheduled for 12/5/2025 at 11:00 AM Oakland Room 215 - Novack for 2732,. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/14/2025)** |
| 11/14/2025 | 2848 (4 pgs) | Notice of Continued Hearing *on Interim Fee Applications of Estate Professionals for Allowance and Payment of Compensation and Reimbursement of Expenses* (RE: related document(s)2709 Interim Application for Compensation *Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025* for Kurtzman Carson Consultants, LLC dba Verita Global, Other Professional, Fee: $1,443.83, Expenses: $0. Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (Attachments: # 1 Exhibit A # 2 Exhibit B), 2715 Interim Application for Compensation *Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigations Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Donald S. Davidson, Special Counsel, Fee: $15,964.00, Expenses: $0.00. Filed by Spec. Counsel Donald S. Davidson (Attachments: # 1 Exhibit A # 2 Exhibit B), 2719 Interim Application for Compensation *Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $196,153.00, Expenses: $2,520.26. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B), 2728 Interim Application for Compensation *First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses related to Tax Advisory Services for the period January 8, 2025 through August 31, 2025* for FTI Consulting Inc., Other Professional, Fee: $77,049.20, Expenses: $7.97. Filed by Other Prof. FTI Consulting Inc. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E), 2734 Interim Application for Compensation for SSL Law Firm LLP, Special Counsel, Fee: $843,915.00, Expenses: $10.00. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 12/10/2025 at 11:00 AM Oakland Room 215 - Novack for 2709, Hearing scheduled for 12/10/2025 at 11:00 AM Oakland Room 215 - Novack for 2715, Hearing scheduled for 12/10/2025 at 11:00 AM Oakland Room 215 - Novack for 2719, Hearing scheduled for 12/10/2025 at 11:00 AM Oakland Room 215 - Novack for 2728, Hearing scheduled for 12/10/2025 at 11:00 AM Oakland Room 215 - Novack for 2734,. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/14/2025)** |
| 11/14/2025 | 2849 (8 pgs; 2 docs) | Notice Regarding *Letter to Creditors and Investors by Debtors' Chief Restructuring Officer* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 11/14/2025) |

| | | |
|---|---|---|
| 11/14/2025 | | Hearing Held 11/14/2025 at 11:00 AM RE: 2640 Motion to Abandon Motion of Debtors to Abandon Estate Causes of Action Against Jennifer Ann Castillo. The Motion is **granted**. Mr. Rupp will submit the order. 2645 Application to Compromise Controversy with Northern California Collection Service, Inc., and John Phair Motion of Debtors to Approve Settlement with Northern California Collection Service, Inc., and John Phair. The Application to Compromise Controversy is **approved**. Mr. Rupp will submit the order. (rba) (Entered: 11/14/2025) |
| 11/14/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2837 Regarding Hearing Date: 11/13/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2837 Transcript Order Form (Public Request)). (rdr) (Entered: 11/14/2025) |
| 11/14/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2846 Regarding Hearing Date: 11/14/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2846 Transcript Order Form (Public Request)). (rdr) (Entered: 11/14/2025) |
| 11/14/2025 | 2850 | Acknowledgment of Request for Transcript Received on 11/14/2025. (RE: related document(s)2837 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 11/14/2025) |
| 11/14/2025 | 2851 | Acknowledgment of Request for Transcript Received on 11/14/2025. (RE: related document(s)2846 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 11/14/2025) |
| 11/14/2025 | 2852 (51 pgs; 2 docs) | Order (1) Granting Joint Motion of LFM Debtors, Debtor KSMP, and the Committee to Approve Entry into and Performance under the Socotra Settlement Agreement; and (2) Approving Entry into and Performance Under the Socotra Settlement Agreement (Related Doc # 2556) (Attachments: # 1 Exhibit 1) (rba) (Entered: 11/14/2025) |
| 11/14/2025 | 2853 (1 pg) | PDF with attached Audio File. Court Date & Time [ 11/14/2025 11:00:04 AM ]. File Size [ 2392 KB ]. Run Time [ 00:09:58 ]. (admin). (Entered: 11/14/2025) |
| 11/17/2025 | 2854 (2 pgs; 2 docs) | Transcript regarding Hearing Held 11/13/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/24/2025. Redaction Request Due By 12/8/2025. Redacted Transcript Submission Due By 12/18/2025. Transcript access will be restricted through 02/17/2026. (Gottlieb, Jason) (Entered: 11/17/2025) |
| 11/17/2025 | 2855 (2 pgs; 2 docs) | Transcript regarding Hearing Held 11/14/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction |

| | | |
|---|---|---|
| | | Deadline Due By 11/24/2025. Redaction Request Due By 12/8/2025. Redacted Transcript Submission Due By 12/18/2025. Transcript access will be restricted through 02/17/2026. (Gottlieb, Jason) (Entered: 11/17/2025) |
| 11/17/2025 | 2856 (74 pgs) | Statement of / Fifth Monthly Fee Statement of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from May 1, 2025 Through May 31, 2025 (RE: related document(s)356 Order on Motion for Miscellaneous Relief, 1234 Order on Application to Employ). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 11/17/2025) |
| 11/17/2025 | 2857 (4 pgs) | Notice of Continued Hearing *on (A) Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) the Estimation of Investor Claims and Interests Solely for Voting Purposes; and (V) Approving Related Matters and (B) Joint Motion for the Entry of an Order Approving Settlement Procedures with Respect to Investor Claims* (RE: related document(s)2365 Joint Motion *for the Entry of an Order Approving Procedures With Respect to Investor Claims* Filed by Creditor Committee Official Committee of Unsecured Credtiors, 2569 Amended Motion *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas). Related document(s) 2366 Joint Motion *of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing N filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (no).). Hearing scheduled for 12/3/2025 at 11:00 AM Tele/Videoconference - www.canb.uscourts.gov/calendars for 2365, Hearing scheduled for 12/3/2025 at 11:00 AM Tele/Videoconference - www.canb.uscourts.gov/calendars for 2569,. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 11/17/2025)* |
| 11/17/2025 | 2858 (2 pgs; 2 docs) | Transcript regarding Hearing Held 11/12/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/24/2025. Redaction Request Due By 12/8/2025. Redacted Transcript Submission Due By 12/18/2025. Transcript access will be restricted through 02/17/2026. (Gottlieb, Jason) (Entered: 11/17/2025) |

CANB Live Database

| 11/17/2025 | 2859<br>(62 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1190 Dana Drive, Fairfield, CA 94533 (RE: related document(s)2601 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 11/17/2025) |
|---|---|---|
| 11/17/2025 | 2860<br>(11 pgs; 2 docs) | Order Authorizing Employment of NAI Capital Commercial Inc. as Real Estate Broker (Related Doc # 2801) (Attachments: # 1 Exhibit 1) (rba) (Entered: 11/17/2025) |
| 11/17/2025 | 2861<br>(3 pgs) | Order Approving Settlement with Northern California Collection Service, Inc., and John Phair (Related Doc # 2645) (rba) (Entered: 11/17/2025) |
| 11/17/2025 | 2862<br>(5 pgs) | Certificate of Service (RE: related document(s)2856 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 11/17/2025) |
| 11/17/2025 | 2863<br>(58 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 24265 Arnold Drive, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/17/2025) |
| 11/17/2025 | 2864<br>(9 pgs) | Certificate of Service *re: 1) Application of Debtors for Order Authorizing Employment of NAI Capital Commercial Inc. as Real Estate Broker; 2) Declaration of David Knowlton in Support of Application of Debtors for Order Authorizing Employment of NAI Capital Commercial Inc. as Real Estate Broker* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2801 Application to Employ, 2802 Declaration). (Gershbein, Evan) (Entered: 11/17/2025) |
| 11/17/2025 | 2865<br>(18 pgs) | Certificate of Service *re: Documents Served on or Before November 12, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2805 Order on Motion for Miscellaneous Relief, 2806 Amended Order, 2807 Order on Application to Employ, 2809 Notice, 2810 Declaration). (Gershbein, Evan) (Entered: 11/17/2025) |
| 11/17/2025 | 2866<br>(10 pgs) | Certificate of Service *re: Order Approving Stipulation to Revise Briefing Schedule on Motion for Relief from Stay re: First Street and Natoma Properties* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2808 Order on Stipulation). (Gershbein, Evan) (Entered: 11/17/2025) |
| 11/17/2025 | 2867<br>(4 pgs) | Supplemental Certificate of Service *re: 1) Notice of Hearing on Joint Motion of LFM Debtors, Debtor KSMP and the Committee to Approve Entry Into and Performance Under the Socotra Settlement Agreement; and 2) Notice of Hearing on: (A) Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) the Estimation of Investor Claims and Interests Solely for Voting Purposes; and (V) Approving Related Matters --and-- (B) Joint Motion for the Entry of an Order Approving Settlement Procedures with Respect to Investor Claims* Filed by Other Prof. |

| | | |
|---|---|---|
| | | Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2559 Notice of Hearing, 2570 Notice of Hearing, 2804 Certificate of Service). (Gershbein, Evan) (Entered: 11/17/2025) |
| 11/17/2025 | 3205 (8 pgs) | Adversary case 25-01025. (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) : Notice of Removal re: Complaint by Estate of Brad Driver, Mariah Driver against Seth Peter Wellisch. (Fee Amount of $350.00 is Exempt) (jflf)Modified on 12/11/2025 (jflf). (Entered: 11/18/2025) (Entered: 12/23/2025) |
| 11/18/2025 | 2868 (1 pg) | Transcript Order Form regarding Hearing Date 11/18/2025 (RE: related document(s)2613 Application to Employ, 2717 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/18/2025) |
| 11/18/2025 | | Hearing Continued from 11/18/2025 at 11:00 AM to 12/3/2025 at 11:00 AM (RE: related document(s) 2569 Amended Motion Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Man, 2365 Joint Motion for the Entry of an Order Approving Procedures With Respect to Investor Claims, 26 Order and Notice of Status Conference Chp 11). **Hearing scheduled for 12/03/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/18/2025) |
| 11/18/2025 | | Hearing Held 11/18/2025 at 11:00 AM (RE: related document(s) 2613 Application to Employ Law Offices of Thomas P. Kelly III P.C. as Attorney for Live Oak Investments L.P. *and additional relief as stated.*). **Minutes:** The Court will issue a decision on the Stay Violation Motion, docket #2690 by this week that will resolve this Motion. (rba) (Entered: 11/18/2025) |
| 11/18/2025 | | Hearing Continued (RE: related document(s) 2717 Motion to Designate Chase 1992 Family Trust as a "Permitted Party" Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 4]. **Minutes:** The affected investors were not served. Counsel for Creditor Chase 1992 Family Trust shall file an updated certificate of service and to include language that any objection to the Motion can be raised at the hearing. The Motion is continued to **12/03/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/18/2025) |
| 11/18/2025 | | Hearing Continued from 11/18/2025 at 11:00 AM to 12/5/2025 at 11:00 AM (RE: related document(s) 2407 Application for Compensation / First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the). **Hearing scheduled for 12/05/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/18/2025) |
| 11/18/2025 | | Hearing Continued from 11/18/2025 at 11:00 AM to 12/10/2025 at 11:00 AM (RE: related document(s) 2709 Interim Application for Compensation Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of E, 2715 Interim Application for Compensation Third |

| | | |
|---|---|---|
| | | Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigations Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses fo, 2719 Interim Application for Compensation Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025, 2728 Interim Application for Compensation First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses related to Tax Advisory Services f, 2734 Interim Application for Compensation for SSL Law Firm LLP, Special Counsel, Fee: $843,915.00, Expenses: $10.00.). **Hearing scheduled for 12/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 11/18/2025) |
| 11/18/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-2868 Regarding Hearing Date: 11/18/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)2868 Transcript Order Form (Public Request)). (lj) (Entered: 11/18/2025) |
| 11/18/2025 | 2869 (1 pg) | PDF with attached Audio File. Court Date & Time [ 11/18/2025 11:00:00 AM ]. File Size [ 4528 KB ]. Run Time [ 00:18:52 ]. (admin). (Entered: 11/18/2025) |
| 11/18/2025 | 2870 (3 pgs) | Order Granting Motion to Abandon Estate Causes of Action Against Jennifer Ann Castillo (Related Doc # 2640) (rba) (Entered: 11/19/2025) |
| 11/19/2025 | 2871 (4 pgs; 4 docs) | Transcript regarding Hearing Held 11/18/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 11/26/2025. Redaction Request Due By 12/10/2025. Redacted Transcript Submission Due By 12/22/2025. Transcript access will be restricted through 02/17/2026. (Gottlieb, Jason) (Entered: 11/19/2025) |
| 11/19/2025 | 2872 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7312-7314 Berna Way, Sacramento, CA 95823* (RE: related document(s)2672 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/19/2025) |
| 11/19/2025 | 2873 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1045 Bart Road, Sonoma, CA 95476* (RE: related document(s)2666 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/19/2025) |
| 11/19/2025 | 2874 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 391 Oak Street, Sonoma, CA 95476* (RE: related document(s)2669 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/19/2025) |
| 11/19/2025 | 2875 (90 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba) Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 11/19/2025) |
| 11/19/2025 | 2876 (3 pgs) | Declaration of Dustin A. Frazier in Support of *Adequate Assurance of Future Performance by FMC Golden Hills LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)2875 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/19/2025) |
| 11/19/2025 | 2877 (7 pgs) | Amended Notice of Hearing (RE: related document(s)2717 Motion *to Designate Chase 1992 Family Trust as a "Permitted Party" Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 459]* Filed by Creditor Chase 1992 Family Trust (Attachments: # 1 Declaration of Daniel L. Egan in Support of Motion to Designate Chase 1992 Family Trust as a "Permitted Party")). **Hearing scheduled for 12/3/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Chase 1992 Family Trust (Egan, Daniel). Related document(s) 459 Order on Motion to Set Last Day to File Proofs of Claim. Modified on 11/20/2025 (rdr). (Entered: 11/19/2025) |
| 11/19/2025 | 2878 (54 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1870 Thornsberry Road, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/19/2025) |
| 11/19/2025 | 2879 (11 pgs) | Motion *of the Committee, LeFever Mattson Debtors, and Debtor KS Mattson Partners, LP for Entry of an Order Allowing Omnibus Objections on the Basis that Certain Claims and Interests Are Incorrectly or Improperly Classified* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 11/19/2025) |
| 11/19/2025 | 2880 (3 pgs) | Notice of Hearing *on Motion of the Committee, LeFever Mattson Debtors, and Debtor KS Mattson Partners, LP for Entry of an Order Allowing Omnibus Objections on the Basis that Certain Claims and Interests Are Incorrectly or Improperly Classified* (RE: related document(s)2879 Motion *of the Committee, LeFever Mattson Debtors, and Debtor KS Mattson Partners, LP for Entry of an Order Allowing Omnibus Objections on the Basis that Certain Claims and Interests Are Incorrectly or Improperly Classified* Filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 12/10/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 11/19/2025) |
| 11/19/2025 | 2881 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2854 Transcript). Notice Date 11/19/2025. (Admin.) (Entered: 11/19/2025) |
| 11/19/2025 | 2882 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2855 Transcript). Notice Date 11/19/2025. (Admin.) (Entered: 11/19/2025) |

| 11/20/2025 | 2883<br>(50 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 786 Broadway, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/20/2025) |
| 11/20/2025 | 2884<br>(52 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 790 Broadway, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/20/2025) |
| 11/20/2025 | 2885<br>(2 pgs) | Declaration of Timothy Michael Vanderet in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 790 Broadway, Sonoma, CA 95476* (RE: related document(s)2884 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/20/2025) |
| 11/20/2025 | 2886<br>(67 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 925-927 Broadway, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/20/2025) |
| 11/20/2025 | 2887<br>(53 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7312-7314 Berna Way, Sacramento, CA 95823 (RE: related document(s)2672 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 11/20/2025) |
| 11/20/2025 | 2888<br>(43 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1045 Bart Road, Sonoma, CA 95476 (RE: related document(s)2666 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 11/20/2025) |
| 11/20/2025 | 2889<br>(52 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at at 391 Oak Street, Sonoma, CA 95476 (RE: related document(s)2669 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 11/20/2025) |
| 11/20/2025 | 2890<br>(4 pgs) | Order Approving Designation Of Stalking Horse for the Sale of the Property Located At 9407, 9415-9471 N Fort Washington Road, Fresno, CA 93730 (RE: related document(s)2740 Notice filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 11/20/2025) |
| 11/20/2025 | 2891<br>(8 pgs; 2 docs) | Order Granting Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP (Related Doc # 2613, 2690) (rba) (Entered: 11/20/2025) |
| 11/20/2025 | 2892 | BNC Certificate of Mailing (RE: related document(s) 2858 Transcript). |

| | (6 pgs) | Notice Date 11/20/2025. (Admin.) (Entered: 11/20/2025) |
|---|---|---|
| 11/20/2025 | 2893<br>(9 pgs) | Certificate of Service *re: Documents Served on November 13, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2820 Motion Miscellaneous Relief, 2822 Declaration, 2824 Notice of Hearing, 2825 Motion Miscellaneous Relief, 2826 Declaration, 2828 Notice of Hearing). (Gershbein, Evan) (Entered: 11/20/2025) |
| 11/20/2025 | 2894<br>(29 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 1190 Dana Drive, Fairfield, CA 94533; and 2) Notice of Sale of Subject Property Located at 1173 Araquipa Court, Vacaville, CA 95687* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2836 Certification of No Objection, 2838 Notice). (Gershbein, Evan) (Entered: 11/20/2025) |
| 11/21/2025 | 2895<br>(9 pgs) | Stipulation, to Appoint a Mediator Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Wilson, Brooke) (Entered: 11/21/2025) |
| 11/21/2025 | 2896<br>(55 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 19020, 19022 A & B, 19030 Railroad Avenue, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/21/2025) |
| 11/21/2025 | 2897<br>(3 pgs) | Declaration of Bertha Magalli Yoho in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 19020, 19022 A & B, 19030 Railroad Avenue, Sonoma, CA 95476* (RE: related document(s)2896 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/21/2025) |
| 11/21/2025 | 2898<br>(8 pgs) | Supplemental Certificate of Service *of Amended Notice and Motion to Designate the Chase 1992 Family Trust as a "Permitted Party"* (RE: related document(s)2877 Notice of Hearing. Filed by Creditor Chase 1992 Family Trust (Egan, Daniel) (Entered: 11/21/2025) |
| 11/21/2025 | 2899<br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 11/21/2025) |
| 11/21/2025 | 2900<br>(32 pgs; 3 docs) | Amended Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 09/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 11/21/2025) |
| 11/21/2025 | 2901<br>(4 pgs) | Order Appointing a Mediator (RE: related document(s)2895 Stipulation for Miscellaneous Relief filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 11/21/2025) |
| 11/21/2025 | 2902<br>(62 pgs; 2 docs) | Notice Regarding *Sale of Subject Property 5800 Fair Oaks Blvd., Carmichael, CA 95608* (RE: related document(s)971 Order Establishing |

| | | |
|---|---|---|
| | | Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/21/2025) |
| 11/21/2025 | 2903 (3 pgs) | Declaration of Joseph Ramos in Support of *Adequate Assurance of Future Performance by MJ2 Investors, LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5800 Fair Oaks Blvd., Carmichael, CA 95608* (RE: related document(s)2902 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/21/2025) |
| 11/21/2025 | 2904 (53 pgs) | Chapter 11 Monthly Operating Report for Case Number 24-10715 for the Month Ending: 10/31/2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/21/2025) |
| 11/21/2025 | 2905 (435 pgs) | Interim Application for Compensation / *First Interim Fee Application of Hogan Lovells US LLP as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025* for KS Mattson Partners, LP, Debtor's Attorney, Fee: $3,590,262.73, Expenses: $18,516.76. Filed by Attorney Richard L. Wynne (Wynne, Richard)Modified on 12/23/2025 (rs). (Entered: 11/21/2025) |
| 11/21/2025 | 2906 (3 pgs) | Declaration of Richard L. Wynne in support of *Application of Hogan Lovells US LLP as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025* (RE: related document(s)2905 Application for Compensation). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/21/2025) |
| 11/21/2025 | 2907 (128 pgs) | Interim Application for Compensation / *First Interim Fee Application of Stapleton Group, A Part of J.S. Held as Operations and Asset Manager to Debtor KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period From June 9, 2025 through and Including October 31, 2025* for KS Mattson Partners, LP, Other Professional, Fee: $1,170,618.50, Expenses: $18,498.90. Filed by Attorney Richard L. Wynne (Wynne, Richard) (Entered: 11/21/2025) |
| 11/21/2025 | 2908 (3 pgs) | Declaration of Mike G. Bergthold in support of *First Interim Fee Application of Stapleton Group, A Part of J.S. Held as Operations and Asset Manager to Debtor KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period From June 9, 2025 through and Including October 31, 2025* (RE: related document(s)2907 Application for Compensation). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/21/2025) |
| 11/21/2025 | 2909 (4 pgs) | Notice of Hearing *on Interim Fee Applications of KSMP Estate Professionals for Allowance and Payment of Compensation and Reimbursement of Expenses* (RE: related document(s)2905 Interim Application for Compensation / *First Interim Fee Application of Hogan Lovells US LLP as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025* for KS Mattson Partners, LP, Debtor's Attorney, Fee: $3,590,262.73, Expenses: $18,516.76. Filed by Attorney Richard L. Wynne, 2907 Interim Application for Compensation / *First Interim Fee Application of Stapleton Group, A Part of J.S. Held as Operations and Asset Manager to Debtor KSMP for Allowance and* |

| | | |
|---|---|---|
| | | *Payment of Fees and Reimbursement of Expenses for the Period From June 9, 2025 through and Including October 31, 2025* for KS Mattson Partners, LP, Other Professional, Fee: $1,170,618.50, Expenses: $18,498.90. Filed by Attorney Richard L. Wynne). **Hearing scheduled for 12/12/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/21/2025) |
| 11/21/2025 | 2910 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 2871 Transcript). Notice Date 11/21/2025. (Admin.) (Entered: 11/21/2025) |
| 11/22/2025 | 2911 (12 pgs) | BNC Certificate of Mailing (RE: related document(s) 2891 Order on Motion for Miscellaneous Relief). Notice Date 11/22/2025. (Admin.) (Entered: 11/22/2025) |
| 11/24/2025 | 2912 (2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC (Abrams, Asaph) (Entered: 11/24/2025) |
| 11/24/2025 | 2913 (9 pgs) | Notice Regarding *Filing of [Revised Proposed] Order Granting First Interim Fee Application of Stapleton Group a Part of JS Held as Operations and Asset Manager to Debtor KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period From June 9, 2025 through and Including October 31, 2025* (RE: related document(s)2907 Interim Application for Compensation / *First Interim Fee Application of Stapleton Group, A Part of J.S. Held as Operations and Asset Manager to Debtor KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period From June 9, 2025 through and Including October 31, 2025* for KS Mattson Partners, LP, Other Professional, Fee: $1,170,618.50, Expenses: $18,498.90. Filed by Attorney Richard L. Wynne). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 11/24/2025) |
| 11/24/2025 | 2914 (4 pgs) | Omnibus Certification of No Objection *Regarding Monthly Professional Fee Statements* (RE: related document(s)2531 Statement, 2710 Statement, 2791 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/24/2025) |
| 11/24/2025 | 2915 (7 pgs; 3 docs) | Statement of Monthly Fees and Expenses *for Slote, Links & Boreman, PC, as DRE Advisor [September 1, 2025, through October 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 11/24/2025) |
| 11/25/2025 | 2916 (67 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 453 Fleming Avenue East, Vallejo, CA 94591* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/25/2025) |
| 11/25/2025 | 2917 (3 pgs) | Declaration of Venkata Bhanu P. Gollapudi in Support of *Adequate Assurance of Future Performance by NB2CA, LLC, a California Limited Liability Company with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 453 Fleming Avenue East, Vallejo, CA 94591* (RE: related document(s)2916 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/25/2025) |

| | | |
|---|---|---|
| 11/25/2025 | 2918<br>(59 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 446-454 3rd Street West, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/25/2025) |
| 11/25/2025 | 2919<br>(16 pgs) | Joint Reply *in Support of Joint Motion for the Entry of an Order Approving Settlement Procedures With Respect to Investor Claims* (RE: related document(s)2365 Motion Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 11/25/2025) |
| 11/26/2025 | 2920<br>(4 pgs) | Certificate of Service *re: Documents Served on November 24, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2905 Application for Compensation, 2906 Declaration, 2907 Application for Compensation, 2908 Declaration, 2909 Notice of Hearing, 2913 Notice). (Gershbein, Evan) (Entered: 11/26/2025) |
| 11/26/2025 | 2921<br>(4 pgs) | Certificate of Service *re: 1) Omnibus Certificate of No Objection Regarding Monthly Professional Fee Statements; and 2) Monthly Professional Fee Statement for Slote, Links & Boreman, PC, as DRE Advisor [September 1, 2025, Through October 31, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2914 Certification of No Objection, 2915 Statement). (Gershbein, Evan) (Entered: 11/26/2025) |
| 11/26/2025 | 2922<br>(56 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7332-7334 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 11/26/2025) |
| 11/26/2025 | 2923<br>(3 pgs) | Declaration of Alejandrina Diaz in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7332-7334 Arleta Court, Sacramento, CA 95823* (RE: related document(s)2922 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 11/26/2025) |
| 11/26/2025 | 2924<br>(12 pgs; 2 docs) | Motion to Extend Time *Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 11/26/2025) |
| 11/26/2025 | 2925<br>(4 pgs) | Declaration of Bradley D. Sharp in Support of *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)2924 Motion to Extend Time). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/26/2025) |
| 11/26/2025 | 2926<br>(3 pgs) | Notice of Hearing *on Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)2924 Motion to Extend Time *Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related* |

| | | |
|---|---|---|
| | | *Proceedings* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 12/17/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/26/2025) |
| 11/26/2025 | 2927 (14 pgs; 2 docs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 11/26/2025) |
| 11/26/2025 | 2928 (4 pgs) | Declaration of Bradley D. Sharp in Support of *Motion of Debtors to Extend Plan Exclusice Periods* (RE: related document(s)2927 Motion to Extend/Limit Exclusivity Period). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/26/2025) |
| 11/26/2025 | 2929 (3 pgs) | Notice of Hearing *on Motion of Debtors to Extend Plan Exclusive Periods* (RE: related document(s)2927 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Motion of Debtors to Extend Plan Exclusive Periods* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 12/17/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 11/26/2025) |
| 11/26/2025 | 2930 (4 pgs; 2 docs) | Notice Regarding *Property Sale Report Pursuant to Bankruptcy Rule 6004(f) [October 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 11/26/2025) |
| 11/26/2025 | 2931 (84 pgs) | Motion *of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement* Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 11/26/2025) |
| 11/26/2025 | 2932 (5 pgs) | Declaration of Robbin L. Itkin in support of *Motion of Debtor KSMP to Approve Entry Into and performance Under the Nielsen Settlement Agreement* (RE: related document(s)2931 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 11/26/2025) |
| 11/26/2025 | 2933 (3 pgs) | Notice of Hearing (RE: related document(s)2931 Motion *of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 12/17/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 11/26/2025) |
| 11/30/2025 | 2934 (12 pgs) | Status Conference Statement *Regarding Issues for December 3, 2025 Concerning Live Oak Investments, LP* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 11/30/2025) |
| 11/30/2025 | 2935 (1 pg) | Transcript Order Form on an Appeal, regarding Hearing Date 10/31/2025 Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 11/30/2025) |
| 11/30/2025 | 2936 (1 pg) | Transcript Order Form on an Appeal, regarding Hearing Date 11/13/2025 Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) |

| | | |
|---|---|---|
| | | (Entered: 11/30/2025) |
| 11/30/2025 | 2937 (10 pgs) | Notice of Appeal to BAP , Fee Amount $ 298. (RE: related document(s)2891 Order on Motion for Miscellaneous Relief). Transmission of Record on Appeal to BAP due by 01/2/2026. Service of Notice of Referral due by 12/8/2025. Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 11/30/2025) |
| 11/30/2025 | | Receipt of filing fee for Notice of Appeal( 24-10545) [appeal,ntcapl] ( 298.00). Receipt number A34230628, amount $ 298.00 (re: Doc# 2937 Notice of Appeal) (U.S. Treasury) (Entered: 11/30/2025) |
| 11/30/2025 | 2938 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (RE: related document(s)2937 Notice of Appeal filed by Interested Party Live Oak Investments LP). Appellee designation due by 12/16/2025. Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 11/30/2025) |
| 11/30/2025 | 2939 (2 pgs) | Statement of Issues on Appeal, (RE: related document(s)2937 Notice of Appeal filed by Interested Party Live Oak Investments LP). Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 11/30/2025) |
| 11/30/2025 | 2940 (2 pgs) | Notice Regarding *Ordering of Transcripts on Appeal* (RE: related document(s)2937 Notice of Appeal to BAP , Fee Amount $ 298. (RE: related document(s)2891 Order on Motion for Miscellaneous Relief). Transmission of Record on Appeal to BAP due by 01/2/2026. Service of Notice of Referral due by 12/8/2025. Filed by Interested Party Live Oak Investments LP). Filed by Interested Party Live Oak Investments LP (Kelly, Thomas) (Entered: 11/30/2025) |
| 12/01/2025 | 2941 (2 pgs) | Certification of No Objection *Regarding Debtor KSMPs Motion to Extend Exclusive Solicitation Period* (RE: related document(s)2820 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/01/2025) |
| 12/01/2025 | 2942 (2 pgs) | Certification of No Objection *Regarding Debtor KSMPs Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (RE: related document(s)2825 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/01/2025) |
| 12/01/2025 | 2943 (265 pgs) | Amended Motion *of the Official Committee of Unsecured Creditors for Substantive Consolidation of the Debtors and the KSMP Investment Entities and for Related Relief* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/01/2025) |
| 12/01/2025 | 2944 (61 pgs) | Amended Chapter 11 Plan *Second Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2226 Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 2561 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Rupp, Thomas) (Entered: 12/01/2025) |
| 12/01/2025 | 2945 (91 pgs; 6 docs) | Second Amended Disclosure Statement *in Support of Second Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 |

| | | Exhibit C # 4 Exhibit D # 5 Exhibit E) (Rupp, Thomas) (Entered: 12/01/2025) |
|---|---|---|
| 12/01/2025 | 2946 (220 pgs) | Notice Regarding *Revised Solicitation Materials* (RE: related document(s)2569 Amended Motion *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas). Related document(s) 2366 Joint Motion *of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing N filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (no).).* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/01/2025) |
| 12/01/2025 | 2947 (27 pgs) | Omnibus Reply *to Objections to Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* (RE: related document(s)2569 Motion Miscellaneous Relief. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/01/2025) |
| 12/02/2025 | 2948 (14 pgs) | Certificate of Service (RE: related document(s)2943 Motion Miscellaneous Relief. Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 12/02/2025) |
| 12/02/2025 | 2949 (5 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Slote, Links & Boreman, PC, as DRE Advisor [November 1, 2025, through November 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2950 (2 pgs) | Certification of No Objection / *CERTIFICATION OF NO OBJECTION REGARDING DEBTOR KSMPS APPLICATION FOR AN ORDER (I) AUTHORIZING THE RETENTION AND PAYMENT, AS OF AUGUST 22, 2025, OF PROFESSIONALS UTILIZED BY DEBTOR KSMP IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF* (RE: related document(s)2792 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/02/2025) |
| 12/02/2025 | 2951 (3 pgs) | Certification of No Objection / *Certificate of No Objection Regarding Monthly Professional Fee Statement* (RE: related document(s)356 Order on Motion for Miscellaneous Relief, 2239 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 12/02/2025) |
| 12/02/2025 | 2952 (15 pgs) | Notice Regarding *Proposed Agenda for Hearing on December 3, 2025 at 11:00 a.m. (Pacific Time)* Filed by Creditor Committee Official |

| | | Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 2953 (3 pgs) | Certification of No Objection / *Certificate of No Objection Regarding Monthly Professional Fee Statement* (RE: related document(s)356 Order on Motion for Miscellaneous Relief, 2856 Statement). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 12/02/2025) |
| 12/02/2025 | 2954 (4 pgs; 2 docs) | Objection to Confirmation of Plan (RE: related document(s)2561 Amended Chapter 11 Plan). Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 (Attachments: # 1 Certificate of Service) (Wan, Fanny) (Entered: 12/02/2025) |
| 12/02/2025 | 2955 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2956 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2957 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2958 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2959 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2960 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2961 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2962 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2963 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2964 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2965 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2966 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2967 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2968 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2969 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2970 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2971 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2972 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2973 (32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2974 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 2975 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2976 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2977 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2978 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2979 (32 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2980 (43 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2981 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2982 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2983 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2984 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2985 (30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 2986 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2987 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2988 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2989 (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2990 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2991 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2992 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2993 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2994 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2995 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2996 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2997 (3 pgs) | Notice Regarding *Withdrawal of Sara Shahbazi as Counsel for Oracle America, Inc. and Oracle Credit Corporation* Filed by Creditors Oracle America, Inc., Oracle Credit Corporation (Shahbazi, Sara) (Entered: 12/02/2025) |
| 12/02/2025 | 2998 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 2999 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3000 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3001 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3002 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Document) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3003 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3004 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3005 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3006 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3007 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 3008 (36 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3009 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3010 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3011 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3012 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3013 (37 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3014 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3015 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3016 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 10/31/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/02/2025) |
| 12/02/2025 | 3017 (9 pgs) | Certificate of Service re: Documents Served on November 26, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2924 Motion to Extend Time, 2925 Declaration, 2926 Notice of Hearing, 2927 Motion to Extend/Limit Exclusivity Period, 2928 Declaration, 2929 Notice of Hearing, 2930 Notice). (Gershbein, Evan) (Entered: 12/02/2025) |
| 12/02/2025 | 3018 (2 pgs) | Withdrawal of Documents (RE: related document(s)1746 Motion to Appoint Trustee). Filed by Creditors Andrew Revocable Trust dated June |

| | | |
|---|---|---|
| | | 21, 2001, Burgess Trust dated October 9, 2006 (Kelly, Thomas) (Entered: 12/02/2025) |
| 12/03/2025 | 3019 (34 pgs) | Notice Regarding *Filing of Proposed Modifications to (1) Second Amended Chapter 11 Plan, (2) Second Amended Disclosure Statement, and (3) Liquidation and Recovery Analysis* (RE: related document(s)2569 Amended Motion *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas). Related document(s) 2366 Joint Motion *of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing N filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (no.). Filed by Creditor Committee Official Committee of Unscured Credtiors (Rosell, Jason) (Entered: 12/03/2025)* |
| 12/03/2025 | 3020 (1 pg) | Transcript Order Form regarding Hearing Date 12/3/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/03/2025) |
| 12/03/2025 | | Hearing Held 12/3/2025 at 11:00 AM RE: 2792 Motion / Application for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized By Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief: For the reasons stated on the record, the Motion is **denied.** The court will prepare the order. 2820 Motion of Debtor KSMP to Extend Exclusive Solicitation Period: The Motion is **granted as to Debtor KSMP only.** Ms. Brady will submit the order. 2825 Motion / Debtor KSMPs Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings: The Motion is **granted**. Ms. Brady will submit the order. (rba) Modified on 12/3/2025 (rba). (Entered: 12/03/2025) |
| 12/03/2025 | | Hearing Held 12/3/2025 at 11:00 AM RE: 1746 Motion to Appoint Trustee for Live Oak Investments LP (24-10511): **OFF CALENDAR.** The motion has been withdrawn. 2717 Motion to Designate Chase 1992 Family Trust as a "Permitted Party" Under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 4): The Motion is **granted.** Mr. Eldred will submit the order. (rba) (Entered: 12/03/2025) |
| 12/03/2025 | | Hearing Continued (RE: related document(s) 2569 Amended Motion Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Man). **Minutes:** By **12/8/2025**, Creditor KeyBank National Association shall file a supplemental objection to confirmation of plan. A further hearing on Disclosure Statement is scheduled for **12/09/2025 at 01:00 PM in/via Oakland Room 215 - Novack.** (rba) (Entered: 12/03/2025) |

| | | |
|---|---|---|
| 12/03/2025 | | Hearing Held 12/3/2025 at 11:00 AM (RE: related document(s) 2365 Joint Motion *for the Entry of an Order Approving Procedures With Respect to Investor Claims*). **Minutes:** For the reasons stated on the record, the Motion is denied. The court will prepare the order. (rba) (Entered: 12/03/2025) |
| 12/03/2025 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11). **Minutes: A further status conference is scheduled for 01/23/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** A hearing set by the court on the same day to determine if the deadline regarding Experts Reports should be extended. The Official Committee of Unsecured Creditors filed an Omnibus Reply to Objections to Disclosure Statement, docket #2947. Exhibit A of that document is a Modified Confirmation Schedule deadlines. With the changes stated on the record, the deadlines are granted. Ms. Grassgreen to submit the order. Parties appeared at the hearing to approve as to form. (rba) (Entered: 12/03/2025) |
| 12/03/2025 | 3021 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 12/3/2025 11:00:00 AM ]. File Size [ 30324 KB ]. Run Time [ 02:06:21 ]. (admin). (Entered: 12/03/2025) |
| 12/04/2025 | 3022 (58 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [September 1, 2025, through September 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/04/2025) |
| 12/04/2025 | 3023 (2 pgs) | Notice Regarding *Voluntary Reduction in Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025* (RE: related document(s)2729 Interim Application for Compensation *Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* for Keller Benvenutti Kim LLP, Debtor's Attorney, Fee: $1,328,090.00, Expenses: $3,978.90. Filed by Attorney Keller Benvenutti Kim LLP (Attachments: # 1 Exhibit A # 2 Exhibit B)). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/04/2025) |
| 12/04/2025 | 3024 (9 pgs) | Certificate of Service *1) Motion of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement; 2) Declaration of Robbin L. Itkin in Support of Motion of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement; and 3) Notice of Hearing on Motion of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2931 Motion Miscellaneous Relief, 2932 Declaration, 2933 Notice of Hearing). (Gershbein, Evan) (Entered: 12/04/2025) |
| 12/04/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3020 Regarding Hearing Date: 12/3/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3020 Transcript Order Form (Public Request)). (jmb) (Entered: 12/04/2025) |

| | | |
|---|---|---|
| 12/04/2025 | 3025<br>(2 pgs) | Notice Regarding *Voluntary Reductions Concerning (1) First Interim Fee Application of PwC US Business Advisory LLP and (2) Second Interim Fee Application of Pachulski Stang Ziehl & Jones LLP* (RE: related document(s)2407 Application for Compensation */ First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period From January 9, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $1,463,704.21, Expenses: $22,663.24. Filed by Attorney Brooke Elizabeth Wilson, 2732 Application for Compensation *Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025* for Brooke Elizabeth Wilson, Financial Advisor, Fee: $2,000,278.99, Expenses: $317,952.55. Filed by Attorney Brooke Elizabeth Wilson). Filed by Creditor Committee Official Committee of Unscured Credtiors (Rosell, Jason) (Entered: 12/04/2025) |
| 12/04/2025 | 3026<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7327-7329 Berna Way, Sacramento, CA 95823* (RE: related document(s)2809 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/04/2025) |
| 12/04/2025 | 3027<br>(16 pgs; 3 docs) | Motion to Dismiss Case Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 (Attachments: # 1 Exhibit 1 # 2 Certificate of Service) (Wan, Fanny) (Entered: 12/04/2025) |
| 12/04/2025 | 3028<br>(4 pgs; 2 docs) | Notice of Hearing (RE: related document(s)3027 Motion to Dismiss Case Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 (Attachments: # 1 Exhibit 1 # 2 Certificate of Service)). **Hearing scheduled for 1/7/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 (Attachments: # 1 Certificate of Service) (Wan, Fanny) (Entered: 12/04/2025) |
| 12/04/2025 | 3029<br>(102 pgs; 3 docs) | Notice Regarding *Sale of Subject Property Located at 9407; 9415-9471 N. Fort Washington Road, Fresno, CA 93730* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 12/04/2025) |
| 12/04/2025 | 3030<br>(4 pgs) | Declaration of Jason Borreo in Support of *Adequate Assurance of Future Performance by G&I XI Riverview SC LP with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 9407; 9415-9471 N. Fort Washington Road, Fresno, CA 93730* (RE: related document(s)3029 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/04/2025) |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1                          359/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 832 of 960

| | | |
|---|---|---|
| 12/04/2025 | 3031<br>(19 pgs) | Certificate of Service *re: 1) Notice of Sale of Subject Property Located at 73327334 Arleta Court, Sacramento, CA 95823; and 2) Declaration of Alejandrina Diaz in Support of Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 73327334 Arleta Court, Sacramento, CA 95823* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2922 Notice, 2923 Declaration). (Gershbein, Evan) (Entered: 12/04/2025) |
| 12/04/2025 | 3032<br>(23 pgs) | Certificate of Service *re: Documents Served on November 19, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2870 Order on Motion to Abandon, 2872 Certification of No Objection, 2873 Certification of No Objection, 2874 Certification of No Objection, 2875 Notice, 2876 Declaration, 2878 Notice, 2879 Motion Miscellaneous Relief, 2880 Notice of Hearing). (Gershbein, Evan) (Entered: 12/04/2025) |
| 12/04/2025 | 3033<br>(9 pgs) | Certificate of Service *re: 1) Certification of No Objection Regarding Debtor KSMP's Motion to Extend Exclusive Solicitation Period; and 2) Certification of No Objection Regarding Debtor KSMP's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2941 Certification of No Objection, 2942 Certification of No Objection). (Gershbein, Evan) (Entered: 12/04/2025) |
| 12/04/2025 | 3034<br>(9 pgs) | Certificate of Service *re: Certification of No Objection Regarding Debtor KSMP's Application for an Order (I) Authorizing the Retention and Payment, as of August 22, 2025, of Professionals Utilized by Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2950 Certification of No Objection). (Gershbein, Evan) (Entered: 12/04/2025) |
| 12/04/2025 | 3035<br>(41 pgs) | Notice Regarding *Sale of Subject Property Located At 62 Farragut Avenue #B, Piedmont, CA 94610* Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 12/04/2025) |
| 12/04/2025 | 3041<br>(4 pgs) | Order Further Extending the Time for Debtor KSMP to File Notices of Removal of Related Proceedings (Related Doc # 2825) (rba) (Entered: 12/05/2025) |
| 12/04/2025 | 3043<br>(23 pgs) | Order Denying Motion for Miscellaneous Relief (Related Doc # 2792) (rba) (Entered: 12/05/2025) |
| 12/04/2025 | 3045<br>(3 pgs; 2 docs) | Order Denying Joint Motion For Entry of an Order Approving Settlement Procedures with Respect to Investor Claims (Related Doc # 2365) (rba) (Entered: 12/05/2025) |
| 12/04/2025 | 3046<br>(3 pgs; 2 docs) | Order Denying Debtor KSMP's Application for an Order (I) Authorizing the Retention and Payment, as Of August 22, 2025, of Professionals Utilized by Debtor KSMP in the Ordinary Course of Business and (II) Granting Related Relief (RE: related document(s)2792 Motion Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). (rba) (Entered: 12/05/2025) |

| | | |
|---|---|---|
| 12/05/2025 | 3036<br>(2 pgs; 2 docs) | Service of Notice of Referral to John D. Fiero, Jason H. Rosell, Thomas B. Rupp and Tobias S. Keller: Attorney for Appellee(s), Thomas P. Kelly: Attorney for Appellant(s), and United States Trustee via the Bankruptcy Noticing Center. (RE: related document(s)2937 Notice of Appeal). (myt) (Entered: 12/05/2025) |
| 12/05/2025 | 3037<br>(11 pgs; 2 docs) | Service of Notice of Appeal to John D. Fiero, Jason H. Rosell, Thomas B. Rupp and Tobias S. Keller: Attorney for Appellee(s) Thomas P. Kelly: Attorney for Appellant(s), and United States Trustee via the Bankruptcy Noticing Center. (RE: related document(s)2937 Notice of Appeal). (myt) (Entered: 12/05/2025) |
| 12/05/2025 | 3038<br>(1 pg) | Transcript Order Form regarding Hearing Date 12/5/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/05/2025) |
| 12/05/2025 | 3039<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1173 Araquipa Court, Vacaville, CA 95687* (RE: related document(s)2838 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/05/2025) |
| 12/05/2025 | 3040<br>(4 pgs; 2 docs) | Withdrawal of Documents (RE: related document(s)3027 Motion to Dismiss Case, 3028 Notice of Hearing). Filed by Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1 (Attachments: # 1 Certificate of Service) (Wan, Fanny) (Entered: 12/05/2025) |
| 12/05/2025 | 3042<br>(2 pgs; 2 docs) | Transcript regarding Hearing Held 12/3/2025 RE: Motion hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/12/2025. Redaction Request Due By 12/26/2025. Redacted Transcript Submission Due By 01/5/2026. Transcript access will be restricted through 03/5/2026. (Gottlieb, Jason) (Entered: 12/05/2025) |
| 12/05/2025 | 3044<br>(3 pgs) | Order Extending Debtor KSMP's Exclusive Solicitation Period (Related Doc # 2820) (rba) (Entered: 12/05/2025) |
| 12/05/2025 | 3047<br>(2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 1/16/2026 at 10:00 AM Oakland Room 215 - Novack for 1686,**. (Albert, Gabrielle) (Entered: 12/05/2025) |
| 12/05/2025 | | Hearing Held 12/5/2025 at 11:00 AM RE: 2407 Application for Compensation / First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors: The First Interim Fee Application of PwC US Business Advisory LLP is **Approved**. The Court allows PwC US Business Advisory LLP Fee in the amount of $1,452,771.64 and $22,663.24 in Expenses. Ms. Grassgreen will submit the order. 2729 |

| | | |
|---|---|---|
| | | Interim Application for Compensation Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses: The Third Interim Fee Application of Keller Benvenutti Kim LLP is **Approved**. The Court allows Keller Benvenutti Kim LLP Fee in the amount of $1,314,011.00 and $3,978.90 in Expenses. Mr. Taylor will submit the order. 2732 Application for Compensation Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses: The Second Interim Application of Pachulski Stang Ziehl & Jones LLP is **Approved.** The Court allows Pachulski Stang Ziehl & Jones LLP Fee in the amount of $1,980,278.99 and $317,952.55 in Expenses. Ms. Grassgreen will submit the order. (rba) (Entered: 12/05/2025) |
| 12/05/2025 | 3048 (56 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7301 Berna Way & 7319 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 12/05/2025) |
| 12/05/2025 | 3049 (2 pgs) | Declaration of Mandeep Khinda in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7301 Berna Way & 7319 Arleta Court, Sacramento, CA 95823* (RE: related document(s)3048 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/05/2025) |
| 12/05/2025 | 3050 (2 pgs) | Stipulation, TO REVISE BRIEFING SCHEDULE ON FIRST INTERIM APPLICATIONS FOR COMPENSATION FILED BY HOGAN LOVELLS US LLP AND STAPLETON GROUP, A PART OF J.S. HELD Filed by U.S. Trustee Office of the U.S. Trustee / SR (RE: related document(s)2905 Application for Compensation filed by Interested Party KS Mattson Partners, LP, 2907 Application for Compensation filed by Interested Party KS Mattson Partners, LP). (Day, Jared) (Entered: 12/05/2025) |
| 12/05/2025 | 3051 (47 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7327-7329 Berna Way, Sacramento, CA 95823 (RE: related document(s)2809 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/06/2025) |
| 12/05/2025 | 3052 (32 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1173 Araquipa Court, Vacaville, CA 95687 (RE: related document(s)2838 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/06/2025) |
| 12/06/2025 | 3053 (1 pg) | PDF with attached Audio File. Court Date & Time [ 12/5/2025 11:00:00 AM ]. File Size [ 2252 KB ]. Run Time [ 00:09:23 ]. (admin). (Entered: 12/06/2025) |
| 12/07/2025 | 3054 (61 pgs) | Amended Chapter 11 Plan *Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2226 Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 2561 Amended Chapter 11 Plan filed |

|  |  |  |
|---|---|---|
|  |  | by Debtor LeFever Mattson, a California corporation, 2944 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Rupp, Thomas) (Entered: 12/07/2025) |
| 12/07/2025 | 3055 (90 pgs; 6 docs) | Third Amended Disclosure Statement *in Support of Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Rupp, Thomas) (Entered: 12/07/2025) |
| 12/07/2025 | 3056 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3036 Service of Notice of Referral). Notice Date 12/07/2025. (Admin.) (Entered: 12/07/2025) |
| 12/07/2025 | 3057 (7 pgs) | BNC Certificate of Mailing (RE: related document(s) 3045 Order on Motion for Miscellaneous Relief). Notice Date 12/07/2025. (Admin.) (Entered: 12/07/2025) |
| 12/07/2025 | 3058 (7 pgs) | BNC Certificate of Mailing (RE: related document(s) 3046 Order). Notice Date 12/07/2025. (Admin.) (Entered: 12/07/2025) |
| 12/07/2025 | 3059 (15 pgs) | BNC Certificate of Mailing (RE: related document(s) 3037 Service of Notice of Appeal). Notice Date 12/07/2025. (Admin.) (Entered: 12/07/2025) |
| 12/07/2025 | 3060 (262 pgs) | Notice Regarding *Revised (I) Proposed Solicitation Procedures Order, (II) Solicitation Materials, (III) Joint Chapter 11 Plan, and (IV) Disclosure Statement* (RE: related document(s)2569 Amended Motion *Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Establishing Procedures for the Estimation of Investor Claims Solely for Voting Purposes; and (V) Approving Related Matters* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas). Related document(s) 2366 Joint Motion *of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Manner of Service of the Hearing N filed by Debtor LeFever Mattson, a California corporation. Modified on 10/23/2025 (no).,* 3054 Amended Chapter 11 Plan *Third Amended Joint Chapter 11 Plan of Liquidation Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2226 Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 2561 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 2944 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation).,* 3055 *Third Amended Disclosure Statement in Support of Third Amended Joint Chapter 11 Plan of Liquidation Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)).* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 12/07/2025) |
| 12/08/2025 | 3061 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5509 Orange Avenue & 7343 Arleta Court, Sacramento CA 95823* (RE: related document(s)2844 Notice). Filed by |

| | | Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/08/2025) |
|---|---|---|
| 12/08/2025 | 3062 (31 pgs) | Certificate of Service *re: Documents Served on November 14, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2844 Notice, 2845 Declaration, 2847 Notice of Continued Hearing, 2848 Notice of Continued Hearing, 2849 Notice, 2852 Order on Application to Compromise Controversy). (Gershbein, Evan) (Entered: 12/08/2025) |
| 12/08/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3038 Regarding Hearing Date: 12/5/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3038 Transcript Order Form (Public Request)). (jmb) (Entered: 12/08/2025) |
| 12/08/2025 | 3063 | Acknowledgment of Request for Transcript Received on 12/8/2025. (RE: related document(s)3038 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/08/2025) |
| 12/08/2025 | 3064 (2 pgs) | Omnibus Notice Regarding *Voluntary Reduction in Second Interim Fee Applications of Buchalter, P.C. and SSL Law Firm LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, through August 31, 2025* (RE: related document(s)2719 Interim Application for Compensation *Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025* for BUCHALTER, A Professional Corporation, Special Counsel, Fee: $196,153.00, Expenses: $2,520.26. Filed by Spec. Counsel BUCHALTER, A Professional Corporation (Attachments: # 1 Exhibit A # 2 Exhibit B), 2734 Interim Application for Compensation for SSL Law Firm LLP, Special Counsel, Fee: $843,915.00, Expenses: $10.00. Filed by Other Prof. SSL Law Firm LLP (Attachments: # 1 Exhibit A # 2 Exhibit B)). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/08/2025) |
| 12/08/2025 | 3065 (5 pgs) | Supplemental Objection *Supplemental Objections Of Keybank National Association To: 1. Third Amended Disclosure Statement in Support of Second Amended Joint Chapter 11 Plan of Liquidation [Dkt. 3055]; and 2. Proposed Modifications to (1) Second Amended Chapter 11 Plan, (2) Second Amended Disclosure Statement, and (3) Liquidation and Recovery Analysis [Dkt. 3019]* (RE: related document(s)3019Notice, 3055 Amended Disclosure Statement). Filed by Interested Party KeyBank National Association (Warrington, Gerrick)Modified on 12/9/2025 (klr). (Entered: 12/08/2025) |
| 12/08/2025 | 3066 (18 pgs) | Certificate of Service *re: Documents Served on November 17, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2857 Notice of Continued Hearing, 2859 Order Granting Related Motion/Application, 2860 Order on Application to Employ, 2861 Order on Application to Compromise Controversy, 2863 Notice). (Gershbein, Evan) (Entered: 12/08/2025) |
| 12/08/2025 | 3067 (12 pgs) | Certificate of Service *re: Documents Served on December 2, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2944 Amended Chapter 11 Plan, 2945 Amended |

| | | Disclosure Statement, 2946 Notice, 2947 Reply, 2949 Statement). (Gershbein, Evan) (Entered: 12/08/2025) |
|---|---|---|
| 12/09/2025 | 3068 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 24265 Arnold Drive, Sonoma, CA 95476* (RE: related document(s)2863 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/09/2025) |
| 12/09/2025 | 3069 (85 pgs) | Schedules A-H. Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3070 (69 pgs) | First Amended Statement of Financial Affairs for Non-Individual *KS Mattson Partners, LP, Case No. 24-10715 (CN)* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3071 (2 pgs; 2 docs) | Transcript regarding Hearing Held 12/5/2025 RE: Interim Fee Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/16/2025. Redaction Request Due By 12/30/2025. Redacted Transcript Submission Due By 01/9/2026. Transcript access will be restricted through 03/9/2026. (Gottlieb, Jason) (Entered: 12/09/2025) |
| 12/09/2025 | | Hearing Held 12/9/2025 at 1:00 PM (RE: related document(s) 2569 Amended Motion Amended Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order (I) Approving the Plan Summary and Amended Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan and Approving the Form and Man, 3055 Amended Disclosure Statement). **Minutes:** KeyBank and the Plan Proponents have resolved the objection to the Third Amended Disclosure Statement. Resolution recited on the record. For the reasons stated on the record, the Third Amended Disclosure Statement including related matters are **Approved**. Ms. Grassgreen will submit the order. (rba) (Entered: 12/09/2025) |
| 12/09/2025 | 3072 (1 pg) | Transcript Order Form regarding Hearing Date 12/9/2025 (RE: related document(s)2569 Motion Miscellaneous Relief). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3073 (2 pgs) | Withdrawal of Documents / *Notice of Withdrawal of First Interim Application of Stapleton Group a Part of JS Held as Operations and Asset Manager to Debtor KSMP for allowance and Payment of Compensation and Reimbursement of Expenses for the Period June 9, 2025 through October 31, 2025* (RE: related document(s)2907 Application for Compensation). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3074 (35 pgs) | Certificate of Service *re: Documents Served on November 20, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2883 Notice, 2884 Notice, 2885 Declaration, 2886 Notice, 2887 Order Granting Related Motion/Application, 2888 Order Granting Related Motion/Application, 2889 Order Granting Related |

| | | Motion/Application, 2890 Order). (Gershbein, Evan) (Entered: 12/09/2025) |
|---|---|---|
| 12/09/2025 | 3075 (14 pgs; 3 docs) | Objection *to Claims of LaShawn Jefferies (Proof of Claim Nos. 50 and 460)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3076 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Objection to Claims of LaShawn Jefferies (Proof of Claim Nos. 50 and 460)* (RE: related document(s)3075 Objection. Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3077 (3 pgs) | Notice of Hearing *on Objection to Claims of LaShawn Jefferies (Proof of Claim Nos. 50 and 460)* (RE: related document(s)3075 Objection *to Claims of LaShawn Jefferies (Proof of Claim Nos. 50 and 460)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). **Hearing scheduled for 2/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3078 (10 pgs; 2 docs) | Objection *to Claim of Casey Thompson (Proof of Claim No. 1248)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3079 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Objection to Claim of Casey Thompson (Proof of Claim No. 1248)* (RE: related document(s)3078 Objection). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3080 (3 pgs) | Notice of Hearing *on Objection to Claim of Casey Thompson (Proof of Claim No. 1248)* (RE: related document(s)3078 Objection *to Claim of Casey Thompson (Proof of Claim No. 1248)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 2/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3081 (15 pgs; 2 docs) | Objection *to Claims of Siroos Saifi (Proof of Claim No. 68)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3082 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Objection to Claims of Siroos Saifi (Proof of Claim No. 68)* (RE: related document(s)3081 Objection). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3083 (3 pgs) | Notice of Hearing *on Objection to Claims of Siroos Saifi (Proof of Claim No. 68)* (RE: related document(s)3081 Objection *to Claims of Siroos Saifi (Proof of Claim No. 68)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 2/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3084 (10 pgs; 2 docs) | Objection *to Claim of Casey Thompson and Michael Desantis (Proof of Claim No. 905)* Filed by Debtor LeFever Mattson, a California |

| | | |
|---|---|---|
| | | corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3085 (3 pgs) | Declaration of Bradley D. Sharp in Support of *Objection to Claim of Casey Thompson and Michael DeSantis (Proof of Claim No. 905)* (RE: related document(s)3084 Objection). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3086 (3 pgs) | Notice of Hearing *on Objection to Claim of Casey Thompson and Michael DeSantis (Proof of Claim No. 905)* (RE: related document(s)3084 Objection *to Claim of Casey Thompson and Michael Desantis (Proof of Claim No. 905)* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A)). **Hearing scheduled for 2/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 3087 (3 pgs) | Order Approving Stipulation to Revise Briefing Schedule On First Interim Applications for Compensation Filed by Hogan Lovells US LLP and Stapleton Group, a Part of J.S. Held (RE: related document(s)3050 Stipulation for Miscellaneous Relief filed by U.S. Trustee Office of the U.S. Trustee / SR). (rba) (Entered: 12/09/2025) |
| 12/09/2025 | 3088 (3 pgs) | Order Granting Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses For the Period May 1, 2025, Through August 31, 2025 (Related Doc # 2729). fees awarded: $1,317,989.90, expenses awarded: $3,978.90 for Keller Benvenutti Kim LLP (rba) (Entered: 12/09/2025) |
| 12/09/2025 | 3089 (3 pgs) | Order Granting Second Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2025 Through April 30, 2025 (Related Doc # 2732). fees awarded: $1,980,278.99, expenses awarded: $317,952.55 for Brooke Elizabeth Wilson (rba) (Entered: 12/09/2025) |
| 12/09/2025 | 3090 (3 pgs) | Order Granting First Interim Fee Application of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from January 9, 2025 Through April 30, 2025 (Related Doc # 2407). fees awarded: $1,452,771.64, expenses awarded: $22,663.24 for Brooke Elizabeth Wilson (rba) (Entered: 12/09/2025) |
| 12/09/2025 | 3091 (3 pgs) | Notice Regarding *Voluntary Reductions Concerning First Interim Fee Application of Hogan Lovells US LLP* (RE: related document(s)2905 Interim Application for Compensation / *First Interim Fee Application of Hogan Lovells US LLP as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025* for KS Mattson Partners, LP, Debtor's Attorney, Fee: $3,590,262.73, Expenses: $18,516.76. Filed by Attorney Richard L. Wynne). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3092 (11 pgs) | Objection *to Claim No. 792 (Equitable Ocean Front LLC); Notice of Opportunity for Hearing; Certificate of Service* Filed by Interested Party |

| | | KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
|---|---|---|
| 12/09/2025 | 3093 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 12/9/2025 1:00:00 PM ]. File Size [ 3536 KB ]. Run Time [ 00:14:44 ]. (admin). (Entered: 12/09/2025) |
| 12/09/2025 | 3094 (3 pgs) | Declaration of Robbin L. Itkin in support of *Objection to Claim No. 792 (Equitable Ocean Front LLC)* (RE: related document(s)3092 Objection). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3095 (3 pgs) | Notice of Hearing *on Debtor's Objection to Claim No. 792 (Equitable Ocean Front LLC)* (RE: related document(s)3092 Objection *to Claim No. 792 (Equitable Ocean Front LLC); Notice of Opportunity for Hearing; Certificate of Service* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 2/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3096 (43 pgs) | Motion *Motion to Estimate Claim of The Equitable Group, Inc. for Voting Purposes Only* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3097 (4 pgs) | Declaration of Robbin L. Itkin in support of *Debtor's Motion to Estimate Claim of The Equitable Group, Inc. for Voting Purposes Only* (RE: related document(s)3096 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/09/2025 | 3098 (3 pgs) | Notice of Hearing *on Debtor's Motion to Estimate Claim of The Equitable Group, Inc. for Voting Purposes Only* (RE: related document(s)3096 Motion *Motion to Estimate Claim of The Equitable Group, Inc. for Voting Purposes Only* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 2/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/09/2025) |
| 12/10/2025 | 3099 (23 pgs) | Certificate of Service *re: Documents Served on November 21, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2896 Notice, 2897 Declaration, 2902 Notice, 2903 Declaration). (Gershbein, Evan) (Entered: 12/10/2025) |
| 12/10/2025 | 3100 (1 pg) | Transcript Order Form regarding Hearing Date 12/10/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/10/2025) |
| 12/10/2025 | 3101 (21 pgs) | Certificate of Service *re: Documents Served on December 5, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3039 Certification of No Objection, 3045 Order on Motion for Miscellaneous Relief, 3047 Stipulation to Continue Hearing, 3048 Notice, 3049 Declaration). (Gershbein, Evan) (Entered: 12/10/2025) |
| 12/10/2025 | | Hearing Continued from 12/12/2025 at 11:00 AM to 12/19/2025 at 11:00 AM (RE: related document(s) 2905 Interim Application for Compensation / First Interim Fee Application of Hogan Lovells US LLP |

| | | |
|---|---|---|
| | | as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025). **Hearing scheduled for 12/19/2025 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 12/10/2025) |
| 12/10/2025 | | Hearing Held 12/10/2025 at 11:00 AM RE: 2709 Interim Application for Compensation Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor for Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses: The Second Interim Fee Application is **Granted.** Kurtzman Carson Consultants, LLC dba Verita Global fees in the amount of $1,443.83 and expenses in the amount of $0.00 are approved on an interim basis. Mr. Rupp will submit the order. 2715 Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigations Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses: The Third Interim Fee Application is **Granted.** Law Office of Donald S. Davidson, P.C's fees in the amount of $15,964.00 and expenses in the amount of $0.00 are approved on an interim basis. Mr. Rupp will submit the order. 2719 Interim Application for Compensation Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, through August 31, 2025: The Second Interim Fee Application is **Granted.** Buchalter's fees in the amount of $194,166.27 and expenses in the amount of $2,520.26 are approved on an interim basis. Mr. Rupp will submit the order. 2728 Interim Application for Compensation First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses related to Tax Advisory Services: The First Interim Fee Application is **Granted.** FTI Consulting, Inc.'s fees in the amount of $77,049.20 and expenses in the amount of $7.97 are approved on an interim basis. Mr. Rupp will submit the order. 2734 Interim Application for Compensation for SSL Law Firm LLP, Special Counsel. The Second Interim Fee Application is **Granted.** SSL Law Firm LLP's fees in the amount of $823,295.00 and expenses in the amount of $10.00 are approved on an interim basis. Mr. Rupp will submit the order. 2879 Motion of the Committee, LeFever Mattson Debtors, and Debtor KS Mattson Partners, LP for Entry of an Order Allowing Omnibus Objections on the Basis that Certain Claims and Interests Are Incorrectly or Improperly Classified: The Motion is **Granted.** Ms. Wilson will submit the order. (rba) (Entered: 12/10/2025) |
| 12/10/2025 | 3102 (3 pgs) | Order on Stipulation to Further Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank, 3047 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 1/16/2026 at 10:00 AM Oakland Room 215 - Novack.** (rba) (Entered: 12/10/2025) |
| 12/10/2025 | | Hearing Continued from 12/12/2025 at 10:00 AM to 1/16/2026 at 10:00 AM. by Order on Stipulation signed 12/10/2025. (RE: related document(s) 1686 Second Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 01/16/2026 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 12/10/2025) |

| | | |
|---|---|---|
| 12/10/2025 | 3103<br>(45 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5509 Orange Avenue & 7343 Arleta Court, Sacramento, CA 95823 (RE: related document(s)2844 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/10/2025) |
| 12/10/2025 | 3104<br>(53 pgs; 2 docs) | Order Approving Asset Sale of the Property Located 24265 Arnold Drive, Sonoma, CA 95476 (RE: related document(s)2863 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/10/2025) |
| 12/10/2025 | 3105<br>(44 pgs) | Order (I) Approving the Plan Summary and Approving Disclosure Statement; (II) Scheduling Status Conference on Confirmation of Plan and Approving the Form and Manner of Service of the Confirmation Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Estimating Investor Claims and Interests Solely for Voting Purposes; and (V) Approving Related Matters (Related Doc # 2569). **Status Conference scheduled for 01/23/2026 at 11:00 AM in/via Oakland Room 215 - Novack**. (rba) (Entered: 12/10/2025) |
| 12/10/2025 | 3106<br>(16 pgs) | Certificate of Service *re: Documents Served on December 4, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3022 Statement, 3023 Notice, 3026 Certification of No Objection, 3028 Notice of Hearing, 3029 Notice, 330 Declaration ). (Gershbein, Evan)Modified on 12/11/2025 (klr). (Entered: 12/10/2025) |
| 12/10/2025 | 3107<br>(1 pg) | ◀))) PDF with attached Audio File. Court Date & Time [ 12/10/2025 11:00:00 AM ]. File Size [ 2847 KB ]. Run Time [ 00:11:52 ]. (admin). (Entered: 12/10/2025) |
| 12/11/2025 | 3108<br>(60 pgs) | Amended Chapter 11 Plan *Third Amended Joint Chapter 11 Plan of Liquidation (Solicitation Version)* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2226 Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 2561 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 2944 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation, 3054 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Rupp, Thomas) (Entered: 12/11/2025) |
| 12/11/2025 | 3109<br>(150 pgs; 6 docs) | Third Amended Disclosure Statement *in Support of Third Amended Joint Chapter 11 Plan of Liquidation (Solicitation Version)* Filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Rupp, Thomas) (Entered: 12/11/2025) |
| 12/11/2025 | 3110<br>(2 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal / *Designation of Additional Items for Record on Appeal* (RE: related document(s)2937 Notice of Appeal filed by Interested Party Live Oak Investments LP). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 12/11/2025) |
| 12/11/2025 | 3111<br>(9 pgs) | Notice Regarding *Plan Summary* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/11/2025) |
| 12/11/2025 | 3112<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1870 Thornsberry Road, Sonoma, CA 95476 (RE:* |

| | | |
|---|---|---|
| | | related document(s)2878 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/11/2025) |
| 12/11/2025 | 3113 (5 pgs) | Notice Regarding *(I) Approval of Disclosure Statement; (II) Status Conference Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan; (IV) Deadline for Voting on the Plan; and (V) Related Matters* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/11/2025) |
| 12/11/2025 | 3114 (43 pgs; 5 docs) | Transmission of Notice of Appeal to Bankruptcy Appellant Panel (RE: related document(s)2937 Notice of Appeal, 3037 Service of Notice of Appeal). (Attachments: # 1 Notice of Appeal # 2 Appeal Documents # 3 Notice of Referral (rdr) (Entered: 12/11/2025) |
| 12/11/2025 | 3115 (12 pgs) | Certificate of Service *re: Document Served on December 8, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3051 Order Granting Related Motion/Application, 3052 Order Granting Related Motion/Application, 3054 Amended Chapter 11 Plan, 3055 Amended Disclosure Statement, 3060 Notice, 3061 Certification of No Objection, 3064 Notice). (Gershbein, Evan) (Entered: 12/11/2025) |
| 12/11/2025 | 3116 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3071 Transcript). Notice Date 12/11/2025. (Admin.) (Entered: 12/11/2025) |
| 12/12/2025 | | Hearing Held 12/12/2025 at 10:00 AM (RE: related document(s) 1750 Motion for Relief from Stay Fee Amount $199,). **Minutes:** The Motion is granted. Mr. Levinson will submit the order. (rba) (Entered: 12/12/2025) |
| 12/12/2025 | 3117 (1 pg) | Transcript Order Form regarding Hearing Date 12/12/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/12/2025) |
| 12/12/2025 | 3118 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 925-927 Broadway, Sonoma, CA 95476* (RE: related document(s)2886 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/12/2025) |
| 12/12/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3072 Regarding Hearing Date: 12/9/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3072 Transcript Order Form (Public Request)). (da) (Entered: 12/12/2025) |
| 12/12/2025 | 3119 (27 pgs) | Ex Parte Motion for Production of Documents *Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by BMO Bank, N.A.; Declaration of Gillian N. Brown, Esq.* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Brown, Gillian) (Entered: 12/12/2025) |
| 12/12/2025 | 3120 | Acknowledgment of Request for Transcript Received on 12/12/2025. (RE: related document(s)3072 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/12/2025) |

| | | |
|---|---|---|
| 12/12/2025 | 3121 (3 pgs) | Notice Regarding *Auction of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)2875 Notice Regarding *Sale of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/12/2025) |
| 12/12/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3117 Regarding Hearing Date: 12/12/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3117 Transcript Order Form (Public Request)). (klr) (Entered: 12/12/2025) |
| 12/12/2025 | 3122 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3042 Transcript). Notice Date 12/12/2025. (Admin.) (Entered: 12/12/2025) |
| 12/15/2025 | 3123 (2 pgs; 2 docs) | Transcript regarding Hearing Held 12/9/2025 RE: Disclosure Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/22/2025. Redaction Request Due By 01/5/2026. Redacted Transcript Submission Due By 01/15/2026. Transcript access will be restricted through 03/16/2026. (Gottlieb, Jason) (Entered: 12/15/2025) |
| 12/15/2025 | 3124 | Acknowledgment of Request for Transcript Received on 12/15/2025. (RE: related document(s)3117 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/15/2025) |
| 12/15/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3100 Regarding Hearing Date: 12/10/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3100 Transcript Order Form (Public Request)). (da) (Entered: 12/15/2025) |
| 12/15/2025 | 3125 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 786 Broadway, Sonoma, CA 95476* (RE: related document(s)2883 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/15/2025) |
| 12/15/2025 | 3126 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 790 Broadway, Sonoma, CA 95476* (RE: related document(s)2884 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/15/2025) |
| 12/15/2025 | 3127 | Acknowledgment of Request for Transcript Received on 12/15/2025. (RE: related document(s)3100 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/15/2025) |
| 12/15/2025 | 3128 (4 pgs) | Certificate of Service *re: 1) Notice of Withdrawal of First Interim Application of Stapleton Group a Part of JS Held as Operations and Asset Manager to Debtor KSMP for Allowance and Payment of* |

| | | |
|---|---|---|
| | | *Compensation and Reimbursement of Expenses for the Period June 9, 2025 Through October 31, 2025; 2) Order Approving Stipulation to Revise Briefing Schedule on First Interim Applications for Compensation Filed by Hogan Lovells US LLP and Stapleton Group, a Part of J.S. Held; and 3) Notice of Voluntary Reductions Concerning First Interim Fee Application of Hogan Lovells US LLP* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3073 Withdrawal of Document, 3087 Order on Stipulation, 3091 Notice). (Gershbein, Evan) (Entered: 12/15/2025) |
| 12/15/2025 | 3129 (13 pgs) | Certificate of Service re: *Documents Served on December 10, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3092 Objection, 3094 Declaration, 3095 Notice of Hearing, 3096 Motion Miscellaneous Relief, 3097 Declaration, 3098 Notice of Hearing). (Gershbein, Evan) (Entered: 12/15/2025) |
| 12/15/2025 | 3130 (2 pgs) | Notice Regarding *Seventh Virtual Town Hall Meeting* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 12/15/2025) |
| 12/15/2025 | 3131 (10 pgs) | Certificate of Service re: *1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 24265 Arnold Drive, Sonoma, CA 95476; and 2) Order Granting Third Interim Fee Application of Keller Benvenutti Kim LLP as Counsel for the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3068 Certification of No Objection, 3088 Order on Application for Compensation). (Gershbein, Evan) (Entered: 12/15/2025) |
| 12/15/2025 | 3132 (3 pgs) | Order Granting Second Interim Fee Application of SSL Law Firm LLP as Real Estate Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025 (Related Doc # 2734). fees awarded: $823,295.00, expenses awarded: $10.00 for SSL Law Firm LLP (rba) (Entered: 12/15/2025) |
| 12/15/2025 | 3133 (3 pgs) | Order Granting Motion of the Committee, LeFever Mattson Debtors, and Debtor KS Mattson Partners, LP for Entry of an Order Allowing Omnibus Objections on the Basis That Certain Claims and Interests Are Incorrectly or Improperly Classified (Related Doc # 2879) (rba) (Entered: 12/15/2025) |
| 12/15/2025 | 3134 (4 pgs) | Order Granting Third Interim Fee Application of Law Office of Donald S. Davidson, P.C. as Investigation Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025 (Related Doc # 2715). fees awarded: $15,964.00, expenses awarded: $0.00 for Donald S. Davidson (rba) (Entered: 12/15/2025) |
| 12/15/2025 | 3135 (3 pgs) | Order Concerning Buchalter's Second Interim Fee Application as Special Litigation Counsel to LeFever Mattson for Allowance and Payment of Compensation and Reimbursement of Expenses for May 1, 2025, Through August 31, 2025 (Related Doc # 2719). fees awarded: |

| | | |
|---|---|---|
| | | $194,166.27, expenses awarded: $2,520.26 for BUCHALTER, A Professional Corporation (rba) (Entered: 12/15/2025) |
| 12/15/2025 | 3136 (3 pgs) | Order Granting Motion to Designate the Chase 1992 Family Trust as a Permitted Party under That Order (1) Establishing Bar Date, (2) Approving Form and Manner of Bar Date Notice and Related Procedures, and (3) Approving Confidentiality Protocols [ECF No. 459] (Related Doc # 2717) (rba) (Entered: 12/15/2025) |
| 12/15/2025 | 3137 (3 pgs) | Order Granting Second Interim Fee Application of Kurtzman Carson Consultants, LLC dba Verita Global As Administrative Advisor for Debtors and Debtors in Possession For Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2025, Through August 31, 2025 (Related Doc # 2709). fees awarded: $1,443.83, expenses awarded: $0.00 for Kurtzman Carson Consultants, LLC dba Verita Global (rba) (Entered: 12/15/2025) |
| 12/15/2025 | 3138 (3 pgs) | Order Granting First Interim Fee Application of FTI Consulting, Inc. as Real Estate Advisors to the Debtors and Committee for Allowance and Payment of Compensation and Reimbursement of Expenses Related to Tax Advisory Services for the Period January 8, 2025, Through August 31, 2025 (Related Doc # 2728). fees awarded: $77,049.20, expenses awarded: $7.97 for FTI Consulting Inc. (rba) (Entered: 12/15/2025) |
| 12/16/2025 | 3139 (2 pgs; 2 docs) | Transcript regarding Hearing Held 12/12/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/23/2025. Redaction Request Due By 01/6/2026. Redacted Transcript Submission Due By 01/16/2026. Transcript access will be restricted through 03/16/2026. (Gottlieb, Jason) (Entered: 12/16/2025) |
| 12/16/2025 | 3140 (3 pgs) | Transfer of Claim. (#). Transfer Agreement 3001 (e) 2 Transferors: Zinkin Property Management Company Of Fresno, Inc. (Claim No. 1328) To CRG Financial LLC. Fee Amount $28 Filed by Creditor CRG Financial LLC. (Lamendola, Lauren) (Entered: 12/16/2025) |
| 12/16/2025 | | Receipt of filing fee for Transfer of Claim( 24-10545) [claims,trclmagt] ( 28.00). Receipt number A34257578, amount $ 28.00 (re: Doc# 3140 Transfer of Claim) (U.S. Treasury) (Entered: 12/16/2025) |
| 12/16/2025 | 3141 (4 pgs) | Stipulation, for the Distribution of Proceeds from the Sale of Property Located at 19020, 19022 A & B, 19030 Railroad Avenue, Sonoma, CA Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)2896 Notice filed by Debtor LeFever Mattson, a California corporation). (Albert, Gabrielle) (Entered: 12/16/2025) |
| 12/16/2025 | 3142 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 19020, 19022 A & B, 19030 Railroad Avenue, Sonoma, CA 95476* (RE: related document(s)2896 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/16/2025) |

| | | |
|---|---|---|
| 12/16/2025 | 3143<br>(2 pgs; 2 docs) | Transcript regarding Hearing Held 12/10/2025 RE: Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/23/2025. Redaction Request Due By 01/6/2026. Redacted Transcript Submission Due By 01/16/2026. Transcript access will be restricted through 03/16/2026. (Gottlieb, Jason) (Entered: 12/16/2025) |
| 12/16/2025 | 3144<br>(2 pgs) | Certification of No Objection *Regarding Motion of Debtor KSMP to Approve Entry Into and Performance Under The Nielsen Settlement Agreement* (RE: related document(s)2931 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/16/2025) |
| 12/16/2025 | 3145<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 5800 Fair Oaks Blvd., Carmichael, CA 95608* (RE: related document(s)2902 Notice, 2903 Declaration). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/16/2025) |
| 12/16/2025 | 3146<br>(3 pgs) | Order Terminating Automatic Stay (21881, 21885, and 21889 eighth street E., Sonoma, California) (Related Doc # 1750) (rba) (Entered: 12/16/2025) |
| 12/16/2025 | 3147<br>(49 pgs; 2 docs) | Order Approving Asset Sale of the Property Located 1870 Thornsberry Road, Sonoma, CA 95476 (RE: related document(s)2878 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/17/2025) |
| 12/16/2025 | 3148<br>(62 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 925-927 Broadway, Sonoma, CA 95476 (RE: related document(s)2886 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/17/2025) |
| 12/16/2025 | 3149<br>(3 pgs) | Order Granting the Second Ex Parte Application of the Official Committee of Unsecured Creditors for Entry Of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination Of and Production of Documents by BMO Bank, N.A. (Related Doc # 3119) (rba) (Entered: 12/17/2025) |
| 12/16/2025 | 3150<br>(45 pgs; 2 docs) | Order Approving Asset Sale of the Property Located 786 Broadway, Sonoma, CA 95476 (RE: related document(s)2883 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/17/2025) |
| 12/16/2025 | 3151<br>(47 pgs; 2 docs) | Order Approving Asset Sale of the Property Located 790 Broadway, Sonoma, CA 95476 (RE: related document(s)2884 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/17/2025) |
| 12/17/2025 | 3152<br>(2 pgs) | Notice of Hearing *Notice of Amended Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of the Debtors and the KSMP Investment Entities and for Related Relief* (RE: related document(s)2943 Amended Motion *of the Official Committee of* |

| | | |
|---|---|---|
| | | *Unsecured Creditors for Substantive Consolidation of the Debtors and the KSMP Investment Entities and for Related Relief* Filed by Creditor Committee Official Committee of Unsecured Credtiors). **Hearing scheduled for 1/23/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/17/2025) |
| 12/17/2025 | 3153 (17 pgs) | Ex Parte Motion for 2004 Examination *of Kathleen L. Hamlin, Trustee of the Kathleen Hamlin Living Trust dated July 2, 2008* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/17/2025) |
| 12/17/2025 | 3154 (3 pgs) | Certification of No Objection *Regarding Notice of Sale Subject Property Located at 453 Fleming Avenue East, Vallejo CA 94591* (RE: related document(s)2916 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/17/2025) |
| 12/17/2025 | 3155 (1 pg) | Transcript Order Form regarding Hearing Date 12/17/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/17/2025) |
| 12/17/2025 | | Hearing Held 12/17/2025 at 11:00 AM RE: 2924 Motion to Extend Time Debtor's Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings: The Motion is **granted**. Mr. Rupp will submit the order. 2927 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Motion of Debtors to Extend Plan Exclusive Periods: The Motion is **granted**. Mr. Rupp will submit the order. 2931 Motion of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement. The Motion is **granted**. Mr. McNeilly will submit the order. (rba) (Entered: 12/17/2025) |
| 12/17/2025 | 3156 (4 pgs) | Certification of No Objection *Regarding Monthly Professional Fee Statement* (RE: related document(s)3022 Statement). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/17/2025) |
| 12/17/2025 | 3157 (70 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 1189 Dana Drive, Fairfield, CA 94533* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 12/17/2025) |
| 12/17/2025 | 3158 (3 pgs) | Declaration of Xiangwen Lu in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 1189 Dana Drive, Fairfield, CA 94533* (RE: related document(s)3157 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/17/2025) |
| 12/17/2025 | 3159 (17 pgs) | Certificate of Service *re: 1) Notice of Sale of Subject Property Located at 453 Fleming Avenue East, Vallejo, CA 94591; 2) Declaration of Venkata Bhanu P. Gollapudi in Support of Adequate Assurance of Future Performance by NB2CA, LLC, a California Limited Liability Company, with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 453 Fleming Avenue East, Vallejo, CA 94591; and 3) Reply in Support of Joint Motion for the Entry of an Order Approving Settlement Procedures with Respect* |

CANB Live Database

| | | |
|---|---|---|
| | | *to Investor Claims* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2916 Notice, 2917 Declaration, 2919 Reply). (Gershbein, Evan) (Entered: 12/17/2025) |
| 12/17/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3155 Regarding Hearing Date: 12/17/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3155 Transcript Order Form (Public Request)). (no) (Entered: 12/17/2025) |
| 12/17/2025 | 3160 | Acknowledgment of Request for Transcript Received on 12/17/2025. (RE: related document(s)3155 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/17/2025) |
| 12/17/2025 | 3161 (3 pgs) | Order Approving Stipulation for the Distribution of Proceeds from the Sale of Property Located at 19020, 19022 A & B, 19030 Railroad Avenue, Sonoma, CA (RE: related document(s)3141 Stipulation for Miscellaneous Relief filed by Debtor LeFever Mattson, a California corporation). (rba) (Entered: 12/17/2025) |
| 12/17/2025 | 3162 (56 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 5800 Fair Oaks Blvd., Carmichael, CA 95608 (RE: related document(s)2902 Notice filed by Debtor LeFever Mattson, a California corporation. (Attachments: # 1 Exhibit A) (rba) (Entered: 12/17/2025) |
| 12/17/2025 | 3163 (51 pgs; 2 docs) | Amended Notice Regarding *Sale of Subject Property Located at 446-454 3rd Street West, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba), 2918 Notice Regarding *Sale of Subject Property Located at 446-454 3rd Street West, Sonoma, CA 95476* (RE: related document(s)1381 Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral) (Related Doc 1158) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 12/17/2025) |
| 12/17/2025 | 3164 (50 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 19020, 19022 A & B, 19030 Railroad Avenue, Sonoma, CA 95476 (RE: related document(s)2896 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 12/17/2025) |
| 12/17/2025 | 3165 (3 pgs) | Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Kathleen L. Hamlin, Trustee of the Kathleen Hamlin Living Trust Dated July 2, 2008 (Related Doc # 3153) (rba) (Entered: 12/17/2025) |
| 12/17/2025 | 3166 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3123 Transcript). Notice Date 12/17/2025. (Admin.) (Entered: 12/17/2025) |
| 12/17/2025 | 3167 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 12/17/2025 11:00:02 AM ]. File Size [ 1900 KB ]. Run Time [ 00:07:55 ]. (admin). (Entered: 12/17/2025) |

| | | |
|---|---|---|
| 12/18/2025 | 3168<br>(2 pgs; 2 docs) | Transcript regarding Hearing Held 12/17/2025 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 12/26/2025. Redaction Request Due By 01/8/2026. Redacted Transcript Submission Due By 01/20/2026. Transcript access will be restricted through 03/18/2026. (Gottlieb, Jason) (Entered: 12/18/2025) |
| 12/18/2025 | 3169<br>(7 pgs) | Application for Admission of Attorney Pro Hac Vice *of Danielle Ullo*. Fee Amount $328 (Ullo, Danielle) (Entered: 12/18/2025) |
| 12/18/2025 | | Receipt of filing fee for Application for Admission of Attorney Pro Hac Vice( 24-10545) [motion,mprohac] ( 328.00). Receipt number A34263779, amount $ 328.00 (re: Doc# 3169 Application for Admission of Attorney Pro Hac Vice *of Danielle Ullo*. Fee Amount $328) (U.S. Treasury) (Entered: 12/18/2025) |
| 12/18/2025 | 3170<br>(3 pgs) | Supplemental Declaration of David A. Taylor *Relating to Application of Debtors for Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors* (RE: related document(s)139 Application to Employ, 140 Declaration). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/18/2025) |
| 12/18/2025 | 3171<br>(12 pgs; 3 docs) | Motion *Application of Debtors for Order Correcting Scrivener's Error in Order Approving Asset Sale of the Property Located at 5800 Fair Oaks Blvd., Carmichael, CA 95608* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle). Related document(s) 3162 Order Granting Related Motion/Application. Modified on 12/23/2025 (lj). (Entered: 12/18/2025) |
| 12/19/2025 | 3172<br>(1 pg) | Transcript Order Form regarding Hearing Date 12/19/2025 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/19/2025) |
| 12/19/2025 | | Hearing Held 12/19/2025 at 11:00 AM RE: 2905 First Interim Fee Application of Hogan Lovells US LLP as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025 is **Granted**. Hogan Lovells US LLP's Fee in the amount of $3,231,236.46 and Expenses in the amount of $18,516.76 are approved. Mr. Wynne will submit the order. (rba) (Entered: 12/19/2025) |
| 12/19/2025 | 3173<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7332-7334 Arleta Court, Sacramento, CA 95823* (RE: related document(s)2922 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/19/2025) |
| 12/19/2025 | 3174<br>(115 pgs) | Notice Regarding *Monthly Fee Statements for Stapleton Group, a Part of JS Held (June 9, 2025, Through and Including October 31, 2025)* (RE: related document(s)2086 Order Authorizing the Retention and Employment of Stapleton Group a Part of J.S.Held LLC as Operations and Asset Manager, Effective as of The Relief Date (RE: related |

| | | |
|---|---|---|
| | | document(s)2017 Declaration filed by Interested Party KS Mattson Partners, LP). (rba)). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/19/2025) |
| 12/19/2025 | 3175 (2 pgs) | Notice Regarding *Withdrawal of Application of Debtors for Order Correcting Scrivener's Error in Order Approving Asset Sale of the Property Located at 5800 Fair Oaks Blvd., Carmichael, CA 95608* (RE: related document(s)3171 Motion *Application of Debtors for Order Correcting Scrivener's Error in Order Approving Asset Sale of the Property Located at 5800 Fair Oaks Blvd., Carmichael, CA 95608* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B)). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/19/2025) |
| 12/19/2025 | 3176 (47 pgs) | Supplemental Document *to Third Amended Joint Plan of Liquidation* in Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason). Related document(s) 3108 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation. Modified on 12/23/2025 (rdr). (Entered: 12/19/2025) |
| 12/19/2025 | 3177 (3 pgs) | Notice Regarding *Supplement to Third Amended Joint Plan of Liquidation* (RE: related document(s)3176 Supplemental Document *to Third Amended Joint Plan of Liquidation* in Filed by Creditor Committee Official Committee of Unsecured Credtiors). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/19/2025) |
| 12/19/2025 | 3178 (11 pgs) | Certificate of Service *re: Documents Served on or Before December 18, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3132 Order on Application for Compensation, 3133 Order on Motion for Miscellaneous Relief, 3134 Order on Application for Compensation, 3135 Order on Application for Compensation, 3137 Order on Application for Compensation, 3138 Order on Application for Compensation, 3141 Stipulation for Miscellaneous Relief, 3142 Certification of No Objection, 3145 Certification of No Objection). (Gershbein, Evan) (Entered: 12/19/2025) |
| 12/19/2025 | 3179 (21 pgs; 3 docs) | Notice Regarding *Sale of Subject Property 23570 Arnold Drive, and 72, 100, and 150 Wagner Road, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 12/19/2025) |
| 12/19/2025 | 3180 (3 pgs) | Declaration of Kabul Singh in Support of *Adequate Assurance of Future Performance by Highland Pacific Capital, LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 23570 Arnold Drive, and 72, 100 and 150 Wagner Road, Sonoma, CA 95476* (RE: related document(s)3179 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/19/2025) |
| 12/19/2025 | 3181 (3 pgs) | Order Extending Plan Exclusive Periods (Related Doc # 2927) (rba) (Entered: 12/19/2025) |
| 12/19/2025 | 3182 | Order Further Extending the Time to File Notices of Removal of Related |

| | (4 pgs) | Proceedings (Related Doc # 2924) (rba) (Entered: 12/19/2025) |
|---|---|---|
| 12/19/2025 | 3183 (60 pgs) | Order Granting Motion of Debtor KSMP to Approve Entry into and Performance Under Settlement Agreement (Related Doc # 2931) (rba) (Entered: 12/19/2025) |
| 12/19/2025 | 3184 (3 pgs) | Amended Order Terminating Automatic Stay (21881, 21885, and 21889 Eighth Street E., Sonoma, California) (RE: related document(s)3146 Order on Motion for Relief From Stay, Order on Motion for Adequate Protection). (rba) (Entered: 12/19/2025) |
| 12/19/2025 | 3185 (3 pgs) | Order Granting Application for Admission of Attorney Pro Hac Vice (Related Doc # 3169). (rba) (Entered: 12/19/2025) |
| 12/19/2025 | 3186 (56 pgs) | Certificate of Service re: *Documents Served on or Before December 8, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3035 Notice, 3041 Order on Motion for Miscellaneous Relief, 3043 Order on Motion for Miscellaneous Relief, 3044 Order on Motion for Miscellaneous Relief, 3046 Order). (Gershbein, Evan) (Entered: 12/19/2025) |
| 12/19/2025 | 3187 (8 pgs) | Certificate of Service re: *Certification of No Objection Regarding Motion of Debtor KSMP to Approve Entry Into and Performance Under the Nielsen Settlement Agreement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3144 Certification of No Objection). (Gershbein, Evan) (Entered: 12/19/2025) |
| 12/19/2025 | 3188 (24 pgs) | Certificate of Service re: *Documents Served on December 10, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3075 Objection, 3076 Declaration, 3077 Notice of Hearing, 3078 Objection, 3079 Declaration, 3080 Notice of Hearing, 3081 Objection, 3082 Declaration, 3083 Notice of Hearing, 3084 Objection, 3085 Declaration, 3086 Notice of Hearing, 3102 Order on Stipulation, Order to Continued Hearing, 3103 Order Granting Related Motion/Application, 3104 Order Granting Related Motion/Application, 3105 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 12/19/2025) |
| 12/19/2025 | 3189 (1 pg) | ◀))) PDF with attached Audio File. Court Date & Time [ 12/19/2025 11:00:03 AM ]. File Size [ 5840 KB ]. Run Time [ 00:24:20 ]. (admin). (Entered: 12/19/2025) |
| 12/20/2025 | 3190 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3143 Transcript). Notice Date 12/20/2025. (Admin.) (Entered: 12/20/2025) |
| 12/20/2025 | 3191 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3168 Transcript). Notice Date 12/20/2025. (Admin.) (Entered: 12/20/2025) |
| 12/21/2025 | 3192 (660 pgs; 6 docs) | Motion to Stay Pending Appeal (RE: related document(s)2937 Notice of Appeal filed by Interested Party Live Oak Investments LP). Filed by Creditor Andrew Revocable Trust dated June 21, 2001, Interested Party Live Oak Investments LP (Attachments: # 1 Application for Appellate Stay # 2 Request for Judicial Notice with exhibits # 3 Declaration of William Andrew with exhibits # 4 Declaration of Thomas P. Kelly III with exhibits # 5 Certificate of Service) (Kelly, Thomas) (Entered: 12/21/2025) |

| | | |
|---|---|---|
| 12/21/2025 | 3193<br>(11 pgs; 2 docs) | Notice of Hearing (RE: related document(s)3192 Motion to Stay Pending Appeal (RE: related document(s)2937 Notice of Appeal filed by Interested Party Live Oak Investments LP). Filed by Creditor Andrew Revocable Trust dated June 21, 2001, Interested Party Live Oak Investments LP (Attachments: # 1 Application for Appellate Stay # 2 Request for Judicial Notice with exhibits # 3 Declaration of William Andrew with exhibits # 4 Declaration of Thomas P. Kelly III with exhibits # 5 Certificate of Service)). **Hearing scheduled for 1/21/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Andrew Revocable Trust dated June 21, 2001, Interested Party Live Oak Investments LP (Attachments: # 1 Certificate of Service) (Kelly, Thomas) (Entered: 12/21/2025) |
| 12/22/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3172 Regarding Hearing Date: 12/19/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3172 Transcript Order Form (Public Request)). (dc) (Entered: 12/22/2025) |
| 12/22/2025 | 3194 | Acknowledgment of Request for Transcript Received on 12/22/2025. (RE: related document(s)3172 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 12/22/2025) |
| 12/22/2025 | 3195<br>(71 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 170-182 1st Street East, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 12/22/2025) |
| 12/22/2025 | 3196<br>(3 pgs) | Declaration of Kevin Kaz in Support of *Adequate Assurance of Future Performance by KDM Sonoma, LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 170-182 1st Street East, Sonoma, CA 95476* (RE: related document(s)3195 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 12/22/2025) |
| 12/22/2025 | 3197<br>(116 pgs; 3 docs) | Amended Notice Regarding *Sale of Subject Property 23570 Arnold Drive, and 72, 100, and 150 Wagner Road, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba), 3179 Notice Regarding *Sale of Subject Property 23570 Arnold Drive, and 72, 100, and 150 Wagner Road, Sonoma, CA 95476* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2), 3180 Declaration of Kabul Singh in Support of *Adequate Assurance of Future Performance by Highland Pacific Capital, LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 23570 Arnold Drive, and 72, 100 and 150 Wagner Road, Sonoma, CA 95476* (RE: related document(s)3179 Notice). Filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Albert, Gabrielle) (Entered: 12/22/2025) |

| 12/22/2025 | 3198 (7 pgs) | Certificate of Service re: Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 1870 Thornsberry Road, Sonoma, CA 95476 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3112 Certification of No Objection). (Gershbein, Evan) (Entered: 12/22/2025) |
| 12/22/2025 | 3199 (10 pgs) | Certificate of Service re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 925-927 Broadway, Sonoma, CA 95476; and 2) Notice of Auction of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3118 Certification of No Objection, 3121 Notice). (Gershbein, Evan) (Entered: 12/22/2025) |
| 12/22/2025 | 3200 (8 pgs) | Certificate of Service re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 786 Broadway, Sonoma, CA 95476; and 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 790 Broadway, Sonoma, CA 95476 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3125 Certification of No Objection, 3126 Certification of No Objection). (Gershbein, Evan) (Entered: 12/22/2025) |
| 12/22/2025 | 3201 (38 pgs) | Chapter 11 Monthly Operating Report for Case Number 24-10715 for the Month Ending: 11/30/2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/22/2025) |
| 12/23/2025 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3172 Regarding Hearing Date: 12/19/2025. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3172 Transcript Order Form (Public Request)). (dc) (Entered: 12/23/2025) |
| 12/23/2025 | 3202 (1 pg) | Acknowledgment of Receipt by BAP of Notice of Appeal to BAP. Case Number: NC-25-1238 (RE: related document(s)2937 Notice of Appeal, 3114 Transmission of Notice of Appeal to BAP). (bg) (Entered: 12/23/2025) |
| 12/23/2025 | 3203 (3 pgs) | Order Granting First Interim Fee Application Of Hogan Lovells US LLPAs Counsel To KSMP For Allowance And Payment Of Fees AndReimbursement Of Expenses For The Period From June 9, 2025 Through AndIncluding September 30, 2025 (Related Doc # 2905). fees awarded: $3,231,236.46, expenses awarded: $18,516.76 for Richard L. Wynne (rs) (Entered: 12/23/2025) |
| 12/23/2025 | 3204 (2 pgs; 2 docs) | Transcript regarding Hearing Held 12/19/2025 RE: Interim fee application. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, eScribers, LLC. . Notice of Intent to Request Redaction Deadline Due By 12/19/2025. Redaction Request Due By 01/13/2026. Redacted Transcript Submission Due By 01/23/2026. Transcript access will be restricted through 03/23/2026. (Gottlieb, Jason) (Entered: 12/23/2025) |
| 12/23/2025 | 3206 (61 pgs; 2 docs) | Order Approving Asset Sale Of The Property Located At 453 Fleming Avenue East, Vallejo, CA 94591 (RE: related document(s)2916 Notice |

| | | filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rs) (Entered: 12/23/2025) |
|---|---|---|
| 12/23/2025 | 3207 (51 pgs; 2 docs) | Order Approving Asset Sale Of The Property Located At 7332-7334 Arleta Court, Sacramento, CA 95823 (RE: related document(s)2922 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rs) (Entered: 12/23/2025) |
| 12/23/2025 | 3208 (3 pgs) | Certificate of Service *re: Monthly Fee Statements for Stapleton Group, a Part of JS Held (June 9, 2025, Through and Including October 31, 2025)* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3174 Notice. (Gershbein, Evan) (Entered: 12/23/2025) |
| 12/23/2025 | 3209 (4 pgs) | Supplemental Certificate of Service *re: 1) Notice of Sale of Subject Property 5800 Fair Oaks Blvd., Carmichael, CA 95608; and 2) Declaration of Joseph Ramos in Support of Adequate Assurance of Future Performance by MJ2 Investors, LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 5800 Fair Oaks Blvd., Carmichael, CA 95608* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)2902 Notice, 2903 Declaration, 3099 Certificate of Service). (Gershbein, Evan) (Entered: 12/23/2025) |
| 12/24/2025 | 3210 (14 pgs) | Motion *Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols* Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Fallon, Michael) (Entered: 12/24/2025) |
| 12/24/2025 | 3211 (10 pgs) | Notice of Hearing *Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols* (RE: related document(s)3210 Motion *Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols* Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP). **Hearing scheduled for 1/9/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Fallon, Michael) Modified on 12/28/2025 (rba). (Entered: 12/24/2025) |
| 12/26/2025 | 3212 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10487 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3213 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10488 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3214 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10489 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3215 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10490 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a |

| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
|---|---|---|
| 12/26/2025 | 3216 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10491 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3217 (30 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10492 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3218 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10493 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3219 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10494 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3220 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10495 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3221 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10496 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3222 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10543 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3223 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10497 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3224 (23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10498 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3225 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10499 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3226 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10500 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3227 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10501 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3228 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10502 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3229 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10503 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3230 (28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10504 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3231 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10505 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3232 (29 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10506 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3233 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10507 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3234 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10508 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3235 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10509 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3236 (31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10544 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3237 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10510 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a |

https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?141564093471303-L_1_0-1 385/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 858 of 960

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3238 (20 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10511 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3239 (22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10512 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3240 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10513 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3241 (25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10514 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3242 (8 pgs) | Certificate of Service re: Order Granting Motion of Debtor KSMP to Approve Entry Into and Performance Under Settlement Agreement Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3183 Order on Motion for Miscellaneous Relief). (Gershbein, Evan) (Entered: 12/26/2025) |
| 12/26/2025 | 3243 (37 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3244 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10515 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3245 (27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10598 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3246 (4 pgs) | Certificate of Service re: Order Granting First Interim Fee Application of Hogan Lovells US LLP as Counsel to KSMP for Allowance and Payment of Fees and Reimbursement of Expenses for the Period from June 9, 2025 Through and Including September 30, 2025 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3203 Order on Application for Compensation). (Gershbein, Evan) (Entered: 12/26/2025) |
| 12/26/2025 | 3247 (21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10599 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |

| | | |
|---|---|---|
| 12/26/2025 | <u>3248</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10517 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3249</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10518 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3250</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10519 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3251</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10520 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3252</u><br>(23 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10521 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3253</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10516 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3254</u><br>(27 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10522 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3255</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10523 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3256</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10524 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3257</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10525 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3258</u><br>(25 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10526 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |

| | | |
|---|---|---|
| 12/26/2025 | <u>3259</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10527 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3260</u><br>(26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10528 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3261</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10529 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3262</u><br>(34 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10530 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3263</u><br>(21 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10532 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3264</u><br>(22 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10533 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3265</u><br>(28 pgs) | Certificate of Service re: *Documents Served on December 17, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>3147</u> Order Granting Related Motion/Application, <u>3148</u> Order Granting Related Motion/Application, <u>3150</u> Order Granting Related Motion/Application, <u>3151</u> Order Granting Related Motion/Application, <u>3154</u> Certification of No Objection, <u>3157</u> Notice, <u>3158</u> Declaration, <u>3161</u> Order on Stipulation, <u>3162</u> Order Granting Related Motion/Application, <u>3163</u> Notice, <u>3164</u> Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3266</u><br>(9 pgs) | Certificate of Service re: *1) Supplemental Declaration of David A. Taylor Relating to Application of Debtors for Order Authorizing the Employment of Keller Benvenutti Kim LLP as General Bankruptcy Counsel to the Debtors ; and 2) Application of Debtors for Order Correcting Scrivener's Error in Order Approving Asset Sale of the Property Located at 5800 Fair Oaks Blvd., Carmichael, CA 95608* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)<u>3170</u> Declaration, <u>3171</u> Motion Miscellaneous Relief). (Gershbein, Evan) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3267</u><br>(28 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10534 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # <u>1</u> Notes # <u>2</u> Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | <u>3268</u><br>(31 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10535 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a |

| | | |
|---|---|---|
| | | California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3269 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10536 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3270 (26 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10537 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3271 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10538 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3272 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10539 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3273 (33 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10417 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3274 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10540 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3275 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10541 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 3276 (24 pgs; 3 docs) | Chapter 11 Monthly Operating Report for Case Number 24-10542 for the Month Ending: 11/30/2025 Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Notes # 2 Supporting Documents) (Rupp, Thomas) (Entered: 12/26/2025) |
| 12/29/2025 | 3277 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7301 Berna Way & 7319 Arleta Court, Sacramento, CA 95823* (RE: related document(s)3048 Notice). Filed by Debtor LeFever Mattson, a California corporation (Giang, Alice) (Entered: 12/29/2025) |
| 12/29/2025 | 3278 (73 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 3310-3336 Cimmarron Road, Cameron Park, CA 95682* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Giang, Alice) (Entered: 12/29/2025) |

| | | |
|---|---|---|
| 12/29/2025 | 3279<br>(3 pgs) | Declaration of Dave Mercer in Support of *Adequate Assurance of Future Performance by MP Core Cimmarron Rd LLC with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 3310-3336 Cimmarron Road, Cameron Park, CA 95682* (RE: related document(s)3278 Notice). Filed by Debtor LeFever Mattson, a California corporation (Giang, Alice) (Entered: 12/29/2025) |
| 12/29/2025 | 3280<br>(6 pgs) | Fourth Stipulation to Extend Time *to Assume or Reject Headquarters Lease* Filed by Debtor LeFever Mattson, a California corporation. (Rupp, Thomas) (Entered: 12/29/2025) |
| 12/29/2025 | 3281<br>(13 pgs; 2 docs) | Amended Application to Employ FTI Consulting, Inc. and FTI Consulting Realty, Inc. as Real Estate Advisors Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Albert, Gabrielle) (Entered: 12/29/2025) |
| 12/29/2025 | | Returned Mail: Mail originally sent on 12/12/2025 returned as undeliverable. Returned Mail: The following order sent to BENJAMIN R. LEVINSON Law Office of Benjamin R. Levinson, APC 46 N. Second Street, Suite A Campbell, CA 95008-2026 on 12/12/2025 was returned as undeliverable: Transcript (ADI Administrator court); (Entered: 12/29/2025) |
| 12/30/2025 | 3282<br>(26 pgs) | Certificate of Service *re: 1) Motion to Designate Tillman Opposing Investors as "Permitted Part[ies]" Under Confidentiality Protocols; and 2) Notice of Hearing on Motion to Designate Tillman Opposing Investors as "Permitted Part[ies]" Under Confidentiality Protocols* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3210 Motion Miscellaneous Relief, 3211 Notice of Hearing). (Gershbein, Evan) (Entered: 12/30/2025) |
| 12/30/2025 | 3283<br>(2 pgs) | Notice Regarding *Eighth Virtual Town Hall Meeting* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 12/30/2025) |
| 12/30/2025 | 3284<br>(32 pgs) | Certificate of Service *re: Documents Served on December 22, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3181 Order on Motion to Extend/Limit Exclusivity Period, 3182 Order on Motion to Extend Time, 3195 Notice, 3196 Declaration, 3197 Notice). (Gershbein, Evan) (Entered: 12/30/2025) |
| 12/30/2025 | 3285<br>(8 pgs) | Certificate of Service *re: 1) Order Approving Asset Sale of the Property Located at 453 Fleming Avenue East, Vallejo, CA 94591; and 2) Order Approving Asset Sale of the Property Located at 7332-7334 Arleta Court, Sacramento, CA 95823* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3206 Order Granting Related Motion/Application, 3207 Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 12/30/2025) |
| 12/31/2025 | 3286<br>(3 pgs) | Notice Regarding *Plan Proponent's Notice of Expert Topics in Connection With Plan Confirmation* (RE: related document(s)3105 Order (I) Approving the Plan Summary and Approving Disclosure Statement; (II) Scheduling Status Conference on Confirmation of Plan and Approving the Form and Manner of Service of the Confirmation Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Estimating Investor Claims and Interests Solely for Voting |

| | | |
|---|---|---|
| | | Purposes; and (V) Approving Related Matters (Related Doc 2569). **Status Conference scheduled for 01/23/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba)). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 12/31/2025) |
| 12/31/2025 | 3287 (56 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7328-7330 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Giang, Alice) (Entered: 12/31/2025) |
| 12/31/2025 | 3288 (2 pgs) | Declaration of Sharafat Zaman in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7328-7330 Arleta Court, Sacramento, CA 95823* (RE: related document(s)3287 Notice). Filed by Debtor LeFever Mattson, a California corporation (Giang, Alice) (Entered: 12/31/2025) |
| 12/31/2025 | 3289 (51 pgs; 2 docs) | Order Approving Asset Sale Of The Property Located At 7301 Berna Way & 7319 Arleta Court, Sacramento, CA 95823 (RE: related document(s)3048 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rs) (Entered: 12/31/2025) |
| 12/31/2025 | 3290 (4 pgs) | Order Granting Fourth Stipulation To Extend Time To Assume Or Reject Headquarters Lease (RE: related document(s)3280 Stipulation to Extend Time filed by Debtor LeFever Mattson, a California corporation). (rs) (Entered: 12/31/2025) |
| 12/31/2025 | 3291 (19 pgs) | Supplemental Declaration of Richard L. Wynne in support of *the Application of Debtor for Order Authorizing the Retention and Employment of Hogan Lovells US LLP as Counsel for the Debtor* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 12/31/2025) |
| 12/31/2025 | 3292 (3 pgs) | Notice Regarding *Auction of Subject Property 9407, 9415-9471 N. Fort Washington Road, Fresno, CA 93730* (RE: related document(s)3029 Notice Regarding *Sale of Subject Property Located at 9407; 9415-9471 N. Fort Washington Road, Fresno, CA 93730* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 12/31/2025) |
| 12/31/2025 | 3293 (51 pgs) | Joint Motion of *LFM Debtors and KSMP to Approve Entry Into and Performance Under The Serene Settlement Agreement* Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 12/31/2025) |
| 12/31/2025 | 3294 (2 pgs) | Notice Regarding *Notice of Service of Discovery (In Connection With Plan Confirmation)* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Fiero, John) (Entered: 12/31/2025) |
| 12/31/2025 | 3295 (6 pgs) | Declaration of Robbin L. Itkin in support of *Joint Motion of LFM Debtors and KSMP to Approve Entry Into and Performance Under the* |

| | | |
|---|---|---|
| | | *Serene Settlement Agreement* (RE: related document(s)3293 Motion Miscellaneous Relief. Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 12/31/2025) |
| 12/31/2025 | 3296 (3 pgs) | Declaration of Bradley D. Sharp in support of *Joint Motion of LFM Debtors and KSMP to Approve Entry Into and Performance Under the Serene Settlement Agreement* (RE: related document(s)3293 Motion Miscellaneous Relief. Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 12/31/2025) |
| 12/31/2025 | 3297 (139 pgs) | Declaration of Edward J. McNeilly in support of *Joint Motion of LFM Debtors and KSMP to Approve Entry Into and Performance Under the Serene Settlement Agreement* (RE: related document(s)3293 Motion Miscellaneous Relief. Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 12/31/2025) |
| 12/31/2025 | 3298 (3 pgs) | Notice of Hearing (RE: related document(s)3293 Joint Motion *of LFM Debtors and KSMP to Approve Entry Into and Performance Under The Serene Settlement Agreement* Filed by Interested Party KS Mattson Partners, LP). **Hearing scheduled for 1/23/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 12/31/2025) |
| 01/02/2026 | 3299 (2 pgs) | Request for Notice Filed by Creditor U.S. Bank, N.A. (Coats, David) (Entered: 01/02/2026) |
| 01/02/2026 | 3308 (1 pg) | Objection to Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols (RE: related document(s)3210 Motion Miscellaneous Relief. Filed by Debtor LeFever Mattson, a California corporation (da) (Entered: 01/05/2026) |
| 01/05/2026 | 3300 (58 pgs) | Notice Regarding *Sale of Subject Property Located at 531, 533 Camino Del Mar, Del Mar, CA 92014* Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard). Related document(s) 2694 Order on Motion for Miscellaneous Relief. Modified on 1/6/2026 (no). (Entered: 01/05/2026) |
| 01/05/2026 | 3301 (4 pgs) | Request for Notice Filed by Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., ALTERNATIVE LOAN TRUST 2006-OA1, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-OA1 (Garan, Todd) (Entered: 01/05/2026) |
| 01/05/2026 | 3302 (1 pg) | Objection to Disclosure of Confidential Claim Information (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). (trw) (Entered: 01/05/2026) |
| 01/05/2026 | 3303 (1 pg) | Objection to Disclosure of Confidential Claim Information (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). (trw) (Entered: 01/05/2026) |
| 01/05/2026 | 3304 (1 pg) | Objection to Disclosure of Confidential Claim Information (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as |

| | | |
|---|---|---|
| | | Permitted Part[ies] under Confidentiality Protocols). (trw) (Entered: 01/05/2026) |
| 01/05/2026 | 3305 (2 pgs) | Stipulation to Extend Time *Stipulation to Extend Committee's Deadline to Oppose Application for Appellate Stay* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)3192 Motion to Stay Pending Appeal filed by Creditor Andrew Revocable Trust dated June 21, 2001, Interested Party Live Oak Investments LP). (Fiero, John) (Entered: 01/05/2026) |
| 01/05/2026 | 3306 (143 pgs) | Certificate of Service *re: Notice of Amended Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3152 Notice of Hearing). (Gershbein, Evan). Related document(s) 2943 Amended Motion *of the Official Committee of Unsecured Creditors for Substantive Consolidation of the Debtors and the KSMP Investment Entities and for Related Relief* filed by Creditor Committee Official Committee of Unsecured Credtiors. Modified on 1/7/2026 (myt). (Entered: 01/05/2026) |
| 01/05/2026 | 3307 (20 pgs) | Certificate of Service *re: Documents Served on December 29, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3277 Certification of No Objection, 3278 Notice, 3279 Declaration, 3280 Stipulation to Extend Time, 3281 Application to Employ). (Gershbein, Evan) (Entered: 01/05/2026) |
| 01/06/2026 | 3309 (76 pgs; 2 docs) | Notice Regarding *Results of Auction of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)2875 Notice Regarding *Sale of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2), 3121 Notice Regarding *Auction of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)2875 Notice Regarding *Sale of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)). Filed by Debtor LeFever Mattson, a California corporation). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Giang, Alice) (Entered: 01/06/2026) |
| 01/06/2026 | 3310 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 951-1047 Alamo Drive, Vacaville, CA 95687* (RE: related document(s)2875 Notice). Filed by Debtor LeFever Mattson, a California corporation (Giang, Alice) (Entered: 01/06/2026) |
| 01/06/2026 | 3311 (1 pg) | Certificate of Record - Appeal Case Number:NC-25-1238 (RE: related document(s)2937 Notice of Appeal). (klr) (Entered: 01/06/2026) |
| 01/06/2026 | 3312 (15 pgs; 3 docs) | Transmission of Record on Appeal to Bankruptcy Appellant Panel - Appeal Case Number: NC-25-1238 (RE: related document(s)2937 Notice |

| | | |
|---|---|---|
| | | of Appeal). (Attachments: # 1 Certificate of Record # 2 Record on Appeal Documents) (klr) (Entered: 01/06/2026) |
| 01/06/2026 | 3313 (2 pgs) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). (trw) (trw) (Entered: 01/06/2026) |
| 01/06/2026 | 3314 (67 pgs; 3 docs) | Notice Regarding *Service of Discovery and Identification of Expert Report Topics* (RE: related document(s)3105 Order (I) Approving the Plan Summary and Approving Disclosure Statement; (II) Scheduling Status Conference on Confirmation of Plan and Approving the Form and Manner of Service of the Confirmation Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Estimating Investor Claims and Interests Solely for Voting Purposes; and (V) Approving Related Matters (Related Doc 2569). **Status Conference scheduled for 01/23/2026 at 11:00 AM in/via Oakland Room 215 - Novack**. (rba)). Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Attachments: # 1 Exhibit # 2 Certificate of Service) (Fallon, Michael) (Entered: 01/06/2026) |
| 01/06/2026 | 3315 (78 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 951-1047 Alamo Drive, Vacaville, CA 95687 (RE: related document(s)2875 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 01/06/2026) |
| 01/06/2026 | 3316 (3 pgs) | Order Approving Stipulation to Extend Committee's Deadline to Oppose Application for Appellate Stay (RE: related document(s)3305 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/06/2026) |
| 01/06/2026 | 3317 (5 pgs) | Supplemental Certificate of Service *re: Notice of Amended Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3152 Notice of Hearing, 3306 Certificate of Service). (Gershbein, Evan) (Entered: 01/06/2026) |
| 01/07/2026 | 3318 (3 pgs; 2 docs) | Order Setting Hearing on Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor (RE: related document(s)3281 Application to Employ filed by Debtor LeFever Mattson, a California corporation). **Hearing scheduled for 1/16/2026 at 11:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 01/07/2026) |
| 01/07/2026 | 3319 (1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Thomas Mack. (trw) (Entered: 01/07/2026) |
| 01/07/2026 | 3320 (1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Edy Hayashi Mack. (trw) (Entered: 01/07/2026) |
| 01/07/2026 | 3321 (1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by William and Valerie Bobetsky. (trw) (Entered: 01/07/2026) |

CANB Live Database

| | | |
|---|---|---|
| 01/07/2026 | 3322<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Susan Tedford (trw) (Entered: 01/07/2026) |
| 01/07/2026 | 3323<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Rick Tedford. (trw) (Entered: 01/07/2026) |
| 01/07/2026 | 3324<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Michael Morse. (trw) (Entered: 01/07/2026) |
| 01/07/2026 | 3325<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Ron Taylor. (trw) (Entered: 01/07/2026) |
| 01/07/2026 | 3326<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Ron Taylor. (trw) (Entered: 01/07/2026) |
| 01/08/2026 | 3327<br>(10 pgs) | Response *of the Official Committee of Unsecured Creditors to the Motion to Designate Tillman Opposing Investors as "Permitted Part[ies]" Under the Confidentiality Protocols* (RE: related document(s)3210 Motion Miscellaneous Relief). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Wilson, Brooke) (Entered: 01/08/2026) |
| 01/08/2026 | 3328<br>(3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 1189 Dana Drive, Fairfield, CA 94533* (RE: related document(s)3157 Notice). Filed by Debtor LeFever Mattson, a California corporation (Giang, Alice) (Entered: 01/08/2026) |
| 01/08/2026 | 3329<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols ). Filed by Tamara Migliozzi. (trw)Modified on 1/8/2026 (trw). (Entered: 01/08/2026) |
| 01/08/2026 | 3330<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Timothy Rogers. (trw) (Entered: 01/08/2026) |
| 01/08/2026 | 3331<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols ). Filed by Victoria Koerner and William Koerner. (trw) (Entered: 01/08/2026) |
| 01/08/2026 | 3332<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols ). Filed by Constantine and Palina Suhonos. (trw) (Entered: 01/08/2026) |
| 01/08/2026 | 3333<br>(1 pg) | Objection (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols ). Filed by Steve and Karen Beach. (trw) (Entered: 01/08/2026) |
| 01/08/2026 | 3334<br>(3 pgs) | Certification of No Objection *Regarding Amended Notice of Sale of Subject Property Located at 446-454 3rd Street West, Sonoma, CA 95476* |

| | | (RE: related document(s)3163 Notice). Filed by Debtor LeFever Mattson, a California corporation (Giang, Alice) (Entered: 01/08/2026) |
|---|---|---|
| 01/08/2026 | 3335<br>(108 pgs; 3 docs) | Notice Regarding *Sale of Subject Property Located at 103/105 Commerce Court, Fairfeild, CA 94534* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Rupp, Thomas) (Entered: 01/08/2026) |
| 01/08/2026 | 3336<br>(8 pgs) | Certificate of Service *re: 1) Notice of Results of Auction of Subject Property 951-1047 Alamo Drive, Vacaville, CA 95687; 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 951-1047 Alamo Drive, Vacaville, CA 95687; and 3) Order Approving Asset Sale of the Property Located at 951-1047 Alamo Drive, Vacaville, CA 95687* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3309 Notice, 3310 Certification of No Objection, 3315 Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 01/08/2026) |
| 01/08/2026 | 3337<br>(63 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 1189 Dana Drive, Fairfield, CA 94533 (RE: related document(s)3157 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 01/09/2026) |
| 01/09/2026 | 3338<br>(24 pgs) | Supplemental Certificate of Service *re: 1) Notice of (I) Approval of Disclosure Statement; (II) Status Conference Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan; (IV) Deadline for Voting on the Plan; and (V) Related Matters; 2) Supplement to Third Amended Joint Plan of Liquidation; and 3) Notice of Supplement to Third Amended Joint Plan of Liquidation* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3113 Notice, 3176 Supplemental Document, 3177 Notice). (Gershbein, Evan) (Entered: 01/09/2026) |
| 01/09/2026 | 3339<br>(1 pg) | Transcript Order Form regarding Hearing Date 1/9/2026 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/09/2026) |
| 01/09/2026 | 3340<br>(56 pgs; 2 docs) | Notice Regarding *Sale of Subject Property Located at 7320-7322 Arleta Court, Sacramento, CA 95823* (RE: related document(s)971 Order Establishing Omnibus Procedures for Real Property Sales (Related Doc 689) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (rba)). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Rupp, Thomas) (Entered: 01/09/2026) |
| 01/09/2026 | 3341<br>(2 pgs) | Declaration of Sharafat Zaman in Support of *Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7320-7322 Arleta Court, Sacramento, CA 95823* (RE: related document(s)3340 Notice). Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/09/2026) |
| 01/09/2026 | 3342<br>(1 pg) | Objection to Disclosure of Confidential Claim Information (RE: related document(s)3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Scott and |

| | | |
|---|---|---|
| | | Elizabeth Walker (vmv)Modified on 1/12/2026 (no). (Entered: 01/09/2026) |
| 01/09/2026 | | Hearing Held 1/9/2026 at 11:00 AM (RE: related document(s) <u>3210</u> Motion *Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols*). **Minutes:** For the reasons stated on the record, Counsel for Creditors Committee to submit a revised form of order by **Monday, 1/12/2026**, if not, the Court will prepare its own order. (rba) (Entered: 01/09/2026) |
| 01/09/2026 | <u>3343</u> (1 pg) | Objection to Disclosure of Confidential Claim Information (RE: related document(s)<u>3210</u> Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). Filed by Ekaterina Alexandra (Koerner) Sowers. (vmv)Modified on 1/12/2026 (no). (Entered: 01/09/2026) |
| 01/09/2026 | <u>3344</u> (49 pgs) | Statement of / *Sixth Monthly Fee Statement of PwC US Business Advisory LLP for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from June 1, 2025 through June 30, 2025* (RE: related document(s)<u>356</u> Order on Motion for Miscellaneous Relief, <u>1234</u> Order on Application to Employ). Filed by Creditor Committee Official Committee of Unscured Credtiors (Wilson, Brooke) (Entered: 01/09/2026) |
| 01/09/2026 | <u>3345</u> (63 pgs) | Statement of / *Seventh Monthly Fee Statement of PwC US Business Advisory LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from July 1, 2025 through July 31, 2025* (RE: related document(s)<u>356</u> Order on Motion for Miscellaneous Relief, <u>1234</u> Order on Application to Employ). Filed by Creditor Committee Official Committee of Unscured Credtiors (Wilson, Brooke) (Entered: 01/09/2026) |
| 01/09/2026 | <u>3346</u> (5 pgs) | Certificate of Service (RE: related document(s)<u>3344</u> Statement, <u>3345</u> Statement). Filed by Creditor Committee Official Committee of Unscured Credtiors (Wilson, Brooke) (Entered: 01/09/2026) |
| 01/09/2026 | <u>3347</u> (7 pgs) | BNC Certificate of Mailing (RE: related document(s) <u>3318</u> Order To Set Hearing). Notice Date 01/09/2026. (Admin.) (Entered: 01/09/2026) |
| 01/11/2026 | <u>3354</u> (47 pgs; 3 docs) | Order Approving Asset Sale of the Property Located at 446-454 3rd Street West, Sonoma, CA 95476 (RE: related document(s)<u>3163</u> Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # <u>1</u> Exhibit A-1 # <u>2</u> Exhibit A-2) (rba) (Entered: 01/12/2026) |
| 01/12/2026 | <u>3348</u> (1 pg) | Notice of Change of Address Filed by Creditor John Hunt (lj) (Entered: 01/12/2026) |
| 01/12/2026 | <u>3349</u> (2 pgs) | Stipulation to Continue Hearing *on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534]* Filed by Debtor LeFever Mattson, a California corporation (RE: related document(s)<u>1686</u> Motion for Relief From Stay filed by Creditor Citizens Business Bank). **Hearing scheduled for 3/6/2026 at 10:00 AM Oakland Room 215 - Novack for <u>1686</u>,.** (Albert, Gabrielle) (Entered: 01/12/2026) |

| 01/12/2026 | | Adversary Case Closed 1:25-ap-1020. (vmv) (Entered: 01/12/2026) |
|---|---|---|
| 01/12/2026 | 3350 (21 pgs; 2 docs) | Brief/Memorandum in Opposition to / Committee's Opposition to Application for Appellate Stay (RE: related document(s)3192 Motion to Stay Pending Appeal). Filed by Creditor Committee Official Committee of Unsecured Credtiors (Attachments: # 1 Certificate of Service) (Fiero, John) (Entered: 01/12/2026) |
| 01/12/2026 | 3351 (15 pgs) | Document: Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtors Estate Holds a Substantial or Controlling Interest. Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 01/12/2026) |
| 01/12/2026 | 3352 (8 pgs) | Certificate of Service re: Order Setting Hearing on Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3318 Order To Set Hearing). (Gershbein, Evan) (Entered: 01/12/2026) |
| 01/12/2026 | 3353 (4 pgs) | Supplemental Certificate of Service re: Notice of Amended Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP and for Related Relief Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3152 Notice of Hearing, 3306 Certificate of Service). (Gershbein, Evan) (Entered: 01/12/2026) |
| 01/12/2026 | 3355 (4 pgs) | Order Designating Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols (Related Doc # 3210) (rba) (Entered: 01/12/2026) |
| 01/12/2026 | 3356 (3 pgs) | Order on Stipulation to Further Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] (RE: related document(s)1686 Motion for Relief From Stay filed by Creditor Citizens Business Bank, 3349 Stipulation to Continue Hearing filed by Debtor LeFever Mattson, a California corporation). **Hearing continued to 3/6/2026 at 10:00 AM Oakland Room 215 - Novack**. (rba) Modified on 1/12/2026 (rba). (Entered: 01/12/2026) |
| 01/12/2026 | | Hearing Continued from 1/16/2026 at 10:00 AM to 3/6/2026 at 10:00 AM. Order on Stipulation to Further Continue Hearing signed 1/12/2026. (RE: related document(s) 1686 Second Motion for Relief from Stay Fee Amount $199,). **Hearing scheduled for 03/06/2026 at 10:00 AM in/via Oakland Room 215 - Novack**. (rba) (Entered: 01/12/2026) |
| 01/12/2026 | 3357 (19 pgs) | Application to Employ Zyromski Konicek LLP as Special Residential Real Estate Counsel (Northern California) Effective as of August 22, 2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 01/12/2026) |
| 01/12/2026 | 3358 (20 pgs) | Declaration of Michelle V. Zyromski in support of Application of KSMP for Order Authorizing Employment Of Zyromski Konicek LLP as Special Residential Real Estate Counsel (Northern California) Effective as of August 22, 2025 (RE: related document(s)3357 Application to Employ). |

| | | Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 01/12/2026) |
|---|---|---|
| 01/12/2026 | 3359 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/9/2026 11:00:02 AM ]. File Size [ 6152 KB ]. Run Time [ 00:25:38 ]. (admin). (Entered: 01/12/2026) |
| 01/12/2026 | 3362 (2 pgs) | Objection (RE: related document(s) 3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). (RE: related document(s)3210 Motion Miscellaneous Relief). Filed by Interested Party Stephen and Maria Crane (da) (Entered: 01/13/2026) |
| 01/12/2026 | 3363 (1 pg) | Objection (RE: related document(s) 3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols). (RE: related document(s)3210 Motion Miscellaneous Relief). Filed by Interested Party David Renaud (da) (Entered: 01/13/2026) |
| 01/12/2026 | 3435 (1 pg) | Objection (RE: related document(s) 3210 Motion to Designate Tillman Opposing Investors as Permitted Part[ies] under Confidentiality Protocols Filed by Sabrina James (da) (Entered: 01/22/2026) |
| 01/13/2026 | 3360 (5 pgs) | Stipulation, Modify Automatic Stay Filed by Attorney Michael Fallon. (Fallon, Michael) (Entered: 01/13/2026) |
| 01/13/2026 | 3361 (5 pgs) | Notice and Opportunity for Hearing (RE: related document(s)3360 Stipulation, Modify Automatic Stay Filed by Attorney Michael Fallon.). Filed by Attorney Michael Fallon (Fallon, Michael) (Entered: 01/13/2026) |
| 01/13/2026 | 3364 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 170-182 1st Street East, Sonoma, CA 95476* (RE: related document(s)3195 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 01/13/2026) |
| 01/13/2026 | 3365 (110 pgs) | Notice Regarding *Sale of Subject Property Located at 230 E Napa St, Sonoma, CA 95476* Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 01/13/2026) |
| 01/13/2026 | 3366 (3 pgs) | Certification of No Objection *Regarding Amended Notice of Sale of Subject Property Located at 23570 Arnold Drive, and 72, 100, and 150 Wagner Road, Sonoma, CA 95476* (RE: related document(s)3197 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 01/13/2026) |
| 01/13/2026 | 3367 (66 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 170-182 1st Street East, Sonoma, CA 95476 (RE: related document(s)3195 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 01/13/2026) |
| 01/13/2026 | 3368 (29 pgs) | Certificate of Service *re: Documents Served on December 31, 2025* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3286 Notice, 3287 Notice, 3288 Declaration, 3289 Order, 3290 Order on Stipulation, 3292 Notice). (Gershbein, Evan) (Entered: 01/13/2026) |

| | | |
|---|---|---|
| 01/13/2026 | 3369<br>(13 pgs) | Certificate of Service *re: 1) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 1189 Dana Drive, Fairfield, CA 94533; 2) Certificate of No Objection Regarding Amended Notice of Sale of Subject Property Located at 446-454 3rd Street West, Sonoma, CA 95476; and 3) Notice of Sale of Subject Property 103/105 Commerce Court, Fairfield, CA 94534; 2) Certificate of No Objection Regarding Amended Notice of Sale of Subject Property Located at 446-454 3rd Street West, Sonoma, CA 95476; and 3) Notice of Sale of Subject Property 103/105 Commerce Court, Fairfield, CA 94534* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3328 Certification of No Objection, 3334 Certification of No Objection, 3335 Notice). (Gershbein, Evan) (Entered: 01/13/2026) |
| 01/13/2026 | 3370<br>(42 pgs) | Certificate of Service *re: Notice of Sale of Subject Property Located at 531, 533 Camino Del Mar, Del Mar, CA 92014* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3300 Notice). (Gershbein, Evan) (Entered: 01/13/2026) |
| 01/14/2026 | 3371<br>(55 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [October 1, 2025 through, October 31, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/14/2026) |
| 01/14/2026 | 3372<br>(110 pgs) | Amended Notice Regarding *Sale of Subject Property Located at 230 E Napa St, Sonoma, CA 95476* Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 01/14/2026) |
| 01/14/2026 | 3373<br>(3 pgs) | Notice of Appearance and Request for Notice *of Uchechi Egeonuigwe* by Erin N. Brady. Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 01/14/2026) |
| 01/14/2026 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3339 Regarding Hearing Date: 1/9/2026. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3339 Transcript Order Form (Public Request)). (da) (Entered: 01/14/2026) |
| 01/14/2026 | 3374<br>(4 pgs) | Supplemental Declaration of Bradley D. Sharp in Support of *the Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor* (RE: related document(s)3281 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 01/14/2026) |
| 01/14/2026 | 3375<br>(7 pgs; 2 docs) | Supplemental Declaration of Gregory G. Gotthardt in Support of *the Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor* (RE: related document(s)3281 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit 1) (Albert, Gabrielle) (Entered: 01/14/2026) |
| 01/15/2026 | 3376 | Acknowledgment of Request for Transcript Received on 1/15/2026. (RE: related document(s)3339 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 01/15/2026) |
| 01/15/2026 | 3377<br>(100 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 23570 Arnold Drive, and 72, 100, and 150 Wagner Road, Sonoma, CA 95476 (RE: |

| | | |
|---|---|---|
| | | related document(s)3197 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 01/15/2026) |
| 01/15/2026 | 3378 (134 pgs) | Certificate of Service re: Documents Served on or Before January 12, 2026 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3173 Certification of No Objection, 3175 Notice, 3176 Supplemental Document, 3177 Notice, 3179 Notice, 3180 Declaration). (Gershbein, Evan) (Entered: 01/15/2026) |
| 01/15/2026 | 3379 (17 pgs) | Certificate of Service re: 1) Order Approving Asset Sale of the Property Located at 1189 Dana Drive, Fairfield, CA 94533; 2) Notice of Sale of Subject Property Located at 7320 - 7322 Arleta Court Sacramento CA 95823; and 3) Declaration of Sharafat Zaman in Support of Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7320 - 7322 Arleta Court, Sacramento, CA 95823 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3337 Order Granting Related Motion/Application, 3340 Notice, 3341 Declaration). (Gershbein, Evan) (Entered: 01/15/2026) |
| 01/15/2026 | 3380 (13 pgs) | Certificate of Service re: Stipulation to Further Continue Hearing on Citizens Business Bank's Second Motion for Relief from the Automatic Stay [Real Property: 103 and 105 Commerce Court, Fairfield, California 94534] Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3349 Stipulation to Continue Hearing). (Gershbein, Evan) (Entered: 01/15/2026) |
| 01/15/2026 | 3381 (15 pgs) | Certificate of Service re: Documents Served on January 13, 2026 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3354 Order Granting Related Motion/Application, 3356 Order on Stipulation, Order to Continued Hearing, 3364 Certification of No Objection, 3366 Certification of No Objection). (Gershbein, Evan) (Entered: 01/15/2026) |
| 01/15/2026 | 3382 (144 pgs) | Certificate of Service re: Documents Served on January 2, 2026 Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3291 Declaration, 3293 Motion Miscellaneous Relief, 3295 Declaration, 3296 Declaration, 3297 Declaration, 3298 Notice of Hearing). (Gershbein, Evan) (Entered: 01/15/2026) |
| 01/16/2026 | 3383 (2 pgs; 2 docs) | Transcript regarding Hearing Held 1/9/2026 RE: Motion Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 1/23/2026. Redaction Request Due By 02/6/2026. Redacted Transcript Submission Due By 02/17/2026. Transcript access will be restricted through 04/16/2026. (Gottlieb, Jason) (Entered: 01/16/2026) |
| 01/16/2026 | 3384 (3 pgs) | Stipulation to Extend Time | Stipulation to Extend Columbia Bank's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 01/16/2026) |

| | | |
|---|---|---|
| 01/16/2026 | <u>3385</u><br>(1 pg) | Transcript Order Form regarding Hearing Date 1/16/2026 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3386</u><br>(12 pgs; 2 docs) | Objection to Confirmation of Plan (RE: related document(s)<u>3108</u> Amended Chapter 11 Plan). Filed by Creditor Deutsche Bank Trust Company Americas (Attachments: # <u>1</u> Certificate of Service) (Wan, Fanny) (Entered: 01/16/2026) |
| 01/16/2026 | | Hearing Held 1/16/2026 at 11:00 AM (RE: related document(s) <u>3281</u> Amended Application to Employ FTI Consulting, Inc. and FTI Consulting Realty, Inc. as Real Estate Advisors ). **Minutes:** The court orders the parties to file a declaration attaching time records billed by FTI. A supplemental declaration in support of the Amended Application to Employ FTI Consulting, Inc shall be filed. Upon filing of the supplemental declaration, Debtors shall upload the order. (rba) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3387</u><br>(4 pgs) | Memorandum of Points and Authorities in Opposition of *Joint Motion to Approve Serene Settlement Agreement* (RE: related document(s)<u>3293</u> Motion Miscellaneous Relief. Filed by Interested Party Equitable Ocean Front LLC (Young, Kevin) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3388</u><br>(3 pgs) | Declaration of MARC D. LAIR in opposition of *Joint Motion to Approve Serene Settlement Agreement* (RE: related document(s)<u>3293</u> Motion Miscellaneous Relief). Filed by Interested Party Equitable Ocean Front LLC (Young, Kevin) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3389</u><br>(3 pgs) | Objection *To Declaration of Robin Itkin re Joint Motion to Approve Serene Settlement Agreement* (RE: related document(s)<u>3293</u> Motion Miscellaneous Relief). Filed by Interested Party Equitable Ocean Front LLC (Young, Kevin) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3390</u><br>(2 pgs) | Objection *To Declaration of Edward J. McNeilly re Joint Motion to Approve Serene Settlement Agreement* (RE: related document(s)<u>3293</u> Motion Miscellaneous Relief. Filed by Interested Party Equitable Ocean Front LLC (Young, Kevin) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3391</u><br>(3 pgs) | Stipulation to Extend Time \| *Stipulation to Extend Deadlines as to KeyBank Concerning the Third Amended Joint Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3392</u><br>(3 pgs) | Order Approving Stipulation to Extend Columbia Bank's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)<u>3384</u> Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/16/2026) |
| 01/16/2026 | <u>3393</u><br>(3 pgs) | Stipulation to Extend Time / *Stipulation to Extend Wilmington Trust's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)<u>3105</u> Order on Motion for Miscellaneous Relief, <u>3108</u> Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Fiero, John) (Entered: 01/16/2026) |

CANB Live Database

| | | |
|---|---|---|
| 01/16/2026 | 3394 (16 pgs) | Document: *Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest.* Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/16/2026) |
| 01/16/2026 | 3395 (11 pgs) | Certificate of Service re: *Notice of Stipulation to Modify the Automatic Stay Opportunity to Object* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3361 Opportunity for Hearing). (Gershbein, Evan) (Entered: 01/16/2026) |
| 01/16/2026 | 3396 (3 pgs) | Stipulation to Extend Time | *Stipulation to Extend Deadlines as to California Bank of Commerce Concerning the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors. (Rosell, Jason) (Entered: 01/16/2026) |
| 01/16/2026 | 3397 (1 pg) | PDF with attached Audio File. Court Date & Time [ 1/16/2026 11:00:00 AM ]. File Size [ 4112 KB ]. Run Time [ 00:17:08 ]. (admin). (Entered: 01/16/2026) |
| 01/18/2026 | 3398 (6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3383 Transcript). Notice Date 01/18/2026. (Admin.) (Entered: 01/18/2026) |
| 01/18/2026 | 3399 (41 pgs) | Certificate of Service re: *Documents Served on January 13, 2026* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3351 Document, 3357 Application to Employ, 3358 Declaration, 3365 Notice). (Gershbein, Evan) (Entered: 01/18/2026) |
| 01/19/2026 | 3400 (29 pgs) | Certificate of Service re: *Amended Notice of Sale of Subject Property Located at 230 E Napa St, Sonoma, CA 95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3372 Notice). (Gershbein, Evan) (Entered: 01/19/2026) |
| 01/19/2026 | 3401 (3 pgs) | Stipulation to Extend Time *Tina M. Stott's and Tina M. Stott Family Trust Dated 3/17/2017's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Interested Party KS Mattson Partners, LP. (Wynne, Richard) (Entered: 01/19/2026) |
| 01/20/2026 | 3402 (7 pgs; 2 docs) | Statement of Socotra Capital, Inc. Re: Confirmation of Plan and Amended Motion of The Committee For Substantive Consolidation of The Debtors And the KSMP Investment Entities and for Related Relief (RE: related document(s)2943 Motion Miscellaneous Relief. Filed by Creditor Socotra Capital, Inc. (Attachments: # 1 Certificate of Service) (Cohen, Theodore) (Entered: 01/20/2026) |
| 01/20/2026 | 3403 (3 pgs) | Order Approving Stipulation to Extend Deadlines as to Keybank Concerning the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3391 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/20/2026) |
| 01/20/2026 | 3404 (3 pgs) | Order Approving Stipulation to Extend Wilmington Trust's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3393 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/20/2026) |

403/410

NC-25-1238 Andrew vs. OCUC
Appellant's Excerpts of the Record
Page 876 of 960

| | | |
|---|---|---|
| 01/20/2026 | 3405<br>(3 pgs) | Order Approving Stipulation to Extend Deadlines as to California Bank of Commerce Concerning the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3396 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/20/2026) |
| 01/20/2026 | 3406<br>(3 pgs) | Order Approving Stipulation to Extend Tina M. Stott's and the Tina M. Stott Family Trust Dated 3/17/2017's Voting Deadline And Deadline to Object to The Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3401 Stipulation to Extend Time filed by Interested Party KS Mattson Partners, LP). (rba) (Entered: 01/20/2026) |
| 01/20/2026 | 3407<br>(3 pgs) | Supplemental Document: *Supplemental Disclosure Statement Pursuant to Rule 2019.* (RE: related document(s)2206 Document). Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Gradman, Isaac) (Entered: 01/20/2026) |
| 01/20/2026 | 3408<br>(3 pgs) | Stipulation to Extend Time */ Stipulation to Extend Timothy J. LeFever's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)3105 Order on Motion for Miscellaneous Relief, 3108 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Fiero, John) (Entered: 01/20/2026) |
| 01/20/2026 | 3409<br>(37 pgs) | Objection to Confirmation of Plan *by Tillman Investor Group* (RE: related document(s)3108 Amended Chapter 11 Plan). Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Gradman, Isaac) (Entered: 01/20/2026) |
| 01/20/2026 | 3410<br>(8 pgs) | Certificate of Service (RE: related document(s)3409 Objection to Confirmation of the Plan). Filed by Creditor Perry, Johnson, Anderson, Miller & Moskovitz, LLP (Gradman, Isaac) (Entered: 01/20/2026) |
| 01/20/2026 | 3411<br>(164 pgs) | Certificate of Service *re: Solicitation Materials Served on, or before, January 9th, 2026* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)47 Order on Application to Employ, 252 Order on Application to Employ, 3105 Order on Motion for Miscellaneous Relief, 3108 Amended Chapter 11 Plan, 3109 Amended Disclosure Statement). (Gershbein, Evan) (Entered: 01/20/2026) |
| 01/21/2026 | 3412<br>(28 pgs; 4 docs) | Objection to Confirmation of Plan *Duggan's Mission Chapel, Inc.'s and Amanda Henry, as Trustee of the Frank Bragg Revocable Trust's Objections to Confirmation of Third Amended Joint Plan of Liquidation* (RE: related document(s)3108 Amended Chapter 11 Plan). Filed by Creditors Amanda Henry, as Trustee of the Frank Bragg Revocable Turst, Duggan's Mission Chapel (Attachments: # 1 Declaration Declaration of Susan P. Duggan in Support of Objections to Confirmation of Third Amended Joint Plan of Liquidation # 2 Declaration Declaration of Amanda Henry in Support of Objection to Confirmation of Third Amended Joint Plan of Liquidation # 3 Certificate of Service Certificate of Service) (Young, Bennett) (Entered: 01/21/2026) |
| 01/21/2026 | 3413<br>(3 pgs) | Stipulation to Extend Time */ Stipulation to Extend Monley Hamlin's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)3105 Order |

| | | on Motion for Miscellaneous Relief, 3108 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Fiero, John) (Entered: 01/21/2026) |
|---|---|---|
| 01/21/2026 | 3414 (20 pgs; 3 docs) | Supplemental Declaration of Gregory G. Gotthardt in Support of *the Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor* (RE: related document(s)3281 Application to Employ). Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A # 2 Exhibit B) (Albert, Gabrielle) (Entered: 01/21/2026) |
| 01/21/2026 | 3415 (3 pgs) | Stipulation, Regarding Hearing on Motion for Relief From Stay Re: First Street and Natoma Properties Filed by Interested Party KS Mattson Partners, LP. (McNeilly, Edward) (Entered: 01/21/2026) |
| 01/21/2026 | 3416 (1 pg) | Transcript Order Form regarding Hearing Date 1/21/2026 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/21/2026) |
| 01/21/2026 | | Hearing Held 1/21/2026 at 11:00 AM (RE: related document(s) 3192 Motion to Stay Pending Appeal ). **Minutes:** For the reasons stated on the record, the Motion is denied. The court will issue the order. (rba) (Entered: 01/21/2026) |
| 01/21/2026 | 3417 | Acknowledgment of Request for Transcript Received on 1/21/2026. (RE: related document(s)3385 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 01/21/2026) |
| 01/21/2026 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3385 Regarding Hearing Date: 1/16/2026. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3385 Transcript Order Form (Public Request)). (vmv) (Entered: 01/21/2026) |
| 01/21/2026 | 3418 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 3310-3336 Cimmarron Road, Cameron Park, CA 95682* (RE: related document(s)3278 Notice). Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 01/21/2026) |
| 01/21/2026 | 3419 (59 pgs; 5 docs) | Objection to Confirmation of Plan (RE: related document(s)3108 Amended Chapter 11 Plan). Filed by Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., ALTERNATIVE LOAN TRUST 2006-OA1, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-OA1 (Attachments: # 1 Exhibit A - Note.pdf # 2 Exhibit B - RDOT.pdf # 3 Exhibit C - AOM.pdf # 4 Exhibit D - Payoff.pdf) (Garan, Todd) (Entered: 01/21/2026) |
| 01/21/2026 | 3420 (34 pgs; 4 docs) | Objection to Confirmation of Plan (RE: related document(s)3108 Amended Chapter 11 Plan). Filed by Creditor Nationstar Mortgage LLC (Attachments: # 1 Exhibit A - Payoff JamesRiver.pdf # 2 Exhibit B - Payoff DelMar.pdf # 3 Exhibit C - Payoff Berna Arleta.pdf) (Garan, Todd) (Entered: 01/21/2026) |

| | | |
|---|---|---|
| 01/21/2026 | 3421<br>(31 pgs; 3 docs) | Objection to Confirmation of Plan (RE: related document(s)3108 Amended Chapter 11 Plan). Filed by Creditor JPMorgan Chase Bank, N.A. (Attachments: # 1 Exhibit A Payoff Golf View.pdf # 2 Exhibit B Payoff OceanFront.pdf) (Garan, Todd) (Entered: 01/21/2026) |
| 01/21/2026 | 3422<br>(3 pgs) | Order Approving Stipulation to Extend Timothy J. LeFever's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3408 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/21/2026) |
| 01/21/2026 | 3423<br>(3 pgs) | Order Approving Stipulation to Extend Monley Hamlin's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3413 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/21/2026) |
| 01/21/2026 | 3424<br>(3 pgs) | Stipulation to Extend Time / *Stipulation to Extend Comerica Bank's Voting Deadline and Deadline tp Object to the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Creditor Committee Official Committee of Unsecured Credtiors (RE: related document(s)3105 Order on Motion for Miscellaneous Relief, 3108 Amended Chapter 11 Plan filed by Debtor LeFever Mattson, a California corporation). (Fiero, John) (Entered: 01/21/2026) |
| 01/21/2026 | 3425<br>(39 pgs) | Chapter 11 Monthly Operating Report for Case Number 24-10715 for the Month Ending: 12/31/2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 01/21/2026) |
| 01/21/2026 | 3426<br>(25 pgs) | Application to Employ Dinsmore & Shohl LLP as Special Residential Real Estate Counsel (San Diego) Effective as of August 22, 2025 Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 01/21/2026) |
| 01/21/2026 | 3427<br>(20 pgs) | Declaration of John A. Mayers in support of *Application of KSMP for Order Authorizing Employment of Dinsmore & Shohl LLP as Special Residential Real Estate Counsel (San Diego) Effective as of August 22, 2025* (RE: related document(s)3426 Application to Employ). Filed by Interested Party KS Mattson Partners, LP (Wynne, Richard) (Entered: 01/21/2026) |
| 01/21/2026 | 3428<br>(10 pgs) | Certificate of Service *re: 1) Order Approving Asset Sale of the Property Located at 170-182 1st Street East, Sonoma, CA 95476; and 2) Monthly Professional Fee Statement for Keller Benvenutti Kim LLP [October 1, 2025, Through October 31, 2025]* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3367 Order Granting Related Motion/Application, 3371 Statement). (Gershbein, Evan) (Entered: 01/21/2026) |
| 01/21/2026 | 3429<br>(11 pgs) | Certificate of Service *re: 1) Supplemental Declaration of Bradley D. Sharp in Support of the Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor; 2) Supplemental Declaration of Gregory G. Gotthardt in Support of the Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor; and 3) Order Approving Asset Sale of the Property Located at 23570 Arnold Drive, and 72, 100, and 150 Wagner Road, Sonoma, CA* |

| | | |
|---|---|---|
| | | *95476* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3374 Declaration, 3375 Declaration, 3377 Order Granting Related Motion/Application). (Gershbein, Evan) (Entered: 01/21/2026) |
| 01/21/2026 | 3430 (10 pgs; 2 docs) | Reply *of LAFM Loan Owner, LLC and Serene Investment Management LLC* (RE: related document(s)3387 Memo of Points & Authorities). Filed by Interested Party Serene Investment Management LLC (Attachments: # 1 Declaration Adam Phillips) (Jurich, Lance) (Entered: 01/21/2026) |
| 01/22/2026 | 3431 (55 pgs; 2 docs) | Statement of Monthly Fees and Expenses *for Keller Benvenutti Kim LLP [November 1, 2025, through November 30, 2025]* Filed by Debtor LeFever Mattson, a California corporation (Attachments: # 1 Exhibit A) (Rupp, Thomas) (Entered: 01/22/2026) |
| 01/22/2026 | 3432 (2 pgs; 2 docs) | Transcript regarding Hearing Held 1/6/2026 RE: Application Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 1/29/2026. Redaction Request Due By 02/12/2026. Redacted Transcript Submission Due By 02/23/2026. Transcript access will be restricted through 04/22/2026. (Gottlieb, Jason) (Entered: 01/22/2026) |
| 01/22/2026 | 3433 (3 pgs) | Certification of No Objection *Regarding Notice of Sale of Subject Property Located at 7328-7330 Arleta Court, Sacramento, CA 95823* (RE: related document(s)3287 Notice. Filed by Debtor LeFever Mattson, a California corporation (Albert, Gabrielle) (Entered: 01/22/2026) |
| 01/22/2026 | 3434 (164 pgs) | Amended Certificate of Service *re: Solicitation Materials Served on, or before, January 9th, 2026* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)47 Order on Application to Employ, 252 Order on Application to Employ, 3105 Order on Motion for Miscellaneous Relief, 3108 Amended Chapter 11 Plan, 3109 Amended Disclosure Statement). (Gershbein, Evan) (Entered: 01/22/2026) |
| 01/22/2026 | 3436 (3 pgs) | Order Approving Stipulation to Revise Briefing Schedule on Motion for Relief from Stay Re: First Street and Natoma Properties (RE: related document(s)3415 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP).**Hearing scheduled for 03/27/2026 at 10:00 AM in/via Oakland Room 215 - Novack.** (rba) (Entered: 01/22/2026) |
| 01/22/2026 | 3437 (8 pgs) | Reply *In Support of Joint Motion of LFM Debtors and KSMP to Approve Entry Into and Performance Under The Serene Settlement Agreement* (RE: related document(s)3293 Motion Miscellaneous Relief). Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 01/22/2026) |
| 01/22/2026 | 3438 (7 pgs) | Response *Debtors' Response to Equitable Ocean Front LLC's Objections to Declaration of Robin Itkin re Joint Motion to Approve Serene Settlement Agreement* (RE: related document(s)3389 Objection). Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 01/22/2026) |

| | | |
|---|---|---|
| 01/22/2026 | 3439<br>(4 pgs) | Response *Debtors' Response to Equitable Ocean Front LLC's Objections to Declaration of Edward J. McNeilly re Joint Motion to Approve Serene Settlement Agreement* (RE: related document(s)3390 Objection). Filed by Interested Party KS Mattson Partners, LP (Brady, Erin) (Entered: 01/22/2026) |
| 01/22/2026 | 3440<br>(7 pgs) | Joint Status Conference Statement *for Hearing on January 23, 2026* Filed by Creditor Committee Official Committee of Unsecured Credtiors (Rosell, Jason) (Entered: 01/22/2026) |
| 01/22/2026 | 3441<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/21/2026 11:00:00 AM ]. File Size [ 5836 KB ]. Run Time [ 00:24:19 ]. (admin). (Entered: 01/22/2026) |
| 01/22/2026 | 3442<br>(3 pgs) | Order Approving Stipulation to Extend Comerica Bank's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3424 Stipulation to Extend Time filed by Creditor Committee Official Committee of Unsecured Credtiors). (rba) (Entered: 01/23/2026) |
| 01/22/2026 | 3447<br>(66 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 3310-3336 Cimmarron Road, Cameron Park, CA 95682 (RE: related document(s)3278 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 01/24/2026) |
| 01/22/2026 | 3448<br>(2 pgs) | Order Denying Motion for a Stay Pending Appeal (Related Doc # 3192) (rba) (Entered: 01/24/2026) |
| 01/22/2026 | 3449<br>(51 pgs; 2 docs) | Order Approving Asset Sale of the Property Located at 7328-7330 Arleta Court, Sacramento, CA 95823 (RE: related document(s)3287 Notice filed by Debtor LeFever Mattson, a California corporation). (Attachments: # 1 Exhibit A) (rba) (Entered: 01/24/2026) |
| 01/23/2026 | 3443<br>(4 pgs) | Stipulation, to Extend Tina M. Stotts and The Tina M. Stott Family Trust dated 3/17/2017s Voting Deadline and Deadline to Object to The Third Amended Joint Chapter 11 Plan of Liquidation Filed by Interested Party KS Mattson Partners, LP. (Brady, Erin) (Entered: 01/23/2026) |
| 01/23/2026 | | Transcript Record Transmittal (Court transcript records have been uploaded) for Order Number: 24-10545-3416 Regarding Hearing Date: 1/21/2026. Transcription Service Provider: e-Scribers, Contact Information: sales@escribers.net (RE: related document(s)3416 Transcript Order Form (Public Request)). (jmb) (Entered: 01/23/2026) |
| 01/23/2026 | 3444 | Acknowledgment of Request for Transcript Received on 1/23/2026. (RE: related document(s)3416 Transcript Order Form (Public Request)). (Gottlieb, Jason) (Entered: 01/23/2026) |
| 01/23/2026 | 3445<br>(12 pgs) | Supplemental Certificate of Service *re: Solicitation Materials Served on, or before, January 15, 2026* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)47 Order on Application to Employ, 252 Order on Application to Employ, 3105 Order on Motion for Miscellaneous Relief, 3108 Amended Chapter 11 Plan, 3109 Amended Disclosure Statement). (Gershbein, Evan) (Entered: 01/23/2026) |

| | | |
|---|---|---|
| 01/23/2026 | 3446<br>(1 pg) | Transcript Order Form regarding Hearing Date 1/23/2026 Filed by Debtor LeFever Mattson, a California corporation (Rupp, Thomas) (Entered: 01/23/2026) |
| 01/23/2026 | | Hearing Held 1/23/2026 at 11:00 AM (RE: related document(s) 3293 Joint Motion *of LFM Debtors and KSMP to Approve Entry Into and Performance Under The Serene Settlement Agreement*). **Minutes:** With clarification stated on the record, the Joint Motion of LFM Debtors and KSMP to Approve Entry Into and Performance Under The Serene Settlement Agreement is **Approved**. Ms. Brady will submit the order. (rba) (Entered: 01/23/2026) |
| 01/23/2026 | | Hearing Continued (RE: related document(s) 26 Order and Notice of Status Conference Chp 11, 2943 Amended Motion *of the Official Committee of Unsecured Creditors for Substantive Consolidation of the Debtors and the KSMP Investment Entities and for Related Relief*). **Minutes:** A Joint Status Conference Statement was filed at docket number 3440 regarding the matters set for hearing this date. Proposed hearing dates and related deadlines were discussed on the record. For the reasons stated on the record, (1) The hearing on the Rule 9019 Motions and the continued Status Conference on Plan Confirmation is set for **02/26/2026 at 10:00 AM in/via Oakland Room 215 - Novack.**. (2) The Substantive Consolidation Motion is continued to **03/04/2026 at 1:00 PM in/via Oakland Room 215 - Novack.** (3) The Pre-Trial Conference on Plan Confirmation is scheduled for **3/27/2026 at 9:00 AM. in/via Oakland Room 215 - Novack.** (4) The Confirmation Hearing Trial is scheduled for **3/31/2026, 4/1/2026 and 4/2/2026 at 9:00 AM in/via Oakland Room 215 - Novack.** on each day. Ms. Grassgreen will submit the order. (rba) (Entered: 01/23/2026) |
| 01/23/2026 | 3451<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/23/2026 11:00:01 AM ]. File Size [ 14556 KB ]. Run Time [ 01:00:39 ]. (admin). (Entered: 01/24/2026) |
| 01/24/2026 | 3450<br>(6 pgs) | BNC Certificate of Mailing (RE: related document(s) 3432 Transcript). Notice Date 01/24/2026. (Admin.) (Entered: 01/24/2026) |
| 01/24/2026 | 3457<br>(3 pgs) | Order Approving Stipulation to Extend Tina M. Stott's and the Tina M. Stott Family Trust Dated 3/17/2017's Voting Deadline And Deadline to Object to The Third Amended Joint Chapter 11 Plan of Liquidation (RE: related document(s)3443 Stipulation for Miscellaneous Relief filed by Interested Party KS Mattson Partners, LP). (rba) (Entered: 01/26/2026) |
| 01/25/2026 | 3452<br>(13 pgs) | Certificate of Service *re: 1) Stipulation to Extend Tina M. Stotts and the Tina M. Stott Family Trust Dated 3/17/2017s Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation; and 2) Order Approving Stipulation to Extend Tina M. Stott's and the Tina M. Stott Family Trust Dated 3/17/2017's Voting Deadline and Deadline to Object to the Third Amended Joint Chapter 11 Plan of Liquidation* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3401 Stipulation to Extend Time, 3406 Order on Stipulation). (Gershbein, Evan) (Entered: 01/25/2026) |
| 01/25/2026 | 3453<br>(10 pgs) | Certificate of Service *re: Stipulation Regarding Hearing on Motion for Relief from Stay re: First Street and Natoma Properties* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related |

| | | |
|---|---|---|
| | | document(s)3415 Stipulation for Miscellaneous Relief). (Gershbein, Evan) (Entered: 01/25/2026) |
| 01/25/2026 | 3454 (4 pgs) | Supplemental Certificate of Service *re: Notice of Hearing on Joint Motion of LFM Debtors and KSMP to Approve Entry Into and Performance Under the Serene Settlement Agreement* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3298 Notice of Hearing, 3382 Certificate of Service). (Gershbein, Evan) (Entered: 01/25/2026) |
| 01/25/2026 | 3455 (11 pgs) | Certificate of Service *re: 1) Supplemental Declaration of Gregory G. Gotthardt in Support of the Application of Debtors and Committee for Order Amending Terms of Employment of FTI Consulting, Inc. as Real Estate Advisor; and 2) Certificate of No Objection Regarding Notice of Sale of Subject Property Located at 3310-3336 Cimmarron Road, Cameron Park, CA 95682* Filed by Other Prof. Kurtzman Carson Consultants, LLC dba Verita Global (related document(s)3414 Declaration, 3418 Certification of No Objection). (Gershbein, Evan) (Entered: 01/25/2026) |
| 01/26/2026 | 3456 | Transcript regarding Hearing Held 1/21/2026 RE: Scheduling Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, 800-257-0885. . Notice of Intent to Request Redaction Deadline Due By 2/2/2026. Redaction Request Due By 02/17/2026. Redacted Transcript Submission Due By 02/26/2026. Transcript access will be restricted through 04/27/2026. (Gottlieb, Jason) (Entered: 01/26/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/26/2026 11:37:39 | | |
| **PACER Login:** | kellytom382 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 24-10545 Fil or Ent: filed From: 11/26/2001 To: 1/26/2026 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# EXHIBIT 28

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1

```
 1              UNITED STATES BANKRUPTCY COURT

 2              NORTHERN DISTRICT OF OAKLAND

 3                       -oOo-

 4
    In Re:                    ) Case No. 24-10545
 5                            ) Chapter 11
    LEFEVER MATTSON, A CALIFORNIA )
 6  CORPORATION, ET AL.        ) Oakland, California
                              ) Friday, October 31, 2025
 7           Debtors.          ) 2:00 PM
    _____)
 8                            STIPULATION GRANTING THE
                              OFFICIAL COMMITTEE OF
 9                            UNSECURED CREDITORS STANDING
                              TO REPRESENT LEFEVER Mattson
10                            DEBTORS' INTERESTS REGARDING
                              LIVE OAK INVESTMENTS, LP.
11                            [2617] BY THE COURT

12              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE CHARLES NOVACK
13              UNITED STATES BANKRUPTCY JUDGE

14  APPEARANCES (All present by video or telephone):
    For the Debtors:             DAVID TAYLOR, ESQ.
15                               Keller Benvenutti Kim LLP
                                 425 Market Street
16                               26th Floor
                                 San Francisco, CA 94105
17                               (415)496-6723

18  For 1992 Chase Family Trust:    DANIEL L. EGAN, ESQ.
                                 Wilke Fleury LLP
19                               621 Capitol Mall
                                 Suite 900
20                               Sacramento, CA 95814
                                 (916)441-2430
21
    For Official Committee of       JOHN D. FIERO, ESQ.
22  Unsecured Creditors:            Pachulski Stang Ziehl &
                                 Jones LLP
23                               1 Sansome Street
                                 Suite 3430
24                               San Francisco, CA 94104
                                 (415)263-7000
25
```

eScribers

2

| | | |
|---|---|---|
| 1 | For Socotra Capital, Inc.: | THEODORE A. COHEN, ESQ. |
| 2 | | Sheppard, Mullin, Richter & Hampton LLP |
| 3 | | 350 South Grand Avenue 40th Floor |
| 4 | | Los Angeles, CA 90071 (213)620-1780 |
| 5 | For Socotra Capital, Inc.: | JEANNIE KIM, ESQ. |
| 6 | | Sheppard, Mullin, Richter & Hampton LLP |
| 7 | | 4 Embarcadero Center 17th Floor |
| 8 | | San Francisco, CA 94111 |
| 9 | For Andrews and Burgess Trusts: | THOMAS P. KELLY, ESQ. Law Offices of Thomas P. Kelly III P.C. |
| 10 | | 50 Old Courthouse Square Suite 609 |
| 11 | | Santa Rosa, CA 95404 (707)545-8700 |
| 12 | For KS Mattson Partners, LP: | ERIN N. BRADY, ESQ. |
| 13 | | Hogan Lovells US LLP 1999 Avenue of the Stars |
| 14 | | Suite 1400 |
| 15 | | Los Angeles, CA 90067 (310)785-4600 |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | Court Recorder: | D. CHAMBERS United States Bankruptcy Court |
| 20 | | 1300 Clay Street, 2nd Floor Oakland CA 94612 |
| 21 | Transcriber: | RIVER WOLFE |
| 22 | | eScribers, LLC 7227 N. 16th Street |
| 23 | | Suite #207 Phoenix, AZ 85020 |
| 24 | | (800) 257-0885 |
| 25 | Proceedings recorded by electronic sound recording; transcript provided by transcription service. | |

eScribers

3

LeFever Mattson, a California corporation, et al.

1    OAKLAND, CALIFORNIA, FRIDAY, OCTOBER 31, 2025 02:04 PM

2                              -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  Your Honor, this is your 2 o'clock

5    specially set hearing for LeFever Mattson, a California

6    Corporation, bankruptcy case number 24-10545.

7            THE COURT:  Good afternoon.  Let me call the calendar.

8            Mr. Egan, are you making an appearance?

9            MR. EGAN:  Good afternoon, Your Honor.  Daniel Egan,

10   appearing on behalf of the 1992 Chase Family Trust.

11           THE COURT:  Mr. Taylor.

12           MR. TAYLOR:  Good afternoon, Your Honor.  David

13   Taylor, Keller Benvenutti Kim, for the LeFever Mattson debtors.

14           THE COURT:  Mr. Fiero.

15           MR. FIERO:  Good afternoon, Your Honor.  John Fiero of

16   Pachulski Stang Ziehl & Jones for the official committee of

17   unsecured creditors in the LeFever Mattson case, the KSMP case,

18   and particularly, the Live Oak case.

19           THE COURT:  Mr. Cohen.

20           MR. COHEN:  Good afternoon, Your Honor.  Ted Cohen and

21   Jeannie Kim of Sheppard Mullin for Socotra.

22           THE COURT:  Court recognizes also Ms. Kim.

23           Mr. Kelly.

24           MR. KELLY:  Good --

25           THE COURT:  You just went on mute, Mr. Kelly.

4

LeFever Mattson, a California corporation, et al.

1          Still.  Still on mute.

2          Well, let me get -- Ms. Brady, are you making -- are

3    you making an appearance?

4          MS. BRADY:  Yes, Your Honor.  Erin Brady of Hogan

5    Lovells for KS Mattson Partners.

6          THE COURT:  Okay.  And again, the Court recognizes Mr.

7    Kelly.

8          Well, good afternoon to you all.  This is a hearing

9    that the Court set on the stipulation between the LeFever

10   Mattson debtors and Mr. Fiero's client, the committee, to allow

11   the committee to pursue certain claims arising from Live Oak

12   Investment's partnership meeting and purported change in its

13   general partner.  I set this matter to discuss what claims

14   exist here and try and address in an organized way the heart of

15   this dispute.

16         LeFever Mattson is not an individual, so it can't seek

17   damages under Section 362(k).  The other option is to hold

18   those parties who purportedly violated the automatic stay in

19   contempt, but that's not -- and I've read the committee's

20   motion.  And it drops a footnote saying, we're not moving to

21   hold anyone in contempt at this moment.  Instead, it's seeking

22   an order that, I assume, the partnership meeting and the

23   outcome of that partnership meeting violated the stay in the

24   LeFever Mattson -- in the individual LeFever Mattson Chapter 11

25   case.



5

LeFever Mattson, a California corporation, et al.

1   First question I have.  Mr. Taylor.  Mr. Fiero.  The

2   only debtor, really, that is involved in this dispute or

3   that -- putting aside Live Oak, obviously, is the only -- the

4   debtor whose stay was violated, allegedly, was the LeFever

5   Mattson, a California corporation Chapter 11 debtor.  So why

6   is -- so why is that individual debtor asking the committee

7   whose members are, I presume, creditors in several of these

8   Chapter 11 debtors asking the Court to allow the committee to

9   pursue these claims?

10  MR. FIERO:  Your Honor, John Ferro for the committee.

11  Here's what I would say.

12  Sure, LeFever could take the position that it should

13  pursue these claims, but that's not what the committee asked

14  for.  The committee looked at this situation, where you have an

15  allegation that something happened pre-petition that was amiss.

16  I won't use the word any stronger than amiss because it's

17  simply an allegation at this point.  And then it held a meeting

18  at which the debtor's responsible individual and its counsel

19  were percipient witnesses.  And it purported to vote out the

20  general partner of the limited partnership.

21  The committee, looking at that situation, decided that

22  the best person to consider those matters, assess them, and

23  bring requests for legal relief was, in fact, the committee.

24  So that's how we got here, Your Honor.

25  THE COURT:  Why?  I mean, I mean, look, debtors filed



6

LeFever Mattson, a California corporation, et al.

1  motions to hold people -- debtors file 362(k) motions and

2  motions for contempt all the time without the assistance of a

3  committee. So why is the committee do -- why is the LeFever

4  Mattson entity, who is represented by experienced counsel,

5  having the committee handle this for it?

6      MR. TAYLOR: I'll give you an additional -- I'll give

7  you an additional. I agree with Mr. Fiero, Your Honor. I'll

8  give you an additional reason. While LeFever Mattson and my

9  firm, Keller Benvenutti Kim, and Mr. Sharp disagree with the

10 actions that were taken and think they're likely invalid, we

11 are treating them, unless and until the Court undoes them, as

12 valid. And the posture that that puts us in is Live Oak is a

13 former client of my firm, which has been fired. And we're not

14 in a position to, on behalf of LeFever Mattson, enter into

15 litigation against Live Oak. That's not something we will do.

16     THE COURT: Okay. So you're willing to represent

17 them, but you're not willing to represent them after they fire

18 you -- or sue them or pursue them after they purportedly fire

19 you.

20     MR. TAYLOR: Correct.

21     THE COURT: Okay. Okay. Mr. Fiero, I read the -- I

22 don't know -- so the stipulation that you want me to approve is

23 vague as to what claims you believe the LeFever Mattson entity

24 has against those who purportedly violated the automatic stay.

25     MR. FIERO: Well, Your Honor, we weren't trying to be

7

            LeFever Mattson, a California corporation, et al.

1   vague.  In fact, we were trying to be over inclusive.  But I'll

2   describe it for you.  It's

3           THE COURT:  Well, if you say all, and that's meant to

4   be over inclusive, that is as vague as saying some.

5           MR. FIERO:  Okay.  Well, let's just sort of break it

6   down.  What we're talking about here is property of the estate.

7   There are two kinds at issue here.  The first is the one that

8   we --

9           THE COURT:  No, I understand, but what are the

10  "claims" that you are taking on and may pursue?  I understand

11  the contempt, but other than that, I'm not quite sure what they

12  are.

13          MR. FIERO:  Your Honor, it's that and claims allowance

14  with respect to the claims of those who've alleged an interest

15  the LeFever Mattson debtors and/or Live Oak.  Those are the

16  only claims that we've --

17          THE COURT:  Arising out of this partnership or the

18  change in -- the alleged change in general partners?

19          MR. FIERO:  Your Honor, what we said is if it relates

20  to Live Oak or the Live Oak assets and it is a claim against

21  any of the existing partners of the partnership, it'll be

22  transferred to the committee.

23          THE COURT:  Nope.  I don't know what that means.  So I

24  really don't know what's being transferred here.  I don't know

25  how broad those claims are.  I'm not sure why that has to

8

LeFever Mattson, a California corporation, et al.

1    happen now.  Because the only dispute here, right now, is the

2    attempt to change the general partner so --

3              MR. FIERO:  Right, which was a void act --

4              THE COURT:  Well, we're going to get there in --

5              MR. FIERO:  -- and which needs to be addressed --

6              THE COURT:  We're going to get there in a second.  I'm

7    happy to allow -- I think Mr. Taylor has succinctly described

8    the reasons why his firm is hesitant to pursue a claim arising

9    out of the partnership meeting.  I understand that.

10             So I'm willing to allow the committee to pursue claims

11   arising out -- I mean, to pursue the stay issue on behalf of

12   LeFever Mattson, a California corporation, the Chapter 11

13   debtor.  Well, that's it because otherwise, I don't know what

14   I'm handing over -- what is being handed over to the committee.

15   I just don't know.  So and if I'm uncertain, I'm not going to

16   allow it.

17             But again, the point of -- so let's take it from

18   there.  I now have the committee pursuing issues -- I mean,

19   pursuing the automatic stay issue.  Let me ask --

20             MR. FIERO:  Your Honor, the motion is on file.

21             THE COURT:  I know.  Yeah.  Congratulations.  You

22   filed it without having the right to pursue it.

23             MR. FIERO:  Your Honor, we made very --

24             THE COURT:  Mr. Fiero.

25             MR. FIERO:  -- we never anticipated --

9

LeFever Mattson, a California corporation, et al.

1      THE COURT:  Mr. Fiero.  Mr. Fiero.  All I'm saying,

2  Mr. Fiero, is you filed the motion without an order from this

3  Court authorizing you to pursue it.

4      MR. FIERO:  Your Honor, there are five standing

5  stipulations where the debtor --

6      THE COURT:  Mr. Fiero.  I'm talking about this one.

7  So let's move on.  Okay.

8      MR. FIERO:  I'm happy to address Mr. Kelly's arguments

9  about whether or not the standing stipulation is appropriate.

10      THE COURT:  Okay.  Let's get to the heart of this,

11  which is I've got the committee's motion seeking an order that

12  the change in general partners is void for violating the stay

13  in the LeFever Mattson case.  I've got Mr. Kelly's application

14  to be employed as counsel for Live Oak, and that's set for, I

15  think, November 14, correct?

16      THE CLERK:  That's correct, Your Honor.

17      MR. TAYLOR:  Maybe the 19th.

18      THE COURT:  The 14th?

19      MR. TAYLOR:  Oh.

20      THE CLERK:  The 14 at 11.

21      THE COURT:  14th at 11.  Okay.  Okay.

22      THE CLERK:  I believe.

23      THE COURT:  And what this all boils down to is whether

24  the results -- whether the holding of the partnership and more

25  importantly, the ousting, the alleged ousting of LeFever



LeFever Mattson, a California corporation, et al.

1  Mattson's general partner violated the stay because that's the

2  central issue.

3        Correct, Mr. Kelly?

4        MR. KELLY:  As far as I understand it, Judge, I mean,

5  it's not my motion, but they are alleging they hold a

6  management interest and an economic interest in Live Oak.

7        THE COURT:  Right.

8        MR. KELLY:  I've read the case they cite, the Cardinal

9  case.

10        THE COURT:  Um-hum.

11        MR. KELLY:  There's actually two of them.  There's a

12  further or later decision after the one they cite.  The

13  partnership --

14        THE COURT:  Whoa.  Whoa.  Okay.  Okay.  Here.  I'm

15  just trying to set this up.

16        MR. KELLY:  Okay.

17        THE COURT:  Let's take a step back.  This is a

18  discrete legal issue that shouldn't be turned into World War

19  III, particularly given the amount of fees that are being

20  charged in this case.  I don't want this to be turned into

21  World War III.

22        So this is what I see, and this is what I want the

23  parties to address.  And then we'll set some deadlines.

24        I read, Mr. Fiero, I'll thank you, the In re: Cardinal

25  Industries, at 105 B.R. 834.  And that case -- and I also saw

eScribers

11

LeFever Mattson, a California corporation, et al.

1 Mr. Kelly's pleading where he says, well, someone's got to take

2 a take a look at California Corporations Code Section 16601,

3 where it says that the filing of a bankruptcy by a general

4 partner in the California partnership. I think the phrase is

5 disassociates the general partner from the partnership.

6 Mr. Kelly didn't refer me to what that means, so I

7 went further and saw Section 16603, which says that when one is

8 disassociated, when a general partner is disassociated, they

9 cannot participate in the management of the general

10 partnership. So Mr. Kelly, just quickly in a pleading, said,

11 why don't you take a look at California Corporation Code and

12 see what happens when a general partner in a limited

13 partnership files a bankruptcy.

14 But then I saw Mr. Fiero's citation to In re: Cardinal

15 Industries, and I'm just going to quote from it. And in that

16 case, the bankruptcy court -- it was a district court. I

17 forget which. I think it was a bankruptcy judge at that stage.

18 Said that the next components of the general partnership

19 interest, which the debtors argue are property of the estate,

20 are their rights as general partners and limited partnerships

21 to participate in the management of the partnerships. These

22 management interests, as discussed in part 3(d) of this

23 opinion, are contractual and arise from provisions of the

24 partnership agreements, which also incorporate by reference

25 powers granted in the Uniform Act. Probably Uniform

12

LeFever Mattson, a California corporation, et al.

1   Partnership act.  And the judge in Cardinal Industries says

2   that the management interests are property of the debtors'

3   estates.

4        He then goes on to say various parties have asserted

5   throughout these proceedings that the Chapter 11 filings

6   terminated these debtors' management interests as general

7   partners under state statutory law and under the terms, the

8   partnership agreements.  Without extensive written analysis of

9   this critical but somewhat tangential issue, the Court finds

10  that the Supremacy Clause of Article VI of the Constitution of

11  the United States and provisions of Bankruptcy Code Section

12  365(e) defeat such arguments and wishful thinking by the

13  defendants.

14       He's basically saying it's a preemption argument.  As

15  the Court stated otherwise, because bankruptcy law is a federal

16  law enacted pursuant to the Constitutional grant of bankruptcy

17  power, it preempts state law, including partnership law and the

18  Uniform Partnership Act pursuant to the Supremacy Clause of the

19  United States Constitution.  So that, I presume, may be the

20  response to Mr. Kelly's reference to California Corporation

21  Code Section 16601, 16603.

22       So my question then, at least to resolve the issues

23  raised by the committee, which is that the attempt to replace

24  or change general partners is a void act.  Mr. Kelly, don't you

25  need to -- and again, I have not read the other Cardinal

13

LeFever Mattson, a California corporation, et al.

1    Industries case.  Thank you.  I'll take a look at some point.

2    But it sounds like you need to address whether California

3    Corporation Code Section 16601, 16603 are preempted by the

4    provisions of the Bankruptcy Code.  You don't lose your

5    property rights because you file bankruptcy.  You may have to

6    do something with those property rights in bankruptcy, but you

7    don't willy-nilly lose them when you file a Chapter 11.

8        So you're going to have to respond to that, Mr. Kelly,

9    because otherwise, if I follow In re: Cardinal -- that In re:

10   Cardinal Industries case, and again, my research indicated that

11   it's not a whole lot of case law -- I mean, I didn't see a

12   whole lot of case law after Cardinal Industries, but again, I

13   could be wrong.  Don't you have to address that, Mr. Kelly?

14       MR. KELLY:  Well, Judge, I was about to at the start.

15   The present case --

16       THE COURT:  And you don't have to do it today.  I'm

17   just saying you have to.  Right.

18       MR. KELLY:  Well, I can do it pretty fast, Judge.  The

19   Cardinal cases, you go in and read the facts of that.

20       THE COURT:  I did.

21       MR. KELLY:  At the time -- yeah.  All of the

22   partnerships, there were still properties that were owned by

23   the partnerships.  They were under active management by those

24   partnerships, which is the management interest.  That's not

25   present here.  The property was sold prior to the bankruptcy.

14

LeFever Mattson, a California corporation, et al.

1  There was no longer any property for LeFever Mattson to manage.

2  Hence, it's not getting paid fees anymore once the property was

3  liquidated.

4      Further, their economic interest was in the share of

5  the proceeds of the sale, which they already took.  So they've

6  got all of their management interests.  They've got all their

7  economic interests.  We didn't take anything from them at all

8  because there is no management interest to take because there's

9  no property to manage.

10     THE COURT:  I understand.

11     MR. FIERO:  Your Honor, may I respond?

12     THE COURT:  Well, I'm just saying -- look, I'm not

13  deciding anything today.  I'm just trying to make -- I'm just

14  trying to drill down and say, this is the issue.

15     Correct, Mr. Kelly?

16     MR. KELLY:  Well, Your Honor, I brought up the

17  partnership code thing because in what little time I had to

18  respond to an ex parte application, I found that all over the

19  place.  And so I thought I'd better cite to it.  But I think

20  the facts are what distinguish this case from the Cardinal case

21  and its line of reasoning.

22     THE COURT:  No.  Okay.  No, I understand.  I

23  understand.  But that's the issue is from your perspective

24  that's the issue.  Right.  Did this violate the stay in your

25  argument as well?  There's nothing to do here in this case,

15

LeFever Mattson, a California corporation, et al.

1   other than disburse funds to the other -- basically, you're

2   saying there's no active partnership to to manage here,

3   therefore no stay violation. And I'm not --

4           MR. KELLY: Correct, but --

5           MR. FIERO: Two sentences, Your Honor.

6           THE COURT: -- trying to put words in your mouth, nor

7   am I going to resolve anything. But that's the point you got

8   to make, right?

9           MR. KELLY: Well, yeah. But also bear in mind, Judge,

10  that LeFever Mattson did participate in the partnership

11  meeting.

12          THE COURT: I have no evidence of that, nor does it

13  particularly -- I don't know what participation means. I don't

14  know what happened. I don't know who said what. I'm not going

15  to listen to that today.

16          MR. KELLY: Okay.

17          THE COURT: Mr. Fiero, is that --

18          MR. FIERO: Yeah.

19          THE COURT: -- the point that -- I mean --

20          MR. FIERO: You've got it, Your Honor. I would --

21          THE COURT: -- is your argument --

22          MR. FIERO: I've got three sentences for you.

23          THE COURT: Oh, well, hang on. I've got one more.

24          MR. FIERO: Okay.

25          THE COURT: So it's preemption that's the issue?

16

LeFever Mattson, a California corporation, et al.

1          MR. FIERO:  Yes, Your Honor.

2          THE COURT:  Okay.  Let's hear your three.

3          MR. FIERO:  It's either 365(e) or it's 541(c)(1).

4     It's one or the other.  Either way, you get to the same place.

5          But what I wanted to just share with the Court is this

6     idea that there is no more economic interest remaining.  It

7     makes no sense.  This debtor, live Oak, has more than three

8     million dollars' worth of intercompany claims in this

9     bankruptcy, and those have value.  And LeFever Mattson,  the

10    general partner of the partnership, and --

11         THE COURT:  But not under your -- not under your plan.

12         MR. FIERO:  But Your Honor, we're not there yet, are

13    we?

14         THE COURT:  Well, I know.

15         MR. FIERO:  We're not there yet.  We can't --

16         THE COURT:  I know.  I just make the observation.

17    That's all.

18         MR. FIERO:  And it's well taken, Your Honor, but the

19    the putative counsel for Live Oak should never say again that

20    there's nothing left in this case for the LeFever Mattson

21    debtors.  It's untrue.

22         THE COURT:  Okay.  I understand.  Okay.  I appreciate

23    the commentary.

24         Now, the question is how best to resolve this issue

25    because -- and we can put aside Mr. Kelly's application to be

17

LeFever Mattson, a California corporation, et al.

1  appointed because that will follow whatever decision I reach on

2  the stay violation.  Am I going to -- is this going to -- can

3  this be done as a strict matter of law, or there're going to

4  have to be -- is there an evidentiary component to all of this?

5  As to what was said at the meeting.

6      And Mr. Kelly makes the point that, look.  And I

7  understand that Live Oak property was sold pre-petition.  Money

8  was disbursed to LeFever Mattson while under the alleged

9  control of Mr. LeFever.  And all Live Oak is sitting on -- I

10 shouldn't say all.  What Live Oak is sitting on is cash and

11 claims.  So I mean, those facts --

12     MR. TAYLOR:  Your Honor, I would --

13     THE COURT:  I mean, I think those facts have been

14 established in the proceedings --

15     MR. TAYLOR:  I was going to --

16     THE COURT:  -- but is there any -- am I looking at an

17 evidentiary issue?

18     Mr. Taylor, was I interrupting you?  Go ahead.

19     MR. TAYLOR:  Well, I may have been interrupting you.

20     THE COURT:  Oh, no, no, I didn't meant that --

21     MR. TAYLOR:  I was agreeing --

22     THE COURT:  I didn't mean that sarcastically.  I

23 apologize.  Go ahead.

24     MR. TAYLOR:  I would propose, just as a matter of

25 savings, I would think we could stipulate to the key facts.

eScribers

18

LeFever Mattson, a California corporation, et al.

1  How much money's in the bank.  What happened at the meeting.  I

2  defer to Mr. Fiero and Mr. Kelly, but I'd love it if we could

3  just stipulate to some facts.

4      THE COURT:  Yeah.  Again, my goal here is -- and if

5  I'm wrong, now would be a good time to tell me that.  Here's

6  the issue.  Okay.  Stay violation.  It's property of the

7  estate.  You can't take it away from us without court order.

8      And my question is, okay, are there any facts that

9  have to be resolved?  Can the parties stipulate to them?  So

10  that when I hear this, I can rule without saying, well, there's

11  some evidentiary disputes here, and I've got to have an

12  evidentiary hearing.

13      MR. FIERO:  Your Honor, I wasn't at --

14      THE COURT:  And I apologize because it sounds like

15  because I've got the -- because I've got disclosure statement

16  hearings.  I've got a plan confirmation coming, I mean,

17  eventually.  And we need to resolve this issue.  At least this

18  issue promptly

19      MR. FIERO:  Yes, Your Honor.

20      THE COURT:  Go ahead, Mr. Fiero.

21      MR. FIERO:  Here's what the committee would say,

22  relying on Mr. Taylor, who was present at the meeting telling

23  us we don't need any witnesses or factual arguments.  I

24  otherwise always believed that we could just agree on the facts

25  because I don't think they're terribly complicated.

19

LeFever Mattson, a California corporation, et al.

1     What I'm much more concerned with is timing --

2     THE COURT:  Right.

3     MR. FIERO:  -- and making sure that this is heard

4  before Live Oak stands up at the Socotra settlement hearing and

5  suggests that the settlement is not in the best interest of all

6  the debtors because we believe that it is.  And that particular

7  motion set for November 5, not November 14, is the keystone of

8  all of our going-forward efforts with regard to the plan.  So

9  we need to resolve this quickly --

10     THE COURT:  Mr. Fiero, do the equity interest holders,

11  Mr. Kelly's client, Mr. Egan's clients, do they have standing

12  to object to the Socotra motion?  Compromise motion?

13     MR. FIERO:  On their own, separate and apart from

14  their status as the representatives of Live Oak today?

15     THE COURT:  As limited partners.

16     MR. FIERO:  Well, we don't believe they do.  We

17  explained in a footnote that no Live Oak -- no business called

18  Live Oak ever borrowed from a --

19     THE COURT:  I saw that.  I saw that.

20     MR. FIERO:  -- lender called Socotra.

21     THE COURT:  I saw that, but that's not my question

22  because remember, you've got this motion to --

23     MR. FIERO:  I don't think that they are persons

24  aggrieved, Your Honor.

25     THE COURT:  You've got this --

20

LeFever Mattson, a California corporation, et al.

1     MR. FIERO:  I think their objection is inappropriate.

2  But to the extent it's made in Live Oak's name, I think it

3  can't go forward until the stay question is resolved.  And I

4  think it's important that the stay question be resolved at or

5  about the time of the Socotra hearing.

6     THE COURT:  Well, I don't know.  Well, that's not

7  happening, unless -- if the parties can't stipulate to -- well,

8  I'm not sure -- I'm not sure, Mr. Fiero, you're correct.  I'm

9  not sure that, given the fact that you've got a -- that this

10  case is premised on a motion for substantive consolidation that

11  is effectively pending that, individual limited partners don't

12  have standing.  Don't have skin in this game.

13     MR. FIERO:  They can make any argument they want and

14  file any pleading they want.  They can't call it Live Oak, Your

15  Honor.

16     THE COURT:  Yeah, and well, now it's -- okay.

17     MR. FIERO:  And Mr. Kelly can't do it on a pleading

18  that says Live Oak objects.

19     THE COURT:  Yeah.  Okay.  Well, let's do this one step

20  at a time.

21     Mr. Kelly, I'll ask you.  Are there any factual

22  disputes here that can't be -- or are there any -- are there

23  facts -- can the pertinent facts be stipulated to, or are there

24  disputes regarding to the facts that will require me to conduct

25  an evidentiary hearing?



21

LeFever Mattson, a California corporation, et al.

1          MR. KELLY:  As to the events, Judge, almost certainly

2  not.  There is a factual dispute as to whether or not LeFever

3  Mattson has any interest in Live Oak.

4          THE COURT:  Well, that's a -- well, okay.  Let --

5          MR. KELLY:  No, I think it's a factual question,

6  Judge, because it's like, they're the general partner that does

7  nothing.  That holds nothing.  That owns nothing.  And their

8  position is basically that the position of general partner --

9          THE COURT:  Right.

10          MR. KELLY:  -- they own it.

11          THE COURT:  Well --

12          MR. KELLY:  They don't own it.

13          THE COURT:  -- okay.  Let me give you my understanding

14  of the facts, based upon, for the most part, the motion to

15  appoint a Chapter 11 trustee and the various pleadings I've

16  received.  And again, I'm just going off memory here.

17          But the facts -- and so I've got pre-petition Live Oak

18  -- and again, I'm just going to be -- this is going to be

19  recitation, and most everyone knows these facts.

20          Pre-petition live Oak sells its sole asset real

21  estate.  Money is paid to LeFever Mattson.  It gets a fee under

22  the partnership agreement.  That's paid.

23          LeFever Mattson then collects what appears to be its

24  equity interest in -- and I may be using the wrong words -- may

25  have paid itself the value of its equity in Live Oak.  And the



22

            LeFever Mattson, a California corporation, et al.

1   cash that remains is, again, the remaining sales proceeds of

2   the Live Oak property.

3           Bankruptcy's filed.  Live Oak's only assets, as we sit

4   here today, I think the parties agree, is the cash it's holding

5   from the sales proceeds and claims that it may have against

6   other LeFever Mattson entities.

7           And before this general meeting was held, the LeFever

8   Mattson, under the terms of the operating agreement or

9   partnership agreement was the general partner -- was the sole

10  general partner of the Live Oak limited partnership.

11          Those are the -- those are the facts that everyone can

12  agree to, right?  Any dispute as to those basic facts?

13          Going once.

14          MR. KELLY:  I think LeFever Mattson was removed as a

15  general partner by the appointment of the restructuring

16  officer, which was an order of the Court.

17          MR. TAYLOR:  Two different things.  I think you got

18  the facts right, Your Honor.

19          THE COURT:  Yeah.  LeFever Mattson, up until that

20  partnership meeting, was the general partner of Live Oaks.

21  Bradley Sharp, now, again, who controls LeFever Mattson.

22  That's Bradley Sharp.  But that's neither here nor there for

23  the moment.  Okay.

24          MR. KELLY:  Judge, I would agree with those facts,

25  except as to one point, that the general partner, being LeFever

23

            LeFever Mattson, a California corporation, et al.

1    Mattson, which was still reflected in the partnership

2    agreement, had nothing to manage.

3            THE COURT:  Okay.  Okay.  No, okay.  No, see, that's

4    an argument.

5            MR. KELLY:  That is a factual --

6            THE COURT:  Wait.  Wait.  Wait.  Wait.  Wait.  Wait.

7    Wait.  Wait.  Wait.  Wait.  Wait.  Wait.  Let's hang on.

8            Now, now comes argument.  And the argument, I'm trying

9    to see if I can resolve this on stipulated facts or not.  Now,

10   what's the -- and Mr. Kelly, you've made some argument, which

11   is, look, based on what the assets are and what LeFever Mattson

12   has already received -- here.  I'm going to play devil's

13   advocate for a second.

14           Based on what LeFever Mattson has already received

15   from the sales proceeds pre-petition, I don't know if it has an

16   economic interest in this entity anymore.  I don't know if --

17   and there's nothing to manage because there's literally nothing

18   to manage because the property has been sold.  That's an

19   argument, based upon the facts, say, well, what's what's to do

20   here.  And again, and that's the distinction that you make with

21   with Cardinal Industries.

22           The committee's argument is, and again, playing

23   devil's advocate, not so fast.  There's lots to manage here.

24   There is a Chapter 11, ongoing Chapter 11, and we've got to

25   participate in that Chapter 11 and participate in the plan and

24

LeFever Mattson, a California corporation, et al.

1    determine whether -- and make the basic decisions that Chapter

2    11 debtors do in Chapter 11 plans.

3         And there's still assets to manage.  There's still

4    money in the bank.  In fact, the sales proceeds are in a

5    segregated account controlled by Live Oak, I believe.  So

6    again, we may not have real property to manage, but there's

7    still assets that have to be handled.

8         And again, Mr. Fiero, I'm probably not giving your

9    argument a fair shake, but I'm just trying to --

10        So and Mr. Fiero, I'm sure, will flesh out the

11   argument, saying, look, there's still this, this, this, this,

12   and this left to do, again, if he wants to dignify that

13   argument.

14        So I'm not sure that's a fact -- I'm not I'm not sure

15   that's a hardened -- that's an argument more than a fact,

16   perhaps, or those are arguments that can be -- that are based

17   upon the facts, saying, look, there's nothing enough to do.

18   Mr. Fiero was going to disagree.  And he's also going to try

19   and argue that, look, that's a distinction without a

20   difference.  Sure, I mean, this isn't Cardinal Industries,

21   where you have ongoing entities which own property, but that's

22   a distinction without a difference.

23        So again, I'm just, the point is are the parties

24   saying, look, we need discovery, or we can just resolve them on

25   the basic -- on stipulated facts.  So I was just trying to give

25

          LeFever Mattson, a California corporation, et al.

1   you my five-minute version of what those stipulated facts would

2   be.  I'm not forcing anyone down -- forcing anything down

3   anyone's throats here.  I'm just saying, is this a possibility.

4           MR. FIERO:  Your Honor, the committee absolutely

5   believes that this can be done on an agreed set of facts.

6           And just for the clarity of the transcript, when you

7   described whether there was anything left at Live Oak for the

8   debtor to care about besides the cash, you didn't mention the

9   intercompany claims.  We believe that those are --

10          THE COURT:  I think I did.

11          MR. FIERO:  Okay.  All right.  Well, as long as -- as

12  long as that's the case.  And then with --

13          THE COURT:  Of course, I --

14          MR. FIERO:  -- regard to --

15          THE COURT:  Of course, I also -- of course, I also

16  said that those claims go -- if the plan or some version of the

17  plan is confirmed, I believe those claims disappear.  But as

18  you said --

19          MR. FIERO:  That's exactly right.  Until then, someone

20  needs to be their steward.

21          THE COURT:  We're not there yet.  We're not there yet.

22          MR. FIERO:  Right.

23          THE COURT:  I know.

24          MR. KELLY:  Judge.

25          THE COURT:  Yeah.

26

LeFever Mattson, a California corporation, et al.

1          MR. KELLY:  Judge, if I may respond, one of the facts

2    I'm not willing to stipulate to is that those claims exist.

3          THE COURT:  Well, claims don't have to -- remember,

4    claims can be disputed.  Liquidated.  Remember --

5          MR. KELLY:  No, no, no, no -- I'm sorry.  I didn't

6    mean to interrupt you, Judge.

7          THE COURT:  No, that's okay.  That's fine.

8          MR. FIERO:  Your Honor, they're on the schedules.

9    We'll leave it at that.

10          THE COURT:  Right.

11          MR. KELLY:  No, no, Judge, one of the bedeviling

12    issues in this case is we don't know what the claims are at

13    all, and they've never provided the evidence.  I've

14    specifically requested Mr. Taylor turn them all over.  Anything

15    dealing with Live Oak.  He's refused thus far -- well, more

16    accurately, he's declined because he's concerned about the

17    confidentiality orders that the Court has in place.

18          THE COURT:  Mr. Kelly, we've had this conversation

19    before in the --

20          MR. KELLY:  Whether those --

21          THE COURT:  Wait.  Wait.  Wait.  Wait.  We've had

22    this -- I think we've had this discussion before in the context

23    of the motion to appoint a Chapter 11 trustee.  I believe the

24    order that I signed said anyone can take whatever they want in

25    this -- I didn't stop anyone from conducting any discovery.

27

LeFever Mattson, a California corporation, et al.

1    I'm going to leave it at that.

2            Okay.  But I'm not sure that's -- well --

3            MR. KELLY:  That's a factual question, Judge.  Is

4    there a claim?  Who is it?  What amount?  When did it arise?

5    All facts.

6            THE COURT:  Okay.

7            MR. FIERO:  That's not what you were talking about,

8    Judge.  You were talking about the assets of the estate.  What

9    assets are there to administer but --

10           THE COURT:  Well, some of the assets are claims, and

11   Mr. Kelly says, well, those claims are just a figment of

12   someone's imagination.

13           MR. KELLY:  Well, I --

14           THE COURT:  I don't know.  But that's your argument,

15   Mr. Kelly.  I don't know.

16           Okay.  Look, when do you want -- I'm not hearing this

17   on the 5th, unless the -- if the parties can't stipulate to

18   facts -- well, before I  -- remind me.  The 5th is a hearing on

19   the Socotra Capital compromise.  I'm not sure this -- I'm not

20   sure this argument -- I'll deal with this -- I'm not sure --

21   I'm not willing to set this matter on the 5th, just because

22   I've got to deal with the Socotra Capital compromise on the

23   5th.  If I think that it has to be resolved before I can --

24   mainly because I haven't read the Socotra Capital motion yet.

25   That's next Friday.  I mean, excuse me --

28

LeFever Mattson, a California corporation, et al.

1          MR. FIERO:  Your Honor, could I make a suggestion?

2          THE COURT:  -- that's the next Wednesday.  So I'm

3    going to set -- I'm going to set this for a hearing, the

4    hearing being, essentially, Mr. Fiero's and the committee's

5    motion to say this is a state violation.  And the act replacing

6    LeFever Mattson as GP is void.

7          So when you want to -- when you want to have that

8    hearing, Mr. Fiero?

9          MR. FIERO:  If not November 5th?

10          THE COURT:  Correct.

11          MR. FIERO:  How about November 12th?

12          THE COURT:  Mr. Kelly.

13          MR. KELLY:  Judge, I want to clarify something.  I

14    believe the motions we discussed earlier are set for the 19th,

15    not the 14th.

16          THE COURT:  Ms. Bautista.

17          THE CLERK:  That's correct, Your Honor.

18          THE COURT:  They're set for the 19th?

19          THE CLERK:  19th at 11.

20          THE COURT:  Okay.  19th.

21          MR. KELLY:  Right.

22          THE COURT:  19th.  So --

23          MR. KELLY:  So that would work, then.  We're already

24    on calendar for that, Judge.

25          THE COURT:  Right, and so -- but Mr. Fiero, the 19th

29

                LeFever Mattson, a California corporation, et al.

1   is Mr. Kelly's application?

2           THE CLERK:  That's correct, Your Honor.

3           MR. FIERO:  But it's also the disclosure statement,

4   Your Honor.  It's the whole ball of wax in this case.  And we

5   need to resolve this issue before we get there.

6           THE COURT:  Okay.  Well, maybe.  Maybe not.  Okay.

7           MR. FIERO:  The other thing I would say, Your Honor,

8   in the short-term is if the putative counsel for Live Oak would

9   simply withdraw the objection to the Socotra settlement vis-a-

10  vis Live Oak, leaving Live Oak investors to do whatever they

11  wanted and could always do, then that would solve this problem

12  in terms of the timing on the 5th.

13          THE COURT:  Okay.

14          MR. FIERO:  Otherwise, you're going to hear a bunch of

15  arguments from Live Oak that are -- they're kind of empty.

16          THE COURT:  Okay.  I understand.

17          Okay.  Then let's do this.  I want the parties to meet

18  and confer.  I'm going to have this hearing -- hang on one

19  second.  I'm going to have a hearing on -- well, let's go back.

20          Mr. Fiero, did you set your motion for a hearing?

21          MR. FIERO:  I think we asked to have it heard on the

22  5th, Your Honor.

23          THE COURT:  Okay.  Well, it's not going to be heard on

24  the 5th.  Because you want an order shortening time, right?

25          MR. FIERO:  Yes, Your Honor.

30

LeFever Mattson, a California corporation, et al.

1          THE COURT:  Right.  And I didn't grant that, did I?

2          MR. FIERO:  No.  No, you denied it and said --

3          THE COURT:  Right.

4          MR. FIERO:  We'll deal with the --

5          THE COURT:  We'll deal with it today.

6          MR. FIERO:  -- standing stipulation first.

7          THE COURT:  Okay.  We're going to have a hearing on

8   this on -- hang on.  Let me pull my calendar.  How about

9   November 13 at 2 o'clock?

10         MR. FIERO:  That's just fine, Your Honor.

11         THE COURT:  Mr. Kelly.  Mr. Egan.  Available?

12         MR. KELLY:  Works for me, Judge.

13         MR. EGAN:  That's fine, Your Honor.

14         THE COURT:  Okay.  So I've got the motion by Mr.

15  Fiero.

16         Mr. Kelly, you have until November 7 to respond to the

17  motion.

18         Mr. Fiero, if you want to file a reply, you can file

19  reply a -- set it for the 12th, by on the 12th of November.

20         And the parties should meet and confer and stipulate

21  to whatever facts they can stipulate to.  And if they can't

22  stipulate to certain facts, I'll resolve on the 13th whether

23  they are sufficiently important so that I need to set an

24  evidentiary hearing or something along those lines.  Okay.

25  I'll issue an order with those dates and --

LeFever Mattson, a California corporation, et al.

1      MR. FIERO:  Yes, Your Honor.  I very much appreciate

2  it.

3      THE COURT:  That's not a problem.

4      MR. FIERO:  Can we just -- without asking for an

5  advisory ruling, I agree with you.  I agree with you that --

6      THE COURT:  Toronto and 7.  Toronto and 7.  That's

7  my advisory ruling.

8      MR. FIERO:  I agree with you, Your Honor, that

9  the idea --

10      THE COURT:  Sorry, Ms. Brady.

11      MR. FIERO:  -- that the sentence --

12      THE COURT:  And Mr. Cohen.

13      MR. FIERO:  Live Oak had -- LeFever Mattson as general

14  partner had no further duties to perform after it took the

15  money out of the estate.  That is a legal conclusion, and we

16  don't think it should be the subject of any stipulation.  And

17  I'd like you to tell us that right now.

18      THE COURT:  No.  Next.

19      MR. FIERO:  Okay.  So we'll submit two sets of facts,

20  I guess.

21      THE COURT:  No, no, no, no, perhaps you didn't

22  understand me, Mr. Fiero.

23      MR. KELLY:  That's your advisory ruling.

24      THE COURT:  Well, no, I'm not issuing anything --

25      MR. KELLY:  I know.

32

LeFever Mattson, a California corporation, et al.

1       THE COURT:  -- because A, it's advisory.  But here,
2  let --
3       MR. KELLY:  For the record, I was joking, Your Honor.
4  Sorry.
5       THE COURT:  No, it's not a problem, Mr. Kelly.
6       Stipulate to what you can stipulate to, and the rest
7  is argument.  And if I find that certain facts -- if I find
8  that there is a factual dispute that needs to be resolved, I'll
9  figure out what to do about that on the 13th.  Okay.
10      MR. FIERO:  Yes, Your Honor.
11      THE COURT:  But everyone should look down the road and
12  see exactly what -- well, I'll keep -- I think everyone should
13  look down the road and see where we're going and try and put
14  this in perspective.
15      Okay.  Any other comments from anybody?
16      Okay.  I appreciate it.  I'll issue the order with
17  those dates and times.  Again, I think it's clear that there
18  are certain facts that can be stipulated to.  Stipulate to
19  them.  If you can't stipulate to certain facts, tell me which
20  facts you think cannot be stipulated to, and I'll determine how
21  important they are to any decision I have to reach.
22      Okay.  I appreciate it.
23      I see there's someone in court.  Sir, do you have any
24  comments?
25      Okay.  Okay.  We'll see how things go.  I appreciate

33

LeFever Mattson, a California corporation, et al.

1  it.  That concludes my 2 o'clock calendar.  I'm adjourned.

2         IN UNISON:  Thank you, Your Honor.

3         (Whereupon these proceedings were concluded)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

34

```
 1                    C E R T I F I C A T I O N

 2

 3    I, River Wolfe, certify that the foregoing transcript is a true

 4    and accurate record of the proceedings.

 5

 6

 7

 8

 9

10    _____

11    /s/ RIVER WOLFE, CDLT-265

12

13    eScribers

14    7227 N. 16th Street, Suite #207

15    Phoenix, AZ 85020

16

17    Date:  November 4, 2025

18

19

20

21

22

23

24

25
```

**1**

**12Th (3):** 28:12, 30:19, 30:19

**13Th (2):** 30:22, 32:9

**14Th (3):** 9:19, 9:22, 28:16

**16Th (2):** 2:33, 34:6

**17Th (1):** 2:12

**19Th (7):** 9:18, 28:15, 28:19, 28:20, 28:21, 28:23, 28:26

**2**

**2Nd (1):** 2:29

**4**

**40Th (1):** 2:5

**5**

**5Th (8):** 27:17, 27:18, 27:21, 27:23, 28:10, 29:13, 29:23, 29:25

**A**

**AZ (2):** 2:35, 34:7

**Absolutely (1):** 25:5

**Account (1):** 24:6

**Accurate (1):** 34:3

**Accurately (1):** 26:17

**Act (6):** 8:4, 11:26, 12:2, 12:19, 12:25, 28:6

**Actions (1):** 6:11

**Active (2):** 13:24, 15:3

**Actually (1):** 10:12

**Additional (3):** 6:7, 6:8, 6:9

**Address (5):** 4:15, 9:9, 10:24, 13:3, 13:14

**Addressed (1):** 8:6

**Adjourned (1):** 33:2

**Administer (1):** 27:10

**Advisory (4):** 31:6, 31:8, 31:23, 32:2

**Advocate (2):** 23:14, 23:24

**Afternoon (6):** 3:8, 3:10, 3:13, 3:16, 3:21, 4:9

**Again (18):** 4:7, 8:18, 12:26, 13:11, 13:13, 16:20, 18:5, 21:15, 21:16, 22:2, 22:22, 23:21, 23:23, 24:7, 24:9, 24:13, 24:24, 32:17

**Against (4):** 6:16, 6:25, 7:21, 22:6

**Aggrieved (1):** 19:24

**Agree (8):** 6:8, 18:25, 22:5, 22:13, 22:25, 31:6, 31:6, 31:9

**Agreed (1):** 25:6

**Agreeing (1):** 17:18

**Agreement (4):** 21:20, 22:9, 22:10, 23:3

**Agreements (2):** 11:25, 12:9

**Ahead (3):** 17:16,

17:20, 18:21

**Al (31):** 3:1, 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1, 33:1

**Allegation (2):** 5:16, 5:18

**Alleged (4):** 7:15, 7:19, 9:26, 17:9

**Allegedly (1):** 5:5

**Alleging (1):** 10:6

**Allow (5):** 4:11, 5:9, 8:8, 8:11, 8:17

**Allowance (1):** 7:14

**Almost (1):** 21:2

**Along (1):** 30:24

**Always (2):** 18:25, 29:12

**Amiss (2):** 5:16, 5:17

**Amount (2):** 10:20, 27:5

**Analysis (1):** 12:9

**Andor (1):** 7:16

**Andrews (1):** 2:14

**Angeles (2):** 2:6, 2:25

**Anticipated (1):** 8:25

**Anymore (2):** 14:3, 23:17

**Anyones (1):** 25:4

**Apart (1):** 19:13

**Apologize (2):** 17:20, 18:15

**Appearance (2):** 3:9, 4:4

**Appearing (1):** 3:11

**Appears (1):** 21:21

**Application (4):** 9:14, 14:19, 16:26, 29:2

**Appoint (2):** 21:14, 26:23

**Appointed (1):** 17:2

**Appointment (1):** 22:16

**Appreciate (5):** 16:23, 31:2, 32:16, 32:22, 32:25

**Appropriate (1):** 9:10

**Approve (1):** 6:23

**Argue (2):** 11:20, 24:20

**Argument (17):** 12:15, 14:26, 15:20, 20:14, 23:5, 23:9, 23:9, 23:11, 23:20, 23:23, 24:10, 24:12, 24:14, 24:16, 27:14, 27:20, 32:7

**Arguments (5):** 9:9, 12:13, 18:24, 24:17, 29:16

**Arise (2):** 11:24, 27:5

**Arising (4):** 4:12, 7:18, 8:9, 8:12

**Article (1):** 12:11

**As (30):** 6:12, 6:24,

7:5, 7:5, 9:15, 10:5, 10:5, 11:21, 11:23, 12:7, 12:15, 14:26, 17:4, 17:6, 17:21, 19:14, 19:15, 21:2, 21:3, 22:4, 22:13, 22:15, 22:26, 25:11, 25:11, 25:11, 25:12, 25:15, 28:7, 31:13

**Aside (2):** 5:4, 16:26

**Asserted (1):** 12:5

**Assess (1):** 5:23

**Asset (1):** 21:18

**Assets (8):** 7:21, 22:4, 23:12, 24:4, 24:8, 27:9, 27:10, 27:11

**Assistance (1):** 6:3

**Assume (1):** 4:23

**Attempt (2):** 8:3, 12:24

**Authorizing (1):** 9:4

**Automatic (3):** 4:19, 6:25, 8:20

**Available (1):** 30:11

**Avenue (2):** 2:4, 2:23

**Away (1):** 18:8

**B**

**BR (1):** 10:26

**BRADY (2):** 2:21, 4:5

**Back (2):** 10:18, 29:20

**Ball (1):** 29:5

**Bank (2):** 18:2, 24:5

**Bankruptcy (14):** 2:28, 3:7, 11:4,

11:14, 11:17, 11:18, 12:12, 12:16, 12:17, 13:5, 13:6, 13:7, 13:26, 16:10

**Bankruptcys (1):** 22:4

**Based (5):** 21:13, 23:12, 23:15, 23:20, 24:17

**Basic (3):** 22:13, 24:2, 24:26

**Basically (3):** 12:15, 15:2, 21:9

**Bautista (1):** 28:17

**Bear (1):** 15:9

**Bedeviling (1):** 26:12

**Behalf (3):** 3:11, 6:15, 8:12

**Believes (1):** 25:6

**Benvenutti (2):** 3:14, 6:10

**Besides (1):** 25:9

**Best (3):** 5:23, 16:25, 19:5

**Better (1):** 14:20

**Boils (1):** 9:24

**Borrowed (1):** 19:18

**Bradley (2):** 22:22, 22:23

**Brady (3):** 4:3, 4:5, 31:10

**Break (1):** 7:6

**Bring (1):** 5:24

**Broad (1):** 7:26

**Brought (1):** 14:17

**Bunch (1):** 29:15

**Burgess (1):** 2:14

**Business (1):** 19:17

**C**

**CA (5):** 2:6, 2:13, 2:19, 2:25, 2:30

**CALIFORNIA (1):** 3:2

**CHAMBERS (1):** 2:27

**CLERK (7):** 3:5, 9:17, 9:21, 9:23, 28:18, 28:20, 29:3

**COHEN (2):** 2:1, 3:21

**COURT (110):** 3:8, 3:12, 3:15, 3:20, 3:23, 3:25, 4:7, 5:26, 6:17, 6:22, 7:4, 7:10, 7:18, 7:24, 8:5, 8:7, 8:22, 8:24, 9:2, 9:7, 9:11, 9:19, 9:22, 9:24, 10:8, 10:11, 10:15, 10:18, 13:17, 13:21, 14:11, 14:13, 14:23, 15:6, 15:12, 15:17, 15:18, 15:20, 15:22, 15:24, 16:3, 16:12, 16:15, 16:17, 16:23, 17:13, 17:14, 17:18, 17:19, 18:5, 18:15, 18:21, 19:2, 19:10, 19:15, 19:19, 19:21, 19:25, 20:7, 20:17, 20:20, 21:5, 21:9, 21:11, 21:12, 22:20, 23:4, 23:7, 25:10, 25:12, 25:13, 25:19, 25:21, 25:23, 26:4,

26:8, 26:11, 26:19, 26:21, 27:7, 27:11, 27:14, 28:3, 28:11, 28:13, 28:17, 28:19, 28:21, 28:23, 28:26, 29:7, 29:14, 29:17, 29:24, 30:2, 30:3, 30:5, 30:7, 30:11, 30:14, 31:4, 31:7, 31:10, 31:12, 31:18, 31:21, 31:24, 32:2, 32:5, 32:11

**Calendar (4):** 3:8, 28:25, 30:8, 33:2

**California (39):** 3:1, 3:6, 4:1, 5:1, 5:6, 6:1, 7:1, 8:1, 8:13, 9:1, 10:1, 11:1, 11:3, 11:5, 11:12, 12:1, 12:21, 13:1, 13:3, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1, 33:1

**Call (3):** 3:4, 3:8, 20:15

**Called (2):** 19:17, 19:20

**Can (20):** 13:19, 16:26, 17:3, 18:10, 18:11, 20:14, 20:24, 22:12, 23:10, 24:17, 24:25, 25:6, 26:5, 26:24, 27:23, 30:18, 30:21, 31:5, 32:6, 32:18

**Cant (11):** 4:17, 16:16, 18:8, 20:4, 20:8, 20:15, 20:18, 20:23, 27:17, 30:21, 32:19

**Capital (5):** 2:1, 2:8, 27:19, 27:22, 27:24

**Cardinal (12):** 10:9, 10:25, 11:15, 12:2, 12:26, 13:10, 13:11, 13:13, 13:20, 14:21, 23:22, 24:21

**Care (1):** 25:9

**Case (24):** 3:7, 3:18, 3:18, 3:19, 4:26, 9:14, 10:9, 10:10, 10:21, 10:26, 11:17, 13:2, 13:11, 13:12, 13:13, 13:16, 14:21, 14:21, 14:26, 16:21, 20:11, 25:12, 26:13, 29:5

**Cases (1):** 13:20

**Cash (4):** 17:11, 22:2, 22:5, 25:9

**Center (1):** 2:11

**Central (1):** 10:3

**Certain (5):** 4:12, 30:22, 32:7, 32:18, 32:19

**Certainly (1):** 21:2

**Certify (1):** 34:2

**Change (6):** 4:13, 7:19, 7:19, 8:3, 9:13, 12:25

**Chapter (13):** 4:25, 5:6, 5:9, 8:13, 12:6, 13:8, 21:14, 23:25, 23:25, 23:26, 24:2,

24:3, 26:23

**Charged (1):** 10:21

**Chase (1):** 3:11

**Citation (1):** 11:15

**Cite (3):** 10:9, 10:13, 14:20

**Claim (3):** 7:21, 8:9, 27:5

**Claims (23):** 4:12, 4:14, 5:10, 5:14, 6:24, 7:11, 7:14, 7:15, 7:17, 7:26, 8:11, 16:9, 17:12, 22:6, 25:10, 25:14, 25:15, 26:3, 26:4, 26:5, 26:13, 27:11, 27:12

**Clarify (1):** 28:14

**Clarity (1):** 25:7

**Clause (2):** 12:11, 12:19

**Clay (1):** 2:29

**Clear (1):** 32:17

**Client (3):** 4:11, 6:14, 19:11

**Clients (1):** 19:11

**Code (7):** 11:3, 11:12, 12:12, 12:22, 13:4, 13:5, 14:18

**Cohen (3):** 3:20, 3:21, 31:12

**Collects (1):** 21:21

**Coming (1):** 18:17

**Commentary (1):** 16:24

**Comments (2):** 32:15, 32:24

**Committee (20):** 3:17, 4:11, 4:12,

5:7, 5:9, 5:11, 5:14, 5:15, 5:22, 5:24, 6:4, 6:4, 6:6, 7:23, 8:11, 8:15, 8:19, 12:24, 18:22, 25:5

**Committees (4):** 4:20, 9:12, 23:23, 28:5

**Complicated (1):** 18:26

**Component (1):** 17:5

**Components (1):** 11:19

**Compromise (3):** 19:12, 27:19, 27:22

**Concerned (2):** 19:2, 26:17

**Concluded (1):** 33:4

**Concludes (1):** 33:2

**Conclusion (1):** 31:15

**Conduct (1):** 20:25

**Conducting (1):** 26:25

**Confer (2):** 29:19, 30:20

**Confidentiality (1):** 26:18

**Confirmation (1):** 18:17

**Confirmed (1):** 25:15

**Congratulations (1):** 8:22

**Consider (1):** 5:23

**Consolidation (1):** 20:11

**Constitution (2):**

12:11, 12:20

**Constitutional (1):** 12:17

**Contempt (4):** 4:20, 4:22, 6:3, 7:12

**Context (1):** 26:22

**Contractual (1):** 11:24

**Control (1):** 17:10

**Controlled (1):** 24:6

**Controls (1):** 22:22

**Conversation (1):** 26:19

**Corporation (37):** 3:1, 3:7, 4:1, 5:1, 5:6, 6:1, 7:1, 8:1, 8:13, 9:1, 10:1, 11:1, 11:12, 12:1, 12:21, 13:1, 13:4, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1, 33:1

**Corporations (1):** 11:3

**Counsel (5):** 5:19, 6:5, 9:15, 16:20, 29:9

**Course (3):** 25:12, 25:13, 25:13

**Court (18):** 2:27, 2:28, 3:4, 3:23, 4:7, 4:10, 5:9, 6:12, 9:4, 11:17, 11:17, 12:10, 12:16, 16:6, 18:8, 22:17, 26:18, 32:23

**Courthouse (1):** 2:17

**Creditors (2):** 3:18, 5:8

**Critical (1):** 12:10

**D**

**Damages (1):** 4:18

**Daniel (1):** 3:10

**Date (1):** 34:8

**Dates (2):** 30:25, 32:17

**David (1):** 3:13

**Deadlines (1):** 10:24

**Deal (4):** 27:20, 27:22, 30:4, 30:5

**Dealing (1):** 26:16

**Debtor (8):** 5:3, 5:5, 5:6, 5:7, 8:14, 9:6, 16:8, 25:9

**Debtors (13):** 3:14, 4:11, 5:9, 5:19, 5:26, 6:2, 7:16, 11:20, 12:3, 12:7, 16:22, 19:6, 24:3

**Decided (1):** 5:22

**Deciding (1):** 14:14

**Decision (3):** 10:13, 17:2, 32:21

**Decisions (1):** 24:2

**Declined (1):** 26:17

**Defeat (1):** 12:13

**Defendants (1):** 12:14

**Defer (1):** 18:3

**Denied (1):** 30:3

**Describe (1):** 7:3

**Described (2):** 8:8,

25:8

**Determine (2):** 24:2, 32:20

**Devils (2):** 23:13, 23:24

**Didnt (10):** 11:7, 13:12, 14:8, 17:18, 17:19, 25:9, 26:6, 26:25, 30:2, 31:21

**Difference (2):** 24:21, 24:23

**Different (1):** 22:18

**Dignify (1):** 24:13

**Disagree (2):** 6:10, 24:19

**Disappear (1):** 25:15

**Disassociated (2):** 11:9, 11:9

**Disassociates (1):** 11:6

**Disburse (1):** 15:2

**Disbursed (1):** 17:9

**Disclosure (2):** 18:16, 29:4

**Discovery (2):** 24:25, 26:25

**Discrete (1):** 10:19

**Discuss (1):** 4:14

**Discussed (2):** 11:23, 28:15

**Discussion (1):** 26:22

**Dispute (6):** 4:16, 5:3, 8:2, 21:3, 22:13, 32:8

**Disputed (1):** 26:5

**Disputes (3):** 18:12, 20:23, 20:25

**Distinction (3):** 23:21, 24:20, 24:23

**Distinguish (1):** 14:21

**District (1):** 11:17

**Dollars (1):** 16:9

**Done (2):** 17:4, 25:6

**Dont (31):** 6:23, 7:24, 7:25, 7:25, 8:14, 8:16, 10:21, 11:12, 12:25, 13:5, 13:8, 13:14, 13:17, 15:13, 15:13, 15:14, 18:24, 18:26, 19:16, 19:23, 20:7, 20:12, 20:13, 21:11, 23:16, 23:17, 26:4, 26:13, 27:14, 27:15, 31:16

**Down (7):** 7:7, 9:24, 14:15, 25:3, 25:3, 32:11, 32:13

**Drill (1):** 14:15

**Drops (1):** 4:21

**Duties (1):** 31:14

**E**

**EGAN (2):** 3:10, 30:13

**ESQ (4):** 2:1, 2:8, 2:14, 2:21

**Earlier (1):** 28:15

**Economic (5):** 10:7, 14:5, 14:8, 16:7, 23:17

**Effectively (1):** 20:12

**Efforts (1):** 19:8

**Egan (3):** 3:9, 3:10, 30:11

Egans (1): 19:11

Either (2): 16:4, 16:5

Electronic (1): 2:37

Embarcadero (1): 2:11

Employed (1): 9:15

Empty (1): 29:16

Enacted (1): 12:17

Enough (1): 24:18

Enter (1): 6:15

Entities (2): 22:7, 24:22

Entity (3): 6:5, 6:24, 23:17

Equity (3): 19:10, 21:22, 21:23

Erin (1): 4:5

Escribers (2): 2:32, 34:5

Essentially (1): 28:5

Established (1): 17:14

Estate (6): 7:7, 11:20, 18:8, 21:19, 27:9, 31:15

Estates (1): 12:4

Et (31): 3:1, 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1, 33:1

Events (1): 21:2

Eventually (1):

18:18

Everyone (4): 21:17, 22:12, 32:11, 32:12

Evidence (2): 15:12, 26:14

Evidentiary (6): 17:5, 17:15, 18:12, 18:13, 20:26, 30:24

Ex (1): 14:19

Exactly (2): 25:17, 32:12

Except (1): 22:26

Excuse (1): 27:25

Exist (2): 4:15, 26:3

Existing (1): 7:22

Experienced (1): 6:5

Explained (1): 19:17

Extensive (1): 12:9

Extent (1): 20:3

F

FIERO (61): 3:16, 5:11, 6:26, 7:6, 7:14, 7:20, 8:4, 8:6, 8:21, 8:24, 8:25, 9:5, 9:9, 14:12, 15:5, 15:17, 15:19, 15:21, 15:23, 16:2, 16:4, 16:13, 16:16, 16:19, 18:14, 18:20, 18:22, 19:3, 19:13, 19:16, 19:20, 19:23, 20:2, 20:14, 20:18, 25:5, 25:11, 25:13, 25:17, 25:20, 26:9, 27:8, 28:2, 28:10,

28:12, 29:4, 29:8, 29:15, 29:22, 29:26, 30:3, 30:4, 30:6, 30:10, 31:2, 31:5, 31:9, 31:11, 31:13, 31:19, 32:10

FRIDAY (1): 3:2

Fact (6): 5:24, 7:2, 20:10, 24:5, 24:15, 24:16

Facts (34): 13:20, 14:21, 17:12, 17:13, 17:22, 18:4, 18:9, 18:25, 20:24, 20:24, 20:25, 21:13, 21:16, 21:17, 22:12, 22:13, 22:19, 22:25, 23:10, 23:20, 24:18, 24:26, 25:2, 25:6, 26:2, 27:6, 27:18, 30:21, 30:22, 31:19, 32:7, 32:18, 32:19, 32:20

Factual (7): 18:24, 20:22, 21:3, 21:6, 23:6, 27:4, 32:8

Fair (1): 24:10

Family (1): 3:11

Far (2): 10:5, 26:16

Fast (2): 13:19, 23:24

Federal (1): 12:16

Fee (1): 21:19

Fees (2): 10:20, 14:3

Ferro (1): 5:11

Fiero (25): 3:15, 3:16, 5:2, 6:8, 6:22, 8:24, 9:2, 9:2, 9:3, 9:7, 10:25, 15:17,

18:3, 18:21, 19:10, 20:9, 24:9, 24:11, 24:19, 28:9, 28:26, 29:21, 30:15, 30:18, 31:22

Fieros (3): 4:11, 11:15, 28:5

Figment (1): 27:12

Figure (1): 32:9

File (7): 6:2, 8:21, 13:6, 13:8, 20:15, 30:18, 30:18

Filed (4): 5:26, 8:23, 9:3, 22:4

Files (1): 11:14

Filing (1): 11:4

Filings (1): 12:6

Find (2): 32:7, 32:7

Finds (1): 12:10

Fine (3): 26:8, 30:10, 30:13

Fire (2): 6:18, 6:19

Fired (1): 6:14

Firm (3): 6:10, 6:14, 8:9

First (3): 5:2, 7:8, 30:6

Five (1): 9:5

Fiveminute (1): 25:2

Flesh (1): 24:11

Floor (3): 2:5, 2:12, 2:29

Follow (2): 13:10, 17:2

Footnote (2): 4:21, 19:17

Forcing (2): 25:3, 25:3

Foregoing (1): 34:2

Forget (1): 11:18

Former (1): 6:14

Forward (1): 20:4

Found (1): 14:19

Francisco (1): 2:13

Friday (1): 27:25

Funds (1): 15:2

Further (4): 10:13, 11:8, 14:5, 31:14

G

GP (1): 28:7

Game (1): 20:13

General (25): 4:14, 5:21, 7:19, 8:3, 9:13, 10:2, 11:4, 11:6, 11:9, 11:10, 11:13, 11:19, 11:21, 12:7, 12:25, 16:11, 21:7, 21:9, 22:8, 22:10, 22:11, 22:16, 22:21, 22:26, 31:13

Gets (1): 21:19

Given (2): 10:20, 20:10

Giving (1): 24:9

Goal (1): 18:5

Goes (1): 12:5

Goingforward (1): 19:8

Good (8): 3:8, 3:10, 3:13, 3:16, 3:21, 3:25, 4:9, 18:6

Grand (1): 2:4

Grant (2): 12:17, 30:2

Granted (1): 11:26

Guess (1): 31:20

**H**

Hampton (2): 2:3, 2:10

Handed (1): 8:15

Handing (1): 8:15

Handle (1): 6:6

Handled (1): 24:8

Hang (4): 15:22, 23:8, 29:19, 30:8

Happen (1): 8:2

Happened (3): 5:16, 15:14, 18:2

Happening (1): 20:8

Happens (1): 11:13

Happy (2): 8:8, 9:9

Hardened (1): 24:16

Havent (1): 27:24

Hear (3): 16:3, 18:11, 29:15

Heard (3): 19:3, 29:22, 29:24

Hearing (16): 3:6, 4:9, 18:13, 19:4, 20:6, 20:26, 27:16, 27:18, 28:4, 28:5, 28:9, 29:19, 29:20, 29:21, 30:7, 30:24

Hearings (1): 18:17

Heart (2): 4:15, 9:11

Held (2): 5:18, 22:8

Hence (1): 14:3

Heres (3): 5:12, 18:6, 18:22

Hes (5): 12:15,

24:19, 26:16, 26:17, 26:17

Hesitant (1): 8:9

Hogan (2): 2:22, 4:5

Hold (4): 4:18, 4:22, 6:2, 10:6

Holders (1): 19:10

Holding (2): 9:25, 22:5

Holds (1): 21:8

Honor (45): 3:5, 3:10, 3:13, 3:16, 3:21, 4:5, 5:11, 5:25, 6:8, 6:26, 7:14, 7:20, 8:21, 8:24, 9:5, 9:17, 14:12, 14:17, 15:5, 15:19, 16:2, 16:13, 16:19, 17:13, 18:14, 18:20, 19:24, 20:16, 22:19, 25:5, 26:9, 28:2, 28:18, 29:3, 29:5, 29:8, 29:23, 29:26, 30:10, 30:13, 31:2, 31:9, 32:3, 32:10, 33:3

**I**

III (3): 2:16, 10:20, 10:22

Id (3): 14:20, 18:3, 31:17

Idea (2): 16:7, 31:10

Ill (14): 6:7, 6:7, 6:8, 7:2, 10:25, 13:2, 20:22, 27:20, 30:22, 30:25, 32:8, 32:12, 32:16, 32:20

Im (52): 7:12, 7:26,

8:7, 8:11, 8:15, 8:16, 8:16, 9:2, 9:7, 9:9, 10:15, 11:16, 13:17, 14:13, 14:13, 14:14, 14:14, 15:4, 15:14, 18:6, 19:2, 20:9, 20:9, 20:9, 21:15, 21:16, 23:9, 23:13, 24:9, 24:10, 24:11, 24:15, 24:15, 24:15, 24:24, 25:3, 25:4, 26:3, 26:6, 27:2, 27:3, 27:16, 27:19, 27:19, 27:20, 27:21, 28:3, 28:4, 29:19, 29:20, 31:24, 33:2

Imagination (1): 27:13

Important (3): 20:5, 30:23, 32:21

Importantly (1): 9:26

Inappropriate (1): 20:2

Incjeannie (1): 2:8

Including (1): 12:18

Inclusive (2): 7:2, 7:5

Incorporate (1): 11:25

Inctheodore (1): 2:1

Indicated (1): 13:11

Individual (5): 4:17, 4:25, 5:7, 5:19, 20:12

Industries (8): 10:26, 11:16, 12:2, 13:2, 13:11, 13:13,

23:22, 24:21

Instead (1): 4:22

Intercompany (2): 16:9, 25:10

Interest (13): 7:15, 10:7, 10:7, 11:20, 13:25, 14:5, 14:9, 16:7, 19:5, 19:10, 21:4, 21:22, 23:17

Interests (5): 11:23, 12:3, 12:7, 14:7, 14:8

Interrupt (1): 26:7

Interrupting (2): 17:16, 17:17

Into (3): 6:15, 10:19, 10:21

Invalid (1): 6:11

Investments (1): 4:13

Investors (1): 29:11

Involved (1): 5:3

Is (89): 3:5, 4:9, 4:17, 4:18, 5:3, 5:4, 5:7, 5:7, 6:4, 6:4, 6:5, 6:13, 6:13, 6:23, 7:5, 7:7, 7:8, 7:20, 7:21, 8:2, 8:9, 8:15, 8:21, 9:3, 9:10, 9:12, 9:13, 9:24, 10:18, 10:23, 10:23, 11:5, 11:8, 11:9, 12:16, 12:24, 12:25, 13:25, 14:9, 14:15, 14:24, 15:17, 15:20, 16:6, 16:7, 16:25, 17:3, 17:5, 17:10, 17:11, 17:11, 17:14, 18:5, 18:9,

19:2, 19:3, 19:5, 19:6, 19:7, 20:2, 20:4, 20:11, 20:12, 21:3, 21:9, 21:16, 21:19, 22:2, 22:5, 23:6, 23:12, 23:23, 23:25, 24:24, 25:4, 25:15, 26:3, 26:13, 27:4, 27:5, 27:18, 28:6, 28:7, 29:2, 29:9, 31:15, 32:7, 32:8, 34:2

Isnt (1): 24:21

Issue (18): 7:8, 8:12, 8:20, 10:3, 10:19, 12:10, 14:15, 14:24, 14:25, 15:24, 16:25, 17:15, 18:7, 18:18, 18:19, 29:6, 30:25, 32:16

Issues (3): 8:19, 12:23, 26:13

Issuing (1): 31:24

Itll (1): 7:22

Ive (15): 4:20, 9:12, 9:14, 10:9, 15:21, 15:22, 18:12, 18:16, 18:16, 18:17, 21:14, 21:16, 26:14, 27:22, 30:14

**J**

Jeannie (1): 3:22

John (2): 3:16, 5:11

Joking (1): 32:3

Jones (1): 3:17

Judge (18): 10:5, 11:18, 12:2, 13:15, 13:19, 15:9, 21:2,

21:7, 22:25, 25:22, 26:2, 26:7, 26:12, 27:4, 27:9, 28:14, 28:25, 30:12

3:23, 6:10
**Kind (1):** 29:16
**Kinds (1):** 7:8
**Knows (1):** 21:17

**K**

**KELLY (34):** 2:14, 3:25, 10:5, 10:9, 10:12, 10:17, 13:15, 13:19, 13:22, 14:17, 15:4, 15:9, 15:16, 21:2, 21:6, 21:10, 21:11, 22:15, 22:25, 23:6, 25:22, 26:2, 26:6, 26:12, 26:20, 27:4, 27:14, 28:14, 28:22, 28:24, 30:12, 31:23, 31:25, 32:3
**KIM (1):** 2:8
**KS (2):** 2:21, 4:6
**KSMP (1):** 3:18
**Keep (1):** 32:12
**Keller (2):** 3:14, 6:10
**Kelly (23):** 2:16, 3:24, 3:25, 4:8, 10:4, 11:7, 11:11, 12:25, 13:9, 13:14, 14:16, 17:7, 18:3, 20:18, 20:22, 23:11, 26:19, 27:12, 27:15, 28:13, 30:11, 30:16, 32:5
**Kellys (7):** 9:9, 9:14, 11:2, 12:21, 16:26, 19:11, 29:2
**Key (1):** 17:22
**Keystone (1):** 19:7
**Kim (4):** 3:14, 3:22,

**L**

**LLC (1):** 2:32
**LLP (3):** 2:3, 2:10, 2:22
**LPERIN (1):** 2:21
**Later (1):** 10:13
**Law (9):** 2:15, 12:8, 12:16, 12:17, 12:18, 12:18, 13:12, 13:13, 17:4
**Least (2):** 12:23, 18:18
**Leave (2):** 26:10, 27:2
**Leaving (1):** 29:11
**Lefever (67):** 3:1, 3:6, 3:14, 3:18, 4:1, 4:10, 4:17, 4:25, 4:25, 5:1, 5:5, 5:13, 6:1, 6:4, 6:9, 6:15, 6:24, 7:1, 7:16, 8:1, 8:13, 9:1, 9:14, 9:26, 10:1, 11:1, 12:1, 13:1, 14:1, 14:2, 15:1, 15:10, 16:1, 16:10, 16:21, 17:1, 17:9, 17:10, 18:1, 19:1, 20:1, 21:1, 21:3, 21:19, 21:21, 22:1, 22:7, 22:8, 22:15, 22:20, 22:22, 22:26, 23:1, 23:12, 23:15, 24:1, 25:1, 26:1, 27:1,

28:1, 28:7, 29:1, 30:1, 31:1, 31:13, 32:1, 33:1
**Left (3):** 16:21, 24:13, 25:8
**Legal (3):** 5:24, 10:19, 31:15
**Lender (1):** 19:20
**Lets (10):** 7:6, 8:18, 9:8, 9:11, 10:18, 16:3, 20:20, 23:8, 29:18, 29:20
**Likely (1):** 6:11
**Limited (6):** 5:21, 11:13, 11:21, 19:15, 20:12, 22:11
**Line (1):** 14:22
**Lines (1):** 30:24
**Liquidated (2):** 14:4, 26:5
**Listen (1):** 15:15
**Literally (1):** 23:18
**Litigation (1):** 6:16
**Little (1):** 14:18
**Live (38):** 3:19, 4:12, 5:4, 6:13, 6:16, 7:16, 7:21, 7:21, 9:15, 10:7, 16:8, 16:20, 17:8, 17:10, 17:11, 19:4, 19:14, 19:17, 19:18, 20:3, 20:15, 20:19, 21:4, 21:16, 21:18, 21:23, 22:3, 22:4, 22:11, 22:21, 24:6, 25:8, 26:16, 29:9, 29:11, 29:11, 29:16, 31:13
**Long (2):** 25:11,

25:12
**Longer (1):** 14:2
**Look (14):** 5:26, 11:3, 11:12, 13:2, 14:13, 17:7, 23:12, 24:12, 24:18, 24:20, 24:25, 27:16, 32:11, 32:13
**Looked (1):** 5:15
**Looking (2):** 5:22, 17:14
**Los (2):** 2:6, 2:25
**Lose (2):** 13:5, 13:8
**Lot (2):** 13:12, 13:13
**Lots (1):** 23:24
**Love (1):** 18:3
**Lovells (2):** 2:22, 4:6

**M**

**Mainly (1):** 27:24
**Makes (2):** 16:8, 17:7
**Making (4):** 3:9, 4:3, 4:4, 19:3
**Manage (9):** 14:2, 14:10, 15:3, 23:3, 23:18, 23:19, 23:24, 24:4, 24:7
**Management (10):** 10:7, 11:10, 11:22, 11:23, 12:3, 12:7, 13:24, 13:25, 14:7, 14:9
**Matter (4):** 4:14, 17:4, 17:21, 27:21
**Matters (1):** 5:23
**Mattson (66):** 2:21,

3:1, 3:6, 3:14, 3:18, 4:1, 4:6, 4:11, 4:17, 4:25, 4:25, 5:1, 5:6, 6:1, 6:5, 6:9, 6:15, 6:24, 7:1, 7:16, 8:1, 8:13, 9:1, 9:14, 10:1, 11:1, 12:1, 13:1, 14:1, 14:2, 15:1, 15:10, 16:1, 16:10, 16:21, 17:1, 17:9, 18:1, 19:1, 20:1, 21:1, 21:4, 21:19, 21:21, 22:1, 22:7, 22:9, 22:15, 22:20, 22:22, 23:1, 23:2, 23:12, 23:15, 24:1, 25:1, 26:1, 27:1, 28:1, 28:7, 29:1, 30:1, 31:1, 31:13, 32:1, 33:1
**Mattsons (1):** 10:2
**May (10):** 7:11, 12:20, 13:6, 14:12, 17:17, 21:22, 21:22, 22:6, 24:7, 26:2
**Maybe (3):** 9:18, 29:7, 29:7
**Mean (14):** 5:26, 5:26, 8:12, 8:19, 10:5, 13:12, 15:18, 17:12, 17:13, 17:19, 18:17, 24:21, 26:7, 27:25
**Means (3):** 7:24, 11:7, 15:13
**Meant (2):** 7:4, 17:18
**Meet (2):** 29:18, 30:20

Meeting (11): 4:13, 4:23, 4:24, 5:18, 8:10, 15:11, 17:6, 18:2, 18:23, 22:8, 22:21

Members (1): 5:8

Memory (1): 21:15

Mention (1): 25:9

Million (1): 16:9

Mind (1): 15:9

Moment (2): 4:22, 22:24

Money (4): 17:8, 21:19, 24:5, 31:15

Moneys (1): 18:2

More (7): 9:25, 15:22, 16:7, 16:8, 19:2, 24:16, 26:16

Most (2): 21:13, 21:17

Motion (17): 4:21, 8:21, 9:3, 9:12, 10:6, 19:7, 19:12, 19:12, 19:22, 20:11, 21:13, 26:23, 27:24, 28:6, 29:21, 30:14, 30:17

Motions (4): 6:2, 6:2, 6:3, 28:15

Mouth (1): 15:6

Move (1): 9:8

Moving (1): 4:21

Much (3): 18:2, 19:2, 31:2

Mullin (3): 2:2, 2:9, 3:22

Mute (2): 3:25, 4:2

N

Name (1): 20:3

Need (8): 12:26, 13:3, 18:18, 18:24, 19:9, 24:25, 29:6, 30:23

Needs (3): 8:6, 25:18, 32:8

Neither (1): 22:23

Next (4): 11:19, 27:25, 28:3, 31:18

Nope (1): 7:24

Nor (3): 15:6, 15:12, 22:23

November (9): 9:16, 19:7, 19:7, 28:10, 28:12, 30:9, 30:16, 30:19, 34:8

Number (1): 3:7

O

OAKLAND (1): 3:2

OCTOBER (1): 3:2

Oak (35): 3:19, 4:12, 5:4, 6:13, 6:16, 7:16, 7:21, 7:21, 9:15, 10:7, 16:8, 16:20, 17:8, 17:10, 17:11, 19:4, 19:14, 19:17, 19:18, 20:15, 20:19, 21:4, 21:16, 21:18, 21:23, 22:3, 22:11, 24:6, 25:8, 26:16, 29:9, 29:11, 29:11, 29:16, 31:13

Oakland (1): 2:30

Oaks (3): 20:3, 22:4, 22:21

Object (1): 19:12

Objection (2): 20:2, 29:10

Objects (1): 20:19

Observation (1): 16:17

Obviously (1): 5:4

Oclock (3): 3:5, 30:9, 33:2

Off (1): 21:15

Officer (1): 22:17

Offices (1): 2:15

Official (1): 3:17

Old (1): 2:17

Once (2): 14:3, 22:14

One (11): 7:8, 9:7, 10:13, 11:8, 15:22, 16:5, 20:20, 22:26, 26:2, 26:12, 29:19

Ongoing (2): 23:25, 24:22

Only (5): 5:3, 5:4, 7:17, 8:2, 22:4

Ooo (1): 3:3

Operating (1): 22:9

Opinion (1): 11:24

Option (1): 4:18

Order (10): 3:4, 4:23, 9:3, 9:12, 18:8, 22:17, 26:24, 29:25, 30:25, 32:16

Orders (1): 26:18

Organized (1): 4:15

Otherwise (5): 8:14, 12:16, 13:10, 18:25, 29:15

Ousting (2): 9:26, 9:26

Out (7): 5:20, 7:18, 8:10, 8:12, 24:11, 31:15, 32:9

Outcome (1): 4:24

Over (6): 7:2, 7:5, 8:15, 8:15, 14:19, 26:15

Own (4): 19:13, 21:10, 21:11, 24:22

Owned (1): 13:23

Owns (1): 21:8

P

PC (1): 2:16

PM (1): 3:2

Pachulski (1): 3:17

Paid (4): 14:3, 21:19, 21:20, 21:23

Part (2): 11:23, 21:13

Parte (1): 14:19

Participate (5): 11:10, 11:22, 15:10, 23:26, 23:26

Participation (1): 15:13

Particular (1): 19:6

Particularly (3): 3:19, 10:20, 15:13

Parties (10): 4:19, 10:24, 12:5, 18:10, 20:8, 22:5, 24:24, 27:17, 29:18, 30:20

Partner (17): 4:14, 5:21, 8:3, 10:2, 11:5, 11:6, 11:9, 11:13, 16:11, 21:7, 21:9, 22:10, 22:11, 22:16, 22:21, 22:26, 31:14

Partners (10): 2:21, 4:6, 7:19, 7:22, 9:13, 11:21, 12:8, 12:25, 19:15, 20:12

Partnership (28): 4:13, 4:23, 4:24, 5:21, 7:18, 7:22, 8:10, 9:25, 10:14, 11:5, 11:6, 11:11, 11:14, 11:19, 11:25, 12:2, 12:9, 12:18, 12:19, 14:18, 15:3, 15:10, 16:11, 21:20, 22:10, 22:11, 22:21, 23:2

Partnerships (5): 11:21, 11:22, 13:23, 13:24, 13:25

Pending (1): 20:12

People (1): 6:2

Percipient (1): 5:20

Perform (1): 31:14

Perhaps (2): 24:17, 31:21

Person (1): 5:23

Persons (1): 19:23

Perspective (2): 14:24, 32:14

Pertinent (1): 20:24

Phoenix (2): 2:35, 34:7

Phrase (1): 11:5

Place (3): 14:20, 16:5, 26:18

Plan (6): 16:12, 18:17, 19:8, 23:26, 25:14, 25:15

Plans (1): 24:3

Play (1): 23:13

Playing (1): 23:23

Pleading (4): 11:2, 11:11, 20:15, 20:18

Pleadings (1): 21:14

Point (8): 5:18, 8:18, 13:2, 15:7, 15:18, 17:7, 22:26, 24:24

Position (4): 5:13, 6:15, 21:9, 21:9

Possibility (1): 25:4

Posture (1): 6:13

Power (1): 12:18

Powers (1): 11:26

Preempted (1): 13:4

Preemption (2): 12:15, 15:24

Preempts (1): 12:18

Premised (1): 20:11

Prepetition (5): 5:16, 17:8, 21:16, 21:18, 23:16

Present (3): 13:16, 13:26, 18:23

Presume (2): 5:8, 12:20

Pretty (1): 13:19

Prior (1): 13:26

Probably (2): 11:26, 24:9

Problem (3): 29:12, 31:4, 32:5

Proceedings (5): 2:37, 12:6, 17:14, 33:4, 34:3

Proceeds (5): 14:6, 22:2, 22:6, 23:16, 24:5

Promptly (1): 18:19

Properties (1): 13:23

Property (15): 7:7, 11:20, 12:3, 13:6, 13:7, 13:26, 14:2, 14:3, 14:10, 17:8, 18:7, 22:3, 23:19, 24:7, 24:22

Propose (1): 17:21

Provided (2): 2:38, 26:14

Provisions (3): 11:24, 12:12, 13:5

Pull (1): 30:8

Purported (2): 4:13, 5:20

Purportedly (3): 4:19, 6:19, 6:25

Pursuant (2): 12:17, 12:19

Pursue (10): 4:12, 5:10, 5:14, 6:19, 7:11, 8:9, 8:11, 8:12, 8:23, 9:4

Pursuing (2): 8:19, 8:20

Put (3): 15:6, 16:26, 32:13

Putative (2): 16:20, 29:9

Puts (1): 6:13

Putting (1): 5:4

Q

Quickly (2): 11:11, 19:9

Quite (1): 7:12

Quote (1): 11:16

R

RIVER (2): 2:31, 34:4

Raised (1): 12:24

Re (4): 10:25, 11:15, 13:10, 13:10

Reach (2): 17:2, 32:21

Read (7): 4:20, 6:22, 10:9, 10:25, 12:26, 13:20, 27:24

Real (2): 21:18, 24:7

Really (2): 5:3, 7:25

Reason (1): 6:9

Reasoning (1): 14:22

Reasons (1): 8:9

Received (3): 21:15, 23:13, 23:15

Recitation (1): 21:17

Recognizes (2): 3:23, 4:7

Record (2): 32:3, 34:3

Recorded (1): 2:37

Recorder (1): 2:27

Recording (1): 2:37

Refer (1): 11:7

Reference (2): 11:25, 12:21

Reflected (1): 23:2

Refused (1): 26:16

Regard (2): 19:8, 25:13

Regarding (1):

20:25

Relates (1): 7:20

Relief (1): 5:24

Relying (1): 18:23

Remaining (2): 16:7, 22:2

Remains (1): 22:2

Remember (3): 19:22, 26:4, 26:5

Remind (1): 27:18

Removed (1): 22:15

Replace (1): 12:24

Replacing (1): 28:6

Reply (2): 30:18, 30:19

Represent (2): 6:17, 6:18

Representatives (1): 19:14

Represented (1): 6:5

Requested (1): 26:15

Requests (1): 5:24

Require (1): 20:25

Research (1): 13:11

Resolve (9): 12:23, 15:7, 16:25, 18:18, 19:9, 23:10, 24:25, 29:6, 30:22

Resolved (5): 18:10, 20:4, 20:5, 27:23, 32:8

Respect (1): 7:15

Respond (5): 13:9, 14:12, 14:19, 26:2, 30:16

Response (1): 12:21

Responsible (1): 5:19

Rest (1): 32:6

Restructuring (1): 22:16

Results (1): 9:25

Richter (2): 2:2, 2:9

Right (21): 8:2, 8:4, 8:23, 10:8, 13:18, 14:25, 15:8, 19:2, 21:9, 22:13, 22:19, 25:11, 25:17, 25:20, 26:11, 28:22, 28:26, 29:25, 30:2, 30:3, 31:17

Rights (3): 11:21, 13:6, 13:7

River (1): 34:2

Road (2): 32:11, 32:13

Rosa (1): 2:19

Rule (1): 18:11

Ruling (3): 31:6, 31:8, 31:23

S

Sale (1): 14:6

Sales (4): 22:2, 22:6, 23:16, 24:5

Same (1): 16:5

San (1): 2:13

Santa (1): 2:19

Sarcastically (1): 17:19

Savings (1): 17:22

Saw (6): 10:26, 11:8, 11:15, 19:19, 19:19, 19:21

Saying (12): 4:21, 7:5, 9:2, 12:15, 13:18, 14:13, 15:3,

18:11, 24:12, 24:18, 24:25, 25:4

**Schedules (1):** 26:9

**Second (3):** 8:7, 23:14, 29:20

**Section (6):** 4:18, 11:3, 11:8, 12:12, 12:22, 13:4

**Seek (1):** 4:17

**Seeking (2):** 4:22, 9:12

**Segregated (1):** 24:6

**Sells (1):** 21:18

**Sense (1):** 16:8

**Sentence (1):** 31:11

**Sentences (2):** 15:5, 15:21

**Separate (1):** 19:13

**Service (1):** 2:38

**Set (16):** 3:6, 4:10, 4:14, 9:15, 10:16, 10:24, 19:7, 25:6, 27:21, 28:4, 28:4, 28:15, 28:19, 29:21, 30:19, 30:23

**Sets (1):** 31:19

**Settlement (3):** 19:4, 19:5, 29:10

**Several (1):** 5:8

**Shake (1):** 24:10

**Share (2):** 14:5, 16:6

**Sharp (3):** 6:10, 22:22, 22:23

**Sheppard (3):** 2:2, 2:9, 3:22

**Shortening (1):** 29:25

**Shortterm (1):** 29:9

**Shouldnt (2):** 10:19,

17:11

**Signed (1):** 26:24

**Simply (2):** 5:18, 29:10

**Sit (1):** 22:4

**Sitting (2):** 17:10, 17:11

**Situation (2):** 5:15, 5:22

**Skin (1):** 20:13

**Socotra (11):** 2:1, 2:8, 3:22, 19:4, 19:12, 19:20, 20:6, 27:19, 27:22, 27:24, 29:10

**Sold (3):** 13:26, 17:8, 23:19

**Sole (2):** 21:18, 22:10

**Solve (1):** 29:12

**Someone (2):** 25:17, 32:23

**Someones (2):** 11:2, 27:13

**Somewhat (1):** 12:10

**Sorry (3):** 26:6, 31:10, 32:4

**Sort (1):** 7:6

**Sound (1):** 2:37

**Sounds (2):** 13:3, 18:15

**South (1):** 2:4

**Specially (1):** 3:6

**Specifically (1):** 26:15

**Square (1):** 2:17

**Stage (1):** 11:18

**Standing (5):** 9:5,

9:10, 19:11, 20:13, 30:6

**Stands (1):** 19:4

**Stang (1):** 3:17

**Stars (1):** 2:23

**Start (1):** 13:15

**State (3):** 12:8, 12:18, 28:6

**Stated (1):** 12:16

**Statement (2):** 18:16, 29:4

**States (3):** 2:28, 12:12, 12:20

**Status (1):** 19:14

**Statutory (1):** 12:8

**Stay (14):** 4:19, 4:24, 5:5, 6:25, 8:12, 8:20, 9:13, 10:2, 14:25, 15:4, 17:3, 18:7, 20:4, 20:5

**Step (2):** 10:18, 20:20

**Steward (1):** 25:18

**Still (8):** 4:2, 4:2, 13:23, 23:2, 24:4, 24:4, 24:8, 24:12

**Stipulate (13):** 17:22, 18:4, 18:10, 20:8, 26:3, 27:17, 30:20, 30:21, 30:22, 32:6, 32:6, 32:18, 32:19

**Stipulated (6):** 20:24, 23:10, 24:26, 25:2, 32:18, 32:20

**Stipulation (5):** 4:10, 6:23, 9:10, 30:6, 31:16

**Stipulations (1):** 9:6

**Stop (1):** 26:25

**Street (3):** 2:29, 2:33, 34:6

**Strict (1):** 17:4

**Stronger (1):** 5:17

**Subject (1):** 31:16

**Submit (1):** 31:19

**Substantive (1):** 20:11

**Succinctly (1):** 8:8

**Sue (1):** 6:19

**Sufficiently (1):** 30:23

**Suggestion (1):** 28:2

**Suggests (1):** 19:5

**Suite (4):** 2:18, 2:24, 2:34, 34:6

**Supremacy (2):** 12:11, 12:19

**Sure (15):** 5:13, 7:12, 7:26, 19:3, 20:9, 20:9, 20:10, 24:11, 24:15, 24:15, 24:21, 27:3, 27:19, 27:20, 27:20

**T**

**TAYLOR (11):** 3:13, 6:7, 6:21, 9:18, 9:20, 17:13, 17:14, 17:17, 17:18, 17:21, 22:18

**Talking (4):** 7:7, 9:7, 27:8, 27:9

**Tangential (1):** 12:10

**Taylor (7):** 3:12, 3:14, 5:2, 8:8,

17:16, 18:23, 26:15

**Ted (1):** 3:21

**Telling (1):** 18:23

**Terminated (1):** 12:7

**Terms (3):** 12:8, 22:9, 29:13

**Terribly (1):** 18:26

**Thats (46):** 4:20, 5:14, 5:25, 6:16, 7:4, 8:14, 9:15, 9:17, 10:2, 13:25, 14:24, 14:25, 15:7, 15:24, 16:18, 19:21, 20:7, 21:5, 21:20, 22:23, 22:23, 23:4, 23:19, 23:21, 24:15, 24:16, 24:16, 24:20, 24:22, 25:12, 25:17, 26:8, 26:8, 27:3, 27:4, 27:8, 27:14, 27:25, 28:3, 28:18, 29:3, 30:10, 30:13, 31:4, 31:7, 31:23

**Therefore (1):** 15:4

**Therere (1):** 17:4

**Theres (16):** 10:12, 10:12, 14:9, 14:26, 15:3, 16:21, 18:11, 23:18, 23:18, 23:24, 24:4, 24:4, 24:7, 24:12, 24:18, 32:23

**Theyre (6):** 6:11, 18:26, 21:7, 26:9, 28:19, 29:16

**Theyve (3):** 14:6, 14:7, 26:14

**Thinking (1):** 12:13

**Thomas (1):** 2:15

Thought (1): 14:20
Three (3): 15:21, 16:3, 16:8
Throats (1): 25:4
Throughout (1): 12:6
Thus (1): 26:16
Times (1): 32:17
Timing (2): 19:2, 29:13
Today (6): 13:17, 14:14, 15:15, 19:14, 22:5, 30:5
Took (2): 14:6, 31:14
Toronto (2): 31:7, 31:7
Transcriber (1): 2:31
Transcript (3): 2:38, 25:7, 34:2
Transcription (1): 2:38
Transferred (2): 7:23, 7:25
Treating (1): 6:12
True (1): 34:2
Trust (1): 3:11
Trustee (2): 21:14, 26:23
Truststhomas (1): 2:14
Try (3): 4:15, 24:19, 32:13
Trying (9): 6:26, 7:2, 10:16, 14:14, 14:15, 15:6, 23:9, 24:10, 24:26
Turn (1): 26:15

Turned (2): 10:19, 10:21
Two (5): 7:8, 10:12, 15:5, 22:18, 31:19

U
UNISON (1): 33:3
Umhum (1): 10:11
Uncertain (1): 8:16
Under (9): 4:18, 12:8, 12:8, 13:24, 16:12, 16:12, 17:9, 21:19, 22:9
Undoes (1): 6:12
Uniform (3): 11:26, 11:26, 12:19
United (3): 2:28, 12:12, 12:20
Unless (3): 6:12, 20:8, 27:17
Unsecured (1): 3:18
Untrue (1): 16:22
Up (4): 10:16, 14:17, 19:4, 22:20
Upon (3): 21:13, 23:20, 24:18
Use (1): 5:17
Using (1): 21:22

V
VI (1): 12:11
Vague (3): 6:24, 7:2, 7:5
Valid (1): 6:13
Value (2): 16:10, 21:23
Various (2): 12:5, 21:14
Version (2): 25:2,

25:14
Violate (1): 14:25
Violated (5): 4:19, 4:24, 5:5, 6:25, 10:2
Violating (1): 9:13
Violation (4): 15:4, 17:3, 18:7, 28:6
Vis (1): 29:11
Visa (1): 29:10
Void (4): 8:4, 9:13, 12:25, 28:7
Vote (1): 5:20

W
WOLFE (2): 2:31, 34:4
Wait (16): 23:7, 23:7, 23:7, 23:7, 23:7, 23:7, 23:8, 23:8, 23:8, 23:8, 23:8, 23:8, 26:21, 26:21, 26:21, 26:21
Wants (1): 24:13
War (2): 10:19, 10:22
Wasnt (1): 18:14
Wax (1): 29:5
Way (2): 4:15, 16:5
Wednesday (1): 28:3
Werent (1): 6:26
Weve (5): 7:17, 23:25, 26:19, 26:21, 26:22
Whats (4): 7:25, 23:11, 23:20, 23:20
Whereupon (1): 33:4
Whoa (2): 10:15,

10:15
Whole (3): 13:12, 13:13, 29:5
Whose (2): 5:5, 5:8
Whove (1): 7:15
Willing (5): 6:17, 6:18, 8:11, 26:3, 27:21
Willynilly (1): 13:8
Wishful (1): 12:13
Withdraw (1): 29:10
Without (9): 6:3, 8:23, 9:3, 12:9, 18:8, 18:11, 24:20, 24:23, 31:5
Witnesses (2): 5:20, 18:24
Wolfe (1): 34:2
Wont (1): 5:17
Word (1): 5:17
Words (2): 15:6, 21:22
Work (1): 28:24
Works (1): 30:12
World (2): 10:19, 10:22
Worth (1): 16:9
Written (1): 12:9
Wrong (3): 13:14, 18:6, 21:22

Y
Youre (6): 6:17, 6:18, 13:9, 15:2, 20:9, 29:15
Youve (5): 15:19, 19:22, 19:25, 20:10,

23:11

Z
Ziehl (1): 3:17

# EXHIBIT 29

Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

1

1                    UNITED STATES BANKRUPTCY COURT

2                    NORTHERN DISTRICT OF OAKLAND

3                              -oOo-

4
In Re:                           ) Case No. 24-10545
5                                ) Chapter 11
LEFEVER MATTSON, A CALIFORNIA    )
6   CORPORATION, ET AL.          ) Oakland, California
                                 ) Thursday, November 13, 2025
7           Debtors.             ) 2:00 PM
_____  )
8                                  MOTION TO DECLARE VOID
                                   ACTIONS IN VIOLATION OF THE
9                                  AUTOMATIC STAY RELATING TO
                                   LIVE OAK INVESTMENTS, LP
10                                 [2690]

11                      TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE CHARLES NOVACK
12                   UNITED STATES BANKRUPTCY JUDGE

13  APPEARANCES:
    For the Debtor:                 DAVID TAYLOR, ESQ.
14                                  Keller Benvenutti Kim LLP
                                    101 Montgomery Street
15                                  Suite 1950
                                    San Francisco, CA 94104
16                                  (415)496-6723

17  For Live Oak Investments, LP:   THOMAS P. KELLY III, ESQ.
                                    The Law Offices of Thomas P.
18                                  Kelly, III P.C.
                                    50 Old Courthouse Square
19                                  Suite 609
                                    Santa Rosa, CA 95404
20                                  (707)545-8700

21  For Chase 1992 Family Trust:    DANIEL L. EGAN, ESQ.
                                    Wilke Fleury LLP
22                                  621 Capitol Mall
                                    Suite 900
23                                  Sacramento, CA 95814
                                    (916)441-2430

24

25

eScribers

2

```
 1
        For Official committee           JASON ROSELL, ESQ.
 2      of unsecured creditors:          Pachulski Stang Ziehl &
                                         Jones
 3                                       One Sansome Street
                                         Suite 3430
 4                                       San Francisco, CA 94104
                                         (415)263-7000
 5
        For KS Mattson Partners, LP:     RICHARD L. WYNNE, ESQ.
 6                                       Hogan Lovells US LLP
                                         999 Avenue of the Stars
 7                                       Suite 1400
                                         Los Angeles, CA  90067
 8                                       (310)785-4602

 9

10

11

12

13

14

15

16

17     Court Recorder:              Electronically recorded
                                    United States Bankruptcy Court
18                                  1300 Clay Street
                                    Oakland, CA 94612
19

20     Transcriber:                 SHARONA SHAPIRO
                                    eScribers, LLC
21                                  7227 N. 16th Street
                                    Suite #207
22                                  Phoenix, AZ 85020
                                    (800) 257-0885
23
        Proceedings recorded by electronic sound recording;
24      transcript provided by transcription service.

25
```



3

LeFever Mattson, a California Corporation, et al.

1    OAKLAND, CALIFORNIA, THURSDAY, NOVEMBER 13, 2025 02:00 PM

2                              -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  All rise.  This is the United States

5    Bankruptcy Court, Northern District of California, the

6    Honorable Charles Novack presiding.

7            THE COURT:  Please be seated.

8            Let's call the calendar.

9            THE CLERK:  Yes, Your Honor.  Your Honor, this is your

10   2 o'clock specially-set hearing for LeFever Mattson, a

11   California Corporation, bankruptcy case number 24-10545.

12           THE COURT:  Good afternoon.  Appearances, please,

13   first in the Court.

14           MR. ROSELL:  Good afternoon, Your Honor.  Jason

15   Rosell, Pachulski Stang Ziehl & Jones, on behalf of the

16   committee.

17           THE COURT:  Good afternoon.

18           Mr. Kelly?

19           MR. KELLY:  Good afternoon, Your Honor.  Thomas Kelly

20   for Live Oak.

21           THE COURT:  Mr. Egan, are you making an appearance, or

22   are you just listening?

23           MR. EGAN:  Your Honor, Daniel Egan.  I am just

24   monitoring --

25           THE COURT:  Okay.

4

LeFever Mattson, a California Corporation, et al.

1       MR. KELLY: -- for the Chase 1992 Family Trust.

2       THE COURT: All right. Mr. Davis, are you making --

3 anyone else make an appearance here?

4       MR. TAYLOR: Yes, Your Honor. Good afternoon. David

5 Taylor --

6       THE COURT: Oh, I'm sorry. Mr. Taylor. Sorry, Mr.

7 Taylor.

8       MR. TAYLOR: It's okay. David Taylor, Keller

9 Benvenutti Kim, for the LeFever Mattson debtors.

10      MR. WYNNE: And Your Honor, Richard Wynne, of Hogan

11 Lovells, for KSMP. I'm probably just monitoring as well.

12      THE COURT: Well, I may have some questions that you

13 all may want to chime in on, but I'll leave it up to everybody.

14      Okay. This is a continued hearing on the committee's

15 motion to declare void actions in violation of the automatic

16 stay relating to Live Oak Investments, LP. The action in

17 question was the partnership vote to remove LeFever Mattson as

18 the general partner of Live Oak Investments and to replace it

19 with William Andrew. I've read the additional briefing and the

20 additional declaration submitted by Mr. Fierro.

21      I just want to remind everyone here that what's not at

22 issue in this motion -- well, I'll put it the other way. The

23 conduct of LeFever Mattson as general partner, which has

24 generated all the controversy here, which is the sale of the

25 real property before the bankruptcy, the payments to LeFever

5

LeFever Mattson, a California Corporation, et al.

1  Mattson before the bankruptcy, are not at issue here.  Whether

2  the stay was violated really has nothing to do with the conduct

3  of LeFever Mattson.

4          Was it right?  Was it wrong?  Did it violate the

5  operating agreement?  Did it not violate the partnership

6  agreement?  That's not at issue.  It's whether the effort to

7  replace it as general partner violated the stay.  That's what

8  is at issue.  To a certain extent, people have put the cart

9  before the horse.

10          So as I said, I read the additional briefing.  I

11  appreciate it.  My question is, the argument that I raised, and

12  the argument that the -- or the issue that I raised, and that

13  the parties responded to, was whether California Corporations

14  Code Section 16601, where a general partner is disassociated,

15  upon filing a bankruptcy, whether that violates the supremacy

16  clause ipso facto, because it's an ipso facto provision that

17  violates 365(e).

18          I think that's the issue, right, Mr. Rosell?

19          MR. ROSELL:  That's what it boils down to, Your Honor.

20  I don't think there's really much of a dispute regarding

21  whether 362(a), for example -- (a)(3) applies.  I think it's

22  kind of recognized that --

23          THE COURT:  Well, it's --

24          MR. ROSELL:  -- it --

25          THE COURT:  So let me ask a couple of questions.  Is

6

LeFever Mattson, a California Corporation, et al.

1    there any argument -- so let's look at 365 for a moment.  And

2    so 365(e)(1) says, essentially, that -- it deals with executive

3    contracts, unexpired leases.  And it says that that a

4    contractual term or applicable law may not terminate or modify

5    any right or obligation under such contract simply because

6    someone filed a bankruptcy.

7         Is there any dispute that -- I've called it an

8    operating agreement; I guess it's a partnership agreement -- is

9    an executory contract between LeFever Mattson and whoever's on

10   the other side, I guess the limited partners or -- is there any

11   question about that?  Again, I'm trying to make sure that the

12   parties -- I'm trying to determine whether (e)(1) is

13   applicable.  And so my first question is, is it an executory --

14   is the partnership agreement an executory contract?

15        MR. KELLY:  Judge, can I clarify something?

16        THE COURT:  Yeah.

17        MR. KELLY:  Yeah.  We're not here on the partnership

18   agreement.  It does not have an ipso facto clause.

19        THE COURT:  Mr. Kelly -- Mr. Kelly, I fully understand

20   that.

21        MR. KELLY:  Okay.

22        THE COURT:  But (e)(1) -- if you read (e)(1), it says,

23   "Notwithstanding a provision in an executory contract or

24   unexpired lease, or in applicable law".  And again, if you read

25   the case that the committee cited to me -- and there's other

7

LeFever Mattson, a California Corporation, et al.

1  case law; there's a First Circuit case which addresses this --

2  the applicable law is California Corporations Code 16601.  And

3  that contains what some might describe as an ipso facto clause,

4  correct, Mr. Rosell?

5      MR. ROSELL:  Correct, Your Honor.

6      THE COURT:  Right.  So Mr. Kelly, you're absolutely --

7  that's what my analysis is focusing on. 16601 may contain an

8  ipso facto provision which says, you file bankruptcy, you're

9  disassociated.  And that's the focus.

10      So the question is -- so let me go back to my original

11 question.  Any question that this partnership agreement is an

12 an executory contract?

13      MR. ROSELL:  From the debtors' perspective, Your

14 Honor, there's no dispute that it is an executory contract,

15 that there --

16      THE COURT:  Okay.

17      MR. ROSELL:  -- is an ongoing obligation --

18      THE COURT:  That it is?

19      MR. ROSELL:  -- of the general partner, under the

20 terms of that partnership agreement, in article or section 5,

21 that spells out all of the duties of the general partner that

22 it owes to the partnership.  And so, from that perspective, we

23 think that it is executory.

24      THE COURT:  Okay.  Anyone have any comments?

25      MR. KELLY:  Judge?

eScribers

8

LeFever Mattson, a California Corporation, et al.

1            THE COURT:  Yeah, Mr. Kelly?

2            MR. KELLY:  Judge, I dispute the applicability of

3    that.  The reason why is that the Plunkett decision, upon which

4    LFM relies, was dealing with a partnership agreement ipso facto

5    clause, not a statute.

6            THE COURT:  It doesn't matter.

7            MR. KELLY:  Yes, it does, because one's a property of

8    the estate; the other isn't.  One's an operation of law; the

9    other is an interest held by the debtor in --

10           THE COURT:  Mr. Kelly, I disagree.

11           MR. KELLY:  Okay.

12           THE COURT:  Okay.  Because there's a First Circuit

13   case -- and I apologize; I could go into chambers and grab it

14   for you -- which addresses the issue -- which reminds

15   everyone -- it's a 1995 case, I think, First Circuit case which

16   reminds folks that 365(e)(1) can -- the ipso facto argument can

17   be based upon not only a contractual provision but some state

18   statute.

19           And in this case I think it was a Massachusetts

20   circuit case.  And Massachusetts, I think, was operating under

21   the corporate Uniform Partnership Act, like California is,

22   like, I guess, Wisconsin is.  And that's why, again, I

23   appreciate the footnote that Mr. Fierro included that -- well,

24   I mean, different state statutes, but they seem to be all based

25   upon the Uniform Partnership Act.



9

LeFever Mattson, a California Corporation, et al.

1        MR. ROSELL:  Exactly, Your Honor.

2        THE COURT:  Right.  So again, I appreciate that.

3        Next question.  There are some exceptions.  Do I

4  need -- and Mr. Wynne, this may be where you might want to give

5  us the benefit of your experience.  And Mr. Egan.

6        Do I need to be concerned at all with In re Catapult

7  in the following way?  Is an operating agreement -- is this

8  partnership agreement an assume -- are the rights of a general

9  partner assignable, under California law, without the consent

10  of a third party -- without the consent of the other partners?

11        Because In re Catapult, a Ninth Circuit case, may be

12  the minority.  I don't know if it's the minority view or not.

13  But it says, well, if a contract is not assignable, it's not

14  assumable.  And then where does that leave me?  I think I know

15  where it leaves me, but I'm going to save that for another

16  moment.

17        MR. EGAN:  Your Honor, if I might address that issue

18  just briefly.

19        THE COURT:  Mr. Egan, go ahead.

20        MR. EGAN:  We had, kind of, the initial case --

21        THE COURT:  And hang on, let me -- anyone who thinks

22  I'm completely off base is free to tell me that.  I mean, this

23  is where I need the benefit of everyone's experience and wisdom

24  here.

25        Go ahead, Mr. Egan.



10

LeFever Mattson, a California Corporation, et al.

1     MR. EGAN:  Well, Your Honor, I think that the latest

2  kind of iteration of that line of thinking is the Svenhard's

3  case, out of the Ninth Circuit earlier this year, which said

4  there are certain contracts that are really financial

5  accommodations.  And if they're financial accommodations, they

6  can't be assumed --

7     THE COURT:  No, I assume -- and that's part of not

8  Catapult, but -- I just got -- the case I was looking at it.

9  But again, we're not talking about a financial accommodations

10  contract here.  We're not.  There's no loan -- there's no

11  transfer of -- we're talking about a general partnership

12  service as -- an entity serves as a general partner.

13     MR. EGAN:  But Your Honor, where I was going with this

14  is that I think you have to dive into the partnership agreement

15  and see what rights the general partner had.  And if the right

16  of the general partner is to do something like a capital call,

17  or somehow assess the financial rights of the limited partners,

18  or have an option, whatever it is that the debtor thinks has

19  been somehow impeded on by the removal of the general

20  partnership, I think the Court just has to analyze.

21     I don't know what the answer is, but I think the Court

22  has to analyze whether is that -- can that right that the

23  general partner thinks has been terminated, is that really a

24  financial accommodation?

25     THE COURT:  I'm not too concerned about that.



11

LeFever Mattson, a California Corporation, et al.

1    MR. ROSELL:  Your Honor?

2    THE COURT:  Mr. Rosell?

3    MR. ROSELL:  What I fail to see, though, is how that

4  applies to the issue before the Court today with respect to the

5  application of the stay.  Whether it is a --

6    THE COURT:  Well, because --

7    MR. ROSELL:  -- personal service contract --

8    THE COURT:  -- the issue is -- again, let me go

9  further down this rabbit hole.  And again, I'm just playing

10  devil's advocate right now.  The issue is that there was an

11  exception to 365(e)(1), which is 365(e)(2), which says,

12  "Paragraph 1 of this subsection does not apply to an executory

13  contract or unexpired lease of the debtor, whether or not such

14  contract or lease prohibits" -- again -- "if applicable law

15  excuses a party, other than the debtor, from accepting

16  performance from or rendering performance to the trustee", et

17  cetera, et cetera, et cetera.

18    Mr. Wynne, any thoughts?

19    MR. WYNNE:  I'm rarely at a loss for a quick answer,

20  Your Honor, but I'm thinking.  It reminds me of the early days

21  of my career, as a bankruptcy lawyer, reading the Code on

22  airplanes as the way to pass the time.

23    THE COURT:  That's the easiest way to get air sickness

24  in my view, but I have --

25    MR. WYNNE:  And I mean, I have not litigated this

12

LeFever Mattson, a California Corporation, et al.

1  issue -- I know I litigated it actually in Colorado.  But it

2  was such a long time ago; I'm actually struggling to remember

3  what happened.  But the general partner in that case was able

4  to -- obviously, not necessarily a precedent, but was able to

5  keep the partnership agreement and assume and assign it.

6  Obviously also not Ninth Circuit.

7          THE COURT:  Right.

8          MR. WYNNE:  It's an interesting question.  I don't

9  think it's a financial accommodation issue, but it might be --

10 it might be personal services in Catapult, and whether -- and

11 I'm looking at the Code, and whether it falls under (e)(2).  I

12 don't have a quick answer for you, Your Honor.

13         THE COURT:  Okay.  No, I --

14         MR. WYNNE:  I mean --

15         THE COURT:  I appreciate it.

16         Mr. Rosell?

17         MR. ROSELL:  I also do not have a quick answer for

18 you.

19         THE COURT:  Okay.  Well, I appreciate it.

20         MR. KELLY:  Well, Your Honor, if I could be heard on

21 that point.

22         THE COURT:  Yes, Mr. Kelly.

23         MR. KELLY:  If the Court finds that the partnership

24 agreement is, in fact, an executory contract, 365(a)(2) --

25         THE COURT:  Remember, no one's asked me to do that.  I

13

LeFever Mattson, a California Corporation, et al.

1  mean -- I apologize, Mr. Kelly.  Go ahead.

2      MR. KELLY:  That's all right.  I mean, the statute

3  appears to apply on its face.  Where it gets more murky is, as

4  I was saying earlier, it does not appear there's an ipso facto

5  clause in the partnership agreement.

6      THE COURT:  It doesn't matter, again.

7      MR. KELLY:  Okay.  Well, what's operation of law --

8      THE COURT:  Right.

9      MR. KELLY:  -- applies to a partnership.  So if those

10  two things are the same thing, then it's an executory contract,

11  365(a)(2) applies.  That means there's no stay violation.

12      THE COURT:  I wouldn't be so -- I --

13      MR. KELLY:   Well, on that point, I know, there --

14      THE COURT:  At this stage in my thinking, I'm

15  unwilling to reach that -- I am not willing to reach that

16  conclusion yet.  Or I haven't --

17      MR. WYNNE:  Your Honor --

18      THE COURT:  I haven't concluded one way or the other.

19      Yes?

20      MR. WYNNE:  Your Honor, I guess my -- I haven't

21  reviewed the partnership agreement, so just to be clear on

22  that.  I mean, my view on this was, frankly, that it looked

23  like a pretty clear violation of the stay.  And I didn't really

24  delve that deeply into it.  And I never reviewed the

25  partnership agreement.



14

LeFever Mattson, a California Corporation, et al.

1          THE COURT:  I'm not --

2          MR. WYNNE:  But what I'm curious about is what the

3     obligations are of the limited partners under it.  Obviously,

4     the general partner would have a lot of obligations, and maybe

5     Mr. Taylor or Mr. Rosell are more familiar with it.  That might

6     be something to take a look at if you go down that, because I

7     was just focused more on what I thought was, kind of, a prima

8     facie violation of the stay just on the face of it.

9          THE COURT:  And Mr. Wynne, you might be right.  The

10    answer may very well be -- well, you may have a Catapult issue,

11    but that doesn't mean, until someone puts that issue before me,

12    that this debtor doesn't get to operate, that the general

13    partner stays in place until someone puts the issue squarely

14    before me.  That's why, from my perspective, I'm dealing with

15    the -- the cart is in front of the horse here.

16         MR. WYNNE:  Well, I mean, there may be those issues

17    down the road.  You're right.  I mean that's what everyone is

18    going to have to think about in terms of the plan and

19    disclosure statement.

20         THE COURT:  And remember --

21         MR. WYNNE:  But my view --

22         THE COURT:  I'm sorry.  And looking further down the

23    road, I've got this -- does the motion for substantive

24    consolidation, should it be successful, cure all -- is it a

25    cure all?



15

LeFever Mattson, a California Corporation, et al.

1    MR. WYNNE:  Well, I mean, you can consolidate

2  nondebtors, and we know that you can consolidate individuals,

3  and it becomes one entity.

4    THE COURT:  There's no --

5    MR. WYNNE:  There --

6    THE COURT:  I guess my point is that there's no

7  operating limited partnership anymore.  I mean, somebody might

8  have to tell me what happens to all the property.  Is the

9  property -- what happens to all the property?  Is it assigned

10  to the trust?  Is it --

11    MR. ROSELL:  That's right, Your Honor.  The plan would

12  provide for the property to be vested in the trust.

13    THE COURT:  Right.  But --

14    MR. ROSELL:  The partnership agreements go away.

15    THE COURT:  Right.  So --

16    MR. WYNNE:  Right.

17    THE COURT:  I mean, I'm being a bit too facile here:

18  problem solved.

19    MR. ROSELL:  At the stage of confirmation, that's

20  right, we're not going to be seeking to, essentially, assume or

21  reject the contract.

22    THE COURT:  And even if you couldn't, does it still

23  matter?

24    MR. ROSELL:  Right.  And it would not matter.  I think

25  the question is, though, in the interim, did the attempt to

16

LeFever Mattson, a California Corporation, et al.

1    remove LeFever Mattson as the general partner, during the

2    pendency of the bankruptcy, pre-confirmation --

3              THE COURT:  Right.

4              MR. ROSELL:  -- violate the automatic stay.

5              THE COURT:  Right.

6              MR. ROSELL:  And I think under Plunkett --

7              THE COURT:  No, I -- well, Plunkett -- yeah, but the

8    problem with Plunkett -- the problem with Cardinell (ph.) is

9    that they're not Ninth Circuit case law.  If we didn't have to

10   deal with Catapult, it wouldn't be -- I think the answer would

11   be easier.  But Catapult says, oh, if it's not a -- can't

12   assign it, can't assume it.  And then the question is, okay,

13   what does that do?

14             And I think I've got a -- and that's what I've been

15   thinking about.  And I was hoping that, again, given the

16   collective experience of the five lawyers before me, that they

17   could show me the way or at least the glimmer of a path.

18             But I think I've got one; I'll be honest with you.

19   It's just I'm going to have to think about it more.  So what

20   I'm -- so those are my -- again, I've read everything.  To me,

21   those are the issues that I'm struggling with and mulling over.

22   And I think the parties want this resolved before we get to

23   disclosure statement time, correct?

24             MR. ROSELL:  Correct, Your Honor.  It's important

25   because it's going to -- it's effectively in a state -- the

eScribers

17

LeFever Mattson, a California Corporation, et al.

1   estate is essentially in a state of limbo, from very practical

2   considerations --

3           THE COURT:  Right.  So --

4           MR. ROSELL:  -- such as who can file a monthly

5   operating report.

6           THE COURT:  Right.  And that hearing is on Wednesday,

7   correct?

8           MR. ROSELL:  On the 18th.  I think that's Tuesday we

9   moved it to.

10          THE COURT:  Oh, it's Tuesday?  Okay.  Then I'll have

11  an order out before or by the time I hit the bench on Tuesday.

12          MR. ROSELL:  Okay.

13          THE COURT:  Did we not -- so I've got to look at my

14  calendar; I apologize.  What's on -- I'm going to sound like

15  the Abbott and Costello routine.  What's on Wednesday?

16  Anything?

17          MR. WYNNE:  I think everything was moved from

18  Wednesday to Tuesday, Your Honor.

19          THE COURT:  Okay.

20          MR. WYNNE:  So everything that was Wednesday is moved

21  back to Tuesday.

22          THE COURT:  Okay.  Okay.  Thank you.

23          MR. ROSELL:  And then there were a number of fee

24  applications that also moved, and --

25          THE COURT:  Right.



18

LeFever Mattson, a California Corporation, et al.

1          MR. ROSELL:  -- we worked with chambers to --

2          THE COURT:  I appreciate that because, as you probably

3    know, it takes me a long time to get through -- I spend a lot

4    of time on fee applications, and I would have had about five-

5    million-dollars worth of free applications, which is a lot.

6          MR. ROSELL:  Yeah.

7          THE COURT:  So I appreciate that.

8          Okay.  Anyone else have any comments?  Again, there's

9    no -- I've read everything.

10          I understand, Mr. Kelly, you raised some -- I

11   appreciate the cases you cited, the Northern District of

12   California cases, where they just make the statement that, gee,

13   he's disassociated, the GP is disassociated.  The problem is,

14   the issue that I'm facing wasn't addressed by -- and this is

15   part of what the committee says.  Those cases just don't

16   address the issue that I have.

17          And again, for example, in the Mansdorf case, Mr.

18   Mansdorf, who was an experienced Chapter 7 trustee, he was just

19   saying, look, okay, I'm selling my -- just because I've been

20   disassociated doesn't mean I don't get to compel the

21   partnership or partners to buy the bankruptcy estate's

22   partnership interest.  So I get it.  And again, I read those

23   cases, but they don't address the question that I have.  They

24   just never --

25          MR. ROSELL:  Your Honor, I think -- just just to touch

19

LeFever Mattson, a California Corporation, et al.

1   base on the 365 issue, I think one argument may be that the

2   Catapult doesn't really -- it really goes to the assignability

3   of the contract.  It doesn't go to whether it is property of

4   the estate.

5           THE COURT:  No, no, no.

6           MR. ROSELL:  And you go to 541(c)(1), I think.

7           THE COURT:  You're right.  You're right.  And the

8   question might very well be, if it's not assignable, it's not

9   assumable.  And then -- if it's not assignable, it's not

10  assumable.  And then you've got -- so is the -- what do I do

11  with Section 16601 then?

12          MR. ROSELL:  That's where we get into the -- that's

13  where I think you referred to 541 trumping -- under the

14  supremacy clause, 541 trumps --

15          THE COURT:  Yeah, but there's no --

16          MR. ROSELL:  -- the state law that would strip it as a

17  property of the estate.

18          THE COURT:  But there's no supremacy clause argument

19  because -- again, the supremacy clause argument on the cases

20  that you've cited and I've read is you've got 365(e)(1) which

21  says those provisions are not valid because federal law trumps

22  state law.  And then you've got 362(e)(2) which says, well,

23  (e)(1) doesn't apply.  So the question then is, okay, do these

24  rights therefore then terminate upon the filing of a

25  bankruptcy?  Well, that's what I'm --



20

LeFever Mattson, a California Corporation, et al.

1          MR. ROSELL:  I think In re Safran, which is referred

2     to, I believe, in the Cardinell case, a case out of the Central

3     District of California from 1986.  I think Safran also kind of

4     addresses that issue --

5          THE COURT:  And --

6          MR. ROSELL:  -- and recognizes that the supremacy

7     clause also trumps and keeps the partnership interest intact

8     and does not -- and in that case it talks about the policy

9     considerations and how the purpose of the Bankruptcy Code is to

10    to permit the reorganization, and absent recognition of the

11    supremacy clause trumping the California Corporation Code, you

12    are defeating the purpose of bankruptcy and reorganization

13    because you would be dissolving the partnership or

14    automatically disassociating what is otherwise property of the

15    estate.

16         THE COURT:  Right.  Let me --

17         MR. ROSELL:  And in this case, Your Honor, let's

18    assume that there was another property in Live Oak, for

19    example, Your Honor.  If LeFever Mattson, as the general

20    partner, was -- is the general partner under the partnership

21    agreement, during the pendency of the bankruptcy case, it would

22    have a right to sell that property and to earn the commission

23    under the partnership agreement during the pendency of the

24    bankruptcy case.

25         And so that is a protected right that I think that



21

LeFever Mattson, a California Corporation, et al.

1   Congress wanted to say, yes, we are trumping state laws.  We're

2   not going to allow states to come in and strip -- and tell us

3   what the property is of the estate in this situation under

4   partnership law.

5           THE COURT:  Right.  And then so my next question would

6   be -- and that's why I was quickly flipping through my

7   annotated Code, Mr. Rosell; I apologize -- when was 365(e)(2)

8   enacted?

9           MR. ROSELL:  Good question.

10          THE COURT:  Because we're talking about a 1980 --

11          MR. ROSELL:  '86.

12          THE COURT:  Yeah.  Possibly --

13          MR. ROSELL:  Right.

14          THE COURT:  Possibly that's post the --

15          MR. ROSELL:  Post-Act, right?

16          THE COURT:  But I'm going to take a quick look.  No, I

17  understand.  And there's another argument to be made here that

18  I'm still trying to flesh out in my mind.  But that's what's

19  the -- like, so that's what I'm thinking about.

20          MR. ROSELL:  Okay.

21          THE COURT:  Okay.  I'm going to --

22          MR. KELLY:  Judge, can I ask you a question?

23          THE COURT:  Yes.

24          MR. KELLY:  You referenced a First Circuit case --

25          THE COURT:  It's First Circuit.

22

LeFever Mattson, a California Corporation, et al.

1         MR. KELLY:  -- that --

2         THE COURT:  I can -- well, hang on.  Give me one

3    second.  Let me go off the record.

4         MR. KELLY:  Sure.

5         THE COURT:  And I'll get it.  But --

6         MR. KELLY:  Thank you.

7         THE COURT:  -- before I leave, the only issue with

8    that First Circuit case is that it's a First Circuit case.

9    And it actually deals with the In re Catapult issue.  But it

10   comes out -- there's a minority and a majority view.  And it

11   takes the majority view, which is that, look, if the debtors

12   aren't going to assign it, therefore they can assume it, as

13   opposed to Catapult that says, no, no, no.  Catapult reads the

14   statute more literally and says, if it's not assumable or

15   assignable, then 365(e)(1) doesn't apply.  I think that's what

16   Catapult says.  And it was pretty controversial in its day.

17   And I guess it still is.

18         But let me go off the record for one second and I'll

19   get the the cite.

20     (Off the record.)

21         THE COURT:  I'll give you the name of it.  It is

22   Summit Investment and Development Corp. v. Leroux, 69 F.3d 608.

23   It's a First Circuit case from 1995.  And it would be pretty

24   squarely on point, but for it takes the -- I think it takes

25   the -- it disagrees with and I think it pre-dates Catapult.

23

LeFever Mattson, a California Corporation, et al.

1   But I think it goes the other way.  But again, that -- yeah,

2   I'll say that much.

3        Okay.  That's what I'm thinking about.  So I will

4   write something.  It'll probably come out Tuesday, but I will

5   announce the bottom line, a stay is violated or not violated,

6   when I hit the bench on Tuesday --

7        MR. ROSELL:  All right.  Thank you, Your Honor.

8        THE COURT:  -- for the disclosure statement.

9        MR. KELLY:  Thank you, Your Honor.

10       THE COURT:  Okay.  No, I appreciate everyone's work

11  here.  Okay.  That concludes my 2 o'clock calendar.  Now I'm

12  adjourned.

13       MR. EGAN:  Thank you, Your Honor.

14       MR. WYNNE:  Thank you, Your Honor.

15     (Whereupon these proceedings were concluded at 2:32 PM)

16

17

18

19

20

21

22

23

24

25



24

1

2                          C E R T I F I C A T I O N

3

4    I, Sharona Shapiro, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8

9

10

11    _____

12    /s/ SHARONA SHAPIRO, CET-492

13

14    eScribers

15    7227 N. 16th Street, Suite #207

16    Phoenix, AZ 85020

17

18    Date:  [date]

19

20

21

22

23

24

25

**I**

16Th (2): 2:20, 24:6

18Th (1): 17:7

**A**

AZ (2): 2:22, 24:7

Abbott (1): 17:14

Able (2): 12:4, 12:5

Absent (1): 20:9

Absolutely (1): 7:7

Accepting (1): 11:14

Accommodation (2): 10:25, 12:10

Accommodations (3): 10:6, 10:6, 10:10

Accurate (1): 24:3

Act (2): 8:22, 8:26

Action (1): 4:16

Actions (1): 4:15

Actually (3): 12:2, 12:3, 22:9

Additional (3): 4:19, 4:20, 5:11

Address (3): 9:18, 18:17, 18:24

Addressed (1): 18:15

Addresses (3): 7:2, 8:15, 20:5

Adjourned (1): 23:13

Advocate (1): 11:9

Afternoon (5): 3:13, 3:15, 3:18, 3:20, 4:5

Again (16): 6:12, 6:25, 8:23, 9:3, 10:10, 11:7, 11:8,

11:13, 13:7, 16:15, 16:20, 18:9, 18:18, 18:23, 19:18, 23:2

Ago (1): 12:3

Agreement (19): 5:6, 5:7, 6:9, 6:9, 6:15, 6:19, 7:12, 7:19, 8:5, 9:8, 9:9, 10:15, 12:6, 12:24, 13:6, 13:21, 13:25, 20:20, 20:22

Agreements (1): 15:13

Ahead (3): 9:20, 9:26, 13:2

Air (1): 11:22

Airplanes (1): 11:21

Al (21): 3:1, 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1

Allow (1): 21:3

Analysis (1): 7:8

Analyze (2): 10:21, 10:23

Andrew (1): 4:19

Angeles (1): 2:12

Annotated (1): 21:8

Announce (1): 23:6

Anymore (1): 15:7

Apologize (4): 8:14, 13:2, 17:13, 21:8

Appear (1): 13:5

Appearance (2): 3:22, 4:4

Appearances (1):

3:13

Appears (1): 13:4

Applicability (1): 8:3

Applicable (5): 6:5, 6:14, 6:25, 7:3, 11:13

Application (1): 11:6

Applications (3): 17:23, 18:5, 18:6

Applies (4): 5:22, 11:5, 13:9, 13:11

Apply (4): 11:11, 13:4, 19:22, 22:15

Appreciate (9): 5:12, 8:24, 9:3, 12:15, 12:19, 18:3, 18:8, 18:12, 23:11

Arent (1): 22:12

Argument (8): 5:12, 5:13, 6:2, 8:17, 19:2, 19:17, 19:18, 21:16

Article (1): 7:19

As (17): 4:11, 4:17, 4:23, 5:8, 5:11, 7:4, 10:13, 10:13, 11:20, 11:21, 13:4, 16:2, 17:3, 18:3, 19:15, 20:18, 22:12

Assess (1): 10:18

Assign (3): 12:6, 16:12, 22:12

Assignability (1): 19:3

Assignable (5): 9:10, 9:14, 19:9, 19:10, 22:15

Assigned (1): 15:9

Assumable (4): 9:15, 19:10, 19:11, 22:14

Assume (7): 9:9, 10:8, 12:6, 15:18, 16:12, 20:17, 22:12

Assumed (1): 10:7

Attempt (1): 15:23

Automatic (2): 4:15, 16:4

Automatically (1): 20:13

Avenue (1): 2:10

Away (1): 15:13

**B**

Back (2): 7:11, 17:20

Bankruptcy (16): 2:15, 3:6, 3:12, 4:25, 5:2, 5:16, 6:7, 7:9, 11:20, 16:3, 18:22, 19:24, 20:8, 20:11, 20:20, 20:23

Base (2): 9:23, 19:2

Based (2): 8:18, 8:25

Becomes (1): 15:4

Behalf (1): 3:16

Bench (2): 17:10, 23:7

Benefit (2): 9:6, 9:24

Benvenutti (1): 4:9

Bit (1): 15:15

Boils (1): 5:20

Bottom (1): 23:6

Briefing (2): 4:19,

5:11

Briefly (1): 9:19

Buy (1): 18:22

**C**

CA (3): 2:6, 2:12, 2:17

CALIFORNIA (1): 3:2

CLERK (2): 3:5, 3:10

COURT (83): 3:8, 3:13, 3:18, 3:22, 3:25, 4:3, 4:6, 4:12, 5:24, 5:24, 6:17, 6:20, 6:23, 7:7, 7:16, 7:17, 7:23, 8:2, 8:7, 8:11, 8:13, 9:3, 9:20, 9:22, 10:8, 10:26, 11:3, 11:6, 11:7, 11:22, 12:8, 12:14, 12:15, 12:19, 12:22, 12:25, 13:7, 13:8, 13:12, 13:14, 13:18, 14:2, 14:9, 14:20, 14:21, 15:5, 15:6, 15:13, 15:14, 15:15, 15:20, 16:3, 16:5, 16:7, 17:3, 17:5, 17:9, 17:12, 17:18, 17:21, 17:24, 18:3, 18:8, 19:6, 19:8, 19:15, 19:17, 20:5, 20:15, 21:6, 21:11, 21:12, 21:13, 21:15, 21:20, 21:22, 21:23, 22:3, 22:6, 22:7, 22:21, 23:9, 23:11

Calendar (3): 3:9, 17:13, 23:12

California (30): 3:1, 3:6, 3:12, 4:1, 5:1, 5:14, 6:1, 7:1, 7:3, 8:1, 8:22, 9:1, 9:10, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 18:13, 19:1, 20:1, 20:4, 20:10, 21:1, 22:1, 23:1

Call (3): 3:4, 3:9, 10:17

Called (1): 6:8

Can (10): 6:16, 8:17, 8:17, 10:23, 15:2, 15:3, 17:3, 21:21, 22:3, 22:12

Cant (3): 10:7, 16:11, 16:12

Capital (1): 10:17

Cardinell (2): 16:8, 20:3

Career (1): 11:20

Cart (2): 5:9, 14:15

Case (26): 3:12, 6:26, 7:2, 7:2, 8:14, 8:16, 8:16, 8:20, 8:21, 9:12, 9:21, 10:4, 10:9, 12:4, 16:9, 18:18, 20:3, 20:3, 20:7, 20:16, 20:20, 20:23, 21:23, 22:8, 22:8, 22:23

Cases (5): 18:12, 18:13, 18:16, 18:24, 19:18

Catapult (13): 9:7,

9:12, 10:9, 12:11, 14:10, 16:10, 16:11, 19:3, 22:9, 22:13, 22:13, 22:16, 22:25

Central (1): 20:3

Certain (2): 5:9, 10:5

Certify (1): 24:2

Cetera (3): 11:16, 11:16, 11:16

Chambers (2): 8:14, 18:2

Chapter (1): 18:19

Charles (1): 3:7

Chase (1): 4:2

Chime (1): 4:13

Circuit (13): 7:2, 8:13, 8:16, 8:21, 9:12, 10:4, 12:7, 16:9, 21:23, 21:23, 22:8, 22:8, 22:23

Cite (1): 22:19

Cited (3): 6:26, 18:12, 19:19

Clarify (1): 6:16

Clause (10): 5:17, 6:19, 7:4, 8:6, 13:6, 19:15, 19:17, 19:18, 20:6, 20:10

Clay (1): 2:16

Clear (2): 13:21, 13:23

Code (7): 5:15, 7:3, 11:20, 12:12, 20:8, 20:10, 21:8

Collective (1): 16:16

Colorado (1): 12:2

Comments (2):

7:23, 18:9

Commission (1): 20:21

Committee (4): 2:1, 3:17, 6:26, 18:16

Committees (1): 4:14

Compel (1): 18:21

Completely (1): 9:23

Concerned (2): 9:7, 10:26

Concluded (2): 13:18, 23:16

Concludes (1): 23:12

Conclusion (1): 13:16

Conduct (2): 4:23, 5:3

Confirmation (1): 15:17

Congress (1): 21:2

Consent (2): 9:10, 9:11

Considerations (2): 17:3, 20:8

Consolidate (2): 15:2, 15:3

Consolidation (1): 14:23

Contain (1): 7:8

Contains (1): 7:4

Continued (1): 4:14

Contract (15): 6:6, 6:10, 6:15, 6:24, 7:13, 7:15, 9:14, 10:11, 11:6, 11:12, 11:13, 12:24, 13:10,

15:19, 19:4

Contracts (2): 6:4, 10:5

Contractual (2): 6:5, 8:18

Controversial (1): 22:16

Controversy (1): 4:24

Corp (1): 22:22

Corporate (1): 8:22

Corporation (23): 3:1, 3:12, 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 20:10, 21:1, 22:1, 23:1

Corporations (2): 5:14, 7:3

Costello (1): 17:14

Couldnt (1): 15:20

Couple (1): 5:24

Court (9): 2:14, 2:15, 3:4, 3:6, 3:14, 10:21, 10:22, 11:5, 12:23

Creditorspachulski (1): 2:2

Cure (2): 14:23, 14:24

Curious (1): 14:2

D

Daniel (1): 3:24

Date (2): 24:8, 24:8

David (2): 4:5, 4:8

Davis (1): 4:3

Day (1): 22:16

Days (1): 11:19

Deal (1): 16:10

Dealing (2): 8:5, 14:14

Deals (2): 6:3, 22:9

Debtor (5): 8:10, 10:19, 11:12, 11:14, 14:12

Debtors (3): 4:9, 7:14, 22:11

Decision (1): 8:4

Declaration (1): 4:20

Declare (1): 4:15

Deeply (1): 13:24

Defeating (1): 20:11

Delve (1): 13:24

Describe (1): 7:4

Determine (1): 6:13

Development (1): 22:22

Devils (1): 11:9

Didnt (2): 13:23, 16:9

Different (1): 8:25

Disagree (1): 8:11

Disagrees (1): 22:25

Disassociated (5): 5:15, 7:10, 18:14, 18:14, 18:21

Disassociating (1): 20:13

Disclosure (3): 14:19, 16:23, 23:9

Dispute (4): 5:21, 6:8, 7:15, 8:3

Dissolving (1): 20:12

District (3): 3:6, 18:12, 20:4

Dive (1): 10:15

Doesnt (9): 8:7, 13:7, 14:11, 14:12, 18:21, 19:3, 19:4, 19:22, 22:15

Dont (8): 5:21, 9:13, 10:22, 12:9, 12:13, 18:16, 18:21, 18:24

Down (5): 5:20, 11:8, 14:6, 14:17, 14:21

During (3): 16:2, 20:20, 20:22

Duties (1): 7:20

E

EGAN (6): 3:24, 9:18, 9:21, 10:2, 10:14, 23:14

ESQ (2): 2:1, 2:8

Earlier (2): 10:4, 13:5

Early (1): 11:19

Earn (1): 20:21

Easier (1): 16:11

Easiest (1): 11:22

Effectively (1): 16:25

Effort (1): 5:7

Egan (5): 3:22, 3:24, 9:6, 9:20, 9:26

Electronic (1): 2:24

Electronically (1): 2:14

Else (2): 4:4, 18:9

Enacted (1): 21:9

Entity (2): 10:13,

15:4

Escribers (2): 2:19, 24:5

Essentially (3): 6:3, 15:18, 17:2

Estate (6): 8:9, 17:2, 19:5, 19:16, 20:14, 21:4

Estates (1): 18:22

Et (24): 3:1, 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 11:15, 11:16, 11:16, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1

Even (1): 15:20

Everybody (1): 4:13

Everyone (3): 4:21, 8:16, 14:17

Everyones (2): 9:24, 23:11

Exactly (1): 9:2

Example (3): 5:22, 18:18, 20:18

Exception (1): 11:10

Exceptions (1): 9:4

Excuses (1): 11:14

Executive (1): 6:3

Executory (10): 6:10, 6:14, 6:15, 6:24, 7:13, 7:15, 7:22, 11:11, 12:24, 13:10

Experience (3): 9:6, 9:24, 16:16

Experienced (1):

18:19

Extent (1): 5:9

F

Face (2): 13:4, 14:8

Facie (1): 14:8

Facile (1): 15:15

Facing (1): 18:15

Fact (1): 12:24

Facto (8): 5:17, 5:17, 6:19, 7:4, 7:9, 8:5, 8:17, 13:5

Fail (1): 11:4

Falls (1): 12:12

Familiar (1): 14:5

Family (1): 4:2

Federal (1): 19:20

Fee (2): 17:22, 18:5

Fierro (2): 4:20, 8:24

File (2): 7:9, 17:3

Filed (1): 6:7

Filing (2): 5:16, 19:23

Financial (6): 10:5, 10:6, 10:10, 10:18, 10:25, 12:10

Finds (1): 12:23

First (10): 3:14, 6:14, 7:2, 8:16, 8:16, 21:23, 21:23, 22:8, 22:8, 22:23

Five (2): 16:16, 18:5

Flesh (1): 21:17

Flipping (1): 21:7

Focus (1): 7:10

Focused (1): 14:7

Focusing (1): 7:8

Folks (1): 8:17

Following (1): 9:8

Footnote (1): 8:24

Foregoing (1): 24:2

Francisco (1): 2:6

Frankly (1): 13:22

Free (2): 9:23, 18:6

Front (1): 14:15

Fully (1): 6:20

Further (2): 11:8, 14:21

G

GP (1): 18:14

Gee (1): 18:13

General (19): 4:18, 4:23, 5:8, 5:15, 7:18, 7:20, 9:9, 10:12, 10:13, 10:16, 10:17, 10:20, 10:24, 12:4, 14:4, 14:12, 16:2, 20:18, 20:19

Generated (1): 4:24

Gets (1): 13:4

Given (1): 16:15

Glimmer (1): 16:17

Goes (2): 19:3, 23:2

Good (6): 3:13, 3:15, 3:18, 3:20, 4:5, 21:10

Grab (1): 8:14

Guess (6): 6:9, 6:11, 8:23, 13:20, 15:6, 22:17

H

Hang (2): 9:22, 22:3

Happened (1): 12:4

Happens (2): 15:8, 15:9

Havent (3): 13:16, 13:18, 13:20

Heard (1): 12:20

Hearing (3): 3:11, 4:14, 17:5

Held (1): 8:10

Hes (1): 18:14

Hit (2): 17:10, 23:7

Hogan (2): 2:9, 4:10

Hole (1): 11:8

Honest (1): 16:18

Honor (30): 3:10, 3:10, 3:15, 3:20, 3:24, 4:5, 4:10, 5:20, 7:6, 7:15, 9:2, 9:18, 10:2, 10:14, 11:2, 11:19, 12:13, 12:20, 13:17, 13:20, 15:11, 16:24, 17:17, 18:26, 20:16, 20:18, 23:8, 23:10, 23:14, 23:15

Honorable (1): 3:7

Hoping (1): 16:15

Horse (2): 5:10, 14:15

I

Ill (8): 4:13, 4:22, 16:18, 17:9, 22:6, 22:18, 22:21, 23:3

Im (31): 4:6, 4:11, 6:12, 6:13, 9:16, 9:23, 10:26, 11:8, 11:18, 11:19, 12:3, 12:12, 13:14, 14:2, 14:2, 14:14, 14:21, 15:15, 16:19, 16:20, 16:21, 17:13, 18:15,

18:20, 19:24, 21:15, 21:17, 21:18, 21:20, 23:4, 23:12

**Impeded (1):** 10:20

**Important (1):** 16:24

**Included (1):** 8:24

**Individuals (1):** 15:3

**Initial (1):** 9:21

**Intact (1):** 20:6

**Interest (3):** 8:10, 18:23, 20:6

**Interesting (1):** 12:9

**Interim (1):** 15:23

**Into (4):** 8:14, 10:15, 13:24, 19:13

**Investment (1):** 22:22

**Investments (2):** 4:16, 4:18

**Ipso (8):** 5:17, 5:17, 6:19, 7:4, 7:9, 8:5, 8:17, 13:5

**Is (80):** 3:5, 3:10, 4:14, 4:24, 5:9, 5:12, 5:15, 5:24, 6:8, 6:9, 6:11, 6:13, 6:14, 6:14, 6:15, 7:3, 7:8, 7:11, 7:12, 7:15, 7:17, 7:17, 7:22, 8:4, 8:10, 8:22, 8:23, 9:8, 9:8, 9:14, 9:23, 9:24, 10:3, 10:15, 10:17, 10:19, 10:22, 10:23, 10:24, 11:4, 11:6, 11:7, 11:9, 11:10, 12:24, 13:4, 14:2, 14:15, 14:17, 14:23,

15:6, 15:8, 15:9, 15:10, 15:23, 16:8, 16:12, 17:2, 17:5, 17:19, 18:6, 18:14, 18:14, 18:15, 19:4, 19:11, 19:19, 19:22, 20:2, 20:8, 20:13, 20:19, 20:24, 21:4, 22:8, 22:11, 22:17, 22:21, 23:6, 24:2

**Isnt (1):** 8:9

**Issue (22):** 4:22, 5:2, 5:7, 5:9, 5:13, 5:19, 8:15, 9:18, 11:5, 11:7, 11:9, 12:2, 12:10, 14:10, 14:11, 14:13, 18:15, 18:17, 19:2, 20:5, 22:7, 22:9

**Issues (2):** 14:16, 16:21

**Iteration (1):** 10:3

**Itll (1):** 23:5

**Ive (11):** 4:19, 6:8, 14:22, 16:14, 16:14, 16:18, 16:20, 17:12, 18:10, 18:20, 19:19

**J**

**JASON (1):** 2:1

**Jason (1):** 3:15

**Jones (2):** 2:3, 3:16

**Judge (4):** 6:16, 7:24, 8:3, 21:21

**K**

**KELLY (21):** 3:20, 4:2, 6:16, 6:18, 6:22, 7:24, 8:3, 8:8,

8:12, 12:20, 12:23, 13:3, 13:8, 13:9, 13:13, 21:21, 21:23, 22:2, 22:5, 22:6, 23:10

**KS (1):** 2:8

**KSMP (1):** 4:11

**Keep (1):** 12:6

**Keeps (1):** 20:6

**Keller (1):** 4:8

**Kelly (10):** 3:19, 3:20, 6:20, 6:20, 7:7, 8:2, 8:11, 12:22, 13:2, 18:11

**Kim (1):** 4:9

**Kind (5):** 5:23, 9:21, 10:3, 14:7, 20:4

**L**

**LFM (1):** 8:5

**LLC (1):** 2:19

**LLP (1):** 2:9

**LP (1):** 4:16

**LPRICHARD (1):** 2:8

**Latest (1):** 10:2

**Law (13):** 6:5, 6:25, 7:2, 7:3, 8:9, 9:10, 11:13, 13:8, 16:9, 19:15, 19:20, 19:21, 21:5

**Laws (1):** 21:2

**Lawyer (1):** 11:20

**Lawyers (1):** 16:16

**Lease (3):** 6:25, 11:12, 11:13

**Leases (1):** 6:4

**Least (1):** 16:17

**Leave (3):** 4:13,

9:15, 22:7

**Leaves (1):** 9:16

**Lefever (30):** 3:1, 3:11, 4:1, 4:9, 4:17, 4:23, 4:25, 5:1, 5:4, 6:1, 6:10, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 16:2, 17:1, 18:1, 19:1, 20:1, 20:18, 21:1, 22:1, 23:1

**Leroux (1):** 22:22

**Lets (3):** 3:9, 6:2, 20:16

**Limbo (1):** 17:2

**Limited (4):** 6:11, 10:18, 14:3, 15:7

**Line (2):** 10:3, 23:6

**Listening (1):** 3:23

**Literally (1):** 22:14

**Litigated (2):** 11:24, 12:2

**Live (4):** 3:21, 4:16, 4:18, 20:17

**Loan (1):** 10:11

**Long (2):** 12:3, 18:4

**Look (6):** 6:2, 14:6, 17:12, 18:20, 21:15, 22:11

**Looked (1):** 13:22

**Looking (3):** 10:9, 12:12, 14:21

**Los (1):** 2:12

**Loss (1):** 11:18

**Lot (3):** 14:4, 18:4, 18:6

**Lovells (2):** 2:9,

4:11

**M**

**Majority (2):** 22:10, 22:11

**Making (2):** 3:22, 4:3

**Mansdorf (2):** 18:18, 18:19

**Massachusetts (2):** 8:20, 8:21

**Matter (4):** 8:7, 13:7, 15:21, 15:22

**Mattson (31):** 2:8, 3:1, 3:11, 4:1, 4:9, 4:17, 4:23, 5:1, 5:2, 5:4, 6:1, 6:10, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 16:2, 17:1, 18:1, 19:1, 20:1, 20:18, 21:1, 22:1, 23:1

**May (10):** 4:12, 4:13, 6:5, 7:8, 9:5, 9:12, 14:10, 14:10, 14:16, 19:2

**Maybe (1):** 14:4

**Mean (14):** 8:25, 9:23, 11:24, 12:14, 13:2, 13:3, 13:22, 14:11, 14:16, 14:17, 15:2, 15:7, 15:15, 18:21

**Means (1):** 13:11

**Might (9):** 7:4, 9:5, 9:18, 12:10, 12:11, 14:5, 14:9, 15:7, 19:9

Milliondollars (1): 18:6

Mind (1): 21:17

Minority (3): 9:13, 9:13, 22:10

Modify (1): 6:5

Moment (2): 6:2, 9:17

Monitoring (2): 3:25, 4:11

Monthly (1): 17:3

More (5): 13:4, 14:5, 14:7, 16:19, 22:14

Motion (3): 4:15, 4:22, 14:22

Moved (4): 17:8, 17:16, 17:19, 17:23

Much (2): 5:21, 23:3

Mulling (1): 16:21

Murky (1): 13:4

N

NOVEMBER (1): 3:2

Name (1): 22:21

Necessarily (1): 12:5

Need (3): 9:5, 9:7, 9:24

Next (2): 9:4, 21:6

Ninth (4): 9:12, 10:4, 12:7, 16:9

Nondebtors (1): 15:3

Northern (2): 3:6, 18:12

Notwithstanding

(1): 6:24

Novack (1): 3:7

Number (2): 3:12, 17:22

O

OAKLAND (1): 3:2

Oak (4): 3:21, 4:16, 4:18, 20:17

Oakland (1): 2:17

Obligation (2): 6:6, 7:17

Obligations (2): 14:3, 14:4

Obviously (3): 12:5, 12:7, 14:3

Oclock (2): 3:11, 23:12

Off (4): 9:23, 22:4, 22:18, 22:20

Official (1): 2:1

One (7): 2:4, 13:18, 15:4, 16:18, 19:2, 22:3, 22:18

Ones (3): 8:8, 8:9, 12:25

Ongoing (1): 7:17

Only (2): 8:18, 22:7

Ooo (1): 3:3

Operate (1): 14:12

Operating (6): 5:6, 6:9, 8:21, 9:8, 15:7, 17:4

Operation (2): 8:9, 13:8

Opposed (1): 22:13

Option (1): 10:19

Order (2): 3:4,

17:10

Original (1): 7:11

Otherwise (1): 20:13

Out (7): 7:20, 10:4, 17:10, 20:3, 21:17, 22:10, 23:5

Over (1): 16:21

Owes (1): 7:21

P

PM (2): 3:2, 23:16

Pachulski (1): 3:16

Paragraph (1): 11:11

Part (2): 10:8, 18:16

Parties (3): 5:14, 6:13, 16:22

Partner (17): 4:18, 4:23, 5:8, 5:15, 7:18, 7:20, 9:10, 10:13, 10:16, 10:17, 10:24, 12:4, 14:4, 14:13, 16:2, 20:19, 20:19

Partners (6): 2:8, 6:11, 9:11, 10:18, 14:3, 18:22

Partnership (30): 4:17, 5:6, 6:9, 6:15, 6:18, 7:12, 7:19, 7:21, 8:5, 8:22, 8:26, 9:9, 10:12, 10:15, 10:21, 12:6, 12:23, 13:6, 13:9, 13:21, 13:25, 15:7, 15:13, 18:22, 18:23, 20:6, 20:12, 20:19, 20:22, 21:5

Party (2): 9:11, 11:14

Pass (1): 11:21

Path (1): 16:17

Payments (1): 4:25

Pendency (3): 16:3, 20:20, 20:22

People (1): 5:9

Performance (2): 11:15, 11:15

Permit (1): 20:9

Personal (2): 11:6, 12:11

Perspective (3): 7:14, 7:21, 14:14

Ph (1): 16:8

Phoenix (2): 2:22, 24:7

Place (1): 14:13

Plan (2): 14:18, 15:11

Playing (1): 11:8

Please (2): 3:8, 3:13

Plunkett (4): 8:4, 16:6, 16:7, 16:8

Point (4): 12:21, 13:13, 15:6, 22:24

Policy (1): 20:7

Possibly (2): 21:12, 21:13

Post (1): 21:13

Postact (1): 21:14

Practical (1): 17:2

Precedent (1): 12:5

Preconfirmation (1): 16:3

Predates (1): 22:25

Presiding (1): 3:7

Pretty (3): 13:23,

22:16, 22:23

Prima (1): 14:7

Probably (3): 4:11, 18:3, 23:5

Problem (4): 15:16, 16:8, 16:8, 18:14

Proceedings (3): 2:24, 23:16, 24:3

Prohibits (1): 11:13

Property (12): 4:25, 8:8, 15:8, 15:9, 15:9, 15:12, 19:4, 19:16, 20:13, 20:17, 20:21, 21:4

Protected (1): 20:24

Provide (1): 15:12

Provided (1): 2:25

Provision (4): 5:17, 6:24, 7:9, 8:18

Provisions (1): 19:20

Purpose (2): 20:8, 20:11

Put (2): 4:22, 5:9

Puts (2): 14:11, 14:13

Q

Quick (4): 11:18, 12:13, 12:17, 21:15

Quickly (1): 21:7

R

ROSELL (39): 2:1, 3:15, 5:20, 5:24, 7:6, 7:14, 7:17, 7:18, 9:2, 11:2, 11:4, 11:6, 12:17, 15:11, 15:13, 15:17,

15:22, 16:4, 16:6, 16:24, 17:3, 17:7, 17:11, 17:22, 18:2, 18:7, 18:26, 19:7, 19:13, 19:15, 20:2, 20:5, 20:16, 21:10, 21:11, 21:12, 21:14, 21:19, 23:8

Rabbit (1): 11:8
Raised (3): 5:12, 5:13, 18:11
Rarely (1): 11:18
Re (4): 9:7, 9:12, 20:2, 22:9
Reach (2): 13:15, 13:15
Read (8): 4:19, 5:11, 6:23, 6:25, 16:20, 18:10, 18:23, 19:19
Reading (1): 11:20
Reads (1): 22:13
Real (1): 4:25
Really (7): 5:3, 5:21, 10:5, 10:24, 13:23, 19:3, 19:3
Reason (1): 8:4
Recognition (1): 20:9
Recognized (1): 5:23
Recognizes (1): 20:5
Record (4): 22:4, 22:18, 22:20, 24:3
Recorded (2): 2:14, 2:24
Recorder (1): 2:14
Recording (1): 2:24
Referenced (1): 21:23

Referred (2): 19:14, 20:2
Regarding (1): 5:21
Reject (1): 15:19
Relating (1): 4:16
Relies (1): 8:5
Remember (3): 12:3, 12:25, 14:20
Remind (1): 4:21
Reminds (3): 8:15, 8:17, 11:19
Removal (1): 10:20
Remove (2): 4:17, 16:2
Rendering (1): 11:15
Reorganization (2): 20:9, 20:11
Replace (2): 4:18, 5:8
Report (1): 17:4
Resolved (1): 16:22
Respect (1): 11:5
Responded (1): 5:14
Reviewed (2): 13:21, 13:24
Richard (1): 4:10
Right (34): 4:3, 5:5, 5:19, 6:6, 7:7, 9:3, 10:16, 10:23, 11:9, 12:8, 13:3, 13:8, 14:9, 14:17, 15:11, 15:13, 15:14, 15:14, 15:18, 15:22, 16:3, 16:5, 17:3, 17:5, 17:24, 19:8, 19:8, 20:15, 20:21, 20:24, 21:6, 21:12, 21:14, 23:8

Rights (4): 9:9, 10:16, 10:18, 19:23
Rise (1): 3:5
Road (2): 14:17, 14:22
Rosell (7): 3:16, 5:19, 7:5, 11:3, 12:16, 14:5, 21:8
Routine (1): 17:14

S

SHAPIRO (2): 2:18, 24:4
SHARONA (2): 2:18, 24:4
Safran (2): 20:2, 20:4
Sale (1): 4:24
Same (1): 13:10
San (1): 2:6
Sansome (1): 2:4
Save (1): 9:16
Saying (2): 13:5, 18:20
Seated (1): 3:8
Second (2): 22:4, 22:18
Section (3): 5:15, 7:19, 19:12
Seeking (1): 15:18
Seem (1): 8:25
Sell (1): 20:21
Selling (1): 18:20
Serves (1): 10:13
Service (3): 2:25, 10:13, 11:6
Services (1): 12:11
Shapiro (1): 24:2
Sharona (1): 24:2

Show (1): 16:17
Sickness (1): 11:22
Side (1): 6:11
Simply (1): 6:6
Situation (1): 21:4
Solved (1): 15:16
Somebody (1): 15:7
Somehow (2): 10:18, 10:20
Someone (3): 6:7, 14:11, 14:13
Sorry (3): 4:6, 4:6, 14:21
Sound (2): 2:24, 17:13
Speciallyset (1): 3:11
Spells (1): 7:20
Spend (1): 18:4
Squarely (2): 14:13, 22:24
Stage (2): 13:14, 15:17
Stang (2): 2:2, 3:16
Stars (1): 2:10
State (7): 8:18, 8:25, 16:25, 17:2, 19:15, 19:21, 21:2
Statement (4): 14:19, 16:23, 18:13, 23:9
States (3): 2:15, 3:5, 21:3
Statute (4): 8:6, 8:19, 13:3, 22:14
Statutes (1): 8:25
Stay (9): 4:16, 5:3, 5:8, 11:6, 13:11, 13:23, 14:8, 16:4,

23:6
Stays (1): 14:13
Still (3): 15:20, 21:17, 22:17
Street (4): 2:4, 2:16, 2:20, 24:6
Strip (2): 19:15, 21:3
Struggling (2): 12:3, 16:21
Submitted (1): 4:20
Subsection (1): 11:11
Substantive (1): 14:22
Successful (1): 14:23
Suite (4): 2:5, 2:11, 2:21, 24:6
Summit (1): 22:22
Supremacy (6): 5:16, 19:15, 19:17, 19:18, 20:5, 20:10
Sure (2): 6:12, 22:5
Svenhards (1): 10:3

T

TAYLOR (2): 4:5, 4:8
THURSDAY (1): 3:2
Talking (3): 10:10, 10:12, 21:11
Talks (1): 20:7
Taylor (5): 4:6, 4:6, 4:7, 4:8, 14:5
Term (1): 6:5
Terminate (2): 6:5, 19:23

**Terminated (1):** 10:24

**Terms (2):** 7:19, 14:18

**Thats (25):** 5:7, 5:8, 5:19, 5:20, 7:8, 7:10, 8:23, 10:8, 11:22, 13:3, 14:14, 14:17, 15:11, 15:17, 16:14, 17:7, 19:13, 19:13, 19:24, 21:7, 21:13, 21:17, 21:18, 22:15, 23:4

**Therefore (2):** 19:23, 22:12

**Theres (16):** 5:21, 6:26, 7:2, 7:15, 8:13, 10:11, 10:11, 13:5, 13:11, 15:5, 15:6, 18:9, 19:15, 19:17, 21:16, 22:10

**Theyre (2):** 10:6, 16:9

**Thinking (6):** 10:3, 11:19, 13:14, 16:15, 21:18, 23:4

**Third (1):** 9:11

**Thomas (1):** 3:20

**Though (2):** 11:4, 15:23

**Thought (1):** 14:7

**Thoughts (1):** 11:17

**Today (1):** 11:5

**Touch (1):** 18:26

**Transcriber (1):** 2:18

**Transcript (2):** 2:25, 24:2

**Transcription (1):**

2:25

**Transfer (1):** 10:12

**True (1):** 24:3

**Trumping (3):** 19:14, 20:10, 21:2

**Trumps (3):** 19:15, 19:20, 20:6

**Trust (3):** 4:2, 15:10, 15:12

**Trustee (2):** 11:15, 18:19

**Trying (3):** 6:12, 6:13, 21:17

**Tuesday (7):** 17:7, 17:9, 17:10, 17:11, 17:20, 23:5, 23:7

**Two (1):** 13:10

**U**

**Under (11):** 6:6, 7:18, 8:21, 9:10, 12:12, 14:3, 16:6, 19:14, 20:19, 20:22, 21:4

**Unexpired (3):** 6:4, 6:25, 11:12

**Uniform (2):** 8:22, 8:26

**United (2):** 2:15, 3:5

**Unsecured (1):** 2:2

**Unwilling (1):** 13:15

**Up (1):** 4:13

**Upon (5):** 5:16, 8:4, 8:18, 8:26, 19:23

**V**

**Valid (1):** 19:20

**Vested (1):** 15:12

**View (6):** 9:13, 11:23, 13:22, 14:20, 22:10, 22:11

**Violate (3):** 5:5, 5:6, 16:4

**Violated (4):** 5:3, 5:8, 23:6, 23:6

**Violates (2):** 5:16, 5:18

**Violation (4):** 4:15, 13:11, 13:23, 14:8

**Void (1):** 4:15

**Vote (1):** 4:17

**W**

**WYNNE (17):** 2:8, 4:10, 11:18, 11:24, 12:9, 12:14, 13:17, 13:20, 14:2, 14:16, 14:20, 15:2, 15:5, 15:14, 17:16, 17:19, 23:15

**Wasnt (1):** 18:15

**Way (7):** 4:22, 9:8, 11:21, 11:22, 13:18, 16:17, 23:2

**Wednesday (4):** 17:5, 17:14, 17:17, 17:19

**Whats (5):** 4:21, 13:8, 17:13, 17:14, 21:17

**Whereupon (1):** 23:16

**Whoevers (1):** 6:10

**William (1):** 4:19

**Willing (1):** 13:15

**Wisconsin (1):** 8:23

**Wisdom (1):** 9:24

**Without (2):** 9:10, 9:11

**Work (1):** 23:11

**Worked (1):** 18:2

**Worth (1):** 18:6

**Wouldnt (2):** 13:12, 16:10

**Write (1):** 23:5

**Wrong (1):** 5:5

**Wynne (4):** 4:10, 9:5, 11:17, 14:9

**Y**

**Year (1):** 10:4

**Youre (5):** 7:7, 7:9, 14:17, 19:8, 19:8

**Youve (4):** 19:11, 19:19, 19:19, 19:21

**Z**

**Ziehl (2):** 2:2, 3:16