

FILED

FEB 13 2026

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California Corporation, et al.,<br><br>Debtor. | BAP No. NC-25-1238<br><br>Bk. No. 24-10545 |
| WILLIAM ANDREW, as the general partner of Live Oak Investments LP,<br>Appellant,<br><br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS; LEFEVER MATTSON INC.,<br>Appellees. | **ORDER RE STAY PENDING APPEAL** |

Before: BRAND, GAN, and SPRAKER, Bankruptcy Judges.

On December 12, 2025, appellant filed an emergency motion for stay pending appeal.

The Panel has considered the motion for stay filed at the BAP, the exhibits filed in support of the motion, the appellee's opposition, and the appellate file.

"A stay is not a matter of right . . . [but] is instead an exercise of judicial discretion . . . dependent upon the circumstances of the particular

case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. The standard for evaluating stays pending appeal parallels the standard used for deciding whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Four factors are relevant to determining whether a stay of an order pending appeal is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. "The likelihood of success and irreparable injury are the most critical factors." *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024) (per curiam) (citation modified).

Appellant has not established the first factor because he has not demonstrated a likelihood of success on the merits.

As to the second factor, "in order to demonstrate irreparable harm the [appellant] must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "[I]f the [appellant] has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva–Perez*, 640 F.3d at 965. Here, appellant has not demonstrated irreparable harm absent a stay pending appeal. Appellant argues that that Live Oak's assets will vanish if a stay is not granted due to a pending motion for substantive consolidation and possible plan confirmation. In essence, Appellant appears to argue that the continued prosecution of the bankruptcy cases, specifically the substantive consolidation motion, will result in irreparable injury. Appellant has not established that a stay of the order on appeal which would presumably restore appellant to general manager, would result in a halt to case activity or that even if that were the case, if it is necessary to avoid irreparable injury. Moreover, a diminution of funds is insufficient to establish

irreparable harm. Even if the repayment of funds might be difficult, monetary harm is not irreparable harm since appellant could be compensated if the judgment determining a violation of the automatic stay is vacated or reversed on appeal. *See Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995); *Arthur Treacher's Fish & Chips, Inc. v. A&B Mgmt. Corp. (In re Arthur Treacher's Franchisee Litig.)*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("an injunction [never upheld] where the claimed injury constituted a loss of money or loss capable of recoupment in a proper action at law").

As to the third and fourth factors, it is unclear whether a stay would substantially injure appellees and this appeal does not implicate the public interest.

Accordingly, the motion for stay pending appeal is DENIED.