**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**FOR THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

WILLIAM ANDREW, as the general
partner of Live Oak Investments LP
Appellant*,*

vs.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS; LEFEVER MATTSON INC.
Appellees.

**APPELLEE'S ANSWERING BRIEF**

On Appeal From the United States Bankruptcy Court
Northern District of California, Santa Rose Division
Honorable Charles D. Novak Presiding

John D. Fiero (CA Bar No. 136557)
Steven W. Golden (*Pro Hac Vice*)
Hayley R. Winograd (*Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415-263-7000
Facsimile: 415-263-7010
E-mail: jfiero@pszjlaw.com
          sgolden@pszjlaw.com
          hwinograd@pszjlaw.com

*Counsel for Appellee Official Committee
of Unsecured Creditors*

# TABLE OF CONTENTS

**Page**

I. ISSUE PRESENTED ...................................................................................1

II. SUMMARY OF ARGUMENT ...................................................................1

III. RELEVANT BACKGROUND.................................................................2

    A.    The Bankruptcy Cases and Andrew's Efforts to Seize Control of Live Oak ...............................................................................................2

    B.    The Bankruptcy Court Finds that Andrew's Actions Violated the Automatic Stay .......................................................................................4

    C.    The Plan and Substantive Consolidation Motion.....................................6

    D.    The Appeal and the Stay Motions ...........................................................7

IV. ARGUMENT...........................................................................................8

V. CONCLUSION........................................................................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Butner v. United States*,
440 U.S. 48 (1979)........................................................8, 11

*Colonial Realty Co. v. River Bank Am. (In re Colonial Realty Co.)*,
122 B.R. 1 (Bankr. D. Conn. 1990) ...................................... 9

*Fotouhi v. Mansdorf*,
427 B.R. 798 (N.D. Cal. 2010) ............................................11

*Gould v. Antonelli (In re Antonelli)*,
4 F.3d 984 (4th Cir. 1993) .................................................... 9

*In re All Year Holdings Ltd.*,
648 B.R. 434 (S.D.N.Y. 2022) ........................................... 10

*In re B & M Land and Livestock, LLC*,
498 B.R. 262 (Bankr. D. Nev. 2013) ................................. 10

*In re Envision Healthcare Corp.*,
655 B.R. 701 (S.D. Tex. 2023) ......................................... 6, 9

*In re First Prot., Inc.*,
440 B.R. 821 (B.A.P. 9th Cir. 2010) .................................. 10

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010)............................................. 12

*In re Plunkett*,
23 B.R. 392 (Bankr. E.D. Wis. 1982) .................................. 9

*Johnson v. Johnson*,
2016 WL 1138178 (E.D. Cal. Mar. 23, 2016) ...................11

*Mansdorf v. Epps*,
2011 U.S. Dist. LEXIS 171825 (N.D. Cal. Aug 1, 2011) ...............11

*Yun Hei Shin v. Altman (In re Altman)*,
2018 WL 3133164 (B.A.P. 9th Cir. June 26, 2018)................. 8, 9

## STATUTES

11 U.S.C. § 362(a)(3) .................................................... 5, 8

11 U.S.C. § 541(a)(6) ........................................................11

11 U.S.C. § 541(c)(1)(A) ..................................................... 1, 10

11 U.S.C. § 541(c)(1)(B).................................................... 6, 10

Cal. Civ. Code § 654 .............................................................. 8

Cal. Civ. Code § 655 .............................................................. 8

Cal. Corp. Code § 15901.02 ................................................. 12

Cal. Corp. Code § 15906.03 ................................................... 6

Cal. Corp. Code § 16601 ......................................................... 5

Cal. Corp. Code § 16601(6)(A) ............................................. 10

Cal. Corp. Code § 16603 ......................................................... 6

Cal. Corp. Code § 16603(1) .................................................. 10

# I.

## ISSUE PRESENTED

Whether the Bankruptcy Court correctly found that LFM's management rights constitute property of the estate under Section 541(c) of the Bankruptcy Code and, therefore, Andrew's post-petition removal of LFM as Live Oak's general partner violated the automatic stay under Section 362(a) of the Bankruptcy Code?

# II.

## SUMMARY OF ARGUMENT[1]

The Bankruptcy Court correctly determined that Andrew's post-petition removal of LFM as Live Oak's general partner violated the automatic stay because LFM's management rights constitute property of the estate.

The law is clear: prepetition contract rights, such as LFM's general partner management rights under the Partnership Agreement, constitute estate property under section 541(a) of the Bankruptcy Code that is protected by the automatic stay. As the Bankruptcy Court correctly explained, section 541(c)(1)(A) overrides any state law effort to diminish such rights. Thus, the provisions of the California Corporations Code that Andrew relies upon constitute impermissible *ipso facto* provisions that are inconsistent with Bankruptcy Code § 541(c)(1)(B). Andrew's assertion that LFM somehow forfeited its prepetition management interests upon LFM's bankruptcy

---

[1] Capitalized terms used herein shall have the meanings ascribed to them below.

1

filing ignores these fundamental principles of bankruptcy law and the United States Constitution's Supremacy Clause.

Andrew's remaining contentions in support of his Appeal are also meritless. For instance, Andrew's argument that the Partnership Agreement is not assumable and assignable is irrelevant. Whether the Partnership Agreement is assumable and assignable was not at issue before the Bankruptcy Court and it is not at issue in this Appeal. Andrew's assertion that LFM breached the Partnership Agreement also misses the point. The question here is not whether LFM breached the Partnership Agreement, but whether the removal of LFM as general partner of the Live Oak limited partnership violated the automatic stay. Even if, *arguendo*, LFM had breached the Partnership Agreement, Andrew still violated the automatic stay by purporting to remove LFM as general partner.

For the reasons that follow, the Bankruptcy Court's Order should be affirmed.

## III.

## RELEVANT BACKGROUND

**A.**    **The Bankruptcy Cases and Andrew's Efforts to Seize Control of Live Oak**

On September 12, 2024, the LFM Debtors, including Live Oak Investments, L.P. ("Live Oak") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "LFM Petition Date") in the United States Bankruptcy Court

for the Northern District of California (the "<u>Bankruptcy Court</u>").[2]  Those cases are being jointly administered for procedural purposes with the LFM case as the lead case.

Live Oak is a limited partnership organized under California Law.  On the Petition Date, LFM was its general partner.[3]  LFM also holds an approximate 21% partnership interest in Live Oak.  When Live Oak filed its Chapter 11 Case, its primary assets included cash totaling $3,141,039 and intercompany claims (valued at approximately $3.2 million) against several of its affiliated LFM Debtors.

The managerial rights and duties of Live Oak's general partner are governed by the Limited Partnership Agreement of Live Oak Investments LP (the "<u>Partnership Agreement</u>") (*see* AER[4] 113-14).  Thus, when LFM filed for bankruptcy, its duties as Live Oak's general partner included the management of Live Oak's cash assets, intercompany claims, and determining how Live Oak's Chapter 11 Case should proceed.

---

[2] Debtor Windscape Apartments, LLC, filed its chapter 11 petition on August 6, 2024. Debtors Pinewood Condominiums, LP, and Ponderosa Pines, LP, filed their chapter 11 petitions on October 2, 2024.

[3] In September 2024, LFM was the managing entity of more than 60 limited partnership and limited liability corporations, most of which owned real property as their primary assets. LFM filed chapter 11 bankruptcies for virtually all of these entities to address an alleged Ponzi scheme which involved, among others, LFM and its managed entities.

[4] Refers to Appellant's Excerpts of Record.

On October 7, 2025, two limited partners of Live Oak – the William N. Andrew and Sally G. Andrew Revocable Trust dated June 21, 2001 (the "Andrew Trust," and led by Andrew as trustee) and the Burgess Trust dated October 9, 2006 (the "Burgess Trust," and led by Ronald and Molly Burgess as trustees) – filed a *Notice of Partnership Meeting* (AER 214-16) (the "Notice"). The stated purpose of the meeting was to "remove LeFever Mattson Inc. as the General Partner of Live Oak Investments L.P." and to "appoint William Andrew as the new General Partner of Live Oak Investments L.P." on the purported ground that LFM violated the Partnership Agreement. (AER 215). Two days later, on October 9, 2025, the noticed partnership meeting was held, a vote was conducted, and Andrew was purportedly chosen to replace LFM as Live Oak's general partner. Immediately thereafter, Live Oak purported to: a) terminate the services of its chapter 11 counsel; b) employ Thomas P. Kelly III (the Andrew Trust's and Burgess Trust's counsel) as its new bankruptcy counsel; and c) withdraw its endorsement of the pending Plan (as defined below). [*See* Bankr. Docket No. 2613].[5]

**B.    The Bankruptcy Court Finds that Andrew's Actions Violated the Automatic Stay**

On October 24, 2025, the Committee filed its *Motion to Declare Void Actions in Violation of the Automatic Stay Related to Live Oak Investments, LP* (AER 9-21) (the "Stay Violation Motion"), requesting entry of an order declaring the purported

---

[5] "Bankr. Docket" refers to the docket maintained in the Bankruptcy Case.

removal of LFM as general partner of Live Oak null and void because such removal violated the automatic stay of Bankruptcy Code. Andrew opposed the Stay Violation Motion, (AER 74), arguing that "[u]nder California law, upon the filing of a bankruptcy petition, a partner is automatically disassociated from the partnership" and therefore, "LFM [had] lost all right to participate in the management of Debtor." (AER 82-83) (citing Cal. Corp. Code § 16601).

After a hearing and then taking the matter under advisement, on November 20, 2025, the Bankruptcy Court entered its order granting the Stay Violation Motion. *See* AER 445-51 (the "Order"). The Bankruptcy Court held that Live Oak's removal of LFM as general partner violated the automatic stay that arose on the LFM Petition Date, and accordingly, (a) denied attorney Kelly's employment; (b) reinstated Live Oak's prior chapter 11 counsel; and (c) denied Live Oak's request to withdraw from the Disclosure Statement and Plan. *See* AER 449-450.

In support of its Order, the Bankruptcy Court found that LFM's managerial responsibilities were property of the estate under section 541(c)(1) of the Bankruptcy Code. Therefore, the Bankruptcy Court explained, by stripping LFM of this property, "the limited partners who voted to oust [LFM] violated Bankruptcy Code § 362(a)(3), which prohibits 'any [post-petition] act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.'" (AER 447) (quoting 11 U.S.C. § 362(a)(3)). The Bankruptcy Court specifically

rejected Andrew's argument that, under California law, the partnership meeting was somehow not an act that altered LFM's property rights, finding that Andrew's reliance on California law "ignores certain fundamental principles of bankruptcy law," and that "[n]othing in the Bankruptcy Code renders the economic v. managerial distinction meaningful in the context of the creation of the estate." (AER 447, 449) (quoting *In re Envision Healthcare Corp.*, 655 B.R. 701, 711 (Bankr. S.D. Tex. 2023)). The Bankruptcy Court further found that the pertinent language of the California Corporations Code §§ 15906.03 and 16603 were "impermissible *ipso facto* clauses that are inconsistent with Bankruptcy Code § 541(c)(1)(B) and thus violative of the Constitution's Supremacy Clause." (AER 448).

## C.  The Plan and Substantive Consolidation Motion

On December 7, 2025, the LFM Debtors, KSMP, and the Committee (collectively, the "Plan Proponents") jointly filed the *Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3054] (as may be amended and supplemented from time to time, the "Plan"). Pursuant to the Plan, the Plan Proponents seek, among other things, a Ponzi finding applicable to all of the LFM Debtors (including Live Oak) and KSMP. Andrew did not timely file an objection to the confirmation of the Plan. The hearing on Plan confirmation is scheduled to take place in April 2026.

On December 1, 2025, the Committee filed the *Amended Motion of the Official Committee of Unsecured Creditors for Substantive Consolidation of the Debtors and*

*the KSMP Investment Entities and for Related Relief* [Docket No. 2943] (the "<u>Substantive Consolidation Motion</u>"). Pursuant to the Substantive Consolidation Motion, the Committee seeks the substantive consolidation of all of the LFM Debtors (including Live Oak) and KSMP. The hearing on Plan confirmation is scheduled to take place in April 2026. Andrew did not timely object to the Substantive Consolidation Motion, which is scheduled to be heard by the Bankruptcy Court in early March 2026.

**D.      <u>The Appeal and the Stay Motions</u>**

On December 5, 2025, Andrew appealed the Order to the United States Bankruptcy Appellate Panel of the Ninth Circuit (this "<u>Panel</u>"). *See* Bankr. Docket No. 3037; B.A.P. No. NC-25-1238 (the "<u>Appeal</u>"). On December 21, 2025, Andrew filed his *Application for Appellate Stay* [Bankr. Docket No. 3192] (the "<u>Stay Motion</u>") with the Bankruptcy Court, seeking a stay of the Order pending this Appeal. The Committee filed the *Committee's Opposition to Application for Appellate Stay* [Bankr. Docket No. 3350] on January 12, 2026.

The Bankruptcy Court conducted a hearing on the Stay Motion on January 21, 2026 (the "<u>Hearing</u>"). At the conclusion of the Hearing, the Bankruptcy Court issued a bench ruling denying Stay Motion, and on January 22, 2026, the Bankruptcy Court entered the *Order Denying Motion for a Stay Pending Appeal* [Docket No. 3448] (the "<u>Stay Order</u>"). On January 21, 2026, Andrew filed his *Emergency Motion for*

*Appellate Stay* before this Panel [Docket No. 6-1][6] (the "Emergency Motion"). On February 13, 2026, the Emergency Motion was denied, [Docket No. 13].

**IV.**

**ARGUMENT**

The Bankruptcy Court correctly found that LFM's prepetition contractual right to manage Live Oak was property of LFM's bankruptcy estate and thus protected by the automatic stay. Under Section 362(a) of the Bankruptcy Code, the automatic stay prohibits "any [post-petition] act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "It is well settled that prepetition contract rights are included within the Bankruptcy Code's definition of bankruptcy estate property," and that such rights include "non-economic" rights such as management rights. *See Yun Hei Shin v. Altman (In re Altman)*, 2018 WL 3133164, at *5 (B.A.P. 9th Cir. June 26, 2018) (collecting cases).

While section 541 determines whether prepetition interests fall within the scope of the bankruptcy estate, state law defines the nature and extent of the debtor's property interest. *See Butner v. United States*, 440 U.S. 48, 55 (1979). Under California law, a contract right is "property." *See* Cal. Civ. Code §§ 654, 655. Therefore, under well-established bankruptcy law, prepetition contract rights,

---

[6] Refers to the docket maintained in this Panel.

including management rights, constitute estate property under section 541(a) that are protected by the automatic stay. *See, e.g.*, *Altman*, 2018 WL 3133164, at *5 ("[U]nder the Operating Agreement, Mr. Altman had the prepetition contractual right to manage DSF. The bankruptcy court correctly found that this non-economic contractual right to manage DSF was property of Mr. Altman's estate under § 541(a)(1) and therefore protected by the automatic stay."); *Gould v. Antonelli (In re Antonelli)*, 1993 WL 321584, at *6 (4th Cir. Aug. 23, 1993) ("When bankruptcy proceedings commenced, Antonelli's general partnership interests became the property of the Debtor's bankruptcy estate. Both the economic interest in the partnerships and the right to participation in the management of the partnerships' affairs vested in the estate.") (internal citation omitted); *Colonial Realty Co. v. River Bank Am. (In re Colonial Realty Co.)*, 122 B.R. 1, 4 (Bankr. D. Conn. 1990) (finding defendant lender's acts "in removing the debtor from such management control were direct acts to obtain possession of property of and from the estate."); *Envision Healthcare*, 655 B.R. at 711 ("Nothing in the Bankruptcy Code renders the economic v. managerial distinction meaningful in the context of the creation of the estate. Any such legal or equitable interest at the time of filing comes into the estate."); *In re Plunkett*, 23 B.R. 392, 394 (Bankr. E.D. Wis. 1982) (where investors attempted to remove a debtor as the managing general partner, the Bankruptcy Court held that the

investors' actions were actions against the debtor's contractual right to manage the partnership property, which was property of the estate).

Andrew erroneously (and myopically) relies on various provisions of the California Corporations Code to support his argument that LFM had no continued contractual right to manage Live Oak.  *See* Br.[7] at 11 – 12 (citing Cal. Corp. Code §§ 16601(6)(A) and 16603(1), which provides that upon a partner becoming a debtor in bankruptcy, the partner is "dissociated from a partnership" and the partner loses its "right to participate in the management.").  As the Bankruptcy Court explained, these provisions of the California Corporations Code constitute "impermissible *ipso facto* clauses that are inconsistent with Bankruptcy Code § 541(c)(1)(B) and thus violative of the Constitution's Supremacy Clause."  (AER 448).

Accordingly, the Bankruptcy Court correctly found that section 541(c)(1)(A) – which provides that all prepetition contractual rights and interests become property of the estate upon the petition date – overrides any state law restrictions that would diminish such rights.  *See Fursman v. Ulrich (In re First Prot., Inc.)*, 440 B.R. 821, 830 (B.A.P. 9th Cir. 2010); *In re B & M Land & Livestock, LLC*, 498 B.R. 262, 267 (Bankr. D. Nev. 2013); *Weiss v. All Year Holdings Ltd. (In re All Year Holdings Ltd.)*, 648 B.R. 434, 455-56 (S.D.N.Y. 2022).

---

[7] Refers to *Appellant's Opening Brief.*

Andrew's case cites are inapplicable. For instance, *Mansdorf v. Epps*, 2011 U.S. Dist. LEXIS 171825 (N.D. Cal. Aug 1, 2011) deals with a trustee's motion for summary judgment against a law firm to recover partnership interests under state fraudulent transfer law. *Mansdorf* does not address unenforceable *ipso facto* clauses or the scope of property under section 541(a)(1). *See also Fotouhi v. Mansdorf*, 427 B.R. 798, 804 (N.D. Cal. 2010) (affirming bankruptcy court's finding that income earned by partner after commencement of bankruptcy proceedings was included in estate, and rejecting appellant's reliance on 11 U.S.C. § 541(a)(6), which provides that a bankruptcy estate does not include "earnings from services performed by an individual debtor after the commencement of the case.").

Andrew's remaining case cites also do not support his argument. *Johnson v. Johnson*, 2016 WL 1138178 (E.D. Cal. Mar. 23, 2016) involved a motion to dismiss claims arising from a partnership agreement brought post-bankruptcy discharge, and does not deal with impermissible *ipso facto* clauses or the scope of property under section 541. Andrew's reliance on *Butner*, 440 U.S. at 55 again evidences a fundamental misunderstanding of bankruptcy law. *Butner* stands for the unremarkable proposition that, while section 541 defines whether certain interests are property of the estate, the property interests themselves are created and defined by state law. This principle ensures that a party's pre-petition property interest – such as

LFM's management interests here – are not forfeited simply because they filed for bankruptcy.

Andrew's remaining contentions in support of his Appeal are equally meritless. That LFM was "paid out" is irrelevant. *See* Br. at 13 (citing Cal. Corp. Code § 15901.02). Although LFM was paid its allocable share of certain sale proceeds under the Partnership Agreement, the partnership contains other assets and LFM indisputably retains its management rights. For this additional reason, Andrew's contention that LFM has no economic or non-economic interests in Live Oak is meritless.

Andrew's assertion that the Partnership Agreement is not assumable and assignable and the rights thereunder are not property of the estate, (*see* Br. at 14-16), also misses the point. Whether the Partnership Agreement is assumable and assignable was not at issue before the Bankruptcy Court and it is not at issue in this Appeal. Andrew also did not raise this issue in connection with the Stay Violation Motion – it was the Bankruptcy Court itself that raised the issue in passing. *See* SER[8] at 5:15 – 6:6; 7:15 – 20. Therefore, in addition to being meritless, this issue was not properly preserved for appeal. *See, e.g., In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("We apply a general rule against entertaining arguments on appeal that were not presented or developed before the

---

[8] Refers to *Appellee's Supplemental Excerpts of Record* filed concurrently herewith.

district court.") (cleaned up).  In any event, as the Bankruptcy Court explained, this issue a "red herring here, because during the course of this Chapter 11, no one has moved to assume or – no one has moved to assume or reject this contract.  So the parties remain – so the parties remain in place."  (SER at 7:9 – 14).  *See also Summit Inv. & Dev. Corp. v. Leroux*, 69 F.3d 608, 612-14 (1st Cir. 1995).

Andrew's argument that LFM breached the Partnership Agreement, (*see* Br. at 16-18), is likewise irrelevant.  The instant question is not whether LFM breached the agreement, but whether the removal of LFM as general partner of Live Oak violated the automatic stay.  Even if, *arguendo*, LFM had breached the Partnership Agreement, Andrew still violated the automatic stay by purporting to remove LFM as general partner.  Accordingly, the Appeal plainly lacks merit and the Bankruptcy Court's Order should be affirmed.

## V.

## CONCLUSION

For foregoing reasons, Appellee respectfully requests that this Panel affirm the Bankruptcy Court's Order.

Date: February 17, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John D. Fiero*

John D. Fiero (CA Bar No. 136557)
Steven W. Golden (*Pro Hac Vice*)
Hayley R. Winograd (*Pro Hac Vice*)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415-263-7000
Facsimile:  415-263-7010
E-mail:     jfiero@pszjlaw.com
            sgolden@pszjlaw.com
            hwinograd@pszjlaw.com

Counsel for Appellee Official Committee
of Unsecured Creditors

# CERTIFICATE OF COMPLIANCE

1.     I certify that this Brief complies with the length limitation of Fed. R. Bankr. P. 8015(a)(7) because this Brief contains 2,881 words, excluding the parts of the Brief exempt from such rule.

2.     I certify that this Brief complies with the typeface and type style requirements of Fed. R. Bankr. P. 8015 because it has been prepared in a proportionately spaced typeface using Word, in 14-point Time New Roman.

Date:  February 17, 2026          */s/ John D. Fiero*
                                  John D. Fiero (CA Bar No. 136557)

                                  PACHULSKI STANG ZIEHL & JONES LLP
                                  One Sansome Street, Suite 3430
                                  San Francisco, CA 94104
                                  Telephone: 415-263-7000
                                  Facsimile:  415-263-7010
                                  E-mail:   jfiero@pszjlaw.com

## Certification Required by B.A.P. Rule 8015(a)-1(a)

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate disqualification or recusal:

| | |
|---|---|
| Appellant William Andrew<br>c/o Thomas P. Kelly III, Esq.<br>50 Old Courthouse Square, Suite 609<br>Santa Rosa, California 95404<br>Telephone: 707-545-8700<br>Facsimile:  707-542-3371<br>Email: tomkelly@sonic.net | Appellee Official Committee of Unsecured Creditors<br>John D. Fiero<br>Jason H. Rosell<br>Pachulski Stang Ziehl & Jones LLP<br>One Sansome Street, 34th Floor, Suite 3450<br>San Francisco, California 94104-4436<br>Telephone: 310-277-6910<br>Facsimile: 310-201-0760<br>Email: jfiero@pszjlaw.com,<br>        jrosell@pszjlaw.com |
| LeFever Mattson Inc.<br>Live Oak Investments LP.<br>Thomas B. Rupp & Tobias S. Keller<br>Keller Benvenutti Kim LLP<br>425 Market Street, 26th Floor<br>San Francisco, California 94105<br>Telephone: 415-496-6723<br>Facsimile: 650-636-9251<br>Email: trupp@kbkllp.com,<br>       tkeller@kbkllp.com | |

Date:  February 17, 2026      /s/ John D. Fiero
                                  John D. Fiero (CA Bar No. 136557)

                                  PACHULSKI STANG ZIEHL & JONES LLP
                                  One Sansome Street, Suite 3430
                                  San Francisco, CA 94104
                                  Telephone: 415-263-7000
                                  Facsimile:  415-263-7010
                                  E-mail:   jfiero@pszjlaw.com

## Certification Required by B.A.P. Rule 8015(a)-1(b)

The undersigned certifies that the following are known related cases and appeals:

24-10545 *In re LeFever Mattson Inc.*, United State Bankruptcy Court, Northern District of California, Santa Rosa Division

24-10511 *In re Live Oak Investments LP*, United State Bankruptcy Court, Northern District of California, Santa Rosa Division

Date:  February 17, 2026      */s/ John D. Fiero*
_____
John D. Fiero (CA Bar No. 136557)

PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415-263-7000
Facsimile:  415-263-7010
E-mail:   jfiero@pszjlaw.com