BAP CASE NO. NC-25-1238
BANKRUPTCY COURT CASE NO. 24-10545-CDN
CHAPTER 11

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**FOR THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

WILLIAM ANDREW, as the general
partner of Live Oak Investments LP
Appellant*,*

vs.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS; LEFEVER MATTSON INC.
Appellees.

---

**APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD**

---

On Appeal From the United States Bankruptcy Court
Northern District of California, Santa Rose Division
Honorable Charles D. Novak Presiding

John D. Fiero (CA Bar No. 136557)
Steven W. Golden (*Pro Hac Vice*)
Hayley R. Winograd (*Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415-263-7000
Facsimile:  415-263-7010
E-mail: jfiero@pszjlaw.com
       sgolden@pszjlaw.com
       hwinograd@pszjlaw.com

*Counsel for Appellee Official Committee
of Unsecured Creditors*

## APPELLEE'S SUPPLEMENTAL ELECTRONIC RECORD

The Official Committee of Unsecured Creditors of LeFever Mattson, a California corporation, and its affiliated debtors and debtors in possession and KS Mattson Partners, LP, submits the following supplemental record excerpt in connection with the above-captioned appeal. *See* 9th Cir. BAP Rule 30-1.

Dated: February 17, 2026
PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ John D. Fiero*
John D. Fiero

*Attorneys for the Official Committee of Unsecured Creditors*

| No. | Description | Date | Docket # |
|-----|-------------|------|----------|
| 1. | Transcript of Scheduling Conference Application for Appellate Stay Filed by Creditor Andrew Revocable Trust Dated June 21, 2001, Interested Party Live Oak Investments LP | 01/21/2026 | |

1

1        UNITED STATES BANKRUPTCY COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3                  -oOo-

4

     In Re:                          ) Case No. 24-10545
5                                     ) Chapter 11
     LEFEVER MATTSON, A CALIFORNIA    )
6    CORPORATION                      ) Oakland, California
                                      ) Wednesday, January 21, 2026
7              Debtor.                ) 11:00 AM
     _____     )
8                                      SCHEDULING CONFERENCE
                                       APPLICATION FOR APPELLATE
9                                      STAY FILED BY CREDITOR ANDREW
                                       REVOCABLE TRUST DATED JUNE
10                                     21, 2001, INTERESTED PARTY
                                       LIVE OAK INVESTMENTS LP
11
                    TRANSCRIPT OF PROCEEDINGS
12          BEFORE THE HONORABLE CHARLES NOVACK
              UNITED STATES BANKRUPTCY JUDGE
13

14   APPEARANCES:
     For the Debtor:                  THOMAS RUPP, ESQ.
15                                     (Telephonically)
                                       Keller Benvenutti Kim LLP
16                                     101 Montgomery Street
                                       San Francisco, CA 94104
17                                     415-496-6723

18   For the Committee:               JOHN FIERO, ESQ.
                                       (Telephonically)
19                                     Pachulski Stang Ziehl &
                                       Jones LLP
20                                     One Sansome Street
                                       Suite 3430
21                                     San Francisco, CA 94104
                                       415-263-7000
22

23

24

25



```
 1   For the Movant:                    THOMAS KELLY, ESQ.
                                        (Telephonically)
 2                                      The Law Offices of Thomas P.
                                        Kelly III, PC
 3                                      50 Old Courthouse Square
                                        Suite 609
 4                                      Santa Rosa, CA 95404
                                        707-545-8700
 5
     Transcriber:                       CHRISTINE JAMES, CDLT 343
 6                                      eScribers, LLC
                                        7227 N. 16th Street
 7                                      Suite #207
                                        Phoenix, AZ 85020
 8                                      (800) 257-0885

 9   Proceedings recorded by electronic sound recording;
     transcript provided by transcription service.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



1    OAKLAND, CALIFORNIA, WEDNESDAY, JANUARY 21, 2026 11:00 AM

2                              -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  LeFever Mattson, a California corporation.

5            And I will bring in appearances, Your Honor.

6            THE COURT:  All right.

7            MR. RUPP:  Good morning, Your Honor.  Thomas Rupp,

8    Keller Benvenutti Kim, for the LeFever Mattson debtors.

9            MR. FIERO:  Good morning, Your Honor.  John Fiero for

10   Pachulski on behalf of the Committee, the Appellee, and the

11   opposing party.

12           MR. KELLY:  Good morning, Your Honor.  Thomas Kelly

13   for the Appellant and/or Movant.

14           THE COURT:  Okay.  Good morning to you all.  This is a

15   hearing on a motion for stay pending appeal by the Andrew

16   Revocable Trust, which is the appellant, I guess, before BAP.

17           Before we start, let me just address an issue -- let

18   me ask a question again, which isn't related to this motion,

19   but just so it can help me prepare for Friday.

20           Mr. Fiero, Mr. Rupp, can you give me a very brief

21   preview of what's going to happen on Friday?

22           MR. FIERO:  Your Honor, we're going to wait and see

23   what additional objections are filed today.  We're going to

24   prepare a status report which lists what's outstanding and also

25   those creditors with whom we are working and we expect to reach

4

1    settlements that will never ripen into a dispute.  We will

2    propose a confirmation schedule to deal with those objections

3    that we deem probable and live -- certainly the ones that are

4    filed, Your Honor.  And then we will ask the Court about its

5    availability.

6          THE COURT:  Mr. Rupp, do you agree?

7          MR. RUPP:  Nothing to add, Your Honor, as to the plan

8    as to the other motions for a settlement with Serene and LAFM.

9    I believe those are going forward, as well.

10          THE COURT:  Yeah, thank you.  I should have been more

11    specific as to the motion for substantive consolidation and the

12    plan.  I do note that I've signed several orders extending the

13    deadline for certain parties to object to the plan, I think, to

14    the 30th and perhaps a bit -- perhaps beyond that for one or

15    two other parties.  Okay.  I appreciate that.

16          Okay.  So let's go back to the matter at hand.  I've

17    got a motion for stay pending appeal by Mr. Kelly's client.

18    Just to remind everyone what happened here is by order entered

19    on November 20, 2025, this Court determined that William Andrew

20    violated the automatic stay when he was appointed to replace

21    LeFevre Mattsen as the general partner of Chapter 11 debtor,

22    Live Oak Investments.  The Court's reasoning is set forth in

23    that November 20th order.

24          Mr. Andrew filed a notice of appeal to the automatic

25    stay order on November 30th and he now seeks a stay pending

1    appeal of that order under Rule 8007(a).  The Unsecured

2    Creditors Committee and the LeFevre Mattson debtors plural

3    object to the motion for stay pending appeal.  I've read the

4    pleadings.  I've reviewed my order.

5            Mr. Kelly, it's your motion.  Anything you want to

6    add?

7            MR. KELLY:  A point of clarification, Your Honor.

8    Objection?  I thought it was in opposition?

9            THE COURT:  Call it whatever you want.

10           MR. KELLY:  Well, no, an objection would be that it's

11   improperly served or no grounds or something like that.  An

12   opposition is -- I didn't see an objection.

13           THE COURT:  No, it's -- I apologize.  Opposition to

14   the motion.

15           MR. KELLY:  Okay.  Your Honor, just at present, this

16   is a 365 executory contract.  It's not assumable.  Your order

17   did not address that issue specifically, as well as other

18   issues which were presented to the appellate court.  But --

19           THE COURT:  And the parties never raised it.  I was

20   the one who raised it.  Yes.  Yes.

21           MR. KELLY:  Well, okay.  If the -- Judge, okay.  But

22   we are --

23           THE COURT:  Right.  And Mr. Kelly, let's think about

24   that for a second.  Have you asked yourself, because we're

25   getting a little ahead of the story, no one raised the Catapult

1    issue before me.  I was the one who raised it.  And I gave it

2    some thought and the question, Mr. Kelly, you've got to ask

3    yourself is that even if a contract is not assumable because

4    it's not assignable under Catapult, what happens to that right

5    during the course of a Chapter 11, when no one has moved to

6    reject the contract, which no one has.

7            MR. KELLY:  Well, Judge, I was just raising the

8    issue --

9            THE COURT:  Do you know -- well, it's important

10   because it goes to -- to your end, that goes to what the odds

11   are of me getting reversed.  Do you know what the answer to

12   that question is, Mr. Kelly?

13           MR. KELLY:  Well, it depends, Judge.

14           THE COURT:  Have you researched it?  Have you

15   researched it?

16           MR. KELLY:  I have read some of it.  The thing is,

17   this is a partnership and it's a partnership agreement.

18           THE COURT:  I understand.

19           MR. RUPP:  And that modifies things because it's a

20   personal services contract.  You have to have --

21           THE COURT:  I understand.  But if you look at some of

22   the case law, I believe there's some language in Collier's

23   under 365 on this which says that during the course of a

24   Chapter 11, which is where we sit here -- and if anyone else

25   wants to chime in, they certainly can.  But during the course

1    of a Chapter 11, when no one has moved to reject the contract

2    because it cannot be assumed because it cannot be assigned, the

3    parties' rights remain unchanged.

4         MR. KELLY:  In that instance, LeFevre Mattson was

5    disassociated and the vote's valid.

6         THE COURT:  No, no, no.  The point I was trying to

7    make, Mr. Kelly, is that Catapult -- because I've thought about

8    this.  And someone, I guess BAP may very well tell me that I'm

9    wrong.  I understand that.  But my understanding of it is that

10   Catapult is really a -- may very well be a red herring here,

11   because during the course of this Chapter 11, no one has moved

12   to assume or -- no one has moved to assume or reject this

13   contract.  So the parties remain -- so the parties remain in

14   place.  So then we get to -- so I'm not sure.

15        MR. KELLY:  No, Judge I disagree.

16        THE COURT:  Well, Mr. Kelly, it would have been nice

17   if someone had briefed this and you hadn't  -- and you didn't

18   rely on me to raise this head-scratching issue, but I did.  I

19   thought about it and I didn't think I had to reach it and I

20   didn't because no one raised it.

21        Now, let's get back to the main focus of this

22   argument, which is -- again, which is again my decision that

23   these two California corporation code sections violate 541(C),

24   is it?  And that was the basis of my decision and that's where

25   you disagree.  And that's, I assume, is going to be one of the

8

1    issues that you're going to present to BAP.

2         Okay.  So anything you want to add to that argument?

3         MR. KELLY:  Well, Judge, our principal concern is the

4    motion on Friday, which is going to dissolve all of the

5    partnership agreements and, in effect, the corporation.

6         THE COURT:  It's not.

7         MR. KELLY:  Well --

8         THE COURT:  Friday is a motion for substantive

9    consolidation and it's a status conference.

10        MR. KELLY:  Well, Judge, I read it.  That's what we

11   think is going to happen.  That's why we're applying --

12        THE COURT:  Well, I'm telling you I'm not issuing --

13   Mr. Fiero, Mr. Rupp, you can agree -- it's a status conference.

14   And there are many, many, many objections to the original

15   motion for substantive consolidation.  I mean, are there not?

16        MR. KELLY:  Judge, I'm -- that's not --

17        THE COURT:  Mr. Fiero, Mr. Rupp, that's correct?

18        MR. FIERO:  There's certainly a handful, Your Honor.

19        THE COURT:  Yeah.

20        MR. FIERO:  And they also concern themselves with the

21   Ponzi finding but --

22        THE COURT:  Right.  And I'm not quite sure how you

23   separate one from the other.

24        MR. FIERO:  Nor do I.

25        THE COURT:  Yeah, that's something we can discuss on

1  Friday.

2         Okay.  So I understand your concern, Mr. Kelly.  Okay.

3  But so on Friday, I'm not issuing any order -- at least I don't

4  think I am -- dissolving any partnership be it Live Oak

5  Investments or LeFever Mattson or any other of these 60-odd

6  entities.

7         MR. KELLY:  Judge, I read it differently, so.

8         THE COURT:  Well, it doesn't matter, because I'm

9  telling you what I'm doing.  I mean, again, it's a status

10 conference.  It's a status conference.  I'm not issuing an

11 order.  I'm not going to rule.  It's a status conference.

12        MR. KELLY:  Judge, I'm looking at -- hold on.  Judge,

13 respectfully, I disagree.  I'm looking at the amended motion

14 right now.  It's entitled amended motion of official committee

15 of unsecured creditors for substantive consolidation of the

16 debtors (indiscernible).

17        THE COURT:  I understand.

18        MR. KELLY:  There's no status conference statement

19 there.  There's no (indiscernible).  It's a motion.

20        THE COURT:  I believe there's a -- well, hang on, Mr.

21 Kelly.  Give me one second.  I think we're getting a bit far

22 afield here, but if I can -- give me one second.

23        I think -- well, Mr. Fiero, Mr. Rupp, do you agree

24 it's a status conference?

25        MR. FIERO:  Your Honor, I have to be honest with you

1    I'm not responsible for those motions. And I wish that I could

2    be more helpful here. I know the motions are set for hearing

3    on Friday. There is also a status conference, but I believe

4    it's about the plan.

5          THE COURT: No, I believe it's also about the status

6    conference. I think.

7          MR. RUPP: Your Honor, for what it's worth, it's the

8    Committee's motion, but my understanding was that for the

9    subcon motion, it was a status conference on Friday, and I

10    think this was discussed at a previous status conference on the

11    disclosure statement or something but I couldn't cite to you.

12          THE COURT: And I think there's an order somewhere.

13    But Mr. Kelly, you just have to -- that's my understanding.

14    Okay.

15          MR. KELLY: Well, Judge --

16          MR. FIERO: Your Honor, I understand now. I've gotten

17    a message from my office. There are ears on this call and it

18    is a status conference with respect to subcon, Your Honor.

19          MR. KELLY: Okay. Judge, for the purposes of the

20    record, I just want to point out Exhibit A to the motion. I

21    mean, it's big. It's 265 pages. I'm reading from it right

22    now. This is paragraph 2 in the proposed order. "The

23    consolidated debtors and their estates are substantively

24    consolidated for all purposes into a single consolidated

25    debtor."



11

```
1              THE COURT:  Well, I understand.

2              MR. KELLY:  Paragraph 3, "all property of the

3    consolidated debtors shall vest in and constitute property of

4    the constituted debtors.  All guarantees of any consolidated" -

5    -

6              THE COURT:  Well, Mr. Kelly --

7              MR. KELLY:  -- "shall be eliminated."

8              THE COURT:  Mr. Kelly.  Mr. Kelly.  Mr. Kelly.

9              MR. KELLY:  That eliminates Live Oak.  It just ceases

10   to exist.  It's not a status conference, Judge.  I disagree and

11   respectfully.

12             THE COURT:  I understand.  Mr. Kelly, have you

13   objected to -- have your clients objected to the motion for

14   substantive consolidation?

15             MR. KELLY:  We don't have standing to do it anymore.

16             THE COURT:  Have your individual --

17             MR. KELLY:  They don't have standing.  They're

18   partners of the partnership.  They have no standing to do

19   anything.

20             THE COURT:  Are they creditors?

21             MR. KELLY:  They're creditors of Live Oak, but they

22   have no standing to object to the LeFever Mattson.  Your order

23   was specific on that point.

24             THE COURT:  What order was this?

25             MR. KELLY:  The same order we're appealing.  The
```

1    actions were in violation of the stay.  They have no standing

2    to take any action.  That's it.

3        THE COURT:  I didn't say they had no standing to take

4    any action.

5        MR. KELLY:  The effect of what you said is any action

6    they take is in violation of the (indiscernible) --

7        THE COURT:  You can read it whatever you --

8        MR. KELLY:  Judge, my clients can't act on behalf of

9    Live Oak.  Live Oak is the one that's being consolidated.  The

10   objection has to come from Live Oak.

11       THE COURT:  You don't think they've got standing as an

12   investor in Live Oak to object to the subsequent consolidation

13   of a case where they're going to, as they say, lose access to

14   $2.8 million?

15       MR. KELLY:  Not without violating the stay again,

16   under your reading of it.

17       THE COURT:  Not my reading.  That's your reading.

18       MR. KELLY:  Judge, I disagree.

19       THE COURT:  Well, okay.  It's your -- it's okay.

20   We'll get back to where we are.

21       So anything else you want to add?

22       MR. KELLY:  No, thank you, Your Honor.

23       THE COURT:  Okay.

24       MR. KELLY:  As always, thank you for your patience.

25       THE COURT:  Sure.  Mr. Fiero, anything you want to

13

1    add?

2         MR. FIERO:  Nothing, Your Honor.  Our paper said what

3    we thought was important to say.

4         THE COURT:  Right.  Thank you.  Hang on a second.

5    Just so we can clear up one thing.  Okay.  Okay.  This is my

6    order.  The standard with regard to a stay pending appeal set

7    forth by the Ninth Circuit in Mi Familia Vota v. Fontes 111

8    F4th 976, Ninth Circuit case from 2024.  In that case,

9    indicates that there are four factors the Court needs to

10   consider with respect to a stay pending appeal.

11        One, whether the stay applicant has made a strong

12   showing that he is likely to succeed on the merits.  Two,

13   whether the applicant will be irreparably injured absent a

14   stay.  Three, whether issuance of the stay will substantively

15   issue the other parties interested in the -- interested in the

16   proceeding.  Four, whether the public -- where the public

17   interest lies.

18        The burden of demonstrating that these factors weigh

19   in favor of a stay lay with the -- in this case, with the

20   movant.  The likelihood of success and irreparable injury are

21   the most critical -- are the most critical factors.  These two

22   factors fall on a sliding scale in which the required degree of

23   irreparable harm increases as the probability of success

24   decreases.

25        On one end of the continuum, the proponent must show a



14

1    strong likelihood of success on the merits and at least the

2    possibility of irreparable injury to the proponent if

3    preliminary relief is not granted.  At the other end of the

4    continuum, the moving party must demonstrate that serious legal

5    questions are raised and that the balance of hardships tips

6    sharply in its favor.

7           Okay.  When I look at these factors, the motion is

8    denied.  The movant has not made a strong showing that he is

9    likely to succeed on the merits.  None of the cases that he

10   cites in support of the motion addresses what this Court

11   believes is the fundamental issue.  One of the California

12   statutes -- one of the California statutes at issue, which are,

13   I believe, Corporation Code Section 16-601 and 16-603, violate

14   Bankruptcy Code Section 541(c).

15          In other cases, I believe cited by Mr. Kelly,

16   addressed that fundamental fact.  And again, one case that Mr.

17   Kelly doesn't address, which is, I think, Judge Lopez's

18   decision out of the Southern District of Texas, which is the

19   Envision Healthcare Corp.  That's the one case he doesn't

20   discuss.

21          But again, as my order -- November 20th order states,

22   that's the case that this Court is relying on other than.

23   There's also no irreparable harm here.  And you can object to

24   plan confirmation and could have equally sought relief from the

25   automatic stay.  But I don't think he is objecting to planned



1  confirmation as of yet and he hasn't sought -- he hasn't sought

2  relief from the automatic stay.  And as the committee asserts,

3  the finding of a Ponzi scheme and the granting of the motion

4  for a substantive consolidation, should those requests be

5  approved, will apply no matter who controls Live Oak.

6  Moreover, a monetary injury is not normally an irreparable

7  injury.

8           Mr. Kelly makes the point that he believes that the

9  investors will be injured should I not stay the order.  But

10  this is really speculative because the movants at issue here --

11  again, putting aside the Ponzi scheme request -- are equity

12  interest holders.  And before they get paid, unsecured

13  creditors get paid.  That's my understanding.  Mr. Fiero, Mr.

14  Kelly, you can correct me that there are -- whether they're

15  allowable claims -- whether they're ultimately will be

16  allowable claims or not should Live Oak be separated.

17           There are substantial unsecured claims against Live

18  Oak.  So at this point, it's speculative to say that should a

19  stay be granted and should Live Oak remove itself from this

20  case and not be overtaken by a Ponzi scheme or motion for

21  consolidation that there won't be significant unsecured

22  creditors that must be paid in full before equity gets paid.

23  So it's speculative to say that they would incur some type of

24  monetary injury should I not grant a stay pending appeal.

25           The public interest -- so I don't see irreparable



16

1    injury here.  Or I don't think he's met the burden to

2    demonstrate that there is irreparable injury and success on the

3    merits.

4          And with regard to whether the issuance of a stay will

5    substantially injure the other parties' interest in proceeding,

6    that's not a -- again, same issue applies here.  It's difficult

7    to tell.  I mean, yes, there'll be some litigation involved,

8    but the same motion that might overtake Mr. Kelly's clients,

9    that's the motion that Mr. Fiero and the debtors are pursuing,

10   which is a motion for substantive consolidation and a motion

11   for Ponzi scheme.  And they're going to have to pursue those

12   claims regardless under the terms of their plan.  So I'm not

13   quite sure if anyone is going to be substantially injured

14   absent a stay.

15         And finally, with regard to the public interest, that

16   too cuts both ways.  Mr. Fiero argues that the debtors in this

17   case will have to -- and the committee will have to incur more

18   litigation in an already litigious and expensive case.  And the

19   extent that that is emblematic of a cognizable public interest.

20   Mr. Kelly also argues that granting a stay pending appeal may

21   protect a small number of investors in Live Oak who may be

22   entitled to recover a greater -- who may be entitled to a

23   greater recovery as investors than as Ponzi scheme unsecured

24   creditors under the terms of the plan.

25         But it's difficult to determine whether, in fact,



1    they'll recover anything because if they succeed on appeal and

2    they're -- and Live Oak isn't substantively consolidated with

3    the other debtors and as part of a Ponzi scheme.  If they

4    succeed on that, there may be -- again, there's still a whole

5    host of unsecured creditors claims that have been filed against

6    Live Oak, which is still in Chapter 11 no matter who controls

7    it.  That may need to get paid before any equity interest

8    holder.

9        So considering that the two most important elements

10   are success on the merits and possibility of irreparable

11   injury, I don't think there's a strong likelihood of success on

12   the merits.  I don't see the possibility of irreparable injury.

13   And once again, given that those are the two main elements

14   here, the motion to stay pending appeal is denied.

15       Mr. Kelly again, it's -- you can seek the same relief

16   before BAP.

17       MR. FIERO:  Your Honor, he already has.  The motion

18   was filed while you were reading your decision.

19       THE COURT:  Okay.  Well, I'll issue that order

20   promptly then, Mr. Kelly.  Any questions?

21       MR. KELLY:  Thank you.

22       THE COURT:  Okay.  Thank you, Mr. Kelly.  Thank you,

23   Mr. Rupp.  Thank you, Mr. Fiero.

24       MR. FIERO:  Thank you for your time, Your Honor.

25       MR. RUPP:  Thank you, Your Honor.

18

1          THE COURT:  Okay.

2          (Whereupon these proceedings were concluded)

1                               I N D E X

2   RULINGS:                                    PAGE LINE

3   Motion to stay pending appeal denied         16    4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3    I, Christine James, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7

8

9

10   _____

11   /s/ CHRISTINE JAMES, CDLT-343

12

13   eScribers

14   7227 N. 16th Street, Suite #207

15   Phoenix, AZ 85020

16

17   Date:  January 26, 2026

18

19

20

21

22

23

24

25

**1**
16Th (2): 2:11, 20:6

**2**
20Th (2): 4:23, 14:21

**3**
30Th (2): 4:14, 4:25

**A**
AZ (2): 2:13, 20:7
Absent (2): 13:13, 16:14
Access (1): 12:13
Accurate (1): 20:3
Act (1): 12:8
Action (3): 12:2, 12:4, 12:5
Actions (1): 12:1
Add (5): 4:7, 5:6, 8:2, 12:21, 13:1
Additional (1): 3:23
Address (3): 3:17, 5:17, 14:17
Addressed (1): 14:16
Addresses (1): 14:10
Afield (1): 9:22
Again (12): 3:18, 7:22, 7:22, 9:9, 12:15, 14:16, 14:21, 15:11, 16:6, 17:4, 17:13, 17:15
Against (2): 15:17, 17:5
Agree (3): 4:6, 8:13, 9:23

Agreement (1): 6:17
Agreements (1): 8:5
Ahead (1): 5:24
Allowable (2): 15:15, 15:16
Always (1): 12:24
Amended (2): 9:13, 9:14
Andor (1): 3:13
Andrew (3): 3:15, 4:19, 4:24
Anymore (1): 11:15
Apologize (1): 5:13
Appeal (12): 3:15, 4:17, 4:24, 5:1, 5:3, 13:6, 13:10, 15:24, 16:20, 17:1, 17:14, 19:3
Appealing (1): 11:25
Appearances (1): 3:5
Appellant (2): 3:13, 3:16
Appellate (1): 5:18
Appellee (1): 3:10
Applicant (2): 13:11, 13:13
Applies (1): 16:6
Apply (1): 15:5
Applying (1): 8:11
Appointed (1): 4:20
Appreciate (1): 4:15
Approved (1): 15:5
Argues (2): 16:16, 16:20
Argument (2): 7:22, 8:2
As (17): 4:7, 4:8,

4:9, 4:11, 4:21, 5:17, 5:17, 12:11, 12:13, 12:24, 13:23, 16:23, 16:23, 17:3
Aside (1): 15:11
Asserts (1): 15:2
Assignable (1): 6:4
Assigned (1): 7:2
Assumable (2): 5:16, 6:3
Assume (3): 7:12, 7:12, 7:25
Assumed (1): 7:2
Automatic (4): 4:20, 4:24, 14:25, 15:2
Availability (1): 4:5

**B**
BAP (4): 3:16, 7:8, 8:1, 17:16
Back (3): 4:16, 7:21, 12:20
Balance (1): 14:5
Bankruptcy (1): 14:14
Basis (1): 7:24
Behalf (2): 3:10, 12:8
Believes (2): 14:11, 15:8
Benvenutti (1): 3:8
Beyond (1): 4:14
Big (1): 10:21
Bit (2): 4:14, 9:21
Both (1): 16:16
Brief (1): 3:20
Briefed (1): 7:17
Bring (1): 3:5

Burden (2): 13:18, 16:1

**C**
CA (1): 2:7
CALIFORNIA (1): 3:1
CDLT (1): 2:9
CHRISTINE (2): 2:9, 20:4
CLERK (1): 3:4
COURT (44): 3:6, 3:14, 4:6, 4:10, 5:9, 5:13, 5:19, 5:22, 6:9, 6:14, 6:18, 6:21, 7:6, 7:16, 8:6, 8:8, 8:12, 8:17, 8:19, 8:22, 8:25, 9:8, 9:17, 9:20, 10:5, 10:12, 11:1, 11:6, 11:8, 11:12, 11:16, 11:20, 11:24, 12:3, 12:7, 12:11, 12:17, 12:19, 12:23, 12:25, 13:4, 17:19, 17:22, 18:1
California (4): 3:4, 7:23, 14:11, 14:12
Call (3): 3:3, 5:9, 10:17
Can (11): 3:19, 3:20, 6:25, 8:13, 8:25, 9:22, 12:7, 13:5, 14:23, 15:14, 17:15
Cant (1): 12:8
Case (11): 6:22, 12:13, 13:8, 13:8, 13:19, 14:16, 14:19,

14:22, 15:20, 16:17, 16:18
Cases (2): 14:9, 14:15
Catapult (4): 5:24, 6:4, 7:7, 7:10
Ceases (1): 11:9
Certain (1): 4:13
Certainly (3): 4:3, 6:25, 8:18
Certify (1): 20:2
Chapter (6): 4:21, 6:5, 6:24, 7:1, 7:11, 17:6
Chime (1): 6:25
Christine (1): 20:2
Circuit (2): 13:7, 13:8
Cite (1): 10:11
Cited (1): 14:15
Cites (1): 14:10
Claims (5): 15:15, 15:16, 15:17, 16:12, 17:5
Clarification (1): 5:7
Clear (1): 13:5
Client (1): 4:17
Clients (2): 11:13, 12:8, 16:8
Code (3): 7:23, 14:13, 14:14
Cognizable (1): 16:19
Colliers (1): 6:22
Committee (5): 3:10, 5:2, 9:14, 15:2, 16:17
Committees (1):

10:8

Concern (3): 8:3, 8:20, 9:2

Concluded (1): 18:2

Conference (13): 8:9, 8:13, 9:10, 9:10, 9:11, 9:18, 9:24, 10:3, 10:6, 10:9, 10:10, 10:18, 11:10

Confirmation (3): 4:2, 14:24, 15:1

Consider (1): 13:10

Considering (1): 17:9

Consolidated (7): 10:23, 10:24, 10:24, 11:3, 11:4, 12:9, 17:2

Consolidation (9): 4:11, 8:9, 8:15, 9:15, 11:14, 12:12, 15:4, 15:21, 16:10

Constitute (1): 11:3

Constituted (1): 11:4

Continuum (2): 13:25, 14:4

Contract (6): 5:16, 6:3, 6:6, 6:20, 7:1, 7:13

Controls (2): 15:5, 17:6

Corp (1): 14:19

Corporation (4): 3:4, 7:23, 8:5, 14:13

Couldnt (1): 10:11

Course (4): 6:5, 6:23, 6:25, 7:11

Court (7): 3:3, 4:4, 4:19, 5:18, 13:9, 14:10, 14:22

Courthouse (1): 2:5

Courts (1): 4:22

Creditors (9): 3:25, 5:2, 9:15, 11:20, 11:21, 15:13, 15:22, 16:24, 17:5

Critical (2): 13:21, 13:21

Cuts (1): 16:16

**D**

Date (1): 20:8

Deadline (1): 4:13

Deal (1): 4:2

Debtor (2): 4:21, 10:25

Debtors (9): 3:8, 5:2, 9:16, 10:23, 11:3, 11:4, 16:9, 16:16, 17:3

Decision (4): 7:22, 7:24, 14:18, 17:18

Decreases (1): 13:24

Deem (1): 4:3

Degree (1): 13:22

Demonstrate (2): 14:4, 16:2

Demonstrating (1): 13:18

Denied (3): 14:8, 17:14, 19:3

Depends (1): 6:13

Determine (1): 16:25

Determined (1):

4:19

Didnt (5): 5:12, 7:17, 7:19, 7:20, 12:3

Differently (1): 9:7

Difficult (2): 16:6, 16:25

Disagree (5): 7:15, 7:25, 9:13, 11:10, 12:18

Disassociated (1): 7:5

Disclosure (1): 10:11

Discuss (2): 8:25, 14:20

Discussed (1): 10:10

Dispute (1): 4:1

Dissolve (1): 8:4

Dissolving (1): 9:4

District (1): 14:18

Doesnt (3): 9:8, 14:17, 14:19

Dont (9): 9:3, 11:15, 11:17, 12:11, 14:25, 15:25, 16:1, 17:11, 17:12

During (4): 6:5, 6:23, 6:25, 7:11

**E**

ESQ (1): 2:1

Ears (1): 10:17

Effect (2): 8:5, 12:5

Electronic (1): 2:15

Elements (2): 17:9, 17:13

Eliminated (1): 11:7

Eliminates (1): 11:9

Else (2): 6:24, 12:21

Emblematic (1): 16:19

End (3): 6:10, 13:25, 14:3

Entered (1): 4:18

Entities (1): 9:6

Entitled (3): 9:14, 16:22, 16:22

Envision (1): 14:19

Equally (1): 14:24

Equity (3): 15:11, 15:22, 17:7

Escribers (2): 2:10, 20:5

Estates (1): 10:23

Even (1): 6:3

Everyone (1): 4:18

Executory (1): 5:16

Exhibit (1): 10:20

Exist (1): 11:10

Expect (1): 3:25

Expensive (1): 16:18

Extending (1): 4:12

Extent (1): 16:19

**F**

FIERO (10): 3:9, 3:22, 8:18, 8:20, 8:24, 9:25, 10:16, 13:2, 17:17, 17:24

Fact (2): 14:16, 16:25

Factors (5): 13:9, 13:18, 13:21, 13:22, 14:7

Fall (1): 13:22

Familia (1): 13:7

Far (1): 9:21

Favor (2): 13:19, 14:6

Fiero (10): 3:9, 3:20, 8:13, 8:17, 9:23, 12:25, 15:13, 16:9, 16:16, 17:23

Filed (5): 3:23, 4:4, 4:24, 17:5, 17:18

Finally (1): 16:15

Finding (2): 8:21, 15:3

Focus (1): 7:21

Fontes (1): 13:7

Foregoing (1): 20:2

Forth (2): 4:22, 13:7

Forward (1): 4:9

Four (2): 13:9, 13:16

Friday (8): 3:19, 3:21, 8:4, 8:8, 9:1, 9:3, 10:3, 10:9

Full (1): 15:22

Fundamental (2): 14:11, 14:16

**G**

Gave (1): 6:1

General (1): 4:21

Gets (1): 15:22

Given (1): 17:13

Goes (2): 6:10, 6:10

Good (4): 3:7, 3:9, 3:12, 3:14

Grant (1): 15:24

Granted (2): 14:3, 15:19

Granting (2): 15:3,

16:20
Greater (2): 16:22, 16:23
Grounds (1): 5:11
Guarantees (1): 11:4
Guess (2): 3:16, 7:8

**H**
Hadnt (1): 7:17
Hand (1): 4:16
Handful (1): 8:18
Hang (2): 9:20, 13:4
Happen (2): 3:21, 8:11
Happened (1): 4:18
Happens (1): 6:4
Hardships (1): 14:5
Harm (2): 13:23, 14:23
Hasnt (2): 15:1, 15:1
Headscratching (1): 7:18
Healthcare (1): 14:19
Hearing (2): 3:15, 10:2
Help (1): 3:19
Helpful (1): 10:2
Herring (1): 7:10
Hes (1): 16:1
Hold (1): 9:12
Holder (1): 17:8
Holders (1): 15:12
Honest (1): 9:25
Honor (19): 3:5, 3:7, 3:9, 3:12, 3:22, 4:4, 4:7, 5:7, 5:15, 8:18,

9:25, 10:7, 10:16, 10:18, 12:22, 13:2, 17:17, 17:24, 17:25
Host (1): 17:5

**I**
III (1): 2:4
Ill (1): 17:19
Im (16): 7:8, 7:14, 8:12, 8:12, 8:16, 8:22, 9:3, 9:8, 9:9, 9:10, 9:11, 9:12, 9:13, 10:1, 10:21, 16:12
Important (3): 6:9, 13:3, 17:9
Improperly (1): 5:11
Increases (1): 13:23
Incur (2): 15:23, 16:17
Indicates (1): 13:9
Indiscernible (3): 9:16, 9:19, 12:6
Individual (1): 11:16
Injure (1): 16:5
Injured (3): 13:13, 15:9, 16:13
Injury (9): 13:20, 14:2, 15:6, 15:7, 15:24, 16:1, 16:2, 17:11, 17:12
Instance (1): 7:4
Interest (7): 13:17, 15:12, 15:25, 16:5, 16:15, 16:19, 17:7
Interested (2): 13:15, 13:15
Into (2): 4:1, 10:24

Investments (2): 4:22, 9:5
Investor (1): 12:12
Investors (3): 15:9, 16:21, 16:23
Involved (1): 16:7
Irreparable (9): 13:20, 13:23, 14:2, 14:23, 15:6, 15:25, 16:2, 17:10, 17:12
Irreparably (1): 13:13
Is (48): 3:14, 3:16, 4:18, 4:22, 5:12, 5:16, 6:3, 6:3, 6:12, 6:16, 6:17, 6:24, 7:7, 7:9, 7:10, 7:22, 7:24, 7:25, 8:3, 8:4, 8:8, 8:11, 10:3, 10:18, 10:22, 12:5, 12:6, 12:9, 13:5, 13:12, 14:3, 14:7, 14:8, 14:11, 14:17, 14:18, 14:22, 14:25, 15:6, 15:10, 16:2, 16:10, 16:13, 16:19, 17:6, 17:14, 20:2
Isnt (2): 3:18, 17:2
Issuance (2): 13:14, 16:4
Issue (11): 3:17, 5:17, 6:1, 6:8, 7:18, 13:15, 14:11, 14:12, 15:10, 16:6, 17:19
Issues (2): 5:18, 8:1
Issuing (3): 8:12, 9:3, 9:10
Ive (6): 4:12, 4:16,

5:3, 5:4, 7:7, 10:16

**J**
JAMES (2): 2:9, 20:4
JANUARY (1): 3:1
James (1): 20:2
January (1): 20:8
John (1): 3:9
Judge (16): 5:21, 6:7, 6:13, 7:15, 8:3, 8:10, 8:16, 9:7, 9:12, 9:12, 10:15, 10:19, 11:10, 12:8, 12:18, 14:17

**K**
KELLY (34): 2:1, 3:12, 5:7, 5:10, 5:15, 5:21, 6:7, 6:13, 6:16, 7:4, 7:15, 8:3, 8:7, 8:10, 8:16, 9:7, 9:12, 9:18, 10:15, 10:19, 11:2, 11:7, 11:9, 11:15, 11:17, 11:21, 11:25, 12:5, 12:8, 12:18, 12:18, 12:22, 12:24, 17:21
Keller (1): 3:8
Kelly (24): 2:4, 3:12, 5:5, 5:22, 6:2, 6:12, 7:7, 7:16, 9:2, 9:21, 10:13, 11:6, 11:8, 11:8, 11:8, 11:12, 14:15, 14:17, 15:8, 15:14, 16:20, 17:15, 17:20, 17:22
Kellys (2): 4:17,

16:8
Kim (1): 3:8

**L**
LAFM (1): 4:8
LINE (1): 19:2
LLC (1): 2:10
Language (1): 6:22
Law (2): 2:3, 6:22
Lay (1): 13:19
Least (2): 9:3, 14:1
Lefever (4): 3:4, 3:8, 9:5, 11:22
Lefevre (3): 4:21, 5:2, 7:4
Legal (1): 14:4
Lets (3): 4:16, 5:22, 7:21
Lies (1): 13:17
Likelihood (3): 13:20, 14:1, 17:11
Likely (2): 13:12, 14:9
Lists (1): 3:24
Litigation (2): 16:7, 16:18
Litigious (1): 16:18
Little (1): 5:24
Live (16): 4:3, 4:22, 9:4, 11:9, 11:21, 12:9, 12:9, 12:10, 12:12, 15:5, 15:16, 15:17, 15:19, 16:21, 17:2, 17:6
Look (2): 6:21, 14:7
Looking (2): 9:12, 9:13
Lopezs (1): 14:17

Lose (1): 12:13

**M**

Main (2): 7:21, 17:13
Makes (1): 15:8
Many (3): 8:14, 8:14, 8:14
Matter (4): 4:16, 9:8, 15:5, 17:6
Mattsen (1): 4:21
Mattson (6): 3:4, 3:8, 5:2, 7:4, 9:5, 11:22
May (7): 7:8, 7:10, 16:20, 16:21, 16:22, 17:4, 17:7
Mean (4): 8:15, 9:9, 10:21, 16:7
Merits (6): 13:12, 14:1, 14:9, 16:3, 17:10, 17:12
Message (1): 10:17
Met (1): 16:1
Mi (1): 13:7
Might (1): 16:8
Million (1): 12:14
Modifies (1): 6:19
Monetary (2): 15:6, 15:24
More (3): 4:10, 10:2, 16:17
Moreover (1): 15:6
Morning (4): 3:7, 3:9, 3:12, 3:14
Most (3): 13:21, 13:21, 17:9
Motion (28): 3:15, 3:18, 4:11, 4:17,

5:3, 5:5, 5:14, 8:4, 8:8, 8:15, 9:13, 9:14, 9:19, 10:8, 10:9, 10:20, 11:13, 14:7, 14:10, 15:3, 15:20, 16:8, 16:9, 16:10, 16:10, 17:14, 17:17, 19:3
Motions (3): 4:8, 10:1, 10:2
Movant (4): 2:1, 3:13, 13:20, 14:8
Movants (1): 15:10
Moved (4): 6:5, 7:1, 7:11, 7:12
Moving (1): 14:4
Must (3): 13:25, 14:4, 15:22

**N**

Need (1): 17:7
Needs (1): 13:9
Nice (1): 7:16
Ninth (2): 13:7, 13:8
None (1): 14:9
Nor (1): 8:24
Normally (1): 15:6
Note (1): 4:12
Notice (1): 4:24
November (4): 4:19, 4:23, 4:25, 14:21
Number (1): 16:21

**O**

OAKLAND (1): 3:1
Oak (15): 4:22, 9:4, 11:9, 11:21, 12:9,

12:9, 12:10, 12:12, 15:5, 15:16, 15:18, 15:19, 16:21, 17:2, 17:6
Object (5): 4:13, 5:3, 11:22, 12:12, 14:23
Objected (2): 11:13, 11:13
Objecting (1): 14:25
Objection (4): 5:8, 5:10, 5:12, 12:10
Objections (3): 3:23, 4:2, 8:14
Odds (1): 6:10
Office (1): 10:17
Offices (1): 2:3
Official (1): 9:14
Old (1): 2:5
Once (1): 17:13
One (22): 4:14, 5:20, 5:24, 6:1, 6:5, 6:6, 7:1, 7:11, 7:12, 7:20, 7:25, 8:23, 9:21, 9:22, 12:9, 13:5, 13:11, 13:25, 14:11, 14:12, 14:16, 14:19
Ones (1): 4:3
Ooo (1): 3:2
Opposing (1): 3:11
Opposition (3): 5:8, 5:12, 5:13
Order (19): 3:3, 4:18, 4:23, 4:25, 5:1, 5:4, 5:16, 9:3, 9:11, 10:12, 10:22, 11:22, 11:24, 11:25, 13:6, 14:21, 14:21,

15:9, 17:19
Orders (1): 4:12
Original (1): 8:14
Out (2): 10:20, 14:18
Outstanding (1): 3:24
Overtake (1): 16:8
Overtaken (1): 15:20

**P**

PAGE (1): 19:2
PC (1): 2:4
Pachulski (1): 3:10
Pages (1): 10:21
Paid (5): 15:12, 15:13, 15:22, 15:22, 17:7
Paper (1): 13:2
Paragraph (2): 10:22, 11:2
Part (1): 17:3
Parties (8): 4:13, 4:15, 5:19, 7:3, 7:13, 7:13, 13:15, 16:5
Partner (1): 4:21
Partners (1): 11:18
Partnership (5): 6:17, 6:17, 8:5, 9:4, 11:18
Party (2): 3:11, 14:4
Patience (1): 12:24
Pending (10): 3:15, 4:17, 4:25, 5:3, 13:6, 13:10, 15:24, 16:20, 17:14, 19:3
Perhaps (2): 4:14,

4:14
Personal (1): 6:20
Phoenix (2): 2:13, 20:7
Place (1): 7:14
Plan (7): 4:7, 4:12, 4:13, 10:4, 14:24, 16:12, 16:24
Planned (1): 14:25
Pleadings (1): 5:4
Plural (1): 5:2
Point (6): 5:7, 7:6, 10:20, 11:23, 15:8, 15:18
Ponzi (7): 8:21, 15:3, 15:11, 15:20, 16:11, 16:23, 17:3
Possibility (3): 14:2, 17:10, 17:12
Preliminary (1): 14:3
Prepare (2): 3:19, 3:24
Present (2): 5:15, 8:1
Presented (1): 5:18
Preview (1): 3:21
Previous (1): 10:10
Principal (1): 8:3
Probability (1): 13:23
Probable (1): 4:3
Proceeding (2): 13:16, 16:5
Proceedings (3): 2:15, 18:2, 20:3
Promptly (1): 17:20
Property (2): 11:2, 11:3

Proponent (2): 13:25, 14:2

Propose (1): 4:2

Proposed (1): 10:22

Protect (1): 16:21

Provided (1): 2:16

Public (5): 13:16, 13:16, 15:25, 16:15, 16:19

Purposes (2): 10:19, 10:24

Pursue (1): 16:11

Pursuing (1): 16:9

Putting (1): 15:11

Q

Quite (2): 8:22, 16:13

R

RULINGS (1): 19:2

RUPP (5): 3:7, 4:7, 6:19, 10:7, 17:25

Raise (1): 7:18

Raised (6): 5:19, 5:20, 5:24, 6:1, 7:20, 14:5

Raising (1): 6:7

Reach (2): 3:25, 7:19

Read (5): 5:3, 6:16, 8:10, 9:7, 12:7

Reading (5): 10:21, 12:16, 12:17, 12:17, 17:18

Really (2): 7:10, 15:10

Reasoning (1): 4:22

Record (2): 10:20, 20:3

Recorded (1): 2:15

Recording (1): 2:15

Recover (2): 16:22, 17:1

Recovery (1): 16:23

Red (1): 7:10

Regard (3): 13:6, 16:4, 16:15

Regardless (1): 16:12

Reject (3): 6:6, 7:1, 7:12

Related (1): 3:18

Relief (4): 14:3, 14:24, 15:2, 17:15

Rely (1): 7:18

Relying (1): 14:22

Remain (3): 7:3, 7:13, 7:13

Remind (1): 4:18

Remove (1): 15:19

Replace (1): 4:20

Report (1): 3:24

Request (1): 15:11

Requests (1): 15:4

Required (1): 13:22

Researched (2): 6:14, 6:15

Respect (2): 10:18, 13:10

Respectfully (2): 9:13, 11:11

Responsible (1): 10:1

Reversed (1): 6:11

Reviewed (1): 5:4

Revocable (1): 3:16

Right (7): 3:6, 5:22, 6:4, 8:22, 9:14, 10:21, 13:4

Rights (1): 7:3

Ripen (1): 4:1

Rosa (1): 2:7

Rule (2): 5:1, 9:11

Rupp (7): 3:7, 3:20, 4:6, 8:13, 8:17, 9:23, 17:23

S

Same (4): 11:25, 16:6, 16:8, 17:15

Santa (1): 2:7

Scale (1): 13:22

Schedule (1): 4:2

Scheme (6): 15:3, 15:11, 15:20, 16:11, 16:23, 17:3

Second (4): 5:23, 9:21, 9:22, 13:4

Section (2): 14:13, 14:14

Sections (1): 7:23

Seek (1): 17:15

Seeks (1): 4:25

Separate (1): 8:23

Separated (1): 15:16

Serene (1): 4:8

Serious (1): 14:4

Served (1): 5:11

Service (1): 2:16

Services (1): 6:20

Set (3): 4:22, 10:2, 13:6

Settlement (1): 4:8

Settlements (1): 4:1

Several (1): 4:12

Shall (2): 11:3, 11:7

Sharply (1): 14:6

Show (1): 13:25

Showing (2): 13:12, 14:8

Signed (1): 4:12

Significant (1): 15:21

Single (1): 10:24

Sit (1): 6:24

Sliding (1): 13:22

Small (1): 16:21

Someone (2): 7:8, 7:17

Somewhere (1): 10:12

Sought (3): 14:24, 15:1, 15:1

Sound (1): 2:15

Southern (1): 14:18

Specific (2): 4:11, 11:23

Specifically (1): 5:17

Speculative (3): 15:10, 15:18, 15:23

Square (1): 2:5

Standard (1): 13:6

Standing (7): 11:15, 11:17, 11:18, 11:22, 12:1, 12:3, 12:11

Start (1): 3:17

Statement (2): 9:18, 10:11

States (1): 14:21

Status (14): 3:24, 8:9, 8:13, 9:9, 9:10, 9:11, 9:18, 9:24, 10:3, 10:5, 10:9,

10:10, 10:18, 11:10

Statutes (2): 14:12, 14:12

Stay (24): 3:15, 4:17, 4:20, 4:25, 4:25, 5:3, 12:1, 12:15, 13:6, 13:10, 13:11, 13:14, 13:14, 13:19, 14:25, 15:2, 15:9, 15:19, 15:24, 16:4, 16:14, 16:20, 17:14, 19:3

Still (2): 17:4, 17:6

Story (1): 5:24

Street (2): 2:11, 20:6

Strong (4): 13:11, 14:1, 14:8, 17:11

Subcon (2): 10:9, 10:18

Subsequent (1): 12:12

Substantial (1): 15:17

Substantially (2): 16:5, 16:13

Substantive (7): 4:11, 8:8, 8:15, 9:15, 11:14, 15:4, 16:10

Substantively (3): 10:23, 13:14, 17:2

Succeed (4): 13:12, 14:9, 17:1, 17:4

Success (6): 13:20, 13:23, 14:1, 16:2, 17:10, 17:11

Suite (3): 2:6, 2:12, 20:6

Support (1): 14:10

Sure (4): 7:14, 8:22, 12:25, 16:13

**T**

THOMAS (1): 2:1

Telephonically (1): 2:2

Telling (2): 8:12, 9:9

Terms (2): 16:12, 16:24

Texas (1): 14:18

Thats (16): 7:24, 7:25, 8:10, 8:11, 8:16, 8:17, 8:25, 10:13, 12:2, 12:9, 12:17, 14:19, 14:22, 15:13, 16:6, 16:9

Therell (1): 16:7

Theres (9): 6:22, 8:18, 9:18, 9:19, 9:20, 10:12, 14:23, 17:4, 17:11

Theyll (1): 17:1

Theyre (7): 11:17, 11:21, 12:13, 15:14, 15:15, 16:11, 17:2

Theyve (1): 12:11

Thomas (3): 2:3, 3:7, 3:12

Thought (5): 5:8, 6:2, 7:7, 7:19, 13:3

Three (1): 13:14

Tips (1): 14:5

Today (1): 3:23

Transcriber (1): 2:9

Transcript (2): 2:16, 20:2

Transcription (1): 2:16

True (1): 20:3

Trust (1): 3:16

Trying (1): 7:6

Two (6): 4:15, 7:23, 13:12, 13:21, 17:9, 17:13

Type (1): 15:23

**U**

Ultimately (1): 15:15

Unchanged (1): 7:3

Under (6): 5:1, 6:4, 6:23, 12:16, 16:12, 16:24

Unsecured (7): 5:1, 9:15, 15:12, 15:17, 15:21, 16:23, 17:5

Up (1): 13:5

**V**

Valid (1): 7:5

Vest (1): 11:3

Violate (2): 7:23, 14:13

Violated (1): 4:20

Violating (1): 12:15

Violation (2): 12:1, 12:6

Vota (1): 13:7

Votes (1): 7:5

**W**

WEDNESDAY (1): 3:1

Wait (1): 3:22

Wants (1): 6:25

Ways (1): 16:16

Weigh (1): 13:18

Whats (2): 3:21, 3:24

Whereupon (1): 18:2

Whole (1): 17:4

William (1): 4:19

Wish (1): 10:1

Without (1): 12:15

Wont (1): 15:21

Working (1): 3:25

Worth (1): 10:7

Wrong (1): 7:9

**Y**

Youre (1): 8:1

Youve (1): 6:2